# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |

*This document relates to:*

*The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Fraser, et al. v. Al Qaeda Islamic Army, et al.*, No. 17-cv-07317; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617.

**AL RAJHI BANK'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' SECOND SET OF CONSOLIDATED JURISDICTIONAL
REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO AL RAJHI BANK**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Al Rajhi

Bank (the "Bank") hereby submits the following Responses and Objections to Plaintiffs' Second

Set of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank, dated February 7, 2023 (the "Requests").

Al Rajhi Bank incorporates herein by reference Al Rajhi Bank's Preliminary Statement, General Objections, Objections to Definitions, Objections to Instructions, and Responses and Objections to Specific Requests, set forth in Al Rajhi Bank's June 10, 2021 Responses and Objections to Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents Directed to Al Rajhi Bank.

## PRELIMINARY STATEMENT

More than six months after Al Rajhi Bank substantially completed production of documents responsive to Plaintiffs' First Set of Document Requests, as granted and limited by the Court, Plaintiffs served an additional twenty Requests, bringing their total to *seventy-eight* Requests, not including subparts.  Like Plaintiffs' first set of fifty-eight Requests, Plaintiffs' Second Set of Requests does not seek "limited personal jurisdiction discovery," Opinion and Order at 2 (Mar. 26, 2021), ECF No. 6681, but constitutes a far-reaching, improper, and unsanctioned fishing expedition.

Indeed, Plaintiffs' Second Set of Requests blatantly ignores the limits set by the Court in its Order on Plaintiffs' Motion to Compel the Production of Documents from Defendant Al Rajhi Bank (Nov. 22, 2021), ECF No. 7378 ("November 22, 2021 Discovery Order").  The Court ruled there that, under the Second Circuit's Summary Order, discovery is warranted into allegations of "indirect support through 'financial services and donations to charities that [the Bank] knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'"  Nov. 22, 2021 Discovery Order 6 (quoting *Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66, 68 (2d Cir. 2019) (the "Summary Order")).  This question "is to be investigated into the four areas identified by the Court of Appeals," namely:

"(1) when the alleged support was given to al Qaeda, (2) what support was given, (3) whether the support was 'earmarked' for use in specific schemes or attacks not directed at the United States, or (4) specifically how these defendants were involved in the process of providing support to al Qaeda." *Id*. at 5-6 (quoting 779 F. App'x at 69).

Yet Plaintiffs' Second Set of Requests seeks information completely untethered from the limited jurisdictional inquiry ordered by the Court.  For example, Plaintiffs seek information on individuals about whom the First Amended Complaint makes no allegations at all, much less allegations that those individuals were "known extremist operatives," or even that the Bank provided them with *any* financial services.  *See* Second Set of Requests No. 1.  Likewise, Plaintiffs seek information on entities about whom the First Amended Complaint makes no allegations at all, much less allegations that those entities "financially supported al Qaeda," or that the Bank had knowledge of any such (unalleged) support.  *See id.* Nos. 2-8.

Similarly, the Court limited discovery to requests concerning allegations that the Bank "and its high-ranking executives supported al Qaeda through charitable fronts like the da'wah organizations."  Yet Plaintiffs now seek discovery into individuals who are *not* alleged to be "high-ranking executives," *see id*. Nos. 13-18, as well as individuals who are not even alleged to be Bank employees, *see id*. Nos. 7-8.  And Plaintiffs seek discovery into entities with *no* alleged relationship with the Bank.  *See id*. Nos. 2-6.

Plaintiffs also flout the Court's Order setting the relevant time period for discovery.  The Court ruled that "January 1, 1998 is the proper start date for *all discovery*," and "where the PECs seek information about investigations into ARB's conduct, the end of the discovery period is December 31, 2004 . . . *For all other requests*, the end date is December 31, 2002."  Nov. 22, 2021

Order 6, 8 (emphases added).  Yet Plaintiffs now seek documents from as early as 1992 and as late as 2008.  Second Set of Requests Nos. 10, 20.

Al Rajhi Bank expressly reserves and does not waive all defenses and objections that may be available to it in the above-captioned litigation, including, without limitation, objections to this Court's personal jurisdiction over the Bank and the First Amended Complaint's failure to state any claim against the Bank.

Al Rajhi Bank is willing to discuss its Responses and Objections to Plaintiffs' Requests in a good faith attempt to resolve or narrow any differences between the parties.

## GENERAL OBJECTIONS

1.     Al Rajhi Bank objects to Plaintiffs' Requests identified below, including to the Instructions and Definitions therein, because, as described above in the Preliminary Statement and set forth in more detail below, they seek to impose obligations that are inconsistent with or exceed those set forth in applicable Court Orders or decisions in this litigation.  Al Rajhi Bank in particular objects to Plaintiffs' Requests because they seek to impose obligations that are inconsistent with or exceed those set forth in the November 22, 2021 Discovery Order.

## OBJECTIONS TO INSTRUCTIONS

### INSTRUCTION 1

**Unless the nature or subject matter of the request indicates otherwise, or a different time period is specified, the relevant scope of discovery will be for the time period from January 1, 1998 through December 31, 2002, and "where the PECs seek information about investigations into ARB's conduct, the end of the discovery period is December 31, 2004." *See* Order at 8 (ECF No. 7378).**

### OBJECTION TO INSTRUCTION 1

Al Rajhi Bank objects to this Instruction to the extent it purports to impose upon Al Rajhi Bank obligations greater than or at variance with those imposed by the November 22, 2021 Discovery Order.  Al Rajhi Bank objects to the time period specified in this Instruction as unduly

burdensome and generally not calculated to discover relevant information.  Al Rajhi Bank will provide information only for the period authorized by the November 22, 2021 Discovery Order.

<b><u>OBJECTIONS TO DEFINITIONS</u></b>

## <u>DEFINITION 1</u>

> **The terms "Suleiman bin Abdul Aziz al Rajhi Charitable Foundation" and "Foundation" shall refer to the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation in Saudi Arabia, and any board, committee, Foundation Principal, employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation.**

## <u>OBJECTION TO DEFINITION 1</u>

Al Rajhi Bank objects to this Definition as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the terms "board, committee, Foundation Principal, employee, consultant, agent, alter ego, volunteer, or representative acting on behalf of the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation." Al Rajhi Bank further objects to this Definition because it seeks information on entities and individuals not referenced in the First Amended Complaint.  Al Rajhi Bank further objects to this Definition as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit.  Al Rajhi Bank further objects to this Definition because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by individuals and entities with no alleged connection to Al Rajhi Bank.  Al Rajhi Bank further objects to this Definition because application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge.  Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be vague, ambiguous, imprecise, overbroad, or unduly burdensome.

**DEFINITION 2**

> **The term "Foundation Principal" shall refer to any Suleiman bin Abdul Aziz al Rajhi Charitable Foundation board or committee member, and/or any other management level executive, trustee, director, or officer employed by and/or acting behalf of the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation, including without limitation, Abdul Rahman al Rajhi, Abdullah Suleiman al Rajhi, Abdullah al Misfer, and Saleh bin Sulaiman al Habdan.**

**OBJECTION TO DEFINITION 2**

Al Rajhi Bank objects to this Definition as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the terms "board or committee member, and/or any other management level executive, trustee, director, or officer employed by and/or acting behalf of the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation." Al Rajhi Bank further objects to this Definition because it seeks information on individuals not referenced in the First Amended Complaint. Al Rajhi Bank further objects to this Definition as beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit. Al Rajhi Bank further objects to this Definition because it attempts to extend the scope of Plaintiffs' Requests to documents and information regarding actions taken by individuals with no alleged connection to Al Rajhi Bank. Al Rajhi Bank further objects to this Definition because application in the context of Plaintiffs' Requests would purport to call for documents and information outside the possession, custody, or control of Al Rajhi Bank and facts outside Al Rajhi Bank's knowledge. Al Rajhi Bank objects to this Definition to the extent that it causes any Request to be vague, ambiguous, imprecise, overbroad, or unduly burdensome.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Al Rajhi Bank incorporates each of the foregoing objections into each of the specific responses below. The specific responses and objections below are those particularly applicable to

the corresponding Request and are not to be construed as a waiver or limitation of any general response or objection applicable to such Request.

**REQUEST NO. 1**

> **Please provide account and transaction records retrievable from ARB's Core Banking System and the complete Know-Your-Customer ("KYC") files for all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of the following individuals, any ARB account for any entity in which the following individuals held any beneficial interest, and/or any ARB account over which the following individuals had signatory authority or had any actual or potential beneficial interest:**
>
> **a) Aqeel Abdulaziz A. al Aqeel (a/k/a Aqeel Abdulaziz al Aqeel; Aqeel Abdulaziz Aqeeil al Aqeel; Aqeel al Aqeel);**
>
> **b) Mansour al Kadi (a/k/a Mansour Abdulrahman Hammed al Kadi);**
>
> **c) Abdullah bin Ibrahim al Misfer;**
>
> **d) Prince Turki bin Fahd bin Jalawi al Saud;**
>
> **e) Abdul Rahman al Rajhi; and**
>
> **f) Saleh bin Sulaiman al Habdan.**

**RESPONSE TO REQUEST NO. 1**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "on behalf of," "for the benefit of," "any beneficial interest," and "any actual or potential interest," and as to the term "ARB." Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the identity of "Abdul Rahman al Rajhi."

Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case because it calls on the Bank to determine whether a particular individual held a "beneficial interest" — let alone a "potential beneficial

interest" — in an account not otherwise associated with that individual. Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case because it calls on the Bank to examine every account at the Bank and determine whether any of these individuals have "any actual or potential interest" in any account.

Al Rajhi Bank objects to this Request for documents relating to the individuals listed in this Request as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order, because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to any of the individuals listed in this Request, much less allegations that Al Rajhi Bank provided financial services to any of the individuals listed in this Request. Al Rajhi Bank further objects to this Request for documents concerning the individuals listed in this Request as irrelevant and related to matters beyond the scope of the November 22, 2021 Order, which granted Requests for account information on "transactions with people or entities alleged to be al Qaeda operatives," because Plaintiffs have not alleged any of the individuals listed in this Request are "al Qaeda operatives."

Al Rajhi Bank objects to this Request because it seeks documents that are not directly related to the Bank's own activities and is therefore beyond the scope of the Second Circuit's Summary Order.

Al Rajhi Bank further objects to this Request for documents relating to Abdul Rahman al Rajhi as irrelevant and related to matters beyond the scope of the November 22, 2021 Order, which denied (at 11-12) Plaintiffs' prior request for documents "identifying all monetary donations, contributions, grants, and/or transfers of money to beneficiaries in the United States authorized, managed, or overseen by Abdul Rahman al Rajhi" as overbroad and duplicative. Seeking *all*

"account and transaction records" and "complete" KYC information over "all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of [Abdul Rahman al Rajhi], any ARB account for any entity in which [Abdul Rahman al Rajhi] held any beneficial interest, and/or any ARB account over which [Abdul Rahman al Rajhi] had signatory authority or had any actual or potential beneficial interest" is even more broad than the Request the Court already denied. Al Rajhi Bank further objects to this Request for documents relating to "Abdul Rahman al Rajhi" as irrelevant because no "Abdul Rahman al Rajhi" was ever an Al Rajhi Bank official or employee. *See* Leddicotte Ltr. 2 (Dec. 17, 2021); *see also* Leddicotte Ltr. 4 (Jan. 19, 2023).

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 2**

> **Please provide all documents concerning the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation (hereinafter "Foundation") that are in the custody or control of ARB, including without limitation all emails.**

**RESPONSE TO REQUEST NO. 2**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrase "all documents concerning," and as to the terms "ARB," "Suleiman bin Abdul Aziz al Rajhi Charitable Foundation," and "Foundation."

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all documents concerning the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation," without any restrictive principle.

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative," and because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request as irrelevant and overbroad because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or

the Foundation was an alter ego of the Bank.  Al Rajhi Bank further objects to this Request as irrelevant and overbroad because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 3, 4, 5, and 6 in Plaintiffs' Second Set of Consolidated Jurisdictional Requests for Production of Documents.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 3**

**Please provide all documents concerning the duties, objectives, composition, membership, and/or authority of any committee established by ARB, Suleiman al Rajhi, and/or the Foundation to provide oversight, supervision, management, and/or control over the Foundation's operations and activities, including without limitation, the investigation and evaluation of domestic and international donation requests received by the Foundation, the determination as to which individuals and entities will receive financial contributions from the Foundation, and actual distribution of the Foundation's funds. Responsive documents shall include, but are not limited to, committee meeting minutes or agendas.**

–11–

**RESPONSE TO REQUEST NO. 3**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents concerning," "duties, objectives, composition, membership, and/or authority," "any committee," "oversight, supervision, management, and/or control over the Foundation's operations and activities," and "the investigation and evaluation," And as to the terms "ARB" and "the Foundation."

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all documents concerning the duties, objectives, composition, membership, and/or authority of any committee established by ARB, Suleiman al Rajhi, and/or the Foundation to provide oversight, supervision, management, and/or control over the Foundation's operations and activities" without any restrictive principle.

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

–12–

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation, much less allegations of any "committee established by" the Bank relating to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank.  Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 2, 4, 5, and 6 in Plaintiffs' Second Set of Consolidated Jurisdictional Requests for Production of Documents.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 4

**Please provide all documents relating to all bank accounts established or held in the name of, on behalf of, and/or for the benefit of the Foundation, including any such accounts at ARB. Responsive documents shall include, but are not limited to, all account and transaction records retrievable from ARB's Core Banking System, the complete Know-Your-Customer ("KYC") files, records identifying all account signatories, and communications between ARB and the Foundation (including email).**

## RESPONSE TO REQUEST NO. 4

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents," "all bank accounts," "established or held," "in the name of," "on behalf of," and "for the benefit of," and as to the terms "ARB" and "the Foundation." Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case because it calls on the Bank to determine whether a particular account was established or held "for the benefit of" the Charity Foundation, regardless of whether or not any such account exists at the Bank.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all documents relating

to all bank accounts established or held in the name of, on behalf of, and/or for the benefit of the Foundation," without any restrictive principle.

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank.  Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the

–15–

scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking information outside the possession, custody and control of Al Rajhi Bank, because it seeks information on accounts at banks other than Al Rajhi Bank.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 2, 3, 5, and 6 in Plaintiffs' Second Set of Consolidated Jurisdictional Requests for Production of Documents.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 5**

> **For each of the distributions by check identified in the Foundation's account statements at ARB 38079-38107 and ARB 39948-38859 (ARB Account No. SA[REDACTED]6006), please provide copies of each of the checks and all transaction details and information retrievable from ARB's Core Banking System.**

–16–

**RESPONSE TO REQUEST NO. 5**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the terms "ARB" and "the Foundation."

Al Rajhi Bank further objects to this Request as unduly burdensome and not proportional to the needs of the case to the extent it seeks copies of checks maintained in hard-copy archives.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Subject to and without waiver of the foregoing and General Objections and Objections to Definitions and Instructions, Al Rajhi Bank will conduct a reasonable and proportionate search for transaction details and information retrievable in Al Rajhi Bank's Core Banking System for the distributions by check identified in the Foundation's account statements at ARB 38079-38107 and ARB 39948-38859 (ARB Account No. SA[REDACTED]6006). In conjunction with and subject to applicable laws and regulations as well as to the circulars, instructions, guidance, and directives of the relevant regulatory authorities, the Bank will produce any relevant, reasonably accessible, non-privileged documents responsive to this request.

–17–

**REQUEST NO. 6**

**Please provide all documents relating to shared personnel, shared office or building space, shared contact information and addresses, and/or shared IT infrastructure (e.g., email servers, network servers, shared drives, network storage, backup systems, and data center facilities), between ARB and the Foundation.**

**RESPONSE TO REQUEST NO. 6**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents relating," "shared personnel," "shared office or building space," "shared contact information and addresses," and "shared IT infrastructure (e.g., email servers, network servers, shared drives, network storage, backup systems, and data center facilities)," and as to the terms "ARB" and "the Foundation."

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all documents relating to shared personnel, shared office or building space, shared contact information and addresses, and/or shared IT infrastructure (e.g., email servers, network servers, shared drives, network storage, backup systems, and data center facilities), between ARB and the Foundation," without any restrictive principle.

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist

–18–

operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank.  Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

–19–

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 2, 3, 4, and 5 in Plaintiffs' Second Set of Consolidated Jurisdictional Requests for Production of Documents.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 7**

**Please provide all documents, including any electronically generated lists or summaries, identifying all monetary donations, contributions, grants, or transfers directed, approved, authorized, and distributed by Suleiman al Rajhi, Abdul Rahman al Rajhi, and/or the Foundation to the following recipients:**

**a) Ministry of Islamic Affairs;**

**b) Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy;**

**c) Khalid Ibrahim al Sowailem;**

**d) Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.;**

**e) Committee for the Promotion of Virtue and the Prevention of Vice;**

**f) Al Haramain Islamic Foundation;**

**g) Aqeel Abdulaziz A. al Aqeel (a/k/a Aqeel Abdulaziz al Aqeel; Aqeel Abdulaziz Aqeeil al Aqeel; Aqeel al Aqeel);**

**h) Mansour al Kadi (a/k/a Mansour Abdulrahman Hammed al Kadi);**

**i) Abdullah bin Ibrahim al Misfer;**

**j) International Islamic Relief Organization;**

**k) Prince Turki bin Fahd bin Jalawi al Saud;**

**l) Abd al Hamid Sulaiman al Mujil;**

**m) Omar al Bayoumi;**

**n) Fahad al Thumairy;**

**o) King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque; Ibn Taymiyyah Foundation);**

**p) Islamic Center of San Diego ("ICSD") in San Diego, CA;**

**q) Al Ribat Mosque in San Diego, CA; and**

**r) Al Medina Al Munawara Mosque in El Cajon, CA.**

**RESPONSE TO REQUEST NO. 7**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "electronically generated," "lists or summaries," "directed," "approved," "authorized," and "distributed."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the terms "Abdul Rahman al Rajhi," "the Foundation," "Ministry of Islamic Affairs," "Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy," "Khalid Ibrahim al Sowailem," "Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.," "Committee for the Promotion of Virtue and the Prevention of Vice," "Al Haramain Islamic Foundation," "Aqeel Abdulaziz A. al Aqeel, (a/k/a Aqeel Abdulaziz al Aqil; Aqeel Abdulaziz Aqeeil al Aqil; Aqil al Aqil)," "Mansour al Kadi," "Abdullah bin Ibrahim al Misfer," "International Islamic Relief Organization," "Prince Turki bin Fahd bin Jalawi al Saud," "Abd al Hamid Sulaiman al Mujil," "Omar al Bayoumi," "Fahad al Thumairy," "King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque;

Ibn Taymiyyah Foundation)," "Islamic Center of San Diego ("ICSD") in San Diego, CA," "Al Ribat Mosque in San Diego, CA," and "Al Medina Al Munawara Mosque in El Cajon, CA."

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks documents relating to Al Rajhi Bank accounts of individuals and entities not alleged in the First Amended Complaint to have held accounts at Al Rajhi Bank, including: "Ministry of Islamic Affairs," "Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy," "Khalid Ibrahim al Sowailem," "Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.," "Committee for the Promotion of Virtue and the Prevention of Vice," "Aqeel Abdulaziz A. al Aqeel, (a/k/a Aqeel Abdulaziz al Aqil; Aqeel Abdulaziz Aqeeil al Aqil; Aqil al Aqil)," "Mansour al Kadi," "Abdullah bin Ibrahim al Misfer," "Prince Turki bin Fahd bin Jalawi al Saud," "Abd al Hamid Sulaiman al Mujil," "Omar al Bayoumi," "Fahad al Thumairy," "King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque; Ibn Taymiyyah Foundation)," "Islamic Center of San Diego ("ICSD") in San Diego, CA," "Al Ribat Mosque in San Diego, CA," and "Al Medina Al Munawara Mosque in El Cajon, CA."

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the scope of the November 22, 2021 Order because the Request seeks "any and all lists of summaries." Compliance with this Request would require the Bank to produce "lists or summaries" with no connection to the jurisdictional inquiry into alleged "indirect support through

'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to any of the following entities, or any allegations that any of the following entities "financially supported al Qaeda" or was an "extremist operative":  "Ministry of Islamic Affairs," "Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy," "Khalid Ibrahim al Sowailem," "Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.," "Committee for the Promotion of Virtue and the Prevention of Vice," "Aqeel Abdulaziz A. al Aqeel, (a/k/a Aqeel Abdulaziz al Aqil; Aqeel Abdulaziz Aqeeil al Aqil; Aqil al Aqil)," "Mansour al Kadi," "Abdullah bin Ibrahim al Misfer," "Prince Turki bin Fahd bin Jalawi al Saud," "Abd al Hamid Sulaiman al Mujil," "Omar al Bayoumi," "Fahad al Thumairy," "King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque; Ibn Taymiyyah Foundation)," "Islamic Center of San Diego ("ICSD") in San Diego, CA," "Al Ribat Mosque in San Diego, CA," and "Al Medina Al Munawara Mosque in El Cajon, CA."

Al Rajhi Bank objects to this Request as irrelevant overbroad, unduly burdensome, and beyond the scope of the Federal Rules because it requests documents outside the custody or control of the Bank because it requests "all documents" regarding "all monetary donations or contributions" made by Suleiman al Rajhi, Abdul Rahman al Rajhi, or "the Foundation" without regard to whether those donations or contributions were made via transfers involving Al Rajhi Bank accounts.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the

jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank. Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request for documents relating to "Abdul Rahman al Rajhi" as irrelevant and related to matters beyond the scope of the November 22, 2021 Order,

which denied (at 11-12) Plaintiffs' prior request for documents "identifying all monetary donations, contributions, grants, and/or transfers of money to beneficiaries in the United States authorized, managed, or overseen by Abdul Rahman al Rajhi" as overbroad and duplicative. Seeking *all* "account and transaction records" and "complete" KYC information over "all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of [Abdul Rahman al Rajhi], any ARB account for any entity in which [Abdul Rahman al Rajhi] held any beneficial interest, and/or any ARB account over which [Abdul Rahman al Rajhi] had signatory authority or had any actual or potential beneficial interest" is even more broad than the Request the Court already denied. Al Rajhi Bank further objects to this Request for documents relating to Abdul Rahman al Rajhi as irrelevant because Abdul Rahman al Rajhi was never an Al Rajhi Bank official or employee. *See* Leddicotte Ltr. 2 (Dec. 17, 2021); *see also* Leddicotte Ltr. 4 (Jan. 19, 2023).

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request to the extent it is cumulative and duplicative of Request Nos. 1 and 4 from Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents.

To the extent that this Request is duplicative of Request Nos. 1 and 4 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank has already complied with its discovery obligations responsive to those Requests.  To the extent this Request seeks documents beyond the scope of the November 22, 2021 Order granting and limiting Request Nos. 1 and 4 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 8

**Please provide all communications concerning the distribution of monetary donations, contributions, or grants to the recipients identified in Request No. 7, including email.**

## RESPONSE TO REQUEST NO. 8

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all communications" and "the distribution of monetary donations, contributions, or grants."

Al Rajhi Bank further objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the terms "Abdul Rahman al Rajhi," "the Foundation," "Ministry of Islamic Affairs," "Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy," "Khalid Ibrahim al Sowailem," "Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.," "Committee for the Promotion of Virtue and the Prevention of Vice," "Al Haramain Islamic Foundation," "Aqeel Abdulaziz A. al Aqeel, (a/k/a Aqeel Abdulaziz al Aqil; Aqeel Abdulaziz Aqeeil al Aqil; Aqil al Aqil)," "Mansour

al Kadi," "Abdullah bin Ibrahim al Misfer," "International Islamic Relief Organization," "Prince Turki bin Fahd bin Jalawi al Saud," "Abd al Hamid Sulaiman al Mujil," "Omar al Bayoumi," "Fahad al Thumairy," "King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque; Ibn Taymiyyah Foundation)," "Islamic Center of San Diego ("ICSD") in San Diego, CA," "Al Ribat Mosque in San Diego, CA," and "Al Medina Al Munawara Mosque in El Cajon, CA."

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because it seeks documents relating to Al Rajhi Bank accounts of individuals and entities not alleged in the First Amended Complaint to have held accounts at Al Rajhi Bank, including: "Ministry of Islamic Affairs," "Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy," "Khalid Ibrahim al Sowailem," "Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.," "Committee for the Promotion of Virtue and the Prevention of Vice," "Aqeel Abdulaziz A. al Aqeel, (a/k/a Aqeel Abdulaziz al Aqil; Aqeel Abdulaziz Aqeeil al Aqil; Aqil al Aqil)," "Mansour al Kadi," "Abdullah bin Ibrahim al Misfer," "Prince Turki bin Fahd bin Jalawi al Saud," "Abd al Hamid Sulaiman al Mujil," "Omar al Bayoumi," "Fahad al Thumairy," "King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque; Ibn Taymiyyah Foundation)," "Islamic Center of San Diego ("ICSD") in San Diego, CA," "Al Ribat Mosque in San Diego, CA," and "Al Medina Al Munawara Mosque in El Cajon, CA."

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond

the scope of the November 22, 2021 Order because the Request seeks "any and all lists of summaries."   Compliance with this Request would require the Bank to produce "lists or summaries" with no connection to the jurisdictional inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to any of the following entities, or any allegations that any of the following entities "financially supported al Qaeda" or was an "extremist operative":  "Ministry of Islamic Affairs," "Embassy of the Kingdom of Saudi Arabia in Washington, D.C., including the Ministry of Islamic Affairs office within the Embassy," "Khalid Ibrahim al Sowailem," "Da'wah Office in America (a/k/a "The Propagation Office in America"), located within the Embassy in Washington, D.C.," "Committee for the Promotion of Virtue and the Prevention of Vice," "Aqeel Abdulaziz A. al Aqeel, (a/k/a Aqeel Abdulaziz al Aqil; Aqeel Abdulaziz Aqeeil al Aqil; Aqil al Aqil)," "Mansour al Kadi," "Abdullah bin Ibrahim al Misfer," "Prince Turki bin Fahd bin Jalawi al Saud," "Abd al Hamid Sulaiman al Mujil," "Omar al Bayoumi," "Fahad al Thumairy," "King Fahad Mosque in Culver City, CA (a/k/a Ibn Taymiyyah Mosque; Ibn Taymiyyah Foundation)," "Islamic Center of San Diego ("ICSD") in San Diego, CA," "Al Ribat Mosque in San Diego, CA," and "Al Medina Al Munawara Mosque in El Cajon, CA."

Al Rajhi Bank objects to this Request as irrelevant overbroad, unduly burdensome, and beyond the scope of the Federal Rules because it requests documents outside the custody or control of the Bank because it requests "all documents" regarding "all monetary donations or contributions" made by Suleiman al Rajhi, Abdul Rahman al Rajhi, or "the Foundation" without

regard to whether those donations or contributions were made via transfers involving Al Rajhi Bank accounts.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank.  Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the

–29–

scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request for documents relating to "Abdul Rahman al Rajhi" as irrelevant and related to matters beyond the scope of the November 22, 2021 Order, which denied (at 11-12) Plaintiffs' prior request for documents "identifying all monetary donations, contributions, grants, and/or transfers of money to beneficiaries in the United States authorized, managed, or overseen by Abdul Rahman al Rajhi" as overbroad and duplicative. Seeking *all* "account and transaction records" and "complete" KYC information over "all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of [Abdul Rahman al Rajhi], any ARB account for any entity in which [Abdul Rahman al Rajhi] held any beneficial interest, and/or any ARB account over which [Abdul Rahman al Rajhi] had signatory authority or had any actual or potential beneficial interest" is even more broad than the Request the Court already denied. Al Rajhi Bank further objects to this Request for documents relating to Abdul Rahman al Rajhi as irrelevant because Abdul Rahman al Rajhi was never an Al Rajhi Bank official or employee. *See* Leddicotte Ltr. 2 (Dec. 17, 2021); *see also* Leddicotte Ltr. 4 (Jan. 19, 2023).

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request to the extent it is cumulative and duplicative of Request Nos. 1 and 4 from Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents.

To the extent that this Request is duplicative of Request Nos. 1 and 4 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank has already complied with its discovery obligations responsive to those Requests.  To the extent this Request seeks documents beyond the scope of the November 22, 2021 Order granting and limiting Request Nos. 1 and 4 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 9

**Please provide all communications, including email, between or among the Ministry of Islamic Affairs, ARB, Suleiman al Rajhi, and/or the Foundation concerning the Da'wah Organizations. Responsive documents shall include, but are not limited to, all records identifying repositories, databases, files, or other locations where these communications are stored.**

## RESPONSE TO REQUEST NO. 9

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrase "all communications," and the terms "Ministry of Islamic Affairs," "ARB," "the Foundation," and "the Da'wah Organizations."  Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case, not proportional to the needs of the case, and beyond the scope of the Second Circuit's

Summary Order because it seeks "all records identifying repositories, databases, files, or other locations where [documents subject to the Request] are stored." This Request amounts to discovery on discovery which is beyond the scope of limited jurisdictional discovery authorized by the Second Circuit.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all communications, including email, between or among the Ministry of Islamic Affairs, ARB, Suleiman al Rajhi, and/or the Foundation concerning the Da'wah Organizations," without any limiting principle.

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks "all communications," including communications that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'" Nov. 22, 2021 Order 6; *see also id.* at 9 (denying as "overbroad" Plaintiffs' request for "all communications between the ARB Principals (all senior ARB personnel, including seven named parties) and the Da'Wah organizations . . . without any restrictive principle").

Al Rajhi Bank objects to this Request for documents relating to the Foundation as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First

Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank.  Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product

doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to

this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of

unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause

another to violate any laws or regulations of any applicable jurisdiction, including any applicable

rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant

regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents

responsive to this Request.

## REQUEST NO. 10

**Please provide all documents relating to any audit, review, or government inquiry
or request concerning any account or transaction of the Al Haramain Islamic
Foundation, International Islamic Relief Organization, or the Foundation, or any
principal, official, or representative of same, from 1998 through 2008.**

## RESPONSE TO REQUEST NO. 10

In addition to the foregoing General Objections, Objections to Definitions, and Objections

to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as

vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs

of the case as to the phrases "all documents," "any audit, review, or government inquiry or

request," "any account or transaction," and "any principal, official, or representative of same," and

as to the terms "Al Haramain Islamic Foundation," "International Islamic Relief Organization,"

and "the Foundation."

Al Rajhi Bank further objects to this request because it calls on the Bank to produce

documents not in its possession, custody, or control, but rather in the possession, custody, or

control of an individual or entity over which Al Rajhi Bank has no control, and because it is not

limited to investigations or audits prepared by Al Rajhi Bank or within the Bank's control or knowledge.

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the scope of the November 22, 2021 Order, because it seeks "all documents relating to any audit, review, or government inquiry or request concerning any account or transaction of the Al Haramain Islamic Foundation, International Islamic Relief Organization, or the Foundation, or any principal, official, or representative of same," without any restrictive principle.  Complying with this Request would require Al Rajhi Bank to produce documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'"  Nov. 22, 2021 Order 6; *see also id.* at 10 (denying Plaintiffs' request for documents relating to "notifications" the Bank received about the "Da'wah Organizations" that did not pertain to any "'terrorist activity or event, or in providing any form of material support to any terrorist organization or person' and in 'supporting any armed conflict or militant activity'").

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order because it calls on the Bank to produce documents outside of the Court-authorized discovery period concluding December 31, 2002. To the extent that this Request seeks information about investigations into the Bank's conduct, the Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order because it calls on the

–35–

Bank to produce documents outside of the Court-authorized discovery period concluding December 31, 2004.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives,'" Nov. 22, 2021 Order 6, because the First Amended Complaint does not allege that the Foundation is a charity that "financially supported al Qaeda" or an "extremist operative."

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to the Foundation.

Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Bank had any relationship with the Foundation, much less that the Foundation was subsidiary of the Bank, or the Bank had control of the Foundation, or the Foundation was an alter ego of the Bank. Al Rajhi Bank further objects to this Request as irrelevant, overbroad, related to matters not raised by the pleadings, and beyond the

–36–

scope of the Second Circuit's Summary Order because the Plaintiffs have made no allegations that the Foundation is a "front" for al Qaeda or provided any support, directly or indirectly, to al Qaeda.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents and Request Nos. 2 and 19 in Plaintiffs' Second Set of Consolidated Jurisdictional Requests for Production of Documents.

To the extent that this Request is duplicative of Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank has already complied with its discovery obligations responsive to those Requests. To the extent this Request seeks documents beyond the scope of the November 22, 2021 Order granting and limiting Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 11**

> **Please provide documents sufficient to establish the following relevant details concerning the alleged crash of ARB's email archiving system in 2009, including but not limited to any communications (internal and external), reports, memoranda, or other records: a) The name of the email archiving system that allegedly crashed and when it was originally initiated by ARB; b) The scope of emails or other data that were archived by this system; c) The retention or destruction policy for this archiving system; d) The names of other legacy email archiving systems used by ARB and when those were initiated by ARB; e) The date of the alleged incident; f) The identities of the individuals at ARB who were responsible for administering and managing the email archiving system at the time of the alleged incident; g) The circumstances and cause of the alleged incident; h) ARB's efforts to recover and restore the email archiving system following the alleged incident; i) The amount and/or scope of emails or other data lost in the alleged incident; j) ARB's disclosure of the alleged incident to the Saudi Arabian Monetary Authority ("SAMA") and/or Saudi government; and k) Any litigation hold, search, or other protective mechanism by ARB prior to the alleged incident, to preserve and prevent the loss or destruction of emails relevant to claims against ARB in the 9/11 MDL.**

**RESPONSE TO REQUEST NO. 11**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "documents sufficient to establish the following relevant details," "any communications (internal and external)," "reports, memoranda, or other records," "circumstances and cause," "other protective mechanism," and "relevant to claims against ARB in the 9/11 MDL," and as to the term "ARB."

Al Rajhi Bank further objects to the Request as overbroad, unduly burdensome, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order, which set December 31, 2002 as the proper end date for the discovery period, and December 31, 2004 as the proper end date for the discovery period for requests relating to investigations into Al Rajhi Bank's conduct.  Al Rajhi Bank objects to this Request to the extent that this Request suggests that Al

Rajhi Bank had any obligation to preserve documents in connection with this litigation at the time of the crash of its email archiving system.

Al Rajhi Bank objects to this Request for documents relating to the Foundation as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'" Nov. 22, 2021 Order 6.

Al Rajhi Bank further objects to this Request as an attempt to conduct discovery on Al Rajhi's Bank's efforts to respond to Plaintiff's multitudinous discovery requests rather than an attempt to address any permissible subject within the scope of the Second Circuit's Summary Order and the November 22, 2021 Order.

Al Rajhi Bank objects to this Request as overbroad and unduly burdensome, because complying with this Request would require Al Rajhi Bank to search for and produce "*any* communications (internal and external), reports, memoranda, or other records" necessary to establish the details of the "emails or other data" and the "amount and/or scope of emails or other data" hosted on a server that is, by definition, unsearchable. Al Rajhi Bank further objects to this Request as overbroad and unduly burdensome because it would require the Bank to produce "documents sufficient to establish" answers to a number of highly technical questions unrelated to the scope of discovery established by the Second Circuit's Summary Order and the November 22, 2021 Order, including "[t]he circumstances and cause" of the server crash and "ARB's efforts to recover and restore the email archiving system."

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product

doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

 Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 12**

**Please produce the 2003 audit of ARB conducted by Ernst & Young.**

**RESPONSE TO REQUEST NO. 12**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and vague as to the phrase "2003 audit of ARB conducted by Ernst & Young," and as to the term "ARB."

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'"  Nov. 22, 2021 Order at p. 6.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to

this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents.

To the extent that this Request is duplicative of Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank has already complied with its discovery obligations responsive to those Requests. To the extent this Request seeks documents beyond the scope of the November 22, 2021 Order granting and limiting Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 13

**Please provide all documents governing, describing, detailing, or otherwise relating to ARB's relationship with Towayan Abdallah al Towayan (a/k/a Towayan al Towayan). Responsive documents shall include, but are not limited to, all personnel and employment records, resume(s), employment application(s), records detailing employment duties and responsibilities, and performance reviews. *See, e.g.*, September 27, 2001 FBI Report at <u>EO 14040-002857-2863 at 2857</u> ("Al-Towayan has had significant direct and indirect contacts with several subjects and active participants in the World Trade Center (WTC) attacks."); <u>2858</u> (interviews conducted by the FBI "identified Al-Towayan has having contact with Hani Hanjour, one of the hijackers of American Airlines Flight 77 which crashed into the Pentagon"); <u>2858</u> (Towayan lived in the same San Diego apartment complex as Omar al Bayoumi. When Bayoumi moved out on June 23, 2001, Bayoumi's mail was delivered to Towayan's apartment per a mail forwarding notice Bayoumi submitted**

**to the U.S. Postal Service.); 2860 ("Al-Towayan is employed by Al-Rajhi, an investment firm located in Riyadh, Saudi Arabia. Al-Towayan is in the Compliance Section where he reviews contracts for their compliance with company rules as well as Islamic laws. Al-Towayan is in the U.S. to study English at the behest of Al-Rajhi which is paying for all of his related costs."); 2861 ("Al-Towayan stated that the U.S. will never catch Bin Laden and that he would support the 'holy war' if it occurred.").**

## RESPONSE TO REQUEST NO. 13

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents governing, describing, detailing, or otherwise relating to," and "ARB's relationship with," and as to the terms "ARB" and "Towayan Abdallah al Towayan (a/k/a Towayan al Towayan)."

Al Rajhi Bank objects to the Request because it seeks "all documents" "relating to ARB's relationship with" "Towayan Abdallah al Towayan" without any restrictive principle.

Al Rajhi Bank objects to this Request for documents as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to "Towayan Abdallah al Towayan."  Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because Plaintiffs make no allegation of "Towayan Abdallah al Towayan" acting on behalf of the Bank or providing support for the hijackers.

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the

November 22, 2021 Order, because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because "Towayan Abdallah al Towayan" was not an officer or director of the Bank, and thus his conduct is not relevant to show any specific intent by the Bank.  Al Rajhi Bank objects to this request as irrelevant and seeking materials beyond the scope of the November 22, 2021 Order because Plaintiffs do not allege that "Towayan Abdallah al Towayan" was a "high-ranking executive."  Nov. 22, 2021 Order 9.

Al Rajhi Bank objects to this Request as irrelevant, because Plaintiffs mischaracterize the substance of the 2001 FBI Report in this Request as it relates to "Towayan Abdallah al Towayan." *See* September 27, 2001 FBI Report at EO 14040-002857-2863 at 2861 ("[redacted] did state that Al-Towayan did not support terrorism.").  This Request also seeks irrelevant information because the FBI Reports on which Plaintiffs rely, and the 9/11 Commission Report incorporated by reference into the First Amended Complaint, demonstrate the falsity of Plaintiffs' conclusions that "Towayan Abdallah al Towayan" had "significant direct and indirect contacts" with certain 9/11 hijackers, including "Hani Hanjour" at the Parkwood Apartment complex in San Diego.  *See id*. at EO 14040-002857-2863 at 2858-59 ("Review of rental records [of Parkwood Apartments] has determined Towayan Abdallah Al-Towayan, [redacted] moved into [redacted apartment] San Diego, California, on 04/05/2001, and moved out 08/05/2001."); *but see* EO14040-002209 (rental records showing that al Qaeda operatives Mihdar and Hazmi vacated Parkwood Apartments in May *2000*, nearly a year before al Towayan moved into the complex); 9/11 Commission Report Ch. 7 (Midhar moved back to Yemen on June 9, 2000); *id*. ("a few days after" Hanjour's December 8, 2000 arrival, Hazmi and Hanjour left San Diego "almost immediately and drove to Arizona"); *id*. (Hanjour and Hanzi arrived in Falls Church, VA as early as April 4, 2001 — the day *before* al Towayan moved into the Parkwood Apartment complex — after driving from Arizona).

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the FBI Summary Report's lack of conclusions as to "Towayan Abdallah al Towayan's" involvement in the September 11 Attacks demonstrates a lack of relevance to Plaintiffs' allegations. *See* Order 25 (Feb. 7, 2023), ECF No. 8862 ("The FBI ultimately rejected the operative theories about Sadhan and Sudairy when it closed Operation Encore in May 2021 without 'identif[ying] additional groups or individuals responsible for the [9/11 Attacks] other than those currently charged, which is consistent with the final conclusion of the [2004] 9/11 Commission Report. . . .'" (alterations in original) (quoting FBI Administrative Case Closure, ECF No. 7584-1, at EO14040-000011)).

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 14**

**Please provide all documents relating to Towayan Abdallah al Towayan's relocation or transfer to the United States, including without limitation all documents concerning Towayan's educational, academic, or other activities in the United States "at the behest of Al-Rajhi."**

**RESPONSE TO REQUEST NO. 14**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents relating to," "all documents concerning," "educational, academic, or other activities in the United States," and "at the behest of Al-Rajhi," and as to the terms "Towayan Abdallah al Towayan" and "Al-Rajhi."

Al Rajhi Bank objects to the Request because it seeks "all documents" "relating to Towayan Abdallah al Towayan's relocation or transfer to the United States" "including without limitation all documents concerning Towayan's educational, academic, or other activities in the United States 'at the behest of Al Rajhi'" without any restrictive principle.

Al Rajhi Bank objects to this Request for documents as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to "Towayan Abdallah al Towayan." Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional

inquiry authorized by the Second Circuit, because Plaintiffs make no allegation of "Towayan Abdallah al Towayan" acting on behalf of the Bank or providing support for the hijackers.

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order, because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because "Towayan Abdallah al Towayan" was not an officer or director of the Bank, and thus his conduct is not relevant to show any specific intent by the Bank.  Al Rajhi Bank objects to this request as irrelevant and seeking materials beyond the scope of the November 22, 2021 Order because Plaintiffs do not allege that "Towayan Abdallah al Towayan" was a "high-ranking executive."  Nov. 22, 2021 Order 9.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the FBI Summary Report's lack of conclusions as to "Towayan Abdallah al Towayan's" involvement in the September 11 Attacks demonstrates a lack of relevance to Plaintiffs' allegations.  *See* Order 25 (Feb. 7, 2023), ECF No. 8862 ("The FBI ultimately rejected the operative theories about Sadhan and Sudairy when it closed Operation Encore in May 2021 without 'identif[ying] additional groups or individuals responsible for the [9/11 Attacks] other than those currently charged, which is consistent with the final conclusion of the [2004] 9/11 Commission Report. . . .'" (alterations in original) (quoting FBI Administrative Case Closure, ECF No. 7584-1, at EO14040-000011)).

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 15

**Please provide all documents relating to all transactions, financial or otherwise, involving Towayan Abdallah al Towayan, including but not limited to, all payments issued by or between ARB and Towayan for expenses, tuition, lodging, travel, or other costs during the time period Towayan was in United States.**

## RESPONSE TO REQUEST NO. 15

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents relating to all transactions, financial or otherwise,"

"involving Towayan Abdallah al Towayan," "all payments by or between," "expenses," and "other costs," and as to the terms "ARB," "Towayan Abdallah al Towayan," and "Towayan."

Al Rajhi Bank objects to the Request because it seeks "all documents" "relating to all transactions, financial or otherwise, involving Towayan Abdallah al Towayan," without any restrictive principle.

Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case, and as seeking information outside the possession, custody, control of Al Rajhi Bank, because it seeks "all documents relating to all transactions, financial or otherwise, involving Towayan Abdallah al Towayan," regardless of whether any such transactions involved or otherwise concerned Al Rajhi Bank.

Al Rajhi Bank objects to this Request for documents as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to "Towayan Abdallah al Towayan."  Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because Plaintiffs make no allegation of "Towayan Abdallah al Towayan" acting on behalf of the Bank or providing support for the hijackers.

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order, because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because "Towayan Abdallah al Towayan" was not an

officer or director of the Bank, and thus his conduct is not relevant to show any specific intent by the Bank. Al Rajhi Bank objects to this request as irrelevant and seeking materials beyond the scope of the November 22, 2021 Order because Plaintiffs do not allege that "Towayan Abdallah al Towayan" was a "high-ranking executive." Nov. 22, 2021 Order 9.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the FBI Summary Report's lack of conclusions as to "Towayan Abdallah al Towayan's" involvement in the September 11 Attacks demonstrates a lack of relevance to Plaintiffs' allegations. *See* Order 25 (Feb. 7, 2023), ECF No. 8862 ("The FBI ultimately rejected the operative theories about Sadhan and Sudairy when it closed Operation Encore in May 2021 without 'identif[ying] additional groups or individuals responsible for the [9/11 Attacks] other than those currently charged, which is consistent with the final conclusion of the [2004] 9/11 Commission Report. . . .'" (alterations in original) (quoting FBI Administrative Case Closure, ECF No. 7584-1, at EO14040-000011)).

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

–49–

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 16

**Please provide all documents relating to all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of Towayan Abdallah al Towayan, any ARB account for any entity in which Towayan held any beneficial interest, and/or any ARB account over which Towayan had signatory authority or had any actual or potential beneficial interest. Responsive documents shall include, but are not limited to, all account and transaction records retrievable from ARB's Core Banking System, and the complete Know-Your-Customer ("KYC") files.**

## RESPONSE TO REQUEST NO. 16

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents," "on behalf of," "for the benefit of," "any beneficial interest," "actual or potential beneficial interest," and "all account and transaction records," and as to the terms "ARB," "Towayan Abdallah al Towayan," and "Towayan."

Al Rajhi Bank further objects to this Request because it seeks "all documents relating to all ARB accounts established or held in the name of, on behalf of, and/or for the benefit of Towayan Abdallah al Towayan, any ARB account for any entity in which Towayan held any beneficial interest, and/or any ARB account over which Towayan had signatory authority or had any actual or potential beneficial interest," without any restrictive principle. Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case,

and vague because it calls on the Bank to determine whether a particular individual held a "beneficial interest" — let alone a "potential beneficial interest" — in an account not otherwise associated with that individual.

Al Rajhi Bank objects to this Request for documents as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to "Towayan Abdallah al Towayan."  Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because Plaintiffs make no allegation of "Towayan Abdallah al Towayan" acting on behalf of the Bank or providing support for the hijackers.

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order, because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because "Towayan Abdallah al Towayan" was not an officer or director of the Bank, and thus his conduct is not relevant to show any specific intent by the Bank.  Al Rajhi Bank objects to this request as irrelevant and seeking materials beyond the scope of the November 22, 2021 Order because Plaintiffs do not allege that "Towayan Abdallah al Towayan" was a "high-ranking executive."  Nov. 22, 2021 Order 9.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the

Second Circuit, because the FBI Summary Report's lack of conclusions as to "Towayan Abdallah al Towayan's" involvement in the September 11 Attacks demonstrates a lack of relevance to Plaintiffs' allegations. *See* Order 25 (Feb. 7, 2023), ECF No. 8862 ("The FBI ultimately rejected the operative theories about Sadhan and Sudairy when it closed Operation Encore in May 2021 without 'identif[ying] additional groups or individuals responsible for the [9/11 Attacks] other than those currently charged, which is consistent with the final conclusion of the [2004] 9/11 Commission Report. . . .'" (alterations in original) (quoting FBI Administrative Case Closure, ECF No. 7584-1, at EO14040-000011)).

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 17

**Please provide all communications between ARB and Towayan Abdallah al Towayan relating to or during his deployment or relocation to the United States, including email.**

## RESPONSE TO REQUEST NO. 17

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all communications," and "during his deployment or relocation," and as to the terms "ARB" and "Towayan Abdallah al Towayan."

Al Rajhi Bank further objects to this Request because it seeks "all communications between ARB and Towayan Abdallah al Towayan relating to or during his deployment or relocation to the United States," without any restrictive principle.

Al Rajhi Bank objects to this Request for documents as related to matters not raised by the pleadings and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the First Amended Complaint does not contain any allegations against Al Rajhi Bank related to "Towayan Abdallah al Towayan." Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because Plaintiffs make no allegation of "Towayan Abdallah al Towayan" acting on behalf of the Bank or providing support for the hijackers.

Al Rajhi Bank objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order and the November 22, 2021 Order, because it does not seek evidence that is relevant to the jurisdictional

–53–

inquiry authorized by the Second Circuit, because "Towayan Abdallah al Towayan" was not an officer or director of the Bank, and thus his conduct is not relevant to show any specific intent by the Bank.  Al Rajhi Bank objects to this request as irrelevant and seeking materials beyond the scope of the November 22, 2021 Order because Plaintiffs do not allege that "Towayan Abdallah al Towayan" was a "high-ranking executive."  Nov. 22, 2021 Order 9.

Al Rajhi Bank further objects to this Request as overbroad, unduly burdensome, not proportional to the needs of the case, and beyond the scope of the Second Circuit's Summary Order because it does not seek evidence that is relevant to the jurisdictional inquiry authorized by the Second Circuit, because the FBI Summary Report's lack of conclusions as to "Towayan Abdallah al Towayan's" involvement in the September 11 Attacks demonstrates a lack of relevance to Plaintiffs' allegations.  *See* Order 25 (Feb. 7, 2023), ECF No. 8862 ("The FBI ultimately rejected the operative theories about Sadhan and Sudairy when it closed Operation Encore in May 2021 without 'identif[ying] additional groups or individuals responsible for the [9/11 Attacks] other than those currently charged, which is consistent with the final conclusion of the [2004] 9/11 Commission Report. . . .'" (alterations in original) (quoting FBI Administrative Case Closure, ECF No. 7584-1, at EO14040-000011)).

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to

this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 18

**Please provide all documents identifying all other individuals ARB sponsored, assisted, funded, or supported for relocation or transfer to the United States, for educational, academic, or other activities in the United States. Responsive documents shall include those identified in Request Nos. 13-17.**

## RESPONSE TO REQUEST NO. 18

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents," "all other individuals," "sponsored, assisted, funded, or supported," "relocation or transfer to the United States," and "educational, academic, or other activities," and as to the term "ARB."

Al Rajhi Bank further objects to this Request as not relevant, overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all documents all other individuals" without any restrictive principle, and because the Request is not tied to relevant persons, locations, or time periods.

–55–

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'" Nov. 22, 2021 Order 6.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery. Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Accordingly, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

## REQUEST NO. 19

**Please provide all documents relating to any investigation, inquiry, review, or audit conducted by ARB, the Saudi government, and/or the United States government which references or addresses any of the individuals, entities, accounts, transactions, and/or events identified in Request Nos. 1- 18 above.**

## RESPONSE TO REQUEST NO. 19

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs

of the case as to the phrases "all documents," "relating to," "any investigation, inquiry, review, or audit," "conducted" "which references or addresses," and "any of the individuals, entities, accounts, transactions, and/or events," and as to the term "ARB."

Al Rajhi Bank further objects to this Request as not relevant, overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the Scope of the November 22, 2021 Order because it seeks "all documents relating to any [investigation referencing individuals, entities, accounts, transactions, and/or events mentioned in other requests]" without any restrictive principle.  Al Rajhi Bank also objects because to this Request as not relevant to the extent it relates individuals and entities not referenced in the First Amended Complaint, and to the extent that it does not specifically relate to the 9/11 Attacks.

Al Rajhi Bank objects to this Request as beyond the scope of the November 22, 2021 Order because it seeks documents that are not relevant to the jurisdictional discovery inquiry into alleged "indirect support through 'financial services and donations to charities that it knew financially supported al Qaeda' and direct support through 'financial services to known extremist operatives.'"  Nov. 22, 2021 Order 6.

Al Rajhi Bank objects to this Request as beyond the scope of the Second Circuit's Summary Order because it seeks documents that are not directly related to the Bank's own activities.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to

this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents and Request Nos. 1 through 18 in Plaintiffs' Second Set of Consolidated Jurisdictional Requests for Production of Documents.

To the extent that this Request is duplicative of Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank has already complied with its discovery obligations responsive to those Requests.  To the extent this Request seeks documents beyond the scope of the November 22, 2021 Order granting and limiting Request Nos. 47-54 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

**REQUEST NO. 20**

> **Please provide all documents relating to the communications produced at ARB 39593-39604, including but not limited to the following: a) The September 21, 1998, July 28, 1998, December 24, 1996, September 2, 1996, and July 13, 1996 communications from the IIRO referenced in Suleiman al Rajhi's letters at ARB 39593-39604; b) All communications received from the IIRO in response to the October 4, 1998, August 15, 1998, January 7, 1997, September 11, 1996, August 19, 1996, January 5, 1995, October 10, 1994, April 17, 1994, July 11, 1993, and June 20, 1992 letters sent by Suleiman al Rajhi at ARB 39593-39604; c) All communications from Suleiman al Rajhi to the IIRO relating to his membership or service on IIRO boards, councils, committees, or governing bodies; and d) All other documents concerning Suleiman al Rajhi's membership or service on IIRO boards, councils,**

committees, or governing bodies, including all documents detailing or describing the IIRO's invitations to Suleiman al Rajhi to join the IIRO, and his duties, obligations, and participation in the IIRO bodies.  The relevant time period for this request is January 1, 1992 through December 31, 2002.

**RESPONSE TO REQUEST NO. 20**

In addition to the foregoing General Objections, Objections to Definitions, and Objections to Instructions, which are expressly incorporated herein, Al Rajhi Bank objects to this Request as vague, ambiguous, imprecise, overbroad, unduly burdensome, and not proportional to the needs of the case as to the phrases "all documents," "all other documents," "all communications," and "all documents detailing or describing."

Al Rajhi Bank further objects to the Request for documents from the period of January 1, 1992 through December 31, 1997 as overbroad, unduly burdensome, irrelevant, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the scope of the November 22, 2021 Order, which set January 1, 1998 as the proper start date for the discovery period.

Al Rajhi Bank objects to this Request as not relevant, overbroad, unduly burdensome, not proportional to the needs of the case, beyond the scope of the Second Circuit's Summary Order, and beyond the scope of the November 22, 2021 Order because it requests all documents relating to the communications produced at ARB 39593-39604, including "all documents" "all communications," and "all other documents" subject to this Request, which would require the Bank to search documents and repositories not within the control of the Bank.

Al Rajhi Bank further objects to this request as overbroad and beyond the scope of the November 21, 2021 Order, which denied Plaintiffs' request for "all communications between the ARB Principals (all senior ARB personnel, including seven named parties) and the Da'Wah organizations" as "overbroad," "without any restrictive principle," "disproportionate to the needs

of this dispute," and "likely to reveal vast amounts of superfluous information." Nov. 21, 2021 Order 9.

Al Rajhi Bank further objects to this Request to the extent it calls for the production of documents protected from disclosure by one or more of the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from discovery.  Al Rajhi Bank objects to this Request to the extent it suggests in any way complicity, knowledge, awareness, or intent of unlawful conduct on the part of Al Rajhi Bank.

Al Rajhi Bank objects to this Request to the extent that compliance would violate or cause another to violate any laws or regulations of any applicable jurisdiction, including any applicable rules, regulations, directives, circulars, instructions, or guidance promulgated by any relevant regulatory authorities.

Al Rajhi Bank further objects to this Request as cumulative and duplicative of Request Nos. 5 and 6 of Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents.

To the extent that this Request is duplicative of Request No. 5 in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank has already complied with its discovery obligations responsive to that Request.  To the extent this Request seeks documents beyond the scope of the November 22, 2021 Order granting and limiting Request No. 5, and denying Request No. 6, in Plaintiffs' First Set of Consolidated Jurisdictional Requests for Production of Documents, Al Rajhi Bank does not intend to search for or to produce documents responsive to this Request.

Dated:   March 6, 2023
          Washington, DC

Respectfully submitted,

## WHITE & CASE

/s/ *Christopher M. Curran*

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte (admitted *pro hac vice*)
Reuben J. Sequeira
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:     + 1 202 626 3600
Facsimile:     + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
mleddicotte@whitecase.com
rsequeira@whitecase.com

*Counsel for Al Rajhi Bank*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on this 6th day of March 2023, I caused a copy of the foregoing to be served on counsel for the Plaintiffs via electronic means.

 /s/*Matthew S. Leddicotte*
Matthew S. Leddicotte