UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   No. 18-CV-03353
In re Terrorist Attacks on September 11, 2001,


-------------------------------------------------------------X
ANDREW LEFTT; EDWARD MCCONNIN; EUGENE
MILANESI; FRANZ EDWARDS; FRED GOLBA;
GEORGE L. NAPAKH; BEILI ZHENG AS EXECUTOR
OF THE ESTATE OF JAMES CHAN, DECEASED;
JEAN ELIE; JOHN E. BONSIGNORE III; LAWRENCE
FRASCA, JILL MASSA AS EXECUTOR OF THE
ESTATE OF LOUIS MASSA, DECEASED; LYUDMILA
NAPAKH; MICHAEL ALTMAN AS EXECUTOR OF
THE ESTATE OF LISA ALTMAN, DECEASED;
MICHAEL CIPPARULO; MICHAEL ZEMELMAN;
MICHAEL ZEMELMAN AS EXECUTOR OF THE
ESTATE OF RAISA ZEMELMAN, DECEASED; ROBERT
WATMAN; SVETLANA ROY; VIVIAN LOMACANG,
WILLIAM G. NELSON; CAROLINE ALTMAN; CHARLES
ALTMAN; ANGELA ZEMELMAN CLAIRE; MARIE BERNOTH;
EILEEN LUCIANO; EMILY MASSA; JENNA MASSA;
LOUIS ANTHONY MASSA; PAUL JOSEPH MASSA;
RANDY RASTELLO; ALEX ZEMELMAN;
VICTOR DZHUGOSTRAN; JANINE MOGER AS EXECUTOR
OF THE ESTATE OF CHRISTOPHER MOGER;
JAMES MOGER; JOHN MOGER; SERAPHINA MOGER;
ANTONIO SOEIRA; ROBERT SUAREZ,

                 Plaintiffs,

        -against-

KINGDOM OF SAUDI ARABIA and SAUDI HIGH
COMMISSION FOR RELIEF OF BOSNIA &
HERZEGOVINA,

                 Defendants.
-------------------------------------------------------------X

## DECLARATION OF
## ANDREW C LAUFER, ESQ.

        ANDREW C. LAUFER declares, pursuant to 28 USC § 1746, under penalty of perjury, as follows:

        I submit this Declaration in compliance with the Court's order of April 19, 2023.

I.     **Court Docket Entries**

I have reviewed and understand the Courts directions for filing on the main MDL docket under ECF No. 7354 at 4; and the orders regarding compliance safeguards for default judgment motions at ECF Nos. 3433, 3435, 7870, 7963, and 8198. I understand that all documents must be filed pursuant to the main MDL docket under ECF No. 7354 at 4.

Your Honor's Order of November 15, 2021 (See ECF 7354) relates to Faulkner v. Bin Laden, et al, No. 09-cv-07055, the collapse of the Islamic Republic of Afghanistan and further proceedings. The Court and the parties concern involved subsequent motions for default against the now defunct Republic and whether it was still the appropriate party. It also posits a question whether the Executive Branch of the United States government has an interest in the dispositive nature of any final judgment entered against the Afghan defendants. The Court then directed plaintiffs to submit a supplemental letter regarding the aforementioned by December 10, 2021.

Plaintiff's Executive Committee letter of January 23, 2017 (See ECF No. 3433) addresses the issues in the Court's Order of January 11, 2017. The seemingly pertinent part of the letter relates to 'Plaintiffs' Executive Committees' Response to directions in Para. 4', "(1) verifies that no individual or estate plaintiff has received duplicate judgments in any of the Court's past orders or, if duplicate relief has been issued, naming such plaintiffs and such relief; (2) details the nature of coordination between the different groups of plaintiffs applying for default judgments to ensure that duplicate judgments are not entered; (3) explains the due diligence measures conducted by plaintiffs' counsel to verify the family relationship between 9/11 decedents and immediate family member plaintiffs claiming solatium damages; and (4) identifies safeguards that will be implemented to prevent the issuance of duplicate relief in the future." Burnett/Iran, 15-cv-9903 ECF No. 77 at para. 4."

Plaintiffs' Executive Committee then lists several actions they've undertaken to ensure duplicate relief is avoided. These actions include the creation of a master list of plaintiffs with

judgments, coordination by plaintiffs regarding the avoidance of future duplicative judgments, diligence by plaintiffs' counsel to identify decedents immediate family members claims for solatium damages, and safeguards to avoid duplicative relief in the future.

Your Honor's Order of January 25, 2017, in pertinent part (See ECF 3435), lists two (2) criteria to ensure accuracy regarding final judgments filed against a defaulting defendant that plaintiffs counsel affirm they (1) complied with due diligence safeguards and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been rewarded, the nature of that relief).

Your Honor's Order of April 11, 2022 (See ECF 7870) addresses the filing of "numerous default judgment motions and notices of amendment" against the Taliban. It seeks to streamline the filing process for such requested relief by directing any future proposed judgments included "(t)he ECF numbers of any prior damages awards to the party seeking damages in the motion; and (t)he ECF number of the complaint, notice of amendment, substitution order, or other document adding the plaintiff to an action in which default judgment is sought."

Your Honor's Order of May 5, 2022 (See ECF 7963) addresses a request by O'Neill plaintiffs "…request for a partial default judgment on behalf of certain plaintiffs" and the filing of expert reports as supporting documentation for such motions via ECF with restricted access for the Court only.

Your Honor's Order of July 11, 2022 (See ECF 8198) addresses default motions against non-sovereign entities like the Taliban as opposed to sovereign entities such as the Islamic Republic of Iran and how the required format for such motions are different. The Court then sets forth the format for default judgments against Non-Sovereign Defendants.

The Court also ruled that plaintiff's who have not been added to a complaint against the Taliban cannot obtain a default judgment against them.

Hence, the large amount of default motions against the Taliban were denied with leave to

renew if they were, in fact, a party to a complaint against the Taliban.

## II. Counsels Obligations Under Federal Rule of Civil Procedure 11

I have also reviewed counsel's obligations under Rule 11. "Rule 11(b) provides that, "[b]y presenting to the court a pleading, written motion, or other paper ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... the factual contentions have evidentiary support or, if specifically so identified, will *201 likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2), (b)(3). If a court determines that Rule 11(b) has been violated, Rule 11(c) authorizes the court to "impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). A sanction, however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4)." See Galin v. Hamada 283 F.Supp.3d 189 (2017).

"Rule 11 thus imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998) (internal quotation marks omitted). The standard for imposing Rule 11 sanctions, however, is purposefully high, so as not to stifle legal creativity and zealous advocacy. See City of Perry, Iowa v. Procter & Gamble Co., No. 15-CV-8051 (JMF), 2017 WL 2656250, at *2 (S.D.N.Y. June 20, 2017); see also, e.g., Park v. Seoul Broad. Sys. Co., No. 05-CV-8956 (BSJ) (DFE), 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6. 2008) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances."). Among other things, a court must "resolve all doubts in favor of the signer" of the pleading, Rodick v. City of Schenectady, 1 F.3d 1341, 1350 (2d Cir. 1993), and may impose sanctions only where an attorney's conduct was

"objective[ly] unreasonable[ ]," Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 387 (2d Cir. 2003). Indeed, sanctions are appropriate only where "it should have been patently obvious to any attorney who had familiarized himself [or herself] with the law" that the action was frivolous. Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988); see also, e.g., Healey v. Chelsea Res., Ltd., 947 F.2d 611, 626 (2d Cir. 1991) (noting it must be "patently clear that a claim ha[d] absolutely no chance of success")." See Galin v. Hamada 283 F.Supp.3d 189 (2017).

It was your affirmants intention to zealously advocate on behalf of his clients. It was based upon that well intentioned yet mistaken and misguided approach which caused the filing of the subject motion which your affirmant erroneously believed he had leave to do. Your affirmant again apologizes to the Court and Ashton counsel for this error.

### III. Counsel's Client Representation Under The MDL Docket

Currently our officer represents approximately 39 plaintiffs under the Lefft docket member case - 18-cv-03353 related to the main docket – 03-md-01570-GBD-SN.

At the present time, your affirmants office is not appearing for any additional parties in this action other than those listed in the appendix attached hereto as Exhibit A (Lefft docket.) Within said appendix, your affirmant discloses the four informational aspects the Court is concerned with – "(i) his clients, (ii) the defendants against which each client asserts claims, (iii) the nature of those claims (i.e. the legal and factual basis for those claims), and (iv) the complaint through which each claim is asserted."

### IV. Conclusion

Your affirmant hopes the aforementioned information satisfies the Court's Order of April 19, 2023. In the event the Court requires additional information, your affirmant respectfully requests an opportunity to amend or further supplement this declaration.

Dated: New York, New York
   April 24, 2023

               Respectfully submitted,

               _____
               Andrew C. Laufer
               Law Office of Andrew C. Laufer, PLLC
               Attorney for Lefft Plaintiffs
               264 West 40th Street, Ste. 604
               New York, NY 10018