WHITE & CASE

April 27, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

Al Rajhi Bank respectfully submits this letter in response to Plaintiffs' unauthorized reply (ECF No. 9058), filed last night, on Plaintiffs' third motion to compel (ECF No. 9039). The Bank does not wish to burden the Court with further briefing, but the Bank is compelled to respond to two particularly egregious accusations by Plaintiffs that impugn the Bank's conduct in this litigation. The Bank stands on its papers with respect to the remainder of Plaintiffs' arguments on reply.

Plaintiffs' accusation (at 1) that the Bank "blatantly attempts to mislead the Court" is untrue and irresponsible. The Bank's Opposition (ECF No. 9055 at 2) in no way suggests that the "Suleiman Al Rajhi Charity Foundation" and the "SAAR Network" are the "same entity" or that Plaintiffs now seek information about the SAAR Network. Rather, invoking relevant precedent, the Bank compares Plaintiffs' present request regarding the Foundation with their prior requests regarding the SAAR Network. Opp. 2 (stating Court denied prior request relating to SAAR Network for failing to "'allege ties between ARB and the SAAR Network,'" and observing that here "Plaintiffs likewise do not 'actually allege ties' or 'any direct connection' between the Bank and the Foundation'" (quoting Nov. 2021 Order 15-16)).

Plaintiffs' accusation (at 1) that the Bank "slow[ed] Plaintiffs ability" to bring this dispute to the Court is demonstrably false. Plaintiffs ignore that (1) Plaintiffs waited more than six months after the Bank substantially completed document production to serve Plaintiffs' second set of requests, (2) the Bank served Plaintiffs with the Bank's responses and objections three days *before* the deadline, and (3) Plaintiffs then made *no* attempt to meet and confer on the Bank's objections for nearly three weeks (only doing so when *the Bank* requested to meet and confer on the Bank's own requests). And although the Parties met and conferred on March 29, Plaintiffs waited until April 19 — the last day the Parties were authorized to bring discovery disputes to the Court — to file their motion to compel. *See* Order 1 (ECF No. 8812).

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Reuben J. Sequeira
*Counsel for Al Rajhi Bank*