# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

April 28, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs write to address misstatements in Al Rajhi Bank's ("ARB") unauthorized sur-reply letter at ECF No. 9061, and untimely reply letter at ECF No. 9062.

ARB claims that Plaintiffs' reply in support of their third motion to compel was "unauthorized." That is wrong. It has long been the protocol in the MDL that letter briefing may include (1) a five page letter brief from the movant; (2) a five page response (due three business days later); and (3) a three page reply (due two business days after the response). The docket provides myriad examples confirming this procedure.[1] ARB appears to now acknowledge the propriety of replies, as reflected by the (untimely) reply it filed last night. *See* ECF No. 9062.[2]

Beyond the fact that ARB's reply letter at ECF No. 9062 is untimely, the accusation in that letter that Plaintiffs "sandbag[ged]" the bank in relation to the deposition of Abdullah bin Suleiman al Rajhi is flatly inaccurate. Given that it represents the ninth time ARB has baselessly hurled a "sandbagging" accusation, it cannot go unaddressed.

The reality is that Plaintiffs noticed Abdullah al Rajhi's deposition on April 4, 2023, but heard nothing in response until *Plaintiffs* asked ARB during a meet and confer on April 13, 2023 whether the bank intended to produce the four fact witnesses Plaintiffs had noticed. In response, ARB advised Plaintiffs for the first time that three of the witnesses no longer worked for ARB, and that Abdullah al Rajhi was an "apex" witness not subject to deposition. Responding in real time, Plaintiffs immediately explained that the apex doctrine was inapplicable because Abdullah al Rajhi had personal knowledge of relevant facts, and cited his knowledge of the relationships with the da'wah organizations as a key example. Plaintiffs also discussed on that call documents produced by ARB that Abdullah al Rajhi authored.

---

[1] *See, e.g.*, ECF No. 7365 (reply of Saudi Arabia in support of discovery letter motion); ECF No. 7263 (reply of Saudi Arabia in support of discovery letter motion); ECF No. 4584 (reply of WAMY in support of discovery letter motion); ECF No. 4117 (reply of Saudi Arabia in support of discovery letter motion).

[2] As for ARB's complaints in its sur-reply about certain of Plaintiffs' arguments, Plaintiffs see no need to respond beyond the support already offered, other than to say that ARB doth protest too much.

Honorable Sarah Netburn
April 28, 2023
Page 2

_____

But the fact of the matter is that ARB already knew Plaintiffs' position, because Abdullah al Rajhi has been a subject of Plaintiffs' discovery requests (and the Court's orders) from the outset and is identified as a percipient fact witness in documents ARB produced and documents Plaintiffs have filed as part of discovery. The topics identified in Plaintiffs' opposition to ARB's apex letter track those very issues, and others that are obvious to ARB given the course of discovery and its superior knowledge of his role at the bank over many decades *and direct access to Abdullah al Rajhi himself.*[3] Indeed, it is incoherent for ARB to argue that Plaintiffs somehow "sandbagged" ARB about the knowledge of its own officer as to matters at the heart of discovery, as ARB is charged with the knowledge of its officers and was obligated to inquire about Abdullah al Rajhi's knowledge before seeking a protective order under the apex doctrine.

Plaintiffs respectfully submit that ARB has long expected that Abdullah al Rajhi would be noticed for deposition and why, and has long intended to oppose that deposition and had a specific plan on how it would try to do so. As such, its arguments about the meet and confer process are contrived.

Plaintiffs reiterate their willingness to appear before the Court to discuss the course of discovery.

Respectfully submitted,

COZEN O'CONNOR

By:  __/s/  Sean P. Carter__
SEAN P. CARTER
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the Plaintiffs' Executive Committees*

cc:  All MDL Counsel of Record (via ECF)

LEGAL\63285460\1

---

[3] While Plaintiffs indicated during the April 13, 2023 call that they would be willing to offer additional examples, the parties did not discuss the timing for doing so. After the call, Plaintiffs prioritized revisions to their 30(b)(6) notice based on the parties' three hour call on April 13, which they then served on Monday, April 17. Given that work, preparations and travel for the argument before Judge Daniels on April 19, Plaintiffs' own motion due on the April 19, and other commitments, Plaintiffs were not available to also immediately follow up with additional examples of Abdullah al Rajhi's knowledge. But it was ARB's failure to more promptly raise its apex objection that left no meaningful time for further exchanges. In any case, Plaintiffs had already articulated their position and offered specific support for it. The fact that there were any discussions at all was because Plaintiffs initiated them during the April 13 call.