**WHITE & CASE**

May 10, 2023

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, **Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)**

Dear Judge Netburn:

Al Rajhi Bank respectfully submits this letter in response to Plaintiffs' discovery letter (ECF No. 9078), served less than twenty-four hours after this Court's Order stating that it "will not entertain further motion practice on discovery issues," Order 1 (May 9, 2023), ECF No. 9077, and on the eve of the Rule 30(b)(6) deposition noticed by Plaintiffs for May 11, 2023.

Plaintiffs' letter to the Court is entirely unnecessary. The Bank is prepared to move forward with the Rule 30(b)(6) deposition tomorrow, as noticed. Plaintiffs have neither withdrawn nor sought to reschedule this deposition at any point before now. The Bank is prepared to provide substantive responses to Plaintiffs' noticed forty-five areas of inquiry and the overwhelming majority of Plaintiffs' eighty-three noticed subtopics.

Contrary to Plaintiffs' assertions (at 1), the Court's May 9 Order is not "most logically read to have adjourned [the] 30(b)(6) deposition" long-scheduled for May 11, just two days later. Nor is there any basis for Plaintiffs' supposed "concern[]" that going forward with the deposition as noticed would somehow "be violating" the Court's Order, which of course made no mention of adjourning or postponing the noticed deposition.

The Bank takes its obligations in this litigation seriously and has dedicated significant Bank and counsel resources to prepare for this deposition. As Plaintiffs are aware, counsel for the Bank has traveled to Riyadh for the specific purpose of helping the Bank prepare for and defend this deposition. This preparation has included numerous interviews with Bank personnel and review of numerous Bank documents.

The Bank firmly stands by its objections to Plaintiffs' 30(b)(6) notice (ECF No. 9038), but is prepared to move forward and respond to Plaintiffs' questions on all forty-five noticed topics to the best of the Bank's knowledge and ability. Plaintiffs' insistence (at 2; *see also* Pls. Exh. 1 at 1) that the Bank waive its objections by withdrawing its motion for a protective order as moot is nonsensical. The Bank has done its level best to prepare itself on Plaintiffs' far-reaching topics and certainly has no intent to block responses to Plaintiffs' questions wholesale. Rather, in the absence of a decision by the Court on the Bank's motion, the Bank has made every effort to ensure it is reasonably prepared to respond to questions on all of the forty-five noticed topics. Apart from any privilege or work-product issues that may arise, the Bank is prepared to provide answers;

where the Bank has an objection, the Bank will provide the testimony "subject to any objection" under Rule 30(c)(2).

Moreover, to the extent there are any open issues following the deposition concerning topics to which the Bank objected, the Bank is amenable to providing responses to questions on those topics either through written questions or in a further 30(b)(6) deposition, to the extent Plaintiffs have reserved time. Resolving any modest clean-up in this manner is far more efficient than rescheduling the entire deposition, revisiting witness preparation, repeating interviews, and booking additional round-trip travel by the Bank's counsel.

Indeed, any postponement of the deposition would be manifestly unjust to the Bank and result in a gross waste of the Bank's time and resources. Because the witness would have to prepare again in significant part to have responsive information fresh in mind, any delay would require the Bank to revisit its preparation and disrupt the schedules of numerous representatives of the Bank. In addition, the Bank would want to have its counsel present with the Bank in Riyadh at the deposition, requiring additional travel to revisit the deposition preparation and for the deposition itself. Contrary to Plaintiffs' assertion (at 2), a potential future deposition of the Bank's Chairman is no justification for scuttling *this* deposition at the eleventh hour, nor does it alleviate the prejudice to the Bank of repeating its preparations, rescheduling meetings with Bank personnel, and booking additional travel for its counsel to assist in that preparation. On the other hand, going forward with the deposition as noticed, and addressing any subsequent issues as the Bank has proposed, would pose no prejudice to Plaintiffs.

Plaintiffs' suggestion (at 1 n.1) that it was not "prudent" for counsel to travel to Riyadh to prepare for the deposition and attend the deposition itself is preposterous. Plaintiffs demanded a well-prepared witness and forty-five topics and eighty-three subtopics, requiring substantial preparation well in advance of the deposition itself. And Plaintiffs ignore that the Bank did, in fact, seek the Court's guidance in the form of a letter-motion for a protective order fully submitted *before* counsel traveled. The Bank's April 27 reply letter specifically highlighted the impending deposition notice date. ECF No. 9062 at 1.

Absent an Order from the Court today to the contrary, the Bank will appear for the deposition noticed by Plaintiffs, and if Plaintiffs do not appear, the Bank will consider the notice withdrawn.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Reuben J. Sequeira
*Counsel for Al Rajhi Bank*