**WHITE & CASE**

May 18, 2023
VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Judge Netburn:

In accordance with this Court's May 10, 2023 Order (ECF No. 9081), Al Rajhi Bank and Plaintiffs with claims against the Bank write to set forth the Parties' respective positions on whether the May 11, 2023 Rule 30(b)(6) deposition mooted the Bank's motion for a protective order at ECF No. 9038.

**Al Rajhi Bank's Position**

On May 11, 2023, Al Rajhi Bank produced for deposition its Rule 30(b)(6) designee prepared to testify on all of the forty-five topics and virtually all of the eighty-three subtopics noticed by Plaintiffs. After seven hours and five minutes of questioning by Plaintiffs and follow-up questioning by the Bank's counsel, that deposition concluded. The testimony by the Bank's designee was given subject to all objections made in the Bank's motion for a protective order to strike certain of Plaintiffs' noticed topics (ECF No. 9038), all objections made during the deposition, and all objections automatically preserved under Rule 32(d)(3)(A) or otherwise. The Bank preserves all such objections.

To reduce the burden on the Court, however, and based on Plaintiffs' commitment that they will not seek further Rule 30(b)(6) testimony, the Bank will bring those objections to the Court for resolution only if Plaintiffs later attempt to rely on any testimony by the Bank's designee that was given subject to a Bank objection (in the Bank's motion, in the deposition itself, or preserved automatically under Rule 32(d)(3)(A) or otherwise). The Bank's position is thus that, contingent on the Bank's ability to obtain any necessary resolution of its objections at the appropriate time, the motion for a protective order at ECF No. 9038 may be considered mooted.

The Bank reserves all of its rights, defenses, privileges, and immunities.

The Honorable Sarah J. Netburn
May 18, 2023

**WHITE & CASE**

**Plaintiffs' Position**

Plaintiffs do not intend to seek further deposition testimony from ARB's 30(b)(6) designee, even though they have time remaining, *see* ECF No. 9027.1 at ¶ 55, and despite the fact that the witness failed to testify as to several of the issues included in the Second Revised Notice of Deposition at ECF No. 9052-1 (both because ARB persisted in its objections and because the witness was not properly prepared to testify as to certain matters). But given that virtually all of the ARB officials involved in the key events and relationships are no longer with the bank, the most critical categories of outstanding evidence are the documents Plaintiffs are seeking through their motions to compel (ECF Nos. 8902-8904, 9039-9040), subpoena to JP Morgan Chase (ECF No. 8909), and the testimony of one of the only remaining witnesses with firsthand knowledge, Abdullah al Rajhi (ECF No. 9053). Plaintiffs believe that the Court's time is most productively used to address the motions related to that outstanding discovery, and are therefore amenable to foregoing further testimony from ARB's 30(b)(6) witness so that the Court does not need to resolve ARB's motion at ECF No. 9038.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Reuben J. Sequeira
Michael Mahaffey
*Counsel for Al Rajhi Bank*