UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD) (SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD) (SN)

### [PROPOSED] ORDER OF FINAL JUDGMENTS AS TO LIABILITY AND FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE ISLAMIC REPUBLIC OF IRAN FOR NON-U.S. NATIONALS

Upon consideration of the evidence and arguments submitted by non-U.S. National Plaintiffs in the above-captioned matters as specifically identified in Exhibit A, Exhibit B-1 to Exhibit B-2 (collectively, "Exhibits B") (the plaintiffs in Exhibit A and Exhibits B are the "Moving Plaintiffs"), together with the entire record in the case, IT IS HEREBY

**ORDERED** that, on behalf of the Moving Plaintiffs, service of process in the above-captioned matters was effected upon Defendant Islamic Republic of Iran ("Iran") in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and it is further

**ORDERED** that the Court has subject-matter jurisdiction over the common law claims of the Moving Plaintiffs, pursuant to 28 U.S.C. § 1605B; and it is further

**ORDERED** that, on behalf of the Moving Plaintiffs, the Court has subject-matter jurisdiction over Iran under the common law for actions arising out of wrongful death and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that intentionally targeted innocent civilians resulting in death and significant grief sustained by family members of those killed in the attacks; and it is further

docs-100579690.1

-2-

**ORDERED** that judgments as to liability are entered for the Moving Plaintiffs for their common law claims; and it is further

**ORDERED** that Iran is found to be jointly and severally liable with the Taliban and that the Moving Plaintiffs are awarded damages judgments in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; and it is further

**ORDERED** that the Moving Plaintiff identified in the attached Exhibit A is awarded intentional infliction of emotional distress (solatium) damages of $12,500,000, as set forth in the attached Exhibit A; and it is further

**ORDERED** that, on behalf of the Moving Plaintiffs, the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by the Plaintiffs set forth in Exhibits B, are awarded compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibits B; and it is further

**ORDERED** that the Moving Plaintiffs identified in the attached Exhibits B are awarded compensatory damages for decedents' pain and suffering in the amount of $2,000,000 per estate, as set forth in the attached Exhibits B; and it is further

**ORDERED** that, on behalf of the Moving Plaintiffs, the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 decedents, as identified in Exhibits B, are awarded economic damages in the amounts as set forth in Exhibits B; and it is further

**ORDERED** that the Moving Plaintiffs are awarded prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages; and it is further

**ORDERED** that the Moving Plaintiffs may apply for punitive damages, economic damages, and other appropriate damages, at a later date; and it is further

**ORDERED** that, on behalf of the Moving Plaintiffs, all other Plaintiffs in the above-captioned matters not appearing in the attached Exhibit A and Exhibits B may submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 9135.

**SO ORDERED:**

_____
GEORGE B. DANIELS
United States District Judge

Dated:   New York, New York
         _____ \_\_, 202\_