# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

## VIA ECF

June 26, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs with claims against Al Rajhi Bank ("ARB") write to request that the Court provisionally adjourn the deadlines for expert discovery and Plaintiffs' jurisdictional averment, in light of the Court's forthcoming Orders on the numerous pending motions to compel and motions to quash, and given intervening professional obligations of Plaintiffs' experts. Plaintiffs' experts' reports presently are due by July 13, 2023, which precedes the revised deadline for fact discovery. ARB has indicated that it opposes this request.

By Order dated December 22, 2022, the Court set a May 18, 2023 deadline for completion of jurisdictional fact discovery. ECF No. 8812. In advance of that deadline, the parties reached impasse on a number of discovery disputes, and thereafter engaged in extensive motion practice. In addition, as required by the Court's Orders, the parties submitted a joint proposal concerning expert discovery, which was negotiated on the basis of the May 18, 2023 fact discovery deadline, and linked to that deadline.

By Order dated May 9, 2023, the Court extended the fact discovery deadline to June 16, 2023, in light of the pending discovery motions. ECF No. 9077. In that same Order, the Court adopted the parties' proposals for expert discovery and jurisdictional discovery, which again were predicated upon the original May 18, 2023 fact discovery deadline. The Court thereafter issued an Order on June 15, 2023, extending the fact discovery deadline to July 14, 2023, to allow the parties time to comply with the Court's forthcoming Orders on the motions to compel and motions to quash. ECF No. 9125. Although that Order extended the fact discovery deadline, it did not address any further deadlines in the proceedings against ARB.

Plaintiffs presently write to request that the Court provisionally adjourn the impending July 13, 2023 deadline for Plaintiffs' expert reports, and the related deadline for Defendant's expert reports, in light of the Court's impending Orders on the motions to compel and motions to quash, and due to conflicts that have emerged since the parties submitted their earlier proposal. Plaintiffs respectively submit that the proposed adjournment is appropriate and necessary for the following reasons:

Honorable Sarah Netburn
June 26, 2023
Page 2
_____

First, while the parties do not know how the Court will rule on the pending motions to compel and motions to quash, the Court has indicated that its most recent extension of the discovery deadline is necessary to allow the parties an opportunity to comply with its forthcoming Orders. Plaintiffs therefore anticipate that the Court intends to direct the parties to engage in at least some additional fact discovery, and as a result an extension of the expert discovery deadline is necessary to afford Plaintiffs' experts an opportunity to address the full discovery record in formulating and providing their opinions. For obvious reasons, it would be prejudicial and unfair to require Plaintiffs' experts to offer opinions before they have a complete factual record, particularly where, as here, their opinions will address complex financial transactions and counter-terrorism financing protocols, and matters that are uniquely reflected in the records of ARB and certain counter parties. As a corollary, the parties' joint proposal concerning expert discovery was negotiated with due reference to the fact discovery deadline, and based on the understanding that Plaintiffs' experts would have a window following the completion of all fact discovery to formulate and finalize their reports. An extension of the expert discovery deadline is thus necessary to honor the core understandings underlying the joint discovery proposal.

Second, several unexpected professional obligations have emerged for Plaintiffs' experts since the parties submitted their joint proposal, which make the current discovery deadline infeasible in any case. Of particular note, one of Plaintiffs' experts is currently representing several parties who are seeking their delisting from a U.S. sanctions program, and the Office of Foreign Assets Control has requested several time-sensitive submissions on behalf of those clients. Plaintiffs' expert is extensively and critically involved in preparing and providing those submissions, all of which are due in July. The same expert has also been asked to brief a foreign government on compliance with U.S. sanctions programs next month, and will be unable to provide that briefing absent relief from the current discovery deadline. For those additional reasons, Plaintiffs respectfully submit that an extension of the discovery deadline is needed.

Rather than set a new deadline without the benefit of the Court's Orders on the pending motions, Plaintiffs are instead requesting the Court provisionally adjourn the deadlines for expert reports and submission of Plaintiffs' jurisdictional averment. The parties can then meet and confer and submit revised proposals to the Court, once they have the benefit of the Court's Orders. This provisional adjournment with allow Plaintiffs' experts to attend to their other professional obligations in the interim.

Plaintiffs reached out to counsel for ARB on Sunday, and again earlier this morning, proposing a meet and confer to discuss Plaintiffs' proposals. *See* Attachment. Without even engaging in a discussion with Plaintiffs, as Plaintiffs had requested, ARB communicated its opposition to any adjournment or adjustment of the expert discovery deadline by email, indicating instead that "[t]he parties' experts will have the opportunity, if necessary, to file addenda to their reports strictly limited to any new material that the parties are ordered to produce." Plaintiffs' respectfully submit that ARB's opposition to an adjustment of the discovery schedule is unreasonable and inconsistent with the parties' prior negotiations, and fundamentally unworkable.

Initially, ARB's proposal would place Plaintiffs' experts in the untenable position of requiring them to offer opinions before they have had the benefit of the full factual record, with

Honorable Sarah Netburn
June 26, 2023
Page 3
_____

respect to highly technical matters. That result would be especially unfair given that ARB's experts will almost certainly have the benefit of any additional discovery ordered by the Court, before they are compelled to offer their opinions. Further, virtually all of the additional discovery Plaintiffs are seeking through their motions to compel is intertwined with evidence produced thus far, and it would be manifestly inefficient for Plaintiffs to be required to address those matters in an initial report (on an incomplete record), and then revisit them on the basis of a fuller evidentiary record at a later time. This would produce unnecessary burden and considerable expense. Even more basically, Plaintiffs negotiated in good faith with ARB concerning a structure for expert discovery, and the parties' agreement specifically contemplated that Plaintiffs' experts would be afforded an opportunity to review the full fact discovery record, before they would be required to offer their opinions. ARB's resistance to adjusting the expert discovery deadlines, despite the Court's forthcoming order and extension of the fact discovery deadline, is simply an end run attempt to deprive Plaintiffs of a core condition and benefit of the parties' prior agreement.

Further, ARB's proposal that Plaintiffs' experts be required to issue addenda to their reports, based on additional discovery ordered by the Court, will only serve to invite unnecessary motion practice and ultimately extend the overall litigation as to ARB. Indeed, the overall schedule for expert discovery will need to be adjusted to accommodate such addenda, and as a result ARB's proposal will do nothing to advance the conclusion of expert discovery. Meanwhile, there can be little doubt that ARB will challenge the propriety of any supplemental reports, claiming that they are not justified on the basis of the additional discovery, invariably resulting in additional motion practice. ARB signaled as much in its email to Plaintiffs, where it asserts that any addenda would need to be "strictly" restricted to new material produced in discovery. ARB's approach is a recipe for further motion practice that will merely serve to complicate and delay the proceedings.

Finally, ARB's position does not acknowledge the intervening professional obligations of Plaintiffs' experts, which provide good cause for an adjournment of the present deadlines.

Plaintiffs thank the Court for its attention to this request.

Respectfully submitted,

COZEN O'CONNOR

By: _/s/  Sean P. Carter_____
SEAN P. CARTER
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the Plaintiffs' Executive Committees*

# ATTACHMENT

**Tarbutton, J. Scott**

| | |
|---|---|
| **From:** | Sequeira, Reuben <rsequeira@whitecase.com> |
| **Sent:** | Monday, June 26, 2023 2:06 PM |
| **To:** | Carter, Sean; Tarbutton, J. Scott; Clark,Jr., William; NASP[rsheps@shepslaw.com]; RWaldren@shepslaw.com; WTC[jbernard@stroock.com]; WTC[ppetrocelli@stroock.com]; clopalo@napolilaw.com |
| **Cc:** | Mahaffey, Michael |
| **Subject:** | RE: In re Terrorist Attacks on September 11, 2001, Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.) |

**\*\*EXTERNAL SENDER\*\***

Thanks, Sean.  I'm well and hope you are, too.

On the schedule for expert discovery, the Bank is willing to agree that the parties' experts will have the opportunity, if necessary, to file addenda to their reports strictly limited to any new material that the parties are ordered to produce.  However, there is no basis to adjourn or move the deadlines, particularly given that the Court has ordered that no further extensions will be granted and the expert schedule has been set for months.  We see no reason to approach the Court at this time.

My best,
Reuben

**Reuben Sequeira** | Counsel
**T** +1 202 626 6486    **M** +1 202 460 9219    **E** rsequeira@whitecase.com
White & Case LLP | 701 Thirteenth Street, NW | Washington, DC 20005-3807

**From:** Carter, Sean <SCarter1@cozen.com>
**Sent:** Monday, June 26, 2023 11:41 AM
**To:** Sequeira, Reuben <rsequeira@whitecase.com>; Tarbutton, J. Scott <STarbutton@cozen.com>; Clark,Jr., William <WClark@cozen.com>; NASP[rsheps@shepslaw.com] <rsheps@shepslaw.com>; RWaldren@shepslaw.com; WTC[jbernard@stroock.com] <jbernard@stroock.com>; WTC[ppetrocelli@stroock.com] <ppetrocelli@stroock.com>; clopalo@napolilaw.com
**Cc:** Mahaffey, Michael <michael.mahaffey@whitecase.com>
**Subject:** Re: In re Terrorist Attacks on September 11, 2001, Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.)

Reuben - Just following up given that my email landed on a Sunday.  Thanks, Sean

On Jun 25, 2023, at 4:04 PM, Carter, Sean <SCarter1@cozen.com> wrote:

Reuben – I hope this finds you well.  Please let us know if you are available to speak tomorrow concerning the present expert deadlines.  As you know, the Court has extended fact discovery so that the parties can comply with its forthcoming order on the pending motions.  The negotiated expert deadlines were linked to the completion of fact discovery, and that deadline has now changed.  In addition, our experts have encountered intervening obligations, including in one case professional obligations related to supplemental client submissions to the government.  We would propose asking the Court to adjourn the present deadlines, pending issuance of its order on the pending motions, at

which point we can confer about an appropriate schedule.  Please let us know your availability tomorrow or, if you are in agreement, we can circulate a draft letter.

Thanks, Sean



**Sean P. Carter**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2105 F: 215-701-2105
Email | Bio | LinkedIn | Map | cozen.com

---

**From:** Sequeira, Reuben <rsequeira@whitecase.com>
**Sent:** Wednesday, June 21, 2023 3:41 PM
**To:** Carter, Sean <SCarter1@cozen.com>; Tarbutton, J. Scott <STarbutton@cozen.com>; Clark,Jr., William <WClark@cozen.com>; NASP[rsheps@shepslaw.com] <rsheps@shepslaw.com>; RWaldren@shepslaw.com; WTC[jbernard@stroock.com] <jbernard@stroock.com>; WTC[ppetrocelli@stroock.com] <ppetrocelli@stroock.com>; clopalo@napolilaw.com
**Cc:** Mahaffey, Michael <michael.mahaffey@whitecase.com>
**Subject:** In re Terrorist Attacks on September 11, 2001, Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.)

**\*\*EXTERNAL SENDER\*\***

Counsel:

Notwithstanding the instructions to the witness accompanying the transcript of the deposition of the Bank's Rule 30(b)(6) witness Mr. James Galloway,  Mr. Galloway will be returning the signed acknowledgement of his deposition transcript, with attached errata sheet, by July 17, 2023 pursuant to the terms agreed by the parties to govern depositions in this case.

My best,
Reuben

**Reuben Sequeira**  |  Counsel
**T**  +1 202 626 6486    **M**  +1 202 460 9219    **E**  rsequeira@whitecase.com
White & Case LLP  |  701 Thirteenth Street, NW  |  Washington, DC 20005-3807
<image003.png>

==============================================================================
PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call (202) 626-3600. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

==============================================================================

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

===============================================================================

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call (202) 626-3600. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

===============================================================================