UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**REPORT & RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

This document relates to:

    Amato, et al. v. Islamic Republic of Iran, No. 21-cv-10239

Kathleen Shagi, personal representative of the Estate of Michael Shagi, seeks a partial default judgment for personal injuries and economic losses Mr. Shagi suffered in the 9/11 Attacks. See ECF No. 8511.[1] The Court recommends that the Motion be granted as described in this Report and Recommendation.

## DISCUSSION

The Court assumes familiarity with this case and discusses only the background relevant to this Report and Recommendation. The Court granted default judgment as to liability for the plaintiffs in Amato, et al. v. Islamic Republic of Iran, No. 21-cv-10239 ("Amato"), against Iran. ECF No. 8978 at 3. The only outstanding question is damages. Ms. Shagi seeks pain and suffering damages, economic damages, prejudgment interest, and leave to seek punitive or other damages at a later date. See ECF No. 8514.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

I. **Michael Shagi Suffered a Severe Injury**

The Court's Report and Recommendation in Burnett I, ECF No. 5879, established a framework for assessing personal injury damage claims brought under 28 U.S.C. § 1605A. See id. at 2–10. This framework divides injuries into three categories with expected damages for each: a baseline award ($7,000,000) for "severe" injuries, a downward departure ($5,000,000) for "significant" injuries, and an upward departure ($10,000,000) for "devastating" injuries. Id. at 6–10. For rare individuals with exceptionally traumatic injuries, the Court has recommended damages above $10 million. See, e.g., ECF No. 5909 at 12–13 (awarding damages of $25,000,000 where the plaintiff's injuries were "beyond devastating"). Conversely, "[t]he absence of medical records supporting and providing further information regarding an affiant's claims may support a downward departure in an award determination." ECF No. 5879 at 9. The Court has used this framework to analyze numerous motions for personal injury damages and applies it here. See, e.g., ECF Nos. 5888, 5909, 5914, 5915, 5932, 7142, 7323, 8258, 8266.

Michael Shagi was a firefighter with the New York City Fire Department. See ECF No. 8513-2 at 3. During the 9/11 Attacks he was mobilized to aid in the rescue efforts at the World Trade Center. See id. He witnessed numerous horrors at the attack site. A fellow firefighter was killed when he was struck by the body of a victim who had jumped from one of the World Trade Center Towers. See id. Others were crushed by debris. See id. One of the crushed bodies, Mr. Shagi told his wife, looked like "jelly in a coat." Id. Then, the South Tower collapsed. See id. Mr. Shagi ran toward the rubble to pull survivors out. See id. As he worked, inhaling clouds of toxins, the North Tower collapsed. See id. Debris struck his helmet and a police car reversed into him. See ECF No. 8513-2 at 18.

Mr. Shagi suffered a torn anterior cruciate ligament ("ACL"), multiple spinal column disc herniations, a permanent contracture of the right ring finger, pain in the neck and shoulder,

2

asthma, and other respiratory issues. See ECF No. 8513-2 at 4. He also suffered from particularly severe psychological conditions, including post-traumatic stress disorder ("PTSD"), anxiety, and depression. See id. at 5. His fear of dust was so intense, the family was forced to clean constantly and throw out furniture and comforters he believed were contaminated. See id. He lost his appetite, lost weight, required constant care, and could no longer drive safely or manage the family finances. See id. at 5–6. Eventually, these psychological injuries led him to take his own life. See id. at 6. Medical records confirm these injuries. See ECF No. 8513-2 at 13, 17, 18–19, 22, 24, 29, 34, 36.

The combination of Mr. Shagi's physical injuries, including permanent limits on the use of a limb, and severe psychological trauma leads the Court to find that his injuries are severe. The Court recommends an award of $7,000,000.

## II. Michael Shagi's Estate Is Entitled to Economic Damages

The next question is the appropriate economic damages. The Court has consistently authorized the award of such damages caused by a decedent's wrongful death where those damage calculations are appropriately supported by expert testimony. See, e.g., ECF Nos. 7521 at 18–28, 7523 at 21. This motion is supported by a report from economist John Beauzile, see ECF No. 8513-3, on whose analyses the Court has based prior awards, see, e.g., ECF No. 7358 (attaching Beauzile reports to motion granted at ECF No. 7527). Beauzile calculates Mr. Shagi's economic damages as $309,790 as of July 1, 2022. The Court finds a $309,790.00 economic damages award to be amply supported.

## CONCLUSION

The Court recommends granting pain and suffering damages of $7,000,000 with prejudgment interest at a rate of 4.96 percent per annum, compounded annually, from September

11, 2001, to the date of judgment. See ECF No. 3383 (adopting 4.96 percent prejudgment interest rate).

The Court recommends granting economic damages of $309,790 with prejudgment interest at a rate of 4.96 percent per annum, compounded annually, from July 1, 2022, to the date of judgment. See Zicherman v. Korean Air Lines Co., 43 F.3d 18, 23–24 (2d Cir. 1994), aff'd in part, rev'd in part on other grounds by 516 U.S. 217 (1996) (discussing appropriate application of prejudgment interest to awards for future losses).

The Court recommends permitting Mr. Shagi's estate to apply for punitive or other damages at a later date and in a manner consistent with any applicable future Court rulings. Upon resolution of this motion, the Court should terminate the motion at ECF No. 8511 and the related motion in Amato, No. 21-cv-10239, at ECF No. 39.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   June 27, 2023
         New York, New York

\*           \*           \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any

4

opposing parties. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).