**MDL 1570 PLAINTIFFS' EXECU**
In re: Terrorist Attacks on Septemb

**VIA ECF**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/2023
```

June 26, 2023

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

RE:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs with claims against Al Rajhi Bank ("ARB") write to request that the Court provisionally adjourn the deadlines for expert discovery and Plaintiffs' jurisdictional averment, in light of the Court's forthcoming Orders on the numerous pending motions to compel and motions to quash, and given intervening professional obligations of Plaintiffs' experts. Plaintiffs' experts' reports presently are due by July 13, 2023, which precedes the revised deadline for fact discovery. ARB has indicated that it opposes this request.

By Order dated December 22, 2022, the Court set a May 18, 2023 deadline for completion of jurisdictional fact discovery. ECF No. 8812. In advance of that deadline, the parties reached impasse on a number of discovery disputes, and thereafter engaged in extensive motion practice. In addition, as required by the Court's Orders, the parties submitted a joint proposal concerning expert discovery, which was negotiated on the basis of the May 18, 2023 fact discovery deadline, and linked to that deadline.

By Order dated May 9, 2023, the Court extended the fact discovery deadline to June 16, 2023, in light of the pending discovery motions. ECF No. 9077. In that same Order, the Court adopted the parties' proposals for expert discovery and jurisdictional discovery, which again were predicated upon the original May 18, 2023 fact discovery deadline. The Court thereafter issued an Order on June 15, 2023, extending the fact discovery deadline to July 14, 2023, to allow the parties time to comply with the Court's forthcoming Orders on the motions to compel and motions to quash. ECF No. 9125. Although that Order extended the fact discovery deadline, it did not address any further deadlines in the proceedings against ARB.

Plaintiffs presently write to request that the Court provisionally adjourn the impending July 13, 2023 deadline for Plaintiffs' expert reports, and the related deadline for Defendant's expert reports, in light of the Court's impending Orders on the motions to compel and motions to quash, and due to conflicts that have emerged since the parties submitted their earlier proposal. Plaintiffs respectively submit that the proposed adjournment is appropriate and necessary for the following reasons:

Honorable Sarah Netburn
June 26, 2023
Page 2

_____

First, while the parties do not know how the Court will rule on the pending motions to compel and motions to quash, the Court has indicated that its most recent extension of the discovery deadline is necessary to allow the parties an opportunity to comply with its forthcoming Orders. Plaintiffs therefore anticipate that the Court intends to direct the parties to engage in at least some additional fact discovery, and as a result an extension of the expert discovery deadline is necessary to afford Plaintiffs' experts an opportunity to address the full discovery record in formulating and providing their opinions. For obvious reasons, it would be prejudicial and unfair to require Plaintiffs' experts to offer opinions before they have a complete factual record, particularly where, as here, their opinions will address complex financial transactions and counter-terrorism financing protocols, and matters that are uniquely reflected in the records of ARB and certain counter parties. As a corollary, the parties' joint proposal concerning expert discovery was negotiated with due reference to the fact discovery deadline, and based on the understanding that Plaintiffs' experts would have a window following the completion of all fact discovery to formulate and finalize their reports. An extension of the expert discovery deadline is thus necessary to honor the core understandings underlying the joint discovery proposal.

Second, several unexpected professional obligations have emerged for Plaintiffs' experts since the parties submitted their joint proposal, which make the current discovery deadline infeasible in any case. Of particular note, one of Plaintiffs' experts is currently representing several parties who are seeking their delisting from a U.S. sanctions program, and the Office of Foreign Assets Control has requested several time-sensitive submissions on behalf of those clients. Plaintiffs' expert is extensively and critically involved in preparing and providing those submissions, all of which are due in July. The same expert has also been asked to brief a foreign government on compliance with U.S. sanctions programs next month, and will be unable to provide that briefing absent relief from the current discovery deadline. For those additional reasons, Plaintiffs respectfully submit that an extension of the discovery deadline is needed.

Rather than set a new deadline without the benefit of the Court's Orders on the pending motions, Plaintiffs are instead requesting the Court provisionally adjourn the deadlines for expert reports and submission of Plaintiffs' jurisdictional averment. The parties can then meet and confer and submit revised proposals to the Court, once they have the benefit of the Court's Orders. This provisional adjournment with allow Plaintiffs' experts to attend to their other professional obligations in the interim.

Plaintiffs reached out to counsel for ARB on Sunday, and again earlier this morning, proposing a meet and confer to discuss Plaintiffs' proposals. *See* Attachment. Without even engaging in a discussion with Plaintiffs, as Plaintiffs had requested, ARB communicated its opposition to any adjournment or adjustment of the expert discovery deadline by email, indicating instead that "[t]he parties' experts will have the opportunity, if necessary, to file addenda to their reports strictly limited to any new material that the parties are ordered to produce." Plaintiffs' respectfully submit that ARB's opposition to an adjustment of the discovery schedule is unreasonable and inconsistent with the parties' prior negotiations, and fundamentally unworkable.

Initially, ARB's proposal would place Plaintiffs' experts in the untenable position of requiring them to offer opinions before they have had the benefit of the full factual record, with

Honorable Sarah Netburn
June 26, 2023
Page 3

respect to highly technical matters. That result would be especially unfair given that ARB's experts will almost certainly have the benefit of any additional discovery ordered by the Court, before they are compelled to offer their opinions. Further, virtually all of the additional discovery Plaintiffs are seeking through their motions to compel is intertwined with evidence produced thus far, and it would be manifestly inefficient for Plaintiffs to be required to address those matters in an initial report (on an incomplete record), and then revisit them on the basis of a fuller evidentiary record at a later time. This would produce unnecessary burden and considerable expense. Even more basically, Plaintiffs negotiated in good faith with ARB concerning a structure for expert discovery, and the parties' agreement specifically contemplated that Plaintiffs' experts would be afforded an opportunity to review the full fact discovery record, before they would be required to offer their opinions. ARB's resistance to adjusting the expert discovery deadlines, despite the Court's forthcoming order and extension of the fact discovery deadline, is simply an end run attempt to deprive Plaintiffs of a core condition and benefit of the parties' prior agreement.

Further, ARB's proposal that Plaintiffs' experts be required to issue addenda to their reports, based on additional discovery ordered by the Court, will only serve to invite unnecessary motion practice and ultimately extend the overall litigation as to ARB. Indeed, the overall schedule for expert discovery will need to be adjusted to accommodate such addenda, and as a result ARB's proposal will do nothing to advance the conclusion of expert discovery. Meanwhile, there can be little doubt that ARB will challenge the propriety of any supplemental reports, claiming that they are not justified on the basis of the additional discovery, invariably resulting in additional motion practice. ARB signaled as much in its email to Plaintiffs, where it asserts that any addenda would need to be "strictly" restricted to new material produced in discovery. ARB's approach is a recipe for further motion practice that will merely serve to complicate and delay the proceedings.

Finally, ARB's position does not acknowledge the intervening professional obligations of Plaintiffs' experts, which provide good cause for an adjournment of the present deadlines.

Plaintiffs thank the Court for its attention to this request.

---

The Plaintiffs' request is GRANTED. The Court adjourns the expert discovery schedule approved in ECF No. 9077. The parties should file a joint letter with their proposed expert discovery schedule or schedules within one week of the Court's forthcoming order addressing the pending fact discovery motions.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 28, 2023
       New York, New York

---

*On behalf of the Plaintiffs' Executive Committees*