IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| *This document relates to:*<br><br>*Gaston, et al. v. The Islamic Republic of Iran, No. 18-cv-12337* | |

**DECLARATION OF DAVID J. DICKENS IN SUPPORT OF REQUEST FOR CLERK'S DEFAULT AGAINST THE ISLAMIC REPUBLIC OF IRAN**

I, David J. Dickens, declare as follows:

1. I am an attorney in The Miller Firm, LLC representing the plaintiffs in the above captioned matter which is part of the Multi-District Litigation proceeding. I am a member of Bar of the District of Columbia and am admitted, *pro hac vice*, to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Pursuant to Rules 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the U.S. District Court for the Southern District of New York, I submit this declaration in support of Plaintiffs' Request for Entry of Default and for a Clerk's Certificate of Default in the following case:

   ***Gaston, et al. v. The Islamic Republic of Iran, No. 18-cv-12337***

3. The party against whom the notation of default is sought is The Islamic Republic of Iran ("Iran"). Iran is the only defendant in this action.

4. On December 29, 2018, Plaintiffs commenced suit against Iran by filing a complaint.

1

5. Iran is not amenable to service pursuant to 28 U.S.C. §1608(a)(1) or (2) because no special arrangement for service exists between the plaintiffs and Iran and because there is not applicable international convention on service of judicial documents upon Iran.

6. Plaintiffs attempted to serve Iran pursuant to 28 U.S.C. §1608(a)(3) by mail. See Clerk's Certificate of Mailing, ECF No. 12, dated August 15, 2019.  Iran rejected this attempt and, therefore, because service by mail could not be effected within thirty (30) days, plaintiffs proceeded to effect service by diplomatic channels pursuant to 28 U.S.C. §1608(a)(4).

7. Service was effectuated on Iran on December 18, 2019 when the U.S. Department of State, assisted by the Foreign Interests Section of the Embassy of Switzerland in Tehran, delivered the Service Documents to the Iranian Ministry of Foreign Affairs under cover of diplomatic note 1158-IE. See Affidavit of Service, No. 18-cv-12337, ECF No. 51.  Pursuant to §1608(a)(4), service shall be deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note."

8. Based on the foregoing, Plaintiffs filed an Affidavit of Service confirming service was effected on Iran. See Affidavit of Service, No. 18-cv-12337, ECF No. 51.

9. More than sixty (60) days have elapsed since service, and Iran has not filed any responsive pleading or taken any other steps to defend this action since service was effectuated.

10. Based on the circumstances as set forth above and Fed. R. Civ. P. 55(a), which provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default", plaintiffs are entitled to entry of default against Iran.

11. The Clerk should now enter default against defendant Iran because: (1) Iran was obligated to serve an answer or other responsive pleading to the complaint within sixty days of

service; (2) Iran was served on December 18, 2019; and (3) more than 60 days have elapsed since service, and Iran has not filed an answer, responsive pleading or otherwise taken any steps to defend this action.

12. The defendant is not a minor, infant, or an incompetent person. See Fed. R. Civ. P. 55(b)(1).

13. The defendant is not in military service. See 50 U.S.C. App. § 521(b)(1).

14. The Request for a Clerk's Certificate of Default is attached hereto and incorporated herein as **Exhibit A**. The Proposed Clerk's Certificate of Default has been filed separately.

WHEREFORE, Plaintiffs request that the Court enter a Clerk's Certificate of Default as to the Islamic Republic of Iran in the form submitted contemporaneously herewith.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Executed this 6th day of July, 2023 in Orange, Virginia.

By: _____
David J. Dickens (admitted *pro hac vice*)
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: 540-672-4224
Fax: 540-672-3055
ddickens@millerfirmllc.com

Attorney for Plaintiffs