**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Anaya, et al. v. Islamic Republic of Iran*, No. 18-cv-12341 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On October 27, 2022, Plaintiffs Donovan Lanham, Gary Lanham, and Jasmine Jackman, stepchildren of Michael W. Lowe, decedent killed in the terrorist attacks on September 11, 2001, moved this Court for partial final default judgment against the Islamic Republic of Iran for solatium damages. (Default Mot., ECF No. 8687.)[1] Before this Court is Magistrate Judge Sarah Netburn's July 7, 2023 Report and Recommendation (the "Report"), recommending that this Court grant Plaintiffs' motion. (Report, ECF No. 9191, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 5–6.) No party has filed any objections. Accordingly, this Court reviews the Report for clear error and ADOPTS Magistrate Judge Netburn's Report in full.

## I.   LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570.

1

made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

II. **MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING SOLATIUM DAMAGES FOR PLAINTIFFS**

On October 3, 2012, this Court adopted Magistrate Judge Frank Maas' framework awarding solatium damages to immediate family members of a decedent of the September 11, 2001 terrorist attacks. (Mem. Decision & Order, ECF No. 2623.) The framework is as follows:

| Relationship to Decedent | Solatium Damages |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

(*Id.* at 4.) On October 14, 2016, the Court established a framework to determine the functional equivalency of non-immediate family members, including stepparents, stepchildren, and stepsiblings, to award damages based off the immediate family member framework. (Oct. 14, 2016 R. & R. ("*Hoglan II*"), ECF No. 3363, *adopted in part at* Oct. 31, 2016 Mem. Decision & Order, ECF No. 3384.)[2] On August 8, 2017, the Court clarified that a stepparent, stepchild, or stepsibling should cohabitate with the decedent before turning 18 years old for "at least two years." (Aug. 8, 2017 R. & R. ("*Hoglan IV*"), ECF No. 3676, at 13, *adopted at* Nov. 17, 2017 Mem. Decision & Order, ECF No. 3795.)

---

[2] This Court considers the following factors when determining functional equivalency of non-immediate family: "long-term residence or co-habitation in the decedent's household," the extent to which the decedent played a "guardian or custodian-like role," and "whether the biological family member in question was absent." (Oct. 14, 2016 R. & R. at 10–12.) A stepparent, stepchild, or stepsibling deemed not fully functional equivalent may receive one half of the award or be ineligible for solatium damages. (*See id.* at 15–16.)

Magistrate Judge Netburn applied the correct framework and properly determined Plaintiffs' awards for solatium damages. (*See* Report at 2–5.) Plaintiffs submitted declarations extensively detailing each Plaintiff's relationship as a stepchild of the decedent. (*See* Decl., ECF No. 8688.) The Report accurately describes the relationships. (Report at 3–5.) Therefore, each Plaintiff is awarded $8,500,000 for solatium damages.

### III. CONCLUSION

Plaintiffs' motion for partial final default judgment, (ECF No. 8687), is GRANTED. It is

**ORDERED** that Plaintiffs Donovan Lanham, Gary Lanham, and Jasmine Jackman are each awarded judgment for solatium damages in the amount of $8,500,000.00; and it is further

**ORDERED** that prejudgment interest is awarded for these solatium damages at a rate of 4.96 percent per annum, compounded annually, from September 11, 2001, to the date of judgment; and it is further

**ORDERED** that Plaintiffs may, at a later date, submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered) consistent with any future rulings made by this Court on this issue.

The Clerk of Court is directed to close the open motions at ECF No. 8687 in Case No. 03-md-1570 and ECF No. 130 in Case No. 18-cv-12341.

Dated: July 24, 2023
      New York, New York

**SO ORDERED.**

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge