**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:                                    :        MEMORANDUM DECISION
                                          :           AND ORDER
TERRORIST ATTACKS ON                      :
SEPTEMBER 11, 2001                        :        03 MDL 1570 (GBD) (SN)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

    *Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-02003

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs in this multidistrict litigation seek to hold multiple Defendants, including the

Kingdom of Saudi Arabia, liable for allegedly financing, sponsoring, conspiring to sponsor, aiding

and abetting, or otherwise providing material support to Osama bin Laden and the terrorist

organization al Qaeda in the physical destruction, deaths, and injuries stemming from the terrorist

attacks on September 11, 2001 (the "9/11 Attacks").[1]   (*See generally* Pls.' Exec. Comms.' Consol.

Am. Compl. ("CAC"), ECF No. 3463; Compl., *Kathleen Ashton, et al. v. Kingdom of Saudi*

*Arabia*, No. 17-cv-2003 (S.D.N.Y Mar. 20, 2017), ECF No. 1.)[2]   On March 28, 2018, this Court

permitted Plaintiffs to conduct limited and targeted jurisdictional discovery against Defendant

Saudi Arabia. *See In re Terrorist Attacks on Sept. 11, 2001*, 298 F. Supp. 3d 631, 651 (S.D.N.Y.

2018).  Jurisdictional discovery closed on July 1, 2022.  (Sept. 17, 2021 Order, ECF No. 7117.)

    On February 21, 2023, a subset of Plaintiffs (the "*Ashton* Plaintiffs") in *Ashton, et al. v.*

*Kingdom of Saudi Arabia*, No. 17-cv-02003, filed a letter motion requesting leave to file a motion

---

[1] This Court assumes familiarity with the general background of this case and will only restate relevant
factual background as necessary to address the pending motions.

[2] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict
litigation. *See In re Terrorist Attacks on Sept. 11, 2001,* No. 03-md-1570.

to compel additional discovery.[3]   (*Ashton* Letter Mot., ECF No. 8871.)   On March 13, 2023,

Magistrate Judge Sarah Netburn denied *Ashton* Plaintiffs' motion.   (Mar. 13, 2023 Order (the

"Order"), ECF No. 8923.)   On March 21, 2023, *Ashton* Plaintiffs filed timely objections to the

Order pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A).

(*Ashton* Objs. (the "Objections"), ECF No. 8940.)   *Ashton* Plaintiffs ask this Court to set aside the

Order insofar as it denied Plaintiffs' letter motion to compel additional discovery.   (*Id.* at 2.)   They

allege that the Order is "contrary to law because it did not apply the governing legal standard of

whether there is 'good cause' for the requested discovery." (*Id.*)   Upon this Court's review, *Ashton*

Plaintiffs' Objections are OVERRULED.

## I.   LEGAL STANDARDS

### A.  Revising a Magistrate Judge's Orders Under Rule 72

A district judge must modify or set aside only those parts of a magistrate judge's order

related to nondispositive matters that are clearly erroneous or contrary to law.   Fed. R. Civ. P.

72(a); 28 U.S.C. § 636(b)(1)(A).   "A district court is justified in finding a magistrate judge's ruling

clearly erroneous where, although there is evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed."

*Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (cleaned up).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules

of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (cleaned up).

This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Ent.,*

*Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y.

---

[3] *Ashton* Plaintiffs assert that documents released pursuant to President Joseph Biden's Executive Order, Exec. Order No. 14040, 86 Fed. Reg. 50439 (Sept. 3, 2021), demonstrate Saudi Arabia has information regarding Omar al Bayoumi and Fahad al Thumairy's work for Saudi Arabia's intelligence agency in the United States.

2

Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (particular deference due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

### B.  Reopening Document Discovery

District courts have "broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).  However, "[b]ecause sovereign immunity protects a sovereign from the expense, intrusiveness, and hassle of litigation, a court must be circumspect in allowing discovery before the plaintiff has established that the court has jurisdiction over a foreign sovereign defendant under the [Foreign Sovereign Immunities Act]." *Id.* at 210 (quotation marks and citation omitted).  Accordingly, where "the party seeking discovery cannot articulate a 'reasonable basis' for the court first to assume jurisdiction," a district court may deny jurisdictional discovery demands made on a foreign sovereign. *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206–07 (2d Cir. 2016) (quoting *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990)).

A discovery schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  Courts determine whether "good cause" has been established through a variety of factors, including the moving party's diligence in seeking the extension and prejudice to the nonmoving party.  *See Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243–44 (2d Cir. 2007).  Courts may refuse to reopen discovery if "the marginal utility of the documents requested, if any, is outweighed by the burdens and delays that would be imposed." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018).

## II.    *ASHTON* PLAINTIFFS' OBJECTIONS DO NOT MERIT SETTING ASIDE MAGISTRATE JUDGE NETBURN'S ORDER

Upon review of Magistrate Judge Netburn's Order, this Court lacks any "definite [or] firm conviction that a mistake has been committed." *Schneider*, 551 F. Supp. 2d at 177 (citation omitted). The Court instructed Plaintiffs that the relevant jurisdictional discovery deadline would not be changed absent "extraordinary circumstances." (Sept. 17, 2021 Order.) The Court also specifically informed the Parties that the declassification of intelligence reports under President Biden's September 3, 2021 Executive Order would not be grounds for further extending jurisdictional discovery. (*See* Mar. 15, 2022 Order, ECF No. 7752, at 1.)

Magistrate Judge Netburn correctly determined that *Ashton* Plaintiffs fail to demonstrate "extraordinary circumstances" or good cause for altering this Court's previous orders on jurisdictional discovery against Saudi Arabia pertaining to Omar al Bayoumi and Fahad al Thumairy. (*See* Order at 2.) The Court must conduct jurisdictional discovery circumspectly and only to verify allegations of specific facts crucial to Saudi Arabia's immunity determination. *See In re Terrorist Attacks*, 298 F. Supp. 3d at 641. *Ashton* Plaintiffs' purported new evidence fails to elucidate the allegations that Saudi Arabia facilitated the 9/11 Attacks. (*See Ashton* Objs. at 5–8, 11–12.) *Ashton* Plaintiffs also fail to show that the marginal utility of additional discovery outweighs the burden of further delays and prejudice to Saudi Arabia.

Further, this Court's February 7, 2023 Decision already addressed similar arguments that *Ashton* Plaintiffs now reassert. (*See* Feb. 7, 2023 Mem. Decision and Order, ECF No. 8862, at 23–28 (rejecting *Ashton* Plaintiffs' argument that newly disclosed FBI documents justify additional discovery from Saudi Arabia).) As the Court has stated in previous orders, "the availability of new evidence" must be sufficient to "alter[] the Court's prior conclusions." (May 7, 2020 Order, ECF No. 6583, at 5–6 (citation omitted); *see also* Feb. 7, 2023 Mem. Decision and

4

Order at 25–26.)  *Ashton* Plaintiffs do not point to any specific information or FBI documents that would alter this Court's prior conclusions.  (*See generally Ashton* Objs.; *Ashton* Letter Mot.)

### III.   CONCLUSION

Because *Ashton* Plaintiffs have neither demonstrated good cause to reopen discovery nor provided new evidence to justify altering the jurisdictional discovery period at this late date, *Ashton* Plaintiffs' Objections to the Order denying their letter motion for leave to file a motion to compel, (ECF No. 8940; ECF No. 263 in No. 17-cv-2003), are OVERRULED.


Dated: July 24, 2023
      New York, New York

SO ORDERED

GEORGE B. DANIELS
United States District Judge