LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 X101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT, ALGERIAN BAR
US COURT ON INTERNATIONAL TRADE

July 27, 2023

**VIA ECF**

The Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

    Defendants[1] write to request permission to file a 3 page sur-reply to Plaintiffs' Reply to Defendants' Response [ECF No. 9179] to Plaintiffs' Objections [ECF No. 9110] to the Court's April 27, 2023, Opinion and Order [ECF No. 9060], [ECF No. 9228]. The proposed sur-reply accompanies this letter. Defendants make this request for two reasons.

    First, having reviewed Plaintiffs' Reply, Defendants accept and take full responsibility for misquoting Plaintiffs' witness Jonathan Winer. [ECF No. 9179]. As shown in the proposed declaration of Mustapha Ndanusa, it was an honest mistake. The misquote notwithstanding, Defendants have accurately presented Winer's testimony, and the error did not change the meaning of the full quote. Plaintiffs are incorrect in their assertion that the quotation error is an "egregious," "blatant" "misrepresentation" "(to an alarming degree)" that presents Winer's testimony as "the opposite" of what it is. [ECF No. 9228 at 2, 3, 4].

    Second, Plaintiffs also indirectly allege that Defendants have tried "to deceive the Court." [ECF No. 9228 at 4, n.4]. This is not the case.

---

[1] "Defendants" means World Assembly of Muslim Youth and World Assembly of Muslim Youth International, International Islamic Relief Organization, Muslim World League, the four "Charity Officer Defendants" (Abdullah Omar Naseef, Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, and Adnan Basha), and Yassin Kadi.

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

      For the foregoing reasons, Defendants respectfully request permission to file the accompanying sur-reply to explain how the mistake in the quote was made and why it does not change the meaning of Winer's claims, and to respond to Plaintiffs' allegations.

                                    Respectfully submitted

                                    */s/ Omar Mohammedi*

                                    Omar Mohammedi, Esq

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-01570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-cv-06977
*Gladys H. Salvo, et al. v. Al Qaeda Islamic Army, et al.*, 03-cv-05071
*Federal Insurance Co., et al. v. Al Qaida, et al.*, 03-cv-06978
*Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-07279
*Maher, et al. v. Islamic Emirate of Afghanistan a/k/a The Taliban, et al.*, 1:23-cv-02845

**DEFENDANTS'[1] SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE COURT'S APRIL 27, 2023 OPINION AND ORDER**

---

[1] "Defendants" means World Assembly of Muslim Youth and World Assembly of Muslim Youth International, International Islamic Relief Organization, Muslim World League, the four "Charity Officer Defendants" (Abdullah Omar Naseef, Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, and Adnan Basha), and Yassin Kadi.

1

In their opposition to Plaintiffs' Objections to Magistrate Judge Netburn's April 27, 2023 *Daubert* ruling, Defendants maintained that Judge Netburn correctly ruled that Plaintiffs' expert Jonathan Winer was not qualified to provide expert opinions on religious issues.[2] Plaintiffs' core argument in reply is that "Defendants egregiously misrepresent the testimony of Winer, who explained his expertise."[3] Plaintiffs assert that Defendants' "argument is built on a blatant misrepresentation of [Winer's] testimony, as Winer testified essentially to the opposite of what Defendants claim."[4] Plaintiffs' accuse Defendants' counsel of engaging in "deception" and "trying to deceive the Court …."[5]

Plaintiffs are wrong. Defendants acknowledge that they misquoted Winer.[6] It was an honest mistake.[7] The error, however, did not misrepresent Winer's claimed qualifications to testify on religious issues. Far from changing a "no" to a "yes," as Plaintiffs assert,[8] even with that error Defendants fairly presented Winer's testimony that he had "expertise" in the area of the "combination of foreign policy, security, and religion," an area where he claims to have "devoted some extensive work over a long period of time."[9]

Comparing the quotation with the testimony demonstrates Defendants' point. In Defendants' responsive brief to Plaintiffs' Rule 72 objections, Defendants wrote:

When asked "are you an expert in Islam," Winer fashions his own expertise with the response:

> I'm **not an expert on the doc…religious doctrine** to the extent it involves the political impact of different types of interpretations of religion when a religion is politicized into a political movement, where I have expertise. So when you have a combination of foreign policy, security, and religion, that's an area that I have devoted some extensive work on over a long period of time. And that is an area of expertise, yes.[10]

---

[2] Defendants' Opposition is at ECF 9179.
[3] ECF No. 9228 ("Reply") at 2.
[4] *Id.* at 2-3.
[5] *Id.* at 4, n. 4.
[6] Letter from Omar Mohammedi to this Court (July 27, 2023); *see* ECF No. 9179 at 4.
[7] See Declaration of Mustapha Ndanusa (July 27, 2023).
[8] Reply at 3.
[9] ECF No. 9179 at 4.
[10] ECF No. 9179 at 4.

2

The deposition transcript reads:

I'm not an expert on the doc…religious doctrine **of any kind, except** to the extent it involves the political impact of different types of interpretations of religion when a religion is politicized into a political movement, where I have expertise. So when you have a combination of foreign policy, security, and religion, that's an area that I have devoted some extensive work on over a long period of time. And that is an area of expertise, yes.[11]

While Defendants acknowledge they erred in leaving out the words "of any kind, except," the remainder of the quote gives the meaning Winer articulated at his deposition and Plaintiffs emphasize in arguing that Winer is qualified to opine on Islamic doctrines and principles.[12] Defendants fairly presented Winer's claimed "political Islam"[13] "lane of expertise"[14] throughout their opposition.[15] Moreover, Plaintiff presented the correct quote in their opposition brief to Defendants' moving brief before Judge Netbrun.[16] Judge Netburn grappled with these same arguments and concluded that Winer was not qualified to opine on Islamic principles and doctrines such as "Wahhabism" and "Salafism."[17]

In this context, it is clear that Defendants did not misrepresent Winer's claimed expertise in "political Islam." Contrary to Plaintiffs' assertion, the misquoted text does not change the meaning of Winer's testimony or the import of Defendants' arguments from a claim that he has expertise in political Islam to a claim that he does not.

Given that Defendants fairly described Winer's claimed "lane of expertise," Plaintiffs' inflammatory pejoratives that Defendants "egregiously misrepresented" facts[18] or were deceptive[19] in

---

[11] Winer Dep. Tr. at 74:5-15 (ECF 9180-7).
[12] ECF No. 9228 at p. 1.
[13] ECF No. 9110 at 7, 9; *see id.* at 6-9.
[14] ECF No. 9228 at 1 (noting Winer's claimed expertise in political Islam), 7 (same);
[15] ECF 9179 at 4 (noting Winer's alleged expertise in political Islam), 5-6 (noting Winer's alleged expertise in Islam based on his work experience and use of Islamic terms), 7 (averring that Plaintiffs claim that Winer seeks to testify about the "political impact of different types of interpretations of religion when a religion is politicized into a political movement," did not suffice to qualify him to speak about Wahhabism and Salafism).
[16] Notably, Plaintiffs presented the full disputed quote now at issue to Judge Netburn. (ECF No. 7606 at 8).
[17] ECF No. 9060 at pp. 16-18. ("[Winer] has no expertise in religion, so his opinions on 'Salafism' and 'Wahhabism' are excluded.").
[18] ECF No. 9228 at 2-4.
[19] ECF No. 9228 at 4, fn 4

3

presenting them, seek to shift the focus away from Judge Netburn's Order and Plaintiffs' inadequate legal objections thereto. Counsel did not deceive the Court; the mistaken quotation of Winer's testimony and the remainder of the opposition still accurately represent Winer's "expertise" on religious issues.

Respectfully submitted,
By: /s/ Omar Mohammedi
_____
Omar T. Mohammedi
Frederick Goetz, *of counsel* (admitted *pro hac vice*)
The Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
New York, NY 10279
Telephone: (212) 725-3846
Fax: (212) 202-7621
Email: omohammedi@otmlaw.com
Email: fgoetz@goetzeckland.com

*Attorneys for Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth International*

By: /s/ Aisha E. R. Bembry
_____
Aisha E. R. Bembry
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1101 New York Avenue, N.W.
Suite 1000
Washington, D.C. 20005
Tel. (202) 833-8900
Email: aisha.bembry@lbkmlaw.com
*Attorneys for the Muslim World League, the International Islamic Relief Organization, and the Charity Officer Defendants*

By: /s/ Peter Salerno
_____
Peter Salerno
Amy Rothstein
Salerno & Rothstein
221 Schultz Hill Road
Pine Plains, NY 12567
Tel. (518) 771-3050
Email: peter.salerno.law@gmail.com
Email: amyrothsteinlaw@gmail.com

*Attorneys for Defendant Yassin Abdullah Kadi*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-01570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-cv-06977
*Gladys H. Salvo, et al. v. Al Qaeda Islamic Army, et al.*, 03-cv-05071
*Federal Insurance Co., et al. v. Al Qaida, et al.*, 03-cv-06978
*Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-07279
*Maher, et al. v. Islamic Emirate of Afghanistan a/k/a The Taliban, et al.*, 1:23-cv-02845

**DECLARATION OF MUSTAPHA NDANUSA TO DEFENDANTS'[1] SUR-REPLY TO PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO THE COURT'S APRIL 27, 2023 OPINION AND ORDER**

I, Mustapha Ndanusa, pursuant to 28 U.S.C. §1746, states as follows:

1. I am an attorney admitted to practice in this court and associated with the Law Firm of Omar T. Mohammedi LLC or OTM Law.

2. I assisted in drafting Defendants' opposition (ECF No. 9179) to Plaintiffs' Rule 72 Objections to the April 27, 2023 Opinion and Order (ECF No. 9060).

3. In drafting the opposition, I intended to show that Jonathan Winer's deposition testimony

---

[1] "Defendants" means World Assembly of Muslim Youth and World Assembly of Muslim Youth International, International Islamic Relief Organization, Muslim World League, the four "Charity Officer Defendants" (Abdullah Omar Naseef, Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, and Adnan Basha), and Yassin Kadi.

1

that he possessed expertise in "political Islam" did not qualify him to opine on Islam.

4. To do so, I referred to his testimony at Winer Dep. Tr. at 74:5-15 (ECF No. 9180-7) as well as other areas where he references expertise in the intersection between Islam and politics.

5. Unfortunately, I mistakenly misquoted portions of the transcript at 74:5-15.

6. It was never my intention to mislead the court into believing Winer intended something other than his claim to expertise in political Islam. The paragraphs I helped draft on this point, where we analyze Winer's expertise claims, speak to this.

I declare, under penalty of perjury that the foregoing is true and correct.

New York, New York, July 27, 2023

*/s/ Mustapha Ndanusa*
_____
Mustapha Ndanusa, Esq.