**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

July 28, 2023

The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

    The Plaintiffs Executive Committees ("PECs") write in response to the request of Omar T. Mohammedi (ECF No. 9238; the "Request") for leave to file a surreply to the PECs' Reply (ECF No. 9228) to Defendants' Opposition (ECF No. 9179) to the PECs' Objection (ECF No. 9110) to the Court's April 27, 2023, Opinion and Order (ECF No. 9060; the "Order"). The PECs write to oppose the request and address three discrete points.

    First, Defendants' request for a surreply should be rejected as unnecessary and an improper attempt to shift and amplify their arguments. Defendants should not be rewarded for their admitted misquotation of the testimony of Plaintiffs' expert, Jonathan Winer, by being afforded additional space to re-articulate their argument. It is sufficient for Defendants to have acknowledged to the Court that they misquoted testimony in the brief they submitted for the Court's consideration. No additional argument is warranted.

    Second, where Defendants spent much of its opposition brief arguing that Winer should be precluded entirely from testifying about religion because he has no expertise at all in religion,[1] Defendants should not now be permitted to file a surreply shifting their arguments. Plaintiffs have consistently argued that Winer should be permitted to testify consistent with the expertise he has identified. Namely, Winer will not opine on Islamic doctrines and principles **except** where it "involves the political impact of different interpretations of religion when a religion is politicized into a political movement."[2]

---

[1] ECF No. 9179 at 6 (arguing that Winer "is not qualified to opine on matters of Islamic religious doctrine or theology" and "… Winer[] lack[s] … qualifications to opine on matters of religion"; *id.* at 13 (arguing Winer "had no experience nor knowledge on [Wahhabism and Salafism]. Winer says so himself." (emphasis in original); *see id.* at 9 (highlighting only words to indicate that Winer is "**not an expert on** . . . **religious doctrine**" (emphasis in Defendants' quotation), and (falsely) asserting that Winer responded to a query about whether he was an expert on religious terms of concept by saying "I am not really"); *id* at 10 (arguing (inaccurately) that Winer's time in government service included no expertise addressing issues of Wahhabism and Salafism).

[2] ECF No. 9228 at 4 (quoting Winer Dep. at 74:6-10) (quotations removed); *see also id.* at 4 ("Plaintiffs first objection applies only to the extent that the Order is read to suggest that Winer lacks sufficient expertise to testify as to the fact that al Qaeda relied on Wahhabi/Salafi ideology to justify its actions, recruit members, and raise funds, under the theory that Winer "has no expertise in religion.").

The Honorable George B. Daniels, U.S.D.J.
July 28, 2023
Page 2

_____

Neither Plaintiffs nor Winer have claimed that Winer will opine broadly on "religious issues;" indeed, they have represented the opposite. But even in their proposed surreply, Defendants misrepresent that that "Plaintiffs…argu[ed] that Winer is qualified to opine on Islamic doctrines and principles,"[3] suggesting a broad claim of religious experience beyond what Winer clearly articulated to be a much more narrow area of expertise. Indeed, Defendants' assertion in their Request that they "did not misrepresent Winer's claimed expertise in 'political Islam'" is not credible given the conclusion they urge from the misquoted section, asserting that Winer has "no experience nor knowledge on [Wahhabism and Salafism]. Winer says so himself."[4] Winer did not say that he has no experience nor knowledge on Wahhabism and Salafism. As Plaintiffs have shown, Winer does have expertise in these areas *to the extent that they are politicized into a political movement*. Thus, Defendants did not, as they argue, "fairly describe" Winer's expertise.

Third, Defendants' claim that their misquote was "an honest mistake" is belied by the entire tenor of their argument, *see supra*, n.1, and their failure to address their *second* misrepresentation of Winer's testimony, where they misrepresented that Winer responded "I am not really" when asked if he was an expert on Islamic terms. Defendants' incorrect insertion of a period after his statement (rather than an appropriate ellipsis) indicates their awareness of their misrepresentation, and reading the full response in context makes it obvious that Winer "declined to adopt the premise of the question and reiterated his previous response about his expertise."[5] Defendants wholly decline to address this misrepresentation in their sur-reply, rendering their argument that they "accurately presented Winer's testimony"[6] incorrect.

Lastly, Plaintiffs' do not agree with Defendants' characterization of Plaintiffs' concerns as "inflammatory pejoratives."[7]

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | COZEN O'CONNOR |
| By: /s/ *Robert T. Haefele* | By: /s/ *Sean P. Carter* |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| JODI WESTBROOK FLOWERS | STEPHEN A. COZEN |
| DONALD A. MIGLIORI | J. SCOTT TARBUTTON |
| MOTLEY RICE LLC | COZEN O'CONNOR |
| 28 Bridgeside Boulevard | One Liberty Place |
| Mount Pleasant, SC 29465 | 1650 Market Street, Suite 2800 |
| Tel.: (843) 216-9184 | Philadelphia, Pennsylvania 19103 |
| Email: rhaefele@motleyrice.com | Tel.: (215) 665-2105 |
| | Email: scarter@cozen.com |
| *For the Plaintiffs' Executive Committee for Personal Injury and Death Claims* | |

---

[3] ECF No. 9238 at 5.

[4] ECF No. 9179 at 13.

[5] ECF No. 9228 at 7.

[6] ECF No. 9238 at 1.

[7] ECF No. 9238 at 3.

The Honorable George B. Daniels, U.S.D.J.
July 28, 2023
Page 3

_____

*For the Plaintiffs' Executive Committee for Commercial Claims*

cc: The Honorable Sarah Netburn, via ECF
All Counsel of Record via ECF