EXHIBIT 13

1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - X
UNITED STATES OF AMERICA,      : 12CR00134(BMC)
                               :
                               :
      -against-                : United States Courthouse
                               : Brooklyn, New York
                               :
ADNAN HAUSA,                   : Monday, February 6, 2017
                               : 2:15 P.M.
         Defendant.            :
                               :
                               :
- - - - - - - - - - - - - X

     TRANSCRIPT OF CRIMINAL CAUSE FOR DAUBERT HEARING
          BEFORE THE HONORABLE BRIAN M. COGAN
               UNITED STATES DISTRICT JUDGE

                    A P P E A R A N C E S:

For the Government:  ROBERT L. CAPERS, ESQ.
                     United States Attorney
                     Eastern District of New York
                     271 Cadman Plaza East
                     Brooklyn, New York 11201
                 BY: SHREVE ARIAIL, ESQ.




Court Reporter:     SOPHIE NOLAN
                    225 Cadman Plaza East/Brooklyn, NY 11201
                    NolanEDNY@aol.com

Proceedings recorded by mechanical stenography, transcript
produced by Computer-Aided Transcription.
```

1    Zubaydah had a reciprocal training agreement with Bin Laden,
2    but that up until a certain point, that that was, it was not,
3    per se, an al-Qaeda facility.
4              So, that's kind of, here I'm measuring sources and
5    the information from those sources against each other, trying
6    to get to the exact definition of what Abu Zubaydah's role or
7    relationship was with al-Qaeda.  I guess you call it the
8    subtleties.
9    Q    Now, in your report at page 4, okay?
10             MR. DRATEL:  Withdrawn.  Withdrawn.
11   Q    In the Babar Ahmad case, you included a section of
12   testimony from Jamal al-Fadl; correct?
13   A    Correct.
14   Q    And that was what's called the embassy bombings trial;
15   right?
16   A    Correct.
17   Q    United States versus Usama Bin Laden?
18   A    Correct.
19   Q    Tried in the Southern District of New York in 2001.
20   A    Correct.
21   Q    And you cite a piece of transcript in the Babar report,
22   right?
23   A    Correct.
24   Q    And in brackets -- and if you need the report, I have it
25   for you.  In bracketing -- well.

Kohlmann - cross - Dratel                              71

1       I'm going to just read you a sentence from the
2  testimony, but also as it appears in your report in Babar.
3  And this is Jamal al-Fadl testifying:  We went to the hotel
4  for two days and somebody come, he give us a little lecture
5  about what going inside the war and about Jihad and about --
6  and then there are brackets and it's al-Qaeda, right?
7       And then, later on, after an ellipsis, it says:  He
8  tells us about -- brackets, al-Qaeda -- if you go inside what
9  you have to do and what going on inside Afghanistan.
10      Now, he didn't say al-Qaeda or al-Qaeda, did he?
11 A   Correct.
12 Q   He said:  The rule; correct?
13 A   Correct.
14 Q   And you put al-Qaeda in there.
15 A   In brackets, yes, correct.
16 Q   Yes.
17 A   Correct.
18 Q   So, you changed the transcript.  There's no footnote that
19 you change anything, right?
20 A   No, that's not.
21 Q   You just put al-Qaeda there.
22 A   No, the brackets are an editing mark.
23 Q   So, you say the rule means al-Qaeda, right?
24 A   No, no, this was a mistake.  What I'm suggesting to you
25 is this was just an editing mistake.

                SAM    OCR    RMR    CRR    RPR

                    Kohlmann - cross - Dratel                    72

1   Q    It was an editing mistake that you repeated in the report
2   you filed here two years later, right?
3   A    Correct.
4   Q    Okay.
5            MR. ARIAIL:  Objection, Your Honor.
6   Q    So, you've done it again without any withdraw.  You
7   didn't withdraw the report --
8            THE COURT:  Hang on Mr. Dratel.
9            MR. ARIAIL:  Objection in terms of the tone from
10  Defense Counsel; could be tone it down a little bit.
11           MR. DRATEL:  I'm sorry.
12  Q    You didn't change it did you?
13  A    That's correct.
14  Q    In fact, this Daubert was filed in this case two months
15  ago, right?
16  A    I am not sure about that, but I take your word for it.
17           THE COURT:  Can I know, what is the mistake?  That
18  it is not al-Qaeda?
19           MR. DRATEL:  That it's not al-Qaeda.  It's the rule.
20           THE COURT:  I am asking him.
21           THE WITNESS:  The mistake, Judge, is that when I --
22  Jamal al-Fadl doesn't speak English terribly fluently.  When I
23  initially read the transcript I understood that he was
24  referring to al-Qaeda.  When he was saying "the rule," I
25  understood that he was trying to refer to al-Qaeda.

Kohlmann - cross - Dratel                                73

1              In retrospect I don't think necessarily that's the
2    case or I don't know that that is the case; however, it has no
3    material impact on what I was trying to get out of that
4    passage, which was the use of guesthouses.
5              Jamal al-Fadl is a sworn al-Qaeda member.
6    Obviously, he's talking about al-Qaeda.  But in this case it
7    would have been more appropriate for me to have left it as the
8    rule and I put the editing mark.  I put the brackets.
9              THE COURT:  Why did it wind up in this report in my
10   case when you had already committed the error earlier?
11             THE WITNESS:  It was a mistake on my part, I was not
12   even aware of it being in there.
13             MR. DRATEL:  May I resume, Your Honor?
14
15             (Continued on following page.)

SAM       OCR       RMR       CRR       RPR