EXHIBIT 42

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

1998 DEC 23  A 11: 13

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

```
-------------------------------------------------------------- x
THE SANA-BELL, INC.,                                          :
a District of Columbia nonprofit corporation,
P.O. Box 9072                                                 :
Jeddah 21413
Kingdom of Saudi Arabia,                                      :

                         Plaintiff,                           :

v.                                                            :   Civil Action No. PJM98 - CV 41 77

BMI REAL ESTATE DEVELOPMENT, INC.                             :
4710 Auth Place, Suite 520
Camp Springs, MD  20746,                                      :

BMI LEASING, INC.                                             :
4710 Auth Place, Suite 520
Camp Springs, MD  20746,                                      :

SOLIMAN S. BIHIERI                                            :
4710 Auth Place, Suite 520
Camp Springs, MD  20746, and                                  :

SULEIMAN BIN ALI ALALI                                        :
c/o BMI Real Estate Development, Inc.
4710 Auth Place, Suite 520                                    :
Camp Springs, MD  20746,
                                                              :
                         Defendants.
-------------------------------------------------------------- x
```

## COMPLAINT

Comes now the Plaintiff The Sana-Bell, Inc. ("Sana-Bell"), by and through counsel, and

for its Complaint alleges the following:

### JURISDICTION AND VENUE

1. Plaintiff Sana-Bell is a District of Columbia nonprofit corporation with its principal

place of business in Jeddah, Kingdom of Saudi Arabia.

KMR - 00007

ASH 024741

2.   On information and belief, Defendant BMI Real Estate Development, Inc. ("BMI REDI") is a New Jersey corporation with a principal place of business at 4710 Auth Place, Suite 520, Camp Springs, Maryland.

3.   On information and belief, Defendant BMI Leasing, Inc. ("BMIL") is a New Jersey corporation with a principal place of business at 4710 Auth Place, Suite 520, Camp Springs, Maryland.

4.   On information and belief, Defendant Soliman S. Bihieri ("Bihieri") is a United States citizen and a resident of the Commonwealth of Virginia.

5.   On information and belief, Defendant Suleiman Bin Ali Alali ("Ali Alali") is a citizen of the Kingdom of Saudi Arabia.

6.   Jurisdiction is proper in this Court pursuant to 28 U.S.C §1332(a), because there is diversity of citizenship between the Plaintiff and all Defendants, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.   Venue is proper in this Court and Division because, on information and belief, the cause of action complained of herein arose in Camp Springs, in Prince George's County, Maryland.

### COUNT 1: BREACH OF CONTRACT
(Against BMI REDI and BMIL)

8.   Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 7, above, as if they were fully restated herein.

9.   By a subscription agreement executed on December 1, 1992, Sana-Bell purchased 20 units of limited partnership interests in BMI Construction Fund Limited Partnership ("BMI Construction"), a New Jersey limited partnership.  The BMI Construction subscription agreement was accepted by BMI REDI, Managing General Partner of BMI Construction, on

2

KMR - 00008

ASH 024742

December 1, 1992. BMI Construction is organized and administered in accordance with the terms of a partnership agreement (the "BMI Construction Partnership Agreement") annexed to a private investment memorandum (the "BMI Construction Private Investment Memorandum") that was provided to Sana-Bell to induce it to purchase limited partnership units.

10. By another subscription agreement executed by Sana-Bell on December 12, 1992, Sana-Bell purchased 200 units of limited partnership interests in BMI Leasing Limited Partnership ("BMI Leasing"), also a New Jersey limited partnership. The BMI Leasing subscription agreement was accepted by BMIL, General Partner of BMI Leasing, on December 18, 1992. BMI Leasing is organized and administered in accordance with the terms of a partnership agreement (the "BMI Leasing Partnership Agreement") annexed to a private investment memorandum (the "BMI Leasing Private Investment Memorandum") that was provided to Sana-Bell to induce it to purchase limited partnership units.

11. The total dollar amount of Sana-Bell's capital contributions to BMI Construction and BMI Leasing is at least $3,700,000.

12. By correspondence on the letterhead of BMI Leasing in July and August 1998, Defendants BMI Leasing or BMI REDI informed the Plaintiff that the general partner had decided to liquidate BMI Construction. BMI Leasing, which is not the Managing General Partner of BMI Construction, also informed the Plaintiff that its assets in BMI Construction would be invested in BMI Leasing. All these actions were apparently undertaken by an entity that is not the true Managing General Partner of BMI Construction, and were done without Sana-Bell's request or permission. These actions of BMI Leasing or BMI REDI with regard to Sana-Bell's limited partnership units were in violation of the BMI Construction Partnership Agreement.

3

KMR - 00009

ASH 024743

13. Sana-Bell has been damaged by BMI Leasing's and/or BMI REDI's breach of the BMI Construction Partnership Agreement.

14. According to oral reports from Defendant Soliman S. Bihieri, an officer of BMIL, BMIL then sold, transferred, or otherwise disposed of Plaintiff Sana-Bell's limited partnership units in BMI Leasing without a valid request from Plaintiff Sana-Bell and without Plaintiff Sana-Bell's permission, although the BMI Leasing Partnership Agreement provides no authority for Defendant BMIL to transfer Plaintiff Sana-Bell's – or any other limited partner's – limited partnership units without the limited partner's request or permission. These actions of BMIL with regard to Sana-Bell's limited partnership units were in violation of the BMI Leasing Partnership Agreement.

15. Sana-Bell has been damaged by BMIL's breach of the BMI Leasing Partnership Agreements.

## COUNT 2: BREACH OF FIDUCIARY DUTY
(Against BMI REDI and BMIL)

16. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 15, above, as if they were fully restated herein.

17. Under the BMI Construction Partnership Agreement, BMI REDI was obligated to manage the limited partnerships and the investments of the limited partners, including Sana-Bell. By entering into the BMI Construction Partnership Agreements as the Managing General Partner, BMI REDI thereby placed itself in a fiduciary relationship with its limited partners, including Sana-Bell. In the BMI Construction Private Investment Memorandum, BMI Construction expressly admits that BMI REDI, as Managing General Partner of BMI Construction, is accountable to each limited partner as a fiduciary.

4

KMR - 00010

ASH 024744

18. According to correspondence from the Defendants, BEMI REDI or BMIL has transferred Sana-Bell's investment in BMI Construction without Sana-Bell's request, authorization or permission.

19. The transfer of Sana-Bell's investment in BMI Construction, and the failure of BMI REDI to produce adequate financial statements, particularly after specific demand from Sana-Bell for such statements on September 11 and September 14, 1998, constitutes a breach of BMI REDI's fiduciary duty to Sana-Bell.

20. With inadequate financial statements or accounting, Sana-Bell has been kept uninformed of BMI REDI's management of BMI Construction and has been denied financial information about its investments. Without financial information, Sana-Bell has been denied an opportunity to oversee its investments in BMI Construction. Sana-Bell has thereby been harmed by BMI REDI's breach of fiduciary duty.

21. Under the BMI Leasing Partnership Agreement, BMIL was obligated to manage BMI Leasing and the investments of the limited partners, including Sana-Bell. By entering into the BMI Leasing Partnership Agreements as the General Partner, BMIL placed itself in a fiduciary relationship with its limited partners, including Sana-Bell. In the BMI Leasing Private Investment Memorandum, BMI Leasing expressly admits that BMIL, as General Partner of BMI Leasing, is accountable to each limited partner as a fiduciary.

22. According to reports of its officer, Defendant Soliman S. Bihieri, BMIL has sold, transferred, or otherwise disposed of Sana-Bell's investment in BMI Leasing without Sana-Bell's request, authorization or permission.

23. The sale, transfer or disposition of Sana-Bell's investment in BMI Leasing, and the failure of BMIL to produce adequate financial statements, particularly after specific demand

KMR - 00011

ASH 024745

from Sana-Bell for such statements on September 11 and September 14, 1998, constitutes a

breach of BMIL's fiduciary duty to Sana-Bell.

24. With inadequate financial statements or accounting, Sana-Bell has been kept

uninformed of BMIL's management of BMI Leasing and has been denied financial information

about its investments. Without financial information, Sana-Bell has been denied an opportunity

to oversee its investments in BMI Leasing. Sana-Bell has thereby been harmed by BMIL's

breach of fiduciary duty.

COUNT 3: EQUITABLE ACCOUNTING<br>(Against BMI REDI and BMIL)

25. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 24,

above, as if they were fully restated herein.

26. BMI REDI is Managing General Partner of BMI Construction, in which capacity it

maintains the books and records of BMI Construction.

27. BMI REDI is responsible, as Managing General Partner of BMI Construction, for

making its books and records available to its limited partners on a regular basis and as the limited

partners request such information.

28. BMI REDI has failed to provide regular information regarding those accounts to

Sana-Bell. BMI REDI also failed to provide information about Sana-Bell's investments in BMI

Construction upon specific demand by Sana-Bell on September 11 and September 14, 1998. The

fundamental remedy of accounting is therefore available to Sana-Bell.

29. BMIL is General Partner of BMI Leasing, in which capacity it maintains the books

and records of BMI Leasing.

6

**KMR - 00012**

ASH 024746

30. BMIL is responsible, as General Partner of BMI Leasing, for making its books and records available to its limited partners on a regular basis and as the limited partners request such information.

31. BMIL has failed to provide regular information regarding those accounts to Sana-Bell. BMIL also failed to provide information about Sana-Bell's investments in BMI Leasing upon specific demand by Sana-Bell on September 11 and September 14, 1998. The fundamental remedy of accounting is therefore available to Sana-Bell.

COUNT 4:  CIVIL CONSPIRACY
(Against BMI REDI, BMIL, Ali Alali and Bihieri)

32. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 31, above, as if they were fully restated herein.

33. On information and belief, Ali Alali fraudulently misrepresented that he is President and Chief Executive Officer of Sana-Bell, the owner of the partnership interests property, although Ali Alali never held either office. Sana-Bell has never authorized BMI REDI, BMIL, Ali Alali or Bihieri to transfer, sell or otherwise dispose of its partnership interests.

34. On information and belief, BMI REDI, BMIL, Bihieri and Ali Alali combined by an agreement or understanding to sell, transfer or otherwise dispose of Sana-Bell's partnership interests without Sana-Bell's consent or authorization. Such transfer or disposition resulted in damages to Sana-Bell, in that its property was taken without its consent.

WHEREFORE, Plaintiff prays this Court grant the following relief:

First, that the Court find BMI REDI and BMIL in breach of the respective partnership agreements;

7

**KMR - 00013**

ASH 024747

Second, that the Court find that BMI REDI and BMIL breached their fiduciary duties to Sana-Bell;

Third, that the Court compel BMI REDI and BMIL to make a full accounting of all Sana-Bell investments in both BMI Construction and BMI Leasing;

Fourth, that the Court find that BMI REDI, BMIL, Bihieri and Ali Alali conspired to sell, transfer or otherwise dispose of Sana-Bell's limited partnership interests without Sana-Bell's consent or authorization;

Fifth, that the Court award actual and compensatory damages to the Plaintiff against Defendants BMI REDI, BMIL, Bihieri, and Ali Alali, jointly and severally, on account of the aforesaid findings, in an amount of not less than $3,700,000, as compensation for breach of contract, breach of fiduciary duty; and civil conspiracy; or, alternatively, that the Court compel the return of Sana-Bell's limited partnership units in BMI Leasing, together with payment to Sana-Bell of any distributions of profits or interests made to limited partners in BMI Leasing since BMI REDI's unauthorized transfer of Sana-Bell's units, and that the Court compel payment to Sana-Bell for the value of its assets in BMI Construction when it was liquidated;

Sixth, that the Court award pre-judgment and post-judgment interest to Plaintiff on any award of monetary damages it receives from BMI REDI, BMIL, Bihieri and Ali Alali, to the fullest extent available under and permitted by applicable law, together with Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action; and

Seventh, that the Court award all such other and further relief as this Court may deem appropriate in the interests of justice.

8

KMR - 00014

ASH 024748

December 22, 1998                                Respectfully Submitted,

Richard A. Gross, Fed. Bar # 12623
J. Mark Young, Fed. Bar # 12476
ROSENMAN & COLIN LLP
1300 19th Street, NW, Suite 200
Washington, DC  20036
(202) 463-4640

Attorneys for Plaintiff
The Sana-Bell, Inc.

9

KMR - 00015

ASH 024749