UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

------------------------------------x

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

The Plaintiffs' Executive Committees (the "PECs" or "Plaintiffs") object under Federal Rule 72(a) of Civil Procedure to Magistrate Judge Sarah Netburn's April 30, 2021 Order (the "April 30 Order," ECF No. 6789).[1] (*See* Objs. (the "Objections"), ECF No. 6804.) Plaintiffs contend that Magistrate Judge Netburn erroneously denied their motion to compel non-party the Federal Bureau of Investigation (the "FBI") to produce certain interview reports of Mohdar Abdullah from its investigation of the terrorist attacks of September 11, 2001 (the "9/11 Attacks"). (*Id.* at 1.) Plaintiffs' Objections are OVERRULED. The April 30 Order denying the Plaintiffs' motion to compel is CONFIRMED.

I. BACKGROUND

Mohdar Abdullah is an individual alleged to have aided the 9/11 hijackers in acclimating to the United States, including by assisting with applications to flight schools and abetting airport surveillance in the preparatory stages of the 9/11 Attacks. *See In re Terrorist Attacks on September 11, 2001*, 298 F. Supp. 3d 631, 649–50 (S.D.N.Y. 2018); NAT'L COMM'N ON TERRORIST ATTACKS UPON THE U.S., THE 9/11 COMMISSION REPORT, 516 n.20 (2004). In January 2020, the PECs moved under seal to compel the FBI to produce a range of documents, including all of the FBI's

---

[1] All docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570.

interview reports concerning Mohdar Abdullah. (*See* PECs' Apr. 12, 2021 Letter Mot., ECF No. 6727, at 2.)

After review of the FBI's classified submissions detailing the reasons for invoking the state secrets and law enforcement privileges, Magistrate Judge Netburn issued an Opinion and Order on February 1, 2021. (*See* the "February 1 Order," ECF No. 6606, at 50.) Magistrate Judge Netburn granted Plaintiffs' motion in part by directing the FBI, pursuant to its previously stated commitments, "to search for and produce any of the requested interview reports [in the 'Subfile Investigation' with substantive information about Mohdar Abdullah] that have not yet been located." (*Id.* at 51–52.) Plaintiffs soon thereafter restated their interest in receiving additional Government productions concerning Mohdar Abdullah. (*See* PECs' Feb. 19, 2021 Letter, ECF No. 6626, at 2.) Over Plaintiffs' separate objections to the February 1 Order, this Court confirmed the Order in full. (May 5, 2021 Mem. Decision and Order, ECF No. 6797.)

On April 12, 2021, the PECs filed another motion to compel the FBI to produce the alleged outstanding Mohdar Abdullah interview reports. (PECs' Apr. 12, 2021 Letter Mot. at 4.) Magistrate Judge Netburn subsequently issued the April 30 Order, denying the Plaintiffs' motion and concluding that the Government fully complied with its discovery obligations. Plaintiffs then filed their instant Objections to the April 30 Order, asking this Court to set aside the Order and compel production. (*See* Objs.)

## II.    LEGAL STANDARD

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire

2

evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (cleaned up). This standard is highly deferential, and the objector thus carries a heavy burden. *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (particular deference due where "magistrate judge has been deeply involved in discovery matters in the case for years").

## III.   MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED THAT THE GOVERNMENT COMPLIED WITH ITS DISCOVERY OBLIGATIONS

Magistrate Judge Netburn correctly concluded that the Government had adhered to the discovery requirements set forth in the February 1 Order. (*See* Apr. 30 Order.) Because the FBI had previously searched for the specific Mohdar Abdullah interview reports in dispute, (*see* FBI's Apr. 16, 2021 Letter, ECF No. 6744, at 2), Magistrate Judge Netburn's February Order did not require the FBI to undertake any additional measures with respect to this particular matter. More generally, Plaintiffs' Objections to the April 30 Order reflect a belated and improper effort to relitigate and collaterally attack the February 1 Order. *See, e.g.*, *Weeks Stevedoring Co. v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301, 304 (S.D.N.Y. 1997) ("The Court agrees that Plaintiff's continued effort . . . is a veiled attempt to relitigate issues this Court previously disposed of in its [previous] Opinion and Order."); (*see also* Gov't Opp'n to Objs., ECF No. 6825, at 1).

Given that the FBI complied with its discovery obligations as mandated by the February 1 Order, Magistrate Judge Netburn properly denied the Plaintiffs' repetitive motion to compel.

## IV. CONCLUSION

Because Plaintiffs have not demonstrated that Magistrate Judge Netburn's April 30, 2021 Order was "clearly erroneous" or "contrary to law," Plaintiffs' Rule 72 Objections to the Order, (ECF No. 6804), are OVERRULED. Magistrate Judge Netburn's April 30, 2021 Order, (ECF No. 6789), is CONFIRMED.

Dated: August 8, 2023
       New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge