UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

    After two decades, this multidistrict litigation comprises hundreds of member cases and tens of thousands of parties. The Court has endeavored to manage these parties and their claims through various orders addressing, among other thing, notices to conform, short form complaints, notices of amendment, and default judgment motions. See, e.g., ECF Nos. 3435, 5234.[1] Those orders were intended to reduce the burden on counsel and the Court by streamlining procedures for bringing new claims and preventing unwarranted or duplicative default judgments. Recent experience suggests that these procedures should be revisited.

    **Notices to Conform, Short Form Complaints, and Notices of Amendment**. The Court has encountered plaintiffs who are alleging facts or legal theories that are not fully captured in existing short form complaints and notices of amendment. See ECF No. 5234 (approving forms). Currently, the forms do not distinguish between plaintiffs who seek solatium damages for the deaths of family members who died in the 9/11 Attacks and those who died years later from their injuries. See e.g., No. 18-cv-03353 at ECF Nos. 8, 112, 113, 115. Conflating these types of claims could cause confusion as this litigation progresses. Therefore, the Court is considering

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

whether these or other issues warrant amending the forms. It will hold a conference to hear from the parties on this issue.

**Default Judgment Motions**. The Court has identified errors of varying magnitude in several default judgment motions. See, e.g., ECF Nos. 9126 (addressing errors in motion filed at ECF No. 8737), 9174 (raising issues with motion filed at ECF No. 8830). These errors take an inordinate amount of Court time to fix and reduce the Court's confidence in existing quality control measures.

Recent motions for default judgment against the Taliban are illustrative. The motion filed by the plaintiffs in Burnett v. Al Baraka Investment & Development Corp., No. 03-cv-09849 ("Burnett"), was prepared by counsel from Motley Rice LLC and seeks judgments on behalf of thousands of plaintiffs. See ECF Nos. 8559, 8560, 8561, 8602. At least 15 of those plaintiffs appear to be represented by Speiser Krause, PC, who likewise moved for default judgments against the Taliban on their behalf. See ECF Nos. 8737, 8738, 8739. If the Court had not identified this issue, it could have granted duplicative judgments to at least 15 people—the precise situation the quality control measures are supposed to prevent. See ECF No. 3435 (approving measures designed to avoid duplicative judgments). The apparent failure of these measures raises fundamental concerns with the quality of default judgment motions in general and those seeking awards for large numbers of people in particular. The Court therefore denies the Burnett plaintiffs' motion with leave to refile.

Future default judgment motions may benefit from stronger safeguards. The Court is considering changes to existing procedures that would aid counsel in preparing these motions and streamline the Court's process for adjudicating them. Potential changes include: (1) requiring all attorneys in this multidistrict litigation to complete a training session focused on

default judgment motions before seeking additional default judgments; (2) issuing standardized exhibit forms; (3) requiring counsel to share electronic versions of exhibits (i.e., Excel files) with chambers; and (4) limiting the number or types of default judgments that can be sought in a single motion. The Court also welcomes counsel to propose workable changes that would protect the integrity of the judgment issuance process. The Court will hear from the parties on these or other possible changes at the upcoming conference.

## CONCLUSION

The Court schedules a conference for Wednesday, September 6, 2023, at 2:00 p.m. in Courtroom 110, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. Counsel should be prepared to discuss whether the above-referenced forms should be modified and how the procedures for preparing default judgment motions can be improved.

For the reasons stated, the Court denies with leave to refile the motion for default judgment filed by plaintiffs in <u>Burnett</u>, No. 03-cv-09849. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 8559 and the related motion at ECF No. 1040 in No. 03-cv-09849.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   August 11, 2023
         New York, New York

3