UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

GEORGE B. DANIELS, United States District Judge:

Defendant Al Rajhi Bank ("ARB") objects under Federal Rule 72(a) of Civil Procedure to that portion of Magistrate Judge Sarah Netburn's July 11, 2023 Opinion and Order (the "Order," ECF No. 9210),[1] which requires the oral deposition of Abdullah bin Sulaiman al Rajhi, the Chairman of the Bank's Board of Directors, as part of the jurisdictional discovery proceeding against Defendant. (*See* Objections, ECF No. 9232, at 1.) Defendant contends that decision is clearly erroneous because it ignores that the Defendant's Rule 30(b)(6) designee testified as to the Chairman's knowledge. (*See id.* at 3–7.) Defendant also argues that it is contrary to law because it ignores that Plaintiffs conceded that they should "serve focused interrogatories or notice of deposition by written questions, in lieu of an oral deposition." (*See id.* at 7–8.) Defendant's Objections to the Order are OVERRULED.

A district judge must modify or set aside only those parts of a magistrate judge's order related to nondispositive matters that are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire

---

[1] All docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on Sept. 11, 2001,* No. 03-md-1570.

evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (cleaned up). This standard is highly deferential, and the objector thus carries a heavy burden. *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (particular deference due where "magistrate judge has been deeply involved in discovery matters in the case for years").

After reviewing the Order and the submissions of the parties, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Cap. Mgmt.*, 551 F. Supp. 2d at 177 (citation omitted). It is well-settled that a magistrate judge possesses wide discretion in handling pre-trial discovery matters. *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 804 (S.D.N.Y. 2017). Under the "apex deposition doctrine" for the deposition of senior executives, courts consider "the likelihood that the individual possesses relevant knowledge, whether another source could provide identical information, the possibility of harassment, and the potential disruption of business." *U.S. Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 149 (S.D.N.Y. 2015) (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015)). While "unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation," *id.* (citation omitted), "[h]ighly-placed executives are not immune from discovery," *Scott*, 306 F.R.D. at 122 (citation omitted).

Magistrate Judge Netburn carefully evaluated whether a deposition of Abdullah bin Sulaiman al Rajhi was appropriate under the apex deposition doctrine and acted within her discretion here. (*See* Order at 23–26.) The Magistrate Judge found that Abdullah bin Sulaiman al Rajhi's "firsthand experience with ARB's day-to-day operations and its senior leadership makes him the type of 'engaged executive' that is likely to have 'unique' knowledge [relevant to the jurisdictional issue]." (*Id*. at 24 (quoting *Scott*, 306 F.R.D. at 122–23).) Moreover, she concluded that the deposition was not noticed "for purposes of harassment," the "potential [for] disruption is minimal," and a deposition "by written questions" is an inadequate substitute for his live deposition testimony. (*Id*. at 25 (citations omitted).)

Furthermore, the Magistrate Judge determined that testimony from ARB's Rule 30(b)(6) witness is an insufficient alternative to the oral testimony of Abdullah bin Sulaiman al Rajhi. In its Objections, Defendant argues that the Magistrate Judge erroneously omitted the fact that the Bank's corporate representative interviewed Abdullah bin Sulaiman al Rajhi and "was prepared to (and did) testify as to the Chairman's knowledge of the topics about which Plaintiffs seek to depose the Chairman." (*See* Objs. at 4.) The parties dispute whether this Court should consider the 30(b)(6) witness's testimony as supporting Defendant's prior arguments before the Magistrate Judge or construe the testimony as improper "new evidence." (*See* Pls.' Opp'n to Def.'s Objs., ECF No. 9275, at 4–5; Def.'s Reply in Supp. of Objs., ECF No. 9292, at 4.) However, the substance of the testimony is immaterial for resolving the Objections. An unsworn interview by an ARB employee is not comparable to the sworn deposition testimony of the Chairman obtained by an adverse attorney—particularly when that attorney, unlike an employee in the Chairman's charge, can challenge the Chairman on sensitive allegations. (*See* Pls.' Opp'n to Def.'s Objs. at 8.)

3

Defendant's Rule 72(a) Objections to Magistrate Judge Netburn's Order requiring the oral deposition of Abdullah bin Sulaiman al Rajhi, (ECF No. 9232), are OVERRULED. Magistrate Judge Netburn's July 11, 2023 Order, (ECF No. 9210), is CONFIRMED.

Dated: August 23, 2023
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge