## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

In Re Terrorist Attacks on September 11, 2001

)
)
)

03 MDL 1570 (GBD)(SN) ECF Case

**This document relates to:**

*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-06977
*Federal Ins. Co., et al. v. Al Qaida, et al.*, No. 03-cv-06978
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-01922
*Cont'l Cas. Co., et al. v. Al Qaeda Islamic Army, et al.*, No. 04-cv-05970
*Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, No. 18-cv-12114
*Aronow, et al. v. Republic of Sudan*, No. 20-cv-07733
*Betru, et al. v. The Republic of Sudan*, No. 20-cv-10615
*Parker, et al. v. The Republic of the Sudan*, No. 20-cv-10657
*Nolan, et al. v. The Republic of the Sudan*, No. 20-cv-10720
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076
*Jessica DeRubbio, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-05306
*Horace Morris, et al. v. Islamic Republic of Iran, et al.*, No. 18-cv-05321
*August Bernaerts, et al. v. Islamic Republic of Iran, et al.*, No. 19-cv-11865
*Justin Strauss, et al. v. Islamic Republic of Iran, et al.*, No. 22-cv-10823
*Celestine Kone, et al. v. Islamic Republic of Iran, et al.*, No. 23-cv-05790
*Danielle Kelly, et al. v. Islamic Republic of Iran, et al.*, No. 23-cv-07283

## PLAINTIFFS' MOTION FOR CLARIFICATION
## OR PARTIAL RECONSIDERATION OF THE COURT'S AUGUST 10, 2023
## MEMORANDUM DECISION AND ORDER [ECF No. 9278]

MOTLEY RICE LLC
Robert T. Haefele
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Exec. Committees*

COZEN O'CONNOR
Sean P. Carter
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
*For the Plaintiffs' Exec. Committees*

ANDERSON KILL P.C.
Jerry S. Goldman
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-279-1000
Email: jgoldman@andersonkill.com
*For the Plaintiffs' Exec. Committees*

Dated:  August 24, 2023

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................................1

STANDARD OF REVIEW .................................................................................................................2

ARGUMENT .....................................................................................................................................3

POINT I.    The Court Should Clarify that It Did Not Dismiss the Wrongful
Death and Survival Counts. ................................................................................3

POINT II.   The Court Has Not Yet Dismissed the Class in the Cases Against
Sudan. ................................................................................................................4

CONCLUSION ..................................................................................................................................5

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Terrorist Attacks on Sept. 11, 2001,*
349 F. Supp. 2d 765 (S.D.N.Y. 2005) ...........................................................................................1, 3

*Schonberger v. Serchuk,*
742 F. Supp. 108 (S.D.N.Y. 1990) .....................................................................................................2

*Shrader v. CSX Transp., Inc.,*
70 F.3d 255 (2d Cir. 1995) .................................................................................................................2

*System Mgmt. Arts Inc. v. Avesta Techs., Inc.,*
106 F. Supp. 2d 519 (S.D.N.Y. 2000) ..............................................................................................2

**Statutes**

N.Y. EPTL § 5-4.1 ...............................................................................................................................4

**Other Authorities**

Local Rule 6.3 ......................................................................................................................................2

docs-100628740.1

## INTRODUCTION

On August 10, 2023, the Court entered a detailed 32-page Memorandum Decision and Order ("Decision"), ECF No. 9278, dismissing certain counts against the Republic of the Sudan ("Sudan"), and largely adopting Judge Netburn's Report & Recommendation, ECF No. 7942 ("R&R") as well as Judge Netburn's Amended Report & Recommendation, ECF No. 8549 ("Amended R&R"). Plaintiffs seek clarification or reconsideration of two discrete issues:

1. Whether the Court properly stated that "Only Plaintiffs' Assault, Battery, and Trespass Claims Are Viable State Law Claims" (Decision at 26), given that Plaintiffs still have claims pending for wrongful death and survival; and

2. The discussion of the denial of class certification in the case *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investments & Development Corp., et al.*, 04-cv-1923 ("*O'Neill v. Al Baraka*") in footnote one of the Decision.

Regarding the first issue, Plaintiffs seek clarification that the Court's Order did not dismiss Plaintiffs' state law wrongful death and survival counts. The R&R and Amended R&R made no reference to these causes of action, and the Decision could not plausibly be read to suggest that they are not viable claims under New York and other applicable state law, because they undeniably are. *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 829 (S.D.N.Y. 2005) (wrongful death and survival claims can proceed), *on reconsideration in part*, 392 F. Supp. 2d 539, 566 (S.D.N.Y. 2005) (same). Further, the R&R's holding that the complaints adequately alleged causation and that federal law did not preempt state law rejected the sole arguments Sudan raised as to the wrongful death and survival claims, and the Court adopted these recommendations. Decision at 25-26.

Second, footnote 1 of the Decision states that the Court denied the *O'Neill* Plaintiffs' motion for class certification in *Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, No. 18-cv-12114. Decision at 1. However, the Court's denial of class certification was made solely in *O'Neill v. Al Baraka*, not in the two pending *O'Neill* class cases against Sudan, *Estate of John P. O'Neill, Sr., et al.*

*v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-01922 and *Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, No. 18-cv-12114 (the "*O'Neill v. Sudan* Class Cases"). The putative class plaintiffs recognize the Court's analysis of the issues which may impact class certification as to the Kingdom of Saudi Arabia and Sudan, but if that reasoning was to apply to those defendants, this should be accomplished through separate orders, for procedural and other reasons. Accordingly, the *O'Neill* putative class plaintiffs request an order clarifying that the prior Order denying class certification applied only to the defendants and claims addressed in the underlying motion addressed by that Order, and did not address claims as to Sudan, the Kingdom of Saudi Arabia or any additional parties or claims. Counsel for the relevant parties have already arranged a meeting to discuss the implications of the *O'Neill v. Al Baraka* class decision on other cases in the MDL.

## **STANDARD OF REVIEW**

The Court has inherent, discretionary power to reconsider and revise its decisions, and, under Local Rule 6.3, reconsideration is warranted if the Court has "overlooked" either "matters" or "controlling decisions." The overlooked material must be information that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration should not be used to make "repetitive arguments on issues that have been considered fully by the court," *System Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000), or to "advance new facts, issues or arguments not previously presented to the Court," *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). Reconsideration is appropriate, however, where a party "did not have an opportunity to present all material facts to the Court and . . . those facts would have reasonably altered the Court's finding." ECF No. 4350, at 3. Here, the Court appears to have overlooked two discrete issues. First, in listing the remaining viable state law claims, at 26, the Court appears to have overlooked the continued existence of Plaintiffs' wrongful death and survival state law claims. We do not presume that the Court intended to dismiss

2

all of the Plaintiffs' wrongful death and survival claims where the magistrate judge rejected the sole bases Sudan raised for dismissing these claims and the Court adopted her recommendation. Decision at 25-26 (citing R&R at 54 & 56). Second, the Court appears to have overlooked that the class decision in *O'Neill v. Al Baraka* was distinct from, and did not apply to, the *O'Neill v. Sudan* Class Cases, and there has been no order extending that ruling to other cases. Plaintiffs accordingly seek clarification or reconsideration of these narrow portions of the Decision.

## ARGUMENT

**POINT I.    The Court Should Clarify that It Did Not Dismiss the Wrongful Death and Survival Counts.**

Plaintiffs seek clarification of the language in the Court's Decision to confirm that the Court's Order did not dismiss Plaintiffs' state law wrongful death and survival causes of action. The Court's Decision states, "Only Plaintiffs' Assault, Battery, and Trespass Claims Are Viable State Law Claims" (Decision at 26). However, the Decision adopted the R&R finding that Plaintiffs had adequately alleged causation and that federal law did not preempt state law, including wrongful death and survival counts, and rejected Sudan's arguments to the contrary. *Id.*

The Decision cannot plausibly be read to suggest that Plaintiffs have no viable wrongful death or survival claims under New York and other applicable state law, because such claims undeniably exist. *In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 829 (S.D.N.Y. 2005) (wrongful death and survival claims can proceed), *on reconsideration in part*, 392 F. Supp. 2d 539, 566 (S.D.N.Y. 2005) (same). Indeed, timely wrongful death and survival claims were filed against Sudan in numerous cases in the MDL including, *inter alia*: *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 01:02-cv-01616-JR (D.D.C.), Complaint (filed Aug. 15, 2002); *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-06977, Complaint (filed Sept. 4, 2002); *Federal Ins. Co., et al. v. Al Qaida, et al.*,

docs-100628740.1

No. 03-cv-06978 (S.D.N.Y.), Complaint (filed Sept. 10, 2003); and *Estate of John P. O'Neill, Sr. et al., v. Kingdom of Saudi Arabia, et al.*, No. 04-cv-1922, Class Action Complaint (filed Mar. 10, 2004).[1]

Accordingly, Plaintiffs understand the Court's reference to the list of remaining viable state law claims, at 26, to have inadvertently not included wrongful death or survival state causes of action since the Court rejected the bases Sudan raised to dismiss them.

**POINT II.    The Court Has Not Yet Dismissed the Class in the Cases Against Sudan.**

Plaintiffs seek confirmation that the Court has not yet denied class certification in the *O'Neill v. Sudan* Class Cases. The Court in a footnote made the following passing comment: "O'Neill, on behalf of a class, also alleged injury. *See Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al.*, No. 18-cv-12114 (GDB) [sic] (SN) (S.D.N.Y. Dec. 21, 2018). This Court denied the *O'Neill* Plaintiffs' motion for class certification. (July 31, 2023 Mem. Decision and Order, ECF No. 9243.)" Decision at 1. The footnote gives the impression that the Court dismissed the class action allegations in the *O'Neill v. Sudan* Class Cases. But the Court's denial of class certification was made in *O'Neill v. Al Baraka*, not the *O'Neill v. Sudan* Class Cases. Following the denial of class certification in *O'Neill v. Al Baraka*, *O'Neill* counsel filed notices to conform adding Sudan and the Kingdom of Saudi Arabia to cases with all named Anderson Kill clients. ECF Nos. 9271, 9277, 9300, 9301.[2] *O'Neill* counsel then reached an agreement in principle with the defendants in *O'Neill v. Al Baraka* to add parties to that case and therefore decided not to appeal the class decision. *O'Neill* counsel has since scheduled a meeting with Sudan and the Kingdom of Saudi Arabia to discuss the impact of the *O'Neill v. Al Baraka* class decision on the parties. In the interim, Plaintiffs seek confirmation that class

---

[1] *See* N.Y. EPTL § 5-4.1 ("an action on behalf of a decedent whose death was caused by the terrorist attacks on September eleventh, two thousand one . . . must be commenced within two years and six months after the decedent's death.")

[2] *O'Neill* counsel had already added many clients as individual plaintiffs by notice to conform against Sudan leading up to oral argument on Sudan's motion to dismiss. *See* ECF Nos. 9203, 9029. Many other Anderson Kill clients had already filed short form complaints against the Kingdom of Saudi Arabia in late 2018.

4

certification in the *O'Neill v. Sudan* Class Cases is not denied until the Court extends its denial order in *O'Neill v. Al Baraka* to the *O'Neill v. Sudan* Class Cases. That result should be accomplished through separate orders, for procedural and other reasons.

## **CONCLUSION**

By reason of the forgoing, Plaintiffs respectfully request that the Court clarify or reconsider these two discrete issues in the Decision.

MOTLEY RICE LLC

By:  /s/ Robert T. Haefele
Robert T. Haefele
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Exec. Committees*

COZEN O'CONNOR

By:  /s/ Sean P. Carter
Sean P. Carter
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
*For the Plaintiffs' Exec. Committees*

ANDERSON KILL P.C.

By:  /s/ Jerry S. Goldman
Jerry S. Goldman, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-279-1000p
Email: jgoldman@andersonkill.com
*For the Plaintiffs' Exec. Committees*

5