**1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412**

JENNER&BLOCK LLP

**Douglass A. Mitchell**
Tel  +1 202 639 6090
Fax +1 202 639 6066
dmitchell@jenner.com

August 31, 2023

The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *In re Terrorist Attacks on September 11, 2001*, MDL Case No. 1:03-md-1570

This document relates to: *Hoglan v. The Islamic Republic of Iran, et al*.,
Individual Case No. 1:11-cv-7550

Dear Judge Daniels:

As part of our continuing effort to satisfy the Hoglan Plaintiffs' February 26, 2018 judgment (Hoglan Dkt No. 241), we are constantly seeking to identify executable assets belonging to the Islamic Republic of Iran, its political subdivisions, and certain of its agencies and instrumentalities.  To that end, on August 22, 2023, we asked the Clerk of the United States District Court for the Southern District of New York to issue an AO-451 (Hoglan Dkt No. 424), which as you know enables the Hoglan Plaintiffs to register their judgment in other districts.  The Clerk's office informed us the Court had instructed them not to issue the AO-451 because several appeals were pending in MDL-related cases.

We write to provide the Court with specific information supporting the Hoglan Plaintiffs' request for an AO-451 and to ask the Court to authorize the Clerk's Office to issue the AO-451 so the Hoglan Plaintiffs can continue their effort to enforce their judgments against Iranian assets.

The following factors, among others, support the Hoglan Plaintiffs' request for an AO-451:

1.    <u>The Hoglan Judgment is final and enforceable</u>.  The Hoglan Judgment was entered on February 26, 2018 and is not currently subject to an appeal.  On December 15, 2017, the Hoglan Plaintiffs did appeal from one of the Court's orders.  See Notice of Appeal, (Hoglan Dkt. No. 241).  The Second Circuit issued its mandate resolving that appeal on February 1, 2019.  (Hoglan Dkt. No. 303).  No other appeals have been taken from the Hoglan Judgment.  No motions listed in Fed. R. App. P. 4(a)(4)(A) have been filed.  No appeal is currently pending and the time for appealing from the Hoglan Judgment expired long ago.  Therefore, the Hoglan Judgment is final, enforceable, and capable of being registered in other districts.

The Honorable George B. Daniels
August 31, 2023
Page 2

2.  <u>The Hoglan Plaintiffs are not party to any currently pending appeals.</u>  Though a number of MDL-related decisions have been appealed to the Second Circuit, none of them involve the Hoglan Plaintiffs, either as appellants or as appellees. Moreover, none of the appeals will affect the validity of the Hoglan Judgment regardless of the outcomes of those appeals.

3.  <u>The Court previously authorized the Hoglan Judgments to enforce their judgment.</u> The Court previously issued two orders pursuant to 28 U.S.C. 1610(c).  Those orders affirmed the Hoglan Judgment was final and enforceable and they specifically authorized the Hoglan Plaintiffs to take any necessary actions to enforce their Judgment.  The Court issued the first 1610(c) order on March 19, 2020 (Hoglan Dkt. No. 325).  It issued the second 1610(c) order on April 7, 2020 (Hoglan Dkt. No. 334).  No intervening acts have changed the Court's findings under Section 1610(c).  And based on those two orders, the Hoglan Plaintiffs have been pursuing Iranian assets both in the U.S. and abroad.

4.  <u>The Court previously issued an AO-451 to the Hoglan Plaintiffs.</u> In addition to authorizing the Hoglan Plaintiffs to enforce their judgments under the two Section 1610(c) orders, the Court also issued an AO-451 to the Hoglan Plaintiffs in connection with their efforts to enforce their judgment against other assets.  See Exhibit 1 attached hereto.

The Hoglan Plaintiffs have identified additional assets that may be available to partially satisfy their Judgment.  However, in order to proceed, they need to register their Judgment in another district.  The Hoglan Plaintiffs believe the above information demonstrates they are entitled to an AO-451 and ask the Court to instruct the Clerk's Office to issue it.

The Hoglan Plaintiffs stand ready to provide any additional information should the Court determine it is necessary.  The Hoglan Plaintiffs are also ready to appear at a hearing and provide further information if the Court prefers.

Sincerely,

/s/ Douglass A. Mitchell
Douglass A. Mitchell (pro hac vice)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com
Counsel for the Hoglan Plaintiffs