UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
IN RE:                                           :
                                                 :        MEMORANDUM DECISION
TERRORIST ATTACKS ON                             :        AND ORDER
SEPTEMBER 11, 2001                               :
                                                 :        03 MDL 1570 (GBD) (SN)
                                                 :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Counsel for *Havlish* Plaintiffs seek an order requiring Plaintiff Respondents[1] to compensate *Havlish* counsel, through the creation of a common benefit fund, for their time spent preparing evidence that led to the initial default judgment against the Islamic Republic of Iran entered on December 22, 2011. (*See* Mot. for Common Benefit Fund, ECF No. 3235; Renewed Mot. for Common Benefit Fund, ECF No. 4289.)[2]

On September 30, 2019, Magistrate Judge Sarah Netburn issued an Opinion and Order, granting in part the *Havlish* Plaintiffs' request for the creation of a common benefit fund, but finding that the size of the common benefit fee and any amount of distribution were not yet ascertainable. (Sept. 30, 2019 Op. & Order at 1–3.) Respondents then filed motions for reconsideration and/or clarification. (*See* Mots. for Recons. and/or Clarification, ECF Nos. 5359 and 5361.) Magistrate Judge Netburn issued a second Opinion and Order on September 30, 2020 denying the motions for reconsideration and/or clarification. (Sept. 30, 2020 Op. & Order (the "Order"), ECF No. 6481, at 1.) Respondents filed objections to the Order on November 4, 2020.

---

[1] Plaintiffs with claims against Iran who are not part of the *Havlish* action collectively constitute "Respondents." Plaintiffs in the *Hoglan* and *Ray* actions who are represented by common attorneys as *Havlish* Plaintiffs, however, are excluded from "Respondents." (*See* Sept. 30, 2019 Op. & Order, ECF No. 5180, at 2 n.2.)

[2] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570.

(*Fed. Ins. Pls.'* Objs., ECF No. 6520; Responding Pls.' Objs., ECF No. 6522 (collectively the "Objections").) Both Respondents' Objections to the Order are OVERRULED. Magistrate Judge Netburn's Order denying the motions for reconsideration and/or clarification is CONFIRMED. To facilitate the assessment of a common benefit fee and any future distribution, the parties must submit the materials outlined in Magistrate Judge Netburn's Order. (*See* Order at 10–12.)

## I.   BACKGROUND

On December 22, 2011, this Court entered a default judgment on behalf of *Havlish* Plaintiffs against Iran. (Order of J., ECF No. 2516.) Soon afterward, *Havlish* Plaintiffs sought and received judgment exceeding $6 billion. (*See* Oct. 3, 2012 Mem. Decision & Order, ECF No. 2623, at 1.) This Court later entered default judgments against Iran on behalf of *Ashton*, *Federal Insurance*, *O'Neill*, and *Burnett* Plaintiffs, among others, who relied upon the evidence filed by *Havlish* Plaintiffs. (Sept. 30, 2019 Op. & Order at 1–2.) *Ashton* and *Federal Insurance* Plaintiffs were collectively awarded over $10 billion in damages against Iran. (*See* Mar. 9, 2016 Mem. Op. & Order, ECF No. 3229.)

Although the parties have encountered impediments to enforcing their judgments against Iran, Congress' creation of the United States Victims of State Sponsored Terrorism Fund (the "USVSST Fund") has compensated victims of state-sponsored terrorism such as Plaintiffs in this case. (Sept. 30, 2019 Op. & Order at 2.) Many 9/11 Plaintiffs are eligible for USVSST Fund compensation due to their final judgments against Iran. (*Id.*) In total, the USVSST Fund has paid more than $3 billion to 9/11 and other victims of state-sponsored terrorism over the course of four rounds of payment and, pending the availability of sufficient funds, will continue to do so until the Fund sunsets in 2039. *See* U.S. Victims of State Sponsored Terrorism Fund Home Page, http://www.usvsst.com/ (last visited Aug. 30, 2023).

*Havlish* Plaintiffs first moved for the creation of a common benefit fund on March 19, 2016, seeking an order requiring all those attorneys with judgments against Iran to compensate *Havlish* Plaintiffs' counsel by setting aside eight percent of any payments received by Plaintiffs. (Mot. for Common Benefit Fund.) Magistrate Judge Frank Maas issued a Report and Recommendation, (July 12, 2016 R. & R., ECF No. 3309), subsequently adopted by this Court, (Aug. 2, 2016 Mem. Op. & Order, ECF No. 3322), recommending the denial of the *Havlish* Plaintiffs' motion without prejudice to its later renewal. *Havlish* Plaintiffs filed their renewed motion for the creation of a common benefit fund on December 19, 2018, seeking a deposit of twelve percent of damages recovered against Iran. (*See* Renewed Mot. for Common Benefit Fund at 2.) Magistrate Judge Netburn's Opinion and Orders followed.

## II. LEGAL STANDARDS

### A. Revising a Magistrate Judge's Orders Under Rule 72

A district judge must modify or set aside only those parts of a magistrate judge's order related to non-dispositive matters that are clearly erroneous or contrary to law.[3] Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

---

[3] Magistrate Judge Netburn properly issued her non-dispositive rulings as Opinion and Orders but noted that they could be interpreted as Reports and Recommendations. (*See* Sept. 30, 2019 Op. & Order at 1 n.1; Order at 1 n.2.) A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Under this standard, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted). While this Court reviews Magistrate Judge Netburn's Opinion and Orders under the "clearly erroneous or contrary to law" standard, this Court has reviewed the record and "arrive[d] at its own, independent conclusion," *see id.* (citation omitted), in confirming the Orders and thus would reach the same conclusion under a *de* novo standard.

*Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (cleaned up). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *MacNamara v. City of New York*, 249 F.R.D. 70, 77 (S.D.N.Y. 2008) (cleaned up). This is a highly deferential standard, and the objector thus carries a heavy burden. *U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (particular deference due where "the magistrate judge has been deeply involved in discovery matters in the case for years").

### B. Motions for Reconsideration

Under Local Rule 6.3, reconsideration is not favored and is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Narrow grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

4

### III. A COMMON BENEFIT FUND SPECIFIC TO IRAN-RELATED JUDGMENTS IS APPROPRIATE

It is proper to establish a common benefit fund to provide compensation for Iran-related litigation expenses in this multidistrict litigation ("MDL"). (*See* Sept. 30, 2019 Op. & Order at 11). While "many or even most MDLs may wait until the litigation is complete [to award counsel a common benefit fee], most MDLs do not involve multiple defendants with cases proceeding on vastly disparate timelines." (Order at 4. *Contra Fed. Ins. Pls.'* Objs. at 3 (characterizing a common benefit fee at this stage of the MDL as "premature").) Moreover, Respondents "do not cite to any caselaw, nor is the Court aware of any, that precludes the Court from awarding counsel a common benefit fee for their efforts successfully obtaining the original default judgment against Iran." (*Id.*)

The awards from the USVSST Fund are not beyond the scope of this Court's authority. Respondents express concern that, because the source of the payments sought by *Havlish* Plaintiffs is "outside" of this litigation, "the MDL court lacks authority to order that those recoveries be contributed as part of an MDL assessment." (Responding Pls.' Objs. at 11; *see also* Responding Pls.' Reply, ECF No. 6557, at 2–4.) Respondents further argue that because the legislation creating the USVSST Fund explicitly bars judicial review, redistributing USVSST funds "would be improper" such that Magistrate Judge Netburn "exceeded the court's authority." (Responding Pls.' Objs. at 11–12 (citing 34 U.S.C. § 20144(b)(3)).) But the awards and consequential attorneys' fees in dispute originated from judgments this Court issued in this MDL.[4] "There is no separate requirement that the court also have jurisdiction over the corpus of the settlement, as though this

---

[4] A judgment is generally required to receive payments from the USVSST Fund. *See* U.S. Victims of State Sponsored Terrorism Fund Home Page ("The USVSST Fund may compensate eligible United States persons who . . . hold a final judgment issued by a United States district court awarding the applicant compensatory damages arising from acts of international terrorism for which a foreign state sponsor of terrorism was found not immune from the jurisdiction of the courts of the United States under the Foreign Sovereign Immunities Act." (citing 34 U.S.C. § 20144)).

were a quasi-*in rem* proceeding." *In re Genetically Modified Rice Litig.* ("*Rice II*"), 835 F.3d 822, 830 (8th Cir. 2016); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2019 WL 5865112, at *4 (S.D.N.Y. Nov. 8, 2019) (citing *Rice II* for the exercise of the Court's power to spread the costs of common benefit work product). As in *Rice* II, because one party here was "enriched by the work" of another, "participation in federal litigation gave the district court authority to order the setting aside of funds." *Rice II*, 835 F.3d at 831.

## IV. THIS COURT CANNOT YET DETERMINE THE SIZE OF THE COMMON BENEFIT FEE

### A. Recovery of First Round USVSST Funds Has Not Been Waived

Magistrate Judge Netburn's Order accurately determined that *Havlish* Plaintiffs have not waived interest in funds disbursed in Round One of USVSST payments. (Order at 12.) *Havlish* Plaintiffs filed their initial motions prior to the distribution of the Round One payments, (*id.* at 11), reflecting an effort to avoid problems that might arise from an effort to "clawback" such payments, (*see Havlish* Opp'n to Resp'ts' Objs., ECF No. 6544, at 22–24). Furthermore, Responding Plaintiffs had themselves argued "[t]hat some fees may have been disbursed is immaterial to the question of whether Respondents will comply with a final order directing payment into a common benefit fund." (Order at 12 (citation omitted).) *Havlish* Plaintiffs did not waive the recovery of Round One USVSST payments.

### B. This Court Cannot Yet Assess the Size of the Common Benefit Fee

Magistrate Judge Netburn correctly found that it would not be possible for the Court to establish the proper size of the common benefit fee without first obtaining additional information from the parties, ordering the parties "to file sworn declarations and supporting evidence setting forth the work they did in securing the original Iran default judgment," as well as documentation

regarding any USVSST recovery.[5] (*See* Order at 10, 12; *see also* Sept. 30, 2019 Op. & Order at 11–12.) This Court stayed the submission of these documents until 30 days after its ruling on the Objections. (*See* Oct. 9, 2020 Order, ECF No. 6490; Oct. 14, 2020, ECF No. 6498.) This Court consequently directs the parties to submit the relevant documentation identified in Magistrate Judge Netburn's September 30, 2020 Opinion and Order.

## V.   CONCLUSION

Responding and *Federal Insurance* Plaintiffs' Rule 72 Objections to Magistrate Judge Netburn's September 30, 2020 Opinion and Order, (ECF Nos. 6520 and 6522), are OVERRULED. Magistrate Judge Netburn's 2019 and 2020 Opinions and Orders, (ECF Nos. 5180 and 6481), are CONFIRMED.

Plaintiffs are ordered to meet and confer and to submit jointly or individually a specific plan for structuring a common benefit fund. Plaintiffs are also ordered to comply with Magistrate Judge Netburn's instructions by submitting sworn declarations and supporting evidence to assist in ascertaining the proper size of the common benefit fee and the appropriateness of any specific proposed distribution. Any proposed requests regarding the specific nature of a common benefit fund, a common benefit fee, or any specific distribution shall be supervised by Magistrate Judge Netburn, and subject to review and approval by both the Magistrate Judge and this District Court.

Dated: August 31, 2023  
      New York, New York           SO ORDERED.

*/s/ George B. Daniels*  
GEORGE B. DANIELS  
United States District Judge

---

[5] Magistrate Judge Netburn also reserved judgment on the suitability of the appointment of a special master until after the receipt of such information. (Order at 10–11.)