UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) ECF Case |
|---|---|

This document also relates to member case:

*Marie Laure Anaya, et al. v. Islamic Republic of Iran,* 1:18-cv-12341 (GBD) (SN)

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
PARTIAL FINAL JUDGMENT FOR SOLATIUM DAMAGES FOR
<u>NON-IMMEDIATE FAMILY MEMBER</u>

(*ANAYA/IRAN VI*)

FLEISCHMAN BONNER & ROCCO L.L.P.
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone:  646-415-1399

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com

Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 548-4399
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

*Anaya/Iran* Plaintiff Kathleen Marie Delatizky ("Movant"), by and through her undersigned counsel, respectfully submits this Memorandum of Law in support of her motion for entry of partial final judgments for solatium damages against the Islamic Republic of Iran ("Iran"). Movant is the stepchild of the late Richard Bradway Hall, who was killed in the terrorist attacks committed in the United States by members of the al Qaeda terrorist network on 11 September 2001 ("the September 11th Attacks").

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

In 2018, the *Anaya/Iran* Plaintiffs, who are the personal representatives and family members of U.S. citizens killed in the September 11th Attacks, sued Iran for its role in sponsoring those acts of terrorism. *See*: 18-cv-12341 ECF No. 1. On 5 October 2021, the Court granted a judgment of default in favor of the *Anaya/Iran* Plaintiffs (the "5 October 2021 Judgment"). *See*: 18-cv-12341 ECF No. 70; MDL ECF No. 7178. The 5 October 2021 Judgment established Iran's liability under Section 1605A(c) of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A(c), for the September 11th Attacks and for causing the death of Movant's stepfather, Richard Bradway Hall[1], in those attacks. *See, id*.: MDL ECF No. 7178. The 5 October 2021 Judgment awarded compensatory damages for loss of solatium to, among others, the wife of the late Richard Bradway Hall, namely, Donna M. Hall. *See id*., at Ex. A; MDL ECF No. 7178, at Ex. A. The 5 October 2021 Judgment awarded compensatory damages for conscious pain and suffering to, among others, the Estate of Richard Bradway Hall. *See id*., at Ex. B; MDL ECF No. 7178, at Ex. B.

---

[1] It bears mention that the 5 October 2021 Judgment contained, *inter alia*, a *misnomer*, in that Richard Bradway Hall was initially referenced as "Richard Boy Hall (*sic.*)", which misnomer was corrected, *nunc pro tunc*, by the Court's Order and Partial Final Default Judgment entered herein on 10 January 2022. *See*: 18-cv-12341 ECF No. 97; MDL ECF No. 7580.

1

By the instant motion, Movant seeks entry of judgment for solatium damages in her favor and against Iran based on Movant's close and loving relationship with her late stepfather, Richard Bradway Hall, to whom Movant was the functional equivalent of an immediate family member. Consistent with numerous prior decisions of the Court, based on the facts and circumstances set forth below, and in the accompanying Declaration of Joseph Peter Drennan executed on 5 September 2023 ("Drennan Declaration") and the exhibits annexed thereto, Movant is entitled to an award of solatium damages against Iran, under FSIA § 1605A(c), in the amount of $8,500,000, as well as prejudgment interest thereon at the rate of 4.96 percent per annum, compounded annually, for the period from 11 September 2001 until the date of judgment.

## ARGUMENT

**I.  AVAILABILITY OF SOLATIUM DAMAGES UNDER SECTION 1605A**

Section 1605A(a)(1) of the FSIA creates an exception to sovereign immunity that allows a foreign state to be held accountable for acts of terrorism, or the provision of material support or resources for acts of terrorism, where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency. 28 U.S.C. § 1605A(a)(1). The statute specifically provides for the damages available in cases of "personal injury or death" to include "solatium" damages. 28 U.S.C. § 1605A(a)(1) and (c)(4). "'A claim for solatium refers to the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort.'" *Havlish v. Laden*, 2012 U.S. Dist. LEXIS 143525, *80-81 n.1 (S.D.N.Y. Oct. 3, 2012) ("*Havlish II*") (internal quotation omitted). *See also*: *In re Terrorist Attacks on September*

2

*11, 2001*, 2016 U.S. Dist. LEXIS 142865, at *278 (S.D.N.Y. Oct. 12, 2016) (same).  Courts, including this one, have consistently held that the immediate family members of a person killed in a terrorist attack can recover solatium damages under Section 1605A(c) even if they were not present at the attack that killed their family member.  *See, e.g.*: *In re Terrorist Attacks on September 11, 2001*, 2016 U.S. Dist. LEXIS 151675 (S.D.N.Y. Oct. 31, 2016), *adopting*, 2016 U.S. Dist. LEXIS 144325, at *278 (S.D.N.Y. Oct. 14, 2016) ("*Hoglan II*").

In *Havlish II*, this Court approved the following schedule of solatium awards as appropriate for immediate family members of individuals killed in the September 11th Attacks ("9/11 Decedents"):

| | |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *81 and Table 1.  These amounts represent an upward departure from the benchmarks established in *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006), which this Court found to be warranted "[c]onsidering the extraordinarily tragic circumstances surrounding the September 11th attacks, the indelible impact on the lives of the victims' families, and the frequent reminders that each of the individual Plaintiffs face daily . . . ."  *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *81.  This Court has consistently awarded these same amounts to other plaintiffs in this MDL.

II.   **AVAILABILITY OF SOLATIUM DAMAGES FOR STEPCHILDREN**

Courts applying Section 1605A(c) have consistently held that solatium damages may be recovered by **non-immediate family members** who qualify "as a 'functional equivalent' of an immediate family member under the definition in RESTATEMENT (SECOND) OF TORTS § 46(2)(a)."  *Hoglan II*, 2016 U.S. Dist. LEXIS 144325, at *289-91.

3

This Court has issued numerous decisions and orders awarding solatium damages to stepchildren of 9/11 Decedents.  *See, e.g.*: *Hoglan II*, 2016 U.S. Dist. LEXIS144325, at *288-91, 295-97, 298-300; *In re Terrorist Attacks on September 11, 2001*, 2017 U.S. Dist. LEXIS 128288, at *320-22, 328-30 (S.D.N.Y. Aug. 8, 2017) ("*Hoglan IV*"), adopted by, 2017 U.S. Dist. LEXIS 191746 (Nov. 17, 2017); *In re Terrorist Attacks on September 11, 2001*, 2018 U.S. Dist. LEXIS 158197, at *46-63 (S.D.N.Y. Sep't 13, 2018) ("*Ashton*"); *In re Terrorist Attacks on September 11, 2001*, 2022 U.S. Dist. LEXIS 133842, *272-76, 277-79, 280-84 (S.D.N.Y. July 26, 2022) ("*Burnett/Iran XXV*"), adopted by, MDL ECF 8293 (July 29, 2022).  In these decisions, the Court has defined the circumstances necessary to establish whether a stepchild is the "functional equivalent" of a biological child of a 9/11 Decedent:  namely, (1) the claimant's continuous cohabitation with the 9/11 Decedent for a significant period of time—presumptively, a minimum of two years—before the claimant reached 18 years of age; (2) whether the 9/11 Decedent played a guardian- or custodian-like role in the claimant's development, including whether the 9/11 Decedent treated the claimant "emotionally, financially, and socially . . . as equivalent to a biological child;" and (3) whether the biological parent was absent from the claimant's life.  *See Hoglan II*, 2016 U.S. Dist. LEXIS 144325, at *289-91; *Hoglan IV*, 2017 U.S. Dist. LEXIS 128288, at *320-22, 328-29; *Ashton*, 2018 U.S. Dist. LEXIS 158197, at *47-48.

As to the appropriate quantum of damages for stepchildren of 9/11 Decedents, the Court has adopted and consistently applied the benchmarks recommended by U.S. Magistrate Judge Netburn in *Hoglan II*.  Where the 9/11 Decedent became part of the claimant's family during the claimant's early childhood (roughly birth through age eight), the claimant shall be entitled to the full solatium damages this Court awards to the biological children of 9/11 Decedents; namely, $8,500,000.  *See Hoglan II*, 2016 U.S. Dist. LEXIS 144325, at *296; *Hoglan IV*, 2017 U.S. Dist.

4

LEXIS 128288, at *328; *Ashton*, 2018 U.S. Dist. LEXIS 158197, at *51-53, 54, 55-59.  Where the 9/11 Decedent became part of the claimant's family after the claimant had passed early childhood, but was still living in the family home and undergoing secondary education (roughly ages 9 through 17), the claimant shall be entitled to half of the solatium damages this Court awards to the biological children of 9/11 Decedents; namely, $4,250,000.  *See*: *Hoglan II*, 2016 U.S. Dist. LEXIS 144325, at *296-97; *Hoglan IV*, 2017 U.S. Dist. LEXIS 128288, at *329; *Ashton*, 2018 U.S. Dist. LEXIS 158197, at *51-53, 54, 55-59.

In awarding solatium damages to stepchildren of 9/11 Decedents, this Court has relied upon claimants' statements about the length, nature, and quality of their relationships with the decedents.  *See, e.g., Ashton*, 2018 U.S. Dist. LEXIS 158197, at *51-62; *Burnett/Iran XXV*, 2022 U.S. Dist. LEXIS 13844, at *275, 277-79, 280-83.

### III.  MOVANT IS ENTITLED TO $8,500,000 IN SOLATIUM DAMAGES AGAINST IRAN

The declarations of Movant and her biological mother, Donna M. Hall (annexed as Exhibits 1 & 2, respectively, to the Drennan Declaration) demonstrate that the late Richard Bradway Hall was the "functional equivalent" of a biological parent to Movant for nearly ten years immediately prior to his death on 11 September 2001, beginning when Movant was eight years of age. *See*: Kathleen Marie Delatizky Decl. (Drennan Ex. 1) at ¶¶ 5,6; and Donna M. Hall Decl. (Drennan Ex. 2), ¶7.  Based on the criteria and benchmarks this Court has developed, Movant is therefore entitled to solatium damages in the amount of $8,500,000.

Movant began living with Richard Hall, as a family, in mid-December of 1991, when she was eight years old, immediately following her mother's marriage, on 15 December 1991, to Richard Hall.  *See*: Kathleen Marie Delatizky Decl. (Drennan Ex. 1) at ¶ 5,6; and Donna M. Hall Decl. (Drennan Ex. 2), ¶¶ 6, 7.  Movant lived with Richard Hall and her mother mother

5

continuously from that time until Richard Hall's death in the collapse of the World Trade Center on 11 September 2001.  *See*: Kathleen Marie Delatizky Decl. (Drennan Ex. 1) at ¶¶ 7,9.  and Donna M. Hall Decl.(Drennan Ex. 2), ¶7.

Although Movant continued to have visitation with her biological father every Wednesday evening and every other weekend throughout her childhood, from the point at which her mother separated from her biological father, when Movant was two and a half years of age, Movant saw Richard Hall as "… the only father figure that (she) lived with fulltime growing up and . . . a wonderful stepdad." *See*: Kathleen Marie Delatizky Decl. (Drennan Ex. 1) at ¶¶ 3,7, and Donna M. Hall Decl. (Drennan Ex. 2), ¶7.  Movant recounted how Richard Hall helped her with her school homework, watched TV with (her) in the evening, played board games with her, took Movant into his office with him on "take your daughter to work day", and had a tradition of giving her tickets to see a Broadway show as a birthday present, and took her on a weeklong vacation to visit his parents on Cape Cod every summer throughout Movant's childhood.  *See*: Kathleen Marie Delatizky Decl. (Drennan Ex. 1) at ¶¶ 7,8 ,  and Donna M. Hall Decl. (Drennan Ex. 2), ¶7.

Although Movant's mother, Donna M. Hall, received $450 per month in child support following her separation from Movant's biological father, and for the balance of Movant's childhood, it was Richard Hall who purchased the family home, where Movant grew up; Richard Hall who was the primary breadwinner of the family household; Richard Hall who paid Movant's tuition at a parochial high school; and Richard Hall who purchased Movant a car. *See*: Kathleen Marie Delatizky Decl. (Drennan Ex. 1) at ¶¶ 5, 8,   and Donna M. Hall Decl. (Drennan Ex. 2), ¶7, 8.

Movant had a close and continuous relationship with her stepfather, Richard Hall, for nearly ten years prior to his death. Given Movant's tender age when Richard Hall assumed the role of her father, and married her mother, the appropriate measure of Movant's solatium damages under the Court's framework for awards to non-immediate family members is $8,500,000.

## IV.   AVAILABILITY OF PUNITIVE DAMAGES UNDER SECTION 1605A

Under Section 1605A(c)(4), Movant is also entitled to punitive damages against Iran. *See* 28 U.S.C. § 1605A(c)(4). In 2012, this Court awarded the *Havlish* plaintiffs punitive damages in the amount of 3.44 times their compensatory damages. *Havlish II*, 2012 U.S. Dist. LEXIS 143525, at *82. This Court subsequently applied the same ratio in awarding punitive damages to plaintiffs in other 9/11-related cases.

However, in an order dated 14 October 2016, in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 1:02-cv-6977-GBD-SN and *Bauer v. al Qaeda Islamic Army*, 1:02-cv-7236-GBD-SN, U.S. Magistrate Judge Netburn ordered prompt entry of final judgments for compensatory damages but deferral of awards of punitive damages until a later stage of this litigation. *See* MDL ECF No. 3362 (Oct. 14, 2016) (noting that "[a]ny delay in the award of punitive damages will not prejudice plaintiffs in their applications to the [Victims of State Sponsored Terrorism Fund]"), *adopted by*, MDL ECF No. 3384 (Oct. 31, 2016). Since then, this Court has routinely entered final orders of judgment authorizing plaintiffs awarded compensatory damages to submit "an application for punitive damages . . . at a later date consistent with any future rules made by this Court on the issue." *See, e.g.*: MDL ECF No. 5565 (Feb. 18, 2020). Accordingly, Movant respectfully requests permission to address the issue of punitive damages at a later date, in accordance with future rulings of the Court.

7

## V. PREJUDGMENT INTEREST

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See*: *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court has awarded prejudgment interest at a rate of 4.96 per cent per annum, compounded annually from September 11, 2001 to the date of judgment, on solatium awards to stepchildren. *See, e.g., Hoglan II*, 2016 U.S. Dist. LEXIS 151675, at *275. Movant respectfully requests that the Clerk be directed to award prejudgment interest on her solatium damages awards at the rate of 4.96 percent per annum, compounded annually, running from 11 September 2001, until the date of the judgment.

## CONCLUSION

For all of the foregoing reasons, *Anaya/Iran* Plaintiff Kathleen Marie Delatizky respectfully requests the Court to grant her motion and enter partial final judgments in her favor against Iran for solatium damages in the amount of $8,500,000, and prejudgment interest thereon at the rate of 4.96 percent per annum, compounded annually, running from 11 September 2001 until the date of the judgment.

Dated: 5 September 2023  
White Plains, New York

Respectfully submitted,

**FLEISCHMAN BONNER & ROCCO LLP**

By: /s/ James P. Bonner
James P. Bonner (jbonner@fbrllp.com)
Patrick L. Rocco (procco@fbrllp.com)
Susan M. Davies (sdavies@fbrllp.com)
81 Main Street, Suite 515
White Plains, New York 10601
Telephone: 646-415-1399


Joseph Peter Drennan (admitted *pro hac vice*)
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Telephone: (703) 519-3773
Telecopier: (703) 548-4399
Mobile: (540) 226-0777
joseph@josephpeterdrennan.com

Patrick M. Donahue (admitted *pro hac vice*)
P. Joseph Donahue (admitted *pro hac vice*)
THE DONAHUE LAW FIRM, LLC
18 West Street
Annapolis, MD 21401
Telephone: (410) 280-2023
pmd@thedonahuelawfirm.com
pjd@thedonahuelawfirm.com

P. York McLane (admitted *pro hac vice*)
LAW OFFICE OF P. YORK MCLANE
14015 Park Dr., Ste. 111
Tomball, Texas 77377
yorkmclane@yahoo.com

***Counsel for Plaintiff Kathleen Marie Delatizky***