# EXHIBIT 30

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

| Basis | Kohlmann Affirmative Report (Exhibit 2) | Kohlmann Rebuttal Report (Exhibit 6) | Levitt Affirmative Report (Exhibit 34) | Levitt Rebuttal Report (Exhibit 38) |
|---|---|---|---|---|
| Qualifications | Defendants allege that Kohlmann is not qualified to offer any substantive opinions contained in paragraphs 11c, 17-18, 36-67, 130-154, 160-162, 164, 169-170, 174-175, 177- 179, 182-185, 187, 190- 194, 200-201, 204-206 of his report. As set forth in Plaintiffs' Opposition Brief Section III. a. i-v, Kohlmann is qualified to offer every opinion provided in his report. | As set forth in Plaintiffs' Opposition Brief Section III. a. i-v, Kohlmann is qualified to offer every opinion provided in his report.<br><br>¶¶ 11, 23, 44, 60-61, 63 – Kohlmann is qualified to testify about the background of Saudi Arabia's embrace of radicalism and other topics contained in his rebuttal report.<br><br>¶ 47 – Kohlmann is qualified to offer opinions on the financial operations and controls as set forth in Plaintiffs' Opposition Brief.<br><br>¶¶ 75-79 – Kohlmann is qualified to offer opinions on the structures of Defendant charities. | As set forth in Plaintiffs' Opposition Brief in Sections III. b. viii-x., Levitt's expertise qualifies him to offer opinions on ¶¶ 21-40, 42, 48, 52, 64-78, 82-83, 85-86, 91-96, 111-112, 134-135, as identified in Defendants' Declaration of Aisha Bembry (ECF No. 9254). | As set forth in Plaintiffs' Opposition Brief in Sections III. b. viii-x., Levitt is qualified to offer the opinions provided in his rebuttal report including paragraphs 26-40, 29, 65, 67, 69, 73-74 as identified in Defendants' Declaration of Aisha Bembry (ECF No. 9254). |
| Lack of Relevance | As described in Plaintiffs' Opposition Brief in Section III. a. xi., paragraphs 11a, 11c, 19, 21, 24- 25, 28-50, 55, 68-72, 75-76, 82, 84-91, 95-99, 101-105, 107-118, 122, 126-137, 142-144, 146, 156-157, 162-163, 165- 167, 169- | As described in Plaintiffs' Opposition Brief in Section III. a. xi., paragraphs 4-11, 22, 24-26, 28- 29, 35-38, 46-47, 53, 62, 71, 82-83 identified in the declaration of Aisha Bembry (ECF No 9254) are relevant and should not be excluded. | As described in Plaintiffs' Opposition Brief in Section III. b. vii., paragraphs 32-35, 37, 39, 41, 43-44, 47, 50, 52, 57, 64, 70, 74-75, 78-81, 83-92, 95, 99-100, 111-115, 117-133 identified in the declaration of Aisha Bembry (ECF No 9254) are | As described in Plaintiffs' Opposition Brief in Section III. b. vii., paragraphs 11-12, 24, 69-71, 74 identified in the declaration of Aisha Bembry (ECF No 9254) are relevant and should not be excluded. |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

| | | | |
|---|---|---|---|
| ¶¶ 170, 174-175, 177-179, 187-190, 195-203 identified in the declaration of Aisha Bembry (ECF No 9254) are relevant and should not be excluded.<br><br>¶¶ 11a, 11c, – These sections are relevant in that they provide an overview of opinions Kohlmann will provide in his report.<br><br>¶¶ 19, 21, 24-25 – These sections are relevant and provide valuable background on the history of Saudi terrorist financing.<br><br>¶¶ 28-50, 55, 68-70 – Kohlmann's discussion of the history and financial assistance of MWL is relevant in that it shows MWL's ties to terrorist organizations.<br><br>¶¶ 71-72, 75-76, 82, 84-91, 95-99, 101-105, 107-118, 122, 126-137, 142-144, 146, 156-157 – Kohlmann's discussion of the history and financial assistance of IIRO is relevant in that | ¶¶ 4-11, 22, 24-26 – These sections describe the founding of Al Qaeda and are relevant.<br><br>¶¶ 28-29 – These sections provide a rebuttal to defense experts Sidel and Benthall and are relevant.<br><br>¶¶ 35-38, 46-47 – Kohlmann's discussion of Sulaiman Abu Ghaith and his connections to terrorist attacks are relevant.<br><br>¶ 53 – Kohlmann's discussion of IIRO's support of Al Qaeda is relevant in that it shows the charities funding of terrorist activities.<br><br>¶ 62 – Kohlmann's discussion of Saudi sentiment towards the United States provides valuable background on the formation of Saudi charities and the spread of Wahhabism.<br><br>¶ 71 – The partnership of Al-Qaida and the Taliban is relevant in that it shows that the organizations were unified and rebuts the statements made by the defenses' expert Brown. | relevant and should not be excluded.<br><br>¶¶ 32-35, 37, 39, 41 – Levitt's discussion of the history of al-Qaeda provides context, background information and is relevant.<br><br>¶¶ 43-44, 47, 50, 52, 57 – These sections contextualize the funding of charities in support of terrorist objectives and are relevant.<br><br>¶¶ 64, 70, 74-75, 78-81, 83-92, 95 – The background on Al-Qaeda's use of charity fund raising provides support for Levitt's opinions and is relevant.<br><br>¶¶ 99-100 – Levitt's discussion of government documents revealing MWL's funding of terrorist organizations is relevant.<br><br>¶¶ 111-115, 117-133 – Levitt's opinions and analysis of government documents regarding IIRO charity funding of terrorist activities provides historical context and is relevant and proper. | ¶¶ 11-12 – Levitt's rebuttal to defense expert Sidel is proper and relevant.<br><br>¶ 24 – Levitt's discussion of and analysis of Saudi Arabia joining the United States in the designation of Wael Juleidan and branches of the Al Haramain Foundation is relevant.<br><br>¶¶ 69-71, 74 – Opinions of charity donations for jihad is relevant. |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

|  |  |  |  |  |
|---|---|---|---|---|
|  | it shows IIRO's ties to terrorist organizations.<br><br>¶¶ 162-163, 165- 167, 169-170, 174-175, 177-179, 187-190, 195-203 –Kohlmann's discussion of the history and financial assistance of WAMY is relevant in that it shows WAMY's ties to terrorist organizations. | ¶¶ 82-83 – This section provides important background information of Al-Qaida members and is relevant. |  |  |
| **Impermissible State of Mind** | As described in Plaintiffs' Opposition Brief in Section III. a. ix., paragraphs 11d, 17, 21, 58, 129, 204-206 identified in the declaration of Aisha Bembry (ECF No 9254) are not excludable.<br><br>¶ 11d, 17 – Defendants made no argument describing what, specifically, in paragraph 11d amounts to impermissible state of mind testimony. Kohlmann describes whether a given state of mind is consistent with a given practice.<br><br>¶ 21– Defendants have made no argument describing what, | As described in Plaintiffs' Opposition Brief in Section III. a. ix., paragraph 31 identified in the declaration of Aisha Bembry (ECF No 9254) is not excludable.<br><br>¶ 31 – Kohlmann's discussion of Wali Khan Amin Shah's wire of funds in this paragraph describe conduct and is not impermissible state of mind testimony. Further, Kohlmann's discussion of Ramzi Yousef's knowledge of Mohammed Jamal Khalifa's relationship to Bin Laden was a direct quote and is supported by the Summary Interview cited in this section. | ¶¶ 41, 47 – Defendants have made no argument describing what, specifically, in these paragraphs amounts to impermissible state of mind testimony. Nevertheless, discussion in these paragraphs relate to conduct and not state of mind. | ¶¶ 24, 37, 41 – Defendants have made no argument describing what, specifically, in these paragraphs amounts to impermissible state of mind testimony. Nevertheless, discussion in these paragraphs relate to conduct and not state of mind. |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

| | | | |
|---|---|---|---|
| | specifically, in this paragraph amounts to impermissible state of mind testimony. Kohlmann's opinions are permissible and as he quotes the 9/11 Commission Report and other supporting cites in his description of whether a given state of mind is consistent with a given practice.<br><br>¶ 58 – Kohlmann's discussion of MWL, IIRO, Rabita Trust in this paragraph does not amount to state of mind testimony.<br><br>¶ 129 – Defendants have made no argument describing what, specifically, in this paragraph amounts to impermissible state of mind testimony. Kohlmann's discussion of Abdelhadi Daguit in this paragraph describes whether his state of mind is consistent with a given practice.<br><br>¶ 204- Defendants have made no argument describing what, specifically in paragraph 204 amounts | | |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

|  |  |  |  |  |
|---|---|---|---|---|
|  | to impermissible state of mind testimony. Kohlmann's opinion regarding the financial support of Al-Qaida by dawah organizations is not impermissible state of mind testimony.<br><br>¶¶ 205-206 – As set forth in Plaintiffs' Opposition Brief, Kohlmann does not offer impermissible state of mind testimony. In these paragraphs, Kohlmann states whether a state of mind is consistent with a given practice. |  |  |  |
| **Impermissible Legal Conclusions** | None of the opinions contained in Kohlmann's report are impermissible legal conclusions, including paragraphs 11b, 11d, 17, 30, 51, 77, 158, 204-205 identified in the Declaration of Aisha Bembry (ECF 9250; 1954). As set forth in Plaintiffs' Opposition Brief in Section III. a. viii., Kohlmann's opinions are permissible. | Defendants challenge paragraph 47 of Kohlmann's rebuttal report. Kohlmann's discussion of evidence surrounding IIRO's and WAMY's fundraising violations contains no discernable legal conclusion and are expert opinions based on evidence. As set forth in Plaintiffs' Opposition Brief in Section III. a. viii., Kohlmann's opinions are permissible. | As set forth in Plaintiffs' Opposition Brief in Section III. b. v., none of the opinions provided in Levitt's report contain legal conclusions, including ¶¶ 2.6, 58, 62, 99- 100, 116-121 challenged in Defendants' Exhibit 2. | As set forth in Plaintiffs' Opposition Brief in Section III. b. v., none of the opinions provided in Levitt's rebuttal report contain legal conclusions, including ¶¶ 14, 22 challenged in Defendants' Exhibit 2. |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

| | | | | |
|---|---|---|---|---|
| **Lack of Sufficient Factual Basis (Speculation, Conjecture, Conclusory Opinions (Ipse Dixit))** | Defendants allege that Kohlmann does not have sufficient factual basis for his opinions provided in paragraphs 23, 49, 51, 55-56, 58-62, 71-73, 81-82, 87, 90-91, 105-106, 119, 130-157, 161-162, 166-179, 183, 186, 190-195, 204-206. As outlined in Plaintiffs' Opposition Brief at III, a, xii. and xiii; Kohlmann has sufficient factual bases to offer all the opinions contained in his affirmative report. Each opinion provided by Kohlmann is supported by evidence cited throughout his report. Defendants do not acknowledge the plethora of support referenced. | As described in Plaintiffs' Opposition Brief at Section III. a. xii and xiii, all opinions in Kohlmann's report contain sufficient factual basis. Defendants allege that ¶ 47 of Kohlmann's rebuttal report lacks sufficient factual basis. Evidence supporting Kohlmann's opinions are cited throughout the report. | Defendants allege in the Declaration of Aisha Bembry (ECF 9250 & 9254), that the opinions contained in ¶¶ 37, 58, 95, 99, 100, 103, 107, 112, 114, 116, 118, 121, 124, and 126 lack sufficient factual basis. Defendants have not formulated any justification or legal argument for the exclusion of these paragraphs. Therefore, these opinions should not be excluded. | Defendants allege in the Declaration of Aisha Bembry (ECF 9250 & 9254), that the opinions contained in ¶¶ 9, 26-40, and 62 lack sufficient factual basis. Defendants have not formulated any legal argument for the exclusion of these paragraphs. Therefore, these opinions should not be excluded. |
| **Unreliable Principles Methods and Application to Facts** | Defendants allege that Kohlmann utilizes "unreliable sources" and thus cannot offer several substantive opinions contained paragraphs 23, 71-73, 81-82, 87, 90-91, 119, 175 of his report. As set | | | |

CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.

| | | | |
|---|---|---|---|
| | forth in Plaintiffs' Opposition Brief in Section III. a. i., Kohlmann reliably applies a robust methodology and thus his opinions are permissible. | | |
| **Impermissible Conduit of Hearsay** | As described in Section III. a. x. of Plaintiffs' Opposition Brief, paragraphs 20-22, 67, 97, 106, 112-113, 118, 121, 123-124, 137, 152, 159, 168-172, 190-194 identified in the declaration of Aisha Bembry (ECF No 9254) are not excludable.<br><br>¶¶ 20-22 – Defendants make no legal argument explaining why paragraphs 20-22 should be excluded as impermissible hearsay. These paragraphs related to the financing of charities are not conduits of impermissible hearsay simply because Kohlmann cites to sources for support.<br><br>¶67 – Defendants make no legal argument explaining why paragraph 67 should be excluded as | As described in Section III. a. x. of Plaintiffs' Opposition Brief, paragraphs ¶ 2, 4-23, 33-36, 38, 41-44, 48-51, 53, 55, 60-61, 73, 81, 84 identified in the declaration of Aisha Bembry (ECF No 9254) are not excludable.<br><br>¶¶ 2, 4-23 – Defendants make no legal argument explaining why paragraphs 2, 4-23 should be excluded as impermissible hearsay. Further, Defendants blanketly challenge these sections and ignore Kohlmann's analysis throughout. Citation to documents in support of his opinions is not impermissible hearsay.<br><br>¶¶ 33-36 – Defendants make no legal argument explaining why paragraphs 33-36 should be excluded as impermissible hearsay. These paragraphs are discussions of Kohlmann's rebuttal to defense expert | As described in Section III. b. vi. of Plaintiffs' Opposition Brief, paragraphs 23-27, 31, 33-37, 41-43, 65-66, 68-69, 73, 77, 94-95, 98, 101-104, 106-107, 110-111, 113, 116-117, 119-120, 124, 126-128 are not excludable.<br><br>¶¶ 23-27 – The quoted material in these paragraphs is quoted in support of Levitt's arguments in ¶ 21, and they are appropriate as he relies on them to support this argument.<br><br>¶¶ 31, 33-37 – This section of Levitt's affirmative report does not contain any impermissible hearsay and offers clear analysis of appropriately cited material.<br><br>¶ 41-43 – Levitt's quoting and appropriate sourcing of the 9/11 Commission Report and other sources in this section do not render him a | As described in Section III. b. vi. of Plaintiffs' Opposition Brief, paragraphs 31, 49-51, 67 identified in the declaration of Aisha Bembry (ECF No 9254) are not excludable.<br><br>¶ 31 – This paragraph is a rebuttal to defense expert testimony on al Qaeda's abuse of charities. The quoted language from the UN Monitoring Group in support of Levitt's opinion is not impermissible hearsay.<br><br>¶¶ 49-51 –These paragraphs contain support for Levitt's rebuttal to Sageman's reportand do not contain impermissible hearsay.<br><br>¶ 67 – Properly sourced, quoted and analyzed text from the 9/11 Commission Report, noted as supporting both Levitt's initial and rebuttal opinions, is not inadmissible hearsay. |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

| | | | |
|---|---|---|---|
| | impermissible hearsay. Kohlmann's inclusion of the Treasury press release in support of his discussion of Specially Designated Global Terrorist is properly sourced and not impermissible hearsay.<br><br>¶ 97 – Defendants make no legal argument explaining why paragraph 97 should be excluded as impermissible hearsay. Kohlmann's inclusion of the sources support off his analysis regarding the identification of al-Qahtani is not impermissible hearsay.<br><br>¶¶ 106, 112-113 – Kohlmann's quoting to the letters of Philip Wilcox and other cited sources in these sections, in support of his discussion related to the Mohammad Jamal Khalifa is not impermissible hearsay.<br><br>¶¶ 118, 121, 123-124 – Properly sourcing and quoting text from a U.S. State Department cable, as well as other sources | Brown's report. It does not contain impermissible hearsay.<br><br>¶¶ 38, 41-44, 48-51 – Quotations from government documents and other sources in these sections for the purpose of analysis by Kohlmann is not impermissible hearsay.<br><br>¶¶ 53, 55 – Defendants make no legal argument explaining why paragraphs 53 and 55 should be excluded as impermissible hearsay. The discussion of Saudi Arabia's support of IIRO, MWL, and WAMY forms, in part, the basis of Kohlmann's opinion. The quoted portions are necessary to contextualize his analysis.<br><br>¶¶ 60-61, 73, 81, 84 – Properly sourcing, quoting and analyzing text from the 9/11 Commission Report and other sources in these sections is not inadmissible hearsay. | conduit of impermissible hearsay.<br><br>¶¶ 65-66, 68-69 – Levitt's citation to CIA articles and reports in support of his discussion of Al Qaeda's abuse of charity is not impermissible hearsay.<br><br>¶¶ 73, 77 – The quoted material in in these paragraphs is quoted in support of Levitt's discussion regarding *dawa* in the context of militant Islamic organizations and is not impermissible hearsay.<br><br>¶¶ 94-95 Levitt appropriately cites quotes from sources he deemed credible in supporting the conclusion contained in ¶ 93 and other opinions in this section. This section does not include impermissible hearsay.<br><br>98, 101-104 – These paragraphs, and others related to the history of MWL, are not conduits to impermissible hearsay and are made in support of Levitt's conclusions in ¶ 93, 100, and other paragraphs in this section. ¶ 104 also | |

**CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.**

| | | | | |
|---|---|---|---|---|
| | in this section is not impermissible hearsay.<br><br>¶¶ 137, 152 – Defendants make no legal argument explaining why paragraphs 137 and 152 should be excluded as impermissible hearsay. Nevertheless, Kohlmann analyzes the IIRO audits and investigations in these sections. Kohlmann applying his expertise in evaluating sources in these sections is not impermissible hearsay.<br><br>¶¶ 159, 168-172 – Kohlmann's discussion of WAMY and quoting of U.S. Department of Defense documents to support this discussion is not impermissible hearsay.<br><br>¶¶ 190-194 – Kohlmann's quoting to the CRA in discussion of WAMY's finances does not render him a conduit of impermissible hearsay. | | includes Levitt's analysis and opinion.<br><br>¶¶ 106-107, 110-111, 113, 116- 117, 119-120, 124 – These paragraphs, and others related to the history of IIRO, are not conduits to impermissible hearsay and are made in support of Levitt's conclusions in ¶¶ 93, 104, and other paragraphs in this section.<br><br>¶¶ 126-128 – These paragraphs, and others related to the history of the Al Haramain Islamic Foundation, are not conduits to impermissible hearsay and are made in support of and to contextualize Levitt's arguments in ¶¶ 93, 131, and other paragraphs in this section. | |
| **FRE 403** | | | Defendants make no discernable legal argument explaining why these sections should be excluded | As discussed in Plaintiffs' Opposition Brief Section III. b. i., ¶¶ 5-6, 8, 11-25, 32, 38, 69-71, 74 identified |

CATALOG OF RESPONSES TO DEFENDANT'S EXHIBIT 1 AT ECF NO. 9250.

| | | | | |
|---|---|---|---|---|
| | | | based on FRE 403. Therefore, paragraphs 32- 35, 37, 39, 41, 43-44, 47, 50, 52, 55, 57-58, 62-64, 70, 74- 75, 78-92, 95, 99- 100, 111-115, 117- 133 identified in the declaration of Aisha Bembry (ECF No 9254), should not be excluded. | in the declaration of Aisha Bembry (ECF No 9254) are proper and would not confuse or mislead the jury. |