UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD) (SN) (and member cases *Bauer et al, v. al Qaeda et al.,* 02-cv-7236 and *Burlingame v. Bin Laden, et al.,* 02-cv-7230)

### *Ashton-Dickey* Plaintiffs' Amended
### Motion for Final Judgments Against the Taliban

For the reasons set forth below, and in the statements contained in the Declarations of John F. Schutty, Esq. ("Schutty Declaration"), Plaintiff Patricia Ryan and Plaintiff Kristen Breitweiser, the exhibits thereto, and the record in this case, certain plaintiffs (the Breitweiser and Ryan families) in the above-captioned *Ashton* action (a subset of original *Burlingame* and *Bauer* plaintiffs,[1] hereinafter referred to as part of the *Ashton-Dickey* Plaintiffs), who are represented by the Law Office of John F. Schutty, P.C.,[2] described within the exhibits to the Schutty Declaration, respectfully move for an Order determining the liability of the Taliban for final damage judgments in connection with the losses and injuries these Plaintiffs suffered as a result of the deaths of their decedents in the September 11, 2001 terrorist attacks.

---

[1] The *Burlingame* (02-cv-7230), *Bauer* (02-cv-7236) and *Ashton* (02-cv-6977) matters were ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al*. master docket number 02-cv-6977, with the filing of a consolidated master complaint.  *See* 02-cv-6977, Doc. No. 15, entered 11/19/2002.  The *Burlingame* and *Bauer* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket numbers and counsel.  *See, e.g*., 02-cv-6977, Doc. No. 465, filed 03/30/2005.

[2] The *Ashton* Complaints now include ten families represented by the Law Office of John F. Schutty P.C.; these ten families are pursuing wrongful death claims and are referred to hereinafter as the *Ashton-Dickey* Plaintiffs.  Each of the Plaintiffs' claims identified in Exhibits A and B to the Declaration of John F. Schutty accompanying the instant motion were included in the *Ashton* 6th Amended Complaint filed September 30, 2005 (ECF 1463), which was the operative pleading at the time this Court issued a liability judgment for the consolidated *Ashton* plaintiffs against the *Taliban* and *Omar* Defendants on May 12, 2006, ECF 1797.

As shown through the accompanying Schutty Declaration (and exhibits attached thereto): (a) the two wrongful death claims at issue on this motion are being pursued by the "personal representative" of each decedent's estate, appointed in accordance with the law of the state (New Jersey) where each decedent was domiciled at the time of his death, (b) all of the claimants seeking damages herein are "heirs" (widows and children of each decedent), qualified to receive wrongful death damages under the law of the state where each decedent was domiciled at the time of his death, (c) their claims against the Taliban were filed against this Defendant in a timely manner in 2002 (*See* 02-cv-6977 (S.D.N.Y.) ECF 1). That Complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.), and (d) all the claimants were United States citizens domiciled in the State of New Jersey at the time of each decedent's death.

In light of the base default liability judgment the *Ashton* plaintiffs previously obtained against, among others, the Taliban, the *Ashton-Dickey* Plaintiffs herein (Breitweiser and Ryan Plaintiffs) now specifically request an Order:

1. Determining that a cause of action for wrongful death exists under the Anti-Terrorism Act (18 U.S.C. § 2333).

2. Awarding each Estate of the individuals killed in the September 11 terrorist attacks listed in Exhibit D (two of the "*Ashton-Dickey* 9/11 Decedents") damages for their decedent's conscious pain and suffering against the Taliban in the amount of $2,000,000 per decedent, which is the same amount this Court previously awarded to them in a default judgment against the Defendant Islamic Republic of Iran (an item recoverable under applicable New Jersey state law by each Estate) (*see* previous damage awards: Breitweiser: MDL ECF#4011 and Ryan: MDL ECF#5999).

3. Awarding each of the two Estates of the *Ashton-Dickey* 9/11 Decedents herein damages as set forth in Exhibit D for economic loss against the *Taliban*, in the same amounts that this Court awarded to those Estates on the basis of the expert analysis and reports that these same Plaintiffs

previously filed in their default judgment applications against Iran (those same expert reports are filed here) (Breitweiser: MDL ECF#4011 and Ryan: MDL ECF#5999).

4. Awarding the Estate Personal Representatives listed in Exhibit C, who are named as such in the original Complaints, and who are also the widows of *Ashton-Dickey* 9/11 Decedents (qualified heirs of each Estate under the law of the State of New Jersey), solatium damages in the same amount that this Court has previously awarded to these widows *(if New Jersey state law is deemed not to apply).* (Breitweiser: MDL ECF#4011 and Ryan: MDL ECF#5999).

5. Awarding the children of the *Ashton-Dickey* 9/11 Decedents listed in Exhibit D (qualified heirs of each estate under the law of the State of New Jersey), whose 9/11 Decedents were named in theoriginal Complaints, solatium damages in the same amounts that this Court has previously awarded to these children (Breitweiser: MDL ECF#4011 and Ryan: MDL ECF#5999).

6. Awarding these *Ashton-Dickey* Plaintiffs treble damages under the Anti-Terrorism Act (18 U.S.C. § 2333).

7. Awarding these *Ashton-Dickey* Plaintiffs pre-judgment interest at the rate of 4.96 percent perannum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

8. Granting these *Ashton-Dickey* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

9. Granting permission for all other *Ashton* plaintiffs in this action, not appearing within the exhibits to the Schutty Declaration, to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the accompanying Proposed Order will represent the only direct recovery by these *Ashton-Dickey* Plaintiffs against the Taliban, the Proposed Order will constitute final awards and judgments against the Taliban for these Plaintiffs.

-4-

Dated: New York, New York
   October 19, 2023

Respectfully submitted,

LAW OFFICE OF JOHN F. SCHUTTY, P.C.

By: /s/ *John F. Schutty*
John F. Schutty, Esq. (JS2173)
445 Park Ave., 9th Floor
New York, New York 10022
Tel: (646) 345-1441
*Counsel for the Ashton-Dickey Plaintiffs*