**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------x
                                    :
IN RE:                              :         MEMORANDUM DECISION
                                    :            AND ORDER
TERRORIST ATTACKS ON                :
SEPTEMBER 11, 2001                  :         03 MDL 1570 (GBD) (SN)
                                    :
                                    :
------------------------------------x

This document relates to:

  *Burnett et al. v. The Islamic Republic of Iran et al.*, 15 Civ. 9903 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

  On March 13, 2023, three *Burnett* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award compensatory damages for pain and suffering in light of personal injury claims sustained by the Plaintiffs during the September 11, 2001 terrorist attacks. (Pls.' Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 8917.)[1]  Before the Court is Magistrate Judge Sarah Netburn's October 2, 2023 Report and Recommendation (the "Report"), recommending that this Court grant Plaintiffs' motion in part and recommending the amounts in which each Plaintiff should be awarded pain and suffering damages. (Report, ECF No. 9358.)  Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 5.)  No party has filed any objections.

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN).

## I.   LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Having reviewed the Report for clear error and finding none, this Court ADOPTS Magistrate Judge Netburn's Report in full.

## II.   MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the September 11, 2001 terrorist attacks, which this Court adopted on February 14, 2020. (R. & R. to the Hon. George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision & Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs and is as follows:

| Category of Injury | Pain and Suffering Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(*Id.* at 6.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what type of injuries the Court will typically consider to be "significant," "severe," or "devastating," and she also reserved the Court's discretion to award further upward departures in what appear to be exceptional circumstances. (*Id.* at 6–9.)

Magistrate Judge Netburn applied this framework to previous motions by *Burnett* Plaintiffs for personal injury damages.[2] Magistrate Judge Netburn correctly applied the same framework to the instant motion seeking damages for similar injuries. (Report at 2.)

## A. There Was No Error in the Determination of the Amount of Pain and Suffering Damages Plaintiffs Are Entitled to.

Magistrate Judge Netburn properly determined that awards of pain and suffering damages, as listed in Exhibit A of this opinion, are appropriate. Plaintiffs submitted declarations wherein they extensively detailed the injuries they sustained during the September 11, 2001 terrorist attacks. (*See* Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 8919, Exs. 2–4.) The Report accurately describes the relevant injuries and whether medical records confirm these injuries, especially in its determination that the injuries suffered by Plaintiffs Anex Joseph Desinor and Raymond E. Streker[3] are properly classified as significant, not severe, given the former's lack of surgical intervention and the similarities between the latter's knee injury and that of other *Burnett* Plaintiffs whose knee injuries were deemed significant. (*See* Report at 2–4.)

Additionally, Magistrate Judge Netburn appropriately found that (1) "[t]hese [P]laintiffs should be awarded prejudgment interest on their damages from September 11, 2001, through the

---

[2] *See Burnett II*, ECF No. 5888, at 2; *Burnett III*, ECF No. 5909, at 2; *Burnett IV*, ECF No. 5932, at 2; *Burnett V*, ECF No. 7323, at 2; *Burnett VI*, ECF No. 8258, at 2.

[3] As indicated in the Report, counsel is directed to submit a motion to correct the typographical error in the spelling of Mr. Streker's name. (*See* Report at 4 n.2.)

date of judgment at a rate of 4.96 percent per annum, compounded annually"; (2) Plaintiffs "may apply for punitive, economic, or other damages later, consistent with future Court rulings on this issue"; and (3) "[a]ll other *Burnett* plaintiffs may submit applications for damages in later stages." (*Id.* at 5.)

## III.   CONCLUSION

Plaintiffs' Motion for Partial Final Default Judgments (ECF No. 8917) is GRANTED.  It is:

**ORDERED** that the *Burnett* Plaintiffs identified in the attached Exhibit A are awarded judgments for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that to the extent they have not done so already, the Plaintiffs identified in Exhibit A may submit in later stages applications for punitive, economic, and/or other damages awards.

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards.

The Clerk of Court is directed to close the motions at ECF No. 8917 in 03-md-1570 and ECF No. 643 in 15-cv-9903.

Dated:  New York, New York
        November 1, 2023

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

4

# Exhibit A

| Plaintiff | Pain and Suffering Damages |
|---|---|
| Anex Joseph Desinor | $5,000,000.00 |
| Kevin M. Shea | $7,000,000.00 |
| Raymond E. Streker | $5,000,000.00 |
| **TOTAL PAIN AND SUFFERING DAMAGES** | **$17,000,000.00** |