UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001   :
                                                       :

                                                       :   **AFFIDAVIT OF DENNIS G.**
                                                       :   **PANTAZIS, ESQ. IN SUPPORT**
                                                       :   **OF APPLICATION FOR**
                                                       :   **CERTIFICATE OF DEFAULT**
                                                       :
                                                       :   **1:03 MDL 1570 (GBD)(SN)**
                                                       :
-----------------------------------------------------------------X

**This Document Relates to**
***Ray, et al. v. Iran, et al.***
**1:19-cv-00012 (GBD)(SN)**

      I, DENNIS G. PANTAZIS, ESQ., counsel for the *Ray* Plaintiffs, hereby submit this

Affidavit in Support of an Application for a Clerk's Certificate of Default and state, in support

thereof, the following:

      1.     The Defendants upon which the *Ray* Plaintiffs seek a Clerk's Certificate of

Default are the following: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and

Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's

Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry

of Defense and Armed Forces Logistics; (8) Central Bank of the Islamic Republic of Iran; (9)

National Iranian Oil Company; (10) National Iranian Tanker Company; (11) National Iranian

Gas Company; (12) National Iranian Petrochemical Company; (13) Iran Airlines; (14)

Hezbollah; (15) Ayatollah Ali Hoseini-Khamenei; and, (16) the Estate of Ali Akbar Hashemi

Rafsanjani, Deceased.  The *Ray* Plaintiffs are proceeding against Defendants Ayatollah Ali

Hoseini-Khamenei and the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, only in their Government Official capacities, under the Foreign Sovereign Immunities Act ("FSIA").

2.      Pursuant to 28 U.S.C. § 1608(a), the *Ray* Foreign State and Political Subdivisions of a Foreign State Defendants (hereinafter, the "Political Subdivision Defendants") are: (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran.

3.      Pursuant to 28 U.S.C. § 1608(b), the *Ray* Agency and Instrumentality of a Foreign State Defendants (hereinafter, the "Agency and Instrumentality Defendants") are: (1) National Iranian Oil Company; (2) National Iranian Tanker Company; (3) National Iranian Gas Company; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah; (7) Ayatollah Ali Hoseini-Khamenei; and, (8) the Estate of Ali Akbar Hashemi Rafsanjani, Deceased.

4.      None of the *Ray* Defendants are an infant, are serving in the United States Armed Forces, or are otherwise incompetent or unavailable.

5.      The relevant pleadings documents were properly served on all *Ray* Defendants, first, in accordance with the provisions of the FSIA, by the Clerk of this Court, through the United States Postal Service to each Defendant in conformity with 28 U.S.C. §1608(a)(3) and (b)(3)(4), and, thereafter, through diplomatic channels by the United States Department of State, via the Foreign Interests Section of the Embassy of the Swiss Confederation in Tehran, Iran, all in conformity with the provision of 28 U.S.C. §1608 applicable to each *Ray* Defendant.

6.      All of the *Ray* Defendants have failed to enter an appearance in this Court and have not filed any responsive pleading to the *Ray* Plaintiffs' Second Amended Complaint, or any

2

other pleading filed by the *Ray* Plaintiffs, as required by §1608(d) of the Foreign Sovereign Immunities Act, which governs this cause of action. *See* 28 U.S.C. §1608(d).

7.      The *Ray* Defendants have been afforded more than sixty (60) days to file responses, yet have not appeared in that time.

## I.      Service by Mail Requiring a Signed Receipt Pursuant to §§ 1608(a)(3) and 1608(b)(3)(B).

8.      Copies of the *Ray* Second Amended Complaint (*Ray* Doc. No. 139), Amended Summons, Notice of Suit including a copy of the FSIA, individual cover letters and certified translations of each document in Farsi (hereinafter, the *Ray* "Service Documents"), were initially attempted to be served on each of the sixteen (16) *Ray* Defendants via DHL International Couriers ("DHL"). In 2019, counsel for the *Ray* Plaintiffs exchanged over one hundred (100) emails over the course of the ten (10) months with the "Manager of International Sales" and other executives at DHL directly concerning the service of the *Ray* pleadings. DHL at one point stated a license from the United States Treasury Department's Office of Assets Control ("OFAC") would be required to deliver any legal papers to Tehran. The *Ray* Plaintiffs therefore applied for and were granted an OFAC license to ship legal the *Ray* Service Documents to Iran on May 24, 2019 (OFAC License No. MUL-2019-360604-1). On May 29, 2019, two (2) business days after receiving their OFAC license, *Ray* Plaintiffs' counsel hand-delivered seventeen (17) DHL packages of the *Ray* Service Documents to the SDNY Foreign Mailings Clerk.[1] The service packages for the Islamic Republic of Iran and the seven (7) other *Ray* Political Subdivision Defendants were addressed to the Ministry of Foreign Affairs, pursuant to §

---

[1] Seventeen (17) *Ray* pleadings packages were hand-delivered to the SDNY and picked up by DHL. There are only sixteen (16) *Ray* Defendants in this action but, out of an abundance of caution, service was attempted twice on *Ray* Defendant the Bank of Iran; once at its corporate offices in Tehran, Iran, and once at the Iranian Ministry of Foreign Affairs in Tehran, Iran.

1608(a)(3).  Packages for all eight (8) of the *Ray* Agency and Instrumentality Defendants were addressed to their respective corporate headquarters in Iran or to the Ministry of Foreign Affairs, pursuant to § 1608(b)(3)(B).  Certificates of mailing were entered on the SDNY *Ray* docket for all seventeen (17) of the packages on June 7, 2019 (*Ray* Doc. Nos. 143-159) and all seventeen (17) packages were physically picked up at the SDNY by DHL on June 10, 2019.  However, on June 17, 2019, counsel for the *Ray* Plaintiffs was informed that "the [delivery to Iran] request has been declined as the new restrictions on Iran only allow us to move diplomatic mail to Iran." These packages of *Ray* Service Documents were never delivered to Iran and were never returned to counsel for the *Ray* Plaintiffs.

9.      The *Ray* Service Documents were next attempted to be served on each of the sixteen (16) *Ray* Defendants via registered mail requesting return receipts through the United States Postal Service ("USPS"), dispatched by the SDNY Clerk of Court in conformity with 28 U.S.C. §§ 1608(a)(3) and 1608(b)(3)(B).  In August of 2019, counsel for the *Ray* Plaintiffs hand-delivered eight (8) packages containing the Service Documents - one for each *Ray* Political Subdivision Defendant - to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all eight (8) packages of Service Documents to Tehran, Iran, via the United States Postal Service, pursuant to FSIA §1608(a)(3).  The eight (8) *Ray* Political Subdivision Defendants were all served care of H.E. Mohammad Javad Zarif, then-Minister of Foreign Affairs, at the Ministry of Foreign Affairs of the Republic of Iran on Imam Khomeini Street in Tehran, Iran.  *See Ray* Doc. Nos. 173-179; MDL Doc. Nos. 5004, 5005, 5007-09, 5011, 5012, 5019.  *See also*, **EXHIBITS A** and **B** to Affidavit of Service by Timothy B. Fleming, dated February 6, 2020 (*Ray* Doc. Nos. 204-1 and 204-2) (hereinafter, the "Fleming Feb. 2020 Aff.").

10.     Because one of the envelopes that had been provided by Plaintiffs' counsel for a *Ray* Political Subdivision Defendant, specifically the one addressed to Iran's Ministry of Petroleum, *c/o* the Minister of Foreign Affairs of Iran, was inadvertently torn during the process of the dispatch and had to be replaced by Plaintiff's counsel, another package of the *Ray* Service Documents was sent by the Clerk to Defendant Iran's Ministry of Petroleum, at *Ray* Plaintiffs' counsel's request, by a mailing requiring a signature, pursuant to 28 U.S.C. §1608(a)(3), under cover letter of the Clerk of the Court dated September 18, 2019.  The Clerk posted on the *Ray* docket a Certificate of Mailing of such dispatch on October 4, 2019.  *See Ray* Doc. No. 181; *see also*, **EXHIBIT B** to the Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204-2.

11.     Further, on September 10, 2019, counsel for the *Ray* Plaintiffs hand-delivered nine (9) additional packages containing the Service Documents (one for each *Ray* Agency and Instrumentality Defendant, plus a second Service Documents package directed to an alternate address for *Ray* Defendant the Central Bank of Iran) to the Foreign Mailings Clerk of Court for the SDNY, who docketed and then dispatched all nine (9) packages containing the *Ray* Service Documents to Tehran, Iran via the United States Postal Service pursuant to FSIA §1608(b)(3)(B).  The eight (8) *Ray* Agency and Instrumentality Defendants were all served at their respective corporate headquarters in Iran or at the Ministry of Foreign Affairs in Iran. Clerk's Certificates of Mailing were entered on the *Ray* docket on October 4, 2019 and October 11, 2019 certifying that these nine (9) packages of Service Documents were sent by the SDNY Clerk's Office on September 18, 2019 by registered U.S. Mail.  *Ray* Doc. Nos. 180-189.

12.     The *Ray* Plaintiffs did not receive any signed receipts for any of their USPS mailings to Iran.  All seventeen (17) packages were returned to counsel for the *Ray* Plaintiffs marked as "Refused" by the addressee.  Furthermore, each package was opened, apparently by

the addressee or his agent(s), because they were returned to counsel for the *Ray* Plaintiffs by the

USPS, repackaged in plastic, with the original envelopes all having been opened previously. *See*

photograph of returned packages at **EXHIBIT C** to the Fleming Feb. 2020 Aff. at *Ray* Doc. No.

204-3. Additionally, the set of documents addressed to the "Islamic Republic of Iran" was

returned in the package addressed to "Iran's Ministry of Commerce," and vice versa, further

indicating actual receipt and handling by the Defendant addressee and/or his agent(s).

## II.     Service by Diplomatic Process Pursuant to §§ 1608(a)(4) and 1608(b)(3).

### 1.     Service on the *Ray* Political Subdivision Defendants.

13.     Because the USPS mailings were unsuccessful and the *Ray* Plaintiffs were unable

to perfect service pursuant to 28 U.S.C. §1608(a)(3) or 28 U.S.C. §1608(b)(3)(B), the *Ray*

Plaintiffs thereafter pursued diplomatic service "by sending two copies of the summons and

complaint and a notice of suit, together with a translation of each into the official language of the

foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by

the Clerk of the Court to the Secretary of State in Washington, District of Columbia, to the

attention of the Director of Special Consular Services - and the Secretary shall transmit one copy

of the papers through diplomatic channels to the foreign state and shall send to the clerk of the

court a certified copy of the diplomatic note indicating when the papers were transmitted." 28

U.S.C. §1608(a)(4).

14.     At the request of counsel for the *Ray* Plaintiffs, on October 29, 2019, the SDNY

Clerk of Court sent to the United States Department of State, via Federal Express, in separate

packages, the *Ray* Service Documents to be served upon each of the eight (8) *Ray* Political

Subdivision Defendants through diplomatic process pursuant to 28 U.S.C. §1608(a)(4). These

packages were hand-delivered to the SDNY by counsel for the *Ray* Plaintiffs and were

accompanied by checks from Plaintiffs' counsel for the payment of the requisite State Department fees. The Clerk posted notices of these dispatches on the SDNY docket on October 29, 2019. *Ray* Doc. Nos. 191-198; MDL Doc. Nos. 5238-9, 5241-2, 5244-7.

15.     The State Department, via the Foreign Interests Section of the Embassy of the Swiss Confederation in Tehran, Iran, attempted diplomatic service of the documents for all eight (8) *Ray* Political Subdivision Defendants on December 4, 2019. Such service of process was refused as to all eight (8) *Ray* Political Subdivision Defendants that same day. The State Department sent to the Clerk of this Court a letter, dated December 26, 2019, attached as **EXHIBIT D** to the Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204-5, so stating, together with the Special Authentication Certificates (*a/k/a* "diplomatic notes") demonstrating that such diplomatic service was attempted in accordance with the FSIA and rejected by the *Ray* Political Subdivision Defendants. (The diplomatic notes are attached as **EXHIBITS F** and **G** to the Fleming Feb. 2020 Aff. at *Ray* Doc. Nos. 202-6 and 202-7.) The State Department's receipts for the payment of the requisite $2,275 fee for diplomatic service for each of the eight (8) *Ray* Political Subdivision Defendants, is as **EXHIBIT H** to the Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204-8.

16.     On February 7, 2020, the *Ray* Plaintiffs moved for leave to file matters pertaining to obtaining a default judgment on the *Ray* docket only (*Ray* Doc. No. 205; MDL Doc. No. 5886) and that motion was granted on February 11, 2020 (*Ray* Doc. No. 206; MDL Doc. No. 5899).

17.     This Court issued a Certificate of Default against each of the *Ray* Political Subdivision Defendants only on February 12, 2020. *See Ray* Doc. No. 209. *See also*, the notarized Fleming Feb. 2020 Aff. at *Ray* Doc. No. 204, dated February 7, 2020, and all supporting exhibits attached thereto.

**b.**    **Service on the *Ray* Agency and Instrumentality Defendants.**

18.     After entry of default against the *Ray* Political Subdivision defendants, the *Ray*

Plaintiffs moved for and obtained Letters Rogatory to enable the United States Department of

State to serve the *Ray* Agency and Instrumentality Defendants (*Ray* Doc. No. 228; Memorandum

of Law in Support at *Ray* Doc. No. 229).  The Letters Rogatory were issued on November 5,

2020. *Ray* Doc. No. 233.

19.     On April 7, 2021, the *Ray* Plaintiffs moved for a Court Order directing the SDNY

Clerk to record on the SDNY docket and then to dispatch the Service Documents for the *Ray*

Agency and Instrumentality Defendants directly to the U.S. State Department following the

procedures of 1608(a)(4) service.  *Ray* Doc. Nos. 236 and 237 (Memorandum of Law in

Support).  The *Ray* Plaintiffs' motion was granted by Magistrate Judge Netburn by Order dated

April 20, 2021.  *Ray* Doc. No. 238; MDL Doc. No. 6755.

20.     Counsel for the *Ray* Plaintiffs hand-delivered the Service Documents for the eight

(8) *Ray* Agency and Instrumentality Defendants again to the Clerk of Court and the Clerk of

Court dispatched the *Ray* Service Documents to the State Department in Washington, D.C. on

April 28, 2021, and docketed certificates of mailing for each of these eight (8) *Ray* Agency and

Instrumentality Defendants on that same date in conformity with the Court's April 20, 2021

Order.  *See Ray* Doc. Nos. 239-246; MDL Doc. Nos. 6772, 6777-9, 6781-4.

21.     On December 8, 2021, Magistrate Judge Netburn issued an order (*Ray* Doc. No.

263, MDL Doc. No. 7440) stating that the United States Supreme Court, in *Samantar v. Yousuf*,

560 U.S. 305 (2010), had held that the FSIA governs only claims brought against foreign states,

not foreign officials (*citing Strange v. Islamic Republic of Iran*, No. 14-cv-435 (CKK), 2016 WL

10770678, at *5 (D.D.C. May 6, 2016)).  Magistrate Netburn required the *Ray* Plaintiffs to file a

supplemental letter indicating, *inter alia*, if the *Ray* Plaintiffs intend to seek damages directly from Defendant Ayatollah Ali Hoseini-Khamenei and Defendant the Estate of Ali Akbar Hashemi Rafsanjani, Deceased, in their personal capacities.  On December 21, 2021 and June 28, 2022, the *Ray* Plaintiffs responded their intent to proceed pursuing a default judgment in this action against these two individual Defendants only in their Government Official capacities, under the FSIA.  *Ray* Doc. Nos. 264 and 273, MDL Doc. No. 8153.

22.     Service through diplomatic channels by the State Department on the eight (8) *Ray* Agency and Instrumentality was delayed by well over a year and a half because of, what we were told, was a flood at the United States Department of State's Overseas Citizens Services, Office of Legal Affairs, Washington, DC offices, the *Ray* Service Documents materials were then misplaced, and then the accompanying cashiers' checks, made payable to the "U.S. Embassy Bern [Switzerland]" had expired and had to be replaced by counsel for the *Ray* Plaintiffs.

23.     Eventual service of the Service Documents on the eight (8) *Ray* Agency and Instrumentality Defendants through diplomatic channels was attempted and was immediately refused on March 15, 2023.  *See* Special Authentication Certificates from Federal Department of Foreign Affairs of the Confederation of Switzerland, dated April 4, 2023, attesting to delivery attempts on March 15, 2023, attached hereto as **EXHIBIT A**.  *See also,* SDNY Clerk Certificates of attempted service, dated July 20, 2023, on *Ray* Doc. Nos. 301, 303, 305-308.

24.     As stated above, service of the *Ray* pleadings on all *Ray* Defendants is now complete.

25.     Therefore, the Affiant respectfully requests that a Certificate of Default be issued by the Clerk of Court as to all *Ray* Defendants.

**FURTHER THE AFFIANT SAYETH NOT.**

This Affidavit is comprised of twenty-five (25) separately numbered paragraphs.


I, DENNIS G. PANTAZIS, being duly sworn, do hereby swear and affirm under penalty of perjury that the contents of this Affidavit are true and correct to the best of my knowledge, information, and belief.


Date: November 7, 2023

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500


Sworn to before me this 7th day of November 2023, in Birmingham, Alabama.



(SEAL)

NOTARY PUBLIC
My Commission Expires: 8/30/2026