KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
_____
(202) 326-7900

FACSIMILE:
(202) 326-7999

December 4, 2023

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN),
            Notice of Supplemental Authority

Dear Judge Netburn:

      The Kingdom of Saudi Arabia ("Saudi Arabia") respectfully calls this Court's attention to the recent amendments to Federal Rule of Evidence 702, which were made effective on December 1, 2023.  *See* Exhibit A.  These amendments are relevant to Saudi Arabia's Motion To Exclude Expert Testimony, which is pending before the Court as ECF No. 9088.

      The recent amendments to Rule 702 change the text of the Rule in two ways.  *First*, one amendment clarifies that the proponent of expert testimony must establish the admissibility of expert opinion testimony by a preponderance of the evidence.  Thus, a proponent of expert testimony bears the burden of demonstrating that it is "more likely than not" that:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid 702.  The Advisory Committee Notes explain that this change was made to address court decisions holding that "the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility."  Fed. R. Evid. 702, Advisory Committee Notes.  As the Committee Notes explain, those decisions reflect "an incorrect application of Rules 702 and 104(a)."  *Id.*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
December 4, 2023
Page 2

      Here, Plaintiffs have argued for the application of legal standards inconsistent with Rule 702. They assert incorrectly that "faults in [an expert's] use of differential etiology as a methodology" and an experts' failure to consider relevant facts go to weight and not admissibility. ECF No. 9163, at 2, 47, 53. They also assert that "[o]nly serious flaws in reasoning or methodology will warrant exclusion," *id.* at 2, contrary to Rule 702's clarification that it is Plaintiffs' burden to establish by a preponderance of the evidence that their expert's reasoning and methodology are reliable.

      *Second*, the other amendment clarifies that a proponent of expert testimony must show by a preponderance of the evidence that "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."[*] This amendment was made "to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." Advisory Committee Notes. That added emphasis further supports Saudi Arabia's arguments that Plaintiffs' experts' opinions exceed the bounds of what their supposed methodologies can reliably show. For example, contrary to Plaintiffs' erroneous claims that the Court may not consider "Nakhleh's opinions themselves," but only his "methodology and process," ECF No. 9163, at 43 (emphases omitted), it is now clear that his opinions themselves are within the scope of Rule 702 review.

      The recent amendments to Rule 702 thus provide further grounds to grant Saudi Arabia's Motion To Exclude Expert Testimony.

                                     Respectfully submitted,

                                      /s/ *Michael K. Kellogg*

                                    Michael K. Kellogg
                                    *Counsel for the Kingdom of Saudi Arabia*

cc:     All MDL Counsel of Record (via ECF)

---

[*] Prior Rule 702(d) stated that a qualified expert may provide expert testimony if "the expert has reliably applied the principles and methods to the facts of the case."