## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers, *Co-Chair*<br>Donald A. Migliori, *Co-Chair*<br>Robert T. Haefele, *Liaison Counsel*<br>MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

December 7, 2023

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees respond to Saudi Arabia's December 4, 2023 correspondence (ECF No. 9454) addressing application of April 24, 2023 amendments to Federal Rule of Evidence 702 to the parties' outstanding *Daubert* motions. The *Ashton* Plaintiffs join in this letter. Plaintiffs note the following five points.

**First**, Saudi Arabia's December 4, 2023 letter addressing April 24, 2023 amendments is an improper surreply because it adds nothing to the body of law that existed when Saudi Arabia filed its *Daubert* motion on May 12, 2023 (ECF No. 9088), and concluded briefing the motion on August 4, 2023 (ECF No. 2023). Although the referenced amendments became effective December 1, 2023, the revised text was approved as of April 24, 2023, and both courts and commentators were actively discussing the amendment prior to the completion of the *Daubert* briefing. *See, e.g.,* sources cited *infra,* pre-dating Saudi Arabia's *Daubert* briefing.

**Second**, as the Advisory Committee Notes to the 2023 amendment indicate, and case law and legal commentary addressing the amendment reflect, the 2023 changes to the Rule are not substantive. Advisory Committee Notes to 2023 Amendments (stating "Nothing in the amendment imposes any new, specific procedures. Rather, the amendment is simply intended to clarify that Rule 104(a)'s requirement applies to expert opinions under Rule 702."); *see, e.g., Sardis v. Overhead Door Corp.*, 10 F.4th 268, 283 (4th Cir. 2021) (referencing the 2023 amendment, noting that it "clearly echoes the existing law"); *Al Qari v. American Steamship Co.*, No. 21-cv-10650, 2023 WL 2023 WL 5628583, at *4 (E.D. Mich. Aug, 31, 2023) (noting that the Advisory Committee explained that "these changes are not substantive, but rather clarify how the Rule was meant to be applied since … 2000.")

**Third**, the standard articulated in Rule 702 as amended is precisely the standard Plaintiffs articulated in Plaintiffs' *Daubert* briefing. *See, e.g.*, ECF No. 9092 at 13 (stating "A party introducing expert testimony has the burden to establish factors bearing on the admissibility of the expert's

The Honorable Sarah Netburn
December 7, 2023
Page 2

opinion by a preponderance of the evidence.") and *id*. at n.6 (including among the elements for Rule 702 analysis that "the witness has applied the principles and methods reliably to the facts of the case.").

**Fourth**, given that Plaintiffs' briefing expressly embraced the standards articulated in the rule as amended, *see supra*, Saudi Arabia's assertion (at 2) that Plaintiffs have sought "the application of legal standards inconsistent with Rule 702" is plainly false. Plaintiffs' briefs show how the testimony of their experts satisfies the four Rule 702 factors, by a preponderance of the evidence. The Advisory Committee Notes affirm the sufficiency of this showing, by affirming that "once the court has found it more likely than not that the admissibility requirement has been met, any attack . . . will only go to the weight of the evidence." Advisory Committee Notes to 2023 Amendments. So, for example, the "more likely than not" burden is not, as Saudi Arabia suggests (at 2), inconsistent with Plaintiffs' reliance on Second Circuit authority which explains that "faults in [an expert's] use of differential etiology" [inapplicable here, anyway] go to the weight of the testimony, not its admissibility. ECF No. 9163 at 14-15 (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)). Nor were plaintiffs wrong to rely on Judge Daniels' decision explaining that "only serious flaws in reasoning or methodology will warrant exclusion." ECF No. 9163 at 14 (quoting *Cates v. Trs. of Columbia Univ. in City of N.Y.*, 2019 WL 8955333, at *11 (S.D.N.Y. Oct. 25, 2019) (adopted at 2020 WL 1528124, *7 (S.D.N.Y. Mar. 30, 2020) (Judge Daniels))).

The Advisory Committee Notes disallow Saudi Arabia's suggestions (at 2) that factual disputes among experts fall within a Rule 702 assessment or that "opinions themselves are within the scope of Rule 702 review." Advisory Committee Notes to 2023 Amendment. The Committee recognized that experts often reach different conclusions based on contested facts, and where that is so, neither sides' expert must be excluded. "[P]roponents do not have to demonstrate by a preponderance of evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable…. The evidentiary requirement of reliability is lower than the merits standard of correctness. Advisory Committee Notes to 2023 Amendment (quoting Advisory Committee Notes to 2000 Amendment (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)).

**Fifth** and finally, the 2023 amendment underscores the core defects Plaintiffs raised regarding Saudi Arabia's experts, and Marc Sageman in particular, who rest on speculative theories, lack sufficient basis, or lack any reliable or credible methodology. Advisory Committee Notes to 2023 Amendments (requiring a "sufficient basis to support an opinion"); *see generally* ECF Nos. 9092, 9269.

Respectfully submitted,

| | |
|---|---|
| COZEN O'CONNOR | MOTLEY RICE LLC |
| By: */s/ Sean P. Carter* | By: */s/ Robert T. Haefele* |
| SEAN P. CARTER | ROBERT T. HAEFELE |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, Pennsylvania 19103 | Mount Pleasant, SC 29465 |
| Tel.: (215) 665-2105 | Tel.: (843) 216-9184 |
| Email: scarter1@cozen.com | Email: rhaefele@motleyrice.com |

The Honorable Sarah Netburn
December 7, 2023
Page 3

_____

*On behalf of the Plaintiffs' Exec. Committees*       *On behalf of the Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER

By: */s/ Steven R. Pounian*
STEVEN R. POUNIAN
485 Lexington Avenue, 28th Floor
New York, NY 10017
Tel.: (212) 687-8181
Email: spounian@kreindler.com

*On behalf of the Ashton Plaintiffs*

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF