# Exhibit A

1. Filed on behalf of the Respondent
2. Name: David McGillicuddy
3. Statement - Two
4. Dated: 06/12/2023

**FOREIGN PROCESS REFERENCE QF 2021 007252**

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEENS BENCH DIVISION</u>

**IN THE MATTER OF THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975**

**B E T W E E N:**

**ASHTON ET AL**

*Survivors and estate representatives of the victims of the September 11th Attacks*

<u>**Plaintiffs**</u>

-and-

**(1) KINGDOM Of SAUDI ARABIA**
**(2) DALLAH AVCO ET AL**

<u>**Defendants**</u>

and

**THE COMMISSIONER OF POLICE**

**OF THE METROPOLIS**

<u>**Respondent**</u>

**Witness Statement of**
**David McGillicuddy**

1. I am a Detective Superintendent in the Metropolitan Police Service (MPS).

2. This statement is provided further to my statement dated 01/03/2022, in which I explained to the Court, and the Applicant claimants, the approach, allocated resources and methodology used by the MPS in relation to the 'Request' dated 12/07/2021 for the MPS to disclose copies of "evidential holdings (historical)" in connection with Omar Al-Bayoumi.

3. Further to my earlier statement, the MPS has identified additional material responsive to that Request and therefore this statement explains the approach, allocated resources and methodology used by the MPS to disclose these additional items.

<u>Phase 4 – Additional Material Identified</u>

4. Following the submission of material conducted in March 2022, the MPS identified a number of VHS tapes in the Exhibits Store for the Forensic Management Team, a department of SO15 - Counter Terrorism Command.

5. A total of 55 tapes were identified and have been analysed by the review team, who have identified that the tapes are relevant in various ways to the original request for material relating to Omar Al-Bayoumi.

6. In addition to the VHS tapes detailed at para 4 & 5 above, further documents were identified, in the form of 33 sets of telephone records. These documents were reviewed, which has identified that these telephone records were also relevant to Omar Al-Bayoumi from his telephone usage in the UK.

7. These VHS tapes and other responsive documents have been scheduled. This schedule has been provided to the Applicants and is appended to the agreed Consent Order.

Reclassification

8. As I stated at para 4 of my Statement dated 01/03/2022, when the Operation Exchange material was originally archived, it was, collectively, marked "secret".

9. With the appropriate authority to do so, I have, as part of the review, authorised the material to be disclosed to the Applicants and it is no longer classified.

Public Interest Immunity (PII)

10. I can confirm there is no claim made by the MPS for PII in relation either to any redacted part of the documents that are listed on the schedule (the Applicants' have agreed for this material to be redacted), nor to any other document that might be in our possession that is not on the schedule.

Conclusion

11. As the senior officer in charge of this process, I am content that the MPS has worked diligently and expeditiously to identify all material in possession of the MPS that falls to be disclosed pursuant to the Request.

**Statement of Truth**

I believe that the facts stated in this witness statement are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

Signed…D.McGILLICUDDY……………………………………….  Date: 06/12/2023

Position: Detective Superintendent – SO15 Investigations