# Exhibit 17

P.O. Box 430 Jeddah 21411
Kingdom of Saudi Arabia
Telephone: 6 7 1 0 0 0 0
Telex: 6 0 1  4 8 2 AVCO SJ
Commercial Reg. No. 20442
Paid Capital SAR. 10,000,000

| Number | : | RMA/280/22/14 |
|---|---|---|
| Date | : | 11/21/1422H |
| Corresponding to | : | 02/04/2002G |

**His Excellency/ Engineer Mohammed Ahmed Al-Salmi**
Director – General, Airways Engineering
Presidency of Civil Aviation

*May Allah's Peace, Mercy and Blessings be upon you,*

Reference to the meeting held between the Representatives of the Airways Engineering and the Consul General of the United States of America, concerning the Employee Omar Ahmed Al-Bayoumi and after being cognizant of the Minutes of Meeting signed by Mr. Alp Carly and Mr. Abdullah Al-Ghanmi and Mr. Yousef Salamah, we would like to shed light upon some of the inaccurate information in the Report.

As for the replies to the questions of the American Party, it was mentioned in the first reply that the Employee Omar Bayoumi has worked for seventeen (17) years as a Civil Service Employee until the middle of 1995G, then he was seconded to Dallah Avco Company. However, the reply did not clarify that the Employee continued as an Employee related to Civil Aviation and not to Dallah Avco, and it is doubtless that the Employee related to Airways Engineering and, as a consequence, to Civil Aviation, wherein and under the Project Contract, the Employee will continue on the Project with any Contractor of the Project, unless the Airways Engineering Management decided to terminate his services and in terms of the pure subordination, the Employee shall not be considered a Dallah Avco Employee and verily an Employee of the Airways Engineering, related to the Civil Aviation. Such matter should have been clarified to the American Party so as to avoid any unnecessary confusion in the concept.

As for the third question which inquires about the engagement period length of the Employee with Dallah Avco, the reply mentioned in the Minutes stated that he had engaged with Dallah Avco in the beginning of year 1995G when he was on leave in the United States of America and decided to pursue his Higher Education and then he was seconded by the Presidency of Civil Aviation to Dallah Avco, and the reply has not made it clear that Dallah Avco Company was not the Body, which delegated him to study, but the Presidency of Civil Aviation is responsible for the Employee during his stay in the United States of America as a Student and not Dallah Avco, wherein his cost is not charged with Dallah Avco Company, rather, with the Airways Engineering Project, related to Civil Aviation and in continuation to such inquiry and wherein the reply was inaccurate and such was followed by the Enquiry No. (4) by the American Party, which came as follows:

C:MyDoc.Alslmi01                                                         1
CONFIDENTIAL: This document is subject to Protective Order
Regarding confidential information in 03 MDL 1570 (RCC), United
States District for the Southern District of New York.                                              DA000092

As the education of the Employee Omar Al-Bayoumi was supported by Dallah Avco Company, has he had any commitments towards the Company after he completes his study? No reply has been mentioned to this enquiry in an accurate manner, as to match with the enquiry, wherein the reply was: "he has had no any commitments," nevertheless, the reply did not clarify that the Employee education was not supported by Dallah Avco Company, but by the Airways Engineering Project, related to Civil Aviation and that Dallah Avco shall not bear the expense of his study or stay in the United States of America, unless the Airways Engineering approves that.

Likewise, the reply to the Question Number (5), which enquires about the Employee's support financially by Dallah Avco, did not clarify that the Employee's wages were determined in the Project Contract signed between Airways Engineering and Dallah Avco Company, as a Contractor and the payments – including the allocations – are connected with the consent of Airways Engineering, within the framework of the Contract and that Dallah Avco has not granted any separate financial support to the Employee beyond the scope of his dues for his Employment Contract with the Airways Engineering Project.

We also note that Mr. Alp Carly signed the Minutes in his capacity as the representative of Dallah Avco, whilst he is in fact an Employee in the Civil Aviation Engineering Project and related to the Civil Aviation Engineering Department, as a Coordinator and Supervisor on the Contract between Dallah Avco and Civil Aviation Engineering. We regret the vagueness and ambiguity of the replies in the meeting made with the two Representatives of the American Embassy related to the Employee Omar Al-Bayoumi and we want to register this Memorandum until it becomes easy to take the necessary action as regard to clarifying that.

I perceive the importance to clarify the above points for the report accuracy, and I hope that you would instruct those concerned therewith.

Please accept our utmost regards and gratitude,


        -(Signed)
        Alawi Kamel
    Chairman of the Board of Directors


**TRANSPERFECT**

City of New York, State of New York, County of New York

I, Beth Morgan, hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation of the accompanying document from Arabic into English.

Ex. 16b - Investigations - Letter from Kamel re PCA meeting with U.S. Consul

*Beth Morgan*
Beth Morgan
TransPerfect Translations, Inc.
3 Park Ave
20th Floor
New York, NY 10016

Sworn to before me this
26th day of April 2016

Signature, Notary Public

ADRIAN C VOSS
Notary Public - State of New York
No. 01VO6325435
Qualified in New York County
My Commission Expires May 26, 2019

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE



P. O. BOX 430 JEDDAH 21411
KINGDOM OF SAUDI ARABIA
TELEPHONE : 6710000
TELEX : 601482 AVCO SJ

COMMERCIAL REG. NO. 20442
PAID IN CAPITAL 10,000,000 SR.

ص.ب ٤٣٠ ، جـــدة ٢١٤١١
الـمـملكة الـعـربيــة الـسـعـودية
تلفون : ٦٧١٠٠٠٠
تلكس : ٦٠١٤٨٢ أفـكـو اس جـي

س.ت رقم : ٢٠٤٤٢
رأس المال المدفـوع ١٠,٠٠٠,٠٠٠ ريال سعـودي

الرقــم : رم/١٤/٢٢/٢٨٠/١
التاريخ : ٢١/١١/١٤٢٢هـ
الموافق : ٠٤/٠٢/٢٠٠٢م

سعادة المهندس/ محمد أحمد السالمي          الموقر
مدير عام هندسة الممرات الجوية
رئاسة الطيران المدني

السلام عليكم ورحمة الله وبركاته ،،

إشـارةً إلى الاجتماع الذي تم بين مندوبي هندسة الممرات الجوية والقنصل العام للولايات المتحدة بخصوص الموظف/ عمر احمد البيومي ، وبعد اطلاعنا على محضر الاجتماع الموقع مـن قـبل السيد/ ألب كارلي والسيد/ عبدالله الغانمي والسيد/ يوسف سلامة ، نود الإشارة إلى وجود بعض البيانات الغير دقيقة في التقرير.

بالنسـبة للإجابات على أسئلة الطرف الأمريكي فقد ورد في الإجابة الأولى بأن الموظف عمر بيومـي عمل لمدة ١٧ عاماً كموظف خدمة مدنية حتى منتصف عام ١٩٩٥م ثُمَّ تمت إعارته إلى شـركة دله افكو ، ولم توضح الإجابة أن الموظف استمر كموظف تابع للطيران المدني وليس لشركة دله افكو، وليس هناك شك في أن الموظف تابع لهندسة الممرات الجوية  ومن ثَمَّ وتـبعاً لذلـك للطيران المدنـي حيث انه بموجب عقد المشروع سوف يستمر الموظف على المشروع مـع أي مقاول للمشروع ما لم تقرر إدارة هندسة الممرات الجوية بإنهاء خدماته ، ومـن حيث التبعية الصرفة فإن الموظف لا يعتبر موظف لدلـه افكو وإنما موظف لمشروع هندسـة الممـرات الجويـة التـابع للطيران المدني ، وهذا الأمر كان يجب توضحيه للجهة الأمريكية حتى لا يوجد لبس في المفهوم.

وبالنسـبة للسؤال الثالث والذي يستفسر عن طول مدة ارتباط الموظف بدله افكو ، تفيد الإجابة الواردة في المحضر المذكور بأنه ارتبط بشركة دله افكو في بداية عام ١٩٩٥م عندما كان في إجازتـه فـي الولايات المتحدة وقرر متابعة دراسته العليا ومن ثَمَّ تمت إعارته من قبل رئاسة الطيـران المدنـي لشركة دله افكو ، ولم توضح الإجابة بأن شركة دله افكو ليست الجهة التي اوفدته للدراسة وإنما رئاسة الطيران المدني هي المسئولة عن الموظف أثناء بقائه في الولايات المـتحدة كطالـب وليست شركة دله أفكو ، حيث أن تكلفته ليست محملة على شركة دله افكو وإنمـا علـى مـشروع هندسة الممرات الجوية التابع للطيران المدني. وتكملة لهذا الاستفسار وحيـث كانت الإجابة غير دقيقة تلا ذلك الاستفسار رقم (٤) من قبل الطرف الأمريكي وجاء كالتالي:-

C:\MyDoc.\Alsalimi 01                                   1

CONFIDENTIAL: This document is subject to a Protective Order regarding confidential information in 03 MDL 1570 (RCC), United States District Court for the Southern District of New York.

DA000092

نظراً لأن تعليم الموظف عمر البيومي كان مدعوماً بواسطة شركة دله افكو هل له أي التزامات تجاه الشركة بعد إكمال دراسته؟ ولم يرد الجواب على هذا الاستفسار بطريقة دقيقة بما يقابل الاستفسار حيث أن الإجابة كانت : " ليس لديه أي التزامات " ، ولكن لم توضح الإجابة بأن تعليم الموظف لم يكن مدعوماً بواسطة شركة دله افكو وإنما من قبل مشروع هندسة الممرات الجوية التابع للطيران المدني ، وأن دله افكو لا تتحمل تكلفة دراسته أو بقائه في الولايات المتحدة إلا بموافقة هندسة الممرات الجوية على ذلك.

كذلك فإن الإجابة على السؤال رقم (5) والذي يستفسر عن دعم الموظف مالياً من قبل شركة دله افكو لم توضح أن راتب الموظف مقرر في عقد المشروع الموقع بين هندسة الممرات الجوية وشركة دله افكو كمقاول ، وأن الدفعات كلها مرتبطة – بما في ذلك العلاوات – بموافقة هندسة الممرات الجوية في إطار العقد وانه ليس لشركة دله افكو أي دعم مالي مستقل تقدمه للموظف خارج نطاق مستحقاته عن عقد عمله لمشروع هندسة الممرات الجوية.

وكما يلاحظ أن السيد/ ألب كارلي قد وقع المحضر بوصفه ممثلاً عن دله أفكو في حين انه في الواقع موظف في مشروع هندسة الطيران المدني وتابع لإدارة هندسة الطيران المدني كمنسق ومشرف على المقاول دله أفكو نيابة عن هندسة الطيران المدني ، وهذا أمر غير صحيح ، ونحن نأسف لعدم وضوح الإجابات في اللقاء الذي تم مع ممثلي السفارة الأمريكية بخصوص الموظف عمر البيومي وأردنا تسجيل هذه المذكرة حتى يتسنى اتخاذ ما يلزم بخصوص توضيح ذلك.

رأيت أهمية توضيح النقاط أعلاه في سبيل دقة التقرير وآمل أن توجهون من يلزم بذلك.

وتفضلوا بقبول وافر التحية والتقدير ،،،

علوي كامل
رئيس مجلس الإدارة