UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Bernaerts, et al. v. Islamic Republic of Iran*, No. 19-cv-11865 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Rachel Uchitel moves for partial final default judgment as to solatium damages on the ground that her close relationship with her fiancé Andrew O'Grady, who was killed in the September 11, 2001 terrorist attacks (the "9/11 Attacks"), merits a finding that she is the functional equivalent of O'Grady's spouse. (Mot., ECF No. 9106.)[1] Before this Court is Magistrate Judge Sarah Netburn's January 5, 2024 Report and Recommendation ("the Report"), recommending that this Court grant Plaintiff's motion and award her $12,500,000.00 in solatium damages. (Report, ECF No. 9507, at 4.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 5.) No party has filed objections.

### I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN).

1

*Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

Having reviewed Magistrate Judge Netburn's Report for clear error and finding none, this Court ADOPTS the Report in full.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HER RECOMMENDATIONS ON DAMAGES

Magistrate Judge Netburn properly noted that *Bernaerts* Plaintiffs hold a default judgment against Iran as to liability. (Report at 1 (citing Am. Order of Partial Final Js., ECF No. 7522).) "The only open question is whether Ms. Uchitel is entitled to damages under the Court's 'functional equivalence' framework." (*Id.*)

A long-established framework exists for solatium damages awarded to immediate family members of those who perished in the 9/11 Attacks. (*See* Mem. Decision & Order, ECF No. 2623.) "[I]n limited circumstances," solatium damages "are extended to people who are functionally equivalent to immediate family members." (Report at 2.) On October 31, 2016, with refinements on November 17, 2017, this Court adopted a framework for determining if a plaintiff is a functional equivalent of an immediate family member. (*See* R. & R., ECF No. 3363, *adopted by* Mem. Decision & Order, ECF No. 3384; R. & R., ECF No. 3676, *adopted by* Mem. Decision & Order, ECF No. 3795.)[2]

---

[2] This Court has applied this framework on numerous occasions. (*See, e.g.*, ECF Nos. 4175, 5154, 5950, 5951, 8286, 8288, 8289, 8293, and 8947.)

2

Magistrate Judge Netburn's Report correctly applied this framework to Plaintiff's motion seeking solatium damages. (*See* Report at 2–4.) Ms. Uchitel, her mother, and her close friend (who introduced her to Mr. O'Grady) submitted declarations wherein they extensively detailed Plaintiff's relationship with Mr. O'Grady, her fiancé. (*See* Decl. of Rachel Uchitel, ECF No. 9107-2; Decl. of Susan Bishop, ECF No. 9107-3; Decl. of Alison Goodman, ECF No. 9107-4.) The Report accurately describes the relationship between Ms. Uchitel and Mr. O'Grady and considers the relevant factors in evaluating whether their relationship is functionally equivalent to that of spouses. (*See* Report at 3–4.) As Ms. Uchitel tragically "became a widow before she could become a bride" (Mem. of Law in Support of Mot., ECF No. 9108, at 20), this Court finds that Magistrate Judge Netburn did not commit error, clear or otherwise, in recommending that she be awarded $12,500,000.00 as the functional equivalent of Mr. O'Grady's spouse.

### III. CONCLUSION

Plaintiff's motion for partial final default judgment as to solatium damages against the Islamic Republic of Iran is GRANTED. It is

**ORDERED** that Plaintiff Rachel Uchitel be awarded $12,500,000.00 in solatium damages; and it is

**ORDERED** that prejudgment interest is awarded at a rate of 4.96 percent per annum, all interest compounded annually for the period from September 11, 2001 until the date of judgment; and it is

**ORDERED** that, to the extent they have not already done so, all *Bernaerts* Plaintiffs are permitted to seek punitive or other damages at a later date, consistent with future Court orders.

The Clerk of Court is directed to close the open motions at ECF No. 9106 in 03-md-1570 and ECF No. 165 in 19-cv-11865.

Dated: January 22, 2024
      New York, New York

SO ORDERED.

_____
GEORGE B. DANIELS
United States District Judge

4