## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) | Stephen A. Cozen, *Co-Chair* |
| Jodi Westbrook Flowers, *Co-Chair* | Sean Carter, *Co-Chair* |
| Donald A. Migliori, *Co-Chair* | J. Scott Tarbutton, *Liaison Counsel* |
| Robert T. Haefele, *Liaison Counsel* | COZEN O'CONNOR |
| MOTLEY RICE LLC | |

### VIA ECF

February 9, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

> Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs Executive Committees ("PECs"), along with counsel for the *Ashton* plaintiffs, write to address the inquiry raised in Your Honor's Order of January 26, 2024 ("the January 26 Order"), ECF No. 9562, as to whether "the parties object to any information in this Order becoming public…." The Plaintiffs respectfully request that the Court unseal not only the Order at ECF No. 9562, but also all of the parties' supporting and opposing filings, offered for the Court's consideration in connection with the Kingdom of Saudi Arabia's and Dallah Avco's (collectively, "Defendants") motion to strike (ECF Nos. 9500, 9501, 9504, 9505, 9510, 9560). Plaintiffs' request would also extend to their Memorandum in Support of Motion for Reconsideration and Objections, ECF No. 9571, which Plaintiffs filed under seal today because the underlying papers remain sealed.

No information implicating the Privacy Act Order and Protective Order for FBI Documents (ECF No. 4255; the "FBI Protective Order") is included in any of the parties' letters to the Court, which should be unsealed in full along with the Court's order. As for the exhibits attached to Saudi Arabia's application, all exhibits that do not implicate the FBI Protective Order (including Exhs D, E, F, and all referenced materials produced by the Metropolitan Police Service ("MPS")) should be released in their entirety. The remainder of the materials, as indicated herein, should likewise be unsealed except insofar as they implicate the FBI Protective Order, in which case they should be addressed in the manner set forth below.

This Court has long been mindful of the public's common law and constitutional right of access to the courts. ECF No. 1900 at 1-2 (Oct. 3, 2006) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004); *see also* ECF No. 8066 at 4 (June 2, 2022 (citing *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")); ECF No. 8923 at 3 (Mar. 13, 2023 (citing  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006); *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prod. Liab. Litig.*, No. 18-

_____

mc-02859 PAC), 2021 WL 4706199, at *2 (S.D.N.Y. Oct. 8, 2021); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016).

Relevant to the documents at issue here, the Second Circuit recognizes that the strong presumption of public access attaches to "judicial documents," meaning materials "placed before the court by the parties and . . . relevant to the performance of the judicial function and useful in the judicial process." *Mirlis*, 952 F.3d at 59 (quoting *Amodeo I*, 44 F.3d at 145); *Amodeo II*, 71 F.3d at 1049 ("[C]onsistent with [the] rationale for public access, the presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication'."). In *Amodeo II*, the Second Circuit explained the need for the public's right to access, saying:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system. . . . As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Amodeo II*, 71 F.3d at, 1049 (ellipsis in original, internal quotation omitted).

Here, the presumptive right to public access does not attach solely as to the January 26 Order, but to each of the documents and materials in the filings submitted to the Court for its judicial consideration. *See, e.g., Lugosch*, 435 F.3d at 121 (holding that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *In re Terrorist Attacks on September 11, 2001*, 2022 WL 137655, at *1 (S.D.N.Y. Jan. 14, 2022) (holding that documents submitted for the Court's consideration in adjudicating an alleged breach of protective orders are judicial documents entitled to the strong presumption of public access); *In re Zimmer*, 2021 WL 4706199, at *2 (holding that filings related to *Daubert* motions are judicial documents subject to a significant presumption of access under the common law and the First Amendment).

Given the tremendous public interest in this vast MDL addressing liability for the worst terrorist attack on U.S. soil, the bright light cast upon the judicial process requires that the public have access to not only the Court's decision, but also all of the materials "placed before the court . . . and . . . relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145. In this instance, those materials include each of the letters and all of the exhibits placed before the Court for the Court's consideration in determining the defendants' motion to strike evidence from the record on the two defendants' pending dispositive motions. The public's continued confidence in the judicial process requires that the public have access to both the decision as well as what was available for the Court to consider in reaching its decision.

Plaintiffs recognize that materials that remain subject to the FBI Protective Order arguably raise different considerations in applying the Constitutional right of access principles, but those considerations should not delay or impair the public's right of access to materials that are not subject to the FBI Protective Order. Accordingly, Plaintiffs propose that, as to documents the Court has

The Honorable Sarah Netburn
February 9, 2024
Page 3

_____

considered that contain FBI protected information, those documents should be subject to the ongoing redaction review process among the parties to identify and redact FBI protected information and should thereafter be filed on the public docket. As for all other materials submitted for the Court's consideration, Plaintiffs request that the Court direct that those documents be unsealed on the docket, along with the Court's January 26 Order.

For clarification, Plaintiffs propose that the Court unseal immediately the following docket entries, which Plaintiffs have assessed as having *no FBI protected information*:

- **ECF No. 9562** (the January 26 Order);

- **ECF Nos. 9500, 9501, 9504, 9505, 9510, 9560, 9571** (each of the parties' letters to the Court on the pending application to strike, distinct from the exhibits to those filings, and the Plaintiffs' Memorandum in Support of Motion to Reconsider and Objections, filed today);

- **ECF No. 9500-5** (Exhibit D to Saudi Arabia's letter motion, Supplemental Declaration of Usman Madha, dated Nov. 14, 2023, with Exhibits 1 through 6);

- **ECF No. 9500-5** (Exhibit E to Saudi Arabia's letter motion, Declaration of James H.M. Heavey, dated Aug. 1, 2023, with attached Exhibits 1 and 2);

- **ECF Nos. 9500-7, and -8** (Exhibit F (parts 1, 2, and 3 of 3) to Saudi Arabia's letter motion, the Declaration of William Adams, dated Dec. 18, 2023, with all of its Annexes 1-8; as well as

- **the video and documentary evidence produced by the MPS and cited in the declarations submitted for the Court's consideration**, including specifically the video from the party Omar Al Bayoumi hosted in San Diego in February 2000 and the video Bayoumi recorded while on a trip to Washington, D.C. in June-July 1999.

Plaintiffs respectfully request that the Court also direct that the following materials that were submitted for the Court's consideration be promptly submitted for review by the parties and the FBI to identify information to be redacted based on continued protection under the FBI Protective Order, and that the filings be unsealed on the public docket with the FBI protected information redacted:

- **ECF No. 9500-3** (Exhibit C to Saudi Arabia's letter motion, Declaration of Brian Weidner, dated Nov. 16, 2023). Plaintiffs note that the Weidner Declaration itself does not appear to incorporate FBI protected information, however Exh. 1 to the declaration is a version of the FBI Electronic Communication dated July 23, 2021 that continues to be protected under the FBI Protective Order [EO14040-003478-UPDATED-MDL through EO14040-003608-UPDATED-MDL]. A public version of this same document also exists, albeit with additional redactions.

- **ECF No. 9500-9, and -10** (Exhibit G (parts 1 and 2) to Saudi Arabia's letter motion, Declaration of Bassem Youssef, dated Dec. 20, 2023, with Annexes 1 and 2). While the entire video from the MPS that Youssef analyzed in the declaration submitted for the Court's consideration should not be sealed, Plaintiffs recognize that Youssef's declaration may implicate the FBI Protective Order in that it makes reference to documents the FBI produced that continue to be subject to the FBI Protective Order, in two instances

The Honorable Sarah Netburn
February 9, 2024
Page 4

_____

Youssef cited non-public versions of EO14040 documents (in ¶¶94, 100)), and Youssef cites to his own expert report and the transcript of his deposition, which have yet to be unsealed pursuant to the ongoing review process.

Finally, although ECF No. 9500-1, Exhibit A to Saudi Arabia's letter motion (Plaintiffs' Memorandum of Law) was also submitted to the Court as part of the Court's consideration on the defendant's motion to strike, and should ultimately be reviewed and unsealed along with Plaintiffs' Averment, Plaintiffs recognize that the Court has already set a deadline for Saudi Arabia's review of the Memorandum of Law and the Averment for proposed redactions. Accordingly, Plaintiffs are not asking that the Memorandum or Averment be unsealed as part of this current request.

Respectfully submitted,

MOTLEY RICE LLC

By:  /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*Liaison Counsel and Co-Chairs for the Plaintiffs'
Executive Committee for Personal Injury and Death
Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By:  /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com

*Co-Chairs and Liaison Counsel of the Plaintiffs'
Executive Committee for Commercial Claims on behalf
of Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc:     The Honorable George B. Daniels, via ECF
        All Counsel of Record via ECF