UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD/SN) |

This document relates to:

*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Investment & Development Corp. et al.*, 04-cv-1923 (GBD) (SN) (S.D.N.Y.)

**DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF MOTION BY NEW PLAINTIFFS AND ORIGINAL PLAINTIFFS TO ADD PARTIES AND RELATED RELIEF WITH CONSENT OF THE *O'NEILL* DEFENDANTS**

I, Jerry S. Goldman, Esq., declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am a shareholder at Anderson Kill P.C., attorneys for the Estate of John P. O'Neill, Sr., John P. O'Neill, Jr., Christine O'Neill, Carol O'Neill, and the Estate of Dorothy O'Neill (the "Original Plaintiffs"), in the above-captioned action. I am familiar with the facts and circumstances of this case and am admitted to practice in this Court.

2. Attached hereto as Exhibit A is a proposed amended Complaint that includes four appendices listing the new plaintiffs that seek to be added to this action.

3. International Islamic Relief Organization ("IIRO"), Muslim World League ("MWL"), World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY"), Yassin Kadi ("Kadi"), and Dubai Islamic Bank ("DIB") (collectively, the "*O'Neill* Defendants") all consent to this motion but do not waive any of their rights to challenge the factual allegations in the Complaint and in the more definite statements.

4. There are over 7,200 individuals who fell within the putative class definitions in this action—those individuals (the "Putative Class Plaintiffs") (listed in Appendix 1 to Exhibit A)

along with a small handful of plaintiffs who were injured in the September 11 attacks (the "Injury Plaintiffs") (listed in Appendix 3 to Exhibit A) (collectively, the "New Plaintiffs")—who seek to be added to the instant action. (The Original Plaintiffs together with the Putative Class Plaintiffs and Injury Plaintiffs are referred to herein as "Plaintiffs.")

5. New Plaintiffs do not seek to add new allegations or causes of action against the *O'Neill* Defendants; they simply seek to join the existing *O'Neill* lawsuit with identical allegations. The New Plaintiffs fall into four different, sometimes overlapping groupings:

    i. The Putative Class Plaintiffs in Appendix 1 have not previously brought an action against DIB and seek to be added to the case against DIB on consent and agree that this Court should order them and DIB bound to all prior dispositive and non-dispositive rulings; after being added as parties, the Putative Class Plaintiffs then plan (along with all other plaintiffs with claims against DIB) to seek to reduce DIB's dismissal to a final judgment under Rule 54(b) and appeal that judgment to the Second Circuit.

    ii. The subset of the Putative Class Plaintiffs listed in Appendix 2 of the proposed amended Complaint have not brought an action against the other *O'Neill* Defendants—IIRO, MWL, WAMY, and Kadi—and thus seek to be added on consent as plaintiffs asserting claims against IIRO, MWL, WAMY and Kadi. The Putative Class Plaintiffs in Appendix 2 agree that this Court should order them, IIRO, MWL, WAMY and Kadi bound to all prior dispositive and non-dispositive rulings with respect to the remaining *O'Neill* Defendants.

   iii. Another subset, listed in Appendix 3, are the Injury Plaintiffs who suffered non-fatal injuries by the attacks of September 11, 2001 who have not brought a previous action against certain *O'Neill* Defendants as indicated in the appendix and thus seek to be added as plaintiffs asserting claims against the *O'Neill* Defendants as indicated in Appendix 3. The Injury Plaintiffs in Appendix 3 and the *O'Neill* Defendants agree that this Court should order them bound to all prior dispositive and non-dispositive rulings with respect to the *O'Neill* Defendants. Injury Plaintiffs also do not seek to add new allegations or causes of action against the *O'Neill* Defendants.

   iv. A final subset of Plaintiffs listed in Appendix 4 (who are all Anderson Kill clients), seek to be added as parties against all defaulted defendants in this case.

6. The proposed amended Complaint is substantially identical in all respects to the current *O'Neill* pleading, ECF No. 1570, except for adding the new plaintiffs identified in the appendices, removing class action allegations, removing dismissed defendants (except DIB), adding several references to injuries, and correcting typographical errors.

7. On October 15, 2019, the Original Plaintiffs together with the *O'Neill* Defendants proposed a briefing schedule for a class certification motion "to have the issue . . . briefed and decided . . . prior to the final resolution of any dispositive motions so that the Parties will know whether the putative class members will be bound by the resolution of those motions." ECF No. 5210.

8.     In January 2020, the Original Plaintiffs filed a motion for class certification. ECF No. 5675. Related filings include ECF Nos. 5676, 5754, 5755, 5756, 5757, 6030, 6031, 6064, 6065, 6095, 6098, and 6112.

9.     On January 22, 2021, Judge Netburn recommended denying class certification. ECF No. 6601.[1] The parties' objections and responses were then fully briefed. ECF Nos. 6644, 6645, 6712, 6756. On July 31, 2023, Judge Daniels affirmed denial of class certification. ECF No. 9243. The Court denied without prejudice the *O'Neill* Plaintiffs' motion for leave to file an amended complaint. *Id.*

10.    Prior to Judge Daniels' Order, the Court ordered dismissal of DIB from the MDL for lack of personal jurisdiction. ECF No. 8911.

11.    Plaintiffs, after seeking DIB's consent and the Court's permission, intend to seek a final Rule 54 judgment and appeal that personal jurisdiction decision as expeditiously as possible following the resolution of this motion.

12.    While the class motion was pending, the Putative Class Plaintiffs, which includes over 3,200 Anderson Kill 9/11 clients and approximately 4,025 *Ashton* Plaintiffs, and the *O'Neill* Defendants agreed to toll all relevant, unexpired statutes of limitation until 14 days after a final ruling from this Court on class certification. ECF No. 9065 at 2.

13.    Following the Court's ruling on class certification, the tolling agreements were extended through February 16, 2024.

---

[1] The Original Plaintiffs moved in the alternative, should the Court deny class certification, for leave to amend their First Consolidated Complaint to add certain plaintiffs, which Judge Netburn recommended denying without prejudice.  *See* ECF No. 6601.  The Original Plaintiffs did not object to this portion of the recommendation.  *See* ECF No. 6644.

14. In light of the Court's denial of class certification, Plaintiffs and the *O'Neill* Defendants reached agreement regarding joinder of the New Plaintiffs.

15. Plaintiffs have filed this Motion with the consent of the *O'Neill* Defendants to implement the agreement.

16. The parties also agreed that if the Court denies leave to add parties, the *O'Neill* Defendants would agree to toll all unexpired statutes of limitation for fourteen (14) days after the adverse decision to allow counsel to meet and confer regarding filing a new complaint on behalf of the New Plaintiffs.

17. Plaintiffs now jointly move with the consent of the *O'Neill* Defendants pursuant to Fed. R. Civ. P. Rules 15 and 21 for leave to add parties to the Complaint in the *O'Neill* action to include the New Plaintiffs as plaintiffs.

18. To ensure both fairness and judicial economy, and to fulfill the intent of the parties' agreement, the parties request that amendment be granted on the express conditions that:

   i. Plaintiffs added through this motion would not need to re-serve the *O'Neill* Defendants.

   ii. All parties will be bound by all (i) prior and future dispositive and non-dispositive decisions in the case subject to applicable appellate rights, and (ii) all prior discovery orders, discovery schedules, and other scheduling orders. The parties intend and agree that the New Plaintiffs will be in the same litigation position as the Original Plaintiffs who originally brought claims against DIB, WAMY, IIRO, MWL, and Kadi.

iii. The amendment supplements by incorporation into, but does not displace, the underlying complaint.

iv. The amendment does not affect any prior service, orders, or judgments entered in the case, and that prior service, orders, and judgments entered in the case remain in effect as to all parties.

v. No *O'Neill* Defendant waives any defenses, including but not limited to lack of personal jurisdiction, by allowing plaintiffs not to re-serve the *O'Neill* Defendants.

vi. New Plaintiffs and the *O'Neill* Defendants agree to defer briefing on any substantive issues involving the timeliness or viability of New Plaintiffs' claims to when plenary briefing is ordered on the case involving all MDL plaintiffs.

vii. *O'Neill* Defendants' prior responsive pleadings and motions to dismiss will be deemed to apply to the New Plaintiffs added through this motion. *O'Neill* Defendants preserve all rights to raise a defense, including but not limited to on the basis of personal jurisdiction, even though no new motion to dismiss or answer is required to be filed in response to the amended pleading.

viii. Unexpired statutes of limitations would continue to be tolled while the motion to add parties is pending and for two weeks following the disposition of this motion.

ix. Notwithstanding any other provision herein or in any related filing, the New Plaintiffs will be bound by the DIB dismissal decision (ECF No.

6

     8911) subject to existing appellate rights, can join in any Federal Rule of Civil Procedure 54(b) motion against DIB, may be parties in any subsequent appeal against DIB, and agree to be bound by any ruling (favorable or unfavorable) by any appellate court as to DIB.

   x. Notwithstanding any other provision herein or in any related filing, the New Plaintiffs and the *O'Neill* Defendants will be bound by the Court's decision at ECF No. 2312.

19. Adding parties to the *O'Neill* action will not unduly delay or prejudice the adjudication of this case and this Court has previously permitted multiple requests to add plaintiffs to a related *O'Neill* action in this MDL which had obtained default against the Taliban. *See* ECF Nos. 7949, 8111, 8150, 8473, and 8695. But if this Court were to deny amendment, then the New Plaintiffs would need to file a new complaint against the *O'Neill* Defendants subject to meet and confer negotiations with the *O'Neill* Defendants.[2]

BALANCE OF PAGE INTENTIONALLY LEFT BLANK

---

[2] Additionally, a subset of Putative Class Plaintiffs listed in Appendix 4 to the proposed amended Complaint, who are Anderson Kill clients, seek to be added as plaintiffs against all defaulted defendants in this case. The requested relief and reasoning for same is set forth in prior briefing requesting identical relief against the Taliban, *see, e.g.*, ECF No. 8692, and Court granted the identical requested relief as to the Taliban. *See, e.g.*, ECF No. 7949, 8111, 8150, 8473, and 8695.

WHEREFORE, Plaintiffs with the consent of the *O'Neill* Defendants respectfully request that the Court grant this Motion.

Dated: February 15, 2024
New York, NY

/s/ *Jerry S. Goldman*
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
Email: jgoldman@andersonkill.com
Tel: 212-278-1000
Fax: 212-278-1733

*Attorneys for Plaintiffs*