**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

February 22, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees ("PECs") and counsel for the *Ashton* Plaintiffs write in response to Saudi Arabia's February 21, 2024 letter (ECF No. 9589), concerning the unsealing of judicial documents available for the Court's consideration on defendants' motion to strike.

The parties agree to unseal many of the judicial documents, including in several instances where Plaintiffs have agreed (subject to a reservation to challenge later) to obscure the faces of individuals identified as minors at the time the images were captured.[1] Accordingly, the parties agree that ECF Nos. 9500, 9500- 05, 9501, 9504, 9505, 9510, 9560, and 9571 may be unsealed immediately and that redacted versions of ECF Nos. 9500-04, -06, -07 and -08 may be unsealed and publicly filed

As to the following judicial documents before the Court on the motion to strike, ECF Nos. 9500-02, 9500-09, 9500-10, 9500-11, 9501-01, 9510-01, 9510-02, 9560-01, 9560-02, the parties have no redactions but have proposed that the FBI review the documents according to the agreed schedule for reviewing the parties' filings on the jurisdictional motions. Similarly, as to ECF No. 9500-03, the parties propose no redactions, except that Plaintiffs will replace (for the purpose of the public filing) Exhibit 1 to the declaration, which is a non-public version of the FBI Electronic Communication dated July 23, 2021 [EO14040-003478-UPDATED-MDL], with the public, non-protected version of the same document [EO14040-003478-UPDATED]. The FBI has requested 30 days to review ECF No. 9500-03 for proposed redactions pursuant to the FBI protective order (ECF No. 4255). Plaintiffs do not oppose that request.[2]

The sole remaining dispute concerns Saudi Arabia's opposition to unsealing "the video and documentary evidence produced by the MPS and cited in the declarations submitted for the Court's consideration." ECF No. 9589, citing ECF No. 9572 at 3. On December 8, 2023, Plaintiffs filed with

---

[1] As to ECF No. 9500-4, Plaintiffs will redact images 1, 4 and 5 on page 11, and as to ECF Nos. 9500-6, -7, and -8, Plaintiffs will redact image N7 in Annex 7, and images at numbers 24, 26 and 27 of Annex 8 (subject to Plaintiffs' reservation of rights to challenge later).

[2] The United Kingdom authorities have taken the position that the material its Metropolitan Police Service ("MPS") produced is "no longer classified," ECF No. 9461-2 at 4, and further "confirm[ed that] there is no claim made by the MPS for [Public Interest Immunity] in relation … to any redacted part of the documents that are listed on the schedule…." ECF No. 9461-2 at 4.

The Honorable Sarah Netburn
February 22, 2024
Page 2

---

the Court numerous videos on two 4TB USB hard drives and one DVD, collectively containing the entirety of the MPS 2023 Production. ECF No. 9461. Only two videos from that Production, identified in ECF No. 9461 as follows, are subjects of Plaintiffs' request to unseal:

- ECF No. 9461-3 at 2, URN 2023-003 (MPS2023-003_VIDEO-EXHIBIT), which is described on the "Schedule of Relevant Material 2023" as follows: "This is a VHS tape which has nothing printed thereon. There is a small white label which [sic] a handwritten note which has '4' written thereon. On the side of the tape there is a white label with a dotted line grid. Written on the label it states 'WASHINGTON TRIP 23, JUNE 99 – 4 JULY'." [Also filed at ECF Nos. 9490 and 9543, Exhibit 10F], and

- ECF No. 9461-3 at 5, URN 2023-059 (MPS2023-059_VIDEO-EXHIBIT), which is the "complete video in a .MOV format." [Also filed at ECF Nos. 9490 and 9543, Exhibit 10K].

In arguing to keep these two videos under seal at this time, Saudi Arabia relies on the meritless distinction that the videos were "not attached as exhibits" to filings associated with the Court's January 26 Order. These videos, however, have been part of the Court record since December 8, 2023, when they were filed with the Clerk's office. ECF No. 9589. They have been judicial documents (whose sealing is subject to heightened scrutiny) since at least December 20, 2023, when they were filed as exhibits for the Court's consideration with Plaintiffs' opposition to Saudi Arabia's motion to dismiss. ECF Nos. 9490 and 9543, Exhibits 10F and 10K to the Declaration of James Gavin Simpson. Moreover, both exhibits were also before the Court in connection with the very motion to strike that formed the basis of this Court's now publicly docketed January 26 Order. ECF No. 9504 at 3, 4, citing ECF No. 9541-1 (Plaintiffs' Averment) ¶¶ 1208-1246 (in turn citing MPS2023-003 and MPS2023-059) and ECF No. 9543, Exhibit 10K-Adams (Adams Decl.) (in turn citing MPS2023-059)), and also in connection with Plaintiffs' motion for reconsideration and objections (ECF No. 9571 at 4-6, 8-10, 13-19).

The videos are central to the motion to strike, the Court's January 26 Order on the motion to strike, and Plaintiffs' motion for reconsideration/objections to the January 26 Order. *See* ECF No. 9562 at 6, 10 (finding the court must assess the "importance" of the evidence). Given the import of the videos—indeed, they were cited in, and the subject of, two declarations addressed in the motions and the Court's order—they are "relevant to the performance of the judicial function and useful in the judicial process," *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")); *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")), and should be presumed publicly available absent compelling circumstances to maintain them under seal.

Saudi Arabia's insistence on continued non-disclosure of the judicial documents undermines the very purpose of the public's Constitutional and common law presumptive rights to public access—namely, to promote a more complete understanding of the judicial system, a better perception of its fairness, and public confidence in it. *Amodeo II*, 71 F.3d at, 1049. Depriving the public of access to the video evidence central to the two declarations would effectively deprive the public of its ability to fairly assess the "performance of the judicial function." *Mirlis*, 952 F.3d at 59.

Saudi Arabia already completed its review for proposed redactions to the relevant MPS-produced materials, where it proposed no redactions to the videos aside from redactions to which Plaintiffs have already agreed. Email of G. Rapaway (Dec. 20, 2023) (raising privacy designations as to images of minors in Exhibit 10K, but none in Exhibit 10F). In its December 20 email, Saudi Arabia confirmed it asserts no designations as to ECF No. 9543, Exhibit 10F (MPS2023-003). As to ECF No. 9543, Exhibit 10K (MPS2023-059), its only confidentiality designation raised the same concern as it raised regarding ECF Nos. 9500-04, -06, -07 and -08, where the parties agreed on redactions (*see supra*, n.1). Namely, Saudi Arabia asserted that the video in Exhibit 10K showed individuals who were minors at the time of the video recording. Email of G. Rapaway (Dec. 20, 2023). But just as the parties agreed for ECF Nos. 9500-04, -06, -07 and -08, Plaintiffs have redacted Exhibit 10K to obscure the face of the only individual on the footage who was a minor at the time (while again, reserving the right to challenge the redaction and unseal relevant images later). Accordingly, both videos should be unsealed as proposed.

The approach Saudi Arabia has proposed would improperly restrain the public right of access to judicial proceedings, cause confusion, and be misleading. As a result of the Court's order at ECF No. 9578, unsealing the Court's January 26 Order (ECF No. 9562) (which no party argued should remain sealed), the public has learned of the existence of the video evidence in the Court record. The public, aware of the January 26, Order and the existence of the video in the record, has a compelling interest in understanding what that Order addresses. Keeping the judicial documents sealed, as Saudi Arabia argues for, would cause significant harm to the Constitutional and common law rights at issue here, and unreasonably impair the public's compelling interest in understanding the full scope of the September 11, 2001 terrorist attacks, who was involved, and how the Court is considering the evidence before the Court.

Accordingly, for the reasons herein and in Plaintiffs' submission at ECF No. 9572, Plaintiffs respectfully request that the Court unseal these filings in their entirety: ECF Nos. 9500, 9500- 05, 9501, 9504, 9505, 9510, 9560, and 9571 and ECF No. 9543, Exhibit 10F; and unseal these filings with the redactions noted herein: ECF Nos. 9500-04, -06, -07 and -08, and ECF No. 9543, Exhibit 10K. As to the remaining judicial documents before the Court on the motion to strike, ECF Nos. 9500-02, 9500-03, 9500-09, 9500-10, 9500-11, 9501-01, 9510-01, 9510-02, 9560-01, 9560-02, the FBI should conduct its review according to the agreed schedule for reviewing the parties' filings on the jurisdictional motions.

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | COZEN O'CONNOR |
| By: /s/ Robert T. Haefele | By: /s/ Sean P. Carter |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| 28 Bridgeside Boulevard | One Liberty Place |
| Mount Pleasant, SC 29465 | 1650 Market Street, Suite 2800 |
| Tel.: (843) 216-9184 | Philadelphia, Pennsylvania 19103 |
| Email: rhaefele@motleyrice.com | Tel.: (215) 665-2105 |
| | Email: scarter@cozen.com |

The Honorable Sarah Netburn
February 22, 2024
Page 4

---

*Liaison Counsel and Co-Chairs for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

*Co-Chairs and Liaison Counsel of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc: The Honorable George B. Daniels, via ECF
    All Counsel of Record via ECF