KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

April 9, 2024

*Via ECF*

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

    I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") concerning the letter filed by the Plaintiffs' Executive Committees ("Plaintiffs") earlier today as ECF No. 9675. Plaintiffs' letter correctly states that Saudi Arabia does not oppose Plaintiffs' request for an additional four days to file their surreply.

    Plaintiffs' letter also, however, includes a request for "the Court's renewed approval to file Exhibits in support of Plaintiffs' filings with the Clerk of the Court under seal via a USB-enabled hard drive." (Underlining omitted.) Plaintiffs did not inform Saudi Arabia that they would be seeking to file new exhibits. Their letter appears to seek leave to do so in the guise of an administrative motion to file a hard drive. Saudi Arabia opposes Plaintiffs' effort to file additional exhibits with their surreply. The Court's order granting Plaintiffs a surreply directed Plaintiffs to use that surreply to "challeng[e] arguments made in the Kingdom's reply." ECF No. 9026, at 4. It did not address additional exhibits at all. It certainly did not contemplate that Plaintiffs would file additional exhibits so voluminous as to require a hard drive.

    Plaintiffs have the burden of production on this motion and should have submitted the documents with which they sought to meet that burden with their opposition. *See Aurora Loan Servs., Inc. v. Posner*, *Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (striking new exhibits filed by plaintiff on reply because "plaintiff had the initial burden in moving for summary judgment, and may not add new materials simply because defendant pointed out that it has not met its burden"). To allow Plaintiffs to add an additional hard drive of documents on surreply "would inappropriately allow [them] a second bite at the . . . apple" and would "create[ ] opportunities for gamesmanship." *Id.*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable Sarah Netburn
April 9, 2024
Page 2

      If Plaintiffs submit new exhibits now, Saudi Arabia either will have no opportunity to address those materials or will need to seek leave for a sur-surreply, which will burden the Court with more paper. Saudi Arabia would also need to seek leave for an additional filing raising evidentiary objections to the new exhibits. As set forth in Saudi Arabia's reply in support of its motion to dismiss, Plaintiffs' opposition relies on hundreds of exhibits that are hearsay, that make statements not supported by personal knowledge, or that are otherwise inadmissible. *See* ECF No. 9610, at 6-11; ECF Nos. 9611-2. The Court should deny Plaintiffs leave to file exhibits and direct them to confine their surreply to the existing record.

                                  Respectfully submitted,

                                  /s/ *Michael K. Kellogg*

                                  Michael K. Kellogg
                                  *Counsel for the Kingdom of Saudi Arabia*

cc:    The Honorable George B. Daniels (via ECF)
        All MDL Counsel of Record (via ECF)