UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to: *Betru, et al. v. Islamic Republic of Iran,* 18-cv-08297 (GBD)(SN)

### The *Betru 3* Motion for Final Damages for Solatium Plaintiff Without Prior Judgments

For the reasons set forth below, and the statements contained in the declaration of James P. Kreindler, Esq. ("Kreindler Declaration") and exhibits filed in connection with this motion, the *Betru 3* Plaintiff set forth in Exhibit B to the Kreindler Declaration (a copy of which is also attached as Exhibit B to the default judgment motion sheet, filed with the proposed order) by and through their counsel, Kreindler & Kreindler LLP, respectfully move this Court for an Order:

1)   Awarding the Plaintiff set forth on Exhibit B solatium damages for the losses he suffered as a result of the death of his immediate family member in the September 11, 2001 terrorist attacks in the amount previously awarded by this Court;

2)   Awarding the *Betru 3* Plaintiff pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3)   Granting the *Betru 3* Plaintiff permission to seek punitive damages and any other appropriate damages at a later date;

4)   Finding that service of process was properly effected upon the Islamic Republic of Iran ("Iran") in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

1

5) Granting permission for all other plaintiffs in this action not appearing on Exhibit B to to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

This motion is made on behalf of the claimant listed in Exhibit B (*Betru* Plaintiff), in light of this Court's previous orders granting permission to allow remaining *Betru / Ashton* plaintiffs to move for this relief. *See e.g.* 03-md-1570 (S.D.N.Y.) (GBD) (FM), ECF No. 3300, ECF No. 4170.[1]  The solatium claimant for whom relief is presently sought is the immediate family member of a decedent who was murdered on September 11, 2001 in the terrorist attacks.

As the award set forth in the proposed order represents the only direct recovery against Iran on behalf of the *Betru 3* Plaintiff listed in Exhibit B (and also filed with the proposed order), the proposed order will constitute final award and judgment against Iran for the plaintiff listed in Exhibit B.

I.      **Procedural Background**

On September 12, 2018 the *Betru* Plaintiffs filed a short form complaint against the Islamic Republic of Iran (Iran). *See* 18-cv-8297 (S.D.N.Y.) ECF No. 1.  In doing so, they adopted the jurisdictional and factual allegations and causes of actions set forth in the *Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran* ("Amended Consolidated Complaint") and the Iran Short Form Complaint. *See* 18-cv-8297 (S.D.N.Y.), ECF 1 (*Betru* Short Form Complaint) at 3-5; ECF 3237 (Amended Consolidated Complaint).  They asserted federal jurisdiction pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities

---

[1] References to the 03-md-1570 docket entries are noted only by the ECF document number. Any reference to a prior Order or filing on a different docket will include that docket number as well as the ECF document number.

Act (28 U.S.C. § 1605(a)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"). ECF 3237 at 1, 3; 18-cv-8297, ECF 1 at 4-5.[2]

On February 5, 2020, this Court directed the *Betru* Plaintiffs to complete service against Iran and obtain a certificate of default prior to obtaining liability or damages judgments. ECF 5856 at 3; ECF 5862 at 2. The *Betru* Plaintiffs thereafter served the Notice of Suit, Complaint, Summons and other case initiating documents (such as related case statements) against Iran (along with certified Farsi translations of the same) pursuant to the service requirements of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(a)(3). Kreindler Decl. at ¶ 6; ECF 6289; ECF 7973 at 2 – 3. The *Betru* Plaintiffs filed their proof of service and then moved for a Certificate of Default, which the Clerk of the Court issued. ECF 7425-7428. Following that, the *Betru* Plaintiffs moved for a default judgment on liability, which this Court granted on July 19, 2022. ECF 8234. The liability judgment was served on August 12, 2022 pursuant to the requirements of the Foreign Sovereign Immunities Act. ECF 8334; Kreindler Declaration at ¶ 7. To date, Iran has never answered the *Betru* Plaintiffs complaint nor has it moved to vacate the certificate of default or the default judgment on liability against it. Kreindler Declaration at ¶ 8. This Court has previously awarded other plaintiffs, including other *Betru* Plaintiffs, final

---

[2] The Amended Consolidated Complaint also adopted the allegations and counts set forth in the *Ashton* Sixth Amended Complaint (ECF 465). ECF 3237 at 2. The Amended Consolidated Complaint, filed with this Court's permission, asserted the same jurisdictional allegations as in prior *Ashton* complaints, and added a claim based on a new provision of the FSIA enacted subsequent to the filing of the original suits against Iran and adopting and incorporating by reference the prior *Ashton* allegations against Iran. ECF Nos. 2968, 2968-1 at 1 - 2 (adding allegations under 28 U.S.C. § 1605A). This Court issued an Opinion and Order allowing the *Ashton* Plaintiffs to amend their pleadings as to Iran without requiring service of the amended pleadings. ECF No. 3227. Only after obtaining such permission did the *Ashton* Plaintiffs file the Amended Consolidated Complaint on the docket. ECF. No. 3237.

damages judgments based on the liability judgment they previously obtained. *See, e.g.,* ECF 8245.

Now the *Betru 3* Plaintiff, for the same reasons set forth in prior motions for final damages judgments against Iran this Court has granted, moves for (1) an award for solatium damages; (2) prejudgment interest at the rate of 4.96 percent per annum; (3) permission for such plaintiffs to seek punitive damages, economic damages and any other appropriate damages at a later date; and (4) for all other plaintiffs in this action not appearing on Exhibit B to submit applications for damages awards in later stages, to the extent that such awards have not previously been addressed.

## II.   Damages

The *Betru* Plaintiffs claimed damages, as relevant here, pursuant to JASTA, ATA's civil damages provision, the TVPA, the FSIA and state law. *See* 18-cv-8297 (S.D.N.Y.) ECF 1 at 4 (adopting and incorporating the claims in the *Ashton Amended Consolidated Complaint* (ECF 3237) which, in turn, adopted all allegations and causes of action in the *Ashton* Sixth Amended Complaint (02-cv-6977 (S.D.N.Y.) ECF 465 at 235-40) and at 5 (asserting wrongful death and personal injury damages claims under JASTA).

Under 28 U.S.C. § 1605A ("Section 1605A"), which, among other claims, applies to the suit against Iran, available damages include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(a)(1) and (c)(4). Consistent with that language, the caselaw governing terrorism litigation has recognized that the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages

under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,* 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC,* 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) ( allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive damages are not available under ATA, its civil action provision "provides for treble damages").

The *Betru 3* Plaintiff set forth in Exhibit B is the immediate family member of the 9/11 Decedent listed on Exhibit B, was a United States national as of September 11, 2001, and is therefore entitled to compensation under 28 U.S.C. § 1605A for the solatium losses suffered as a result of the wrongful death of the 9/11 Decedent.

As liability has been established in this matter, the plaintiff is now entitled to damages in the amount set forth on Exhibit B which reflects (1) the damage amounts previously awarded by this Court for solatium damages to immediate family members of 9/11 Decedents and (2) the trebled damages to which the *Betru* 3 Plaintiff is entitled to claim under the ATA.

A. **Solatium Damages**

The Foreign Sovereign Immunities Act (28 U.S.C. § 1605A) specifically provides for solatium damages.  Under that provision, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of

decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005).  Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress."  *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009).  Given that, in FSIA cases solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims.  *See, e.g Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)("[c]ourts have uniformly held that a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)).  Thus, this Court has previously awarded solatium damages to "immediate family members" who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *See* ECF 3358; *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN), 2015 WL 9468813 (S.D.N.Y. Dec. 28, 2015); *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(SN), 2012 WL 4711407 (S.D.N.Y. Oct. 3, 2012).

In defining those family members eligible to make a claim for solatium damages, this Court previously determined that spouses, parents, children and siblings who survived a victim killed in the September 11 terrorist attacks were entitled to recover for their losses, and set forth a framework for other family relationships that fell outside of those four categories, such as intimate partners, aunts and uncles and step-relationships, who, based on the particular factual

circumstances in each case, may be considered the functional equivalent of immediate family members. *See* ECF No. 3363 (Report & Recommendation).  The four established categories of family relationships – spouses, parents, children and siblings – do not require any additional showing of the nature of the underlying relationship.

To fashion a solatium award adequately compensating the surviving immediate family members in the litigation against Iran, this Court previously looked to the analysis undertaken by District Court Judge Royce Lambert in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).  There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million.  *Id.*[3]

Magistrate Judge Frank Maas previously recognized that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief" and, "[w]orse yet, … are faced with frequent reminders of the events of that day." *See* ECF No. 2618 at 10 – 12.  Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families," Magistrate Judge Maas in his Report and Recommendation concluded that an upward departure from the *Heiser* framework was appropriate and recommended solatium damages in the following amounts:

| **Relationship to Decedent** | **Solatium Award** |
|---|---|
| Spouse | $12,500,000 |

---

[3] This formula may be adjusted upward or downward when circumstances warrant.  *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

| Parent | $8,500,000 |
| --- | --- |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

Subsequently, Magistrate Judge Maas and then Magistrate Judge Sarah Netburn issued orders awarding solatium damages in the amounts set forth above to various groups of plaintiffs.

The losses claimed in this motion are legally and factually comparable to those suffered by the other claimants involved in this litigation. The death in this case was sudden and unexpected and was the result of the terrorism defendants' extreme acts of malice. The decedent was a civilian whose death was intended to create an environment of fear and terror. The claimant here was not an attenuated victim but the immediate family member of the decedent and was directly and irrevocably harmed by the terrorist acts and consequences. The amount of solatium damages previously adopted by the District Court in the other *Betru* cases as well as the other claimants involved in this litigation should apply equally to the *Betru 3* Plaintiff set forth on Exhibit B.

The relationships between the decedent and the *Betru 3* Plaintiff is identified on Exhibit B. As described in the Kreindler Declaration, the *Betru 3* Plaintiff listed in Exhibit B has a direct relationship previously recognized as being presumptively qualified for solatium damages; the relationship between the *Betru 3* Plaintiff and his immediate family member, who was killed in the September 11, 2001 terrorist attacks, has been verified; the *Betru 3* Plaintiff survived the death of his immediate family member on September 11, 2001; and the *Betru 3* Plaintiff has no other known claim pending before this Court for compensation against Iran. The *Betru* Plaintiffs therefore respectfully request that this Court issue a final judgment ordering payment of solatium damages to the *Betru 3* Plaintiff, listed in Exhibit B, in the same amount set forth above, based

on his relationship with his decedent and as described in the Kreindler Declaration and set forth in Exhibit B.

### B. Punitive Damages

Plaintiffs with liability judgments against Iran are also entitled to punitive damages. *See* 28 U.S.C. § 1605A(c)(4). Previously in this case, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF No. 2618 at 13 (quoting *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, a different magistrate judge recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28. Judge Daniels adopted that recommendation, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, the *Betru* Plaintiffs request permission to address the issue of punitive damages at a later date. *See, e.g.*, ECF No. 3666 (Judge Daniels'

order authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court).

### C. Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate. *See* ECF No. 3175 at 1 – 2. Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF No. 3384 at 6.

Accordingly, the *Betru 3* Plaintiff asks that this Court direct that prejudgment interest of 4.96 percent per annum on his award running from September 11, 2001 until the date of judgment, as was done previously for other *Betru* Plaintiffs, as well as for other plaintiffs in this consolidated litigation.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions of the *Betru* Plaintiffs and other plaintiffs, the *Betru 3* Plaintiff respectfully requests that this Court grant the proposed order and

1) Award the Plaintiff set forth on Exhibit B solatium damages based on the death of his immediate family member, who was killed on September 11, 2001 in the terrorist attacks;

2) Award him pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

3) Grant him permission to seek punitive damages and any other appropriate damages at a later date;

4) Find that service of process was properly effected upon Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

5) Grant permission for all other plaintiffs in this action not appearing on Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

Dated: New York, New York
April 16, 2024

Respectfully submitted,

KREINDLER & KREINDLER LLP

BY: __/s/ James P. Kreindler__
James P. Kreindler, Esq.
485 Lexington Avenue, 28th Floor
New York, New York 10017
Tel: (212) 687-8181
*Counsel for Betru Plaintiffs*