UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Betru, et al. v. Islamic Republic of Iran,* 18-cv-08297 (GBD)(SN)

**Declaration of James P. Kreindler in Support of *Betru 3* Motion for Final Damages for Solatium Plaintiff Without Prior Judgments**

JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1746, hereby states under penalty of perjury that:

1. I am an attorney representing the *Betru* plaintiffs ("*Betru*") in the above-captioned litigation. I submit this declaration in support of the motion for final judgment on behalf of the immediate family member of an individual murdered on September 11, 2001 in the terrorist attacks ("9/11 Decedents"), as well as for permission to allow any remaining *Betru* plaintiffs to move for the same or similar relief in separate stages. This motion seeks the following relief:

   a. awarding solatium damages for the immediate family member of the 9/11 Decedent in the amount as set forth on Exhibit B based on the relationship listed on Exhibit B;

   b. awarding the Plaintiff identified on Exhibit B pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

   c. granting the Plaintiff identified in Exhibit B permission to seek punitive damages and other appropriate damages at a later date;

   d. determining that service of process was properly effected upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

   e. granting permission for all other *Betru* plaintiffs not appearing on Exhibit B to submit applications for damages awards in later stages, to the extent such

awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."[1]

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

   c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

   d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

   e. The Court's Order dated September 22, 2023 (ECF No. 9355) setting forth the new quality control, motion, declaration and exhibit procedures and paradigms.

**Due Diligence:**

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Betru* Plaintiffs in connection with the September 11th litigation; communications directly from family members of the 9/11 Decedents we represent; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other

---

[1] References to the 03-md-1570 docket entries are noted only by the ECF document number. Any reference to a prior Order or filing on a different docket will include that docket number as well as the ECF document number.

court records relating to the multi-district litigation to which the *Betru* Plaintiffs are parties, including review of, among other things, relevant retainer agreements, death certificates, judicial filings (complaints, default certificate, liability default judgment and documentation of service), communications with clients and family members and public databases and other sources of information.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Based on our review of the above, I believe that the 9/11 Decedent listed in Exhibit B died on September 11, 2001 in the September 11th terrorist attacks.  The Plaintiff identified in Exhibit B has retained my law firm to represent him in connection with the motion for damages against Iran.  Before filing this motion, we have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (*see* ECF No. 3435, adopting procedures set forth in ECF No. 3433) (2) personally verified that, based on review by myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment; (3) comported with the Court's September 22, 2023 paradigm for quality control, motions, declarations and exhibits supporting the request for damages herein, including the standardized exhibit document that this Court has provided along with the requisite review process involved in preparing the exhibits (ECF 9355); and (4), as set forth in this Court's September 22, 2023 checklist, provided Exhibit B to be checked against the default judgment motion master list.

5. For the 9/11 Decedent listed in Exhibit B, I or other representatives of Kreindler & Kreindler have confirmed that the 9/11 Decedent was a United States national as of September

11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents.

## Procedural Background

6. On behalf of the *Betru* Plaintiffs, my firm filed a short form complaint against Iran on September 12, 2018. 18-cv-8297 (S.D.N.Y.) (GBD) (SN), ECF 1.  We then completed service of the complaint against Iran pursuant to the requirements of the Foreign Sovereign Immunities Act (ECF 7425), and obtained a certificate of default (ECF 7428) and successfully moved for an default judgment on liability. ECF 8234.

7. After obtaining the default judgment on liability, it was served on Iran pursuant to the requirements of the Foreign Sovereign Immunities Act, with the Clerk of the Court initiating service on August 12, 2022. ECF 8334.

8. Iran has never answered the *Betru* complaint nor has it moved to vacate the certificate of default or the liability judgment against it.

## Solatium Claims – Immediate Family Member

9. The 9/11 Decedent listed in Exhibit B was killed in the September 11, 2001 terrorist attacks and was survived by immediate family members, including the immediate family member listed in Exhibit B.  The relationship set forth in Exhibit B has been personally verified by staff members at Kreindler & Kreindler who have obtained written documentation, retrieved biographical paperwork and/or conducted interviews with the family member listed in Exhibit B (or with their other family members) confirming the relationships set forth there.

10. To minimize the chance of any human error, my firm has instituted a further level

of quality control, during which each client's file is reviewed a second time and the relationship and other information contained in Exhibit B are corroborated, as is the fact that the claimant survived the death of his loved one in the September 11, 2001 terrorist attacks.

11. We have been retained by the plaintiff listed in Exhibit B to pursue recovery for his solatium losses arising out of the death of his loved one on September 11, 2001. We have provided a copy of Exhibit B to be checked against the default judgment master list and have verified that that the plaintiff listed in Exhibit B has not recovered for his solatium damages previously nor does he have any other pending motion before this Court for compensation against Iran arising out of the September 11, 2001 terrorist attacks.

## Conclusion

12. For all of the reasons set forth in this declaration and the *Betru 3* Motion for Final Damages Judgment for Solatium Plaintiff Without Prior Judgments, I respectfully request that this Court grant the proposed order filed herewith.

Dated: April 16, 2024
       New York, NY

                                                     /s/ James P. Kreindler
                                                       James P. Kreindler