# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

April 19, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees and counsel for the *Ashton* Plaintiffs ("Plaintiffs") write pursuant to the Court's Order at ECF No. 9026, which directed the parties to refrain from including legal argument in their evidentiary objection charts, and provided that "to the extent complex evidentiary issues arise, the Court will consider whether additional briefing is warranted."

Saudi Arabia has lodged sweeping and conclusory "hearsay" and similar objections to several hundred exhibits offered by Plaintiffs in support of their Averment, and asked the Court to disregard this evidence wholesale on the basis of those conclusory objections. These challenges extend to investigative findings of the FBI and CIA declassified pursuant to President Bidens Executive Order 14040, despite the fact that Saudi Arabia previously has argued that CIA and FBI reports are admissible. *See, e.g.*, ECF No. 3668 at 20-22, ECF No. 3851 at 15.

Saudi Arabia's admissibility objections are without merit,[1] and Plaintiffs easily show that JASTA's immunity exception applies here. However, to the extent the Court assesses that any admissibility objections or challenges are material to the Court's analysis of jurisdiction, Plaintiffs would request an opportunity for evidentiary briefing as to such objections. Based on the nature of Saudi Arabia's objections, Plaintiffs anticipate that such briefing would address the following key principles:

(1)   Statements are not hearsay and are admissible under Federal Rule of Evidence ("Rule") 801(d)(2)(A)-(E) as statements by Saudi Arabia, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them;

(2)   Even if hearsay, several exceptions apply:

---

[1] Consistent with the Court's instruction, Plaintiffs are responding both generally and on a document-by-document basis to Saudi Arabia's improper evidentiary objections in chart form appended to their sur-reply (without legal argument, *see* ECF 9026 at 5).

The Honorable Sarah Netburn
April 19, 2024
Page 2

---

    a. Business Records Exception, Rule 803(6), for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge;

    b. Public Records Exception, Rule 803(8)(A)(ii) for matters "observed while under a legal duty to report" (applicable to both U.S. government documents like FBI Reports, CIA and State Department reports and foreign government documents) that the 9/11 Commission, this Court, and even Saudi Arabia, previously acknowledged applies here (*see* Plaintiffs' Sur-reply, ECF No. 9706 at 18 n. 26 (page 10 of Plaintiffs' Surreply Brief);

    c. Public Records Exception for "factual findings from a legally authorized investigation." Rule 803(8)(A)(iii) (applicable to both U.S. government documents and other government documents, and if this exception applies, no need for hearsay within hearsay analysis);

    d. Statement could refresh recollection of witness. Rule 803(5);

    e. Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16);

    f. Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);

    g. Unavailable Witness Exception, Rule 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (*e.g.*, Vienna Convention or self-incrimination in this case) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against Saudi Arabia that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result;

    h. Hearsay is reasonably relied upon by Plaintiffs' experts and is the type relied upon by other similar experts. Rule 703;

    i. Residual Hearsay Exception, Rule 807, when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence;

    j. The statements can also be used for impeachment and to undermine credibility of Saudi witnesses, Rules 613 and 806, and can be affirmative evidence to the extent lie shows consciousness of guilt;

    k. Not hearsay if not offered for the truth of the matter (e.g., motive, notice, effect on listener, that individuals knew and associated with each other);

(3) Documents are proper summary exhibits under Rule 1006 in that they contain material summarizing results of investigation or other information;

(4) The general policy in favor of admissibility especially in bench trials rather than a lay jury trial;

(5) The fact would be proven at trial as needed by admissible evidence. Federal Rule of Civil Procedure 56(c);

(6) Court can take judicial notice of certain facts under Rule 201;

(7) Documents or statements satisfy conditional relevance standards under Rule 104(b);

The Honorable Sarah Netburn
April 19, 2024
Page 3

_____

   (8)   Documents or statements satisfy Rule 901 and would be authenticated as needed at trial;

   (9)   Certain documents were produced after depositions, so Plaintiffs had no opportunity to ask witnesses about them;

   (10)  Testimony satisfies Rules 602 and 701 as based on his perceptions and helpful to factfinder; and,

   (11)  Plaintiffs can buttress their allegations against Saudi Arabia on issues that were not the subject of jurisdictional discovery.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By: /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*For the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF