UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-06977

    The plaintiffs in Ashton, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-06977 ("Ashton"), move to amend their complaint under Federal Rules of Civil Procedure 15 and 17. ECF No. 9700.[1] They seek to clarify the capacities in which plaintiffs named in the Sixth Amended Complaint asserted claims and identify minor children whose claims were asserted through their guardians but have since reached the age of majority.

    Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave and directs courts to "freely give leave when justice so requires." Id. The decision to permit amendment is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v. Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)). Amendment should be permitted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Ashton Plaintiffs' claims are not futile, will not unduly delay these proceedings or prejudice defendants, and were not filed in bad faith or with a dilatory motive. Their motion is therefore GRANTED, and it is further ORDERED that:

- The claims of the plaintiffs named in the Ashton Plaintiffs' Sixth Amended Complaint, ECF No. 1463, are clarified to include the capacities in which various plaintiffs are pursuing claims, as provided in ECF No. 9703-1;

- Under Rule 15(c), this Order amends the operative pleadings and relates back to when each of the individuals originally named in the pleadings were added to this action; and

- Plaintiffs' counsel shall add the additional capacities of these plaintiffs and the names of formerly minor plaintiffs to the ECF docket in compliance with ECF No. 4295.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9700 and the related motion at ECF No. 2049 in No. 02-cv-06977.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   April 25, 2024
         New York, New York

2