# EXHIBIT U

# Estate of Robert B. Mahon

# VCF Documentation



June 27, 2018

BEVERLY MAHON
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY  10271

Dear BEVERLY MAHON:

The September 11th Victim Compensation Fund ("VCF") has reviewed your Eligibility Form. You submitted an Eligibility Form on behalf of ROBERT MAHON.  Your claim number is VCF0098585.  Your Eligibility Form was determined to be substantially complete on June 26, 2018.  As stated in the Regulations and on the claim form, by filing a substantially complete Eligibility Form, you have waived your right to file or be a party to a September 11th-related lawsuit on behalf of the decedent and his or her survivors.

### The Decision on your Claim

The VCF has determined that the decedent has met the eligibility criteria established in the statute and regulations.  Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the following injuries:

- MALIGNANT NEOPLASM UNS KIDNEY EXCEPT RENL PELVIS

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury. Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or the amount of your award.

### What Happens Next

**If the decedent was certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  Please see the VCF website for details on how to amend your claim.  The VCF will review the new information and determine if it provides the basis for a revised decision.

**If you believe the decedent had eligible injuries not treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating the amount of any

_____
P.O. Box 34500, Washington, D.C. 20043
VCF0098585EL0627181C



compensation, you should amend your claim.  If you choose to amend your claim, you will need to use the VCF Private Physician process.  The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim.  All forms are available on the VCF website under "Forms and Resources."  The website also includes detailed information and instructions on the Private Physician process.

**If the decedent did not have injuries other than those listed above,** you should submit your Compensation Form and required supporting materials.  If you have already submitted your Compensation Form, you do not need to take any action at this time unless you receive a request from the VCF for missing information.  The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund


cc: BEVERLY MAHON


September 11th
Victim Compensation Fund

February 14, 2020

BEVERLY MAHON
122 THEODORE DRIVE
CORAM NY  11727

Dear BEVERLY MAHON:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on April 16, 2019 notifying you of the amount of your award.  Your claim number is VCF0098585.

You then amended your claim to request additional losses.  The VCF has considered your amended claim and reviewed the new information you provided.  This letter sets forth the revised award and supersedes and replaces all previous letters.

After reviewing the responses in your claim form, the documents you submitted in support of your claim, and information from third-party entities, the VCF has calculated the amount of your award as **$493,619.76**.  This determination is in accordance with the requirements of the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund Act ("VCF Permanent Authorization Act").  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions that were considered when calculating your award.

The VCF has determined that the loss of your husband's FDNY pension benefits, which terminated at his death, is not a loss compensable by the VCF.  That said, the Special Master recognizes the fairness disparity in a process whereby former first responders, such as your husband, who responded to the WTC site in the wake of the attacks, do not qualify for Line of Duty death designations from their former employers because they were not officially deployed to the response effort. Based on the circumstances presented in your claim, and in the discretion of the Special Master, your compensation award includes an additional $250,000 in economic loss.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

You have already received a payment of $243,619.76.  You are now entitled to an additional payment of **$250,000.00**.  This amount is equal to the difference between your revised total award and the amount that has already been paid on your claim.



The VCF will deem this award to be final and will begin processing the full payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below.  If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period.  Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated, or if you believe you can demonstrate extraordinary circumstances indicating that the calculation does not adequately address your loss.  **If you choose to appeal, your payment will not be processed until your hearing has been held and a decision has been rendered on your appeal**.

    To appeal the award, you must complete two steps by the required deadlines:

    1. Complete and return the enclosed **Compensation Appeal Request Form** within **30 days from the date of this letter**.  Follow the instructions on the form and upload it to your claim or mail it to the VCF by the required deadline.  If you do not submit your completed Compensation Appeal Request Form within 30 days of the date of this letter, *you will have waived your right to an appeal* and the VCF will begin processing any payment due on your claim.

    2. Complete and submit your **Compensation Appeal Package** (Pre-Hearing Questionnaire, Compensation Explanation of Appeal, and all applicable supporting documents) no later than **60 days from the date of this letter**.  It is important that you carefully review the information enclosed with this letter and follow the instructions if you intend to appeal your award.  Additional instructions on the appeals process can be found on the VCF website under "Frequently Asked Questions" and in the "Policies and Procedures" document.

    Once your complete Compensation Appeal Package is submitted, the VCF will review the information to confirm you have a valid appeal, and will notify you of the next steps specific to your appeal and the scheduling of your hearing.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF that you believe warrants additional compensation.  The VCF website has important information about the specific circumstances when it is appropriate to request an amendment.  For more information and examples of such situations, please refer to "Section 5 – Amendments" in the VCF Policies and Procedures document available under "Forms and Resources" on the VCF website.  Please review the information carefully when deciding whether to amend your claim.  If you submit an amendment, the VCF will review the new information and determine if it provides the basis for a revised decision.



- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award.  If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment.  If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award.  If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the VCF Permanent Authorization Act.  As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

    Sincerely,

    Rupa Bhattacharyya
    Special Master
    September 11th Victim Compensation Fund

cc: WENDELL TONG



# Award Detail

Claim Number: VCF0098585
Decedent Name: ROBERT MAHON

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---:|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $0.00 |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | $0.00 |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $0.00 |
| | |
| **Total Non-Economic Loss** | $250,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $250,000.00 |



September 11th
Victim Compensation Fund

| DECEASED CLAIM (Losses from Date of Death) | |
|---|---:|
| **Loss of Earnings including Benefits and Pension** | $250,000.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | $0.00 |
| SSA Survivor Benefits | $0.00 |
| Worker's Compensation Death Benefits | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $250,000.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $0.00 |
| Burial Costs | $13,110.00 |
| **Total Other Economic Losses** | $13,110.00 |
| | |
| **Total Economic Loss** | $263,110.00 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Spouse/Dependent(s) | $100,000.00 |
| **Total Non-Economic Loss** | $350,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | ($17,525.16) |
| Other Offsets | ($51,710.08) |
| **Total Additional Offsets** | ($69,490.24) |
| | |
| **Subtotal Award for Deceased Claim** | $543,619.76 |

P.O. Box 34500, Washington, D.C. 20043
VCF0098585AL0214201B



September 11th
Victim Compensation Fund

| | |
|---|---:|
| **Subtotal of Personal Injury and Deceased Claims** | $793,619.76 |
| PSOB Offset | $0.00 |
| Prior Lawsuit Settlement Offset | $0.00 |
| Award Paid on Prior Personal Injury Claim | ($300,000.00) |
| **TOTAL AWARD** | $493,619.76 |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| **Eligible Conditions Considered in Award** |
|---|
| Malignant Neoplasm Uns Kidney Except Renl Pelvis |

# Solatium Claimants' Affidavits

# Kerrie A. Rider

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                             03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

-------------------------------------------------------------- X   **AFFIDAVIT OF**
JILL ACCARDI, et al.,                            **KERRIE A. RIDER**


                         Plaintiffs,             21-CV-06247 (GBD)(SN)

              V.

ISLAMIC REPUBLIC OF IRAN,

                         Defendant.
-------------------------------------------------------------- X

STATE OF NEW YORK  )
                   : SS
COUNTY OF NIAGARA  )

    KERRIE A. RIDER, being duly sworn, deposes and says:

    1.    I am a plaintiff in the within action, am over 18 years of age, and reside at 6035 South Transit Road Lot 456, Lockport, New York, 14094.

    2.    I am currently 59 years old, having been born on March 26, 1964.

    3.    I am the daughter of Decedent, Robert B. Mahon, upon whose death my claim is based, and submit this Affidavit in connection with the present motion for a default judgment and in support of my solatium claim.

    4.    My father passed away from metastatic renal cell cancer on April 8, 2016, at the age of 81. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. My father was an influential figure in my life. He was an excellent father and an accomplished and admirable firefighter – and eventually lieutenant of the Fire Department of New York. He was passionate about his career and harbored a deep love for his fellow firemen. His family included the firefighters he grew up with in the Ladder 117 firehouse. They were considered a brotherhood, and they truly were close. They would often visit each other outside of work and even go on vacations together, either on the road or on a cruise ship. The holiday season was special between them because I could visit the firehouse where my dad and his colleagues arranged holiday gatherings and invited Santa Claus to visit. I came to consider the other firemen as my uncles.

6. On the day of the September 11th attacks, my father was home. He watched the news and was distraught at the sight of the burning towers and the tragic chaos that ensued. He made several phone calls to other firefighters he was close to and waited for them to arrive so that they could respond to the situation and rescue as many victims as possible from the smoke and fire. He felt compelled to rescue his brothers, but when he arrived at the pile, he was told he could not approach the fire itself out of safety precautions. He instead stood at the perimeter of the barricaded area and helped move the fire hoses. He remained there all day and all night, so I can only imagine just how much of the polluted air he must have inhaled. The emotional toll of the national tragedy greatly affected too. Several firefighters were found in the rubble who did not survive the attacks. My father attended at least fifteen funerals and was extremely drained from the burden of it all.

7. My father's hemoglobin levels decreased expeditiously, leading to multiple blood transfusions. I still cannot figure out what caused the decrease in blood, but a simple transfusion seemed to resolve the issue. We were not prepared for a diagnosis of cancer shortly after. My

father had his kidney removed in spring 2012. Could the cancer in the kidney affected the drop in blood levels? If so, could there have been some way to detect the cancer before my father lost so much blood? The removal of the kidney maimed my father for the rest of his life. It saddened him that the cancer was directly due to his exposure at Ground Zero on September 11th. He sought to help others, but it resulted in his own rapid decline and deterioration. He did not regret responding, despite his terminal condition. I am more than sure that he would return to Ground Zero if he were given the option to relive that time. He was a hero in every way possible.

8.  My father was a huge fan of John Wayne and lived by Wayne's quote, "A man's got [to] do what a man's got [to] do." He maintained this mindset after we discovered his illness because sickness could not prevent him from living his best days. It was not difficult to fall into despair and grief over his condition, but he continued to show up just as much as he did when he was healthy. He lived a vibrant life. He often played golf in his free time and partook in social activities. He was a member of the community's board and was responsible for arranging a bus system to transport the elderly around the community. He was charitable, kind, and purely too good for this world.

9.  When I think of my father, I recall special conversations and occasions I shared with him. Birthdays and holidays were always a special time for me because he strove to provide the most festive celebrations possible. I reminisce over family barbecues often because they were always cheerful gatherings for me growing up. I wish my dad were still here with me, but I am forever grateful for everything he provided me with.

_____
KERRIE A. RIDER

Sworn before me this

__1__ day of _August_, 2023

_____
Notary public HEATHER M HOSIE
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
LIC. #01HO6384036
COMM. EXP. DEC. 3, 2026