**WHITE & CASE**

May 7, 2024

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on Sept. 11, 2001*, **Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)**

Dear Judge Netburn:

Al Rajhi Bank respectfully submits this letter-motion to strike the untimely expert report that Plaintiffs submitted with their March 8, 2024 Averment of Jurisdictional Facts and Evidence (ECF No. 9625, Pls. Ex. 183).

Ignoring the jurisdictional-discovery deadlines set by this Court, on March 8, 2024, Plaintiffs attached to their jurisdictional averment a new expert report from Ben Railsback, a purported "visualization" expert. The Railsback report comes nearly ten months after the May 25, 2023 deadline for Plaintiffs' expert disclosures, more than five months after the October 4, 2023 deadline for Plaintiffs' expert reports, and one month after the February 9, 2024 close of jurisdictional discovery. *See* ECF Nos. 9215, 9444, 9596. The report relates to material that the Bank produced in discovery more than seven months before Plaintiffs filed their jurisdictional averment. Plaintiffs never disclosed to the Bank or the Court that they had retained Railsback, nor did Plaintiffs seek leave to file this untimely expert report.

Twice already, this Court has rejected similar efforts by Plaintiffs to "sandbag[]" other defendants in this MDL with untimely expert reports, and the Bank asks for the same protection here. *See* Order 9, 11 (Mar. 6, 2023), ECF No. 8905 (striking Plaintiffs' purported supplemental expert report where Plaintiffs' "sandbagg[ed]" DIB "on the eve of summary judgment"); Order 6-13 (Jan. 26, 2024), ECF No. 9562 (striking two expert reports attached to Plaintiffs' jurisdictional averment against Saudi Arabia).

This Court's January 26, 2024 Order striking the untimely report of another so-called "visualization" expert, William Adams, is instructive and controls here. *See* Jan. 26, 2024 Order 10-12. To begin, this Court made clear that "visualization" experts are "subject to the same rules as any other expert." Jan. 26, 2024 Order 11-12. Like Adams, Railsback "purports to apply 'specialized knowledge' and 'technical' skills to 'facts' and 'data' to 'help the trier of fact to understand the evidence or determine a fact in issue.'" *See id*. at 11 (quoting Fed. R. Evid. 702);

WHITE & CASE

The Honorable Sarah J. Netburn
May 7, 2024

*see also, e.g.*, Railsback ¶¶ 4-11 (describing assignment and methodology of analyzing data). Railsback explicitly presents himself as a proffered expert, stating that he has "qualified and testified *as an expert*" in "visualization/animation," describing the methodology he uses to "analyze incidents *and demonstrate opinions*," and stating that the "*opinions* expressed in this affidavit are stated to a reasonable degree of engineering certainty." *Id*. ¶ 3 (emphases added). Plaintiffs thus cannot contend that the Railsback expert report is a mere "demonstrative."

Because Rule 26 of the Federal Rules of Civil Procedure governs the Railsback report, Plaintiffs should have produced it "at the time[] and in the sequence that the court order[ed]." *See* Jan. 26, 2024 Order 10 (quoting Fed. R. Civ. P. 26). And because the report was not produced by the Court-ordered deadline, Plaintiffs cannot use it to "supply evidence" on the Bank's renewed motion to dismiss. *See id*. (citing Fed. R. Civ. P. 37(c)(1)).

In considering sanctions, the Court must assess (1) Plaintiffs' explanation for their Rule 26 violation; (2) the Railsback testimony's "importance"; (3) the prejudice the Bank will suffer in meeting the untimely testimony; and (4) the advisability of a continuance. *Id*. (citing *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). Each factor favors striking the Railsback report.

Plaintiffs cannot dispute that they served this report more than five months too late. Nor can Plaintiffs justify their delay: the Railsback report relates to documents that Al Rajhi Bank produced on August 4, 2023, two months before Plaintiffs' expert report deadline. *See id*. at 12 (finding Plaintiffs' explanation "not compelling" even where Adams used materials produced by third party after expert discovery closed). The "importance" of Plaintiffs' "visualization" expert is "vague" at best, particularly where, as here, Plaintiffs reference the report just three times in their 576-paragraph averment. *Id.* at 12.

Plaintiffs' violation prejudices the Bank, which "had no opportunity to depose [Railsback] or challenge his methods" during jurisdictional discovery. *Id*. When the Bank met and conferred with Plaintiffs on the Bank's anticipated motion to strike, Plaintiffs contended that Railsback was available to be deposed, but jurisdictional discovery *closed* months ago on February 9, and Plaintiffs never sought, and this Court has not authorized, any extension. Moreover, if the Bank were forced to seek leave of the Court to extend jurisdictional discovery — where Plaintiffs failed to do so — to depose Railsback or rebut his expert report, the Bank would be further prejudiced by being forced to "absorb the delay and expense" of another deposition and rebuttal expert report. *See* Mar. 6, 2023 Order 12. The Parties completed jurisdictional discovery on February 9, Plaintiffs served their averment of jurisdictional facts on March 8 (as well as a Corrected Averment submitted just today), and, under a briefing schedule ordered by the Court, the Bank is preparing to file its renewed motion to dismiss today. Any continuance at this late stage is "not advisable" and prejudicial to the Bank. *See* Jan. 26, 2024 Order 12; *see also* Mar. 6, 2023 Order 12 (continuance not "in best interests" of litigation where untimely report does not provide evidence "critical enough" to warrant further delay).

For the foregoing reasons, Al Rajhi Bank respectfully requests that the Court strike in its entirety Plaintiffs' untimely expert report by Ben Railsback, as submitted by Plaintiffs with their March 8, 2024 Averment of Jurisdictional Facts and Evidence (ECF No. 9625, Pls. Ex. 183). If the Court

**WHITE & CASE**

The Honorable Sarah J. Netburn
May 7, 2024

denies the Bank's motion to strike, the Bank reserves the right to depose Railsback and to serve a rebuttal expert report in response.

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Nicolle Kownacki
Reuben J. Sequeira
Michael Mahaffey

*Counsel for Al Rajhi Bank*

cc:   Counsel of Record (via ECF)