**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD) (SN)<br><br>ECF Case |
| This document relates to:<br><br>*Betso et al v. Islamic Republic of Iran* | Case No. 21-cv-01394 (GBD) (SN)<br><br>ECF Case |

## DECLARATION OF NICHOLAS PAPAIN IN SUPPORT OF THE *BETSO* PLAINTIFFS' MOTION FOR ORDER OF JUDGMENT

Nicholas Papain, Esq., hereby states the following under the penalties of perjury:

1.      I am a member of the firm of Sullivan Papain Block McManus Coffinas & Cannavo P.C., attorneys for the Plaintiffs in the above-captioned matter, *Betso et al v. Islamic Republic of Iran,* No. 21-cv-01394 (GBD) (SN), ("*Betso* Plaintiffs"), which is part of the above-captioned multidistrict litigation, *In re Terrorist Attacks on September 11, 2001* ("MDL").

2.      I submit this declaration in support of the present motion for an Order of Partial Final Judgment by Default on liability against defendant, Islamic Republic of Iran ("Iran") and in favor of the *Betso* Plaintiffs pursuant to 28 U.S.C. 1605A(c), and to award damages to the *Betso* Plaintiffs in the amounts set forth in the simultaneously filed "[Proposed] Order of Partial Final Default Judgments on Behalf of the *Betso* Plaintiffs Identified in Exhibits B and C" ("Proposed Order of Judgment").[1]

3.      The form of the present motion and the relief requested therein are intended to comply with the following orders of this Court:

   a.   Order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has complied with the due diligence safeguards [referenced in Section

---

[1] Relief is not being sought, at this time, for the *Betso* Plaintiffs who are not identified in the attached exhibits to the Proposed Order of Judgment, as they will be the subject of similar and/or other motions in the future.

II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." (For compliance with the required sworn declaration, please see below.)

b. Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

c. Order dated July 11, 2022 (ECF No. 8198) regarding name changes. [2]

4.    The sources of information and the basis for my beliefs in the statements contained herein are: my personal involvement in this matter; my firm's representation of the *Betso* Plaintiffs in connection with the September 11, 2001, terrorist attacks ("9/11 Terrorist Attacks"); my firm's work in connection with the 9/11 Terrorist Attacks; communications with the family members of the individuals killed as a direct result of the 9/11 Terrorist Attacks; the exhibits annexed hereto; court records relating to this MDL to which the *Betso* Plaintiffs are parties; my firm's communications with counsel for other plaintiffs in this MDL, including Motley Rice LLC; and documents and records relating to this MDL. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5.    My firm was retained by the *Betso* Plaintiffs to pursue the recovery of compensatory damages for the pain and suffering and wrongful death of the decedents identified in the exhibit attached to this declaration as Ex. A, and solatium damages for the *Betso* Plaintiffs identified in the exhibit attached to this declaration as Ex. B, arising from the 9/11 Terrorist Attacks.[3]

---

[2] After the Complaint was filed, *Betso* (solatium) Plaintiff Lauren Heffernan legally changed her name to Lauren McCann. Proof of such is attached as part of Exhibit ("Ex.") K to this declaration. Plaintiff Amy L. Christian was legally changed to Amy L. Bosche. Proof of such is attached as part of Ex. E.

[3] The exhibits attached to this declaration as Ex. A and B are attached as Ex. B and C to the Proposed Order of Judgment. Unless otherwise stated, all references hereinafter to exhibits are to the exhibits attached to this declaration.

6.      I have verified that each of the *Betso* decedents identified in Ex. A developed a severe medical condition that was ultimately fatal ("Latent Injury Decedent" or "Decedent") as a direct result of the 9/11 Terrorist Attacks ("9/11-Related Injury").

7.      I have verified that each of the *Betso* Plaintiffs identified in Ex. A as a personal representative was appointed the personal representative of their Decedent's estate by a court of competent jurisdiction.

8.      I have verified that each of the *Betso* Decedents identified in Ex. A was a U.S. citizen on September 11, 2001, as specified therein.

9.      I have verified that each of the *Betso* Plaintiffs identified in Ex. B is an immediate family member ("Surviving Family Member") of a Latent Injury Decedent, as specified therein, and that each such Surviving Family Member suffered solatium damages by reason of their Latent Injury Decedent's death from a 9/11-Related Injury.

10.      I have verified that each of the *Betso* Surviving Family Members and Decedents identified in Ex. B, was a United States citizen on September 11, 2001, as specified therein.

11.      Attached to this declaration as Ex. C is the regulatory authority setting forth the purpose of, and the eligibility criteria for compensation from, the September 11th Victim Compensation Fund ("VCF"), which adjudicates claims for victims injured or killed "as a direct result" of the 9/11 Terrorist Attacks. 28 CFR §§ 104.1, 104.2.

12.      I have verified that the VCF determined that each of the Decedents listed in Ex. A and B suffered a fatal physical medical condition as a direct result of the 9/11 Terrorist Attacks.

13.      Attached hereto as Ex. D through DD are the following documents regarding each of the Decedents identified in Ex. A: (i) VCF letter stating that Decedent was "found eligible" for the "injury" specified therein ("VCF Eligibility Determination Letter"), VCF Award letter and Award

Detail confirming Decedent received an award for both a "Personal Injury Claim" and a "Deceased Claim" (collectively, "VCF Documentation"); and (ii) Affidavit(s) from *Betso* Surviving Family Members attesting that their Decedent died from the 9/11-Related Injury specified therein, that their Decedent endured severe pain and suffering by reason of such injury, and that the Surviving Family Member suffered solatium damages by reason of their Decedent's death.[4]

14.     Regarding the solatium claims of the Surviving Family Members of Latent Injury Decedents, attached hereto as Ex. EE is evidence that the VCF issues solatium-type damages, in the form of "Non-Economic Losses", directly to certain immediate family members of a decedent, including latent injury decedents.  Upon information and belief, such evidence was not part of the record before the Court when similar solatium claims were adjudicated.

15.     I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) by verifying

---

[4] Ex. D through DD are broken down by Latent Injury Decedent ("Estate of…"), with each exhibit containing a particular Decedent's VCF Documentation, and *Betso* Plaintiff Affidavit(s) (a/k/a "Family Member Affidavits").

The VCF Eligibility Determination Letters that were issued to the personal representatives of Decedents James DeNuzio (Ex. H), Thomas Greaney (Ex. J), Eugene McCarey (Ex. O), Raymond Ragucci (Ex. S), Elisabeth Temin (Ex. Z) and Franco Trapani (Ex. BB) inadvertently state "you have been found eligible" instead of "decedent has been found eligible". The fact that it was an error is confirmed by the VCF Awards Detail which, in each case, list Decedent's name and the claim number that is listed in the VCF Eligibility Determination Letter, and the "Conditions Considered in Award" are the same as those listed in the VCF Eligibility Determination Letter.  Further, as to each of these Decedents, included in their respective exhibits are the Certificates of Death linking their VCF eligible condition to cause of death.

As to Decedent, Ronald Cohen, a Deceased Claim was not filed due to the amount of his Personal Injury Award (Ex. F). Thus, included in Ex. F is the Certificate of Death confirming he died of "Brain Cancer" on November 25, 2014, eight (8) months after the VCF found him eligible for "Glioblastoma Multiforme" (*see* VCF Eligibility Determination Letter) which is an aggressive form of brain cancer. Also, as of 2014, the VCF had not yet started issuing Awards Detail with the Award letter. Instead, the only breakdown provided, at that time, was the total "Economic Loss", "Non-Economic Loss" and "Collateral Offsets", and such was set forth in the Award letter (*see* Ex. F).

Regarding Decedent William Quick (Ex. R), both the VCF Eligibility Determination Letter and Award Detail reference the injuries for which he was found eligible in "VCF 1" without specifying the injuries. Accordingly, the VCF 1 "Eligibility & Award Decision", dated March 3, 2004, is included in Ex. R.

with information provided by the Plaintiffs' Executive Committee that none of the *Betso* Plaintiffs have sought or been awarded any of the damages requested in the present motion for entry of partial final judgments, nor do any of them have a motion pending before this Court for compensation arising out of the 9/11 Terrorist Attacks.

16.     The amounts of damages set forth in Ex. A are consistent with the figures this Court has previously determined appropriate as compensatory damages for the pain and suffering of other similarly situated latent injury decedents, specifically, a baseline of Seven Million Dollars ($7,000,000.00) per estate. *See* R. & R. at 9-12*,* Mar. 3, 2023, ECF No. 8901, *recommitted by* Mem. Decision and Order at 3, Mar. 13, 2023, ECF No. 8920; R. & R. at 3, Jul. 18, 2023, ECF No. 9216, *adopted by* Mem. Decision and Order at 3, Aug. 9, 2023, ECF No. 9274. [5]

17.     The amounts set forth in Ex. A are also consistent with the figures this Court has previously determined appropriate as compensatory damages for pain and suffering for individuals injured in the 9/11 Terrorist Attacks, specifically, a baseline of Seven Million Dollars ($7,000,000.00) per estate. *See, e.g.,* R. & R. at 6, Feb. 7, 2020, ECF No. 5879, *adopted by* Mem. Decision and Order, Feb. 14, 2020, ECF No. 5946.

18.     Regarding the amounts of damages set forth in Ex. B, the Court has previously dismissed claims for solatium damages brought by surviving family members of similarly situated latent injury decedents. *See* R. & R. at 14-16, Mar. 3, 2023, ECF No. 8901; *recommitted by* Mem. Decision and Order at 3, Mar. 13, 2023, ECF No. 8920; R. & R. at 3, Jul. 18, 2023, ECF No. 9216, *adopted by* Mem. Decision and Order at 4-5, Aug. 9, 2023, ECF No. 9274.

19.     It is respectfully submitted that solatium damages should be awarded to the *Betso* Surviving Family Members for the reasons set forth in the accompanying Memorandum of Law at

---

[5] Unless otherwise noted, all ECF numbers refer to the main MDL docket in *In re Terrorist Attacks on September 11, 2001*, No. 03-md-01570.

20-23, which is simultaneously being filed herewith, and consistent with the figures this Court has previously determined appropriate as solatium losses based on the familial relationship to a decedent who was killed in the 9/11 Terrorist Attacks. *See, e.g.,* R. & R. at 10-11, Jul. 30, 2012, ECF No. 2618; Order of Further Partial Judgment, June 16, 2016, ECF No. 3300; R. & R. at 9, Oct. 12, 2016, ECF No. 3358; R. & R. at 16, Oct. 14, 2016, ECF No. 3363; Order of Partial Final Default Judgments, Jul. 31, 2017, ECF No. 3666; Corrected Order of Partial Final Default Judgments, June 8, 2018, ECF No. 4023.

20.     The Proposed Order of Judgment conforms with this Court's previous orders, except as stated above regarding solatium awards for surviving family members of latent injury decedents. The Proposed Order of Judgment and the exhibits annexed thereto as Ex. B and C set forth the same amounts of damages as those set forth in the exhibits attached to this declaration as Ex. A and B, consistent with this Court's prior awards, except as stated above.

21.     Accordingly, I respectfully request that this Court grant the *Betso* Plaintiffs' present motion for entry of partial final judgments by default on liability and against Iran and award damages in the amounts set forth in the exhibits attached hereto as Ex. A and B, and enter the Proposed Order of Judgment.

Dated: May 7, 2024

Respectfully submitted,

_____
Nicholas Papain, Esq.
Sullivan Papain Block McManus
Coffinas & Cannavo P.C.
120 Broadway, 27th Floor
New York, NY 10271
Phone: (212) 732-9000
COUNSEL FOR *BETSO* PLAINTIFFS

6