# EXHIBIT T

Estate of Steven B. Reisman

# VCF Documentation



September 11th
Victim Compensation Fund

June 23, 2016

JOANNA DIXON-REISMAN
C/O CHRISTOPHER R. LOPALO
NAPOLI BERN & ASSOCIATES, LLP
400 BROADHOLLOW ROAD 305
MELVILLE NY  11747

Dear JOANNA DIXON-REISMAN:

Your Eligibility Form for the September 11th Victim Compensation Fund ("VCF") has been reviewed.  You submitted an Eligibility Form on behalf of STEVEN REISMAN.  Your claim number is VCF0072193.  The Claims Evaluator determined that your Eligibility Form was substantially complete on June 23, 2016.  As stated in the Regulations and on the Eligibility Form, by filing a substantially complete Eligibility Form, the right to file or be a party to a September 11th-related lawsuit on behalf of the decedent and his or her survivors has been waived.

**The Decision on your Claim**

The VCF has determined that the decedent meets the eligibility criteria established in the statute and regulations and that you meet the requirements as the Personal Representative of the decedent.  Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the following injuries:

- MALIGNANT NEOPLASM OF BRAIN UNSPECIFIED SITE

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury.  Additionally, the injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or loss calculation.

**What Happens Next**

**If the decedent was certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  If you need to amend your claim to add a new condition, upload a letter to your claim with the request and submit the required documents.  The VCF will review the new information and determine if it provides the basis for a revised decision.



September 11th
Victim Compensation Fund

**If you believe the decedent had eligible injuries not treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating the amount of any compensation, you should amend your claim.  If you choose to amend your claim, you will need to use the VCF Private Physician process.  The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim.  All forms are available on the VCF website under "Forms and Resources."  The website also includes detailed information and instructions on the Private Physician process.

**If you do not have injuries other than those listed above, <u>and</u>:**

- **You have already submitted your Compensation Form**, you do not need to take any action at this time unless you receive a request from the VCF for missing information.
- **You have not yet submitted your Compensation Form**, you must wait until the Special Master publishes the updated regulations to reflect the new statute reauthorizing the VCF, which was enacted on December 18, 2015, before taking any additional action on your claim.  Under the legislation new claims cannot be filed until the final regulations have been published.

In either case, your claim will be reviewed and processed under "Group B" as required by the new law.  Please see the www.vcf.gov website for important information about the reauthorization and the expected timeline of activities for Group B claims.  Finally, it is important to keep in mind that funding is not available to pay Group B claims until all of the Group A payments have been made or October 2016, whichever is earlier.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Sheila L.  Birnbaum
Special Master
September 11th Victim Compensation Fund



September 11th
Victim Compensation Fund

May 29, 2018


JOANNA DIXON-REISMAN
C/O AOIFE-ROISIN BOURKE
BERN LLP
60 EAST 42ND STREET 950
NEW YORK NY  10165


Dear JOANNA DIXON-REISMAN:

The September 11th Victim Compensation Fund ("VCF") has reviewed your claim for compensation.  Your claim number is VCF0072193.  Your Compensation Form was determined to be substantially complete on May 07, 2018.  This means your claim was deemed "filed" for purposes of section 405(b)(3) of the Statute on that date.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as **$136,442.23**.  This determination is in accordance with the requirements of the Reauthorized Zadroga Act.  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions included in this determination.

The VCF policy regarding compensation for medical expenses loss has changed since you submitted your claim.  In accordance with the new policy, no medical expenses loss has been considered at this time.  You may still seek compensation for medical expenses you have paid out-of-pocket by filing an amendment if your claimed, documented out-of-pocket expenses exceed the $2,000.00 minimum threshold established by the VCF.  The VCF policy regarding medical expenses loss can be found in the "Policies and Procedures" document under "Forms and Resources" on the www.vcf.gov website.  The website also includes detailed instructions on how to amend your claim, and the specific documentation that is needed when claiming medical expenses loss.

Per VCF policy, past replacement services were not awarded; as noted in VCF regulations, replacement services are typically considered to be a component of loss in claims where the victim did not have prior earned income or only worked part-time outside the home.  See 28 C.F.R. 104.45(c).

The VCF is limited to compensating for the victim's losses and therefore did not compute any loss attributable to you in your care of the victim.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.



September 11th
Victim Compensation Fund

## What Happens Next

The VCF will deem this award to be final and will begin processing the payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below. If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period. Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated or if you believe you can demonstrate extraordinary circumstances indicating that the award does not adequately address your claim. **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter. The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing. If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF. For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your award was determined and that you believe would affect the amount of your award, or if you have incurred additional economic loss due to an eligible condition. The VCF will review the new information and determine if it provides the basis for a revised decision. Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.



September 11th
Victim Compensation Fund

If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: JOANNA DIXON-REISMAN



September 11th
Victim Compensation Fund

# Award Detail

Claim Number:     VCF0072193
Decedent Name:    STEVEN REISMAN

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $295,787.00 |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $295,787.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | ($104,323.00) |
| Social Security Disability Benefits | ($60,828.80) |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | ($165,151.80) |
| | |
| **Calculated Lost Earnings and Benefits after Offsets** | $130,635.20 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $130,635.20 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $130,635.20 |
| | |
| **Total Non-Economic Loss** | $250,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $380,635.20 |



September 11th
Victim Compensation Fund

| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| **Loss of Earnings including Benefits and Pension** | $1,311,332.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | ($1,535,610.00) |
| SSA Survivor Benefits | ($130,208.70) |
| Worker's Compensation Death Benefits | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | ($1,665,818.70) |
| | |
| **Calculated Lost Earnings and Benefits after Offsets** | ($354,486.70) |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $51,009.00 |
| Burial Costs | $8,343.00 |
| **Total Other Economic Losses** | $59,352.00 |
| | |
| **Total Economic Loss** | $59,352.00 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Dependent(s) | $300,000.00 |
| **Total Non-Economic Loss** | $550,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | ($519,685.29) |
| Other Offsets | $0.00 |
| **Total Additional Offsets** | ($519,940.29) |
| | |
| **Subtotal Award for Deceased Claim** | $89,411.71 |



September 11th
Victim Compensation Fund

| Subtotal of Personal Injury and Deceased Claims | $470,046.91 |
|---|---|
| PSOB Offset | ($333,604.68) |
| Prior Lawsuit Settlement Offset | $0.00 |
| Previously Paid Personal Injury Award | $0.00 |
| TOTAL AWARD | $136,442.23 |
| | |
| Factors Underlying Economic Loss Calculation | |
| Annual Earnings Basis (without benefits) | $150,426.05 |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | 100.00% |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | 01/08/2012 |

| Eligible Conditions Considered in Award |
|---|
| Malignant Neoplasm of Brain Unspecified Site |

# Family Member Affidavits

Joanna Dixon-Reisman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                              03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001


-------------------------------------------------------------- X        **AFFIDAVIT OF**
EVELYN BETSO, et al.,                                     **JOANNA DIXON-REISMAN**


                                        Plaintiffs,           21-CV-01394 (GBD)(SN)


                        V.

ISLAMIC REPUBLIC OF IRAN,

                                        Defendant.
-------------------------------------------------------------- X

STATE OF NEW YORK          )
                           : SS
COUNTY OF QUEENS           )


        JOANNA DIXON-REISMAN, being duly sworn, deposes and says:

        1.      I am a plaintiff in the within action, am over 18 years of age, and reside at
50-14 245th Street, Douglaston, New York 11362.

        2.      I am currently 62 years old, having been born on February 16, 1961.

        3.      I am the wife of Decedent, Steven B. Reisman upon whose death my claims
are based. I submit this Affidavit in support of the present motion for a default money
judgement for the claim made on behalf of my husband's estate and for my solatium
claim. On September 18, 2018, I was issued Letters Testamentary as Executor of my
husband's estate by the Nassau County Surrogate's Court.

        4.      My husband passed away from Glioblastoma Multiforme on June 1, 2014, at the
age of 54. It was medically determined that this illness was causally connected to his exposure to
the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      Steven B. Reisman was a New York City Firefighter and he loved being a firefighter. Our marriage was exceptional and up until the day we received his diagnosis we were still in our honeymoon phase and loved each other very much even after 21 years of marriage. Steven was very family oriented and was the "Captain of Team Reisman". We loved, supported, and encouraged each other and he made sure of it. We spent all, if not most, of our free time together. My husband was athletic and interactive with our children, Michael, and Natalie. I remember he would play hockey, softball, and basketball together. When that wasn't enough, he would take the children to swim, run, or ride their bikes until they grew tired. When they would get home, we would find ourselves playing trivia and other board games. Our family meant everything to Steven.

6.      On the morning of 9/11, Steven was home. However, when the towers fell, I recall that all firefighters were called in to respond. Steven reported to his firehouse and then later worked on the pile for several weeks to assist in rescue and recovery efforts.

7.      Steven's illness initially began with headaches. When he went to his doctor, his doctor immediately ordered testing and MRIs. The MRI showed that Steven had a large brain tumor with severe edema. Steven had five brain surgeries, the maximum allowable radiation and chemotherapy in efforts to beat the odds of the severity of his cancer. However, Steven was still only given less than a year to live regardless of the vigorous treatment. Steven's health declined rapidly from the once strong, healthy, athletic man I once knew him to be.

8.      My husband's health deteriorated in front of our eyes. Steven was unable to dress or feed himself and required assistance from not only myself, but our children as well, who were only 11 and 15 years old at the time. When he lost vision in one of his eyes, one of eyelids began to droop closed as well. After a few months, Steven needed hospice care. I decided to place his hospice care at home so we could be there for him around the clock. Inevitably, my husband died after perishing from his illness. I will never forget that my husband passed in our living room, just

two weeks prior to our daughter's middle school graduation and three months prior to our son leaving for college. They would have to now embark on these new endeavors and those to come without the guidance of their father.

9.      Our happy days filled with family bonding had been decimated by cancer.  My husband's illness and death left my children and I depressed, angry, and confused. We just couldn't understand why this tragedy would happen to our family. During my husband's illness, he could not be left alone. I had no choice but to take an unpaid leave from my job as a New York City teacher to stay home and care for him. Although I have no regrets in doing so, I was never able to return to my job and had to resign. My children needed me even more then since Steven's health declining took a toll on my children's mental health. What they experienced witnessing their father wither away was dreadful. The life we once lived was then more half empty than half full without the love of our lives. To this day, we miss him deeply and his absence causes unavoidable sadness that continues to effect is in so many ways.

JOANNA DIXON-REISMAN

Sworn before me this
07th day of August, 2023

Notary public

Michael Chin
Notary Public, State of New York
Registration No. 01CH6420762
Qualified in Queens County
Commission Expires August 16, 2025

Michael H. Reisman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                                  03-MDL-1570  (GBD)(SN)
SEPTEMBER 11, 2001

-------------------------------------------------------------- X       **AFFIDAVIT OF**
EVELYN BETSO, et al.,                                          **MICHAEL H. REISMAN**


                                        Plaintiffs,              21-CV-01394  (GBD)(SN)


                    V.

ISLAMIC REPUBLIC OF IRAN,

                                        Defendant.
-------------------------------------------------------------- X

STATE OF CALIFORNIA           )
                                          : SS:
COUNTY OF SAN FRANCISCO    )


Michael H. Reisman, being duly sworn, deposes and says:

1.      I am a plaintiff in the within action, am over 18 years of age, and reside at 338 Main Street, Apartment 35D, San Francisco, California 94108.

2.      I am currently 26 years old, having been born on 09/10/1996.

3.      I am the son of Steven B. Reisman upon whose death my claim is based and submit this Affidavit in connection with the present motion for a default judgment and in support of my solatium claim.

4.      My father passed away from Glioblastoma Multiforme on June 1, 2014, at the age of 54. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      Steven was my father. He was a firefighter for 23 years. I was always proud of who my dad was from a young age. I idolized my dad by always asking for fire truck toys for Christmas and wearing red plastic firemen helmets in the kitchen while playing. He was an exceptional athlete and even though I inherited none of that skill we'd play catch in the backyard and basketball in the driveway. When I joined the little league team, my dad was sure to come to every game. I remember we would go to Subways or get ice cream together and I remember him making friends everywhere he went. He would tell everyone how happy he was to be a father and how proud he was of me.

6.      My father was a firefighter in New York City, and he was off duty on the morning of 9/11. My father received a phone call regarding the attacks and was called into work to assist with the rescue and recovery efforts. My father worked on the pile for several weeks.

7.      My father's symptoms came on hard and fast. He had an increasingly worsening headache one day and was taken to the emergency room. There they diagnosed him with brain cancer and discovered his tumor. He was taken into surgery nearly instantly from what I recall. His treatment included several surgeries, radiation, and chemotherapy. The treatment caused my dad to lose his hair, become increasingly weak and lose the ability to do activities he once enjoyed like sports and playing games with us. The cancer itself was progressive and debilitating and when my dad was unable to do the simplest tasks for himself, it forced my mother to quit her job to care for him.

8.      My father's death was devastating. I expected him to be there for me forever and after the terminal diagnosis I was dumbfounded. I locked myself in my room for days and would only come out to eat late at night once everyone had gone to sleep. The role reversal of taking care of him instead of the normal parent child relationship was bizarre and saddening. I hated witnessing my dad in the defeated state he was in. I was even more saddened when my father died before his opportunity to see me go away to college – a day we spoke about for years to come. Years have

passed since my dad's death, and it is still something I think about every day. I never want anyone to experience the agony and pain of losing a parent as I've unfortunately had to endure.

MICHAEL H. REISMAN

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of San Francisco

Subscribed and sworn to (or affirmed) before me on this _____ 7th _____ day

of August, 20 23, by Michael Harrison Reisman , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

AMARI BRENT
Notary Public - California
San Francisco County
Commission # 2413796
My Comm. Expires Aug 24, 2026

Natalie R. Reisman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                         03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001


---------------------------------------------------------------- X       **AFFIDAVIT OF**
EVELYN BETSO, et al.,                                    **NATALIE R. REISMAN**


                                    Plaintiffs,       21-CV-01394 (GBD)(SN)


              V.

ISLAMIC REPUBLIC OF IRAN,

                                    Defendant.
---------------------------------------------------------------- X

STATE OF NEW YORK        )
                          : SS
COUNTY OF QUEENS          )


        NATALIE R. REISMAN, being duly sworn, deposes and says:

        1.      I am a plaintiff in the within action, am over 18 years of age, and reside at

50-14 245th Street, Douglaston, New York 11362.

        2.      I am currently 23 years old, having been born on May 2, 1990.

        3.      I am the daughter of Steven B. Reisman upon whose death my claim is based

and submit this Affidavit in connection with the present motion for a default judgment

and in support of my solatium claim.

        4.      My father passed away from Glioblastoma Multiforme on June 1, 2014, at the

age of 54. It was medically determined that this illness was causally connected to his exposure

to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.     My dad, Steven Reisman was a FDNY firefighter. My dad loved history and we bonded over our intense discussions about the subject and watching documentaries together. We would sit in the car and sing songs. We also went to Disney, and I remember him taking me on rides. I would like to say that the seven years of good memories I have with my dad are enough to sustain me for a lifetime. However, a girl and her dad deserve more than that.

6.     On 9/11, I was one year old. I don't have a personal recollection of that day. However, everyone who knew him had told me that it was his day off and he was watching me. When he heard of the attacks, I was told that my dad reported to his firehouse and to the World Trade Center to help with the search and recovery efforts thereafter.

7.     When I was in 6th grade, my dad began to experience severe headaches. One day he was brought to the emergency room and given a CT scan which revealed that my dad had stage four brain cancer. Although he had only been given a few months to live, I remember thinking that my dad would beat the cancer and survive. I only knew my dad to be the strongest and bravest person I knew. My dad ended up having five surgeries, multiple rounds of chemotherapy, and radiation. I even remember that we traveled to Germany for alternative immunotherapy treatments. Between the cancer, its symptoms, and the treatments, my dad transformed from a stocky, athletic, active, and vibrant man into a stick figure with pale, leather skin with a bald head and one working eye since the tumor had grown and pressed against his optic nerve. He ultimately could not walk, so I recall pushing him around in his wheelchair. The worst part of my dad's deterioration was when he couldn't remember who I was.

8.     Since my dad's diagnosis and passing, I have struggled with trauma induced depression, anxiety, and eating disorders. I have spent countless hours in sessions with psychotherapist to work through my trauma. Most recently, I have been diagnosed with trauma

induced panic disorder which I was prescribed medication for. The physical and mental trauma that comes from losing a parent in a horrific way at a young age cannot be overstated. As I have done for the past 9 years, I try to stay strong and persistent in leading a happy and fulfilled life. All I can hope is that on days when my strength wavers and my persistence is tested that the memories  I have of my dad are enough to sustain me.

NATALIE R. REISMAN

Sworn before me this
O 7th day of August, 2023

Notary public

Michael Chin
Notary Public, State of New York
Registration No. 01CH6420762
Qualified in Queens County
Commission Expires August 16, 2025