# EXHIBIT DD

# Estate of Stephen L. Zawada

# VCF Documentation




November 19, 2014

CHERYL HAFNER-ZAWADA
C/O ROBERT GROCHOW
THE JACOB D. FUCHSBERG-GREGORY J. CANNATA LAW FIRM
233 BROADWAY
5TH FLOOR
NEW YORK NY 10279

Dear Cheryl Hafner-Zawada:

Your Eligibility Form for the September 11th Victim Compensation Fund ("VCF") has been reviewed. You submitted an Eligibility Form on behalf of STEPHEN ZAWADA. Your claim number is VCF0004021. The Claims Evaluator determined that your Eligibility Form was substantially complete on November 19, 2014. As stated in the Regulations and on the Eligibility Form, by filing a substantially complete Eligibility Form, the right to file or be a party to a September 11th-related lawsuit on behalf of the decedent and his or her survivors has been waived.[1] For more information about this topic, please review Frequently Asked Questions ("FAQs") #7.1 thru 7.4 on the VCF website at http://www.vcf.gov/faq.html.

**The Decision on your Claim**

The VCF has determined that the decedent meets the eligibility criteria established in the statute (the Zadroga Act and the original statute) and that you meet the requirements as the Personal Representative of the decedent. Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the following injuries have been found eligible:

- METASTATIC BLADDER CANCER

Please note that there are several reasons why an injury that you think should be eligible is not listed above. First, for non-traumatic injuries, the description of the injury is based on the information provided by the WTC Health Program and there can be several alternative descriptions for the same injury. Additionally, a WTC Health Program physician may have provided testing or treatment for an injury even if the injury has not been certified for treatment. Finally, an injury may not be listed if it was only recently certified for treatment. The VCF regularly receives updated information from the WTC Health Program and will notify you if additional injuries are certified during the processing of your claim.

**What Happens Next**

[1] The Statute (the Air Transportation Safety and System Stabilization Act as amended by the Zadroga Act) and the Regulations are located at http://www.vcf.gov/lawRulesOtherDocs.html.




The VCF will determine the compensation amount based solely on the eligible injuries listed above. If you have not already done so, please submit the Compensation Form and the required supporting documents as soon as possible. To reduce administrative costs and speed claims processing, you are encouraged to submit the Compensation Form through the VCF's web-based claim system at www.vcf.gov. If you wish to complete the Compensation Form in hard copy, you may download and print the form from the VCF website or call the toll-free Helpline at 1-855-885-1555 to request a form be mailed to you. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-353-0356.

When submitting the Compensation Form, please be sure to complete and submit the proposed distribution plan, including the requested information about each individual you propose to receive a portion of the award. Please also complete and submit the VCF ACH Payment Information Form. This form can be found on our website under "Forms and Resources." The completed form must be submitted before the VCF can arrange for any payment.

The VCF will be able to determine the compensation amount based on the eligible conditions after all compensation related documents are submitted. When you receive your compensation decision letter, you will have the right to appeal. In that appeal, you have the right to assert additional injuries that you believe are eligible and should be compensated. For purposes of the statutory deadlines, the injuries listed in your claim form and the injuries certified as eligible will be deemed "filed". You will receive instructions on the appeal process when you receive the letter with details of the compensation decision.

If you have questions about the information in this letter or the claims process in general, please contact our toll-free Helpline at the number noted above. Every effort will be made to respond to your inquiries as soon as possible.

Sincerely,

September 11th Victim Compensation Fund

cc: CHERYL HAFNER-ZAWADA




May 1, 2018

CHERYL HAFNER-ZAWADA
C/O ROBERT GROCHOW
JACOB D. FUCHSBERG-GREGORY J. CANNATA LAW FIRM
60 EAST 42ND STREET 932
NEW YORK NY 10165

Dear CHERYL HAFNER-ZAWADA:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on October 12, 2017 notifying you of the decision on your claim and the amount of your award. Your claim number is VCF0004021. That letter included a request for documents that were missing from your claim and are required in order to process your payment. The VCF has since received the requested documents and this letter provides the details of your award and information on the next steps to be taken on your claim.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as **$610,627.76**. This determination is in accordance with the requirements of the Reauthorized Zadroga Act. The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions included in this determination.

The amount the VCF initially awarded you for past medical expenses ($7,343.00) was incorrect. The evidence you submitted only supports an award for $6,119.50 in past medical expenses, and your award has now been updated to reflect this correct amount.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**<u>What Happens Next</u>**

The VCF will deem this award to be final and will begin processing the payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below. If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period. Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated or




if you believe you can demonstrate extraordinary circumstances indicating that the award does not adequately address your claim. **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter. The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing. If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF. For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your award was determined and that you believe would affect the amount of your award, or if you have incurred additional economic loss due to an eligible condition. The VCF will review the new information and determine if it provides the basis for a revised decision. Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the “Collateral Offset Update Form” found under “Forms and Resources” on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: CHERYL HAFNER-ZAWADA




# Award Detail

Claim Number: VCF0004021
Decedent Name: STEPHEN ZAWADA

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---|
| | |
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | |
| Mitigating or Residual Earnings | |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | |
| Social Security Disability Benefits | |
| Workers Compensation Disability Benefits | |
| Disability Insurance | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $6,119.50 |
| Replacement Services | |
| **Total Other Economic Losses** | $6,119.50 |
| | |
| **Total Economic Loss** | $6,119.50 |
| | |
| **Total Non-Economic Loss** | $250,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $256,119.50 |




| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| | |
| **Loss of Earnings including Benefits and Pension** | |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | |
| SSA Survivor Benefits | |
| Worker's Compensation Death Benefits | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | |
| Burial Costs | $6,000.00 |
| **Total Other Economic Losses** | $6,000.00 |
| | |
| **Total Economic Loss** | $6,000.00 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Dependent(s) | $100,000.00 |
| **Total Non-Economic Loss** | $350,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | ($1,236.74) |
| Other Offsets | |
| **Total Additional Offsets** | ($1,491.74) |
| | |
| **Subtotal Award for Deceased Claim** | $354,508.26 |




| **Subtotal of Personal Injury and Deceased Claims** | $610,627.76 |
|---|---|
| PSOB Offset | |
| Prior Lawsuit Settlement Offset | |
| Previously Paid Personal Injury Award | |
| **TOTAL AWARD** | $610,627.76 |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| **Eligible Conditions Considered in Award** |
|---|
| Metastatic Bladder Cancer |

# Family Member Affidavits

# Cheryl Hafner-Zawada

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In Re:

TERRORIST ATTACKS ON SEPTEMBER 11, 2001

03-MDL-1570 (GBD)(SN)

------------------------------------------------------------ X

EVELYN BETSO, et al.,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,

Defendant.

------------------------------------------------------------ X

**AFFIDAVIT OF <u>CHERYL HAFNER-ZAWADA</u>**

21-CV-01394 (GBD)(SN)

STATE OF NEW YORK )
: SS
COUNTY OF RICHMOND )

CHERYL HAFNER-ZAWADA, being duly sworn, deposes and says:

1. I am a plaintiff in the within action, am over 18 years of age, and reside at 575 Jewett Avenue, Apt A2, Staten Island, NY 10302.

2. I am currently 72 years old, having been born on September 2, 1950.

3. I am the wife of Decedent, Stephen L. Zawada, upon whose death my claim is based. I submit this Affidavit in support of the present motion for a default money judgment for the claim made on behalf of my husband's estate and for my solatium claim. On April 11, 2013, I was issued Letters Testamentary as Executor of my husband's estate by the Richmond County Surrogate Court.

4. My husband passed away from Metastatic Bladder Cancer on November 23, 2012 at the age of 69. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. Stephen was a supervisor for the New York City Department of Probation. He was an educated man with a high IQ when he attended New York University. My husband was always very encouraging and maintained a positive attitude. We were very close, and he taught me how to better myself. He motivated me to attend college at night even after working all day. I remember Steve and I would travel to Florida and take long walks on the beach for miles with his dog, Beagle.

6. On 9/11, I remember Steve going to work at his office on Beaver Street. When the towers were struck, Steve was called to the exposure zone to supervise and authorize who was allowed in the area. Unfortunately, while being there, Steve was exposed to fumes, toxins, and asbestos during the entire exposure period through May 30, 2002.

7. I recall Steve going to the doctor at Mount Sinai and being told he had nodules in his saliva glands and needing to have regular monitoring and test. Months later, Steve told me he began to see blood in his urine. Shortly after, we went on a trip to Florida, and I remember him waking me up in the middle of the night with blood all over the bathroom floor. I rushed him to the hospital where he was diagnosed with Bladder Cancer. We had no choice but to fly back to New York and get back to his doctors at Mount Sinai. When we arrived at Mount Sinai, his doctors informed us that he needed surgery to remove the aggressive tumor. During the surgery, my husband lost four organs which were replaced by a stoma. Within a year, the cancer metastasized to his bones and lungs. During his last year of life, radiation and chemotherapy became our new routine. The cancer stole the joy from my husband. He was never a happy man again.

8. Steve was my soulmate, my best friend, and my confidant. There is no price that can be put on the pain and suffering my husband endured during his last days. I feel as though a knife pierced my heart when I lost him. He was my everything.

CHERYL HAFNER-ZAWADA

Sworn before me this 11 day of July, 2023

Notary public

RAYMOND C HUMINSKI
Notary Public - State of New York
NO. 01HU6272909
Qualified in Richmond County
My Commission Expires 12/3/24