# EXHIBIT G

Estate of Joseph Battaglia

# VCF Documentation



September 11th
Victim Compensation Fund

April 2, 2019


PATRICIA BATTAGLIA
405 CONGRESS AVENUE
EAST WILLISTON NY  11596


Dear PATRICIA BATTAGLIA:

The September 11th Victim Compensation Fund ("VCF") previously sent you a letter notifying you of the eligibility decision on the claim you submitted on behalf of JOSEPH BATTAGLIA. Your claim number is VCF0048224.  The letter explained that the VCF had reviewed your claim and determined you were not eligible for compensation.  You then appealed the eligibility decision on your claim and a hearing was held.

The VCF has considered your appeal and has determined that you meet the eligibility criteria established in the statute and regulations.  Based on the information you provided in support of your appeal and information the VCF has received from the World Trade Center ("WTC") Health Program, you have been found eligible for the following injuries:

- MALIGNANT NEOPLASM - LUNG WITH METASTASIS

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury. Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or loss calculation.


**What Happens Next**

**If the decedent has been certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  Please see the VCF website for details on how to amend your claim.  The VCF will review the new information and determine if it provides the basis for a revised decision.

**If the decedent did not have injuries other than those listed above,** you should submit your Compensation Form and required supporting materials.  If you have already submitted your Compensation Form, you do not need to take any action at this time unless you receive a request from the VCF for missing information.  The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.



September 11th
Victim Compensation Fund

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.


Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund



September 11th
Victim Compensation Fund

February 4, 2020

PATRICIA BYRNES
2539 SHIPSTON AVE
NEW PORT RICHEY FL  34655

Dear PATRICIA BYRNES:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on January 08, 2020 notifying you of the decision on your claim and the amount of your award.  Your claim number is VCF0048224.  That letter included a request for documents that were missing from your claim and are required in order to process your payment.  The VCF has since received the requested documents and this letter provides the details of your award and information on the next steps to be taken on your claim.

After reviewing the responses in your claim form, the documents you submitted in support of your claim, and information from third-party entities, the VCF has calculated the amount of your award as **$250,000.00**.  This determination is in accordance with the requirements of the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund Act ("VCF Permanent Authorization Act").  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions that were considered when calculating your award.

The VCF has determined that the loss of your husband's pension benefits, which terminated at his death because benefits were maximized while your husband was alive and no survivor pension option was selected, is not a loss compensable by the VCF.

The VCF calculated lost earnings based on your husband's wage from the Coast Guard, as he was a member of the Reserve at the time of his death. Because your collateral offsets exceed your total lost earnings, however, the total award includes only non-economic compensation.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

The VCF will deem this award to be final and will begin processing the full payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below.  If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period.  Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization



September 11th
Victim Compensation Fund

document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated, or if you believe you can demonstrate extraordinary circumstances indicating that the calculation does not adequately address your loss.  **If you choose to appeal, your payment will not be processed until your hearing has been held and a decision has been rendered on your appeal**.

  To appeal the award, you must complete two steps by the required deadlines:

  1. Complete and return the enclosed **Compensation Appeal Request Form** within **30 days from the date of this letter**.  Follow the instructions on the form and upload it to your claim or mail it to the VCF by the required deadline.  If you do not submit your completed Compensation Appeal Request Form within 30 days of the date of this letter, *you will have waived your right to an appeal* and the VCF will begin processing any payment due on your claim.

  2. Complete and submit your **Compensation Appeal Package** (Pre-Hearing Questionnaire, Compensation Explanation of Appeal, and all applicable supporting documents) no later than **60 days from the date of this letter**.  It is important that you carefully review the information enclosed with this letter and follow the instructions if you intend to appeal your award.  Additional instructions on the appeals process can be found on the VCF website under "Frequently Asked Questions" and in the "Policies and Procedures" document.

  Once your complete Compensation Appeal Package is submitted, the VCF will review the information to confirm you have a valid appeal, and will notify you of the next steps specific to your appeal and the scheduling of your hearing.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF that you believe warrants additional compensation.  The VCF website has important information about the specific circumstances when it is appropriate to request an amendment.  For more information and examples of such situations, please refer to "Section 5 – Amendments" in the VCF Policies and Procedures document available under "Forms and Resources" on the VCF website.  Please review the information carefully when deciding whether to amend your claim.  If you submit an amendment, the VCF will review the new information and determine if it provides the basis for a revised decision.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award.  If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment.  If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which



September 11th
Victim Compensation Fund

may result in a lower award.  If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the VCF Permanent Authorization Act.  As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund



September 11th
Victim Compensation Fund

# Award Detail

Claim Number:       VCF0048224
Decedent Name:      JOSEPH BATTAGLIA

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---:|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | |
| Mitigating or Residual Earnings | |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | |
| Social Security Disability Benefits | |
| Workers Compensation Disability Benefits | |
| Disability Insurance | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | |
| Replacement Services | |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $0.00 |
| | |
| **Total Non-Economic Loss** | $250,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $250,000.00 |



September 11th
Victim Compensation Fund

| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| **Loss of Earnings including Benefits and Pension** | $265,439.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | |
| SSA Survivor Benefits | |
| Worker's Compensation Death Benefits | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $265,439.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | |
| Burial Costs | |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $265,439.00 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Spouse/Dependent(s) | $100,000.00 |
| **Total Non-Economic Loss** | $350,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | ($917,976.76) |
| Other Offsets | |
| **Total Additional Offsets** | ($918,231.76) |
| | |
| **Subtotal Award for Deceased Claim** | ($302,792.76) |



September 11th
Victim Compensation Fund

| | |
|---|---|
| **Subtotal of Personal Injury and Deceased Claims** | $250,000.00 |
| PSOB Offset | |
| Prior Lawsuit Settlement Offset | |
| **TOTAL AWARD** | $250,000.00 |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | $7,004.35 |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| **Eligible Conditions Considered in Award** |
|---|
| Malignant Neoplasm - Lung With Metastasis |

* D0038919 *

DOH-1961 (10/2009)

**NEW YORK STATE**
**DEPARTMENT OF HEALTH**

# CERTIFICATE OF DEATH

RECORDED DISTRICT
2908

REGISTER NUMBER
767

STATE FILE NUMBER

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF CERTIFICATE ON FILE IN THE OFFICE OF THE REGISTRAR, 155 WASHINGTON AVE, MINEOLA, NY 11501
CEO LOPES DEP. REGISTRAR

| 1. NAME FIRST | MIDDLE | LAST | 2. SEX: MALE ☒1 FEMALE ☐2 | 3A. DATE OF DEATH MONTH 12 DAY 05 YEAR 2008 | 3B. HOUR 7:58 p |
|---|---|---|---|---|---|
| Joseph | L. | Battaglia | | | |

4A. PLACE OF DEATH (Check one): HOSPITAL DOA ☐ ER ☐ HOSPITAL OUTPATIENT ☐ HOSPITAL INPATIENT ☒ NURSING HOME ☐ PRIVATE RESIDENCE ☐ HOSPICE FACILITY ☐ OTHER (Specify) ☐

4B. IF FACILITY, DATE ADMITTED MONTH 11 DAY 24 YEAR 2008

4C. NAME OF FACILITY (if not facility, give address)
Winthrop University Hospital

4D. LOCALITY (Check one and specify) CITY ☐ VILLAGE ☐ TOWN ☒   Mineola

4E. COUNTY OF DEATH:
Nassau

4F. MEDICAL RECORD NO.
788233

4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION? (If yes, specify institution name, city or town county and state) NO ☐ YES ☐

5. DATE OF BIRTH
MONTH 09 DAY 02 YEAR 1955

6A. AGE IN YEARS 53 yrs

6B. IF UNDER 1 YEAR ENTER months days

6C. IF UNDER 1 DAY ENTER hours minutes

7A. CITY AND STATE OF BIRTH (If not USA, Country and Region/Province)
Brooklyn,New York

7B. AGE UNDER 1 YEAR, NAME OF HOSPITAL OF BIRTH

8. SERVED IN U.S. ARMED FORCES? (Specify years) NO ☐ YES ☒ 1990-2008

9. IS DECEDENT OF HISPANIC ORIGIN? Check the boxes that best describe whether the decedent is Spanish/Hispanic/Latino
☒A. No, not Spanish/Hispanic/Latino
☐B. Yes, Mexican, Mexican American, Chicano
☐C. Yes, Puerto Rican
☐D. Yes, Cuban
☐E. Yes, Other Spanish/Hispanic/Latino (Specify)

10. DECEDENT'S RACE. Check one or more races to indicate what the decedent considered himself or herself to be
☒A. White/Caucasian
☐B. Black or African American
☐C. Asian Indian
☐D. Chinese
☐E. Filipino
☐F. Japanese
☐G. Korean
☐H. Vietnamese
☐I. Native Hawaiian
☐J. Guamanian or Chamorro
☐K. Samoan
☐L. American Indian or Alaska Native (specify)
☐M. Other Asian (specify)
☐N. Other Pacific Islander (specify)

11. DECEDENT'S EDUCATION Check the box that best describes the highest degree or level of school completed at the time of death
☐1. 8th grade
☐2. 9th-12th grade, no diploma
☐3. High school graduate or GED
☐4. Some college credit, but no degree
☐5. Associate's degree
☒6. Bachelor's degree
☐7. Master's degree
☐8. Doctorate/Professional degree

12. SOCIAL SECURITY NUMBER
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

13. MARITAL STATUS
NEVER MARRIED ☐1 MARRIED ☒2 WIDOWED ☐3 DIVORCED ☐4 SEPARATED ☐5

14. SURVIVING SPOUSE (enter name if married or separated. If surviving spouse is wife, enter maiden name) Patricia Ann Byrnes

15A. USUAL OCCUPATION (Do not enter retired)
Uniformed Services

15B. KIND OF BUSINESS OR INDUSTRY
United States Gov't

15C. NAME AND LOCALITY OF COMPANY OR FIRM
Coast Guard Long Island NY

16A. RESIDENCE (State or Country if not USA)
New York

16B. County or Region/Province if not USA
Nassau

16C. LOCALITY (Check one and specify) CITY ☐ VILLAGE ☐ TOWN ☒
North Hemp

16E. IF CITY OR VILLAGE, IS RESIDENCE: WITHIN CITY OR VILLAGE LIMITS? YES ☐ NO ☐ IF NO, SPECIFY TOWN

16D. STREET AND NUMBER OF RESIDENCE
405 Congress Avenue     East Williston

16F. ZIP CODE
11596

17. NAME OF FATHER
FIRST Joseph   MIDDLE J.   LAST Battaglia

18. MAIDEN NAME OF MOTHER:
FIRST Lucille   LAST Orologio

19A. NAME OF INFORMANT
Robert Perez

19B. MAILING ADDRESS (include zip code)
265A No. Rutherford Avenue Massapequa NY 11758

20A. ☒BURIAL ☐CREMATION ☐REMOVAL ☐HOLD ☐DONATION ☐ENTOMBMENT
20A. DATE MONTH 12 DAY 09 YEAR 2008

20B. PLACE OF BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION
St. Johns Cemetery

20C. LOCATION (City or town and state)
Middle Village,NY

21A. NAME AND ADDRESS OF FUNERAL HOME
Star of David M/C 1236 Wellwood Ave West Babylon NY 11704

21B. REGISTRATION NUMBER
01672

22A. NAME OF FUNERAL DIRECTOR
Andrew H. Novak

22B. SIGNATURE OF FUNERAL DIRECTOR

22C. REGISTRATION NUMBER
02709

23A. SIGNATURE OF REGISTRAR
CEO LOPES

23B. DATE FILED MONTH 12 DAY 08 YEAR 2008

24A. BURIAL OR REMOVAL PERMIT ISSUED BY
Lisa D Farrell, Sub Reg.

24B. DATE ISSUED MONTH 12 DAY 08 YEAR 2008

ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN -- OR -- CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER

25A. CERTIFICATION: To the best of my knowledge, death occurred at the time, date and place and due to the causes stated
Certifier's Name STEVE SALMAN, MD   License No. 158297
Signature
Month 12 Day 06 Year 2008

25B. Certifier's Title ☒A. Attending Physician ☐B. Physician acting on behalf of Attending Physician ☐C. Coroner ☐D. Medical Examiner / Deputy Medical Examiner
Address 222 STATION PLAZA NORTH, MINEOLA, NY 11501

25B. If coroner is not a physician, enter Coroner's Physician's name & title   License No.   Signature   Address   Month Day Year

25C. If certifier is not attending physician, enter Attending Physician's name & title   License No.   Address

26A. Attending physician attended deceased Month 11 Day 04 Year LWP   Month 11 Day 05 Year LWP   26B. Deceased last seen alive by attending physician Month 11 Day 05 Year LWP   26C. Pronounced dead Month 12 Day 05 Year 2008   7:58 p

27. MANNER OF DEATH
NATURAL CAUSE ☒1 ACCIDENT ☐2 HOMICIDE ☐3 SUICIDE ☐4 PENDING INVESTIGATION ☐5

28. WAS CASE REFERRED TO CORONER OR MEDICAL EXAMINER? NO ☐1 YES ☐2

29A. AUTOPSY? YES ☐1 NO ☐2

29B. REFUSED ☐

29C. WERE FINDINGS USED TO DETERMINE CAUSE OF DEATH? NO ☐ YES ☐

30. DEATH WAS CAUSED BY: (ENTER ONLY ONE CAUSE PER LINE FOR (A), (B) AND (C))

PART I. IMMEDIATE CAUSE
(A) Respiratory Failure
DUE TO OR AS A CONSEQUENCE OF
(B) Lung Cancer
DUE TO OR AS A CONSEQUENCE OF
(C)

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (A)

DID TOBACCO USE CONTRIBUTE TO DEATH?
☐ YES ☐ NO ☒ PROBABLY ☐ UNKNOWN

31D. PLACE OF INJURY

31E. INJURY AT WORK? YES ☐ NO ☐

31A. IF INJURY, DATE MONTH DAY YEAR   HOUR

31B. INJURY LOCALITY (City or town and county and state)

31C. DESCRIBE HOW INJURY OCCURRED

31F. IF TRANSPORTATION INJURY, SPECIFY ☐ Driver/Operator ☐ Passenger ☐ Pedestrian

32. WAS DECEDENT HOSPITALIZED IN LAST 2 MONTHS? NO ☐ YES ☐

33A. IF FEMALE
☐1 Not pregnant within last year
☐2 Pregnant at time of death
☐3 Not pregnant but pregnant within 42 days of death
☐4 Not pregnant but pregnant 43 days to 1 year before death
☐5 Unknown if pregnant within past year

33B. DATE OF DELIVERY MONTH YEAR

CONFIDENTIAL     SEE INSTRUCTION SHEET FOR COMPLETING CAUSE OF DEATH     CONFIDENTIAL

# Family Member Affidavits

Patricia Byrnes

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                           03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

------------------------------------------------------------- X     **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                     **PATRICIA BYRNES**


                                    Plaintiffs,        21-CV-03505 (GBD)(SN)


                        V.

ISLAMIC REPUBLIC OF IRAN,

                                    Defendant.
------------------------------------------------------------- X

STATE OF FLORIDA     )
                     : SS
COUNTY OF PASCO      )

        PATRICIA BYRNES, being duly sworn, deposes and says:

        1.      I am a plaintiff in the within action, am over 18 years of age, and reside at
2539 Shipston Avenue, Newport Richey, Florida, 34655.

        2.      I am currently 65 years old, having been born on June 11, 1958.

        3.      I am the wife of Decedent, Joseph L. Battaglia, upon whose death my claims are
based. I submit this Affidavit in support of the present motion for a default money judgment for
the claim made on behalf of my husband's estate and for my solatium claim. On August 5, 2009,
I was issued Letters of Administration as Administrator of my husband's estate by the Nassau
County Surrogate's Court

4.      My husband passed away from Lung Cancer on December 5, 2008, at the age of 53. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      Joe and I were married in 1985. We had two children together. For over 24 years he was my heart and soul. We were very happy. He was a police officer with the NYPD for over 20 years. Once he retired in January 2001, we were able to start traveling and doing things with the family that every couple plans to do. He was in the Coast Guard Rescue and enjoyed being with the military for over 20 years. Joe was a very helpful partner when it came to raising our children. He did many things with them. He was President of Little League and the Boy Scout Leader. Our children needed their father's guidance in their young lives.

6.      On September 11, 2001, Joe was activated by the Coast Guard to Station Shinnecock in Hampton Bays, New York and responded by the coast guard boat to the waters off the WTC to Coast Guard Station New York. He assisted in the efforts of recovery, transporting of people, and aid to the vessels participating in the tragic recovery effort. His DD214 documents state his presence from September 11, 2001, through October 5, 2001, at the Coast Guard Station in New York for Operation Noble Eagle. He returned to active duty from March 10, 2003, through January 31, 2005, to activities in Staten Island, in the detachment Bayonne in support of Operation Iraq Freedom, in which his unit assisted in transport of debris from WTC site, port security boardings, and vessel inspections for WTC responding patrols.

7.      On November 24, 2008, Joe was taken to the emergency room with breathing problems. He was diagnosed with pneumonia and had extremely difficult time breathing because of the water in his lungs. They did many tests that night and by morning the X-Rays showed what would be confirmed as lung cancer with many abnormal tumors throughout his body. He

underwent surgery to drain the fluid from his lungs and to biopsy some of the tumors. My husband struggled to breathe for 11 days before he fell into a coma on December 4th and after receiving devastating biopsy results. I ended life support on December 5, 2008, upon the onset of the pneumonia with breathing problems. He could not talk to anyone and in the end, he was not able to say final goodbyes to any family.

8.      Joe's death had a profound effect on my life. I lost my life partner and the father of my children. I lost the dreams of a life together. With his death, his police pension ended which was the principal support of our household. I received a small annuity from the Coast Guard of $275.00 a month. I still had to return to work full-time. My way of life was forever changed with the loss of a husband and partner to raise my children with.



CHRISTINE L TURY
Notary Public - State of Florida
Commission # HH 292928
My Comm. Expires Aug 1, 2026
Bonded through National Notary Assn.

PATRICIA BYRNES

Sworn before me this

24th day of September 2023

Notary public