# EXHIBIT I

# Estate of Kevin Byrnes

# VCF Documentation



September 11th
Victim Compensation Fund

March 10, 2016

ANNA BYRNES
C/O CARMEN RODRIGUEZ
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18th FLOOR
NEW YORK NY  10271

Dear ANNA BYRNES:

Your Eligibility Form for the September 11th Victim Compensation Fund ("VCF") has been reviewed.  You submitted an Eligibility Form on behalf of KEVIN BYRNES.  Your claim number is VCF0019166.  The Claims Evaluator determined that your Eligibility Form was substantially complete on March 10, 2016.  As stated in the Regulations and on the Eligibility Form, by filing a substantially complete Eligibility Form, the right to file or be a party to a September 11th-related lawsuit on behalf of the decedent and his or her survivors has been waived.

**The Decision on your Claim**

The VCF has determined that the decedent meets the eligibility criteria established in the statute and regulations and that you meet the requirements as the Personal Representative of the decedent.  Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the following injuries:

- CHRONIC RESPIRATORY DISORDER (FUMES/VAPORS)
- INTERSTITIAL LUNG DISEASE (ASBESTOSIS)

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury.  Additionally, the injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or loss calculation.

**What Happens Next**

**If the decedent was certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  If you need to amend your claim to add a new condition, upload a letter to your claim with the request and submit the required documents.  The VCF will review the new information and determine if it provides the basis for a revised decision.

_____
P.O. Box 34500, Washington, D.C. 20043
VCF0019166EL0310161C



**If you believe the decedent had eligible injuries not treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating the amount of any compensation, you should amend your claim.  If you choose to amend your claim, you will need to use the VCF Private Physician process.  The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim.  All forms are available on the VCF website under "Forms and Resources."  The website also includes detailed information and instructions on the Private Physician process.

**If you do not have injuries other than those listed above, and:**

- **You have already submitted your Compensation Form**, you do not need to take any action at this time unless you receive a request from the VCF for missing information.
- **You have not yet submitted your Compensation Form**, you must wait until the Special Master publishes the updated regulations to reflect the new statute reauthorizing the VCF, which was enacted on December 18, 2015, before taking any additional action on your claim.  Under the legislation new claims cannot be filed until the final regulations have been published.

In either case, your claim will be reviewed and processed under "Group B" as required by the new law.  Please see the www.vcf.gov website for important information about the reauthorization and the expected timeline of activities for Group B claims.  Finally, it is important to keep in mind that funding is not available to pay Group B claims until all of the Group A payments have been made or October 2016, whichever is earlier.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Sheila L. Birnbaum
Special Master
September 11th Victim Compensation Fund

_____
P.O. Box 34500, Washington, D.C. 20043
VCF0019166EL0310161C



May 18, 2022

ANNA BYRNES
178 SARLES LANE PH
PLEASANTVILLE NY  10570

### Re: CLAIM NUMBER: VCF0019166

Dear ANNA BYRNES:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on January 02, 2018 notifying you of the award determination on your claim.

You then amended your claim to request additional losses.  The VCF has considered your amended claim and reviewed the new information you provided.  This letter sets forth the revised award and supersedes and replaces all previous letters.

After reviewing the responses in your claim form, the documents you submitted in support of your claim, and information from third-party entities, the VCF has calculated the amount of your award as **$519,923.00**.  This determination is in accordance with the requirements of the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund Act ("VCF Permanent Authorization Act").  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions that were considered when calculating your award.

Your amended award includes compensation for the household services that you described in your impact statement. It does not include compensation for the other three losses that you claimed in your amendment.

First, the award does not include additional compensation for personal injury non-economic loss. This is because you already received the maximum amount that we are allowed to award for lung conditions. As you pointed out in your amendment, the law lets us to go above this maximum in certain situations. However, the section of the law that lets us go above the maximum does not apply in your claim. The Special Master has determined that this section of the law will apply only in very limited circumstances, such as claims where the victim has had a lung transplant or requires significant mechanical respiratory assistance on a daily basis.

Second, the award does not include additional compensation for wrongful death non-economic loss for dependents. Our records do not show that your husband had any dependents at the time of his death.

Third, the award does not include compensation for burial expenses. You did not submit any documents that show how much you paid for burial expenses.

No non-routine legal service expenses are approved for reimbursement for this claim.



As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

## What Happens Next

You have already received a payment of $460,356.00. You are now entitled to an additional payment of **$59,567.00**. This amount is equal to the difference between your revised total award and the amount that has already been paid on your claim.

The VCF will deem this award to be final and will begin processing the full payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below. If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period. Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing if you believe the amount of your award was erroneously calculated or if you believe you can demonstrate extraordinary circumstances indicating that the calculation does not adequately address your loss. **If you choose to appeal, your payment will not be processed until your hearing has been held and a decision has been rendered on your appeal**.

    To appeal the award, you must complete two steps by the required deadlines:

    1. Complete and return the enclosed **Compensation Appeal Request Form** within **30 days from the date of this letter**. Follow the instructions on the form and upload it to your claim or mail it to the VCF by the required deadline. If you do not submit your completed Compensation Appeal Request Form within 30 days of the date of this letter, *you will have waived your right to an appeal* and the VCF will begin processing any payment due on your claim.
    2. Complete and submit your **Compensation Appeal Package** (Pre-Hearing Questionnaire, Compensation Explanation of Appeal, and all applicable supporting documents) no later than **60 days from the date of this letter**. It is important that you carefully review the information enclosed with this letter and follow the instructions if you intend to appeal your award. Additional instructions on the appeals process can be found on the VCF website under "Frequently Asked Questions" and in the Policies and Procedures available under "Forms and Resources."

    Once your complete Compensation Appeal Package is submitted, the VCF will review the information to confirm you have a valid appeal, and will notify you of the next steps specific to your appeal and the scheduling of your hearing.



- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the VCF Permanent Authorization Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555. Please have your claim number ready when you call: **VCF0019166**. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

August E. Flentje
Special Master
September 11th Victim Compensation Fund

WENDELL TONG can access the electronic copy of this letter uploaded to your online claim.



# Award Detail

Claim Number: VCF0019166
Decedent Name: KEVIN BYRNES

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---:|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $113,072.00 |
| Mitigating or Residual Earnings | |
| **Total Lost Earnings and Benefits** | $113,072.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | ($92,461.00) |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | ($92,461.00) |
| | |
| **Calculated Lost Earnings and Benefits after Offsets** | $20,611.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $20,611.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $20,611.00 |
| | |
| **Total Non-Economic Loss** | $90,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $110,611.00 |



| DECEASED CLAIM (Losses from Date of Death) | |
|---|---:|
| **Loss of Earnings including Benefits and Pension** | $488,570.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | ($798,153.36) |
| SSA Survivor Benefits | |
| Worker's Compensation Death Benefits | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | ($798,153.36) |
| | |
| **Calculated Lost Earnings and Benefits after Offsets** | ($309,583.36) |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $59,567.00 |
| Burial Costs | $0.00 |
| **Total Other Economic Losses** | $59,567.00 |
| | |
| **Total Economic Loss** | $59,567.00 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Spouse/Dependent(s) | $100,000.00 |
| **Total Non-Economic Loss** | $350,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | $0.00 |
| Other Offsets | |
| **Total Additional Offsets** | ($255.00) |
| | |
| **Subtotal Award for Deceased Claim** | $409,312.00 |



| | |
|---|---:|
| **Subtotal of Personal Injury and Deceased Claims** | $519,923.00 |
| PSOB Offset | |
| Prior Lawsuit Settlement Offset | $0.00 |
| **TOTAL AWARD** | $519,923.00 |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | $134,993.00 |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | 01/27/2003 |

| **Eligible Conditions Considered in Award** |
|---|
| Chronic Respiratory Disorder (fumes/vapors) |
| Interstitial Lung Disease (asbestosis) |

# Family Member Affidavits

Anna R. Byrnes

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
```

In Re:

TERRITORIST ATTACKS ON                             03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

```
-------------------------------------------------------------- X
```
RAYMOND ALEXANDER, et al.,                         **AFFIDAVIT OF**
                                                   **ANNA R. BYRNES**

                                    Plaintiffs,   21-CV-03505 (GBD)(SN)

V.

ISLAMIC REPUBLIC OF IRAN,

                                    Defendant.
```
-------------------------------------------------------------- X
```

STATE OF NEW YORK        )
                         : SS
COUNTY OF WESTCHESTER )

ANNA R. BYRNES, being duly sworn, deposes and says:

1. I am a plaintiff in the within action, am over 18 years of age, and reside at 178 Sarles Lane, Pleasantville, New York 10570.

2. I am currently 78 years old, having been born on July 5, 1944.

3. I am the wife of Decedent, Kevin R. Byrnes, upon whose death my claim is based, and submit this Affidavit in connection with the present motion for a default judgment and in support of my solatium claim.

4. My husband passed away from interstitial lung disease on February 4, 2004, at the age of 62. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      My husband was an honest man, a good husband and a loving father to three sons and one daughter. Even though we only had 39 years together in marriage, our time together started while I was in high school. Our marriage was not without tragedy. Our 17-year-old son, Jimmy, was killed in a car crash. For many other couples it might have torn them apart, but we were strong and found ways to honor Jimmy's memory by helping other bereaved parents by forming support groups which flourished for many years. I was a young girl of 20 when we married so I have many precious memories of Kevin, but what I learned from him has, over the years, had a lasting impact on my life. I learned from his integrity to have integrity myself. I learned from his honesty to be honest in all my dealings with people. He was well regarded in all the firehouses that he worked in. He was an upstanding gentleman. We had many interests together. We were tent campers and camped all up and down the East Coast over the years with our children. We eventually bought a boat and had 14 years of enjoyment before he became too ill and died. His lungs were compromised by the effects of 9/11, and he also had prostate surgery which we later learned was an effect of the poisons of 9/11.

6.      Kevin was a Battalion Chief in the FDNY, and he loved his job. His area was near the twin towers. He was on vacation on September 11, 2001, but he waited for me to come home from my job before going down to his firehouse. When I got home, he kissed me, told me he loved me and left. I didn't hear from him for three days and then it was only when he came home to get sleeping bags for the men at his house and he went right back down. I lived in fear of that kind of catastrophic event happening in which he would be ordered into. That day, he did not even wait to be ordered to the site. He knew what he had to do. I always thought I would physically hold him back, but I knew what his duty was. I later learned he was in the Exposure

Zone for 59 and a half hours.

7. Kevin never complained. I was unaware of the severity of his breathing problems until he was forced to retire from his job due to illness. Along with the prostate cancer surgery, his health began to deteriorate. He was under the care of lung specialists and did exercises for breathing as well as nebulizers and other lung medications. He did not get better. His body began shutting down; shortly before his death, he got Shingles. That gave him much agony. He died two years and six months after 9/11.

8. The effects of his illness and death on myself and my children were hard to witness. My children were constantly worried about his health, as was I. My husband died seven months before my daughter's wedding. My emotional state prevented me from being present for my daughter's needs at her wedding. She relied on her friends. To this day, it is one of my deepest regrets. I was only 59 years old when Kevin died. I thought we would live a long and happy life. I thought I would live the rest of my life with him, and it still saddens me to think that he lived the rest of his life with me. It should have been longer. He shouldn't have died. My consolation is that he loved his job and for a man to go through life loving his job, that indeed is a life well lived.

_____
ANNA R. BYRNES

Sworn before me this
____ day of ____, 2023
_____
Notary public