# EXHIBIT L

# Estate of Francis Carrozza

# VCF Documentation



September 11th
Victim Compensation Fund

May 31, 2018

JUNE MURPHY CARROZZA
102 LOG CABIN DRIVE
HC1 BOX 1A 276
LACKAWAXEN PA  18435

Dear JUNE MURPHY CARROZZA:

The September 11th Victim Compensation Fund ("VCF") previously sent you an Eligibility determination letter on November 25, 2016 for the claim you submitted on behalf of FRANCIS CARROZZA.  Your claim number is VCF0079289.  The letter included a list of condition(s) deemed eligible for compensation.  You then amended your claim to add one or more new conditions.

The VCF has considered your amended claim and reviewed the new information you provided.  This letter sets forth the revised eligibility determination and supersedes and replaces the previous letter.

### The Decision on your Claim

Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the injuries listed below.  *This list includes all injuries for which the decedent has been found eligible.*

- BURKITT'S LYMPHOMA
- MALIGNANT NEOPLASM OF KIDNEY EXCEPT PELVIS

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury.  Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or loss calculation.

### What Happens Next

You submitted the Compensation portion of your claim form.  The VCF will contact you if additional information is needed in order to calculate your award. **If you believe the new condition(s) changes your compensation claim**, you should amend your claim.  For example, if your new condition is the reason the decedent was not able to work, you should



provide that information to the VCF by amending your claim.  Please see the www.vcf.gov website for additional details on how to amend your claim.

**If the newly eligible condition(s) does not change your compensation claim**, you do not need to take any action at this time.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

                                              Sincerely,

                                              Rupa Bhattacharyya
                                              Special Master
                                              September 11th Victim Compensation Fund

cc: WENDELL TONG

 September 11th Victim Compensation Fund

March 6, 2019

JUNE MURPHY CARROZZA
102 LOG CABIN DRIVE
HC1 BOX 1A 276
LACKAWAXEN PA  18435

Dear JUNE MURPHY CARROZZA:

The September 11th Victim Compensation Fund ("VCF") has reviewed your claim for compensation.  Your claim number is VCF0079289.  Your Compensation Form was determined to be substantially complete on October 11, 2018.  This means your claim was deemed "filed" for purposes of section 405(b)(3) of the Statute on that date.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as **$1,551,252.90**.  This determination is in accordance with the requirements of the Reauthorized Zadroga Act.  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions included in this determination.

**Please note:** The VCF completed the substantive review of your claim prior to February 25, 2019, and the amount of your award was **not** impacted by the Special Master's determination that the VCF's funding is insufficient to compensate all pending and projected claims.  Additional information about the determination of funding insufficiency and the changes that became effective on February 25, 2019, can be found at https://www.vcf.gov/fundinginsufficiency.html.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

The VCF will deem this award to be final and will begin processing the payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below.  If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period.  Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**:  You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated or



if you believe you can demonstrate extraordinary circumstances indicating that the award does not adequately address your claim. **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter. The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing. If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF. For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your award was determined and that you believe would affect the amount of your award, or if you have incurred additional economic loss due to an eligible condition. The VCF will review the new information and determine if it provides the basis for a revised decision. Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: WENDELL TONG



# Award Detail

Claim Number: VCF0079289
Decedent Name: FRANCIS CARROZZA

| **PERSONAL INJURY CLAIM (Losses up to Date of Death)** | |
|---|---|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $0.00 |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | $0.00 |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $0.00 |
| | |
| **Total Non-Economic Loss** | $340,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $340,000.00 |

P.O. Box 34500, Washington, D.C. 20043
VCF0079289AL0306191B



| DECEASED CLAIM (Losses from Date of Death) | |
|---|---:|
| **Loss of Earnings including Benefits and Pension** | $1,052,942.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | $0.00 |
| SSA Survivor Benefits | ($163,105.00) |
| Worker's Compensation Death Benefits | ($208,698.09) |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | ($371,803.09) |
| | |
| **Total Lost Earnings and Benefits Awarded** | $681,138.91 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $9,924.00 |
| Burial Costs | $7,845.00 |
| **Total Other Economic Losses** | $17,769.00 |
| | |
| **Total Economic Loss** | $698,907.91 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Spouse/Dependent(s) | $300,000.00 |
| **Total Non-Economic Loss** | $550,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | ($31,400.01) |
| Other Offsets | ($6,000.00) |
| **Total Additional Offsets** | ($37,655.01) |
| | |
| **Subtotal Award for Deceased Claim** | $1,211,252.90 |



| | |
|---|---:|
| **Subtotal of Personal Injury and Deceased Claims** | $1,551,252.90 |
| PSOB Offset | $0.00 |
| Prior Lawsuit Settlement Offset | $0.00 |
| Previously Paid Personal Injury Award | $0.00 |
| **TOTAL AWARD** | $1,551,252.90 |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | $121,478.53 |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| **Eligible Conditions Considered in Award** |
|---|
| Burkitt's Lymphoma |
| Malignant Neoplasm of Kidney Except Pelvis |

# Family Member Affidavits

# Christopher Carrozza

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON           03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

-------------------------------------------------------------------- X   **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,      **CHRISTOPHER CARROZZA**

                                          Plaintiffs,           21-CV-03505 (GBD)(SN)

                                          V.

ISLAMIC REPUBLIC OF IRAN,

                                          Defendant.
-------------------------------------------------------------------- X

STATE OF DISTRICT OF COLUMBIA   )
                                        : SS
COUNTY OF N.A. )

       CHRISTOPHER CARROZZA, being duly sworn, deposes and says:

       1.     I am a plaintiff in the within action, am over 18 years of age, and reside at 6 Snows Ct NW, Washington D.C. 20037-2213.

       2.     I am currently 30 years old, having been born on December 4, 1992.

       3.     I am the son of Decedent, Francis Carrozza upon whose death my claim is based, and submit this Affidavit in connection with the present motion for a default judgment and in support of my solatium claim.

       4.     My father passed away from renal cell carcinoma on January 11, 2015, at the age of 55 years old. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. The decedent was my father. I have shared many memories through the years with him, from playing sports together, riding ATVs, and working on cars. He taught me much throughout the year and guided me to the man I am today. He showed me how to take Cars, ATVs, and anything with a motor apart. My father showed me my passion for how things were built and made. My father showed me patience, love, and dedication to work on what I care about.

6. I was young at the time and only remember a little. I remember seeing everyone crying for days, waiting for neighbors to come home, but they never came. My dad left for days talking about all the things he had seen, which were scarier than when he was a mortician.

7. I was away at college when I first learned that he was sick. I remember getting called on my birthday when he was rushed to the hospital. I got a birthday call, and I could tell how tired and weak he was. He died a few months later when I was supposed to return to school. My mother told me that my father had passed. I told my brother that our dad would never be able to come home. I had to decide that morning to make the trip to school to organize my stuff so I could make it back for the funeral or take the semester off. My father had always wanted me to be more innovative and push my limits, so I left it in his name on my seven-hour car ride to school.

8. My father's diagnosis and death had a significant impact on my life. Throughout the years, I told my parents I would never get married and was not smart enough to make it through school. My dad missed many critical milestones in my life that I wish he could have been there for. I miss him more each day and try to be the man he wanted me to be.

_____
CHRISTOPHER CARROZZA

Sworn before me this

_11_ day of _Jan_, 2023 24

_____
Notary public

EDUARDO L CORREA
Notary Public - State of Maryland
Montgomery County
My Commission Expires Nov 6, 2027

# June Murphy Carrozza

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

In Re:

TERRORIST ATTACKS ON                           03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

------------------------------------------------------------------ X   **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                     **JUNE MURPHY**
                                               **CARROZZA**

                         Plaintiffs,           21-CV-03505 (GBD)(SN)

             V.

ISLAMIC REPUBLIC OF IRAN,

                         Defendant.
------------------------------------------------------------------ X

STATE OF PENNSYLVANIA )
                      : SS
COUNTY OF PIKE        )

      JUNE MURPHY CARROZZA, being duly sworn, deposes and says:

    1.    I am a plaintiff in the within action, am over 18 years of age, and reside at 102 Log Cabin Drive 1A 276, Lackawaxen, Pennsylvania 18435.

    2.    I am currently 58 years old, having been born on January 8, 1965.

    3.    I am the wife of Decedent, Francis Carrozza, upon whose death my claim is based, I submit this Affidavit in support of the present motion for a default money judgment for the claim made on behalf of my husband's estate and for my solatium claim. On February 10, 2015, I was issued Letters Testamentary by the Pike County Surrogate's Court.

4. My husband passed away from renal cell carcinoma on January 11, 2015, at the age of 55 years old. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. My husband, Frank, and I grew up in the same neighborhood and attended the same church. We both knew each other's families. We were great friends that grew to love each other deeply. We married in 1990 and have two fabulous boys. He was a family man who loved spending time with his family riding ATV's, swimming and working on cars. My fondest memories are times he spent in the driveway teaching our oldest son how to rebuild an old car, while our youngest watched. Having twelve years difference between the boys he did different things with each one. The youngest would spend hours with him building Legos. Friday night wrestling was a tradition they watched together and my youngest would pin him. We would laugh hearing my husband cry out "mommy he won't let me go." We spent every weekend together at our summer home swimming, riding ATV's, fishing, etc. Frank had been a mortician and later was a Long Shoreman working for the New York Container Terminal at Howland Hook. I was a Registered Nurse. We would have celebrated our 25th wedding anniversary the year he died.

6. Frank was employed by the New York Container Terminal at Howland Hook. He was assigned to tend to the refrigerated containers for victim remains located on the West Side of Manhattan below Canal Street in the exposure zone, for several 12 hours shifts during the month following September 11th. I cannot forget the dismal stories he told of the human remains, even finding just a finger. He came home dirty, changing on our porch, emotionally drained. Whenever he spoke about Ground Zero, he always said he was proud to do it. He would do it again no matter what the cost. Little did we know he gave up his life for it.

7.  Frank started not feeling well in 2013, developing strange intestinal issues. He followed up with multiple doctors using our insurance. First a GI doctor who then referred him to an oncologist and nephrologist. No one had any answers as he continued to lose weight, stamina, and endurance. In his work up with the doctors from Mt. Sinai World Trade Center Health Clinic he was found to have a lesion on his kidney. In 2014 he had a partial removal of his kidney showing his first 911 related cancer. Post operation, he bled into his belly and was readmitted. They released him and he was healing from the surgery. He went back to work but continued to complain he was not feeling good. He was losing weight, loss of stamina and spending hours resting, no longer able to do anything around the house, or enjoy time with us. He could no longer ride the ATV. He was a proud man and pushed his pain away. He could not afford to miss anymore work for fear of losing health benefits and he continued to support his family. Christmas Eve he could not get out of bed to attend my family's traditional Christmas Eve. The next day he went to his parents and told them he was dying. He knew before all of us how bad he was. He spent his last Christmas with us. He woke the next day with severe abdomen pain and swelling. I took him to Mt. Sinai hospital where his organs were shutting down. He was placed in ICU and died from his second 911 related cancer.

8.  During his illness I lost my lover and companion. He had no sexual drive; his illness had interfered with our intimacy leading to his inability to perform. He could no longer help with the day-to-day management of our household and the boys. I became his nurse and had to deal with his frustration and anger. His death, which we did not expect, took a significant emotional toll on each of us. On the day of his death my oldest was heading back to college for his last year, and my youngest was 10. I had to stop working to care for them. I tried to fill the role of their critically ill and later deceased father. You can never get over such an unexpected loss without losing a part of you. I miss the special times we had as a couple. I miss going to English town and AC together. We

would just go away for a weekend or overnight to reconnect. I miss the laughter and good times raising our kids together. Frank missed each milestone in my children's lives which was bittersweet. Each time I feel my heart break again without him here to share it. I cried at my son's graduation from college and his marriage. My youngest gave a speech at his brother's wedding that included his dad as part of the day. I cried at my youngest's graduation from high school. The effect of his death on me has changed me forever. I have difficulty moving on with my personal life. It is hard when your soulmate is no longer with you.

Pennsylvania
Pike County
Sworn before me this

31 day of July, 2023

_Sharon Smith_
Notary public

JUNE MURPHY CARROZZA

Commonwealth of Pennsylvania - Notary Seal
Sharon Smith, Notary Public
Pike County
My commission expires March 23, 2026
Commission number 1416229
Member, Pennsylvania Association of Notaries