

## SPBMCC

SULLIVAN PAPAIN BLOCK
MCMANUS COFFINAS & CANNAVO P.C.

120 BROADWAY • NEW YORK • NEW YORK 10271

Robert G. Sullivan
Nicholas Papain
Vito A. Cannavo
John F. Nash
Frank V. Floriani
Eleni Coffinas
Hugh M. Turk
Albert B. Aquila
Brian J. Shoot

Mary Anne Walling
Eric K. Schwarz
Elizabeth Montesano
Deanne M. Caputo
Liza A. Milgrim
Thomas J. McManus
Glenn W. Nick
Mark A. Apostolos
Craig M. Silverman

TELEPHONE: (212) 732-9000
FACSIMILE: (212) 266-4141
SPBMC-NY@TrialLaw1.com
TrialLaw1.com

PLEASE REPLY TO:

New York City Office

Jessica P. Denninger
Christopher J. DelliCarpini
Marianne C. Burke
Ana-Marija Turkovic
NallyAnn Scaturro
Michael P. Napolitano
Jacqueline P. Lasker

Joseph I. Rozovsky
Danielle Goldfinger
Amber Volz
Katie Prior
Joseph Fattorusso
Laura Raphael
Nicole M. LaGrega

Hon. Joseph N. Giamboi (*1925-2018*)
Michael N. Block
Stephen C. Glasser
Paul F. Oliveri
*Of Counsel*

John M. Tomsky
Beth N. Jablon
Ina Pecani
*Counsel to the Firm*

Author's E-Mail Address:
npapain@triallaw1.com
Direct Telephone Line:
(212) 266-4101
Private Fax Line:
(212) 266-4161

## VIA ECF

May 23, 2024

The Honorable George B. Daniels
U.S. District Judge
United States District Court
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
U.S. Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: ***In re Terrorist Attacks on September 11, 2001*, Case No. 03 MDL 1570 (GBD)(SN)**
    ***Accardi et al v. Islamic Republic of Iran*, Case No. 21-cv-06247**
    ***Alexander et al v. Islamic Republic of Iran*, Case No. 21-cv-03505**
    ***Betso et al v. Islamic Republic of Iran*, Case No. 21-cv-01394**

Dear Judge Daniels and Judge Netburn:

I submit this letter motion on behalf of the plaintiffs in the above-named actions for whom motions for partial final judgments by default, against the Islamic Republic of Iran and in favor of the Plaintiffs, were filed with the Court on May 7, 2024. Said motions have been filed in both the MDL and in the individual case dockets. *See* Case No. 03 MDL 1570, ECF Nos. 9766 (*Accardi*), 9776 (*Alexander*), and 9770 (*Betso*).

These underlying motions seek the entry of judgments by default as to Iran's liability to the plaintiffs, pain and suffering damages sustained by the plaintiffs' decedents who died as a direct result of the 9/11 Terrorist Attacks, and solatium damages suffered by plaintiffs as surviving family members of such decedents.

SUFFOLK OFFICE
33105 Main Road, Cutchogue, New York 11935
TELEPHONE: (631) 734-2500 • FACSIMILE: (631) 734-2502
SPBMC-LI@TrialLaw1.com

NASSAU OFFICE
1140 Franklin Avenue, Garden City, New York 11530
TELEPHONE: (516) 742-0707 • FACSIMILE: (516) 742-7350
SPBMC-LI@TrialLaw1.com

NEW JERSEY OFFICE
25 Main Street, Suite 602, Hackensack, New Jersey 07601
TELEPHONE: (201) 342-0037 • FACSIMILE: (201) 342-6461
SPBMC-NJ@TrialLaw1.com

SULLIVAN PAPAIN BLOCK McMANUS COFFINAS & CANNAVO P.C.

*Page 2 of 3*
*May 23, 2024*

## I.    Motion to Redact Confidential Information from the Public Docket

The within letter motion seeks to have certain confidential information redacted from exhibits that are attached to the counsel's declarations submitted in support of the underlying default judgment motions. Said exhibits are currently under a temporary seal.

There are a total of 80 decedents who are the subject of the default judgment motions – 12 in *Accardi*, 41 in *Alexander*, and 27 in *Betso*. All the decedents are "Latent Injury Decedents", except for *Alexander* decedent, Gene Edward Maloy, who was killed in the 9/11 Terrorist Attacks.

### (a)    Redaction of All Monetary Figures set forth in the VCF Award Letters and Awards Detail on the Public Docket

The evidence submitted in support of said default judgment motions includes, for each Latent Injury Decedent, exhibits containing, in part, the following documentation issued by the September 11th Victim Compensation Fund ("VCF"), as proof that the VCF found that Decedent died as a direct result of a 9/11-related injury: (i) the eligibility determination letter which identifies the 9/11-related injury that the VCF determined decedent suffered as a result of the 9/11 Terrorist Attacks; (ii) the Award letter; and (iii) the accompanying "Awards Detail" which show that, as to each Latent Injury Decedent, the VCF issued an award for a "Personal Injury Claim (Losses up to Date of Death)" <u>and</u> for a "Deceased Claim (Losses from Date of Death)."[1]

The VCF Award letters set forth the amount of the award and the VCF Awards Detail provide a breakdown of the award for the Personal Injury Claim <u>and</u> for the Deceased Claim, along with the "Eligible Conditions Considered in Award." These VCF documents have been submitted as proof that the VCF determined, in each instance, that the Latent Injury Decedents died from the 9/11-related injury for which the VCF found Decedent "eligible." On the other hand, the monetary figures set forth therein are irrelevant to this issue. It is issuance of the VCF death award, itself, that is relevant as evidence that Decedent died as a direct result of the 9/11 Terrorist Attacks.

The VCF treats the information contained in the Award Letters and the Awards Detail as confidential by providing copies of such only to the personal representative of the decedent's estate and their attorney. No one else can obtain access to these documents or to the information contained therein from the VCF.

It is respectfully requested that this Court allow counsel to file, on the public dockets, the exhibits containing VCF Award letters and Awards Detail with the monetary figures redacted therefrom.[2] Additionally, counsel respectfully requests that the temporary seal on the exhibits previously filed, with the monetary figures unredacted, remain under seal.

---

[1] Starting at Ex. D to counsel's declaration in each of the three default judgment motions, the exhibits are broken down by Decedent's Estate, with each exhibit containing a particular Decedent's VCF documentation, and affidavits from plaintiff personal representatives and surviving family members attesting to Decedent's cause of death, Decedent's pain and suffering, and solatium damages suffered by surviving family members.

[2] References to a monetary figure of "$0.00" contained in any of these VCF documents will not be redacted.

SULLIVAN PAPAIN BLOCK MCMANUS COFFINAS & CANNAVO P.C.

*Page 3 of 3*
*May 23, 2024*

### (b) Redaction of Confidential Personal Identification Information contained in Medical Records and Certificates of Death on the Public Docket

Further, for reasons set forth in counsel's declarations, the exhibits for certain Latent Injury Decedents also include (i) a medical record or (ii) a certificate of death, as proof that Decedent's 9/11-related injury, as determined by the VCF, was a substantial cause of Decedent's death.[3]

The information contained in the medical records and certificates of death include certain personal confidential information, specifically, dates of birth, addresses, and social security numbers. In accordance with Federal Rule of Civil Procedure 5.2(a), this Court's Individual Rules of Practice, and pursuant to the confines of HIPAA, counsel respectfully requests that the medical records and certificates of death contained in exhibits attached to my Declarations be filed on the Public Docket with such personal identifying information redacted.

### II.   Conclusion

For the foregoing reasons, we respectfully request that this Court grant this letter motion, *nunc pro tunc*, permitting the redaction of the monetary figures set forth in the VCF Award letters and Awards Detail and permitting the redaction of personal identifying information contained in the medical records and certificates of death.

Respectfully submitted,

By: _____
　　　Nicholas Papain, Esq.
　　　Sullivan Papain Block McManus
　　　Coffinas & Cannavo P.C.
　　　120 Broadway, 27th Floor
　　　New York, NY 10271
　　　Phone: (212) 732-9000
　　　COUNSEL FOR *ACCARDI,*
　　　*ALEXANDER,* AND *BETSO*
　　　PLAINTIFFS

cc: All MDL Counsel of Record (via ECF)

---

[3] *See* exhibits for *Accardi* decedents, Matthew Lodewyks, Hernan McLean, and William Mundy; *Alexander* decedents, Joseph Battaglia, Stephen Johnson, Charles Jones and Howard Katzman; and *Betso* decedents, Ronald Cohen, James DeNunzio, Thomas Greaney, Eugene McCarey, Raymond Ragucci, Elisabeth Temin, and Franco Trapani. For *Alexander* decedent, Gene Edward Maloy, a certificate of death has also been submitted as proof that he was killed in the 9/11 Terrorist Attacks at the WTC.