UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)

### *Bauer II* Plaintiffs' Motion III for Final Judgments Against *The Taliban*

For the reasons set forth below, the statements contained in the Declaration of Dorothea M. Capone, Esq. (herein referred to as "Capone Declaration") and the record in this case, the plaintiffs in the above-captioned matters who are represented by Baumeister & Samuels, P.C. and listed in the exhibits to the Capone Declaration ("*Bauer II* Plaintiffs")[1] respectfully move for an Order for final damages judgments in connection with the losses and injuries they suffered as a result of the deaths of their loved ones in the September 11, 2001 Terror Attacks against the Defendant the *Taliban* (hereinafter the "*Taliban*"). The *Bauer II* Plaintiffs previously obtained a default liability judgment against, among others, the *Taliban* and now move for damages, and seek an Order:

1. Awarding each estate of the individuals killed in the September 11, 2001 Terror Attacks listed in Exhibit A to the Capone Declaration (the "*Bauer II* 9/11 Decedents") damages for the decedent's conscious pain and suffering against the *Taliban* in the amount

---

[1] The Plaintiffs collectively referred to in this motion as "*Bauer II* Plaintiffs" were added to *Ashton* 6th Amended Master Complaint on November 7, 2022, ECF 8721, 8715-3.

1

of $2,000,000 per decedent, which is the same amount this Court previously awarded to each of them against Islamic Republic of Iran (hereinafter "Iran"), and as was similarly awarded to the *Ashton, Bauer* and *Burlingame* Plaintiffs against the *Taliban*. *See* ECF 5450, 8973, and 9167.[2]

2.      Awarding each estate of the *Bauer II* 9/11 Decedents listed in Exhibit A to the Capone Declaration damages for economic losses against the *Taliban* based on the same amounts that this Court previously awarded to those estates against Iran (ECF 5775), and as was similarly awarded to the *Ashton, Bauer* and *Burlingame* Plaintiffs against the *Taliban*. *See* ECF 8973 and 9167.

3.      Awarding each of the immediate family members of the *Bauer II* 9/11 Decedents listed in Exhibit B to the Capone Declaration, who are estate representatives for the *Bauer* 9/11 Decedents and an immediate family member, solatium damages against the *Taliban* in the same amounts that this Court has previously awarded to them against Iran (ECF 5073), and as was similarly awarded to the *Ashton, Bauer* and *Burlingame* Plaintiffs against the *Taliban*. *See* ECF 8973 and 9167.

4.      Awarding each of the additional immediate family members of the *Bauer II* 9/11 Decedents listed in Exhibit C to the Capone Declaration solatium damages in the same amounts that this Court has previously awarded to them against Iran, ECF 5073, and as was similarly awarded to the *Ashton, Bauer* and *Burlingame* Plaintiffs against the *Taliban*. *See* ECF 8973 and 9167.

---

[2] Pursuant to the Court's instructions at ECF 9435, all ECF references relate to MDL docket entries found at 03-md-1570 (S.D.N.Y.). Any ECF references to individual civil case docket entries will be preceded by the case number.

5.      Awarding treble damages to those *Bauer II* Plaintiffs identified on Exhibits A, B and C to the Capone Declaration for claims under the Anti-Terrorism Act, 18 U.S.C. § 2333, as was similarly awarded to the *Ashton, Bauer* and *Burlingame* Plaintiffs against the *Taliban*. *See* ECF 8973 and 9167.

6.      Awarding the *Bauer II* Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages as was similarly awarded to the *Ashton*, *Bauer* and *Burlingame* Plaintiffs on March 30, 2023. *See* ECF 8973 and 9167.

7.      Granting the *Bauer II* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

8.      Granting permission for other *Bauer* plaintiffs in this action not appearing on the Exhibits to the Capone Declaration to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the proposed judgment represent the only direct recovery by the *Bauer II* Plaintiffs against the *Taliban*, the proposed judgment would constitute final awards and judgments against the *Taliban* for the *Bauer II* Plaintiffs.

**I.**      **Procedural Background**

The original *Bauer* Plaintiffs ("*Bauer* Plaintiffs) filed their initial complaint against the alleged sponsors of the September 11, 2001 Terror Attacks on September 10, 2002 which included claims against the *Taliban*, among others. *See* 02-cv-7236 (S.D.N.Y.) ECF 1. That complaint and the others were consolidated into the *Ashton* action which was amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465 (*Ashton* 6th

Amended Complaint).³

In their Complaints, the original *Bauer* Plaintiffs, asserted federal jurisdiction against the *Taliban* pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)(7)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"). *See, e.g.,* 02-cv-6977, ECF 465 at ¶¶ 2-3, 10-12.

The causes of action asserted against the *Taliban*, among others, were based on state law (Counts One through Four), the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA") (Count Five) and the TVPA (Count Five). *See, e.g.,* 02-cv-6977, ECF 465 at ¶¶ 464- 466, 469-70, 473-74, 477-78, 481-82, 486-89.  Included in these counts were claims for wrongful death damages (economic loss and the decedents' pain and suffering), personal injuries (physical and mental), solatium losses, and losses of consortium, support, society and companionship, and parental care and guidance. *Id.*  Under the ATA, only a plaintiff who is a "national of the United States injured … by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue … and shall recover threefold the damages he or she sustains … ."⁴

This Court issued an Order authorizing service of process by publication on certain defendants, including the *Taliban*.  ECF 445 at 1, 8, 11.  The original *Bauer* Plaintiffs, as part of the *Ashton* action,⁵ served the *Taliban* by publication with verification of publication filed

---

³ In Case Management Order No. 2, this Court set forth a process for adding plaintiffs by listing their names and filing as supplemental pleadings under Fed.R.Civ.P. 15(d) and ordering that "[p]laintiffs added by this procedure need not re-serve defendants who have already been served." ECF 247 at ¶ 12.

⁴ 18 U.S.C. § 2333(a).

⁵ After the consolidation of the *Bauer* Plaintiffs' claims into the *Ashton* action, references in this

on March 16, 2005 and March 31, 2005. (ECF 709, 735); Capone Decl. at ¶ 4.[6] The *Taliban* never answered, and the *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which was granted by this Court on May 12, 2006. (ECF 1782 *et seq.*, 1797). The defendants who are subject to this default were listed in Exhibit B to the *Ashton* Plaintiffs' motion (ECF 1782) and included the *Taliban*.

Previously, in connection with their claims against Iran, another defendant in the Complaints naming the *Taliban*, this Court granted the *Ashton* Plaintiffs a default liability judgment on August 31, 2015. (ECF 3021). Thereafter, in a series of Orders issued in connection with the damage claims asserted in the *Ashton* complaints, this Court issued final damages judgments against Iran, granting the original *Bauer* Plaintiffs' motions for:

- Compensatory damages for the conscious pain and suffering of the *Bauer 9/11* Decedents (ECF 3226, 3229);

- Economic damages for the estates the *Bauer 9/11* Decedents (ECF 3341, 5771, 5772, 5773, 5775[7], 5776, 5779, 5780, 5781); and

- Solatium damages for immediate family members (and their functional equivalents) of the *Bauer 9/11* Decedents (ECF 3341, 3387, 3399, 3402, 3403, 3408, 5701).

---

motion related to filings by the *Ashton* Plaintiffs include the *Bauer* Plaintiffs' claims unless otherwise specified.

[6] The publication notices were directed to the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2. The jurisdictional and factual allegations against the *Taliban* as set forth in the operative Complaint at the time of service did not change in subsequent amendments. Compare 02-cv-6977 (S.D.N.Y.) (*Ashton* Consolidated Master Complaint, filed 03/06/2003), ECF 11 at ¶¶ 2, 10-12, 112-14, 178-79, 600, 602-03, 605-06, 608-09, 610-12, 615-19 with 02-cv-6977 (S.D.N.Y.) (Sixth Amended Complaint, Filed 09/03/2005) ECF 465 at ¶¶ 2, 10-12, 78-79, 123-25, 464-66, 469-70, 473-74, 477-78, 481-82.

[7] This Order also awarded *Bauer II* Plaintiffs' decedents economic damages against Iran.

The *Bauer II* Plaintiffs listed in the Exhibits to the Capone Declaration now move this Court to grant the proposed judgment awarding them damages for, as noted on those Exhibits, the 9/11 victims' conscious pain and suffering, and economic and solatium losses arising out of the deaths of their loved ones killed in the September 11, 2001 Terror Attacks in the same amounts as this Court previously awarded to them against Iran (ECF 5450, 5775, and 5073), and as were similarly awarded to the *Ashton, Bauer* and *Burlingame* Plaintiffs against the *Taliban* (ECF 8973 and 9167).  Capone Decl. at ¶¶ 12-16.

The *Bauer II* Plaintiffs also seek treble damages under the Anti-Terrorism Act for U.S. nationals whose claims for such damages this Court has jurisdiction to consider (*see* 18 U.S.C. § 2333(a) and Capone Declaration Exhibits A and B), and an Order directing that pre-judgment interest be assessed at 4.96 percent per annum.

The *Bauer II* Plaintiffs are set forth in the exhibits accompanying the Capone Declaration as follows:

- Exhibit A – the estate of a U.S. nationals killed in the September 11, 2001 Terror Attacks asserting claims for conscious pain and suffering and economic damages;

- Exhibit B – U.S. nationals who are the personal representatives of the estates of individuals killed in the September 11, 2001 Terror Attacks, and who are also immediate family members of said decedents, asserting claims for solatium damages; and

- Exhibit C - U.S. nationals who are immediate family members of the individuals killed in the September 11, 2001 Terror Attacks, asserting claims for solatium damages.

The *Bauer* Plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants not included in the attached exhibits, should any other applications be warranted.

## II. Damages

The *Bauer II* Plaintiffs claimed jurisdiction and damages, as relevant here, pursuant to the ATA's civil damages provision, the TVPA, the FSIA and state law. *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶¶ 463-90. They sought treble damages under the ATA, which applies to claims brought by United States nationals. 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶ 479.

According to the case law governing terrorism litigation, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,* 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC,* 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) (allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003).

### A. Economic Damages

Economic damages are specifically contemplated in terrorism litigation, whether under the FSIA, the ATA or otherwise. The economic damages provision is "designed to

compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998); *see also Ungar*, 304 F.Supp.2d at 264-65 (its legislative history "indicates that the ATA was to be construed broadly" and giving weight to its co-sponsor's statement that the ATA "'empowers victims with all the weapons available in civil litigation,'" suggesting "that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to § 2333(a).") (emphasis in original). Accordingly, "the beneficiaries of each decedent's estate [are] … entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore,* 700 F. Supp. 2d at 81-82, citing *Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229 (D.D.C. 2006.)  Thus, sponsors of terrorist attacks that kill victims are routinely "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore,* 700 F.Supp.2d at 78.

The *Bauer II* Plaintiffs set forth in Exhibit B are all representatives of estates of victims who were murdered on September 11, 2001 and claims on behalf of the *Bauer II* 9/11 Decedents are asserted by those estate representatives.  Capone Decl. at ¶ 12.  As liability has been established against the *Taliban*, these *Bauer II* Plaintiffs now seek a final order of damages in the amounts set forth on Exhibit B.

Previously, this Court awarded economic damages against co-tortfeasor Iran for the "economic losses stemming from the wrongful death of the decedent[.]" (ECF No. 2623 at 2-3).  In doing so, it adopted and approved updated present-value economic loss calculations prepared by the plaintiffs' economic expert reports.  Capone Decl. at ¶ 10; *see also* ECF

8

3335-2, 5438-2, 5447-2, 5456-2, 5470-2, 5476-2, 5489-2, 5502-2, 5505-2.

Accordingly, the *Bauer II* Plaintiffs respectfully request that this Court order economic loss awards to the estates listed in Exhibits A, with that amount trebled pursuant to the ATA, in the amounts set forth therein.

### B. Conscious Pain and Suffering

Plaintiffs identified in Exhibit A are all personal representatives of estates of *Bauer* 9/11 Decedents, who were murdered in the September 11, 2001 Terror Attacks whose decedents all experienced the agonizing suffering prior to their deaths that has previously formed the basis of pain and suffering damages awards. Capone Decl. at ¶¶ 9; (ECF 2618 at 7 – 9). Accordingly, the *Bauer II* Plaintiffs respectfully request that this Court grant the estates of the *Bauer II 9/11* Decedents set forth in Exhibit A compensatory damages judgments that reflect the previously awarded $2,000,000 for each 9/11 Decedent, with that amount trebled pursuant to the ATA. The total final damages amount for each *Bauer II 9/11* Decedent's estate is listed in Exhibit A.

### C. Solatium Damages

"Acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22. Reflecting the nature of terrorist attacks, which are intended to cause emotional damages to those closest to the physically injured party, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003) (solatium damages available under FSIA), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005); *Ungar*, 304 F.Supp.2

9

at 264-65 (fullest range of damages should be available to plaintiffs in terrorism litigation, including "all the weapons available in civil litigation"); *Lelchook*, 2011 WL 4087448, at *2 (plaintiffs may "'pursue claims for solatium [emotional] damages' under the ATA") (brackets in original); *Henkin v. Kuveyt Turk Katilim Bankasi*, 495 F.Supp. 3d 144, 152 (E.D.N.Y. 2020) ("[c]ourts permit "[p]laintiffs to pursue claims for solatium [emotional] damages" under the ATA.") *citing Lelchook*, 2011 WL 4087448, at *2.

To this end, "[s]pouses and relative[s] in direct lineal relationships are presumed to suffer damages for mental anguish[.]" *Knox v. Palestine Liberation Org.*, 442 F. Supp. 2d 62, 78 (S.D.N.Y. 2006); *Morris*, 415 F.Supp.2d 1323, 1337 (D. Utah 2006) (holding that "victim's family may recover under § 2333 for the victim's lost wages and pain and suffering, and for the victim's wife and children's loss of companionship, society, and guidance, and mental anguish); *Ungar*, 304 F. Supp 2d at 267 (holding plaintiffs entitled under § 2333 to economic and non-economic damages, including loss of companionship and society, and mental anguish experienced by the victim's surviving family members).

Solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedent are treated as direct victims. *See, e.g., Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105, 115 n.12 (D.D.C. 2005)( *"*[c]ourts have uniformly held that a terrorist attack—by its nature—is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002)(treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.")(quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Thus, this Court has previously awarded solatium damages to "immediate family members" – that

is, the spouses, children, parents and siblings of those killed in the September 11, 2001 Terror Attacks (or their functional equivalents)(ECF 3363) who, though not physically present at the site of the terror attacks, were nevertheless intended victims of the terrorist activities. *See e.g.,* ECF 3341, 3387, 3399, 3402, 3403, 3408, and 5947. The four established categories of family relationships – spouses, parents, children and siblings – do not require any additional showing of the nature of the underlying relationship.

To fashion a solatium award adequately compensating the surviving family members in the litigation when issuing solatium damages as against defendant Iran, this Court looked to the analysis undertaken by District Court Judge Royce Lambert in the *Heiser* case. 466 F. Supp. 2d 229. There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id*. Recognizing that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief and, "[w]orse yet, … are faced with frequent reminders of the events of that day," (ECF 2618 at 10 – 12), this Court adopted the following solatium damages framework:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

The losses claimed in this motion are identical to those that this Court ordered in connection with the final judgment against Iran. The amount of solatium damages previously

adopted in the judgments against Iran should be similarly applied to the *Taliban*.

The relationships between the decedent and the *Bauer II* Plaintiffs are set forth in Exhibits B and C accompanying the Capone Declaration. The *Bauer II* Plaintiffs have direct relationships previously recognized as being presumptively qualified for solatium damages; the relationships between the *Bauer II* Plaintiffs and the immediate family members killed in the September 11, 2001 terror attacks have been verified; the *Bauer II* Plaintiffs survived the death of their immediate family members on September 11, 2001; the *Bauer II* Plaintiffs do not have another known claim pending before this Court for compensation against the *Taliban*; the *Bauer II* Plaintiffs have not recovered against the *Taliban*; the *Bauer II* Plaintiffs have not come close to satisfying their judgments against Iran; and, this Court previously granted solatium damages in the amounts sought here. Capone Decl. at ¶¶ 12-14.

The *Bauer II* plaintiffs in Exhibits B and C are all individuals who were added to the *Ashton* 6th Amended Complaint by Order of this Court dated November 7, 2022 (ECF 8721) with respect to the *Taliban*; the 6th Amended Complaint expressly identified claims for solatium damages; and these plaintiffs are the immediate family members of *Bauer II* 9/11 Decedents.[11] Capone Decl. at ¶¶ 12-13.

The *Bauer II* Plaintiffs respectfully request that this Court issue a final judgment ordering payment of solatium damages to the *Bauer II* Plaintiffs listed in Exhibits B and C, in the amounts set forth in those exhibits.

### D. Treble Damages

As discussed above, the *Bauer II* Plaintiffs set forth in Exhibits A, B and C who have claims under the Anti-Terrorism Act that this Court has jurisdiction to determine (18 U.S.C. § 2333(a)), make claims for damages threefold their compensatory damages awards for pain

and suffering and economic loss on behalf of the estates of the *Bauer II* 9/11 Decedents (Exhibit A) and solatium damages for their immediate family members (Exhibits B and C).

### E.    Prejudgment Interest

On the issue of prejudgment interest, the December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Bauer II* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate. ECF No. 3175 at 1 – 2.  Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. (ECF No. 3384 at 6).

Accordingly, the *Bauer II* Plaintiffs ask that this Court direct that prejudgment interest of 4.96 percent per annum be awarded on their awards running from September 11, 2001 until the date of judgment, as was done previously done in this consolidated litigation.

### III.    Conclusion

For all of the reasons stated herein, as well as those set forth in previous submissions, the B*auer II P*laintiffs respectfully request that this Court grant the proposed judgment:

1. Awarding the estates of the *Bauer II 9/11* Decedents listed in Exhibit A damages for conscious pain and suffering against the *Taliban* in the amount of $2,000,000 per decedent, which is the same amount this Court previously awarded to them against Iran with that amount trebled for said estates.

2.	Awarding the estates of the *Bauer II 9/11* Decedents damages listed in Exhibit A damages for economic losses against the *Taliban* in the same amounts that this Court previously awarded to them against Iran with that amount trebled for said estates.

3.	Awarding the immediate family members of the *Bauer II 9/11* Decedents listed in Exhibit B, who are also the personal representatives of the said estates, solatium damages against the *Taliban* in the same amounts that this Court has previously awarded to them against Iran with that amount trebled for said plaintiffs.

4.	Awarding the immediate family members of the *Bauer II 9/11* Decedents listed in Exhibit C solatium damages against the *Taliban* in the same amounts that this Court has previously awarded to them against Iran with that amount trebled for said plaintiffs.

5.	Awarding all *Bauer II* Plaintiffs pre-judgment interest against their awards at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages.

6.	Granting the *Bauer II* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

7.	Granting permission for any other *Bauer* Plaintiffs to submit applications for damages awards in later stages, to the extent such awards have not been previously addressed.

Dated: May 30, 2024  
      New York, NY

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

BY:   /s/ Dorothea M. Capone  
Dorothea M. Capone, Esq.  
140 Broadway, 46th Floor  
New York, New York 10005  
Tel: (212) 363-1200  
***Counsel for Bauer II Plaintiffs***