UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army*, et al., 02-cv-7236 (GBD)(SN)

**Declaration of Dorothea M. Capone in Support of the**
***Bauer II* Plaintiffs' Motion III for Final Judgments Against *The Taliban***

I, DOROTHEA M. CAPONE, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.  I am a member of Baumeister & Samuels, P.C., the law firm representing the *Bauer II* Plaintiffs identified in the instant motion in the above-referenced matter,[1] and I submit this Declaration in support of the *Bauer II* Plaintiffs' motion for final judgments against the Defendant the *Taliban* (hereinafter the "*Taliban*") on behalf of the estates of those individuals murdered on September 11, 2001 ("*Bauer II* 9/11 Decedents") and their immediate family. This motion seeks the following relief which will constitute final judgments:

    (1) awarding each estate of the *Bauer II* 9/11 Decedents identified in Exhibit A damages for the decedent's conscious pain and suffering against the *Taliban* in the amount of $2,000,000 per decedent, which is the same amount this Court previously award to each estate against *Iran*, and the estates of other Plaintiffs against the *Taliban*;

    (2) awarding each estate of the *Bauer II* 9/11 Decedents identified in Exhibit A damages for economic losses against the *Taliban* based on the same amounts that this Court previously awarded to those estates against *Iran*, and the estates of other Plaintiffs against the *Taliban*;

---

[1] Baumeister & Samuels, P.C. was retained by the plaintiffs identified in Exhibits A, B, and C who are collectively described as "*Bauer II* Plaintiffs" in 2017. These individuals were added as plaintiffs to the *Ashton* 6th Amended Master Complaint on November 7, 2022, ECF 8721, 8715-3.

1

(3)     awarding each of the immediate family members of the *Bauer II* 9/11 Decedents identified in Exhibit B, who are also estate representatives for those estates, solatium damages against the *Taliban* in the same amounts that this Court previously awarded to them against *Iran*, and other Plaintiffs against the *Taliban*;

(4)     awarding each of the immediate family members of the *Bauer II* 9/11 Decedents identified in Exhibit C solatium damages against the Taliban in the same amounts that this Court previously awarded to them against *Iran*, and other Plaintiffs against the *Taliban*;

(5)     awarding treble damages to those *Bauer II* Plaintiffs identified on Exhibits A, B and C for claims under the Anti-Terrorism Act, 18 US.C. § 2333 as this Court previously award other Plaintiffs against the *Taliban*;

(6)     awarding the *Bauer II* Plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages as this Court previously award other Plaintiffs against the *Taliban*;

(7)     granting the *Bauer II* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date; and

(8)     granting permission for other *Bauer* Plaintiffs in this action not appearing on the Exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the proposed judgment represent the only direct recovery by the *Bauer II* Plaintiffs against the *Taliban*, the proposed judgment would constitute final awards and judgments against the *Taliban* for the *Bauer II* Plaintiffs.

**Procedural Background**

2.     On September 10, 2002, the original *Bauer* Plaintiffs (herein "*Bauer*" Plaintiffs) filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 Terror Attacks, which included claims against the *Taliban*, among others. *See* 02-cv-7236 (S.D.N.Y.) ECF 1.[2]

---

[2] Pursuant to the Court's instructions at ECF 9435, all ECF references relate to MDL docket entries found at 03-md-1570 (S.D.N.Y.). Any ECF references to individual civil case docket entries will be preceded by the case number.

3.      By Stipulation and Order dated November 19, 2002, the claims of these *Bauer* Plaintiffs were consolidated into *Ashton v. al Qaeda Islamic Army, et. Al.*, 02-cv-6977, ECF 5.[3] On December 9, 2003, the Judicial Panel on Multidistrict Litigation ordered that all disputes arising out of the September 11, 2001 Terror Attacks be transferred to the Southern District of New York for coordinated or consolidated pre-trial proceedings under 03-md-1570.  Pursuant to this Court's order issued November 7, 2022, ECF 8721, each of the *Bauer II* Plaintiffs' claims identified in the Exhibits accompanying this motion were added to the *Ashton* 6th Amended Complaint which was filed September 30, 2005 (ECF 1463) and is the operative pleading at the time this Court issued a liability judgment for the consolidated *Ashton* Plaintiffs against the *Taliban* on May 12, 2006 (ECF 1797).

4.      The *Bauer II* Plaintiffs, now as part of the *Ashton* action, are not required to effect further service on the *Taliban* as prior service orders apply, including the Court's order on service by publication at ECF No. 445 at 1, 8, 11.  Verification of service by publication on the *Taliban* was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. (ECF 709, 735).[4]  The *Taliban* never answered, and the consolidated *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. (ECF 1782 et seq., 1797).[5]  Exhibit D

---

[3] The *Bauer* complaint and subsequent complaints were consolidated and made a part of the action referred to in this litigation as *Ashton v. al Qaeda Islamic Army, et. al.*, which has been amended several times. *See*, e.g., 02-cv-6977, ECF 11, 32, 38, 111, 465.

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

[5] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the *Ashton* 6th Amended

attached hereto is a true and accurate copy of Exhibit B to the *Ashton* default motion and lists all defendants against whom the default was applicable, including the *Taliban*. (ECF 1782-5).

5.  The *Bauer II* Plaintiffs now seek final damages judgments against the *Taliban*.

**Damages Due Diligence**

6.  The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for more than 20 years; my firm's representation of the *Bauer II* Plaintiffs in connection with this litigation; communications directly with immediate family members of the *Bauer II* 9/11 Decedents listed in Exhibits A, B and C; communications with counsel for other plaintiffs in the In re Terrorist Attack on September 11, 2001 multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Bauer II* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7.  All of the *Bauer II* 9/11 Decedents listed in Exhibit A died in the September 11, 2001 Terror Attacks at the World Trade Center. In 2017, Baumeister & Samuels was retained by the estate representatives of the *Bauer II* 9/11 Decedents listed in Exhibit A to pursue all claims arising out of their deaths on behalf of all individuals who may be entitled to recover damages.

8.  All of the *Bauer II* 9/11 Decedents listed in Exhibit A were U.S. nationals at the time of their deaths as evidenced by documentary evidence obtained by my law firm including copies of birth certificates, passports and other government documents, and personal interviews and/or written communications with the representatives of the estates of the *Bauer II* 9/11 Decedents and their immediate family members.

---

Complaint. It included a list of all plaintiffs by name in Exhibit A to this Order, and a list of all defendants to whom the default was applicable in Exhibit B.

9. Exhibit A sets forth the compensatory damages amount this Court previously awarded to the estates of the *Bauer II* 9/11 Decedents for conscious pain and suffering in connection with claims asserted against another defendant in the litigation, the Islamic Republic of Iran ("*Iran*") (ECF 5450), as well as awarded to *Ashton*, *Bauer* and *Burlingame* Plaintiffs against the *Taliban*. *See* ECF 8973 and 9167.

10. Exhibit A also sets forth claims by the personal representatives of the estates of the *Bauer II* 9/11 Decedents seeking awards of economic damages in the amounts listed therein. These amounts are based upon reports prepared by economic experts who, relying on materials provided by the *Bauer II* Plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty. The underlying materials included economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with the *Bauer II* Plaintiffs' prior motions for economic damages filed on behalf of the estates of the *Bauer II* 9/11 Decedents, and are the same amounts that this Court granted in connection with claims asserted against *Iran*[6], as well as to *Ashton*, *Bauer* and *Burlingame* Plaintiffs. *See* ECF 8973 and 9167.

11. This Court previously awarded solatium damages to the immediate family members listed in Exhibits B and C in the following amounts which are provided in support of the damage judgments sought in the instant motion:

---

[6] This Court issued an award for economic damages for the *Bauer II* 9/11 Decedents on January 30, 2020, ECF 5775.

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

12.     The *Bauer II* Plaintiffs listed in Exhibit B are representatives of the estates of the *Bauer II* 9/11 Decedents, who were added to the *Ashton* 6th Amended Complaint[7] with the underlying default judgment against the *Taliban*, now assert claims for themselves individually and for all survivors of the *Bauer II* 9/11 Decedents. They are also immediate family members of the *Bauer II* 9/11 Decedents named in the *Ashton* 6th Amended Complaint in which solatium damages were sought. *See*, e.g., 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶ 482 (seeking, among other things, solatium damages). I have confirmed the relationship between each *Bauer II* 9/11 Decedent and the individuals listed in Exhibit B through documentary evidence and/or interviews with and written confirmation from our clients. Exhibit B lists the MDL ECF docket filing numbers that correspond to the solatium damages this Court previously awarded to each personal representative of the *Bauer II* 9/11 Decedents against *Iran*.

13.     The *Bauer II* Plaintiffs listed in Exhibit C are all immediate family members of the *Bauer II* 9/11 Decedents. These plaintiffs, along with *Bauer II* Plaintiffs listed in Exhibit B, were added to the litigation through the Court's short form complaint for claims against defendants *Iran* and the *Republic of Sudan*,[8] and by order of this Court on November 7, 2022

---

[7] *See* ECF 8721.
[8] *See Parker, et al., v. The Islamic Republic of Iran*, 18-cv-11416, and *Parker, et al. v. Republic of Sudan*, 20-cv-10657.

against the *Taliban* (ECF 8721). Exhibit C specifies the nature of each *Bauer II* Plaintiff's relationship to the *Bauer II* 9/11 Decedent as either spouse, child, parent or sibling. We have confirmed the relationship between each *Bauer II* 9/11 Decedent and the individuals listed in Exhibit C through documentary evidence and/or interviews with and written confirmation from our clients. Exhibits C lists the MDL ECF docket filing numbers that correspond to the solatium damages this Court previously awarded to each immediate family member of the *Bauer II* 9/11 Decedents against *Iran*.

14.     The *Bauer II* Plaintiffs listed on Exhibits A, B, and C to this Declaration have received final judgments against *Iran* but have not received final judgments against the *Taliban*, nor have they collected anything close to the full amounts of their judgments against *Iran*, with awards to the *Bauer II* Plaintiffs and *Bauer II* 9/11 Decedents' estates from the U.S. Victims of State Sponsored Terrorism Fund limited to less than 7% of their judgment amounts.

15.     In order to allow them to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban*, the *Bauer II* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor *Iran*, and as well as final judgments against the *Taliban* issued to the *Ashton*, *Bauer* and *Burlingame* Plaintiffs (ECF 8973 and 9167).

16.     Under the Anti-Terrorism Act, 28 U.S.C. § 2333(a), this Court has jurisdiction to award treble damages to U.S. nationals. In the complaints filed underlying the default judgment against the *Taliban*, the Plaintiffs sought such treble damages as well as damages under other provisions of law.

17.     In accordance with the Court's November 14, 2023 Order (ECF 9435) which sets forth the Court's required procedures for the filing of Default Judgment motions, Counsel attests

7

that she has complied with the quality control measures discussed in ECF 3433 and 3435, and that the *Bauer II* Plaintiffs have not previously received judgments against the Taliban, and do not have pending motions requesting the same relief requested herein.

18. Counsel also attests that in compliance with the Court's November 14, 2023 Order (ECF 9435), Exhibit A to the Proposed Judgment contains the Default Judgment Motion Cover Sheet required by your Honor, the excel spreadsheets used to create Exhibits B through D were emailed to Chambers on May 30, 2024, and Exhibits B through D follow the Court's required format for same.

19. For all of the reasons set forth in this Declaration and the *Bauer II* Plaintiffs' Motion for Final Judgments against the *Taliban*, I respectfully request that this Court grant the proposed judgment filed herewith.

Dated: May 30, 2024  /s/ *Dorothea M. Capone*
New York, NY  Dorothea M. Capone