**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

June 7, 2024

The Honorable George B. Daniels, U.S. District Judge
United States District Court for the S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

The Plaintiffs' Executive Committees ("PECs") and counsel for the *Ashton* Plaintiffs (collectively, "Plaintiffs") respectfully write to apprise the Court of progress made towards providing public access to judicial documents in advance of the oral argument scheduled for July 10, 2024, ECF No. 9837, as well as to alert Your Honor to certain issues that remain to be resolved in realizing this imperative.

The Second Circuit has ruled that parties' briefs and exhibits filed with the Court by any party on a dispositive motion, such as Saudi Arabia's motion to dismiss, are "judicial documents" for which there is a "strong presumption" of "immediate access" under the First Amendment. *Lugosch v. Pyramid Co. of Onondaga*, 435 F3d 110, 113, 121, 127 (2d Cir. 2006). *Lugosch* held that judicial documents "should not remain under seal absent the most compelling reasons." *Id.* at 123. The Second Circuit directed that because of the "higher burden" imposed by the First Amendment, "the presumption of access…can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id.* at 126. The Second Circuit further stressed "the importance of immediate access" to judicial documents that is "*contemporaneous*" and in advance of any hearing because "[t]o delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression." *Id.* at 127 (italics in original, citations omitted).

Moreover, unsealing of the relevant documents must occur ahead of the argument to permit counsel to argue and address the evidence effectively in open court. The burden of overcoming the Constitutional presumption and justifying any continued sealing or redaction of documents is on the party seeking to prevent disclosure. *Id.* at 126.

The Honorable George B. Daniels
June 7, 2024
Page 2

_____

The subject 9/11 litigation addresses matters of the utmost public interest, not only to the affected communities but to the entire Nation, which demand the fullest scope of public access to judicial documents under the common law and First Amendment obligations recognized in *Lugosch*.

Your Honor's Order setting the July 10, 2024 date for oral argument brings the matter of public access into sharp focus and increases the urgency of unsealing judicial documents.

Judge Netburn's Order at ECF No. 9122

On June 15, 2023 (in preparation for briefing *Daubert* motions) this Court approved "the parties' joint proposal for confidentiality review of *Daubert* motions," ECF No. 9122 at 1, as a preliminary means of "resolv[ing] or narrow[ing] any disputes" on unsealing without placing undue burdens on the Court. *Id.* The parties agreed to circulate proposals on redaction or sealing (on grounds of confidentiality or FBI protected information) in successive windows of 30 days after each filing, with a stated aspiration that the FBI would complete its redaction review of all briefs, legal memoranda and "any exhibits in support of the filing" within "a total of 90 days after service," *id.*, to enable public docketing.

This proposal represented a provisional, housekeeping measure to enhance efficiency and, where possible, "to expedite the process," *id.* at 2; but did not address Second Circuit requirements for public access to judicial documents in advance of a dispositive motion hearing.[1]

Judge Netburn's order at ECF No. 9434

In a further memorandum endorsement on November 14, 2023, Judge Netburn approved a similar template for "the public filing of documents associated with Saudi Arabia's renewed motion to dismiss," to include all "briefs, declarations, and other supporting papers." ECF No. 9434. Redaction review would proceed according to the same sequence outlined for the *Daubert* motions, whereby "[u]pon completion of the FBI's review of each filing, the filing party will publicly file on the MDL docket a redacted version of its filing (or, if no redactions are sought, an unredacted version)." *Id.* at 1. The proposal was framed as a process to facilitate compliance with public access requirements, and "no party waive[d] any right to seek removal of any redaction or unsealing of any sealed document." *Id.* at 1.

The outstanding, incomplete FBI redaction review

The parties and the FBI have, for a variety of reasons, deviated significantly from the 30-day and 90-day aspirational targets for completing their respective redaction reviews. *See* e.g. ECF No. 9514 (Saudi Arabia's letter requesting additional time to review Plaintiffs' filings for proposed redactions). The FBI completed its review of the parties' memoranda of law on June 6, 2024; but the necessary FBI review of the bulk of the parties' motion papers has only just begun.

_____

[1] ECF No. 9122 at 2: "This proposal is without prejudice to any argument that any party or the FBI may make that any document should or should not be redacted or unsealed, including without limitation the position of Plaintiffs that all documents should be unsealed in their entirety."

The Honorable George B. Daniels
June 7, 2024
Page 3

_____

Among the principal sealed filings that the FBI has not yet reviewed are Saudi Arabia's Averment, ECF No. 9390-1; Plaintiffs' Averment of Facts and Evidence, ECF No. 9541-1; Saudi Arabia's Response to Plaintiffs' Averment, ECF No. 9611-1; and Plaintiffs' Response to Saudi Arabia's Averment Response, ECF No. 9708-6, which collectively comprise well over 3,000 pages, dense with citations to the underlying evidence.  In addition, the FBI has not yet cleared for filing any of the parties' Declarations accompanying their briefs (including a total of eight attorney declarations), or most of the accompanying exhibits (comprising more than 1,000 individual items).  All of these items still await the FBI's initial redaction review, as well as any meet-and-confer that might precede public filing.

Plaintiffs contacted DOJ counsel to discuss the FBI's timeline for completing its redaction review. The FBI has thus far been unable to provide any timeline, but advised that it would be available to meet and confer further next week.  Plaintiffs will update the Court once the FBI's timeline becomes clearer.

<u>Progress achieved through meet and confer</u>

With a view to facilitating more expeditious public access to judicial documents, Plaintiffs have engaged diligently in a meet-and-confer process with Saudi Arabia, as well as with DOJ/FBI. This process has served to narrow the disputes around confidential information considerably.

Plaintiffs will continue filing publicly (with redactions where appropriate) the judicial documents that the FBI clears or has already cleared, and as to which Saudi Arabia either asserts no confidentiality designations or proposes redactions that Plaintiffs will provisionally agree to implement.

The redactions Plaintiffs will provisionally agree to implement include those pursuant to obligations imposed under Fed. R. Civ. P. 5.2, on the following terms:

- Plaintiffs object to and challenge Saudi Arabia's proposed overbroad interpretation of Rule 5.2 to include decades-old items – not specified in that rule – such as phone numbers, as well as photos and videos showing the faces of minors (all of whom are now adults);

- However, to promote efficiency, and to ensure the relevant judicial documents can be filed publicly prior to the oral argument, Plaintiffs will implement (provisionally, and subject to their challenge) the redactions Saudi Arabia has proposed.

With regard to exhibits comprising materials from the Metropolitan Police Service (MPS) productions of 2022 and 2023, the meet-and-confer with all parties on confidentiality issues has been completed.

- The FBI has confirmed that it has no equities in these exhibits and does not require to undertake any further redaction review.

- Saudi Arabia either asserts no confidentiality designations, or proposes redactions that Plaintiffs will provisionally agree to implement to promote efficiency.

The Honorable George B. Daniels
June 7, 2024
Page 4

_____

- Plaintiffs are today submitting to the Court a schedule of judicial documents (Annex 1) listing the exhibits in this category that are now cleared for public filing.

- Plaintiffs will proceed to file publicly each of the exhibits listed in Annex 1, either in unredacted form or with provisional redactions, as expeditiously as possible in advance of the oral argument, in accordance with prior practice in this litigation. *See, e.g.*, ECF Nos. 9477, 9640, 9780, 9795, 9796 (public filing of briefs and exhibits upon completion of review). Plaintiffs will supplement and update this schedule as necessary when further documents cleared for public filing are identified.

Impasse with Saudi Arabia

With regard to documents over which Saudi Arabia has asserted confidentiality (e.g., where Saudi Arabia has proposed continued sealing or redaction of documents it produced in the course of this litigation), Plaintiffs' ongoing meet-and-confer with Saudi Arabia has arrived at an impasse.

- Saudi Arabia designates broad groups of documents to remain entirely under seal, and proposes additional redactions to a substantial number of other exhibits, based on overbroad, unsubstantiated claims premised solely on labels Saudi Arabia has unilaterally applied, including "Vienna Convention," "high-level communication," "confidentiality of high-ranking officials," "international comity," and "third-party requested confidentiality."

- Saudi Arabia's application of such labels to groups of documents or redactions, without further explanation, does not satisfy the exceptional circumstances required by *Lugosch* to deny public access to judicial documents at a dispositive hearing. Nor does Saudi Arabia's application of such labels afford the Court adequate information upon which to make "specific, on the record findings" to permit continued sealing. *Lugosch*, 435 F.3d at 120.

- Saudi Arabia's claims that documents must remain sealed, and that oral argument must somehow be tailored to prevent disclosure of those documents, violates the common law and First Amendment obligations recognized in *Lugosch*. In particular, Saudi Arabia's cavalier insistence that *ad hoc* procedures to accommodate sealed documents can be worked out on the day of the oral argument ignores the Second Circuit's conclusion in *Lugosch* — namely, that "a presumption of *immediate* access applies under both the common law and the First Amendment." *Id.* at 13 (emphasis added). The *Lugosch* Court, in its closing words, underscored the "importance of immediate access" and the need for prompt determination — indeed, "contemporaneous review" — of sealing issues. *Id.* at 126-127. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Id.* at 127, quoting *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 101 F.R.D. 34, 43 (C.D.Cal.1984).

- Plaintiffs strenuously object to Saudi Arabia's attempts to rely upon Judge Netburn's prior memorandum endorsements, authored long before the July 10, 2024 hearing was contemplated, as a pretext for demanding that the argument of a dispositive motion should proceed in a manner at odds with controlling Second Circuit precedent.

The Honorable George B. Daniels
June 7, 2024
Page 5

_____

- Oral argument should proceed only upon the secure basis of advance public access to all judicial documents.  This is necessary not only to permit counsel to argue fully and properly based on the record before the Court, but also to comply with the First Amendment obligations recognized in *Lugosch*.  It is Saudi Arabia's burden to make the required showing of the "most compelling reasons" for which any judicial documents should remain sealed. Saudi Arabia has failed to meet its burden with the cursory confidentiality designations it has provided thus far.

     Plaintiffs conferred with counsel for Saudi Arabia and Saudi Arabia has advised that it intends to respond to Plaintiffs' letter. Plaintiffs reserve the opportunity to reply to Saudi Arabia's response.

     Respectfully submitted,

MOTLEY RICE LLC

By:  /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

COZEN O'CONNOR

By:  /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com

*Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

cc:     The Honorable George B. Daniels, via ECF
         All Counsel of Record via ECF