KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900

FACSIMILE:
(202) 326-7999

June 12, 2024

*Via ECF*

| | |
|---|---|
| The Honorable George B. Daniels | The Honorable Sarah Netburn |
| Daniel P. Moynihan United States Courthouse | Thurgood Marshall United States Courthouse |
| 500 Pearl Street | 40 Foley Square, Room 430 |
| New York, NY 10007 | New York, NY 10007 |

Re:  *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels and Judge Netburn:

I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in response to the letter filed at ECF No. 9885 by the Plaintiffs' Executive Committees and the *Ashton* Plaintiffs ("Plaintiffs") concerning unsealing documents associated with Saudi Arabia's renewed motion to dismiss.[1]  The Court has established a process for publicly filing these materials.  That process should remain in place.  Oral argument scheduled for July 10 should proceed as scheduled under the same procedures that have allowed the Court to hold multiple public hearings in this case involving sealed materials without disruption.

**1.**  The parties have submitted information subject to the MDL and FBI protective orders in briefing on Saudi Arabia's renewed motion to dismiss.  Before doing so, the parties and the FBI agreed to a process for reviewing submissions and filing appropriately redacted versions on the public docket.  The Court endorsed the parties' joint proposals.  *See* ECF No. 9122; ECF No. 9434.  Under that process, within 30 days of each filing, Saudi Arabia was required to serve "proposals to redact or seal documents that contain Saudi Arabia's . . . confidential information." ECF No. 9122, at 1; *see also id.* at 1-2 (approving a similar process for both *Daubert* and renewed motion to dismiss filings).  Also within 30 days of filing, the filing party was to serve on the FBI a version of its submission, including declarations and exhibits, identifying information potentially subject to the FBI protective order.  *Id.*

---

[1] Plaintiffs' letter is addressed to Judge Daniels.  But Judge Daniels directed, when setting a briefing schedule for Saudi Arabia's renewed motion to dismiss, that "[a]ny further applications with regard to the parties' submissions shall be directed to" Judge Netburn.  ECF No. 8896, at 2. Saudi Arabia defers to the Court as to who should address these issues.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable George B. Daniels and the Honorable Sarah Netburn
June 12, 2024
Page 2

  For legal memoranda, the FBI agreed to complete its review within 30 days of service from the parties.  *Id.*  Thus, within 60 days of each sealed filing, the parties would have a version of the brief redacting material the parties and the FBI requested to seal.  To expedite public access to the parties' briefs, the parties agreed to file public redacted briefs promptly after the FBI's review, while reserving the right to seek to unseal additional materials later.  The Court again endorsed this joint request.  ECF No. 9434.  Because the parties' briefs are required to "set forth all pertinent facts," ECF No. 9026, at 4, this process ensured that documents containing "the pertinent facts" would become public relatively quickly.

  As for the FBI's review of supporting declarations and exhibits, the parties were "to meet and confer concerning a timeline" "once the relevant filings have been made and the volume of the exhibits is known."  ECF No. 9122, at 2.  As with briefs, once the FBI completed its review, the parties were to publicly file redacted versions while reserving rights to seek to unseal additional materials after the meet-and-confer process was complete.  *See* ECF No. 9434.  The Court ordered that this meet-and-confer process would occur "*[a]fter* the FBI informs the parties of its position" on declarations and exhibits.  ECF No. 9122, at 1 (emphasis added).  If, following that meet-and-confer process, "the parties are unable to resolve all disputes, they will attempt to reach a further joint proposal for submitting any disputes for resolution to the Court."  *Id.*

  **2.** Plaintiffs' opposition filings are massive.  They include hundreds of numbered exhibits, some of which are compilations that include hundreds or thousands of discrete documents.  *See* ECF Nos. 9541, 9543.  At least 200 of Plaintiffs' numbered exhibits, including thousands of documents, are not cited in their briefs, *see* ECF Nos. 9611-3, 9611-4, and should not be considered judicial documents.  In addition, Plaintiffs filed 35 deposition transcripts in their entirety, without excerpting the parts on which they actually rely.  ECF No. 9541 (Exs. 94-129).  Plaintiffs also filed a lengthy factual Averment with their opposition, ECF No. 9541-1, and Saudi Arabia filed a lengthy response to that Averment with its reply, ECF No. 9611-1.

  To deal with the large volume of materials, Saudi Arabia sought and the Court granted reasonable extensions of time for the confidentiality review of Plaintiffs' opposition and Saudi Arabia's reply.  ECF Nos. 9520, 9658.  Those extensions did not affect the overall schedule because Saudi Arabia completed review of all briefs within 30 days of the last filing (Plaintiffs' surreply).  With each proposed redaction, Saudi Arabia included "comments giving reasons for any proposed redactions" or sealing requests on a line-by-line and document-by-document basis.  ECF No. 9122, at 1.  The FBI has likewise reviewed all four briefs; each now appears with redactions on the public docket.  *See* ECF Nos. 9436, 9780, 9795, 9887.  Accordingly, Saudi Arabia and the FBI have complied with the parties' agreed (and Court-approved) process.

  Plaintiffs have not.  They originally filed their opposition papers on December 20, 2023, and served corrected versions on January 18, 2024.  ECF Nos. 9486, 9539.  They did not begin serving proposed redactions for FBI-protected material until February 20, 2024 – 62 days after their original filing, and 33 days after their corrected filing.  Ex. 1.  They did not complete serving proposed FBI redactions until March 19, 2024 – 90 days after their original filing, and

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable George B. Daniels and the Honorable Sarah Netburn
June 12, 2024
Page 3

61 days after their corrected filing.  Ex. 2.  As of today, Plaintiffs still have not reviewed one significant document (the counterstatement to Saudi Arabia's averment) attached to their opposition.  Ex. 1 (declining to provide proposed redactions until the FBI finished its review of Saudi Arabia's averment).  Similarly, Plaintiffs filed their surreply on April 19, 2024.  ECF No. 9706.  As of today – 54 days after the filing and 24 days after the Court-approved deadline – Plaintiffs have yet to serve proposed redactions to the exhibits of that filing for FBI material.  Ex. 3 (stating on May 20, 2024 that "Plaintiffs continue to review [their surreply declarations] and exhibits attached thereto for purported FBI material and will circulate as soon as possible").

     **3.**    The agreed and Court-approved process is for the parties to meet and confer with the FBI about a timeline for the FBI's review of declarations and exhibits.  Plaintiffs concede (at 3) that they have only just begun this process.  Once the FBI's review is complete, the parties will publicly file declarations and exhibits with redactions, "pending the completion of the parties' meet-and-confer process on proposed redactions."  ECF No. 9434, at 1; *see also* ECF No. 9122, at 1 (similarly requiring a meet-and-confer after the FBI's review).  Disputes should go to the Court after that meet-and-confer has occurred and the parties have made good-faith efforts to narrow their disputes.  ECF No. 9122, at 1.  Without ever asking the Court to modify its previous orders, Plaintiffs contend that the Court should address sealing immediately, in advance of the July 10 hearing.  The Court should reject that request.

     **a.**    Plaintiffs err in contending (at 1-2) that *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), requires "immediate" unsealing of the record.  *Lugosch* addressed a situation where media organizations had moved to intervene and unseal documents and in which a district court first delayed nine months in ruling on that motion and then held the motion in abeyance for a further, indefinite period of time.  *Id.* at 113.  Here, there is not yet any pending motion to seal or to unseal before this Court.  The reason there is no such motion is because the parties and the FBI agreed to and the Court approved a process to narrow sealing and redaction disputes and to present any remaining disputes in an orderly fashion.  Nothing in *Lugosch* barred the parties from reaching that agreement or the Court from approving it.

     **b.**    Plaintiffs fail to show (at 4) that Saudi Arabia has not supported its sealing requests.  Saudi Arabia's sealing requests are based largely on the same "higher interests" the Court found sufficient to justify sealing in its July 22, 2019 Order.  *See* ECF No. 4696, *objections overruled*, ECF No. 6532.  Most of the sealing requests at issue involve diplomatic or consular documents protected by the Vienna Conventions.  Others involve high-level communications with officials at the minister level or above, or depositions of such high-ranking officials.  Some involve confidentiality requests made by non-governmental Saudi organizations that voluntarily produced records to Saudi Arabia.  Saudi Arabia has also sought limited redactions for the personal privacy of its witnesses and their families.  Whether Saudi Arabia's interests warrant sealing should be decided on a full motion record.

     **c.**    Plaintiffs cannot credibly assert (at 4) that the Court's "memorandum endorsements" (which are Court orders) should be disregarded because they were "authored long

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels and the Honorable Sarah Netburn
June 12, 2024
Page 4

before the July 10, 2024 hearing was contemplated."  Anyone could have predicted last November that oral argument was likely on the present motions.  Plaintiffs themselves certainly could have anticipated that they would make such a request, as they did on April 24, 2024.  ECF No. 9718.  Nor is there anything surprising about the Court setting a hearing date in July after filings wrapped up in April.  Relying on their flawed reading of *Lugosch*, Plaintiffs now assert the First Amendment requires sealing motions practice to be completed – and indeed requires the Court to *rule* on sealing and redaction – before any hearing can be held.  They could have made that argument in November rather than waiting until a month before the hearing.

   **d.** Plaintiffs' statement (at 2) that "[t]he parties and the FBI have . . . deviated significantly from the 30-day and 90-day aspirational targets for completing their respective redaction reviews" is wrong.  The targets were not aspirational:  they were Court-ordered.  *See, e.g.*, ECF No. 9122, at 1, 2 (ordering that "[w]ithin 30 days . . . [the parties] *will serve*" redactions) (emphasis added).  Saudi Arabia has treated the deadlines as mandatory and has sought limited extensions where needed.  It is Plaintiffs who have treated the deadlines as "aspirational" and decided when and how they will comply.  *Supra* pp. 2-3.

   Plaintiffs' attempt (at 2) to point a finger at the FBI by suggesting that it deviated from a "90-day . . . target[ ]" misreads the Court's orders.  The 90-day deadline applied to the FBI's review of *Daubert* motion exhibits.  The Court set no deadline for the FBI's review of renewed motion to dismiss exhibits, but instead endorsed the parties' proposal that they "meet and confer concerning a timeline" after the filings were complete.  *Compare* ECF No. 9122, at 1, *with id.* at 2.  As set forth above, Plaintiffs' filings are massive and Plaintiffs have only barely begun that meet-and-confer process.  Plaintiffs have also repeatedly delayed in providing the FBI with proposed redactions to enable the FBI to conduct its review.  *Supra* pp. 2-3.

   **e.** Plaintiffs' contention (at 3) that they have "engaged diligently" with Saudi Arabia on these issues is inaccurate.  For example, Saudi Arabia served proposed redactions and sealing requests for exhibits supporting its opening motion in November 2023.  Plaintiffs failed to download the files before the file-transfer link expired.  They then requested in May 2024 that Saudi Arabia re-send the documents.  Ex. 4.  To be clear, Plaintiffs had no obligation to review the documents sooner:  under the agreed process, they can wait until the FBI completes its review to attempt to narrow disputes.  But they cannot wait five months even to look at the documents and then assert their diligence in seeking immediate relief from the Court.

   **4.** Unsealing all filings immediately would also unfairly prejudice other parties and third parties.  Plaintiffs' filings include numerous confidential documents produced by, and unexcerpted deposition transcripts of, other MDL defendants or third parties.  Several of those organizations and individuals have already requested an opportunity to review all relevant filings and be heard before their confidential information is made public.  At present, other MDL defendants and third parties can review the redacted versions of the parties' briefs, but cannot review the averments and averment responses, because those documents are subject to the FBI protective order.  Without the ability to review the averments and averment responses, they

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable George B. Daniels and the Honorable Sarah Netburn
June 12, 2024
Page 5

cannot make reasonable arguments on whether their confidential material should remain confidential.[2] Once the FBI has approved redactions, other MDL defendants and third parties should be able to review redacted versions of the relevant filings and to be heard by the Court.

    5.    Although Plaintiffs do not expressly request that the July 10 hearing be moved, they several times claim (at 2, 4-5) that the hearing should proceed only when the unsealing process is complete. To the contrary, the hearing can and should proceed on the schedule the Court has set. That can be done without extraordinary measures.

    a.    Before briefing began, the parties were ordered to "set forth all pertinent facts" in their briefs. ECF No. 9026, at 4. They were ordered not to do that "by incorporating by reference other documents such as declarations or averments of facts." *Id.* The parties' briefs have been filed publicly (with limited redactions) pursuant to ECF No. 9434, which Plaintiffs acknowledge (at 2) was "a process to facilitate compliance with public access requirements." To the extent Plaintiffs now claim (at 5) they cannot "argue fully and properly" without referring to facts not in their brief, that is a problem of their own making.

    b.    The Court has held multiple public hearings – on February 26, 2019 (Judge Netburn), May 21, 2020 (Judge Netburn), October 29, 2021 (Judge Daniels), and November 1-2, 2021 (Judge Netburn) – where sealed documents were relevant to the issues presented. In each instance, the Court was able to accommodate both public access and confidentiality interests. Similar procedures can be used on July 10. Saudi Arabia is not suggesting, as Plaintiffs erroneously state (at 4), that procedures be "worked out on the day of the oral argument." Saudi Arabia has already offered and now offers again to discuss procedures with Plaintiffs in advance and to submit either a joint proposal or competing proposals to the Court.

    6.    If the Court determines that immediate motions practice is appropriate, Saudi Arabia requests one week to submit a motion to maintain under seal or to redact the documents it has proposed to seal or redact in its meet-and-confer discussions with Plaintiffs.

    7.    Plaintiffs' letter states (at 4) that they "will . . . file publicly" certain documents set forth in an addendum to their letter. Saudi Arabia has not sought confidential treatment for the listed documents, except for personal privacy redactions with which Plaintiffs have agreed to comply. But the listed documents include materials that Plaintiffs previously sought to unseal immediately and that the Court directed "should be reviewed on the schedule to which the parties and the Federal Bureau of Investigation agreed." ECF No. 9634, at 2. If Plaintiffs wish to seek reconsideration of that order, they should do so. Otherwise, they should comply.

---

[2] For example, where Plaintiffs have filed an entire deposition transcript in the record but cited only a few pages of it, the deponent might reasonably object to the entire deposition transcript being made public, as Saudi Arabia has for its witnesses.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels and the Honorable Sarah Netburn
June 12, 2024
Page 6

                                                            Respectfully submitted,

                                                            */s/ Michael K. Kellogg*

                                                            Michael K. Kellogg
                                                            *Counsel for the Kingdom of Saudi Arabia*

cc:      Counsel for Plaintiffs and the FBI