

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 14, 2024

<u>Via ECF</u>
The Honorable George B. Daniels
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:    *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

     We write on behalf of the Federal Bureau of Investigation ("FBI") in response to the June 13, 2024 letter filed by the Plaintiffs' Executive Committees ("PECs") (ECF No. 9901), concerning the oral argument scheduled for July 10, 2024, and the PECs' indication that they intend to seek an order pursuant to the Privacy Act, 5 U.S.C. § 552a, unsealing records relating to the pending motions. The FBI takes no position on the PECs' request to adjourn the oral argument. We write respectfully to clarify the FBI's position as set forth in the PECs' June 13 letter, with regard to a potential motion for a Privacy Act order.

     The FBI has begun meeting and conferring with the parties regarding a process for reviewing the records supporting the relevant motion papers for information subject to the FBI Protective Order (ECF No. 4255). As the FBI has informed the parties, it is committed to working with them in good faith to complete the review necessary to allow all parties to present their arguments on July 10, or whenever the argument proceeds. To that end, the FBI has completed its confidentiality review of all of the parties' briefs, which identified a small number of redactions pursuant to the FBI Protective Order, including redactions pursuant to the Privacy Act. The FBI has advised the parties that it stands ready to meet and confer concerning those redactions, consistent with Judge Netburn's Orders dated June 15, 2023 (ECF No. 9122) and November 14, 2023 (ECF No. 9434). Following that meet and confer, if any disputes remain, the PECs may seek an order pursuant to the Privacy Act authorizing public disclosure of certain redactions.

     The FBI has also made substantial progress on its review of the parties' factual averments, which the FBI expects to complete by the end of this month. Today, the FBI provided the parties with the results of its review of three of the four averments for which it has received proposed redactions (ECF Nos. 9390-1, 9541-1, and 9608). The FBI continues to review the Kingdom's response to the PECs' averment (ECF No. 9611-1), and the FBI is awaiting the PECs' identification of FBI-derived information in their response to the Kingdom's averment (ECF No. 9542).

With regard to exhibits, the FBI has proposed that the parties meet and confer regarding a process to identify and review the specific exhibits (or relevant portions of exhibits) that the parties may seek to use during the oral argument. To that end, the FBI has already begun the process of identifying exhibits that can be publicly filed because they contain no information designated under the FBI Protective Order. Review of all exhibits in advance of the oral argument is not possible given the large number of exhibits, some of which are voluminous compilations. However, the FBI remains committed to working cooperatively with the parties to allow them to present their arguments on July 10 (or thereafter) by identifying specific exhibits to be reviewed on a priority basis.

In their June 13 letter, the PECs indicate that they may seek an order from the Court unsealing "FBI PO and EO MDL versions of FBI documents cited in Plaintiffs' Averment, Opening Brief, and Surreply (and references to them in those filings), or marked at depositions" (ECF No. 9901 at 5). In the FBI's view, it is not appropriate to seek a blanket Privacy Act order unsealing a large collection of documents before the FBI has had the opportunity to review them. The materials cited in the PECs' filings, including their 564-page averment, and the documents marked at depositions are voluminous, and they implicate a wide range of privacy interests and information of varying levels of potential relevance to the matters at issue in the pending motions. Moreover, while the majority of the redactions identified through the FBI's review to date have been subject to the Privacy Act, the FBI has a broader law enforcement interest in avoiding wholesale public disclosure of the personally identifying information of U.S. persons who were witnesses or of investigative interest in FBI investigations. To the extent the PECs seek an order authorizing disclosure of information subject to the Privacy Act, they should do so with regard to specific redactions or categories of redactions, after the parties have had an opportunity to meet and confer as to those redactions or categories.

We thank the Court for its consideration of this submission.

                                        Respectfully,

                                        DAMIAN WILLIAMS
                                        United States Attorney for the
                                        Southern District of New York

By:    /s/ Jennifer Jude
        SARAH S. NORMAND
        JENNIFER JUDE
        Assistant United States Attorneys
        Telephone: 212-637-2709/2663

cc: all counsel (by ECF)