## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

June 19, 2024

The Honorable George B. Daniels, U.S.D.J.  
United States District Court for the S.D.N.Y.  
Daniel P. Moynihan U.S. Courthouse  
500 Pearl Street  
New York, NY 10007

The Honorable Sarah Netburn, U.S.M.J.  
United States District Court for the S.D.N.Y.  
Thurgood Marshall U.S. Courthouse  
40 Foley Square, Room 430  
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels and Judge Netburn:

Plaintiffs write briefly in response to the Federal Bureau of Investigation's June 14, 2024 letter on the sealing issues (ECF No. 9909). Based on all the submissions to date, Plaintiffs respectfully request that the July 10, 2024 date for oral argument be adjourned and that the Court schedule a case management conference to address the outstanding sealing issues, and to discuss the timing and logistics for oral argument once those issues have been resolved.

The FBI's letter underscores the substantial work that remains to be completed to comply with the Second Circuit's Constitutional public access requirements. The FBI's (and Saudi Arabia's) proposed approach does not accord with Second Circuit law and would result in unnecessary and unjustifiable secrecy delays. In its letter, the FBI confirms that there is no agreement among the parties on how to proceed as to the sealing reviews and disputes, or a timeline for resolving those disputes. Consistent with *Lugosch*, the presumptive right of public access, and principles of due process and fairness, the sealing issues need to be resolved sufficiently in advance of any argument to ensure adequate public access, and to allow the parties adequate time to prepare for the argument, based on a settled understanding of the public content of the record. The need for resolution of the public access issue is further heightened given that the subject of the litigation is a matter of historic public interest.

Plaintiffs want to ensure swift progress on the unsealing issues and believe discussion at a conference would be more productive than further letter writing, and therefore will not respond in full to the FBI's position here. However, Plaintiffs would note that the FBI's letter confirms that virtually all its redactions are predicated on the Privacy Act, even though the Privacy Act does not provide a ground sufficient to justify sealing. Further, the FBI has not indicated – as to a single redaction it has proposed – that it would attempt to make a showing sufficient to support sealing if required to do so. In other words, its proposed redactions (and the review process to impose them)

The Honorable George B. Daniels, U.S.D.J.
The Honorable Sarah Netburn, U.S.M.J.
June 19, 2024
Page 2

_____

are not based on the relevant *Lugosch* sealing standards or whether it would ever be willing to litigate any of its sealing requests and meet *its burden* to make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficient to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Ashmore v CGI Grp. Inc.,* 138 F. Supp. 3d 329, 351 (S.D.N.Y. 2015), *aff'd,* 923 F.3d 260 (2d Cir. 2019).

Finally, Plaintiffs respectfully submit that the proposal outlined in Plaintiffs' June 13, 2024 letter (ECF No. 9901) will resolve the majority of the redactions promptly, as required by Second Circuit law, and simultaneously lend focus to any reviews that remain necessary and narrow any redaction disputes that might remain. We would welcome the opportunity to discuss these issues with the Court and stand ready to assist the Court in resolving the sealing issues as promptly as possible, so that this important matter can proceed to argument on the basis of the complete, necessary public record.

Respectfully submitted,

MOTLEY RICE LLC

By:  /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By:  /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com

*Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc:     All Counsel of Record via ECF