**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN) (and member case
  *Burlingame v. Bin Laden, et al.,* 02-cv-7230(GBD)(SN))
*Ashton et al. v. Kingdom of Saudi Arabia,* 17-cv-02003 (GBD)(SN)

**Declaration of John F. Schutty, Esq., in Support**
**Of Motion for an Award of Punitive or Treble Damages, Plus**
**Prejudgment Interest, and a Final Judgment Against the Islamic Republic of Iran**

JOHN F. SCHUTTY, ESQ., pursuant of 28 U.S.C. § 1746, hereby states under penalty of

perjury that:

1.      I am an attorney representing certain Plaintiffs ("*Ashton-Dickey* Plaintiffs")[1] in the

above-referenced matter.

2.      I submit this declaration in support of a motion for an award of punitive damages

or, alternatively, treble damages, plus prejudgment interest, and a final judgment against

Defendant Islamic Republic of Iran ("Iran") on behalf of the widows (heirs), children (heirs) and

---

[1]     The *Ashton-Dickey* Plaintiffs on this motion are the widows and children within the following
Estates: The Estate of Joseph D. Dickey Jr. (Irene Dickey, spouse, and children: Joseph Dickey III
and Elizabeth Dickey); The Estate of Robert D. Eaton (Jacqueline Eaton, spouse); The Estate of
James J. Kelly (Joanne Kelly, spouse, and children: Brianne Kelly, Kaitlyn Kelly, Colleen Kelly,
and Erin Kelly); The Estate of Timothy M. O'Brien (Lisa O'Brien, spouse, and children: John
O'Brien, Madeline O'Brien, and Jacqueline O'Brien); The Estate of Michael H. Seaman (Dara
Seaman, spouse, and children: Michaella Seaman, Mary Seaman and Edward Seaman); The Estate
of Robert F. Sliwak (Susan Sliwak, spouse, and children: Ryan Sliwak, Kyle Sliwak, and Nicole
Sliwak); The Estate of John Wallice Jr. (Allison Wallice, spouse, and children: John Wallice III,
Christian Wallice and Patrick Wallice); The Estate of Farrell Lynch (Eileen Lynch, spouse, and
children: Anne Lynch, Kathleen Lynch, and Meaghan Lynch); The Estate of Ronald M.
Breitweiser (Kristen Breitweiser, spouse, and Caroline Breitweiser, child); The Estate of John J.
Ryan (Patricia Ryan, spouse, and children: Colin Ryan, Kristen Ryan, and Laura Ryan).

Estates of certain individuals murdered on September 11, 2001 ("9/11 Decedents"), as well as for permission to allow any remaining *Ashton* Plaintiffs to move for the same or similar relief separately at a later date.

3.      This motion seeks an Order granting the *Ashton-Dickey* Plaintiffs a final and complete Judgment against one of the Defendants-in-Default, Iran, since there appears no just reason to delay the entry of a Judgment certified as final pursuant to Fed. R. Civ. P. 54(b).  The requested Order should:

a.      Acknowledge that this Court has previously granted the *Ashton-Dickey* Plaintiffs damages for their decedent's conscious pain and suffering, solatium damages and economic loss damages against Defendant Iran; [2]

---

[2]      On March 8, 2016, Judge George B. Daniels issued an Order awarding conscious pain and suffering damages to the *Ashton-Dickey* plaintiffs.  *See* ECF#3226: "Ordered that . . . compensatory damages for conscious pain and suffering [are awarded] in the amount of $2,000,000. . . ."

On December 17, 2019, Judge George B. Daniels issued an Order awarding damages for solatium (individually: spouse and children) and economic loss to the Estates of Dickey, Eaton, Kelly, O'Brien, Seaman, Sliwak and the Wallice.  *See* ECF#5376: "Ordered that . . . are awarded economic damages . . . Ordered that . . . are awarded solatium damages . . ."

On January 7, 2020, Judge George B. Daniels issued an Order awarding damages for solatium (individually: spouse and children) and economic loss to the Estate of Farrell Lynch.  *See* ECF#5449.

On May 29, 2018, Judge George B. Daniels issued an Order awarding damages for solatium (individually: spouse and child) and economic loss to the Estate of Ronald Breitweiser.  *See* ECF#4011.

On February 20, 2020, Judge George B. Daniels issued an Order awarding damages for solatium (individually: spouse and children) and economic loss to the Estate of John Ryan.  *See* ECF#5999.

b.       Acknowledge that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.,* ECF#5376] against Defendant Iran; and now,

c.       Grant the *Ashton-Dickey* Plaintiffs punitive damages against Iran ("Iran"), since this Court has previously ruled that Defendant Iran was subject to punitive damage awards on the compensatory awards (compensatory damages multiplied by the number 3.44) issued by the Court [*see, e.g.,* ECF#5376], *or, alternatively*, granting the *Ashton-Dickey* Plaintiffs treble damages against Defendant Iran under the Anti-Terrorism Act; and

d.       Award the *Ashton-Dickey* Plaintiffs pre-judgment interest against Defendant Iran at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the final Judgment [*see, e.g.,* ECF#5376];

e.       Grant the *Ashton-Dickey* Plaintiffs a final Judgment against the Iran so that these Plaintiffs and the Court achieve finality against Defendant Iran, and so that these Plaintiffs may pursue asset execution, since this Court has previously granted final judgments against Iran to other plaintiffs (*see Havlish, et al. v. Bin Laden, et al.* (ECF#2618 – Report & Recommendation of M.J. Mass Awarding Damages Against Iran, and ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran].") and *Federal Insurance Co. v. al Qaida* (ECF#2583 – J. Daniels: ". . . there is no just reason for delay, the Court's entry of judgment [against Defendant Iran] . . . is certified as final pursuant to Fed. R. Civ. P. 54(b)."); and

f.       Direct the Clerk of this Court to enter a final Judgment against Defendant Iran, certified as final pursuant to Fed. R. Civ. P. 54(b), with an award of prejudgment

interest.

4.     This motion is made on behalf of the plaintiffs listed in Exhibit A attached to the two proposed, alternative proposed Orders (*Ashton-Dickey* Plaintiffs), considering this Court's previous order granting permission to allow remaining plaintiffs in the case to move for this relief. *See* ECF #3300.[3]

5.     As the awards set forth in the proposed, two alternative Orders (requesting an award of either punitive damages or treble damages) represent the only direct recovery against Iran on behalf of the *Ashton-Dickey* Plaintiffs listed within Exhibits A, the proposed, alternative Orders will constitute final awards and a final Judgment against Iran for those plaintiffs listed in Exhibit A.

## I.     Procedural Background

6.     For the reasons below, as well as those set forth in the prior motions for judgment on liability, and prior motions for judgment for conscious pain and suffering and economic loss damages, made on behalf of other *Ashton-Dickey* wrongful death plaintiffs, the *Ashton-Dickey* Plaintiffs listed in Exhibits A to the accompanying proposed Orders now move this Court to grant one of the proposed Orders awarding them either punitive or treble damages.  The *Ashton-Dickey* Plaintiffs ask this Court to further direct that pre-judgment interest be assessed at 4.96 percent per annum, as this Court has previously held in prior similar applications.

### A.     Punitive Damages

7.     The within Plaintiffs are entitled to an award of punitive damages.  *See* 28 U.S.C. § 1605A(c)(4).  Previously in this case, Magistrate Judge Mass explained that a "3.44 ratio 'has

---

[3]     Reference to the 03-MD-01570 docket entries are noted only by the ECF document number.  Any reference to a prior Order or filing on a different docket will include that docket number as well as the ECF document number.

been established as the standard ratio applicable to cases arising out of terrorist attacks." ECF #2618 at 13 (quoting Estate of *Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damage on each compensatory damage category at a ratio of 3.44 (punitive) to 1 (compensatory) against Iran. ECF #2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF #3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF #3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF #3300 at 1 (Judge Daniels applying 3.44 punitive multiplier). [4]

8.     Pursuant to the doctrine of "election of remedies," we urge and request an award of punitive damages to the within plaintiffs, but should the Court decide to award treble damages, in the alternative, we request an award of such damages.

**B**.     **Treble Damages**

9.     This Court has previously ruled that "the Court recommends . . . awarding treble damages [against the Taliban] as provided under § 2333 [of the Anti-Terrorism Act]." *See* Amended Report and Recommendation of M.J. Netburn, ECF #8929 at 13-14. The same logic and legal analysis apply to treble damage claims against Iran under § 2333 of the Anti-Terrorism

---

[4]     Several years ago (in 2015), this Court awarded a final Judgment of compensatory damages, plus punitive damages, plus prejudgment interest, to plaintiffs in *Havlish v. bin Laden, et al.*, SDNY Case No. 03-CV-09848. This Court awarded punitive damages at a ratio of 3:44 to 1, adopting Judge Maas' recommendation based upon case law cited in the *Havlish* plaintiffs' damages inquest brief. *Id.* at Doc. 314, pp. 12-13, and at Doc. 316, p. 5. And this Court entered a final Judgment in *Havlish* on October 12, 2012. *Id.* at Doc. 317. *See also* MDL ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran]."). Since one set of 9/11 wrongful death plaintiffs have been awarded a final Judgment and a "final, appealable" Order against Iran, there is no justifiable reason to delay the entry of a similar final Judgment to the plaintiffs bringing this instant motion.

Act (in lieu of punitive damages).  The *Ashton-Dickey* Plaintiffs will waive any right to an award of attorneys' fees under the Anti-Terrorism Act to obtain a final Judgment without delay.

### C.    Prejudgment Interest

10.    On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton-Dickey* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate.  *See* ECF #3175 at 1 – 2.  Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate.  ECF #3384 at 6.

11.    Accordingly, the *Ashton-Dickey* Plaintiffs ask this Court to direct that prejudgment interest of 4.96 percent per annum be awarded on their awards running from September 11, 2001, until the date of final Judgment, as was done previously for other plaintiffs in this consolidated litigation.

### II.    Conclusion

12.    For all the reasons stated herein, as well as those set forth in the previous submissions of the *Ashton* Plaintiffs and other plaintiffs, the *Ashton-Dickey* Plaintiffs respectfully request that this Court grant one of the two accompanying proposed Orders (awarding either punitive, or alternatively, treble damages), plus prejudgment interest:

   a.   Acknowledging that this Court has previously granted the *Ashton-Dickey* Plaintiffs damages for their decedent's conscious pain and suffering, solatium damages and economic loss damages against Defendant Iran; [5]

---

[5]    *See* footnote 2.

b.  Acknowledging that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.,* ECF#5376] against Defendant Iran; and now,

c.  Granting the *Ashton-Dickey* Plaintiffs punitive damages against Iran, since this Court has previously ruled that Defendant Iran was subject to punitive damage awards on compensatory awards (compensatory damages multiplied by the number 3.44) issued by the Court [*see, e.g.,* ECF#5376], or alternatively, granting the *Ashton-Dickey* Plaintiffs treble damages against Defendant Iran under the Anti-Terrorism Act; and

d.  Awarding the *Ashton-Dickey* Plaintiffs pre-judgment interest against Defendant Iran at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001until the date of the final Judgment for damages [*see, e.g.,* ECF#5376];

e.  Granting the *Ashton-Dickey* Plaintiffs a final Judgment against the Iran so that these Plaintiffs and the Court achieve finality against Iran, and so that these Plaintiffs may pursue asset execution, since this Court has previously granted final judgments against Iran to other plaintiffs (*see Havlish, et al. v. Bin Laden, et al.* (ECF#2618 – Report & Recommendation of M.J. Mass Awarding Damages Against Iran, and ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran].") and *Federal Insurance Co. v. al Qaida* (ECF#2583 – J. Daniels: ". . . there is no just reason for delay, the Court's entry of judgment [against Defendant Iran] . . . is certified as final pursuant to Fed. R. Civ. P. 54(b)."); and

f.  Directing the Clerk of this Court to enter a final Judgment against Defendant Iran,

certified as final pursuant to Fed. R. Civ. P. 54(b), with an award of prejudgment

interest at the rate of 4.96 percent per annum.

Dated: New York, NY
      June 19, 2024

_____/s/ John F. Schutty_____
John F. Schutty