UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD) (SN) <br> ECF Case |
| This document relates to: <br> *Amin et al v. Islamic Republic of Iran*, No. 20-cv-00412 <br> *Anderson et al v. Islamic Republic of Iran*, No. 20-cv-00354 | |

### MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENT AS TO *AMIN* AND *ANDERSON*

Plaintiffs in the above-captioned matters (the "*Amin* and *Anderson* Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Renewed Motion for Partial Final Default Judgment for the three *Amin* and *Anderson* Plaintiffs (the "Re-filing Decedents") listed in the table in Exhibit B to the Proposed Order filed herewith. Each of the Plaintiffs listed therein is the estate of an individual who died from latent injuries caused by the terrorist attacks on September 11, 2001 ("Latent Injury Decedents"), for which this Court has already found the Defendant liable.

On August 9, 2023 (ECF No. 9274), this Court adopted in full Magistrate Judge Netburn's March 3, 2023 Report and Recommendation (ECF No. 8901), as revised on July 18, 2023 (ECF No. 9216), for the Latent Injury Decedents, awarding judgments for pain and suffering in the amount of $7,000,000 for each victim (with two exceptions where the Court made departures from the standard $7,000,000 award). *See* Mem. Decision and Order, Aug. 9, 2023, ECF No. 9274 ("Aug. 9 Decision"), *adopting* R. & R., March 3, 2023, ECF No. 8901 ("Mar. 3 R&R") *and* R. & R., July 18, 2023, ECF No. 9216 ("July 18 R&R"). With respect to three Re-filing Decedents, Magistrate Judge Netburn initially recommended the same $7,000,000 judgment for each, but, as

those decedents' personal representatives had passed away, Magistrate Judge Netburn recommended denying the motions with leave to re-file once the proper parties were substituted. *See* Mar. 3 R&R, ECF No. 8901 at 21, 25; July 18 R&R, ECF No. 9216.  This Court also adopted that recommendation on August 9, 2023.  Aug. 9 Decision, ECF No. 9274.

Each of the Re-filing Decedents now has a new personal representative and has requested substitution of those new representatives as parties for their claims.  Having satisfied this last requirement, the *Amin* and *Anderson* plaintiffs respectfully request this Court to adopt Magistrate Judge Netburn's recommendation and award $7,000,000 in damages for each of the Re-filing Decedents (the same as this Court awarded for the other identically situated Latent Injury Decedents).

I. **Procedural Background**

This Court is well familiar with the background for this case.  The action arises out of the horrific terrorist attacks of September 11, 2001.  As this Court has found, in addition to the thousands of lives lost in the horror of that day, "[o]n that day, and in the months of search, rescue, and cleanup that followed, first responders and ordinary civilians breathed a toxic combination of fumes, smoke, and particulates loaded with asbestos, silica, metals, concrete, and glass;" those "environmental exposures are linked to aerodigestive conditions, cancers, and other fatal diseases."  Mar. 3 R&R, ECF No. 8901 at 2, *adopted* Aug. 9 Decision, ECF No. 9274.[1]  The Re-filing Decedents, like the other Latent Injury Decedents, were "exposed to the hazardous conditions created by the 9/11 Attack" and "developed severe medical conditions" and, "[d]espite treatment, . . . eventually succumbed to these conditions."  Mar. 3 R&R, ECF No. 8901 at 2.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

2

The *Amin* and *Anderson* Plaintiffs (including the Re-filing Decedents) filed their initial Complaint on January 14, 2020, and an Amended Complaint on June 5, 2020. The Plaintiffs then completed service pursuant to the Foreign Sovereign Immunities Act, as Judge Netburn and this Court have found. Mar. 3 R&R, ECF No. 8901 at 6 (finding that Plaintiffs' "[s]ervice was thus valid under the FSIA," and this Court therefore has "personal jurisdiction over Iran"), *adopted* Aug. 9 Decision, ECF No. 9274.

Plaintiffs filed an initial Motion for Entry of Partial Final Default Judgments and then, with the Court's permission, a renewed motion on August 16, 2022, which included supplemental evidence demonstrating the pain and suffering endured by each of them as a direct result of the September 11 attacks. On July 18, 2023, Magistrate Judge Netburn recommended awarding judgments to the Latent Injury Decedents based on the Mar. 3 R&R as revised by the July 18 R&R, and this Court adopted that recommendation in full on August 9. Aug. 9 Decision, ECF No. 9274, *adopting* Mar. 3 R&R, ECF No. 8901 *and* July 18 R&R, ECF 9216. In the Aug. 9 Decision, this Court granted the *Amin* and *Anderson* Plaintiffs' Motion for Judgment by Default against the Islamic Republic of Iran and entered final judgment on liability against the Islamic Republic of Iran in favor of all of the *Amin* and *Anderson* Latent Injury Decedents. Aug. 9 Decision, ECF No. 9274.

The Court then awarded damages to the *Amin* and *Anderson* Latent Injury Decedents – $7,000,000 for each decedent with the two exceptions noted above – but, following Magistrate Judge Netburn's further recommendation, denied the motion with respect to the Re-filing Decedents because the personal representative for those decedents had since passed, and the claim required a substitution of parties following appointment of new representatives. Aug. 9 Decision, ECF No. 9274.

3

A new personal representative has been appointed for the estates of each of the Re-filing Decedents, and the *Amin* and *Anderson* Plaintiffs have filed a Motion to Substitute as to each of those estates with this Court. Motion to Substitute, June 24, 2024, ECF No. 9992.

Accordingly, consistent with the prior orders of this court and judgments issued to other plaintiffs, and the prior judgment on liability in favor of the *Amin* and *Anderson* Latent Injury Decedents, the *Amin* and *Anderson* Plaintiffs now respectfully request (1) entry of partial final default judgment against Iran as to the claims of the estates of Re-filing Decedents specified in the table in Exhibit B to the Proposed Order filed herewith, in the same amount as the judgments awarded to other estates, as indicated in that table; (2) prejudgment interest on those damages as set forth below; and (3) permission for the estates of the Re-filing Decedents, like the other *Amin* and *Anderson* Latent Injury Decedents, to submit future applications for economic damages, punitive damages, or other damages consistent with any future rulings of this Court.

## II.   Damages Under § 1605A

Because Magistrate Judge Netburn and the Court (by adopting the Report and Recommendation) already have made these determinations, we summarize only briefly the judgments awarded to the Latent Injury Decedents in these cases, which the Re-filing Decedents request the Court to award on their behalves as well.

### A.   Pain and Suffering Damages

This Court has granted judgment on liability as to the *Amin* and *Anderson* Latent Injury Decedents using the following framework:

| Category of Injury | Pain and Suffering Damages |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000[2] |
| Devastating | $10,000,000 |

---

[2] "The $7,000,000 figure is the baseline assumption that this Court begins with to determine pain and suffering damages, deviating upward or downward accordingly." Mem. Decision and Order,

Aug. 9 Decision, ECF No. 9274 at 5.

Consistent with that framework, Magistrate Judge Netburn previously recommended an award of $7,000,000 for the estates of the Re-filing Decedents, but noted the need for substitution for the deceased estate representative. Mar. 3 R&R, ECF 8901 at 21, 25; Jul. 18 R&R, ECF No. 9216 at 3. Accordingly, now that each of the Re-filing Decedents has obtained a new personal representative and has moved for substitution of the proper parties in these cases, they respectfully request the Court to enter judgment in the previously recommended amount of $7,000,000 for each estate, as set forth in the table in Exhibit B to the Proposed Order filed herewith.

### B. Prejudgment Interest

This Court previously has awarded the *Amin* and *Anderson* Latent Injury Decedents, along with other Plaintiffs in this consolidated case, prejudgment interest of 4.96% per annum running from September 11, 2001 until the date of judgment. Aug. 9 Decision, ECF No. 9274 at 7. Accordingly, the Re-filing Decedents respectfully request the Court to award prejudgment interest in that same amount to each estate.

### C. Punitive Damages or Other Damages

This Court previously ordered that the *Amin* and *Anderson* Latent Injury Decedents "may, at a later date submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered) consistent with any future rulings made by this Court on this issue." Aug. 9 Decision, ECF No. 9274 at 7.

Accordingly, the *Amin* and *Anderson* Plaintiffs ask that this Court allow the estates of the Re-filing Decedents specified in the table in Exhibit B to the Proposed Order filed herewith, along

---

Aug. 9, 2023, ECF No. 9274 at 5 n.6 (citing Mem. Decision & Order, Feb. 14, 2020, ECF No. 5946 at 3).

with all *Amin* and *Anderson* Latent Injury Decedents, to submit future applications for punitive damages or other damages consistent with any future ruling of this Court.

## **CONCLUSION**

For all of the reasons set forth herein, and in the motions and exhibits previously filed on behalf of the Latent Injury Decedents, the *Amin* and *Anderson* Plaintiffs respectfully request that this Court grant the Proposed Judgment filed contemporaneously with this Motion and (1) award compensatory damages for each of the estates of the Latent Injury Decedents specified in the table in Exhibit B to the Proposed Order filed herewith for the conscious pain and suffering of the decedents in an amount of $7,000,000 for each estate, as set forth in that table; (2) direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; and (3) permit each of the estates of the Latent Injury Decedents specified in the table in Exhibit B to the Proposed Order filed herewith, along with the other estates of the Latent Injury Decedents, to submit future applications for economic damages, punitive damages, or other damages consistent with any future rulings of this Court.

Dated: June 24, 2024 Respectfully submitted,

  /s/ Barry Salzman
Barry Salzman
Michael Barasch
Barasch & McGarry, P.C.
11 Park Place
18th Floor
New York, NY 10007
Phone: 212.385.8000
Fax: 212.385.7845

Aryeh S. Portnoy
Glen G. McGorty
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Phone: 212.223.4000
Fax: 212.223.4134

COUNSEL FOR PLAINTIFFS