**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br><br>ECF Case |

**This document relates to:**
*Burnett, et al. v. Islamic Rep. of Iran, et al.*, No. 15-cv-9903 (GBD)(SN)

## [PROPOSED] ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF PERSONAL REPRESENTATIVES OF ESTATES OF NON-NATIONAL 9/11 DECEDENTS

### (*BURNETT* NON-NATIONALS 5)

Upon consideration of the evidence and arguments submitted by Plaintiffs through their Motion for Entry of Partial Final Default Judgments on Behalf of Personal Representatives of Estates of Non-National 9/11 Decedents, together with the entire record in this case, it is hereby:

**ORDERED** that service of process was effected upon the Islamic Republic of Iran in this case in accordance with 28 U.S.C. § 1608(a)(4); and it is

**ORDERED** that service of process was effected upon the Islamic Revolutionary Guard Corps in this case in accordance with 28 U.S.C. § 1608(a)(4); and it is

**ORDERED** that service of process was effected upon the Central Bank of the Islamic Republic of Iran in this case in accordance with 28 U.S.C. § 1608(b)(3)(B); and it is

**ORDERED** that this Court possesses subject-matter jurisdiction over these foreign-sovereign defendants under 28 U.S.C. § 1605B(b) as it pertains to those victims of the terrorist attacks on September 11, 2001 who were not United States nationals at the time of the attacks; and it is

**ORDERED** that this Court has personal jurisdiction over the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (the

"Iran Defendants") based on the existence of subject-matter jurisdiction under 28 U.S.C. § 1605B(b) and proper service of process on these defendants under 28 U.S.C. § 1608; and it is

**ORDERED** that default judgment as to liability pursuant to the exception to foreign sovereign immunity codified at 28 U.S.C. § 1605B(b) and the common law of New York is entered against the Iran Defendants for claims by Plaintiffs who are personal representatives of the estates of individuals who were killed in the terrorist attacks on September 11, 2001 who were not United States nationals at the time of their death; and it is

**ORDERED** that because the exception to foreign sovereign immunity codified at 28 U.S.C. § 1605B(b) applies in this case to the Iran Defendants, that plaintiffs who rely on this exception may have their claims against the Iran Defendants adjudicated pursuant to 28 U.S.C. § 1606 as a "pass through" such that the Iran Defendants shall be liable in the same manner and to the same extent as a private individual under like circumstances; and it is

**ORDERED** that New York choice-of-law principles apply to any common-law claims available to the plaintiffs; and it is

**ORDERED** that under the circumstances of the terrorist attacks on September 11, 2001, the applicable state law to be applied in each instance is the law of the state where the harm took place—New York for the attacks in and around the World Trade Center; Virginia for the attack on the Pentagon; and Pennsylvania for deaths arising from the crash of United Flight 93; and it is

**ORDERED** that because the Moving Plaintiffs here represent the estates of individuals who were killed in New York City that the law of the State of New York applies to these claims; and it is

**ORDERED** that New York law permits damages for wrongful death (including, but not limited to, the decedent's loss of earnings, loss of services that survivors might have received from

the decedent, loss of parental guidance from the decedent, and possibility of inheritance from the decedent) and survival/conscious pain and suffering; and it is

**ORDERED** that partial final judgment is entered against the Iran Defendants on behalf of the Moving Plaintiffs on Exhibit A who were killed in New York in the terrorist attacks on September 11, 2001; and it is

**ORDERED** that the Moving Plaintiffs on Exhibit A are awarded compensatory damages under New York law for decedents' survival/conscious pain and suffering in an amount of $2,000,000 per estates, as set forth in Exhibit A; and it is

**ORDERED** that Stan V. Smith is qualified by the Court as an expert to opine on the economic losses of the decedent included on Exhibit A who is seeking wrongful-death/economic-loss damages under New York law in this motion; and it is

**ORDERED** that the opinions of Plaintiffs' expert Stan V. Smith are accepted and the estate for whom wrongful-death/economic-loss damages are sought in Exhibit A are awarded such damages as set forth in Exhibit A consistent with the report and analysis provided by Plaintiffs' expert; and it is

**ORDERED** that the Moving Plaintiffs are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that the Moving Plaintiffs may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue; and it is

**ORDERED** that similarly situated *Burnett*, may submit in later stages applications for damages awards to the extent such relief has not already been awarded.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 10016 in 03-MDL-1570 (GBD)(SN) and ECF No. 775 in 15-cv-9903 (GBD)(SN).

Dated: New York, New York

_____, 2024

**SO ORDERED:**

_____
GEORGE B. DANIELS
United States District Judge