UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230(GBD)(SN))
*Ashton et al. v. Kingdom of Saudi Arabia,* 17-cv-02003 (GBD)(SN)

### The *Ashton-Dickey* Plaintiffs' Motion for Punitive Damages or Treble Damages, Plus Prejudgment Interest, and a Final Judgment against the Taliban

For the reasons set forth below, and the statements contained in the Declaration of John Schutty, Esq. ("Schutty Declaration") and exhibits filed in connection with this motion, those *Ashton-Dickey* Plaintiffs[1] set forth in two proposed, alternative Orders submitted herewith, by and through their counsel, the Law Office of John F. Schutty, P.C., respectfully move this Court for an Order granting the *Ashton-Dickey* Plaintiffs a final and complete Judgment against one of the Defendants-in-Default, the Taliban, since there appears no just reason to delay the entry of a Judgment certified as final pursuant to Fed. R. Civ. P. 54(b).  This motion requests a permissible

---

[1]   The *Ashton-Dickey* Plaintiffs on this motion are the widows and children within the following Estates: The Estate of Joseph D. Dickey Jr. (Irene Dickey, spouse, and children: Joseph Dickey III and Elizabeth Dickey); The Estate of Robert D. Eaton (Jacqueline Eaton, spouse); The Estate of James J. Kelly (Joanne Kelly, spouse, and children: Brianne Kelly, Kaitlyn Kelly, Colleen Kelly, and Erin Kelly); The Estate of Timothy M. O'Brien (Lisa O'Brien, spouse, and children: John O'Brien, Madeline O'Brien, and Jacqueline O'Brien); The Estate of Michael H. Seaman (Dara Seaman, spouse, and children: Michaella Seaman, Mary Seaman and Edward Seaman); The Estate of Robert F. Sliwak (Susan Sliwak, spouse, and children: Ryan Sliwak, Kyle Sliwak, and Nicole Sliwak); The Estate of John Wallice Jr. (Allison Wallice, spouse, and children: John Wallice III, Christian Wallice and Patrick Wallice); The Estate of Farrell Lynch (Eileen Lynch, spouse, and children: Anne Lynch, Kathleen Lynch, and Meaghan Lynch); The Estate of Ronald M. Breitweiser (Kristen Breitweiser, spouse, and Caroline Breitweiser, child); The Estate of John J. Ryan (Patricia Ryan, spouse, and children: Colin Ryan, Kristen Ryan, and Laura Ryan).

supplement to prior "partial default judgments" awarding compensatory damages and treble damages against the Taliban – to allow for a final, supplemental award of punitive damages (alternatively, or in lieu of treble damages), plus prejudgment interest. The two proposed, alternative Orders submitted with this motion ask this Court to:

    1.    Acknowledge that this Court has previously granted the *Ashton-Dickey* Plaintiffs damages for their decedent's conscious pain and suffering, solatium damages and economic loss damages against Defendant the Taliban;[2]

    2.    Acknowledge that this Court has previously awarded treble damages to the *Ashton-Dickey* Plaintiffs against the Taliban under the Anti-Terrorism Act;[3]

---

[2] On March 15, 2023, Magistrate Judge Sarah Netburn issued an amended report and recommendation, recommending (*see* ECF#8929 at 13): "The Court does not need to re-evaluate the evidence supporting those determinations. It adopts and applies to the Taliban each prior determination of pain and suffering and economic damages for the estates of people killed, pain and suffering damages for people injured, and solatium damages for immediate family members . . . as set forth in . . . Appendix A (calculating appropriate damages for Dickey plaintiffs) . . . it also recommends awarding treble damages."

On March 30, 2023, Judge George B. Daniels adopted the amended report, issued an order awarding conscious pain and suffering, economic loss damages and solatium damages for the *Ashton-Dickey* plaintiffs (individually: spouse and children): Estates of Dickey, Eaton, Kelly, O'Brien, Seaman, Sliwak, Wallice, and Lynch. *See* ECF#8973.

On June 3, 2024, Judge George B. Daniels issued an order awarding conscious pain and suffering, economic loss damages and solatium damages for the *Ashton-Dickey* plaintiffs (individually: spouse and children): Estates of Breitweiser and Ryan. *See* ECF#9858.

[3] On March 30, 2023, Judge George B. Daniels issued an order awarding treble damages for certain *Ashton-Dickey* plaintiffs (individually: spouse and children): Estates of Dickey, Eaton, Kelly O'Brien, Seaman, Sliwak, Wallice and Lynch. (*See* ECF#8973 at 9: ". . . this Court adopts the Report's recommendations and awards treble damages, as provided under § 2333, against the Taliban.").

On June 03, 2024, Judge George B. Daniels, issued an order awarding treble damages for two other *Ashton-Dickey* plaintiffs (individually: spouse and children): Estates of Breitweiser and Ryan. (See ECF#9858: "Ordered that the Ashton-Dickey plaintiffs . . . are awarded treble damages

3. Acknowledge that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.,* ECF#8973] against Defendant the Taliban; and now,

4. Granting the *Ashton-Dickey* Plaintiffs punitive damages against Taliban (alternatively, and in lieu of treble damages), since this Court has previously ruled that Defendant the Taliban, *et al.*, was subject to punitive damage awards on the compensatory awards (compensatory damages multiplied by the number 3.44) issued by the Court [*see, e.g.,* ECF#2618 at 1-2 and 2624]; and

5. Awarding the *Ashton-Dickey* Plaintiffs pre-judgment interest against Defendant the Taliban at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment for damages [*see, e.g.,* ECF#8973];

6. Granting the *Ashton-Dickey* Plaintiffs a final Judgment against the Taliban so that these Plaintiffs and the Court achieve finality against the Taliban, and so that these Plaintiffs may pursue asset execution, since this Court has previously granted final judgments against the Taliban to other plaintiffs (*see Havlish, et al. v. Bin Laden, et al.* (ECF#2618 – Report & Recommendation of M.J. Maas Awarding Damages Against the Taliban, *et al.*, and ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against the Taliban *et al.*].") and *Federal Insurance Co. v. al Qaida* (ECF#2583 – J. Daniels: ". . . there is no just reason for delay, the Court's entry of judgment [against Defendant the Taliban *et al.*] . . . is certified as final

---

under the Anti-Terrorism Act, 18 U.S.C. § 2333 for the amounts claimed . . .").

pursuant to Fed. R. Civ. P. 54(b)."); and

      7.     Directing the Clerk of this Court to enter a final Judgment against Defendant the Taliban, certified as final pursuant to Fed. R. Civ. P. 54(b), with an award of prejudgment interest.

This motion is made on behalf of the plaintiffs (*Ashton-Dickey* Plaintiffs) listed within Exhibit A attached to the two proposed, alternative Orders, considering this Court's previous Orders granting permission to allow remaining plaintiffs in the case to move for this relief. *See* ECF #3300.[4]

As the awards set forth in the two proposed, alternative Orders (requesting an award of punitive damage awards (alternatively, and in lieu of treble damage awards) represent the only direct recovery against the Taliban on behalf of the *Ashton-Dickey* Plaintiffs listed within Exhibit A to the Orders, the proposed, alternative Orders will constitute final awards and Judgments against the Taliban for those plaintiffs listed in Exhibit A.

## I.    Procedural Background

For the reasons below as well as those set forth in the prior motions for judgment on liability, and prior motions for judgment for conscious pain and suffering, solatium and economic loss damages, made on behalf of other 9/11 wrongful death plaintiffs, the *Ashton-Dickey* Plaintiffs listed within Exhibit A to the accompanying proposed Orders now move this Court to grant one of the proposed Orders awarding them punitive damages (alternatively, and in lieu of treble damages). The *Ashton-Dickey* Plaintiffs ask this Court to further direct that pre-judgment interest be assessed at 4.96 percent per annum, as this Court has previously directed in prior, similar

---

[4]    Reference to the 03-MD-01570 docket entries is noted only by the ECF MDL document number. Any reference to a prior Order or filing on a different docket will include that case name and docket number as well as the ECF document number in that case.

applications.

### A. Punitive Damages

The *Ashton-Dickey* Plaintiffs are entitled to an award of punitive damages. *See* 28 U.S.C. § 1605A(c)(4). Previously in this case, Magistrate Judge Maas explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF #2618 at 13 (quoting Estate of *Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damage on each compensatory damage category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF #2623 at 2. The Court has applied that ratio in formulating punitive damage awards for plaintiffs in other related cases against Defendant Iran. *See, e.g.*, ECF #3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF #3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF #3300 at 1 (Judge Daniels applying 3.44 punitive multiplier).[5] *See also* ECF#2612 at 1-2 and 2624 (re: the Taliban).

Pursuant to the doctrine of "election of remedies," we urge and request an award of punitive damages to the within plaintiffs, but should the Court decide to continue with an award of treble damages, we will accept that award, in the alternative.

---

[5]   Several years ago (in 2015), this Court awarded a final Judgment of compensatory damages, plus punitive damages, plus prejudgment interest, to plaintiffs in *Havlish v. bin Laden, et al.*, SDNY Case No. 03-CV-09848. This Court awarded punitive damages at a ratio of 3:44 to 1, adopting Judge Maas' recommendation based upon case law cited in the *Havlish* plaintiffs' damages inquest brief. *Id.* at Doc. 314, pp. 12-13, and at Doc. 316, p. 5. And this Court entered a final Judgment in *Havlish* on October 12, 2012. *Id*. at Doc. 317. *See also* MDL ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran]."). Since one set of 9/11 wrongful death plaintiffs have been awarded final Judgments and "final, appealable" Orders against Iran, there is no justifiable reason to delay the entry of a similar final Judgment to the plaintiffs bringing this instant motion.

### B. Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the 9/11 wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was the appropriate interest rate. *See* ECF #3175 at 1–2. Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF #3384 at 6.

Accordingly, the *Ashton-Dickey* Plaintiffs ask this Court to direct that prejudgment interest of 4.96 percent per annum be added to their awards running from September 11, 2001, until the date of final Judgment, as was done previously for other plaintiffs in this consolidated litigation.

### II. Conclusion

For all the reasons herein, as well as those set forth in the previous submissions of the *Ashton* Plaintiffs and other plaintiffs, the *Ashton-Dickey* Plaintiffs respectfully request that this Court grant one of the two proposed Orders (awarding punitive damages (alternatively, and in lieu of treble damages):

    1. Acknowledging that this Court has previously granted the *Ashton-Dickey* Plaintiffs damages for their decedent's conscious pain and suffering, solatium damages and economic loss damages against Defendant the Taliban;[6]

    2. Acknowledge that this Court has previously awarded treble damages to the *Ashton-Dickey* Plaintiffs against the Taliban under the Anti-Terrorism Act;[7]

---

[6]   *See* footnote 2.

[7]   See footnote 3.

3. Acknowledging that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.,* ECF#8973] against Defendant the Taliban; and now,

4. Granting the *Ashton-Dickey* Plaintiffs punitive damages against the Taliban (alternatively, and in lieu of treble damages), since this Court has previously ruled that Defendant the Taliban, *et al.*, was subject to punitive damage awards on the compensatory awards (compensatory damages multiplied by the number 3.44) issued by the Court [*see,* ECF#2618 at 1-2 and 2624]; and

5. Awarding the *Ashton-Dickey* Plaintiffs pre-judgment interest against Defendant the Taliban at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the final Judgment for damages [*see, e.g.,* ECF#8973];

6. Granting the *Ashton-Dickey* Plaintiffs a final Judgment against the Taliban so that these Plaintiffs and the Court achieve finality against Defendant the Taliban, and so that these Plaintiffs may pursue asset execution, since this Court has previously granted final judgments against the Taliban, *et al.*, to other plaintiffs (*see Havlish, et al. v. Bin Laden, et al.* (ECF#2618 – Report & Recommendation of M.J. Maas Awarding Damages Against the Taliban *et al.*, and ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against the Taliban *et al.*].") and *Federal Insurance Co. v. al Qaida* (ECF#2583 – J. Daniels: ". . . there is no just reason for delay, the Court's entry of judgment [against Defendant the Taliban *et al.*] . . . is certified as final pursuant to Fed. R. Civ. P. 54(b)."); and

7. Directing the Clerk of this Court to enter a final Judgment against Defendant the Taliban, certified as final pursuant to Fed. R. Civ. P. 54(b), with an award of prejudgment interest at the rate of 4.96 percent per annum.

Dated: New York, New York
July 3, 2024

Respectfully submitted,

LAW OFFICE OF JOHN F. SCHUTTY P.C.

By: /s/ *John F. Schutty*
John F. Schutty, Esq.
445 Park Avenue, Ninth Floor
New York, New York 10022
Tel: (646) 345-1441
*Counsel for the Ashton-Dickey Plaintiffs*