# Morgan Lewis

**Kelly A. Moore**
Partner
+1.212.309.6612
kelly.moore@morganlewis.com

July 10, 2024

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY  10007

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)

**LETTER MOTION TO SEAL PORTIONS OF THE TRANSCRIPT AND**
**VIDEOTAPE OF THE DEPOSITION OF NON-PARTY AKRAM ALZAMARI**

Dear Judge Netburn:

We represent Akram Mohamed Alzamari, a non-party who was deposed in this case.  In accordance with the Court's June 26 Order (ECF 10031), we write to respectfully request that portions of the deposition transcript set forth below and the full videotape version of Mr. Alzamari's deposition remain under seal.

Although there is a strong argument in favor of unsealing only those very limited portions of the transcript relied on by either party in their briefs, in the interest of reaching an agreement with the parties and avoiding litigation of this issue, Mr. Alzamari's request is much narrower:  He seeks to keep the entire videotaped version of the deposition and portions of the transcript that relate to personal background information under seal.  Because those portions of the transcript and the entire videotape of the deposition contain information and images that could affect privacy interests and identify Mr. Alzamari and his location, and expose him, his family, and other innocent non-parties to risk of harm, Mr. Alzamari's safety and privacy interests outweigh any presumption of access.

The limited portions of the deposition transcript that he seeks to keep under seal are: the background information discussed from page 8, line 3 to page 17, line 15; the name of a university he once attended as referenced in several lines in the transcript at 77:20; 94:4, 6, 15, and 23; 97:18-19; 98:8 and 14; 99:3; 100:6, 104:16, 18 and 23.); the name of an employer as referenced in lines of the transcript at 19:19; 21:10-11; 23:13, 24; 26:10-11, 15; 27:13-14, 22; 28:6-7, 23; 29:11; 30:8, 12; 31:18, 41:15, 53:22, 24; 77:25; 94:11, 19; 95:7; 108:11, 14, 18-19; 112:15; 132:24; and 133:18-19.  And he seeks to keep the entire videotaped version of the deposition under seal.

The transcript and videotape of Mr. Alzamari's deposition contain a significant amount of entirely irrelevant information concerning Mr. Alzamari's background and image that could be used to further

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY  10178-0060
United States

T +1.212.309.6000
F +1.212.309.6001

The Honorable Sarah Netburn
July 10, 2024
Page 2

identify him—including his appearance, date and place of birth, prior addresses, the schools he attended and the years in which he was in attendance, the general addresses at which he lived, jobs he worked and when he worked them, and more. The transcript identifies individuals with whom Mr. Alzamari lived at different periods in his life — not only family members who should not be subjected to unnecessary risk, but also other individuals with whom Mr. Alzamari lived for a period of time who are utterly unrelated to this litigation and do not deserve to have their names unnecessarily associated with it.

The concerns here are serious. As a Muslim man living in the United States, Mr. Alzamari has significant and reasonable concerns that any association between himself and two of the 9/11 hijackers—regardless of how innocent, limited, or unwitting that contact was—would expose both him and other non-parties to the possibility of serious danger and other negative consequences. *See In re Terrorist Attacks on September 11, 2001*, 2022 WL 137855 (S.D.N.Y. Jan. 14, 2022)(This Court found that "an innocent third party [ ] has a strong privacy interest in not having details of . . . a confidential deposition exposed and then further scandal propagated through frequent repetition in court records. . . . This is particularly so given the harm: each repetition further associates him with a particularly reviled form of crime. . . .").

We have met and conferred with counsel for Plaintiffs and Defendants. Saudi Arabia and Dallah Avco do not oppose Mr. Alzamari's proposal. Plaintiffs do not oppose the proposal for keeping the above-identified portions of the transcript under seal, but with respect to the videotape of the deposition – which they agree to keep under seal at this time – they are reserving the right to seek to have it unsealed in the future if they anticipate wanting to play it at a public hearing. Mr. Alzamari would object to any such motion. Plaintiffs agreed to provide notice to Mr. Alzamari's counsel in advance of any motion to unseal the videotape.

Mr. Alzamari respectfully requests that the Court keep the above-identified portions of the transcript under seal and the entire videotape of the deposition under seal to avoid exposure of Mr. Alzamari and of other non-parties to unnecessary risk.

Respectfully submitted,

Kelly A. Moore
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
T: 212.309.6612
F: 212 309.6001
kelly.moore@morganlewis.com

cc:     All Counsel of Record (via ECF)