

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 10, 2024

<u>Via ECF</u>
The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      We write on behalf of the Federal Bureau of Investigation ("FBI") to update the Court on the status of the FBI's confidentiality review in advance of the conference on unsealing scheduled for July 17, 2024 (ECF No. 10031), and to describe the FBI's efforts to work with the parties to assemble a set of the briefs and averments (with one exception, noted below) that identify the FBI redactions for the Court's *in camera* review.

      **A. Status of FBI Review of the Parties' Briefs, Factual Averments, and Exhibits**

      As noted in our letter dated June 14, 2024 (ECF No. 9909) the FBI completed its review of the parties' briefs, which have been filed on the public docket with limited redactions.

      The FBI has also completed its review of the following factual averments, which are collectively more than 2,500 pages: (i) the Kingdom of Saudi Arabia's ("KSA's") averment (ECF No. 9390-1), (ii) the Plaintiffs' Executive Committee's ("PECs'") response to KSA's averment (ECF No. 9542), (iii) the PECs' averment (ECF No. 9541-1), (iv) KSA's response to the PECs' averment (ECF No. 9611-1), and (v) Dallah Avco's response to the PECs' averment (ECF No. 9608).[1] On June 28, 2024, Dallah Avco's counsel publicly filed a redacted version of its response to the PECs' averment (ECF No. 10044). KSA and the PECs have not yet filed redacted versions of their FBI-reviewed factual averments or responses on the public docket.

---

[1] We were advised this afternoon that the PECs also consider Exhibit 700 (ECF No. 9708-5), filed with their sur-reply, to be a factual averment. As noted below, however, the PECs have not yet provided versions of their sur-reply exhibits (including this exhibit) that identify information derived from FBI documents. Accordingly, the FBI is not yet able to review that exhibit.

The FBI has informed the parties that it is on track to complete its review of the exhibits requiring FBI review (except the ones for which the FBI is still waiting on information, as described below) before the July 31 oral argument, so that redacted versions of those exhibits can be publicly filed before the argument.

Some of the exhibits containing FBI-related information do not require further FBI review. For any exhibit that has previously been publicly released in redacted form pursuant to Executive Order ("EO") 14040, no further FBI review is required, and the parties may publicly file the EO version of that exhibit. In addition, some of the exhibits (such as expert reports and some declarations) have previously been reviewed by the FBI and approved for public filing in redacted form.

With regard to the exhibits that do require further FBI review, the FBI invited the parties to each provide a list of "high priority" exhibits, so that the parties could seek a ruling from the Court on FBI redactions to exhibits of particular importance for the oral argument. The FBI offered to complete review of high-priority exhibits with sufficient lead time to allow the parties to seek a ruling from the Court on those exhibits' FBI-related redactions by the July 17 conference. The PECs and Dallah Avco did not identify any high priority exhibits. KSA identified eight priority exhibits, and the FBI expects to complete its confidentiality review of those exhibits by tomorrow. As to the remaining exhibits requiring FBI review, the FBI has largely completed its review of 90 exhibits, including seven sets of deposition excerpts and 83 other exhibits. FBI expects to provide the results of these completed exhibit reviews to the parties by Friday. An additional 54 exhibits are in varying stages of FBI review, and 19 sets of deposition excerpts are pending review.

Importantly, however, these exhibits do not include the exhibits filed with the PECs' sur-reply papers, as the FBI has not yet received from the PECs copies of the final (corrected) exhibits to their sur-reply papers (including Exhibit 700, which we now understand to be a reply factual averment) that identify (through highlighting, red boxes, or other clear markings) the information derived from FBI documents.[2] The FBI has also requested, but has not yet received, versions of other PEC-created exhibits that appears to contain (but do not specifically identify) FBI information, including the attachments to the Youssef expert report (Exhibit 5); the phone call charts included in Exhibit 12, which consist of numerous subparts commencing with 12A; and the Youssef declaration (Exhibit 694). The FBI is unable to complete review of these exhibits without this additional information from the PECs.

### B. *In Camera* Set of Briefs and Averments Identifying FBI Redactions

The FBI is attempting to work with the parties to assemble a set of the briefs and averments (with the exception of Exhibit 700) that identify all FBI redactions that remain at issue, and in some cases also MDL redactions, to allow the Court to review those materials *in camera* in connection with the PECs' unsealing application.

---

[2] By emails dated May 20 and June 4, counsel for the PECs advised this Office that it was still reviewing the sur-reply declarations and exhibits to identify FBI material and would circulate those materials when completed. This Office sent follow-up emails on June 14 and July 3, noting that we had not yet received these materials.

Under the process set forth in the FBI Protective Order (ECF No. 4255) and so-ordered by the Court (ECF No. 9122), the parties have generally provided the FBI with proposed redacted versions (*i.e.*, versions identifying information derived from FBI documents) of their filings, the FBI has provided comments on the proposed redactions, and the parties have implemented those comments (by lifting or adding redactions as requested by the FBI) prior to filing redacted versions on the public docket. The FBI has requested that the parties provide copies of their respective briefs and averments that contain the implemented FBI redactions in red-box form (*i.e.*, in the form immediately prior to the redactions being applied so that the text to be redacted is identified but still visible), so that a complete *in camera* set of these filings (except for Exhibit 700) can be provided to the Court by the close of briefing on Friday, July 12.

In response to this request, KSA's counsel has agreed to work with the FBI to create versions of KSA's briefs, averments, and averment responses that contain markings for both KSA and FBI confidential information, for filing under seal by Friday. Counsel for Dallah Avco has already provided marked-for-redaction versions of Dallah Avco's reply brief and Dallah Avco's response to the PECs' averment, the latter of which reflects both FBI and MDL redactions. The PECs have not yet responded to our request, but we are hopeful they too will provide red-box (or otherwise marked-for-redaction) versions of their briefs and their response to KSA's averment. It is not necessary for the PECs to provide a marked-for-redaction version of their averment, as that document is copied in its entirety into KSA's response, and thus we understand the marked version of KSA's response will identify all FBI (and MDL redactions) in both the PECs' averment and KSA's response.

We will continue to work with the parties in an effort to assemble an *in camera* set of these briefs and averments by Friday, to facilitate the Court's review of the unsealing questions in advance of the July 17 conference.

We thank the Court for its consideration of this submission.

                                            Respectfully,

                                            DAMIAN WILLIAMS
                                            United States Attorney for the
                                            Southern District of New York

                      By:    /s/ *Sarah S .Normand*
                               SARAH S. NORMAND
                               JENNIFER JUDE
                               Assistant United States Attorneys
                               Telephone: 212-637-2709/2663

cc: all counsel (by ECF)