**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean P. Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

July 12, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs submit this letter in response to the status report filed by the Federal Bureau of Investigation ("FBI"), ECF No. 10077, to update the Court concerning the status of the FBI's "confidentiality review." Although the FBI does not say so expressly, Plaintiffs understand that the FBI is seeking the Court's endorsement of the process described in that letter. For the reasons discussed below, the process the FBI presents in its letter would not comply with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), or this Court's Orders, and would present unmanageable and prejudicial logistical challenges in relation to any oral argument on July 31, 2024.

The FBI's status report confirms that it has not completed, and is far from completing, its reviews of the many exhibits filed in connection with Saudi Arabia's renewed motion to dismiss. The FBI proposes that its review of those exhibits will continue until some unspecified date "before the July 31 oral argument, so that *redacted versions of those exhibits* can be publicly filed before the argument." ECF No. 10077 at 2 (emphasis supplied). The FBI further suggests that some of the exhibits do not require further review, citing the fact that public versions of the EO 14040 exist, and that the "parties may publicly file the EO version of the exhibit." *Id.*

This process is essentially identical to the one the FBI asked the Court to endorse in its letter of June 14, 2024, and which the Court necessarily rejected via its June 26, 2024 Orders at ECF No. 10020 (adjourning oral argument to July 31, 2024), and ECF No. 10031 (directing that "[a]ny party seeking to seal documents should file a letter brief by July 10, 2024"). Plaintiffs have already detailed

_____

the numerous problems with the FBI's proposal in their letters at ECF Nos. 9901 and 9943, and will only briefly respond to the FBI's efforts to revisit those proposals here.

As Plaintiffs have noted already, *see* ECF No. 9943 at 1 and ECF No. 9901 at 2, the Second Circuit's decision in *Lugosch* requires that all sealing issues relating to judicial documents filed in connection with Saudi Arabia's motion to dismiss be resolved in advance of oral argument on the motion. This process must be completed with sufficient time between the public docketing of judicial documents and the argument to ensure adequate and meaningful access to the public, media and – given the unique circumstances of this case – the 9/11 Plaintiffs themselves.[1] Since Plaintiffs initially made those points in response to the FBI's letter, the New York Times, ProPublica, and CBS News have intervened to request the timely unsealing of all judicial documents relating to the renewed motion to dismiss and to oppose requests to seal, and asserted that argument should not be held until at least ten days after all judicial documents under seal have been made public. Even more significantly, this Court issued orders adjourning the argument in light of the unresolved sealing issues, and directed any parties seeking to seal evidence to file their motions by June 10, 2024. *See* ECF Nos. 10020, 10031.

The FBI's process and proposals do not comport with these requirements and realities. To the contrary, virtually all of the exhibits would remain entirely under seal until the eve of the argument, and even then the versions the FBI proposes for filing would include unsubstantiated and untested redactions imposed unilaterally by the FBI. In the case of the EO 14040 documents, which comprise a significant and important part of the record, the FBI's letter indicates that it does not intend to review the MDL versions of those documents at all before the argument, even though the MDL versions are the relevant exhibits in the record. The public EO 14040 versions that FBI proposes the parties should simply file instead contain Privacy Act and other redactions that obscure key evidence, for which no showing in support of sealing has been made (and that could not qualify for sealing under those standards). In all of these respects, the FBI's letter simply ignores the Court's June 26, 2024 Orders and proposes that the Court sidestep *Lugosch's* requirements and proceed with the argument while judicial documents remain under seal, even though no showing of "compelling reasons" or "specific on-the-record findings of higher values" will have been made to support their sealing. For the reasons stated already, that is not a viable path.[2]

---

[1] In this MDL, the protective orders and sealing of documents have deprived the Plaintiffs themselves of access to evidence and filings in their own case. This is a highly unusual and problematic circumstance. In more typical cases, all parties have full access to such materials, and it is only the public that lacks access to documents and information designated as confidential and placed under seal. The unusual conditions in this case have made it impossible for counsel to fully apprise the Plaintiffs of key developments in their case, including the nature and import of evidence obtained through discovery. It would be highly problematic for the Plaintiffs to be confronted with the key evidence in their case for the first time at a public argument on the motion to dismiss their claims, and without an opportunity to consult with their attorneys about that evidence in advance.

[2] The FBI's letter notes a proposal that it floated during the meet and confer discussions that Plaintiffs provide a list of "high priority" exhibits for the oral argument. Although not mentioned in its letter, the FBI proposed that this list should be limited to *just ten exhibits*. Plaintiffs immediately explained that such an approach would not comply with *Lugosch* or the Court's Orders, because it would result in the bulk of the record remaining under seal, without any showings or findings to support such sealing. Plaintiffs further explained that it would intrude on work product and deprive Plaintiffs of access to extensive evidence supporting their claims and theories. The FBI's proposed ten exhibit limit would be especially prejudicial given Saudi Arabia's attempts to litigate the full merits of Plaintiffs' substantive claims at the jurisdictional phase.

  Beyond the fundamental legal deficiencies inherent in the process described in the FBI's letter, its suggestion that the review and redaction process should remain ongoing until the eve of argument is both unmanageable and unfairly prejudicial to Plaintiffs. To begin with, the implementation of redactions proposed by the FBI is a time-consuming undertaking that requires attorney review and oversight. Even if the continued sealing of portions of the record through the date of argument based on untested and unilateral redactions imposed by the FBI were appropriate, it would simply be impossible for Plaintiffs to complete the implementation of those redactions and file the exhibits before July 31, 2024. Meanwhile, the continuing FBI process would divert resources and deprive Plaintiffs of a stable record or understanding of the evidence that is available for purposes of a public argument through the eve of that argument, making preparations for argument impossible. Those circumstances would be deeply prejudicial to the 9/11 families. Plaintiffs have highlighted these problems to the FBI and DOJ, yet the FBI's letter simply ignores them.

  In describing its (still ongoing) process, the FBI's letter makes several references to a subset of documents filed with Plaintiffs' Surreply that have not yet been reviewed by Plaintiffs to flag cited FBI information for the FBI. The FBI's discussion of this issue is incomplete and, to the extent offered to suggest that Plaintiffs have in some way delayed the FBI's review process, inaccurate.

  On the first point, the FBI omits from its letter that, in February, when Plaintiffs sent the FBI their 566-page Averment with purported FBI material identified, Plaintiffs stated that they would defer identifying FBI material in the counterstatement to Saudi Arabia's Averment to avoid spending countless hours on a project that would be redundant or unnecessary given the FBI was still reviewing Saudi Arabia's initial Averment. Obviously, the same consideration for the 68-page counter to Saudi Arabia's Averment (ECF No. 9542) applied with even greater force to Plaintiffs' 476-page response (ECF No. 9708-5) to Saudi Arabia's counter of Plaintiffs' Averment.[3] The FBI responses Plaintiffs were awaiting were not provided until June 27, 2024, and that is the earliest date Plaintiffs could have reasonably begun review of ECF No. 9708-5. Plaintiffs have begun that review subject to the other concerns it raises herein.

  Moreover, it is clear that the FBI's review process has not been delayed by any conduct of Plaintiffs. As of the date the Court issued its Order initially setting argument for July 10, 2024, the FBI had completed its reviews of only three of the four briefs on Saudi Arabia's renewed motion to dismiss, and had not even begun reviewing the parties' averments or any of the exhibits. The FBI's letter acknowledges that it is only now undertaking to review those exhibits, and has weeks of work ahead to complete that review. These facts concerning the status of the FBI's review process and volume of materials waiting in line to be reviewed readily confirm that Plaintiffs have in no way delayed the FBI's reviews. Stated simply, the FBI has had and still has plenty of work to occupy the resources it has

---

[3] This approach made sense, as the FBI informed Plaintiffs in May, that it "ha[d] a lot on its plate" and that they had not begun reviewing exhibits yet, and because neither the FBI nor Saudi Arabia ever objected to Plaintiffs practical approach to completing this massive undertaking. Indeed, the FBI continued to send proposed redactions for Plaintiffs' original Averment, until June 27, 2024 and confirmed that it had "updated" proposed redactions based on review of Saudia Arabia's response to the Averment, and specifically requested that Plaintiffs use those redactions to inform their redactions going forward. (Similarly, the FBI previously agreed in connection with the *Daubert* briefing—which the FBI has still not authorized exhibits to be filed—that "it is much more efficient for the FBI to review all papers filed in connection with a given motion at the same time. Accordingly, the FBI will not begin reviewing each set of motion papers until it has received a complete set of proposed redactions for filings related to that motion.").

The Honorable Sarah Netburn
July 12, 2024
Page 4

_____

dedicated to this process. In any case, and as noted above, Plaintiffs' review of their Surreply materials was awaiting the FBI's completion of the preceding averments, which FBI did not provide until June 27.

Finally, the FBI's letter fails to acknowledge the degree to which the delays and complexities of the process have been driven by its own unreasonable insistence on persisting with Privacy Act-driven reviews that are divorced from the actual standards governing sealing of judicial documents. Pursuant to this approach, the FBI has been conducting time-consuming reviews of all of the submissions, in order to mechanically impose Privacy Act redactions of names and other identifying information of individuals at the very center of the present disputes, without regard to the intensity of the public's interest in the information about those individuals, or whether any privacy interest would actually be advanced by the proposed redactions. Since at least April of 2023, Plaintiffs have been urging the FBI to reform and revise its approach, to align its reviews with the relevant sealing standards.[4]

Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ *Robert T. Haefele* | By: /s/ *Sean P. Carter* |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| MOTLEY RICE LLC | COZEN O'CONNOR |
| 28 Bridgeside Boulevard | 1650 Market Street, Suite 2800 |
| Mount Pleasant, SC 29465 | Philadelphia, Pennsylvania 19103 |
| Tel.: (843) 216-9184 | Tel.: (215) 665-2105 |
| Email: rhaefele@motleyrice.com | Email: scarter1@cozen.com |
| *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs* | *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

---

[4] On April 14, 2023, during the parties' initial meet and confer concerning confidentiality designations, Plaintiffs stated their position that there is a fundamental constitutional right to public access. Plaintiffs indicated that there is no need for redactions and that the documents should be accessible. Plaintiffs noted that the FBI protective order was applicable to discovery but that a different framework applied in dispositive motion practice. Plaintiffs asked the FBI if they would consent, or at least not oppose, Plaintiffs' request to lift all Privacy Act redaction on any judicial document. On May 17, 2023, the FBI responded that it would not consent to a motion to lift all privacy protections. The FBI said Privacy Act determinations could not be done on a wholesale basis and had to be done on an individualized, case-by-case, even item by item basis. Plaintiffs said that would be overly burdensome on the Court and the parties and not in keeping with applicable law.

The Honorable Sarah Netburn
July 12, 2024
Page 5

_____

KREINDLER & KREINDLER LLP

By: __/s/  Steven R. Pounian_____
STEVEN R. POUNIAN
KREINDLER & KREINDLER
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 687-8181
Email: spounian@kreindler.com

*Attorneys for the Ashton Plaintiffs*

cc:     The Honorable George B. Daniels, via ECF
        All Counsel of Record, via ECF

LEGAL\71601960\1