July 9, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 219
New York, NY 10007

Re:   *In re Terrorist Attacks on September 11, 2001*, 03-MD-01570 (GBD)(SN)

Dear Judge Netburn,

I, A.J., am a third-party witness who signed a protective order in this case and agreed to sit for a deposition under the understanding that the deposition transcript would be covered by it and that all references to it would remain sealed. A portion of that deposition has been filed, under seal, and is available at Exhibit 249. *See* ECF No. Dkt. No. 9611-94. I reference Exhibit 249 to identify myself to the Court without providing my name in this letter-brief, which may be entered on a publicly filed docket. It has come to my attention that Plaintiffs hope to unseal a number of documents, including Exhibit 249. This letter brief urges the Court to maintain the sealing of any documents that reference me, and any personal identifying information (PII), and any portion of the deposition transcript. In the alternative, I respectfully request that any reference to me or my PII be redacted in any filing.

1.      I signed a protective order agreeing to be bound by the "Privacy Act Order and Protective Order for FBI Documents." *See* ECF No. 4255. Paragraph 13 of the Protective Order states that, "Protected Information shall not be disclosed in open court unless specifically authorized by the FBI or pursuant to a Court order." *Id*. In 2021, I agreed to sit for a deposition pursuant to that Protective Order and pursuant to the assurance by Plaintiff's counsel that the names and PII of me (and my husband, M.S.) would be kept confidential and that any declaration or deposition would be covered by the Protective Order.

2.      Unsealing any deposition transcript, poses particularized harm to me and my family. I am an innocent third-party witness and my life could be upended by any public

association with this case. Mere association with this case has severe consequences such as Islamophobic attack and or harassment. I remember that after the Terrorist Attacks on 9/11, members of my family and I were subject to harassment in public places and even on college campuses. I am very concerned about the safety of my entire family, anyone related to me with the same last name.

3.  The presumption of public access to judicial documents requires a three-step inquiry. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court determines whether a record is a "judicial document," which is defined as "relevant to the performance of the judicial function in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). Second, if the record is deemed to be a judicial document, the court proceeds to "determine the weight of the presumption of access" to that document. *United States v. Erie Cty.*, 763 F.3d 235, 239, 2241 (2d Cir. 2014). The weight to be accorded is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *United States v Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Third, the court must balance the factors that counsel against disclosure of the judicial document against public access. *Amodeo II*, 71 F.3d at 1050. The public's right to access "is not absolute." *Nixon v. Warner Communications*, 435 US.589, 598 (1978). Countervailing considerations include "the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050.

4.  As it relates to my deposition transcript, even if it is considered a "judicial document," the resultant value of any information is minimal, at best. Any document that "bears only a marginal relationship to the performance of Article III functions" carries a weak presumption of access. *See Amodeo II*, 71 F.3d at 1052. Such minimal value is vastly outweighed by my privacy interests ( an innocent third-party witness). "[T]he privacy interests of innocent third parties… should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050; *see also SEC v. The Street*, 273 F.3d 222, 232 (2d Cir. 2001) Moreover, a third-party witness "should be entitled to rely on the enforceability of a protective order." *See Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979).

5.       I am not a public figure, nor do I represent a public entity, and when I sat for my deposition, subject to the Protective Order, I had a reasonable expectation that it would remain private and that I could avoid public scrutiny. Moreover, the deposition transcript is, "on the periphery of the adjudicative process." *Amodeo II*, 71 F.3d at 1051. This Court did not require that the transcript be filed, rather, Plaintiffs throw it on to the heap of documents it wants unsealed. My identity and any PII (such as origin, race, physical attributes, area of residence, school attended, etc…) should remain sealed. First, I ask the Court to review the transcript, available at Exhibit 249. *See* ECF No. Dkt. No. 9611-94. Second, I ask the Court to consider the subject matter and its relative unimportance when weighed against the potential grave damage posed by public disclosure of my name and identity in the context of this lawsuit. Plaintiffs should not be able to succeed in a bait-and-switch wherein I sat for a deposition based on the protections of a protective order, only for Plaintiffs to seek to have that protective order not apply three years later. The protective order should remain in place and the deposition transcript should remain sealed. In the alternative, at the very least, my name and any PII should be redacted in all publicly-filed documents.

Respectfully submitted,

/s/ *A.J.*
*A.J.*