July 9, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 219
New York, NY10007

    Re:    *In re Terrorist Attacks on September 11, 2001*, 03-MD-01570 (GBD)(SN)

Dear Judge Netburn,

I write on behalf of myself , M. J. and on behalf of my father I. J. We are non-party witnesses in this case. We agreed to sit for depositions under the understanding that the deposition transcripts would remain sealed. We were also assured that our identities and any personal identifying information would remain sealed.

1. It has come to our attention that plaintiffs are hoping to unseal a number of documents. This letter brief urges the court to maintain the sealing of any documents that reference me (M.J) and my father (I. J), any personal identifying information (PII) and any portions of our deposition transcripts.

2. Unsealing any deposition transcripts and PII of my father I. J. will pose harm to him. He is an 85 year old man with health problems, and this issue has been unnecessarily affecting his health and his wellbeing. Unsealing any PII would also affect myself and my family including my children who are under the age of 18. We had been harrassed by the media and other interested persons on multiple occasions. They showed up at our residence and that caused stress for my kids and they were wondering who these people were and what they wanted. They also showed up at my place of work to harass me and to intimidate me. I am very concerned about harassment and or Islamophobic attacks.

3.      The presumption of public access to judicial documents requires a three-step inquiry. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the court determines whether a record is a "judicial document," which is defined as "relevant to the performance of the judicial function in the judicial process." *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995). Second, if the record is deemed to be a judicial document, the court proceeds to "determine the weight of the presumption of access" to that document. *United States v. Erie Cty.*, 763 F.3d 235, 239, 2241 (2d Cir. 2014). The weight to be accorded is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *United States v Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Third, the court must balance the factors that counsel against disclosure of the judicial document against public access. *Amodeo II*, 71 F.3d at 1050.  The public's right to access "is not absolute." *Nixon v. Warner Communications*, 435 US.589, 598 (1978). Countervailing considerations include "the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050.

4.      As it relates to our deposition transcript, even if it is considered a "judicial document," the resultant value of any information is minimal, at best. Any document that "bears only a marginal relationship to the performance of Article III functions" carries a weak presumption of access. *See Amodeo II*, 71 F.3d at 1052. Such minimal value is vastly outweighed by my privacy interests ( an innocent third-party witness). "[T]he privacy interests of innocent third parties… should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050; *see also SEC v. The Street*, 273 F.3d 222, 232 (2d Cir. 2001) Moreover, a third-party witness "should be entitled to rely on the enforceability of a protective order." *See Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979).

5.  My father and I are law-abiding citizens and hard working people taking care of our families. When we agreed to sit for the depositions, we had a reasonable expectation that it would remain private and that we could avoid public scrutiny. Moreover, the deposition transcripts are, "on the periphery of the adjudicative process." *Amodeo II*, 71 F.3d at 1051. This Court did not require that the transcripts be filed, rather, Plaintiffs decided to have them unsealed. Our identities and any PIIs (such as origin, race, physical attributes, area of residence, school attended, place of work, etc…) should remain sealed.

We respectfully ask the Court to consider the subject matter and its relative unimportance when weighed against the potential grave harm posed by public disclosure of our names and identities in the context of this lawsuit. In the alternative, at the very least, our names and any PIIs of my father and myself should be redacted in all publicly-filed documents.

Respectfully submitted,

*/s/ M.J.*
*M.J.*

&

*/s/ I. J.*
*I.J.*