# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX:  212-278-1733
www.andersonkill.com

Jerry S. Goldman
Jgoldman@andersonkill.com
212-278-1569

_By Hand Delivery_                                                    December 14, 2023

Clerk of the Court, Ruby J. Krajick
United States District Court
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, New York 10007

> Re:   _Celestine Kone, et al. v. Islamic Republic of Iran_,
>        Case No.: 1:23-cv-05790-GBD

Dear Clerk of the Court, Ruby J. Krajick:

I represent the Plaintiffs in the above-referenced action. I am writing to request you effect service on the Defendant, Islamic Republic of Iran, pursuant to 28 U.S.C. §1608(a)(4), at the following address:

> Minister of Foreign Affairs
> Ministry of Foreign Affairs of the Islamic Republic of Iran
> Iman Khomeini Avenue
> Tehran, Iran
> ATTN: H.E. Hossein Amir-Abdollahian

Service on Iran cannot be effected under 28 U.S.C. Sections 1608(a)(1) and (2) because the United States and Iran do not have any special arrangement for service of process upon Iran in accordance with sub-section (1), nor is service permitted by any applicable international convention under the provisions of sub-section (2).[1] _See Valore v. Islamic Republic of Iran_, 700 F. Supp. 2d 52, 70 (D.D.C. 2010).

On January 23, 2023, Plaintiffs, through the Clerk of the Court, attempted to serve the Defendant pursuant to the provision to 28 U.S.C. § 1608(a)(3).  Annexed hereto as **Exhibit A** is a copy of the Certificate of Mailing.

As of Thursday, February 23, 2023, thirty (30) days have passed since the Certificate of Mailing has been issued and service had not been able to be completed under 28 U.S.C. § 1608(a)(3).  The USPS Registered Mail tracking number is identified in **Exhibit A**.

---

[1] Iran is not a signatory to the convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**Anderson Kill P.C.**

December 14, 2023
Page 2

Accordingly, please serve the Defendant pursuant to 28 U.S.C. § 1608(a)(4) at the following address:

Attn: Secretary of State, Director of Consular Services, Office of Policy Review and Inter-Agency Liaison (CA/OCS/PRI)
U.S. Department of State
SA-29, 4th Floor
2201 C Street NW
Washington, DC 20520

Enclosed please find copies of the following documents:

1. Summons
2. Complaint deemed filed on July 6, 2023
3. Iran Short Form Amended Complaint filed on August 4, 2023
4. Notice to Conform to Sudan Consolidated Amended Complaint filed July 11, 2023 and August 7, 2023
5. Notice to Conform to Consolidated Amended Complaint filed August 10, 2023
6. Civil Cover Sheet
7. Related Case Statement
8. Notice of Suit prepared in accordance with 22 CFR § 93.2 with a copy of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611
9. Affidavit of Translator[2]
10. Translations of the above-mentioned documents

In total, we are providing three complete sets of the documents, in both English and Farsi. In accordance with pages 12-13 of the Court's Foreign Mailing Instructions, we are providing two sets for service on the Defendant and one set of documents for the Court's file.

We have also enclosed pre-paid a FedEx label and envelope for delivery to the address above. Please note that our firm FedEx account number is 628354049.

We further enclosed a cashier's check in the amount of $2,275.00 made payable to "U.S. Embassy Bern." Should you have any questions or require any additional information please do not hesitate to contact me.

Sincerely,

*/s/ Jerry S. Goldman*

Jerry S. Goldman

---

[2] The affidavit of the translator comports with the requirements of NY CPLR 2101(b).

**Anderson Kill P.C.**

December 14, 2023
Page 3

Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

*Attorney for the Plaintiffs*

Enclosures

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Celestine Kone, et al.*

-v-

*Islamic Republic of Iran*

**CERTIFICATE OF MAILING**

Case No.: 1:23-cv-05790 (GBD)

I hereby certify under the penalties of perjury that on the 3rd day of November 2023, I served:

Minister of Foreign Affairs
Ministry of Foreign Affairs of the Islamic Republic of Iran
Iman Khomeini Avenue
Tehran, Iran
ATTN: H.E. Hossein Amir-Abdollahian

☒ the head of the ministry of foreign affairs, pursuant to the provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(3).

1 copy of the Amended Summons, Complaint dated July 6, 2023, Iran Short Form Amended Complaint dated August 4, 2023, Notice to Conform to Sudan Consolidated Amended Complaint or Ashton Sudan Amended Complaint dated July 11, 2023, August 7, 2023, and August 10, 2023, Civil Cover Sheet, Related Case Statement, Notice of suit prepared in accordance with 22 CFR § 93.2 with a copy of 28 U.S.C. §§ 1330, 1391(f), 1441(d), and 1602-1611, Affidavit of Translator and Translations of the above-mentioned documents.

by USPS Registered Mail RH003854476US

Dated: New York, New York
November 3rd, 2023

RUBY J. KRAJICK
CLERK OF COURT

_____

/s/Brenton Cong
DEPUTY CLERK

28 USC 1608 Summons IH 6
4/17

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Celestine Kone, et al. (see appendix)

| | )
|---|---|
| Plaintiff | )
| | )
| v. | )      Civil Action No. |
| Islamic Republic of Iran | )
| | )
| Defendant | )

## SUMMONS IN A CIVIL ACTION

To:    (Defendant's name and address)

     Islamic Republic of Iran
     c/o Ministry of Foreign Affairs
     Imam Khomeini Avenue
     Tehran, Iran

     A lawsuit has been filed against you.

     Within 60 days after service of this summons on you (not counting the day you received it) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

     Jerry S. Goldman, Esq.
     ANDERSON KILL P.C.
     1251 Avenue of the Americas
     New York, NY 10020
     (212) 278-1000
     jgoldman@andersonkill.com

     If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date:   08/08/2023          /s/ P. Canales

                                          Signature of Clerk or Deputy Clerk



Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ⌐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ⌐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ⌐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ⌐ I returned the summons unexecuted because _____ ; or

    ⌐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                  _____
                                           *Server's signature*

                                  _____
                                       *Printed name and title*

                                  _____
                                       *Server's address*

Additional information regarding attempted service, etc:

## **APPENDIX**

Celestine Kone, as the Personal Representative of the Estate of Abdoulaye Kone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Abdoulaye Kone

Celestine Kone, individually, as surviving spouse of Abdoulaye Kone

Lacina Kone, individually, as surviving child of Abdoulaye Kone

Mama Kone, individually, as surviving child of Abdoulaye Kone

Stephen Ciccone, individually, as surviving child of Alex F. Ciccone

Julia Ciccone, individually, as surviving child of Alex F. Ciccone

Ayleen Arroyo, individually, as surviving child of Ayleen Santiago

George J. Santiago, individually, as surviving child of Ayleen Santiago

Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago, deceased, the late spouse of Ayleen Santiago

Casey (Clarke) DeBaecke, as the Personal Representative of the Estate of Christopher Clarke, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Clarke

Casey (Clarke) DeBaecke, individually, as surviving spouse of Christopher Clarke

John Doe 140, being intended to designate the Personal Representative of the Estate of Darya Lin, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Darya Lin

Kristen Graf, as the Personal Representative of the Estate of Edwin J. Graf, III, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edwin J. Graf, III

Sarah Sopher, individually, as surviving child of Edwin J. Graf, III

Kevin Joseph Collin, individually, as surviving sibling of Jean Marie Collin

Kathleen Raney, individually, as surviving sibling of Jean Marie Collin

John Doe 141, being intended to designate the Personal Representative of the Estate of Jean Marie Collin, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Jean Marie Collin

John Doe 142, as Personal Representative of the Estate of Charlotte Griebel, deceased, the late parent of Jean Marie Collin

Rafael Espinal, individually, as surviving sibling of Jose Espinal

Maria Elena Santana, individually, as surviving sibling of Jose Espinal

Maria Altagracia Espinal, individually, as surviving sibling of Jose Espinal

Josefina Blanchard, individually, as surviving sibling of Jose Espinal

Flordaliza Espinal, individually, as surviving sibling of Jose Espinal

Moises Espinal, individually, as surviving sibling of Jose Espinal

Jasmine Espinal, individually, as surviving child of Jose Espinal

Maria Alayo Aguilar, as the Personal Representative of the Estate of Jose Espinal, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jose Espinal

Georgette Conroy, as the Personal Representative of the Estate of Kevin Conroy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kevin Conroy

Georgette Conroy, individually, as surviving spouse of Kevin Conroy

Matthew Conroy, individually, as surviving child of Kevin Conroy

Jamie Conroy, individually, as surviving child of Kevin Conroy

Christine Kelly, individually, as surviving child of Kevin Conroy

Jill Conroy, individually, as surviving child of Kevin Conroy

Ramona Schroeder, individually, as surviving parent of Lorraine Antigua

Charles Schroeder, individually, as surviving parent of Lorraine Antigua

Diane Inghilterra, as the Personal Representative of the Estate of Louis Inghilterra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis Inghilterra

Diane Inghilterra, individually, as surviving spouse of Louis Inghilterra

Louis Sam Inghilterra, individually, as surviving child of Louis Inghilterra

Lisa DeRienzo, as the Personal Representative of the Estate of Michael DeRienzo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael DeRienzo

Lisa DeRienzo, individually, as surviving sibling of Michael DeRienzo

Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo, deceased, the late parent of Michael Russo

Alana McKenzie, as the Personal Representative of the Estate of Molly McKenzie, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Molly McKenzie

Alana McKenzie, individually, as surviving child of Molly McKenzie

Lea McKenzie, individually, as surviving child of Molly McKenzie

Ursula Andrus, as the Personal Representative of the Estate of Norbert Szurkowski, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Norbert Szurkowski

Ursula Andrus, individually, as surviving spouse of Norbert Szurkowski

Alexandra Szurkowski, individually, as surviving child of Norbert Szurkowski

Claudia Szurkowski, individually, as surviving child of Norbert Szurkowski

Rebecca Shum, as the Personal Representative of the Estate of See Wong Shum, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of See Wong Shum

Rebecca Shum, individually, as surviving spouse of See Wong Shum

Leon Shum, individually, as surviving child of See Wong Shum

Chanel Shum, individually, as surviving child of See Wong Shum

John Doe 143, being intended to designate the Personal Representative of the Estate of Stanley McCaskill, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Stanley McCaskill

Joyce Grant, as the Personal Representative of the Estate of Winston Grant, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Winston Grant

Joyce Grant, individually, as surviving spouse of Winston Grant

Winston Grant II, individually, as surviving child of Winston Grant

John Doe 144, as Personal Representative of the Estate of Joya Grant, deceased, the late child of Winston Grant

Evan V. Vandommelen-Gonzalez, individually, as surviving spouse of Mauricio Gonzalez

Lorna Moringiello, individually, as surviving spouse of Michael Scott Lamana

Kimmy Chedel, as the Personal Representative of the Estate of Frank Doyle, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Frank Doyle

Kimmy Chedel, individually, as surviving spouse of Frank Doyle

Zoe Doyle, individually, as surviving child of Frank Doyle

Garrett Doyle, individually, as surviving child of Frank Doyle

Leo Andreacchio, individually, as surviving sibling of John Andreacchio

John Doe 137, as the Personal Representative of the Estate of John Andreacchio, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John Andreacchio

John Doe 138, as the Personal Representative of the Estate of Elaine Greenberg, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Elaine Greenberg

Wilfredo Agosto, individually, as surviving spouse of Myrna Maldonado-Agosto

Estelle Pershep, as the Personal Representative of the Estate of Franklin Pershep, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Franklin Pershep

Estelle Pershep, individually, as surviving spouse of Franklin Pershep

Stacy Paolozzi, individually, as surviving child of Franklin Pershep

John Doe 145, as Personal Representative of the Estate of Sharyn Fine, deceased, the late child of Franklin Pershep

Betty Woods, as the Personal Representative of the Estate of Marvin Woods, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Marvin Woods

Betty Woods, individually, as surviving spouse of Marvin Woods

James Woods, individually, as surviving child of Marvin Woods

Jennifer Nicosia, individually, as surviving child of Marvin Woods

Deborah Ivory, as the Personal Representative of the Estate of Lacey B. Ivory, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lacey B. Ivory

Deborah Ivory, individually, as surviving spouse of Lacey B. Ivory

Momo Scharf, individually, as surviving child of John Scharf

John Doe 139, being intended to designate the Personal Representative of the Estate of Yamel Merino, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Yamel Merino

Kevin Merino, individually, as surviving child of Yamel Merino

Edwardo Rodriguez, as the Personal Representative of the Estate of Lizette Mendoza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lizette Mendoza

Rolando Mendoza, Sr., individually, as surviving spouse of Lizette Mendoza

Rolando Mendoza, Jr., individually, as surviving child of Lizette Mendoza

Wil-Justin Ojeda, individually, as surviving child of Lizette Mendoza

Tamatha Patterson, as the Personal Representative of the Estate of Clifford L. Patterson, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Clifford L. Patterson, Jr.

Tamatha Patterson, individually, as surviving spouse of Clifford L. Patterson, Jr.

Clifford L. Patterson III, individually, as surviving child of Clifford L. Patterson, Jr.

Benjamin Cody Patterson, individually, as surviving child of Clifford L. Patterson, Jr.

Clifford Patterson, individually, as surviving parent of Clifford L. Patterson, Jr.

Sandra Wheeler Patterson, individually, as surviving parent of Clifford L. Patterson, Jr.

Rashida Ivory, individually, as surviving child of Lacey B. Ivory

Quawana Rodriguez, individually, as surviving child of Lacey B. Ivory

Russ F. Jellinek, Esq. as Personal Representative of the Estate of Timothy Langer, deceased, the late spouse of Vanessa Lang Langer

28 USC 1608 احضاریه 6 IH
4/17

دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب
نیویورک

سلستین کونه و همکاران (ضمیمه را ببینید)

)
)
)
خواهان    )
)    اقدام مدنی شماره    )
علیه    )
جمهوری اسلامی ایران    )
خوانده    )

احضاریه در یک اقدام مدنی

به:    (نام و آدرس خوانده)

جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

یک دعوی علیه شما اقامه شده است.

باید ظرف 60 روز پس از ابلاغ این احضاریه به شما (بدون احتساب روز دریافت آن) پاسخی به شکایت پیوست شده یا پیشنهادی را بر اساس قانون 12 از قوانین فدرال دادرسی مدنی به خواهان ابلاغ کنید. این پاسخ یا پیشنهاد باید به خوانده یا وکیل خوانده ابلاغ گردد، که نام و آدرس وی به شرح زیر است:

وکیل دعاوی جری اس. گلدمن
ANDERSON KILL P.C
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
jgoldman@andersonkill.com

اگر پاسخ ندهید، علیه شما برای جبران خسارت درخواست شده در شکایت حکم غیابی صادر خواهد شد. همچنین باید پاسخ یا پیشنهاد خود را به دادگاه ارائه نمایید.

منشی دادگاه

[امضا] [مهر:] دادگاه ناحیه‌ای
ایالات متحده برای ناحیه جنوب
نیویورک

تاریخ: 08/08/2023    /امضا/ پی. کانالز
امضای منشی یا معاون منشی

اقدام مدنی شماره

گواهی ابلاغ

(این قسمت نباید توسط دادگاه ثبت شود مگر در صورت الزام Fed. R. Civ. P. 4 (I))

این احضاریه مربوط به (نام فرد یا سمت، در صورت امکان)  در (تاریخ) به من ابلاغ شد.

'من شخصاً ابلاغیه را به فرد مذکور در (مکان)

در (تاریخ)                                       ابلاغ کردم ؛ یا

'احضاریه را در محل سکونت فرد یا محل اقامت معمول وی در نزد (نام) قرار دادم

، شخصی دارای سن و قدرت تشخیص مناسب که در اینجا سکونت دارد،در (تاریخ)  ، و یک نسخه از آن را به آخرین نشانی موجود از فرد ارسال کردم؛ یا

'من ابلاغیه را به این فرد تحویل دادم: (نام فرد) ، که بنا به قانون اجازه دارد ابلاغ احضاریه را از طرف (نام سازمان)

'من احضاریه را بدون ابلاغ برگرداندم زیرا  ؛ یا

'سایر  (مشخص کنید):

حق‌الزحمه من عبارت است از_____ دلار برای سفر و _____ دلار برای ابلاغ، جمعاً _____ دلار.

من با در نظر داشتن مجازات شهادت دروغ اظهار می‌کنم که این اطلاعات صحیح است.

تاریخ:   _____            _____

*امضای ابلاغ‌کننده*

_____

*نام و سمت با حروف بزرگ و خوانا نوشته شود*

_____

*نشانی ابلاغ‌کننده*

سایر اطلاعات مربوط به خدمات انجام شده، غیره:

**پیوست**

سلستین کونه، به عنوان نماینده شخصی ماترک عبدالله کونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده عبدالله کونه

سلستین کونه، به صورت جداگانه، به عنوان همسر بازمانده عبدالله کونه

لاسینا کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه

ماما کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه

استفن سیکون، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون

جولیا سیکونه، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون

آیلین آرویو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو

جورج جی سانتیاگو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو

آیلین آرویو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو، متوفی، همسر فقید آیلین سانتیاگو

کیسی (کلارک) دیبیک به عنوان نماینده شخصی ماترک کریستوفر کلارک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر کلارک

کیسی (کلارک) دیبیک، به صورت جداگانه، به عنوان همسر بازمانده کریستوفر کلارک

ناشناس 140، که قصد دارد نماینده شخصی ماترک دریا لین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دریا لین

کریستین گراف به عنوان نماینده شخصی مشترک ماترک ادوین جی. گراف سوم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوین جی. گراف سوم

سارا سوفر، انفراداً، به عنوان فرزند بازمانده ادوین جی. گراف سوم

کوین جوزف کولین، به صورت جداگانه، به عنوان خواهر و برادر بازمانده ژان ماری کولین

کاتلین رینی، به صورت جداگانه، به عنوان خواهر و برادر بازمانده ژان ماری کولین

ناشناس 141، که قصد دارد نماینده شخصی ماترک ژان ماری کولین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ژان ماری کولین

ناشناس 142، به عنوان نماینده شخصی املاک شارلوت گریبل، پدر و مادر فقید ژان ماری کولین درگذشت.

رافائل اسپینال، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

ماریا الینا سانتانا، منفرداً، به عنوان برادر/خواهر بازمانده خوزی اسپینال

ماریا التاگراسیا اسپینال، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

جوزفینا بلانچارد، به صورت جداگانه، به عنوان خواهر و برادر بازمانده خوزه اسپینال

فلوردلیزا اسپینال، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

موسیم اسپینال، انفراداً به عنوان برادر/خواهر بازمانده خوزه اسپینال

یاسمین اسپینال، به صورت جداگانه، به عنوان فرزند بازمانده خوزه اسپینال

ماریا الایو اگیلر، به عنوان نماینده شخصی ماترک خوزه اسپینال، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوزه اسپینال

جورجیت کانروی، به عنوان نماینده شخصی ماترک کیوین کانروی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیوین کانروی

جورجت کانروی، به صورت جداگانه، به عنوان همسر بازمانده کوین کانروی

متیو کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

جیمی کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

کریستین کلی، به عنوان فرزند بازمانده کوین کانروی

جیل کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

رامونا شرودر، به صورت جداگانه، به عنوان والد بازمانده لورین آنتیگوا

چارلز شرودر، به صورت جداگانه، به عنوان والد بازمانده لورن آنتیگوا

دیانا انگلیترا به عنوان نماینده شخصی ماترک لویس انگلیترا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لویس انگلیترا

دایان اینگیلترا، به صورت جداگانه، به عنوان همسر بازمانده لوئیس اینگیلترا

لوئیس سام اینگیلترا، به صورت جداگانه، به عنوان فرزند بازمانده لوئیس اینگیلترا

لیزا دیرینزو، به عنوان نماینده شخصی ماترک میکیل دیرینزو، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میکایل دیرینزو

لیزا درینزو، به صورت جداگانه، به عنوان خواهر و برادر بازمانده مایکل درینزو

دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو، درگذشته، پدر و مادر فقید مایکل روسو

الانا میکینزی، به عنوان نماینده شخصی مشترک ماترک مولی میکینزی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مولی میکینزی

آلانا مک کنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مکنزی

لی مکنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مک کنزی

اورسولا اندروس، به عنوان نماینده شخصی ماترک نارت سورکوفسکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده نارت سورکوفسکی

اورسولا آندروس، به صورت جداگانه، به عنوان همسر بازمانده نوربرت سورکوفسکی

الکساندرا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

کلودیا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

ربیکا شم، به عنوان نماینده شخصی ماترک سی ونگ شم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده سی ونگ شم

ربکا شوم، به صورت جداگانه، به عنوان همسر بازمانده سی ونگ شم

لنون شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

شانل شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

ناشناس 143، که قصد دارد نماینده شخصی ماترک استینلی مک کاسکیل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استینلی مک کاسکیل

جویس گرنت، به عنوان نماینده شخصی مشترک ماترک وینستن گرنت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینستن گرنت

جویس گرانت، به صورت جداگانه، به عنوان همسر بازمانده وینستون گرانت

وینستون گرانت دوم، به صورت جداگانه، به عنوان فرزند بازمانده وینستون گرانت

ناشناس 144، به عنوان نماینده شخصی ماترک جویا گرنت، متوفی، فرزند متوفای وینستن گرنت

Evan V. Vandommelen-Gonzalez، به صورت جداگانه، به عنوان همسر بازمانده موریشیو گونزالس

لورنا مورینگیلو، به صورت جداگانه، به عنوان همسر بازمانده مایکل اسکات لامانا

کیمی چدل، به عنوان نماینده شخصی املاک فرانک دویل، و به نمایندگی از همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده فرانک دویل، کیمی چدل، به‌صورت جداگانه، به عنوان همسر بازمانده فرانک دویل فوت کرد.

زوئی دویل، به صورت جداگانه، به عنوان فرزند بازمانده فرانک دویل

گرت دویل، به صورت جداگانه، به عنوان فرزند بازمانده فرانک دویل

لئو آندریاکیو، به صورت جداگانه، به عنوان خواهر و برادر بازمانده جان آندریاکیو

ناشناس137، به عنوان نماینده شخصی ماترک جان اندراشیو متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان اندراشیو

ناشناس 138، به عنوان نماینده شخصی ماترک ایلین گرینبرگ، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ایلین گرینبرگ

ویلفردو آگوستو، به صورت جداگانه، به عنوان همسر بازمانده میرنا مالدونادو آگوستو

استیل پرشیپ، به عنوان نماینده شخصی ماترک فرانکلین پرشیپ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فرانکلین پرشیپ

استل پرشیپ، به‌صورت جداگانه، به عنوان همسر بازمانده فرانکلین پرشیپ

استیسی پائولوزی، به صورت جداگانه، به عنوان فرزند بازمانده فرانکلین پرشیپ

ناشناس 145، به عنوان نماینده شخصی ماترک شارین فاین، متوفی، فرزند متوفای فرانکلین پرشیپ

بیتی وودز به عنوان نماینده شخصی ماترک ماروین وودز، متوفی، و نماینده از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مارون وودز

بتی وودز، به صورت جداگانه، به عنوان همسر بازمانده مارون وودز

جیمز وودز، به صورت جداگانه، به عنوان فرزند بازمانده مارون وودز

جنیفر نیکوزیا، به صورت جداگانه، به عنوان فرزند بازمانده مارون وودز

دبورا آیوری، به عنوان نماینده شخصی ماترک لیسی بی. آیوری، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لیسی بی. آیوری

دبورا آیوری، به صورت جداگانه، به عنوان همسر بازمانده لیسی بی آیوری

مومو شارف، به صورت جداگانه، به عنوان فرزند بازمانده جان شارف

ناشناس 139، که قصد دارد نماینده شخصی ماترک یامیل میرینو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده یامیل میرینو

کوین مرینو، به صورت جداگانه، به عنوان فرزند بازمانده یامل مرینو

ادواردو رودریگیز، به عنوان نماینده شخصی ماترک لیزیت مندوزا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لیزیت مندوزا

رولاندو مندوزا، پدر، به عنوان همسر بازمانده لیزت مندوزا

رولاندو مندوزا، جونیور، به عنوان فرزند بازمانده لیزت مندوزا

ویل جاستین اوجدا، به صورت جداگانه، به عنوان فرزند بازمانده لیزت مندوزا

تاماتا پاترسون، به عنوان نماینده شخصی ماترک کلیفورد ال. پاترسون جونیر، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کلیفورد ال. پاترسون جونیر

تاماتا پترسون، به صورت جداگانه، به عنوان همسر بازمانده کلیفورد ال. پترسون، جونیور.

کلیفورد ال. پترسون سوم، به صورت جداگانه، به عنوان فرزند بازمانده کلیفورد ال.

بنجامین کودی پترسون، به عنوان فرزند بازمانده کلیفورد ال. پترسون، جونیور.

کلیفورد پترسون، به صورت جداگانه، به عنوان والدین بازمانده کلیفورد ال. پترسون، جونیور.

ساندرا ویلر پترسون، به صورت جداگانه، به عنوان والدین بازمانده کلیفورد ال. پترسون، جونیور.

رشیدا ایوری، به صورت جداگانه، به عنوان فرزند بازمانده لیسی بی آیوری

کووانا رودریگز، به صورت جداگانه، به عنوان فرزند بازمانده لیسی بی آیوری

وکیل روس اف. جلینک به عنوان نماینده شخصی ماترک تیموتی لنگر، متوفی، همسر فقید ونسا لانگ لنگر

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

| | |
|---|---|
| Celestine Kone, as the Personal Representative of the Estate of Abdoulaye Kone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Abdoulaye Kone<br><br>Celestine Kone, individually, as surviving spouse of Abdoulaye Kone<br><br>Lacina Kone, individually, as surviving child of Abdoulaye Kone<br><br>Mama Kone, individually, as surviving child of Abdoulaye Kone<br><br>Stephen Ciccone, individually, as surviving child of Alex F. Ciccone<br><br>Julia Ciccone, individually, as surviving child of Alex F. Ciccone<br><br>Ayleen Arroyo, individually, as surviving child of Ayleen Santiago<br><br>George J. Santiago, individually, as surviving child of Ayleen Santiago<br><br>Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago, deceased, the late spouse of Ayleen Santiago<br><br>Casey (Clarke) DeBaecke, as the Personal Representative of the Estate of Christopher Clarke, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Clarke<br><br>Casey (Clarke) DeBaecke, individually, as surviving spouse of Christopher Clarke<br><br>John Doe 140, being intended to designate the Personal Representative of the Estate of Darya Lin, deceased, said name being fictitious, her/his true name | Civil Docket Number: _____<br><br>**IRAN SHORT FORM**<br>**COMPLAINT AND DEMAND**<br>**FOR TRIAL BY JURY** |

is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Darya Lin

Kristen Graf, being intended to designate the Personal Representative of the Estate of Edwin J. Graf, III, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edwin J. Graf, III

Sarah Sopher, individually, as surviving child of Edwin J. Graf, III

Kevin Joseph Collin, individually, as surviving sibling of Jean Marie Collin

Kathleen Raney, individually, as surviving sibling of Jean Marie Collin

John Doe 141, being intended to designate the Personal Representative of the Estate of Jean Marie Collin, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Jean Marie Collin

John Doe 142, as Personal Representative of the Estate of Charlotte Griebel, deceased, the late parent of Jean Marie Collin

Rafael Espinal, individually, as surviving sibling of Jose Espinal

Maria Elena Santana, individually, as surviving sibling of Jose Espinal

Maria Altagracia Espinal, individually, as surviving sibling of Jose Espinal

Josefina Blanchard, individually, as surviving sibling of Jose Espinal

2

Flordaliza Espinal, individually, as surviving sibling of Jose Espinal

Moises Espinal, individually, as surviving sibling of Jose Espinal

Jasmine Espinal, individually, as surviving child of Jose Espinal

Maria Alayo Aguilar, as the Personal Representative of the Estate of Jose Espinal, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jose Espinal

Georgette Conroy, as the Personal Representative of the Estate of Kevin Conroy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kevin Conroy

Georgette Conroy, individually, as surviving spouse of Kevin Conroy

Matthew Conroy, individually, as surviving child of Kevin Conroy

Jamie Conroy, individually, as surviving child of Kevin Conroy

Christine Kelly, individually, as surviving child of Kevin Conroy

Jill Conroy, individually, as surviving child of Kevin Conroy

Ramona Schroeder, individually, as surviving parent of Lorraine Antigua

Charles Schroeder, individually, as surviving parent of Lorraine Antigua

Diane Inghilterra, as the Personal Representative of the Estate of Louis Inghilterra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis Inghilterra

Diane Inghilterra, individually, as surviving spouse of Louis Inghilterra

Louis Sam Inghilterra, individually, as surviving child of Louis Inghilterra

Lisa DeRienzo, as the Personal Representative of the Estate of Michael DeRienzo, deceased, and on behalf

of all survivors and all legally entitled beneficiaries and family members of Michael DeRienzo

Lisa DeRienzo, individually, as surviving sibling of Michael DeRienzo

Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo, deceased, the late parent of Michael Russo

Alana McKenzie, as the Personal Representative of the Estate of Molly McKenzie, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Molly McKenzie

Alana McKenzie, individually, as surviving child of Molly McKenzie

Lea McKenzie, individually, as surviving child of Molly McKenzie

Ursula Andrus, as the Personal Representative of the Estate of Norbert Szurkowski, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Norbert Szurkowski

Ursula Andrus, individually, as surviving spouse of Norbert Szurkowski

Alexandra Szurkowski, individually, as surviving child of Norbert Szurkowski

Claudia Szurkowski, individually, as surviving child of Norbert Szurkowski

Rebecca Shum, as the Personal Representative of the Estate of See Wong Shum, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of See Wong Shum

Rebecca Shum, individually, as surviving spouse of See Wong Shum

Leon Shum, individually, as surviving child of See Wong Shum

Chanel Shum, individually, as surviving child of See Wong Shum

John Doe 143, being intended to designate the Personal Representative of the Estate of Stanley McCaskill, deceased, said name being fictitious, her/his true name is not presently known, confirmed,

4

and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Stanley McCaskill

Joyce Grant, as the Personal Representative of the Estate of Winston Grant, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Winston Grant

Joyce Grant, individually, as surviving spouse of Winston Grant

Winston Grant II, individually, as surviving child of Winston Grant

John Doe 144, as Personal Representative of the Estate of Joya Grant, deceased, the late child of Winston Grant

Plaintiffs,

-against-

Islamic Republic of Iran,

Defendant.

---

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Short Form Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.     Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.     Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

☐ <u>Federal Insurance</u> and <u>Ashton</u> Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, <u>Burnett v. Islamic Republic of Iran</u>, No. 15-CV-9903 (GBD) (SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.      In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the <u>Havlish</u> filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Complaint, herein referred to as "Plaintiffs."

   a.     The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Complaint.

   b.     Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Complaint, and as further asserted within this Iran Short Form Complaint.

   c.     As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

   d.     For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

   e.     For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

   f.     The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

8

## IDENTIFICATION OF THE DEFENDANT

6.      The only Defendant named in this Iran Short Form Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.      By filing this Iran Short Form Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.      By filing this Iran Short Form Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.      Each Plaintiff hereby demands a trial by jury as to the claims in this action.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in this Iran Short Form Complaint as appropriate.

Dated: July 6, 2023

                              Respectfully submitted,


                              /s/ Jerry S. Goldman
                              Jerry S. Goldman, Esq.
                              Bruce Strong, Esq.
                              Alexander Greene, Esq.
                              ANDERSON KILL P.C.
                              1251 Avenue of the Americas
                              New York, NY 10020
                              Telephone: (212) 278-1000
                              jgoldman@andersonkill.com
                              bstrong@andersonkill.com
                              agreene@andersonkill.com

                              *Attorneys for Plaintiffs*

docs-100613859.1

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1. | Celestine Kone | GA | United States | Abdoulaye Kone | PR | United States | Solatium/Wrongful Death |
| 2. | Celestine Kone | GA | United States | Abdoulaye Kone | Spouse | United States | Solatium |
| 3. | Lacina Kone | GA | United States | Abdoulaye Kone | Child | United States | Solatium |
| 4. | Mama Kone | GA | United States | Abdoulaye Kone | Child | United States | Solatium |
| 5. | Stephen Ciccone | NY | United States | Alex F. Ciccone | Child | United States | Solatium |
| 6. | Julia Ciccone | NY | United States | Alex F. Ciccone | Child | United States | Solatium |
| 7. | Ayleen Arroyo | NJ | United States | Ayleen Santiago | Child | United States | Solatium |
| 8. | George J. Santiago | NJ | United States | Ayleen Santiago | Child | United States | Solatium |
| 9. | Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago | NJ | United States | Ayleen Santiago | Spouse (Deceased) | United States | Solatium |
| 10. | Casey (Clarke) DeBaecke | PA | United States | Christopher Clarke | PR | United States | Solatium/Wrongful Death |
| 11. | Casey (Clarke) DeBaecke | PA | United States | Christopher Clarke | Spouse | United States | Solatium |
| 12. | John Doe 140 | IL | United States | Darya Lin | PR | United States | Solatium/Wrongful Death |
| 13. | Kristen Graf | CT | United States | Edwin J. Graf, III | PR | United States | Solatium/Wrongful Death |
| 14. | Sarah Sopher | TBD | United States | Edwin J. Graf, III | Child | United States | Solatium |
| 15. | Kevin Joseph Collin | CA | United States | Jean Marie Collin | Sibling | United States | Solatium |
| 16. | Kathleen Raney | NJ | United States | Jean Marie Collin | Sibling | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

10

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 17. | John Doe 141 | NY | United States | Jean Marie Collin | PR | United States | Solatium/Wrongful Death |
| 18. | John Doe 142, as Personal Representative of the Estate of Charlotte Griebel | NY | United States | Jean Marie Collin | Parent (Deceased) | United States | Solatium |
| 19. | Rafael Espinal | NY | United States | Jose Espinal | Sibling | United States | Solatium |
| 20. | Maria Elena Santana | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 21. | Maria Altagracia Espinal | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 22. | Josefina Blanchard | NY | United States | Jose Espinal | Sibling | United States | Solatium |
| 23. | Flordaliza Espinal | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 24. | Moises Espinal | PA | United States | Jose Espinal | Sibling | United States | Solatium |
| 25. | Jasmine Espinal | CT | United States | Jose Espinal | Child | United States | Solatium |
| 26. | Maria Alayo Aguilar | CT | United States | Jose Espinal | PR | United States | Solatium/Wrongful Death |
| 27. | Georgette Conroy | NY | United States | Kevin Conroy | PR | United States | Solatium/Wrongful Death |
| 28. | Georgette Conroy | NY | United States | Kevin Conroy | Spouse | United States | Solatium |
| 29. | Matthew Conroy | IL | United States | Kevin Conroy | Child | United States | Solatium |
| 30. | Jamie Conroy | NY | United States | Kevin Conroy | Child | United States | Solatium |
| 31. | Christine Kelly | NY | United States | Kevin Conroy | Child | United States | Solatium |
| 32. | Jill Conroy | MA | United States | Kevin Conroy | Child | United States | Solatium |
| 33. | Ramona Schroeder | FL | United States | Lorraine Antigua | Parent | United States | Solatium |
| 34. | Charles Schroeder | FL | United States | Lorraine Antigua | Parent | United States | Solatium |
| 35. | Diane Inghilterra | NY | United States | Louis Inghilterra | PR | United States | Solatium/Wrongful Death |
| 36. | Diane Inghilterra | NY | United States | Louis Inghilterra | Spouse | United States | Solatium |
| 37. | Louis Sam Inghilterra | NY | United States | Louis Inghilterra | Child | United States | Solatium |
| 38. | Lisa DeRienzo | NJ | United States | Michael DeRienzo | PR | United States | Solatium/Wrongful Death |
| 39. | Lisa DeRienzo | NJ | United States | Michael DeRienzo | Sibling | United States | Solatium |
| 40. | Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo | PA | United States | Michael Russo | Parent (Deceased) | United States | Solatium |
| 41. | Alana McKenzie | VA | United States | Molly McKenzie | PR | United States | Solatium/Wrongful Death |
| 42. | Alana McKenzie | VA | United States | Molly McKenzie | Child | United States | Solatium |
| 43. | Lea McKenzie | VA | United States | Molly McKenzie | Child | United States | Solatium |
| 44. | Ursula Andrus | FL | Poland | Norbert Szurkowski | PR | Poland | Solatium/Wrongful Death |
| 45. | Ursula Andrus | FL | United States | Norbert Szurkowski | Spouse | Poland | Solatium |
| 46. | Alexandra Szurkowski | FL | United States | Norbert Szurkowski | Child | Poland | Solatium |

11

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 47. | Claudia Szurkowski | FL | United States | Norbert Szurkowski | Child | Poland | Solatium |
| 48. | Rebecca Shum | NJ | United States | See Wong Shum | PR | United States | Solatium/Wrongful Death |
| 49. | Rebecca Shum | NJ | United States | See Wong Shum | Spouse | United States | Solatium |
| 50. | Leon Shum | NJ | United States | See Wong Shum | Child | United States | Solatium |
| 51. | Chanel Shum | NJ | United States | See Wong Shum | Child | United States | Solatium |
| 52. | John Doe 143 | NY | United States | Stanley McCaskill | PR | United States | Solatium/Wrongful Death |
| 53. | Joyce Grant | NY | United States | Winston Grant | PR | United States | Solatium/Wrongful Death |
| 54. | Joyce Grant | NY | United States | Winston Grant | Spouse | United States | Solatium |
| 55. | Winston Grant II | NY | United States | Winston Grant | Child | United States | Solatium |
| 56. | John Doe 144, as Personal Representative of the Estate of Joya Grant | NY | United States | Winston Grant | Child (Deceased) | United States | Solatium |

12

دادگاه منطقه‌ای ایالات متحده
ناحیه جنوب نیویورک

عطف به:
حملات تروریستی 11 سپتامبر 2001

03-MDL-1570 (GBD)(SN)

شماره پرونده مدنی: ـــــــــ

**فرم کوتاه شکایت از ایران و تقاضای برگزاری
محاکمه همراه با هیئت منصفه**

سلیستین کونه، به عنوان نماینده شخصی ماترک عبدالله کونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده عبدالله کونه

سلستین کونه، به صورت جداگانه، به عنوان همسر بازمانده عبدالله کونه

لاسینا کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه

ماما کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه

استفن سیکون، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون

جولیا سیکونه، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون

آیلین آرویو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو

جورج جی سانتیاگو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو

آیلین آرویو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو، متوفی، همسر فقید آیلین سانتیاگو

کیسی (کلارک) دبیک به عنوان نماینده شخصی ماترک کریستوفر کلارک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر کلارک

کیسی (کلارک) دباکه، به صورت جداگانه، به عنوان همسر بازمانده کریستوفر کلارک

ناشناس 99، که قصد دارد نماینده شخصی ماترک دریا لین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دریا لین

کریستین گراف، با هدف تعیین نماینده شخصی املاک ادوین جی. گراف، سوم، متوفی، و به نمایندگی از همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده ادوین جی. گراف سوم

سارا سوفر، انفراداً به عنوان فرزند بازمانده ادوین جی. گراف سوم

کوین جوزف کولین، به صورت جداگانه، به عنوان خواهر و برادر بازمانده ژان ماری کولین

کاتلین رینی، به صورت جداگانه، به عنوان خواهر و برادر بازمانده ژان ماری کولین

ناشناس 141، که قصد دارد نماینده شخصی ماترک ژان ماری کولین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ژان ماری کولین

ناشناس 142، به عنوان نماینده شخصی ماترک شارلوت گریبل، پدر و مادر فقید ژان ماری کولین

رافائل اسپینال، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

ماریا الینا سانتانا، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

ماریا التگراسیا اسپینال، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

جوزفینا بلانچارد، به صورت جداگانه، به عنوان خواهر و برادر بازمانده خوزه اسپینال

فلوردلیزا، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

موسیس اسپینال، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

یاسمین اسپینال، به صورت جداگانه، به عنوان فرزند بازمانده خوزه اسپینال

ماریا الایو اگیلر، به عنوان نماینده شخصی ماترک خوزه اسپینال، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوزه اسپینال

جورجیت کانروی، به عنوان نماینده شخصی ماترک کیوین کانروی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیوین کانروی

جورجت کانروی، به صورت جداگانه، به عنوان همسر بازمانده کوین کانروی

متیو کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

جیمی کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

کریستین کلی، به عنوان فرزند بازمانده کوین کانروی

جیل کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

رامونا شرودر، به صورت جداگانه، به عنوان والد بازمانده لورین آنتیگوا

چارلز شرودر، به صورت جداگانه، به عنوان والد بازمانده لورن آنتیگوا

2

اسناد-1.100613859

دیانا انگلیترا به عنوان نماینده شخصی ماترک لویس انگلیترا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لویس انگلیترا

دایان اینگلیترا، به صورت جداگانه، به عنوان همسر بازمانده لوئیس اینگلیترا

لوئیس سام اینگلیترا، به صورت جداگانه، به عنوان فرزند بازمانده لوئیس اینگلیترا

لیزا دیرینزو، به عنوان نماینده شخصی ماترک میکایل دیرینزو، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میکایل دیرینزو

لیزا درینزو، به صورت جداگانه، به عنوان خواهر و برادر بازمانده مایکل درینزو

دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو، درگذشته، پدر و مادر فقید مایکل روسو

الانا مک کنزی، به عنوان نماینده شخصی مشترک ماترک مولی مک کنزی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مولی مک کنزی

آلانا مک کنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مکنزی

لی مکنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مک کنزی

اورسولا اندروس، به عنوان نماینده شخصی ماترک ناربرت سرکوفسکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ناربرت سرکوفسکی

اورسولا آندروس، به صورت جداگانه، به عنوان همسر بازمانده نوربرت سورکوفسکی

الکساندرا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

کلودیا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

ربیکا شم، به عنوان نماینده شخصی ماترک سی ونگ شم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده سی ونگ شم

ربیکا شم، به صورت جداگانه، به عنوان همسر بازمانده سی ونگ شم

لئون شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

شائل شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

ناشناس 143، که قصد دارد نماینده شخصی ماترک استینلی مک کاسکیل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استینلی مک کاسکیل

جویس گرنت، به عنوان نماینده شخصی مشترک ماترک وینستن گرنت،

100613859.1 اسناد-

متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینستن گرنت

جویس گرانت، به صورت جداگانه، به عنوان همسر بازمانده وینستون گرانت

وینستون گرانت دوم، به صورت جداگانه، به عنوان فرزند بازمانده وینستون گرانت

ناشناس 144، به عنوان نماینده شخصی ماترک جویا گرنت، متوفی، فرزند متوفای وینستن گرنت

خواهان‌ها،

ـ علیه ـ

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هر یک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها <u>بیمه فدرال و اشتون</u> علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، <u>برنت علیه جمهوری اسلامی ایران</u>، شماره 8 (GBD)(SN) (S.D.N.Y.) 15-CV-9903 فوریه (2016)، ECF شماره 53.

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده <u>هاولیش علیه بن لادن</u>، به شماره ECF ,(S.D.N.Y.) (GBD)(SN) 1:03-CV-9848 شماره‌های 263، 294، 295؛ <u>عطف به حملات تروریستی 11 سپتامبر 2001</u>، پرونده ECF ,(S.D.N.Y.) (GBD)(SN) 03-MDL-1570 شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

4

## مکان

1.  مکان این ناحیه بر اساس 1391(b)(2) §§ .U.S.C 28 و (1391(f)(1) مناسب است چرا که بخش قابل توجهی

از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه براساس 18

(U.S.C. § 2334(a مناسب است.

## صلاحیت قضایی

2.  صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله

اما نه محدود به a)§ .U.S.C 28 1605) (استثنای شبه‌جرم قانون مصونیت حاکمیت خارجی)، 1605A § .U.S.C 28 (استثنای

تروریسم قانون مصونیت حاکمیت خارجی) و 1605B § .U.S.C 28 (قانون عدالت علیه حامیان مالی تروریسم) اثبات می‌گردد.

## علل اقدام

3.  بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه

با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ می‌کنند [**فقط یک**

**شکایت را علامت بزنید:**]

☐شکایت تجمیعی اصلاح شده خواهان‌ها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره S.D.N.Y. 8 (GBD)(SN) 15-CV-9903 فوریه 2016), ECF شماره 53

4.  به‌علاوه، هر یک از خواهان‌ها بدین‌وسیله علل اقدام اضافی زیر را نیز مطرح می‌کنند:

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس § .U.S.C 28 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § .U.S.C 18 .*et seq*(قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده در Havlish که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که به متحمل شدهاشان ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § .U.S.C 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § .U.S.C 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 2331 § .U.S.C 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 2333 § .U.S.C 18 *مابعد بوده است*.

☐فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس § .U.S.C 28 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § .U.S.C 18 .*et seq*(قانون مبارزه با تروریسم یا ATA)

5

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § U.S.C. 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده-اند، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § U.S.C. 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 2331 § U.S.C. 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه شده است و این کار موجب نقض 2333 § U.S.C. 18 *و مابعد بوده است*.

## شناسایی خواهان‌های جدید

5.    اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در

ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a.    شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b.    خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c.    همان‌گونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

d.    در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در نتیجه مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

e.    در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده و/یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح شده است.

f.    نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوای هر یک از خواندها در خصوص قتل غیرعمد و/یا دعاوی ترتیبه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

## هویت خوانده

6.    تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

## چشم‌پوشی نکردن از ادعاهای دیگر

اسناد-100613859.1

7.    خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچ‌یک از حقوق خود برای طرح دادخواهی علیه هر یک

از خواندها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8.    خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز

بداند، صرف‌نظر نمی‌کنند.

**درخواست هیئت منصفه**

9.    بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست

می‌نمایند.

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را

به صورت مقتضی دارند.

تاریخ:6 ژوئیه 2023

تقدیم با احترام،

*/امضا/ جری اس. گلدمن*
_____
وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
شرکت ANDERSON KILL
1251 Avenue of the Americas
New York, NY 10020
تلفن: 212-278-1000 jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*وکلای خواهان‌ها*

**پیوست 1**

هر یک از سطرهای زیر یک اتهام محسوب میشود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران

است که آن پیوست شده است و باید به عنوان دعوی 1 از ضمیمه 1 به فرم کوتاه شکایت از ایران، دعوی 2 از ضمیمه

1 به فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | نسبت خواهان با قربانی[1] | نام کامل قربانی9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | عبدالله کونه | ایالات متحده | جورجیا | سلستین کونه | 1. |
| ترضیه خاطر | ایالات متحده | همسر | عبدالله کونه | ایالات متحده | جورجیا | سلستین کونه | 2. |
| ترضیه خاطر | ایالات متحده | فرزند | عبدالله کونه | ایالات متحده | جورجیا | لاسینا کونه | 3. |
| ترضیه خاطر | ایالات متحده | فرزند | عبدالله کونه | ایالات متحده | جورجیا | مامان کونه | 4. |
| ترضیه خاطر | ایالات متحده | فرزند | الکس اف. سیکونه | ایالات متحده | نیویورک | استفان سیکون | 5. |
| ترضیه خاطر | ایالات متحده | فرزند | الکس اف. سیکونه | ایالات متحده | نیویورک | جولیا سیکونه | 6. |
| ترضیه خاطر | ایالات متحده | فرزند | آیلین سانتیاگو | ایالات متحده | نیوجرسی | آیلین آرویو | 7. |
| ترضیه خاطر | ایالات متحده | فرزند | آیلین سانتیاگو | ایالات متحده | نیوجرسی | جورج جی سانتیاگو | 8. |
| ترضیه خاطر | ایالات متحده | همسر (متوفی) | آیلین سانتیاگو | ایالات متحده | نیوجرسی | آیلین آرویو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو | 9. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | کریستوفر کلارک | ایالات متحده | پنسیلوانیا | کیسی (کلارک) دباکه | 10. |
| ترضیه خاطر | ایالات متحده | همسر | کریستوفر کلارک | ایالات متحده | پنسیلوانیا | کیسی (کلارک) دباکه | 11. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | دریا لین | ایالات متحده | ایلینویز | ناشناس 140 | 12. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو سوم | ادوین جی. گراف | ایالات متحده | کنکتیکات | کریستین گراف | 13. |
| ترضیه خاطر | ایالات متحده | فرزند | ادوین جی. گراف سوم | ایالات متحده | TBD | سارا سوفر | 14. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ژان ماری کولین | ایالات متحده | کالیفرنیا | کوین جوزف کولین | 15. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ژان ماری کولین | ایالات متحده | نیوجرسی | کاتلین رانی | 16. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | ژان ماری کولین | ایالات متحده | نیویورک | جان داو 133 | 17. |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | ژان ماری کولین | ایالات متحده | نیویورک | ناشناس 142، به عنوان نماینده شخصی ماترک شارلوت گریبل | 18. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | نیویورک | رافائل اسپینال | 19. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | ماریا النا سانتانا | 20. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | ماریا آلتاگراسیا اسپینال | 21. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | نیویورک | جوزفینا بلانچارد | 22. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | فلورالیزا اسپینال | 23. |

---

[1] در خصوص موارد مشخص شده با عبارت "PR"، چنین ادعاهایی توسط نماینده شخصی املاک قربانی 9/11 و از طرف نماینده تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح میگردد.

[2] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح میکنند.

100613859.1-اسناد

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی9/11 | نسبت خواهان با قربانی[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[2] |
|---|---|---|---|---|---|---|---|
| 24. | مویزس اسپینال | پنسیلوانیا | ایالات متحده | خوزه اسپینال (Jose Espinal) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25. | یاسمین اسپینال | کنتیکت | ایالات متحده | خوزه اسپینال (Jose Espinal) | فرزند | ایالات متحده | ترضیه خاطر |
| 26. | ماریا آلبو آگیلار | کنتیکت | ایالات متحده | خوزه اسپینال (Jose Espinal) | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 27. | جورج کانزوی | نیویورک | ایالات متحده | کوین کانزوی | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 28. | جورجت کانزوی | نیویورک | ایالات متحده | کوین کانزوی | همسر | ایالات متحده | ترضیه خاطر |
| 29. | متیو کانزوی | ایلینویز | ایالات متحده | کوین کانزوی | فرزند | ایالات متحده | ترضیه خاطر |
| 30. | جیمی کانزوی | نیویورک | ایالات متحده | کوین کانزوی | فرزند | ایالات متحده | ترضیه خاطر |
| 31. | کریستین کیلی | نیویورک | ایالات متحده | کوین کانزوی | فرزند | ایالات متحده | ترضیه خاطر |
| 32. | جیل کانزوی | ماساچوست | ایالات متحده | کوین کانزوی | فرزند | ایالات متحده | ترضیه خاطر |
| 33. | رامونا شرودر | فلوریدا | ایالات متحده | لورین انتیگا | والد | ایالات متحده | ترضیه خاطر |
| 34. | چارلز شرودر | فلوریدا | ایالات متحده | لورین انتیگا | والد | ایالات متحده | ترضیه خاطر |
| 35. | دایان اینگلیترا | نیویورک | ایالات متحده | لوئیس اینگیلترا | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 36. | دایان اینگلیترا | نیویورک | ایالات متحده | لوئیس اینگیلترا | همسر | ایالات متحده | ترضیه خاطر |
| 37. | لوئیس سام اینگیلترا | نیویورک | ایالات متحده | لوئیس اینگیلترا | فرزند | ایالات متحده | ترضیه خاطر |
| 38. | لیزا درینزو | نیوجرسی | ایالات متحده | مایکل دیرینزو | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 39. | لیزا درینزو | نیوجرسی | ایالات متحده | مایکل دیرینزو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 40. | دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو | پنسیلوانیا | ایالات متحده | مایکل روسو | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 41. | آلانا مک کنزی | ویرجینیا | ایالات متحده | مولی مک کنزی | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 42. | آلانا مک کنزی | ویرجینیا | ایالات متحده | مولی مک کنزی | فرزند | ایالات متحده | ترضیه خاطر |
| 43. | لی مک کنزی | ویرجینیا | ایالات متحده | مولی مک کنزی | فرزند | ایالات متحده | ترضیه خاطر |
| 44. | اورسولا آندروس | فلوریدا | لهستان | نوربرت زورکوفسکی | پرتو ریکو | لهستان | ترضیه خاطر/قتل غیرعمد |
| 45. | اورسولا آندروس | فلوریدا | ایالات متحده | نوربرت زورکوفسکی | همسر | لهستان | ترضیه خاطر |
| 46. | الکساندرا سورکوفسکی | فلوریدا | ایالات متحده | نوربرت زورکوفسکی | فرزند | لهستان | ترضیه خاطر |
| 47. | کلودیا سورکوفسکی | فلوریدا | ایالات متحده | نوربرت زورکوفسکی | فرزند | لهستان | ترضیه خاطر |
| 48. | ربکا شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 49. | ربکا شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | همسر | ایالات متحده | ترضیه خاطر |
| 50. | لئون شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | فرزند | ایالات متحده | ترضیه خاطر |
| 51. | شائل شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | فرزند | ایالات متحده | ترضیه خاطر |
| 52. | ناشناس 133 | نیویورک | ایالات متحده | استنلی مک کاسکیل | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 53. | جویس گرانت | نیویورک | ایالات متحده | وینستون گرانت | پرتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 54. | جویس گرانت | نیویورک | ایالات متحده | وینستون گرانت | همسر | ایالات متحده | ترضیه خاطر |
| 55. | وینستون گرانت دوم | نیویورک | ایالات متحده | وینستون گرانت | فرزند | ایالات متحده | ترضیه خاطر |
| 56. | ناشناس 144، به عنوان نماینده شخصی ماترک جویا گرانت | نیویورک | ایالات متحده | وینستون گرانت | فرزند (متوفی) | ایالات متحده | ترضیه خاطر |

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | 03-MDL-1570 (GBD)(SN) |

| | |
|---|---|
| Celestine Kone, as the Personal Representative of the Estate of Abdoulaye Kone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Abdoulaye Kone<br><br>Celestine Kone, individually, as surviving spouse of Abdoulaye Kone<br><br>Lacina Kone, individually, as surviving child of Abdoulaye Kone<br><br>Mama Kone, individually, as surviving child of Abdoulaye Kone<br><br>Stephen Ciccone, individually, as surviving child of Alex F. Ciccone<br><br>Julia Ciccone, individually, as surviving child of Alex F. Ciccone<br><br>Ayleen Arroyo, individually, as surviving child of Ayleen Santiago<br><br>George J. Santiago, individually, as surviving child of Ayleen Santiago<br><br>Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago, deceased, the late spouse of Ayleen Santiago<br><br>Casey (Clarke) DeBaecke, as the Personal Representative of the Estate of Christopher Clarke, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Clarke<br><br>Casey (Clarke) DeBaecke, individually, as surviving spouse of Christopher Clarke<br><br>John Doe 140, being intended to designate the Personal Representative of the Estate of Darya Lin, deceased, said name being fictitious, her/his true name | Civil Docket Number: 1:23-cv-05790 (GBD) (SN)<br><br>**IRAN SHORT FORM AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Darya Lin

Kristen Graf, as the Personal Representative of the Estate of Edwin J. Graf, III, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edwin J. Graf, III

Sarah Sopher, individually, as surviving child of Edwin J. Graf, III

Kevin Joseph Collin, individually, as surviving sibling of Jean Marie Collin

Kathleen Raney, individually, as surviving sibling of Jean Marie Collin

John Doe 141, being intended to designate the Personal Representative of the Estate of Jean Marie Collin, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Jean Marie Collin

John Doe 142, as Personal Representative of the Estate of Charlotte Griebel, deceased, the late parent of Jean Marie Collin

Rafael Espinal, individually, as surviving sibling of Jose Espinal

Maria Elena Santana, individually, as surviving sibling of Jose Espinal

Maria Altagracia Espinal, individually, as surviving sibling of Jose Espinal

Josefina Blanchard, individually, as surviving sibling of Jose Espinal

2

Flordaliza Espinal, individually, as surviving sibling of Jose Espinal

Moises Espinal, individually, as surviving sibling of Jose Espinal

Jasmine Espinal, individually, as surviving child of Jose Espinal

Maria Alayo Aguilar, as the Personal Representative of the Estate of Jose Espinal, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jose Espinal

Georgette Conroy, as the Personal Representative of the Estate of Kevin Conroy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kevin Conroy

Georgette Conroy, individually, as surviving spouse of Kevin Conroy

Matthew Conroy, individually, as surviving child of Kevin Conroy

Jamie Conroy, individually, as surviving child of Kevin Conroy

Christine Kelly, individually, as surviving child of Kevin Conroy

Jill Conroy, individually, as surviving child of Kevin Conroy

Ramona Schroeder, individually, as surviving parent of Lorraine Antigua

Charles Schroeder, individually, as surviving parent of Lorraine Antigua

Diane Inghilterra, as the Personal Representative of the Estate of Louis Inghilterra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis Inghilterra

Diane Inghilterra, individually, as surviving spouse of Louis Inghilterra

Louis Sam Inghilterra, individually, as surviving child of Louis Inghilterra

Lisa DeRienzo, as the Personal Representative of the Estate of Michael DeRienzo, deceased, and on behalf

3

of all survivors and all legally entitled beneficiaries and family members of Michael DeRienzo

Lisa DeRienzo, individually, as surviving sibling of Michael DeRienzo

Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo, deceased, the late parent of Michael Russo

Alana McKenzie, as the Personal Representative of the Estate of Molly McKenzie, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Molly McKenzie

Alana McKenzie, individually, as surviving child of Molly McKenzie

Lea McKenzie, individually, as surviving child of Molly McKenzie

Ursula Andrus, as the Personal Representative of the Estate of Norbert Szurkowski, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Norbert Szurkowski

Ursula Andrus, individually, as surviving spouse of Norbert Szurkowski

Alexandra Szurkowski, individually, as surviving child of Norbert Szurkowski

Claudia Szurkowski, individually, as surviving child of Norbert Szurkowski

Rebecca Shum, as the Personal Representative of the Estate of See Wong Shum, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of See Wong Shum

Rebecca Shum, individually, as surviving spouse of See Wong Shum

Leon Shum, individually, as surviving child of See Wong Shum

Chanel Shum, individually, as surviving child of See Wong Shum

John Doe 143, being intended to designate the Personal Representative of the Estate of Stanley McCaskill, deceased, said name being fictitious, her/his true name is not presently known, confirmed,

4

and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Stanley McCaskill

Joyce Grant, as the Personal Representative of the Estate of Winston Grant, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Winston Grant

Joyce Grant, individually, as surviving spouse of Winston Grant

Winston Grant II, individually, as surviving child of Winston Grant

John Doe 144, as Personal Representative of the Estate of Joya Grant, deceased, the late child of Winston Grant

Evan V. Vandommelen-Gonzalez, individually, as surviving spouse of Mauricio Gonzalez

Lorna Moringiello, individually, as surviving spouse of Michael Scott Lamana

Kimmy Chedel, as the Personal Representative of the Estate of Frank Doyle, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Frank Doyle

Kimmy Chedel, individually, as surviving spouse of Frank Doyle

Zoe Doyle, individually, as surviving child of Frank Doyle

Garrett Doyle, individually, as surviving child of Frank Doyle

Leo Andreacchio, individually, as surviving sibling of John Andreacchio

John Doe 137, as the Personal Representative of the Estate of John Andreacchio, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John Andreacchio

John Doe 138, as the Personal Representative of the Estate of Elaine Greenberg, deceased, and on behalf

5

docs-100623439.1

of all survivors and all legally entitled beneficiaries and family members of Elaine Greenberg

Wilfredo Agosto, individually, as surviving spouse of Myrna Maldonado-Agosto

Estelle Pershep, as the Personal Representative of the Estate of Franklin Pershep, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Franklin Pershep

Estelle Pershep, individually, as surviving spouse of Franklin Pershep

Stacy Paolozzi, individually, as surviving child of Franklin Pershep

John Doe 145, as Personal Representative of the Estate of Sharyn Fine, deceased, the late child of Franklin Pershep

Betty Woods, as the Personal Representative of the Estate of Marvin Woods, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Marvin Woods

Betty Woods, individually, as surviving spouse of Marvin Woods

James Woods, individually, as surviving child of Marvin Woods

Jennifer Nicosia, individually, as surviving child of Marvin Woods

Deborah Ivory, as the Personal Representative of the Estate of Lacey B. Ivory, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lacey B. Ivory

Deborah Ivory, individually, as surviving spouse of Lacey B. Ivory

Momo Scharf, individually, as surviving child of John Scharf

John Doe 139, being intended to designate the Personal Representative of the Estate of Yamel Merino, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been

appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Yamel Merino

Kevin Merino, individually, as surviving child of Yamel Merino

Edwardo Rodriguez, as the Personal Representative of the Estate of Lizette Mendoza, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Lizette Mendoza

Rolando Mendoza, Sr., individually, as surviving spouse of Lizette Mendoza

Rolando Mendoza, Jr., individually, as surviving child of Lizette Mendoza

Wil-Justin Ojeda, individually, as surviving child of Lizette Mendoza

Tamatha Patterson, as the Personal Representative of the Estate of Clifford L. Patterson, Jr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Clifford L. Patterson, Jr.

Tamatha Patterson, individually, as surviving spouse of Clifford L. Patterson, Jr.

Clifford L. Patterson III, individually, as surviving child of Clifford L. Patterson, Jr.

Benjamin Cody Patterson, individually, as surviving child of Clifford L. Patterson, Jr.

Clifford Patterson, individually, as surviving parent of Clifford L. Patterson, Jr.

Sandra Wheeler Patterson, individually, as surviving parent of Clifford L. Patterson, Jr.

Rashida Ivory, individually, as surviving child of Lacey B. Ivory

Quawana Rodriguez, individually, as surviving child of Lacey B. Ivory

Russ F. Jellinek, Esq. as Personal Representative of the Estate of Timothy Langer, deceased, the late spouse of Vanessa Lang Langer

Plaintiffs,

7

-against-

Islamic Republic of Iran,

Defendant.

Plaintiffs named herein by and through the undersigned counsel file this Iran Short Form Amended Complaint against Defendant, the Islamic Republic of Iran ("Iran"), arising out of the September 11, 2001 terrorist attacks ("September 11, 2001 Terrorist Attacks"), as permitted and approved by the Court's Order of October 28, 2019, ECF No. 5234. Each Plaintiff incorporates by reference the specific allegations, as indicated below, of (a) the Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237, or (b) the Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

Upon filing this Short Form Amended Complaint, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the complaint that has been joined as specified below; all causes of action contained within that complaint; all prior filings in connection with that complaint; and all prior Orders and rulings of the Court in connection with that complaint.

Additionally, each Plaintiff incorporates the factual allegations and findings contained in those pleadings and orders filed at Havlish v. Bin Laden, No. 1:03-CV-9848 (GBD)(SN) (S.D.N.Y.), ECF Nos. 263, 294, 295; In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN) (S.D.N.Y.), ECF Nos. 2430, 2431, 2432, 2433, 2473, 2515, 2516; and evidence submitted at the proceedings before the Honorable George B. Daniels on December 15, 2011 (ECF No. 2540).

## VENUE

1.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(f)(1), as a substantial part of the events giving rise to the claims asserted herein occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 2334(a).

## JURISDICTION

2.      Jurisdiction against the Islamic Republic of Iran is premised on the grounds set forth in the complaints specified below, including but not limited to 28 U.S.C. § 1605(a) (tort exception to the Foreign Sovereign Immunities Act), 28 U.S.C. § 1605A (terrorism exception to the Foreign Sovereign Immunities Act), and 28 U.S.C. § 1605B (Justice Against Sponsors of Terrorism Act).

## CAUSES OF ACTION

3.      Each Plaintiff hereby adopts and incorporates by reference all factual allegations, jurisdictional allegations, and jury trial demand, including all causes of action against the Islamic Republic of Iran, as set forth in the following complaint [**check only one complaint**]:

☐ Federal Insurance and Ashton Plaintiffs' Amended Consolidated Complaint Against Defendant, the Islamic Republic of Iran, ECF No. 3237

☒ Amended Complaint, Burnett v. Islamic Republic of Iran, No. 15-CV-9903 (GBD) (SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53

4.      In addition, each Plaintiff hereby asserts the following additional causes of action:

☒ Iran Short Form Complaint First Cause of Action to Recover Wrongful Death Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed,

9

planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

☐ Iran Short Form Complaint First Cause of Action to Recover Personal Injury Damages Pursuant to 28 U.S.C. § 1605B (the Justice Against Sponsors of Terrorism Act or JASTA) and 18 U.S.C. § 2333 *et seq.* (the Anti-Terrorism Act or ATA)

As a factual basis for this cause of action, Plaintiff(s) allege that the allegations set forth in the complaint noted above, as well as the allegations set forth in the Havlish filings noted above, establish that, as set forth herein, the injuries they suffered arose from the September 11, 2001 Terrorist Attacks; Defendant's role in the September 11, 2001 Terrorist Attacks constituted acts of international terrorism that violated state and federal laws pursuant to 18 U.S.C. § 2331; that the September 11, 2001 Terrorist Attacks constituted acts of international terrorism committed, planned or authorized by an organization that had been designated as a foreign terrorist organization under 8 U.S.C. § 1189; that the September 11, 2001 Terrorist Attacks violated state and federal laws pursuant to 18 U.S.C. § 2331; and that Defendant aided and abetted, by knowingly providing substantial assistance, with others and/or conspired with others who committed an act or acts of international terrorism in violation of 18 U.S.C. § 2333 *et seq.*

## IDENTIFICATION OF NEW PLAINTIFFS

5.     The following allegations and information are alleged on behalf of each individual who is bringing this claim, as indicated on Appendix 1 to this Iran Short Form Amended Complaint, herein referred to as "Plaintiffs."

a.     The citizenship/nationality of each Plaintiff is indicated at Appendix 1 to this Iran Short Form Amended Complaint.

b.     Plaintiff is entitled to recover damages on the causes of action set forth in the complaint identified above, as joined by this Iran Short Form Amended Complaint, and as further asserted within this Iran Short Form Amended Complaint.

c.     As indicated at Appendix 1, Plaintiff (i) is the estate representative of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; (ii) is the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks; and/or (iii) suffered physical injuries as a result of the September 11, 2001 Terrorist Attacks.

d.  For those plaintiffs with personal injury claims, as indicated in Appendix 1, on or after September 11, 2001, said Plaintiff was present at the Pentagon and/or the World Trade Center site and/or its surroundings and/or lower Manhattan and/or at an area wherein he/she was exposed to toxins as a result of the terrorist attacks and was exposed to toxins from the attacks, and/or was otherwise injured, and/or as otherwise alleged, as stated specifically in Appendix 1.

e.  For those plaintiffs with personal injury and/or wrongful death claims, as indicated in Appendix 1, as a direct, proximate and foreseeable result of Defendant's actions or inactions, Plaintiff or his or her decedent suffered bodily injury and/or death, and consequently economic and other losses, including but not limited to pain and suffering, emotional distress, psychological injuries, and loss of enjoyment of life, and/or as described in the Iran Short Form Amended Complaint, and/or as otherwise may be specified in subsequent discovery proceedings, and/or as otherwise alleged in Appendix 1.

f.  The name, relationship to the injured and/or deceased September 11 victim, residency, citizenship/nationality, and the general nature of the claim for each plaintiff asserting wrongful death and/or solatium claims is listed on the attached Appendix 1, and is incorporated herein as allegations, with all allegations of the related complaints, as specified above, deemed alleged as to each Plaintiff.

## IDENTIFICATION OF THE DEFENDANT

6.  The only Defendant named in this Iran Short Form Amended Complaint is the Islamic Republic of Iran.

## NO WAIVER OF OTHER CLAIMS

7.  By filing this Iran Short Form Amended Complaint, Plaintiffs are not waiving any right to file suit against any other potential defendants or parties.

8.  By filing this Iran Short Form Amended Complaint, Plaintiffs are not opting out of any class that the Court may certify in the future.

## JURY DEMAND

9.  Each Plaintiff hereby demands a trial by jury as to the claims in this action.

11

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant as set forth in

this Iran Short Form Amended Complaint as appropriate.

Dated: August 4, 2023

Respectfully submitted,
 */s/ Jerry S. Goldman*

Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com

*Attorneys for Plaintiffs*

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1. | Celestine Kone | GA | United States | Abdoulaye Kone | PR | United States | Solatium/Wrongful Death |
| 2. | Celestine Kone | GA | United States | Abdoulaye Kone | Spouse | United States | Solatium |
| 3. | Lacina Kone | GA | United States | Abdoulaye Kone | Child | United States | Solatium |
| 4. | Mama Kone | GA | United States | Abdoulaye Kone | Child | United States | Solatium |
| 5. | Stephen Ciccone | NY | United States | Alex F. Ciccone | Child | United States | Solatium |
| 6. | Julia Ciccone | NY | United States | Alex F. Ciccone | Child | United States | Solatium |
| 7. | Ayleen Arroyo | NJ | United States | Ayleen Santiago | Child | United States | Solatium |
| 8. | George J. Santiago | NJ | United States | Ayleen Santiago | Child | United States | Solatium |
| 9. | Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago | NJ | United States | Ayleen Santiago | Spouse (Deceased) | United States | Solatium |
| 10. | Casey (Clarke) DeBaecke | PA | United States | Christopher Clarke | PR | United States | Solatium/Wrongful Death |
| 11. | Casey (Clarke) DeBaecke | PA | United States | Christopher Clarke | Spouse | United States | Solatium |
| 12. | John Doe 140 | IL | United States | Darya Lin | PR | United States | Solatium/Wrongful Death |
| 13. | Kristen Graf | MD | United States | Edwin J. Graf, III | PR | United States | Solatium/Wrongful Death |
| 14. | Sarah Sopher | MD | United States | Edwin J. Graf, III | Child | United States | Solatium |
| 15. | Kevin Joseph Collin | CA | United States | Jean Marie Collin | Sibling | United States | Solatium |
| 16. | Kathleen Raney | NJ | United States | Jean Marie Collin | Sibling | United States | Solatium |

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

13

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 17. | John Doe 141 | NY | United States | Jean Marie Collin | PR | United States | Solatium/Wrongful Death |
| 18. | John Doe 142, as Personal Representative of the Estate of Charlotte Griebel | NY | United States | Jean Marie Collin | Parent (Deceased) | United States | Solatium |
| 19. | Rafael Espinal | NY | United States | Jose Espinal | Sibling | United States | Solatium |
| 20. | Maria Elena Santana | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 21. | Maria Altagracia Espinal | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 22. | Josefina Blanchard | NY | United States | Jose Espinal | Sibling | United States | Solatium |
| 23. | Flordaliza Espinal | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 24. | Moises Espinal | PA | United States | Jose Espinal | Sibling | United States | Solatium |
| 25. | Jasmine Espinal | CT | United States | Jose Espinal | Child | United States | Solatium |
| 26. | Maria Alayo Aguilar | CT | United States | Jose Espinal | PR | United States | Solatium/Wrongful Death |
| 27. | Georgette Conroy | NY | United States | Kevin Conroy | PR | United States | Solatium/Wrongful Death |
| 28. | Georgette Conroy | NY | United States | Kevin Conroy | Spouse | United States | Solatium |
| 29. | Matthew Conroy | IL | United States | Kevin Conroy | Child | United States | Solatium |
| 30. | Jamie Conroy | NY | United States | Kevin Conroy | Child | United States | Solatium |
| 31. | Christine Kelly | NY | United States | Kevin Conroy | Child | United States | Solatium |
| 32. | Jill Conroy | MA | United States | Kevin Conroy | Child | United States | Solatium |
| 33. | Ramona Schroeder | FL | United States | Lorraine Antigua | Parent | United States | Solatium |
| 34. | Charles Schroeder | FL | United States | Lorraine Antigua | Parent | United States | Solatium |
| 35. | Diane Inghilterra | NY | United States | Louis Inghilterra | PR | United States | Solatium/Wrongful Death |
| 36. | Diane Inghilterra | NY | United States | Louis Inghilterra | Spouse | United States | Solatium |
| 37. | Louis Sam Inghilterra | NY | United States | Louis Inghilterra | Child | United States | Solatium |
| 38. | Lisa DeRienzo | NJ | United States | Michael DeRienzo | PR | United States | Solatium/Wrongful Death |
| 39. | Lisa DeRienzo | NJ | United States | Michael DeRienzo | Sibling | United States | Solatium |
| 40. | Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo | PA | United States | Michael Russo | Parent (Deceased) | United States | Solatium |
| 41. | Alana McKenzie | VA | United States | Molly McKenzie | PR | United States | Solatium/Wrongful Death |
| 42. | Alana McKenzie | VA | United States | Molly McKenzie | Child | United States | Solatium |
| 43. | Lea McKenzie | VA | United States | Molly McKenzie | Child | United States | Solatium |
| 44. | Ursula Andrus | FL | Poland | Norbert Szurkowski | PR | Poland | Solatium/Wrongful Death |
| 45. | Ursula Andrus | FL | United States | Norbert Szurkowski | Spouse | Poland | Solatium |
| 46. | Alexandra Szurkowski | FL | United States | Norbert Szurkowski | Child | Poland | Solatium |

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 47. | Claudia Szurkowski | FL | United States | Norbert Szurkowski | Child | Poland | Solatium |
| 48. | Rebecca Shum | NJ | United States | See Wong Shum | PR | United States | Solatium/Wrongful Death |
| 49. | Rebecca Shum | NJ | United States | See Wong Shum | Spouse | United States | Solatium |
| 50. | Leon Shum | NJ | United States | See Wong Shum | Child | United States | Solatium |
| 51. | Chanel Shum | NJ | United States | See Wong Shum | Child | United States | Solatium |
| 52. | John Doe 143 | NY | United States | Stanley McCaskill | PR | United States | Solatium/Wrongful Death |
| 53. | Joyce Grant | NY | United States | Winston Grant | PR | United States | Solatium/Wrongful Death |
| 54. | Joyce Grant | NY | United States | Winston Grant | Spouse | United States | Solatium |
| 55. | Winston Grant II | NY | United States | Winston Grant | Child | United States | Solatium |
| 56. | John Doe 144, as Personal Representative of the Estate of Joya Grant | NY | United States | Winston Grant | Child (Deceased) | United States | Solatium |
| 57. | Evan V. Vandommelen-Gonzalez | CA | United States | Mauricio Gonzalez | Spouse | United States | Solatium |
| 58. | Lorna Moringiello | IN | United States | Michael Scott Lamana | Spouse | United States | Solatium |
| 59. | Kimmy Chedel | Canada | Canada | Frank Doyle | PR | Canada | Solatium/Wrongful Death |
| 60. | Kimmy Chedel | Canada | Canada | Frank Doyle | Spouse | Canada | Solatium |
| 61. | Zoe Doyle | Canada | Canada | Frank Doyle | Child | Canada | Solatium |
| 62. | Garrett Doyle | Canada | Canada | Frank Doyle | Child | Canada | Solatium |
| 63. | Leo Andreacchio | NY | United States | John Andreacchio | Sibling | United States | Solatium |
| 64. | John Doe 137 | NY | United States | John Andreacchio | PR | United States | Solatium/Wrongful Death |
| 65. | John Doe 138 | NY | United States | Elaine Greenberg | PR | United States | Solatium/Wrongful Death |
| 66. | Wilfredo Agosto | NC | United States | Myrna Maldonado-Agosto | Spouse | United States | Solatium |

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 67. | Estelle Pershep | NY | United States | Franklin Pershep | PR | United States | Solatium/Wrongful Death |
| 68. | Estelle Pershep | NY | United States | Franklin Pershep | Spouse | United States | Solatium |
| 69. | Stacy Paolozzi | NY | United States | Franklin Pershep | Child | United States | Solatium |
| 70. | John Doe 145, as Personal Representative of the Estate of Sharyn Fine | NY | United States | Franklin Pershep | Child (Deceased) | United States | Solatium |
| 71. | Betty Woods | MD | United States | Marvin Woods | PR | United States | Solatium/Wrongful Death |
| 72. | Betty Woods | SC | United States | Marvin Woods | Spouse | United States | Solatium |
| 73. | James Woods | MD | United States | Marvin Woods | Child | United States | Solatium |
| 74. | Jennifer Nicosia | VA | United States | Marvin Woods | Child | United States | Solatium |
| 75. | Deborah Ivory | VA | United States | Lacey B. Ivory | PR | United States | Solatium/Wrongful Death |
| 76. | Deborah Ivory | MD | United States | Lacey B. Ivory | Spouse | United States | Solatium |
| 77. | Momo Scharf | IL | United States | John Scharf | Child | United States | Solatium |
| 78. | John Doe 139 | NY | United States | Yamel Merino | PR | United States | Solatium/Wrongful Death |
| 79. | Kevin Merino | NY | United States | Yamel Merino | Child | United States | Solatium |
| 80. | Edwardo Rodriguez | NJ | United States | Lizette Mendoza | PR | United States | Solatium/Wrongful Death |
| 81. | Rolando Mendoza, Sr. | NJ | United States | Lizette Mendoza | Spouse | United States | Solatium |
| 82. | Rolando Mendoza, Jr. | NJ | United States | Lizette Mendoza | Child | United States | Solatium |
| 83. | Wil-Justin Ojeda | NJ | United States | Lizette Mendoza | Child | United States | Solatium |
| 84. | Tamatha Patterson | VA | United States | Clifford L. Patterson, Jr. | PR | United States | Solatium/Wrongful Death |
| 85. | Tamatha Patterson | VA | United States | Clifford L. Patterson, Jr. | Spouse | United States | Solatium |
| 86. | Clifford L. Patterson III | VA | United States | Clifford L. Patterson, Jr. | Child | United States | Solatium |
| 87. | Benjamin Cody Patterson | VA | United States | Clifford L. Patterson, Jr. | Child | United States | Solatium |
| 88. | Clifford Patterson | MD | United States | Clifford L. Patterson, Jr. | Parent | United States | Solatium |
| 89. | Sandra Wheeler Patterson | MD | United States | Clifford L. Patterson, Jr. | Parent | United States | Solatium |
| 90. | Rashida Ivory | VA | United States | Lacey B. Ivory | Child | United States | Solatium |
| 91. | Quawana Rodriguez | MO | United States | Lacey B. Ivory | Child | United States | Solatium |
| 92. | Russ F. Jellinek, Esq. as Personal Representative of the Estate of Timothy Langer | NY | United States | Vanessa Lang Langer | Spouse | United States | Solatium |

16

دادگاه ناحیه‌ای ایالات متحده ناحیه جنوب نیویورک

| | |
|---|---|
| **عطف به:** | 03-MDL-1570 (GBD)(SN) |
| حملات تروریستی 11 سپتامبر 2001 | |
| | **شماره سند مدنی:** (SN) (GBD) 05790-cv-23:1 |
| سلستین کونه، به عنوان نماینده شخصی ماترک توماس لانگُن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده عبدالله کونه | **فرم کوتاه شکایت از ایران و تقاضای برگزاری محاکمه همراه با هیئت منصفه** |
| سلستین کونه، به صورت جداگانه، به عنوان همسر بازمانده عبدالله کونه | |
| لاسینا کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه | |
| ماما کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه | |
| استفن سیکون، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون | |
| جولیا سیکونه، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون | |
| آیلین آرویو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو | |
| جورج جی سانتیاگو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو | |
| آیلین آرویو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو، متوفی، همسر فقید آیلین سانتیاگو | |
| کیسی (کلارک) دیبیک به عنوان نماینده شخصی ماترک کریستوفر دافی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر کلارک | |
| کیسی (کلارک) دیبیک، به صورت جداگانه، به عنوان همسر بازمانده کریستوفر کلارک | |
| ناشناس 140، که قصد دارد نماینده شخصی ماترک دریا لین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دریا لین | |
| کریستین گراف به عنوان نماینده شخصی مشترک ماترک ادوین جی. گراف سوم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ادوین جی. گراف سوم | |
| سارا سوفر، انفراداً، به عنوان فرزند بازمانده ادوین جی. گراف سوم | |
| کوین جوزف کولین، به صورت جداگانه، به عنوان خواهر و برادر بازمانده ژان ماری کولین | |
| کاتلین رینی، به صورت جداگانه، به عنوان خواهر و برادر بازمانده ژان | |

ماری کولین

ناشناس 141، که قصد دارد نماینده شخصی ماترک لوئیس ان. ماریانی، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ژان ماری کولین

ناشناس 142، به عنوان نماینده شخصی املاک شارلوت گریبل، پدر و مادر فقید ژان ماری کولین درگذشت.

رافائل اسپینال، انفراداً به عنوان برادر/خواهر بازمانده خوزه اسپینال

ماریا الینا سانتانا، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

ماریا التاگراسیا اسپینال، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

جوزفینا بلانچارد، به صورت جداگانه، به عنوان خواهر و برادر بازمانده خوزه اسپینال

فلور ادلیزا اسپینال، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

موسیس اسپینال، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

یاسمین اسپینال، به صورت جداگانه، به عنوان فرزند بازمانده خوزه اسپینال

ماریو الایو اگیلر، به عنوان نماینده شخصی ماترک جوزف ام. ناواس، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوزه اسپینال

جورجیت کانروی، به عنوان نماینده شخصی ماترک کنت زلمن، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیوین کانروی

جورجت کانروی، به صورت جداگانه، به عنوان همسر بازمانده کوین کانروی

متیو کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

جیمی کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

2

اسناد-1.100623439

کریستین کلی، به عنوان فرزند بازمانده کوین کانروی

جیل کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

رامونا شرودر، به صورت جداگانه، به عنوان والد بازمانده لورین آنتیگوا

چارلز شرودر، به صورت جداگانه، به عنوان والد بازمانده لورن آنتیگوا

دیانا اینگلیترا به عنوان نماینده شخصی ماترک جفری دینگل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لویس اینگلیترا

دایان اینگلیترا، به صورت جداگانه، به عنوان همسر بازمانده لوئیس اینگلیترا

لوئیس سام اینگلیترا، به صورت جداگانه، به عنوان فرزند بازمانده لوئیس اینگلیترا

لیزا دیرینزیو، به عنوان نماینده شخصی ماترک میکایل دیرینزیو، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میکایل دیرینزیو

لیزا درینزو، به صورت جداگانه، به عنوان خواهر و برادر بازمانده مایکل درینزو

دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو، درگذشته، پدر و مادر فقید مایکل روسو

الانا مگینزی، به عنوان نماینده شخصی مشترک ماترک ریچارد مورگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مولی مگینزی

آلانا مک کنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مکنزی

لی مکنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مک کنزی

اورسولا اندروس، به عنوان نماینده شخصی ماترک گئورگین ر. کوریگان، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ناربرت سرکوزکی

اورسولا آندروس، به صورت جداگانه، به عنوان همسر بازمانده نوربرت سورکوفسکی

الکساندرا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

کلودیا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

ربیکا شم، به عنوان نماینده شخصی ماترک تیموتی مواد، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده سی ونگ شم

اسناد-100623439.1

ربیکا شم، به صورت جداگانه، به عنوان بازمانده سی ونگ شم

لئون شوم، به صورت جداگانه، به عنوان فرزند بازمانده See Wong Shum

شانل شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

ناشناس 143، که قصد دارد نماینده شخصی ماترک استینلی مکاسکیل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استینلی مکاسکیل

جویس گرانت، به عنوان نماینده شخصی مشترک ماترک واندا گرین، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینستن گرانت

جویس گرانت، به صورت جداگانه، به عنوان همسر بازمانده وینستون گرانت

وینستون گرانت دوم، به صورت جداگانه، به عنوان فرزند بازمانده وینستون گرانت

ناشناس 144، به عنوان نماینده شخصی ماترک جویا گرانت، متوفی، فرزند متوفای وینستن گرانت

Evan V. Vandommelen-Gonzalez، به صورت جداگانه، به عنوان همسر بازمانده Mauricio Gonzalez

لورنا مورینگیلو، به صورت جداگانه، به عنوان همسر بازمانده مایکل اسکات لامانا

کیمی چیدل، به عنوان نماینده شخصی ماترک فرانک دایل، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فرانک دایل

کیمی چدل، به صورت جداگانه، به عنوان همسر بازمانده فرانک دویل

زوئی دویل، به صورت جداگانه، به عنوان فرزند بازمانده فرانک دویل

گرت دویل، به صورت جداگانه، به عنوان فرزند بازمانده فرانک دویل

لئو آندریاکیو، به صورت جداگانه، به عنوان خواهر و برادر بازمانده جان آندریاکیو

ناشناس 137، به عنوان نماینده شخصی ماترک جان اندراشیو، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جان اندراشیو

ناشناس 138، به عنوان نماینده شخصی ماترک الین گرینبرگ، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده الین گرینبرگ

ویلفردو آگوستو، به صورت جداگانه، به عنوان همسر بازمانده میرنا

اسناد-100623439.1

مالدونادو آگوستو

استیل پرشیپ، به عنوان نماینده شخصی ماترک فرانکلین پرشیپ، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده فرانکلین پرشیپ

استل پرشپ، به صورت جداگانه، به عنوان بازمانده فرانکلین پرشپ

استیسی پائولوزی، به صورت جداگانه، به عنوان فرزند بازمانده فرانکلین پرشپ

ناشناس 145، به عنوان نماینده شخصی ماترک شارین فاین، متوفی، فرزند متوفای فرانکلین پرشیپ

بیتی وودز، به عنوان نماینده شخصی ماترک مارون وودز، متوفی، و نماینده از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ماروین وودز

بتی وودز، به صورت جداگانه، به عنوان همسر بازمانده ماروین وودز

جیمز وودز، به صورت جداگانه، به عنوان فرزند بازمانده ماروین وودز

جنیفر نیکوزیا، به صورت جداگانه، به عنوان فرزند بازمانده ماروین وودز

دیبورا ایوری، به عنوان نماینده شخصی ماترک لیسی بی. ایوری، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لیسی بی. ایوری

دبورا آیوری، به صورت جداگانه، به عنوان همسر بازمانده لیسی بی آیوری

مومو شارف، به صورت جداگانه، به عنوان فرزند بازمانده جان شارف

ناشناس 139، که قصد دارد نماینده شخصی ماترک یامیل میرینو، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده یامیل میرینو

کوین مرینو، به صورت جداگانه، به عنوان فرزند بازمانده یامل مرینو

ادواردو رودریگز، به عنوان نماینده شخصی ماترک لیزیت مندوزا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لیزیت مندوزا

رولاندو مندوزا، پدر، به عنوان همسر بازمانده لیزت مندوزا

رولاندو مندوزا، جونیور، به عنوان فرزند بازمانده لیزت مندوزا

ویل جاستین اوجدا، به صورت جداگانه، به عنوان فرزند بازمانده لیزت مندوزا

تاماتا پاترسون، به عنوان نماینده شخصی ماترک کلیفورد ال. پاترسون،

متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کلیفورد ال. پاترسون

تاماتا پترسون، به صورت جداگانه، به عنوان همسر بازمانده کلیفورد ال. پترسون، جونیور.

کلیفورد ال. پترسون سوم، به صورت جداگانه، به عنوان فرزند بازمانده کلیفورد ال.

بنجامین کودی پترسون، به عنوان فرزند بازمانده کلیفورد ال. پترسون، جونیور.

کلیفورد پترسون، به صورت جداگانه، به عنوان والدین بازمانده کلیفورد ال. پترسون، جونیور.

ساندرا ویلر پترسون، به صورت جداگانه، به عنوان والدین بازمانده کلیفورد ال. پترسون، جونیور.

رشیدا ایوری، به صورت جداگانه، به عنوان فرزند بازمانده لیسی بی آیوری

کووانا رودریگز، به صورت جداگانه، به عنوان فرزند بازمانده لیسی بی آیوری

Russ F. Jellinek, Esq. به عنوان نماینده شخصی املاک تیموتی لنگر، متوفی، همسر فقید ونسا لانگ لنگر

خواهان‌ها،

– علیه –

جمهوری اسلامی ایران،

خوانده.

خواهان(های) مندرج در اینجا از طریق وکیلی که امضایش در زیر آمده است این فرم کوتاه شکایت را علیه خوانده جمهوری اسلامی ایران ("ایران") در خصوص حملات تروریستی 11 سپتامبر 2001 ("حملات تروریستی 11 سپتامبر 2001") ارائه می‌کنند که بنا به دستور دادگاه ECF شماره 5234 مورخ 28 اکتبر 2019 مجاز دانسته شده و تأیید گردیده است. هر یک از خواهان‌ها اتهامات مشخص مندرج در زیر را از طریق ارجاع مطرح می‌سازند، (الف) شکایت تجمیعی اصلاح شده خواهان‌ها <u>بیمه فدرال و اشتون</u> علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237، یا (ب) شکایت اصلاح شده، <u>برنت علیه جمهوری اسلامی ایران</u>، شماره 8 .S.D.N.Y (SN)(GBD) 15-CV-9903 فوریه (2016)، ECF شماره 53.

6

فرض بر این خواهد بود که هر یک از خواهان(ها) با طرح این فرم کوتاه شکایت، تمامی اتهامات مبتنی بر حقایق و قضایی شکایت را که در زیر مشخص شده است؛ تمامی علل اقدام مندرج در شکایت؛ تمام موارد ارائه شده در خصوص آن شکایت؛ و تمام احکام و دستورات دادگاه در رابطه با آن شکایت را نیز گنجانده‌اند.

علاوه بر این، هر یک از خواهان‌ها اتهامات مبتنی بر حقایق مندرج در آن دادرسی‌ها و احکام ارائه شده در پرونده هاولیش علیه بن لادن، به شماره ECF ,(.S.D.N.Y) (SN) (GBD) 1:03-CV-9848 شماره‌های 263، 294، 295؛ عطف به حملات تروریستی 11 سپتامبر 2001، پرونده ECF ,(.S.D.N.Y) (GBD)(SN) 03-MDL-1570 شماره‌های 2430، 2431، 2432، 2433، 2473، 2515، 2516؛ و شواهد ارائه شده در دادرسی‌ها نزد قاضی جورج بی. دانیلز در 15 دسامبر 2011 (ECF شماره 2540) را گنجانده‌اند.

اسناد- 100623439.1

## مکان

1. مکان این ناحیه بر اساس 2)(b)1391 §§ 28 U.S.C. و 1)(f)1391 مناسب است چرا که بخش قابل توجهی

از رویدادهای منجر به دعاوی مطرح شده در اینجا در این ناحیه رخ داده است. همچنین محل اقامه دعوی در این ناحیه براساس 18

U.S.C. § 2334(a) مناسب است.

## صلاحیت قضایی

2. صلاحیت قضایی علیه جمهوری اسلامی ایران بر اساس دلایل مندرج در شکایات مشخص شده در زیر، از جمله

اما نه محدود به a)1605 § 28 U.S.C. (استثنای شبهجرم قانون مصونیت حاکمیت خارجی)، 1605A § 28 U.S.C. (استثنای

تروریسم قانون مصونیت حاکمیت خارجی) و 1605B § 28 U.S.C. (قانون عدالت علیه حامیان مالی تروریسم) اثبات میگردد.

## علل اقدام

3. بدین وسیله هریک از خواهان(ها) با ارجاع تمامی اتهامات مبتنی بر حقایق، اتهامات قضایی و درخواست محاکمه

با حضور هیئت منصفه از جمله تمام علل اقدام علیه جمهوری اسلامی ایران مندرج در شکایت زیر را اتخاذ میکنند [**فقط یک**

**شکایت را علامت بزنید:**]

☐شکایت تجمیعی اصلاح شده خواهانها بیمه فدرال و اشتون علیه خوانده، جمهوری اسلامی ایران، ECF شماره 3237

☒ شکایت اصلاح شده، برنت علیه جمهوری اسلامی ایران، شماره 8 (S.D.N.Y. (GBD)(SN) 15-CV-9903 فوریه 2016), ECF شماره 53

4. بهعلاوه، هر یک از خواهانها بدینوسیله علل اقدام اضافی زیر را نیز مطرح میکنند:

☒فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 1605B § U.S.C. 28 (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § 18 U.S.C. و *et seq.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) بهعنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح میسازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شد اثبات مینماید که، همانطور که در اینجا نشان داده شده است، جراحاتی که متحمل شدهاند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 بهعنوان اقدامات تروریسم بینالمللی ناقض قوانین ایالتی و فدرال به موجب 2331 § 18 U.S.C. است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بینالمللی مرتکب شده، برنامهریزی شده یا مجاز دانسته شده توسط سازمانی است که بهعنوان سازمان تروریستی خارجی بر اساس 1189 § 8 U.S.C. تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 2331 § 18 U.S.C. شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران با ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بینالمللی توطئه شدهاند توطئه کرده و این کار موجب نقض 2333 § 18 U.S.C. و *مابعد بوده است.*

☐فرم کوتاه شکایت از ایران اولین علت اقدام برای دریافت جبران خسارت صدمه شخصی بر اساس 28 U.S.C. § 1605B (قانون عدالت علیه حامیان مالی تروریسم یا JASTA) و 2333 § 18 U.S.C. *et seq.* (قانون مبارزه با تروریسم یا ATA)

خواهان(ها) به‌عنوان مبنایی حقیقی برای این علت اقدام، این اتهام را مطرح می‌سازند که اتهامات مندرج در شکایت ذکر شده در بالا و همچنین اتهامات مندرج در پرونده Havlish که در بالا ذکر شد اثبات می‌نماید که، همان‌طور که در اینجا نشان داده شده است، جراحاتی که متحمل شده‌اند ناشی از حملات تروریستی 11 سپتامبر 2001 بوده است؛ نقش خوانده در حملات تروریستی 11 سپتامبر 2001 به‌عنوان اقدامات تروریسم بین‌المللی ناقض قوانین ایالتی و فدرال به موجب 2331 § U.S.C. 18 است؛ اینکه حملات تروریستی 11 سپتامبر 2001 به منزله اقدامات تروریسم بین‌المللی مرتکب شده، برنامه‌ریزی شده یا مجاز دانسته شده توسط سازمانی است که به‌عنوان سازمان تروریستی خارجی بر اساس 1189 § U.S.C. 8 تعیین شده است؛ و اینکه حملات تروریستی 11 سپتامبر 2001 منجر به نقض قوانین ایالتی و فدرال به موجب 2331 § U.S.C. 18 شده است؛ و اینکه خوانده با ارائه عامدانه کمک قابل توجه به دیگران به ارائه کمک و معاضدت پرداخته و/یا با دیگران که مرتکب اقدامات تروریسم بین‌المللی شده‌اند توطئه کرده و این کار موجب نقض 2333 § U.S.C. 18 و *مابعد بوده است.*

## شناسایی خواهان‌های جدید

5.     اتهامات و اطلاعات زیر از طرف هر یک از افرادی ارائه گردیده که این دعوی را مطرح می‌کنند، چنانکه در

ضمیمه 1 این فرم کوتاه شکایت از ایران آمده است و در اینجا به آنها "خواهان‌ها" گفته می‌شود.

a.     شهروندی/تابعیت هر یک از خواهان‌ها در ضمیمه 1 این فرم کوتاه شکایت از ایران ذکر شده است.

b.     خواهان مشمول دریافت خسارت در مورد علل اقدام مطرح شده در شکایت ذکر شده در بالا است که در این فرم کوتاه شکایت از ایران مطرح شده و همچنین در این فرم کوتاه شکایت از ایران تصریح گردیده است.

c.     همان‌گونه که در ضمیمه 1 آمده است، خواهان (1) نماینده وارثان شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ (2) عضو زنده بلافصل خانواده شخصی است که در نتیجه حملات تروریستی 11 سپتامبر 2001 کشته شده است؛ و/یا (3) در نتیجه حملات تروریستی 11 سپتامبر 2001 دچار صدمات جسمی شده است.

اسناد-100623439.1

d. در خصوص آن دسته از خواهان‌ها که ادعای صدمه شخصی را مطرح می‌کنند، چنانکه در ضمیمه 1 آمده در 11 سپتامبر 2001 یا بعد از آن، خواهان مذکور در پنتاگون و/یا مرکز تجارت جهانی و/یا محیط اطراف آن و/یا جنوب منهتن و/یا در جایی بوده که در معرض مواد سمی ناشی از حملات تروریستی قرار داشته و خود در معرض مواد سمی ناشی از حملات تروریستی قرار گرفته است و/یا موضوع به شکلی دیگر بطور مشخص در ضمیمه 1 ذکر گردیده است.

e. در مورد خواهان‌هایی که دعوی صدمه شخصی و/یا قتل غیرعمد را، چنانکه در ضمیمه 1، و به سبب نتیجه مستقیم، بلافصل و قابل پیش‌بینی اقدام خوانده مطرح کرده‌اند، خوانده و/یا فرد متوفی وی دچار آسیب جسمی و/یا مرگ شده و در نتیجه متحمل زیان‌های اقتصادی و غیره شده است، از جمله، اما نه محدود به درد و رنج، پریشانی عاطفی، رنج روحی و از دست دادن لذت زندگی، و/یا آنچه در فرم کوتاه شکایت از ایران شرح داده شده است و/یا ممکن است در دادرسی‌های کشف حق بعدی شناسایی شود و/یا به شکل دیگری در ضمیمه 1 مطرح گردیده است.

f. نام، نسبت به فرد مجروح و/یا متوفی قربانی 11 سپتامبر، محل اقامت، شهروندی/تابعیت، و ماهیت کلی دعوی هر یک از خواندها به خاطر آن دعاوی ترضیه خاطر در ضمیمه 1 ذکر شده است و در اینجا، همراه با تمام اتهامات شکایات مربوطه چنانکه در بالا ذکر شد، به عنوان اتهامات مورد ادعای هر یک از خواهان‌ها تلقی می‌شود.

### هویت خوانده

6. تنها خوانده ذکر شده در این فرم شکایت کوتاه از ایران، جمهوری اسلامی ایران است.

### چشم‌پوشی نکردن از ادعاهای دیگر

7. خواهان‌ها با ارائه این فرم کوتاه شکایت از ایران، از هیچیک از حقوق خود برای طرح دادخواهی علیه هر یک از خواندها یا طرفین بالقوه دیگر چشم‌پوشی نمی‌کنند.

8. خواهان‌ها، با ارائه این فرم کوتاه شکایت از ایران، از هرگونه دعوی جمعی که ممکن است دادگاه در آینده مجاز بداند، صرف‌نظر نمی‌کنند.

### درخواست هیئت منصفه

9. بدین وسیله هر یک از خواهان‌ها محاکمه با حضور هیئت منصفه را در خصوص دعاوی این اقدام درخواست می‌نمایند.

10

بدین‌وسیله، خواهان‌ها درخواست صدور حکم علیه خوانده که در پرونده بر اساس مندرجات فرم کوتاه شکایت از ایران را

به صورت مقتضی دارند.

تاریخ:4 آگوست 2023

تقدیم با احترام،

/امضا/ جری اس. گلدمن
_____

وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
شرکت ANDERSON KILL
1251 Avenue of the Americas
New York, NY 10020
تلفن: jgoldman@andersonkill.com 212-278-1000
bstrong@andersonkill.com
agreene@andersonkill.com

وکلای خواهان‌ها

11

اسناد-100623439.1

**پیوست 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران

است که به آن ضمیمه 1 به آن پیوست شده است و باید به عنوان دعوی 1 از ضمیمه 1 به فرم کوتاه شکایت از ایران، دعوی 2 از ضمیمه

1 به فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | نسبت خواهان با قربانی 9/11[1] | نام کامل قربانی9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر /قتل غیرعمد | ایالات متحده | پورتو ریکو | عبدالله کونه | ایالات متحده | جورجیا | سلستین کونه | 1. |
| ترضیه خاطر | ایالات متحده | همسر | عبدالله کونه | ایالات متحده | جورجیا | سلستین کونه | 2. |
| ترضیه خاطر | ایالات متحده | فرزند | عبدالله کونه | ایالات متحده | جورجیا | لاسینا کونه | 3. |
| ترضیه خاطر | ایالات متحده | فرزند | عبدالله کونه | ایالات متحده | جورجیا | مامان کونه | 4. |
| ترضیه خاطر | ایالات متحده | فرزند | الکس اف. سیکرون | ایالات متحده | نیویورک | استفان سیکرون | 5. |
| ترضیه خاطر | ایالات متحده | فرزند | الکس اف. سیکرون | ایالات متحده | نیویورک | جولیا سیکرون | 6. |
| ترضیه خاطر | ایالات متحده | فرزند | آیلین سانتیاگو | ایالات متحده | نیوجرسی | آیلین آرویو | 7. |
| ترضیه خاطر | ایالات متحده | فرزند | آیلین سانتیاگو | ایالات متحده | نیوجرسی | جورج جی سانتیاگو | 8. |
| ترضیه خاطر | ایالات متحده | همسر (متوفی) | آیلین سانتیاگو | ایالات متحده | نیوجرسی | آیلین آرویو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو | 9. |
| ترضیه خاطر /قتل غیرعمد | ایالات متحده | پورتو ریکو | کریستوفر کلارک | ایالات متحده | پنسیلوانیا | کیمی (کلارک) دباکه | 10. |
| ترضیه خاطر | ایالات متحده | همسر | کریستوفر کلارک | ایالات متحده | پنسیلوانیا | کیمی (کلارک) دباکه | 11. |
| ترضیه خاطر /قتل غیرعمد | ایالات متحده | پورتو ریکو | دریا آین | ایالات متحده | ایلینویز | ناشناس 140 | 12. |
| ترضیه خاطر /قتل غیرعمد | ایالات متحده | پورتو ریکو | ادوین جی. گراف سوم | ایالات متحده | مریلند | کریستین گراف | 13. |
| ترضیه خاطر | ایالات متحده | فرزند | ادوین جی. گراف سوم | ایالات متحده | مریلند | سارا سوفر | 14. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ژان ماری کولین | ایالات متحده | کالیفرنیا | کوین جوزف کولین | 15. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ژان ماری کولین | ایالات متحده | نیوجرسی | کاتلین رانی | 16. |
| ترضیه خاطر /قتل غیرعمد | ایالات متحده | پورتو ریکو | ژان ماری کولین | ایالات متحده | نیویورک | ناشناس 141 | 17. |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | ژان ماری کولین | ایالات متحده | نیویورک | ناشناس 142 به عنوان نماینده شخصی ماترک شارلوت گرابیل | 18. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | نیویورک | رافائل اسپینال | 19. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | ماریا الِنا سانتانا | 20. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | ماریا آلتاگراسیا اسپینال | 21. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | نیویورک | جوزفینا بلانچارد | 22. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | فلورداالیزا اسپینال | 23. |

---

[1] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

اسناد-1.100623439

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی 9/11 | نسبت خواهان با قربانی 9/11[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] |
|---|---|---|---|---|---|---|---|
| | | | | (Espinal) | | | |
| 24. | مویوس اسپینال | پنسیلوانیا | ایالات متحده | خوزه اسپینال ( Jose Espinal) | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 25. | یاسمین اسپینال | کنتیکت | ایالات متحده | خوزه اسپینال ( Jose Espinal) | فرزند | ایالات متحده | ترضیه خاطر |
| 26. | ماریا آایو آگیلار | کنتیکت | ایالات متحده | خوزه اسپینال ( Jose Espinal) | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 27. | جورجت کانروی | نیویورک | ایالات متحده | کوین کانروی | پورتو ریکو | ایالات متحده | ترضیه خاطر |
| 28. | جورجت کانروی | نیویورک | ایالات متحده | کوین کانروی | همسر | ایالات متحده | ترضیه خاطر |
| 29. | متیو کانروی | ایلینویز | ایالات متحده | کوین کانروی | فرزند | ایالات متحده | ترضیه خاطر |
| 30. | جیمی کانروی | نیویورک | ایالات متحده | کوین کانروی | فرزند | ایالات متحده | ترضیه خاطر |
| 31. | کریستین گیلی | نیویورک | ایالات متحده | کوین کانروی | فرزند | ایالات متحده | ترضیه خاطر |
| 32. | جیل کانروی | ماساچوست | ایالات متحده | کوین کانروی | فرزند | ایالات متحده | ترضیه خاطر |
| 33. | رامونا شرودر | فلوریدا | ایالات متحده | لورین انتیگا | والد | ایالات متحده | ترضیه خاطر |
| 34. | چارلز شرودر | فلوریدا | ایالات متحده | لورین انتیگا | والد | ایالات متحده | ترضیه خاطر |
| 35. | دایان اینگلترا | نیویورک | ایالات متحده | لوئیس اینگلترا | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 36. | دایان اینگلترا | نیویورک | ایالات متحده | لوئیس اینگلترا | همسر | ایالات متحده | ترضیه خاطر |
| 37. | لوئیس سام اینگلترا | نیویورک | ایالات متحده | لوئیس اینگلترا | فرزند | ایالات متحده | ترضیه خاطر |
| 38. | لیزا دیرینزو | نیوجرسی | ایالات متحده | مایکل دیرینزو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 39. | لیزا دیرینزو | نیوجرسی | ایالات متحده | مایکل دیرینزو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 40. | دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو | پنسیلوانیا | ایالات متحده | مایکل روسو | والد (متوفی) | ایالات متحده | ترضیه خاطر |
| 41. | آلانا مک کنزی | ویرجینیا | ایالات متحده | مولی مک کنزی | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 42. | آلانا مک کنزی | ویرجینیا | ایالات متحده | مولی مک کنزی | فرزند | ایالات متحده | ترضیه خاطر |
| 43. | لی مک کنزی | ویرجینیا | ایالات متحده | مولی مک کنزی | فرزند | ایالات متحده | ترضیه خاطر |
| 44. | اورسولا آندروس | فلوریدا | لهستان | نوربرت زورکوفسکی | پورتو ریکو | لهستان | ترضیه خاطر/قتل غیرعمد |
| 45. | اورسولا آندروس | فلوریدا | لهستان | نوربرت زورکوفسکی | همسر | لهستان | ترضیه خاطر |
| 46. | الکساندرا سورکوفسکی | فلوریدا | ایالات متحده | نوربرت زورکوفسکی | فرزند | لهستان | ترضیه خاطر |
| 47. | کلودیا سورکوفسکی | فلوریدا | ایالات متحده | نوربرت زورکوفسکی | فرزند | لهستان | ترضیه خاطر |
| 48. | ربکا شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 49. | ربکا شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | همسر | ایالات متحده | ترضیه خاطر |
| 50. | لئون شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | فرزند | ایالات متحده | ترضیه خاطر |
| 51. | شائل شوم | نیوجرسی | ایالات متحده | وونگ شوم را ببینید | فرزند | ایالات متحده | ترضیه خاطر |
| 52. | ناشناس 143 | نیویورک | ایالات متحده | استانلی مک کاسکیل | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 53. | جویس گرانت | نیویورک | ایالات متحده | وینستون گرانت | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 54. | جویس گرانت | نیویورک | ایالات متحده | وینستون گرانت | همسر | ایالات متحده | ترضیه خاطر |
| 55. | وینستون گرانت دوم | نیویورک | ایالات متحده | وینستون گرانت | فرزند | ایالات متحده | ترضیه خاطر |
| 56. | ناشناس 144، به عنوان نماینده شخصی ماترک جویا گرانت | نیویورک | ایالات متحده | وینستون گرانت | فرزند (متوفی) | ایالات متحده | ترضیه خاطر |
| 57. | Evan V. Vandommelen-Gonzalez | کالیفرنیا | ایالات متحده | مائوریسیو گونزالز | همسر | ایالات متحده | ترضیه خاطر |
| 58. | لورنا مورینگیلو | ایندیانا | ایالات متحده | مایکل اسکات لامانا | همسر | ایالات متحده | ترضیه خاطر |
| 59. | کیمی چدل | کانادا | کانادا | فرانک دویل | پورتو ریکو | کانادا | ترضیه خاطر/قتل غیرعمد |
| 60. | کیمی چدل | کانادا | کانادا | فرانک دویل | همسر | کانادا | ترضیه خاطر |
| 61. | زوئی دویل | کانادا | کانادا | فرانک دویل | فرزند | کانادا | ترضیه خاطر |
| 62. | گرت دویل | کانادا | کانادا | فرانک دویل | فرزند | کانادا | ترضیه خاطر |

اسناد-100623439.1

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی9/11 | نسبت خواهان با قربانی 9/11[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] |
|---|---|---|---|---|---|---|---|
| 63. | لنو آندراکیو | نیویورک | ایالات متحده | جان آندراکیو | برادر/خواهر | ایالات متحده | ترضیه خاطر |
| 64. | نشانس 137 | نیویورک | ایالات متحده | جان آندراکیو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 65. | نشانس 138 | نیویورک | ایالات متحده | الین گرینبرگ | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 66. | ویلفردو آگوستو | کارولینای شمالی | ایالات متحده | میرنا مالدونادو - آگوستو | همسر | ایالات متحده | ترضیه خاطر |
| 67. | استل پرشپ | نیویورک | ایالات متحده | فرانکلین پرشپ | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 68. | استل پرشپ | نیویورک | ایالات متحده | فرانکلین پرشپ | همسر | ایالات متحده | ترضیه خاطر |
| 69. | استیوی پائولوزی | نیویورک | ایالات متحده | فرانکلین پرشپ | فرزند | ایالات متحده | ترضیه خاطر |
| 70. | نشانس 145، به عنوان نماینده شخصی ماترک شارین فاین | نیویورک | ایالات متحده | فرانکلین پرشپ | فرزند (متوفی) | ایالات متحده | ترضیه خاطر |
| 71. | بتی وودز | مریلند | ایالات متحده | ماروین وودز | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 72. | بتی وودز | کارولینای جنوبی | ایالات متحده | ماروین وودز | همسر | ایالات متحده | ترضیه خاطر |
| 73. | جیمز وودز | مریلند | ایالات متحده | ماروین وودز | فرزند | ایالات متحده | ترضیه خاطر |
| 74. | جنیفر نیکوزیا | ویرجینیا | ایالات متحده | ماروین وودز | فرزند | ایالات متحده | ترضیه خاطر |
| 75. | دبورا ایوری | ویرجینیا | ایالات متحده | لیمی بی. عاج | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 76. | دبورا ایوری | مریلند | ایالات متحده | لیمی بی. عاج | همسر | ایالات متحده | ترضیه خاطر |
| 77. | مومو شارف | ایلینویز | ایالات متحده | جان شارف | فرزند | ایالات متحده | ترضیه خاطر |
| 78. | نشانس 139 | نیویورک | ایالات متحده | یامل مرینو | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 79. | کوین مرینو | نیویورک | ایالات متحده | یامل مرینو | فرزند | ایالات متحده | ترضیه خاطر |
| 80. | ادواردو رودریگز | نیوجرسی | ایالات متحده | لیزت مندوزا | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 81. | رولاندو مندوزا، پدر | نیوجرسی | ایالات متحده | لیزت مندوزا | همسر | ایالات متحده | ترضیه خاطر |
| 82. | رولاندو مندوزا، جونیور | نیوجرسی | ایالات متحده | لیزت مندوزا | فرزند | ایالات متحده | ترضیه خاطر |
| 83. | ویل جاستین اوجدا | نیوجرسی | ایالات متحده | لیزت مندوزا | فرزند | ایالات متحده | ترضیه خاطر |
| 84. | تاماتا پترسون | ویرجینیا | ایالات متحده | کلیفورد ال پترسون جونیور | پورتو ریکو | ایالات متحده | ترضیه خاطر/قتل غیرعمد |
| 85. | تاماتا پترسون | ویرجینیا | ایالات متحده | کلیفورد ال پترسون جونیور | همسر | ایالات متحده | ترضیه خاطر |
| 86. | کلیفورد ال. پترسون سوم | ویرجینیا | ایالات متحده | کلیفورد ال پترسون جونیور | فرزند | ایالات متحده | ترضیه خاطر |

14

| | نام خواهان | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | نام کامل قربانی9/11 | نسبت خواهان با قربانی 9/9[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] |
|---|---|---|---|---|---|---|---|
| 87. | بنجامین کودی پترسون | ویرجینیا | ایالات متحده | کلیفورد ال پترسون جونیور | فرزند | ایالات متحده | ترضیه خاطر |
| 88. | کلیفورد پترسون | مریلند | ایالات متحده | کلیفورد ال پترسون جونیور | والد | ایالات متحده | ترضیه خاطر |
| 89. | ساندرا ویلر پترسون | مریلند | ایالات متحده | کلیفورد ال پترسون جونیور | والد | ایالات متحده | ترضیه خاطر |
| 90. | راشیدا عاج | ویرجینیا | ایالات متحده | لیسی بی. عاج | فرزند | ایالات متحده | ترضیه خاطر |
| 91. | کووانا رودریگز | MO | ایالات متحده | لیسی بی. عاج | فرزند | ایالات متحده | ترضیه خاطر |
| 92. | ونسا لانگ لانگر ( Vanessa Lang Langer) .Russ F. Jellinek, Esq به عنوان نماینده شخصی املاک تیموتی لنگر | نیویورک | ایالات متحده | ونسا لانگ لانگر ( Vanessa Lang ) (Langer | همسر | ایالات متحده | ترضیه خاطر |

15

اسناد-100623439.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

**03-MDL-1570 (GBD)(SN)**

**NOTICE TO CONFORM TO
SUDAN CONSOLIDATED
AMENDED COMPLAINT OR**
*ASHTON* **SUDAN AMENDED
COMPLAINT**

This document relates to:
*Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN)

       Plaintiffs in the above-mentioned previously filed case file this Notice to Conform to the

[**check only one**]:

    ☒    Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"),
ECF No. 6539.

    ☐    the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v. The
Republic of the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No. 6537 (in 03-md-
1570) [hereinafter the *Ashton* Sudan Amended Complaint],

as permitted and approved by the Court's Order of December 1, 2020, ECF No. 6547. Upon

filing of this Notice to Conform, all Plaintiffs in the underlying Complaint, ECF No. 1

(individual docket number in *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790

(GBD)(SN)), are deemed to include the factual allegations, jurisdictional allegations, and jury

trial demand of the SCAC or *Ashton* Sudan Amended Complaint (as selected above), as well as

all causes of action specified below. The complaints effected through this Notice to Conform

supplement by incorporation into, but do not displace, Plaintiffs' underlying Complaint. This

Notice to Conform relates solely to the Republic of the Sudan and does not apply to any other

defendant, as to which Plaintiffs' underlying Complaint and any amendments thereto are

controlling.

       Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual

1

and jurisdictional allegations of the SCAC or *Ashton* Sudan Amended Complaint (as selected above); all prior filings in connection with the SCAC or *Ashton* Sudan Amended Complaint (as selected above); and all prior Orders and rulings of the Court in connection with the SCAC or *Ashton* Sudan Amended Complaint (as selected above).

## VENUE

1.      Plaintiffs' cases are part of the multi-district proceeding *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2.      Plaintiffs filing this Notice to Conform are identified in their underlying Complaint, ECF No. 1 (individual docket number in *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN)), and are incorporated herein by reference.

3.      Plaintiffs have described their particular injuries and the nexus between those injuries and the September 11th attacks in their underlying Complaint, which allegations are incorporated herein by reference.

## CAUSES OF ACTION

4.      Plaintiffs hereby adopt and incorporate herein by reference the following causes of action set forth in the SCAC, ECF No. 6539, or *Ashton* Sudan Amended Complaint, ECF No. 6537 (as selected above) (check all that apply):

**[If Plaintiffs elected (above) to conform to the Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539, check all causes of action that apply]:**

☒      COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a

2

private right of action under 28 U.S.C. § 1605A.[1]

☒ COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

☒ COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☒ COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

☒ COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.

☒ COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☒ COUNT VII – Negligence, on behalf of all plaintiffs.

☒ COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.

☒ COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]

☒ COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☒ COUNT XI – Conspiracy, on behalf of all plaintiffs.

---

[1] Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal representatives of persons described in (1), (2), or (3).

[2] See preceding footnote.

[3] The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context of claims under JASTA or the ATA refers to all such parties.

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S. nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

docs-100591948.1

☒   COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☒   COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.

☒   COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☒   COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☒   COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☒   COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☒   COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

**[If Plaintiffs elected (above) to conform to the *Ashton* Sudan Amended Complaint, ECF No. 6537, check all causes of action that apply]:**

☐   First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.

☐   Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.

☐   Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.

☐   Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.

☐   Fifth Cause of Action for Punitive Damages.

☐   Sixth Cause of Action for Property Damage.

Plaintiffs' constituent cases shall be deemed subject to any motion to dismiss the SCAC or the *Ashton* Sudan Amended Complaint, or answer to the SCAC or *Ashton* Sudan Amended Complaint filed by Sudan. By way of filing this Notice, Plaintiffs shall not be deemed to have

4

adopted any class-action allegations set forth in the SCAC or *Ashton* Sudan Amended Complaint,

waived any right to object to class certification, or opted out of any certified class. This Notice

also does not serve as a request for exclusion from any class that the Court may certify.

Dated: July 11, 2023

Respectfully submitted,

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Alexander Greene, Esq.
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*Attorneys for Plaintiffs*

**دادگاه ناحیه‌ای ایالات متحده منطقه جنوبی نیویورک**

| | |
|---|---|
| عطف به: | **03-MDL-1570 (GBD)(SN)** |
| حملات تروریستی 11 سپتامبر 2001 | **اطلاعیه برای انطباق با شکایت اصلاح شده** |
| | **تلفیقی سودان یا شکایت اصلاح شده اشتون** |
| | **سودان** |

این سند مربوط است به:

*سلستین کونه و همکاران علیه جمهوری اسلامی ایران، (SN)(GBD) 05790-cv-23:1)*

شاکیان در پرونده ای که قبلاً در بالا ذکر شد، این اخطار را برای مطابقت با [ **فقط بررسی یک مورد** ] تشکیل

می دهند:

☒         شکایت اصلاح شده تلفیقی در مورد جمهوری سودان ("SCAC")، شماره ECF 6539.

☐         شکایت اصلاح شده اشتون در مورد متهمان سودانی در پرونده اشتون علیه جمهوری سودان شماره
         CV-6977 (GBD)(SN), ECF-02 شماره 6537 (03)md-1570(GBD)(SN)- [بعد از این شکایت اصلاح
         شده اشتون سودان]،

طبق دستور دادگاه در 1 دسامبر 2020، شماره ECF 6547 مجاز و تأیید شده است. پس از ثبت اطلاع، همه شاکیان در

شکایت ECF شماره 1 (شماره سند فردی در سیلستین کونه، و همکاران در برابر جمهوری اسلامی ایران، -cv-23:1

SN) (GBD) (05790) ) تلقی می شود که شامل ادعاهای واقعی، ادعاهای قضایی، و تقاضای محاکمه هیئت منصفه

شکایت اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شده است)، و همچنین همه دلایل اقدام که در زیر

مشخص شده است. شکایاتی که از طریق این اعلامیه برای انطباق با الحاق به شکایت اساسی شاکیان انجام می شود، اما

شکایت خواهان را رد نمی کند. این اعلامیه برای انطباق صرفاً به جمهوری سودان مربوط می شود و در مورد هیچ متهم

دیگری اعمال نمی شود، زیرا شکایت اساسی شاکیان و هرگونه اصلاحیه در آن کنترل می شود.

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قضایی مربوط به شکایت

اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شد) را پذیرفته است. کلیه پرونده های قبلی در ارتباط با

شکایت اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شده است). و تمام دستورات و احکام قبلی دادگاه

در ارتباط با شکایت اصلاح شده SCAC یا اشتون سودان (به عنوان انتخاب شده در بالا).

<u>**مکان**</u>

1.         پرونده‌های شاکیان بخشی از رسیدگی چند ناحیه‌ای در ارتباط با حملات تروریستی  در 11 سپتامبر

1

2001، (SN) (GBD) 03-MDL-1570 است که توسط هیئت قضایی در دعاوی چند ناحیه‌ای برای رسیدگی‌های پیش از محاکمه هماهنگ یا تلفیقی در دادگاه منطقه ای ایالات متحده برای ناحیه جنوبی نیویورک.

<u>**هویت خواهان‌ها**</u>

2.       شاکیانی که این اعلامیه برای انطباق را تسلیم می‌کنند، در شکایت اصلی خود، ECF شماره 1 (شماره سند فردی در Celestine Kone، و همکاران در برابر جمهوری اسلامی ایران، (SN)(GBD) 1:23-cv-05790) شناسایی می‌شوند. و با مرجع در اینجا گنجانده شده اند.

3.       شاکیان جراحات خاص خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در شکایت اصلی خود شرح داده اند، که ادعاها در اینجا با ارجاع گنجانده شده است.

<u>**علل اقدام**</u>

4.       شاکیان بدینوسیله دلایل اقدام زیر را که در SCAC، ECF شماره 6539 یا شکایت اصلاح شده اشتون سودان، ECF شماره 6537 (همانطور که در بالا انتخاب شده است را بررسی کنید) با ارجاع در اینجا می‌پذیرند (همه موارد مربوط را بررسی کنید):

**[اگر شاکیان (در بالا) برای مطابقت با شکایت اصلاح شده تلفیقی در مورد جمهوری سودان (""SCAC، ECF شماره 6539 انتخاب شدند، همه دلایل اعمال را بررسی کنید]:**

☒     مورد I - ادعاهای تحت بخش 1605A(c) قانون مصونیت های حاکمیت خارجی؛  28 USC § 1605A(c)، به نمایندگی از همه شاکیان حق اقدام خصوصی تحت 1605A § 28 USC اعطا شده است. [1]

☒     مورد II - دعاوی بر اساس بخش 1605A(d) قانون مصونیت های حاکمیت خارجی؛  28 USC § 1605A(d)، از طرف همه شاکیان حق اقدام خصوصی تحت 1605A § 28 USC اعطا شده است. [2]

---

[1]  بخش 1605A قانون مصونیت‌های حاکمیت خارجی حق اقدام را به (1) اتباع ایالات متحده، (2) اعضای نیروهای مسلح، (3) کارمندان دولت ایالات متحده (از جمله افرادی که قرارداد منعقد شده را انجام می‌دهند) اعطا می‌کند. توسط دولت ایالات متحده) که در محدوده شغلی عمل می کند، و نمایندگان قانونی اشخاص شرح داده شده در ((1، 2))، یا (3).

[2]  به پاورقی قبل مراجعه کنید.

اسناد.100591948.1

☒    مورد III - کمک و مشارکت و توطئه با القاعده برای ارتکاب حملات 11 سپتامبر به ایالات متحده در نقض (JASTA) 18 USC § 2333(d)، از طرف همه شاکیان "ملی ایالات متحده". [3]

☒    مورد IV - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر به ایالات متحده در نقض 18 USC § 2333(a)، از طرف همه شاکیان "ملی ایالات متحده".

☒    مورد V - ارتکاب اقدامات تروریستی بین المللی در نقض 18 USC § 2333، به نمایندگی از همه شاکیان "ملی ایالات متحده".

☒    مورد VI - مرگ نادرست، از طرف همه شاکیانی که ادعاهای مرگ نادرست را مطرح می کنند.

☒    مورد VII - سهل انگاری، از طرف همه شاکیان.

☒    مورد VIII - بقا، از طرف همه شاکیانی که ادعای مرگ نادرست را مطرح می کنند.

☒    مورد IX - قانون ادعاهای جرم بیگانه، به نمایندگی از همه شاکیان ملی بیگانه. [4]

☒    مورد X - حمله و باتری، از طرف همه شاکیانی که ادعاهای غیرقانونی مرگ و صدمات شخصی را مطرح می کنند.

☒    مورد XI - توطئه، از طرف همه شاکیان.

☒    مورد XII - کمک و مشارکت، از طرف همه شاکیان.

☒    مورد XIII - ایجاد غفلت و/یا عمد ناراحتی عاطفی از طرف همه شاکیان.

☒    مورد XIV - مسئولیت مطابق با بیان مجدد (دوم) تخلفات § 317 و بیان مجدد (سوم) § 7.05 آژانس: نظارت بر کارمندان و نمایندگان به نمایندگی از همه شاکیان.

☒    مورد XV - مسئولیت مطابق با بیان مجدد (SECOND) تخلفات § 317 و بیان مجدد (سوم) § 7.05 آژانس: استخدام، انتخاب و حفظ کارمندان و نمایندگان، از طرف همه شاکیان.

---

[3] دلایل دعوی طبق ATA، 18 USC § 2331 و بعد، از طرف شاکیانی که اتباع ایالات متحده هستند بیان می شود. اموال، وارثان و بازماندگان اتباع ایالات متحده؛ اتباع ایالات متحده که اعضای یک طبقه فرضی هستند که توسط چنین شاکیانی نمایندگی می شود. شاکیانی که جایگزین حقوق اتباع ایالات متحده می شوند که در نتیجه حملات 11 سپتامبر متحمل صدمات فیزیکی به اموال و خسارات مربوط به آن شده اند. و شاکیانی که مأموران اتباع آمریکایی کشته یا مجروح در حملات 11 سپتامبر هستند. اصطلاح «شاکیان ملی ایالات متحده» در زمینه دعاوی تحت JASTA یا ATA به همه این طرف‌ها اشاره دارد.

[4] دلایل دعوی طبق قانون ادعاهای جرم بیگانه ((ATCA) 28 USC § 1350)، از طرف شاکیانی که اتباع بیگانه هستند بیان می شود. اموال، وارثان، و بازماندگان اتباع بیگانه که خود تبعه ایالات متحده نیستند. اتباع بیگانه که اعضای یک طبقه فرضی هستند که توسط چنین شاکیانی نمایندگی می شود. جایگزین حقوق اتباع بیگانه ای که در نتیجه حملات 11 سپتامبر متحمل صدمات به اموال و خسارات ناشی از آن شده اند. و مأموران اتباع بیگانه که در حملات 11 سپتامبر کشته یا زخمی شدند.

3

☒ مورد XVI- (d)-(a)1962 § USC 18 - مدنی RICO، به نمایندگی از همه شاکیان.

☒ مورد XVII - تجاوز، از طرف همه شاکیانی که ادعای خسارت مالی و صدمات اقتصادی را دارند.

☒ مورد XVIII - نقض قوانین بین‌الملل، از طرف همه شاکیان.

**[اگر شاکیان (در بالا) برای انطباق با شکایت اصلاح شده اشتون سودان، شماره ECF شماره 6537 انتخاب شدند، همه دلایل اعمال را بررسی کنید]:**

☐ اولین علت برای اقدام برای بازیابی صدمات شخصی و خسارات نادرست مرگ بر اساس بخش 1605A قانون مصونیت های حاکمیت خارجی، 28 USC § 1605A.

☐ علت دوم برای اقدام برای بازیابی صدمات شخصی و خسارات نادرست مرگ بر اساس بخش 1605B قانون مصونیت های حاکمیت خارجی، (JASTA) 1605B § USC 28) و قوانین ضد تروریسم.

☐ علت سوم برای صدمات شخصی و صدمات غیرقانونی فوت بر اساس قانون تخلفات دولتی.

☐ چهارمین علت دعوی برای صدمات جانی و خسارات ناشی از مرگ بر اساس قانون ادعاهای جرم بیگانه.

☐ علت پنجم برای خسارات تعزیری.

☐ علت ششم دعوی خسارت مال.

پرونده‌های تشکیل‌دهنده شاکیان مشروط به هرگونه درخواستی برای رد SCAC یا شکایت اصلاح شده اشتون سودان یا پاسخ به شکایت اصلاحی SCAC یا اشتون سودان است که توسط سودان ارائه شده است. با تسلیم این اخطار، تلقی نمی‌شود که شاکیان هرگونه ادعای دعوای طبقه‌بندی مندرج در شکایت اصلاحی SCAC یا اشتون سودان را پذیرفته باشند، از هرگونه حق اعتراض به گواهینامه کلاس چشم پوشی کرده باشند، یا از هر کلاس تایید شده انصراف داده باشند. این اعلامیه همچنین به عنوان درخواستی برای حذف از هر طبقه ای که دادگاه ای ممکن است تأیید کند، عمل نمی کند.

تاریخ: 11 ژوئیه 2023

تقدیم با احترام،

/امضا/ جری اس. گلدمن
_____
وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
شرکت ANDERSON KILL.

اسناد1-.100591948

1251 Avenue of the Americas
New York, NY 10020
تلفن:(212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
وکلای خواهان‌ها

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

**03-MDL-1570 (GBD)(SN)**

**NOTICE TO CONFORM TO
SUDAN CONSOLIDATED
AMENDED COMPLAINT OR
*ASHTON* SUDAN AMENDED
COMPLAINT**

This document relates to:
*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN)

Plaintiffs in the above-mentioned previously filed cases file this Notice to Conform to the

[**check only one**]:

☒    Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"),
ECF No. 6539.

☐    the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v. The
Republic of the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No. 6537 (in 03-md-
1570) [hereinafter the *Ashton* Sudan Amended Complaint],

as permitted and approved by the Court's Order of December 1, 2020, ECF No. 6547. Upon

filing of this Notice to Conform, all Plaintiffs in the following underlying pleadings: Amended

Complaint in *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN), ECF

No. 10 (individual docket number), the Notice of Amendment related to *Jessica DeRubbio, et al. v.

Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN) at ECF No. 9032 (MDL docket number), the

Notice of Amendment related to *Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-

05321 (GBD)(SN) at ECF No. 9074 (MDL docket number), and the Notice of Amendment related to

*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN) at ECF No.

9260 (MDL docket number), are deemed to include the factual allegations, jurisdictional allegations,

and jury trial demand of the SCAC or *Ashton* Sudan Amended Complaint (as selected above), as

1

well as all causes of action specified below. The complaints effected through this Notice to Conform supplement by incorporation into, but do not displace, Plaintiffs' underlying Complaints. This Notice to Conform relates solely to the Republic of the Sudan and does not apply to any other defendant, as to which Plaintiffs' underlying Complaints and any amendments thereto are controlling.

Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the SCAC or *Ashton* Sudan Amended Complaint (as selected above); all prior filings in connection with the SCAC or *Ashton* Sudan Amended Complaint (as selected above); and all prior Orders and rulings of the Court in connection with the SCAC or *Ashton* Sudan Amended Complaint (as selected above).

## **VENUE**

1. Plaintiffs' cases are part of the multi-district proceeding *In re Terrorist Attacks on September 11, 2001*, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court for the Southern District of New York.

## **IDENTIFICATION OF PLAINTIFFS**

2. Plaintiffs filing this Notice to Conform are identified in the following underlying pleadings: Amended Complaint in *Celestine Kone, et al. v. Islamic Republic of Iran*, 1:23-cv-05790 (GBD)(SN), ECF No. 10 (individual docket number), the Notice of Amendment related to *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN) at ECF No. 9032 (MDL docket number), the Notice of Amendment related to *Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN) at ECF No. 9074 (MDL docket number), and the Notice of Amendment related to *August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN) at ECF No. 9260 (MDL docket number), and

are incorporated herein by reference.

3.     Plaintiffs have described their particular injuries and the nexus between those injuries and the September 11th attacks in their underlying Complaints, which allegations are incorporated herein by reference.

## **CAUSES OF ACTION**

4.     Plaintiffs hereby adopt and incorporate herein by reference the following causes of action set forth in the SCAC, ECF No. 6539, or *Ashton* Sudan Amended Complaint, ECF No. 6537 (as selected above) (check all that apply):

**[If Plaintiffs elected (above) to conform to the Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539, check all causes of action that apply]:**

☒     COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[1]

☒     COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

☒     COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☒     COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

---

[1]     Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal representatives of persons described in (1), (2), or (3).

[2]     See preceding footnote.

[3]     The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context of claims under JASTA or the ATA refers to all such parties.

☒ COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.

☒ COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☒ COUNT VII – Negligence, on behalf of all plaintiffs.

☒ COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.

☒ COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]

☒ COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☒ COUNT XI – Conspiracy, on behalf of all plaintiffs.

☒ COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☒ COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.

☒ COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☒ COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☒ COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☒ COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☒ COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

**[If Plaintiffs elected (above) to conform to the *Ashton* Sudan Amended Complaint, ECF No. 6537, check all causes of action that apply]:**

☐ First Cause of Action to Recover Personal Injury and Wrongful

---

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S. nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

Death Damages Pursuant to Section 1605A of the Foreign
Sovereign Immunities Act, 28 U.S.C. § 1605A.

☐   Second Cause of Action to Recover Personal Injury and
Wrongful Death Damages Pursuant to Section 1605B of the
Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B
(JASTA) and the Anti-Terrorism Acts.

☐   Third Cause of Action for Personal Injury and Wrongful Death
Injuries Pursuant to State Tort Law.

☐   Fourth Cause of Action for Personal Injury and Wrongful
Death Damages Pursuant to the Alien tort Claims Act.

☐   Fifth Cause of Action for Punitive Damages.

☐   Sixth Cause of Action for Property Damage.

Plaintiffs' constituent cases shall be deemed subject to any motion to dismiss the SCAC

or the *Ashton* Sudan Amended Complaint, or answer to the SCAC or *Ashton* Sudan Amended

Complaint filed by Sudan. By way of filing this Notice, Plaintiffs shall not be deemed to have

adopted any class-action allegations set forth in the SCAC or *Ashton* Sudan Amended Complaint,

waived any right to object to class certification, or opted out of any certified class. This Notice

also does not serve as a request for exclusion from any class that the Court may certify.


Dated: August 7, 2023                           Respectfully submitted,


                                                */s/ Jerry S. Goldman*
                                                Jerry S. Goldman, Esq.
                                                Bruce Strong, Esq.
                                                Alexander Greene, Esq.
                                                **ANDERSON KILL P.C.**
                                                1251 Avenue of the Americas
                                                New York, NY 10020
                                                Telephone: (212) 278-1000
                                                jgoldman@andersonkill.com
                                                bstrong@andersonkill.com
                                                agreene@andersonkill.com
                                                *Attorneys for Plaintiffs*


5

دادگاه ناحیه‌ای ایالات متحده منطقه جنوبی نیویورک

<table>
<tr><td>عطف به:</td><td>03-MDL-1570 (GBD)(SN)</td></tr>
<tr><td>حملات تروریستی 11 سپتامبر 2001</td><td>اطلاعیه برای انطباق با شکایت اصلاح شده تلفیقی<br>سودان یا شکایت اصلاح شده  ASHTON<br>SUDAN</td></tr>
</table>

این سند مربوط است به:

جسیکا دیروبیو و دیگران علیه جمهوری اسلامی ایران، شماره (SN) (GBD) 1:18-cv-05306)
هوراس موریس و دیگران علیه جمهوری اسلامی ایران، شماره (SN) (GBD) 1:18-cv-05321)
آگوست برنارتز و دیگران علیه جمهوری اسلامی ایران، شماره (SN) (GBD) 1:19-cv-11865)
سلستین کونه و همکاران v. جمهوری اسلامی ایران، (SN)(GBD) 1:23-cv-05790)

شاکیان در پرونده هایی که قبلاً در بالا ذکر شد، این اخطار را برای انطباق با [فقط یک بررسی] ارسال می کنند:

☒     شکایت اصلاح شده تلفیقی در مورد جمهوری سودان ("SCAC")، شماره ECF 6539.

☐     شکایت اصلاح شده اشتون در مورد متهمان سودانی در پرونده اشتون علیه جمهوری سودان شماره
CV-6977 (GBD)(SN), ECF-02 شماره 6537) 03(SN)(GBD -md-1570) [بعد از این شکایت اصلاح
شده اشتون سودان]،

طبق دستور دادگاه در 1 دسامبر 2020، شماره ECF 6547 مجاز و تأیید شده است. پس از تسلیم این اخطار برای انطباق،
همه شاکیان در دعاوی اساسی زیر: شکایت اصلاح شده در Celestine Kone، و همکاران. علیه جمهوری اسلامی ایران،
GBD)(SN) 1:23-cv-05790)، شماره ECF شماره 10 (شماره سند فردی)، اطلاعیه اصلاحیه مربوط به جسیکا دی
روبیو، و همکاران. علیه جمهوری اسلامی ایران، شماره (SN)(GBD 1:18-cv-05306) به شماره ECF 9032 (شماره
سند MDL)، اطلاعیه اصلاحیه مربوط به هوراس موریس، و همکاران. علیه جمهوری اسلامی ایران، شماره -1:18-cv
05321 (GBD)(SN) به شماره ECF 9074 (شماره سند MDL)، و اطلاعیه اصلاحیه مربوط به آگوست برنارتز، و
همکاران. v. جمهوری اسلامی ایران، شماره (SN) (GBD) 1:19-cv-11865) به شماره ECF 9260 (شماره سند
MDL)، تلقی می شود که شامل ادعاهای واقعی، ادعاهای قضایی، و تقاضای محاکمه هیئت منصفه می شود. شکایت اصلاح
شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شده است)، و همچنین همه دلایل اقدام که در زیر مشخص شده
است. شکایاتی که از طریق این اخطار برای انطباق با الحاق به شکایات اساسی شاکیان انجام می شود، اما جایگزین آنها نمی
شود. این اعلامیه برای انطباق صرفاً به جمهوری سودان مربوط می شود و در مورد هیچ متهم دیگری اعمال نمی شود، زیرا
شکایات اساسی شاکیان و هرگونه اصلاحیه در آن کنترل می شود.

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قضایی مربوط به شکایت

1

اصلاح‌شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شد) را پذیرفته است. کلیه پرونده های قبلی در ارتباط با شکایت اصلاح شده SCAC یا اشتون سودان (همانطور که در بالا انتخاب شده است). و تمام دستورات و احکام قبلی دادگاه در ارتباط با شکایت اصلاح شده SCAC یا اشتون سودان (به عنوان انتخاب شده در بالا).

## مکان

1.   پرونده‌های شاکیان بخشی از رسیدگی چند ناحیه‌ای در حملات تروریستی مجدد در 11 سپتامبر 2001، 03-MDL-1570 (GBD) (SN) است که توسط هیئت قضایی در دعاوی چند ناحیه‌ای برای رسیدگی‌های پیش از محاکمه هماهنگ یا تلفیقی در دادگاه منطقه ای ایالات متحده برای ناحیه جنوبی نیویورک.

## هویت خواهان‌ها

2.   شاکیانی که این اخطار برای انطباق را ارسال می کنند، در دادخواست های اساسی زیر مشخص می شوند: شکایت اصلاح شده در Celestine Kone و همکاران. جمهوری اسلامی ایران، (SN) (GBD) 1:23-cv-05790)، شماره ECF شماره 10 (شماره سند فردی)، اطلاعیه اصلاحیه مربوط به جسیکا درویبو، و همکاران. علیه جمهوری اسلامی ایران، شماره (SN)(GBD) 1:18-cv-05306) به شماره ECF 9032 (شماره سند MDL)، اطلاعیه اصلاحیه مربوط به هوراس موریس، و همکاران. v. جمهوری اسلامی ایران، شماره (SN)(GBD) 1:18-cv-05321) به شماره ECF شماره 9074 (شماره سند MDL)، و اطلاعیه اصلاحیه مربوط به آگوست برنارتز، و همکاران. v. جمهوری اسلامی ایران، شماره (SN)(GBD) 1:19-cv-11865) به شماره ECF شماره 9260 (شماره سند MDL)، و با مرجع در اینجا گنجانده شده است.

3.   شاکیان جراحات خاص خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در شکایات اساسی خود شرح داده اند، که این ادعاها با ارجاع در اینجا گنجانده شده است.

## علل اقدام

4.   شاکیان بدینوسیله دلایل اقدام زیر را که در SCAC، ECF شماره 6539 یا شکایت اصلاح شده اشتون سودان، ECF شماره 6537 (همانطور که در بالا انتخاب شده است را بررسی کنید) با ارجاع در اینجا می‌پذیرند (همه موارد مربوط را بررسی کنید):

**[اگر شاکیان (در بالا) برای مطابقت با شکایت اصلاح شده تلفیقی در مورد جمهوری سودان (SCAC"،" ECF شماره 6539 انتخاب شدند، همه دلایل اعمال را بررسی کنید]:**

☒   مورد I - ادعاهای تحت بخش 1605A(c) قانون مصونیت های حاکمیت خارجی، 28 USC § 1605A(c)، به نمایندگی از همه شاکیان حق اقدام خصوصی تحت 28 USC § 1605A اعطا شده است.

2

100623507.1-اسناد

1

☒ مورد II - ادعاهای تحت بخش 1605A(d) قانون مصونیت های حاکمیت خارجی، 28 USC §
1605A(d))، به نمایندگی از همه شاکیان حق اقدام خصوصی تحت 28 USC § 1605A اعطا شده است.

2

☒ مورد III - کمک و مشارکت و توطئه با القاعده برای ارتکاب حملات 11 سپتامبر به ایالات متحده در
نقض (JASTA) 18 USC § 2333(d)، از طرف همه شاکیان "ملی ایالات متحده". 3

☒ مورد IV - کمک و مشارکت و توطئه با القاعده برای ارتکاب حملات 11 سپتامبر به ایالات متحده در
نقض 18 USC § 2333(a)، به نمایندگی از همه شاکیان "ملی ایالات متحده".

☒ مورد V - ارتکاب اقدامات تروریستی بین المللی در نقض 18 USC § 2333، به نمایندگی از همه
شاکیان "ملی ایالات متحده".

☒ مورد VI - مرگ نادرست، از طرف همه شاکیانی که ادعاهای مرگ نادرست را مطرح می کنند.

☒ مورد VII - سهل انگاری، از طرف همه شاکیان.

☒ مورد VIII - بقا، از طرف همه شاکیانی که ادعای مرگ نادرست را مطرح می کنند.

☒ مورد IX - قانون ادعاهای جرم بیگانه، به نمایندگی از همه شاکیان ملی بیگانه. 4

☒ مورد X - حمله و باتری، از طرف همه شاکیانی که ادعاهای غیرقانونی مرگ و صدمات شخصی را
مطرح می کنند.

☒ مورد XI - توطئه، از طرف همه شاکیان.

☒ مورد XII - کمک و مشارکت، از طرف همه شاکیان.

☒ مورد XIII - ایجاد غفلت و/یا عمد ناراحتی عاطفی از طرف همه شاکیان.

---

1 بخش 1605A قانون مصونیت‌های حاکمیت خارجی به (1) اتباع ایالات متحده، (2) اعضای نیروهای مسلح، (3) کارمندان دولت ایالات متحده (از
جمله افرادی که قراردادی منعقد شده را انجام می‌دهند) حق اقدام را اعطا می‌کند. توسط دولت ایالات متحده) که در محدوده شغلی عمل می کند، و
نمایندگان قانونی اشخاص شرح داده شده در ((1)، (2)، یا (3).

2 به پاورقی قبل مراجعه کنید.

3 دلایل دعوی طبق ATA، 18 USC § 2331 و بعد، از طرف شاکیانی که اتباع ایالات متحده هستند بیان می شود. اموال، وارثان و بازماندگان اتباع
ایالات متحده، اتباع ایالات متحده که اعضای یک طبقه فرضی هستند که توسط چنین شاکیانی نمایندگی می شود. شاکیانی که جایگزین حقوق اتباع
ایالات متحده می شوند که در نتیجه حملات 11 سپتامبر متحمل صدمات فیزیکی به اموال و خسارات مربوط به آن شده اند. و شاکیانی که مأموران
اتباع آمریکایی کشته یا مجروح در حملات 11 سپتامبر هستند. اصطلاح «شاکیان ملی ایالات متحده» در زمینه دعاوی تحت JASTA یا ATA به
همه این طرف‌ها اشاره دارد.

4 دلایل دعوی طبق قانون ادعاهای تخلفات بیگانه ((ATCA، 28 USC § 1350)، از طرف شاکیانی که اتباع بیگانه هستند بیان می شود. اموال،
وارثان، و بازماندگان اتباع بیگانه که خود تبعه ایالات متحده نیستند. اتباع بیگانه که اعضای یک طبقه فرضی هستند که توسط چنین شاکیانی
نمایندگی می شود. جایگزین حقوق اتباع بیگانه ای که در نتیجه حملات 11 سپتامبر متحمل صدمات به اموال و خسارات ناشی از آن شده اند. و
مأموران اتباع بیگانه که در حملات 11 سپتامبر کشته یا زخمی شدند.

3

☒ مورد XIV - مسئولیت مطابق با بیان مجدد (دوم) تخلفات § 317 و بیان مجدد (سوم) § 7.05 آژانس: نظارت بر کارمندان و نمایندگان به نمایندگی از همه شاکیان.

☒ مورد XV - مسئولیت مطابق با بیان مجدد (SECOND) تخلفات § 317 و بیان مجدد (سوم) § 7.05 آژانس: استخدام، انتخاب و حفظ کارمندان و نمایندگان، از طرف همه شاکیان.

☒ مورد RICO - (d)-(a) 1962 .U.S.C 18 – XVI مدنی، به نمایندگی همه خواهان ها.

☒ مورد XVII - تجاوز، از طرف همه شاکیانی که ادعای خسارت مالی و صدمات اقتصادی را دارند.

☒ مورد XVIII - نقض قوانین بین‌الملل، از طرف همه شاکیان.

**[اگر شاکیان (در بالا) برای انطباق با شکایت اصلاح شده اشتون سودان، شماره ECF شماره 6537 انتخاب شدند، همه دلایل اعمال را بررسی کنید]:**

☐ اولین علت اقدام برای بازیابی صدمات شخصی و خسارات ناشی از مرگ بر اساس بخش 1605A قانون مصونیت های حاکمیت خارجی، 28 USC § 1605A.

☐ علت دوم اقدام برای بازیابی صدمات شخصی و خسارات ناشی از مرگ بر اساس بخش 1605B قانون مصونیت های حاکمیت خارجی، (JASTA 1605B § USC 28) و قوانین ضد تروریسم.

☐ علت سوم برای صدمات شخصی و صدمات غیرقانونی فوت بر اساس قانون تخلفات دولتی.

☐ چهارمین علت دعوی برای صدمات جانی و خسارات ناشی از مرگ بر اساس قانون ادعاهای جرم بیگانه.

☐ علت پنجم برای خسارات تعزیری.

☐ علت ششم دعوی خسارت مال.

پرونده‌های تشکیل‌دهنده شاکیان مشروط به هرگونه درخواستی برای رد SCAC یا شکایت اصلاح شده اشتون سودان یا پاسخ به شکایت اصلاحی SCAC یا اشتون سودان است که توسط سودان ارائه شده است. با تسلیم این اخطار، تلقی نمی‌شود که شاکیان ادعاهای ردبندی مندرج در شکایت اصلاحی SCAC یا اشتون سودان را پذیرفته باشند، از هر گونه حق اعتراض به گواهینامه کلاس چشم پوشی کرده باشند، یا از هر کلاس تأیید شده انصراف داده باشند. این اعلامیه همچنین به عنوان درخواستی برای حذف از هر طبقه ای که دادگاه ممکن است تأیید کند، عمل نمی کند.

تاریخ:7 آگوست 2023                    با احترام ارسال شد،

_____                    /امضا/ *Jerry S. Goldman*
وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی

4

100623507.1-اسناد

شرکت **ANDERSON KILL.**
1251 Avenue of the Americas
New York, NY 10020
تلفن:(212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*وکلای خواهان‌ها*

5

اسناد-100623507.1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

03 MDL 1570 (GBD) (SN)

**NOTICE TO CONFORM TO**
**CONSOLIDATED AMENDED**
**COMPLAINT**

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No.1:04-cv-1076 (GBD)(SN)
*Jessica DeRubbio, et al. v. Islamic Republic of Iran, et al.*, No. 1:18-cv-05306 (GBD)(SN)
*Horace Morris, et al. v. Islamic Republic of Iran, et al.*, No. 1:18-cv-05321 (GBD)(SN)
*August Bernaerts, et al. v. Islamic Republic of Iran, et al.*, No. 1:19-cv-11865 (GBD)(SN)
*Justin Strauss, et al. v. Islamic Republic of Iran, et al.*, No. 1:22-cv-10823 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-05790 (GBD)(SN)

Plaintiffs in the above-mentioned previously filed cases file this Notice to Conform to the

Consolidated Amended Complaint as to the Kingdom of Saudi Arabia, ECF No. 3463, as permitted

and approved by the Court's Order of October 27, 2019, ECF No. 5234. Upon filing of this Notice

to Conform, all Plaintiffs in the following underlying pleadings: Fifth Amended First Consolidated

Complaint in *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No. 1:04-cv-1076

(GBD)(SN) at ECF No. 8702 (MDL docket number), Iran Short Form Complaint in *Justin Strauss,*

*et al. v. Islamic Republic of Iran, et al.*, No. 1:22-cv-10823 (GBD)(SN) at ECF No. 1 (individual

docket number), Iran Short Form Amended Complaint in *Celestine Kone, et al. v. Islamic Republic*

*of Iran, et al.*, No. 1:23-cv-05790 (GBD)(SN), ECF No. 10 (individual docket number), the Notice

of Amendment related to *Jessica DeRubbio, et al. v. Islamic Republic of Iran, et al.*, No. 1:18-cv-

05306 (GBD)(SN) at ECF No. 9032 (MDL docket number), the Notice of Amendment related to *Horace*

*Morris, et al. v. Islamic Republic of Iran, et al.*, No. 1:18-cv-05321 (GBD)(SN) at ECF No. 9074

(MDL docket number), and the Notice of Amendment related to *August Bernaerts, et al. v. Islamic*

*Republic of Iran, et al.*, No. 1:19-cv-11865 (GBD)(SN) at ECF No. 9260 (MDL docket number),[1] are deemed amended to include the factual allegations, jurisdictional allegations, and jury trial demand of the Consolidated Amended Complaint, as well as all causes of action specified below. The amendment effected through this Notice to Conform supplements by incorporation into, but does not displace, Plaintiffs' underlying pleadings. This Notice to Conform relates solely to the Kingdom of Saudi Arabia and does not apply to any other defendant, as to which Plaintiffs' underlying pleadings and any amendments thereto are controlling.

Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual and jurisdictional allegations of the Consolidated Amended Complaint; all prior filings in

---

[1] To the extent any plaintiff in these six (6) pleadings is already a named plaintiff against the Kingdom of Saudi Arabia in the actions listed directly below, those plaintiffs are excluded from this notice to conform.

*Estate of John P. O'Neill, Sr. et al. v. Kingdom of Saudi Arabia, et al.*, No. 1:04-cv-01922 (GBD)(SN); *Lloyd A. Abel Sr., et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11880 (GBD)(SN); *Margarite Bonomo, et al. v. Kingdom of Saudi Arabia,* No. 1:18-cv-11885 (GBD)(SN); *William Cintron-Lugos a/k/a William Cintron, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11888 (GBD)(SN); *David DeConto, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11904 (GBD)(SN); *Stephanie E. Lang, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11926 (GBD)(SN); *David Gordenstein, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11941 (GBD)(SN); *Arthur Harris, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11946 (GBD)(SN); *Allison Garger, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11950 (GBD)(SN); *Rodney Bush, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11964 (GBD)(SN); *Queen Mercer, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11965 (GBD)(SN); *Michael Murray, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11966 (GBD)(SN); *Mario Perez, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11967 (GBD)(SN); *Hopeton Richards, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11969 (GBD)(SN); *Deborah Rooney, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11970 (GBD)(SN); *Barbara Carroll Spence, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-11971 (GBD)(SN); *Gordon Aamoth, Sr., et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-12270 (GBD)(SN); *Richard A. Deuel, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-12272 (GBD)(SN); *Kristian G. Kincaid, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-12273 (GBD)(SN); *Ana Pascual Ortiz, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-12274 (GBD)(SN); *Michael Stackpole, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-12275 (GBD)(SN); *Jack Zelmanowitz, et al. v. Kingdom of Saudi Arabia*, No. 1:18-cv-12381 (GBD)(SN).

2

connection with the Consolidated Amended Complaint; and all prior Orders and rulings of the Court in connection with the Consolidated Amended Complaint.

## VENUE

1.      Plaintiffs' case is part of the multi-district proceeding In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on Multidistrict Litigation for coordinated or consolidated pre-trial proceedings in the United States District Court for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2.      Plaintiffs filing this Notice to Conform are identified in the following underlying pleadings: Fifth Amended First Consolidated Complaint in *Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No. 1:04-cv-1076 (GBD)(SN) at ECF No. 8702 (MDL docket number), Iran Short Form Complaint in *Justin Strauss, et al. v. Islamic Republic of Iran, et al.*, No. 1:22-cv-10823 (GBD)(SN) at ECF No. 1 (individual docket number), Iran Short Form Amended Complaint in *Celestine Kone, et al. v. Islamic Republic of Iran, et al.*, No. 1:23-cv-05790 (GBD)(SN), ECF No. 10 (individual docket number), the Notice of Amendment related to *Jessica DeRubbio, et al. v. Islamic Republic of Iran, et al.*, No. 1:18-cv-05306 (GBD)(SN) at ECF No. 9032 (MDL docket number), the Notice of Amendment related to *Horace Morris, et al. v. Islamic Republic of Iran, et al.*, No. 1:18-cv-05321 (GBD)(SN) at ECF No. 9074 (MDL docket number), and the Notice of Amendment related to *August Bernaerts, et al. v. Islamic Republic of Iran, et al.*, No. 1:19-cv-11865 (GBD)(SN) at ECF No. 9260 (MDL docket number), and are incorporated herein by reference.

3.      Plaintiffs have described their particular injuries and the nexus between those injuries and the September 11th attacks in their underlying pleadings, which allegations are incorporated herein by reference.

3

## CAUSES OF ACTION

4.      Plaintiffs hereby adopt and incorporate herein by reference the following causes of

action set forth in the Consolidated Amended Complaint, ECF No. 3463 (check all that apply):

☒      COUNT I – Aiding and Abetting and Conspiring with Al Qaeda to Commit the September 11th Attacks upon the United States in violation of 18 U.S.C. § 2333(d) (JASTA).

☒      COUNT II – Aiding and Abetting and Conspiring with Al Qaeda to Commit the September 11th Attacks upon the United States in violation of 18 U.S.C. § 2333(a).

☒      COUNT III – Committing Acts of International Terrorism in violation of 18 U.S.C. § 2333.

☒      COUNT IV – Wrongful Death.

☒      COUNT VI – Alien Tort Claims Act.

☒      COUNT VII – Assault and Battery.

☒      COUNT VIII – Conspiracy.

☒      COUNT IX – Aiding and Abetting.

☒      COUNT X – Intentional Infliction of Emotional Distress.

☒      COUNT XII – Liability Pursuant to Restatement (Second) of Torts § 317 and Restatement (Third) of Agency § 7.05: Supervising Employees and Agents.

☒      COUNT XIII – Liability Pursuant to Restatement (Second) of Torts § 317 and Restatement (Third) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents.

☒      COUNT XIV – 18 U.S.C. § 1962(a)–(d) – CIVIL RICO.

☒      COUNT XV – Trespass.

☒      COUNT XVI – Violations of International Law.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the

Consolidated Amended Complaint or answer to the Consolidated Amended Complaint filed by the

4

Kingdom of Saudi Arabia. By way of filing this Notice, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the Consolidated Amended Complaint, waived any right to object to class certification, or opted out of any certified class. This Notice also does not serve as a request for exclusion from any class that the Court may certify.

Dated: August 10, 2023

                                                Respectfully submitted,

                                                */s/ Jerry S. Goldman*
                                                Jerry S. Goldman, Esq.
                                                Bruce Strong, Esq.
                                                Alexander Greene, Esq.
                                                **ANDERSON KILL P.C.**
                                                1251 Avenue of the Americas
                                                New York, NY 10020
                                                Telephone: (212) 278-1000
                                                jgoldman@andersonkill.com
                                                bstrong@andersonkill.com
                                                agreene@andersonkill.com
                                                *Attorneys for Plaintiffs*

5

دادگاه ناحیه‌ای ایالات متحده منطقه جنوبی نیویورک

| | |
|---|---|
| عطف به: | 03 MDL 1570 (GBD) (SN) |
| حملات تروریستی 11 سپتامبر 2001 | اطلاعیه برای مطابقت با شکایت اصلاح شده تلفیقی |

این سند مربوط است به:

ماترک جان پ. اونیل، سینیور و دیگران علیه جمهوری عراق و دیگران شماره 1:04-cv-1076 (GBD) (SN)

*جسیکا دیروبیو و دیگران، علیه جمهوری اسلامی ایران،شماره 1:18-cv-05306 (GBD) (SN)؛*

*هوراس موریس و دیگران علیه جمهوری اسلامی ایران، شماره 1:18-cv-05321 (GBD) (SN)*

*آگوست برنارتز و دیگران علیه جمهوری اسلامی ایران، شماره 1:19-cv-11865 (GBD) (SN)*

*جاستین اشتراوس و همکاران علیه جمهوری اسلامی ایران، و همکاران، شماره 1:22-cv-10823 (GBD) (SN)*

*سلستین کونه و همکاران علیه جمهوری اسلامی ایران، و همکاران، شماره 1:23-cv-05790 (GBD) (SN)*

خواهان ها پرونده‌های ثبت‌شده فوق‌الذکر، این اخطار را برای انطباق با شکایت اصلاح‌شده تلفیقی در مورد پادشاهی عربستان سعودی، ECF شماره 3463، مطابق با مجوز و تأیید شده توسط دادگاه در 27 اکتبر 2019، شماره ECF 5234 ارسال می‌کنند. . پس از تسلیم این اخطار برای انطباق، همه خواهان ها در دعاوی اساسی زیر: پنجمین شکایت تلفیقی اصلاح شده در املاک جان پی. اونیل، پدر، و همکاران. v. جمهوری عراق، و همکاران، شماره (SN)(GBD)1:04-cv-1076 به شماره ECF شماره 8702 (شماره سند MDL)، شکایت فرم کوتاه ایران در جاستین اشتراوس، و همکاران. v. جمهوری اسلامی ایران، و همکاران، شماره (SN) (GBD) 1:22-cv-10823 در ECF شماره 1 (شماره سند فردی)، شکایت اصلاح شده فرم کوتاه ایران در Celestine Kone و همکاران. علیه جمهوری اسلامی ایران، و همکاران، شماره 1:23-cv-05790 (GBD) (SN)، شماره ECF شماره 10 (شماره سند فردی)، اطلاعیه اصلاحیه مربوط به جسیکا دروبیو، و همکاران. علیه جمهوری اسلامی ایران، و همکاران، شماره (SN)(GBD) 1:18-cv-05306 به شماره ECF 9032 (شماره سند MDL)، اطلاعیه اصلاحیه مربوط به هوراس موریس، و همکاران. v. جمهوری اسلامی ایران، و همکاران، شماره 1:18-cv-05321 ((GBD)(SN) به شماره ECF شماره 9074 (شماره سند MDL)، و اطلاعیه اصلاحیه مربوط به آگوست برنارتز و همکاران. v. جمهوری اسلامی ایران، و همکاران، شماره (SN)(GBD) 1:19-cv-11865 به شماره ECF شماره 9260

(شماره سند MDL)، [1] اصلاح شده به نظر می‌رسد که شامل ادعاهای واقعی، صلاحیتی باشد. ادعاها، و تقاضای محاکمه هیئت منصفه در مورد شکایت اصلاحی تلفیقی، و همچنین همه دلایل اقدام که در زیر مشخص شده است. اصلاحیه‌ای که از طریق این ابلاغیه اصلاحیه نافذ می‌شود، با درج در شکایت اصلی مکمل آن خواهد بود اما جایگزین آن نمی‌شود. این ابلاغیه برای انطباق صرفاً به پادشاهی عربستان سعودی مربوط می شود و در مورد هیچ متهم دیگری اعمال نمی شود، زیرا ادعاهای اساسی خواهان ها و هرگونه اصلاحیه در آن کنترل می شود.

پس از تسلیم این اخطار برای انطباق، تلقی می‌شود که هر شاکی تمام ادعاهای واقعی و قضایی شکایت اصلاحی تلفیقی را پذیرفته است. کلیه پرونده های قبلی در ارتباط با شکایت اصلاح شده تلفیقی؛ و کلیه احکام و احکام قبلی دادگاه در رابطه با شکایت اصلاحی تلفیقی.

**مکان**

1.    پرونده خواهان ها بخشی از روند رسیدگی چند منطقه ای در حملات تروریستی مجدد در 11 سپتامبر 2001، (SN) (GBD) 1570-MDL-03) است که توسط هیئت قضایی در دعاوی چند ناحیه ای برای رسیدگی های پیش از

---

[1] تا آنجا که هر یک از خواهان ها در این شش (6) دادخواست قبلاً در اقداماتی که مستقیماً در زیر فهرست شده است، یک شاکی به نام علیه پادشاهی عربستان سعودی باشد، آن خواهان ها برای انطباق از این ابلاغیه مستثنی هستند.

املاک جان پی اونیل سینیور و همکاران. علیه پادشاهی عربستان سعودی شماره (SN) (GBD) 01922-cv-04:1؛ لوید ای. آبل سینیور و همکاران. علیه پادشاهی عربستان سعودی شماره (SN) (GBD)11880-cv-18:1؛ مارگاریت بونومو و همکاران علیه پادشاهی عربستان سعودی, شماره. (SN) (GBD)11885-cv-18:1؛ ویلیام سینیترون-لوگوس عرف ویلیام سینیترون, و همکاران. علیه پادشاهی عربستان سعودی, شماره (SN) (GBD)11888-cv-18:1؛ دیوید دکتنو و همکاران علیه پادشاهی عربستان سعودی, شماره. (SN) (GBD)11904-cv-18:1؛ استفانی ای. لانگ و همکاران. علیه پادشاهی عربستان سعودی, شماره. (SN) (GBD) 1926 l-cv-18:1؛ دیوید گوردنشتاین و همکاران علیه پادشاهی عربستان سعودی, شماره, (SN) (GBD)11941-cv-18:1؛ آرتور هریس و همکاران علیه پادشاهی عربستان سعودی, شماره -cv-18:1 (SN) (GBD)11946؛ الیسون گارگر و همکاران علیه پادشاهی عربستان سعودی, شماره 11950-cv-18:1 (GBD)(SN)؛ رادنی بوش و همکاران علیه پادشاهی عربستان سعودی, شماره (SN) (GBD)11964-cv-18:1؛ ملکه مرسر و همکاران علیه پادشاهی عربستان سعودی, شماره (SN) (GBD)11965-cv-18:1؛ مایکل موری و همکاران علیه پادشاهی عربستان سعودی, شماره (SN) (GBD)11966-cv-18:1؛ ماریو پرز و همکاران علیه پادشاهی عربستان سعودی, شماره -cv-18:1 (GBD)(SN)11967؛ هوئیتون ریچاردز و همکاران علیه پادشاهی عربستان سعودی, شماره -cv-18:1 (GBD)(SN)11969؛ دبورا رونی و همکاران علیه پادشاهی عربستان سعودی, شماره 11970-cv-18:1 (GBD)(SN)؛ باربارا کارول اسپنس و همکاران علیه پادشاهی عربستان سعودی, شماره 11971-cv-18:1؛ گوردون آموت، پدر, و همکاران. علیه پادشاهی عربستان سعودی, شماره (SN) (GBD)12270-cv-18:1؛ ریچارد دیوئل و همکاران. علیه پادشاهی عربستان سعودی, شماره (GBD)12272-cv-18:1؛ کریستین جی. کینکید و همکاران. علیه پادشاهی عربستان سعودی, شماره (SN) (GBD)12273-cv-18:1؛ آنا پاسکوال اورتیز و همکاران. علیه پادشاهی عربستان سعودی, شماره -cv-18:1 (GBD)(SN)12274؛ مایکل استکیل و همکاران علیه پادشاهی عربستان سعودی, شماره 12275 (GBD)(SN)؛ جک زلمانوویتز و همکاران علیه پادشاهی عربستان سعودی, شماره (GBD) 12381-cv-18:1 .((SN)

اسناد-100617913.1

محاکمه هماهنگ یا تلفیقی در دادگاه منطقه ای ایالات متحده برای ناحیه جنوبی نیویورک.

**هویت خواهان‌ها**

2.    خواهان هایی که این اخطار برای انطباق را ارسال می کنند، در دادخواست های اساسی زیر مشخص می شوند: پنجمین شکایت تلفیقی اصلاح شده در املاک جان پی. اونیل، سینیور، و همکاران. علیه جمهوری عراق و همکاران، شماره SN)(GBD) 1:04-cv-1076 به شماره ECF شماره 8702 (شماره سند MDL)، شکایت فرم کوتاه ایران در جاستین اشتراوس، و همکاران. علیه جمهوری اسلامی ایران، و همکاران، شماره (SN) (GBD) 1:22-cv-10823 در ECF شماره 1 (شماره برگه فردی)، شکایت اصلاح شده فرم کوتاه ایران در سلیستین کونه، و همکاران علیه جمهوری اسلامی ایران، و همکاران، شماره (SN) (GBD) 1:23-cv-05790 ، شماره ECF شماره 10 (شماره سند فردی)، اطلاعیه اصلاحیه مربوط به جسیکا درویبو، و همکاران. علیه جمهوری اسلامی ایران، و همکاران، شماره 1:18-cv-05306 (SN)(GBD) به شماره ECF 9032 (شماره سند MDL)، اطلاعیه اصلاحیه مربوط به هوراس موریس، و همکاران. علیه جمهوری اسلامی ایران، و همکاران، شماره (SN) (GBD) 1:18-cv-05321 به شماره ECF 9074 (شماره سند MDL)، و اطلاعیه اصلاحیه مربوط به آگوست برنارتز، و همکاران. v. جمهوری اسلامی ایران، و همکاران، شماره 1:19-cv-11865 (GBD)(SN) به شماره ECF شماره 9260 (شماره سند MDL)، و با مرجع در اینجا گنجانده شده‌اند.

3.    خواهان ها جراحات خاص خود و رابطه بین آن صدمات و حملات 11 سپتامبر را در دادخواست های اساسی خود شرح داده اند، که این ادعاها در اینجا با ارجاع گنجانده شده است.

**علل اقدام**

4.    خواهان ها بدینوسیله دلایل اقدامات زیر را که در شکایت اصلاحی تلفیقی، شماره ECF 3463 ذکر شده است، با ارجاع در اینجا می‌پذیرند (همه مواردی که اعمال می‌شوند را بررسی کنید):

☒    مورد I - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر علیه ایالات متحده در نقض JASTA) 18 USC § 2333(d).

☒    مورد II - کمک و مشارکت و توطئه با القاعده برای انجام حملات 11 سپتامبر به ایالات متحده که نقض a) 18 USC § 2333) است.

اسناد-100617913.1

☒    مورد III - ارتکاب اعمال تروریستی بین المللی در نقض 2333 § USC 18.

☒    مورد IV - مرگ نادرست.

☒    مورد VI - قانون ادعاهای تخلف بیگانه.

☒    مورد VII - حمله و باتری.

☒    مورد VIII - توطئه.

☒    مورد IX - کمک و مشارکت.

☒    مورد X - ایجاد عمدی پریشانی عاطفی.

☒    مورد XII - مسئولیت بر اساس بیان مجدد (دوم) تخلفات § 317 و بیان مجدد (سوم) § 7.05 نمایندگی: نظارت بر کارمندان و نمایندگان.

☒    مورد XIII - مسئولیت بر اساس بیان مجدد (دوم) تخلفات § 317 و بیان مجدد (سوم) § 7.05 آژانس: استخدام، انتخاب و حفظ کارمندان و نمایندگان.

☒    COUNT XIV - 18 USC § 1962 (a) - (d) - CIVIL RICO.

☒    مورد XV - تجاوز.

☒    مورد XVI - نقض حقوق بین الملل.

پرونده تشکیل دهنده خواهان ها مشروط به هرگونه درخواست برای رد شکایت اصلاح شده تلفیقی یا پاسخ به شکایت اصلاح شده تلفیقی ارائه شده توسط پادشاهی عربستان سعودی تلقی می شود. از طریق تسلیم این اخطار، تلقی نمی‌شود که خواهان ها ادعاهای دسته‌بندی مندرج در شکایت اصلاحی تلفیقی را پذیرفته‌اند، از هر گونه حق اعتراض به گواهینامه کلاس چشم پوشی کرده باشند، یا از هر کلاس تایید شده انصراف داده باشند. این ابلاغیه همچنین به عنوان درخواستی برای حذف از هر طبقه ای که دادگاه ممکن است تأیید کند، عمل نمی کند.

تاریخ:10 آگوست 2023

تقدیم با احترام،

4

/امضا/ جری اس. گلدمن

وکیل دعاوی جری اس. گلدمن
Bruce Strong، وکیل دعاوی
Alexander Greene، وکیل دعاوی
**ANDERSON KILL P.C**
1251 Avenue of the Americas
New York, NY 10020
تلفن:(212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
وکلای خواهان‌ها

اسناد-100617913.1

JS 44C/SDNY
REV.
10/01/2020

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Celestine Kone, et al. (see appendix) | Islamic Republic of Iran |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Jerry S. Goldman, Esq., ANDERSON KILL P.C.
1251 Avenue of the Americas, New York, NY 10020
(212) 278-1000 / jgoldman@andersonkill.com

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. § 2333 and 18 U.S.C. §§ 1605A, 1605B

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑    Judge Previously Assigned
George B. Daniels

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed.  No ☒  Yes ☐   If yes, give date _____ & Case No. 1:03-md-1570

Is this an international arbitration case?    No ☒    Yes ☐

(PLACE AN [x] IN ONE BOX ONLY)                    NATURE OF SUIT

### TORTS

### ACTIONS UNDER STATUTES

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY | [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881 | [ ] 422 APPEAL 28 USC 158 | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT LIABILITY | | | [ ] 423 WITHDRAWAL 28 USC 157 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | [ ] 320 ASSAULT, LIBEL & SLANDER | [ ] 365 PERSONAL INJURY PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 140 NEGOTIABLE INSTRUMENT | [ ] 330 FEDERAL EMPLOYERS' LIABILITY | [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY | | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT | [ ] 340 MARINE | | PROPERTY RIGHTS | | [ ] 430 BANKS & BANKING |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT LIABILITY | PERSONAL PROPERTY | [ ] 820 COPYRIGHTS | [ ] 880 DEFEND TRADE SECRETS ACT | [ ] 450 COMMERCE |
| [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS) | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | [ ] 830 PATENT | | [ ] 460 DEPORTATION |
| | [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY | [ ] 371 TRUTH IN LENDING | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | | [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO) |
| [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS | [ ] 360 OTHER PERSONAL INJURY | | [ ] 840 TRADEMARK | | [ ] 480 CONSUMER CREDIT |
| | [ ] 362 PERSONAL INJURY - MED MALPRACTICE | [ ] 380 OTHER PERSONAL PROPERTY DAMAGE | | SOCIAL SECURITY | [ ] 485 TELEPHONE CONSUMER PROTECTION ACT |
| [ ] 160 STOCKHOLDERS SUITS | | [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY | LABOR | [ ] 861 HIA (1395ff) | |
| [ ] 190 OTHER CONTRACT | | | [ ] 710 FAIR LABOR STANDARDS ACT | [ ] 862 BLACK LUNG (923) | [ ] 490 CABLE/SATELLITE TV |
| [ ] 195 CONTRACT PRODUCT LIABILITY | | PRISONER PETITIONS | [ ] 720 LABOR/MGMT RELATIONS | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE |
| [ ] 196 FRANCHISE | | [ ] 463 ALIEN DETAINEE | | [ ] 864 SSID TITLE XVI | |
| | | [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255 | [ ] 740 RAILWAY LABOR ACT | [ ] 865 RSI (405(g)) | |
| | ACTIONS UNDER STATUTES | [ ] 530 HABEAS CORPUS | [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA) | | [x] 890 OTHER STATUTORY ACTIONS |
| | CIVIL RIGHTS | [ ] 535 DEATH PENALTY | [ ] 790 OTHER LABOR LITIGATION | FEDERAL TAX SUITS | [ ] 891 AGRICULTURAL ACTS |
| REAL PROPERTY | [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner) | [ ] 540 MANDAMUS & OTHER | [ ] 791 EMPL RET INC SECURITY ACT (ERISA) | [ ] 870 TAXES (U.S. Plaintiff or Defendant) | [ ] 893 ENVIRONMENTAL MATTERS |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | | | [ ] 871 IRS-THIRD PARTY 26 USC 7609 | [ ] 895 FREEDOM OF INFORMATION ACT |
| [ ] 220 FORECLOSURE | [ ] 442 EMPLOYMENT | PRISONER CIVIL RIGHTS | IMMIGRATION | | [ ] 896 ARBITRATION |
| [ ] 230 RENT LEASE & EJECTMENT | [ ] 443 HOUSING/ ACCOMMODATIONS | [ ] 550 CIVIL RIGHTS | [ ] 462 NATURALIZATION APPLICATION | | [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION |
| [ ] 240 TORTS TO LAND | [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION ACTIONS | | |
| [ ] 245 TORT PRODUCT LIABILITY | [ ] 446 AMERICANS WITH DISABILITIES -OTHER | [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT | | | [ ] 950 CONSTITUTIONALITY OF STATE STATUTES |
| [ ] 290 ALL OTHER REAL PROPERTY | [ ] 448 EDUCATION | | | | |

Check if demanded in complaint:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 150 billion    OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE George B. Daniels    DOCKET NUMBER 1:03-md-1570

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

**ORIGIN**

[x] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation (Transferred)  [ ] 7 Appeal to District Judge from Magistrate Judge

*(PLACE AN  x  IN ONE BOX ONLY)*

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*

**BASIS OF JURISDICTION**

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW.*

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)   [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

See attached appendix.

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Islamic Republic of Iran
c/o Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran

**DEFENDANT(S) ADDRESS UNKNOWN**

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 07/06/2023   /s/ Jerry Goldman
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED  Mo. May   Yr. 1980  )
Attorney Bar Code # 1302454

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

# APPENDIX 1

Each line below is deemed an allegation, incorporating the allegations, language, and references within the Iran Short Form Complaint to which this Appendix 1 is appended and shall be referenced as Allegation 1 of Appendix 1 to the Iran Short Form Complaint, Allegation 2 of Appendix 1 to the Iran Short Form Complaint, etc.

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 1. | Celestine Kone | GA | United States | Abdoulaye Kone | PR | United States | Solatium/Wrongful Death |
| 2. | Celestine Kone | GA | United States | Abdoulaye Kone | Spouse | United States | Solatium |
| 3. | Lacina Kone | GA | United States | Abdoulaye Kone | Child | United States | Solatium |
| 4. | Mama Kone | GA | United States | Abdoulaye Kone | Child | United States | Solatium |
| 5. | Stephen Ciccone | NY | United States | Alex F. Ciccone | Child | United States | Solatium |
| 6. | Julia Ciccone | NY | United States | Alex F. Ciccone | Child | United States | Solatium |
| 7. | Ayleen Arroyo | NJ | United States | Ayleen Santiago | Child | United States | Solatium |
| 8. | George J. Santiago | NJ | United States | Ayleen Santiago | Child | United States | Solatium |
| 9. | Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago | NJ | United States | Ayleen Santiago | Spouse (Deceased) | United States | Solatium |
| 10. | Casey (Clarke) DeBaecke | PA | United States | Christopher Clarke | PR | United States | Solatium/Wrongful Death |
| 11. | Casey (Clarke) DeBaecke | PA | United States | Christopher Clarke | Spouse | United States | Solatium |
| 12. | John Doe 140 | IL | United States | Darya Lin | PR | United States | Solatium/Wrongful Death |
| 13. | Kristen Graf | CT | United States | Edwin J. Graf, III | PR | United States | Solatium/Wrongful Death |
| 14. | Sarah Sopher | TBD | United States | Edwin J. Graf, III | Child | United States | Solatium |
| 15. | Kevin Joseph Collin | CA | United States | Jean Marie Collin | Sibling | United States | Solatium |
| 16. | Kathleen Raney | NJ | United States | Jean Marie Collin | Sibling | United States | Solatium |

---

[1] For those identified as "PR," such claim is made as the Personal Representative of the 9/11 Victim's Estate and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

[2] The PRs identified below are bringing solatium claims on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Victim as noted in the case caption.

10

| | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 17. | John Doe 141 | NY | United States | Jean Marie Collin | PR | United States | Solatium/Wrongful Death |
| 18. | John Doe 142, as Personal Representative of the Estate of Charlotte Griebel | NY | United States | Jean Marie Collin | Parent (Deceased) | United States | Solatium |
| 19. | Rafael Espinal | NY | United States | Jose Espinal | Sibling | United States | Solatium |
| 20. | Maria Elena Santana | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 21. | Maria Altagracia Espinal | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 22. | Josefina Blanchard | NY | United States | Jose Espinal | Sibling | United States | Solatium |
| 23. | Flordaliza Espinal | FL | United States | Jose Espinal | Sibling | United States | Solatium |
| 24. | Moises Espinal | PA | United States | Jose Espinal | Sibling | United States | Solatium |
| 25. | Jasmine Espinal | CT | United States | Jose Espinal | Child | United States | Solatium |
| 26. | Maria Alayo Aguilar | CT | United States | Jose Espinal | PR | United States | Solatium/Wrongful Death |
| 27. | Georgette Conroy | NY | United States | Kevin Conroy | PR | United States | Solatium/Wrongful Death |
| 28. | Georgette Conroy | NY | United States | Kevin Conroy | Spouse | United States | Solatium |
| 29. | Matthew Conroy | IL | United States | Kevin Conroy | Child | United States | Solatium |
| 30. | Jamie Conroy | NY | United States | Kevin Conroy | Child | United States | Solatium |
| 31. | Christine Kelly | NY | United States | Kevin Conroy | Child | United States | Solatium |
| 32. | Jill Conroy | MA | United States | Kevin Conroy | Child | United States | Solatium |
| 33. | Ramona Schroeder | FL | United States | Lorraine Antigua | Parent | United States | Solatium |
| 34. | Charles Schroeder | FL | United States | Lorraine Antigua | Parent | United States | Solatium |
| 35. | Diane Inghilterra | NY | United States | Louis Inghilterra | PR | United States | Solatium/Wrongful Death |
| 36. | Diane Inghilterra | NY | United States | Louis Inghilterra | Spouse | United States | Solatium |
| 37. | Louis Sam Inghilterra | NY | United States | Louis Inghilterra | Child | United States | Solatium |
| 38. | Lisa DeRienzo | NJ | United States | Michael DeRienzo | PR | United States | Solatium/Wrongful Death |
| 39. | Lisa DeRienzo | NJ | United States | Michael DeRienzo | Sibling | United States | Solatium |
| 40. | Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo | PA | United States | Michael Russo | Parent (Deceased) | United States | Solatium |
| 41. | Alana McKenzie | VA | United States | Molly McKenzie | PR | United States | Solatium/Wrongful Death |
| 42. | Alana McKenzie | VA | United States | Molly McKenzie | Child | United States | Solatium |
| 43. | Lea McKenzie | VA | United States | Molly McKenzie | Child | United States | Solatium |
| 44. | Ursula Andrus | FL | Poland | Norbert Szurkowski | PR | Poland | Solatium/Wrongful Death |
| 45. | Ursula Andrus | FL | United States | Norbert Szurkowski | Spouse | Poland | Solatium |
| 46. | Alexandra Szurkowski | FL | United States | Norbert Szurkowski | Child | Poland | Solatium |

|  | Plaintiff's Name | Plaintiff's State of Residency at Filing (or death) | Plaintiff's Citizenship/ Nationality on 9/11/01 | 9/11 Victim's Full Name | Plaintiff's Relationship to 9/11 Victim[1] | 9/11 Victim's Citizenship/ Nationality on 9/11/01 | Nature of Claim (wrongful death, solatium, personal injury)[2] |
|---|---|---|---|---|---|---|---|
| 47. | Claudia Szurkowski | FL | United States | Norbert Szurkowski | Child | Poland | Solatium |
| 48. | Rebecca Shum | NJ | United States | See Wong Shum | PR | United States | Solatium/Wrongful Death |
| 49. | Rebecca Shum | NJ | United States | See Wong Shum | Spouse | United States | Solatium |
| 50. | Leon Shum | NJ | United States | See Wong Shum | Child | United States | Solatium |
| 51. | Chanel Shum | NJ | United States | See Wong Shum | Child | United States | Solatium |
| 52. | John Doe 143 | NY | United States | Stanley McCaskill | PR | United States | Solatium/Wrongful Death |
| 53. | Joyce Grant | NY | United States | Winston Grant | PR | United States | Solatium/Wrongful Death |
| 54. | Joyce Grant | NY | United States | Winston Grant | Spouse | United States | Solatium |
| 55. | Winston Grant II | NY | United States | Winston Grant | Child | United States | Solatium |
| 56. | John Doe 144, as Personal Representative of the Estate of Joya Grant | NY | United States | Winston Grant | Child (Deceased) | United States | Solatium |

12

JS 44C/SDNY
اصلاحی
10/01/2020

## برگه جلد دادخواست مدنی

برگه جلد دادخواست مدنی JS-44 و اطلاعات مندرج در آن نه جایگزین ارائه و ابلاغ دادخواهی و سایر اوراق الزامی بر اساس قانون بوده و نه مکمل آنها است، مگر بر اساس قوانین محلی دادگاه. این فرم که توسط کنفرانس قضایی ایالات متحده در سپتامبر 1974 تصویب گردیده، برای استفاده منشی دادگاه به منظور تهیه برگه پرونده دادخواست مدنی در نظر گرفته شده است.

| خواندگان | خواهان‌ها |
|---|---|
| جمهوری اسلامی ایران | Celestine Kone و همکاران (ضمیمه را ببینید) |
| وکلا (در صورت اطلاع) | وکلا (نام شرکت، آدرس، و شماره تلفن)<br>Jerry S. Goldman, Esq., Anderson Kill PC<br>1251 Avenue of the Americas, New York, NY 10020<br>(212) 278-1000 / jgoldman@andersonkill.com |

علت اقدام (به قانون مدنی ایالات متحده که بر اساس آن اقامه دعوی می‌کنید استناد نموده و علت را بطور خلاصه ذکر نمایید)
(به قوانین مصوب مرتبط به صلاحیت استناد نکنید، مگر در صورت وجود اختلاف آرا)

18 U.S.C. § 2333 و 18 U.S.C. §§ 1605A, 1605B

قاضی منصوب شده قبلی
George B. Daniels

آیا این اقدام، پرونده یا دادرسی یا موردی دارای مشابهت اساسی قبلاً در هر زمانی در SDNY مطرح شده است؟ خیر ☐ بله☑

اگر بله، آیا این پرونده داوطلبانه بود. ☐غیرداوطلبانه بود. ☐رد شده است. خیر ☒ بله ☐ اگر بله، تاریخ _____ و شماره پرونده را ذکر کنید 1:03-md-1570

آیا این پرونده داوری بین‌المللی است؟    بله ☒ خیر

## ماهیت اقامه دعوی

(فقط یک [x] را در یک کادر وارد کنید)

| سایر قوانین مصوب | مسئولیت مدنی | | | |
|---|---|---|---|---|
| | ورشکستگی | توقف/جریمه | صدمه شخصی | قرارداد |
| [ ] 375 ادعاهای واهی | [ ] 422 درخواست تجدید نظر 28 USC 158 | [ ] 625 توقف اموال مربوط به مواد مخدر 21 USC 881 | صدمه شخصی | [ ] 110 بیمه |
| [ ] 376 QUI I TAM | [ ] 423 استرداد 157 USC 28 | [ ] 690 سایر | [ ] 367 بهداشت و درمان/صنعتی شخصی‌دارویی/مسئولیت در قبال محصول | [ ] 120 دریایی |
| [ ] 400 تخصیص مجدد ایالتی | | | صدمه شخصی | [ ] 130 قانون ملزم |
| [ ] 410 ضد انحصار | حقوق مالکیت | | [ ] 320 ضرب و جرح، افترا و توهین/مسئولیت در قبال محصول | [ ] 140 اسناد اضافه پرداخت و اجرای حکم |
| [ ] 430 بانک‌ها و بانکداری | [ ] 820 حقوق تسمیه‌داری‌ها | اموال شخصی | [ ] 340 دریایی | [ ] 150 MEDICARE |
| [ ] 450 تجارت | [ ] 830 ثبت اختراع | [ ] 365 مسئولیت در قبال صدمه شخصی ناشی از محصول | [ ] 345 مسئولیت محصولات دریایی | |
| [ ] 460 تبعید | [ ] 835 ثبت اختراع - کاربرد جدید دارویی تأیید شده خلاصه شده | [ ] 368 مسئولیت در قبال صدمه شخصی ناشی از محصول آزبست | [ ] 350 خودرو موتوری | [ ] 151 قانون MEDICARE |
| [ ] 470 موثر سازمان‌های تحت نفوذ تقلب و فساد (RICO) | [ ] 840 علامت تجاری | | [ ] 355 مسئولیت در قبال محصول خودرو موتوری | [ ] 152 استرداد وام‌های پرداخت نشده دانشجویی (بجز کهنه سربازان) |
| [ ] 480 اعتبار مشتری | نیروی کار | | [ ] 360 سایر موارد تقلب | [ ] 153 استرداد اضافه پرداخت مزایای کهنه سربازان |
| [ ] 485 قانون حفاظت از مصرف‌کننده تلفنی | [ ] 710 قانون استانداردهای کار منصفانه | | [ ] 362 صدمه شخصی - سوءاقدام پزشکی | [ ] 160 دعوی سهامداران |
| [ ] 490 تلویزیون کابلی/ماهواره | [ ] 720 روابط کار/مدیریت | تأمین اجتماعی | [ ] 371 حقیقت در مورد وام‌دهی | [ ] 190 سایر قراردادها |
| [ ] 850 تضامین/کالاها/مبادله | DIWC/DIWW (405(g)) 863 | [ ] 861 (1395f) HIA | | [ ] 195 مسئولیت در قبال محصول قرارداد |
| [X] 890 سایر اقدامات قانونی | [ ] 730 قانون گزارش و افشای کار/مدیریت | [ ] 862 بیماری سیاهشش (923) | صدمه شخصی | [ ] 196 فرانشیز |
| [ ] 891 قوانین کشاورزی | XVI عنوان SSID 864 | [ ] 380 سایر فریب آسیب به اموال شخصی | |
| [ ] 893 موضوعات زیست محیطی | RSI (405(g)) 865 | [ ] 385 مسئولیت در قبال آسیب محصول به آبرها | |
| [ ] 895 قانون آزادی اطلاعات | | | |
| [ ] 896 داوری | پرونده‌های مالیاتی فدرال | اعتراضات زندانی | اقدام بر اساس قوانین مصوب |
| [ ] 899 قانون رویه‌های اداری/بازنگری یا درخواست تجدید نظر در مورد تصمیم سازمان | [ ] 870 مالیات‌ها (خواهان یا خوانده ایالات متحده) | [ ] 463 فرد با دادستش بیگانه | املاک و مستغلات |
| [ ] 950 تطابق قوانین ایالتی با قانون اساسی | [ ] 871 شخص ثالث 7609 IRS 26 USC | [ ] 510 درخواست‌ها برای ابطال حکم 2255 | [ ] 210 تملک زمین |
| | | [ ] 530 عمومی | [ ] 220 توقیف ملک |
| حقوق شهروندی | [ ] 535 کیفر اعدام | [ ] 230 قرارداد اجاره و کرایه |
| [ ] 440 سایر حقوق مدنی (غیرزندانی) | [ ] 540 امر احضار و سایر | [ ] 240 شبه‌جرم مربوط به زمین |
| [ ] 441 رأی‌دهی | مهاجرت | [ ] 245 شبه‌جرم مسئولیت در قبال محصول |
| [ ] 442 اشتغال | [ ] 462 درخواست تابعیت | [ ] 290 تمام املاک دیگر |
| [ ] 443 مسکن/اقامتگاه - اشتغال | [ ] 465 سایر اقدامات مهاجرت | |
| [ ] 445 آمریکایی‌های دچار معلولیت - اشتغال | | |
| [ ] 446 آمریکایی‌های دچار معلولیت - سایر | | |
| [ ] 448 آموزش | حقوق شهروندی زندانی | |
| | [ ] 550 حقوق شهروندی | |
| | [ ] 555 شرایط زندان | |
| | [ ] 560 شرایط بازداشت مدنی حبس | |

اگر در شکایت تقاضای تجدید نظر شده است، علامت بزنید:

اگر یک اقدام جمعی بر اساس F.R.C.P. 23 است، علامت بزنید ☐

آیا مدعی هستید که این پرونده که مربوط به پرونده مدنی در دست بررسی در S.D.N.Y. است که طبق قانون محلی برای تقسیم کسب و کار 13 تعریف شده است؟
اگر پاسخ مثبت است، ذکر کنید:

تقاضای 150 میلیارد دلار سایر _____    قاضی George B. Daniels    _____    پرونده شماره 1:03-md-1570

*فقط اگر در شکایت تقاضای تجدید نظر شده است*، "بله" را علامت بزنید:

توجه: باید فرم اظهاریه مرتبط بودن (فرم IH-32) را نیز در هنگام طرح دعوی، ارائه نمایید.

درخواست هیئت منصفه: ☒بله☐خیر

منشأ

| 7 درخواست تجدید نظر از قاضی ناحیه از قاضی بخش | 6 دادخواهی‌های مربوط به چند ناحیه (منتقل شده) | 5 منتقل شده از (ناحیه را مشخص کنید) | 4 شروع مجدد یا پاسخ | 3 تأیید شده در دادگاه تجدید نظر ایالتی | 2 خارج شده از دادگاه ایالتی (فقط یک کادر را با علامت x مشخص نمایید) | 1 رسیدگی اصلی |
|---|---|---|---|---|---|---|

☐ 8 دادخواهی‌های مربوط به چند ناحیه (ارائه مستقیم)

☐ الف. وکلای همه طرفین حضور داشتند
☐ ب. حداقل یکی از طرفین بدون وکیل حضور دارد.

**در صورت تفاوت، در زیر تابعیت را مشخص   مبنای صلاحیت**
**کنید.**

| ☐ 4 مورد اختلاف | ☒ 3 سؤال فدرال (ایالات متحده جزو طرفین نیست) | ☐ 2 خوانده ایالات متحده | ☐ 1 خواهان ایالات متحده | (فقط یک کادر را با علامت x مشخص نمایید) |
|---|---|---|---|---|

**تابعیت طرفین اصلی (فقط برای پرونده‌های اختلافی)**
(با یک [X] در کادر مربوط به خواهان و با یک هم در کادر مربوط به خوانده علامت بزنید)

| خوانده | خواهان | | خوانده | خواهان | | خوانده | خواهان | |
|---|---|---|---|---|---|---|---|---|
| [ ] 1 | [ ] 1 | شهروند این ایالت | [ ] 3 | [ ] 3 | شهروند یا تبعه یک کشور خارجی | [ ]5 | [ ]5 | تأسیس شده و محل اصلی کسب و کار در ایالتی دیگر | 15. |
| []2 | []2 | شهروند ایالتی دیگر | [ ] 4 | [ ] 4 | تأسیس شده و محل اصلی کسب و کار در این ایالت | [ ]6 | [ ]6 | تابعیت خارجی | 16 |

آدرس(ها) و کشور (های) خواهان(ها)
به پیوست مراجعه کنید.

آدرس(ها) و کشور (های) خوانده(ها)
جمهوری اسلامی ایران
به نشانی وزارت امور خارجه
خیابان امام خمینی
تهران، ایران

آدرس خوانده(ها) نامعلوم است
بدین‌وسیله اعلام می‌گردد که در حال حاضر، با وجود انجام تلاش معقول نتوانسته‌ام آدرس محل سکونت خوانده‌های زیر را مشخص نمایم.

**تخصیص به دادگاه**
بدین‌وسیله گواهی می‌نمایم که این پرونده باید مطابق با قانون محلی بخش تجارت، 18، 20 یا 21 به دادگاه مشخص شده در زیر اختصاص داده شود.

یک مورد را با علامت بزنید: این اقدام باید به محل زیر اختصاص یابد:   ☐ وایت پلینز   ☒ منهتن

| پذیرفته شده برای اجرا در این ناحیه | تاریخ 07/06/2023 | /امضا/ Jerry Goldman |
|---|---|---|
| [ ] خیر | | امضای وکیل پرونده |
| [X] بله (تاریخ پذیرش ماه می سال 1980 ) | شماره رسید | |
| شماره کد وکیل در کانون وکلا 1302454 | | |

قاضی بخش باید توسط منشی دادگاه تعیین شود.

قاضی بخش _____ به این صورت تعیین شد.

روبی جی. کراجیک، منشی دادگاه از طرف _____ معاون منشی، تاریخ _____ .

دادگاه ناحیه‌ای ایالات متحده (نیویورک جنوبی)

**پیوست 1**

هر یک از سطرهای زیر یک اتهام محسوب می‌شود و جزو اتهامات، زبان و ارجاعات در فرم کوتاه شکایت از ایران است که ضمیمه 1 به آن پیوست شده است و باید به عنوان دعوی 1 از ضمیمه 1 به فرم کوتاه شکایت از ایران، دعوی 2 از ضمیمه 2 به فرم کوتاه شکایت از ایران و الی آخر مورد ارجاع قرار گیرد.

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | نسبت خواهان با قربانی 9/11[1] | نام کامل قربانی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | عبدالله کونه | ایالات متحده | جورجیا | سلستین کونه | 1. |
| ترضیه خاطر | ایالات متحده | همسر | عبدالله کونه | ایالات متحده | جورجیا | سلستین کونه | 2. |
| ترضیه خاطر | ایالات متحده | فرزند | عبدالله کونه | ایالات متحده | جورجیا | لاسینا کونه | 3. |
| ترضیه خاطر | ایالات متحده | فرزند | عبدالله کونه | ایالات متحده | جورجیا | مامان کونه | 4. |
| ترضیه خاطر | ایالات متحده | فرزند | الکس اف. سیکونه | ایالات متحده | نیویورک | استفان سیکون | 5. |
| ترضیه خاطر | ایالات متحده | فرزند | الکس اف. سیکونه | ایالات متحده | نیویورک | جولیا سیکونه | 6. |
| ترضیه خاطر | ایالات متحده | فرزند | آیلین سانتیاگو | ایالات متحده | نیوجرسی | آیلین اوریو | 7. |
| ترضیه خاطر | ایالات متحده | فرزند | آیلین سانتیاگو | ایالات متحده | نیوجرسی | جورج جی سانتیاگو | 8. |
| | ایالات متحده | همسر (متوفی) | آیلین سانتیاگو | ایالات متحده | نیوجرسی | آیلین اوریو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو | 9. |
| ترضیه خاطر/قتل غیرعمد مرگ | ایالات متحده | پورتو ریکو | کریستوفر کلارک | ایالات متحده | پنسیلوانیا | کیسی (کلارک) دباخه | 10. |
| ترضیه خاطر | ایالات متحده | همسر | کریستوفر کلارک | ایالات متحده | پنسیلوانیا | کیسی (کلارک) دباخه | 11. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | دریا لین | ایالات متحده | ایلینویز | ناشناس 140 | 12. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | ادوین جی. گراف سوم | ایالات متحده | کنکتیکات | کریستین گراف | 13. |
| ترضیه خاطر | ایالات متحده | فرزند | ادوین جی. گراف سوم | ایالات متحده | TBD | سارا سوفر | 14. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ژان ماری کولین | ایالات متحده | کالیفرنیا | کوین جوزف کولین | 15. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | ژان ماری کولین | ایالات متحده | نیوجرسی | کاثلین رانی | 16. |
| ترضیه خاطر/قتل غیرعمد | ایالات متحده | پورتو ریکو | ژان ماری کولین | ایالات متحده | نیویورک | ناشناس 141 | 17. |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | ژان ماری کولین | ایالات متحده | نیویورک | ناشناس 142، به عنوان نماینده شخصی ماترک آرتور سیمون | 18. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | نیویورک | رافائل اسپینال | 19. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | ماریا النا سانتانا | 20. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | فلوریدا | ماریا آلتاگراسیا اسپینال | 21. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال (Jose Espinal) | ایالات متحده | نیویورک | جوزفینا بلانچارد | 22. |

---

[1] نمایندگان شخصی مندرج در زیر دعاوی ترضیه خاطر را از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده قربانی 9/11 مذکور که در عنوان پرونده آمده است مطرح می‌کنند.

10

اسناد-100613859.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | نسبت خواهان با قربانی 11/9[1] | نام کامل قربانی11/9 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (با مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال ( Jose Espinal) | ایالات متحده | فلوریدا | فلورداليزا اسپینال | 23. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | خوزه اسپینال ( Jose Espinal) | ایالات متحده | پنسیلوانیا | مویریس اسپینال | 24. |
| ترضیه خاطر | ایالات متحده | فرزند | خوزه اسپینال ( Jose Espinal) | ایالات متحده | کنکتیکات | یاسمین اسپینال | 25. |
| ترضیه خاطر /قتل غیر عمد | ایالات متحده | پورتو ریکو | خوزه اسپینال ( Jose Espinal) | ایالات متحده | کنکتیکات | ماریا آلایو آگیلار | 26. |
| ترضیه خاطر | ایالات متحده | پورتو ریکو | کوین کانروی | ایالات متحده | نیویورک | جورجت کانروی | 27. |
| ترضیه خاطر | ایالات متحده | همسر | کوین کانروی | ایالات متحده | نیویورک | جورجت کانروی | 28. |
| ترضیه خاطر | ایالات متحده | فرزند | کوین کانروی | ایالات متحده | ایلینویز | متیو کانروی | 29. |
| ترضیه خاطر | ایالات متحده | فرزند | کوین کانروی | ایالات متحده | نیویورک | جیمی کانروی | 30. |
| ترضیه خاطر | ایالات متحده | فرزند | کوین کانروی | ایالات متحده | نیویورک | کریستین کیلی | 31. |
| ترضیه خاطر | ایالات متحده | فرزند | کوین کانروی | ایالات متحده | ماساچوست | جیل کانروی | 32. |
| ترضیه خاطر | ایالات متحده | والد | Lorraine Antigua | ایالات متحده | فلوریدا | رامونا شرودر | 33. |
| ترضیه خاطر | ایالات متحده | والد | Lorraine Antigua | ایالات متحده | فلوریدا | چارلز شرودر | 34. |
| ترضیه خاطر /قتل غیر عمد | ایالات متحده | پورتو ریکو | لوئیس اینگلترا | ایالات متحده | نیویورک | دایان اینگلترا | 35. |
| ترضیه خاطر | ایالات متحده | همسر | لوئیس اینگلترا | ایالات متحده | نیویورک | دایان اینگلترا | 36. |
| ترضیه خاطر | ایالات متحده | فرزند | لوئیس اینگلترا | ایالات متحده | نیویورک | لوئیس سام اینگلترا | 37. |
| ترضیه خاطر /قتل غیر عمد | ایالات متحده | پورتو ریکو | مایکل دیرینزو | ایالات متحده | نیوجرسی | لیزا درینزو | 38. |
| ترضیه خاطر | ایالات متحده | برادر/خواهر | مایکل دیرینزو | ایالات متحده | نیوجرسی | لیزا درینزو | 39. |
| ترضیه خاطر | ایالات متحده | والد (متوفی) | مایکل روسو | ایالات متحده | پنسیلوانیا | دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو | 40. |
| ترضیه خاطر /قتل غیر عمد | ایالات متحده | پورتو ریکو | مولی مک کنزی | ایالات متحده | ویرجینیا | آلانا مک کنزی | 41. |
| ترضیه خاطر | ایالات متحده | فرزند | مولی مک کنزی | ایالات متحده | ویرجینیا | آلانا مک کنزی | 42. |
| ترضیه خاطر | ایالات متحده | فرزند | مولی مک کنزی | ایالات متحده | ویرجینیا | لی مک کنزی | 43. |
| ترضیه خاطر /قتل غیر عمد | لهستان | پورتو ریکو | نوربرت زورکوفسکی | لهستان | فلوریدا | اورسولا آندروس | 44. |
| ترضیه خاطر | لهستان | همسر | نوربرت زورکوفسکی | ایالات متحده | فلوریدا | اورسولا آندروس | 45. |
| ترضیه خاطر | لهستان | فرزند | نوربرت زورکوفسکی | ایالات متحده | فلوریدا | الکساندرا سورکوفسکی | 46. |
| ترضیه خاطر | لهستان | فرزند | نوربرت زورکوفسکی | ایالات متحده | فلوریدا | کلودیا سورکوفسکی | 47. |
| ترضیه خاطر /قتل غیر عمد | ایالات متحده | پورتو ریکو | وونگ شوم و ببینید | ایالات متحده | نیوجرسی | ربکا شوم | 48. |
| ترضیه خاطر | ایالات متحده | همسر | وونگ شوم و ببینید | ایالات متحده | نیوجرسی | ربکا شوم | 49. |
| ترضیه خاطر | ایالات متحده | فرزند | وونگ شوم و ببینید | ایالات متحده | نیوجرسی | لئون شوم | 50. |
| ترضیه خاطر | ایالات متحده | فرزند | وونگ شوم و ببینید | ایالات متحده | نیوجرسی | شائل شوم | 51. |
| ترضیه خاطر /قتل | ایالات متحده | پورتو ریکو | استنلی مک کاسکیل | ایالات متحده | نیویورک | ناشناس 143 | 52. |

اسناد.100613859.1

| ماهیت دعوی (قتل غیرعمد، ترضیه خاطر، جراحت شخصی)[1] | شهروندی/ تابعیت قربانی 9/11، در تاریخ 9/11/01 | نسبت خواهان با قربانی 11/9[1] | نام کامل قربانی 9/11 | تابعیت/ ملیت خواهان در تاریخ 9/11/01 | ایالت اقامت خواهان در زمان طرح دعوی (یا مرگ) | نام خواهان | |
|---|---|---|---|---|---|---|---|
| غیر عمد | | | | | | | |
| ترضیه خاطر/قتل غیر عمد | ایالات متحده | پورتو ریکو | وینستون گرانت | ایالات متحده | نیویورک | جویس گرانت | 53. |
| ترضیه خاطر | ایالات متحده | همسر | وینستون گرانت | ایالات متحده | نیویورک | جویس گرانت | 54. |
| ترضیه خاطر | ایالات متحده | فرزند | وینستون گرانت | ایالات متحده | نیویورک | وینستون گرانت دوم | 55. |
| ترضیه خاطر | ایالات متحده | فرزند (متوفی) | وینستون گرانت | ایالات متحده | نیویورک | ناشناس 144، به عنوان نماینده شخصی جویا گرانت | 56. |

12

100613859.1-اسناد

IH-32                                                                 Rev: 2014-1

# United States District Court
### for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

Celestine Kone, et al. (see appendix)

| Plaintiff | Case Number |
|---|---|
| vs. | |
| Islamic Republic of Iran | |
| Defendant | |

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In re Terrorist Attacks on September 11, 2001

| Plaintiff | Case Number |
|---|---|
| vs. | Case Numbers: 03 MDL 1570 (GBD) (SN) |
| Defendant | |

IH-32                                                                    Rev: 2014-1

Status of Earlier Filed Case:

☐  Closed        (If so, set forth the procedure which resulted in closure, e.g., voluntary
                 dismissal, settlement, court decision.  Also, state whether there is an appeal
                 pending.)

☑  Open          (If so, set forth procedural status and summarize any court rulings.)


Partial and/or full summary judgment as to Defendant Islamic Republic of Iran has been granted and ordered
for select plaintiffs. This matter is still ongoing. On October 28, 2019, the Court entered an Order approving the
"Iran Short Form Complaint" that is filed herewith. (See ECF No. 5234 in 1:03-md-01570-GBD-SN).


Explain in detail the reasons for your position that the newly filed case is related to the
earlier filed case.


This is also a September 11th case for wrongful death and solatium against sponsors of
terrorism, as the Defendant Islamic Republic of Iran is involved in the related MDL action.
We are seeking similar relief in the form of damages from the Defendant. The Plaintiffs
herein intend to participate in the underlying litigations as to the other defendants in due
course.

This case is also related to Estate of John Patrick O'Neill Sr., et al. v. The Republic of Iraq, et
al., 04-1076-GBD-SN; Thomas E. Burnett, Sr., in his own right as the Parent of Thomas E.
Burnett, Jr., Deceased, et al. v. The Islamic Republic of Iran, et al., 15-cv-09903-GBD-SN;
and Kathleen Ashton et al. v. al Qaeda Islamic Army, et al., 02-cv-06977-GBD-FM. The
instant complaint is being filed in accordance with the Court's directives of October 28, 2019,
ECF No. 5234 in 1:03-md-01570-GBD-SN.


Signature: /s/ Jerry S. Goldman          Date: July 6, 2023
           Anderson Kill P.C.

Firm: _____

Page 2

Case 1:23-cv-08790 Document 1-1 Filed 07/06/23 Page 113 of 168

## APPENDIX

Celestine Kone, as the Personal Representative of the Estate of Abdoulaye Kone, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Abdoulaye Kone

Celestine Kone, individually, as surviving spouse of Abdoulaye Kone

Lacina Kone, individually, as surviving child of Abdoulaye Kone

Mama Kone, individually, as surviving child of Abdoulaye Kone

Stephen Ciccone, individually, as surviving child of Alex F. Ciccone

Julia Ciccone, individually, as surviving child of Alex F. Ciccone

Ayleen Arroyo, individually, as surviving child of Ayleen Santiago

George J. Santiago, individually, as surviving child of Ayleen Santiago

Ayleen Arroyo and George J. Santiago as co-Personal Representatives of the Estate of George Santiago, deceased, the late spouse of Ayleen Santiago

Casey (Clarke) DeBaecke, as the Personal Representative of the Estate of Christopher Clarke, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Christopher Clarke

Casey (Clarke) DeBaecke, individually, as surviving spouse of Christopher Clarke

John Doe 140, being intended to designate the Personal Representative of the Estate of Darya Lin, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Darya Lin

Kristen Graf, being intended to designate the Personal Representative of the Estate of Edwin J. Graf, III, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Edwin J. Graf, III

Sarah Sopher, individually, as surviving child of Edwin J. Graf, III

Kevin Joseph Collin, individually, as surviving sibling of Jean Marie Collin

Kathleen Raney, individually, as surviving sibling of Jean Marie Collin

John Doe 141, being intended to designate the Personal Representative of the Estate of Jean Marie Collin, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Jean Marie Collin

John Doe 142, as Personal Representative of the Estate of Charlotte Griebel, deceased, the late parent of Jean Marie Collin

Rafael Espinal, individually, as surviving sibling of Jose Espinal

Maria Elena Santana, individually, as surviving sibling of Jose Espinal

Maria Altagracia Espinal, individually, as surviving sibling of Jose Espinal

Josefina Blanchard, individually, as surviving sibling of Jose Espinal

Flordaliza Espinal, individually, as surviving sibling of Jose Espinal

Moises Espinal, individually, as surviving sibling of Jose Espinal

Jasmine Espinal, individually, as surviving child of Jose Espinal

Maria Alayo Aguilar, as the Personal Representative of the Estate of Jose Espinal, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Jose Espinal

Georgette Conroy, as the Personal Representative of the Estate of Kevin Conroy, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Kevin Conroy

Georgette Conroy, individually, as surviving spouse of Kevin Conroy

Matthew Conroy, individually, as surviving child of Kevin Conroy

Jamie Conroy, individually, as surviving child of Kevin Conroy

Christine Kelly, individually, as surviving child of Kevin Conroy

Jill Conroy, individually, as surviving child of Kevin Conroy

Ramona Schroeder, individually, as surviving parent of Lorraine Antigua

Charles Schroeder, individually, as surviving parent of Lorraine Antigua

Diane Inghilterra, as the Personal Representative of the Estate of Louis Inghilterra, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Louis Inghilterra

Diane Inghilterra, individually, as surviving spouse of Louis Inghilterra

Louis Sam Inghilterra, individually, as surviving child of Louis Inghilterra

Lisa DeRienzo, as the Personal Representative of the Estate of Michael DeRienzo, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Michael DeRienzo

Lisa DeRienzo, individually, as surviving sibling of Michael DeRienzo

Dolores Jane Russo as Personal Representative of the Estate of Anthony S. Russo, deceased, the late parent of Michael Russo

Alana McKenzie, as the Personal Representative of the Estate of Molly McKenzie, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Molly McKenzie

Alana McKenzie, individually, as surviving child of Molly McKenzie

Lea McKenzie, individually, as surviving child of Molly McKenzie

Ursula Andrus, as the Personal Representative of the Estate of Norbert Szurkowski, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Norbert Szurkowski

Ursula Andrus, individually, as surviving spouse of Norbert Szurkowski

Alexandra Szurkowski, individually, as surviving child of Norbert Szurkowski

Claudia Szurkowski, individually, as surviving child of Norbert Szurkowski

Rebecca Shum, as the Personal Representative of the Estate of See Wong Shum, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of See Wong Shum

Rebecca Shum, individually, as surviving spouse of See Wong Shum

Leon Shum, individually, as surviving child of See Wong Shum

Chanel Shum, individually, as surviving child of See Wong Shum

John Doe 143, being intended to designate the Personal Representative of the Estate of Stanley McCaskill, deceased, said name being fictitious, her/his true name is not presently known, confirmed, and/or has not been duly appointed by a court of competent jurisdiction (or having been so appointed, his or her appointment has expired, and/or he or she has ceased to serve, and his or her successor has not yet been appointed) and on behalf of all survivors and all legally entitled beneficiaries and family members of Stanley McCaskill

Joyce Grant, as the Personal Representative of the Estate of Winston Grant, deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of Winston Grant

Joyce Grant, individually, as surviving spouse of Winston Grant

Winston Grant II, individually, as surviving child of Winston Grant

John Doe 144, as Personal Representative of the Estate of Joya Grant, deceased, the late child of Winston Grant

بازنگری:1-2014  IH-32

# دادگاه ناحیه‌ای ایالات متحده

جهت

# ناحیه جنوب نیویورک

## اظهارات پرونده‌های مرتبط

عنوان کامل پرونده ارائه شده بعدی:

سلستین کونه و همکاران (ضمیمه را ببینید)

| | |
|---|---|
| خواهان | شماره پرونده |
| علیه | |
| جمهوری اسلامی ایران | |
| مدعی علیه | |

شرح کامل پرونده ثبت شده قبلی:

(از جمله هرگونه درخواست تجدید نظر ورشکستگی و رسیدگی‌های مربوطه)

عطف به حملات تروریستی 11 سپتامبر 2001

| | |
|---|---|
| خواهان | شماره پرونده |
| علیه | شماره پرونده:(SN) (GBD) 1570 MDL 03 |
| خوانده | |

صفحه 1

بازنگری:1-2014 IH-32

وضعیت پرونده ارائه شده قبلی:

(در این صورت، رویه منتهی به مختومه شدن، نظیر رد اختیار، حل و فصل یا تصمیم دادگاه را ذکر کنید. همچنین اعلام نمایید آیا درخواست تجدید نظر در دست بررسی است یا خیر.)    بسته    ☐

(در این صورت، وضعیت رویه قانونی و خلاصه احکام دادگاه را ذکر کنید.)    باز    ☑

حکم خلاصه جزئی یا کامل در مورد جمهوری اسلامی ایران صادر شده و دستور انتخاب خواهان‌ها مطرح گردیده است. موضوع همچنان در دست رسیدگی است. در 28 اکتبر 2019، دادگاه حکمی را صادر کرد و "فرم کوتاه شکایت از ایران" را تأیید نمود که در اینجا ارائه شده است. (به ECF شماره 5234 در 1:03-md-01570-GBD-SN مراجعه کنید).

دلایل موضع خود را مبنی بر اینکه پرونده به تازگی مطرح شده با پرونده مطرح شده قبلی مرتبط است، به تفصیل بیان کنید.

همچنین مربوط به پرونده 11 سپتامبر جهت قتل غیرعمد و ترضیه خاطر علیه حامیان تروریسم است زیرا جمهوری اسلامی ایران در اقدام MDL مربوطه مشارکت داشته است. همچنین به دنبال دریافت خسارت مشابه از خواهان هستیم. خواهان‌ها در اینجا قصد دارند در دادرسی‌های مشابه سایر خواهان‌ها به ترتیب مقتضی شرکت کنند.

این پرونده همچنین مربوط است به املاک John Patrick O'Neill پدر و دیگران علیه جمهوری عراق و دیگران، 04-1076-GBD-SN؛ Thomas E. Burnett پدر به عنوان والد Thomas E. Burnett پسر، متوفی، و دیگران علیه جمهوری اسلامی ایران، و دیگران، 15-cv-09903-GBD-SN؛ و Kathleen Ashton و دیگران علیه ارتش اسلامی القاعده و دیگران، 02-cv-06977-GBD-FM. شکایت فعلی بر اساس دستور دادگاه به تاریخ 28 اکتبر 2019، ECF شماره 5234 در 1:03-md-01570-GBD-SN مطرح شده است.

تاریخ: /امضا: **Jerry S. Goldman**/    امضا: _____

Anderson Kill P.C.

شرکت حقوقی: _____

**پیوست**

سیلستین کونه، به عنوان نماینده شخصی ماترک عبدالله کونه، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده عبدالله کونه

سلستین کونه، به صورت جداگانه، به عنوان همسر بازمانده عبدالله کونه

لاسینا کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه

ماما کونه به صورت جداگانه به عنوان فرزند بازمانده عبدالله کونه

استفن سیکون، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون

جولیا سیکونه، به صورت جداگانه، به عنوان فرزند بازمانده الکس اف سیکون

آیلین آرویو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو

جورج جی سانتیاگو، به صورت جداگانه، به عنوان فرزند بازمانده آیلین سانتیاگو

آیلین آرویو و جورج جی سانتیاگو به عنوان نمایندگان شخصی املاک جورج سانتیاگو، متوفی، همسر فقید آیلین سانتیاگو

کیسی (کلارک) دیبیک به عنوان نماینده شخصی ماترک کریستوفر کلارک، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کریستوفر کلارک

کیسی (کلارک) دباکه، به صورت جداگانه، به عنوان همسر بازمانده کریستوفر کلارک

ناشناس 140، که قصد دارد نماینده شخصی ماترک دریا لین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده دریا لین

کریستن گراف، با هدف تعیین نماینده شخصی املاک ادوین جی. گراف، سوم، متوفی، و به نمایندگی از همه بازماندگان و همه ذینفعان قانونی و اعضای خانواده ادوین جی. گراف، III.

سارا سوفر، انفراداً، به عنوان فرزند بازمانده ادوین جی. گراف سوم

کوین جوزف کولین، به صورت جداگانه، به عنوان برادر بازمانده ژان ماری کولین

کاتلین رینی، به صورت جداگانه، به عنوان خواهر بازمانده ژان ماری کولین

ناشناس 141، که قصد دارد نماینده شخصی ماترک جین میری کولین، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده جین میری کولین

ناشناس 142، به عنوان نماینده شخصی ماترک شارلوت گریبل، پدر و مادر فقید ژان ماری کولین

رافایل اسپینال، انفراداً، به عنوان برادر بازمانده خوزه اسپینال

ماریا الینا سانتانا، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

ماریا التگرا اسیا سانتانا، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

جوزفینا بلانچارد، به صورت جداگانه، به عنوان خواهر و برادر بازمانده خوزه اسپینال

فلورادالیزا اسپینال، منفرداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

موسیس اسپینال، انفراداً، به عنوان برادر/خواهر بازمانده خوزه اسپینال

یاسمین اسپینال، به صورت جداگانه، به عنوان فرزند بازمانده خوزه اسپینال

ماریا الایو اگیلر، به عنوان نماینده شخصی ماترک خوزه اسپینال، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده خوزه اسپینال

جورجیت کانروی، به عنوان نماینده شخصی ماترک کیوین کانروی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده کیوین کانروی

جورجت کانروی، به صورت جداگانه، به عنوان همسر بازمانده کوین کانروی

متیو کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

جیمی کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

کریستین کلی، به عنوان فرزند بازمانده کوین کانروی

جیل کانروی، به صورت جداگانه، به عنوان فرزند بازمانده کوین کانروی

رامونا شرودر، به صورت جداگانه، به عنوان والد بازمانده لورین آنتیگوا

چارلز شرودر، به صورت جداگانه، به عنوان والد بازمانده لورن آنتیگوا

دیانا اینهیلترا، به عنوان نماینده شخصی ماترک لویس اینهیلترا، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده لویس اینهیلترا

دایان اینگیلترا، به صورت جداگانه، به عنوان همسر بازمانده لوئیس اینگیلترا

لوئیس سام اینگیلترا، به صورت جداگانه، به عنوان فرزند بازمانده لوئیس اینگیلترا

لیزا دیرینزو، به عنوان نماینده شخصی ماترک میکایل دیرینزو، متوفی و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده میکایل دیرینزو

لیزا درینزو، به صورت جداگانه، به عنوان خواهر و برادر بازمانده مایکل درینزو

دولورس جین روسو به عنوان نماینده شخصی املاک آنتونی اس. روسو، درگذشته، پدر و مادر فقید مایکل روسو

الانا میکینزی، به عنوان نماینده شخصی ماترک ریچارد مولی میکینزی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده مولی میکینزی

آلانا مک کنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مکنزی

لی مکنزی، به صورت جداگانه، به عنوان فرزند بازمانده مولی مک کنزی

اورسولا اندروس، به عنوان نماینده شخصی ماترک تراربرت سروکوزکی، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده تراربرت سروکوزکی

اورسولا آندروس، به صورت جداگانه، به عنوان همسر بازمانده نوربرت سورکوفسکی

الکساندرا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

کلودیا سورکوفسکی، به صورت جداگانه، به عنوان فرزند بازمانده نوربرت سورکوفسکی

ربیکا شم، به عنوان نماینده شخصی ماترک ونگ شم، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده ونگ شم

ربکا شوم، به صورت جداگانه، به عنوان همسر بازمانده سی ونگ شم

لنون شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

شائل شم، به صورت جداگانه، به عنوان فرزند بازمانده سی ونگ شم

ناشناس 143، که قصد دارد نماینده شخصی ماترک استینلی مکاسکیل، متوفی، باشد و نام مذکور غیرواقعی است، چرا که نام واقعی وی در حال حاضر معلوم و مورد تأیید نیست و/یا توسط دادگاه واجد صلاحیت قضایی منصوب نشده است (یا با اینکه به این صورت منصوب شده، انتصاب وی به پایان رسیده است، و/یا قادر به این کار نبوده و جانشین وی هنوز منصوب نشده است) و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده استینلی مکاسکیل

جایس گرانت، به عنوان نماینده شخصی ماترک وینستن گرانت، متوفی، و از طرف تمام بازماندگان و ذینفعان قانونی و اعضای خانواده وینستن گرانت

جویس گرانت، به صورت جداگانه، به عنوان همسر بازمانده وینستون گرانت

وینستون گرانت دوم، به صورت جداگانه، به عنوان فرزند بازمانده وینستون گرانت

ناشناس 144، به عنوان نماینده شخصی ماترک جویا گرانت، متوفی، فرزند متوفای وینستن گرانت

اسناد-100613878.1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | As it relates to 03 MDL 1570 (GBD)(SN) |
| CELESTINE KONE, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>DEFENDANT. | Civil Docket Number: 1:23-cv-05790 (GBD)(SN) |

## <u>NOTICE OF SUIT</u>

1. Title of legal proceeding:  *Celestine Kone, et al. v. Islamic Republic of Iran*

2. Full Name of Court:  United States District Court for the Southern District of New York

3. Docket Number:  1:23-cv-05790 (GBD)(SN)

4. Judges:  Hon. George B. Daniels

   Hon. Judge Sarah Netburn

5. Name of foreign state concerned:  The Islamic Republic of Iran

6. Identity of the other Parties:  None

7. Nature of documents served:  Summonses, Complaint, and Amended Complaint (in English and Farsi)

8. Nature and Purpose of Proceedings:  Action to recover for wrongful death, and other injuries resulting from the terrorist attack upon the United States of America on September 11th, 2001. The Islamic Republic of Iran has been sued based on its participation in a conspiracy with other parties to commit acts of international terrorism against the United States, its nationals and allies, and the provision of material support to those engaging in/planning terrorist activities, of which the September 11th Attack was a direct, intended, and foreseeable product.

System.Object[]

9.   A response to a "Summons" and "Complaint" is required to be submitted to the court, not later than sixty (60) days after these documents are received.  The response may present jurisdictional defenses (including defenses relating to state immunity).

10.  The failure to submit a timely response with the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

11.  Questions relating to state immunities and to the jurisdiction of United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d), and 1602 through 1611, of Title 28, United States Code (Pub. L. 94–583; 90 Stat. 2891).  These sections of the United States Code are attached in English and Farsi.

Dated:  August 16, 2023

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
jgoldman@andersonkill.com
*Attorneys for Plaintiffs*

2

System.Object[]

**دادگاه منطقه‌ای ایالات متحده**
**منطقه جنوبی نیویورک**

| | |
|---|---|
| بازگشت به حملات تروریستی 11 سپتامبر 2001 | مربوط به (SN) (GBD) 1570 MDL 03) |
| | |
| سلستین کونه و همکاران، | پرونده مدنی به شماره:  1:23-cv-05790 |
| خواهان‌ها، | |
| علیه | |
| جمهوری اسلامی ایران، | |
| خوانده. | |

**ابلاغیه اقامه دعوی**

| | | |
|---|---|---|
| 1. | عنوان دادرسی حقوقی: | *سلستین کونه و همکاران علیه جمهوری اسلامی ایران* |
| 2. | نام کامل دادگاه: | دادگاه ناحیه‌ای ایالات متحده جهت ناحیه جنوب نیویورک |
| 3. | شماره دفتر ثبت دعاوی: | 1:23-cv-05790 (GBD)(SN) |
| 4. | قضات: | محترم جورج بی. دانیلز |
| | | محترم قاضی سارا نتبرن |
| 5. | نام دولت خارجی مربوطه: | جمهوری اسلامی ایران |
| 6. | هویت طرفین دیگر: | وجود ندارد |
| 7. | ماهیت اسناد ابلاغ شده: | احضار، شکایت و شکایت اصلاحی (به انگلیسی و فارسی) |
| 8. | ماهیت و هدف دادرسی‌ها: | اقدام برای جبران خسارت قتل غیر عمد، و سایر جراحات ناشی از حمله تروریستی به ایالات متحده آمریکا در 11 سپتامبر 2001. جمهوری اسلامی ایران به دلیل مشارکت خود در زمینه توطئه‌چینی با سایر طرفین برای تحقق اقدامات تروریستی بین‌المللی علیه ایالات متحده، اتباع و متحدانش و ارائه حمایت عمده به کسانی که در فعالیت‌های تروریستی/برنامه‌ریزی‌های آنها دخالت داشته‌اند، و حمله 11 سپتامبر نتیجه مستقیم، عامدانه و قابل پیش‌بینی چنین فعالیت‌هایی بوده مورد پیگرد قرار گرفته است. |

9. پاسخ به "احضار" و "شکایت" باید حداکثر شصت (60) روز پس از دریافت این اسناد به دادگاه ارائه شود. پاسخ می‌تواند همراه با ارائه دفاعیه قضایی (از جمله دفاع مربوط به مصونیت دولتی) باشد.

10. عدم ارائه پاسخ به موقع به دادگاه می‌تواند منجر به صدور حکم غیابی و درخواست اجرای حکم شود. اگر حکم غیابی صادر شده باشد، ممکن است برای ابطال یا ورود به آن حکم رویه‌ای وجود داشته باشد.

11. سؤالات مربوط به مصونیت دولتی و صلاحیت قضایی دادگاه‌های ایالات متحده نسبت به کشور های خارجی براساس

System.Object[]

قانون مصونیت حاکمیت خارجی سال 1976 در بخش‌های 1330، 1391(f)، 1441(d)، و 1602 تا 1611، عنوان 28 قانون ایالات متحده مورد رسیدگی قرار می‌گیرد (Pub. L. 94-583; 90 Stat. 2891).  این بخش‌های قوانین ایالات متحده به زبان انگلیسی و فارسی پیوست هستند.

تاریخ:16   آگوست 2023

‏/امضا/ جری اس. گلدمن
_____
وکیل دعاوی جری اس. گلدمن
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
تلفن:1000-278 (212)
jgoldman@andersonkill.com
‏وکلای خواهان‌ها

2

## یک.   *28 USCS § 1330*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 85. دادگاه‌های ناحیه؛ صلاحیت صلاحیت قضایی*

## § 1330. اقدام علیه دولت‌های خارجی.

**(a)**    دادگاه‌های ناحیه صلاحیت قضایی اولیه را بدون توجه به مبلغ محل اختلاف در هرگونه اقدام مدنی بدون هیئت منصفه علیه یک دولت خارجی دارند که در بخش (a)1603 این عنوان *[28 USCS § 1603(a)]* تعریف شده است چنانچه ادعای ترضیه خاطر شخصی به صورتی باشد که حکومت خارجی در برابر آن مشمول مصونیت بر اساس بخش‌های 1607-1605  این *عنوان (1607-1605 §§ USCS 28)* یا هرگونه موافقتنامه بین‌المللی نباشد.

**(b)**    در هر دعوی ترضیه خاطر که دادگاه‌های ناحیه در آن زمینه بر اساس زیربخش (a) صلاحیت قضایی دارند، باید صلاحیت شخصی در مورد یک دولت خارجی نیز وجود داشته باشد چنانچه ابلاغ بر اساس بخش 1608 این *عنوان [28 USCS § 1608]* انجام شده باشد.

**(c)**    در خصوص اهداف زیربخش (b)، حضور دولت خارجی موید صلاحیت شخصی در خصوص هرگونه دعوی ترضیه خاطر نیست که از هرگونه تعامل یا رخداد برشمرده شده در بخش‌های 1607-1605 این *عنوان [1607-1605 §§ USCS 28]* ناشی شده باشد.

## دو.   *28 USCS § 1391*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 97-115.

*خدمات قانون قانون ایالات متحده ـ عناوین 1 تا 54> عنوان 28. دادرسی و رویه دادرسی> بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 87. دادگاه‌های ناحیه؛ محل اقامه دعوی*

## § 1391. کلیات محل اقامه دعوی

**(f)** اقدامات مدنی علیه دولت خارجی. طرح اقدام مدنی علیه یک دولت خارجی که در بخش (a)1603 این *عنوان 28 USCS § 1603(a))* تعریف شده قابل انجام است ـ

**(1)** در هر ناحیه قضایی که بخش عمده رویدادها یا ترک افعال منجر به طرح دعوی در آنجا اتفاق افتاده باشد، یا بخش قابل توجهی از دارایی‌هایی که مشمول اقدام است در آنجا قرار گرفته باشد؛

**(2)** در هر ناحیه قضایی که کشتی یا محموله یک دولت خارجی در آنجا واقع شده است، چنانچه ادعا بر اساس بخش (b)1605 این *عنوان (1605(b §§ USCS 28]* مطرح شده باشد؛

**(3)** در هر ناحیه قضایی که سازمان یا نهاد دارای مجوز کسب و کار در آنجا است یا در حال انجام کسب و کار در آنجا است، در صورتی که اقدام علیه یک سازمان یا نهاد یک دولت خارجی تعریف شده در بخش (b)1603 این *عنوان 28 USCS § 1603(b)]* مطرح شده باشد؛ یا

**(4)** در دادگاه ناحیه‌ای ایالات متحده جهت ناحیه کلمبیا در صورتی که اقدام علیه یک دولت خارجی یا زیربخش

سیاسی آن صورت گیرد.

## *28 USCS § 1441*

جاری از طریق PL 115-108، تاریخ تأیید 1/8/18، با نقایص PL's 115-91 و 115-97.

*خدمات قانون ایالات متحده – عناوین 1 تا 54 > عنوان 28. دادرسی و رویه دادرسی > بخش چهارم. صلاحیت قضایی و محل اقامه دعوی > فصل 89. دادگاه‌های ناحیه؛ انتقال پرونده‌ها از دادگاه‌های ایالتی*

### § 1441. انتقال اقدام‌های مدنی

**(d)** اقدام علیه دولت‌های خارجی. هر دعوی مدنی که در یک دادگاه ایالتی علیه یک دولت خارجی مطابق تعریف شده بخش a)1603) این *عنوان [a)1603 § USCS 28]* مطرح شود می‌تواند توسط دولت خارجی به دادگاه ناحیه ایالات متحده برای آن ناحیه و بخشی منتقل شود که محلی را که اقدام در دست انجام است پوشش می‌دهد. اقدام در صورت انتقال باید توسط دادگاه و بدون هیئت منصفه مورد رسیدگی قرار گیرد. در صورتی که انتقال بر اساس این زیربخش باشد، محدودیت‌های زمانی بخش b)1446) این فصل *[b)1446 § USCS 28]* را می‌توان در هر زمان و بنا به علت اثبات شده، تمدید کرد.

## *28 USCS § 1602*

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

*خدمات قانون ایالات متحده – عناوین 1 تا 54*
*عنوان 28. دادرسی و رویه دادرسی - بخش چهارم. صلاحیت قضایی و محل اقامه دعوی، فصل 97.*
*مصونیت‌های قضائی دولت‌های خارجی*

### § 1602. یافته‌ها و اعلام هدف

کنگره به این نتیجه رسیده است که تصمیم‌گیری دادگاه‌های ایالات متحده در خصوص دعاوی دولت‌های خارجی در خصوص مصونیت از صلاحیت قضایی چنین دادگاه‌هایی به نفع عدالت است و از حقوق دولت‌های خارجی و دادخواهان در دادگاه‌های ایالات متحده محافظت می‌کند. طبق قوانین بین‌المللی، کشورها تا آنجا که به فعالیت‌های تجاری خود و صلاحیت قضایی دادگاه‌های خارجی مصون نیستند و امکان توقیف دارایی‌های تجاری آنها برای اجرای احکامی که علیه آنها در ارتباط با فعالیت‌های تجاری‌شان صادر شده، وجود دارد. بنابراین لازم است از این پس دعاوی دولت‌های خارجی در خصوص مصونیت توسط دادگاه‌های ایالات متحده و ایالات مطابق با اصول مندرج در این فصل *[USCS 28 §§ 1602 et seq.]* تعیین شود.

*1603 § 28 USCS*

**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54**
**عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97.**
**مصونیت‌های قضایی دولت‌های خارجی**

**1603. تعاریف**

برای اهداف این فصل [1602 §§ USCS 28 et seq.].

(a)   یک "دولت خارجی"، به استثنای معنای مستفاد آن در بخش 1608 این عنوان [1608 § USCS 28]، شامل تقسیمات سیاسی یک دولت خارجی یا یک سازمان یا نهاد دولتی خارجی است که در زیربخش (b) تعریف شده است.

(b)   یک "سازمان یا نهاد دولت خارجی" به معنای نهادی است ـ

(1)   که یک شخص حقوقی جداگانه، شرکتی یا غیره است، و

(2)   یک ارگان دولت خارجی یا زیربخش سیاسی آن است، یا اکثریت سهام یا منافع مالکیت دیگر آن متعلق به حکومت خارجی یا زیربخش سیاسی آن است، و

(3)   که شهروند دولت ایالات متحده بنا به تعریف بخش (c)1332) و (e) این عنوان [ § USCS 28 (c)1332) و (e)]] نبوده و تحت قوانین کشور ثالثی ایجاد نشده باشد.

(c)   "ایالات متحده" شامل تمام قلمرو و آب‌ها، اعم از قاره‌ای یا جزیره‌ای است که تحت حاکمیت ایالات متحده قرار دارند.

(d)   "فعالیت تجاری" به معنای یک روند عادی رفتار تجاری یا یک معامله یا اقدام خاص تجاری است. ماهیت تجاری یک فعالیت باید با توجه به ماهیت روند رفتار یا معامله یا اقدام خاص و نه با ارجاع به هدف آن تعیین شود.

(e)   یک "فعالیت تجاری انجام شده در ایالات متحده توسط یک دولت خارجی" به معنای فعالیت تجاری است که توسط چنان کشوری انجام شده و ارتباط قابل ملاحظه‌ای با ایالات متحده دارد.

**28 USCS § 1604**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**1604 §. مصونیت یک دولت خارجی در برابر صلاحیت قضایی**

یک دولت خارجی، مشروط به توافقنامه‌های موجود بین‌المللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از صلاحیت قضایی دادگاه‌های ایالات متحده و ایالات مصون باشد، بجز در خصوص موارد مندرج در بخش‌های 1605-1607 این فصل [1605 §§ USCS 28-16071].

**28 USCS § 1605**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28.**
**دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

## § 1605. استثنائات عمومی در مورد مصونیت قضایی یک دولت خارجی

**(a)** یک دولت خارجی نباید از صلاحیت دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای مصون باشد-

**(1)** که در آن دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود چشم‌پوشی کرده است، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛

**(2)** که در آن اقدام بر اساس فعالیت تجاری انجام شده توسط دولت خارجی در ایالات متحده است؛ یا بر اساس یک عمل انجام شده در ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر است؛ یا بر اساس عملی خارج از قلمرو ایالات متحده در ارتباط با فعالیت تجاری دولت خارجی در جای دیگر بوده و این عمل دارای تأثیر مستقیمی در ایالات متحده است؛

**(3)** که در آن مسئله حقوق مربوط به اموالی مطرح است که با نقض حقوق بین‌المللی در اختیار گرفته شده است و آن دارایی یا هرگونه دارایی مبادله شده با دارایی مذکور در ایالات متحده بوده و در ارتباط با فعالیت تجاری انجام شده در ایالات متحده توسط دولت خارجی باشد؛ یا آن دارایی یا دارایی مبادله شده به ازای آن دارایی تحت تملک یا اداره سازمان یا نهاد دولت خارجی است و این سازمان یا نهاد به فعالیت تجاری در ایالات متحده می‌پردازد؛

**(4)** که در آن حقوق دارایی در ایالات متحده از طریق جانشینی یا هدیه به دست آمده باشد یا مسئله حق مالکیت دارایی‌های منقول در ایالات متحده مطرح باشد؛

**(5)** به شکل دیگری در بند (2) فوق‌الذکر تحت پوشش قرار نگرفته باشد، که در آن مسئله خسارات پولی علیه یک دولت خارجی برای صدمات شخصی یا مرگ، یا صدمه یا زیان به دارایی مطرح باشد که در ایالات متحده رخ داده و ناشی از فعل یا ترک فعل شبه جرم آن دولت خارجی یا هر مقام یا کارمند آن دولت خارجی باشد در حالی که در حوزه سمت یا اشتغال خود عمل می‌کند؛ بجز اینکه این پاراگراف نباید در خصوص موارد زیر اعمال گردد --

**(A)** هر ادعایی که مبتنی بر اعمال یا اجرا یا عدم اعمال یا عدم اجرای عملی اختیاری باشد صرف‌نظر از اینکه عمل اختیاری مورد سوء استفاده قرار بگیرد یا خیر، یا

**(B)** هرگونه ادعای ناشی از پیگرد زیانبار، سوءاستفاده از روند، افترا، توهین، تدلیس، فریب یا مداخله در حقوق قرارداد؛ یا

**(6)** که در آن اقدام، یا به منظور اجرای توافقنامه‌ای که توسط یک دولت خارجی با یا به نفع یک طرف خصوصی به منظور ارائه یا داوری تمام یا هرگونه اختلافاتی صورت گرفته باشد که بین طرفین در خصوص یک رابطه حقوقی تعریف شده، اعم از قراردادی یا غیرقراردادی، ایجاد شده یا ممکن است ایجاد شود و مربوط به موضوعی باشد که امکان حل و فصل آن توسط داوری بر اساس قوانین ایالات متحده وجود داشته باشد، یا برای تأیید یا رأی صادر شده به موجب چنین توافقی برای داوری باشد، چنانچه (A) داوری در ایالات متحده صورت بگیرد یا در نظر باشد که در آنجا صورت بگیرد؛ (B) توافقنامه یا رأی تحت حاکمیت یک پیمان یا سایر توافقنامه‌های بین‌المللی جاری در مورد ایالات متحده بوده که خواهان در به رسمیت شناختن و اجرای رأی داوری باشد؛ (C) ادعای مبنایی، صرف‌نظر از موافقت یا عدم موافقت جهت داوری، می‌توانست در دادگاه ایالات متحده بر اساس این بخش یا بخش [ 28 USCS § 16071 ] مطرح گردد، یا (D) بند (1) این زیربخش به شکل دیگری قابل اعمال باشد.

**(b)** دولت خارجی نباید در برابر صلاحیت دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن دادخواست مربوط به امور دریایی برای اجرای توقیف دریایی علیه کشتی یا بار دولت خارجی مطرح شده و توقیف دریایی بر اساس فعالیت تجاری دولت خارجی مذکور باشد: به شرط آنکه——

**(1)** ابلاغیه دادخواست با ارائه یک نسخه از احضارنامه و شکایت به شخص یا نماینده وی تحویل داده شود که مالکیت کشتی یا محموله‌ای را در اختیار دارد که توقیف دریایی مورد ادعا علیه آن مطرح شده است؛ و اگر کشتی یا محموله طبق روند صورت گرفته به نماینده‌ای از طرف صاحب دادخواست ضبط شود، ابلاغ روند ضبط به منزله تحویل قابل قبول چنان ابلاغیه‌ای محسوب می‌شود، اما اگر طرف مطرح‌کننده دادخواست اطلاع واقعی یا سازنده داشته باشد که کشتی یا محموله مربوط به دولت خارجی بوده است، طرف مطرح‌کننده دادخواست در برابر هرگونه صدمه متحمل شده توسط دولت خارجی در نتیجه ضبط مسئول خواهد بود؛ و

**(2)** ابلاغیه شروع دادخواست به دولت خارجی در خصوص دادخواست که در بخش 1608 این عنوان [28 USCS § 1608] مطرح شده است ظرف ده روز یا از زمان تحویل ابلاغیه طبق بند (1) این بخش فرعی یا، در خصوص طرفی که از این مسئله آگاه نیست که کشتی یا محموله یک دولت خارجی درگیر بوده، از تاریخی که طرف مذکور وجود منافع دولت خارجی را تشخیص دهد، آغاز می‌گردد.

**(c)** هرگاه ابلاغیه مطابق با بند (1)(b) تحویل داده شود، سپس باید دادخواست توقیف دریایی مورد رسیدگی قرار گیرد و با توجه به اصول قانون و قواعد مربوط به دادخواست‌های عینی مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد. حکم علیه دولت خارجی ممکن است شامل هزینه دادخواست باشد و اگر حکم برای دریافت پول باشد، سود نیز به موجب دستور دادگاه دریافت می‌شود، به استثنای اینکه دادگاه نمی‌تواند حکمی را علیه دولت خارجی صادر کند که مبلغ آن بیش از ارزش کشتی یا محموله‌ای باشد که توقیف دریایی در مورد آن صورت گرفته است. ارزش مذکور باید در زمان ابلاغ شدن ابلاغیه بر اساس بخش فرعی (1)(b) تعیین شود. احکام مشمول درخواست تجدید نظر و بازنگری مشابه سایر پرونده‌های دریایی و حوزه صلاحیت دریایی هستند. هیچیک از مفاد نباید مانع از آن شود که خواهان در هر پرونده مناسب از درخواست غرامت شخصی که در همان اقدامی که برای توقیف دریایی صورت گرفته و در این بخش ارائه شده است، منع شود.

**(d)** دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر اقدام مطرح شده برای توقیف وام رهنی ترجیحی که در بخش 31301 عنوان 46 تعریف شده است، مصون باشد. چنین اقدامی باید بر اساس مفاد فصل 313 عنوان 46 [ 46 USCS §§ 31301 et seq.] and in و همچنین بر اساس اصول قانون و قواعد مربوط به دادخواست‌های عینی مطرح شده، مورد استماع قرار گرفته و در مورد آن حکم صادر شود، و هرگاه مشخص شود مالکیت کشتی از نوع خصوصی است، دادخواست عینی می‌تواند ابقا گردد.

**(f)** ،**(e)** [منسوخ شد]

**(g)** محدودیت کشف.

**(1)** بطور کلی.

**(A)** در خصوص بند (2)، اگر اقدامی مطرح شود که بر اساس بخش 1604 [ § 28 USCS 1604]،همچنین بخش 1605A یا بخش 1605B [ § 28 USCS 1605A] یا 1605B] مشمول مرور زمان باشد، دادگاه باید بر اساس درخواست دادستان کل هرگونه درخواست، تقاضا یا دستور برای کشف در ایالات متحده که بنا به گواهی دادستان کل بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است را متوقف نماید، تا زمانی که دادستان کل به دادگاه اطلاع دهد که درخواست، تقاضا یا دستور مذکور دیگر چنان اختلالی را ایجاد نخواهد کرد.

**(B)** توقف صورت گرفته بر اساس این بند باید در طول دوره 12 ماهه نافذ بماند که از تاریخی که دادگاه دستور توقف را صادر می‌کند، آغاز گردد. دادگاه باید دستور کشف توقف را برای دوره‌های 12 ماهه دیگر بنا به اقدام صورت گرفته توسط ایالات متحده تمدید کند، به شرطی که دادستان کل گواهی کند که این کشف بطور قابل توجهی در تحقیقات جنایی یا پیگرد قانونی، یا عملیات امنیتی ملی اختلال ایجاد می‌کند و مربوط به حادثه‌ای است که منجر به علت اقدام شده است.

**(2)** شرط افول.

**(A)** در خصوص بند فرعی (B)، هیچ توقفی بر اساس بند (1) نباید بعد از تاریخی که 10 سال پس از تاریخی است که منجر به طرح اقدام صورت گرفته است، اعطا شده یا نافذ بماند.

**(B)** پس از دوره مورد اشاره در بند فرعی (A)، دادگاه بنا به درخواست دادستان کل، ممکن است هرگونه درخواست، تقاضا یا حکم برای کشف در ایالات متحده را متوقف کند چنانکه دادگاه احتمال قابل توجهی بدهد که این کار

**(i)** موجب تهدید جدی مرگ یا آسیب جدی جسمی به هر شخصی می‌شود؛

**(ii)** بر توانایی ایالات متحده در زمینه همکاری با سازمان‌های مجری قانون خارجی و بین‌المللی در خصوص تحقیق در مورد نقض قوانین ایالات متحده تأثیر منفی بگذارد؛ یا

**(iii)** مانعی در پرونده کیفری مربوط به حادثه‌ای ایجاد کند که موجب علت اقدام شده است یا احتمال محکومیت در چنین پرونده‌ای را تضعیف کند.

**(3)** ارزیابی شواهد. ارزیابی دادگاه از هر گونه درخواست توقف بر اساس این بخش فرعی که توسط دادستان کل ارائه می‌شود باید به صورت غیابی و غیرحضوری انجام شود.

**(4)** منع قانونی در خصوص اقدام برای خلع. توقف کشف بر اساس این بخش فرعی باید موجب ایجاد منع قانونی برای اقدام جهت خلع بر اساس قوانین 12(b)(6) و 56 قوانی رویه دادرسی مدنی فدرال گردد.

**(5)** رفع ابهام. هیچ یک از مفاد این بخش فرعی نباید مانع از آن شود که ایالات متحده احکام محافظتی را دریافت کرده یا از امتیازاتی بهره بگیرد که به‌طور معمول در دسترس ایالات متحده است.

**(h)** مصونیت حوزه قضایی برای برخی از فعالیت‌های نمایشگاه‌های هنری.

**(1)** بطور کلی. اگر

**(A)** اثر وارد شده به ایالات متحده از هر دولت خارجی بر اساس توافقی که امکان به نمایش گذاشتن یا نشان دادن موقت چنین اثری را فراهم می‌سازد و بین یک دولت خارجی که صاحب یا مسئول نگهداری از چنین اثری است و ایالات متحده یا یک یا چند مؤسسه فرهنگی یا آموزشی در ایالات متحده منعقد شده است؛

**(B)** رئیس جمهور یا نماینده رئیس جمهور، مطابق با بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) به این نتیجه رسیده باشد که چنین اثری دارای اهمیت فرهنگی است و به نمایش گذاشتن یا نشان دادن موقت چنین اثری به نفع مصالح ملی است؛ و

**(C)** ابلاغیه مذکور طبق بخش فرعی (a) قانون عمومی 259-89 (22 U.S.C. 2459(a)) منتشر شده است.

هرگونه فعالیت دولت خارجی مذکور در ایالات متحده، یا نماینده آن که مرتبط با به نمایش گذاشتن یا نشان دادن موقت چنین اثری باشد نباید فعالیت تجاری دولت خارجی برای اهداف بخش فرعی (3)(a) در نظر گرفته شود.

**(2)** استثنائات.

**(A)** دعاوی دوران نازی‌ها. بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (3)(a) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات دولت تحت پوشش در طول دوره تحت پوشش تملک شده است؛

**(iii)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش USCS 28 [1603(d) § 1603(d)] تعریف شده است؛ و

**(iv)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(B)** سایر آثار دارای اهمیت فرهنگی. علاوه بر موارد مستثنی شده بر اساس بند فرعی (A)، بند (1) در هر پرونده‌ای که صلاحیت قضایی آن مربوط به بخش فرعی (3)(a) بوده و در آن حقوق مالکیت با نقض حقوق بین‌المللی در معانی آن بخش فرعی صورت گرفته باشد اعمال نمی‌شود و

**(i)** اموال مورد نظر اثر شرح داده شده در بند (1) است؛

**(ii)** اقدام بر اساس ادعایی است مبنی بر اینکه چنین اثری در ارتباط با اقدامات حکومت خارجی به عنوان بخشی از اقدام نظام‌مند در زمینه مصادره قهرآمیز یا ضبط آثار از اعضای یک گروه هدفمند و آسیب‌پذیر تملک شده است؛

**(iii)** تملک پس از سال 1900 رخ داده است؛

**(iv)** دادگاه تصمیم می‌گیرد که آیا فعالیت مرتبط با به نمایش گذاشتن یا نشان دادن فعالیت تجاری است یا خیر، چنانکه این اصطلاح در بخش (d)1603 [(28 USCS § 1603(d] تعریف شده است؛ و

**(v)** تصمیم بر اساس بخش (iii) برای دادگاه به منظور اعمال صلاحیت قضایی علیه دولت خارجی بر اساس بخش فرعی (3)(a) ضروری است.

**(3)** تعاریف. برای اهداف این بخش فرعی

**(A)** اصطلاح "اثر" به معنی اثر هنری یا شیء واجد اهمیت فرهنگی دیگر است؛

**(B)** اصطلاح "دولت تحت پوشش" یعنی

**(i)** دولت آلمان در طول دوره تحت پوشش؛

**(ii)** هر دولتی در هر منطقه‌ای در اروپا که توسط نیروهای نظامی دولت آلمان طی دوره تحت پوشش اشغال شده بود؛

**(ii)** هر دولتی در اروپا که با کمک یا همکاری دولت آلمان طی دوره تحت پوشش اشغال شده بود؛ و

**(iv)** هر دولتی در اروپا که متحد دولت آلمان طی دوره تحت پوشش بود؛ و

**(C)** اصطلاح "دوره تحت پوشش" به معنای دوره‌ای است که از 30 ژانویه 1933 شروع شده و در 8 می 1945 به پایان می‌رسد.

## § 1605A استثنای تروریسم در مورد مصونیت قضایی یک دولت خارجی

**(a)** بطور کلی.

**(1)** عدم مصونیت. دولت خارجی نباید در برابر صلاحیت قضایی دادگاه‌های ایالات متحده یا ایالات در هر پرونده‌ای که به شکل دیگری در این فصل تحت پوشش قرار نگرفته مصون باشد که خسارت پولی برای صدمه شخصی یا مرگ ناشی از عمل شکنجه، قتل فراقضایی، خرابکاری در هواپیما، گروگانگیری، یا ارائه منابع یا حمایت عمده برای چنین اقدامی خواستار شده بود چنانچه اقدام مذکور یا ارائه حمایت مالی یا منابع مذکور توسط یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صورت گرفته باشد.

**(2)** استماع دعاوی. دادگاه باید در صورتی به استماع دعاوی بر اساس این بخش بپردازد که——

**(A)** (i) (I) دولت خارجی به عنوان کشور حامی تروریسم معرفی شده باشد و این مسئله در زمان رخ دادن عمل شرح داده شده در بند (1) صورت گرفته باشد یا در نتیجه چنان عملی مشمول عنوان مذکور شده باشد و مشروط به ماده فرعی (II) یا در هنگام ارائه دعوی بر اساس این بخش یا 6 ماه قبل از ارائه دعوی بر اساس این بخش چنین عنوانی را داشته باشد؛ یا

**(II)** در صورتی که اقدام مجدداً به دلیل بخش A(2)(c)1083) قانون مجوز دفاع ملی سال مالی 2008 مطرح می‌شود [تبصره این بخش] یا بر اساس این بخش به دلیل بخش 3)(c)(1083) آن قانون مطرح می‌گردد [تبصره این بخش]، دولت خارجی به عنوان کشور حامی تروریسم و در زمانی تعیین شده باشد که اقدام اصلی یا اقدام مربوطه بر اساس بخش 7)(1605(a) [ *28 USCS § 1605(a)(7)* ] (که قبل از تصویب این بخش نافذ بوده [تاریخ تصویب 28 ژانویه 2008]) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101) قسمت A قانون عمومی 104-208 [*28 USCS § 1605* تبصره] مطرح شده باشد؛

(ii) مدعی یا قربانی در زمان رخ دادن اقدام شرح داده شده در پاراگراف (1)—

(I) تبعه ایالات متحده باشد؛

(II) عضو نیروهای مسلح باشد؛ یا

(III) به شکلی دیگر کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ و

(IV) در صورتی که اقدام در دولت خارجی صورت گرفته باشد که علیه وی دعوی اقامه شده است، به دولت خارجی فرصتی معقول برای داوری در خصوص ادعا به موجب قوانین پذیرفته شده داوری بین‌المللی داده شود؛ یا

**(B)** اقدامات شرح داده شده در بند (1) مربوط به پرونده شماره (EGS) 1:00CV03110) دادگاه ناحیه‌ای برای ناحیه کلمبیای ایالات متحده باشد.

**(b)** محدودیت‌ها. اقدام در صورتی می‌تواند بر اساس این بخش مطرح شده یا حفظ گردد که آغاز اقدام، یا اقدام مربوطه بر اساس بخش 7)(1605(a) (قبل از تاریخ تصویب این بخش) یا بخش 589 قانون عملیات خارجی، تأمین مالی صادرات و تخصیص‌های برنامه مربوطه، 1997 (مندرج در بخش c)101) قسمت A قانون عمومی 104-208 [*28 USCS § 1605* تبصره] نباید بعد از آخرین مورد از تاریخ‌های زیر باشد-

(1) 10 سال پس از 24 آوریل 1996؛ یا

(2) 10 سال پس از تاریخی که در آن علت اقدام پدید می‌آید.

**(c)** حق خصوصی اقدام. دولت خارجی که بر اساس توضیحات بند فرعی i)(A)(2)(a) کشور حامی تروریسم است، و یک مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، در این موارد مسئولیت دارد-

(1) تبعه ایالات متحده باشد،

(2) یک عضو نیروهای مسلح باشد،

(3) یک کارمند دولت ایالات متحده یا فردی باشد که قراردادی که توسط دولت ایالات متحده با وی منعقد شده را اجرا کرده، در محدوده اشتغال کارمند فعالیت نماید؛ یا

(4) نماینده قانونی شخص شرح داده شده در بندهای (2) ،(1)، یا (3)، برای صدمه شخصی یا مرگ ناشی از اعمال شرح داده شده در بخش (1)(a) دولت خارجی، یا مقام رسمی، کارمند یا نماینده دولت خارجی که دادگاه‌های ایالات متحده صلاحیت لازم بر اساس این بخش را برای دریافت خسارت پولی دارند. در چنین اقدامی، خسارت ممکن است شامل زیان‌های اقتصادی، جبران خسارت، درد و رنج، و جبران خسارت تنبیهی باشد. در چنین اقدامی، یک دولت خارجی نیابتاً به ازای اعمال مقامات، کارکنان، یا عوامل خود مسئول است.

(d) خسارت‌های بیشتر. پس از طرح بر اساس بند فرعی (c)، امکان طرح اقدام مربوط به از دست رفتن قابل پیش‌بینی اموال، اعم از بیمه شده یا بیمه نشده، مسئولیت شخص ثالث، و دعاوی زیان بر اساس بیمه‌نامه عمر و اموال، به دلیل مشابهی که اقدام بر اساس بخش فرعی (c) بر آن مبتنی است، وجود دارد.

(e) سرپرستان ویژه.

(1) [1] بطور کلی. دادگاه‌های ایالات متحده می‌توانند سرپرستان ویژه‌ای را برای استماع دعاوی خسارت مطرح شده بر اساس این بخش تعیین کنند.

(2) انتقال وجوه. دادستان کل باید وجوه موجود برای برنامه بر اساس بخش 1404C قانون قربانیان جرم سال 1984 (*42 U.S.C. 10603c*)، را به مدیر دادگاه ناحیه‌ای ایالات متحده که هر پرونده‌ای مورد رسیدگی مطرح شده یا حفظ شده بر اساس این بخش در آنجا مورد رسیدگی قرار می‌گیرد و بنا به نیاز برای پوشش هزینه‌های سرپرستان ویژه منصوب بر اساس بند (1) منتقل نماید. هر مبلغی که به عنوان حق الزحمه به هر یک از این سرپرستان ویژه پرداخت می‌شود باید به عنوان هزینه‌های دادگاه تلقی شود.

(f) درخواست تجدید نظر. در اقدام مطرح شده بر اساس این بخش، درخواست‌های تجدید نظر مربوط به احکامی که بطور قطعی به دادرسی خاتمه نمی‌دهند تنها باید مطابق با بخش 1292(b) این عنوان *[28 USCS § 1292(b)]* مطرح گردد.

(g) مقررات مربوط به اموال.

(1) بطور کلی. در هر اقدامی که در یک دادگاه ناحیه‌ای ایالات متحده مطرح شده و صلاحیت قضایی آن بر اساس این بخش ادعا شده است، ارائه ابلاغیه اقدام در دست بررسی بر اساس این بخش که یک نسخه از شکایت ارائه شده در اقدام به آن پیوست باشد، باید دارای تأثیر توقیف دعوای مطروحه در خصوص در ملک و یا دارایی شخصی منقول باشد که——

(A) مشمول ضبط برای کمک به اجرا، یا اجرا بر اساس بخش 1610 [*28 USCS § 76701*] باشد؛

(B) در آن ناحیه قضایی واقع شده باشد؛ و

(C) سند آن به نام هر یک از خواندها ثبت شده باشد، یا سند آن به نام هر نهادی ثبت شده باشد که تحت کنترل هر یک از خواندها است، در صورتی که چنان ابلاغیه‌ای شامل لیست آن نهاد تحت کنترل باشد.

(2) ابلاغیه. ابلاغیه اقدام در دست بررسی مطابق با این بخش باید توسط منشی دادگاه ناحیه و به همان شیوه‌ای ثبت شود که در مورد تمام اقدامات در دست بررسی صورت می‌گیرد و باید لیست همه خوانده‌های نامبرده و تمام نهادهای تحت کنترل هر خوانده به آن پیوست باشد.

(3) قابلیت اجرا. توقیف‌های اثبات شده بر اساس این بخش فرعی باید طبق مفاد فصل 111 این عنوان [*§§ 1651 28 USCS et seq*] قابل اجرا باشد.

(h) تعاریف. برای اهداف این بخش-

(1) اصطلاح "خرابکاری در هواپیما" دارای معنای ذکر شده برای این اصطلاح در ماده 1 کنوانسیون سرکوب اعمال غیرقانونی علیه ایمنی حمل و نقل هوایی غیرنظامی است؛

(2) اصطلاح "گروگان‌گیری" دارای معنایی است که در ماده (1) کنوانسیون بین‌المللی علیه گروگان‌گیری به آن داده شده است؛

(3) اصطلاح "حمایت مادی یا منابع" دارای معنای ذکر شده برای این اصطلاح در بخش 2339A عنوان 18 است؛

(4) اصطلاح "نیروهای مسلح" دارای معنای ذکر شده برای این اصطلاح در بخش 101 عنوان 10 است؛

(5) اصلاح "تبعه ایالات متحده" دارای معنای ذکر شده برای این اصطلاح در بخش 101(a)(22) قانون مهاجرت و تابعیت (22)(a)1101 .8 U.S.C. است؛

(6) اصطلاح "کشور حامی تروریسم" به معنای کشوری است که دولت آن توسط وزیر امور خارجه بر اساس اهداف بخش 6(j) قانون مدیریت صادرات 1979 (*50 U.S.C. App. 2405(i)* [*50 USCS § 46050*])، بخش 620A قانون کمک خارجی 1961 (*22 U.S.C. 2371*)، بخش 40 قانون کنترل صادرات اسلحه (*22 U.S.C. 2780*)، یا هر مفاد قانونی دیگری، به‌عنوان دولتی تعیین شده که مکرراً از اقدامات تروریستی بین‌المللی حمایت کرده است؛ و

(7) اصطلاح "شکنجه" و "قتل فراقضایی" عبارت است از معنای ذکر شده برای این اصطلاحات در بخش 3 قانون حفاظت از قربانی در برابر شکنجه سال 1991 (*28 U.S.C. 1350* تبصره).

## § 16Q5B. مسئولیت دولت‌های خارجی در خصوص تروریسم بین‌المللی علیه ایالات متحده

(a) تعریف. در این بخش، عبارت "تروریسم بین‌المللی"

(1) دارای معنی ذکر شده برای این اصطلاح در *بخش 2331 عنوان 18، قانون ایالات متحده* است؛ و

(2) شامل هیچ‌گونه اقدام جنگی نمی‌شود (چنانکه در آن بخش تعریف شده است).

(b) مسئولیت دولت‌های خارجی. یک دولت خارجی نمی‌تواند از صلاحیت قضایی دادگاه‌های ایالات متحده در هر پرونده‌ای مصون باشد که در آن درخواست خسارات پولی علیه یک دولت خارجی در خصوص آسیب جسمی به فرد یا اموال یا مرگ در ایالات متحده رخ داده و ناشی از موارد زیر باشد

(1) یک اقدام تروریستی بین‌المللی در ایالات متحده؛ و

(2) یک عمل شبه جرم یا اقدامات دولت خارجی یا هر مقام رسمی، کارمند یا نماینده دولت خارجی در حالی که در محدوده سمت، اشتغال یا سازمان خود عمل می‌کند، صرف‌نظر از جایی که عمل شبه جرم یا اعمال دولت خارجی رخ داده باشد.

**(c)** دعاوی اتباع ایالات متحده. علی‌رغم بخش (2)2337 عنوان 18 [*(2)2337 § USCS 18*]، یک تبعه ایالات متحده می‌تواند اقدامی را علیه دولت خارجی مطابق با بخش 2333 آن *عنوان [2333 § USCS 18*] مطرح کند، به شرطی که دولت خارجی بر اساس بخش فرعی (b) مصون نباشد.

**(d)** قاعده رفع ابهام. دولت خارجی نباید مشمول صلاحیت قضایی دادگاه‌های ایالات متحده بر اساس بخش فرعی (b) بر اساس ترک فعل یا عمل یا اعمال شبه جرم باشد که صرفاً به منزله سهل‌انگاری است.

## 28 USCS § 1606
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### §1606. میزان مسئولیت

در خصوص هر ادعای جبران خسارت که در خصوص آن دولت خارجی بر اساس بخش 1605 یا 1607 این فصل [1605 § USCS 28 یا 1607] از مصونیت برخوردار نیست، دولت خارجی باید به همان شیوه و به همان اندازه یک فرد خصوصی در شرایط مشابه مسئول تلقی شود؛ اما دولت خارجی، بجز سازمان یا نهاد آن نباید در قبال خسارات تنبیهی مسئول باشد؛ با این حال، اگر در هر پرونده‌ای که در آن مرگ رخ داده باشد، قانون محلی که فعل یا ترک فعل در آنجا رخ داده مجاز بداند، یا بنا به تفسیر مجاز بداند فقط خسارات دارای ماهیت تنبیهی پرداخت شود، دولت خارجی مسئول خسارت واقعی یا جبرانی سنجیده شده بر اساس آسیب‌های مالی ناشی از چنان مرگی توسط افرادی است که اقدام به نفع آنها مطرح شده است.

## 28 USCS § 1607
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

### § 1607. دعاوی متقابل

در هر اقدامی که توسط یک دولت خارجی مطرح شده یا در آن یک دولت خارجی دخالت کند، در دادگاه ایالات متحده یا یک ایالت، دولت ایالات متحده نباید از مصونیت در برابر هر گونه دعوی متقابل برخوردار شود-

**(a)** که در قبال آن یک دولت خارجی مشمول مصونیت بر اساس بخش 1605 یا 1605A این فصل نیست [ 28 USCS 1605 یا 1605A] چنانچه چنان ادعایی در یک اقدام جداگانه علیه آن دولت خارجی مطرح می‌شد؛ یا

**(b)** ناشی از تعامل یا رخدادی باشد که موضوع ادعای دولت خارجی باشد؛ یا

(c) تا حدی که دعوی متقابل در پی دریافت خسارت مازاد بر مبلغ یا متفاوت از حیث نوع با آنچه که مد نظر دولت خارجی است نباشد.

**28 USCS § 1608**

جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

**§ 1608. ابلاغ؛ مهلت پاسخگویی؛ محاکمه غیابی**

(a) در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک دولت خارجی یا زیربخش سیاسی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1) با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و دولت خارجی یا زیربخش سیاسی آن؛ یا

(2) اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان براساس بندهای (1) یا (2) انجام داد، با ارسال یک نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با یک ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به رئیس وزارت امور خارجه دولت خارجی مربوطه و ارسال توسط منشی دادگاه، یا

(4) اگر ابلاغ را نتوان ظرف مدت 30 روز براساس بند (3) انجام داد، با ارسال دو نسخه از احضاریه و شکایت و ابلاغیه اقامه دعوی، همراه با ترجمه هر یک به زبان رسمی دولت خارجی، با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به وزیر امور خارجه در واشنگتن، ناحیه کلمبیا، قابل توجه مدیر خدمات کنسولی ویژه و ارسال توسط منشی دادگاه، و وزیر امور خارجه باید یک نسخه از اوراق را از طریق کانال‌های دیپلماتیک به دولت خارجی ارسال نماید و باید یک نسخه گواهی شده یادداشت دیپلماتیک که نشان می‌دهد اوراق منتقل شده‌اند را برای منشی دادگاه ارسال نماید.

"ابلاغیه اقامه دعوی" چنانکه در این بخش فرعی استفاده شده است به معنی ابلاغیه‌ای است که خطاب به یک دولت خارجی و طبق شکل تجویز شده توسط وزیر امور خارجه بنا به مقررات باشد.

(b) در دادگاه‌های ایالات متحده و ایالات ابلاغ به یک سازمان یا نهاد اجرایی یک دولت خارجی باید به این ترتیب صورت بگیرد:

(1) با تحویل یک نسخه از احضاریه و شکایت مطابق با هرگونه ترتیبات خاص برای ابلاغ بین خواهان و آن سازمان یا نهاد اجرایی؛ یا

(2) اگر هیچ ترتیبات خاصی وجود ندارد، با تحویل یک نسخه از احضاریه و شکایت یا به یک مسئول، مدیر یا نماینده عمومی، یا به هر نماینده مجاز دیگر منصوب شده یا تعیین شده توسط قانون برای دریافت ابلاغ روند در ایالات متحده؛ یا مطابق با یک کنوانسیون بین‌المللی قابل اجرا درخصوص ابلاغ اسناد قضایی؛ یا

(3) اگر ابلاغ را نتوان براساس بند (1) یا (2) انجام داد، و اگر محاسبه منطقی برای ارائه ابلاغیه واقعی صورت گرفته باشد، با تحویل یک نسخه از احضاریه و شکایت همراه با ترجمه هر یک به زبان رسمی دولت خارجی

(A) بنا به دستور مقام دولت خارجی یا زیربخش سیاسی در پاسخ به تقاضانامه یا

یا درخواست

**(B)** با هر نوع پستی که نیازمند رسید امضا شده باشد، خطاب به سازمان یا نهادی که ابلاغ باید به آن صورت بگیرد و ارسال توسط منشی دادگاه، یا

**(C)** طبق دستور دادگاه و مطابق با قانون مربوط به محلی که ابلاغ باید در آنجا صورت بگیرد.

**(c)** ابلاغ در موارد زیر، محقق شده تلقی خواهد شد -

**(1)** در صورت ابلاغ براساس بخش فرعی (4)(a)، در تاریخ انتقال ذکر شده در نسخه گواهی شده یادداشت دیپلماتیک؛ و

**(2)** در سایر موارد این بخش، براساس تاریخ دریافت ذکر شده در گواهی، رسید پستی امضا و برگردانده شده، یا مدرک ابلاغ دیگر مربوط به روش ابلاغ مورد استفاده.

**(d)** در هر اقدام مطرح شده در یک دادگاه ایالات متحده یا یک ایالت، یک دولت خارجی، یک زیربخش سیاسی آن، یا یک سازمان یا نهاد اجرایی دولت خارجی باید پاسخ یا لایحه دفاعیه به شکایت را ظرف مدت شصت روز پس از ابلاغ براساس این بخش ارائه نماید.

**(e)** محاکمه غیابی نباید توسط یک دادگاه ایالات متحده یا یک ایالت علیه یک دولت خارجی، یک زیربخش سیاسی، یا یک سازمان یا نهاد اجرایی مذکور دولت خارجی صورت بگیرد، مگر اینکه خواهان ادعا یا حق خود را در خصوص غرامت و یا استفاده از شواهد مورد قبول دادگاه اثبات نماید. یک نسخه از هرگونه حکم غیابی مذکور باید براساس روش تجویز شده جهت ابلاغ در این بخش به دولت خارجی یا زیربخش سیاسی ارسال میشود.

**<u>28 USCS §1609</u>**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده - عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیتهای قضایی دولتهای خارجی**

**<u>§ 1609. مصونیت در برابر توقیف اموال دولت خارجی</u>**

اموال یک دولت خارجی در ایالات متحده، مشروط به توافقنامههای موجود بینالمللی که ایالات متحده در زمان تصویب این قانون عضو آن بوده است [تاریخ تصویب 21 اکتبر 1976]، باید از توقیف و اجرای حکم مصون باشد، بجز در خصوص موارد مندرج در بخشهای 1610 و 1611 این فصل [28 USCS 55 1610 و 1611].

## 28 USCS § 1610
### جاری از طریق PL 115-181، تاریخ تأیید 6/5/18

خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی

### § 1610. موارد استثنای مصونیت از توقیف یا اجرای حکم

**(a)** اموال دولت خارجی در ایالات متحده بنا به تعریف بخش 1603(a) این فصل [28 USCS § 1603(a)]، که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد ——

**(1)** دولت خارجی به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف برای کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** از اموال برای فعالیت تجاری استفاده شده باشد یا استفاده شود که ادعا بر آن مبتنی است، یا

**(3)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد که با نقض حقوق بین‌المللی در اختیار گرفته شده یا با اموال تملک شده با نقض حقوق بین‌المللی مبادله شده باشد، یا

**(4)** اجرای حکم مربوط به حکمی است که حقوقی را در خصوص اموال پدید می‌آورد

**(A)** که از طریق ارث یا به‌عنوان هدیه کسب شده باشد یا

**(B)** غیرمنقول بوده و در ایالات متحده واقع شده باشد: به شرطی که، از این اموال برای اهداف حفظ مأموریت دیپلماتیک یا کنسولی یا اسکان رئیس چنان مأموریتی استفاده نشود، یا

**(5)** اموال شامل هرگونه تعهد قراردادی یا هرگونه درآمد حاصل از چنین تعهد قراردادی برای جبران خسارت یا سلب مسئولیت از دولت خارجی یا کارکنان آن بر اساس بیمه‌نامه خودرو یا سایر موارد بیمه مسئولیت یا جراحت پوشش‌دهنده ادعایی باشد که در حکم درج شده‌اند، یا

**(6)** حکم براساس دستور مؤید یک حکم داوری صادر شده علیه دولت خارجی باشد، به شرطی که توقیف برای کمک به اجرای حکم یا اجرای حکم، با هیچ یک از مفاد موافقت‌نامه داوری ناسازگار نباشد، یا

**(7)** حکم مربوط به ادعایی باشد که دولت خارجی در خصوص آن بر اساس بخش 1605A [28 USCS § 1605A] یا بخش 1605(a)(7) [سابقاً 7(a)1605 § 28 USCS] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(b)** علاوه بر بخش فرعی (a)، هرگونه اموال یک سازمان یک دولت خارجی در ایالات متحده که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد نباید در زمینه توقیف برای کمک به اجرای حکم یا اجرای حکم صادر شده توسط دادگاهی در ایالات متحده یا یکی از ایالات پس از تاریخ تنفیذ این قانون مصون باشد، چنانچه ——

**(1)** سازمان یا نهاد به صراحت یا به طور ضمنی از مصونیت خود در برابر توقیف برای کمک به اجرای حکم یا اجرای حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که سازمان یا نهاد می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** حکم مربوط به ادعایی باشد که نهاد یا سازمان مذکور بر اساس بخش 3) ،(2)(a)1605)، یا (5) یا 1605(b) این فصل [2(a)1605 5 USCS 28)، (3)، یا (5) یا 1605(b)] در برابر آن مصون نباشد، صرف‌نظر از اینکه اموال

در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر، یا

**(3)** حکم مربوط به ادعایی باشد که نهاد یا سازمان در خصوص آن طبق بخش 1605A این فصل [ 28 USCS§ 1605A] یا بخش 1605(a)(7)) این فصل [سابقاً (28 USCS § 1605(a)(7] (که در 27 ژانویه 2008 نافذ بوده) مصون نبوده باشد، صرف‌نظر از اینکه اموال در اقدامی که ادعا بر آن اساس مطرح شده دخیل بوده یا خیر.

**(c)** توقیف یا اجرای حکم مورد اشاره در بخش‌های فرعی (a) و (b) این بخش نباید مجاز باشد مگر هنگامی که دادگاه به توقیف یا اجرای حکم مذکور دستور داده باشد چرا که به این نتیجه رسیده باشد که منطقاً زمان کافی پس از صدور حکم و ارائه ابلاغیه مورد نیاز بر اساس بخش e(1608) این فصل [28 USCS § 1608(e]) سپری شده است.

**(d)** اموال دولت خارجی بنا به تعریف بخش a(1603) این فصل [28 USCS § 1603(a]) که برای فعالیت تجاری در ایالات متحده مورد استفاده قرار می‌گیرد در زمینه توقیف نباید در زمان صدور حکم در هر اقدام مطرح شده در دادگاهی در ایالات متحده یا یکی از ایالات، یا قبل از گذشت دوره زمانی مندرج در بخش فرعی (c) این بخش مصون باشد ——

**(1)** دولت خارجی به صراحت از مصونیت خود پیش از حکم چشم‌پوشی کرده باشد، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که دولت خارجی می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ و

**(2)** هدف از توقیف، برآورده کردن حکمی باشد که صادر شده یا در نهایت ممکن است علیه دولت خارجی صادر شود، نه برای کسب صلاحیت قضایی.

**(e)** کشتی‌های دولت خارجی نباید از توقیف عینی، فروش بدون حق تجدید نظر و اجرای اقدامات مطرح شده برای ضبط ره‌ن مرتبی که در بخش 1605(d) این فصل [28 USCS § 1605(d]) آمده است، مصون باشند.

**(f)** (A) (1) علی‌رغم سایر مفاد قانونی، از جمله اما نه محدود به بخش (f(208 قانون مأموریت خارجی ( 22 U.S.C. 4308(f)، و بجز موارد استثنای مندرج در بند فرعی (B)، هرگونه اموالی که به مبادلات مالی در خصوص آن ممنوع بوده یا تحت مفاد بخش 5(b) قانون تجارت با دشمن [50 U.S.C. 5]، ضمیمه b(4305 قانون [50 USCS § 4305(b]). بخش 620(a) قانون کمک خارجی 1961 [22 U.S.C. 2370(a])، بخش‌های 202 و 203 قانون اختیارات اقتصادی اضطراری بین‌المللی ( U.S.C. 50 1701-1702)، یا هرگونه اعلامیه، حکم، مقررات یا مجوز صادر شده بر این مبنا باشد، باید مشمول اجرا یا توقیف جهت کمک به اجرای هر حکم مربوط به ادعایی باشد که دولت خارجی (از جمله هر سازمان یا نهاد آن کشور) مدعی باشد که اموال مذکور بر اساس بخش 1605(a)(7) [28 USCS § 1605(a)(7]) (نافذ پیش از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [28 USCS 5 1605A1] شامل مصونیت نیست.

**(B)** چنانچه در زمانی که اموال توسط دولت خارجی تملک شده یا در اختیار گرفته شده است، سند اموال مذکور در اختیار شخصی حقیقی بوده باشد یا در صورتی که به صورت امانی که به نفع شخص یا اشخاص حقیقی نگهداری شود، بند فرعی (A) نباید اعمال گردد.

**(A)** بنا به درخواست هر یک از طرفینی که حکم صادر شده به نفع وی بوده و چنین حکمی در خصوص ادعایی باشد که دولت خارجی در برابر آن بر اساس بخش 1605(a)(7) [28 USCS 5 1605(a)(7]) (نافذ قبل از تصویب بخش 1605A [مصوب 28 ژانویه 2008]) یا بخش 1605A [28 USCS § 1605A1] مصونیت نداشته باشد، وزیر خزانه‌داری و وزیر امور خارجه باید هرگونه تلاشی را به صورت کامل، سریع و مؤثر برای کمک به هر ذینفع حکم یا هر دادگاهی که چنین حکمی را صادر کرده است در زمینه شناسایی، تعیین محل و اجرای حکم علیه اموال دولت خارجی یا نهاد یا سازمان چنان دولتی مبذول نمایند.

**(B)** وزرای مذکور در ارائه چنان کمکی

**(i)** می‌توانند اطلاعات مهر و موم شده‌ای را به دادگاه ارائه نمایند؛ و

**(ii)** باید هرگونه تلاش لازم را انجام دهند تا اطلاعاتی را به طریقی فراهم سازند که واجد کفایت لازم باشد تا دادگاه بتواند به دفتر مارشال ایالات متحده دستور دهد به شکلی سریع و مؤثر علیه این اموال اقدام نماید.

**(3)** چشم‌پوشی. رئیس جمهور می‌تواند از هر یک از مفاد بند (1) برای حفظ امنیت ملی چشم‌پوشی کند.

**(g)** اموال در برخی اقدامات.

**(1)** به‌طور کلی. در خصوص بند (3)، اموال دولت خارجی که بر اساس بخش 1605A [28 USCS § 1605A] حکمی علیه آن صادر شده است، و اموال سازمان یا نهاد چنان دولتی، از جمله اموالی که در یک حوزه قضایی جداگانه بوده یا منافعی که به‌طور مستقیم یا غیرمستقیم در حوزه قضایی جداگانه‌ای نگهداری می‌شود، مشمول توقیف برای کمک به اجرای حکم و اجرای حکم ارائه شده در این بخش است، صرف‌نظر از

**(A)** سطح کنترل اقتصادی بر اموال توسط دولت یا حکومت خارجی؛

**(B)** اینکه آیا منافع اموال در اختیار آن دولت قرار می‌گیرد یا خیر؛

**(C)** میزان مدیریت اموال یا کنترل امور روزانه آن توسط مقامات آن دولت؛

**(D)** اعم از اینکه دولت تنها ذینفع منافع آن اموال است یا خیر؛ یا

**(E)** اعم از اینکه اثبات مجزا بودن اموال موجب خواهد شد که دولت خارجی مشمول مزایایی در دادگاه‌های ایالات متحده شده و در عین حال از تعهدات خود اجتناب کند.

**(2)** قابل اعمال نبودن مصونیت حکومت ایالات متحده. هیچ یک از اموال یک دولت خارجی، یا سازمان یا نهاد دولت خارجی که بند (1) در مورد آن اعمال می‌شود، نباید از توقیف به کمک به اجرای حکم یا اجرای حکم صادر شده طبق بخش 1605A [28 USCS § 1605A] مصون باشد چرا که این اموال به دلیل اقدام علیه این کشور بر اساس قانون تجارت با دشمن [50 USCS Appx §§ 1 et seq.] یا قانون اختیارات اقتصادی اضطراری بین‌المللی [50 USCS §§ 1701 et seq.] تحت نظارت دولت ایالات متحده قرار دارد.

**(3)** صاحبان مشترک اموال شخص ثالث. هیچ یک از مفاد این بخش نباید طوری تفسیر شود که مانع از اختیار دادگاه برای جلوگیری صحیح از وارد شدن صدمه به منافع در اختیار شخصی که در قبال اقدام منجر به حکم مربوط به اموال مورد توقیف برای کمک به اجرای حکم، طبق چنان حکمی مسئولیتی ندارد.

**<u>28 USCS §1611</u>**
**جاری از طریق PL 115-181، تاریخ تأیید 6/5/18**

**خدمات قانون ایالات متحده ـ عناوین 1 تا 54 عنوان 28. دادرسی و رویه دادرسی بخش چهارم. صلاحیت قضایی و محل اقامه دعوی فصل 97. مصونیت‌های قضایی دولت‌های خارجی**

**<u>1611§. برخی از انواع دارایی در برابر اجرای حکم مصون هستند</u>**

**(a)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 16101]، اموال سازمان‌های تعیین شده توسط رئیس جمهور که حق برخورداری از امتیازات، معافیت‌ها و مصونیت‌های ارائه شده بر اساس قانون مصونیت‌های سازمان‌های بین‌المللی را دارند نباید مشمول توقیف یا هرگونه رویه قضایی شوند که موجب اختلال در ارائه وجوه به دولت خارجی یا به دستور آن در نتیجه اقدام مطرح شده در دادگاه‌های ایالات متحده یا ایالت‌ها می‌گردد.

**(b)** علی‌رغم مفاد بخش 1610 این فصل [28 USCS § 1610]، اموال دولت خارجی باید از توقیف و اجرای حکم مصون باشد، چنانچه —

**(1)** اموال متعلق به بانک مرکزی خارجی یا مقام پولی باشد که برای حساب خود آن نگهداری می‌شود، مگر آنکه این بانک یا مقامات یا دولت خارجی مسئول آن، صریحاً از مصونیت خود برای توقیف برای کمک به اجرای حکم یا اجرای

حکم چشم‌پوشی کرده باشند، علی‌رغم هرگونه بازپس‌گیری چشم‌پوشی که بانک، مقامات یا دولت می‌تواند برای اعمال آن ادعا کند، بجز بر اساس شرایط چشم‌پوشی؛ یا

**(2)** اموال در ارتباط با فعالیت نظامی مورد استفاده قرار گیرد یا چنین قصدی وجود داشته باشد و

**(A)** دارای ماهیت نظامی باشد، یا

**(B)** تحت کنترل مقام نظامی سازمان دفاع باشد.

**(c)** علی‌رغم مفاد بخش 1610 این فصل [1610 § USCS 28]، اموال دولت خارجی باید از توقیف و اجرای حکم در اقدام مطرح شده بر اساس بخش 302 قانون آزادی و همبستگی دموکراتیک کوبا (LIBERTAD) سال 1996 [ USCS 22 § 6082] تا حدی که اموال مذکور جزو تأسیسات یا مراکز مورد استفاده توسط یک مأموریت دیپلماتیک مورد تأیید برای اهداف رسمی باشد، مصون تلقی گردد.

## I.    *28 USCS § 1330*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 85. DISTRICT COURTS; JURISDICTION*

## § 1330. Actions against foreign states

**(a)**  The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this *title [28 USCS §§ 1605-1607]* or under any applicable international agreement.

**(b)**  Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this *title [28 USCS § 1608]*.

**(c)**  For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this *title [28 USCS §§ 1605-1607]*.

## II.    *28 USCS § 1391*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54 > TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE > PART IV. JURISDICTION AND VENUE > CHAPTER 87. DISTRICT COURTS; VENUE*

## § 1391. Venue generally

 **(f)**  Civil actions against a foreign state.  A civil action against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be brought--

**(1)**  in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

**(2)**  in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this *title [28 USCS § 1605(b)]*;

**(3)**  in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or

instrumentality of a foreign state as defined in section 1603(b) of this *title [28 USCS § 1603(b)]*; or

**(4)** in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

### *28 USCS § 1441*

Current through PL 115-108, approved 1/8/18, with gaps of PL's 115-91 and 115-97.

*United States Code Service - Titles 1 through 54  >  TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE  >  PART IV. JURISDICTION AND VENUE  >  CHAPTER 89. DISTRICT COURTS; REMOVAL OF CASES FROM STATE COURTS*

## § 1441. Removal of civil actions

 **(d)**  Actions against foreign states.  Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this *title [28 USCS § 1603(a)]* may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter [*28 USCS § 1446(b)*] may be enlarged at any time for cause shown.

### *28 USCS § 1602*
**Current through PL 115-181, approved 6/5/18**

*United States Code Service - Titles 1 through 54*
*TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE - PART IV.  JURISDICTION AND VENUE CHAPTER 97.*
*JURISDICTIONAL IMMUNITIES OF FOREIGN STATES*

### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter [*28 USCS §§ 1602* et seq.].

### *28 USCS § 1603*
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54**
**TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.**
**JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1603. Definitions

For purposes of this chapter [28 USCS §§ 1602 et seq.]

**(a)**  A "foreign state", except as used in section 1608 of this title [28 USCS § 1608], includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)**  An "agency or instrumentality of a foreign state" means any entity—

**(1)**  which is a separate legal person, corporate or otherwise, and

**(2)**  which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)**  which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title [28 USCS § 1332(c) and (e)] nor created under the laws of any third country.

**(c)**  The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

**(d)**  A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

**(e)**  A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

### 28 USCS § 1604
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.**
**JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1604.  Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] a foreign state shall be immune from

the jurisdiction of the courts of the United States and of the States except as provided in sections 1605-1607 of this chapter [28 USCS §§ 1605-1607].

## 28 USCS § 1605
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

## § 1605. General exceptions to the jurisdictional immunity of a foreign state

**(a)**  A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—

**(1)**  in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

**(2)**  in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

**(3)**  in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

**(4)**  in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

**(5)**  not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to—

**(A)**  any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

**(B)**  any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights; or

**(6)**  in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined

legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607 [28 USCS § 1607], or (D) paragraph (1) of this subsection is otherwise applicable.

**(b)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: *Provided,* That—

**(1)**  notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

**(2)**  notice to the foreign state of the commencement of suit as provided in section 1608 of this title [28 USCS § 1608] is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

**(c)**  Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

**(d)**  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in section 31301 of title 46. Such action shall be brought, heard, and determined in accordance with the provisions of chapter 313 of title 46 [46 USCS §§ 31301 et seq.] and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

**(e), (f)**  [Repealed]

**(g)** Limitation on discovery.

    **(1)** In general.

        **(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604 [28 USCS § 1604], but for section 1605A or section 1605B [28 USCS § 1605A or 1605B], the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

        **(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

    **(2)** Sunset.

        **(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

        **(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would

        **(i)** create a serious threat of death or serious bodily injury to any person;

        **(ii)** adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

        **(iii)** obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

    **(3)** Evaluation of evidence. The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

    **(4)** Bar on motions to dismiss. A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

    **(5)** Construction. Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

    **(h)** Jurisdictional immunity for certain art exhibition activities.

**(1)** In general. If

**(A)** a work is imported into the United States from any foreign state pursuant to an agreement that provides for the temporary exhibition or display of such work entered into between a foreign state that is the owner or custodian of such work and the United States or one or more cultural or educational institutions within the United States;

**(B)** the President, or the President's designee, has determined, in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)), that such work is of cultural significance and the temporary exhibition or display of such work is in the national interest; and

**(C)** the notice thereof has been published in accordance with subsection (a) of Public Law 89-259 (22 U.S.C. 2459(a)),
any activity in the United States of such foreign state, or of any carrier, that is associated with the temporary exhibition or display of such work shall not be considered to be commercial activity by such foreign state for purposes of subsection (a)(3).

**(2)** Exceptions.

**(A)** Nazi-era claims. Paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a covered government during the covered period;

**(iii)** the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

**(iv)** a determination under clause (iii) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

**(B)** Other culturally significant works. In addition to cases exempted under subparagraph (A), paragraph (1) shall not apply in any case asserting jurisdiction under subsection (a)(3) in which rights in property taken in violation of international law are in issue within the meaning of that subsection and

**(i)** the property at issue is the work described in paragraph (1);

**(ii)** the action is based upon a claim that such work was taken in connection with the acts of a foreign government as part of a systematic campaign of coercive confiscation or misappropriation of works from members of a targeted and vulnerable group;

**(iii)** the taking occurred after 1900;

(iv)  the court determines that the activity associated with the exhibition or display is commercial activity, as that term is defined in section 1603(d) [28 USCS § 1603(d)]; and

(v)  a determination under clause (iv) is necessary for the court to exercise jurisdiction over the foreign state under subsection (a)(3).

(3)  Definitions. For purposes of this subsection

(A)  the term "work" means a work of art or other object of cultural significance;

(B)  the term "covered government" means

(i)  the Government of Germany during the covered period;

(ii)  any government in any area in Europe that was occupied by the military forces of the Government of Germany during the covered period;

(iii)  any government in Europe that was established with the assistance or cooperation of the Government of Germany during the covered period; and

(iv)  any government in Europe that was an ally of the Government of Germany during the covered period; and

(C)  the term "covered period" means the period beginning on January 30, 1933, and ending on May 8, 1945.


## § 1605A Terrorism exception to the jurisdictional immunity of a foreign state

(a)  In general.

(1)  No immunity. A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

(2)  Claim heard. The court shall hear a claim under this section if—

(A)  (i) (I) the foreign state was designated as a state sponsor of terrorism at the time the act described in paragraph (1) occurred, or was so designated as a result of such act, and, subject to subclause (II), either remains so designated when the claim is filed under this section or was so designated within the 6-month period before the claim is filed under this section; or

**(II)** in the case of an action that is refiled under this section by reason of section 1083(c)(2)(A) of the National Defense Authorization Act for Fiscal Year 2008 [note to this section] or is filed under this section by reason of section 1083(c)(3) of that Act [note to this section], the foreign state was designated as a state sponsor of terrorism when the original action or the related action under section 1605(a)(7) [*28 USCS § 1605(a)(7)*] (as in effect before the enactment of this section [enacted Jan. 28, 2008]) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] was filed;

**(ii)** the claimant or the victim was, at the time the act described in paragraph (1) occurred—

**(I)** a national of the United States;

**(II)** a member of the armed forces; or

**(III)** otherwise an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment; and

**(IV)** in a case in which the act occurred in the foreign state against which the claim has been brought, the claimant has afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with the accepted international rules of arbitration; or

**(B)** the act described in paragraph (1) is related to Case Number 1:00CV03110 (EGS) in the United States District Court for the District of Columbia.

**(b)** Limitations. An action may be brought or maintained under this section if the action is commenced, or a related action was commenced under section 1605(a)(7) (before the date of the enactment of this section) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997 (as contained in section 101(c) of division A of Public Law 104-208) [*28 USCS § 1605* note] not later than the latter of-

**(1)** 10 years after April 24, 1996; or

**(2)** 10 years after the date on which the cause of action arose.

**(c)** Private right of action. A foreign state that is or was a state sponsor of terrorism as described in subsection (a)(2)(A)(i), and any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, shall be liable to

**(1)** a national of the United States,

**(2)** a member of the armed forces,

**(3)** an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or

(4)  the legal representative of a person described in paragraph (1), (2), or (3), for personal injury or death caused by acts described in subsection (a)(1) of that foreign state, or of an official, employee, or agent of that foreign state, for which the courts of the United States may maintain jurisdiction under this section for money damages. In any such action, damages may include economic damages, solatium, pain and suffering, and punitive damages. In any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents.

(d)  Additional damages.  After an action has been brought under subsection (c), actions may also be brought for reasonably foreseeable property loss, whether insured or uninsured, third party liability, and loss claims under life and property insurance policies, by reason of the same acts on which the action under subsection (c) is based.

(e)  Special masters.

(1)  In general. The courts of the United States may appoint special masters to hear damage claims brought under this section.

(2)  Transfer of funds. The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984 (*42 U.S.C. 10603c*), to the Administrator of the United States district court in which any case is pending which has been brought or maintained under this section such funds as may be required to cover the costs of special masters appointed under paragraph (1). Any amount paid in compensation to any such special master shall constitute an item of court costs.

(f)  Appeal.  In an action brought under this section, appeals from orders not conclusively ending the litigation may only be taken pursuant to section 1292(b) of this *title [28 USCS § 1292(b)]*.

(g)  Property disposition.

(1)  In general. In every action filed in a United States district court in which jurisdiction is alleged under this section, the filing of a notice of pending action pursuant to this section, to which is attached a copy of the complaint filed in the action, shall have the effect of establishing a lien of lis pendens upon any real property or tangible personal property that is—

(A)  subject to attachment in aid of execution, or execution, under section 1610 [*28 USCS § 1610*];

(B)  located within that judicial district; and

(C)  titled in the name of any defendant, or titled in the name of any entity controlled by any defendant if such notice contains a statement listing such controlled entity.

(2)  Notice. A notice of pending action pursuant to this section shall be filed by the clerk of the district court in the same manner as any pending action and shall be indexed by listing as defendants all named defendants and all entities listed as controlled by any defendant.

(3)  Enforceability. Liens established by reason of this subsection shall be enforceable as provided in chapter 111 of this *title [28 USCS §§ 1651* et seq.].

(h)  Definitions.  For purposes of this section—

(1)  the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation;

(2)  the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages;

(3)  the term "material support or resources" has the meaning given that term in section 2339A of title 18;

(4)  the term "armed forces" has the meaning given that term in section 101 of title 10;

(5)  the term "national of the United States" has the meaning given that term in section 101(a)(22) of the Immigration and Nationality Act (*8 U.S.C. 1101(a)(22)*);

(6)  the term "state sponsor of terrorism" means a country the government of which the Secretary of State has determined, for purposes of section 6(j) of the Export Administration Act of 1979 (*50 U.S.C. App. 2405(j)* [*50 USCS § 4605(j)*]), section 620A of the Foreign Assistance Act of 1961 (*22 U.S.C. 2371*), section 40 of the Arms Export Control Act (*22 U.S.C. 2780*), or any other provision of law, is a government that has repeatedly provided support for acts of international terrorism; and

(7)  the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991 (*28 U.S.C. 1350* note).

## § 1605B. Responsibility of foreign states for international terrorism against the United States

(a)  Definition.  In this section, the term "international terrorism"

(1)  has the meaning given the term in *section 2331 of title 18, United States Code*; and

(2)  does not include any act of war (as defined in that section).

(b)  Responsibility of foreign states.  A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which money damages are sought against a foreign state for physical injury to person or property or death occurring in the United States and caused by

(1)  an act of international terrorism in the United States; and

(2)  a tortious act or acts of the foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency, regardless where the tortious act or acts of the foreign state occurred.

**(c)** Claims by nationals of the United States.  Notwithstanding section 2337(2) of title 18 [*18 USCS § 2337(2)*], a national of the United States may bring a claim against a foreign state in accordance with section 2333 of that *title [18 USCS § 2333*] if the foreign state would not be immune under subsection (b).

**(d)** Rule of construction.  A foreign state shall not be subject to the jurisdiction of the courts of the United States under subsection (b) on the basis of an omission or a tortious act or acts that constitute mere negligence.


## 28 USCS § 1606
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter [28 USCS § 1605 or 1607], the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## 28 USCS § 1607
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim—

**(a)** for which a foreign state would not be entitled to immunity under section 1605 or 1605A of this chapter [28 USCS § 1605 or 1605A] had such claim been brought in a separate action against the foreign state; or

**(b)** arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

**(c)** to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

## 28 USCS § 1608
## Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1608. Service; time to answer; default

**(a)**  Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

**(3)**  if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

**(4)**  if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

**(b)**  Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

**(1)**  by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

**(2)**  if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

        **(3)**  if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state

        **(A)**  as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

        **(B)**  by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

        **(C)**  as directed by order of the court consistent with the law of the place where service is to be made.

    **(c)**  Service shall be deemed to have been made—

        **(1)**  in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

        **(2)**  in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

    **(d)**  In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

    **(e)**  No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

### 28 USCS § 1609
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1609. Immunity from attachment and execution of property of a foreign state

    Subject to existing international agreements to which the United States is a party at the time of enactment of this Act [enacted Oct. 21, 1976] the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter [28 USCS §§ 1610 and 1611].

<u>**28 USCS § 1610**</u>
**Current through PL 115-181, approved 6/5/18**

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV. JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

**§ 1610. Exceptions to the immunity from attachment or execution**

**(a)**  The property in the United States of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—

**(1)**  the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

**(2)**  the property is or was used for the commercial activity upon which the claim is based, or

**(3)**  the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

**(4)**  the execution relates to a judgment establishing rights in property

**(A)**  which is acquired by succession or gift, or

**(B)**  which is immovable and situated in the United States: *Provided,* That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

**(5)**  the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

**(6)**  the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

**(7)**  the judgment relates to a claim for which the foreign state is not immune under section 1605A [28 USCS § 1605A] or section 1605(a)(7) [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved with the act upon which the claim is based.

**(b)**  In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be

immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act if—

      **(1)** the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

      **(2)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), or (5) or 1605(b) of this chapter [28 USCS § 1605(a)(2), (3), or (5), or 1605(b)], regardless of whether the property is or was involved in the act upon which the claim is based, or

      **(3)** the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A of this chapter [28 USCS § 1605A] or section 1605(a)(7) of this chapter [former 28 USCS § 1605(a)(7)] (as such section was in effect on January 27, 2008), regardless of whether the property is or was involved in the act upon which the claim is based.

      **(c)** No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter [28 USCS § 1608(e)].

      **(d)** The property of a foreign state, as defined in section 1603(a) of this chapter [28 USCS § 1603(a)], used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if—

      **(1)** the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

      **(2)** the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

      **(e)** The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d) [28 USCS § 1605(d)].

      **(f)** (1) (A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b) [50 USCS § 4305(b)]), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such

property is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A].

**(B)** Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

**(A)** At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7) [28 USCS § 1605(a)(7)] (as in effect before the enactment of section 1605A [enacted Jan. 28, 2008]) or section 1605A [28 USCS § 1605A], the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

**(B)** In providing such assistance, the Secretaries

**(i)** may provide such information to the court under seal; and

**(ii)** should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

**(3)** Waiver. The President may waive any provision of paragraph (1) in the interest of national security.

**(g)** Property in certain actions.

**(1)** In general. Subject to paragraph (3), the property of a foreign state against which a judgment is entered under section 1605A [28 USCS § 1605A], and the property of an agency or instrumentality of such a state, including property that is a separate juridical entity or is an interest held directly or indirectly in a separate juridical entity, is subject to attachment in aid of execution, and execution, upon that judgment as provided in this section, regardless of

**(A)** the level of economic control over the property by the government of the foreign state;

**(B)** whether the profits of the property go to that government;

**(C)** the degree to which officials of that government manage the property or otherwise control its daily affairs;

**(D)** whether that government is the sole beneficiary in interest of the property; or

**(E)** whether establishing the property as a separate entity would entitle the foreign state to benefits in United States courts while avoiding its obligations.

**(2)** United States sovereign immunity inapplicable. Any property of a foreign state, or agency or instrumentality of a foreign state, to which paragraph (1) applies shall

not be immune from attachment in aid of execution, or execution, upon a judgment entered under section 1605A [28 USCS § 1605A] because the property is regulated by the United States Government by reason of action taken against that foreign state under the Trading With the Enemy Act [50 USCS Appx §§ 1 et seq.] or the International Emergency Economic Powers Act [50 USCS §§ 1701 et seq.].

> **(3)**  Third-party joint property holders. Nothing in this subsection shall be construed to supersede the authority of a court to prevent appropriately the impairment of an interest held by a person who is not liable in the action giving rise to a judgment in property subject to attachment in aid of execution, or execution, upon such judgment.

### 28 USCS § 1611
### Current through PL 115-181, approved 6/5/18

**United States Code Service - Titles 1 through 54 TITLE 28.  JUDICIARY AND JUDICIAL PROCEDURE PART IV.  JURISDICTION AND VENUE CHAPTER 97.  JURISDICTIONAL IMMUNITIES OF FOREIGN STATES**

### § 1611. Certain types of property immune from execution

> **(a)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

> **(b)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution, if—

> **(1)**  the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

> **(2)**  the property is, or is intended to be, used in connection with a military activity and

> > **(A)**  is of a military character, or

> > **(B)**  is under the control of a military authority or defense agency.

> **(c)**  Notwithstanding the provisions of section 1610 of this chapter [28 USCS § 1610], the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 [22 USCS § 6082] to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | As it relates to: 03 MDL 1570 (GBD)(SN) |
|---|---|

| Celestine Kone, *et al.*, | Civil Docket Number: 1:23-cv-05790 (GBD)(SN) |
|---|---|
| Plaintiffs, | **AFFIDAVIT OF TRANSLATOR** |
| v. | |
| Islamic Republic of Iran, | |
| Defendant. | |

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK   )

Dan McCourt being sworn, states:

1. I am an employee of TransPerfect Translations, Inc. and not a party to this action. To the best of my knowledge and belief, the provided English into Farsi translations of the following source documents are true and accurate:

   a. Summonses with appendices
   b. Complaint with appendix
   c. Amended Complaint with appendix
   d. Civil cover sheet with appendix
   e. Related case statement with appendix
   f. Notices to Conform to Sudan Consolidated Amended Complaint
   g. Notice to Conform to Kingdom of Saudi Arabia Consolidated Amended Complaint
   h. Notice of Suit with copy of 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d), and the Foreign Sovereign Immunities Act (28 U.S.C. 1602, et seq.)
   i. Affidavit of Translator

2. This request was made by Anderson Kill P.C., attorneys for the Plaintiffs in this action.

System.Object[]

3. TransPerfect Translations, Inc., a translation organization with over one hundred (100) offices on six (6) continents, is a leader in providing professional translations, has over twenty-five (25) years of experience translating into the above language pair, and its work is accepted by business organizations, governmental authorities, and courts throughout the United States and internationally.

4. The translations of the source documents listed above were made by translator(s) who each are:

- For more than ten years I have provided English to Farsi translations in legal, general medical, humanitarian fields. Recently, I have been promoted as a Quality manager for mega projects with Amazon, Lionbridge and Transperfect.

5. TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not related to any of the parties named in the source document(s).

6. Pursuant to CPLR 2101, the translation is accurate.

_____
Dan McCourt, Project Assistant

Sworn to before me
this 23rd day of August 2023

_____
Signature, Notary Public

WENDY POON
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in
Queens County
01PO6356754
MY COMMISSION EXPIRES 04-03-2025

_____
Stamp, Notary Public

2

System.Object[]

دادگاه ناحیه‌ای ایالات متحده

ناحیه جنوب نیویورک

| | |
|---|---|
| مربوط به حملات تروریستی 11 سپتامبر، 2001 | چنانکه مربوط است به: 03 MDL 1570 (GBD)(SN) |

| | |
|---|---|
| سلستین کونه و همکاران ، | شماره سند مدنی: SN (GBD) (1:23-cv-05790 |
| خواهان‌ها، | **اظهارنامه مترجم** |
| علیه | |
| جمهوری اسلامی ایران، | |
| خوانده. | |

ایالت نیویورک    (

ss: (    کانتی نیویورک    )

Dan McCourt با ادای سوگند، اظهار می‌دارد:

1. من کارمند شرکت Translations TransPerfect هستم و جزو طرفین این دعوی نیستم. تا آنجا که اطلاع و اعتقاد دارم، ترجمه‌های انگلیسی به فارسی ارائه شده اسناد منبع ذیل‌الذکر درست و دقیق هستند:

   a. احضاریه‌ها همراه با ضمیمه
   b. شکایت همراه با ضمیمه
   c. شکایت اصلاحی همراه با ضمیمه
   d. برگه جلد دادخواست مدنی همراه با ضمیمه
   e. بیانیه پرونده مربوطه به همراه پیوست
   f. اطلاعیه هایی برای انطباق با شکایت اصلاحی تلفیقی سودان
   g. اطلاعیه برای انطباق با شکایت اصلاح شده تلفیقی پادشاهی عربستان سعودی
   h. ابلاغیه اقامه دعوی به همراه نسخه‌ای از 28 U.S.C. 1330, 28 U.S.C. 1391(f), 28 U.S.C. 1441(d)، و قانون مصونیت حاکمیت خارجی (28 U.S.C. 1602, et seq.)
   i. اظهارنامه مترجم

2. این درخواست را شرکت Anderson Kill P.C، وکلای خواهان‌های این دعوا، ارائه کرده است.

3. شرکت TransPerfect Translations یک سازمان ترجمه با بیش از یکصد (100) دفتر در شش (6) قاره، و پیشرو در زمینه ارائه ترجمه‌های حرفه‌ای است، بیش از بیست و پنج (25) سال سابقه ترجمه به جفت زبان مذکور را دارد و کارهای آن مورد قبول سازمان‌های تجاری، مقامات دولتی و دادگاه‌ها در سرتاسر ایالات متحده و در سطح بین‌المللی قرار گرفته است.

4. ‏ترجمه اسناد منبع ذکر شده در بالا توسط مترجم(هایی) انجام شده است که هر کدام

• ‏برای بیش از ده سال ترجمه انگلیسی به فارسی را در زمینه های حقوقی، پزشکی عمومی و موضوعات بشری و عمومی ارائه کرده ام. اخیراً به عنوان مدیر کیفیت برای پروژه های بزرگ با آمازون، لیونبریج و ترانسپرفکت ارتقاء یافته ام".

5. ‏شرکت TransPerfect Translations تأیید می‌کند که ترجمه ارائه شده بر اساس سیستم‌های مدیریت کیفیت ISO 9001:2015 و ISO 17100:2015 ما صورت گرفته است و همچنین عواملی که مسئول ترجمه(های) مذکور هستند واجد شرایط ترجمه و بازنگری جفت زبان مذکور بوده و با هیچ‌یک از طرف‌های نامبرده در این سند (اسناد) ارتباطی ندارند.

6. ‏مطابق با CPLR 2101، ترجمه دقیق است.

_____

Dan McCourt, Project Assistant

‏نزد من سوگند یاد کرد
23rd day of August 2023

_____

‏دفتر اسناد رسمی



System.Object[]

**FedEx Express**

Package US Airbill

FedEx Tracking Number  8161 1184 4150

Form ID No. 0200    Sender's Copy

**From** *Please print and press hard.*

Date

Sender's FedEx Account Number  71999-658

Sender's Name  Sec of State-Dir of Consumer Svcs Office
-Policy Review & Inter Agency Liaison

Phone

Company  (CA/OCS/PRI) U.S. Dept of State

Address  SA-29 4th Floor-2201 C Street NW
Dept./Floor/Suite/Room

City  Washington    State  D.C.    ZIP  20520

**Your Internal Billing Reference**
First 24 characters will appear on invoice.
OPTIONAL

**To**

Recipient's Name  Clerk of the Court Ref Randy J. Krogick    Phone

Company  U.S. District Court-Southern District of
w York. Office of the Clerk

We cannot deliver to P.O. boxes or P.O. ZIP codes.
Dept./Floor/Suite/Room

**Hold Weekday**
FedEx location address
REQUIRED. *NOT available for*
FedEx First Overnight.

Address  500 Pearl Street

**Hold Saturday**
FedEx location address
REQUIRED. *Available ONLY for*
FedEx Priority Overnight and
FedEx 2Day to select locations.

Use this line for the HOLD location address or for continuation of your shipping address.

City  New York    State  N.Y.    ZIP  10007

**Ship it. Track it. Pay for it. All online.**
Go to fedex.com.

**4  Express Package Service**    * To most locations.

Packages up to 150 lbs.
*For packages over 150 lbs, use the
FedEx Express Freight US Airbill.*

**Next Business Day**

☐ FedEx First Overnight
Earliest next business morning delivery to select
locations. Friday shipments will be delivered on
Monday unless Saturday Delivery is selected.

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be
delivered on Monday unless Saturday Delivery
is selected.

☐ FedEx Standard Overnight
Next business afternoon.*
Saturday Delivery NOT available.

**2 or 3 Business Days**

☐ FedEx 2Day A.M.
Second business morning.*
Saturday Delivery NOT available.

☐ FedEx 2Day
Second business afternoon.* Thursday shipments
will be delivered on Monday unless Saturday
Delivery is selected.

☐ FedEx Express Saver
Third business day.*
Saturday Delivery NOT available.

**5  Packaging**    * Declared value limit $500.

☐ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6  Special Handling and Delivery Signature Options**    Fees may apply. See the FedEx Service Guide.

☐ Saturday Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without
obtaining a signature for delivery.

☐ Direct Signature
Someone at recipient's address
may sign for delivery.

☐ Indirect Signature
If no one is available at recipient's
address, someone at a neighboring
address may sign for delivery. For
residential deliveries only.

**Does this shipment contain dangerous goods?**
One box must be checked.

☐ No    ☐ Yes As per attached Shipper's Declaration.    ☐ Yes Shipper's Declaration not required.    ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg

☐ Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

**7  Payment**    Bill to:

Enter FedEx Acct. No. below.

☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party

FedEx Acct. No.

Total Packages    Total Weight    Total Declared Value†

___ lbs.    $ ___ .00

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this airbill you
agree to the service conditions on the back of this airbill and in the current FedEx Service Guide, including terms
that limit our liability.
Rev. Date 4/10 • Part #157002 • ©2012-2010 FedEx • PRINTED IN U.S.A.

644

---

**FedEx Express**

Package US Airbill

FedEx Tracking Number  8161 1184 4138

Form ID No. 0200    Sender's Copy

**From** *Please print and press hard.*

Date

Sender's FedEx Account Number  71999658

Sender's Name  Clerk of the Court, Randy J. Krogick    Phone

Company  U.S. District Court-Southern District
-New York
Address  Office of the Clerk - 500 Pearl St.
Dept./Floor/Suite/Room

City  New York    State  N.Y.    ZIP  10007

**Your Internal Billing Reference**
First 24 characters will appear on invoice.
OPTIONAL

**To**

Recipient's Name  Jerry Goldman    Phone (   )

Company  Anderson Kill P.C.

We cannot deliver to P.O. boxes or P.O. ZIP codes.

**Hold Weekday**
FedEx location address
REQUIRED. *NOT available for*
FedEx First Overnight.

Address  1251 Avenue of the
Dept./Floor/Suite/Room

**Hold Saturday**
FedEx location address
REQUIRED. *Available ONLY for*
FedEx Priority Overnight and
FedEx 2Day to select locations.

Address  Americas

Use this line for the HOLD location address or for continuation of your shipping address.

City  New York    State  N.Y.    ZIP  10020

**Ship it. Track it. Pay for it. All online.**
Go to fedex.com.

**4  Express Package Service**    * To most locations.

Packages up to 150 lbs.
*For packages over 150 lbs, use the
FedEx Express Freight US Airbill.*

**Next Business Day**

☐ FedEx First Overnight
Earliest next business morning delivery to select
locations. Friday shipments will be delivered on
Monday unless Saturday Delivery is selected.

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be
delivered on Monday unless Saturday Delivery
is selected.

☐ FedEx Standard Overnight
Next business afternoon.*
Saturday Delivery NOT available.

**2 or 3 Business Days**

☐ FedEx 2Day A.M.
Second business morning.*
Saturday Delivery NOT available.

☐ FedEx 2Day
Second business afternoon.* Thursday shipments
will be delivered on Monday unless Saturday
Delivery is selected.

☐ FedEx Express Saver
Third business day.*
Saturday Delivery NOT available.

**5  Packaging**    * Declared value limit $500.

☐ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6  Special Handling and Delivery Signature Options**    Fees may apply. See the FedEx Service Guide.

☐ Saturday Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without
obtaining a signature for delivery.

☐ Direct Signature
Someone at recipient's address
may sign for delivery.

☐ Indirect Signature
If no one is available at recipient's
address, someone at a neighboring
address may sign for delivery. For
residential deliveries only.

**Does this shipment contain dangerous goods?**
One box must be checked.

☐ No    ☐ Yes As per attached Shipper's Declaration.    ☐ Yes Shipper's Declaration not required.    ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg

☐ Cargo Aircraft Only

Restrictions apply for dangerous goods — see the current FedEx Service Guide.

**7  Payment**    Bill to:

Enter FedEx Acct. No. below.

☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party

FedEx Acct. No.

Total Packages    Total Weight    Total Declared Value†

___ lbs.    $ ___ .00

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this airbill you
agree to the service conditions on the back of this airbill and in the current FedEx Service Guide, including terms
that limit our liability.
Rev. Date 4/10 • Part #157002 • ©2012-2010 FedEx • PRINTED IN U.S.A.

644

**Ex.** International Air Waybill

**Express** For FedEx services worldwide. Packages up to 150 lbs. (68 kg), excluding dangerous goods.
Not all services and options are available to all destinations.

Sender's Copy

**Please print and press hard.**

MM/DD/YY

Sender's FedEx Account Number: 719996558    NUMBER ONLY

Jeremias Dirk, ACS
U.S. Embassy Been, American
Citizen Services
Sulgeneckstrasse 19
3007 Been    State/Province
Switzeerland    ZIP/Postal Code

Reference    FIRST 24 CHARACTERS WILL APPEAR ON INVOICE

☐ Residential Delivery

's:  Sec. of State, Dir. of Consular Sucs,
Office of Policy Review & Inter Agency Liaison
(PRI)
U.S. Dept of State    Dept./Floor
SA-29, 4th Floor
2201 C Street, NW Washington DC    State/Province
U.S.A.    ZIP/Postal Code  20520

's Tax ID Number
ms Purposes    GST/RFC/VAT/IN/EIN/ABN/TIN, OR AS LOCALLY REQUIRED

**nt Information**

| Total Weight | lbs. | kg | DIM | / W / H | in. | cm |

| Commodity Description — DETAIL REQUIRED. PRINT IN ENGLISH. | Harmonized Code | Country of Manufacture | Value for Customs |

No EEI required, value $2,500 or less per Sch. B Number, no license required (NLR), not subject to ITAR.

No EEI required, enter exemption number:

proof of filing citation:

| Total Declared Value for Carriage | | |
| If other than NLR, enter License Exception: | | |
| Total Value for Customs (Specify Currency) | | |

---

**The service order has changed in Section 4.
Signature options have been added to Section 6.**
For Completion Instructions, and details on services and options, see back of fifth page.

FedEx Tracking Number  8124 4400 8783    Form ID No. 0402

**4    Express Package Service**
NOTE: Service order has changed. Please select carefully.

☐ FedEx Intl. First    ☐ FedEx Intl. Priority    ☐ FedEx Intl. Economy

**5    Packaging**

☐ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube
☐ FedEx 10kg Box    ☐ FedEx 25kg Box    ☐ Other

**6    Special Handling and Delivery Signature Options**    Fees may apply. See the FedEx Service Guide.

☐ HOLD at FedEx Location    ☐ SATURDAY Delivery

☐ Direct Signature    Someone at recipient's address may sign for delivery.

☐ Indirect Signature    If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

**Payment**    Complete payment options for both transportation charges and duties and taxes.

Bill transportation charges to:    Enter FedEx Acct. No. or Credit Card No. below.

☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Cheque

FedEx Acct. No.    FedEx Use Only

Credit Card No.

Credit Card Exp. Date

Bill duties and taxes to:    Enter FedEx Acct. No. below.

☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party

FedEx Acct. No.

**8    Required Signature**

Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill, and you represent that this shipment does not require a U.S. State Department License or contain dangerous goods. Certain international treaties, including the Warsaw or Montreal Convention, may apply to this shipment and limit our liability for damage, loss, or delay, as described in the Conditions of Contract. WARNING: These commodities, technology, or software were exported from the United States in accordance with Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Sender's Signature:

662

**For questions or to ship and track packages, go to fedex.com.**
Or in the U.S. call 1.800.GoFedEx 1.800.463.3339.
Terms and conditions of service may vary from country to country.
For a full version of the Conditions of Contract, go to fedex.com.

RETAIN THIS COPY FOR YOUR RECORDS.

10/17

PART 156410 • Rev. Date 9/13 • ©1994–2013 FedEx • PRINTED IN U.S.A. • Non-Negotiable International Air Waybill

# International Air Waybill

**Express**

**Sender's Copy**

For FedEx services worldwide. Packages up to 150 lbs. (68 kg), excluding dangerous goods.
Not all services and options are available to all destinations.

Please print and press hard.

M M / D / Y Y

Sender's FedEx
Account Number    7-1999 658

Sec of State, Dir of Consular Svcs, Office
of Policy Review & Inter Agency Liaison
(CA/OCS/PRI) SA-29, 4th Floor
U.S Dept of State- 2201 C street, NW
Washington                    State/Province D.C
U.S.A                         ZIP/Postal Code 20520

☐ Residential Delivery

Jeremias Dick Ayers
U.S. Embassy Bern, American
Citizen Services
Sulgeneckstrasse 19          Dept/Floor
3007 Bern                    State/Province
Switzerland                  ZIP/Postal Code

**The service order has changed in Section 4. Signature options have been added to Section 6.**
For Completion Instructions, and details on services and options, see back of fifth page.

FedEx Tracking Number    8124 4400 8820    Form ID No. 0402

## 4 Express Package Service
NOTE: Service order has changed. Please select carefully.

☐ FedEx Intl. First    ☐ FedEx Intl. Priority    ☐ FedEx Intl. Economy

## 5 Packaging
☐ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx Tube
☐ FedEx 10kg Box    ☐ FedEx 25kg Box    ☐ Other

## 6 Special Handling and Delivery Signature Options    Fees may apply. See the FedEx Service Guide.
☐ HOLD at FedEx Location    ☐ SATURDAY Delivery
☐ Direct Signature    ☐ Indirect Signature
Someone at recipient's address may sign for delivery.    If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only.

## 7 Payment    Complete payment options for both transportation charges and duties and taxes.
**Bill transportation charges to:**    Enter FedEx Acct. No. or Credit Card No. below.
☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check/Cheque
                                                                                                FedEx Use Only
FedEx Acct. No.

Credit Card No.

Credit Card Exp. Date

**Bill duties and taxes to:**    Enter FedEx Acct. No. below.
☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party

FedEx Acct. No.

## 8 Required Signature
Use of this Air Waybill constitutes your agreement to the Conditions of Contract on the back of this Air Waybill, and you represent that this shipment does not require a U.S. State Department License or contain dangerous goods. Certain international treaties, including the Warsaw or Montreal Convention, may apply to this shipment and limit our liability for damage, loss, or delay, as described in the Conditions of Contract. WARNING: These commodities, technology, or software were exported from the United States in accordance with Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Sender's Signature:                                                            662

**For questions or to ship and track packages, go to fedex.com.**
Or in the U.S. call 1.800.GoFedEx 1.800.463.3339.
Terms and conditions of service may vary from country to country.
For a full version of the Conditions of Contract, go to **fedex.com.**

PART 158410 • Rev. Date 9/13 • ©1994–2013 FedEx • PRINTED IN U.S.A. • Non-Negotiable International Air Waybill

RETAIN THIS COPY FOR YOUR RECORDS.

10/17

reference    FIRST 24 CHARACTERS WILL APPEAR ON INVOICE

Phone

Tax ID Number Purposes    GST/RFC/VAT/IN/EIN/ABN/TIN, OR AS LOCALLY REQUIRED

Information

Total Weight ____ lbs. ☐ kg ☐    DIM ____ / W ____ / H ____ in. ☐ cm ☐

SED/SLAC

| Commodity Description DETAIL REQUIRED. PRINT IN ENGLISH. | Harmonized Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| | | | |

☐ No EEI required, value $2,500 or less per Sch. B Number, no license required (NLR), not subject to ITAR.    Total Declared Value for Carriage    Total Value for Customs (Specify Currency)
☐ No EEI required, enter exemption number;    If other than NLR, enter License Exception:
proof of filing citation:

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

**FedEx Express**

**Package US Airbill**

FedEx Tracking Number: **8161 1184 2937**

Sender's FedEx Account Number: 7-1999658

**1 From** *Please print and press hard.*

Date

Sender's Name: Clerk of The Court, Ruby J Krajick

Company: U.S. District Court-Southern District of New York

Address: Office of the Clerk - 500 Pearl Street

City: New York   State: N.Y.   ZIP: 10020

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**

Recipient's Name: Sec. of State, Dir. of Consultation Svcs

Company: Office of Policy Review & Interagency Liaison
CA/OCS/PRI U.S. Dept. of State

Address: SA-17, 2401 E Street, NW
Address: SA-17 4th Floor

City: Washington   State: D.C.   ZIP: 20520

Ship it. Track it. Pay for it. All online.
Go to fedex.com

fedex.com  1.800.GoFedEx  1.800.463.3339

---

Form ID No. **0200**

**Sender's Copy**

*Packages up to 150 lbs.*
*For packages over 150 lbs. use the FedEx Express Freight US Airbill.*

**4 Express Package Service** *To most locations.*

*2 or 3 Business Days:*

Next Business Day:

☐ FedEx First Overnight
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight

☐ FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

**5 Packaging** *Declared value limit $500.*

☐ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling and Delivery Signature Options** *Fees may apply. See the FedEx Service Guide.*

☐ Saturday Delivery

No Signature Required   Direct Signature   Indirect Signature

Does this shipment contain dangerous goods?
One box must be checked.
☐ No   ☐ Yes As per attached Shipper's Declaration   ☐ Yes Shipper's Declaration not required.

☐ Dry Ice

☐ Cargo Aircraft Only

**7 Payment** *Bill to:*
☐ Sender   ☐ Recipient   ☐ Third Party

FedEx Acct No.

Total Packages   Total Weight   Total Declared Value†

644