# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

July 18, 2024

The Honorable George B. Daniels, U.S. District Judge
United States District Court for the S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:  *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

The Plaintiffs Executive Committees and *Ashton* Plaintiffs (collectively "Plaintiffs") write to apprise the Court of terms agreed between Plaintiffs and the Department of Justice ("DOJ"), as counsel for the Federal Bureau of Investigation ("FBI"), on a joint proposal to minimize the volume of redactions that must be individually reviewed by the Court consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The present proposal seeks only to resolve the dispute between Plaintiffs and the FBI[1] and does not address the other outstanding sealing requests before the Court, including those made by Saudi Arabia.[2]

As part of this proposal, Plaintiffs request that oral argument should be rescheduled until after the terms of this proposal have been implemented and the FBI-produced judicial documents are publicly docketed. Plaintiffs respectfully request an adjournment of 60 days and a new date for oral argument in the Fall. Given the short time before the currently scheduled oral argument, our request carries a high degree of urgency. FBI/DOJ supports this request.

1. **This proposal will permit the Court to focus its individualized review of the FBI's Privacy Act redactions on the information most relevant to the pending motions**

Plaintiffs wholeheartedly share the Court's interest in promptly holding oral argument on the pending motions, but are mindful that the Constitutional imperatives require the public access issues to be resolved first, in order to avoid unworkable complications to courtroom proceedings and potential collateral challenges.

---

[1] *See* ECF No. 10079 (FBI's July 10, 2024 letter) and ECF No. 10090 (Plaintiffs' July 12, 2024 response).
[2] *See* ECF No. 10080 (KSA's July 10, 2024 letter) and ECF No. 10091 (Plaintiffs' July 12, 2024 response). The sealing requests were the subject of yesterday's Court hearing, ECF No. 10092.

Case 1:03-md-01570-GBD-SN    Document 10126    Filed 07/18/24    Page 2 of 3

The Honorable George B. Daniels
July 18, 2024
Page 2

_____

Against this backdrop, the FBI's position in its July 10, 2024 letter (and as articulated at yesterday's hearing) contemplated that the Court itself should undertake a review of each Privacy Act redaction, reaching individualized assessments as to whether they qualify for sealing on a redaction-by-redaction basis pursuant to the *Lugosch* framework. 07/17/2024 Hearing Trans. at 93:23-94:3 ("we still think that the Court needs to evaluate the redactions to those documents on an individualized basis …"); 94:23-95:8 ("we urge the Court to evaluate on an individualized basis" each of the Privacy Act redactions based on "the context of the individual's role in relation to the issues before the Court …"). Such an undertaking, involving thousands of FBI redactions, most of which the Court has not yet received, would require significant judicial time and resources. The alternative of proceeding without such individualized assessments would, however, invite further First Amendment challenges from the media and public. *See Lugosch* (appeal under collateral order doctrine based on inadequacy of sealing review); 07/17/2024 Hearing Trans. at 95:9-18 (DOJ explaining that "under the *Lugosch* balancing test … [the Court has] to compare [whether there is a higher] value with what is public interest in the information. … Again, those are determinations for the Court to make …").

It will be more efficient and faster to have the parties themselves do this work collaboratively, and will serve to move the proceedings forward as expeditiously as possible.

2. **Plaintiffs' and the FBI's joint proposal to minimize the number of FBI Privacy Act redactions for the court to review**

Immediately after yesterday's conference before Your Honor, counsel for Plaintiffs and the FBI held in-person meet-and-confer discussions regarding ways to reduce the burden on the Court of reviewing thousands of redactions in advance of oral argument. Specifically, for the purposes of this proposal, Plaintiffs and the FBI agree that the universe of documents whose FBI's Privacy Act redactions will be reviewed will be from among only those cited in the parties' briefs and averments, which were submitted for the Court's consideration in relation to the pending dispositive motions, and that contain FBI redactions (collectively, the "FBI-related Documents").

Plaintiffs and the DOJ agreed to the terms of a collaborative process for these categories of documents as follows:

- Plaintiffs will provide the DOJ with a list of the high-priority individuals relevant to the litigation who feature in the FBI-related Documents,[3] and will identify the specific documents, or parts of documents, in which these individuals are referenced, from among the FBI-redacted Documents;

- Plaintiffs and the DOJ will work together to submit before the Court a set of materials that identify all Privacy Act redactions in the FBI-related Documents concerning the high-priority individuals for the Court to analyze under the *Lugosch* framework; and

- Plaintiffs will request that the Court remove the Privacy Act redactions in the FBI-related Documents concerning the high-priority individuals; whereas, as to any other individual

---

[3] The high-priority individuals include a set of 30 individuals whose relationships to the issues before the Court are identified in the parties' pleadings.

referenced in the FBI-related Documents who is not designated by Plaintiffs under the category of high-priority individuals, Plaintiffs will agree not to raise a challenge to the FBI's Privacy Act redactions for purposes of filing the documents publicly and enabling oral argument on the pending motions to proceed in open court. Plaintiffs also agree not to challenge the FBI's Privacy Act redactions in documents other than the FBI-redacted Documents.

This joint proposal will help the Court resolve the sealing dispute between Plaintiffs and FBI/DOJ, by reducing the number of FBI Privacy Act redactions that the Court will need to review.

### 3. Motion for an adjournment of the oral argument

To implement this joint proposal effectively, both Plaintiffs and the FBI will need additional time to undertake their respective reviews. The work to apply and/or to lift redactions for a proper public record is painstaking, labor-intensive, and requires persistent attorney supervision to avoid errors. Quite simply, it will be impossible to complete the necessary work by the currently scheduled hearing date of July 31, 2024, but a reasonable extension will allow it to be done. Plaintiffs therefore request, with FBI/DOJ's support, that the Court adjourn the date of oral argument for 60 days.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By: /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com

*Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc:    All Counsel of Record via ECF