KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

July 19, 2024

*Via ECF*

The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)
               (SN) (All Actions)

Dear Judge Daniels:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia"), in response to the letter earlier today from the Plaintiffs' Executive Committees ("Plaintiffs"). Saudi Arabia takes no position on whether any redactions in the FBI documents should be lifted. However, it opposes any further postponement of the motion to dismiss hearing.

      Plaintiffs request "an adjournment of 60 days and a new date for oral argument in the Fall," and represent that "FBI/DOJ supports this request." ECF No. 10126, at 1. Neither Plaintiffs nor the FBI met and conferred with Saudi Arabia concerning this request or advised that such a request was forthcoming, nor does their letter state Saudi Arabia's position. Plaintiffs' letter therefore violates Section II.C of this Court's Individual Practices, which require that "[a]ll requests for adjournments . . . clearly state . . . (iv) whether opposing counsel consents, and, if not, the reasons provided by opposing counsel for withholding consent."

      The request for an adjournment should be denied. Saudi Arabia has been awaiting adjudication of its sovereign immunity defense for more than six years, since this Court's jurisdictional discovery order in March 2018. Further delay is inconsistent with the Supreme Court's directive that "a court should decide [a] foreign sovereign's immunity defense '[a]t the threshold' of the action" and should "resolve . . . factual disputes . . . as near to the outset of the case as is reasonably possible." *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 187 (2017) (quoting *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 (1983)) (second alteration in *Helmerich*).

      In addition, the reason for an adjournment here is insufficient because it was caused by Plaintiffs' own delay. As discussed at the hearing (we do not have a transcript yet), Plaintiffs did

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable George B. Daniels
June 19, 2024
Page 2

not complete serving their own proposed redactions for their own surreply filings on the FBI until July 16, the evening before the hearing. That was even though Plaintiffs had agreed, and the Court had approved, a process under which each filing party was to identify information potentially subject to the FBI protective order within 30 days after its filing. ECF No. 9122, at 1 (agreed process); *see* ECF No. 9902, at 2-3 (Saudi Arabia's letter describing Plaintiffs' earlier failures to comply); *see also* ECF No. 10077, at 1 n.1 (FBI's letter noting that, as of July 10, 2024, Plaintiffs had not "provided versions of their sur-reply exhibits . . . that identify information derived from FBI documents"). In the case of Plaintiffs' April 19 surreply, the due date was May 20. Plaintiffs missed that deadline by nearly two months – the same length of the adjournment they now seek.

Further, during meet-and-confer discussions, both Saudi Arabia and the FBI proposed that Plaintiffs identify priority documents that Plaintiffs sought to discuss at the motion to dismiss hearing. *See* ECF No. 10077, at 2 (FBI letter discussing this proposal); ECF No. 10080, at 8 (Saudi Arabia's letter discussing the same point). Plaintiffs steadfastly refused to do so, insisting that every document and all redactions should be unsealed. Plaintiffs could long ago have identified the names of the 30 "high-priority individuals" who they now claim should be disclosed. ECF No. 10126, at 1. Instead, they maintained that all names in the FBI documents should be unredacted, leading to the stalemate discussed at the July 17 hearing. It is inappropriate to further delay adjudication of Saudi Arabia's immunity defense because of Plaintiffs' own intransigence. There is also no reason for a 60-day delay of the motion to dismiss hearing so that Plaintiffs can mention 30 "high-priority individuals" at that hearing. Plaintiffs can instead identify for the Court any documents they actually intend to show at the hearing, and the Court can give priority to its unsealing review of those particular documents.

This is a case of great importance. Plaintiffs are represented by national and multinational firms with substantial resources. They could have gotten their work done on time without delaying the hearing. If the Court orders them to do so, they still can. They should not be heard to complain of a professed burden that is a result of their own failures to comply with the Court's orders. They certainly should not be permitted to disrupt the Court's schedule and delay the adjudication of Saudi Arabia's dispositive motion by additional months.

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg
*Counsel for the Kingdom of Saudi Arabia*

Cc:   All MDL Counsel of Record (via ECF)