UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

**Declaration of Sandra M. Kelly in Support Motion for Final Damages Judgment for Estate Plaintiff Without Prior Economic Loss Judgment and Solatium Plaintiff Without Prior Judgment of behalf of Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook**

SANDRA M. KELLY, Esq., pursuant to 28 U.S.C. § 1746, hereby states under penalty of perjury that:

1. I am an attorney representing Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook in the above- captioned litigation. I submit this declaration in support of the motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("9/11 Decedent") and for her immediate family members of the 9/11 Decedent. This motion seeks the following relief:

   a) awarding the Estate of 9/11 Decedent Christina S. Ryook, through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family member of such 9/11 Decedent, an award for economic damages, which, when combined with any previously-awarded compensatory damages for pain and suffering will constitute a final judgment in the amounts set forth on Exhibit A and B;

   b) awarding solatium damages for the immediate family members of 9/11 Decedent in the amounts as set forth on Exhibit C (to the proposed order) based on the relationship listed on Exhibit C;

   c) awarding the Plaintiff Dae Jin Ryook individually and as Administrator of the Estate

of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

d) granting Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook permission to seek punitive damages, economic damages (to the extent not requested in this motion), and other appropriate damages at a later date;

e) determining that service of process was properly effected upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

f) granting permission Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

   c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

   d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

   e. The Court's Order dated September 22, 2023 (ECF No. 9355) setting forth the new quality control, motion, declaration and exhibit procedures and paradigms.

Due Diligence:

  3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 20 years; my firm's representation of Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook in connection with the September 11th litigation; communications directly from family members of the 9/11 Decedent; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook are parties, including review of, among other things, relevant retainer agreements, death certificates, judicial filings (complaints, default certificate, liability default judgment and documentation of service), communications with clients and family members and public databases and other sources of information. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

  4. Based on our review of the above, I believe that Christina S. Ryook, died on September 11, 2001 in the September 11th terrorist attacks. My law firm has been retained by the representatives of the estates of the 9/11 Decedent to represent this estate and the immediate family members of this 9/11 Decedent. Before filing this motion, I have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (*see* ECF No. 3435, adopting procedures set forth in ECF No. 3433); (2) personally verified that, based on review by

myself or other representatives of the records available regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment; (3) comported with the Court's September 22, 2023 paradigm for quality control, motions, declarations and exhibits supporting the request for damages herein, including the standardized exhibit document that this Court has provided along with the requisite review process involved in preparing the exhibits (ECF 9355); and (4), as set forth in this Court's September 22, 2023, checklist, provided the Exhibits B-1 and C to be checked against the default judgment motion master list.

     5.     For the 9/11 Decedent Christine S. Ryook, I have confirmed that the 9/11 Decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and/or written communications with the representative of the Estate of Christina S. Ryook, and/or the family members of this 9/11 Decedent. The 9/11 Decedent was a United States national at the time of her death on September 11, 2001 in the terrorist attacks.

### Estate Claims

     6.     Exhibit B-1 set forth the compensatory damages amount this Court previously awarded to the 9/11 Decedents listed there for conscious pain and suffering.

     7.     Exhibit B-1 also sets forth new claims by the Personal Representatives of the Estates of 9/11 Decedents listed therein seeking an award of economic damages for the first time.

     8.     For the estate of Christina S. Ryook seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and

include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value.

9.  For example, in some of those cases in which Kreindler & Kreindler represented the Estate of the 9/11 Decedent now seeking economic damages in the September 11 Victim Compensation Fund ("VCF"), they previously retained the services of economic experts who, in turn, performed an analysis of the economic loss as of the date of those reports and this counsel substituted in as *Pro Hac Vice* via ECF No. 9727 and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN) Docket 2041. In this case, I was counsel representing Plaintiffs in the VCF proceedings. My VCF files contained VCF economic valuation files and the supporting documentation (including tax returns, W-2 forms and other salary and income verification.) The files also include reports dating back to the time that the application was filed, supporting materials in support of the expert report, reviews and computations of same made by the VCF, award determinations, applications and/or other relevant documentation such as tax returns, W-2s or statements of income and projected earnings from employers.

10. Plaintiffs retained John F. Beauzile, who possesses a Master's Degree in Actuarial Science from Columbia University, whose affidavit describing his methodology and experience and attaching his curriculum vitae is attached hereto as Exhibit D. Mr. Beauzile reviewed, analyzed and updated the computations contained within the VCF files., Mr. Beauzile's methodology for economic loss sought here, as well as the assumptions made and data relied upon, is described in the report he provided Exhibit E under seal pursuant to this Court's prior Order granting permission for such under seal filing. *See* ECF No. 7963.

11. The economic loss figures set forth in the tables attached as Exhibit B-1 and

C represent the present value (based on the calculations attached in underlying expert report) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

12. We have provided a copy of Exhibit B-1 to be checked against the default judgment master list and have verified that that none of the plaintiffs listed in Exhibit B-1 has recovered economic damages previously nor do they have any other pending motion before this Court for economic damages against Iran arising out of the September 11, 2001 terrorist attacks.

## Solatium Claims – Immediate Family Members

13. The decedent, Christina S. Ryook, was killed in the September 11, 2001 terrorist attacks and is survived by the immediate family members Dae Jin Ryook (father) and Kyung Woo Ryook (mother). The relationships set forth in Exhibit B have been personally verified by birth certificates, and VCF documents.

14. We have been retained by the plaintiff Dae Jin Ryook individually and as Administrator of the Estate of Christina S. Ryook, Deceased, and all survivors of Christina S. Ryook to pursue recovery for their solatium losses arising out of the death of their daughter on September 11, 2001. Our plaintiffs have not recovered for his or her solatium damages previously nor do they have any other pending motion before this Court for compensation against Iran arising out of the September 11, 2001 terrorist attacks.

15. For the 9/11 Decedent, Ray Robinson Law Co., LPA has confirmed the nationalities set forth therein based on a review of documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund.

## **Conclusion**

16.     For all of the reasons set forth in this declaration and the Motion for Final Damages Judgment for Estate Christina S. Ryook, I respectfully request that this Court grant the proposed order filed herewith.

Dated: July 19, 2024                                          /s/ Sandra M. Kelly

                                                                            Ray Robinson Law Co., LPA