

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

July 19, 2024

The Honorable George B. Daniels
United States District Judge
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

BY ECF

    Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-1570 (S.D.N.Y.)

Dear Judge Daniels:

    Dallah Avco respectfully opposes plaintiffs' request to adjourn oral argument on dispositive motions (Dkt. 10126) and joins in full the Kingdom of Saudi Arabia's opposition thereto (Dkt. 10127).  Like the Kingdom, Dallah Avco had no prior notice of plaintiffs' request, which is sufficient grounds by itself to deny the request.  And while Dallah Avco appreciates the strong public interest in this matter and the need for this Court's review of any judicial documents that are to be kept under seal, plaintiffs utterly fail to show why that process must be completed before the Court hears oral argument on the motions.

    Plaintiffs' belated effort to cooperate with the FBI should be taken in context.  Plaintiffs had months to engage with the FBI over an orderly process to prioritize documents for review.  Instead, plaintiffs swung for the fences and insisted that this Court should unseal ***all*** of the tens of thousands of pages they submitted in their entirety unless ***the FBI*** first provided an item-by-item justification for each redaction.  Only once it became apparent at the hearing that this Court was not buying plaintiffs' "go for broke" strategy did plaintiffs finally decide to cooperate.  Had plaintiffs acted reasonably when this Court first scheduled oral argument on May 30 (Dkt. 9837) – or months before that, given that the Court was plainly going to schedule oral argument at some point – plaintiffs would not find themselves having to ask for an adjournment to implement a process they have only just now devised.

    While the Court should welcome plaintiffs' new efforts at cooperation, those belated efforts do not justify an adjournment of oral argument.  Plaintiffs never explain why this Court must resolve all redaction disputes to the tens of thousands of pages they submitted before the Court hears oral argument.  The legal briefs are already almost entirely public, including their lengthy statements of the evidence.  *See, e.g.*, Dkt. 9780 at 12-53 (41-page statement of facts against the Kingdom with few redactions); Dkt. 9796 at 4-20 (similar for Dallah Avco).  Those written submissions are presumably the core evidence on which plaintiffs will rely.  Moreover, plaintiffs urged at the hearing that one of the reasons this Court should unseal the names of key

witnesses is that most or all of them have reduced privacy interests because their names already appear throughout the non-FBI record. Although one can still imagine reasons why plaintiffs might want to use certain FBI documents from witnesses whose names and involvement are already known, those reasons relate to a relatively discrete set of documents, and plaintiffs surely know which documents those are. Plaintiffs could have identified those specific documents for priority review weeks ago. The FBI invited them to do so. Plaintiffs refused.

The sprawling state of the record in this case is not happenstance. It is almost entirely a result of plaintiffs' own actions. Plaintiffs submitted tens of thousands of pages of documents in support of their dispositive motion briefs. Plaintiffs evaded Judge Netburn's page limits by filing a separate factual averment over 550 pages long, supported by hundreds upon hundreds of exhibits, many with dozens of sub-exhibits. Plaintiffs submitted at least 36 deposition transcripts in their entirety, rather than relevant excerpts. And plaintiffs submitted the FBI's entire 4,000+ page Executive Order production, rather than just the specific documents they relied on. Judge Netburn expressly found that "[a]t the very least, the Plaintiffs violated the spirit of [her briefing] order." Dkt. 9562 at 5. She declined to order plaintiffs to rectify their filings only because it would take too long and "[f]urther delay [wa]s not in the interests of this litigation." *Id.* The Court should not allow plaintiffs to rely on that same bloated record to justify *more* delay.

The public interest in seeing the evidence in this case is an interest of the public that plaintiffs cannot forfeit through their own unreasonable actions. But plaintiffs' interest in adjourning oral argument so plaintiffs can present that argument in their own preferred fashion is primarily an interest of plaintiffs themselves. On that issue, plaintiffs' responsibility for the unwieldy state of the record should count heavily against them. Plaintiffs' interest must also be weighed against defendants' compelling interest in obtaining prompt resolution of the claims against them. The Kingdom points out that it has been waiting more than six years for an immunity determination. Dkt. 10127 at 1. Dallah Avco has been waiting *eleven years* for adjudication of its personal jurisdiction defense – *twenty-one* years if you count the litigation that preceded the Second Circuit's remand in 2013.

The Court should order plaintiffs to undertake the process outlined in their letter diligently so that the public can review the tens of thousands of pages plaintiffs submitted in a less-redacted format at the earliest reasonable date. But the Court should hold oral argument on July 31 without regard to where plaintiffs are by that point in what will presumably be a very laborious and time-consuming process.

Respectfully submitted,

Robert Kry

cc: All counsel by ECF