# CBS NEWS

GAYLE C. SPROUL
SENIOR VICE PRESIDENT
LEGAL AFFAIRS
⦿ CBS NEWS AND STATIONS

524 West 57th Street
New York, NY 10019
gayle.sproul@cbs.com

July 24, 2024

**VIA ECF**

The Honorable George B. Daniels
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570
  Oral Argument On Dispositive Motions

Dear Judge Daniels:

We understand from the Court's July 22, 2024 Order (Dkt. 10151) that the Court will move forward with oral argument on the pending dispositive motions on July 31, 2024 while many documents related to the motions and the arguments of the parties to be presented at that argument remain under full or partial seal. We write in advance of the July 31 argument to respectfully object to any closure or other restriction on public access to the argument that is inconsistent with the constitutional requirements governing access to court proceedings. Cable News Network, Inc., NewsNation, a division of Nexstar Media Inc., The New York Times Company, and Pro Publica, Inc. join in this letter.

As became clear at the July 17 hearing and as can be seen from the more recent submissions of the parties, a significant number of documents relevant to the oral argument remain in dispute and those disputes appear unlikely to be resolved by July 31. For example, the Kingdom of Saudi Arabia ("KSA") and the Federal Bureau of Investigation ("FBI") have each advanced positions as to sealing that are contrary to controlling precedent, and will thus require further resolution by the Court.[1] In addition, although Plaintiffs and the FBI are endeavoring to

---

[1] As previously explained, the full burden is on the party seeking to maintain the seal, and the focus, and the question, for the Court is not, "why should this document be unsealed?" but instead, "are there factually demonstrated compelling reasons to keep it under seal?" KSA and the FBI, however, mistakenly assert that the Court should weigh the benefit of access to the information sought to be sealed against the alleged harms that might result from disclosure, *but see Gannett Media Corp. v. United States*, No. 22-2160, 2022 U.S. App. LEXIS 35099, at *10 n.2 (2d Cir. Dec. 20, 2022); the FBI assumes that Privacy Act redactions are entitled to their own presumption of propriety, ignoring that the only presumption to be applied in this context is the one that favors access, and further fails in most instances even to attempt to make a specific showing that the presumptive access right has been overcome, *but see United States v.*

July 24, 2024

resolve various sealing issues between themselves, they assert that they cannot complete their review of relevant documents before July 31. Dkt. 10126 at 3.

As a result, there is a serious risk that the public's constitutional right of access to attend in full the July 31 oral argument will be frustrated by the continued sealing of judicial documents pertinent to the argument. There is, for example, a risk that the parties will feel constrained to engage only in oblique references to sealed filings at the argument, propose publishing certain documents only to the Court and the parties (as was suggested at the July 17 hearing), or request the complete closure of the courtroom – any of which will make it difficult if not impossible for the public to understand specific arguments made at the proceedings and the Court's inquiry into them, thus materially diminishing the right of access, which is meant to be meaningful. *See Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93-96 (2d Cir. 2004) (cautioning against an implementation of the access right that would make it "merely theoretical"); *see also Lugosch*, 435 F.3d at 120 (noting that a reason for the right of access to judicial documents is that they are "a necessary corollary of the capacity to attend the relevant proceedings") (citation omitted).

Oral arguments are themselves particularly protected under the constitutional right of access:"[O]ral arguments relating to a motion for summary judgment fall into the category of civil proceedings to which there is a First Amendment presumption of access." *Id.* at 124 . In fact, the right of access to judicial proceedings was antecedent to the right of access to judicial records. *Hartford Courant Co.*, 380 F.3d at 91-93. "The ability to see and to hear a proceeding as [it] unfolds is a vital component of the First Amendment right of access – not . . . an incremental benefit." *ABC, Inc. v. Stewart*, 360 F.3d 90, 99 (2d Cir. 2004). As the U.S. Supreme Court observed, "[p]eople do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 9-14 (1986) ("*Press-Enterprise II*") (citation omitted).

We would object to any closure of the argument in full or in part absent a factual showing that the extraordinarily high bar for such a restriction has been cleared. Specifically, any party seeking closure of the argument in whole or part is required to show that (1) there is a substantial probability of harm to a compelling interest absent closure; (2) there is no alternative to closure that will adequately protect the threatened interest; (3) any restriction on the constitutional access right will effectively protect against the threatened harm; and (4) any order limiting public access is drawn as narrowly as possible. *Id.* at 9, 13-14.

This showing is purposely an extremely difficult one. *Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 509 (1984) ("Closed proceedings, although not absolutely precluded, must be rare . . . ."). It is not met by "conclusory assertion[s]," *Press-Enterprise II*, 478 U.S. at 15, or "speculative" ones, *Globe Newspaper Co.*, 457 U.S. 596, 609 (1982). Allusions to "privacy concerns," for example, or the need to protect "the robust and candid functioning" of government have been found insufficient to overcome the presumptive access right. *See Gannett Media Corp.*, 2022 U.S. App. LEXIS 35099, at *8. Therefore, "[b]road and general findings by the trial court . . . are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120 (citation omitted).

---

*Edwards*, No. 19-cr-64, Dkt. 101 at 5-6 (S.D.N.Y.); KSA suggests that the presumption of access might be weaker in the context of this dispositive motion than at trial, *but see Lugosch v. Pyramid Co.*, 435 F.3d 110, 123 (2d Cir. 2006); and KSA asserts that principles of international comity flowing from various alleged treaty obligations are *per se* compelling interests, *but see Boos v. Barry*, 485 U.S. 312, 324 (1988).

July 24, 2024

We thank Your Honor for your consideration of our position.

Respectfully,

*[signature: Gayle Sproul]*

Gayle C. Sproul

cc: All counsel of record (via ECF)
Merriam Mikhail, Cable News Network, Inc.
Michael Berry, Ballard Spahr LLP – NewsNation/Nexstar
Jacquelyn Schell, Ballard Spahr LLP – NewsNation/Nexstar
David McCraw, The New York Times Company
Al-Amyn Sumar, The New York Times Company
Maya Gandhi, The New York Times Company
Sarah Matthews, Pro Publica, Inc.