## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

## VIA ECF

July 26, 2024

The Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

The Plaintiffs' Executive Committees and *Ashton* Plaintiffs (collectively "Plaintiffs") write pursuant to the Court's Order at ECF No. 10151. Although Plaintiffs conferred with the DOJ/FBI ("FBI") as the Court suggested, we regret we could not reach an agreement.[1] Accordingly, we write to report to the Court on the status of the FBI and other outstanding sealing issues, and to present Plaintiffs' position regarding the use of FBI and other documents at the July 31, 2024 oral argument on Saudi Arabia's dispositive motions.

### 1. Plaintiffs' Position and Proposal Concerning FBI Privacy Act Redactions

The FBI has never filed a motion to seal judicial documents in this MDL; nor has it offered any showing that could support sealing of information under *Lugosch* and the First Amendment. This procedural deficiency is key to the Court's analysis. The FBI's proposal that the Court must now on the eve of argument review every Privacy Act redaction places an unnecessary and improper burden on the Court and seeks to end run its Constitutional obligation. For the FBI to seal the documents now, it must file a motion to seal that meets its burden of identifying "compelling reasons" to justify sealing (even in part) any judicial documents, and must comply with the four-part *Press-Enterprise II*

---

[1] The joint proposal Plaintiffs previously submitted with the FBI contemplated that the Court would review and remove all redactions of certain listed high-priority individuals in judicial documents before the oral argument. ECF No. 10126. As the FBI has stated, however, that joint proposal could be implemented only with additional time before oral argument. Given the Court's Order to proceed on July 31, 2024, the original proposal became moot, because there was no means for the parties to prepare proposed unredacted versions of the judicial documents, present them for this Court's review, and file the judicial documents before oral argument.

July 26, 2024
Page 2

test, *see* ECF No. 10159.[2] As of the filing of this letter, (although the FBI has offered redactions on the briefs and averments) this Court has not even received any FBI Privacy Act redactions for the underlying exhibits at issue in the dispositive motion proceedings.

Because the FBI has declined to file any motion to seal, there is no basis before the Court to continue to maintain under seal any of the FBI-imposed Privacy Act redactions. As a matter of law, the public and media are entitled to immediate access to those materials under *Lugosch* and the First Amendment.

Notwithstanding the fact that the FBI has not moved to seal any of its Privacy Act redactions, Plaintiffs attempted to accommodate the FBI by providing a list of 30 high priority names and by proposing limited redactions to certain telephone numbers, to address the FBI's concerns. The 30 individuals are identified in the list attached as Exhibit 1. Those 30 individuals are at the center of the events, transactions, and relationships concerning the support network established and led by Saudi Arabia's officials, and central to the Court's adjudicative function.

Plaintiffs ask the Court to issue an Order authorizing the removal of all Privacy Act redactions relating to these individuals. It should further confirm that the parties may refer to the FBI evidence pertaining to them without restriction at the July 31, 2024 argument. Entry of such an order, coupled with denial of Saudi Arabia's unsupportable sealing requests, will allow the argument to proceed without restriction on public access, and minimize the risk of a media objection to the conduct of the proceedings.

In addition, as to telephone number redactions within the FBI documents, Plaintiffs have agreed to partial redaction of the numbers, provided that the area code and the last four digits of the phone numbers are **not** redacted. In summary, the Court should immediately order the removal of all redactions in the FBI documents of (a) the names of the 30 high-priority individuals listed in Exhibit 1 and (b) the area code and the last four digits of phone numbers, so that Plaintiffs' counsel may use that information at oral argument.

## 2. Plaintiffs' Position and Proposal Concerning the July 31, 2024 Oral Argument

It remains unclear as of the writing of this letter how the Court will rule concerning the FBI's Privacy Act redactions, Saudi Arabia's sealing requests, or the proposal discussed above. Consistent with our obligations to our clients, Plaintiffs' counsel are preparing a complete presentation of the law and evidence to the Court, to demonstrate why Saudi Arabia's renewed motion to dismiss has no merit. Plaintiffs expect to refer to evidence that is presently under seal.

If the Court endorses Plaintiffs' proposal above and denies Saudi Arabia's improper sealing requests, Plaintiffs do not anticipate any challenges in the conduct of the argument. If, however, the Court approves any of Saudi Arabia's sealing requests or redactions pertaining to the 30 individuals,

---

[2] In *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 9-14 (1986) ("*Press-Enterprise II*"), the Supreme Court required that any party seeking closure of an argument in whole or part must show that (1) there is a substantial probability of harm to a compelling interest absent closure; (2) there is no alternative to closure that will adequately protect the threatened interest; (3) any restriction on the constitutional access right will effectively protect against the threatened harm; and (4) any order limiting public access is drawn as narrowly as possible. *Id.* at 9, 13-14.

July 26, 2024
Page 3

or undocketed redaction requests from third parties, our presentation is likely to implicate some of that evidence.

Simply avoiding any reference to such materials is not a viable solution--it would limit Plaintiffs' counsel from making important arguments and unfairly advantage Saudi Arabia. It would also raise significant public access concerns, especially given the absence of any showing sufficient to support sealing. Moreover, as a practical matter, Plaintiffs have only limited means to modify the presentation prepared for the Court[3]

We believe the Court should allow the parties to discuss evidence freely at the argument, regardless of how the Court rules on whether that information should be made generally available on the public docket. The Court can redact portions of the transcript after the argument, as the Court has done in other circumstances when non-public information was referenced during argument in this litigation. If the Court determines that sealed evidence can be discussed only outside of the public's presence, it may be necessary to seal the courtroom for some or most of the argument. Plaintiffs would object to such an approach, and the media has indicated that it would as well.

In sum, there is no compelling reason for the FBI to continue to keep under seal the factual findings of FBI investigations detailing the support Saudi government officials provided to the 9/11 hijackers.

The Constitutional protections underscored in *Lugosch* and its progeny guarantee that, where parties who seek to impose limits on public access to judicial proceedings have not met the four-part *Press-Enterprise II* showing, no limits may be placed on public access to dispositive motion proceedings in Your Honor's courtroom or to the materials submitted for consideration in connection with those proceedings. The public and the 9/11 Families are entitled to see all the evidence on which the Court is being asked to make its adjudication. Plaintiffs ask the Court to allow Plaintiffs to respond to Saudi Arabia's motion without the arbitrary restrictions the FBI and Saudi Arabia seek to impose.

Nonetheless, with the limited accommodations proposed above—namely, authorizing Plaintiffs to reference at oral argument (a) the names of the 30 high-priority individuals listed in Exhibit 1 and (b) the area code and the last four digits of phone numbers, Plaintiffs' counsel anticipate that oral argument may proceed on July 31 minimizing the risk of potential public access objections during the parties' arguments.

Finally, Plaintiffs object to motions filed by witnesses under seal (even from Plaintiffs) and after the Court's motion deadline of July 10, 2024. ECF No. 10031 ("Any party seeking to seal documents should file a letter brief by July 10, 2024.") Plaintiffs are unable to view two motions, ECF

---

[3] The FBI's position threatens Plaintiffs' rights to argue openly about, among other issues, the admissions made by Saudi government officials to FBI investigators; the factual findings of FBI investigations concerning the 9/11 support plot, including the 30 high-priority individuals listed in Exhibit 1; and the phone calls among co-conspirators at various stages of the plot. Similarly, Saudi Arabia's position seeks to deny access, inter alia, to admissions of Saudi government officials in deposition testimony; and images of minors (now all adults) on Bayoumi's videos. The redactions are being demanded not for any legitimate purpose—such as the actual protection of minors—but to raise additional, improper hurdles to public access and, as described in Plaintiffs' previous submissions, to hide important evidence of culpability, see ECF No. 10091.

July 26, 2024
Page 4

Nos. 10098, 10010, and all the motions were filed after the deadline on the day before the July 17, 2024 hearing. ECF Nos. 10097, 10099.

Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ Robert T. Haefele<br>ROBERT T. HAEFELE<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel.: (843) 216-9184<br>Email: rhaefele@motleyrice.com<br><br>*For the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs* | By: /s/ Sean P. Carter<br>SEAN P. CARTER<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br>Tel.: (215) 665-2105<br>Email: scarter1@cozen.com<br><br>*For the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
JAMES GAVIN SIMPSON
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc:   Hon. Sarah Netburn, U.S.M.J.
      All Counsel of Record via ECF