[Type text]



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 26, 2024

<u>Via ECF</u>
The Honorable George B. Daniels
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Daniels:

      We write on behalf of the Federal Bureau of Investigation ("FBI") to (i) update the Court on the status of the FBI's confidentiality review, and provide the Court with a sealed version of the last averment, so that the Court has a complete *in camera* set of the parties' briefs and averments showing all FBI's redactions prior to the oral argument on July 31, 2024, and (ii) reiterate the FBI's position regarding unsealing of FBI redactions, following our recent meet and confer with Plaintiffs' counsel.

    **A. Status of FBI Confidentiality Review and Provision of *In Camera* Version of Plaintiffs' Reply Averment (PEC Exhibit 700)**

      As noted in our letters dated June 14 and July 10, 2024 (ECF Nos. 9909, 10077), the FBI previously completed its review of the parties' briefs, which have been filed on the public docket with limited redactions.

      On July 12, the FBI provided the Court with an *in camera* set of the briefs and factual averments, which identified the redactions requested by the FBI under the Privacy Act and Protective Order for FBI Documents (ECF 4255 ("FBI Protective Order")), as well as redactions requested by the Kingdom of Saudi Arabia ("KSA") pursuant to the MDL Protective Order, with the exception of Plaintiffs' reply averment (Exhibit 700, ECF No. 9708-5), for which the FBI was awaiting a version that identified information derived from FBI documents. *See* ECF Nos. 10087 & Exhibits A-J, 10089. As the undersigned counsel noted at the July 14 hearing, the Plaintiffs' Executive Committees ("PECs") provided a version of PEC Exhibit 700 with some but not all FBI information highlighted on July 13. In light of the upcoming oral argument on July 31, the FBI prioritized review of PEC Exhibit 700 and has since completed that review. Accordingly, we are now providing the Court with the enclosed *in camera* version of Exhibit 700. *See* Exhibit K, filed under seal herewith. The enclosed version of PEC Exhibit 700 identifies (via red boxes) the information that currently remains protected from disclosure under the FBI Protective Order

because it is subject to the Privacy Act, as well as the information that KSA seeks to maintain under seal (via yellow highlighting).

With regard to exhibits, the FBI provided the parties with the results of its confidentiality review of 80 exhibits on July 12, and the FBI continues to review the remaining exhibits that require FBI review.  As noted at the July 14 conference, it was not possible for FBI to complete its review of PEC Exhibit 700 (which is 474 pages) and the remaining exhibits prior to the July 31 oral argument.  The FBI therefore focused its efforts on PEC Exhibit 700, so that the Court would have a complete *in camera* set of briefs and averments.  The FBI also offered to review high-priority exhibits identified by the parties, as noted in our June 14 and July 10 letters.  KSA's counsel identified a small number of exhibits for prioritized review, which the FBI completed on July 12.  The other parties did not identify any exhibits for prioritized review.

**B.  The FBI's Position Regarding Unsealing of Protected Information Under FBI Protective Order and Response to Plaintiffs' Position**

Following this Court's July 22 Order (ECF No. 10151), we met and conferred with Plaintiffs' counsel.  We proposed to submit a joint letter to the Court outlining the parties' respective positions on unsealing of FBI redactions, and that defense counsel be included in the letter.  Plaintiffs' counsel declined both proposals and advised us that they plan to send the Court a letter separately.  Accordingly, below we outline the FBI's position and respond to what we understand Plaintiffs' current position to be.

In an email dated July 25, Plaintiffs' counsel advised us as follows:

Plaintiffs plan to openly discuss at the July 31, 2024 oral argument various FBI documents produced in this litigation.  In using the documents at the hearing, we plan to remove the FBI's Privacy Act redactions regarding the relevant Saudi government officials, agreed individuals . . . , and the 30 high priority individuals identified by Plaintiffs. We will retain redactions as to other individuals.

The "30 high priority individuals identified by Plaintiffs" are listed in Exhibit L, filed under seal herewith.[1]

As we advised Plaintiffs' counsel, the FBI appreciates the PECs' willingness to limit their intended disclosures to the 30 high priority individuals identified by Plaintiffs.  The FBI does not agree, however, to Plaintiffs' counsel's "plan" to unilaterally "remove the FBI's Privacy Act redactions" and disclose Protected Information in open court.  As set forth in the FBI's July 10, 2024 letter regarding Plaintiffs' unsealing request (ECF No. 10079), information protected from disclosure by the Privacy Act is expressly designated as "Protected Information" under the FBI Protective Order.  ECF No. 4255 ¶ 2.  Accordingly, unless and until the Court issues a further

---

[1] Beyond those 30 individuals, it is not clear to the FBI who might fall into the category of "relevant Saudi government officials" who are also U.S. persons subject to Privacy Act protection (and whose names or other information the FBI therefore would have redacted).  The FBI asked the PECs to identify those individuals, but to date they have not done so.

Privacy Act order authorizing public disclosure, any Privacy Act redactions remain protected from public disclosure by the statute and the FBI Protective Order.  *See* ECF No. 10079 at 1-2.

The FBI Protective Order, which was agreed to by Plaintiffs' counsel, contains a specific provision relating to the use of Protected Information during court proceedings.  That provision states:

> Any party intending to disclose Protected Information in open court must notify the FBI at least 30 days prior to such disclosure, and that party and the FBI shall meet and confer. If the FBI does not consent to the disclosure of the information in open court, the party intending to disclose the information must file a motion under seal and serve said motion upon counsel for the relevant parties and the FBI at least 14 days prior to the intended disclosure. The FBI shall have 10 days to respond to such motion. Protected Information shall not be disclosed in open court unless specifically authorized by Court order after the filing of said motion. To the extent the scheduling of hearings or deadlines set by the court do not afford adequate time to comply with the notice and service requirements of this provision, the party intending to disclose Protected Information in open court and the FBI will confer in good faith in an effort to accelerate the notice and service requirements of this provision, but *in any case, Protected Information shall not be disclosed in open court unless specifically authorized by the FBI or pursuant to a Court order*.

ECF No. 4255 ¶ 13 (emphasis added).  With regard to Privacy Act information, which is among the Protected Information covered by the FBI Protective Order, *id.* ¶ 2, the FBI is not in a position to authorize public disclosure, as that information is protected by statute.  Any public disclosure must be ordered by the Court.  *See* 5 U.S.C. § 552a(b)(11); ECF No. 10079 at 1-2.

The FBI has no objection to Plaintiffs' seeking such a Court order authorizing public disclosure of certain information that remains protected under the Privacy Act and therefore the FBI Protective Order, and the FBI has construed Plaintiffs' request for unsealing (ECF No. 9885) as seeking such an order.  *See* ECF No. 10079 at 1-2.  The FBI's position, however, is that the Court should not issue a blanket unsealing order, but rather should conduct a particularized review of the redactions (or categories of redactions) to determine whether the privacy interests of the individuals at issue constitute higher values that outweigh the qualified presumption of public access under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  *See* ECF No. 10079 at 3-6; ECF No. 9909 at 2.

To facilitate that particularized review, we have provided the Court with an *in camera* set of the briefs and averments that identify the FBI (and KSA) redactions at issue.  While the briefs and averments presumably reflect the information the parties deem most relevant about individuals protected by the Privacy Act, the exhibits, many of which are FBI internal documents, contain a wide range of personal information and statements and opinions about those individuals. Therefore, to the extent Plaintiffs' counsel intend to refer publicly to information that the FBI has redacted from exhibits, they should also provide the Court with an *in camera* set of those exhibits, which identify the redactions they seek to publish at the argument, so that the Court can review them as well.  Apart from telephone numbers (except the last 4 digits) and street addresses—which

the FBI has asked the Court to retain under seal, *see* ECF No. 10079 at 2[2]—the FBI does not take a position as to the outcome of the *Lugosch* analysis.  But in evaluating Plaintiffs' unsealing request (and that of the various media organizations that have joined in that request), the FBI believes it is essential for the Court to consider the privacy interests of the 30 individuals, particularly as many of them may not have received notice or an opportunity to be heard regarding the potential disclosure of their personal information.  *See Brown*, 929 F.3d at 47 (noting that the "presumption of public access to court documents has the potential to exacerbate . . . harms to privacy and reputation by ensuring that damaging material irrevocably enters the public record"); *id.* at 48 & n.22 (reviewing summary judgment materials and applying redactions to protect privacy interests prior to unsealing).

In the course of our meet and confer, Plaintiffs' counsel raised the prospect of closing the courtroom to discuss any information that remains subject to the FBI Protective Order as of the date of the July 31 oral argument.  The FBI does not see any need to close the courtroom.  As noted at the July 14 conference, and as shown by the *in camera* set of briefs and averments, the FBI's redactions are limited and targeted.  However the Court resolves Plaintiffs' unsealing request, we have no doubt the parties will abide by the Court's rulings and can make their arguments without revealing Protected Information in open court.

Finally, we note that the parties have not yet publicly filed redacted versions of their factual averments or the exhibits for which the FBI has completed its confidentiality review.  If those documents were filed in redacted form, a substantial amount of information could be placed on the public record that currently remains under seal.  To the extent the Court does not issue a further Privacy Act Order authorizing public disclosure of some or all of the FBI redactions relating to the 30 individuals identified by Plaintiffs, the Court may wish to direct the parties to file the FBI-approved redacted versions of the factual averments and 80 exhibits—with any additional redactions directed by the Court in light of the third-party requests (*see* ECF Nos. 9922, 10097-10100, 10116)—in connection with the July 31 oral argument.

We thank the Court for its consideration of this submission.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/ *Sarah S .Normand*
       SARAH S. NORMAND
       JENNIFER JUDE
       Assistant United States Attorneys
       Telephone: 212-637-2709/2663

---

[2] The Second Circuit has protected such personal contact information, including phone numbers and contact lists, from public disclosure, even in motion papers that it has otherwise ordered unsealed.  *See, e.g., Brown v. Maxwell*, 929 F.3d 41, 48 n.22 (2d Cir. 2019).

cc: all counsel (by ECF)

Encls. (filed under seal):
    Exhibit K:  PEC Exhibit 700 with read-through redactions requested by FBI and KSA
    Exhibit L:  List of 30 "High Priority Individuals Identified by Plaintiffs"