**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TERRORIST ATTACKS ON<br>SEPTEMBER 11, 2001 | **03-MDL-1570 (GBD)(SN)**<br><br>**NOTICE TO CONFORM TO**<br>**SUDAN CONSOLIDATED**<br>**AMENDED COMPLAINT OR**<br>***ASHTON* SUDAN AMENDED**<br>**COMPLAINT** |

This document relates to:
*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN)

      Plaintiffs in the above-mentioned previously filed case file this Notice to Conform to the

[**check only one**]:

      ☒      Consolidated Amended Complaint as to the Republic of the Sudan ("SCAC"),
            ECF No. 6539.

      ☐      the *Ashton* Amended Complaint as to Sudan Defendants in *Ashton v. The*
            *Republic of the Sudan*, No. 02-CV-6977 (GBD)(SN), ECF No. 6537 (in 03-md-
            1570) [hereinafter the *Ashton* Sudan Amended Complaint],

as permitted and approved by the Court's Order of December 1, 2020, ECF No. 6547. Upon

filing of this Notice to Conform, all Plaintiffs in the Complaint in *Mary Jelnek, et al. v. Islamic*

*Republic of Iran*, 1:24-cv-05520 (GBD)(SN) at ECF No. 1 (individual case docket number),  are

deemed to include the factual allegations, jurisdictional allegations, and jury trial demand of the

SCAC or *Ashton* Sudan Amended Complaint (as selected above), as well as all causes of action

specified below. The complaint effected through this Notice to Conform supplements by

incorporation into, but does not displace, Plaintiffs' underlying Complaint. This Notice to

Conform relates solely to the Republic of the Sudan and does not apply to any other defendant,

as to which Plaintiffs' underlying Complaint and any amendments thereto are controlling.

      Upon filing this Notice to Conform, each Plaintiff is deemed to have adopted all factual

and jurisdictional allegations of the SCAC or *Ashton* Sudan Amended Complaint (as selected

above); all prior filings in connection with the SCAC or *Ashton* Sudan Amended Complaint (as

docs-100710739.1

selected above); and all prior Orders and rulings of the Court in connection with the SCAC or

*Ashton* Sudan Amended Complaint (as selected above).

## VENUE

1.      Plaintiffs' case is part of the multi-district proceeding *In re Terrorist Attacks on*

*September 11, 2001*, 03-MDL-1570 (GBD)(SN), established by the Judicial Panel on

Multidistrict Litigation for coordinated or consolidated pre-trial proceedings in the United

States District Court for the Southern District of New York.

## IDENTIFICATION OF PLAINTIFFS

2.      Plaintiffs filing this Notice to Conform are identified in the Complaint in

*Mary Jelnek, et al. v. Islamic Republic of Iran*, 1:24-cv-05520 (GBD)(SN) at ECF No. 1

(individual case docket number), and are incorporated herein by reference.

3.      Plaintiffs have described their particular injuries and the nexus between those

injuries and the September 11th attacks in their underlying Complaint, which allegations are

incorporated herein by reference.

## CAUSES OF ACTION

4.      Plaintiffs hereby adopt and incorporate herein by reference the following

causes of action set forth in the SCAC, ECF No. 6539, or *Ashton* Sudan Amended

Complaint, ECF No. 6537 (as selected above) (check all that apply):

> **[If Plaintiffs elected (above) to conform to the Consolidated Amended
> Complaint as to the Republic of the Sudan ("SCAC"), ECF No. 6539,
> check all causes of action that apply]:**

> ☒      COUNT I – Claims under Section 1605A(c) of the Foreign Sovereign
> Immunities Act, 28 U.S.C. § 1605A(c), on behalf of all Plaintiffs granted a
> private right of action under 28 U.S.C. § 1605A.[1]

---

[1]    Section 1605A of the Foreign Sovereign Immunities Act grants a right of action to (1) nationals of the United
States, (2) members of the armed forces, (3) employees of the U.S. government (including individuals
performing a contract awarded by the U.S. Government) acting within the scope of employment, and legal

docs-100710739.1

☒ COUNT II – Claims under Section 1605A(d) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(d), on behalf of all Plaintiffs granted a private right of action under 28 U.S.C. § 1605A.[2]

☒ COUNT III – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(d) (JASTA), on behalf of all "U.S. National" Plaintiffs.[3]

☒ COUNT IV – Aiding and Abetting and Conspiring with Al Qaeda to commit the September 11th Attacks upon the United States in Violation of 18 U.S.C. § 2333(a), on behalf of all "U.S. National" Plaintiffs.

☒ COUNT V – Committing acts of international terrorism in violation of 18 U.S.C. § 2333, on behalf of all "U.S. National" Plaintiffs.

☒ COUNT VI – Wrongful Death, on behalf of all plaintiffs bringing Wrongful Death claims.

☒ COUNT VII – Negligence, on behalf of all plaintiffs.

☒ COUNT VIII – Survival, on behalf of all plaintiffs bringing wrongful death claims.

☒ COUNT IX – Alien Tort Claims Act, on behalf of all Alien National Plaintiffs.[4]

☒ COUNT X – Assault and Battery, on behalf of all plaintiffs bringing wrongful death and personal injury claims.

☒ COUNT XI – Conspiracy, on behalf of all plaintiffs.

☒ COUNT XII – Aiding and Abetting, on behalf of all plaintiffs.

☒ COUNT XIII – Negligent and/or intentional infliction of emotional distress on behalf of all plaintiffs.

---

representatives of persons described in (1), (2), or (3).

[2] See preceding footnote.

[3] The causes of action pursuant to the ATA, 18 U.S.C. § 2331 et seq., are asserted on behalf of plaintiffs who are U.S. nationals; estates, heirs, and survivors of U.S. nationals; U.S. nationals who are members of a putative class represented by such plaintiffs; plaintiffs who are subrogated to the rights of U.S. nationals who incurred physical injuries to property and related losses as a result of the September 11th attacks; and plaintiffs who are assignees of U.S. nationals killed or injured in the September 11th attacks. The term "U.S. National Plaintiffs" in the context of claims under JASTA or the ATA refers to all such parties.

[4] The causes of action pursuant to the Alien Tort Claims Act (ATCA), 28 U.S.C. § 1350, are asserted on behalf of plaintiffs who are alien nationals; estates, heirs, and survivors of alien nationals who are not themselves U.S. nationals; alien nationals who are members of a putative class represented by such plaintiffs; subrogated to the rights of alien nationals who incurred injuries to property and related losses as a result of the September 11th attacks; and assignees of alien nationals killed or injured in the September 11th attacks.

docs-100710739.1

☒     COUNT XIV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Supervising Employees and Agents, on behalf of all plaintiffs.

☒     COUNT XV – Liability pursuant to Restatement (SECOND) of Torts § 317 and Restatement (THIRD) of Agency § 7.05: Hiring, Selecting, and Retaining Employees and Agents, on Behalf of all plaintiffs.

☒     COUNT XVI – 18 U.S.C. § 1962(a)-(d) – Civil RICO, on behalf of all plaintiffs.

☒     COUNT XVII – Trespass, on behalf of all plaintiffs asserting claims for property damage and economic injuries.

☒     COUNT XVIII –Violations of international law, on behalf of all plaintiffs.

> **[If Plaintiffs elected (above) to conform to the *Ashton* Sudan Amended Complaint, ECF No. 6537, check all causes of action that apply]:**

☐     First Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605A of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.

☐     Second Cause of Action to Recover Personal Injury and Wrongful Death Damages Pursuant to Section 1605B of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605B (JASTA) and the Anti-Terrorism Acts.

☐     Third Cause of Action for Personal Injury and Wrongful Death Injuries Pursuant to State Tort Law.

☐     Fourth Cause of Action for Personal Injury and Wrongful Death Damages Pursuant to the Alien tort Claims Act.

☐     Fifth Cause of Action for Punitive Damages.

☐     Sixth Cause of Action for Property Damage.

Plaintiffs' constituent case shall be deemed subject to any motion to dismiss the SCAC or the *Ashton* Sudan Amended Complaint, or answer to the SCAC or *Ashton* Sudan Amended Complaint filed by Sudan. By way of filing this Notice, Plaintiffs shall not be deemed to have adopted any class-action allegations set forth in the SCAC or *Ashton* Sudan Amended Complaint, waived any right to object to class certification, or opted out of any certified class. This Notice

docs-100710739.1

5

also does not serve as a request for exclusion from any class that the Court may certify.


Dated: August 6, 2024                              Respectfully submitted,


                                                   */s/ Jerry S. Goldman*
                                                   Jerry S. Goldman, Esq.
                                                   Bruce Strong, Esq.
                                                   Alexander Greene, Esq.
                                                   **ANDERSON KILL P.C.**
                                                   1251 Avenue of the Americas
                                                   New York, NY 10020
                                                   Telephone: (212) 278-1000
                                                   jgoldman@andersonkill.com
                                                   bstrong@andersonkill.com
                                                   agreene@andersonkill.com
                                                   *Attorneys for Plaintiffs*

docs-100710739.1