```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                                    03-MD-01570 (GBD)(SN)

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001                                        **ORDER**


-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

    The Plaintiffs move to reconsider that portion of the Court's January 26, 2024 Order granting in part the motion to strike filed by the Kingdom of Saudi Arabia and Dallah Avco (together, the "Defendants"). ECF No. 9570 (the "Order").[1] That Order, in part, struck new declarations from three fact witnesses and two expert witnesses. See ECF No. 9562. Of those five witnesses, the Plaintiffs ask the Court to reconsider its decision as to four: Usman Madha, Brian Weidner, William Adams, and Bassem Youssef. See ECF No. 9571. The Court has considered the parties' briefs in connection with this motion, as well as the recently filed letters at ECF Nos. 10162, 10169, & 10170.

**PROCEDURAL BACKGROUND**

    On March 18, 2018, the Court ordered the parties to conduct "limited and targeted jurisdictional discovery." ECF No. 3946 at 23. That "limited" and "targeted" discovery spanned four years as a result of the volume of discovery exchanged, numerous extension requests, and delays caused by the COVID-19 pandemic. As relevant to this motion, any fact declaration that any party intended to use in connection with the renewed motion to dismiss had to be served by May 31, 2021. Affirmative expert reports were initially due by September 15, 2021, but to

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

accommodate the President's declassification order, that date was extended to April 1, 2022. In setting that deadline, the Court wrote: "The Court does not expect to modify this schedule barring extraordinary circumstances. Such circumstances will not include delays in the Government's compliance with the President's September 3, 2021, Executive Order." ECF No. 7117.

Separate from these deadlines, on June 1, 2021, the Plaintiffs' moved for assistance from the judiciary of the United Kingdom to obtain discovery from the London Metropolitan Police Service ("MPS"), which the Court granted eight days later. ECF No. 6858. In March 2022, the MPS produced materials to the Plaintiffs (the "March 2022 MPS Production"), which included items seized in September 2001 from Omar Al Bayoumi's U.K. apartment. The March 2022 MPS Production included video files of a February 2000 gathering in San Diego at the apartment of 9/11 hijackers Nawaf Al Hazmi and Khalid Al Mihdhar. The MPS produced additional materials in December 2023 (the "December 2023 MPS Production"), which included a more complete video of the February 2000 gathering, with approximately four to five additional minutes of content[2], and a new, one-hour video filmed by Bayoumi in June or July 1999 from a visit to Washington, D.C. (the "D.C. Video").

Finally, on October 6, 2023, the Defendants filed their renewed motion to dismiss. Plaintiffs' opposition was due December 8, 2023, but on November 22, they requested a 12-day extension to file their opposition papers, which was granted. The purported reason for the extension request was to allow all plaintiffs to file one consolidated opposition (as opposed to two separate briefs, which was previously requested). Plaintiffs filed their opposition papers on

---

[2] The Defendants describe the new material as approximately 4 minutes of a 30-minute video, ECF No. 9565 at 4 and n.4; whereas the Plaintiffs describe the new material as approximately one-sixth of the 30-minute video, or 5 minutes, ECF No. 9602 at 10 n.17.

2

December 20, 2023, which included three new fact declarations and two new expert declarations. Plaintiffs never sought permission to make these untimely disclosures. On January 26, 2024, the Court struck the new declarations.

## LEGAL STANDARD

The Plaintiffs move to reconsider pursuant to Local Civil Rule 6.3. ECF No. 9570. The standards governing a motion for reconsideration under Local Civil Rule 6.3 are the same as those under Rule 59(e) of the Federal Rules of Civil Procedure. Abrahamson v. Bd. of Educ., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002). To prevail on such a motion, the movant must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). Accordingly, reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader, 70 F.3d at 257). The decision to grant a motion for reconsideration is within the sound discretion of the district court. Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

## DISCUSSION

**Madha**. Plaintiffs previously produced a timely fact declaration from Usman Madha during discovery, and he was deposed by the Defendants. The new Madha declaration identifies individuals in videos and photographs, including from the February 2000 gathering, that were produced as part of the March 2022 MPS Production. The new Madha declaration is dated November 14, 2023, which is before the December 2023 MPS Production.

The Plaintiffs argue that it would be "extraordinary" to exclude Madha's new identifications because "his identifications of individuals and locations [are] already described in his prior testimony." ECF No. 9571 at 17. The Plaintiffs do not further explain why producing a declaration they obtained in November 2023 that relies on a production from March 2022 would be "substantially justified." Fed. R. Civ. P. 37(c)(1). The Plaintiffs also contend that the Court failed to consider whether there was "any *genuine* prejudice" to Defendants, ECF No. 9571 (emphasis supplied), but the Court considered the Outley factor of "prejudice" and found that it would prejudice the Defendants to proceed without the opportunity to depose the witness on new facts.

The Plaintiffs fail to demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Accordingly, the motion for reconsideration is denied.

**Weidner**. Brian Weidner is a consultant to one of the Plaintiffs' law firms, where he has worked since at least November 2020. He has never previously been offered as a fact witness. The Weidner declaration discusses his professional experience and expertise as a former FBI agent. His declaration primarily discusses the July 2021 FBI Electronic Communication (the "July 2021 EC"). The Plaintiffs obtained the July 2021 EC in March 2022.

The Plaintiffs argue that Weidner's "fact-rich" declaration could not have been produced until "the facts therein were relayed to Plaintiffs' counsel which was not until September 2023." ECF No. 9571 at 4. The Plaintiffs do not explain the approximately 18-month gap from when they received the July 2021 EC and when they discussed it with their consultant. The Plaintiffs do not discuss Weidner at all in their reply brief.

The Plaintiffs have failed to raise any grounds for reconsideration with respect to the Court's decision to strike the Weidner Declaration and, accordingly, their motion is denied.

**Adams**. William Adams is a digital illustrator who recreated the February 2000 gathering. The Plaintiffs argue that Adams is not an expert witness and that therefore there were no deadlines to produce his "demonstrative exhibits." ECF No. 9571 at 3. The Court previously discussed whether it was appropriate to treat Adams as an expert witness or whether his video and images are demonstrative exhibits. Order at 11-12. The Plaintiffs' motion for reconsideration merely rehashes these arguments without identifying controlling law that the Court overlooked. The Plaintiffs also do not meaningfully challenge the specialization and technical skills that Adams employed to create his digital illustrations. Accordingly, the Adams declaration was appropriately struck.

**Youssef**. Bassem Youssef submitted an expert report on April 1, 2022, and an Errata Sheet on May 3, 2023. The new Youssef declaration purports to be a "supplement" to the April 2022 report. He states that he received the December 2023 MPS Production just "days" earlier and had not yet completed his review. ECF No. 9500-9 at ¶ 3. The Court held that his new declaration did not "supplement" his report within the meaning of Federal Rule of Civil Procedure 26(e) and, even if it did, there was no justification for the delay, especially when Youssef disclaimed significant reliance on the December 2023 MPS Production.

The Plaintiffs do not seriously challenge that ruling. Instead, they state that the "Federal Rules contemplate that parties will be allowed to use newly discovered evidence in their case." ECF No. 9571 at 10. The Defendants, however, did not move to strike the D.C. video or any other evidence produced in the December 2023 MPS Production. And the Plaintiffs concede that "the Court need only examine Bayoumi's video to see that it covers the same casing criteria that

5

Saudi Arabia's own expert cited." ECF No. 9602 at 7. Other arguments that the Plaintiffs make about the video's "timing," "narration," and "focus on the Capitol's security, structural features, surroundings, and access," remain available, and the Court will be able to watch the video and draw its own conclusions. Id.; see also id. at 7 n.13 (the sequence of video footage "warrants the Court's closer inspection because it betrays the actual purpose and methodology of Bayoumi's filming, namely that he is following a 'plan'"). The same is true about the presence of Sadhan and Sudairy on the video. The Court has excluded none of this evidence or precluded counsel from relying on it to bolster their opposition to the motion to dismiss. But Youssef's interpretation of this evidence is not "so important [that] only extreme misconduct on the part of the plaintiff[s] or extreme prejudice suffered by the defendants would justify" striking it. Outley v. City of New York, 837 F.2d 587, 591 (2d Cir. 1988).

      The Plaintiffs also ask that the Court to reconsider striking that portion of the Youssef declaration that discusses Bayoumi's correspondence, which was produced as part of the March 2022 MPS Production. The Plaintiffs suggest that the Court "overlooked the extraordinary circumstances Plaintiffs faced in dealing with the complexity, scale, and evidential import of the MPS productions." ECF No. 9571 at 19. The alternative, the Plaintiffs suggest, would be to require "interim opinions and provide[] supplemental 'progress reports' on an incremental basis." Id. The Plaintiffs offer no authority for this strawman argument.

      To be sure, the Court is well acquainted with the demands of this case and is appreciative of the extraordinary work of all counsel. But the Federal Rules set limits on the parties' actions, and the Court's discretion to excuse enforcement of those Rules has boundaries. The interests of justice favor moving this case forward without further delay.

## CONCLUSION

The Court therefore denies the Plaintiffs' motion for reconsideration. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9570.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    August 12, 2024
         New York, New York