# EXHIBIT N

# Estate of Brian C. Malloy

# VCF Documentation



May 30, 2017

BONNIE MALLOY
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY  10271

Dear BONNIE MALLOY:

The September 11th Victim Compensation Fund ("VCF") has reviewed your Eligibility Form. Your claim number is VCF0005547.  Your Eligibility Form was determined to be substantially complete on May 26, 2017.  As stated in the Regulations and on the claim form, by filing a substantially complete Eligibility Form you have waived your right to file or be a party to a September 11th-related lawsuit.

### The Decision on your Claim

The VCF has determined that the decedent has met the eligibility criteria established in the statute and regulations.  Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent been found eligible for the following injuries:

- ASTHMA/RADS AND RELATED PHYSICAL CONDITIONS:  GERD
- MALIGNANT NEOPLASM OF LUNG WITH METASTASIS
- PROSTATE CANCER

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury.  If you claimed a condition through the VCF Private Physician process and it is not listed above, the condition may have been found not eligible for compensation.  Please see the enclosed "Conditions Not Eligible for Compensation" document for a more detailed explanation of the review of conditions claimed through the Private Physician process.  Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or the amount of your award.

### What Happens Next

**If the decedent had been certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  Please see the VCF website for details on how to amend your claim.  The VCF will review the new information and determine if it provides the basis for a revised decision.



September 11th
Victim Compensation Fund

**If the decedent does not have injuries other than those listed above,** you should submit your Compensation Form and required supporting materials. If you have already submitted your Compensation Form, you do not need to take any action at this time unless you receive a request from the VCF for missing information. The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: BONNIE MALLOY

P.O. Box 34500, Washington, D.C. 20043
VCF0005547EL0530171C

 September 11th
Victim Compensation Fund

April 26, 2019

BONNIE MALLOY
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY  10271

Dear BONNIE MALLOY:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on April 11, 2018 notifying you of the decision on your claim and the amount of your award.  Your claim number is VCF0005547.  That letter included a request for documents that were missing from your claim and are required in order to process your payment.  The VCF has since received the requested documents and this letter provides the details of your award and information on the next steps to be taken on your claim.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as $███████.  This determination is in accordance with the requirements of the Reauthorized Zadroga Act.  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions included in this determination.

**Please note:** The VCF completed the substantive review of your claim prior to February 25, 2019, and the amount of your award was **not** impacted by the Special Master's determination that the VCF's funding is insufficient to compensate all pending and projected claims.  Additional information about the determination of funding insufficiency and the changes that became effective on February 25, 2019, can be found at https://www.vcf.gov/fundinginsufficiency.html.

VCF did not compute any past lost earnings from Victim's secondary employment at "All Hands Construction" because the evidence submitted does not show that Victim's eligible conditions prevented him from continuing that job prior to his death.  If you believe this is an error or if you have additional information demonstrating that Victim's eligible conditions prevented him from working, please see the section below for important information on how to amend your claim and the timing for submitting an amendment.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

The VCF will deem this award to be final and will begin processing the payment on your



September 11th
Victim Compensation Fund

claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below. If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period. Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated or if you believe you can demonstrate extraordinary circumstances indicating that the award does not adequately address your claim. **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter. The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing. If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF. For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your award was determined and that you believe would affect the amount of your award, or if you have incurred additional economic loss due to an eligible condition. The VCF will review the new information and determine if it provides the basis for a revised decision. Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.



If you have any questions, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

                                            Sincerely,

                                            Rupa Bhattacharyya
                                            Special Master
                                            September 11th Victim Compensation Fund

cc: BONNIE MALLOY



# Award Detail

Claim Number: VCF0005547
Decedent Name: BRIAN MALLOY

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---:|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $ ▮ |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $ ▮ |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | ($ ▮ ) |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | ($ ▮ ) |
| | |
| **Calculated Lost Earnings and Benefits after Offsets** | $ ▮ |
| | |
| **Total Lost Earnings and Benefits Awarded** | $ ▮ |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $ ▮ |
| | |
| **Total Non-Economic Loss** | $ ▮ |
| | |
| **Subtotal Award for Personal Injury Claim** | $ ▮ |



| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| **Loss of Earnings including Benefits and Pension** | $ ▮ |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | ($ ▮ ) |
| SSA Survivor Benefits | $0.00 |
| Worker's Compensation Death Benefits | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | ($ ▮ ) |
| | |
| **Calculated Lost Earnings and Benefits after Offsets** | ($ ▮ ) |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $ ▮ |
| Burial Costs | $ ▮ |
| **Total Other Economic Losses** | $ ▮ |
| | |
| **Total Economic Loss** | $ ▮ |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $ ▮ |
| Non-Economic Loss - Spouse/Dependent(s) | $ ▮ |
| **Total Non-Economic Loss** | $ ▮ |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($ ▮ ) |
| Life Insurance | ($ ▮ ) |
| Other Offsets | ($ ▮ ) |
| **Total Additional Offsets** | ($ ▮ ) |
| | |
| **Subtotal Award for Deceased Claim** | ($ ▮ ) |



| | |
|---|---|
| **Subtotal of Personal Injury and Deceased Claims** | $ ▮ |
| PSOB Offset | ($ ▮ ) |
| Prior Lawsuit Settlement Offset | ($ ▮ ) |
| Previously Paid Personal Injury Award | $0.00 |
| **TOTAL AWARD** | $ ▮ |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | $ ▮ |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | 100.00% |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | 10/22/2007 |

| Eligible Conditions Considered in Award |
|---|
| Asthma/rads and Related Physical Conditions: Gerd |
| Malignant Neoplasm of Lung With Metastasis |
| Prostate Cancer |

# Family Member Affidavits

# Bonnie Malloy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                              03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

-------------------------------------------------------------- X   **AFFIDAVIT OF**
EVELYN BETSO, et al.,                             **BONNIE MALLOY**

                              Plaintiffs,          21-CV-01394 (GBD)(SN)

        V.

ISLAMIC REPUBLIC OF IRAN,

                              Defendant.
-------------------------------------------------------------- X

STATE OF NEW JERSEY   )
                      : SS
COUNTY OF MONMOUTH    )

BONNIE MALLOY, being duly sworn, deposes and says:

1. I am a plaintiff in the within action, am over 18 years of age, and reside at ███████████████████████████████████████████████████████████

2. I am currently 66 years old, having been born on ███████████.

3. I am the wife of Decedent, Brian C. Malloy, upon whose death my claims are based. I submit this Affidavit in support of the present motion for a default money judgment for the claim made on behalf of my husband's estate and for my solatium claim. On May 4, 2011, I was issued Letters Testamentary as Executor of my husband's estate by the Richmond County Surrogate's Court.

4.     My husband passed away from lung cancer on March 28, 2011, at the age of 52 years old. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.     I met Brian in 1981 and we wed in 1986 and eventually had 2 great sons, who were 20 and 25 years old at the time of his death. We had great times as a family. Things such as normal family parties and even celebrating Christmas at Brian's firehouse every year with all the families of the firefighters that were part of the firehouse. We would all exchange gifts and celebrate the holiday together and we were all very close with each other.

6.     On the morning of 9/11, I had no idea where Brian was, and it was worrying me. Eventually, he called me, and he was crying because of what was happening in Manhattan. He told me that he was still at the firehouse in Staten Island which relieved me. Brian would eventually go to the "pile" on the evening of 9/11, and slept at his firehouse for 4 months after because he did not want to bring any of the dust or debris home and into our house. Brian was a dedicated firefighter and a hero.

7.     Brian was diagnosed with his illness in July of 2010, and started his chemotherapy treatments in September of the same year. In the beginning I would travel from Staten Island all the way to NYU in Manhattan so Brian could receive his treatments. As soon as Brian started his treatments his life diminished drastically, he suffered for 8 months with lung cancer that would eventually spread to other parts of his body. Brian would always do things around the house for us whether it was a small inconvenience or a major inconvenience. He would do everything he could physically do before the cancer eventually became too much to handle. When it started to take a toll on him, he was very much less "hands on" with things compared to when he was healthier.

Brian was a tough-minded person, he did not like being unable to do things for himself or for the people he cared about, he fought extremely hard to do everything he could for himself and our family before cancer prevented him from doing so.

8.    After Brian passed, everything changed. Our children were young, having learning and physical disabilities, and Brian was a great strength to lean on for them in their lives. They both missed out on having a father and Brian missed out on spending time with them. Losing him was extremely difficult for our family. It was also difficult in the sense that he was so helpful around the house and a very handy person. Anytime there was something that needed to be fixed, Brian was always there to help. Now he is not, and things are different. The loss of Brian was a significant loss for me and my family and has affected us all in more ways than one.

_____
BONNIE MALLOY

Sworn before me this
29 day of July, 2023

_____
Notary public

TYREE R COACHMAN
Notary Public, State of New Jersey
Commission # 50176091
My Commission Expires Oct 28, 2026