# EXHIBIT O

# Estate of Eugene McCarey

# VCF Documentation




April 20, 2018

STEPHEN MCCAREY



Dear STEPHEN MCCAREY:

The September 11th Victim Compensation Fund ("VCF") previously sent you an Eligibility determination letter on June 19, 2017 for the claim you submitted on behalf of EUGENE MCCAREY. Your claim number is VCF0082237. The letter included a list of condition(s) deemed eligible for compensation. During subsequent review of your claim, it was discovered that one or more of your eligible conditions was missing from that list. This letter provides the complete list of conditions for which you are eligible for compensation and supersedes and replaces the previous letter.

**The Decision on your Claim**

The VCF has determined that you meet the eligibility criteria established in the statute and regulations. Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, you have been found eligible for the injuries listed below. *This list includes all injuries for which you have been found eligible.*

- ESOPHAGEAL REFLUX
- MALIGNANT NEOPLASM BRONCHUS&LUNG UNSPEC SITE
- OTHER CHRONIC BRONCHITIS
- OTHER EMPHYSEMA
- SIMPLE CHRONIC BRONCHITIS
- UNSPECIFIED SINUSITIS
- Injuries that were found eligible by the first iteration of the September 11th Victim Compensation Fund that operated from 2001 to 2004 ("VCF1")

Although your VCF1 injuries are again eligible under the current VCF, it does not necessarily mean that you are entitled to receive additional compensation. Because you were previously compensated by VCF1 for some or all of these injuries, you must show that the condition has worsened, that you have been diagnosed with a new condition, or that you have a new loss associated with a previously eligible condition. For example, if you have been determined to be disabled from these conditions since receiving your VCF1 award and that award did not include future lost earnings, you may be eligible for that loss now. Note that the amount of compensation you received in VCF1 will be considered when determining whether additional compensation should be awarded. As a general rule, the compensation you receive in VCF2 will be calculated based on the amount of compensation any similarly situated person who filed




a claim only in VCF2 would receive; any compensation you received in VCF1 will then be applied as an adjustment to the award. For more information regarding the ability to participate in the VCF after submitting a claim in VCF1, please see the www.vcf.gov website.

Please note that there are several reasons why an injury that you think should be eligible is not listed above. For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury. Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or the amount of your award.

**What Happens Next**

You submitted the Compensation portion of your claim form. The VCF will contact you if additional information is needed in order to calculate your award. **If you believe your new condition(s) changes your compensation claim**, you should amend your claim. For example, if your new condition is the reason you are not able to work, you should provide that information to the VCF by amending your claim. Please see the www.vcf.gov website for additional details on how to amend your claim.

**If your newly eligible condition(s) does not change your compensation claim**, you do not need to take any action at this time.

**If you believe you have eligible injuries that are not being treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating your award, you should amend your claim. If you choose to amend your claim, you must first seek certification for the condition(s) from the WTC Health Program. Seeking certification for your condition provides the VCF with the necessary evidence that the condition is eligible for compensation. Please note, however, that because additional certifications do not necessarily impact the amount of your award, we recommend that you wait to receive your award letter to determine whether to seek certification for any additional condition(s).

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: WENDELL TONG




March 6, 2019

STEPHEN MCCAREY
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY 10271

Dear STEPHEN MCCAREY:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on November 29, 2018 notifying you of the decision on your claim and the amount of your award. Your claim number is VCF0082237. That letter included a request for documents that were missing from your claim and are required in order to process your payment. The VCF has since received the requested documents and this letter provides the details of your award and information on the next steps to be taken on your claim.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as $[redacted]. This determination is in accordance with the requirements of the Reauthorized Zadroga Act. The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions included in this determination.

**Please note:** The VCF completed the substantive review of your claim prior to February 25, 2019, and the amount of your award was **not** impacted by the Special Master's determination that the VCF's funding is insufficient to compensate all pending and projected claims. Additional information about the determination of funding insufficiency and the changes that became effective on February 25, 2019, can be found at https://www.vcf.gov/fundinginsufficiency.html.

In making this determination, the VCF considered the $[redacted] award your father received from the first VCF ("VCF1"), as well as his newly certified conditions. The calculation of your current award takes into account your father's VCF1 non-economic loss award.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

The VCF will deem this award to be final and will begin processing the payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below. If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period. Once the Special Master has authorized the payment, it may take up to




three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated or if you believe you can demonstrate extraordinary circumstances indicating that the award does not adequately address your claim. **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter. The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing. If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF. For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your award was determined and that you believe would affect the amount of your award, or if you have incurred additional economic loss due to an eligible condition. The VCF will review the new information and determine if it provides the basis for a revised decision. Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the “Collateral Offset Update Form” found under “Forms and Resources” on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,




Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: STEPHEN MCCAREY




# Award Detail

Claim Number: VCF0082237
Decedent Name: EUGENE MCCAREY

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---|
| | |
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $0.00 |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | $0.00 |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $0.00 |
| | |
| **Total Non-Economic Loss** | $ |
| | |
| **Subtotal Award for Personal Injury Claim** | $ |




| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| | |
| **Loss of Earnings including Benefits and Pension** | |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | |
| SSA Survivor Benefits | |
| Worker's Compensation Death Benefits | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $0.00 |
| Burial Costs | $[redacted] |
| **Total Other Economic Losses** | $[redacted] |
| | |
| **Total Economic Loss** | $[redacted] |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $[redacted] |
| Non-Economic Loss - Spouse/Dependent(s) | $0.00 |
| **Total Non-Economic Loss** | $[redacted] |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | $0.00 |
| Life Insurance | ($[redacted]) |
| Other Offsets | $0.00 |
| **Total Additional Offsets** | ($[redacted]) |
| | |
| **Subtotal Award for Deceased Claim** | $[redacted] |




| **Subtotal of Personal Injury and Deceased Claims** | $[redacted] |
|---|---|
| PSOB Offset | $0.00 |
| Prior Lawsuit Settlement Offset | $0.00 |
| Previously Paid Personal Injury Award | $0.00 |
| **TOTAL AWARD** | $[redacted] |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| **Eligible Conditions Considered in Award** |
|---|
| Esophageal Reflux |
| Malignant Neoplasm Bronchus&lung Unspec Site |
| Other Chronic Bronchitis |
| Other Emphysema |
| Simple Chronic Bronchitis |
| Unspecified Sinusitis |
| VCF1 Eligible Condition |

DOH-1961 (8/2011)

RECORDED DISTRICT 4560
REGISTER NUMBER 47

NEW YORK STATE
DEPARTMENT OF HEALTH

# CERTIFICATE OF DEATH

STATE FILE NUMBER

**DECEDENT**

1. NAME: FIRST Eugene MIDDLE LAST McCarey
2. SEX: MALE [X] 1 FEMALE [ ] 2
3A. DATE OF DEATH: MONTH 11 DAY 13 YEAR 2014
3B. HOUR: 6:25 Pm

4A. PLACE OF DEATH: (Check one) HOSPITAL DOA [ ] ER [ ] HOSPITAL OUTPATIENT [ ] HOSPITAL INPATIENT [ ] NURSING HOME [ ] PRIVATE RESIDENCE [X] HOSPICE FACILITY [ ] OTHER (Specify): [ ]
4B. IF FACILITY, DATE ADMITTED: MONTH DAY YEAR

4C. NAME OF FACILITY: (If not facility, give address) [redacted]
4D. LOCALITY: (Check one and specify) CITY [ ] VILLAGE [ ] TOWN [X] [redacted]
4E. COUNTY OF DEATH: [redacted]

4F. MEDICAL RECORD NO. 055925
4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION? (if yes, specify institution name, city or town, county and state) NO [X] YES [ ]

5. DATE OF BIRTH: MONTH [redacted] DAY [redacted] YEAR [redacted]
6A. AGE IN YEARS: 60 yrs.
6B. IF UNDER 1 YEAR ENTER: months days
6C. IF UNDER 1 DAY ENTER: hours minutes
7A. CITY AND STATE OF BIRTH: (If not USA, Country and Region/Province) Bronx, NY
7B. IF AGE UNDER 1 YEAR, NAME OF HOSPITAL OF BIRTH:

8. SERVED IN U.S. ARMED FORCES? (Specify years) NO [X] 0 YES [ ] 1

9. DECEDENT OF HISPANIC ORIGIN? Check the boxes that best describe whether the decedent is Spanish/Hispanic/Latino.
A [X] No, not Spanish/Hispanic/Latino B [ ] Yes, Mexican, Mexican American, Chicano C [ ] Yes, Puerto Rican D [ ] Yes, Cuban E [ ] Yes, Other Spanish/Hispanic/Latino (Specify)

10. DECEDENT'S RACE: Check one or more races to indicate what the decedent considered himself or herself to be:
A [X] White/Caucasian B [ ] Black or African American C [ ] Asian Indian D [ ] Chinese E [ ] Filipino F [ ] Japanese G [ ] Korean H [ ] Vietnamese J [ ] Native Hawaiian K [ ] Guamanian or Chamorro M [ ] Samoan N [ ] American Indian or Alaska Native (specify) P [ ] Other Asian (specify) R [ ] Other Pacific Islander (specify) S [ ] Other (specify)

11. DECEDENT'S EDUCATION: Check the box that best describes the highest degree or level of school completed at the time of death.
1 [ ] ≤ 8th grade 2 [ ] 9th-12th grade; no diploma 3 [X] High school graduate or GED 4 [ ] Some college credit, but no degree 5 [ ] Associate's degree 6 [ ] Bachelor's degree 7 [ ] Master's degree 8 [ ] Doctorate/Professional degree

12. SOCIAL SECURITY NUMBER: [redacted]
13. MARITAL STATUS: NEVER MARRIED [ ] 1 MARRIED [ ] 2 WIDOWED [ ] 3 DIVORCED [X] 4 SEPARATED [ ] 5
14. SURVIVING SPOUSE: Enter birth name of spouse if married or separated. N/A

15A. USUAL OCCUPATION: (Do not enter retired) Firefighter
15B. KIND OF BUSINESS OR INDUSTRY: Government
15C. NAME AND LOCALITY OF COMPANY OR FIRM: Ladder36Engine 95, Bronx NY

16A. RESIDENCE: (State or Country if not USA) [redacted]
16B. County or Region/Province if not USA: [redacted]
16C. LOCALITY: (Check one and specify) CITY [ ] VILLAGE [ ] TOWN [X] [redacted]
16F. IF CITY OR VILLAGE, IS RESIDENCE WITHIN CITY OR VILLAGE LIMITS? [ ] YES [ ] NO IF NO, SPECIFY TOWN:
16D. STREET AND NUMBER OF RESIDENCE: [redacted]
16E. ZIP CODE: [redacted]

**PARENTS**

17. BIRTH NAME OF FATHER / PARENT: FIRST James MI LAST McCarey
18. BIRTH NAME OF MOTHER / PARENT: FIRST Rita MI LAST Murray

19A. NAME OF INFORMANT: Stephen McCarey
19B. MAILING ADDRESS: (include zip code) [redacted]

**DISPOSITION**

20A. 1 [ ] BURIAL 2 [X] CREMATION 3 [ ] REMOVAL 4 [ ] HOLD 5 [ ] DONATION 6 [ ] ENTOMBMENT — MONTH 11 DAY 14 YEAR 2014
20B. PLACE OF BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION: Pine View Crematory
20C. LOCATION: (City or town and state) Queensbury, NY

21A. NAME AND ADDRESS OF FUNERAL HOME: Compassionate Funeral Care Inc. 402 Maple Ave. Saratoga Sp. NY 12866
21B. REGISTRATION NUMBER: 00364

22A. NAME OF FUNERAL DIRECTOR: Rolland G. Hoag
22B. SIGNATURE OF FUNERAL DIRECTOR: Rolland G. Hoag
22C. REGISTRATION NUMBER: 11636

23A. SIGNATURE OF REGISTRAR: [signature]
23B. DATE FILED: MONTH 11 DAY 14 YEAR 2014
24A. BURIAL OR REMOVAL PERMIT ISSUED BY: [signature]
24B. DATE ISSUED: MONTH 11 DAY 14 YEAR 2014

**ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN -- OR -- CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER**

**CERTIFIER**

25A. CERTIFICATION. To the best of my knowledge, death occurred at the time, date and place and due to the causes stated.
Certifier's Name: John Delmonte, Jr., M.D. License No.: 255027 Signature: [signature] MD Month 11 Day 14 Year 2014
Certifier's Title: 0 [X] Attending Physician 0 [ ] Physician acting on behalf of Attending Physician 1 [ ] Coroner 2 [ ] Medical Examiner / Deputy Medical Examiner
Address: 3 Care Ln, Suite 300, Saratoga Springs, NY 12866

25B. If coroner is not a physician, enter Coroner's Physician's name & title: License No.: Signature: Month Day Year

25C. If certifier is not attending physician, enter Attending Physician's name & title: License No.: Address:

26A. Attending physician attended deceased: FROM Month 11 Day 08 Year 2013 TO Month 11 Day 13 Year 2014
26B. Deceased last seen alive by attending physician: Month 10 Day 08 Year 2014
26C. Pronounced Dead ON Month 11 Day 13 Year 2014 AT Time 6:25 PM

27. MANNER OF DEATH: NATURAL CAUSE [X] 1 ACCIDENT [ ] 2 HOMICIDE [ ] 3 SUICIDE [ ] 4 UNDETERMINED CIRCUMSTANCES [ ] 5 PENDING INVESTIGATION [ ] 6
28. WAS CASE REFERRED TO CORONER OR MEDICAL EXAMINER? 0 [X] NO 1 [ ] YES
29A. AUTOPSY? NO [X] 0 YES [ ] 1 REFUSED [ ] 2
29B. IF YES, WERE FINDINGS USED TO DETERMINE CAUSE OF DEATH? 0 [ ] NO 1 [ ] YES

CONFIDENTIAL — SEE INSTRUCTION SHEET FOR COMPLETING CAUSE OF DEATH — CONFIDENTIAL

**CAUSE OF DEATH**

30. DEATH WAS CAUSED BY: (ENTER ONLY ONE CAUSE PER LINE FOR (A), (B), AND (C).)

| | Cause | APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|
| PART I. IMMEDIATE CAUSE: (A) | Metastatic adenocarcinoma lung | ~1 year |
| DUE TO OR AS A CONSEQUENCE OF: (B) | | |
| DUE TO OR AS A CONSEQUENCE OF: (C) | | |

PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (A):

DID TOBACCO USE CONTRIBUTE TO DEATH? 0 [ ] NO 1 [X] YES 2 [ ] PROBABLY 3 [ ] UNKNOWN

31A. IF INJURY, DATE MONTH DAY YEAR HOUR: m
31B. INJURY LOCALITY: (City or town and county and state)
31C. DESCRIBE HOW INJURY OCCURRED:
31D. PLACE OF INJURY:
31E. INJURY AT WORK? NO [ ] 0 YES [ ] 1

31F. IF TRANSPORTATION INJURY, SPECIFY: 1 [ ] Driver/Operator 2 [ ] Passenger 3 [ ] Pedestrian 4 [ ] OTHER (specify)
32. WAS DECEDENT HOSPITALIZED IN LAST 2 MONTHS? NO [X] 0 YES [ ] 1
33A. IF FEMALE: 0 [ ] Not pregnant within last year 1 [ ] Pregnant at time of death 2 [ ] Not pregnant, but pregnant within 42 days of death 3 [ ] Not pregnant, but pregnant 43 days to 1 year before death 4 [ ] Unknown if pregnant within past year
33B. DATE OF DELIVERY: MONTH DAY YEAR

For use by physician or institution — NAME OF DECEDENT — DATE OF DEATH — AM/PM — TIME OF DEATH

RESIDENCE — NCHS — 4C — 4G — 7A — 7B — SI — 25 — 30 — 31 — 31B — OR — QS — QCOD — CANCER

# Family Member Affidavits

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON SEPTEMBER 11, 2001

03-MDL-1570 (GBD)(SN)

---------------------------------------------------------------- X

EVELYN BETSO, et al.,

Plaintiffs,

v.

ISLAMIC REPUBLIC OF IRAN,

Defendant.

---------------------------------------------------------------- X

21-CV-01394 (GBD)(SN)

**AFFIDAVITOF**
**STEPHEN McCAREY**

STATE OF NEW YORK )
: SS
COUNTY OF SCHENECTADY )

STEPHEN McCAREY, being duly sworn, deposes and says:

1. I am a plaintiff in the within action, am over 18 years of age, and reside at [redacted]

2. I am currently 31 years old, having been born on [redacted].

3. I am the son of Decedent, Eugene McCarey, upon whose death my claims are based, and submit this Affidavit in connection with the present motion for a default money judgment for the claim made on behalf of my father's estate and for my solatium claim. On June 8, 2015, I was issued Letters Testamentary as Executor on behalf of my father's estate by the Saratoga County Surrogate's Court.

4. My father passed away from lung cancer on November 13, 2014, at the age of 60 years old. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. My father was a New York City Firefighter, and he was my hero. Some of the best memories I have with my dad are traveling. My favorite trip with him was going to China to celebrate his birthday one year.

6. On September 11, 2001, my father arrived on scene about twenty minutes after both towers collapsed and worked at ground zero daily for the following six to seven months searching for bodies and human remains.

7. Due to his significant exposure to the 9/11 related dust and toxins during his rescue and recovery efforts, my father was initially diagnosed with chronic obstructive pulmonary disease and emphysema in 2003. Due to the disabling nature of those respiratory diseases, my father was forced to retire from the New York City Fire Department, a job inspired him, and that he loved.

8. Approximately ten years later, my father was diagnosed with stage IV inoperable lung cancer in October 2013. He received radiation of the brain for one month as well as chemotherapy for about eight months. The treatments made his quality of life very poor as his condition deteriorated. He needed help with basic activities of daily living, as the affects of his treatment really did a number on what his body was capable of handling. I had to help him out as much as I could even though I didn't live with him at the time because I am his only child.

9. Losing my dad was losing my best friend. I went into a very depressed state for

almost two years. I still struggle to this day with depression. Growing up, my dad was my everything. We played sports together and loved to travel. I was his only child and now I have lost everything.

Stephen McCarey
STEPHEN McCAREY

Sworn before me this , Schenectady, New York
25th day of April, 2024
Valerie Garcia
Notary public

Valerie Garcia
Notary Public, State of New York
No. 01GA6340926
Qualified in Schenectady County
Commission Expires April 25, 2028