# EXHIBIT M

# Estate of Peter Casey

# VCF Documentation

September 11th
Victim Compensation Fund

January 10, 2018

LYNN CASEY
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY  10271

Dear LYNN CASEY:

The September 11th Victim Compensation Fund ("VCF") has reviewed your Eligibility Form.
You submitted an Eligibility Form on behalf of PETER CASEY.  Your claim number is
VCF0095070.  Your Eligibility Form was determined to be substantially complete on January
09, 2018.  As stated in the Regulations and on the claim form, by filing a substantially
complete Eligibility Form, you have waived your right to file or be a party to a September 11th-
related lawsuit on behalf of the decedent and his or her survivors.

**The Decision on your Claim**

The VCF has determined that the decedent has met the eligibility criteria established in the
statute and regulations.  Based on the information you submitted and information the VCF
has received from the World Trade Center ("WTC") Health Program, the decedent has been
found eligible for the following injuries:

- ESOPHAGEAL REFLUX
- MULTIPLE MYELOMA

Please note that there are several reasons why an injury that you think should be eligible is not
listed above.  For non-traumatic injuries, the name of the injury is based on the information
provided by the WTC Health Program and there may be different names for the same injury.
Additionally, your injury may not be listed if it was only recently certified for treatment by the
WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found
eligible is no longer certified, you must inform the VCF as this may affect your eligibility status
and/or the amount of your award.

**What Happens Next**

**If the decedent was certified for treatment by the WTC Health Program for a condition not
listed above**, you should amend your claim.  Please see the VCF website for details on how to
amend your claim.  The VCF will review the new information and determine if it provides the
basis for a revised decision.

**If you believe the decedent had eligible injuries not treated by the WTC Health Program**
and you would like the VCF to consider those injuries before calculating the amount of any



September 11th
Victim Compensation Fund

compensation, you should amend your claim.  If you choose to amend your claim, you will need to use the VCF Private Physician process.  The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim. All forms are available on the VCF website under "Forms and Resources."  The website also includes detailed information and instructions on the Private Physician process.

**If the decedent did not have injuries other than those listed above,** you should submit your Compensation Form and required supporting materials.  If you have already submitted your Compensation Form, you do not need to take any action at this time unless you receive a request from the VCF for missing information.  The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: LYNN CASEY



September 11th
Victim Compensation Fund

August 20, 2018


LYNN CASEY
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY  10271


Dear LYNN CASEY:

The September 11th Victim Compensation Fund ("VCF") has reviewed your claim for compensation.  Your claim number is VCF0095070.  Your Compensation Form was determined to be substantially complete on June 30, 2018.  This means your claim was deemed "filed" for purposes of section 405(b)(3) of the Statute on that date.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as ███████████  This determination is in accordance with the requirements of the Reauthorized Zadroga Act.  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions included in this determination.

The VCF did not award future lost earnings after death because your husband was not working and was over age 65 at the time of death. Because no lost earnings after death are being awarded, the FDNY Survivor Pension and Social Security Survivor Benefits were not offset from the award. Per statute, life insurance proceeds must be offset from the award.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

## What Happens Next

The VCF will deem this award to be final and will begin processing the payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below.  If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period.  Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**:  You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated or if you believe you can demonstrate extraordinary circumstances indicating that the


September 11th
Victim Compensation Fund

award does not adequately address your claim.  **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter.  The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing.  If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF.  For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your award was determined and that you believe would affect the amount of your award, or if you have incurred additional economic loss due to an eligible condition.  The VCF will review the new information and determine if it provides the basis for a revised decision.  Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award.  If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment.  If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award.  If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act.  As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: LYNN CASEY



September 11th
Victim Compensation Fund

## Award Detail

Claim Number:     VCF0095070
Decedent Name:    PETER CASEY

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | ████ |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | ████ |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | ████ |
| Social Security Disability Benefits | ████ |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | ████ |
| | |
| **Total Lost Earnings and Benefits Awarded** | ████ |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | ████ |
| | |
| **Total Non-Economic Loss** | ████ |
| | |
| **Subtotal Award for Personal Injury Claim** | ████ |



September 11th
Victim Compensation Fund

| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| **Loss of Earnings including Benefits and Pension** | |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | |
| SSA Survivor Benefits | |
| Worker's Compensation Death Benefits | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | ▮▮▮▮ |
| Burial Costs | ▮▮▮▮ |
| **Total Other Economic Losses** | ▮▮▮▮ |
| | |
| **Total Economic Loss** | ▮▮▮▮ |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | ▮▮▮▮ |
| Non-Economic Loss - Dependent(s) | ▮▮▮▮ |
| **Total Non-Economic Loss** | ▮▮▮▮ |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ▮▮▮▮ |
| Life Insurance | ▮▮▮▮ |
| Other Offsets | $0.00 |
| **Total Additional Offsets** | ▮▮▮▮ |
| | |
| **Subtotal Award for Deceased Claim** | ▮▮▮▮ |



September 11th
Victim Compensation Fund

| Subtotal of Personal Injury and Deceased Claims | |
|---|---|
| PSOB Offset | $0.00 |
| Prior Lawsuit Settlement Offset | ██████ |
| Previously Paid Personal Injury Award | $0.00 |
| TOTAL AWARD | ██████ |
| | |
| Factors Underlying Economic Loss Calculation | |
| Annual Earnings Basis (without benefits) | ██████ |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | 100% |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | 07/24/2006 |

| Eligible Conditions Considered in Award |
|---|
| Esophageal Reflux |
| Multiple Myeloma |

# Family Member Affidavits

Brian Casey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON              03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

-------------------------------------------------------------- X    **AFFIDAVIT OF BRIAN CASEY**
RAYMOND ALEXANDER, et al.,


                              Plaintiffs,      21-CV-03505 (GBD)(SN)


                  V.

ISLAMIC REPUBLIC OF IRAN,

                              Defendant.
-------------------------------------------------------------- X

STATE OF NEW YORK      )
                       : SS
COUNTY OF SUFFOLK      )


        Brian Casey, being duly sworn, deposes and says:

        1.    I am a plaintiff in the within action, am over 18 years of age, and reside at ▮
▮

        2.    I am currently 44 years old, having been born on ▮

        3.    I am the son of Decedent, Peter Casey, upon whose death my claim is based,
and submit this Affidavit in connection with the present motion for a default judgment
and in support of my solatium claim.

        4.    My father passed away from Multiple Myeloma on July 3, 2013, at the age of 67.
It was medically determined that this illness was causally connected to his exposure to the toxins
resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      My father was my world. He never had the chance to meet my children. His lessons and wisdom cannot be bestowed on them.

6.      My father was an FDNY Captain at the time of September 11th. My father went to help and never came back. Months passed as he volunteered. He honored us all.

7.      My father at chemotherapy treatments to treat his cancer. The chemo treatments destroyed him. You could see his skull at times. He would get better through his will to fight and then go back to a walking corpse.

8.      My father was a hero and a veteran. His lessons and experiences would have helped sculpt and shape my boys, Cameron and Callen, into the same kind of man he was. I try to do my best, but there is no replacement for my father.

BRIAN CASEY

Sworn before me this

____2____ day of __Nov__, 2023

Notary public

JILL C. BURKE
Notary Public, State of New York
No. 01BU6151361
Qualified in Suffolk County
Commission Expires August 9, 2026

Lynn Casey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                                03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

--------------------------------------------------------------- X    **AFFIDAVIT**
RAYMOND ALEXANDER, et al.,                          **OF LYNN**
                                                    **CASEY**

                                   Plaintiffs,      21-CV-03505 (GBD)(SN)

                        V.

ISLAMIC REPUBLIC OF IRAN,

                                   Defendant.
--------------------------------------------------------------- X

STATE OF FLORIDA        )
                        : SS
COUNTY OF LAKE          )

        Lynn Casey, being duly sworn, deposes and says:

        1.      I am a plaintiff in the within action, am over 18 years of age, and reside at
██████████████████████████████████████████.

        2.      I am currently 55 years old, having been born on ██████████

        3.      I am the wife of Decedent, Peter Casey, upon whose death my claims are
based. I submit this Affidavit in support of the present motion for a default money
judgment for the claim made on behalf of my husband's estate and for my solatium
claim. On September 21, 2015, I was issued Letters of Administration as Administrator
of my husband's estate by the Lake County Surrogate's Court.

        4.      My husband passed away from Multiple Myeloma on July 3, 2013, at the age of
67. It was medically determined that this illness was causally connected to his exposure to the
toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      Peter was always a very active and involved husband and father. We had a very active social life, traveled a lot, and enjoyed our lives together with our family and friends. After his diagnosis, and in the years to follow, his physical stamina started to slowly diminish, and his mental wellbeing also became affected by his illness. I had to eventually quit my full-time job to help care for our daughter, who was only 2 at the time. As she got older, during her school age years, this also meant taking her to and from school, extracurricular activities, helping with her homework, and helping her with her basic daily needs. All while also trying to maintain and upkeep our home that we shared together. A few years after his passing I had to make the difficult decision to sell our home because it was too hard to maintain on my own. This impacted myself and my daughter greatly because we had to walk away from a home that was filled with all our cherished memories of him.

6.      On September 11, 2001, Peter was actively employed with the New York City Fire Department. On that day, and for months after, he worked tirelessly in the exposure zone. This included search and rescue and recovery efforts and whatever else the FDNY needed him to perform.

7.      Peter was diagnosed with Multiple Myeloma in 2004. From that point on, and until his death, our lives were greatly affected by his diagnosis and the many years he endured while trying to stay in remission. As there is no cure for this type of cancer, he had to undergo an autologous stem cell transplant, high doses of chemotherapy and radiation, blood transfusions, two-hour trips back and forth to his cancer doctors, and various cancer drugs. When one drug stopped working, they would try a different one. This all took a mental and physical toll on his body and slowly chipped away at his overall independence as a human being.

8.    Since his passing, I have continued to raise our daughter, Christa, as a single parent. Our daughter has not only lost her father, but he was also a significant role model in her life. She was very close with him at the time of his passing. She still struggles greatly with his loss. He was her "hero" and it saddens her now that he has not been here for all those milestone moments in her life such as learning how to drive, her sweet 16, graduating high school, eventually graduating college, and one day getting married and having children of her own. All these things I have mentioned, she has been robbed of because of the cancer he contracted from September 11th exposure. Peter has been gone 10 years now and we are still missing him greatly and are still saddened by all the "what if" moments he was not here to share in, and the future that he was robbed of with his wife and daughter. September 11th will forever be deep-rooted in our hearts because of the loss we have suffered.

LYNN CASEY

Sworn before me this
4th day of October, 2023

Diego Rivas
Notary public

DIEGO RIVAS
MY COMMISSION # HH 322933
EXPIRES: October 17, 2026

Michael J. Casey

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                            03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

----------------------------------------------------------- X   **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                       **MICHAEL J. CASEY**


                              Plaintiffs,       21-CV-03505 (GBD)(SN)

            V.

ISLAMIC REPUBLIC OF IRAN,

                              Defendant.
-------------------------------------------------------------- X

STATE OF NEW YORK      )
                       : SS
COUNTY OF SUFFOLK      )


        Michael J. Casey, being duly sworn, deposes and says:

    1.    I am a plaintiff in the within action, am over 18 years of age, and reside at



    2.    I am currently 45 years old, having been born on

    3.    I am the son of Decedent, Peter Casey, upon whose death my claim is based,
and submit this Affidavit in connection with the present motion for a default judgment
and in support of my solatium claim.

    4.    My father passed away from Multiple Myeloma on July 3, 2013, at the age of 67.
It was medically determined that this illness was causally connected to his exposure to the toxins
resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.     My father, Peter J. Casey, was a Lieutenant with the FDNY Ladder 104 in Williamsburg, Brooklyn during the September 11th attacks on our nation. My father is my hero. As a child, I loved sleeping over at the firehouse and getting to pull the string to blow the horn through intersections. I have so many wonderful memories of my father, but one affected how I live my life as an adult. When I was around 12 years old, my father and I were driving on Route 25 in Selden, NY. We witnessed a T-bone accident, and a man was ejected from his vehicle. I was stunned but my dad said, "Come with me". I followed him to where the man was laying in the street. My dad showed me how to stabilize his neck and then he proceeded to perform CPR until the emergency crews arrived. Later we found out the man had survived. This taught me to not be a bystander, but to act and be of service to my community. As an adult, I have responded to many situations. I know of one emergency where my actions helped save the life of a stranger. This is how I honor the memory of my father. I can only remember my father crying three times in his life. Twice in sorrow and once in joy. He cried in sorrow for the passing of his mother and the passing of his father. The tears of joy were for me when I graduated from the United States Marine Corps in Parris Island. That's the day I would make my dad proud.

6.     My father was employed by the FDNY as a Lieutenant during 9/11. He was off that day but was called into work within hours of the attack. He worked at the recovery zone for several months. He would call me at Camp Pendleton where I was stationed in the Marine Corps. In my life I had never heard his voice filled with so much pain and exhaustion.

7.     When my father was diagnosed, he was living in Florida, and I was living in New York. Even though I spoke with him frequently, I was not able to observe his deterioration. He

would tell me all about the prescriptions he was taking, especially Cuminum because it caused bruising all over his body.

8.      Daily, I was filled with worry and concern for my father's well-being and quality of life. After learning of my father's illness, I wondered all the time how much longer he would be there for me to call, not only for insignificant things, like sports that we both enjoyed, but important life issues. I was devastated upon learning the doctors had given him a very low chance of survival and the end was near. I drove to Florida to be with him. Unfortunately, I was only able to stay for two weeks due to work. My father passed away four days after I arrived home.

MICHAEL J. CASEY

Sworn before me this

9ᵗʰ  day of September 2023

Notary public

BRENDAN J CAMPBELL
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CA0004831
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES APRIL 3, 2027