UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

In Re Terrorist Attacks on September 11, 2001     03 MDL 1570 (GBD)(SN)

------------------------------------------------------------------------X

This document relates to:

*Ashton et.al. v. Qaeda Islamic Army, et. al.,* 02 cv-6977 (GBD)(SN)

*Schneider, et. al. Islamic Republic of Iran,* 02 cv-7209 (GBD)(SN)

### The *Schneider* Wrongful Death Plaintiffs' Motion for Final Judgments

For the reasons set forth below, and the statements contained in the declaration of Jonathan C. Reiter ("Reiter Declaration"), the *Schneider* subset of *Ashton* plaintiffs[1] reflected on Exhibit B ("*Schneider*" Plaintiffs)[2] filed with the proposed order, by and through their counsel, Jonathan C. Reiter Law Firm, PLLC, respectfully move this Court to award in its case: (1) economic damages against the Islamic Republic of Iran ("Iran") as described herein and supported by the expert analysis and reports attached to the Reiter Declaration; and (2) prejudgment interest on those damages as set forth below. This motion is made only on behalf of the *Schneider* plaintiffs listed in Exhibit B to the proposed order, in light of this Court's previous orders granting permission to allow certain remaining *Schneider* plaintiffs to move for this relief. *See* 02-cv-7209 (GBD)(SN), Doc. No. 54, Entered 09/23/2020.[3] Plaintiffs also seek permission

---

[1] The *Schneider* (02 cv-7209) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.* master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv-6977, Doc. No. 5, Entered 11/19/2002. The *Schneider* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6966, Doc. 465, Filed 09/30/2005.

[2] There was one prior motion by members of the *Schneider* subset of plaintiffs represented by the undersigned seeking solatium damages for the losses of their loved ones in the September 11th attacks. *See* 02-cv-7209, Doc. No. 54.

[3] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

1

for the *Schneider* plaintiffs to submit applications for punitive damages, economic damages and/or solatium damages, in later stages, consistent with future orders of this Court and to the extent such awards have not previously been addressed.

Having already been awarded partial judgments for the conscious pain and suffering of their decedents, the awards in the proposed order will constitute partial final awards and judgments against the Islamic Republic of Iran in the matter brought by the *Schneider* plaintiffs listed in Exhibit B to the proposed order.

**I. Procedural Background**

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001, terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* plaintiffs (including the *Schneider* plaintiffs listed in Exhibit B) for claims arising out of the deaths of the plaintiffs' decedents (the "*Ashton* wrongful death plaintiffs"). *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 759, Entered 09/01/2015. Thereafter, the *Ashton* wrongful death plaintiffs (including the *Schneider* plaintiffs listed on Exhibit B to the proposed order) moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which a December 28, 2015 Report and Recommendation to this Court recommended be granted, and recommended awarding a default judgment against Iran in the amount of $7,556,880,000, representing compensatory damages of $2 million per decedent and punitive damages of $6.88 million per decedent. *See* ECF No. 3175, Entered 12/28/2015.

The Report and Recommendation also concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State the rate of prejudgment interest

was 9 percent per annum from September 11, 2001, until the date judgment was entered and to the extent the injuries arose elsewhere 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 779, Entered 12/28/2015, pp. 1-2. In addition to awarding pre-death conscious pain and suffering in certain wrongful death actions, this Court previously considered the issue of solatium damages suffered by certain of the *Ashton* plaintiffs and the economic damages arising out of certain of the *Ashton* plaintiffs' cases. In connection with a first group of *Ashton* plaintiffs *("Ashton I")*, this Court found, among other things, that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. *See* ECF No. 2623, Entered 10/03/12, pp. 4 - 5; ECF No. 3300, Filed 06/17/2016, p. 1. The District Court adopted that Report and Recommendation in its entirety in connection with the application made by the *Ashton I* claimants. *See* ECF No. 3229, Entered 03/09/2016.

In connection with the motion for final judgment for a different group of plaintiffs, an October 14, 2016 Report and Recommendation disagreed with the prior conclusion on punitive damages and permitted plaintiffs to file supplemental briefing at a later date to justify their claim to punitive damages. *See* ECF No. 3358, Entered 10/12/201 6, pp. 11-16. The October 14, 2016 Report and Recommendation also adopted a rate of prejudgment interest of 4.96 percent, regardless of where the injuries arose. *Id.,* p. 20. A second group of *Ashton* plaintiffs *("Ashton II")* moved for final judgment on all claims against the Islamic Republic of Iran, asking to defer the issue of punitive damages and employing the 4.96 percent prejudgment interest rate previously adopted by this Court. *See* 03-md-1570 (02-cv-6977) Doc. No. 795, Entered 10/11/2016. On October 31, 2016, this Court granted the *Ashton II* proposed order. *See* 03- md-

3

1570 (02-cv-6977), Doc. No. 804, Entered 11/01/2016. A third group of Ashton plaintiffs ("*Ashton III*") then moved for final judgments as well, also employing the 4.96 percent prejudgment interest rate. See Doc. No. 842, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for solatium damages). On 08/22/2017 this Court granted the *Ashton III* proposed order. Doc. No. 845. A fourth group of Ashton Plaintiffs followed ("*Ashton IV*"), and the Court granted their similar request employing a 4.96 percent prejudgment interest rate. *See* 03-md-1570 (02-cv-6977), Doc. No. 894, Entered 04/24/2018 (Motion for Final Judgment for *Ashton IV* claimants including claims for solatium damages) Doc. No. 896 Entered 04/25/2018 (granting proposed order). In addition to economic losses, certain *Ashton* and *Schneider* plaintiffs have previously for solatium damages), Doc. No. 44, Filed 02/05/2020 ("Motion for Partial Final Judgment for *Schneider* claimants including claims for solatium damages). This Court granted these motions, finding that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. See 02 cv-7209, Doc, No. 54, Entered 09/23/2020.

For the reasons below as well as those set forth in the prior motions made by the *Ashton* and *Schneider* wrongful death plaintiffs, the *Schneider* plaintiffs listed in Exhibit B filed with the proposed order ("*Schneider*" Plaintiffs) now move this Court to grant the attached proposed order awarding them economic damages as described below and directing that pre-judgment interest be assessed at the rates previously awarded in connection with the previous *Ashton* and *Schneider* plaintiffs' motions. The remaining *Schneider* plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants for whom motions have not been submitted, should other applications be warranted.

## II. Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605 A(a)(1) and (c)(4). The damages available to plaintiffs in Section 1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent, family members can recover solatium for their emotional injury, and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010). All *Schneider* subset of Plaintiffs are therefore entitled to compensation under Section 1605A for the solatium and economic losses suffered as a result of the wrongful death of each of their decedents.

### A. Economic Damages

The FSIA specifically provides for economic damages. See 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] . . . entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser*, 466 F.Supp.2d 229. Thus, for example, United States District Court Royce C. Lamberth of the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages

5

caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F.Supp.2d at 78.[4]

Previously, this Court awarded economic damages to certain *Ashton* plaintiffs for the "economic losses stemming from the wrongful death of the decedent[.]" ECF No. 2623 at 2-3. In doing so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports. The *Schneider* Plaintiffs respectfully ask that this Court award economic damages set forth in Exhibit B filed with the proposed order and supported by the economic expert reports attached as Exhibit C to the Reiter Declaration. The Estates listed in Exhibit B filed with the proposed order opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and in connection with that claim, gathered information relevant to the economic losses suffered as a result of the decedent's wrongful death, which included both documentary evidence of decedent's earnings as well as interviews with decedent's surviving family members, colleagues and other witnesses. The Estates retained an expert who has rendered opinions as to the economic losses that resulted from their decedents' wrongful deaths. The expert reports also include a description of methodology used and the expert's curriculum vitae. Because of the confidential nature of their contents, the individual expert economic reports for the *Schneider* plaintiffs are being filed separately under seal pursuant to this Court's prior Order granting permission for such under seal filing. *See* ECF No. 7963.

Accordingly, the *Schneider* plaintiffs respectfully request that the economic damages as set forth in Exhibit B be awarded here, which are the figures calculated by the plaintiffs'

---

[4] In adopting this estate-accumulation calculation, Judge Lamberth recognized that case law under FSIA was "develop[ing]…a federal standard" and looked to the law of the District of Columbia, which it concluded was "an appropriate model" to adopt and which calculated economic damages as the loss of accretions to the decedent's estate. *Roth*, 78 F. Supp3d at 82.

economic expert as the economic losses suffered as a result of the wrongful deaths of their decedents and brought to present value.

### B. Prejudgment Interest

Additionally, the *Schneider* Plaintiffs ask that this Court direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously for the *Ashton* and *Schneider* plaintiffs, as well as for other plaintiffs in this consolidated litigation.

### C. Punitive Damages

Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See* ECF No. 3362, Entered 10/14/2016. The *Schneider* Plaintiffs ask that this Court allow them to submit future applications for punitive damages consistent with any future rulings of this Court.

### III. Conclusion

For all the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and other plaintiffs, the *Schneider* Plaintiffs respectfully request that this Court grant the proposed order and (1) award economic loss damages in the amounts set forth in Exhibit B attached to the proposed order, as supported by the economic expert reports and analyses, filed separately under seal; (2) direct that prejudgment interest of 4.96% running from September 11, 2001 until the date of judgment be assessed; (3) permit *Schneider* claimants to submit future applications for punitive damages consistent with any future rulings of this Court;

and (4) permit remaining *Schneider* claimants to submit motions for final judgment in future stages.

Dated: New York, New York
       August 30, 2024

>                          Respectfully submitted,
>                          JONATHAN C. REITER LAW FIRM, PLLC
>                          BY: /s/ Jonathan C. Reiter
>                          Jonathan C. Reiter, Esq.
>                          350 Fifth Avenue, Suite 6400
>                          New York, New York 10118
>                          Tel: (212) 736-0979
>                          Email: jcreiter@jcretiterlaw.com
>                          Attorneys for *Schneider* Plaintiffs