**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
: **1:03 MDL 1570 (GBD)(SN)**
:
------------------------------------------------------------------X

**This Document Relates to**
*Ray, et al. v. Iran, et al.*
**1:19-cv-00012 (GBD)(SN)**

## FOUR PLAINTIFFS' APPLICATION FOR ENTRY OF AWARDS OF COMPENSATORY ECONOMIC DAMAGES FOR PARTIAL FINAL DEFAULT JUDGMENTS

Four Plaintiffs in this case, each of which is the estate of a person killed in the 9/11 terrorist attacks, hereby apply for awards of compensatory economic damages to be added to their existing partial final judgments against the Defendant Islamic Republic of Iran. This Application was expressly authorized by this Court's Order dated February 19, 2020, MDL Doc. No. 5985, *Ray* Doc. No. 221, in which the Court entered Partial Final Default Judgments and awarded non-economic compensatory pain-and-suffering damages to these four Estate Plaintiffs, as well as solatium damages to other *Ray* Plaintiffs.

Accordingly, Plaintiffs hereby submit this Application for economic compensatory damages awards for the four *Ray* Estate Plaintiffs in the aggregate of $55,264,672, comprised as follows: (1) Plaintiff Estate of Denease Conley seeks economic damages in the amount of $6,864,447; (2) Plaintiff Estate of Francesco "Frank" Garfi seeks economic damages in the amount of $22,829,152; Plaintiff Estate of Patrick McGuire seeks economic damages in the amount of $19,770,692; and Plaintiff Estate of Rocco Medaglia seeks economic damages in the amount of $5,800,381.

This Application is supported by all necessary materials. Additionally, Plaintiffs have complied with all measures to demonstrate compliance with the due diligence procedures

proposed at MDL Doc. No. 3433 and approved by the Court at MDL Doc. No. 3435, to ensure that duplicate judgments are not issued in this MDL.

Included in this Application are the accompanying Declaration under Seal of Timothy B. Fleming, Esq. (hereinafter, the "Fleming Declaration") and the Exhibit thereto which is the expert reports on economic damages, a memorandum of law, and a proposed form of judgment which include the required standard exhibits. This Application is also supported by the publicly available and sealed evidence from two related predecessor cases, *Havlish, et al. v. bin Laden, et al.,* 1:03 Civ. 09848 (GBD) (FM), and *Hoglan, et al, v. Iran, et al*., 1:11 Civ. 7550 (GBD) (SN) that this Court has already admitted in this case by Order dated February 19, 2020, *see Ray* Doc. No. 220, and the Findings of Fact and Conclusions of Law entered in *Havlish* and *Hoglan*, *supra*, on December 22, 2011, *Havlish* ECF Doc. No. 294, and August 31, 2015, MDL ECF Doc. No. 3019, respectively, and all the files and records in this case.

As stated above, the *Ray* Plaintiffs, including these four said Plaintiffs, were previously awarded, on February 19, 2020, a Partial Final Judgment against Defendant the Islamic Republic of Iran that included partial non-economic damages awards of $2 million each. MDL Doc. No. 5985; *Ray* Doc. No. 221. That Order expressly permitted the Estate Plaintiffs to submit an application for economic damages at a later date. *Id*. at p. 5. Permission for the *Ray* Plaintiffs to seek punitive damages at a later date was also reserved per that same Order. *Id*.

The economic damages sought herein were calculated individually with supporting evidence that is being filed under seal as directed by MDL ECF Doc. No. 7963; *see also Ray* ECF Doc. No. 212.

At this time, the four *Ray* Plaintiff Estates seek entry of partial final default judgment with respect to economic damages only against the Defendant nation-state the Islamic Republic of Iran. The reason is that Plaintiffs intend in the future to seek an evidentiary hearing and the

Court's permission to resubmit the evidence in this case, followed by a motion for re-entry of the final judgments. Toward that end, Plaintiffs have re-served the pleadings on all *Ray* Defendants in full compliance with the FSIA, *see* Plaintiffs' Proposed Clerk's Default Certificate, dated August 24, 2022 (*Ray* Doc. No. 278; MDL Doc. No. 8447) (Affidavit in Support by D. Pantazis, Esq., *Ray* Doc. No. 279; MDL Doc. No. 8448) and approved by the SDNY Clerk that same day (*Ray* Doc. No. 280; MDL Doc. No. 8449).

This Court ordered the *Ray* Plaintiffs to address, when filing for default judgment on behalf of any of the parties added to this case by virtue of the Second Amended Complaint, whether that Second Amended Complaint relates back to the filing of the original complaint. *See Ray* Doc. No. 138 at p. 2. One of the applicants herein, the Plaintiff Estate of Francesco "Frank" Garfi, was so added by virtue of the Second Amended Complaint. Plaintiffs hereby withdraw their request that the Second Amended Complaint be deemed to relate back to the date of filing of the original Complaint in this case, mooting the question.

                                                  Respectfully submitted,

Date: September 11, 2024                    /s/

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC 20009-1813
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D) *(Lead Counsel)*
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325) FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

*Attorneys for Ray Plaintiffs*
*Estate of Denease Conley*
*Estate of Francesco Garfi*
*Estate of Rocco Medaglia*
*Estate of Patrick Maguire*