LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 Broadway, Suite 820
Woolworth building
New York, NY 10279
phone (212) 725-3846
facsimile (212) 202-7621
www.otmlaw.com

Omar T. Mohammedi, esq.
direct dial: (212) 725-3846 x101
email: omohammedi@otmlaw.com

admitted: new york, eighth circuit
second circuit,
us court on international

October 10, 2024

**Via ECF**

The Honorable Sarah Netburn
Magistrate Judge, United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re**:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
**WAMY's Response to PEC's 10/9/24 Inflammatory Letter**:

Dear Judge Netburn:

On behalf of defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-U.S. ("WAMY" collectively), we respond to Plaintiffs' Executive Committees ("PECs") letter accusing WAMY's counsels of unethical obstructionist conduct and demanding discovery to purportedly substantiate false accusations made against this firm by an alleged anonymous writer. (ECF No. 10416). We respectfully request that this Court grant WAMY's counsel until November 4, 2024 to fully respond.

We assert that PECs have not only filed this publicly to smear the reputation of officers of the court but have violated the requirements under meet and confer. They also filed this application to rush this Court to afford them extensive discovery based on an anonymous and redacted letter and assumptions. They could have, at least filed under seal to resolve the allegation letter matters such as authenticity, its provenance and the redaction WAMY's counsel raised first.

By their own admission, PECs had what they style as the "Whistleblower Letter" in their possession since July 2024.[1] Yet, it was not until October 1, 2024 that Robert Haefele sent a cryptic email to WAMY's counsel requesting to meet and confer. The only description of the subject of the meeting was "[a]n issue has been brought to our attention regarding WAMY expert discovery." (See Exhibit 1, email from Robert Haefele dated October 1, 2024). When asked for clarification of what that meant, the extent of the explanation provided was "[t]he issue concerns the engagement of Jonathan Marks." (See Exhibit 1, second email from Robert Haefele dated October 1, 2024).

---

[1] WAMY believes the letter is better styled as the "Letter of Lies."

WAMY's counsel thereafter attended a Teams conference call in good faith with Plaintiffs' counsel Robert Haefele from Motley Rice and two lawyers from Kreindler & Kreidler. During that meeting, plaintiffs' counsel raised issues far beyond Marks' engagement instead asking broad questions about improper coaching of Marks during his deposition, false billing entries by Marks and the Baker Tilly firm, and the "burying" of evidence harmful to WAMY by Marks and his team. WAMY's counsel were shocked by these off the wall allegations, communicated as best they could that they believed them to be baseless, and told plaintiffs' counsel they would follow up.

Following that conference call, we continued to communicate with Plaintiffs' counsel asking that they provide us with the particular allegations themselves along with the identity of the person making them. (See Exhibit 2, Letter to Robert T. Haefele and James Gavin Simpson dated October 2, 2024). Plaintiffs' counsel responded by letter of October 2, 2024 but refused to provide WAMY's counsel with the specific allegations or the identity of the person who made them. (See Exhibit 3, Letter from Robert T. Haefele dated October 2, 2024). WAMY's counsel promptly responded by letter dated October 3, 2024, again asking for the particulars of the allegations along with the identity of the person making them. (See Exhibit 4, Letter to Robert T. Haefele dated October 3, 2024).

Finally, on October 4, 2024, Plaintiffs' counsel provided WAMY's counsel with the actual allegations letter. (See Exhibit 5, Letter from Robert T. Haefele dated October 4, 2024 with attachment).[2] However, the letter was redacted. Plaintiffs' counsel also refused to provide any information about who sent the letter or what if anything they had done to find this out other than stating "we do not know who sent the letter." WAMY's counsel responded by email on October 8, 2024 reiterating that "the allegations in that letter are unreal and outrageous to say the least" and asking the plaintiffs' counsel to provide information as to who wrote the letter and the provenance by which they came into the information they claim to possess. (See Exhibit 6, email chain between Omar Mohammedi and Robert Haefele from October 3 to October 9, 2024). Plaintiffs' counsel responded by email on the afternoon of October 9, 2024. (Id.)

Less than 45 minutes later, plaintiffs' counsel filed the application to the Court at issue seeking extraordinary relief along them to re-open discovery and question opposing counsel; all based on an anonymous letter of absolutely unknown provenance. Plaintiffs' counsel also attach an addendum seeking to engage in specific areas of discovery without having provided the list to WAMY's counsel or engaged in a meet-and-confer about it. Plaintiffs' counsel make very serious claims against counsel for WAMY and yet unilaterally decide to redact portions of the allegations letter that may very much identify the provenance of the accuser, the motive or their relationship to Plaintiffs' counsel. The letter is over three years removed from Mark's deposition and raises many serious

---

[2] It is notable that the allegations letter just so happens to track nearly all the claims PECs made to exclude Marks' testimony – that he did not spend time reviewing the documents and has no terrorism finance experience – and this court later rejected all arguments. It is evident PECs are seeking to use the anonymous letter of unknown provenance for their tactical advantage to have a second chance to exclude Marks' testimony.

2

questions about its authenticity, motive and the veracity of the allegedly anonymous author. WAMY's Counsel also question the relationship between the purported anonymous author of this defamatory letter and Cozen & O'Connor as the letter was addressed in the first instance to Sean Carter. PECs had the letter for three months without bringing it to WAMY's attention and appear to have done nothing to investigate where it came from during that time. Instead, they provide a copy to WAMY and the Court with redactions. The redacted information may well have significance as to probable motives as the timing of this letter is very suspicious.

Given the extent and nature of the allegations as well as the fact that WAMY's counsel first learned of the particulars less than a week ago, we respectfully request that this Court grant us until November 4, 2024, to provide a substantive response to Plaintiffs' letter application filed yesterday. (ECF No. 10416).[3] In the meantime, we respectfully request that this Court order Plaintiffs' counsel to provide the Court and WAMY's counsel with the allegations letter in its unredacted format, as well as any information plaintiffs' counsel possess as to the provenance of the letter, the manner in which it was received what if anything plaintiffs' counsel have done to try and determine same, and the manner whereby the letter was received. WAMY's counsel reserve all rights to pursue available remedies.

Respectfully,

*/s/ Omar Mohammedi*

Omar Mohammedi

*/s/ Frederick Goetz*

Frederick Goetz

---

[3] WAMY's counsel have shared the allegations letter to Baker Tilly and Jonathan Marks with a request that all evidence related to the issues in the anonymous letter be preserved. WAMY's counsel will do the same.