# EXHIBIT 3

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers, *Co-Chair*<br>Donald A. Migliori, *Co-Chair*<br>Robert T. Haefele, *Liaison Counsel*<br>MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL ONLY**

October 2, 2024

Omar Mohammedi
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
New York, NY 10279
*omohammedi@otmlaw.com*

Frederick J. Goetz
Goetz & Eckland P.A.
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413
*fgoetz@goetzeckland.com*

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Omar and Fred:

Thank you for participating in the Teams call that you, Fred, and I had on October 1, 2024, in which I participated as liaison counsel for the PECs. I also note that other Plaintiffs' counsel, Bruce Strong, Gavin Simpson, and Andrew Maloney, joined to observe and take notes on the conversation. I write to follow up on that call, and in response to your letter of October 2, 2024.

At the outset, I will underscore that your description of my outreach to you as an "ambush" is a complete mischaracterization. As I explained during our Teams call, the PECs have received what we consider to be serious allegations that warrant being placed before the Court. Indeed, you have both agreed that the allegations are serious. I arranged the call to tell you of the allegations and to ask for your reaction to them, so that your position could be fairly reflected in the PECs' letter to the Court.

Far from "ambushing" you, I told you of the issue, related to you the essential aspects of the allegations, and asked for your recollections or perspectives as to what happened. In relating the allegations, I told you that they were: that undeclared persons attended and participated in the July 22, 2021 deposition of Jonathan Marks; that during the deposition, the undeclared persons in coordination with WAMY counsel coached Marks to shape his testimony; that time records provided to plaintiffs were falsified (including shifting time of other Baker Tilly personnel to Marks to inflate Marks' time on the engagement); that Marks' testimony about his time on the engagement was not truthful; and that evidence damaging to WAMY was identified in the Baker Tilly review, but that directions had been given to omit disclosure of the damaging evidence.

Your responses, both during the Teams call and in your letter, are troubling. You have offered no particulars, and only general denials of some (but not all) of the allegations. Rather than assuring that you are working hard to ascertain what happened, you resorted to demanding details about the

Omar Mohammedi
Frederick Goetz
October 2, 2024
Page 2

---

source and making intimidating statements about seeking "appropriate relief against whoever made these allegations."

To be clear, the allegations concern events about which both of you personally would have percipient knowledge. For example, if there were undeclared persons participating in Marks' July 22, 2021 deposition in the manner alleged, those persons would have been in the room together with you. When I asked you on the call whether that happened, you responded only that you were "noting" the issue and would need to check what happened. In your letter, notwithstanding your generalized denials, you still have not answered that specific allegation.

To respond to the allegations candidly, you need to know only what the allegations are, which I related to you in our Teams meeting. Given that both of you were in the deposition room together with Marks, you ought to know the facts first-hand. Moreover, you have access to Marks and the Baker Tilly firm to establish or confirm any additional information from those who were engaged on the WAMY investigation and Marks' deposition.

The existence of the allegations, by itself, warrants that due attention be paid to them. The PECs ask once again that you provide your responses to the specific allegations, based on your percipient knowledge and/or any other information available to you. Whatever responses you provide, or indeed if you decline to provide any such responses, will be duly reflected as the position of WAMY counsel in the letter the PECs intend to send the Court.

Regards,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Executive Committees*