# EXHIBIT 5

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA EMAIL ONLY**

October 4, 2024

Omar Mohammedi
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
New York, NY 10279
*omohammedi@otmlaw.com*

Frederick J. Goetz
Goetz & Eckland P.A.
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413
*fgoetz@goetzeckland.com*

Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Omar and Fred:

I write in response to your letter of last night about the allegations we received as outlined during our Teams meeting and in our letter of October 2, 2024. Although I continue hold the view that your presence in the room during Jonathan Marks' July 22, 2024 deposition affords you enough information to respond to the allegations without more, I am attaching to this letter a copy of the letter that we received that contains the allegations. *See* Attachment A. As we told you previously, we do not know who sent the letter. We propose that you take the weekend to assess it, and then let us know on Monday what your position is so that we can include that in the letter to the Court.

Since it appears from our dialogue that we all agree that the allegations are serious and presumably agree that we should reach a clear understanding about whether they are (or are not) true, we propose that the inquiry into the allegations be transparent. We ask if you and Baker Tilly will agree to provide us with access to question some of the involved individuals and some baseline information to allow us, with you, to assess the veracity of the allegations.[1] If you can agree to that, perhaps we can discuss some specifics on Monday.

Regards,

MOTLEY RICE LLC

By:  */s/ Robert T. Haefele*

---

[1] For example, and without limitation to further requests, we ask that you and/or Baker Tilly provide the following information referenced in the letter at Attachment A: (a) the "very damaging evidence against WAMY" identified in Baker Tilly's engagement, including evidence "that would draw a conclusion that WAMY was involved in financing the 9/11 terrorist attacks;" (b) the whistleblower complaint (including any attachments) regarding Marks' or Baker Tilly's work for WAMY and/or the July 22, 2021 Marks deposition; and (c) the referenced "10-page letter" (including any attachments) that was sent to Baker Tilly's management, operating committee, general counsel, and/or its chairman, regarding Marks' expert engagement, Marks' or Baker Tilly's work for WAMY, and/or the July 22, 2021 Marks deposition.

Omar Mohammedi
Frederick Goetz
October 4, 2024
Page 2

ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Executive Committees*

Encl.

ATTACHMENT A

COZEN O'CONNOR

SEAN P. CARTER


RE:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

--------------------------------x

IN RE: TERRORIST ATTACKS ON

SEPTEMBER 11, 2001,

03 MDL 1570 (SN)


Sean,


I thought you would find something that happened at Baker Tilly remarkably interesting involving a case that you are involved with and that is still ongoing. You deposed Jonathan Marks (Marks), Partner at Baker Tilly as an expert witness. He was an expert for The Law Firm of Omar T. Mohammedi, LLC, Attorneys for Defendant WAMY.

1. There was a total of five people in the deposition room, you were told of only three. The other two were Steven Goldberg and Andy Guzman, both employees of Baker Tilly. Steven Goldberg was the AML and Terrorism expert in the room to coach Marks thru his answers. This was done because Marks had spent very little time on this case. There was a large whiteboard where both Guzman and Goldberg would write answers on, that Marks would tell during the deposition.
2. Guzman and Goldberg were there because the Lawyer knew Marks was not qualified.
3. Marks lied about the amount of time he spent on the engagement and when asked about this during the deposition, he lied. There is proof if this in the BT system of time.
4. Marks changed the final bill to reflect time that did not match with Baker Tilly official records. He did this to show as if he spent 100's of hours, but he actually spent very little time on the engagement. He did this and then signed a sworn statement that the bills were correct, this is a lie.
5. Baker Tilly used employees with no forensic or very little experience to review the documents, this was noted by the lawyer for WAMY.
6. Baker Tilly's time records do not match the records provided to you and the courts.
7. The time records in Baker Tillys system will show how little Marks worked on the case, it will also show that Marks changed Goldberg and Guzman's hours to himself.
8. Marks was coached during the live deposition.

9. The Lawyers from the office of Law Firm of Omar T. Mohammedi, LLC, were in the room and were part of the coaching, this was witnessed by the Managing Partner of the Philadelphia office who was down the hall from the deposition, and he came to see what the yelling was about during the breaks.
10. Mr. Marks, when asked about the billing, was not telling the truth, he did not state that Baker Tilly refunded the client tens of thousands of dollars because of poor work and missed billings.
11. Mr. Marks changed the time booked by Guzman and Goldberg to be reflected as his own.
12. Baker Tilly did find very damaging evidence against WAMY, Goldberg and Guzman were told by BT management to not share this evidence.
13. Goldberg and Guzman both went to senior management at Baker Tilly with these claims, gave them evidence, and wrote a letter and a whistleblower hotline complaint to BT management. Guzman wrote a 10-page letter, whistleblower accusation and send it to the operating committee, General Counsel and Chairman. Guzman and Goldberg were never talked to by management. They were told that this would cause great damage to the firm and to stop bringing it up.

Sean,

Marks lied under oath, he lied about his hours in the deposition, Baker Tilly never reached out to the courts or to you. Baker Tilly never spoke to Guzman or Goldberg after they made various complaints about these lies. The attorneys were aware of the lies because they knew Marks refunded the client money. BT did not disclose what they really found in its review. BT found things that would draw to a conclusion that WAMY was involved in financing the 9/11 terrorist attacks, and with the help of BT and its partner, purposely hide these facts.

[redacted]