# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean P. Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

October 11, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
              Partial Final Judgments on Punitive Damages

Dear Judge Netburn:

      The Plaintiffs' Executive Committees ("PECs") write pursuant to the Court's direction at ECF No. 10350. In the context of the Court's ongoing entry of default judgments against Iran and the Taliban, the Court has asked the PECs to inform the Court of the PECs views concerning: whether "(1) now is the appropriate time for the Court to begin considering motions for punitive damages and/or final judgments; … (2) if so, what information should be before the Court in order for the Court to properly adjudicate such motions," and (3) "how best to administer such motion practice." *Id.* at 1.

      On the Court's first query, the PECs are mindful of the scope of the demands presented by the MDL, and the importance of preserving the Court's limited time and resources for issues most important to advancing the Plaintiffs' interests. We have not prioritized adjudication of punitive damage awards against Iran to this point, as we view such punitive damage awards as less pressing than other work before the Court, and because of the scope of resources that would be necessary to present and resolve punitive damage applications. The PECs remain of the view that other issues – including substantive disputes relating to the claims that are being actively litigated and motions for compensatory damage awards – have greater priority than punitive damage applications, for the reasons discussed below and others. If the Court is inclined to begin the punitive damages process at this time, we offer below our thoughts on a framework for doing so on a consolidated basis, but respectfully submit that all work to assess compensatory damages and to adjudicate other substantive matters to move the multidistrict litigation cases forward should continue to take precedence over any consideration of punitive damages issues concerning defaulting defendants.

      In relation to this position, the PECs believe it critical to clarify that any suggestion that failing to prioritize punitive damages assessments will prejudice certain plaintiffs, *see, e.g.*, ECF No. 10355, is not accurate. Punitive damage awards are not relevant to applications to the USVSST Fund, because

The Honorable Sarah Netburn
October 11, 2024
Page 2

punitive damages are not eligible for payment from that Fund. 42 USC §§ 10609 (c)(2)(A); (j)(2). Punitive damages are likewise not considered in the context of domestic execution proceedings under the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub.L. No. 107–297, 116 Stat. 2322, 2337, codified at 28 U.S.C. § 1610 note, because TRIA applies only to compensatory judgments; punitive damages are not recoverable by means of TRIA. TRIA § 201(a). However, a plaintiff's final judgment for compensatory damages provides what is necessary for TRIA proceedings. Finally, if a foreign asset is identified, the existence of final judgments for compensatory damages will also provide a basis for foreign execution proceedings. The plaintiffs agree punitive damages are warranted given the conduct at issue and the importance of deterrent impact.

On the Court's second query, to properly adjudicate punitive damages issues, the information before the Court should include expert and other evidence supporting punitive damages liability and awards and legal briefing addressing the range of legal issues concerning the assessment of punitive damages in these proceedings that the Court identified in the October 12, 2016 Report and Recommendation, ECF No. 3358 at 11-16. Legal briefing also may address any developments in the law relevant to assessing punitive damages since 2016. The PECs will develop the expert testimony and other evidence for the Court's consideration. It may also be necessary for the Court to hold a hearing to consider the evidence pertaining to assessing punitive damages. None of the applications for punitive damages that were the genesis for this Court's invitation to the PECs for this letter, *see* ECF Nos. 9949, 10057, 10339, are appropriate mechanisms to start this process. Moving forward on the basis of those filings could prejudice other plaintiffs in the MDL, because they do not identify or address any of the legal concerns the Court raised in its 2016 Report & Recommendation or suggest any consideration for the need for the Court to consider any expert or other evidence. Counsel for the *Hoglan, Ray*, and *Maher* plaintiffs, who also represent the *Havlish* judgment holders, have advised that they would want to submit a brief addressing the *Havlish* sealed evidence (also admitted in the other cases), may want to supplement that evidence, and would seek to file both under seal. If the Court authorizes such a filing, the PECs recommend that it should be coordinated with the PECs.

On the Court's final query, concerning how best to administer this motion practice, the PECs recommend a two-step process—a consolidated first step to establish liability and develop a legal framework for punitive awards, and then an individual second-step to apply the framework in individual cases. In the first step, Plaintiffs will provide the expert and other evidence and briefing described above, which the Court is then able to consider to develop a framework for imposing and assessing punitive damages in the MDL against the defaulted defendant. The first step should be done once on a consolidated basis (not by individual plaintiffs' counsel) because the resulting framework for assessing punitive damages is a common issue to be applied to all punitive damage claims against the defaulted defendant.

After the framework is resolved, in the second step of the process, each plaintiff with a final compensatory award may file a motion for a punitive award, as to which the Court would apply the framework derived in the first step to each plaintiff's punitive damages claim. Once the Court has resolved the framework, Plaintiffs should be directed to propose a form exhibit acceptable to the Court to apply the framework to all previously entered partial final judgments, pending judgments, and future judgment motions. At that time, the Court may also wish to set a motion and briefing schedule for this phase of submissions. Such motions would be consolidated across multiple cases in

The Honorable Sarah Netburn
October 11, 2024
Page 3

this MDL, rather than being litigated separately. In light of the potential volume of submissions and the competing deadlines and demands of this litigation, the PECs encourage the Court to appoint a special master to assist with applying the framework to each punitive damage claim in the second step of the process.

Such judgments would help to bring a measure of justice to these Plaintiffs, while reinforcing the principle that those responsible for aiding and abetting acts of terrorism will face appropriate punitive consequences and deterrence.

Thank you for your time and consideration of this matter.

Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ Robert T. Haefele<br>ROBERT T. HAEFELE<br>JODI WESTBROOK FLOWERS<br>DONALD A. MIGLIORI<br>28 Bridgeside Boulevard<br>Mount Pleasant, SC 29465<br>Tel.: (843) 216-9184<br>Email: rhaefele@motleyrice.com<br><br>*Co-Chairs and Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of Plaintiffs* | By: /s/ Sean P. Carter<br>SEAN P. CARTER<br>STEPHEN A. COZEN<br>J. SCOTT TARBUTTON<br>One Liberty Place<br>1650 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br>Tel.: (215) 665-2105<br>Email: scarter@cozen.com<br><br>*Co-Chair and Liaison Counsel of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record, via ECF