## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers, *Co-Chair*<br>Donald A. Migliori, *Co-Chair*<br>Robert T. Haefele, *Liaison Counsel*<br>MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

October 15, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

In advance of the October 21, 2024 deadline set in the Court's order at ECF No. 10421, the Plaintiffs' Executive Committees ("PECs") write to request clarification and to provide nearly all of the information identified in that order. Once we receive clarification on the items identified below, we anticipate complying with the remainder of the Court's directions in advance of the deadline.

The Court directed the PECs to do the following by October 21, 2024: (1) file an unredacted version of the Letter initially docketed at ECF No. 10416-1 (the "Letter"); (2) file a description of how the Letter was sent and received; (3) file any information relevant to identifying its source, and (4) "disclose if they have had any subsequent communications (whether written or oral; whether direct or indirect) with the author of the Letter."

We provide the following information on behalf of PECs counsel from Motley Rice ("MR") based on the information known to MR. We understand that Sean Carter, from the Cozen O'Connor law firm ("CO"), will provide a separate response specific to CO. MR has made inquiries internally, among the counsel on the Plaintiffs' Executive Committee for Personal Injury and Death Claims, and other Plaintiffs' counsel who attended Mr. Marks' deposition, and no other Plaintiffs' counsel has information concerning this issue beyond what is provided here or in the anticipated CO letter.

### (1) An unredacted version of the Letter initially docketed at ECF No. 10416-1.

We seek clarification regarding the Court's order to file an unredacted version of the Letter, in part because we understand that filing an unredacted version of the Letter may implicate the Court's prior direction regarding protecting private, personally identifiable information of potential witnesses. *See* ECF No. 10173 at 6-7.

First, we reiterate that, although the text redacted from the filing at ECF No. 10416-1 appears at the end of the Letter, it is not a signature block. It does not purport to identify the Letter's author and does not further explain the allegations in the Letter. The text does, however, contain private

The Honorable Sarah Netburn
October 15, 2024
Page 2

identification and contact information about one or more individuals that the Letter's author has identified as one or more potential witnesses. The Court's direction here may implicate the Court's previous direction regarding redacting from public docket filings such private information to protect the identity and private contact information of potential witnesses. *Id.* Before endeavoring to comply with the Order at ECF No. 10421, we ask for guidance on whether the Court is ordering Plaintiffs to file the Letter without redacting the included potential witness identity and contact information (not identified as the author of the Letter).[1]

Relatedly, Plaintiffs seek clarification as to whether the Plaintiffs should redact the identification of any potential witness. We understand that the individual or individuals identified in the redacted text are or were employed by Baker Tilly. To date, Plaintiffs have refrained from contacting any identified potential witness currently or formerly employed by Baker Tilly. The propriety of contacting any current or former Baker Tilly employee knowledgeable of the underlying events, without the Court's authority or without the witness having counsel, remains an issue. However, if the witness identity and contact information are provided on the public docket, we are concerned that other involved actors my not feel so constrained and could use our restrain as an opportunity to communicate with a potential witness, either to dissuade the witness from speaking or to sculp their account of the events. The concern may sound unwarranted in other circumstances. But given the allegations at issue here, and unless and until these allegations are determined to be wrong, this concern is paramount.

If the Court does direct Plaintiffs to disclose the identity (and/or contact information) of any potential witness, Plaintiffs ask that the Court also include in the Order restraint on any of the interested parties (including at least WAMY, its counsel, and Baker Tilly) and anyone at their direction, from communicating with the witness about the subject matter, until the Court sets rules of engagement that address the concerns identified here.

**(2) A description of how the Letter was sent and received.**

On or about July 8, 2024, Sean Carter brought the existence of the Letter to the attention of Robert Haefele, of MR and liaison counsel of the PEC for Personal Injury and Death Claims. Although Mr. Carter identified and generally described the Letter in early July 2024, MR first received a copy of the Letter on September 10, 2024, when Mr. Carter emailed a copy of the Letter to Mr. Haefele. Based on the postal stamp on the envelope that was part of the PDF received on September 10, 2024, it appears that the Letter was sent to Mr. Carter via United States Postal Service. We have no additional information about how the Letter was sent or received.

**(3) Information relevant to identifying the source of the Letter.**

Other than what may be inferred from the content of the Letter itself or from the envelope, MR has no information relevant to identifying the source of the Letter. The envelope bears a post mark indicating it was postmarked on July 2, 2024 in Westchester, New York. The envelope bears a handwritten address to Mr. Carter at the Philadelphia office of Cozen O'Connor. It does not bear a return address. The Letter itself contains information that suggests that the author has first-hand

---

[1] In addition to the information provided in response to item #4, no Plaintiffs' counsel (not MR, and to our knowledge, not CO or any other Plaintiffs' counsel) has contacted any individual whose contact information was provided in the redacted text.

The Honorable Sarah Netburn
October 15, 2024
Page 3

knowledge of the deposition that is the subject of the Letter. However, the Letter is unsigned and does not have a signature block to identify the author.

### (4) Disclosure as to whether the PECs had any subsequent communications (whether written or oral; whether direct or indirect) with the author of the Letter.

MR has had no communications at all (whether written or oral; whether direct or indirect) with the author of the Letter. Based on our inquiries among Plaintiffs' counsel, no contact (at all) has occurred between any member of the PECs (or the other Plaintiffs' counsel) and the Letter's author. Indeed, MR understands that none of the Plaintiffs' counsel knows who the author is. Additionally, aside from our required meet and confer with WAMY counsel, no contact has been made with any potential witness identified in the Letter.

The PECs thank the Court for its prompt attention to the matter and will await the Court's clarification on the points raised above to understand what redactions should or should not be done on the re-filed Letter.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Executive Committees*

cc: The Honorable George B. Daniels, via ECF
All Counsel of Record via ECF
Theresa Meiners, General Counsel, Baker Tilly U.S. LLP