LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 Broadway, Suite 820
Woolworth Building
New York, NY 10279
phone (212) 725-3846
facsimile (212) 202-7621
www.otmlaw.com

Omar T. Mohammedi, esq.
direct dial: (212) 725-3846 x101
email: omohammedi@otmlaw.com

admitted: new york, eighth circuit
second circuit,
us court on international

October 16, 2024

**Via ECF**

The Honorable Sarah Netburn
Magistrate Judge, United States District Court
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re**:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

In its Order of October 11, 2024, this Court rightly and fairly gave WAMY's counsel and Baker Tilly an opportunity to investigate and defend themselves against false allegations from a shadowy individual who has gone to some lengths to remain anonymous. The Court's Order granted WAMY until November 4, 2024, to file a further response to the Letter (ECF No. 10416-1) and required that "[s]uch response must include a complete description of any related investigation conducted by Baker Tilly, who participated in such investigation, and the findings, if any." (ECF No. 10421).

Following the Court's Order, both WAMY's counsel and Baker Tilly retained separate counsel in order to conduct separate investigations into the matters alleged with respect to the Marks deposition. WAMY's counsel have retained Marcus Asner of Arnold & Porter, a former Assistant United States Attorney with the Southern District of New York. Baker Tilly has retained Daniel Flaherty, also a former AUSA, of the law firm of Godfrey & Kahn, S.C.

Under the guise of obtaining clarification of this order, the Plaintiffs' Executive Committees ("PECs") in a letter from Robert Haefele now seek effectively to prevent WAMY's counsel and Baker Tilly from conducting the very investigations into the claimed wrongdoing that the Court's Order requires. (ECF No. 10435).[1] Also, claiming

---

[1] PECs seem desperate to paint defense counsel and Baker Tilly as wrongdoers, clearly for tactical reasons, based on an anonymous letter. Now PECs double down by making additional insinuations of possible improper conduct against officers of

1

privacy concerns, PECs seek to avoid the Court's requirement that the Letter be filed without redactions, thereby continuing to hide important information that PECs could and should have disclosed long ago. PECs baselessly claim that disclosing the witness contact information, which they now admit they have redacted from the Letter, will somehow lead to efforts to "dissuade the witness from speaking or to sculp their account of the events." (Id.) This is nothing less than a clear attempt to compromise WAMY's counsel and Baker Tilly's ability to conduct the full and thorough investigation that the Court directed they complete and thereby fully respond to the false claims of wrongdoing in the Letter.

This effort to interfere with the efforts of WAMY's counsel and Baker Tilly to conduct a fulsome investigation should be rejected. Both Mr. Asner and Mr. Flaherty are reputable members of the Bar and former federal prosecutors who have deep experience in conducting investigations, and both are fully aware of their ethical and legal duties. The PECs' request for a "restraint" on communicating with the witness should therefore be denied. With respect to the redacted information in the Letter, we respectfully suggest that the solution to PEC's privacy concerns is—if the information at issue warrants redaction—filing the unredacted version of the Letter under seal with access limited to the Court, WAMY's counsel and their counsel, and Baker Tilly and its counsel. This will allow WAMY and Baker Tilly the opportunity to fulfill the requirements of the Court's order and thereby achieve what should be the goal of all parties here, the ascertainment of the truth.

Your Honor's consideration of this letter is appreciated.

Respectfully,

*/s/ Omar Mohammedi*

Omar Mohammedi

*/s/ Frederick Goetz*

Frederick Goetz

---

the court and Baker Tilly that they would somehow threaten potential witnesses from coming forward or "sculp" the witnesses' testimony. This approach raises even more questions.