## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

October 25, 2024

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

  Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

  The Plaintiffs' Executive Committees ("PECs") write to respond to the correspondence at ECF No. 10461. In his letter, Mr. Schutty misstates the PECs' position, misrepresents the facts and circumstances, and embodies a fundamental misunderstanding of the applicable law.

  Mr. Schutty misstates the PECs' position when he asserts that the PECs "ask[] the Court to defer entering any further final Judgments against two of the defendants-in-default, the Islamic Republic of Iran and the Taliban (after awarding punitive and/or treble damages)."[1] In fact, in our October 11, 2024 letter, the PECs did NOT propose to defer actions necessary for the Court to award partial final judgments necessary for Plaintiffs to proceed in the USVSST Fund or in domestic or foreign execution proceedings. Indeed, the PECs underscored the need for the Court to continue to prioritize the work necessary to obtain partial final judgments for compensatory damages. *See, e.g.*, ECF No. 10422 at 1 ("The PECs remain of the view that … motions for compensatory damage awards … have greater priority…. "[A]ll work to assess compensatory damages . . . should continue to take precedence.").

  The only work the PECs proposed that the Court not prioritize was assessment of punitive damages—which was the subject of the Court's inquiry that prompted the letter. ECF No. 10350 at 1. As explained in the PECs' October 11, 2024 letter, although the additional work entailed in the process of assessing punitive damages has value, that work should not be prioritized over entry of

---

[1] Throughout Mr. Schutty's correspondence, he regularly conflates the issue of punitive and treble damages. To clarify the PECs' position, we note the following. Where the Court awards compensatory damages pursuant to the Antiterrorism Act, which mandates that the Court impose treble damages, the Court's awards and resulting judgments must impose and include treble damages. Moreover, treble damages awarded under the ATA are part of the plaintiffs' compensatory damages. *Stansell v. Revolutionary Armed Forces of Columbia*, 2022 WL 17830551 at *3 (S.D.N.Y. Dec. 21, 2022). The PECs' position in our October 11, 2024 letter concerned recommending a framework for the Court to apply in assessing punitive damages.

The Honorable Sarah Netburn
October 25, 2024
Page 2

---

judgments for compensatory damages and other extensive substantive work to advance the litigation as a whole. Mr. Schutty is irresponsibly wrong and misleads Plaintiffs who read his submissions by asserting that the PECs proposed that the Court should cease entering partial final judgments.

Mr. Schutty does not and cannot meaningfully engage the central premises of the PECs' recommendation—that partial final judgments under Fed. R. Civ. P. 54(b) suffice to meet his stated purpose and that failure to assess punitive damages now will not prejudice his or any other MDL plaintiffs in any regard. A partial final judgment for compensatory damages (including treble damages, where applicable), under Rule 54(b), is all that is needed to proceed in the United States Victims of State Sponsors of Terrorism Fund ("USVSST Fund") or for execution proceedings. And punitive damages are not recoverable either from the USVSST Fund or through TRIA enforcement proceedings.

Mr. Schutty also is mistaken and mischaracterizes the current circumstances when he asserts that "the two law firms (Motely [sic] Rice – *Havlish* plaintiffs and Cozen O'Connor – *Federal Insurance* plaintiffs) . . . already have final Judgments against Iran and the Taliban." ECF No. 10461 at 1; *see also id.* at 5. First, Motley Rice represents the plaintiffs in the *Burnett* case; it does not represent the *Havlish* plaintiffs. Second, although plaintiffs in *Burnett* and *Federal Insurance* have partial final judgments that address compensatory damages, including, where applicable, treble damages (just as Mr. Schutty's clients would have), the *Burnett* and *Federal Insurance* plaintiffs (as well as the plaintiffs in most other cases in the MDL) have not received the punitive damage determinations that Mr. Schutty seeks. Just as the PECs have proposed above, the Plaintiffs in those cases have partial final judgments for compensatory damages, necessary and adequate to satisfy the concerns Mr. Schutty articulated—namely, to permit USVSST Fund claims and execution proceedings.

Mr. Schutty's assertion, at 4-6, that a member of the PECs previously argued contrary positions is wrong. Mr. Schutty falsely intimates that in each quote, a member of the PECs asked the Court to impose punitive damages. However, contrary to his assertion, each quote is, in fact, an instance where the request concerned compensatory damages (including treble damages, where applicable). Neither the requests nor the resulting partial final judgments included punitive damages. In fact, the very purpose that the plaintiffs were seeking partial final judgments in examples Mr. Schutty cites was "to protect[] Plaintiffs' rights . . . under section 201 of the Terrorism Risk Insurance Act" ("TRIA"), which statutorily precludes recovery of punitive damages. ECF No. 7496-7.

Mr. Schutty's proposal that the Court should make punitive damages determinations—with far reaching implications in the MDL—on the basis of his own perfunctory letter briefing is irresponsible. His letter does not even mention, let alone address, the issues the Court raised in its 2016 Report and Recommendation (ECF No. 3358). It also does not address intervening developments in the law, nor does it address developed (and developing) facts in the real world. Instead, it relies on superficial treatment of the law of the case doctrine across different individual cases within an MDL. *See City and Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 630, 650 n.19 (N.D. Cal. 2020) (finding that, although MDL decisions in discrete MDL member cases are persuasive (given their similarities), they may not be binding).[2] And it further fails to

---

[2] This is one reason the PECs proposed a first-step consolidated proceeding to reach litigation-wide determinations on liability for punitive damages and a framework for punitive damages awards. ECF No. 10422 at 2.

The Honorable Sarah Netburn
October 25, 2024
Page 3

_____

discuss the expert testimony necessary to provide an evidentiary basis for any punitive damages application. The PECs' proposed framework, on the other hand, was intended to provide an approach to consider the concerns the Court identified in its 2016 R&R, as well as accounting for new developments, expert testimony, and other evidence essential to the punitive damages assessment, which would benefit *all* plaintiffs in the MDL.

Since expert testimony is needed, the retention of appropriate experts and development of their testimony and supporting evidence for purposes of a punitive application would require considerable expense and investment of time, and the record in the case indicates that Mr. Schutty is not in a position to contribute either. Further, the exercise would require considerable work by the Court and the PECs and other plaintiffs' counsel participating in the substantive litigation (which Mr. Schutty is not), potentially draining resources from important issues of higher priority.

Last, the USVSST Fund's service requirement referenced in Mr. Schutty's letter, at 3, is not new. That the USVSST Fund Special Master is now, apparently for the first time, requiring Mr. Schutty to expend resources on translation and service of new judgments—a cost that all plaintiffs' counsel have incurred for years—has no connection to his demand for a punitive damages assessment for solely his small number of clients now. Furthermore, because punitive damages are not recoverable from the USVSST Fund, the Special Master's service requirement is immaterial if Mr. Schutty is re-serving simply to add punitive damages to a USVSST claim.

If the Court intends to engage on the punitive damage issues, it should do so based on the framework proposed in the PECs' October 11, 2024 letter, not based on the October 23, 2024 letter from Mr. Schutty.

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | COZEN O'CONNOR |
| By: /s/ Robert T. Haefele | By: /s/ Sean P. Carter |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| 28 Bridgeside Boulevard | One Liberty Place |
| Mount Pleasant, SC 29465 | 1650 Market Street, Suite 2800 |
| Tel.: (843) 216-9184 | Philadelphia, Pennsylvania 19103 |
| Email: rhaefele@motleyrice.com | Tel.: (215) 665-2105 |
| | Email: scarter@cozen.com |
| *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs* | *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

cc:   The Honorable George B. Daniels, via ECF
      All Counsel of Record via ECF