UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03-CV-06978

### DECLARATION OF J. SCOTT TARBUTTON IN SUPPORT OF THE *FEDERAL INSURANCE* PLAINTIFFS' REQUEST FOR ISSUANCE OF CLERK'S CERTIFICATE OF DEFAULT AGAINST THE REPUBLIC OF THE SUDAN

I, J. Scott Tarbutton, declare under penalty of perjury, as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned matter, a member of the law firm Cozen O'Connor, and a member of the Plaintiffs' Executive Committees in this MDL litigation. I am familiar with the facts and circumstances in this action.

2. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the United States District Court for the Southern District of New York, I submit this Declaration in support of the *Federal Insurance* Plaintiffs' Request to the Clerk of Court for Entry of Default and for a Clerk's Certificate of Default against defendant the Republic of the Sudan ("Sudan").

3. The *Federal Insurance* Plaintiffs in this action, identified in Exhibit 1, are insurance companies that sustained billions of dollars in losses paid to policyholders that sustained property and business losses resulting from the terrorist attacks of September 11, 2001.

4. The *Federal Insurance* Plaintiffs initially filed suit against Sudan on September 10, 2003, alleging that Sudan played a critical role in providing material support and resources to al Qaeda to facilitate the terrorist attacks of September 11, 2001.

5. Service of the *Federal Insurance* Plaintiffs' complaint and summons was effectuated on Sudan through diplomatic channels by the U.S. Department of State on November 30, 2004, in accordance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C § 1608 *et seq*. *See* ECF No. 1208.

6. Sudan failed to respond to the *Federal Insurance* Plaintiffs' complaint, and on September 9, 2005, the Clerk of Court issued a Certificate of Default against Sudan in the *Federal Insurance* action.

7. Sudan did not participate in the proceedings for over fifteen years after it was originally served in the *Federal Insurance* action, but finally appeared in the litigation in 2020, and the Court approved the filing of a Consolidated Amended Complaint ("CAC") by the *Federal Insurance* Plaintiffs and other plaintiffs' groups. *See* ECF No. 6401.

8. The CAC was filed on November 20, 2020, and service of the CAC was accepted by Sudan's counsel upon filing. *See* ECF No. 6539; *see also* Transcript, August 5, 2020 conference before the Honorable Sarah Netburn at pp. 33, 34, and 46, attached hereto as Exhibit 2.

9. On January 8, 2021, Sudan moved to dismiss the CAC for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. *See* ECF Nos. 6574, 6575.

10. On August 10, 2023, the Honorable George B. Daniels issued a Memorandum Decision and Order denying Sudan's motion to dismiss. *See* ECF No. 9278.

11. On September 8, 2023, Sudan filed a Notice of Appeal from the District Court's Memorandum Decision and Order in the consolidated multidistrict litigation. *See* ECF No. 9336.

12. On September 3, 2024, the U.S. Court of Appeals for the Second Circuit dismissed Sudan's appeal. *See* Amended Judgment, Dkt. No. 89, attached hereto as Exhibit 3.

13. On September 24, 2024, the U.S. Court of Appeals for the Second Circuit issued its Mandate. *See* Mandate, Dkt. No. 90-1, attached hereto as Exhibit 4. *See also* ECF No. 10394.

14. Sudan was required to file its answer to the CAC within fourteen (14) days of the issuance of the Mandate. *See* Fed. R. Civ. P. 12(a)(4)(A).

15. To date, Sudan has not answered or otherwise responded to the CAC, and the time for Sudan to have done so has now expired.

16. Accordingly, the Clerk should enter a default against Sudan pursuant to Fed. R. Civ. P. 55(a).

17. The defendant is not a minor, infant or an incompetent person. *See* Fed. R. Civ. P. 55(b)(1).

18. The defendant is not in the military service. *See* 50 U.S.C. App. § 521(b)(1).

19. The Request for a Clerk's Certificate of Default is attached hereto and incorporated herein as Exhibit 5. The Proposed Clerk's Certificate of Default has been filed separately.

WHEREFORE, the *Federal Insurance* Plaintiffs respectfully request that the default of Sudan be noted and a Clerk's Certificate of Default be issued.

Executed in Ashburn, VA on November 4, 2024.

*[signature]*

J. Scott Tarbutton, Esq.

LEGAL\73614549\1