**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

November 4, 2024

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Daniels:

Earlier today, Plaintiffs with claims against the Republic of the Sudan ("Sudan") began filing requests with the Clerk of Court for issuance of Certificates of Default. The Plaintiffs Executive Committees thought it would be helpful to provide Your Honor with some background concerning those requests.

On August 10, 2023, Your Honor denied in part, and granted in part, Sudan's motion to dismiss. *See* ECF No. 9278. Among other determinations, the Court held that sections 1605A (the state sponsor exception) and 1605B (JASTA) of the Foreign Sovereign Immunities Act applied to Plaintiffs' claims and stripped Sudan of immunity. Sudan thereafter filed a notice of appeal, predicating jurisdiction on the theory that this Court's denial of its immunity motion qualified for interlocutory appeal under the collateral order doctrine. *See* ECF No. 9336.

On September 3, 2024, the Second Circuit granted Plaintiffs' motion to dismiss Sudan's appeal. Although the collateral order doctrine "ordinarily permits immediate appeals from denials of immunity under the FSIA," the Court held that the statutory prohibition on interlocutory appeals set forth in 1605A(f) of the State Sponsor Exception barred Sudan's appeal. *See* ECF No. 10394, attached hereto as Exhibit 1, Motion Order at 4-5. Accordingly, the Second Circuit dismissed Sudan's interlocutory appeal and remanded the proceedings to this Court.

Upon issuance of the Second Circuit's Mandate on September 24, 2024, *see* Exhibit 1, Plaintiffs contacted Sudan's counsel that same day to schedule a "meet and confer to discuss a plan for further proceedings as to Sudan." *See* Exhibit 2. Plaintiffs followed up the next day, concerning the availability of Sudan's counsel for a date Plaintiffs proposed for later that week. *Id.* In response, counsel for Sudan advised that they were unavailable that week and were

The Honorable George B. Daniels
November 4, 2024
Page 2

_____

"conferring with our client and will revert with a date and time to meet and confer." *Id.* Having still not heard back with a proposed date for the meet and confer, Plaintiffs followed up again on October 10, and proposed that the parties confer on October 15, a date that counsel for Sudan had indicated they had availability for a separate meet and confer concerning their other client Al Rajhi Bank. *Id.* In response, counsel for Sudan stated that they were "still conferring with our client and need more time to conclude those discussions," and that they were "hoping to come back [] soon with some proposed times." *Id.* More than three weeks have since passed, with no further communication from Sudan.

Meanwhile, the deadline for Sudan to file answers following issuance of the Second Circuit's mandate expired on October 8, 2024. Nearly a month later, Sudan still has not filed answers to either the Consolidated Amended Complaint or the Ashton Complaint, and has made no request for additional time.[1] As a result, Sudan has been in default for nearly a month already.

As Plaintiffs noted when Sudan belatedly appeared in this MDL in 2020, *see, e.g.*, Exhibit 3, Tr. of Conference at 40-41 (Aug. 5, 2020) (referring to *Flanagan v. Islamic Repub. of Iran*, 190 F. Supp. 3d 138, 156-158 (D.D.C. 2016), summarizing Sudan's history of willful defaults in FSIA litigation), Sudan has a long history of appearing in U.S. litigation for purposes of raising technical defenses, and then defaulting when faced with the prospect of discovery. It is apparent that history is repeating itself, and Plaintiffs are therefore taking steps to avoid unnecessary further delay by requesting the issuance of certificates of default.

Respectfully submitted,

MOTLEY RICE LLC

By: */s/ Robert T. Haefele*
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By: */s/ Sean P. Carter*
SEAN P. CARTER
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

cc:   The Honorable Sarah Netburn (via ECF)
      All Counsel of Record (via ECF)

LEGAL\73908717\1

---

[1] Most obviously, Plaintiffs' request to meet and confer about a discovery plan did not operate to suspend the deadline under the Federal Rules for Sudan to file its answers.