UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton, et al. v. Republic of Sudan, et al.*, Case No. 02-CV-6977 (GBD; SN)
*Betru, et al. v. Republic of Sudan, et al.*, Case No. 20-CV-10615 (GBD; SN)
*Clarke, et al. v. Republic of Sudan, et al.*, Case No. 23-CV-7736 (GBD; SN)

## DECLARATION OF ANDREW J. MALONEY, III IN SUPPORT OF THE *ASHTON*, *BETRU* AND *CLARK* PLAINTIFFS' REQUEST FOR ISSUANCE OF CLERK'S CERTIFICATE OF DEFAULT AGAINST THE REPUBLIC OF THE SUDAN

I, Andrew J. Maloney, III, Esq., declare under penalty of perjury, as follows:

1. I am an attorney admitted to practice *pro hac vice* in the above-captioned matter, a partner at the law firm Kreindler & Kreindler LLP, and have been litigating this case since 2002. I am familiar with the facts and circumstances in this action.

2. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the United States District Court for the Southern District of New York, I submit this Declaration in support of the *Ashton, Betru and Clarke* Plaintiffs' Request to the Clerk of Court for Entry of Default and for a Clerk's Certificate of Default against defendant the Republic of the Sudan ("Sudan").

3. The *Ashton, Betru and Clarke* Plaintiffs in this action, identified in Exhibits 1, 2, and 3 are personal representatives of the estates of those killed in the September 11, 2001 Terror Attacks and surviving immediate family members (or functional equivalent) and those who received physical injuries as a result of the attacks.

4. The *Ashton* Plaintiffs initially filed suit against Sudan on March 6, 2003, alleging that Sudan played a critical role in providing material support and resources to al Qaeda to facilitate the terrorist attacks of September 11, 2001.

5. Service of the *Ashton* Plaintiffs' complaint and summons was effectuated on Sudan through diplomatic channels by the U.S. Department of State on April 29, 2003, in accordance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C § 1608 *et seq*. *See* ECF No. 358 at 14-16.

6. Sudan failed to respond to the *Ashton* Plaintiffs' complaint, and on December 22, 2011, the Clerk of Court issued a Certificate of Default against Sudan in the *Ashton* action.

7. Sudan did not participate in the proceedings for over seventeen years after it was originally served in the *Ashton* action, but finally appeared in the litigation in 2020, and the Court approved the filing of an Amended Complaint ("Ashton Amended Sudan Complaint" or "AASC") by the *Ashton* Plaintiffs and other plaintiffs' groups. *See* ECF No. 6401.

8. The AASC was filed on November 19, 2020, and service of the AASC was accepted by Sudan's counsel upon filing. *See* ECF No. 6537; *see also* Transcript, August 5, 2020 conference before the Honorable Sarah Netburn at pp. 33, 34, and 46, attached hereto as Exhibit 4.

9. The *Betru* Plaintiffs filed an authorized short form complaint against Sudan adopting the Ashton Amended Sudan Complaint filed on December 12, 2020, see ECF No. 6558, *Betru et al v. Republic of Sudan*, 20-cv-10615; and the *Clarke* Plaintiffs filed their short form complaint against Sudan adopting the AASC on August 30, 2023, *Clarke v. Republic of Sudan*, 23-cv-7736.

10. On January 8, 2021, Sudan moved to dismiss the AASC and the Consolidated Amended Complaint brought by other Plaintiffs ("CAC") for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. *See* ECF Nos. 6574, 6575.

11. On August 10, 2023, the Honorable George B. Daniels issued a Memorandum Decision and Order denying Sudan's motion to dismiss. *See* ECF No. 9278.

12. On September 8, 2023, Sudan filed a Notice of Appeal from the District Court's Memorandum Decision and Order in the consolidated multidistrict litigation. *See* ECF No. 9336.

13. On September 3, 2024, the U.S. Court of Appeals for the Second Circuit dismissed Sudan's appeal. *See* Amended Judgment, Dkt. No. 89, attached hereto as Exhibit 5.

14. On September 24, 2024, the U.S. Court of Appeals for the Second Circuit issued its Mandate. *See* Mandate, Dkt. No. 90-1, attached hereto as Exhibit 6. *See also* ECF No. 10394.

15. Sudan was required to file its answer to the CAC within fourteen (14) days of the issuance of the Mandate. *See* Fed. R. Civ. P. 12(a)(4)(A).

16. To date, Sudan has not answered or otherwise responded to the CAC, and the time for Sudan to have done so has now expired.

17. Accordingly, the Clerk should enter a default against Sudan pursuant to Fed. R. Civ. P. 55(a).

18. The defendant is not a minor, infant or an incompetent person. *See* Fed. R. Civ. P. 55(b)(1).

19. The defendant is not in the military service. *See* 50 U.S.C. App. § 521(b)(1).

20. The Request for a Clerk's Certificate of Default is attached hereto and incorporated herein as Exhibit 7. The Proposed Clerk's Certificate of Default has been filed separately.

WHEREFORE, the *Ashton, Betru and Clarke* Plaintiffs respectfully request that the default of Sudan be noted and a Clerk's Certificate of Default be issued.

Executed in New York, NY on November 4, 2024.

_____
Andrew J. Maloney, III, Esq.