UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
|---|---|

This document relates to:

*Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF THE *ASHTON* PLAINTIFFS' MOTION TO ADD ADDITIONAL PLAINTIFFS TO ITS SIXTH AMENDED COMPLAINT**

**Introduction & Factual Background**

On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against Defendants al Qaeda Islamic Army and the Taliban, among others. *See* 02-cv-6977 (S.D.N.Y.) ECF 1.[1] The *Ashton* matter was consolidated for liability purposes and mandated to proceed under *Ashton, et al. v. al Qaeda Islamic Army, et al*. (hereinafter collectively referred to as "*Ashton*") (master docket number 02-cv-6977). *See* 02-cv-6977, ECF 5, entered 11/19/2002. The consolidated *Ashton* complaint has been amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

In their complaints, the *Ashton* Plaintiffs, both United States nationals and non-nationals, asserted federal jurisdiction against Defendant the Taliban pursuant to, among other things, the Alien Tort Statute (28 U.S.C. § 1350) ("ATS"), the Foreign Sovereign Immunities Act (28 U.S.C. § 1605(a)(7)) ("FSIA") and the Torture Victim Protection Act (28 U.S.C. § 1350 note) ("TVPA"). *See, e.g.,* 02-cv-6977, ECF 465 at ¶¶ 2, 10-12.

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

The causes of action asserted against the defendants identified in the Sixth Amended Complaint, such as, among others, the Taliban were based on state law (Counts One through Three), the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA") (Count Four) and the TVPA (Count Five). *See, e.g.,* 02-cv-6977, ECF 465 at ¶¶ 464-66, 469-70, 473-74, 477-78, 481-82, 486-89. Included in these counts were claims for wrongful death damages (economic loss and pain and suffering, among other things), personal injuries (both physical and mental), and solatium losses (along with loss of consortium, loss of support, loss of society and companionship, loss of parental care and guidance and more). *Id.*

This Court issued an order on September 16, 2004 authorizing service of process by publication on defendants, including, among others, Defendant the Taliban. ECF 445 at 1, 11. The *Ashton* Plaintiffs, and others, served those defendants, including the Taliban, by publication with verification of publication filed on March 4, 2005 and March 16, 2005. ECF 709, 735; Maloney Decl. at ¶ 5.[2] The defendants identified in an *Ashton* April 27, 2006 filing, including the Taliban, did not answer, and the *Ashton* Plaintiffs moved for a default judgment, which this Court granted on May 12, 2006. ECF 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the Taliban, ECF 1782-5); Maloney Decl. at ¶ 5 and Exhibit B to Maloney Declaration (the list of defaulted defendants). This default judgment states that it

[2] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2, 4; 735 at 2. The jurisdictional and factual allegations against the Taliban as set forth in the operative complaint at the time of service did not change in subsequent amendments. *Compare* 02-cv-6977 (S.D.N.Y.) (*Ashton* Consolidated Master Complaint, filed 03/06/2003), ECF 11 at ¶¶ 2, 10-12, 23, 112-13, 145, 178-79, 190, 195, 249-253, 451, 600, 602-03, 605-06, 608-09, 610-12, 615-19 *with* 02-cv-6977 (S.D.N.Y.) (*Ashton* Sixth Amended Complaint, filed 09/30/2005) ECF 465 at ¶¶ 2, 10-12, 22, 78-79, 123-24, 193-95, 234, 381, 464-66, 469-70, 473-74, 477-78, 481-82, 486-87, 489.

applies to all plaintiffs and defendants identified up to and through the *Ashton* Sixth Amended Complaint. ECF 1797.

In Case Management Order #2 entered on June 16, 2004, the Court established a process for adding plaintiffs to the terror litigation by listing their names and filing as supplemental pleadings under Fed.R.Civ.P. 15(d) and specified that "[p]laintiffs added by this procedure need not re-serve defendants who have already been served." ECF 247 at ¶ 12.[3]

The *Ashton* Plaintiffs now move pursuant to Fed. R. Civ. P. Rules 15 and 21 and in accordance with Case Management Order #2, ¶ 12, for leave to add Additional Plaintiffs as parties to their Sixth Amended Complaint. The Additional Plaintiffs are identified individually in the Exhibit accompanying the Maloney Declaration ("Additional Plaintiffs"). *See* Exhibit A (*Ashton* Additional Plaintiffs). Claims for these individuals were initially pursued by the personal representatives of the estates of the 9/11 victims. In accordance with procedures established by the Court to manage this complex litigation, Additional Plaintiffs now seek to be added to the *Ashton* Sixth Amended Complaint as plaintiffs in their own names with direct claims against the Taliban.

The Additional Plaintiffs are surviving immediate family members of victims murdered on September 11, 2001 in the terrorist attacks. The Additional Plaintiffs were not previously named individually as plaintiffs with their own individual claims against the Taliban, although they have previously sued co-defendants, including, among others, the Islamic Republic of Iran,

---

[3] Although CMO #2 stated that the joinder of additional parties was to be completed by December 31, 2004, the *Ashton* Plaintiffs believe that in this Taliban default scenario, following the Court's previously established procedure and extending ¶12 to apply to the proposed Additional Plaintiffs identified in Exhibit A to the Maloney Declaration would ensure both fairness and judicial economy, particularly since the proposed Additional Plaintiffs have agreed to be bound by all prior rulings made in this case.

the Republic of the Sudan and the Kingdom of Saudi Arabia, either in the original *Ashton* complaint or by utilizing the Court's short form procedures. Additional Plaintiffs have direct relationships previously recognized by this Court as being qualified for solatium damages. The relationships between the Additional Plaintiffs and the 9/11 victims have been verified by counsel for the *Ashton* plaintiffs. Maloney Decl. at ¶ 7. The complaint would remain the same in all respects but for identifying the Additional Plaintiffs against the Taliban by name and setting forth their relationships to the 9/11 victims.

To ensure both fairness and judicial economy, Plaintiffs further request that the Court grant this motion on the condition that all parties be bound by all prior rulings made in this case, including, among other things, the Court's prior order on service by publication, ECF No. 445. Plaintiffs also request that the Court allow Case Management Order #2, ECF No. 247, ¶ 12 to apply to Additional Plaintiffs.

This Court has approved substantially similar motions to add Additional Plaintiffs to the 9/11 MDL who asserted claims against the Taliban in accordance with Fed. R. Civ. P. 15(a)(2). *See* ECF 7949, 8111, 8150, 8473, 8696, 8721, 8826, 9729. To be clear, the *Ashton* plaintiffs' motion to amend is made to merely add the Additional Plaintiffs without otherwise affecting any prior service, order, or judgment entered in the case. The Court has previously endorsed such an approach on multiple occasions in Case Management Order #2 and in the short form orders applicable to the Islamic Republic of Iran, the Kingdom of Saudi Arabia, and the Republic of Sudan. *See* ECF No. 247, ¶ 12 (authorizing adding parties as supplemental pleadings without leave of the court and without requiring additional service on defendants); ¶ 13 (authorizing plaintiffs to file more definite statements or additional allegations against defendants in lieu of filing an additional amended complaint) and ¶ 14 (authorizing Federal

Insurance to file a RICO statement incorporated by reference into earlier complaint); ECF 5234 at 7, 26, 31 (authorizing short forms for addition of new claims against Saudi Arabia and Iran, and specifically providing that "[t]he amendment effected through this Notice to Conform supplements by incorporation into, but does not displace, Plaintiffs' underlying Complaint" . . . "[t]he amendment effected through this Notice of Amendment supplements by incorporation into, but does not displace, the underlying Complaint"); *see also* ECF 6547 (Sudan). The Court has the authority to impose such a condition, *see* 7C Fed. Prac. & Proc. Civ. § 1922 (3d ed.), and such a condition will prevent re-litigation of legal issues long since decided by this Court.

The procedural devices of adding parties either through Rule 15 and 21 should be granted "when justice so requires," "on just terms," and are designed to balance the "efficient[] administrat[ion] [of] legal disputes by resolving all related [matters] in one lawsuit" with the need to ensure that the lawsuit does not become "unnecessarily complex, unwieldy or prolonged." *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994)). Here, the most practical and equitable means for Additional Plaintiffs to pursue their claims is for this Court to grant their Motion to be added to an existing case with the condition that all parties will be bound by all prior rulings in this case, as the Court previously recognized in issuing Case Management Order #2.

Adding parties now will not unduly delay or prejudice the Taliban's rights as it has already defaulted. The Taliban has had judgments entered against it and knows that its heinous acts affected tens of thousands of people still waiting for justice. If the Taliban eventually appears, it is difficult to identify any prejudice the terrorist group would suffer since it

defaulted. Moreover, the proposed Additional Plaintiffs have not delayed in pursuing their claims for justice in connection with the 9/11 terror attacks as evidenced by their filings of short form complaints in accordance with the procedures established by the Court. Rather it is the Taliban that has delayed by ignoring this case for decades.

If this Court denies the Motion, then Additional Plaintiffs would be left with only two alternatives. They could simply surrender their claims against the Taliban for the wrongful death of their loved ones. Or they could start over and bring thousands of new claims against the Taliban in the form of new complaints.

The former course of action would result in an obvious and terrible injustice. The latter would be an unnecessary waste of time, effort, and legal resources and would subject Additional Plaintiffs to potential additional defenses not otherwise available to the Taliban. This mass tort case calls out for collective adjudication so that Additional Plaintiffs can economically litigate their claims.

## I. The Court Should Permit the Amendment or Supplementation of the *Ashton* Sixth Amended Complaint to Include Additional Plaintiffs Under Fed. R. Civ. P. 15 and 21, as Previously Permitted in Case Management Order #2 and as Recently Granted for More than 3,000 Additional Plaintiffs

The *Ashton* Plaintiffs move under Rule 15(a) and/or (d) to amend or supplement the *Ashton* Sixth Amended Complaint to include Additional Plaintiffs. *See Bartels v. Inc. Vill. of Lloyd Harbor*, No. 10- CV-5076 ADS GRB, 2012 WL 2576142, at *5 (E.D.N.Y. July 2, 2012); *see also* 6A Wright &Miller, Federal Practice & Procedure § 1504 (3d ed. Supp.2011) ("Litigants also have been allowed to supplement their original pleadings to include new parties when events make it necessary to do so."); Case Management Order #2, ECF No. 247, ¶ 12; § 1474 Types of Amendments Permitted Under Rule 15(a), 6 Fed. Prac. & Proc. Civ. § 1474 (3d ed.) (collecting cases). Rule 15(a)(2) provides in relevant part: "[A] party may amend its

pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Rule 15(d) in turn provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading" which includes adding additional plaintiffs, under applicable case law. § 1507 Supplemental Pleadings—Adding New Parties, 6A Fed. Prac. & Proc. Civ. § 1507 (3d ed.); Case Management Order #2, ECF No. 247, ¶ 12; *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 422 (E.D.N.Y. 1972). Rule 21 adds that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "The general standard" to add parties under Rule 21 "is the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Burke*, 55 F.R.D. at 419; *Ke v. 85 Fourth Ave. Inc.*, No. 07 CIV. 6897, 2009 WL 185949, at *3 (S.D.N.Y. Jan. 22, 2009) (granting motion to add parties). Indeed, this Court previously encouraged plaintiffs to use Rule 15(d) to add parties without the need to re-serve defendants. *See* ECF No. 247, ¶ 12. As discussed below, Additional Plaintiffs satisfy the applicable legal standard under Rule 15(a), 15(d) and Rule 21. Additional Plaintiffs Satisfy Rule 15(a).

"A party may make a Rule 15(a) amendment to add…parties to the action." 6 Fed. Prac. & Proc. Civ. § 1474 and n.22 (3d ed.) (collecting authorities). Leave to amend is a matter committed to the sound discretion of the District Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F. 3d 168, 174 (3d Cir. 1993). However, the District Court must exercise such discretion consistent with Rule 15(a)'s mandate that "amendments are to be granted freely in the interests of justice." *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 395-96 (D.N.J. 1997). Ordinarily, a District Court must therefore grant amendment absent "futility," "unfair prejudice," "undue delay," "dilatory motive," or "bad faith." *Milanese v. Rusto-Leum Group*, 244 F.3d 104, 110 (2d Cir. 2001). None of these grounds apply.

The amendment to add Additional Plaintiffs is not futile. An amendment is "futile" if the "complaint, as amended, would fail to state a claim upon which relief could be granted." *In re NAHC, Inc. Sec. Lit.*, 306 F. 3d 1314, 1322 (3d Cir. 2002). Here, the *Ashton* Sixth Amended Complaint unequivocally states cognizable claims against the Taliban. *See* 02-cv-6977 (S.D.N.Y.), ECF No. 465, ¶¶ 2, 10-12, 22, 78-79, 123-24, 193-95, 234, 381, 464-66, 469-70, 473-74, 477-78, 481-82, 486-87, 489 (describing the Taliban's extensive role in the September 11, 2001 attacks and resulting harm). These allegations have not been challenged and must be taken as true. *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (accepting factual allegations in initial and proposed amended complaints as true in motion to amend); *Buari v. City of New York*, 530 F. Supp. 3d 356, 410 (S.D.N.Y. 2021) (same). Further, the Taliban has already defaulted as to the *Ashton* Plaintiffs and thousands of other plaintiffs in similar MDL cases, and the Court has already found for liability against the Taliban. ECF No. 1797. The proposed Additional Plaintiffs' claims here are plainly not futile.

Their claims are also timely under relation back principles. *See Andujar v. Rogowski*, 113 F.R.D. 151 (S.D.N.Y. 1986) (if a defendant knows the number of plaintiffs injured, claims raised by new plaintiffs relate back to a previously filed claim by another plaintiff); *Amaya v. Garden City Irrigation, Inc.*, No. 03 CV 2814 FB/RML, 2008 WL 2940529 (E.D.N.Y. July 28, 2008) (same). Here, the Taliban was aware, or should have been aware, that Additional Plaintiffs could bring claims arising out of the September 11th Attacks against it. The *Ashton* complaints describe the thousands killed or seriously impacted in the Attacks, and describe claims brought on behalf of the victims and their survivors. *See, e.g.*, 02-cv-6977 (S.D.N.Y.) ECF 465 (Sixth Amended Complaint, Filed 09/30/2005). Thousands of plaintiffs filed suit against the Taliban in the early 2000s. The Taliban knows of its massive potential exposure.

Under applicable precedent, Additional Plaintiffs can therefore bring claims against the Taliban that relate back to the original filings. But even if Rule 15 relation back principles did not apply, the Taliban would still need to assert the statute of limitations as an affirmative defense, and it has the burden of proof on that issue. *See* Rule 8(c); *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011). The Taliban would also have to explain why the statutes of limitations are not otherwise tolled due to pending criminal cases (i.e., the ongoing criminal proceedings in Guantanamo Bay and the prior criminal proceedings against Zacarias Moussaoui), the disappearance and/or death of defendants, newly discovered evidence, equitable tolling, on account of infancy (for certain Additional Plaintiffs), and due to other applicable tolling principles that "allow[] relation back." *See* Rule 15(c)(1)(A). New York law, for example, allows for relation back "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." *See* CPLR 203(f). Even if the Taliban appeared *and* asserted a statute of limitations defense, *and* relation back principles did not apply, it *still* could not meet its burden of proof because the claims are timely.

The Taliban will also suffer no prejudice. "[P]rejudice" in this context arises when the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute…" *Block v. First Blood Assocs.*, 988 F. 2d 344, 350 (2d Cir. 1993). However, delay (and its necessary consequence litigation expense), without more, does not constitute prejudice. *Block*, 988 F.2d at 350-51; *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). To the contrary, time, effort, and money expended in litigation do not, as a general matter, constitute prejudice that would justify denial of leave to amend. *McGee v. Doe*, 568

Fed. Appx. 32, 40 (2d Cir. 2014). The Taliban will plainly not be prejudiced by the proposed amendment. It has defaulted thousands of times against thousands of plaintiffs in multiple cases in this MDL, including this one. It has not expended any resources defending itself. The addition of new parties would not result in it expending additional resources either. The only "delay" or expenditure of resources would occur if the Taliban subsequently appears. In that case, the delay and expenditures would not be prejudicial or undue and would not be a result of this Motion. It would just be a belated attempt by the Taliban to defend itself generally in this MDL.

In sum, Additional Plaintiffs satisfy the liberal standards for amendment provided by Rule 15(a). The Court should therefore grant leave to amend to include the Additional Plaintiffs as parties to the *Ashton* Sixth Amended Complaint.

The Court also has the authority to grant an amendment that adds or drops parties with conditions imposed. *See* Fed. R. Civ. P. 21 ("…the court may at any time, on just terms, add or drop a party.") (emphasis added); 7 Fed. Prac. & Proc. Civ. § 1688 and n.19 (3d ed.); *duPont Glore Forgan, Inc. v. Arnold Bernhard & Co.*, 73 F.R.D. 313, 314 (S.D.N.Y. 1976) (collecting authorities for proposition that amendment under Rules 15 and 21 to add or drop parties may be made subject to conditions). Given the stated goal of adding parties without affecting any prior service, order or judgment entered in the case, Additional Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable subpart that accomplishes this goal and extends Case Management Order #2, ECF No. 247, ¶ 12 to apply to the plaintiffs added through this motion against the Taliban.

**A. Additional Plaintiffs Satisfy Rule 15(d).**

As discussed above, the Court can authorize that additional parties be added under Rule

15(d), and this Court has done so previously without requiring new service. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019) ("Courts in the Second Circuit routinely permit the addition of parties through the filing of a supplemental pleading pursuant to Civil Rule 15(d)."); *Jackson v. Odenat*, No. 09 Civ. 5583, 2012 WL 505551, at *3 (S.D.N.Y. Feb. 14, 2012); *McClean v. Scully*, No. 90 Civ. 2590, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (recognizing that relief under Civil Rule 15(d) "may include the addition of new defendants and new claims, if adequately related to the originally stated claims"); ECF No 247, ¶ 12. Courts often blur the distinction between an amendment and a supplement. 6A C. Wright and A. Miller, Federal Practice and Procedure § 1504 (3d ed.) ("Parties and courts occasionally confuse pleadings and mislabeling is common. However, these misnomers are not of any significance . . . the court's inattention to the formal distinction between amendment and supplementation is of no consequence."); *see In re Arred Elec'l Contracting Corp*., 106 B.R. 353, 358-59 (Bankr. S.D.N.Y. Sept. 22, 1989) (treating motion to amend as a motion to amend or supplement). The standard for filing a supplemental complaint is the same as filing an amendment. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *5 (N.D.N.Y. Nov. 4, 2019) ("Rule 15(d) motions are evaluated under the same liberal standards used to evaluate motions to amend pleadings under Rule 15(a)."); *New York State Nat'l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y. 1998); *Forbes & Wallace, Inc. v. Chase Manhattan Bank*, 79 F.R.D. 563, 565 (S.D.N.Y. 1978). *See* ECF No. 247, ¶ 12 (authorizing adding parties as supplemental pleadings without leave of the court and without requiring additional service on defendants); ECF No. 5234 at 7, 26, 31 (authorizing short forms for addition of new claims against Saudi Arabia and Iran, and specifically providing that "[t]he amendment effected through this Notice to Conform supplements by incorporation into, but

does not displace, Plaintiffs' underlying Complaint" . . . "[t]he amendment effected through this Notice of Amendment supplements by incorporation into, but does not displace, the underlying Complaint"); *see also* ECF No. 6547 (Sudan).

For the same reasons discussed with respect to Rule 15(a) *supra*, Additional Plaintiffs satisfy the Rule 15(d) standard for supplementation. And given the goal of adding parties without otherwise affecting any prior service, orders, or judgments entered in the case, Additional Plaintiffs request that if the Court grants the requested relief under Rule 15, that it do so under the applicable subpart that accomplishes this goal. The Court has previously created such a framework applicable to the Kingdom of Saudi Arabia, Sudan, and Iran, *see* ECF Nos. 5234 and 6547 and could do so here by extending Case Management Order #2, ECF No. 247, ¶ 12 to apply to the plaintiffs added through this Motion against the Taliban.

**B. Additional Plaintiffs Satisfy Rule 21.**

Just like the Court can rely on Rule 15(a) or 15(d) to add parties, the Court can also rely on Rule 21. *See* Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."). The standard for adding a party under Rule 21 is similar if not identical to Rule 15. *Kotler v. Bosco*, No. 917CV0394GTSML, 2019 WL 12291097, at *4 (N.D.N.Y. Nov. 4, 2019) ("Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15."); *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). For the reasons discussed above, the Court should add Additional Plaintiffs as parties against the Taliban.

**C. While Additional Plaintiffs Need Not Satisfy the More Exacting Rule 16(b) "Good Cause" Standard to be Added as Parties Against the Taliban, They Nevertheless Satisfy This Standard as Well**

Where a district court has set a deadline for amending pleadings, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to

amend filed after the deadline[.]" *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 340 (2d Cir. 2000). However, a party need not show good cause when no deadline has been set or when a party does not seek to modify that deadline. *See BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14CIV10067KPFSN, 2017 WL 3610511, at *14 n.7 (S.D.N.Y. Aug. 21, 2017) ("it is not clear to the Court that [plaintiff] is required to show "good cause" under Federal Rule of Civil Procedure 16(b)(4) "since this latter provision pertains solely to motions to *amend*—not motions to *supplement* pleadings." *Beckett v. Inc. Vill. of Freeport*, No. 11 Civ. 2163 (LDW) (AKT), 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014)") (emphases in original); *Watson v. Wright*, No. 08 Civ. 960 (A)(M), 2011 WL 1118608, at *5 (W.D.N.Y. Jan. 11, 2011) ("Unlike motions to amend ...Rule 16's plain language does not require courts to set a deadline for filing a motion to supplement and the parties in this case did not set such a deadline in their Scheduling Order."), *adopted by* 2011 WL 1099981 (W.D.N.Y. Mar 24, 2011). Further, the good cause standard connotes "flexibility" in allowing relief from a scheduling order. The Advisory Committee states that this "liberal standard" was "included in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel might be encouraged to request the longest possible time for completing pleading, joinder, and discovery because of a fear that an extension would be impossible." *See* § 1522.2 Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.); *see also* Advisory Committee's Note to the 1983 amendments to Rule 16.

Here, Additional Plaintiffs do not seek to depart from an existing scheduling order, so the "good cause" standard should not apply. Case Management Order #2 states that joinder of additional parties must be accomplished by December 31, 2004 using Rule 15(d), *without*

*leave of the Court*. The Order never set a deadline to file supplemental pleadings or to file a motion to add parties. Rather, Case Management Order #2 provided a method of adding parties using Rule 15(d) *without leave of the Court* up until a certain date. Similarly, the Order sets a deadline to amend pleadings under Rule 15(a) *without leave of the Court*, simply noting that Court approval would be required after July 31, 2005 (which was later extended to September 30, 2005). *See* ECF No. 247, ¶¶ 12-13. Accordingly, Additional Plaintiffs need not satisfy the "good cause" 16(b) standard to modify a scheduling order to be added as parties under Rule 15(a), (d), or Rule 21. *See Beckett*, 2014 WL 1330557, at *6; *Watson*, 2011 WL 1118608, at *5. Notwithstanding the forgoing, Additional Plaintiffs satisfy the "good cause" standard.

The "good cause" standard generally hinges on the diligence of the party seeking to be added and the prejudice it would cause the non-moving party, along with any other pertinent factor. *See Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (good cause standard met to amend complaint); *Kassner v. 2nd Ave. Delicatessen Inc*., 496 F.3d 229, 243–44 (2d Cir.2007). Additional Plaintiffs satisfy the good cause standard here for myriad reasons, including: (1) the Taliban had no collectible assets in 2004 so there was no point in adding parties to the case against the Taliban (diligence); (2) Additional Plaintiffs moved quickly to join the case against the Taliban once it became possible that the Taliban could obtain collectible assets (diligence); (3) Additional Plaintiffs had not retained counsel for this litigation when the time limits in Case Management Order #2 passed and cannot be bound by a scheduling order entered in a case to which they were not yet a party (impossible to comply with scheduling order); (4) the Taliban defaulted in the case so the time limits in Case Management Order #2 were not relied on or followed by the Taliban in formulating a defense

(diligence when compared to the Taliban and no prejudice to Taliban); and (5) the Court has previously endorsed such amendments/supplementations to add parties even after the time limits set forth in Case Management Order #2 against other defendants in this MDL, including the Kingdom of Saudi Arabia, Sudan, and especially as to Iran, which has also defaulted (no prejudice and diligence), Additional Plaintiffs do not seek to add new allegations or causes of action against the Taliban, they just seek to join an existing lawsuit with identical allegations (no prejudice), and Additional Plaintiffs could file new lawsuits against the Taliban but at considerably higher costs and subject to potential additional procedural defenses should the Taliban appear (no prejudice).

Point five is particularly on point here. As to Iran, another defaulted defendant in the above-captioned case and in the MDL, the Court has already allowed counsel to add plaintiffs notwithstanding earlier Case Management Orders. The Court should similarly allow Additional Plaintiffs to be added to this case to pursue their claims against the Taliban.

For these reasons, Additional Plaintiffs satisfy the good cause standard under Rule 16(b), if it even applies.

## II. Conclusion

For the reasons stated herein, the *Ashton* plaintiffs respectfully request that this Court grant their motion to supplement or amend the Sixth Amended Complaint to include Additional Plaintiffs identified herein as plaintiffs with claims against the Defendant Taliban without otherwise affecting any prior service, order or judgment entered in the case. Plaintiffs further request that their motion be granted on the condition that all parties be bound by all prior rulings made in this action to the same extent and in the same manner as the existing parties are currently bound, including, among other things, the September 16, 2004 Order

authorizing service of process by publication (ECF 445) which was effected by the *Ashton* Plaintiffs on March 4, 2005 and March 16, 2005 (ECF 709, 735).

Dated: New York, New York
November 5, 2024

KREINDLER & KREINDLER LLP

By: /s/ Andrew J. Maloney, III
Andrew J. Maloney, III, Esq.
485 Lexington Ave., 28th Floor
New York, New York 10017
Tel: (212) 687-8181
*Attorneys for Ashton Plaintiffs*