UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)<br><br>ECF Case |

This document relates to:
*Ashton, et al. v. al Qaeda Islamic Army, et al.,* Case. No. 02-6977
*Bauer, et al. v. al Qaeda Islamic Army, et al.,* Case No. 02-7236
*Parker, et al. v. The Republic of the Sudan,* Case No. 20-10657

**DECLARATION OF DOROTHEA M. CAPONE IN SUPPORT OF THE *ASHTON*, *BAUER* AND *PARKER* PLAINTIFFS" REQUEST FOR ISSUANCE OF CLERK'S CERTIFICATE OF DEFAULT AGAINST THE REPUBLIC OF THE SUDAN**

I, Dorothea M. Capone, Esq., declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true and correct:

1.  I am a partner at Baumeister & Samuels, P.C., attorneys for certain *Ashton* Plaintiffs, *Bauer* Plaintiffs, and *Parker* Plaintiffs named above captioned matters and have been litigating this case since 2002. I am familiar with the facts and circumstances of this case and am admitted to practice in this Court.

2.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the United States District Court for the Southern District of New York, I submit this Declaration in support of the *Ashton, Bauer* and *Parker* Plaintiffs' Request to the Clerk of Court for Entry of Default and for a Clerk's Certificate of Default against defendant the Republic of the Sudan ("Sudan").

3.  The *Ashton, Bauer* and *Parker* Plaintiffs in this action, identified in Exhibits 1, 2, 3 and 4 are personal representatives of the estates of those killed in the September 11, 2001 Terror Attacks and surviving immediate family members (or their functional equivalent).

1

4.      The *Ashton* Plaintiffs[1] initially filed suit against Sudan on March 6, 2003, alleging that Sudan played a critical role in providing material support and resources to al Qaeda to facilitate the terrorist attacks of September 11, 2001.

5.      Service of the *Ashton* Plaintiffs' complaint and summons was effectuated on Sudan through diplomatic channels by the U.S. Department of State on April 29, 2003, in accordance with the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C § 1608 et seq. *See* ECF No. 358[2] at 14-16.

6.      Sudan failed to respond to the *Ashton* Plaintiffs' complaint, and on December 22, 2011, the Clerk of Court issued a Certificate of Default against Sudan in the *Ashton* action.

7.      Sudan did not participate in the proceedings for over seventeen years after it was originally served in the *Ashton* action, but finally appeared in the litigation in 2020, and the Court approved the filing of an Amended Complaint ("*Ashton* Amended Sudan Complaint" or "AASC") by the *Ashton* and *Bauer* Plaintiffs and other plaintiffs' groups. *See* ECF No. 6401.

8.      The AASC was filed on November 19, 2020, and service of the AASC was accepted by Sudan's counsel upon filing. *See* ECF No. 6537; see also Transcript, August 5, 2020 conference before the Honorable Sarah Netburn at pp. 33, 34, and 46, attached as Exhibit 5.

---

[1] The Plaintiffs collectively referred to in this motion as "*Bauer* Plaintiffs" initially filed an action in this Court against the defendants who are the subject of this motion on September 10, 2002, 02-cv-7236. By Stipulation and Order dated November 19, 2002, their claims were consolidated into *Ashton v. al Qaeda Islamic Army, et al.*, 02-cv-6977, ECF 5. Additional claims were thereafter brought by Baumeister & Samuels on behalf of four estates and their survivors and immediate family members on July 2, 2003 in an action entitled *York v. al Qaeda Islamic Army, et al.*, 03-cv-5493. This action was then consolidated into the *Ashton* 3rd Amended Complaint filed on September 5, 2003, 02-cv-6977. ECF 111. After this consolidation, the *York* Plaintiffs' claims (originally filed under 03-cv-5493) were voluntarily dismissed and so ordered by Judge Richard Casey on March 22, 2004, ECF 8. The final *Bauer* Plaintiffs were added to the Ashton 5th Amended Complaint filed on September 20, 2004, ECF 447.

[2] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted by ECF number; references to individual civil case docket entries are preceded by the case number.

2

9. The *Bauer* Plaintiffs filed authorized Notices of Amendment on January 29, 2021, February 1, 2021, February 2, 2021 and October 20, 2022 adding immediate family members of the decedents by their names whose claims had previously been represented by the personal representative of each decedent's estate. *See Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-7236, ECF Nos. 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 195.

10. The *Parker* Plaintiffs filed an authorized short form complaint against Sudan adopting the *Ashton* Amended Sudan Complaint on December 17, 2020, *Parker, et al v. Republic of the Sudan*, 20-cv-10657 and agreeing to be bound by any and all rulings related to the AASC.[3] *See* ECF No. 6561.

11. On January 8, 2021, Sudan moved to dismiss the AASC and the Consolidated Amended Complaint brought by other Plaintiffs ("CAC") for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. *See* ECF Nos. 6574, 6575.

12. On August 10, 2023, the Honorable George B. Daniels issued a Memorandum Decision and Order denying Sudan's motion to dismiss. *See* ECF No. 9278.

13. On September 8, 2023, Sudan filed a Notice of Appeal from the District Court's Memorandum Decision and Order in the consolidated multidistrict litigation. *See* ECF No. 9336.

14. On September 3, 2024, the U.S. Court of Appeals for the Second Circuit dismissed Sudan's appeal. *See* Amended Judgment, Dkt. No. 89, attached hereto as Exhibit 6.

15. On September 24, 2024, the U.S. Court of Appeals for the Second Circuit issued its Mandate. *See* Mandate, Dkt. No. 90-1, attached hereto as Exhibit 7. *See also* ECF No. 10394.

---

[3] Service of the *Parker* Short Form Complaint was effectuated on Sudan through diplomatic channels by the United States Department of State on July 19, 2024, pursuant to 28 U.S.C. § 1608(a)(4), and proof of service was provided to the Clerk's Office by the United States Department of State by letter dated September 11, 2024, and noted on the docket on September 25, 2024. The *Parker* Plaintiffs filed an Affidavit of Service attaching proof of service on September 25, 2024, *see* ECF 10397.

3

16. Sudan was required to file its answer to the AASC and CAC within fourteen (14) days of the issuance of the Mandate. *See* Fed. R. Civ. P. 12(a)(4)(A).

17. To date, Sudan has not answered or otherwise responded to the AASC and CAC, and the time for Sudan to have done so has now expired.

18. The defendant is not a minor, infant or an incompetent person. *See* Fed. R. Civ. P. 55(b)(l).

19. The defendant is not in the military service. *See* 50 U.S.C. App. § 521(b)(l).

20. Accordingly, it is respectfully requested that the Clerk enter a default against Sudan pursuant to Fed. R. Civ. P. 55(a). The Request for a Clerk's Certificate of Default is attached hereto and incorporated herein as Exhibit 8. The Proposed Clerk's Certificate of Default has been filed separately.

WHEREFORE, the *Ashton, Bauer* and *Parker* Plaintiffs respectfully request that the default of Sudan be noted and a Clerk's Certificate of Default be issued.

Dated: November 5, 2024
New York, New York

_____
Dorothea M. Capone

4