IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| *This document relates to:*<br><br>*Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, No. 03-cv-9849 | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**SUDAN'S MOTION TO SET ASIDE CERTIFICATE OF DEFAULT**

On behalf of the Republic of the Sudan and in accordance with Rule 55(c) of the Federal Rules of Civil Procedure, we respectfully request that this Court set aside the Certificate of Default entered earlier today against Sudan (ECF No. 10506). This request is in addition to our request earlier today to refrain from entering any additional Certificates of Default against Sudan (ECF No. 10511).

As we observed earlier, Sudan is a foreign sovereign that has been in the throes of a devastating civil war for over a year. During this civil war, thousands of people have been killed, millions displaced, and whole cities have been leveled, including Sudan's capital, Khartoum. *See* Declan Walsh, *A Catastrophic Civil War in Sudan*, N.Y. Times (Aug. 15, 2024), https://www.nytimes.com/2024/08/15/briefing/sudan-civil-war.html. As a result, we have been working diligently with the Sudanese Embassy, but have been having difficulty engaging with appropriate Sudanese government representatives in Sudan, who have been displaced from the capital city of Khartoum. Even Plaintiffs acknowledge in their letter filed on November 4, 2024

that Sudan's counsel has been attempting to confer with Sudanese government representatives. ECF No. 10493.

Good cause exists to set aside the Certificate of Default. Fed. R. Civ. P. 55(c). Sudan has not failed to plead or defend itself (willfully or otherwise), Sudan has meritorious defenses to Plaintiffs' claims, and Plaintiffs would not be prejudiced if the Certificate of Default were to be set aside. *See United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023) (setting forth good-cause factors). In addition, in this Circuit, "[s]trong public policy favors resolving disputes on the merits." *American Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (reversing denial of motion to vacate default judgment); *see also Elco Secs., Ltd. v. Dear Cashmere Holdings, Inc.*, No. 23-cv-5008, 2024 WL 2884100, at *2 (S.D.N.Y. May 23, 2024) ("It is well established that default judgments are disfavored" and that the Second Circuit has expressed a "clear preference . . . for cases to be adjudicated on the merits.") (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001)). This is particularly true in cases brought against foreign sovereigns. *See Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1551 n.19 (D.C. Cir. 1987) (observing that "[i]ntolerant adherence to default judgments against foreign states could adversely affect [the United States'] relations with other nations and undermine the State Department's continuing efforts to encourage foreign sovereigns generally to resolve disputes within the United States' legal framework") (internal quotation and alterations omitted).

Sudan is not under any obligation to file a responsive pleading at this stage and has not "failed to plead or otherwise defend" within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure. Under Rule 12(a)(4), the 14-day deadline to file a responsive pleading only applies "if the court *denies* the motion" to dismiss. Here, the Court granted in part and denied in part Sudan's motion. Specifically, this Court dismissed some of Plaintiffs' state-law claims,

Plaintiffs' claims under the Alien Tort Statute, and Plaintiffs' secondary liability claims under the Anti-Terrorism Act. Mem. Decision and Order at 32, ECF No. 9278. In their submissions requesting entry of the Certificate of Default, Plaintiffs repeatedly obscure that this Court granted Sudan's motion in part, stating misleadingly that "the Court denied Sudan's Motion to Dismiss." Declaration of Robert T. Haefele ¶ 21, ECF No. 10490; *see also* Proposed Clerk's Certificate of Default at 2, ECF No. 10489 ("[O]n August 10, 2023, the United States District Court for the Southern District of New York denied Sudan's motion to dismiss the claims of the *Burnett* plaintiffs against Sudan."). Because various claims have been dismissed, Plaintiffs should be required to amend their lengthy complaints to account for the Court's decision before Sudan is required to file any responsive pleading. Sudan should not be required to file answers to complaints that contain vestigial claims that have been dismissed (and associated allegations supporting those defunct claims); the only orderly way to proceed is by requiring Plaintiffs to amend their complaints. Indeed, requiring Plaintiffs to file amended complaints before Sudan files a responsive pleading would avoid "a procedural thicket" that could result if Sudan were required to respond to claims that are not proceeding in this case. *Cf. Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, (E.D.N.Y. 2009) (observing that tolling of the time to file a responsive pleading to which a partial motion to dismiss is pending avoids "'a procedural thicket' of piecemeal answers").

      Plaintiffs, who of course know of the ongoing civil war in Sudan and that counsel for Sudan was endeavoring to confer with client representatives, filed their request for a Certificate of Default without warning on Monday. As shown, that request misrepresents the nature of this Court's order on Sudan's motion to dismiss to suggest that it falls squarely within Rule 12(a)(4)(A), but it does not. Such opportunism should not be countenanced.

Finally, Sudan has meritorious defenses to Plaintiffs' claims, given the highly tenuous link between any action by Sudan (which expelled Bin Laden in 1996) and the 9/11 attacks. There also would be no prejudice to Plaintiffs by setting aside the Certificate of Default, because Plaintiffs have not yet filed an amended complaint and Sudan has moved to set aside the Certificate of Default on the same day it was entered.

| | |
|---|---|
| Dated:  November 6, 2024<br>Washington, DC | Respectfully submitted,<br><br>**WHITE & CASE**<br><br> /s/ *Christopher M. Curran*<br>Christopher M. Curran<br>Nicole Erb<br>Claire A. DeLelle<br>Nicolle Kownacki (*pro hac vice*)<br>Celia A. McLaughlin<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>Telephone:     + 1 202 626 3600<br>Facsimile:      + 1 202 639 9355<br>ccurran@whitecase.com<br>nerb@whitecase.com<br>cdelelle@whitecase.com<br>nkownacki@whitecase.com<br>cmclaughlin@whitecase.com<br><br>*Counsel for the Republic of the Sudan* |