

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

August 13, 2024

The Honorable George B. Daniels
United States District Judge
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

BY ECF

    Re:    *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-1570 (S.D.N.Y.)

**PUBLIC VERSION – ATTACHMENT OMITTED**

Dear Judge Daniels:

    We jointly write on behalf of defendant Dallah Avco and the FBI to seek this Court's guidance as to the filing of the final redacted versions of Dallah Avco's dispositive motion papers pursuant to this Court's July 29 sealing order (Dkt. 10173). Because the proper treatment of one exhibit is not clear under this Court's order, Dallah Avco and the FBI respectfully request that the Court so-order their proposed approaches as described below.[1]

    Exhibit 97 to Dallah Avco's reply is the deposition transcript of Samuel G. Coombs, who was the ANSS Logistics Manager in the PCA's Airways Engineering Directorate. In that role, Mr. Coombs helped process certain payments that Mohammed Al Salmi directed vendors to pay to fund Omar Al Bayoumi's education and living expenses in the United States.

    Because of Mr. Coombs's connection to the ANSS project, the FBI interviewed Mr. Coombs several times following the 9/11 attacks. The 9/11 Commission Report publicly identifies Mr. Coombs by name and mentions his FBI interviews. *See The 9/11 Commission Report* 515 n.18 (2004) (citing "FBI reports of investigation, interviews of Samuel George Coombs, Apr. 8, 2002; July 24, 2002; Aug. 26, 2002"). Mr. Coombs voluntarily provided a declaration in this litigation after he was contacted by one of plaintiffs' investigators. Dallah Avco Ex. 8 (Dkt. 9477-8). Mr. Coombs then appeared for a deposition on June 22, 2021. Dallah Avco Ex. 97 (Dk. 9609-1 (under seal); Dkt. 10186-1 (current redacted version)). Approximately

---

[1] Dallah Avco is provisionally filing this joint letter under seal at the FBI's request. If the Court grants the relief sought, Dallah Avco and the FBI agree that the Court should direct Dallah Avco to file an unredacted copy of this letter, without the attachment, on the public docket.

155 pages of the deposition transcript reflect testimony that was publicly taken and has never been sealed or even designated confidential under the governing protective orders. *See id.* at 9:1-133:21, 150:16-179:12. But the transcript contains one section, approximately 16 pages long, in which Dallah Avco questioned Mr. Coombs about his prior interviews with the FBI. *See id.* at 134:4-150:13. That portion was taken under the FBI protective order and remains largely under seal pursuant to the FBI's designations. *Id.*

Plaintiffs have identified Mr. Coombs as one of their thirty "high-priority individuals." He also appears to qualify as an FBI "source or witness," given the FBI's interviews of him. Under a literal reading of this Court's July 29 sealing order, Dallah Avco would be required to redact Mr. Coombs's name and other personally identifying information from the FBI-protected portion of his deposition transcript, but not any other testimony. Dkt. 10173 at 8.

In these circumstances, however, it is not clear how the Court intended its sealing order to operate. Although Dallah Avco could redact references to Mr. Coombs's name from the FBI-protected portions of his deposition transcript, Dallah Avco and the FBI agree that those redactions would serve no purpose because it would still be clear that Mr. Coombs was the FBI interviewee discussed in that testimony. For one thing, Exhibit 97 is the transcript of Mr. Coombs's deposition, and it is obvious from the questioning that Dallah Avco's counsel was asking the deponent about his prior statements to the FBI. For another thing, Mr. Coombs's FBI-protected deposition testimony overlaps with information he provided in his declaration and in the public portions of his deposition. A reader could readily identify Mr. Coombs as the subject of the FBI interviews by comparing the general contents of those interviews with the information Mr. Coombs provided in those public documents.

In those circumstances, the only way to prevent Mr. Coombs from being publicly associated with the FBI interviews discussed in the 16-page FBI-protected portion of his deposition would be to redact all the contents of the interviews discussed in the deposition. That approach, however, would be in tension with this Court's ruling that only names and other personally identifying information, not other testimony, should be redacted.

Dallah Avco believes that the appropriate approach in this instance is that Mr. Coombs's deposition transcript should be publicly filed without redacting his name, even when it appears in connection with his FBI interview reports. The FBI does not object to that approach, but notes that its position is based on the particular circumstances of this deponent – whose status as an FBI witness has previously been publicly acknowledged – and that the FBI would not necessarily consider this approach appropriate for other deposition transcripts where the deponent is questioned about his statements to the FBI. Dallah Avco notes that Mr. Coombs's transcript does not contain his address, telephone number, social security number, or similar personal data that needs to be redacted.

The FBI respectfully requests that two discrete passages of testimony at pages 140:9-19 and 146:22-147:6 be redacted on the grounds that they relate to individuals who are not among plaintiffs' thirty "high-priority individuals," concern personal information that is particularly sensitive and/or consist of allegations or speculation, and do not appear to be relevant to this

litigation.  Dallah Avco has no objection to those redactions.  A markup of Mr. Coombs's transcript showing the FBI's two proposed redactions is attached.

Dallah Avco accordingly requests that this Court approve the filing of an updated redacted version of its reply papers with only the redactions described above to Exhibit 97, and with corresponding adjustments to the redactions in Dallah Avco's reply brief and averment response.  Dallah Avco will also redact identifying information with respect to certain other individuals as required by this Court's sealing order.  Finally, the Court should order Dallah Avco to file an unredacted version of this letter, without the attachment, on the public docket.

Dallah Avco and the FBI thank the Court for its time and attention to this matter.

                                      Respectfully submitted,

                                      Robert Kry

cc:   All counsel by ECF