# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers, *Co-Chair*<br>Donald A. Migliori, *Co-Chair*<br>Robert T. Haefele, *Liaison Counsel*<br>MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair*<br>Sean P. Carter, *Co-Chair*<br>J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

November 21, 2024

The Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
     Partial Final Judgments on Punitive Damages

Dear Judge Daniels:

  The Plaintiffs' Executive Committees ("PECs") write in response to the Objections (ECF No. 10516) to the October 29, 2024 Order (ECF No. 10470) Re: Request for Final Judgments Against Iran & the Taliban ("Objections"), filed by the Law Office of John F. Schutty, Esq. Unfortunately, the Objections fail to meaningfully respond to the points raised by the PECs and acknowledged by Magistrate Judge Netburn in her October 29, 2024 Order, which declined to set a briefing schedule on the imposition of punitive damages against the Islamic Republic of Iran ("Iran") and the Taliban at this time.

  As an initial matter, the Objections suggest that the compensatory damages judgments the Court has been entering against Iran and the Taliban are not final and therefore have impeded judgment enforcement efforts or prejudiced plaintiffs. Not true. The compensatory damages judgments entered by this Court ARE final under Fed. R. Civ. P. 54(b) **and** are sufficient for participation in the USVSST Fund and in execution proceedings. As the PECs previously explained, Mr. Schutty is wrong to characterize the compensatory damage judgments as non-final because the Court has not also entered judgment as to punitive damages. *See* ECF No. 10422. As stated therein, "Punitive damage awards are not relevant to applications to the USVSST Fund, because punitive damages are not eligible for payment from that Fund. . . . Punitive damages are likewise not considered in the context of domestic execution proceedings under the Terrorism Risk Insurance Act of 2002". *Id.* at 1-2. In contrast, final judgments for *compensatory damages*, which the Court continues to address on a rolling basis, and the ongoing cases against other defendants in this multi-district litigation "have greater priority" than setting a briefing schedule to address punitive damages applications. *Id.* at 1; *see also* ECF No. 10465 at 1. Mr. Schutty's attempt in his Objections to reframe Judge Netburn's order as a denial of or opposition to entering final judgments is simply wrong, as his own clients can attest to from their ongoing participation in the USVSST Fund.

The Honorable George B. Daniels
November 21, 2024
Page 2

Second, the Objections reason that the imposition of punitive damages against Iran and the Taliban "is a simple mathematical calculation to award either punitive or treble damages"[1] and should therefore be prioritized. Again, Mr. Schutty ignores Judge Netburn's 2016 Order, ECF No. 3358 at 11-16, and the need for the Court to consider expert testimony and other evidence, which Mr. Schutty has not submitted for the Court's consideration. *See* ECF No. 10422 at 2. Mr. Schutty asks "why?" expert testimony, evidence and further analysis may be needed. But he need look no further than Judge Netburn's 2016 Order to understand why the PECs have concluded that proceeding without such evidence could prejudice all plaintiffs.

Third, the Objections claim, incorrectly, that the USVSST Fund has created a new requirement to file "proof of service" and that somehow a delay in awarding punitive damages together with this "new" requirement increases costs to plaintiffs' counsel. First, the requirement to file "proof of service" of a judgment with the USVSST Fund is not new. *See* ECF No. 10465 at 3; *see also* https://www.usvsst.com/Content/Documents/USVSSTFundApplicationForm.pdf, at 17 (application noting that "proof of service of the final judgment" is required). Further, as previously discussed, punitive damages are not eligible for compensation from the USVSST Fund, so "the [USVSST Fund]'s service requirement is immaterial if Mr. Schutty is re-serving simply to add punitive damages to a USVSST claim." ECF No. 10465 at 3.[2]

Fourth, Mr. Schutty's Objections vaguely hint to some sort of conflict of interest by "the PEC firms [] seeking to prioritize their existing Judgments against Iran and the Taliban" and because Mr. Schutty alleges the PECs' current position is inconsistent with its prior position that the Court needs to enter judgments quickly. Mr. Schutty is doubly wrong. As an initial matter, plaintiffs in *Burnett*, *Federal*, and the *O'Neill* group of cases have not been awarded punitive damages against Iran or the Taliban, so to suggest that PEC firms are seeking to avoid entry of punitive damages to prioritize their existing punitive damages judgments is simply false. Second, Mr. Schutty cites to many instances where the PECs did urge the Court for prompt consideration of *compensatory damages judgments*. As previously discussed (and simply ignored by Mr. Schutty), "[n]either the requests nor

---

[1] Again, the Objections purposely misstate the PECs' position regarding imposition of treble damages. As stated in the PECs' October 25, 2024 letter:

> Throughout Mr. Schutty's correspondence, he regularly conflates the issue of punitive and treble damages. To clarify the PECs' position, we note the following. Where the Court awards compensatory damages pursuant to the Antiterrorism Act, which mandates that the Court impose treble damages, the Court's awards and resulting judgments must impose and include treble damages. Moreover, treble damages awarded under the ATA are part of the plaintiffs' compensatory damages. *Stansell v. Revolutionary Armed Forces of Columbia*, 2022 WL 17830551 at *3 (S.D.N.Y. Dec. 21, 2022). The PECs' position in our October 11, 2024 letter concerned recommending a framework for the Court to apply in assessing punitive damages.

ECF No. 10465 at n.1.

[2] In contrast, seeking supplemental economic damages judgments against Iran necessitates additional service expenses. This has impacted most law firms in this litigation, including, we presume, Mr. Schutty.

The Honorable George B. Daniels
November 21, 2024
Page 3

the resulting partial final judgments included punitive damages. In fact the very purpose that the plaintiffs were seeking partial final judgments in examples Mr. Schutty cites was 'to protect[] Plaintiffs' rights . . . under section 201 of the Terrorism Risk Insurance Act, which statutorily precludes recovery of punitive damages.'" ECF No. 10465 at 2 (citing ECF No. 7496-7). The PECs have also asked the Court to prioritize entering compensatory damages judgments against Iran to enable plaintiffs to participate in the USVSST Fund, and the Court has expended tremendous resources doing so. In the end, the position urged repeatedly by the PECs would leave Mr. Schutty and his clients in the same position as the other plaintiffs in *Burnett*, *Federal*, and the *O'Neill* with compensatory damages judgments (that is, with final judgments for compensatory judgments, but without a determination as to judgments for punitive damages).

It should come as no surprise that Mr. Schutty seeks to prioritize peripheral issues at the expense of other more pressing ones, given his admission that he plays no role in handling his own cases before this Court. *See, e.g.*, Declaration of John F. Schutty, Esq. in Support of Application to Substitute Counsel, ECF No. 10175 at ¶ 2 ("This MDL litigation is ongoing, and it is being handled by a Plaintiffs' Steering Committee, so there will be no prejudice to the Plaintiffs or the Defendants by the requested substitution of the Plaintiff's original counsel."); ECF No. 10177 (same); ECF No. 10164 (same); ECF No. 10155 (same); ECF No. 10157 (same); ECF No. 10121 (same). Mr. Schutty simply is not in a position to fairly evaluate what issues to prioritize in this MDL and what work will help advance the case.

Finally, to the extent the Court is inclined to consider punitive damages applications on behalf of Mr. Schutty's clients—without expert testimony, without evidence, and without addressing any developments in the case law as he suggests—the PECs request that any such determination be limited to Mr. Schutty's clients and without prejudice to the other MDL plaintiffs in seeking punitive damages at a later time, on a more complete record.

Thank you for your time and consideration of this matter.

Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: */s/ Robert T. Haefele* | By: */s/ Sean P. Carter* |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| 28 Bridgeside Boulevard | 1650 Market Street, Suite 2800 |
| Mount Pleasant, SC 29465 | Philadelphia, PA 19103 |
| Tel.: (843) 216-9184 | Tel.: (215) 665-2105 |
| Email: rhaefele@motleyrice.com | Email: scarter1@cozen.com |
| *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs* | *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

cc:  The Honorable Sarah Netburn (via ECF)
     All Counsel of Record (via ECF)