# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

November 25, 2024                                          **Via ECF**

Honorable George B. Daniels, U.S. District Court Judge

    Re:    *In re Terrorist Attacks on September 11, 2001,*
             MDL No. 03-MDL-1570 (GBD) (SN)
            *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977
            <u>Wrongful Death Judgments Against Two Defendants-in- Default</u>

Your Honor:

I write in response to the MDL 1570 Plaintiffs' Executive Committees' (PECs) November 21, 2024 letter (ECF #10553), which responds to the Rule 72 Objections (ECF#10516) filed by my office to the Order of Magistrate Judge Netburn (ECF #10350) dated September 12, 2024. The Latter Order denied any further action on my clients' requests for the entry of final judgments against two of the defendants-in-default, the Islamic Republic of Iran and the Taliban.

In paragraph 2 of their letter, the PECs claim that the "compensatory judgments entered by the Court ARE final under Fed. R. Civ. P 54(b)." No, they are NOT. Rule 54(b) makes clear that a judgment against one of multiple defendants may be final as to that defendant but is not a final judgment as to all parties allowing an appeal. Rule 54(c), on the other hand, states clearly that a "final judgment should grant the relief to which each party is entitled." Clearly, here a partial award of compensatory damages is not "final" as to the defendants in question because plaintiffs are entitled to punitive and/or treble damages against these defendants.

The PECs wholly fail to address the seminal issue in the Rule 72 Objections – what factual or legal issues remain as to the defendants-in-default more than 23 years after the 9/11 attacks? Why is the litigation not closed/dismissed as to these defendants – to simply what remains? This Court has already determined that punitive damages may be awarded against Iran and treble damages may be awarded against the Taliban (law of the case) – no factual or legal issue remains. There is no just reason to delay.

Finally, is it fair to award final Judgments to two subsets of plaintiffs in this consolidated proceeding (*Havlish* Plaintiffs against Iran and *Federal Insurance* Plaintiffs against the Taliban), while denying the same relief to all other plaintiffs? As an example of how my clients are prejudiced, I refer to the "Emergency Letter Motion to File Restraining Notices" upon Clearstream Banking, S.A. (ECF#10558), an undeniable effort by the *Havlish* Plaintiffs to seize alleged Iranian assets ahead of all other MDL plaintiffs based on their final Judgment against Iran. While the PECs frivolously claim that my clients are not prejudiced by other plaintiffs holding final Judgments against Iran, this most

Honorable George P. Daniels
November 25, 2024, Page 2

recent filing is exactly why my clients have filed Objections to the Court's refusal to grant the relief already granted to the *Havlish* Plaintiffs.

Sincerely yours,

*John F. Schutty*