<u>Exhibit D</u>

~~UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS~~

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-07853
*Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937
*Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663
*Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117
*Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450
*Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651
*Abarca, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887
*Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908
*Abedhajajreh, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123
*Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914
*Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617

## PLAINTIFFS' RESPONSE TO AL RAJHI BANK'S EXHIBIT 60 (ECF NO. 9870-1)

Al Rajhi Bank ("ARB") has lodged improper objections to hundreds of Plaintiffs' exhibits cited in Plaintiffs' Corrected Averment of Jurisdictional Facts and Evidence and/or Statement of Facts Pursuant to Rule 56.1 (ECF No. 9764). The enclosed chart sets forth Plaintiffs' responses to ARB's evidentiary objections contained in its Exhibit 60. The lengthy legal argument presented in this document violates this Court's briefing order, ECF No. 9596, in multiple respects, and should be stricken. It represents an obvious attempt to evade the page limits the Court imposed on briefing, and directly contravenes the Court's directive that admissibility objections should be stated simply (i.e. "hearsay") and that "no legal argument should be included."

Plaintiffs also object to the extent that ARB has broadly violated the briefing Order, especially on arguments against the admissibility of CIA reports. ARB was required to state objections succinctly, as in "hearsay," but buried pages of argument into its chart. As such, the objections raised by ARB in this respect should be ignored by this Honorable Court.

~~UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS~~

Plaintiffs' exhibits relate to materials contained in the FBI's production in response to President Biden's Executive Order 14040 authorizing the release of documents and information related to the 9/11 attacks, noting it was "critical to ensure that the United States Government maximizes transparency." ARB's hearsay, authentication, and personal knowledge objections to various material—including a broad spectrum of evidence prepared by subject-matter experts within the U.S. government or recovered by law enforcement as part of government raids—are unfounded for the reasons set forth below:

1.  Statements are not hearsay and are admissible under Federal Rule of Evidence ("Rule" or "FRE") 801(d)(2)(A)-(E) as statements by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them;

2.  Even if hearsay, several exceptions apply:

    (a)  Business Records Exception, Rule 803(6), for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge;[1]

    (b)  Public Records Exception, Rule 803(8)(A)(ii) for matters "observed while under a legal duty to report" (applicable to both U.S. government documents and other government documents);

    (c)  Public Records Exception for "factual findings from a legally authorized investigation." Rule 803(8)(A)(iii) (applicable to both U.S. government documents and other government documents, and if this exception applies, no need for hearsay within hearsay analysis);

    (d)  Statement could refresh recollection of witness. Rule 803(5);

    (e)  Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16);

---

[1] Plaintiffs are producing business records certifications received from the Central Intelligence Agency ("CIA") and Federal Bureau of Investigation ("FBI") concerning documents received from those agencies in response to subpoenas issued by the Plaintiffs in this litigation, and which are cited in Plaintiffs' Corrected Averment (ECF No. 9764). *See* Declaration of J. Scott Tarbutton Transmitting Documents in Support of Plaintiffs' Opposition to Defendant Al Rajhi Bank's Renewed Motion to Dismiss. The Department of Justice ("DOJ") has been working with the FBI and Treasury Department to obtain additional certifications to address other FBI and Treasury documents cited in the Corrected Averment that are not covered by the prior certifications. However, due to the extensive work over the past several weeks relating to the sealing dispute, which was the subject of the July 17, 2024 hearing before Judge Daniels, the DOJ has informed Plaintiffs that it will be a bit longer before they can provide us with the FBI and Treasury certifications. Plaintiffs will submit those certifications to the Court and counsel for ARB upon receipt.

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

(f)    Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);

(g)    Unavailable Witness Exception, Rule 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna or self- incrimination) and refuses to testify on the subject matter; Rule 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result;

(h)    Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703;

(i)    Residual Hearsay Exception, Rule 807, when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence;

(j)    The statements can also be used for impeachment and to undermine credibility of ARB witnesses, Rules 613 and 806, and can be affirmative evidence to the extent lie shows consciousness of guilt;

(k)    Not hearsay if not offered for the truth of the matter (e.g., motive, notice, effect on listener, that individuals knew and associated with each other);

3.    Certain documents are proper summary exhibits under Rule 1006 in that they contain material summarizing results of investigation or other information;

4.    The general policy in favor of admissibility especially in bench trials rather than a lay jury trial;

5.    Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c);

6.    Court can take judicial notice of certain facts under Rule 201;

7.    Documents or statements satisfy conditional relevance standards under Rule 104(b);

8.    Documents or statements satisfy Rule 901 and would be authenticated as needed at trial;

9.    Certain documents were produced after depositions, so Plaintiffs had no opportunity to ask witnesses about them;

10.    Testimony satisfies Rules 602 and/or 701 as based on his perceptions and helpful to factfinder; and,

11.    Plaintiffs can buttress their allegations against ARB on issues that were not the subject of jurisdictional discovery.

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

Plaintiffs have also lodged responses to each of ARB's objections on a document-by-document basis, citing the rules above without extensive legal argument, as directed by the Court. ECF No. 9026 at 5. Plaintiffs welcome additional briefing to aid the Court in resolving any complex evidentiary issues that arise. Plaintiffs reserve all rights to supplement their responses to ARB's evidentiary objections.

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 1 | September 27, 2023 Transcript of the Deposition of Abdullah bin Sulaiman Al Rajhi | 20, 28, 40, 41, 43, 44, 45, 47, 206, 207, 319, 324, 396, 399, 402, 405, 406, 407, 408, 409, 412, 415, 416 | n/a | n/a |
| 2 | Pasley Exhibit 5, U.S. Diplomatic Cable, *Terrorist Financing: Al Rajhi Bank*, September 27, 2004 | 24, 184, 198 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation."803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703.<br><br>Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 3 | May 11, 2023 Transcript of the Deposition of Al Rajhi Bank Rule 30(b)(6) Designee James Galloway | 26, 206, 212 | n/a | n/a |
| 4 | Pasley Exhibit 3, Expert Report of Jonathan M. Winer, October 4, 2023 | 27, 36, 40, 46, 48, 49, 50, 51, 52, 63, 64, 65, 66, 67, 68, 70, 71, 74, 75, 107, 112, 113, 115, 116, 126, 127, 129, 138, 141, 143, 144, 146, 147, 158, 159, 161, 164, 179 (fns. 59, | • Expert is not qualified to offer opinion on Saudi Banking regulations or CIA intelligence gathering. *See* Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application | Expert opinion is admissible under Rule702 as his opinion was reliable and qualified to offer opinion on the topics at issue.<br><br>Per Rule 703 and 803(18) experts are permitted to rely on hearsay.  Statements mentioned are not hearsay and are admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | 60), 180 (fns. 74, 78), 182, 183, 184, 185, 186, 190, 206, 207, 208, 210, 211, 212, 214, 219, 221, 224, 227, 228, 230, 231, 232, 233, 235, 238, 239, 240, 241, 242, 243, 246, 253, 257, 260, 261, 262, 263, 273, 274, 278, 279, 280, 283, 284, 286, 287, 288, 289, 290, 293, 297, 298, 299, 303, 304, 306, 307, 308, 309, 314, 315, 316, 318, 319, 320, 324, 327, 328, 329, 331, 332, 338, 343, 352, 366, 368, 370, 375, 379, 380, 388, 389, 392, 394, 396, 398, 399, 400, 403, 406, 407, 408, 409, 411, 412, 413, 416, 431, 436, 465, 466, 470, 502, 525, 526, 527, 528, 534, 539, 541, 542, 544, 545, | of the methods used to the facts of the case. *See* Fed. R. Evid. 702. <br><br> • Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay (for example, Kane Aff., NL docs, Golden Chain, CIA documents). *See* Fed. R. Evid. 802. <br><br> • Should be excluded as needless presentation of cumulative evidence. *See* Fed. R. Evid. 403. <br><br> • Should be excluded under Rule 403 for unfair prejudice and confusing the issues, i.e., for discussing charity work and routine banking services that has no link to Al Qaeda, discussing attacks and theaters not at issue in this litigation, and for attempting to impute liability through guilt-by-association. *See* Fed. R. Evid. 403. | adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: <br><br> Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | 546, 547, 553, 562, 565, 568 | | by admissible evidence. Fed. R. Civ. P. 56(c). Proper summary evidence under Rule 1006. Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and does not needlessly present cumulative evidence. |
| 5 | Declaration of Jonathan M. Winer, March 7, 2024 | 27 | n/a | n/a |
| 6 | 1998 Al Rajhi Bank Annual Report | 29, 33, 35 | n/a | n/a |
| 7 | 1999 Al Rajhi Bank Annual Report | 29 | n/a | n/a |
| 8 | 2000 Al Rajhi Bank Annual Report | 29, 33, 35 | n/a | n/a |
| 9 | CIA Report, *Funding Islamic Extremist Movements: The Role of Islamic Financial Institutions*, CIA_000720-804 | 33, 40, 42, 132, 135, 153, 276, 278, 541, 543, 559, 561, 567 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | This Court has previously rejected similar arguments advanced by defendant Dubai Islamic Bank that declassified CIA reports relied upon by Plaintiffs in an averment of facts and evidence are inadmissible hearsay. *See* March 9, 2023 Memorandum Decision and Order (ECF No. 8911) at 12-13 ("III. The CIA Files Are |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Admissible"). The Court held that declassified CIA reports are trustworthy because "(1) they represent timely investigations; (2) the CIA analysts and officials who drafted and approved the reports have special skills and experience in counterterrorism; (3) officials held hearings (at least by the 9/11 Commission) regarding the intelligence conveyed in the documents; and (4) the CIA authors display impartiality." *See* ECF No. 8911 at 12.<br><br>Even Defendant Saudi Arabia, who oversees the banking activity of ARB through the Saudi Arabia Monetary Authority itself has taken the position in this litigation that the Court can and should give weight to the findings of the CIA, as well as the 9/11 Commission, and FBI. *See* ECF No. 3668 at 20-22 (Saudi Arabia characterizing reports by the 9/11 Commission, FBI, and CIA are "competent evidence'). Indeed, Saudi Arabia has taken the position that the findings of the 9/11 Commission Report "are trustworthy and admissible," *id.* at 21, and further asserted that "the trustworthiness of those findings have been reinforced by the later findings of the FBI, [and] the CIA." *Id.* at 22. *See also* ECF No. 3851 at 15 (Saudi Arabia asserting that the 9/11 Commission Report and the December 2004 Joint FBI-CIA Assessment are "competent evidence" and |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | admissible under the Federal Rules of Evidence, and there is "no reason to doubt the trustworthiness of the FBI and CIA."). Equally important, the 9/11 Commission, which the defendant has consistently cited as a reliable and admissible investigation, relied extensively on CIA intelligence reports in forming their opinions and conclusions. Many of the CIA reports cited in Plaintiffs' Corrected Averment at ECF No. 9764 (which ARB argues are inadmissible) are cited in the 9/11 Report endnotes. Indeed, the CIA report at Plaintiffs' Ex. 9 is identified in Endnote 84 at p. 504, to Chapter 6.2 ("Post-Crisis Reflection: Agenda for 2000"). ARB cannot credibly argue that the findings of the 9/11 Commission are trustworthy and admissible, while simultaneously asserting that the CIA reports the Commission and staff relied upon in making its findings are inadmissible hearsay and should be excluded. Plaintiffs are producing business records certifications received from the Central Intelligence Agency ("CIA") and Federal Bureau of Investigation ("FBI") concerning documents received from those agencies in response to subpoenas issued by the Plaintiffs in this litigation, and which are cited in Plaintiffs' |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Corrected Averment (ECF No. 9764). *See* Declaration of J. Scott Tarbutton Transmitting Documents in Support of Plaintiffs' Opposition to Defendant Al Rajhi Bank's Renewed Motion to Dismiss. The Department of Justice ("DOJ") has been working with FBI and the Treasury Department to obtain additional certifications to address other FBI and Treasury documents cited in the Corrected Averment that are not covered by the prior certifications. However, due to the extensive work over the past several weeks relating to the sealing dispute, which was the subject of the July 17, 2024 hearing before Judge Daniels, the DOJ has informed Plaintiffs that it will be a bit longer before they can provide us with the FBI and Treasury certifications. Plaintiffs will submit those certifications to the Court and counsel for ARB upon receipt.<br><br>Further, Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 607, 613 and 806. And such can be affirmative evidence to the extent the lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c) |
| 10 | CIA Report, *Al Rajhi Bank: Conduit for Extremist Finance*, May 28, 2003, CIA-SUB 0001-6. | 34, 137, 178, 182, 189, 190 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Although not specifically cited in the 9/11 Endnotes, this report is admissible for the reasons asserted above in Plaintiff's Response for Ex. 9. |
| 11 | CIA Report, *Islamic Banking: A Potential Economic Enabler in the Muslim World*, May 21, 2004, CIA- SUB 0020-30 | 34, 137, 185 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Although not specifically cited in the 9/11 Endnotes, this report is admissible for the reasons asserted above in Plaintiff's Response for Ex. 9 |
| 12 | January 12, 2024 Transcript of the Deposition of Jonathan M. Winer | 39, 142 | • Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay (*see* Fed. R. Evid. 802) and to the extent expert is not qualified to offer opinion (*see* Fed. R. Evid. 702). | Expert opinion is admissible under Rule702 as his opinion was reliable and he is qualified to offer opinion on the topics he discussed. Per Rule 703 and 803(18) experts are permitted to rely on hearsay. Statements mentioned are not hearsay and are admissible under Rule 801(d)(2)(A)-(E) as statements by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). Proper summary evidence under Rule 1006. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 13 | Abdullah al Rajhi Exhibit 50 – SAAR Charitable Foundation Webpage | 40, 41 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Proper summary evidence. Rule 1006. And not hearsay since not offered not for the truth of the matter, (e.g., motive, notice). |
| 14 | Abdullah al Rajhi Exhibit 56 – Letter from ██████ ██████ (NL 9625) | 41, 43, 52, 406, 407, 408, 409, 410, 411, 412 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 607, 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 15 | August 24, 1999 letter from Abdullah bin Ibrahim Al Misfer to the Executive Director of "Islamic Call at Universities," in Garden Grove, California (NL 9623) | 43, 113 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 607, 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 16 | October 14, 2001 letter from Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation "General Supervisor" Abdul Rahman bin Abdullah al Rajhi to WAMY Secretary General Maneh al Johani (WAMYSA 102829) | 43 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 607, 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. If witness doesn't remember, statement could refresh recollection. Rule 803(5).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 17 | June 17, 2002 letter from Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation "Secretary General" Abdul Rahman bin Abdullah al Rajhi to WAMY Secretary General Maneh al Johani (WAMYSA 502115) | 43 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 18 | Abdullah al Rajhi Exhibit 63 – May 30, 1995 letter from the Assistant Director of IIRO-Tanzania Office to the Chief of Protocol, Ministry of Foreign Affairs, Dar es Salaam (IIRO 315040) | 44 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. <br><br> Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 19 | The SAAR Foundation, Inc., Articles of Incorporation (PEC-BARZ 13145-13160) | 45 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Lacks authentication. *See* Fed. R. Evid. 901. | Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB  that wrongfully caused — or acquiesced in  wrongfully causing — the declarant's unavailability as a witness and did so intending that result. Residual Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent the stated lie shows consciousness of guilt. And not hearsay |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). Satisfies Rule 901 and would be authenticated as needed at trial. |
| 20 | SAAR Foundation, Inc., Commonwealth of Virginia,  State Corporation Commission, 1984 Annual Report (PEC-BARZ 11521) | 45 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) formatters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);   804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806.  And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 21 | 1987 SAAR Foundation, Inc. Form 990 (NL 693-713) | 45 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Lacks authentication. *See* Fed. R. Evid. 901. | of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);   804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 22 | SAAR Foundation, Inc. Annual Reports (1996-2000) (PEC-BARZ 13117-13127 | 45 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) formatters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Pamphlets. Rule 803(18);  804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613. 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 23 | 2000 SAAR Foundation, Inc. Form 990 (PEC-BARZ 12025-12041) | 45 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) formatters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);  804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB  that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Residual Hearsay |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 24 | Sana-Bell, Inc. Articles of Incorporation (SANA-BELL 0001-10) | 46, 395, 554 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Lacks authentication. *See* Fed. R. Evid. 901. | of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);   804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 25 | Abdullah al Rajhi Exhibit 57 – SAAR Foundation, Inc. Annual Reports (1991-1994) | 47, 396 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. <br><br> • Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18);   804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 26 | Lormel Exhibit 9 – Joint FBI/CIA Intelligence Report, *Assessment of Saudi Arabian Support to Terrorism and the Counterintelligence Threat to the United States*, December 2004 (EO14040 3414-3442) | 48, 71, 110, 119, 393, 398, 474 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802. <br><br> • Should be excluded under Rule 403 for unfair prejudice for attempting to impute liability through guilt-by-association. *See* Fed. R. Evid. 403. | This Court has previously rejected similar arguments advanced by defendant Dubai Islamic Bank that declassified CIA reports relied upon by Plaintiffs in an averment of facts and evidence are inadmissible hearsay. *See* March 9, 2023 Memorandum Decision and Order (ECF No. 8911) at 12-13 ("III. The CIA Files Are Admissible"). The Court held that declassified CIA reports are trustworthy because "(1) they represent timely investigations; (2) the CIA analysts and officials who drafted and approved the reports have special skills and experience in counterterrorism; (3) officials held hearings (at least by the 9/11 Commission) regarding the intelligence conveyed in the documents; and (4) the CIA authors display impartiality." *See* ECF No. 8911 at 12. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Even Defendant Saudi Arabia, who oversees the banking activity of ARB through the Saudi Arabia Monetary Authority itself has taken the position in this litigation that the Court can and should give weight to the findings of the CIA, as well as the 9/11 Commission, and FBI. *See* ECF No. 3668 at 20-22 (Saudi Arabia characterizing reports by the 9/11 Commission, FBI, and CIA are "competent evidence"). Indeed, Saudi Arabia has taken the position that the findings of the 9/11 Commission Report "are trustworthy and admissible," *id.* at 21, and further asserted that "the trustworthiness of those findings have been reinforced by the later findings of the FBI, [and] the CIA." *Id.* at 22. *See also* ECF No. 3851 at 15 (Saudi Arabia asserting that the 9/11 Commission Report and the December 2004 Joint FBI-CIA Assessment are "competent evidence" and admissible under the Federal Rules of Evidence, and there is "no reason to doubt the trustworthiness of the FBI and CIA."). Equally important, the 9/11 Commission, which the defendant has consistently cited as a reliable and admissible investigation, relied extensively on CIA intelligence reports in forming their opinions and conclusions. Many of the CIA reports cited in Plaintiffs' Corrected Averment at |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | ECF No. 9764 (which ARB argues are inadmissible) are cited in the 9/11 Report endnotes. Indeed, the CIA report at Plaintiffs' Ex. 9 is identified in Endnote 84 at p. 504, to Chapter 6.2 ("Post-Crisis Reflection: Agenda for 2000"). ARB cannot credibly argue that the findings of the 9/11 Commission are trustworthy and admissible, while simultaneously asserting that the CIA reports the Commission and staff relied upon in making its findings are inadmissible hearsay and should be excluded. <br><br> Further, Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | authorized investigation." 803(8)(A)(iii); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 607, 613 and 806. And such can be affirmative evidence to the extent the lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 27 | Affidavit of David Kane (FED-PEC 1243-1369) | 49, 394, 398, 400, 401 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| 28 | John Mintz & Tom Jackman, *Finances Prompted Raids on* | 49 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | *Muslims*, The Washington Post, March 23, 2002 | | | Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). |
| 29 | Galloway Exhibit 22 – October 18, 1999 letter from Suleiman al Rajhi to ▮▮▮▮▮ (NL 15578, 15043-15046) | 50, 249, 405, 408, 409, 412, 415, 416, 418, 419, 420, 421, 422, 424, 426, 473, 552, 560 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 30 | October 26, 1999 email from ▮▮▮▮▮ to Abdullah al Rajhi (NL 20470) | 51 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Lacks authentication. *See* Fed. R. Evid. 901. | Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 31 | November 3, 1999 email from Abdullah al Rajhi to ███████ (NL 20452) | 51 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. <br><br> • Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 32 | November 3-4, 1999 email exchanges between ██████ █████ and Bushra Ahmed (on behalf of Abdullah al Rajhi) (NL 20453) | 51 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 33 | November 22, 1999 email from ███████ to Abdullah al Rajhi (NL 15048) | 51 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 34 | June 22, 2000 email from ███████ to Abdullah al Rajhi (NL 15551) | 51,414 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 35 | October 31, 2000 email from ██████████ to Abdullah al Rajhi (NL 15572) | 51,414 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Satisfies Rule 901 and would be authenticated as needed at trial. |
| 36 | November 9, 2000 fax from ▮▮▮▮▮ to Abdullah al Rajhi (NL 15573-15576) | 51,414 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.  • Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.

Satisfies Rule 901 and would be authenticated as needed at trial. |
| 37 | February 14, 2001 email from ▮▮▮▮ to Abdullah al Rajhi (NL 15042) | 51,414 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.

• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 38 | Pasley Exhibit 4, Expert Report of Evan F. Kohlmann, October 4, 2023 | 53, 55, 61, 64, 65, 66, 68, 71, 73, 74, 112, 113, 115, 116, 122, 124, 132, 143, 159, 161, 210, 216, 217, 226, 235, 238, 240, 242, 245, 246, 290, 421, 423, 502, 539, 546, 553, 560, 562, 567, 568, 574 | • Expert is not qualified to offer opinion on Saudi Banking regulations, Saudi Culture, Islamic Charities, or designations. *See* Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. *See* Fed. R. Evid. 702.<br><br>• Should be excluded to the extent expert testimony is used as a conduit for hearsay to which no exception applies (e.g., Kane Aff., NL docs, Golden Chain). *See* Fed. R. Evid. 802.<br><br>• Should be excluded as needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for | Expert opinion is admissible under Rule 702 as his opinion was reliable and qualified to offer opinion on the topics at issue.<br><br>Per Rule 703 and 803(18) experts are permitted to rely on hearsay. Statements mentioned are not hearsay and are admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply:<br><br>Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | discussing charity work and routine banking services that has no link to Al Qaeda, discussing attacks and theaters not at issue in this litigation, and for attempting to impute liability through guilt-by-association. *See* Fed. R. Evid. 403. | impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). Proper summary evidence under Rule 1006.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and does not needlessly present cumulative evidence. |
| 39 | Declaration of Evan F. Kohlmann, March 6, 2024 | 53 | n/a | n/a |
| 40 | Lormel Exhibit 15 – 9/11 Commission Final Report | 53, 54, 56, 58, 59, 60, 61, 65, 66, 67, 139, 140, 158, 224, 438, 461 | n/a | n/a |
| 41 | Dean Exhibit 4 – Government's Evidentiary Proffer, *U.S. v. Enaam M. Arnaout*, January 6, 2003 | 59, 122 | • Hearsay to which no exception applies. *See* United States v. Arnaout, 2003 WL 255226 (N.D. Ill. Feb. 4, | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | 2003); In Re Terrorist Attacks on September 11, 2001, 349 F. Supp. 2d 765 (S.D.N.Y. 2005); *see also* Fed. R. Evid 802.<br><br>• Lack of personal knowledge. *See* Fed. R. Evid. 602.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing conduct that is not sufficiently similar to the conduct at issue and not related to the attacks at issue in this litigation. *See* Fed. R. Evid. 403. | statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt 804(b)(3)(A) makes a statement against his own interest. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. To the extent needed, satisfies Rule 602. |
| 42 | Jamal al Fadl Statements regarding Wa'el Jelaidan, Golden Chain, August 29, 2002 (PEC-KSA000329-352) | 59, 68, 126 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Lack of personal knowledge. *See* Fed. R. Evid. 602. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. To the extent needed, satisfies Rule 602. |
| 43 | Dean Exhibit 5 – Islamic International Brigade (IIB), U.N. Designation | 59 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and organizations that are not at issue in this litigation. *See* Fed. R. Evid. 403. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); hearsay is reasonably |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Proper summary evidence. Rule 1006. And not hearsay since not offered not for the truth of the matter, (e.g., motive, notice). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |

~~UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS~~

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 44 | Lormel Exhibit 12 – 9/11 Commission Staff Monograph on Terrorist Financing | 63, 64, 70, 74, 201 | n/a | n/a |
| 45 | CIA Report, *Saudi-Based Financial Support for Terrorist Organizations*, November 14, 2002, CIA_000143-158 | 64, 66, 104, 123, 127, 129, 135, 174, 221, 246, 540 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Plaintiffs repeat the response cited for Ex. 9. Further, this CIA report is identified in Endnote 77 at p. 470, to Chapter 2.5 ("Al Qaeda's Renewal in Afghanistan (1996-1998)"); and identified in Endnote 115 at p. 498, to Chapter 5.4 ("A Money Trail?"). |
| 46 | CIA Report, *Identifying Al Qa'ida's Donors and Fundraisers: A Status Report*, February 27, 2002, CIA_000193-199 | 64, 135, 165, 539, 547 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Not cited specifically in the 9/11 Endnotes, but admissible for the reasons asserted above for the response Plaintiffs provided for Ex. 9. |
| 47 | CIA Report, *Spectrum of Al-Qa'ida's Donors*, October 30, 2003, CIA_000659-667 | 64 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Not cited specifically in the 9/11 Endnotes, but admissible for the reasons asserted above for the response Plaintiffs provided for Ex. 9. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 48 | Lormel Exhibit 18 – June 2, 2005 Al Haramain Islamic Foundation Designation | 71, 73, 75, 205, 235 | n/a | n/a |
| 49 | September 6, 2002 Wa'el Hamza Jelaidan Designation | 71, 122, 124, 226 | n/a | n/a |
| 50 | September 9, 2004 Al Haramain Islamic Foundation Designation | 71, 73, 112, 238, 484 | n/a | n/a |
| 51 | FBI Report, *Connections to the Attacks of Sept. 11, 2001* (EO14040 3478-3608-UPDATED) | 72, 106, 474, 477, 480 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice for attempting to impute liability through guilt-by-association. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| | | | | Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 52 | Treasury Memorandum – Al-Haramayn Islamic Foundation Bosnia- | 72, 77 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | Herzegovina, TREASURY00009-11 | | hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c).<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 53 | Treasury Memorandum – Al-Haramayn Islamic Foundation, Somalia, TREASURY00030-36 | 72, 85 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 54 | CIA Report, *How Bin Laden Commands a Global Terrorist Network*, January 27, 1999, CIA_000002-16 | 72, 94 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Plaintiffs repeat the response they provided for Ex. 9. Further, this CIA report is identified in Endnote 118 at p. 498, to Chapter 5.4 ("A Money Trail?"), and identified in Endnote 86 at p. 504, to Chapter 6.2 ("Post-Crisis Reflection: Agenda or 2000"). |
| 55 | CIA Report, *Islamic Terrorists: Using Nongovernmental Organizations Extensively*, April 9, 1999, CIA_000210-236 | 72, 95, 135, 151 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Plaintiffs repeat the response they provided for Ex. 9. Further, this CIA report is identified in Endnote 86 at p. 504, to Chapter 6.2 ("Post-Crisis Reflection: Agenda or 2000"). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 56 | March 11, 2002 Al Haramain Islamic Foundation Designation | 73 | n/a | n/a |
| 57 | January 22, 2004 Al Haramain Islamic Foundation Designation | 73 | n/a | n/a |
| 58 | Pasley Exhibit 8 – SAMA Guidelines for Prevention of Money Laundering (1995) | 281, 284, 297, 298, 299, 300, 301, 356, 370, 376, 379, 380, 385 | n/a | n/a |
| 59 | Abdullah al Rajhi Exhibit 33 – ARB 39945-39946 | 319 | n/a | n/a |
| 60 | Abdullah al Rajhi Exhibit 27 – June 19, 2008 Al Haramain Islamic Foundation Designation | 73 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues in its descriptions of charities and charity branches allegedly engaged in extremism with no | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 61 | Treasury Memorandum – *Designation of Al-Haramain Foundation, Pakistan*, TREASURY00012-16 | 79 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802. <br><br> • Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| | | | | Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 62 | Treasury Memorandum – *Designation of Al-Haramain Foundation (AHF) branches in* | 82, 108, 111, 235, 239 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | *Afghanistan, Albania, Bangladesh, Ethiopia, and The Netherlands, and the AHF's leader Al-Aqil pursuant to the authorities of E.O. 13224,* TREASURY00017-29 | | hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. <br><br> Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 63 | Treasury Memorandum – *Designation of Al-Haramain Foundation (AHF) locations in the United States, the Comoros Islands, and AHF official Soliman Al- Buthe pursuant to the authorities of E.O. 13224*, TREASURY00037-54 | 86, 110 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| | | | | Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 64 | Treasury Memorandum – *Additional Designations Pursuant to E.O. 13224: Al-Haramain, Indonesia*, TREASURY00087-92 | 87 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 65 | Treasury Memorandum – *Additional Designations Pursuant to E.O. 13224: Al-Haramayn Kenya and Tanzania*, TREASURY00094-101 | 88 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). <br><br> Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. <br><br> Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 66 | CIA Report, *Usama Bin Ladin: Some Saudi Financial Ties Probably Intact*, January 11, 1999, CIA_000807-848 | 92, 116, 125, 132, 135, 146, 147, 294, 487 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Plaintiffs repeat the response cited for Ex. 9. Further, this CIA report is identified in Endnote 86 at p. 504, to Chapter 6.2 ("Post-Crisis Reflection: Agenda for 2000"). |
| 67 | CIA Report, *Al Haramain, in Africa: Supporting Al-Ittihad Al-Islami and Other Terrorists*, March 22, 2002, CIA_000675-679 | 96, 109 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Not specifically cited in the 9/11 Commission Endnotes, but admissible for the reasons asserted above including Plaintiffs' response for Ex. 9. |
| 68 | CIA Report, *Al-Qa'ida Still Well Positioned To Recruit Terrorists*, July 1, 2002, CIA_000178-189 | 99, 132 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Plaintiffs repeat the response cited for Ex. 9. Further, this CIA report is identified in Endnote 78 at p. 470, to Chapter 2.5 ("Al Qaeda's Renewal in Afghanistan (1996-1998)"). |
| 69 | CIA Report, *Al Haramain: Support for Extremists and* | 100, 109, 137, 169, 339 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Not specifically cited in the 9/11 Commission Endnotes, but admissible for the reasons asserted above including Plaintiffs' response for Ex. 9. |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | *Terrorists*, August 28, 2002, CIA-SUB 0007-19 | | | |
| 70 | Dean Exhibit 7 –Saudi White Paper – The Kingdom of Saudi Arabia and Counterterrorism | 107 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing in its description of charities and charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 71 | Affidavit in Support of Search Warrant, USDC for the District of Oregon, Case 6:05-cr-60008-AA | 110 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for its description of charities and charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 72 | David Crawford, *How a Diplomat From Saudi Arabia Spread His Faith*, Wall Street Journal, September 10, 2003 | 112, 426 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| 73 | Al Jazirah, *The Al Haramain Islamic Foundation Launches a Donation Campaign for the Palestinians*, April 8, 2002; Al Minbar, *Achievements of the Al-Haramain Islamic Foundation's in Palestine* | 113 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| 74 | U.S. Diplomatic Cable, *Terrorist Finance: Post-Vetting of Human Appeal*, February 13, 2007 | 115 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation."803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703.<br><br>Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 75 | Treasury Memorandum – *Additional Designations Pursuant to E.O. 13224: Dr. Abd Al Hamid Sulaiman Al-Mujil and International Islamic Relief Organization Philippines and Indonesia Branches*, TREASURY00102-121 | 115, 117, 118, 240, 242, 246 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| | | | | Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 76 | U.S. Diplomatic Cable, *Terrorist Finance: [REDACTED]*, June 2004, PEC-KSA 1464-1466 | 116 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues in its descriptions of charities | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | and charity branches allegedly engaged in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation."803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. |
| | | | | Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 77 | 1996 Central Intelligence Agency Report | 116, 127 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading).<br><br>• Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice for describing charities and charity branches allegedly engaged in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | Not specifically cited in the 9/11 Commission Endnotes, but admissible for the same reasons asserted above for the response that Plaintiffs provided for Ex. 9.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 78 | February 21, 2019 Transcript of the Deposition of Adnan Basha | 120, 216, 217, 317 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Lack of personal knowledge. *See* Fed. R. Evid. 602.<br><br>• Should be excluded under Rule 403 for unfair prejudice for discussing charity work and routine banking services that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | of them. Even if it is hearsay, several exceptions apply: Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused —or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c).<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Testimony satisfies Rule 602. |
| 79 | Treasury Memorandum – *Additional Designation Pursuant to E.O. 13224* | 124 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| | | | | Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 80 | CIA Report, *Usama Bin Ladin: Al-Qa'ida's Financial Facilitators*, October 18, 2001, CIA_000500-563 | 125, 226 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | See Plaintiffs' response to Ex. 9.  Further, this CIA report is identified in Endnote 59 at p. 469, to Chapter 2.4 ("Building an Organization, Declaring War on the United States (1992-1996)"). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 81 | Golden Chain, FED-PEC 134953-134955 | 126, 131, 226 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |
| 82 | Treasury Memorandum – *Designation Pursuant to E.O. 13224 of Yasin Al-Qadi*, TREASURY00055-86 | 127, 128, 425 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Should be excluded under Rule 403 for unfair prejudice and confusing the issues for discussing attacks and theatres not at issue in this litigation and for descriptions of charity branches allegedly engaging in extremism with no connection to Al Rajhi Bank. *See* Fed. R. Evid 403. | business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 83 | November 29, 2001 letter from David D. Aufhauser, General Counsel | 127 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). |
| 84 | June 2, 2004 Jamal al Fadl Cooperating Witness Interview | 128, 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for confusing the issue and unfair prejudice for attempting to impute liability through guilt-by-association. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 85 | December 21, 2004 Adel Batterjee Designation | 130, 221 | n/a | n/a |
| 86 | Federal Register, Volume 86, No. 172, September 9, 2021, Executive Order 14040 | 133 | n/a | n/a |
| 87 | March 29, 2022 email from Sarah Normand | 134 | n/a | n/a |
| 88 | April 1, 2022 Index of Documents Produced Pursuant to Section 2(b)(i) of E.O. 14040 | 134 | • Improper summary exhibit. *See* Fed. R. Evid. 1006. | This index serves as a proper summary exhibit under Rule 1006 in that they contain material summarizing results of investigation or other information |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 89 | CIA Report, *Al-Qa'ida in Sudan, 1992-96: Old School Ties Lead Down Dangerous Paths*, March 10, 2003, CIA_000038-52 | 135, 177 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | See Plaintiff's Response above with respect to Ex. 9. Further, this CIA report is identified in Endnote 30 at p. 467, to Chapter 2.2 ("The Rise of Bin Ladin and Al Qaeda (1988-1992)"); identified in Endnote 35 at p. 467, to Chapter 2.2 ("The Rise of Bin Ladin and Al Qaeda (1988-1992)"); identified in Endnote 36 at p. 467, to Chapter 2.2 ("The Rise of Bin Ladin and Al Qaeda (1988-1992)"); identified in Endnote 37 at p. 467, to Chapter 2.2 ("The Rise of Bin Ladin and Al Qaeda (1988-1992)"); identified in Endnote 44 at p. 468, to Chapter 2.4 ("Building an Organization, Declaring War on the United States (1992-1996)"); identified in Endnote 51 at p. 468, to Chapter 2.4 ("Building an Organization, Declaring War on the United States (1992-1996)"); identified in Endnote 76 at p. 470, to Chapter 2.5 ("Al Qaeda's Renewal in Afghanistan (1996-1998)"); identified in Endnote 80 at p. 470, to Chapter 2.5 ("Al Qaeda's Renewal in Afghanistan (1996-1998)"). |
| 90 | Winer Exhibit 2 - CIA Report, *Terrorism Finance: Custodial Interviews Providing Leads Into Al-Qa'ida Financial Network*, | 135 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Not specifically cited in the 9/11 Commission Endnotes, but admissible for the reasons asserted above in Plaintiffs' response to Ex 9. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | August 7, 2002, CIA_000306-315 | | | |
| 91 | CIA Report, *Usama Bin Ladin's Finances: Some Estimates of Wealth, Income, and Expenditures*, November 17, 1998, CIA_000317-338 | 135, 144 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | See Plaintiffs' Response above with respect to Ex. 9. Further, this CIA report is identified in Endnote 127 at pp. 498-499, to Chapter 5.4 ("A Money Trail?"). |
| 92 | March 29, 2022 email from Sarah Normand | 137 | n/a | n/a |
| 93 | CIA Report, *Taibah: Linking Extremists in the Balkans and the United States*, December 12, 2002, CIA-SUB_0031-33 | 137,423 | • Inadmissible hearsay, as noted in Resp. to Pls. Aver. Section VI (heading). | Not specifically cited in the 9/11 Commission Endnotes, but admissible for the reasons asserted above in Plaintiffs' response to Ex 9. |
| 94 | Glenn Simpson, *U.S. Tracks Saudi Bank Favored by Extremists*, Wall Street Journal, July 26, 2007 | 180 fn. 73 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |
| 95 | Pasley Exhibit 6 – U.S. Diplomatic Cable, *Joint Examination of Al Rajhi Bank*, November 25, 2004 | 184, 199, 200 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation."803(8)(A)(iii); Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Satisfies Rule 901 and would be authenticated as needed at trial. |
| 96 | Hearing before the Committee on Governmental Affairs, | 192 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | United States Senate, *Terrorism Financing – Origination, Organization, and Prevention*, Testimony of R. Richard Newcomb, July 31, 2003 | | | employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). |
| 97 | Makhtab al Khidamat, U.N. Designation | 158 | n/a | n/a |
| 98 | Abdullah al Rajhi Exhibit 31 – Al Haramain 94 Accounts | 206, 207 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Improper summary exhibit. *See* Fed. R. Evid. 1006. | Satisfies Rule 901 and would be authenticated as needed at trial.<br><br>This index serves as a proper summary exhibit under Rule 1006 in that they contain material summarizing results of investigation or other information |
| 99 | Lormel Exhibit 20 – Undated Al Haramain Islamic Foundation document identifying 15 ARB accounts for Committees associated with Al Haramain (ARB 38816) | 210, 211, 314, 315 | n/a | n/a |
| 100 | September 26, 1994 letter from the Director General | 210, 313 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | of Al Haramain Islamic Foundation, Aqil al Aqil, to ARB concerning Al Haramain accounts at ARB (ARB 38534-38535) | | | |
| 101 | September 26, 1998 letter from the Deputy Minister of Islamic Affairs and General Supervisor of Al Haramain Islamic Foundation, Saleh al ash-Sheikh, to ARB concerning nine Al Haramain accounts at ARB (ARB 38998-39000) | 210, 328, 332 | n/a | n/a |
| 102 | Abdullah al Rajhi Exhibit 32 – International Islamic Relief Organization Accounts at Al Rajhi Bank (287) | 213 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Improper summary exhibit. *See* Fed. R. Evid. 1006. | Satisfies Rule 901 and would be authenticated as needed at trial.<br><br>This index serves as a proper summary exhibit under Rule 1006 in that they contain material summarizing results of investigation or other information |
| 103 | Declaration of Omar T. Mohammedi (ECF No. 4465) | 219 | • Inadmissible hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB Arabia, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused —or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). Testimony satisfies Rule 602.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 104 | Exhibit 19 to the Declaration of Omar T. Mohammedi (ECF No. 4465-19) | 219 | • Inadmissible hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB Arabia, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused —or acquiesced in wrongfully causing — the declarant's |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | unavailability as a witness, and did so intending that result. Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). <br><br> Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 105 | Letter from WAMY Secretary General Maneh al Johani to ARB concerning WAMY accounts at ARB (WAMYSA 15516) | 219 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other).<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 106 | Declaration of Alshalan, Ibrahem Mohammd (ECF No. 4466) | 220 | • Inadmissible hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB Arabia, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | ARB that wrongfully caused —or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result. Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 107 | Self-Supervisory Committee Meeting Notes (ARB 39582-39585) | 221 | n/a | n/a |
| 108 | Benevolence International Foundation (BIF), U.N. Designation | 221 | n/a | n/a |
| 109 | Wa'el Hamza Jelaidan's ARB Account Statement (ARB 974-1019) | 224, 225 | n/a | n/a |
| 110 | Wa'el Hamza Jelaidan's ARB Account Statement (ARB 1183-1216) | 224 | n/a | n/a |
| 111 | Wa'el Hamza Jelaidan's ARB Account Statement (ARB 1217-1226) | 224 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 112 | November 27, 2002 Letter from ARB's Director of Legal Affairs Division to SAMA concerning reported accounts and statements of the accounts (ARB 14464-14466) | 224 | n/a | n/a |
| 113 | Federal Office of Criminal Investigation, Report Concerning the Third World Relief Agency ("TWRA") | 224, 438, 462 | • Hearsay to which no exception applies. *See* Fed. R. Evid 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issue for presenting evidence of conduct that is not sufficiently similar to the conduct at issue and discussing transactions outside the relevant period. *See* Fed. R. Evid 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c). |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 114 | Aqil al Aqil's ARB Account Statement (ARB 41454-41463) | 227, 228, 230, 335, 336, 347, 348, 353 | n/a | n/a |
| 115 | Aqil al Aqil's ARB Account Statement (ARB 41464-41501) | 227, 228, 253, 260, 261 | n/a | n/a |
| 116 | Aqil al Aqil's ARB Account Statement (ARB 41502-41503) | 227 | n/a | n/a |
| 117 | Aqil al Aqil's ARB Account Statement (ARB 41506-41507) | 227 | n/a | n/a |
| 118 | Plaintiffs' Tranche 21 ARB Account Statements Summary | 227, 229, 231, 239, 253 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Improper summary exhibit. *See* Fed. R. Evid. 1006. | Satisfies Rule 901 and would be authenticated as needed at trial.<br><br>This index serves as a proper summary exhibit under Rule 1006 in that they contain material summarizing results of investigation or other information |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 119 | Abd al Hamid al Sulaiman al Mujil's ARB Account Statement (ARB 745-787) | 241,342 | n/a | n/a |
| 120 | Abd al Hamid al Sulaiman al Mujil's ARB Account Statement (ARB 788-810) | 241 | n/a | n/a |
| 121 | Mohammed Jamal Khalifa's ARB Account Records (ARB 1098-1105) | 243, 244 | n/a | n/a |
| 122 | Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account Statements (ARB 38079-38107 and ARB 39948-39959) | 249 | n/a | n/a |
| 123 | Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account Transaction Record (ARB 39960) | 249 | n/a | n/a |
| 124 | Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account | 249 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | Transaction Record (ARB 39961) | | | |
| 125 | Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account Statement (ARB 42183-42184) | 249 | n/a | n/a |
| 126 | Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account Statement (ARB 42179-42180) | 249 | n/a | n/a |
| 127 | Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account Statement (ARB 42181-42182) | 249 | n/a | n/a |
| 128 | Checks to Al Haramain Islamic Foundation signed by Suleiman al Rajhi (NL 10086, 10088, 10094, 10245) | 250, 418 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | someone with knowledge; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 129 | Abdul Rahman al Rajhi's ARB Account Statement (ARB 40860-41153) | 253, 256, 258, 572 | n/a | n/a |
| 130 | Abdul Rahman al Rajhi and Saleh al Habdan's Joint ARB Account Statement (ARB 41176-41184) | 253 | n/a | n/a |
| 131 | Abdul Rahman al Rajhi's ARB Account Statement (ARB 41185-41278) | 253 | n/a | n/a |
| 132 | Abdul Rahman al Rajhi and Saleh al Habdan's Joint ARB Account Statement (ARB 42185-42186) | 253 | n/a | n/a |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 133 | Abdul Rahman al Rajhi's ARB Account Statement (ARB 42187-42188) | 253 | n/a | n/a |
| 134 | Saleh al Habdan's ARB Account Statement (ARB 41668-41720) | 253, 569 | n/a | n/a |
| 135 | Abdullah al Ibrahim al Misfer's ARB Account Statement (ARB 41441-41442) | 253 | n/a | n/a |
| 136 | Abdel Rahman al Aqil and Abdullah al Ibrahim al Misfer's Joint ARB Account Statement (ARB 41279-41283) | 253 | n/a | n/a |
| 137 | Federal Deposit Insurance Corporation (FDIC) Guidelines on Use of Payable Through Accounts, March 30, 1995 | 433 | n/a | n/a |
| 138 | Documents produced by JP Morgan Chase Bank in response to Plaintiffs' subpoena concerning | 439 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | ARB's Payable Through Account with Chase Manhattan Bank (JMPC 001-228) | | | |
| 139 | August 25, 2001 letter from the IIRO's Director of Health Care Division to the Director of IIRO-Pakistan concerning payment to the MWL via ARB's Payable Through Account with Chase Manhattan Bank (IIRO 109118-109119) | 453, 486 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | consciousness of guilt. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 140 | Mar-Jac Poultry Litigation Exhibits | 400, 401 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issue for discussing routine banking services and attempting to impute guilt-by-association. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence.<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 141 | Check payments from Abdul Rahman al Rajhi via ARB's Payable Through Account with Chase Manhattan Bank (NL 10447, NL 10455, NL 10456, NL 10457, NL 10458, NL 10460, NL 10462, NL 10463, NL 10464, NL 10466, NL 10467, NL 10470, NL 10471, NL 10472, NL 10473, NL 10474, NL 10475, NL 10483, NL 10485, NL 10491) | 467, 469, 480 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 142 | Check payment from Abdul Rahman al Rajhi to Khaled Bin Ibrahim Al-Swailem via ARB's Payable | 472 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | Through Account with Chase Manhattan Bank (NL 10485) | | | |
| 143 | Check payment to Khaled I. Al-Sowailim via ARB's Payable Through Account with Chase Manhattan Bank (KSA 1685) | 473 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 144 | Check payment to Khaled I. Al-Sowailim via ARB's Payable Through Account with Chase Manhattan Bank (KSA 1687) | 473 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 145 | October 31, 2000 email from ▮▮▮▮▮▮ to Abdullah al Rajhi (NL 15572) | 408, 409, 412, 473 | • Lacks authentication. *See* Fed. R. Evid. 901. <br><br> • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. 804(b)(3)(A) makes a statement against his own interest. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 146 | ARB "Outward Payment Order" of $25,000.00 to the "Royal Embassy of Saudi Arabia IFTA #5" (NL 10468) | 473 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | evidence to the extent he shows consciousness of guilt. General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |
| 147 | 2012 FBI Summary Report (ECF No. 6292-1) | 475 | • Hearsay to which no exception applies given heavy redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). <br><br> Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 148 | Financial transactions associated with Soliman al Buthe via ARB's Payable Through Account at Chase Manhattan Bank (ARB 39154, 39156, 39158, 39160, 39162, 39164) | 482, 285 | n/a | n/a |
| 149 | Transcript of the August 22, 2007 Proceedings in the matter of *USA v. Pirouz* | 485 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | *Sedaghtay*, Case 6:05-cr-60008-AA | | • Should be excluded under Rule 403 for confusing the issue and unfair prejudice to the extent Plaintiffs attempt to impute liability through connections with individuals. *See* Fed. R. Evid. 403. | employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 150 | IIRO-Health's ARB Account Statement (ARB 2477-2572) | 486 | n/a | n/a |
| 151 | IIRO correspondence concerning the Fatima al Zahraa Hospital, October-November 1994 (IIRO 215526-215529) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 152 | IIRO report concerning the Fatima al Zahraa Hospital (IIRO 126173-126176) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 153 | Islamic Coordination Council report concerning the IIRO and the Fatima al Zahraa Hospital (IIRO 112761-112762) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 154 | Islamic Coordination Council correspondence concerning the IIRO and the Fatima al Zahraa Hospital (IIRO 112745-112748) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 155 | MWL/IIRO correspondence concerning the Fatima al Zahraa Hospital, March 22, 2003 (IIRO 59410-59411) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). |
| | | | | Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 156 | MWL/IIRO correspondence concerning the Fatima al Zahraa Hospital, March 31, 2003 (IIRO 108937) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 157 | MWL/IIRO correspondence concerning the Fatima al Zahraa Hospital, July 10, 2003 (IIRO 105986) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 158 | Basha Exhibit 134 – IIRO 1999-2000 Annual Report (IIRO 212-330) | 487 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5).  Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 159 | February 8, 2024 Transcript of the Deposition of Aimen Dean | 488 | n/a | n/a |
| 160 | FBI Report, *PENTTBOMB, MAJOR CASE 182*, September 27, 2001 (EO14040 2857-2863) | 490, 497, 500 | • Hearsay to which no exception applies given redactions, lack of sourcing, and hearsay within hearsay. *See* Fed. R. Evid 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c).<br><br>Lastly, with respect to the allegation the document is too heaving on redaction and sourcing, please see the expert report and testimony of Jonathan Winer, who explains the |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | rigorous process undertaken to create these reports, offers evidence that they were prepared for senior U.S. policymakers, and presents facts corroborating the key assessments as to ARB and its principals. |
| 161 | August 6, 2000 letter from ARB's Director of Sharia Supervision Division to the Deputy Director General of the Sharia Group concerning Towayan al Towayan (ARB 40369) | 491 | n/a | n/a |
| 162 | Towayan al Towayan's ARB Account Statement (ARB 42189-42216) | 494, 496 | n/a | n/a |
| 163 | Towayan al Towayan's ARB Account Statement (ARB 42217-42218) | 495, 499 | n/a | n/a |
| 164 | Susan Schmidt, *Spreading Saudi Fundamentalism in U.S.*, Washington Post, October 2, 2003 | 503 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Should be excluded under Rule 403 for unfair | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by Saudi Arabia, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | prejudice. *See* Fed. R. Evid. 403. | Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of Saudi witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 165 | October 21, 2019 Transcript of the Deposition of Ibrahim Abdullah | 503 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lack of personal knowledge. *See* Fed. R. Evid. 602. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused —or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613 607, and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). Testimony satisfies Rule 602. |
| 166 | Part Four of the Joint Congressional Inquiry Into Intelligence Community Activities Before and After the Terrorist Attacks of September 11, 2001 ("the 28 Pages") | 505 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 167 | August 3, 2002 letter from ARB's Director of Legal Affairs Division to SAMA concerning payments to Omar al Bayoumi via ARB's Payable Through Account at Chase Manhattan Bank (ARB 39329) | 476 | n/a | n/a |
| 168 | Financial transactions associated with Omar al Bayoumi via ARB's Payable Through Account at Chase Manhattan Bank (ARB 13761, 13762, 13767) | 476 | n/a | n/a |
| 169 | November 11, 2002 letter from SAMA's Director of Banking Inspection Division to ARB concerning Financial transactions associated with Omar al Bayoumi (ARB 13754-13755) | 476 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 170 | Abdullah al Rajhi Exhibit 28 – August 3, 2006 IIRO Designation | 73, 117, 240, 242, 246 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for describing charity branch that has no connection to Al Rajhi Bank and for discussing designations of other terrorist groups and other attacks not at issue in this litigation. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 171 | January 11, 2024 Transcript of the Deposition of Evan F. Kohlmann | 290, 562 | • Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay (*see* Fed. R. Evid. 802) and to the extent expert is not qualified to offer opinion on Designations or Banking Regulations. *See* Fed. R. Evid. 702. | Expert opinion is admissible under Rule 702 as his opinion was reliable and he is qualified to offer opinion on the topics he discussed.<br><br>Per Rule 703 and 803(18) experts are permitted to rely on hearsay.  Statements mentioned are not hearsay and are admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them.<br><br>Even if it is hearsay, several exceptions apply: Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | impeachment and to undermine credibility of ARB witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). Proper summary evidence under Rule 1006. |
| 172 | October 8, 1998 letter from ARB's Deputy Director General for the Banking Group to the Director of Northern Riyadh Branches concerning 9 Al Haramain Islamic Foundation accounts at ARB (ARB 38920) | 328, 332 | n/a | n/a |
| 173 | September 1, 1999 letter from ARB's Director of Legal Affairs Administration to the Director of Branches Administration concerning | 328, 332 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | changing the name of a personal account at ARB to Al Haramain Islamic Foundation (ARB 38885) | | | |
| 174 | September 9, 1999 letter from Aqil al Aqil to ARB's Director General concerning changing the name of a personal account at ARB to Al Haramain Islamic Foundation (ARB 38878) | 328, 332 | n/a | n/a |
| 175 | October 13, 1999 letter from Aqil al Aqil to ARB's Director General concerning changing the name of a personal account at ARB to Al Haramain Islamic Foundation (ARB 38994) | 328, 332 | n/a | n/a |
| 176 | November 4, 1999 letter from Al Haramain Islamic Foundation officials to ARB concerning changing the name of a personal account at ARB to Al | 328, 332 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | Haramain Islamic Foundation (ARB 38995) | | | |
| 177 | November 13, 1999 letter from ARB's Director of Al Arbaeen Street Branch to the Head of Legal Affairs Section concerning changing the name of a personal account at ARB to Al Haramain Islamic Foundation (ARB 39001) | 328, 332 | n/a | n/a |
| 178 | November 16, 1999 letter from ARB's Head of Legal Affairs Section to the Director of Al Arbaeen Street Branch concerning changing the name of a personal account at ARB to Al Haramain Islamic Foundation (ARB 38996) | 328, 332 | n/a | n/a |
| 179 | November 23, 1999 letter from ARB's Director of Al Arbaeen Street Branch to the Deputy Director General of the Banking Group concerning changing the name of a personal | 328, 331, 332 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | account at ARB to Al Haramain Islamic Foundation (ARB 38978) | | | |
| 180 | January 19, 2000 letter from Al Haramain Islamic Foundation officials to ARB concerning changing the name of a personal account at ARB to Al Haramain Islamic Foundation (ARB 38979) | 328, 332 | n/a | n/a |
| 181 | September 10, 2000 letter from Aqil al Aqil to ARB's Director of Al Arbaeen Street Branch concerning changing the names of personal accounts at ARB to Al Haramain Islamic Foundation (ARB 39077) | 328, 332 | n/a | n/a |
| 182 | August 8, 2001 letter from Aqil al Aqil to ARB's Director of Al Olaya Street General Branch concerning changing one of Aqil's accounts at ARB to Al Haramain Islamic Foundation (ARB 38486) | 328, 332 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 183 | Declaration of Ben T. Railsback, March 7, 2024 | 359, 360 | • This Declaration should be excluded for the reasons stated in Al Rajhi Bank's Motion to Strike. *See* ECF No. 9772. | This Declaration should be admitted into evidence for the reasons stated in Plaintiffs' Opposition.  See ECF No. 9798 |
| 184 | February 9, 2024 Transcript of the Deposition of Fawzi al Hobayb | 362 | n/a | n/a |
| 185 | Checks to WAMY Secretary General Maneh al Johani signed by Suleiman al Rajhi (NL 10068, NL 10384) | 419, 560 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 186 | Check to WAMY signed by Suleiman al Rajhi (NL 10333) | 419, 560 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 187 | Soliman al Buthe's ARB Account Statement (ARB 858-959) | 337, 367, 377 | n/a | n/a |
| 188 | ARB Branch Manual, 1997 (ARB 16-734) | 303, 304 | n/a | n/a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 189 | ARB AML Guide, November 1998 (ARB 735-744) | 303, 304, 305, 362, 363, 372, 385 | n/a | n/a |
| 190 | Richard Cole, *U.S. Raised Money Plays Big Role in Financing Terror*, Associated Press, May 26, 1997 | 291, 292 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Court can take judicial notice. Rule 201. Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by Saudi Arabia, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Ancient Documents Exception to the extent prepared prior to January 1, 1998. Rule 803(16); Statements in Learned Treatises, Periodicals, or Pamphlets. Rule 803(18); Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. The statement can also be used for impeachment and to undermine credibility of Saudi witnesses. Rule 613 and 806. And can be affirmative evidence to the extent lie |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R. Civ. P. 56(c). |
| 191 | Galloway Exhibit 3 – International Islamic Relief Organization Accounts at Al Rajhi Bank (283) | None | • Improper summary exhibit. *See* Fed. R. Evid. 1006. | This index serves as a proper summary exhibit under Rule 1006 in that they contain material summarizing results of investigation or other information |
| 192 | U.N. Resolution Adopted by the General Assembly [on the report of the Sixth Committee (A/51/631)], Fifty-first session, Agenda Item 151, January 16, 1997 | 286 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). |
| 193 | Terrorist Finance Convention, Adopted by the General Assembly of the United Nations in resolution 54/109 of December 9, 1999 | 288 | n/a | n/a |
| 194 | Abdullah al Rajhi Exhibit 51 – Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account Transaction Record (ARB 39960) | 545, 546 | n/a | n/a |
| 195 | Abdullah al Rajhi Exhibit 52 – Suleiman Bin Abdul Aziz Al Rajhi Charitable Foundation's ARB Account | 545 | n/a | n/a |

UNDERSEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | Transaction Record (ARB 39961) | | | |
| 196 | Abdullah al Rajhi Exhibit 55 – Checks to Al Haramain Islamic Foundation signed by Suleiman al Rajhi (NL 10086, NL 10088, NL 10094, NL 10245) | 545, 546 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues for attempting to impute liability through guilt-by-association with individuals. *See* Fed. R. Evid. 403. | Satisfies Rule 901 and would be authenticated as needed at trial.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence. Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 197 | Abdullah al Rajhi Exhibit 54 – Aqil al Aqil's ARB Account Statement (ARB 41464-41501) | 546 | n/a | n/a |
| 198 | Sana-Bell, Inc. Two-year Report for Non-Profit Foreign and Domestic Corporations, June 26, 2000 (SANA-BELL 0037-38) | 548, 556 | • Lacks authentication. *See* Fed. R. Evid. 901.<br><br>• Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). Satisfies Rule 901 and would be authenticated as needed at trial. |
| 199 | Galloway Exhibit 24 – Letters between Suleiman al Rajhi and MWL/IIRO/Sanabel al Khair officials (ARB 39593-39604) | 548, 549, 550, 551 | n/a | n/a |
| 200 | May 30, 1995 letter from the Assistant Director of IIRO-Tanzania Office to the Chief of Protocol, Ministry of Foreign Affairs, Dar es Salaam (IIRO 315040) | 553 | • Lacks authentication. *See* Fed. R. Evid. 901.  • Hearsay to which no exception applies. *See* Fed. R. Evid. 802. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | • Should be excluded under Rule 403 for unfair prejudice for discussing charity work that has no link to Al Qaeda. *See* Fed. R. Evid. 403. | Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial.<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 201 | Criminal Complaint, *USA v. Sohiel Omar Kabir, et al.*, Case No. ED12-0431M, November 16, 2012 | 570 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Should be excluded under Rule 403 for unfair prejudice for imputing liability by guilt-by-association through connections with individuals. *See* Fed. R. Evid. 403. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5). <br><br> Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| 202 | Statement by Abdullah al Jibrin, October 26, 1999 | 573 | • Hearsay to which no exception applies. *See* Fed. R. Evid. 802.<br><br>• Lacks authentication. *See* Fed. R. Evid. 901. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. Rule 804(b)(3)(A) makes a statement against his own interest. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Witness could be called to testify at hearing or trial. Fed. R. Civ. P. 56(c)(2). If witness doesn't remember, statement could refresh recollection. Rule 803(5).<br><br>Satisfies Rule 901 and would be authenticated as needed at trial. |
| 203 | Checks to Abdullah bin Ibrahim al Misfer signed by Suleiman al Rajhi (NL 10327, NL 10348, NL 10349, NL 10350, NL | 263 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | 10145, NL 10423, NL 10194) | | | |
| 204 | Expert Report of Jonathan M. Winer, October 4, 2023 (FBI Protected Materials Version) | 479 | • See Objections to Pls. Ex. 4. | See Plaintiff's Response to Ex. 4 |
| 205 | AT&T Subpoena Response, Telephone Records for Omar al Bayoumi | 479 | • Should be excluded under Rule 403 for unfair prejudice for attempting to impute liability through guilt-by-association. *See* Fed. R. Evid. 403. | Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, will not confuse or mislead, and it does not needlessly present cumulative evidence. |
| 206 | Telephone directory identifying telephone numbers associated with Abdul Rahman al Rajhi and Abdullah al Misfer (NL 18775) | 479 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 207 | Pacific Bell telephone records for Fahad al Thumairy (FBI 573-580) (FBI Protected Material) | 479 | • Lacks authentication. *See* Fed. R. Evid. 901. | Satisfies Rule 901 and would be authenticated as needed at trial. |
| 208 | Expert Report of Evan F. Kohlmann, October 4, 2023 | 479, 490 | • *See* Objections to Pls. Ex. 38. | See Plaintiffs Response to Ex 38. |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | (FBI Protected Materials Version) | | | |
| 209 | FBI Report, *PENTTBOMB, MAJOR CASE 182*, September 27, 2001 (EO14040-002857-2863-MDL) (FBI Protected Material) | 490, 498 | • *See* Objections to Pls. Ex. 160. | Statement is not hearsay and is admissible under Rule 801(d)(2)(A)-(E) as statement by ARB, its agents, employees, or co-conspirators, or statements adopted or authorized by any of them. Even if it is hearsay, several exceptions apply: Business Records Exception 803(6) for records kept in the ordinary course of business created at or near the time and transmitted by someone with knowledge; Public Records Exception 803(8)(A)(ii) for matters "observed while under a legal duty to report" (exclusion for law enforcement reports do not apply in a civil case); Public Records Exception for "factual findings from a legally authorized investigation." 803(8)(A)(iii); Unavailable Witness Exception 804(a)(2) & (3) where the witness cannot recall the subject matter or exercises a privilege (e.g., Vienna) and refuses to testify on the subject matter; 804(b)(3)(A) makes a statement against his own interest; Rule 804(b)(6) in that the statements are offered against ARB that wrongfully caused — or acquiesced in wrongfully causing — the declarant's |

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | unavailability as a witness, and did so intending that result; Residual Hearsay Exception 807 when the statement is supported by sufficient guarantees of trustworthiness under the totality of the circumstances and any corroborating evidence and more probative on the point than any other evidence. Hearsay is reasonably relied upon by Plaintiffs' expert and is the type relied upon by other similar experts. Rule 703. The statement can also be used for impeachment and to undermine credibility of ARB witnesses. Rule 613, 607 and 806. And can be affirmative evidence to the extent lie shows consciousness of guilt. And not hearsay if offered not for the truth of the matter, (e.g., motive, notice, effect on listener, that individuals knew each other). General policy in favor of admissibility especially in bench trials rather than a lay jury trial. Would be proven at trial as needed by admissible evidence. Fed. R.Civ. P. 56(c).<br><br>Rule 403 was designed to be used sparingly, as an exceptional remedy for uniquely dangerous or problematic evidence.  Here, this is not the case, as the evidence at issue is not unfairly prejudicial, |

UNDER SEAL – SUBJECT TO MDL AND FBI PROTECTIVE ORDERS

| Plaintiffs' Ex. No. | Document Description | Cited in Plaintiffs' Corrected Averment (ECF No. 9764) | ARB's Objection | Plaintiffs' Response |
|---|---|---|---|---|
| | | | | will not confuse or mislead, and it does not needlessly present cumulative evidence. |

LEGAL\70847950\1