# Al Rajhi Bank Ex. C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| | ORAL ARGUMENT REQUESTED |
| *This document relates to:* | |
| *The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-7853; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-0117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia*, No. 17-cv-06123; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617 | |

**AL RAJHI BANK'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO EVIDENCE CITED IN Al RAJHI BANK'S AVERMENT OF JURISDICTIONAL FACTS AND/OR STATEMENT OF FACTS PURSUANT TO RULE 56.1**

Pursuant to the Court's Orders at ECF No. 9026 (April 17, 2023) and ECF No. 9596 (Feb. 26, 2024), the Parties have submitted their objections to the admissibility of the documents on which the Parties, respectively, rely. *See* Al Rajhi Bank's Objections to Plaintiffs' Averment Exhibits (June 6, 2024), ECF No. 9870-1 (ARB Ex. 60); Plaintiffs' Objections to Evidence Cited in Al Rajhi Bank's Averment of Jurisdictional Facts and Evidence And/Or Statement of Facts Pursuant to Rule 56.1 (July 22, 2024), ECF No. 10153-3

(Pls. Ex. C) ("Plaintiffs' Objections"). Although not expressly contemplated by the Court's Orders, Plaintiffs have submitted lengthy responses — some hundreds of words long — to the Bank's objections to Plaintiffs' evidence. *See* Plaintiffs' Response To Al Rajhi Bank's Exhibit 60 [Objections to Plaintiffs' Averment Exhibits] at 8-13 (July 22, 2024), ECF No. 10153-4 (Pls. Ex. D).

Plaintiffs' responses go well beyond the intent of the Orders. To the extent that the Court, nevertheless, considers Plaintiffs' responses to the Bank's evidentiary objections, the Bank has provided below for the Court's reciprocal consideration the Bank's own responses to Plaintiffs' evidentiary objections to the Bank's evidence. Consistent with the Court's Orders, however, the Bank would prefer to be given the opportunity to provide briefing on any admissibility question weighed by the Court. *See* April 17, 2023 Order 4 ("[T]he Court will consider whether additional briefing is warranted.").

For the convenience of the Court, the below chart consolidates (i) Plaintiffs' Objections, and (ii) the Bank's responses to Plaintiffs' Objections. Al Rajhi Bank preserves and does not waive its right to raise additional grounds for the admissibility of its evidence.

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 1 | Expert Report of Aimen Dean | ARB Aver. (ECF No. 9787): ¶¶ 4, 44, 56, 69, 75, 91, 111, 133<br><br>Mem. (ECF No. 9786): p. 12<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 21, 70, 73, 75, 88, 95, 158, 237, 243, 248, 322, 330, 338, 408, 442, 488, 489, 499, 507, 701, 736, 740 | • Expert should be excluded to the extent report violated the disclosure rules of Federal Rule 26(a)(2)(B)(ii)<br><br>• Expert is not qualified to offer opinions on foreign charity branch headquarter operations or knowledge and is similarly not qualified to testify to Saudi government licensing, Bank knowledge, or knowledge of anyone associated with ARB or the ARB family, or for anyone generally supporting Al Qaeda's terrorist operations. *See* Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. *See* Fed. R. Evid. 702.<br><br>• Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay. *See* Fed. R. Evid. 802.<br><br>• Should be excluded as needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues, i.e., for discussing the knowledge of the charities, Bank, and | - Dean complied with Rule 26(a)(2)(B)(ii), which requires that an expert's report must contain "the facts or data considered by the witness in forming" their opinion. Dean attached to his report an appendix identifying the materials he relied on and specifying that the list supplemented "the materials referenced in [his] report and in Plaintiffs' experts' reports and appendices." *See* ARB Ex. 1 (Dean Rpt.), App'x I.<br><br>- Dean's opinion is admissible under Rule 702 because he is qualified based on knowledge and experience to offer opinions on the topics in his report, and he reliably applied his expertise and methodology to the facts of the case. *See* ARB Ex. 1 (Dean Rpt.), at 6-7; Fed. R. Evid. 702.<br><br>- Dean's report does not impermissibly launder hearsay. *See* ARB Ex. 1 (Dean Rpt.), at 6-7; *see also* Fed. R. Evid. 703; Fed. R. Evid. 803(18).<br><br>- Dean's opinion should not be excluded under Rule 403, because his report is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. *See* Fed. R. Evid. 403. |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | those supporting Al Qaeda based on limited personal knowledge. *See* Fed. R. Evid. 403. | |
| 2 | Expert Report of Fawzi Al-Hobayb | ARB Aver. (ECF No. 9787): ¶¶ 2, 17, 18, 19, 20, 22, 23, 24, 25, 26, 28, 29, 31, 32, 33, 46, 58, 115, 116, 122, 127, 128, 129<br><br>Mem. (ECF No. 9786): pp. 39, 40, 41, 42, 50<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 9, 12, 13, 15, 21, 46, 49, 50, 51, 67, 157, 159, 240, 249, 259, 271, 310, 316, 317, 319, 323, 325, 333, 335, 337, 341, 344, 349, 351, 353, 354, 357, 359, 360, 365, 366, 370, 377, 398, 411, 412, 413, 414, 415, 416, 417, 427, 431, 460, 461, 464, 465, 466, 471, 472, 494, 497, 499, 501, 504, 513, 514, 515, 520, 523, 527, 538, 550, 560, 564, 571, 578, 580, 582, 583, 593, 595, 597, 598, 599, 605, 683, 684, 689, 691, 692, 693, 699, 710, 717, 725, 738 | • Expert should be excluded to the extent report violated the disclosure rules of Federal Rule 26(a)(2)(B)(ii)<br><br>• Expert is not qualified to offer opinion on knowledge of Bank or any of its customers in supporting terrorism, ARB's corporate organization, internal procedures and committee structure, or foreign charity operations, or Bank knowledge, or of anyone associated with ARB or the ARB family, or for anyone generally supporting Al Qaeda. *See* Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. *See* Fed. R. Evid. 702.<br><br>• Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay. *See* Fed. R. Evid. 802. | - Al-Hobayb complied with Rule 26(a)(2)(B)(ii), which requires that an expert's report must contain "the facts or data considered by the witness in forming" their opinion. Al-Hobayb attached to his report an appendix identifying the materials he relied on and specifying that the list supplemented "the materials referenced in [his] report and in Plaintiffs' experts' reports and appendices." *See* ARB Ex. 2 (Hobayb Rpt.), App'x I.<br><br>- Al-Hobayb's opinion is admissible under Rule 702 because he is qualified based on knowledge and experience to offer opinions on the topics in his report, particularly given his experience coordinating a response among Saudi Banks for combatting terrorism, and he reliably applied his expertise and methodology to the facts of the case. *See* ARB Ex. 2 (Hobayb Rept.) at 1-2; Fed. R. Evid. 702.<br><br>- Al-Hobayb's report does not impermissibly launder hearsay. *See* Fed. R. Evid. 703; *see also* Fed. R. Evid. 803(18).<br><br>- Al-Hobayb's opinion should not be excluded under Rule 403, because his report is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. *See* Fed. R. Evid. 403. |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---------|---------------------|----------------------|----------------------|--------------------------|
| | | | • Should be excluded as needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues, i.e., for discussing the knowledge and operation of the charities, Bank, and those supporting Al Qaeda based upon limited information and research. *See* Fed. R. Evid. 403. | |
| 3 | Expert Report of Robert Pasley | ARB Aver. (ECF No. 9787): ¶¶ 5, 16, 24, 29, 36, 37, 38, 39, 128, 129, 143, 146<br><br>Mem. (ECF No. 9786): p. 12<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 10, 21, 31, 33, 74, 96, 126, 310, 341, 349, 351, 353, 354, 357, 359, 360, 363, 364, 365, 366, 367, 370, 378, 411, 412, 413, 414, 416, 425, 427, 431, 434, 465, 466, 504, 519, 520, 523 | • Expert should be excluded to the extent report violated the disclosure rules of Federal Rule 26(a)(2)(B)(ii)<br><br>• Expert is not qualified to offer opinion on the sufficiency of Bank audits or procedures in combatting terrorist funding, Bank or donor knowledge, or that of anyone associated with ARB or the ARB family, or for anyone generally supporting Al Qaeda. See Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. See Fed. R. Evid. 702. | - Pasley complied with Rule 26(a)(2)(B)(ii), which requires that an expert's report must contain "the facts or data considered by the witness in forming" their opinion. Pasley attached to his report an appendix identifying the materials he relied on and specifying that the list supplemented "the materials referenced in [his] report and in Plaintiffs' experts' reports and appendices." *See* ARB Ex. 3 (Pasley Rpt.), App'x I.<br><br>- Pasley's opinion is admissible under Rule 702 because he is qualified based on knowledge and experience to offer opinions on the topics in his report, and he reliably applied his expertise and methodology to the facts of the case. *See* ARB Ex. 3 (Pasley Rpt.), at 1-3; Fed. R. Evid. 702.<br><br>- Pasley's report does not impermissibly launder hearsay. *See* Fed. R. Evid. 703; *see also* Fed. R. Evid. 803(18). |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | • Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay. See Fed. R. Evid. 802.<br><br>• Should be excluded as needless presentation of cumulative evidence. See Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing issues, i.e., for discussing the knowledge of the charities, Bank, and those supporting Al Qaeda based on limited information and research. See Fed. R. Evid. 403. | - Pasley's opinion should not be excluded under Rule 403, because his report is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. See Fed. R. Evid. 403. |
| 4 | Expert Report of Dennis Lormel | ARB Aver. (ECF No. 9787): ¶¶ 7, 38, 41, 98, 108, 118, 119, 120, 121, 125, 143, 144, 145, 146<br><br>Mem. (ECF No. 9786): pp. 12, 45<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 10, 21, 41, 48, 58, 90, 94, 123, 208, 209, 212, 214, 215, 224, 226, 233, 235, 237, 239, 246, 248, 251, 253, 267, 269, 271, 285, 286, 289, 293, 294, 296, 298, 301, 309, 312, 336, 345, 390, 437, 438, 440, | • Expert should be excluded to the extent report violated the disclosure rules of Federal Rule 26(a)(2)(B)(ii)<br><br>• Expert is not qualified to offer opinion on decisions relating to designations or sanction decisions involving the United States or United Nations, final determinations of FBI investigations based upon his limited personal involvement, Bank knowledge, or that of anyone associated with ARB or the ARB family, SAAR Foundation, or for anyone generally supporting Al Qaeda, or for whether CIA reports are | - Lormel complied with Rule 26(a)(2)(B)(ii), which requires that an expert's report must contain "the facts or data considered by the witness in forming" their opinion. Lormel attached to his report an appendix identifying the materials relied on and specifying that the list supplemented "the materials referenced in [his] report and in Plaintiffs' experts' reports and appendices." See ARB Ex. 4 (Lormel Rpt.), App'x I.<br><br>- Lormel's opinion is admissible under Rule 702 because he is qualified based on knowledge and experience to offer opinions on the topics in his report, particularly given his central role in the FBI's post-9/11 work and his decorated work in counterterrorism. See ARB Ex. 4 (Lormel Rpt.), at 1-5 (describing, e.g., 28 years of service in the FBI and receiving the George H. W. Bush Award |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---------|--------------------|-----------------------|----------------------|--------------------------|
| | | 492, 546, 553, 557, 566, 570, 620, 624, 672, 675, 680, 690, 705 | sufficient "evidence".    See Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. See Fed. R. Evid. 702.<br><br>• Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay. See Fed. R. Evid. 802.<br><br>• Should be excluded as needless presentation of cumulative evidence. See Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues, i.e., for discussing his alleged investigation at the FBI when the DOJ and FBI has disavowed Lormel's purported findings, and for his failure to disclose the fact he was hired by defendants and their related principals unethically.    See Fed. R. Evid. 403. | for Excellence in Counterterrorism from the CIA). Lormel reliably applied his expertise and methodology to the facts of the case. See Fed. R. Evid. 702.<br><br>- Lormel's report does not impermissibly launder hearsay. See Fed. R. Evid. 703; see also Fed. R. Evid. 803(18).<br><br>- Lormel's opinion should not be excluded under Rule 403, because his report is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. See Fed. R. Evid. 403.<br><br>- Plaintiffs' assertion that the FBI and the DOJ have "disavowed" Mr. Lormel's sworn testimony concerning Al Rajhi Bank (or Sulaiman Al Rajhi) is incorrect and mischaracterizes the FBI's letter (Pls. Ex. F.). To the contrary, the FBI's letter corroborates Mr. Lormel's testimony, and Plaintiffs have no basis to dispute Mr. Lormel's account that, in the aftermath of the 9/11 Attacks, FBI investigators and analysts were unable to "substantiate allegations involving Al Rajhi Bank." ARB Ex. 4 (Lormel Rep.) at 19; see ARB Resp. to Pls. Counterstatement ¶ 2.   Plaintiffs' assertion that Mr. Lormel "fail[ed] to disclose the fact that he was hired by defendants and their related principals unethically" is false.     Mr. Lormel complied with Federal Rule 26(a)(2)(B)(5), which requires experts to disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Mr. Lormel answered truthfully during his deposition when asked about non-testifying expert consulting work for other MDL defendants approximately *twenty years* |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | | ago. Moreover, Mr. Lormel was not "hired" by either the Bank or any of the Bank's "related principals." |
| 5 | May 21,1998 and Dec. 13, 1996 Ltrs. Re: Al-Haramain Humanitarian Activities and Government-Directed Donations to Aqil (ARB-00038774-ARB-38775) | ARB Aver. (ECF No. 9787): ¶ 44<br><br>Mem. (ECF No. 9786): p. 40<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 13, 73, 105, 158, 310, 311, 327, 344, 346, 347, 348, 350, 352, 353, 354, 355, 358, 361, 366, 380, 488, 495, 498, 502, 514, 515, 517, 519, 528, 725, 738 | n/a | n/a |
| 6 | Approval of Towayan's Request for Leave (ARB-00040369) | Resp. to Pls. Aver. (ECF No. 9790): pp. 648, 653, 654, 655, 656 | n/a | n/a |
| 7 | Jonathan Winer Deposition Exhibit 5 - May 27, 2021 FBI Electronic Comm. (EO14040-000010) | ARB Aver. (ECF No. 9787): ¶¶ 7, 119<br><br>Mem. (ECF No. 9786): pp. 11, 34, 36<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 47, 269, 285, 286, 287, 289, 291, 292, 295, 299, 340, 342, 378, 436, 438, 492, 546, 567, 570, 621, 624, 630, 631, 632, 633, 634, 636, 648, | Hearsay, to which no exception applies. See Fed. R. Evid. 802. The "closing memo" EC written in contemplation of production to the parties to the MDL presents legal conclusions and prosecutorial decisions in the context of political sensitivities and practical difficulties with extradition of suspects from Saudi Arabia. It is neither trustworthy nor reliable and fails to address the facts contained in the | - This final Electronic Communication prepared by the FBI is admissible under the Public Record Exception to the hearsay rule. See Fed. R. Evid. 803(8).<br><br>- This report is highly relevant and should not be excluded under Rule 403, because it is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. See Fed. R. Evid. 403. Al Rajhi Bank uses this exhibit to provide the full context of the FBI's reporting, which Plaintiffs have selectively provided only in part. The Bank thus offered this exhibit to rectify Plaintiffs' |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---------|---------------------|------------------------|----------------------|--------------------------|
| | | 649, 650, 651, 653, 660, 662, 663, 664, 665, 703 | balance of the FBI investigative reporting and evidence collected.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues. | strategic selection and to correct Plaintiffs' mischaracterizations of the FBI's reporting. |
| 8 | Nov. 16, 2002 Ltr. from Al Rajhi Bank to SAMA (ARB-00039558) | ARB Aver. (ECF No. 9787): ¶¶ 4, 38, 39, 92, 124<br><br>Mem. (ECF No. 9786): p. 32<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 69, 241, 273, 406 | • Hearsay to which no exception applies. See Fed. R. Evid. 802.<br><br>• Lacks authentication. See Fed. R. Evid. 901. | - Statements are not hearsay and are admissible under the business records exception. See Fed. R. Evid. 803(6). |
| 9 | U.S. Treasury Press Release, Aug. 29, 2002 titled "The United States and Italy Designate Twenty-Five New Financiers of Terror," dated August 29, 2002 | Mem. (ECF No. 9786): p. 16 | n/a | |
| 10 | U.S. Treasury Press Release, Apr. 19, 2002 titled "Designation of 10 Terrorist Financiers Fact Sheet," dated April 19, 2002. | Mem. (ECF No. 9786): p. 16<br><br>Resp. to Pls. Aver. (ECF No. 9790): p. 10 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 11 | FBI Report (EO14040-002135) | Mem. (ECF No. 9786): p. 35 Resp. to Pls. Aver. (ECF No. 9790): pp. 647, 653 | • Plaintiffs have no objection to the admissibility of the document, but the Bank's characterization of its importance is wrong. Irrespective of the foregoing, the Bank's reliance on this evidence demonstrates that the Bank's own overbroad objections to such similar government reporting is incorrect. | - Plaintiffs do not challenge the admissibility of this exhibit, and so no response is required. Plaintiffs' argumentation is improper under this Court's Orders and would be properly addressed in further briefing to the Court. *See* Order (April 17, 2023), (ECF No. 9026); Endorsement of Al Rajhi Bank Letter (Feb. 26, 2024), (ECF No. 9596). The Bank's objections to other "similar government reporting" are tailored to Plaintiffs' use of those reports. <br><br> - Al Rajhi Bank rejects Plaintiffs' vague and unsupported statement that the Bank's "characterization" of this document "is wrong." The Bank's brief and Response to Plaintiffs' Corrected Averment accurately describes the information in the report. <br><br> - Al Rajhi Bank presented this exhibit to provide the full context for the FBI's reporting, which Plaintiffs had selectively omitted. The Bank thus offered this exhibit only to correct Plaintiffs' cherry-picking and to correct Plaintiffs' mischaracterizations of the FBI's reporting. |
| 12 | Affidavit of Abdullah Awad Bin Laden, dated November 19, 2005 | Resp. to Pls. Aver. (ECF No. 9790): pp. 372, 588 | • Inadmissible hearsay to which no exception applies. See Fed. R. Evid 802. <br><br> • Should be excluded under Rule 403 for unfair prejudice for discussing the Bin Laden family connections. See Fed. R. Evid. 403 | - This statement is not hearsay because it is not being offered for the truth of the matter asserted, but rather to impeach Plaintiffs' contention regarding the significance of Osama bin Laden's purported sibling. <br><br> - This statement is also admissible under the exception for evidence of reputation among members of a person's family concerning a person's relationship by blood or other similar fact of personal or family history. *See* Fed. R. Evid. 803(19). |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---------|---------------------|----------------------|----------------------|--------------------------|
| | | | | - Should not be excluded under Rule 403, because it is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. *See* Fed. R. Evid. 403. |
| 13 | Al Rajhi Bank 2023 Fact Sheet - from webpage titled, "Al Rajhi Bank 2023 Fact Sheet" | ARB Aver. (ECF No. 9787): ¶ 12 | n/a | n/a |
| 14 | Webpage titled, "Al Rajhi Bank, Company Profile Main Market," | ARB Aver. (ECF No. 9787): ¶¶ 9, 12 | n/a | n/a |
| 15 | "Financial Services Report: Banks," *Economist Intelligence Unit* August 23, 2010 | ARB Aver. (ECF No. 9787): ¶ 13 | • Plaintiffs have no objection to the admissibility of the document, but ARB's characterization of its importance is mistaken. Irrespective of the foregoing, the Bank's reliance on this evidence demonstrates that the Bank's own overbroad objections to such similar news reports are incorrect. | - Plaintiffs do not challenge the admissibility of this exhibit, and so no response is required. Plaintiffs' argumentation is improper under this Court's Orders and would be properly addressed in further briefing to the Court. *See* Order (April 17, 2023), (ECF No. 9026); Endorsement of Al Rajhi Bank Letter (Feb. 26, 2024), (ECF No. 9596). The Bank's objections to other "similar news reports" are tailored to Plaintiffs' use of those reports. |
| 16 | 2001 Al Rajhi Bank Annual Report | ARB Aver. (ECF No. 9787): ¶¶ 8, 10, 15, 129<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 42, 342, 360, 365, 415, 467, 695 | n/a | n/a |

11

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 17 | November 1998, Al Rajhi Bank General Policies and Authorizations Guide | ARB Aver. (ECF No. 9787): ¶¶ 18, 19, 30<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 51, 416, 464, 693, 710, 717 | n/a | n/a |
| 18 | SAMA Circular 02419-CBL-142, July 4, 1996 | ARB Aver. (ECF No. 9787): ¶ 28 | n/a | n/a |
| 19 | Al Rajhi Bank Internal Audit Plan for Fiscal Year 1999 | ARB Aver. (ECF No. 9787): ¶¶ 29, 30<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 51, 415, 416, 464, 693, 717, 718 | • Should be excluded under Rule 403 for unfair prejudice due to the fact ARB seeks to belatedly introduce post discovery evidence of an allegedly robust internal audit process when it fully resisted the disclosure of any audit related discovery and failed to provide a full disclosure of the actual allegedly undertaken audits. *See* Fed. R. Evid. 403. Plaintiffs further reserve their right to object in this respect under grounds of ARB's unclean hands on this issue. | - Al Rajhi Bank rejects Plaintiffs' characterization of Al Rajhi Bank's discovery conduct. Al Rajhi Bank complied with all discovery orders, Magistrate Jude Netburn found the Bank's searches were "reasonable," and Plaintiffs did not object to that Order *See* Order 4-7 (July 11, 2023), (ECF No. 9210).<br><br>- Additionally, a pre-9/11 audit plan of the Bank is highly relevant and probative (*see, e.g.,* ARB Ex. 3 (Pasley Report) at 9), and bears no risk of prejudice. *See* Fed R. Evid. 403. |
| 20 | Al Rajhi Bank Internal Audit Plan for Fiscal Year 2001 | ARB Aver. (ECF No. 9787): ¶¶ 29, 30<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 52, 415, 417, 464, 693, 717 | • Should be excluded under Rule 403 for unfair prejudice due to the fact ARB seeks to belatedly introduce post discovery evidence of an allegedly robust internal audit process when it fully resisted the disclosure of any audit related discovery and failed to provide a full disclosure of the actual | - Al Rajhi Bank rejects Plaintiffs' characterization of Al Rajhi Bank's discovery conduct. Al Rajhi Bank complied with all discovery orders, and Magistrate Judge Netburn found the Bank's searches were "reasonable." *See* Order 4-7 (July 11, 2023), (ECF No. 9210).<br><br>- Additionally, an audit plan of the Bank is highly relevant and probative (*see, e.g.,* ARB Ex. 3 (Pasley |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | allegedly undertaken audits. *See* Fed. R. Evid. 403. Plaintiffs further reserve their right to object in this respect under grounds of ARB's unclean hands on this issue. | Report) at 9), and bears no risk of prejudice. *See* Fed. R. Evid. 403. |
| 21 | Al Rajhi Bank Authorities of the Audit Committee Manual, June 10, 1997 | ARB Aver. (ECF No. 9787): ¶¶ 31, 34<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 417, 465, 694 | • Should be excluded under Rule 403 for unfair prejudice due to the fact ARB seeks to belatedly introduce post discovery evidence of an allegedly robust internal audit process when it fully resisted the disclosure of any audit related discovery and failed to provide a full disclosure of the actual allegedly undertaken audits. *See* Fed. R. Evid. 403. Plaintiffs further reserve their right to object in this respect under grounds of ARB's unclean hands on this issue. | - Al Rajhi Bank rejects Plaintiffs' characterization of Al Rajhi Bank's discovery conduct. Al Rajhi Bank complied with all discovery orders, and Magistrate Judge Netburn found the Bank's searches were "reasonable." *See* Order 4-7 (July 11, 2023), (ECF No. 9210).<br><br>- Additionally, a pre-9/11 audit plan of the Bank is highly relevant and probative, and bears no risk of prejudice. *See* Fed R 403. |
| 22 | Banking Control Law (Royal Decree No. M/5 of June 11, 1966) | ARB Aver. (ECF No. 9787): ¶ 32<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 417, 465, 693, 718 | n/a | |
| 23 | Abdullah Al Rajhi Deposition Exhibit 41 - June 7, 1999 Ltr. from Prince of Tabuk (ARB-00038699) | Al Rajhi Bank Averment -ECF #9787: ¶ 44<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 73, 105, 158, 327, 344, 366, 488, 498, 514, 527, 714 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 24 | Abdullah Al Rajhi Deposition Exhibit 30 - Jan. 4, 2004 (Hijri) Ltr. from Al Rajhi Bank Gen. Mngr. to Gov. of SAMA (ARB-00014545) | ARB Aver. (ECF No. 9787): ¶¶ 45, 46, 57, 58, 69, 75, 81, 87<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 74, 93, 320, 328, 333, 334, 373, 390, 432, 433, 469, 471, 478, 479, 481, 608, 643, 644, 698, 699, 735, 737 | n/a | |
| 25 | Abdullah Al Rajhi Deposition Exhibit 29 - Ltr. from Al Rajhi Bank Gen. Manager to Gov. of SAMA, January 26, 2004 (Hijri) (ARB-00014546) | Resp. to Pls. Aver. (ECF No. 9790): pp. 93, 328, 373, 432, 433, 469, 471, 478, 479, 482, 608, 613, 643, 644 | n/a | |
| 26 | Abdullah Al Rajhi Deposition Exhibit 34 - Mar. 13, 2004 Ltr. from Ministry of Islamic Affairs (ARB-00039505) | ARB Aver. (ECF No. 9787): ¶ 45<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 321, 432, 478, 482, 698 | n/a | |
| 27 | Mar. 21, 2004 Ltrs. from Ministry of Justice to Al Rajhi Bank (ARB-00039409) | ARB Aver. (ECF No. 9787): ¶ 45<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 321, 470, 478, 482, 698 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 28 | Deposition Transcript of Jonathan Winer of 1/12/24 and Errata dated 3/19/24 | ARB Aver. (ECF No. 9787): ¶¶ 4, 5, 7, 37, 39, 40, 47, 59, 67, 73, 79, 85, 91, 92, 93, 111, 118, 121<br><br>Resp. to Pls. Aver. (ECF No. 9790): p. 9, 70, 74, 75, 104, 171, 204, 213, 224, 226, 233, 235, 238, 239, 242, 246, 251, 253, 256, 267, 271, 273, 274, 294, 302, 308, 313, 363, 367, 370, 373, 378, 406, 546, 557, 566, 570, 611, 617, 620, 621, 624, 625, 634, 637, 677, 680, 681, 687, 690, 691, 702, 705, 712, 739, 750, 751, 752, 753 | n/a | |
| 29 | MWL documents relating to the founding of IIRO in 1978<br><br>Oct. 1978 Ltr. from MWL<br><br>Oct. 1978 Certificate from Ministry of Foreign Affairs<br><br>(ARB-13679-ARB-13688, ARB-13691, ARB-13696, ARB-13692, ARB-13683) | ARB Aver. (ECF No. 9787): ¶¶ 56, 57<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 74, 75, 93, 170, 327, 328, 372, 433, 470, 479, 481, 489, 506, 607, 613, 643, 644, 699 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 30 | Jonathan Winer Deposition Exhibit 3 - Osama bin Laden Stmts. of Acct. (ARB-00000843) | ARB Aver. (ECF No. 9787): ¶ 93 | n/a | |
| 31 | Osama bin Laden Stmts. of Acct. (ARB-00000845) | ARB Aver. (ECF No. 9787): ¶ 93 | n/a | |
| 32 | Osama bin Laden Stmts. of Acct. (ARB-00000846) | ARB Aver. (ECF No. 9787): ¶ 93 | n/a | |
| 33 | Osama bin Laden Stmts. of Acct. (ARB-00000848) | ARB Aver. (ECF No. 9787): ¶ 93 | n/a | |
| 34 | Osama bin Laden Stmts. of Acct. (ARB-00013775) | ARB Aver. (ECF No. 9787): ¶ 93 | n/a | |
| 35 | Osama bin Laden Stmts. of Acct. (ARB-00013777) | ARB Aver. (ECF No. 9787): ¶ 93 | n/a | |
| 36 | Article from Al Jazeera English, titled "Saudi Donates Billions to Charity," dated May 15, 2011 | ARB Aver. (ECF No. 9787): ¶ 130 | • Plaintiffs have no objection to the admissibility of the document, but ARB's characterization of its importance is mistaken. Irrespective of the foregoing, the Bank's reliance on this evidence demonstrates that the Bank's own overbroad objections to | - Plaintiffs do not challenge the admissibility of this exhibit, and so no response is required. Plaintiffs' argumentation is improper under this Court's Orders and would be properly addressed in further briefing to the Court. *See* Order (April 17, 2023), (ECF No. 9026); Endorsement of Al Rajhi Bank Letter (Feb. 26, 2024), (ECF No. 9596). The Bank's objections to other "similar |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | such similar news reporting is incorrect. | news reports" are tailored to Plaintiffs' use of those reports. |
| 37 | Article from Business Insider, titled "20 Most Generous People in the World," dated October 12, 2015, by Emmie Martin and Tanza Loudenbeck, https://www.businessinsider.com/most-generous- people-in-the-world-2015-10 | ARB Aver. (ECF No. 9787): ¶ 130 Resp. to Pls. Aver. (ECF No. 9790): pp. 52, 419, 444 | • Plaintiffs have no objection to the admissibility of the document, but ARB's characterization of its importance is mistaken. Irrespective of the foregoing, the Bank's reliance on this evidence demonstrates that the Bank's own overbroad objections to such similar news reporting is incorrect. | - Plaintiffs do not challenge the admissibility of this exhibit, and so no response is required. Plaintiffs' argumentation is improper under this Court's Orders and would be properly addressed in further briefing to the Court. *See* Order (April 17, 2023), (ECF No. 9026); Endorsement of Al Rajhi Bank Letter (Feb. 26, 2024), (ECF No. 9596). The Bank's objections to other "similar news reports" are tailored to Plaintiffs' use of those reports. |
| 38 | Jan. 26, 1994 Commercial Office License issued by the Department of Lands and Real Estate license in Jubail Municipality (ARB-00013527) | ARB Aver. (ECF No. 9787): ¶ 57 Resp. to Pls. Aver. (ECF No. 9790): pp. 75, 93, 433, 471, 480, 699 | n/a | |
| 39 | Sept. 20, 1989 Letter from the Governor of the Asir Emirate to the Chairman of the Imam | ARB Aver. (ECF No. 9787): ¶ 57 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
|  | Muhammad ibn Saud Islamic University (ARB-00037838) | Resp. to Pls. Aver. (ECF No. 9790): pp. 74, 93, 433, 471, 479, 480, 699 |  |  |
| 40 | Letters dated Nov. 18, 1989 to Dec. 16, 1989 from the Ministry of Interior in the Emirate of Asir (ARB-00037502) | ARB Aver. (ECF No. 9787): ¶ 57<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 74, 93, 433, 471, 479, 480, 699 | n/a |  |
| 41 | Oct. 17, 1997 Ltr. from Ministry of Islamic Affairs (ARB-00038585) | ARB Aver. (ECF No. 9787): ¶ 45<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 53, 72, 159, 320, 328, 329, 344, 380, 389, 432, 433, 444, 469, 470, 478, 479, 515, 697, 698 | n/a |  |
| 42 | Jan. 29, 1997 Ltr. from Dep. Minister of Islamic Affairs (ARB-00038613) | ARB Aver. (ECF No. 9787): ¶ 45<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 320, 433, 470, 479, 480, 698 | n/a |  |
| 43 | July 14, 1998 Ltr. from the Gen. Mngr. of the Eastern Province of the Ministry of Islamic | ARB Aver. (ECF No. 9787): ¶ 45 | n/a |  |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | Affairs (ARB-00038741) | Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 320, 432, 470, 479, 480, 698 | | |
| 44 | April 14, 1999 Commercial Office License issued by the Department of Lands and Real Estate (ARB-00038837) | ARB Aver. (ECF No. 9787): ¶ 45<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 320, 432, 470, 479, 480, 698 | n/a | |
| 45 | U.S. Department of the Treasury's "OFAC Counter Terrorism Designation Removals," dated November 26, 2014. | Resp. to Pls. Aver. (ECF No. 9790): pp. 363, 590 | n/a | |
| 46 | Al Rajhi Bank's Letter to Plaintiffs, dated December 17, 2021. | Resp. to Pls. Aver. (ECF No. 9790): pp. 27, 648, 649, 651, 706 | • Lack of personal knowledge. *See* Fed. R. Evid. 602. Further, this unsworn attorney letter cannot be used to the extent it is being introduced to support an evidentiary point. | - Procedural correspondence between parties regarding discovery process does not implicate Rule 602. *See* Fed. R. Evid. 602. |
| 47 | Al Rajhi Bank's Letter to Plaintiffs, dated January 14, 2022 | Resp. to Pls. Aver. (ECF No. 9790): pp. 27, 57, 648, 649, 651 | • Lack of personal knowledge. *See* Fed. R. Evid. 602. Further, this unsworn attorney letter cannot be used to the extent it is being introduced to support an evidentiary point. | - Procedural correspondence between parties regarding discovery process does not implicate Rule 602. *See* Fed. R. Evid. 602. |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 48 | Statement of Account of Muhammad Osaimi, for the date June 22, 2002. | Improperly cited as ARB Ex. 51 | n/a | |
| 49 | Statement of Account of Muhammad Osaimi, for the date August 8, 2000. | Improperly cited as ARB Ex. 52 | n/a | |
| 50 | Deposition Transcript of Fawzi Hobayb, dated February 9, 2024, and the Errata, dated April 12, 2024 | Resp. to Pls. Aver. (ECF No. 9790): p. 523 | • Expert should be excluded to the extent report violated the disclosure rules of Federal Rule 26(a)(2)(B)(ii) <br><br> • Expert is not qualified to offer opinion on knowledge of Bank or any of its customers in supporting terrorism, ARB's corporate organization, internal procedures and committee structure, or foreign charity operations, or Bank knowledge, or of anyone associated with ARB or the ARB family, or for anyone generally supporting Al Qaeda. *See* Fed. R. Evid. 702. <br><br> • Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. *See* Fed. R. Evid. 702. | - Al-Hobayb complied with Rule 26(a)(2)(B)(ii), which requires that an expert's report must contain "the facts or data considered by the witness in forming" their opinion. Al-Hobayb attached to his report an appendix identifying the materials he relied on and specifying that the list supplemented "the materials referenced in [his] report and in Plaintiffs' experts' reports and appendices." *See* ARB Ex. 2 (Hobayb Rpt.), App'x I. <br><br> - Al-Hobayb's testimony is admissible under Rule 702 because he is qualified based on knowledge and experience to offer opinions on the topics on which he testified, particularly given his experience coordinating a response among Saudi Banks for combatting terrorism, and he reliably applied his expertise and methodology to the facts of the case. *See* ARB Ex. 2 (Hobayb Rept.) at 1-2; Fed. R. Evid. 702. |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | • Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay. *See* Fed. R. Evid. 802.<br><br>• Should be excluded as needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing issues, i.e., for discussing the knowledge and operation of the charities, Bank, and those supporting Al Qaeda based upon limited information and research. *See* Fed. R. Evid. 403. | - Al-Hobayb's testimony does not impermissibly launder hearsay. *See* Fed. R. Evid. 703; *see also* Fed. R. Evid. 803(18).<br><br>- Al-Hobayb's testimony should not be excluded under Rule 403, because his testimony is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. *See* Fed. R. Evid. 403. |
| 51 | June 16, 2010 FBI Memorandum (EO14040-640) | Resp. to Pls. Aver. (ECF No. 9790): pp. 248, 656, 657, 658 | • Plaintiffs have no objection to the admissibility of the document, but the Bank's characterization of its importance is wrong. Irrespective of the foregoing, the Bank's reliance on this evidence demonstrates that the Bank's own overbroad objections to such similar government reporting are incorrect. | - Plaintiffs do not challenge the admissibility of this exhibit, and so no response is required. Plaintiffs' argumentation is improper under this Court's Orders and would be properly addressed in further briefing to the Court. *See* Order (April 17, 2023), (ECF No. 9026); Endorsement of Al Rajhi Bank Letter (Feb. 26, 2024), (ECF No. 9596). The Bank's objections to other "similar government reporting" are tailored to Plaintiffs' use of the reports.<br><br>- Al Rajhi Bank rejects Plaintiffs' vague and unsupported statement that the Bank's "characterization" of this document "is wrong." The Bank's Response to |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | | | Plaintiffs' Corrected Averment accurately describes the information in the report. |
| 52 | Abdullah al Rajhi Deposition Exhibit 28 – Press Release from the U.S. Department of the Treasury, titled "Treasury Designates Director, Branches of Charity Bankrolling Al Qaida Network," dated August 3, 2006, marked as Abdullah Al Rajhi Deposition Exhibit 28 | Resp. to Pls. Aver. (ECF No. 9790): pp. 656, 657, 658 | n/a | |
| 53 | Hobayb Declaration in Support of Expert Report, dated April 12, 2024. | | n/a | |
| 54 | Al Rajhi Bank's Certified Translation of Plaintiffs' Exhibit 81 "providing accurate, certified translation of so- | Memo of Law- ECF #97–6 – p. 46<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 553, 675, 679 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | called 'Golden Chain' document" | | | |
| 55 | Plaintiffs' Letter to Al Rajhi Bank, dated February 1, 2022 | Resp. to Pls. Aver. (ECF No. 9790): p. 34 | n/a | |
| 56 | Abdullah Al Rajhi Deposition Exhibit 40 - Ltr. from the Gov. of Yanbu, June 1, 1999 (ARB-00038818) | ARB Aver. (ECF No. 9787): ¶ 45 Resp. to Pls. Aver. (ECF No. 9790): pp. 72, 320, 432, 470, 480, 698 | n/a | |
| 57 | WAMY licenses and authorizations from KSA government (ARB-00014547) | Resp. to Pls. Aver. (ECF No. 9790): pp. 735, 737 | n/a | |
| 58 | Charity Licenses and authorizations (ARB-00014554) | Resp. to Pls. Aver. (ECF No. 9790): pp. 322, 330 | n/a | |
| 59 | Office of Foreign Assets Control, *Specially Designated Nationals and Blocked Persons List*, U.S. Dept. of Treas., dated May 3, 2024, https://www.treasur | ARB Aver. (ECF No. 9787): ¶¶ 61, 68, 74, 80, 86 Resp. to Pls. Aver. (ECF No. 9790): pp. 31, 41, 71, 333, 586 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | y.gov/ofac/downloa ds/sdnlist.pdf | | | |
| 60 | Al Rajhi Bank's Objections to Plaintiffs' Corrected Averment Exhibits | Filed in Second Erb Declaration – (ECF No. 9788) | n/a | |
| 61 | Deposition Transcript of Dennis Lormel, dated February 1, 2024, and the Errata, dated March 22, 2024 | Resp. to Pls. Aver. (ECF No. 9790): pp. 296, 298, 301 | • Expert should be excluded to the extent report violated the disclosure rules of Federal Rule 26(a)(2)(B)(ii)<br><br>• Expert is not qualified to offer opinion on decisions relating to designations or sanction decisions involving the United States or United Nations, final determinations of FBI investigations based upon his limited personal involvement, Bank knowledge, or that of anyone associated with ARB or the ARB family, SAAR Foundation, or for anyone generally supporting Al Qaeda, or for whether CIA reports are sufficient "evidence". *See* Fed. R. Evid. 702.<br><br>• Expert's opinion does not reflect a reliable application of the methods used to the facts of the case. *See* Fed. R. Evid. 702. | - Lormel complied with Rule 26(a)(2)(B)(ii), which requires that an expert's report must contain "the facts or data considered by the witness in forming" their opinion. Lormel attached to his report an appendix identifying the materials he relied on and specifying that the list supplemented "the materials referenced in [his] report and in Plaintiffs' experts' reports and appendices." *See* ARB Ex. 4 (Lormel Rpt.), App'x I.<br><br>- Lormel's testimony is admissible under Rule 702 because he is qualified based on knowledge and experience to offer opinions on the topics on which he testifies, particularly given his central role in the FBI's post-9/11 work and his decorated work in counterterrorism *See* ARB Ex. 4 (Lormel Rpt.), at 1-5 (describing 28 years of service in the FBI and receiving the George H. W. Bush Award for Excellence in Counterterrorism from the CIA). Lormel reliably applied his expertise and methodology to the facts of the case. *See* Fed. R. Evid. 702.<br><br>- Lormel's testimony does not impermissibly launder hearsay. *See* Fed. R. Evid. 703; *see also* Fed. R. Evid. 803(18). |

24

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---------|---------------------|------------------------|----------------------|--------------------------|
| | | | • Should be excluded to the extent expert testimony is used as a conduit for inadmissible hearsay. *See* Fed. R. Evid. 802.<br><br>• Should be excluded as needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.<br><br>• Should be excluded under Rule 403 for unfair prejudice and confusing the issues, i.e., for discussing his alleged investigation at the FBI when the DOJ and FBI has disavowed Lormel's purported findings, and for his failure to disclose the fact he was hired by defendants unethically. *See* Fed. R. Evid. 403. | - Lormel's testimony should not be excluded under Rule 403, because it is not unfairly prejudicial, will not confuse the issues or mislead, and does not needlessly present cumulative evidence. *See* Fed. R. Evid. 403.<br><br>- Plaintiffs' assertion that the FBI and the DOJ have "disavowed" Mr. Lormel's sworn testimony concerning Al Rajhi Bank (or Sulaiman Al Rajhi) is incorrect and mischaracterizes the FBI's letter (Pls. Ex. F.). To the contrary, the FBI's letter corroborates Mr. Lormel's testimony, and Plaintiffs have no basis to dispute Mr. Lormel's account that, in the aftermath of the 9/11 Attacks, FBI investigators and analysts were unable to "substantiate allegations involving Al Rajhi Bank." ARB Ex. 4 (Lormel Rep.) at 19; *see* ARB Resp. to Pls. Counterstatement ¶ 2. Plaintiffs' assertion that Mr. Lormel "fail[ed] to disclose the fact that he was hired by defendants and their related principals unethically" is false. Mr. Lormel complied with Federal Rule 26(a)(2)(B)(5), which requires experts to disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Mr. Lormel answered truthfully during his deposition when asked about non-testifying expert consulting work for other MDL defendants approximately *twenty years* ago. Moreover, Mr. Lormel was not "hired" by Al Rajhi Bank "unethically." |
| 62 | Oct. 24, 2001 faxes from Al Rajhi Bank (ARB-00014300) | ARB Aver. (ECF No. 9787): ¶ 124 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---------|---------------------|------------------------|----------------------|--------------------------|
| 63 | History of the Financial Action Task Force, marked as Jonathan Winer Deposition Exhibit 11 | Resp. to Pls. Aver. (ECF No. 9790): pp. 411, 427, 431 | • Plaintiffs object as this Exhibit is being used to introduce supplemental expert opinion to support ARB's attorneys' legal argument. | - Plaintiffs do not challenge the admissibility of this exhibit, and so no response is required. Plaintiffs' argumentation is improper under this Court's Orders. *See* Order (April 17, 2023), (ECF No. 9026); Endorsement of Al Rajhi Bank Letter (Feb. 26, 2024), (ECF No. 9596). |
| 64 | Ltr. from Managing Director of Arab National Bank to SAMA Director (ARB-00039373) | Resp. to Pls. Aver. (ECF No. 9790): p. 427 | n/a | |
| 65 | Oct. 7, 2001 Meeting Minutes for Banks' Self-Supervisory Committee (ARB-00039586) | Resp. to Pls. Aver. (ECF No. 9790): p. 427 | n/a | |
| 66 | SAMA Circular 12872-MAT-120, Sept. 29, 2001 (ARB-00014391) | Resp. to Pls. Aver. (ECF No. 9790): p. 427 | n/a | |
| 67 | 1995 Guidelines for Prevention of Money Laundering, and a certified English Translation of the same | Resp. to Pls. Aver. (ECF No. 9790): p. 428, 448, 459, 460 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | Certified Translation of 1995 SAMA Guidelines | | | |
| 68 | Letter from Al Rajhi Bank to Plaintiffs, dated January 19, 2023 | Resp. to Pls. Aver. (ECF No. 9790): p. 27 | • Lack of personal knowledge. *See* Fed. R. Evid. 602. Further, this unsworn attorney letter cannot be used to the extent it is being introduced to support an evidentiary point. | - Procedural correspondence between parties regarding discovery process does not implicate Rule 602. *See* Fed. R. Evid. 602. |
| 69 | Plaintiffs' Subpoena on CIA, dated October 19, 2021 | Resp. to Pls. Aver. (ECF No. 9790): p. 19 | n/a | |
| 70 | Plaintiffs' Subpoena on FBI, dated November 5, 2021 | Resp. to Pls. Aver. (ECF No. 9790): p. 20 | n/a | |
| 71 | Letter from Plaintiffs to Al Rajhi Bank, dated December 20, 2021 | Resp. to Pls. Aver. (ECF No. 9790): p. 34 | n/a | |
| 72 | Letter from Plaintiffs to Al Rajhi Bank, dated October 18, 2022 | Resp. to Pls. Aver. (ECF No. 9790): p. 34 | n/a | |
| 73 | Exec. Order No. 13,099, 63 Fed. Reg. 45,167 (Aug. 20, 1998) | Mem. (ECF No. 9786): p. 32 Resp. to Pls. Aver. (ECF No. 9790): pp. 70, 339, 372, 406 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 74 | Wael Jelaidan's statement of account at Al Rajhi Bank, Jan. 1, 1998-Dec. 31 2002 (ARB-00001016) | Resp. to Pls. Aver. (ECF No. 9790): pp. 339, 342, 378 | n/a | |
| 75 | Wael Jelaidan's statement of account at Al Rajhi Bank, Jan. 1, 1998-Dec. 31 2002 (ARB-00001018) | Resp. to Pls. Aver. (ECF No. 9790): pp. 340, 342, 378 | n/a | |
| 76 | Al Rajhi Bank's fax to SAMA, October 19, 2002 (ARB-00014524) | Resp. to Pls. Aver. (ECF No. 9790): pp. 340, 342, 378 | n/a | |
| 77 | Letter from Al Rajhi Bank to Plaintiffs, dated February 28, 2023 | Resp. to Pls. Aver. (ECF No. 9790): p. 27 | • Lack of personal knowledge. *See* Fed. R. Evid. 602. Further, this unsworn attorney letter cannot be used to the extent it is being introduced to support an evidentiary point. | - Procedural correspondence between parties regarding discovery process does not implicate Rule 602. *See* Fed. R. Evid. 602. |
| 78 | Jan. 26, 2003 Fax to SAMA (ARB-00039724) | Resp. to Pls. Aver. (ECF No. 9790): pp. 403, 405 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 79 | Abdulaziz Al-Omari Statement of Account (ARB-00000001) | ARB Aver. (ECF No. 9787): ¶ 96<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 400, 401 | n/a | |
| 80 | Jonathan Winer Deposition Exhibit 13 - Wael Shehri statement of account (ARB-00000960) | ARB Aver. (ECF No. 9787): ¶ 96<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 400 | n/a | |
| 81 | Saeed al Ghamdi statement of account (ARB-00000850) | ARB Aver. (ECF No. 9787): ¶ 96<br><br>Resp. to Pls. Aver. (ECF No. 9790): p. 400 | n/a | |
| 82 | Saeed al Ghamdi Statement of account (ARB-00000856) | ARB Aver. (ECF No. 9787): ¶ 96<br><br>Resp. to Pls. Aver. (ECF No. 9790): p. 400 | n/a | |
| 83 | Jonathan Winer Deposition Exhibit 6 - Majed Moqed | ARB Aver. (ECF No. 9787): ¶ 96 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | statement of account (ARB-00000836) | Resp. to Pls. Aver. (ECF No. 9790): p. 400 | | |
| 84 | Ahmed al Ghamdi statement of account (ARB-00000811) | ARB Aver. (ECF No. 9787): ¶ 96<br><br>Resp. to Pls. Aver. (ECF No. 9790): p. 400 | n/a | |
| 85 | Abdullah Al-Misfer customer information files / account opening files (ARB-00041951) | Resp. to Pls. Aver. (ECF No. 9790): pp. 169, 392 | n/a | |
| 86 | Muhammad Jamal Khalifa statement of accounts (ARB-00000841) | Resp. to Pls. Aver. (ECF No. 9790): p. 372 | n/a | |
| 87 | Oct. 16, 2001 Banks' SSC meeting minutes (ARB-00039402) | ARB Aver. (ECF No. 9787): ¶ 28 | n/a | |
| 88 | Articles of Incorporation of the SANABELL, Inc., July 28, 1999 (SANA-BELL0001) | Resp. to Pls. Aver. (ECF No. 9790): pp. 60, 372, 733 | n/a | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 89 | Sulaiman Bin Abdulaziz Al Rajhi's letters resigning from IIRO (ARB-00039593) | Resp. to Pls. Aver. (ECF No. 9790): p. 61 | • Hearsay to which no exception applies. See Fed. R. Evid. 802. <br><br> • Lacks authentication. See Fed. R. Evid. 901. <br><br> • Should be excluded under Rule 403 for unfair prejudice as these are incomplete communications on the issue being offered for by the Bank. See Fed. R. Evid. 403. | - Al Rajhi Bank rejects Plaintiffs' characterization of Al Rajhi Bank's discovery conduct. Al Rajhi Bank complied with all discovery orders, Magistrate Judge Netburn found the Bank's searches were "reasonable," and Plaintiffs did not object to that Order. See Order 4-7 (July 11, 2023), (ECF No. 9210). <br><br> - Can be authenticated at trial. <br><br> - Statements are not hearsay and are admissible under the business records exception. See Fed. R. Evid. 803(6). <br><br> - Highly relevant and probative, and bears no risk of prejudice under Fed. R. Evid. 403. See Fed. R. Evid. 403. |
| 90 | IIRO 1998 Board Minutes (MWLIIRO-00016825) | Resp. to Pls. Aver. (ECF No. 9790): p. 695 | n/a | |
| 91 | Citibank Transfer Request to IIRO-Senegal (MWLIIRO-00032668) | Resp. to Pls. Aver. (ECF No. 9790): p. 695 | n/a | |
| 92 | Abdullah Al Rajhi Deposition Exhibit 39 - Al Jazirah article re: Al-Haramain (ARB-00038772) | Not cited | • Plaintiffs reserve the right to object once ARB advises as to how it intends to introduce this Exhibit | |

| Ex. No. | Document Description | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 93 | Deposition Transcript of Evan Kohlmann, dated January 11, 2024, and the Errata, dated March 18, 2024 | ARB Aver. (ECF No. 9787): ¶¶ 4, 5, 6, 7, 39, 40, 47, 56, 59, 61, 67, 68, 73, 79, 85, 91, 93, 95, 100, 102, 105, 106, 110, 111, 118<br><br>Resp. to Pls. Aver. (ECF No. 9790): pp. 9, 70, 71, 74, 75, 94, 102, 104, 125, 126, 170, 171, 204, 213, 226, 233, 235, 237, 242, 246, 251, 256, 271, 273, 274, 294, 302, 308, 327, 329, 333, 363, 367, 370, 373, 377, 390, 400, 401, 402, 403, 405, 406, 611, 617, 621, 625, 634, 637, 640, 641, 677, 680, 684, 685, 686, 687, 691, 705, 713, 714, 735, 736, 737, 748, 750, 752 | n/a | |

| Pls. Ex. No. | Plaintiffs' Additional Objections to Exhibits offered by Plaintiffs | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| 1 | September 27, 2023 Transcript of Abdullah bin Sulaiman Al Rajhi Deposition | ARB Aver. (ECF No. 9787): ¶¶ 1, 3, 10, 131-34<br><br>Memo of Law (ECF No. 9786): p. 10 | • Plaintiffs object to the use of this Exhibit by ARB to the extent it tries to introduce self-serving testimony as to the State of Mind of his father | - Abdullah Al Rajhi's deposition testimony — which Plaintiffs introduced — is not hearsay. *See* Fed. R. Evid. 801.<br><br>- Abdullah Al Rajhi's deposition testimony on the state of mind of his father, Sulaiman bin Abdulaziz Al Rajhi, |

| Pls. Ex. No. | Plaintiffs' Additional Objections to Exhibits offered by Plaintiffs | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | Resp. to Pls. Aver. (ECF No. 9790): pp. 10, 48, 53, 226, 240, 251, 255, 267, 268, 271, 274, 300, 339, 399, 408 409, 491, 570, 704, 711, 750, 752 | Sulaiman Al Rajhi, and to the extent it seeks to offer opinions as to reputation. | after the 9/11 Attacks is admissible under Fed. R. Evid. 803(1) (Present Sense Impression), Fed. R. Evid. 803(2) (Excited Utterance), Fed. R. Evid. 803(3) (Then-Existing Mental or Emotional Condition). <br><br> - Abdullah Al Rajhi's deposition testimony on the reputation of his father, Sulaiman bin Abdulaziz Al Rajhi, is admissible under Fed. R. Evid. 803(19) (Reputation Concerning Personal or Family History) and Fed. R. Evid. 803(21) (Reputation Concerning Character). |
| 3 | May 11, 2023 Errata Sheet from the Transcript of the Deposition of Al Rajhi Bank Rule 30(b)(6) Designee James Galloway | ARB Aver. (ECF No. 9787): ¶¶ 6, 15, 17, 20, 21, 22, 26, 28, 29, 32, 33, 42, 43, 45, 46, 49, 54, 55, 57, 58, 62, 66, 102, 112, 124, 135 <br><br> Memo of Law (ECF No. 9786): p. 9, 10, 41 <br><br> Resp. to Pls. Aver. (ECF No. 9790): pp. 40, 57, 75, 76, 78, 97, 111, 117, 119, 121, 124, 125, 127, 128, 129, 133, 134, 136, 139, 142, 144, 145, 150, 151, 155, 169, 197, 318, 319, 320, 321, 322, 325, 326, 328, 329, 331, 332, 334, 336, 359, 365, 376, 377, 416, 419, 420, | • Improper use of an Errata as a Sham Affidavit, preventing Plaintiffs from cross examining Mr. Galloway, as more fully set forth in Plaintiff's Memoranda of Law, Section (C)(2) | - Rule 30(e) of the Federal Rules of Civil Procedure "allows deponents to make changes in form or substance to their testimony" with "no limitations on the type of changes." *Weatherford*, 2013 WL 4505259, at *4 (cited at Opp. 59 n.13). Plaintiffs' 30(b)(6) notice covered an extraordinary *128* distinct topics. *See* Mot. Ex. 2 (ECF No. 9037-2). Galloway submitted an errata proportional and necessary to provide the Bank's accurate testimony. *See Bank of N.Y. v. Meridien Biao Bank Tanz.*, 171 F.R.D. 135, 150 (S.D.N.Y. 1997) ("Rule 30(b)(6) is not designed to be a memory contest."). <br><br> - Plaintiffs were not prevented from cross-examining Galloway. Galloway submitted his errata *six weeks* before the close of discovery and twelve months before Plaintiffs' request to strike, making Plaintiffs' "sham affidavit" attack "inapplicable." *Ampong v. Costco Wholesale Corp.*, No. 21-cv-02049, 2023 WL 4744185, |

| Pls. Ex. No. | Plaintiffs' Additional Objections to Exhibits offered by Plaintiffs | Cited by Al Rajhi Bank | Plaintiffs' Objection | Al Rajhi Bank's Response |
|---|---|---|---|---|
| | | 421, 435, 436, 437, 448, 465, 468, 469, 473, 474, 475, 482, 483, 485, 611, 617, 647, 648, 687, 688, 689, 697, 698, 701, 721, 722, 734, 744. | | at *4 (S.D.N.Y. July 25, 2023). Plaintiffs never sought reexamination of Galloway (Opp. 58), and, when deposing the Bank's Chairman two months *after* Galloway's errata submission, Plaintiffs declined to challenge or clarify Galloway's testimony. Plaintiffs' change of heart *long after* discovery closed (Opp. 59 n.13) is irrelevant. <br><br>- Plaintiffs' failure to identify "which parts of the [Galloway errata] should be stricken and why" requires denial of Plaintiffs' request. *Perma Research & Dev. Co*, 410 F.2d at 579. |