Exhibit 19

Plaintiffs' Corrected Averment of Jurisdictional Facts and Evidence
and/or Statement of Facts as to Defendant Al Rajhi Bank
<u>Pursuant to Rule 56.1</u>

ARTICLES OF AMENDMENT
TO
ARTICLES OF INCORPORATION
OF
THE SAAR FOUNDATION, INC.

1.  The name of the Corporation is The SAAR Foundation, Inc.

2.  Section 17 of Article II of the Corporiation's Articles of Incorporiaton is hereby amended to insert the words "Safa Trust, Inc., a District of Columbia nonprofit corporation, or in its absence to" before the words "the North American Islamic Trust, Inc." contained therein.

3.  Article VI of the Corporation's Articles of Incorporation is hereby amended to add at the end thereof a new Section 4 to read in its entirety as follows:

### Section 4.  Indemnification.

A.  Third Party Proceedings.  The Corporation shall indemnify any person ("Indemnitee") who is or was a party or is threatened to be made a party to any threatened, pending or completed action or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the Corporation) by reason of the fact that Indemnitee is or was a trustee, officer, employee or agent of the Corporation, or by reason of the fact that Indemnitee is or was serving at the request of the Corporation as a trustee, director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by Indemnitee in connection with such action or proceeding if (i) Indemnitee acted in good faith and (ii)(a) in the case of conduct in his "official capacity" (as defined in Section 13.1-875 of the Virginia Nonstock Corporation Act) Indemnitee acted in a manner Indemnitee believed to be in the best interests of the Corporation, and (b) in all other cases, Indemnitee acted in a manner that Indemnitee believed was at least not opposed to the best interests of the Corporation, and, (iii) with respect to any criminal action or proceeding, Indemnitee had no reasonable cause to believe Indemnitee's conduct was unlawful.  The termination of any action or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not,

PEC-BARZ013145

of itself, create a presumption that Indemnitee did not
meet the standards for indemnification hereunder.

        B.   Proceedings By Or In The Right Of the
Corporation. The Corporation shall indemnify Indemnitee
if Indemnitee was or is a party or is threatened to be
made a party to any threatened, pending or completed
action or proceeding by or in the right of the
Corporation to procure a judgment in its favor by
reason of the fact that Indemnitee is or was a trustee,
officer, employee or agent of the Corporation, or by
reason of the fact that Indemnitee is or was serving at
the request of the Corporation as a trustee, director,
officer, employee or agent of another corporation,
partnership, joint venture, trust or other enterprise,
against expenses (including attorneys' fees) and, to
the fullest extent permitted by law, amounts paid in
settlement, in each case to the extent actually and
reasonably incurred by Indemnitee in connection with
the defense or settlement of such action or proceeding
if (i) Indemnitee acted in good faith and (ii)(a) in
the case of conduct in his "official capacity" (as
defined in Section 13.1-875 of the Virginia Nonstock
Corporation Act) Indemnitee acted in a manner
Indemnitee believed to be in the best interests of the
Corporation and (b) in all other cases, Indemnitee
acted in a manner that Indemnitee believed was at least
not opposed to the best interests of the Corporation,
except that no indemnification shall be made in respect
of any claim, issue or matter as to which Indemnitee
shall have been adjudged to be liable to the
Corporation unless and only to the extent that the
court in which such action or proceeding is or was
pending or another court of competent jurisdiction
shall determine upon application that, in view of all
the circumstances of the case, Indemnitee is fairly and
reasonably entitled to indemnity for expenses
(including, without limitation, expenses for seeking
the indemnification) and then only to the extent that
the court shall determine.

        C.   Advancement Of Expenses.  The Corporation
shall advance all expenses incurred by Indemnitee in
connection with the investigation, defense, settlement
or appeal of any civil or criminal action or proceeding
referenced in subsection (A) or (B) hereof (but not
amounts actually paid in settlement of any such action
or proceeding) upon receipt from Indemnitee of a
written statement of his good faith belief that he is
entitled to be indemnified hereunder and his written
undertaking to repay such amounts advanced only if, and
to the extent that, it shall ultimately be determined

- 2 -

PEC-BARZ013146

that Indemnitee is not entitled to be indemnified by the Corporation as authorized hereby.

D.  Procedure.  If a claim made hereunder is not paid in full by the Corporation within thirty (30) days after a written request for payment thereof has first been received the Corporation, Indemnitee may, but need not, at any time thereafter bring an action against the Corporation to recover the unpaid amount of the claim, and Indemnitee shall also be entitled to be paid for the expenses (including attorneys' fees) of bringing such action.  It shall be a defense to any such action (other than an action brought to enforce a claim for expenses incurred in connection with any action or proceeding in advance of its final disposition) that Indemnitee has not met the standards of conduct which make it permissible under applicable law for the Corporation to indemnify Indemnitee for the amount claimed, but the burden of proving such defense shall be on the Corporation, and Indemnitee shall be entitled to receive interim payments of expenses pursuant to subsection (C) unless and until such defense may be finally adjudicated by court order or judgment from which no further right of appeal exists.  If the Corporation contests Indemnitee's right to indemnification, the question of Indemnitee's right to indemnification shall be decided by a court of competent jurisdiction, and neither the failure of the Corporation (including its Board of Trustees, any committee or subgroup of the Board of Trustees or independent legal counsel) to have made a determination that indemnification of Indemnitee is proper in the circumstances because Indemnitee has met the applicable standard of conduct required by applicable law, nor an actual determination by the Corporation (including its Board of Trustees, any committee or subgroup of the Board of Trustees or independent legal counsel) that Indemnitee has not met such applicable standard of conduct, shall create a presumption that Indemnitee has or has not met the applicable standard of conduct.

E.  Additional Indemnification.  Notwithstanding any other provision, the Corporation shall indemnify each of its trustees and officers to the fullest extent permitted by applicable law, whether presently in effect or hereafter enacted.

F.  Partial Indemnification.  If Indemnitee is entitled under any provision hereof to indemnification by the Corporation for some or a portion of the expenses, judgments, fines or penalties actually or reasonably incurred by him in the investigation,

- 3 -

PEC-BARZ013147

defense, appeal or settlement of any civil or criminal action or proceeding, but not, however, for the total amount thereof, the Corporation shall nevertheless indemnify Indemnitee for the portion of such expenses, judgments, fines or penalties to which Indemnitee is entitled.

G.  Exceptions.  Any other provision herein to the contrary notwithstanding, the Corporation shall not be obligated:

(i)  Excluded Acts.  To indemnify Indemnitee for any acts or omissions or transactions from which Indemnitee may not be relieved of liability under the Virginia Nonstock Corporation Act; or

(ii)  Insured Claims.  To indemnify Indemnitee for expenses or liabilities of any type whatsoever (including, but not limited to, judgments, fines, ERISA excise taxes or penalties, and amounts paid in settlement) which have been paid directly to Indemnitee by an insurance carrier under a policy of trustees' and officers' liability insurance maintained by the Corporation.

H.  Attorneys' Fees.  In the event that any action is instituted by an Indemnitee hereunder to enforce or interpret any of the terms hereof, Indemnitee shall be entitled to be paid all court costs and expenses, including reasonable attorneys' fees, incurred by Indemnitee with respect to such action, unless as a part of such action, the court of competent jurisdiction determines that each of the material assertions made by Indemnitee as a basis for such action were not made in good faith or were frivolous. In the event of an action instituted by or in the name of the Corporation under this Agreement or to enforce or interpret any of the terms of this Agreement, Indemnitee shall be entitled to be paid all court costs and expenses, including attorneys' fees, incurred by Indemnitee in defense of such action (including with respect to Indemnitee's counterclaims and cross-claims made in such action), unless as a part of such action the court determined that each of Indemnitee's material defenses to such action were made in bad faith or were frivolous.

4.  The foregoing amendment was adopted by the unanimous vote of all Trustees serving on the Corporation's Board of Trustees on January 27, 1995. The Corporation has no members so no member action was required.

- 4 -

IN WITNESS WHEREOF, the undersigned <u>Vice President</u>
of the SAAR Foundation, Inc. has executed these Articles of
Amendment in the name of the SAAR Foundation, Inc., this 27th day
of January, 1995.

By:_____

Name: M. Yaqub Mirza, Ph.D.
Title:Vice President

- 5 -

PEC-BARZ013149

COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION

February 8, 1995

The State Corporation Commission has found the accompanying
articles submitted on behalf of

THE SAAR FOUNDATION, INC.

to comply with the requirements of law, and confirms payment of
all related fees.

Therefore, it is ORDERED that this

CERTIFICATE OF AMENDMENT

be issued and admitted to record with the articles of amendment in
the Office of the Clerk of the Commission, effective February 8,
1995 at 12:12 PM.

The corporation is granted the authority conferred on it by law in
accordance with the articles, subject to the conditions and
restrictions imposed by law.

STATE CORPORATION COMMISSION

By *T. V. Morrison*

Commissioner

AMENACPT
CIS20460
95-02-06-0198

PEC-BARZ013150

ARTICLES OF AMENDMENT
OF
THE SAAR FOUNDATION, INC.

## ARTICLE ONE

The name of the corporation is THE SAAR FOUNDATION, INC.

## ARTICLE TWO

The first sentence of Article VI, Section 1 is amended to read:

The minimum number of Trustees constituting the Board of Trustees shall be Three (3) and the maximum number shall be Seven (7).

## ARTICLE THREE

The foregoing amendment was adopted on October 31, 1994.

## ARTICLE FOUR

The amendment was adopted by unanimous vote of the Board of Trustees in a duly called meeting which conforms with the required criteria set for amendment of Articles of Incorporation under Article VIII thereof.

The undersigned, Chairman of the Board of Trustees of The Saar Foundation, Inc. declares that the facts herein stated are true as of this 13th day of January, 1995.

The Saar Foundation, Inc.

By: _____
Jamal Barzinji, Ph.D.
Chairman

ATTEST:

By: _____
M. Yaqub Mirza, Ph.D.
Vice President & Secretary

PEC-BARZ013151

COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION

January 25, 1995

The State Corporation Commission has found the accompanying
articles submitted on behalf of

THE SAAR FOUNDATION, INC.

to comply with the requirements of law, and confirms payment of
all related fees.

Therefore, it is ORDERED that this

CERTIFICATE OF AMENDMENT

be issued and admitted to record with the articles of amendment in
the Office of the Clerk of the Commission, effective January 25,
1995 at 09:02 AM.

The corporation is granted the authority conferred on it by law in
accordance with the articles, subject to the conditions and
restrictions imposed by law.

STATE CORPORATION COMMISSION

By _T. V. Morrison_

Commissioner

AMENACPT
CIS20436
95-01-19-0034

PEC-BARZ013152

ARTICLES OF INCORPORATION
OF
THE SAAR FOUNDATION, INC.

We, the undersigned incorporators, hereby form a non-stock
corporation as a private foundation, under the provisions of
Chapter 2 of Title 13.1 of the Code of Virginia and to that end
set forth and execute the following Articles of Incorporation:

Article I

Name

The name of the Corporation is THE SAAR FOUNDATION, INC.

Article II

Purposes

The Corporation is organized to promote the well-being of
mankind throughout the world and to that end:

in

Section 1. To engage, establish and promote, and contri-
bute exlusively religious, cultural, educational, charitable
and scientific activities, programs, projects, organizations,
institutions and funds.

Section 2. To receive, maintain and administer funds for
religious, cultural, scientific, educational, and charitable
purposes and to that end to take and hold by bequest, trust,
devise, gift, grant, purchase, lease or otherwise, either abso-
lutely or jointly with any other person, persons, or cor-
poration, any property, real, personal, tangible or intangible,
or any undivided interest therein, without limitation as to
amount or value; to sell, convey, or otherwise dispose of any
such property and to invest, reinvest, or deal with the prin-
cipal or the income thereof in such manner as, in the judgment
of the trustees, will best promote the purposes of the
Corporation without limitation, except such limitations, if
any, as may be contained in the instrument under which such
property is received, this Certificate of Incorporation, the
By-Laws of the Corporation, or any laws applicable thereto.

Section 3. To hold and continue to hold as an investment,
property which may be received by the Corporation so long as it
deems proper, and to invest and reinvest in any securities or
property, whether or not income-producing, deemed by it to be
for the best interest of the Corporation, without and not-
withstanding that the same may constitute leaseholds, royalty
interests, patents, interest in mines, oil and gas wells, or
timber lands, or other wasting assets, and without any respon-
sibility for any depreciation or loss by or on account of such
investments.

PEC-BARZ013153

Section 4. To rent or lease any property of the Corporation for such time and upon such terms and for such price or prices as in its discretion and judgment may seem just and proper and for the best interest of the Corporation, irrespective of the provisions of any statute or of the termination of any trust.

Section 5. To sell and convey any of the property of the Corporation or any interest therein, or to exchange the same for other property for such price or prices and upon such terms as in its discretion and judgment may be deemed for the best interest of the Corporation and to execute and deliver any deed or deeds, receipts, releases, contracts or other instruments necessary in connection therewith.

Section 6. To make all repairs and improvements at any time deemed necessary and proper to and upon real property owned by the Corporation, and to build, construct, and complete any building or buildings upon such property which in its discretion and judgment may be deemed advisable and proper and for the best interests of the Corporation, and to determine the extent to which the cost of such repairs and improvements shall be apportioned as between corpus and income.

Section 7. To deduct, retain, expend, and pay out of any money belonging to the Corporation any and all necessary and proper expenses in connection with the operation and conduct of the Corporation, and to pay all taxes, insurance premiums, and other legal assessments, debts, claims or charges which at any time may be due and owing by, or which may exist against the Corporation.

Section 8. To vote upon all securities belonging to the Corporation, and to become a party to any stockholders agreements deemed advisable by them in connection with such securities.

Section 9. To consent to the reorganization, consolidation, merger, liquidation, readjustment of or other change in any corporation, company, or association, or to the sale or lease of the property thereof or any party thereof, any of the securities or other property of which may at the time be held by them hereunder, and to do any act or exercise any power with reference hereto that may be legally exercised by any persons owing similar property in their own right, including the exercise of conversion, subscription, purchase, or other options, the deposit, surrender, or exchange of securities, the entrance into voting trusts, and the making of agreements or subscriptions which they may deem necessary or advisable in connection therewith, all without applying to any court for permission so to do, and to hold and redeem or sell or otherwise dispose of any securities or other property which they may so acquire.

-2-

PEC-BARZ013154

**Section 10.** To compromise, settle, arbitrate, or defend any claim or demand in favor of or against the Corporation; to enforce any security agreements, or other obligations or liens held hereunder; and to enter upon such contracts and agreements and to make such compromise or settlements of debts, claims or controversies as they may deem necessary or advisable. To incur and pay the ordinary and necessary expense of administration, including (but not by way of limitation) reasonable attorney's fees, accountants' fees, investment counsel fees and the like.

**Section 11.** To act hereunder through an agent or attorney-in-fact in carrying out any of the powers and duties herein authorized.

**Section 12.** To borrow money for any purposes of the Corporation or incidental to the administration thereof and to secure the repayment thereof by granting a security interest in, or pledging or otherwise encumbering any part or all of the property of the Corporation, and, with respect to the purchase of property, as part of the consideration given therefor, to assume a liability of the transferor or to acquire such property subject to a liability.

**Section 13.** To lend money to any person or persons upon such terms and in such ways and with such security as they may deem advisable for the best interest of the Corporation.

**Section 14.** To engage in business with the property of the Corporation as sole proprietor, or as a general or limited partner, with all the powers customarily exercised by an individual so engaged in business, and to hold an undivided interest in any property as tenant in common or as tenant in partnership.

**Section 15.** In general, to do any and all acts and things, and to exercise any and all powers which it may now or hereinafter be lawful for the Corporation to do or exercise under and pursuant to the laws of the State of Virginia and for the purpose of accomplishing any of the purposes of the Corporation, whether inside or outside the USA.

**Section 16.** No part of the net earnings of the Corporation shall inure to the benefit of or be distributable to its trustees, officers, or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in this Article. No substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in,

-3-

PEC-BARZ013155

including the publishing or distribution of statements, any
policical campaign on behalf of any candidate for public
office.  Notwithstanding any other provision of these Articles,
the Corporation shall not carry on any other activities not
permitted to be carried on  (a) by a Corporation exempt from
federal income tax under Section 501(c)(3) of the Internal
Revenue Code of 1954, or the corresponding provision of any
future United States Internal Revenue Law; or  (b) by a cor-
poration, contributions to which are deductible under Section
170 of the Internal Revenue Code of 1954, or the corresponding
provision of any future United States Internal Revenue Law.

    Section 17.  Upon the dissolution of the Corporation, the
Board of Trustees shall, after paying or making provision for
the payment of all of the liabilities of the Corporation,
dispose of all of the assets of the Corporation exclusively for
the purposes of the Corporation in such manner to the North
American Islamic Trust, Inc., or in its absence to the Islamic
Society of North America, Inc., or to such Islamic organization
or organizations organized and operated exclusively for reli-
gious, cultural, charitable, educational or scientific purposes
as shall at the time qualify as an exempt organization or orga-
nizations under Section 501(c)(3) of the Internal Revenue Code
of 1954, or the corresponding provision of any future United
States Internal Revenue Law, as the Board of Trustees shall
determine.  Any of such assets not so disposed of shall be
disposed of by the Court of Common Pleas of the county in which
the principal office of the Corporation is then located, exclu-
sively for such purposes or to such Islamic organization or
organizations, as said Court shall determine, which are orga-
nized and operated exclusively for such purposes.

## Article III

### Period of Existence

    The period during which the Corporation shall continue is

perpetual.

## Article IV

### Resident Agent and Principal Office

    Section 1.  Initial Registered Office.  The post office
address of the initial registered office of the Corporation is
12015 Leesburg Pike, Herndon, Virginia 22070.  The name of the
county in which the initial registered office is located is
Fairfax County.

-4-

PEC-BARZ013156

Section 2. **Registered Agent**. The name of the Corporation's registered agent. is Dr. Hisham Altalib XXXXXXXXXXXXXXXXXXXXXXXXXXX who **is a** resident of Virginia and director of the Corporation and whose business address is 12015 Leesburg Pike, Herndon, Virginia 22070.

Section 3. The head office of the corporation shall be in the state of Virginia. The Board of Trustees may at its discretion relocate it elsewhere or establish regional or branch offices anywhere in the world.

## Article V

### Membership

The Corporation shall have no members.

## Article VI
### Trustees

Section 1. Number of Trustees. The minimum number of Trustees constituting the Board of Trustees shall be five (5) and the maximum number shall be eleven (11). Provided, however, that the exact number of trustees shall be prescribed from time to time in the By-Laws of the Corporation.

Section 2. Election and Term of Office.

A. The term of office of each trustee shall be five (5) years except that the initial board will be assigned a staggered term of office of five, six, seven, eight and nine.

B. In case of a resignation, expulsion, expired term or any other termination of a regular board member or members, the board, by a majority vote at any meeting, shall appoint the member or members required to fill the existing vacancy or vacancies within two months from the date of such vacancy or vacancies.

C. The qualifications to be a board member shall include sound character, honesty, trust, serious interest in charitable work and commitment to the objectives and policies of the Foundation.

D. Any trustee may be removed from office with or without cause by two-thirds (2/3) of a majority of the board members.

-5-

PEC-BARZ013157

Section 3. The names and addresses of the initial board of trustees are as follows:

| Name | Address | Term (years) |
|------|---------|-------------|
| Dr. Hisham Y. Altalib | 1514 Farsta Ct.<br>Reston, VA 22090 | 5 |
| Dr. Ismail R. al-Faruqi | 323 Bent Road<br>Wyncote, PA 19095 | 5 |
| Dr. Jamal M. al-Barzinji | 1518 Park Glen Ct.<br>Reston, VA 22090 | 6 |
| Dr. Abdullah A. al-Zayid | c/o 1518 Park Glen Ct.<br>Reston, VA 22090 | 6 |
| Mr. Abdullah S. al-AbdulAziz | c/o 1518 Park Glen Ct.<br>Reston, VA 22090 | 7 |
| Dr. Abdul-Hamid Abu-Sulayman | c/o 1518 Park Glen Ct.<br>Reston, VA 22090 | 7 |
| Mr. Salih S. al-AbdulAziz | c/o 1514 Farsta Ct.<br>Reston, VA 22090 | 8 |
| Dr. Ahmad M. Totonji | c/o 1514 Farsta Ct.<br>Reston, VA 22090 | 8 |
| Mr. Sulayman A. al-Salih | c/o 1514 Farsta Ct.<br>Reston, VA 22090 | 9 |

## Article VII

### Incorporators

The names and addresses of the incorporators of the Corporation are Dr. Hisham Altalib of 1514 Farsta Court, Reston, Virginia 22090, and Dr. Jamal Al-Barzinji of 1518 Park Glen Court, Reston, Virginia 22090.

## ARTICLE VIII

### Amendment

An amendment to these articles of Incorporation shall require the approval of a three-fourths (3/4) majority of the entire board members.

## Article IX

### Provisions for Regulation and Conduct of the Corporation

Other provisions, consistent with the laws of this state, for the regulation and conduct of the affairs of the Corporation, and creating, defining, limiting or regulating the

-6-

PEC-BARZ013158

powers of the Corporation, are provided in the By-Laws of the Corporation.

IN WITNESS WHEREOF, We, the undersigned, do hereby adopt and execute these Articles of Incorporation and certify the truth of the facts herein state, this 27th day of July, 1983.

H. alTalih

Dr. Hisham Altalih

Dr. Jamal Al-Barzinji

STATE OF VIRGINIA )
                  ) SS:
COUNTY OF Fairfax )

Before me, a notary public in and for said county and state, personally appeared the above incorporators and acknowledged the execution of the foregoing Articles of Incorporation.

My Commission Expires December 2, 1984

My Commission Expires:

County of Residence:

Fairfax

Ellen M Sniadowski

Notary Public - signature

Ellen M Sniadowski.

Notary Public - printed

This instrument prepared by Abdullah A. Bade, 628 Circle Tower Building, Indianapolis, Indiana  46204.

-7-

PEC-BARZ013159

SCC009

8 3 0 3 I   0 I 4 4

244665

COMMONWEALTH OF VIRGINIA
STATE CORPORATION COMMISSION

RICHMOND, July 29, 1983

The accompanying articles having been delivered to the State Corporation
Commission on behalf of

THE SAAR FOUNDATION, INC.

and the Commission having found that the articles comply with the requirements of
law and that all required fees have been paid, it is

ORDERED that this CERTIFICATE OF INCORPORATION

be issued, and that this order, together with the articles, be admitted to record
in this office of the Commission; and that the corporation have the authority
conferred on it by law in accordance with the articles, subject to the conditions
and restrictions imposed by law.

Upon the completion of such recordation, this order and the articles shall be
forwarded for recordation in the office of the Clerk of the Circuit Court, Fairfax
County.

STATE CORPORATION COMMISSION

By _Thomas P. Harwood, Jr._
                              Commissioner

8I0I44

PEC-BARZ013160