# Exhibit 24

Plaintiffs' Corrected Averment of Jurisdictional Facts and Evidence and/or Statement of Facts as to Defendant Al Rajhi Bank Pursuant to Rule 56.1

892789

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the DISTRICT OF COLUMBIA NONPROFIT CORPORATION ACT have been complied with and accordingly, this **CERTIFICATE of INCORPORATION** is hereby issued to

## THE SANA - BELL, INC.

as of July 28th, 1989.

Donald G. Murray
Director

Henry C. Lee, III
Administrator
Business Regulation Administration

*Miriam Hellen Jones*
Miriam Hellen Jones
Superintendent of Corporations
Corporations Division

Marion Barry, Jr.
Mayor

SANA-BELL 00001

## ARTICLES OF INCORPORATION
## OF

### THE SANA - BELL, INC.

To: The Department of Consumer and Regulatory Affairs of the District of Columbia

We, the undersigned natural persons of the age of eighteen years or more, acting as incorporators of a nonstock corporation as a private foundation, adopt the following Articles of Incorporation for such corporation ("Corporation") pursuant to the District of Columbia Non-Profit Corporation Act.

### ARTICLE I

#### Name

The name of the Corporation is "The SANA - BELL, Inc."

### ARTICLE II

#### Term

The period during which the Corporation shall continue is perpetual.

### ARTICLE III

#### Registered Agent and Office

The post office address of the initial registered office of the Corporation is:

> c/o Foley, Hoag & ELiot
> 1615 L Street, N.W., Suite 950
> Washington, D.C. 20036

and the name of the initial registered agent for the Corporation at such address is:

> Richard A. Gross

### ARTICLE IV

#### Purposes

The Corporation is organized to promote the well-being of mankind throughout the world and for charitable, religious, educational, and scientific purposes, including without limitation for such purposes, the making of distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or

FILED
JUL 28 1989
BY: _____

corresponding section of any future Federal tax code. To that end, such purposes shall, without limitation to the foregoing, specifically include:

Section 1. To engage in, establish and promote, and contribute to exclusively religious, cultural, educational, charitable and scientific activities, programs, projects, organizations, institutions and funds.

Section 2. To receive, maintain and administer funds for religious, cultural, scientific, educational and charitable purposes, and to that end, to take and hold by bequest, trust, devise, gift, grant, purchase, lease or otherwise, either absolutely or jointly with any other person, persons, or corporation, any property, real, personal, tangible or intangible, or any undivided interest therein, without limitation as to amount or value; to sell, convey, or otherwise dispose of any such property and to invest, reinvest, or deal with the principal or the income thereof in such manner as, in the judgment of the Board of Trustees, will best promote the purposes of the Corporation without limitation, except such limitations, if any, as may be contained in the instrument under which such property is received, these Articles of Incorporation, the By-Laws of the Corporation, or any laws applicable thereto.

Section 3. To hold and continue to hold as an investment, property which may be received by the Corporation so long as it deems proper, and to invest and reinvest in any securities or property, whether or not income-producing, deemed by it to be for the best interests of the Corporation, without and notwithstanding that the same may constitute leaseholds, royalty interests, patents, interest in mines, oil and gas wells, or timber lands, or other wasting assets, and without any responsibility for any depreciation or loss by or on account of such investments.

Section 4. To rent or lease any property of the Corporation for such time and upon such terms and for such price or prices as in its discretion and judgment may seem just and proper and for the best interest of the Corporation, irrespective of the provisions of any statute or of the termination of any trust.

Section 5. To sell and convey any of the property of the Corporation or any interest therein, or to exchange the same for other property for such price or prices and upon such terms as in its discretion and judgment may be deemed for the best interest of the Corporation and to execute and deliver any deed or deeds, receipts, releases, contracts or other instruments necessary in connection therewith.

SANA-BELL 00003

Section 6. To make all repairs and improvements at any time deemed necessary and proper to and upon real property owned by the Corporation, and to build, construct, and complete any building or buildings upon such property which in its discretion and judgment may be deemed advisable and proper and for the best interests of the Corporation, and to determine the extent to which the cost of such repairs and improvements shall be apportioned as between corpus and income.

Section 7. To deduct, retain, expend, and pay out of any money belonging to the Corporation any and all necessary and proper expenses in connection with the operation and conduct of the Corporation, and to pay all taxes, insurance premiums, and other legal assessments, debts, claims or charges which at any time may be due and owing by, or which may exist against the Corporation.

Section 8. To vote upon all securities belonging to the Corporation, and to become a party to any stockholders agreements deemed advisable by them in connection with such securities.

Section 9. To consent to the reorganization, consolidation, merger, liquidation, readjustment of or other change in any corporation, company or association, or to the sale or lease of the property thereof or any party thereof, any of the securities or other property of which may at the time be held by them hereunder, and to do any act or exercise any power with reference hereto that may be legally exercised by any persons owning similar property in their own right, including the exercise of conversion, subscription, purchase, or other options, the deposit, surrender, or exchange of securities, the entrance into voting trusts, and the making of agreements or subscriptions which they may deem necessary or advisable in connection therewith, all without applying to any court for permission so to do, and to hold and redeem or sell or otherwise dispose of any securities or other property which they may so acquire.

Section 10. To compromise, settle, arbitrate, or defend any claim or demand in favor of or against the Corporation; to enforce any security agreements, or other obligations or liens held hereunder; and to enter upon such contracts and agreements and to make such compromise or settlements of debts, claims or controversies as they may deem necessary or advisable. To incur and pay the ordinary and necessary expense of administration of the Corporation or its Board of Trustees acting in such capacity, including (but not by way of limitation) reasonable attorney's fees, accountants' fees, investment counsel fees and the like.

Section 11. To act hereunder through an agent or attorney-in-fact in carrying out any of the powers and duties herein authorized.

-3-

SANA-BELL 00004

Section 12. To borrow money for any purposes of the Corporation or incidental to the administration thereof and to secure the repayment thereof by granting a security interest in, or pledging or otherwise encumbering any part or all of the Corporation's property, or as part of the consideration given therefor, to assume a liability of the transferor or to acquire such property subject to a liability.

Section 13. To lend money to any person or persons upon such terms and in such ways and with such security as the Board of Trustees may deem advisable for the best interest of the Corporation.

Section 14. In general, to do any and all acts and things, and to exercise any and all powers which it may now or hereinafter be lawful for the Corporation to do or exercise under and pursuant to the laws of the District of Columbia and for the purpose of accomplishing any of the purposes of the Corporation, whether inside or outside the United States of America.

## ARTICLE V

### Investment

No part of the net earnings of the Corporation shall inure to the benefit of or be distributable to its trustees, officers, or other private persons, except that the Corporation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of the purposes set forth in this Article. No substantial part of the activities of the Corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the Corporation shall not participate in, or intervene in, including the publishing or distribution of statements, any political campaign on behalf of any candidate for public office. Notwithstanding any other provision of these Articles, the Corporation shall not carry on any other activities not permitted to be carried on: (a) by a corporation exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or the corresponding provision of any future United States Internal Revenue Law; or (b) by a corporation, contributions to which are deductible under Section 170 of the Internal Revenue Code of 1986, as amended, or the corresponding provisions of any future United States Internal Revenue Law.

-4-

## ARTICLE VI

### Dissolution

Upon the dissolution of the Corporation, the Board of Trustees shall, after paying or making provision for the payment of all of the liabilities of the Corporation, dispose of all of the assets of the Corporation exclusively for the purposes of the Corporation in such manner to the Islamic Society of North America, or in its absence, to The SAFA Trust, Inc., or in its absence, to the North American Islamic Trust, Inc., or, in its absence, to such Islamic organization or organizations organized and operated exclusively for religious, cultural, charitable, educational or scientific purposes as shall at the time qualify as an exempt organization or organizations under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or the corresponding provision of any future United States Internal Revenue Law, as the Board of Trustees shall determine. Any of such assets not so disposed of shall be disposed of by the Court of Common Pleas of the county in which the principal office of the Corporation is then located, exclusively for such purposes or to such Islamic organization or organizations, as said Court shall determine, which are organized and operated exclusively for such purposes.

## ARTICLE VII

### Members

The Corporation shall have no members.

## ARTICLE VIII

### Trustees

Section 1. Number of Trustees. The Corporation shall operate through a Board of Trustees, which shall function, operate and be considered for all purposes as the Corporation's Board of Directors. The minimum number of Trustees constituting the Board of Trustees shall be five (5) and the maximum number shall be eleven (11). Except as provided herein, the exact number of Trustees shall be as prescribed from time-to-time in the By-Laws of the Corporation.

Section 2. Election and Term of Office.

(A) The term of office of each Trustee shall be five (5) years except that members of the initial Board of Trustees will be assigned staggered terms of office of five, six, seven, eight and nine years, as set forth in Section 3 of this Article VIII.

SANA-BELL 00006

(B) In case of a resignation, expulsion, expired term or any other termination of a regular board member or members, the board, by a majority vote of the Board of Trustees at any meeting, shall appoint the member or members required to fill the existing vacancy or vacancies within two months from the date of such vacancy or vacancies, and such appointee(s) or his or their successor(s) shall serve the remaining term of the departing Trustee(s).

(C) The qualifications to be a Trustee, which shall be determined by its Board of Trustees in the Board of Trustee's sole discretion, shall include sound character, honesty, trust, serious interest in charitable work and commitment to the objectives and policies of the Corporation.

(D) Any Trustee may be removed from office with or without cause by two-thirds (2/3) of the entire board members.

Section 3. The names, addresses and terms of the initial Board of Trustees, who shall serve as initial Trustees until their successors be elected and qualify, are as follows:

| Name | Address | Term |
|---|---|---|
| Dr. M. Yaqub Mirza | 11922 Safa Court<br>Herndon, VA 22070 | 5 |
| Dr. Abdulrahim Al Saati | 11924 Safa Court<br>Herndon, VA 22070 | 5 |
| Dr. Farid Yasin Qurashi | 1101 Safa Street<br>Herndon, VA 22070 | 5 |
| Solayman Alsalih Alragihi | 596 Grant Street<br>Herndon, VA 22070 | 6 |
| Ibrahim Afandi | Box 14843 Andulus Street<br>Jeddah, Kingdom of<br>Saudi Arabia | 7 |
| Dr. Mohammed Abdu Yamani | Box 14843 Andulus Street<br>Jeddah, Kingdom of<br>Saudi Arabia | 8 |
| Salih Kamel | Box 14843 Andulus Street<br>Jeddah, Kingdom of<br>Saudi Arabia | 9 |

SANA-BELL 00007

## ARTICLE IX

### Incorporators

The names and address, including street and number, of each incorporator is:

| | |
|---|---|
| Sandra Y. K. Loder | 1615 L Street, N.W., #950<br>Washington, D.C. 20036 |
| James M. Towarnicky | 1615 L Street, N.W., #950<br>Washington, D.C. 20036 |
| James T. Montgomery, Jr. | 1615 L Street, N.W., #950<br>Washington, D.C. 20036 |

## ARTICLE X

### Amendment

An amendment to these Article of Incorporation shall require the approval of two-thirds (2/3) of the votes entilted to be cast by board members present or represented by proxy at a meeting of the Board of Trustees.

## ARTICLE XI

### Regulation and Conduct of the Corporation

Other provisions, consistent with the laws of the District of Columia, for the regulation and conduct of the affairs of the Corporation, and creating, defining, limiting or regulating the powers of the Corporation, shall be provided in the By-Laws of the Corporation.

## ARTICLE XII

### Indemnification

The Corporation shall indemnify any person who is serving or has served as a director or officer of this Corporation, at its request, as a director or officer of another corporation in which this Corporation owns shares of stock or in relation to which it is a creditor, against expenses actually and necessarily incurred by such person in connection with the defense of any action, suit or proceeding in which he is made a party by reason of being or having been a director or officer of this Corporation or of which he is adjudged therein to be liable for negligence or misconduct in the performance of duty. Such indemnification shall not be deemed exclusive of any other rights to which any person may be entitled under any By-Law, agreement, vote of stockholders or otherwise.

SANA-BELL 00008

In witness whereof, we have hereunto subscribed our names this 28th day of July, 1989.

WITNESS:

Carol B. Levine  
_____  
Sandra Y.K. Loder

Carol B. Levine  
_____  
James M. Towarnicky

Carol B. Levine  
_____  
James T. Montgomery, Jr.

I, Eleann H. Peobha, a Notary Public, hereby certify that on the 28th day of July, 1989, Sandra Y.K. Loder, James M. Towarnicky, and James T. Montgomery, Jr. appeared before me and signed the foregoing document as incorporators, and have averred that the statements therein contained are true.

(NOTARY SEAL)

_____  
Notary Public

My Commission Expires August 31, 1991

-8-

SANA-BELL 00009

## STATEMENT OF PERMISSION

I, Richard A. Gross, a resident of the District of Columbia, hereby agree to serve as the registered agent for SANA-BELL, Inc. My address as registered agent shall be c/o Foley, Hoag & Eliot, 1615 L Street, N. W., Suite 950, Washington, D. C.   20036.

_____
Richard A. Gross

_____
July 28, 1989
Date

SANA-BELL 00010