# Exhibit 106

Plaintiffs' Corrected Averment of Jurisdictional Facts and Evidence and/or Statement of Facts as to Defendant Al Rajhi Bank <u>Pursuant to Rule 56.1</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03-MD-1570 (GBD)(SN) ECF Case |
|---|---|

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.* No. 02-CV-6977
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al.,* No. 03-CV-5738
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.,* No. 04-CV-05970
*Federal Insurance Col, et al. v. Al Qaida, et al.,* No. 03-CV-6978
*Euro Brokers v. Al Baraka Investment and Development Corp., et al,* No. 04-CV-7279
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp.,* et al, No. 04-CV-1923
*World Trade Center Properties, LLC, et al. v. Al Baraka Investment and Development Corp.,* et al., No. 04-CV-07280

## DECLARATION OF ALSHALAN, IBRAHEM MOHAMMD I PURSUANT TO OPINION AND ORDER

I, Alshalan Ibrahem, declare under penalty of perjury, under United States laws, pursuant to 28 U.S.C. § 1746, that the following are true and correct to the best of my knowledge:

1. I am a licensed attorney (L.N 35/222) admitted by the Ministry of Justice in Saudi Arabia to practice the law and provide legal consultations within the province. I was given this privilege due to the excellence of my performance during legal training and for obtaining a

1

Masters of Law (LLM) from The Thomas M. Cooley Law School in the United State of America. I gained comprehensive knowledge of the USA legal system while studying in the United States. I received a Masters of Law in comparative studies between the legal systems in the Kingdom of Saudi Arabia and the USA.

2. I am a senior partner of the Law Firm of Adel Albarran and the lead manager of the litigation department. I also undertake the WAMY's headquarter legal matters in the Kingdom of Saudi Arabia. I was assigned to tackle the banking record issues in the Kingdom of Saudi Arabia. WAMY asked me to send further correspondence as a follow-up to correspondence WAMY had already sent to various banking institutions requesting bank statements for its accounts dating between 1992 and 2002.

3. By letter dated March 6, 2019, WAMY's headquarter in Riyadh requested a new assignment to be executed by the firm. The assignment was to obtain a set of account statements for certain banks in Saudi Arabia for the period from 1992 to 2002 as follows:

   a. WAMY's bank account in National Commercial Bank;
   b. WAMY's bank account in Riyad Bank;
   c. WAMY's bank account in Saudi British Bank (SABB);
   d. WAMY's bank account in Samba Bank;

2

  e. WAMY's bank account in Saudi Hollandi Bank (Alawal);

  f. WAMY's bank account in Saudi Investment Bank;

  g. WAMY's bank account in Al Jazira Bank;

  h. WAMY's bank account in Al Rajhi Bank;

4. I would like to briefly describe the financial system in the Kingdom of Saudi Arabi, Saudi Arabian Monetary Authority (SAMA) and the process by which customers receive bank statements:

  a. The Saudi legislative office entrusted the SAMA with performing many functions pursuant to several laws and regulations. One of these functions is supervising commercial banks and exchange agencies and their relationships with the customer.

  b. The rules related to a customer's right to obtain a bank statement are as follows: First, the banks provide a customer with bank statement upon request only; Second, a bank charges a fee for such service; Third, the banks are required by law to keep a customer's document for 10 years. Thereafter it is up to the bank's policy to keep such record.

5. On March 10, 2019, WAMY' counsel met with a branch manager of the National Commercial Bank in Riyadh -Al Morooj district- to inquire the reason of the delay in replying to WAMY's letter dated February 27, 2019. A copy of this letter is attached as **Exhibit 1.**

3

6. WAMY's counsel submitted a letter seeking a banking statement for WAMY's account 25048357000403 for the period between 1992 and 2002. A copy of this letter is attached as **Exhibit 2**. Subsequently, a request was submitted to the legal administration at the headquarters of the bank and a response may take up to three working days.

7. On March 13, 2019, WAMY's counsel received a call from the branch manager Mr. Salm Al-Saif indicating that the National Commercial Bank in Riyadh -Al Morooj district was not able to produce any bank records due to the time lapse.

8. On March 17, 2019, WAMY's counsel requested from the General Administration of Riyad Bank as to why there was no response to the letter WAMY sent on February 27, 2019. A copy of this letter is attached as **Exhibit 3**. Furthermore, WAMY's counsel submitted an application to seek WAMY's bank statement for the account 2091509939941 between 1992 and 2002. A copy of this letter is attached as **Exhibit 4**. WAMY sent another letter to the Bank delegating Ibrahem Alshalan to obtain the bank records by giving consent to produce statements with a fee. A copy of this letter is attached as **Exhibit 5**.

9. On March 17, 2019, WAMY's counsel contacted SABB Bank to inquire the reasons for the delayed response to the letter sent on February 27,

4

2019 because SABB Bank also asked for an authorization from WAMY similar to the one requested from Riyad Bank;

    i. WAMY sent a letter dated February 27, 2019 seeking bank statements between 1992 and 2002. A copy of this letter is attached as **Exhibit 6.**

    ii. On March 8, 2019, WAMY's counsel sent a letter seeking WAMY's bank statement for the account 044-180180-004 for the period between 1992 and 2002. A copy of this letter is attached as **Exhibit 7.**

    iii. WAMY sent an authorization letter to SABB Bank delegating Ibrahem Alshalan to obtain WAMY's banking records. A copy of this letter is attached hereto as **Exhibit 8**.

10. On March 13, 2019, WAMY's counsel requested to meet with the legal department's general counsel at SAMBA Bank to go over the reasons to decline a previous request to obtain the record. A copy of the letter is attached as **Exhibit 9.**

11. WAMY's counsel submitted another request seeking WAMY's bank statement for the account 9907003808 for the period between 1992 and 2002. A copy of this letter is attached as **Exhibit 10**. On March 14, 2019, WAMY's counsel met with the legal department officials of

5

SAMBA Bank. SAMBA approved WAMY's request and provided the bank statements which have been produced to Plaintiffs as Bates WAMYSA1232856-WAMYSA1232954.

12. On March 10, 2019, WAMY's counsel met with a branch manager of the Saudi Hollandi Bank in Riyadh (now Alawal Bank) to inquire the reasons for the delayed response to WAMY's banking records request letter dated February 27, 2019. A copy of this letter is attached as **Exhibit 11**. Additionally, WAMY's counsel submitted an additional letter seeking the bank account statements for WAMY account No. 032375662055 for the period starting January 1, 1999, until December 30, 2002. A copy of this letter is attached as **Exhibit 12**. Subsequently, a request for WAMY's bank statement records was submitted to the legal administration at the headquarters of the bank. As a result, WAMY was provided with the bank statements on March 13, 2019. WAMY produced this statement to Plaintiffs at Bates WAMYSA1232955.

13. On March 20, 2019, WAMY's counsel sent a request for WAMY's bank records to the Saudi Investment Bank for the account No. SA1465000000107702442001 for the period starting January 1, 1999, to December 30, 2002. A copy of this letter is attached as **Exhibit 13**

14. WAMY sent an authorization letter to the Saudi Investment Bank delegating Ibrahem Alshalan to obtain WAMY's banking records and

6

confirming its agreement to pay any required fee. A copy of this letter is attached as **Exhibit 14.**

15. An official at the legal department of the Saudi Investment Bank advised me verbally on March 22, 2019 via telephone that pursuant to the instructions of the Saudi Arabian Monetary Agency (SAMA), the Bank would not be able to produce the requested records as they are beyond the Bank's document retention period. He also stated that there was no need to provide a written response.

16. In response to the letter requesting for records for WAMY Saudi Arabia, WAMY's counsel received a response from Bank AlJazira on March 13, 2019. A copy of this letter is attached as **Exhibit 15**. Bank AlJazira provided WAMY with bank statements for the Account No. 001-1111110-007 which have been produced to Plaintiffs at Bates Stamp WAMYSA1232956-WAMYSA1232960. Since WAMY opened its first bank account in Bank AlJazira in 2000, there were no records in Bank AlJazira prior to 2000.

17. On March 10, 2019, WAMY's counsel visited the headquarters of Al Rajhi Bank to inquire the reasons of the delayed response to WAMY's banking records request dated February 27, 2019. A copy of the February 27, 2019 letter is attached as **Exhibit 16**. WAMY's counsel submitted another letter dated March 8, 2019 requesting banking

7

records for WAMY's Account No. 500608010000102 for the period between 1992 and 2002. A copy of this letter is attached as **Exhibit 17**. The request was transferred to the legal department to inquire the possibility to produce the bank account statements. The request was approved and forwarded to the relevant department that deals with the bank accounts of charitable organizations. An employee was contacted to produce WAMY's bank account statements. Subsequently, WAMY's counsel was summoned by the official at the bank to inform him that, after a final review, the legal counsel rejected the bank account statements production request, reasoning that according to the circulation of the Saudi Arabian Monetary Agency (SAMA) No. 38100009226 dated 02/09/1438H, a bank can refrain from issuing any bank statement that exceeds the bank's document retention period, which is ten years. A written response was promised to be issued within a week.

Despite our effort to seek bank statements from Riyad, SABB, Saudi Investment Bank, and Al Rajhi banks, we have not received any response. We attempted to contact them on many occasions but to date we have not received any statements. I declare under penalty of perjury, that the above is true and correct to the best of my knowledge.

Dated: 4/1/2019

_____
Ibrahem Alshalan