# Al Rajhi Bank Ex. 47

**WHITE & CASE**

January 14, 2022

VIA EMAIL

Sean Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Sean:

We write in response to your December 20, 2021 letter ("December 20 letter") and to memorialize the counter-proposals and explanations we offered during our phone call on January 12, 2022.

**Issues Raised in Plaintiffs December 20 Letter**

- **List of Departments and Committees at Al Rajhi Bank:** During our January 12 call, we provided you with a list of departments from the relevant period (i.e., January 1, 1998-December 31, 2002) ordered by the Court ("Relevant Period"). As explained, this is information we compiled with assistance from the Bank based on a review of old records, and without the aid of a contemporaneous organizational chart. As a result, this list is not a document we are producing, nor is it analogous to a formal response to an interrogatory. This list is a good-faith effort in the meet-and-confer process, and, as always, it is subject to supplementation if we identify new information.

    The Bank has identified the following departments from the relevant period: CEO Office, Finance Group, Human Resources Group, IT & Shared Services Group, Retail Banking Group, Sharia Group, Treasury Group General Manager Office, Corporate Banking Group, Consumer Finance, Alternative Channels, Sales and Network, Administration, Banking Operations, Corporate Credit Management, Credit Audit, Legal, and Risk Management Manager Office.

    As we explained on the call, we believe that the roles of most, if not all, of the departments are self-explanatory. If Plaintiffs have questions about the role of any particular department, we can consider those questions.

    You have also requested a list of "committees." We will continue to work to confirm what committees existed during the Relevant Period.

WHITE & CASE

Sean Carter
January 14, 2022

- **Repository Searches:**  The Bank agrees that, if it has agreed to search a repository for one category of information, it will search at the same time for documents responsive to other document requests for which the Court has authorized discovery.

- **Files of Suleiman al Rajhi:**  As we clarified on the call, we confirm that we will search files maintained by the Chairman's office from the Relevant Period.  We are not currently aware of files of Suleiman al Rajhi that are in the Bank's possession, custody, or control other than files maintained by the Chairman's office.

- **Communications with "da'wah organizations":**  The Bank will search for statements of account and KYC files of the three named charities from the Relevant Period.  We believe that this is a reasonable starting place, particularly given that — as we have explained — correspondence from the relevant period is not electronic and such a request would require searching hard-copy archives.

  Moreover, the Court rejected Plaintiffs' specific request for communications with the charities, holding that Request No. 6, which seeks "all communications" between "ARB Principals" and the charities is "overbroad," "disproportionate to the needs of this dispute," and "likely to reveal vast amounts of superfluous information."  Order 9, ECF No. 7378.  On the other hand, the Court's discussion granting Request No. 1 does not mention communications at all.  *See id.* at 8-9.  Rather, the Order states that Request Nos. 1-3 each "seeks *information about accounts* ARB held for the three da'wah organizations including deposits and withdrawals from associated accounts." *Id.* (emphasis added).  "[I]nformation about accounts" is precisely the type of information that the Bank is searching for and producing in the form of statements of accounts and KYC information.  To the extent any KYC files for the three named charities exist and contain communications, those communications will be produced.

- **Zakat Department:**  As you know, the list of contemporaneous departments does not include a "Zakat Department."  We agree to search for the Bank's own zakat filings during the Relevant Period.

- **Former Chairman's Departure:**  As discussed on the January 12 call, the former Chairman departed the Bank in June 2007, long after the Relevant Period.  Nevertheless, in the spirit of cooperation, the Bank agrees to search for documents from the Relevant Period (i.e., 1998-2002) about the former Chairman's departure from the following repositories:  the Bank's Board and general assembly minutes and the former Chairman's files maintained by the Chairman's office.  The Bank does not agree to undertake the burden of searching other repositories (including less accessible repositories) for documents relating to the former Chairman's departure, because no repository is likely to have documents from the Relevant Period about the former Chairman's departure in June 2007.  In particular, the privilege burden of undertaking your suggestion to search the legal department's files from the Relevant Period far outweighs the low likelihood of identifying any relevant documents from the Relevant Period.  The Bank will not search for documents outside the Relevant Period ordered by the Court.

WHITE & CASE

Sean Carter
January 14, 2022

- **Allegations of Instruction to Explore Mechanisms to Evade Regulatory Scrutiny:** We believe that the Bank's proposal to search the former Chairman's documents maintained by the Chairman's office from the Relevant Period is an appropriate starting place, given that Plaintiffs' allegation is that Suleiman al Rajhi issued this purported instruction. Your letter states (at 3) that Plaintiffs "do not anticipate" that responsive documents would be in the repositories that the Bank has proposed, but does not offer a counter-proposal. And as we explained, your proposal on the January 12 call to review IT "implementation steps," whatever that may mean, that involve any "alteration" of the Bank's systems is not workable and would constitute an impermissible "fishing expedition." This approach is not clear, let alone reasonable or proportional. We agree to continue conferring on this issue.

- **Records Concerning Suleiman Abdel Aziz al Rajhi Foundation:** As stated in our December 17, 2021 letter (at 2), the Court denied Plaintiffs' requests as to the "SAAR Network." *See* Order 15-16. The Bank therefore will not search for documents regarding alleged donations by the Suleiman Abdel Aziz al Rajhi Foundation ("Foundation") to IIRO, Al Haramain Islamic Foundation, or Muwafaq Foundation (a/k/a Blessed Relief Foundation). While you stated on the January 12 call that you understand the Foundation to be distinct from the SAAR Network, Plaintiffs' Requests for Production define "SAAR Network-Related Entities" to include the "SAAR Foundation." Def. 17. Your December 20 letter asks the Bank to "reconsider" this position because Plaintiffs "are confident" that the Bank had "a relationship with the Suleiman Abdel Aziz al Rajhi Charitable Foundation." The Court expressly found that Plaintiffs' Complaint "does not allege ties between ARB and the SAAR Network." Order 15. The Complaint, in any event, makes no allegation regarding the Foundation.

    The Bank declines to reconsider its refusal to search for documents in response to a request expressly denied by the Court.

- **Roles of Unnamed "ARB Principals" with Charities:** The Bank will not engage in a search for documents involving unidentified individuals. Plaintiffs' request lacks specificity and is unrelated to any specific factual allegation. As we explained on the January 12 call, the Bank will search its human resources records, Board records, and Sharia Board records from the Relevant Period for documents regarding the named individuals and entities. If, during those searches, the Bank identifies documents concerning any roles with charities of other individuals identified in the documents as Bank executives, the Bank will review and produce those documents as well. But the Bank will not search for documents of persons whom Plaintiffs are unable to identify to the Bank with specificity.

- **Al Hussayen Requests:** As stated twice in our December 17 letter (at 3), and reiterated on our January 12 call, we understand that Saleh al Hussayen served the Bank's Sharia Board until 1999 and was not a Bank employee. The Bank therefore will search Sharia Board records and employment and separation data from the Relevant Period. Given that Al Hussayen had no affiliation with the Bank after 1999, there is no basis for Plaintiffs'

3

WHITE & CASE

Sean Carter
January 14, 2022

request to search for documents about his travel, detention, or interrogation in *2001*, nor is there any repository in which the Bank might reasonably expect to find such documents, if they exist. We do not believe that conducting a search for such hypothetical documents would be reasonable or proportionate.

**2009 Administrative Subpoena (RFP No. 33)**

During our January 12 call, you asked whether, in response to Request No. 33, the Bank would search for and produce additional documents beyond those the Bank produced in response to the July 17, 2009 Administrative Subpoena served on the Bank. The Bank responded to the subpoena to the satisfaction of the U.S. authorities as evidenced by statements of the U.S. authorities in publicly available court filings. The Bank, therefore, will produce to the Plaintiffs the documents that it produced to the U.S authorities. To search for additional documents beyond those produced to the U.S. authorities, given the Bank's prior compliance with the subpoena, would not be proportionate or reasonable.

*        *        *

We look forward to receiving Plaintiffs' response to these proposals and we remain available to meet and confer again.

Sincerely,

[signature]

Christopher M. Curran
Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*

cc:   Sean Carter
      J. Scott Tarbutton
      Abby J. Sher
      Robert Sheps
      James L. Bernard
      Patrick N. Petrocelli
      Christopher R. LoPalo

4