# Al Rajhi Bank
# Ex. 71

## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*<br>MOTLEY RICE LLC<br>James P. Kreindler, *Co-Chair*<br>KREINDLER & KREINDLER LLP | Stephen A. Cozen, *Co-Chair*<br>Sean Carter, *Co-Chair*<br>COZEN O'CONNOR |
| Andrew J. Maloney III, *Co-Liaison Counsel*<br>KREINDLER & KREINDLER LLP<br>Robert T. Haefele, *Co-Liaison Counsel*<br>MOTLEY RICE LLC | J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA EMAIL**

December 20, 2021

Matthew S. Leddicotte, Esq.
White & Case LLP
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807

    RE:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Matt:

We thought it would be prudent to send you a note outlining our primary reactions and proposals in advance of our call at 12:15pm this afternoon.

### Discovery Schedule:

ARB has proposed a March 31, 2022 date for completion of jurisdictional discovery, but has not provided any information as to the anticipated timing of its production. As indicated in our email of yesterday, we have been seeking information on the timing of ARB's productions for some time, as it is essential to conducting a meaningful meet-and-confer on the schedule.

In any case, the March 31 date is not reasonable or realistic. Plaintiffs instead propose the following schedule for jurisdictional fact discovery:

- ARB shall begin producing documents no later than December 30, 2021, and complete its production of documents covered by its proposal, and the modifications requested by Plaintiffs below, by January 30, 2022. Documents shall be produced on a rolling basis.

- In parallel to the production of documents required above, the parties shall continue to meet-and-confer concerning any additional repositories where responsive documents are reasonably expected to be located, and additional searches that may be warranted.

Matthew S. Leddicotte, Esq.
December 20, 2021
Page 2

- To the extent Plaintiffs seek a 30(b)(6) deposition of an ARB designee for purposes of identifying additional repositories or searches that would be appropriate, that deposition shall be noticed on or before February 15, 2022, and conducted on or before March 1, 2022. To the extent Plaintiffs notice a 30(b)(6) deposition for purposes of identifying additional repositories that are reasonably likely to hold responsive documents, it shall not preclude Plaintiffs from conducting a separate 30(b)(6) deposition on other issues.

- Any motion to compel additional searches shall be filed on or before March 30, 2022.

- Document discovery and fact depositions shall be completed on or before May 30, 2022.

- Forty-five (45) days prior to the jurisdictional fact discovery deadline, the parties shall submit a joint letter setting forth their proposal or proposals for expert discovery. That proposal shall include a deadline for serving Requests for Admissions and Interrogatories aimed at narrowing the areas of dispute for any post-discovery motion practice.

**Other Issues:**

As also mentioned in our email of yesterday, Plaintiffs have not yet received any list of departments and committees at the bank, as discussed in the December 6 and 13, 2021 meet-and-confer discussions. That information is needed to engage in a meaningful dialogue as to whether ARB has improperly excluded key repositories from its proposals. We propose that ARB provide information identifying all departments and committees of the bank during the relevant period, and a short description of their roles, by December 30, 2021. The parties will continue their discussions with the benefit of that information, as described above.

ARB proposes to conduct searches in certain specified repositories for certain issues, but not look for documents responsive to other areas of discovery authorized by the Court at the same time. For example, ARB proposes to search the Board of Directors meeting minutes for documents relating to Suleiman al Rajhi's removal from the bank, but its proposal does not contemplate reviewing those Board minutes for information relating to ARB's relationships with the charities. To the extent ARB has proposed to search a repository for one category of information, it should search at the same time for documents responsive to other issues for which discovery has been authorized by the Court.

ARB has proposed to search files of Suleiman al Rajhi maintained "in his capacity as Chairman of the Bank." The meaning of this qualifying language is unclear, and inappropriate to the extent that it aims to exclude from the scope of ARB's searches and files of Suleiman al Rajhi that are in the possession, custody, or control of the bank, but allegedly not maintained in his capacity as Chairman. If the bank is in possession, custody, or control of the documents, it is required to conduct searches of them.

ARB's contemplated searches in response to the da'wah organization requests would not capture any communications or correspondence between ARB and the da'wah organizations, as well as

2

Matthew S. Leddicotte, Esq.
December 20, 2021
Page 2

other categories of documents for which the Court directed discovery. As discussed on our December 13 call, the complete exclusion of such documents from the proposed searches is contrary to the Court's order authorizing that discovery, and the Second Circuit's mandate. Plaintiffs propose to explore this issue through further meet-and-confers and, if necessary, a 30(b)(6) deposition of a knowledgeable ARB representative.

In several other cases, ARB's proposals similarly do not align with the actual scope of the documents requests expressly authorized by the Court. We can discuss these when we speak this afternoon.

ARB has excluded the Zakat Department from its searches related to the charities. Plaintiffs anticipate that the Zakat department files would hold key information responsive to the areas of discovery authorized by the Court. We would like to discuss appropriate searches of the Zakat Department.

ARB has proposed to search for documents concerning the reasons for Suleiman al Rajhi's departure from the bank solely in the Board of Directors and General Assembly meeting minutes. As we discussed during our December 13 call, we do not expect that the Board and General Assembly minutes would include complete or accurate information on the reasons for Suleiman al Rajhi's departure. On our call, we indicated that ARB should, at a minimum, also be conducting searches of Suleiman al Rajhi's files, and we had thought that you were willing to do so. Please advise. Plaintiffs do not presently have sufficient information to identify the additional repositories that should be searched for these documents, primarily because ARB has not provided a list of departments and committees, as requested by Plaintiffs. We do not know, for example, whether the bank had an Executive Committee, although we suspect that it did. Plaintiffs propose that the parties continue to confer on those issues, and that any application for plaintiffs to compel additional searches be submitted pursuant to the schedule referenced above.

ARB similarly has proposed to search for documents relating to Suleiman al Rajhi's instruction to explore mechanisms to enable contributions to evade regulatory scrutiny solely in the Board minutes and files maintained by Suleiman al Rajhi in his capacity as Chairman of the bank. Plaintiffs do not anticipate that ARB would have documented the instruction to develop mechanisms to evade new counterterrorism financing regulations and protocols in its Board minutes or in his own files. Instead, this instruction would be reflected in the files of the department responsible for developing, implementing, managing, or modifying the systems and codes in issue.

ARB has indicated that it is unwilling to search for records concerning the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation, citing the Court's reasoning as to the distinct U.S.-based SAAR Network. We are confident that ARB did have a relationship with the Suleiman bin Abdul Aziz al Rajhi Charitable Foundation, and distributed funds for same to the relevant da'wah organizations. We would ask that ARB reconsider its position on this issue.

3

Matthew S. Leddicotte, Esq.
December 20, 2021
Page 2

ARB proposes to search limited repositories for records reflecting any roles specified individuals held at relevant da'wah organizations. The request granted by the Court requires ARB to identify any such roles held by *any* ARB high-ranking personnel, and is not limited to the few individuals covered by ARB's proposal. We would anticipate that the records of the Shariah Board and Zakat Department/Committee are likely to hold relevant records, and should be searched. We would further propose that ARB provide a list of its Board and Executive Committee members, management personnel, department heads, and Shariah Board and Zakat Committee members. This will allow Plaintiffs to investigate the issue in parallel.

ARB proposes to search Shariah Board records and employment and separation data concerning Saleh al Hussayen and his role with the bank's Shariah Board, but does not propose which repositories it intends to search for documents concerning Hussayen's trip to the United States in 2001 (Request No. 43), his detainment and interrogation by the FBI (Request No. 44), and any investigation conducted by ARB and/or Saudi government relating to same (Request No. 44). Moreover, any account(s) at ARB associated with Hussayen would be responsive to Request No. 47, as authorized by the Court.

Sincerely,

   COZEN O'CONNOR

By:   /s/ *Sean P. Carter*
     Sean P. Carter
     Cozen O'Connor
     One Liberty Place
     1650 Market Street, Suite 2800
     Philadelphia, PA 19103
     Tel: (215) 665-2105
     E-mail: scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec. Committees*

cc: Reuben J. Sequeira, Esq.
    William N. Clark, Jr., Esq.
    J. Scott Tarbutton, Esq.
    Abby J. Sher, Esq.
    Robert Sheps, Esq.
    James L. Bernard, Esq.
    Patrick N. Petrocelli, Esq.
    Christopher R. LoPalo, Esq.

LEGAL\55590396\1

4