# Al Rajhi Bank
# Ex. 77

WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

February 28, 2023

VIA EMAIL

Sean Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

*In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.)

Dear Sean:

We write to respond to the subset of issues Plaintiffs raised during our February 8, 2023 meet-and-confer call.

1.  **Search Methodology for Donations to Charities**

Plaintiffs asked how the Bank identified the additional transactions it produced from the Charity Foundation on January 19, 2023, and whether the Bank used a different search methodology. As we explained in our January 19 letter, and as we reiterated on the February 8 call, these transactions were captured by the Bank's original search process but were inadvertently left out of the Bank's previous productions. The Bank used the same search methodology to identify the transactions included in this clean-up production as it did to identify all the other Charity Foundation transactions it has produced.

As described in our January 19 letter, the Bank identified Charity Foundation transactions by matching credits to the IIRO and Al Haramain (the "two Charities") accounts with debits from the Charity Foundation's accounts. These credits are reflected in the statements of accounts for IIRO and Al Haramain that the Bank has already produced. *See* ARB-00010931, ARB-00031207, ARB-00037127, ARB-00034346, ARB-00037131, ARB-00034364, ARB-00034368.

The Bank did not use any other fields in the Core Banking System to identify Charity Foundation transactions to the two Charities. The additional fields available in the Core Banking System are as follows: value date, SAR amount for foreign currency transactions, the branch teller's approval of the transaction, the head teller's approval of the transaction, and issuing branch number. The Bank did not use any of these fields to identify potentially responsive transactions, nor are they relevant.

WHITE & CASE

Sean Carter
February 28, 2023

2.   **Accounts of Certain Individuals**

During our January 6 call, Plaintiffs asked about accounts held by individuals and referenced at ARB-00038978, -38979, -38885, and -38920, but did not identify the specific individuals at issue. The Bank confirmed in our January 27 letter that two accounts (5200/5 and 7000/7) that were previously held in the names of certain individuals were converted to organizational accounts, and the Bank confirmed that it already produced to Plaintiffs the statements of account and Customer Information Files ("CIFs") from the relevant period for these accounts. *See* ARB-00029181 and ARB-00034431.

During our February 8 call, Plaintiffs stated that the above-referenced pages contained additional individuals for whom Plaintiffs are seeking account information, but Plaintiffs still have not provided the names of those individuals. The Bank has confirmed that the accounts referenced at ARB-00038978, -38979, -38885, and -38920 were previously held in the names of individuals and were converted to organizational accounts, and that the Bank produced to Plaintiffs the statements of account and the CIFs from the relevant period for these accounts. *See* ARB-00014880, ARB-00029938, ARB-00035164, ARB-00030454, ARB-00031890, ARB-00036208, ARB-00014582, ARB-00029714, *and* ARB-00016119 (statements of account); ARB-00038452, ARB-00038470, ARB-00038493, ARB-00038529, ARB-00038562, ARB-00038580, ARB-00038897, ARB-00038931, *and* ARB-00038545 (CIFs).

3.   **Additional Individuals**

As we explained on the February 8 call, the Bank will respond in the normal course to Plaintiffs' Second Set of Requests for Documents, including as to any issues Plaintiffs have raised in the meet-and-confer process but that have now been subsumed by the new Requests.

4.   **Custodian/Repository Information For Documents the Bank Produced**

Consistent with our representation on the February 8 call, the Bank produced on February 15 the custodian and repository information for all previously produced documents.

5.   **Letters from Suleiman Al Rajhi Regarding IIRO Board Service**

Plaintiffs noted that their translations of certain letters from Suleiman Al Rajhi indicate in their letterhead that they issued from "the Estate of Suleiman Al Rajhi," and Plaintiffs asked whether the Bank has some sort of "set of files" for Suleiman Al Rajhi's "Estate" in its possession. The Bank has no such repository.

6.   **Correspondence with IIRO and Al Haramain**

Plaintiffs stated that the documents produced by the Bank do not show any alleged "earmarking of donations" to the charities for any particular purpose. As we explained, the Bank has produced complete CIFs, which include KYC information as well as non-routinized correspondence with the customers. The Bank has also made clear that, for every repository it searched, it searched for

2

Sean Carter
February 28, 2023

documents responsive to all requests granted by the Court. As we have explained, the Bank has not identified any other centralized correspondence file repositories, nor has it identified any other potential custodians (e.g., "relationship managers") or repositories other than the CIFs that are reasonably likely to contain additional responsive communications with the charities.

### 7. Customer Information Files

Plaintiffs asked whether the CIFs were set up locally at the branch level. We have reconfirmed that this is correct, as we stated on the call.

Plaintiffs also asked whether, given that IIRO and Al Haramain opened multiple accounts at various branches, the Bank would have set up multiple CIFs at each respective branch. We understand that a branch would normally generate a CIF when opening an account for a customer who was new to that particular branch. In the case of an organizational customer, like either of the charities, a new CIF likely would only have been generated if the individual designated to operate the account was also new to the branch. The CIF normally would be maintained at that branch. We have confirmed that the Bank searched for all responsive CIFs for all IIRO and Al Haramain accounts, and produced all responsive documents.

### 8. Deposition Protocol

Plaintiffs stated again during our February 8 call that they are not willing to negotiate a deposition protocol with the Bank because Plaintiffs believe that the deposition protocol entered by the Court as to Plaintiffs' discovery against certain other defendants also applies to the Bank. As we explained in our January 27 letter, several provisions of the previous Order make clear it applied only to the Defendants in discovery at that time. *See, e.g.*, Order ¶¶ 7, 15, 36 (Jan. 31, 2018), ECF No. 3894. Thus, while certain provisions of the previous Order may be appropriate to replicate in the deposition protocol between Plaintiffs and the Bank, many are not and will need to be revised, with the Court's assistance if necessary.

### 9. Proposed Statement of Jurisdictional Facts

In our January 19 and January 27 letters, the Bank followed up on its request that after the close of discovery Plaintiffs file a proposed statement of jurisdictional facts, with supporting documents, on which the Bank can rely in making its renewed motion to dismiss. During our February 8 call, Plaintiffs indicated that they believed the issue is premature and that they will not agree to the concept at this time. The Bank does not view the issue as premature and intends to bring the matter to the Court's attention.

### 10. Plaintiffs' Subpoena on J.P. Morgan Chase Manhattan Bank

In our January 27 letter, we requested that, to avoid burdening the Court with a motion to quash, Plaintiffs' narrow their overbroad subpoena on J.P. Morgan Chase Bank, N.A. to conform to the scope of the limited jurisdictional discovery inquiry authorized by the Second Circuit and ordered

**WHITE & CASE**

Sean Carter
February 28, 2023

by the Court. Plaintiffs stated during our February 8 call that they will not agree to do so. Plaintiffs have left the Bank with no choice but to move to quash the subpoena.

*   *   *

Notwithstanding the parties' impasse on several issues above, we are available for a meet-and-confer call to discuss proposed resolutions to those issues as well as any issues that remain open.

Sincerely,

[signature]

Nicole Erb
Matthew S. Leddicotte
Reuben J. Sequeira

*Counsel for Al Rajhi Bank*

cc:   Sean Carter
       J. Scott Tarbutton
       Abby J. Sher
       Robert Sheps
       James L. Bernard
       Patrick N. Petrocelli
       Christopher R. LoPalo