**WHITE & CASE**

December 12, 2024

VIA ECF

The Honorable George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
David Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

*In re Terrorist Attacks on September 11, 2001*, **Case No. 1:03-md-01570-GBD-SN (S.D.N.Y.): The Republic of the Sudan's Response to Plaintiffs' December 9, 2024 Letter (ECF No. 10604)**

Dear Judge Daniels:

Sudan respectfully submits this letter in response to Plaintiffs' letter dated December 9, 2024 (ECF No. 10604).

On November 21, 2024, this Court entered an order requiring Sudan's counsel to submit "written authorization from appropriate Sudanese authorities indicating Sudan's intention to defend itself in this action," and requiring Sudan to "file an Answer to the remaining claims of the Complaint." ECF No. 10552. Sudan complied with this Court's order on December 4, 2024. *See* ECF Nos. 10569, 10575, 10576.

On December 9, 2024, Plaintiffs filed an unprovoked and gratuitous letter that seeks to impose additional obligations upon Sudan not contemplated by this Court's order. Plaintiffs conspicuously do not cite any authority imposing any such additional obligations on Sudan, and reference only Plaintiffs' purported "concerns" regarding Sudan's participation in this litigation.

As Plaintiffs concede (at 1), the authorization signed by Sudan's Minister of Justice *complies* with this Court's order by confirming Sudan's intent and commitment to defend itself in this litigation. Despite Plaintiffs' protestations (at 1-2), Sudan's representative was not required to provide this Court with a detailed plan addressing "Sudan's capacity to conduct required investigations into the factual allegations," "to search for, collect, and produce documents," "to respond to interrogatories in a considered manner, or to produce witnesses for depositions." None of these manufactured criteria is required by the Court's order. The authorization signed by Sudan's Minister of Justice should be more than sufficient to allay any concerns *the Court* may have regarding Sudan's continuing participation in this litigation.

WHITE & CASE

The Honorable George B. Daniels
December 12, 2024

In their attempt to create a false narrative regarding Sudan's engagement in this litigation, Plaintiffs continue (at 2) to completely (and offensively) disregard the tragic events that have been unfolding in Sudan for well over a year and to rehash irrelevant litigation history involving a prior Sudanese regime. Sudan has been an active litigant in this litigation since it appeared in 2020. Plaintiffs' accusation (at 2) that Sudan has merely "rais[ed] and litigat[ed] technical defenses" in this litigation is demonstrably false. Sudan's comprehensive motion to dismiss did not assert "technical defenses," but, rather, challenges to the jurisdiction of this Court and the sufficiency of the allegations supporting Plaintiffs' claims. Plaintiffs' suggestion that the defense of foreign sovereign immunity, for example, is a "technical defense" is absurd, given that a court "*must*" address foreign sovereign immunity at "the threshold of every action." *See Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 (1983) (emphasis added). Sudan's assertion of its sovereign right to immediate appeal of this Court's order denying sovereign immunity also is not a "technical defense."

Plaintiffs make the illogical and baseless argument (at 2) that Sudan's *compliance* with the Court's order somehow indicates a willfulness not to participate in this litigation. As Sudan explained in previous filings, Sudan did not interpret the time limitation in Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure to apply where a court grants in part and denies in part a motion to dismiss. Once this Court issued its order requiring Sudan to file an answer responding to the "remaining claims of the Complaint for which this Court denied Sudan's motion to dismiss," Sudan promptly did so. Moreover, while Sudan's counsel previously was having difficulty engaging with the appropriate Sudanese government representatives, it has now done so. As Plaintiffs acknowledge (at 1), Sudan's Minister of Justice has confirmed Sudan's commitment to participating in the litigation and confirmed the authority of Sudan's Ambassador to provide instruction to Sudan's counsel. That Sudan's counsel sought to engage with the appropriate representatives in Sudan regarding next steps in the litigation before engaging with Plaintiffs' counsel does not undermine Sudan's commitment to this litigation. To the contrary, these efforts to engage the appropriate Sudanese representatives indicate that Sudan's commitment to participate in this litigation is sincere.

Finally, Plaintiffs' criticisms (at 2) of Sudan's Answers are, like Plaintiffs' other arguments, noticeably unaccompanied by any authority. Sudan's Answers comply with its obligations under Rule 8. Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."); *see Pantaleon-Thomas v. Hyundai Cap. Am.*, No. 23-cv-7418, 2024 WL 1484190, at *3 (S.D.N.Y. Apr. 5, 2024) (holding "the basic requirements of Rule 8(b) have been met," because the rule does not "condemn averments of insufficient information or knowledge upon which to form a belief as to the truth of the complainant's allegations") (internal citations omitted) (quoting *White v. Smith*, 91 F.R.D. 607, 608 (W.D.N.Y. 1981). The supposed high incidence of responses stating that Sudan lacks knowledge as to specific allegations does not indicate any deficiency, but rather indicates that the majority of Plaintiffs' allegations focus on parties other than Sudan. *See Clean Coal Tech., Inc. v. Leidos, Inc.,* No. 17-cv-9678, 2019 WL 5960202, at *5 (S.D.N.Y. Nov. 13, 2019) (observing that if the defendant "encounters an allegation so wholly irrelevant to him that he cannot adequately respond in his Answer, he can simply respond that he lacks knowledge or

WHITE & CASE

The Honorable George B. Daniels
December 12, 2024

information sufficient to admit or deny the allegation"). To the extent Plaintiffs' allegations concern Sudan, Sudan dutifully admitted or denied such allegations.

Respectfully submitted,

/s/ *Christopher M. Curran*

Christopher M. Curran

*Counsel for the Republic of the Sudan*

cc:   The Honorable Sarah Netburn (via ECF)

   All Counsel (via ECF)