UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Burlingame, et al. v. Bin Laden, et a*l. No. 02-cv-07230 (GBD)(SN)
*Bauer, et al. v. Al Qaeda Islamic Army, et al*. No. 02-cv-07236 (GBD)(SN)

**Declaration of Andrew J. Maloney, III, in Support of the *Ashton* Plaintiffs' Motion to Authorize Alternative Service of Partial Final Judgments Against The Taliban on Behalf of U.S. Nationals**

I, ANDREW J. MALONEY, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.  I am an attorney representing the plaintiffs in the above-referenced matter (the "*Ashton* Plaintiffs") and a partner at Kreindler & Kreindler LLP ("Kreindler & Kreindler") and I submit this declaration in support of the *Ashton* Plaintiffs'[1] Motion to Authorize Alternative Service of the partial final judgments against the Taliban and Da Afghanistan Bank ("DAB") on behalf of U.S. Nationals representing the estates of those individuals murdered on September 11, 2001. The motion seeks the following relief:

    A.  Granting service of process in the above-captioned matter by publishing notice, in the form attached as Exhibit A, in *Al Quds Al-Arabi* and the *New York Times* once a week for four weeks with an electronic address such as a URL or QR code that directs the reader to easily accessible online versions of the relevant filings;

    B.  By communications to the Twitter accounts of Taliban First Deputy Prime Minister Abdullah Azzam (@Abdullah_azzam7) and Taliban political spokesman Mohammed Naeem (@IeaOffice), or any other Twitter accounts reported to belong to Taliban

---

[1] For the purposes of this motion, the *Ashton* Plaintiffs include those in the 6th Amended Complaint including *Burlingame, et al. v. Bin Laden, et al*. No. 02-cv-07230; and *Bauer, et al. v. Al Qaeda Islamic Army*, et al. No. 02-cv-07236.

  spokespersons;

C. By communications to the Twitter account t which the DAB's website is linked (@AFGcentralbank); and

D. By email to the account posted on DAB's official website (info@dab.gov.af).

Procedural Background

  2. On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, Iran and the Taliban, among others. *See* 02-cv-6977 (S.D.N.Y.) ECF 1. That complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

  3. Pursuant to this Court's order, the *Ashton* Plaintiffs served the *Taliban* Defendants by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the *Taliban*, was provided on March 16, 2005, and March 31, 2005, for publication in both English and Pashto, consistent with the service Order. ECF 709, 735.[2] The *Taliban* failed to appear and never answered. The *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs' motion, including the *Taliban*).[3] That is,

---

[2] The publication notices directed the named defendants to the MDL docket and advised them in both English and Pashto that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

[3] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF 1797. When referring to *Ashton* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are the personal representatives of or immediate family members of the estates added to the lawsuit as of the Sixth Amended Complaint.

as of May 12, 2006, the *Ashton* Plaintiffs had a liability default judgment against the *Taliban*, among others.

4.  The Court granted the *Ashton* Plaintiffs partial final damages judgments against the Taliban on behalf of the U.S. Nationals' estates and their immediate family members on March 30, 2023 at ECF No. 8973 in 1:03-md-1570-GBD-SN; and on June 27, 2023 at ECF 9167. The Court granted the same relief to the *Parker* and *Suarez* plaintiffs (who are part of the *Ashton* action) by Order dated October 28, 2024 at ECF No. 10468.

5.  The United States does not have diplomatic relations with the Taliban and none of the traditional means of service by mail or courier are available. Personal service is dangerous and impractical, and both this Court at ECF No. 7830 (noting that "[g]iven the precarious security situation in Afghanistan, personal service on DAB appears neither viable or advisable." Id. at 14; and that the Taliban and DAB already had actual notice of these proceedings, based on their representatives' public comments *Id.* at 7, 13); and the Second Circuit Court of Appeals, in *William Wodenshek, et al. v. Da Afghanistan Bank*, 22-965(L) and *Sarah Wodenshek v. Taliban*, 22-975(Con), see attached Ex. B, further authorized alternative service in the manner sought herein.

6.  For all of the reasons set forth in this declaration and the *Ashton* Plaintiffs respectfully request authorization to use the alternative methods of service described above to serve the Taliban and DAB with the notice of the partial final judgments against the Taliban on behalf of U.S. Nationals, with the Plaintiffs' intent to the move for execution of the judgments and turnover of the assets of the Taliban currently held in a DAB account at the New York Federal Reserve Bank. I respectfully request that this Court grant the proposed order filed herewith.

Dated: December 12, 2024
New York, NY

                                                    /s/ Andrew J. Maloney, III
                                                       Andrew J. Maloney, III