# Exhibit 14

# CLIFFORD
# CHANCE

**CLIFFORD CHANCE US LLP**

2001 K STREET NW
WASHINGTON, DC 20006 - 1001
TEL +1 202 912 5000
FAX +1 202 912 6000
www.cliffordchance.com

**By Electronic Delivery**

Sean Carter, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Direct Dial: +1 202 912 5109
E-mail: steve.cottreau@cliffordchance.com

August 22, 2012

**03-MD-1570: Supplemental Requests for Production to Dubai Islamic Bank**

Dear Mr. Carter:

We are writing in response to Plaintiffs' supplemental requests for production to Dubai Islamic Bank ("DIB") dated July 31, 2012. None of the requests to DIB are the consequence of newly discovered facts. We fail to see why Plaintiffs unreasonably delayed service of these requests, leaving DIB a scant 30 days to both respond to the requests and to conduct numerous searches in response to the 43 requests (in addition to the 108 requests served in 2010). We believe these requests are improper.

First, Plaintiffs served these supplemental requests on DIB on July 31, 2012. Thus, responses are due on September 4, 2012. September 4, 2012, however, is after the close of discovery. Such discovery must be served such that responses are due prior to the close of discovery. See, e.g., *Jones v. Hirschfeld*, 01-cv-7585, 2003 WL 21415323 (S.D.N.Y. June 19, 2003) ("Both sides should be aware that the discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests. 'Generally, discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date. Discovery requests which are served too late in the discovery period to allow for a timely response, have been disallowed.'" (quoting *Gavenda v. Orleans County*, 182 F.R.D. 17, 20 ( W.D.N.Y. 1997))); *Fitzgibbon v. Sanyo Securities America, Inc.*, 92-cv-2818, 1994 WL 281928 (S.D.N.Y. June 22, 1994) ("Plaintiff's document request was untimely and will be disallowed for that reason" when counsel "waited until less than thirty days prior to the discovery cut-off date to serve Plaintiff's first request for the production of documents."). *Cf.* N.D.N.Y. Local Rules of Practice Rule 16.2.

**CLIFFORD**
**CHANCE**

CLIFFORD CHANCE US LLP

Second, most of the new requests seek account information for names of certain people and organizations. This supplemental discovery approach is inconsistent with the agreement we reached with Plaintiffs over a year ago. *See* Letter to Sean Carter dated July 7, 2011 (attached as Ex. 1). Last summer, you sent us a list of proposed search terms. On September 8, 2011, we sent Plaintiffs a revised list of search terms we planned to run on an account database. *See* Letter to Sean Carter dated September 8, 2011 (attached as Ex. 2). On September 22, 2011, we sent Plaintiffs another letter further outlining revisions and updates to this list. *See* Letter to Sean Carter dated September 22, 2011 (attached as Ex. 3). We invited you to propose additions, but you never responded. *See* Exs. 1 & 2. We then undertook an expensive process of using those search terms to find related accounts, including sending U.S. lawyers to Dubai to oversee the project on multiple occasions. Now, Plaintiffs wish to supplement those terms with new requests and force DIB to re-do the process, costing significant time, money, and resources. To re-do this process is unreasonable and unduly burdensome.

Accordingly, Plaintiffs' supplemental requests are untimely and objectionable in their entirety. Hence, DIB will not be providing documents in response to these untimely document requests.

Sincerely,

/s/ Steven T. Cottreau
Steven T. Cottreau

Enclosures (3)

cc: Alan Kabat
Counsel of record (by email)