UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/2025

**SARAH NETBURN, United States Magistrate Judge:**

On October 9, 2024, the Plaintiffs' Executive Committees ("PECs") notified the Court that they suspected that the expert retained by Defendant the World Assembly of Muslim Youth ("WAMY") engaged in misconduct during his deposition on July 22, 2021. See ECF No. 10416. They requested targeted discovery attached at Addendum A. The PECs' application spawned numerous letters, including from WAMY and the expert's employer Baker Tilly. The PECs' suspicions are premised on an anonymous letter they received alleging that (1) Marks' time records were falsified to hide work performed by others; (2) his deposition testimony was false; (3) the parties withheld discovery of evidence damaging to WAMY, and (4) two undisclosed witnesses "secretly" attended Marks' deposition and coached him. Following the PECs' initial letter, WAMY's counsel and Baker Tilly each retained separate counsel to conduct investigations into the matter.[1] The Court has also reviewed excerpts of the Marks videotaped deposition.

The internal investigations by outside counsel have confirmed that two Baker Tilly associates attended Marks' deposition but did not make an appearance on the record, in

---

[1] WAMY's counsel and Baker Tilly each retained former Assistant United States Attorneys for the Southern District of New York.

contravention with the Deposition Protocol Order. It has also confirmed that there were internal disputes within Baker Tilly related to billing practices, which were resolved without notice to WAMY. While troubling, these disputes do not warrant further inquiry.

The investigations did not, however, substantiate the more explosive allegations: that Baker Tilly buried evidence, or that Marks was coached in real time at his deposition and is otherwise unqualified to testify. The investigation conducted by WAMY confirmed that Marks and his Baker Tilly team relied only on discovery documents that were produced to the PECs. The Court has also reviewed the excerpts from the Marks videotaped deposition and does not view his performance to be indicative of cheating.

The Court has already considered and adjudicated challenges to Marks' expert testimony. The Court further finds the PECs' discovery request at Addendum A to be overbroad and not justified. To the extent the PECs believe that expending further resources on this matter is warranted, they should request that such discussion be added to the Court's agenda for the upcoming February 4, 2025 conference.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   January 13, 2025
         New York, New York

2