**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| **Plaintiffs' Executive Committee for Personal Injury and Death Claims** | **Plaintiffs' Executive Committee for Commercial Claims** |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

January 17, 2025

Honorable George B. Daniels
United States District Judge
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court, S.D.N.Y.
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judges Daniels and Netburn,

Plaintiffs respectfully move to strike the unauthorized *Daubert* letter-motion filed by the Kingdom of Saudi Arabia ("Saudi Arabia") on January 14, 2025. ECF No. 10667.[1] Saudi Arabia's last-ditch attempt to disrupt the Court's processes by purporting to raise *Daubert* challenges to the testimony of three of Plaintiffs' experts — more than 18 months after the deadline for *Daubert* motions — is manifestly improper and without good cause. Saudi Arabia flouts the Court's two March 2023 Orders, which set forth the schedule, rules and sequence by which the parties duly briefed not only their *Daubert* motions, but also the Defendants' (including Saudi Arabia's) renewed motions to dismiss. ECF Nos. 8896, 8923. The record on these dispositive motions is closed, a point Saudi Arabia itself has stridently and repeatedly argued in multiple submissions to the Court.

The Court issued clear guidance as to the choice the parties faced and the criteria they should use to select which experts' testimony they would move to exclude, ECF No. 8923. Saudi Arabia made a strategic decision to focus its *Daubert* motion on four of Plaintiffs' experts,[2] and to forgo challenging the other three Plaintiffs' experts — Dunham, Kohlmann and Simon (collectively, the "Unchallenged Experts") — by means of a motion to exclude. Saudi Arabia stated that it would instead present objections to "the opinions offered by these experts" at a later stage, referring to its motion to dismiss papers. ECF No. 8946 at 1; ECF No. 9088 at 2, n.2. Saudi Arabia's motion to dismiss has since been fully briefed and argued, ECF No. 10286 (July 31, 2024 Oral Argument Tr.), and is pending before Judge Daniels.

---

[1] Plaintiffs' motion to strike the filing at ECF No. 10667 is addressed to Your Honors jointly in light of the procedural posture of this litigation. While Saudi Arabia directed its letter-motion to Judge Netburn, it seeks to alter the record on the motion to dismiss pending before Judge Daniels. Since Saudi Arabia's filing was made in contravention of the Court's orders and practices, Plaintiffs are moving to strike Saudi Arabia's letter-motion, and do not undertake here otherwise to respond to Saudi Arabia's improper and meritless arguments; but Plaintiffs reserve all rights to do so, should the Court decline to strike the filing.

[2] *See* ECF No. 9088 at 10 (Saudi Arabia's Motion to Exclude Expert Testimony designated these four Plaintiffs' experts — Youssef, Nakhleh, Meleagrou-Hitchens and Schiff — collectively as the "Challenged Experts").

Had Saudi Arabia wished to apply for any modification to the *Daubert* motion schedule and parameters, let alone to reopen and supplement the closed record before the Court on its pending motion to dismiss, Saudi Arabia was expressly required by Judge Daniels to seek permission from Judge Netburn. ECF No. 8896; *see* Fed. R. Civ. P. 16(b)(4) (requiring "the judge's consent"). Likewise, Saudi Arabia was duty-bound to meet and confer with opposing counsel prior to filing its letter-motion before Judge Netburn.[3] It did neither. Saudi Arabia's decision to proceed without paying heed to either of these requirements speaks to its acknowledgment that it would not have been granted leave to file an additional *Daubert* motion.

Moreover, Saudi Arabia does not and cannot make the showing of "good cause" that is a prerequisite to any modification of the Court's scheduling orders. *Id.*[4] The Court set clear deadlines and protocols for *Daubert* challenges, as well as for briefing and argument on the Defendants' motions to dismiss, which Saudi Arabia's filing now seeks, without justification, to usurp. Saudi Arabia's letter-motion would impose wrongful and unnecessary burdens on this Court and severely prejudice plaintiffs, by disrupting the Court's resolution of the pending motions to dismiss and otherwise delaying the proceedings at this critical juncture. It should be stricken.

**The Court's two March 2023 Orders allowed only one *Daubert* motion per side and imposed no limit on the number of experts that could be challenged.** Judge Daniels' March 2, 2023 Order set the motion briefing schedule for the parties to file *Daubert* motions and for the Defendants to file their motion to dismiss. ECF No. 8896 at 2. The Order provided for the *Daubert* motion briefing to be completed two months before Saudi Arabia filed its motion to dismiss. *Id.* Judge Daniels directed that any application to change the schedule be made before and approved by Judge Netburn. *Id.*

On March 13, 2023, Judge Netburn further ordered that "the Court will accept only one [*Daubert*] motion from Defendants KSA and Dallah Avco, and one motion from Plaintiffs….." ECF No. 8923 at 2. The Court instructed each party to select "the number of experts that it intends to challenge." ECF No. 8923 at 3. The Court placed no limit on the number of experts that a party could challenge in its Daubert motion and asked for proposals as to reasonable page limits for the parties' briefs. *Id.* at 3.[5] The Court stated that it "expects the parties to study the law governing [*Daubert*] motions and to move to exclude an expert only where it is reasonably likely to succeed or is necessary to promote important interests in the fairness of this case." *Id*. The Court noted that "parties will not waive an objection they might assert at a later phase of the litigation." *Id.*[6]

---

[3] Individual Practices in Civil Cases, Sarah Netburn, U.S.M.J., § III.A. Saudi Arabia's letter-motion declares unilaterally, without citation or authority, that "Plaintiffs' remaining experts can be dealt with in letter briefs." ECF No. 10667 at 1.

[4] Saudi Arabia omits even to attempt to make a showing of "good cause" required under Fed. R. Civ. P. 16(b)(4) for its untimely and improper letter-motion, a flaw that is itself fatal to its filing.

[5] The Court's instructions here, which allowed the parties to challenge all opposing experts if they so wished, were quite different from those in the charities case, where the Court limited each party to an initial set of three "bellwether" challenges. *See* ECF No. 7160 (Court instructed the parties in charities case to select three opposing party experts each to challenge under *Daubert*).

[6] *See* ECF No. 9197 (June 26, 2023 Tr.) at 6:8-13 (counsel sought clarification that parties "would not be waiving [the] right" to challenge expert testimony by "deferring" it to "a later stage of the proceedings," specifically referring to "in advance of trial as part of pretrial proceedings"); and 7:10-18 (Judge Netburn observed that "it's not essential to file a challenge before summary judgment or even with summary judgment").

**Saudi Arabia chose not to challenge three of Plaintiffs' experts — Dunham, Kohlmann and Simon — in its *Daubert* motion and instead to include its objections in its motion to dismiss.** On March 22, 2023, Saudi Arabia informed the Court of its decision to challenge "only four of Plaintiffs' seven experts in its omnibus *Daubert* motion." ECF No. 8946 at 1. Saudi Arabia reserved its rights "to challenge the opinions offered by Plaintiffs' other three experts on any grounds at other stages in the litigation, including in Saudi Arabia's renewed motion to dismiss." *Id.*

The parties thereafter submitted their *Daubert* motions as to the challenged experts on May 12, 2023.[7] The final briefs on those cross-motions were filed on August 4, 2023. On August 11, 2023, Saudi Arabia opposed Plaintiffs' request for oral argument, urging that the *Daubert* motions "are already fully briefed and ripe for decision." ECF No. 9281.

**Saudi Arabia proceeded to raise its objections to the three Unchallenged Experts in its motion to dismiss.** The briefing on Saudi Arabia's motion to dismiss commenced on October 6, 2023, with Plaintiffs' Opposition filed on December 20, 2023. Saudi Arabia moved for a briefing extension, ECF No. 9514, and Judge Netburn approved a new deadline of March 4, 2024 for its Reply. ECF No. 9520. Briefing on the motion was completed on April 19, 2024 with the filing of Plaintiffs' Sur-reply. Saudi Arabia's papers on its motion to dismiss incorporated targeted, albeit meritless challenges to opinions of the three Unchallenged Experts, including the largely conclusory refrain that their reports "should be excluded" under Fed. R. Evid. 702.[8] With respect to the three Unchallenged Experts, Saudi Arabia chose to rest on those limited challenges for the purposes of its jurisdictional motion. Whatever inadequacies it may now perceive in its strategy or its briefing, Saudi Arabia is not entitled to a "re-do" and fresh argument after the record is closed.

Oral argument on the Defendants' motions to dismiss was held before Judge Daniels on July 31, 2024. Saudi Arabia's defense counsel had ample opportunity to incorporate and present all arguments they deemed important, and their presentation specifically addressed Saudi Arabia's dubious Rule 702 challenge to the reliability of one of the three Unchallenged Experts. ECF No. 10286 at 125 (Simon).

**The records on the motions to dismiss and the *Daubert* motions are closed.** Judge Netburn issued her Opinion & Order deciding the *Daubert* motions on December 11, 2024, ECF No. 10615. The Court found that "the Defendants did not challenge" certain Plaintiffs' experts. ECF No. 10615 at 44.[9] This finding was the foreseeable result of Saudi Arabia's own choices in making its *Daubert* motion and presenting its objections in its motion to dismiss. On December 16, 2024, Judge Daniels ordered that any Rule 72 objections to Judge Netburn's Opinion & Order be filed by January 31, 2025. ECF No. 10631.[10]

---

[7] Pursuant to Judge Daniels' Order, ECF No. 8896, Plaintiffs requested, and Judge Netburn granted an 11-day extension of the filing deadline for the *Daubert* briefs. ECF No. 9000.

[8] *See, e.g.* ECF No. 9611-1, ¶¶114, 117, 119-20, 121, 122, 125-27, 130, 231, 235-44 (Dunham); *id.,* ¶¶28, 42-43, 879-83, 1133-34 (Kohlmann); *id.,* ¶¶68-74, 77, 82, 1980 (Simon); *see also* ECF No. 9611-2 at 89, 92-93 (alleging that the "[p]urported expert opinion testimony [of Dunham, Kohlmann, and Simon] is inadmissible. *See* Fed. R. Evid. 702").

[9] Judge Netburn found that for the purposes of the *Daubert* briefings, "the Defendants did not challenge" either Kohlmann or Simon, ECF No. 10615 at 44, and that Dunham also remained in play among the "other [Plaintiffs'] experts" whose testimony Saudi Arabia's experts sought to rebut. *Id*. at 56-57.

[10] Saudi Arabia's motion for partial reconsideration of the Court's Opinion & Order, ECF No. 10646, is fully briefed and pending before Judge Netburn.

**Saudi Arabia's letter-motion violates the Court's Orders and would result in unfair prejudicial delay.** Saudi Arabia's latest filing is starkly at odds with the present posture of this litigation. All relevant deadlines have long since expired. The motion to dismiss, which incorporates all the parties' arguments regarding the experts, is *sub judice*. Any initiative to file a new *Daubert* motion at this stage — after the briefing and decision on the *Daubert* motions, and after the briefing and argument of the motion to dismiss — required Saudi Arabia to file an application with and obtain approval from Judge Netburn, ECF No. 8896 at 2, as all parties had done previously. *E.g.*, *supra* at 3 & n.6. But no such application was made.

Saudi Arabia represents in its letter-motion that it is seeking to "assert…rights" that it "reserve[d]" as to the Unchallenged Experts, ECF No. 10667 at 1. Saudi Arabia, however, specifically opted to exercise those rights in its briefing and oral argument on the motion to dismiss, as a calculated alternative to challenging those experts in its *Daubert* motion.

In sum, Saudi Arabia's unauthorized letter-motion is a nullity that the Court should set aside. The letter-motion would disrupt the judicial process, cause needless delay, and visit unfair prejudice on Plaintiffs. In letter and in spirit, Saudi Arabia's filing directly contradicts its own prior arguments that no party should be "permitted to disrupt the Court's schedule and delay the adjudication of Saudi Arabia's dispositive motion by additional months," ECF No. 10127 at 2, and that "[i]t is time to move forward towards a determination of Saudi Arabia's immunity." ECF No. 8878 at 1 (collecting cites as to the closure of discovery and the need for speedy resolution).

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | COZEN O'CONNOR |
| By: /s/ Robert T. Haefele | By: /s/ Sean P. Carter |
| ROBERT T. HAEFELE | SEAN P. CARTER |
| 28 Bridgeside Boulevard | One Liberty Place |
| Mount Pleasant, SC 29465 | 1650 Market Street, Suite 2800 |
| Tel.: (843) 216-9184 | Philadelphia, Pennsylvania 19103 |
| Email: rhaefele@motleyrice.com | Tel.: (215) 665-2105 |
| | Email: scarter1@cozen.com |
| *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs* | *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
JAMES GAVIN SIMPSON
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc:     All Counsel of Record via ECF