KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

January 22, 2025

*Via ECF*

The Honorable George B. Daniels          The Honorable Sarah Netburn
Daniel Patrick Moynihan U.S. Courthouse   Thurgood Marshall United States Courthouse
500 Pearl Street, Room 1310               40 Foley Square, Room 430
New York, NY 10007                        New York, NY 10007

      Re:    *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Daniels and Judge Netburn:

      I write on behalf of Defendant Kingdom of Saudi Arabia ("Saudi Arabia") in opposition to the January 17, 2025 letter-motion to strike, ECF No. 10670, filed by the Plaintiffs' Executive Committees ("Plaintiffs"). Plaintiffs fail to show any basis to strike Saudi Arabia's January 14, 2025 letter-motion to exclude Plaintiffs' expert witnesses Lawrence Dunham, Evan Kohlmann, and Steven Simon, ECF No. 10667. The Court should deny Plaintiffs' motion to strike and direct them to respond to the merits of Saudi Arabia's letter-motion.[1]

      **1.**      On March 2, 2023, Judge Daniels set a briefing schedule for *Daubert* motions and motions to dismiss. ECF No. 8896. On March 13, Judge Netburn issued a second order concerning the parties' "anticipated *Daubert* motions." ECF No. 8923, at 2. That order stated that the Court would "accept only one motion" from each side and "request[ed]" that "each side submit a letter . . . identifying the number of experts that it intends to challenge." *Id.* at 2-3. It warned that, "[i]f the parties' anticipated number of expert challenges is unmanageable, the Court may limit the number of *Daubert* challenges that it will accept." *Id.* at 3. It also stated that "[n]ot every expert must be challenged, and parties will not waive an objection they might assert at a later phase of the litigation." *Id.*

      On March 22, 2023, Saudi Arabia wrote to the Court indicating that its *Daubert* motion would challenge "four of [Plaintiffs'] seven experts" and proposing page limits for the parties' *Daubert* cross-motions. ECF No. 8946, at 1. Consistent with the Court's earlier March 13 order, Saudi Arabia added that it "expressly reserve[d] the right to challenge the opinions offered by

---

[1] Saudi Arabia addresses this opposition letter to Judge Daniels and Judge Netburn because Plaintiffs so addressed their letter. That letter should have been "directed to Magistrate Judge Sarah Netburn" because it was an "application[ ] with regard to the parties' submissions," ECF No. 8896, at 2, though of course the Court can modify its referral if it chooses.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels and the Honorable Sarah Netburn
January 22, 2025
Page 2

Plaintiffs' other three experts on any grounds at other stages in the litigation, including in Saudi
Arabia's renewed motion to dismiss." *Id.*  On March 29, Plaintiffs submitted a responsive letter
"agree[ing] to [Saudi Arabia's] page-length proposal" and likewise "expressly reserv[ing] their
right to challenge the opinions offered by any of Saudi Arabia's experts on any grounds at other
stages in the litigation."  ECF No. 8972, at 1.

During motion-to-dismiss briefing, Saudi Arabia challenged Dunham's, Kohlmann's, and
Simon's opinions in its responses to Plaintiffs' averment of its facts and in its chart of evidentiary
objections.[2]  In response, Plaintiffs contended that the remaining experts' reports "should not be
excluded without briefing."  ECF No. 9708-5, at 15, 26.

On December 11, 2024, the Court issued an order resolving the parties' initial *Daubert*
motions.  ECF No. 10615.  Saudi Arabia then submitted a letter-motion asking the Court to apply
its ruling to Plaintiffs' remaining three experts.  Plaintiffs have moved to strike, invoking Federal
Rule of Civil Procedure 16 and asserting that Saudi Arabia's filing violates the Court's March 2
and March 13, 2023 orders.  ECF No. 10670.

2.       Plaintiffs cite no specific authority for their request to strike.  Their general
reference to Rule 16 suggests they are invoking Rule 16(f), which authorizes a court to "issue
any just orders" when a party "fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P.
16(f)(1)(C); *see Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35
(S.D.N.Y.) (citing Rule 16(f) orders to strike), *objections overruled*, 301 F.R.D. 47 (S.D.N.Y.
2014).  Rule 16(f), like its parent provision Rule 37(b), requires "the violation of an explicit
court order."  *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986).  Plaintiffs do not come
close to showing such a violation here.

The Court's March 13, 2023 order states that the parties' selection of experts to challenge
would "not waive an objection they might assert at a later phase of the litigation."  ECF No.
8923, at 3.  The order does not define "later phase."  As shown above, Saudi Arabia has
consistently stated that it would challenge Dunham's, Kohlmann's, and Simon's opinions at a
later stage in the litigation and that it was not waiving its right to do so.  That expressed
understanding was fully consistent with the Court's order.  Neither the Court nor Plaintiffs
suggested that Saudi Arabia's proposal conflicted with the Court's order.  As the motion to
dismiss is now fully briefed, Saudi Arabia should be permitted to exercise those reserved rights
and ask the Court to apply the reasoning of its December 11, 2024 *Daubert* order to Plaintiffs'
remaining three experts.

---

[2] *See* ECF No. 9611-1, ¶¶ 119, 121, 125-127, 130, 235, 237 (Averment Response
paragraphs contending that Dunham's report should be excluded); *id.* ¶¶ 28, 42-43, 879-883,
1133-1134 (same for Kohlmann's report); *id.* ¶¶ 68-74, 77, 82, 1980 (same for Simon's report);
ECF No. 9611-2, at 87, 90-91 (evidentiary objections chart).

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels and the Honorable Sarah Netburn
January 22, 2025
Page 3

**3.**     Plaintiffs' other arguments lack merit. *First*, Plaintiffs seek to fault Saudi Arabia (at 1-2) for not meeting and conferring, but the parties have never interpreted Judge Netburn's Individual Practices to require doing so before moving to exclude expert testimony. Plaintiffs and Saudi Arabia certainly did not "discuss thoroughly" with one another "the substance of the[ir] contemplated [*Daubert*] motion[s]" before filing them in May 2023, as ¶ III.a of those Practices would require if they applied to such motions. In any event, Plaintiffs' letter shows that any meet-and-confer would have been futile.

*Second*, Plaintiffs' statements (at 1, 2) that Saudi Arabia made a "strategic decision" not to challenge Dunham, Kohlmann, or Simon and that the Court "placed no limit" on the parties' ability to challenge experts in the mid-2023 *Daubert* briefing are not reasonable readings of the Court's March 13, 2023 order. That order told the parties that an "unmanageable" number of challenges would result in a "limit" on the number of such challenges that the Court "w[ould] accept." ECF No. 8923, at 3. Saudi Arabia reasonably cooperated with the Court's request to keep the number of challenges manageable and relied on the Court's statement that doing so "w[ould] not waive" rights to further challenges "at a later phase." *Id.*[3]

*Third*, Plaintiffs fail to support their claims (at 4) that applying the Court's *Daubert* ruling to Dunham, Kohlmann, and Simon would cause "delay" or "prejudice." As shown in Saudi Arabia's January 14 letter, many grounds given in the Court's ruling apply straightforwardly to those remaining experts. For example, Plaintiffs' attempts to use experts for factual narratives, to show states of mind, and to attack witness credibility are just as improper for those three experts as they were for the four on whom the Court has already ruled. *See* ECF No. 10667, at 2, 4, 5. Further, although Plaintiffs assert prejudice, they point to none. To the contrary, applying the Court's *Daubert* ruling to Plaintiffs' remaining experts is efficient for the Court and the parties. It is consistent with the Court's approach to *Daubert* challenges by the charity defendants: initial broad *Daubert* motions followed by targeted application to remaining experts. ECF Nos. 7160, 9173. And it can be done economically through letter-briefing, as Saudi Arabia has shown by raising its points in a five-page single-spaced letter.

**4.**     Resolving the admissibility of the remaining experts is important. No matter how the Court rules on Saudi Arabia's renewed motion to dismiss, its ruling will likely be the subject of an appeal. The record for that appeal should be clear about which expert opinions are admissible and which are not. At a minimum, the record should be clear that Saudi Arabia has made reasonable efforts to challenge Plaintiffs' improper use of expert evidence and has complied with the Court's orders in doing so.

---

[3] Plaintiffs suggest in a footnote (at 2 n.6) that a "later phase" meant "in advance of trial," citing their counsel's with colloquy the Court in a June 2023 hearing well after the parties' letter-exchange, involving other defendants, at which counsel for Saudi Arabia was not even present. When they agreed to Saudi Arabia's proposal in March 2023, Plaintiffs said nothing of the kind.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable George B. Daniels and the Honorable Sarah Netburn
January 22, 2025
Page 4

Respectfully submitted,

*/s/ Michael K. Kellogg*

Michael K. Kellogg
Counsel for the Kingdom of Saudi Arabia

cc:    All MDL Counsel of Record (via ECF)