## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

January 24, 2025

Honorable George B. Daniels  
United States District Judge  
United States District Court, S.D.N.Y.  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street, Room 1310  
New York, NY 10007

Honorable Sarah Netburn  
U.S. Magistrate Judge  
United States District Court, S.D.N.Y.  
Thurgood Marshall U.S. Courthouse  
40 Foley Square, Room 430  
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judges Daniels and Netburn,

Saudi Arabia's Opposition to Plaintiffs' Motion to Strike, ECF No. 10672, fails to conjure any excuse for its untimely and unauthorized January 14, 2025 *Daubert* motion. Plaintiffs' motion was premised on the Court's two March 2023 Orders, which set the rules and schedule for Saudi Arabia's renewed motion to dismiss and permitted "only one" *Daubert* motion from Saudi Arabia. ECF No. 8896, 8923. Yet Saudi Arabia misleadingly claims that "Plaintiffs cite no specific authority for their request to strike." ECF No. 10672 at 2.

Saudi Arabia does not dispute that subject to the Court's Orders: (1) the records on the motion to dismiss and *Daubert* motions are long closed; and (2) Saudi Arabia chose to present its objections to experts Dunham, Kohlmann, and Simon not via its *Daubert* motion, but instead through its motion to dismiss, including at the July 31, 2024 oral argument. Whatever rights Saudi Arabia reserved when informing the Court of its choice, those rights have been duly exercised.

Saudi Arabia avoids any acknowledgement of its "good cause" burden to alter this Court's Orders, plainly failing to make its required showing. ECF No. 10670 at 1, 2. In place of "good cause," Saudi Arabia offers its disingenuous contention that it can bring a second *Daubert* motion simply because Judge Netburn's Order, ECF No. 8923, was imprecise and open to interpretation: the Order stated that expert objections not presented in the parties' *Daubert* motions could be raised at a "later phase of the litigation" — but, according to Saudi Arabia, the Order "does not define 'later phase.'" ECF No. 10672 at 2.

      Contrary to Saudi Arabia's claim, Judge Netburn's Order was unambiguous. It stated that "[t]he Court will accept only one [*Daubert*] motion from Defendants KSA and Dallah Avco." ECF No. 8923 at 2. Saudi Arabia understood and acted upon the Order. It wrote to the Court confirming that its *Daubert* motion would challenge four out of seven Plaintiffs' experts, and that Saudi Arabia would raise its objections to Plaintiffs' remaining three experts – Dunham, Kohlmann, and Simon – in its motion to dismiss. ECF No. 8946 at 1; *see also* ECF No. 9088 at 2 n.2. At no time did the Court entertain or the parties anticipate a second round of *Daubert* briefing.[1]

      Saudi Arabia argues that it left the three Plaintiffs' experts out of its *Daubert* motion in order to "keep the number of challenges manageable," ECF No. 10672 at 3, but this is entirely untenable. Saudi Arabia never previously raised this novel assertion before this Court. Rather, the circumstances show that Saudi Arabia made a calculated, strategic litigation decision regarding which Plaintiffs' experts to include and which not to include in its single *Daubert* motion. Saudi Arabia points to the practice applied in the charities portion of the litigation, *id.*, but ignores the markedly different circumstances that pertained there (i.e. a much larger number of experts and the Court's concerns around the manageability of challenges to all of them). Unlike the charities defendants, the Court invited Saudi Arabia to decide for itself how many experts it would challenge in its one *Daubert* motion, imposing no limits and expressly excluding any further rounds of briefing. ECF 10670 at 2 n.5.

      Saudi Arabia's unauthorized motion thus raises genuine, clear prejudice, contrary to Saudi Arabia's claims. ECF No. 10672 at 3. Saudi Arabia's motion would result in substantial unnecessary work and delay, as well as needless burdens on the Court. The motion, addressed to Judge Netburn, could even trigger another round of Fed. R. Civ. P. 72(a) objections down the line, leading to yet more delay.

      This Court's Orders required Saudi Arabia to address all expert issues in its *Daubert* motion or in its motion to dismiss, both of which Saudi Arabia admits are "now fully briefed." *See Werking v. Andrews*, 526 Fed. Appx. 94, 96 (2d Cir. 2013) (the Second Circuit is "particularly likely to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment…," citing cases).

      Saudi Arabia's claim that its second, unauthorized *Daubert* motion "can be done economically through letter-briefing," ECF No. 10672 at 3, ignores that the Court has previously set specific page limits for *Daubert* briefing (based on an agreement reached by the parties), and that those page limits have already been exhausted. Saudi Arabia knows that its new *Daubert* motion would, if allowed, require extensive, detailed responses by Plaintiffs – yet there is no provision, or schedule, by which to furnish such responses to the Court.

---

[1] The Orders referred to herein were the means by which the Court set the processes and protocols for all matters relating to Saudi Arabia's renewed motion to dismiss on sovereign immunity grounds. In this context, it is all the more clear that Judge Netburn's reference to "later phase[s]" of the litigation meant the stages that would follow after the immunity proceedings, such as merits proceedings.

January 24, 2025
Page 3

  Saudi Arabia fully appreciated that it had to include all its relevant objections to the testimony of Plaintiffs' experts in its motion to dismiss papers, and it agreed to those conditions. Saudi Arabia's belated effort to open a backdoor for new arguments after the record has been closed is invalid, without good cause, and directly contrary to the Court's Orders.

  In sum, Saudi Arabia's second *Daubert* motion should be stricken.[2]

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By: /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
JAMES GAVIN SIMPSON
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*

cc: All Counsel of Record via ECF

---

[2] Saudi Arabia makes the sophistic argument that it was not required to meet and confer with Plaintiffs before making its motion because "the parties have never interpreted Judge Netburn's practices to require doing so before moving to exclude expert testimony." ECF No. 10672 at 3. But the *Daubert* motions were only filed after extensive discussions among the parties and correspondence with the Court. *See, e.g.,* ECF No. 8863 at 3 (Saudi Arabia's February 2023 letter proposing *Daubert* motions to be filed and "considered alongside Saudi Arabia's renewed motion to dismiss"); ECF No. 8878 at 3 (same).