## MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

<u>**VIA ECF**</u>

January 24, 2025

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse,
40 Foley Square, Room 430
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Pursuant to the Court's Orders at ECF Nos. 10629 and 10655, Plaintiffs and the Republic of the Sudan ("Sudan") write to present their proposals for "a schedule for discovery and any proposed discovery protocols." The parties look forward to discussing these issues with the Court at the conference set for February 4, 2025.

### A.   Overview of Areas of Agreement and Disagreement

Plaintiffs and Sudan agree that the deadline for serving permitted document requests should be set for 30 days after the Court issues an Order setting a schedule for discovery. The parties also agree that no party is under any obligation to serve disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure at this time. They disagree concerning the timeline for fact discovery. Sudan has indicated that it does not oppose Plaintiffs' proposal to serve interrogatories concerning evidence preservation, location, and availability issues, reserving all rights. Sudan opposes Plaintiffs' proposal to conduct a Rule 30(b)(6) deposition of a records custodian during the initial phase of discovery, and has indicated that it will oppose more than one deposition of any witness, such as witnesses Plaintiffs may seek to depose to preserve their testimony, prior to the completion of document discovery. Plaintiffs oppose Sudan's request to conduct discovery of Plaintiffs at this time.

### B.   Plaintiffs' Proposal

Plaintiffs propose a 10 month overall schedule for fact discovery of Sudan, divided into two principal phases.

1. <u>A six-month period for Plaintiffs to conduct document and other targeted discovery of Sudan, involving the following principal aspects:</u>

Honorable Sarah Netburn
January 24, 2025
Page 2

Document discovery. Plaintiffs will serve their initial document requests within 30 days of the Court's Order setting a schedule for discovery as to Sudan. Plaintiffs propose that Sudan be required to produce documents on a true rolling basis during this 6 month period.

Interrogatories and Rule 30(b)(6) Deposition. Interrogatories concerning document preservation and status of relevant repositories and responsive records, and a 30(b)(6) deposition concerning document litigation preservation and the status of relevant repositories and responsive records. Plaintiffs propose that any 30(b)(6) deposition on these issues would not preclude a later 30(b)(6) deposition on other topics.

Preliminary Depositions. Preliminary depositions to preserve testimony of witnesses whose future availability is questionable. Plaintiffs propose that such preservation depositions should be without prejudice to their right to re-depose those witnesses following document discovery.

The specific discovery steps referenced above are without prejudice to Plaintiffs' rights to invoke other tools of discovery contemplated by the Federal Rules.

2. A four month deadline after initial discovery phase for depositions of Sudan fact witnesses, and follow-up document discovery.

Plaintiffs will identify fact witnesses during document discovery, to move the process along and facilitate work necessary to ensure their availability during the deposition window.

3. Sudan should not be permitted to conduct additional discovery of Plaintiffs.

Plaintiffs have responded to extensive discovery in the MDL already, and produced all relevant documents. Sudan's counsel is in possession of all of those materials already.

C. **Plaintiffs' Position Statement**

Plaintiffs' proposal contemplates that fact discovery will be completed by the end of this year, and includes parameters to determine, as early as practicable, Sudan's capacity and willingness to fulfill its discovery obligations and the current availability of relevant evidence. Several factors support this approach.

First, Sudan has a long history of refusing to meet its obligations when required to submit to discovery in U.S. litigation relating to its support for al Qaeda. *See, e.g.*, *Flanagan v. Islamic Rep. of Iran*, 190 F. Supp. 3d 138, 156-58 (D.D.C. 2016) (summarizing Sudan's history of willful defaults). An approach to discovery that tests and resolves that question in the near term will serve the interests of the Court and Plaintiffs.

Second, given the passage of time during Sudan's default, regime changes between commencement of the actions and now, and other circumstances, it is unclear whether documents from the relevant period remain available. Plaintiffs raised these issues during the meet and confer, but Sudan has not answered. It would be tremendously wasteful to invest significant time and resources resolving disputes over the scope of discovery and burden claims, only to later learn that relevant evidence is no longer available.

Third, it is unclear whether Sudan has the resources and capacities to conduct appropriate and necessary searches of relevant repositories and records, to the extent they still exist. The fulfillment of Sudan's discovery obligations is going to require concerted and sustained attention and efforts from Sudanese officials across multiple ministries, and ongoing access to repositories where any still-existing relevant records are stored. These capacities are in doubt.

Plaintiffs' proposed six month period for document discovery affords Sudan ample time to show that it is engaged in good faith and has the ability to fulfill its discovery obligations. If that is the case, and good cause exists for an extension, the parties can request one. The additional discovery steps Plaintiffs have identified will, in turn, serve to resolve questions concerning the current status and availability of evidence early in the process, and preserve testimony that may be unavailable later. Finally, the parties can begin discussing witnesses they seek to depose early in the discovery process, so that any logistical challenges relating to the principal fact depositions can be addressed proactively.

Plaintiffs disagree with and oppose 4 positions advocated by Sudan. First, Plaintiffs oppose Sudan's proposal for an 18 month discovery deadline, with no interim deadlines. For the reasons stated above, Plaintiffs believe it is critical that earlier dates control for fact discovery. Second, Sudan objects to Plaintiffs' proposed 30(b)(6) deposition of a records custodian, under the theory that it would be duplicative of Plaintiffs' proposed interrogatories, but that position is contrary to the Rules. *See Klosin v. E.I. DuPont De Nemours & Co.*, 2023 U.S. Dist. LEXIS 15449 (W.D.N.Y. Jan. 30, 2023). Third, Sudan has stated that it will oppose more than one deposition of any witness. But to the extent leave for a second 30(b)(6) deposition is even required, *see Cornell Research Found., Inc. v. Hewlett-Packard Co.*, 2006 U.S. Dist. LEXIS 97054 (N.D.N.Y. Nov. 13, 2006), it is well within the Court's discretion to grant it. *See, e.g.*, *Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94 (S.D.N.Y. 1997). That result is particularly appropriate here, given the need to address evidence preservation issues early in the discovery process. Further, the need to preserve the testimony of certain witnesses is due to Sudan's decision to ignore the proceedings for nearly 15 years.

Finally, Plaintiffs oppose Sudan's proposal to conduct discovery of Plaintiffs at this time. Plaintiffs have responded to scores of discovery requests already in this litigation, and produced all relevant and non-privileged documents, including all evidence relevant as to Sudan. In the Al Rajhi Bank discovery, counsel for the *Federal Insurance* Plaintiffs produced all of these materials to White & Case, and understand that White & Case possesses searchable versions of those documents. Plaintiffs should not be required to conduct duplicative reviews of voluminous documents again, simply because Sudan was absent when the earlier coordinated discovery was conducted. Requiring Plaintiffs to do so would be especially unwarranted, given that it would not result in production of any additional evidence; Plaintiffs' complaints include detailed citations to the key evidence; and because evidence of Sudan's support for al Qaeda has been presented in multiple other cases already. Further, allowing Sudan to conduct discovery of Plaintiffs at this time would drain time and resources that Sudan should be dedicating to fulfilling its own discovery obligations.

### D.  Sudan's Proposal

**Fact Discovery Deadline** – All fact discovery shall be completed within **18 months** of the Court's entry of a discovery schedule, consistent with the initial MDL case management order for fact discovery (ECF No. 247). Sudan proposes that document production be substantially completed within approximately 12 months, and approximately 6 months be allocated for interrogatories, requests for admission, and fact depositions.

**Discovery Protocols** – Sudan's position is that no new discovery protocols are necessary at this time, but Sudan reserves the right to propose new discovery protocols and/or revised terms to existing discovery protocols, such as the Deposition Protocol Order (ECF No. 3894), going forward. Sudan proposes that the parties meet and confer on a mutually acceptable date for the completion of any such discovery-protocol negotiations.

**Expert Discovery Deadlines** – Sudan proposes that the parties meet and confer on an expert discovery schedule.

Sudan expressly reserves and does not waive any and all objections, privileges, immunities, rights, and defenses in these actions, including without limitation any and all objections, privileges, immunities, rights, and defenses that may apply to any discovery requests served by Plaintiffs in the MDL. Sudan's proposal is without prejudice to Sudan's right to invoke any other tools of discovery contemplated by the Federal Rules.

### E.  Sudan's Position Statement

Sudan is committed to doing its best to comply with its discovery obligations in these actions, notwithstanding the ongoing, devastating civil war in the country. Sudan also is mindful that the situation on the ground in Sudan may complicate fact discovery, and Sudan is committed to working through any such complications with Plaintiffs and the Court.

Plaintiffs' proposal that fact discovery be completed within 10 months is unrealistic and ignores the circumstances on the ground in Sudan and the logistical challenges that likely will arise from those circumstances. Sudan's proposed schedule is in line with, and indeed is more ambitious than, the timelines for fact discovery involving other defendants in this MDL. For example, although the initial MDL case management order set 18 months for fact discovery (ECF No. 247), that deadline was extended multiple times (*e.g.*, ECF Nos. 1546 (extending fact discovery for 6 months), 1772 (extending fact discovery for another 12 months)).

*Interrogatories and an early Rule 30(b)(6) deposition.* Plaintiffs' proposal to serve interrogatories *and* conduct an early Rule 30(b)(6) deposition addressing "evidence preservation, location, and availability issues" is excessive, duplicative, premature and unduly burdensome. Sudan's position is that interrogatories would serve the same purpose as an early Rule 30(b)(6) deposition and would be a much more expedient and efficient means of obtaining information relating to "evidence preservation, location, and availability issues." Indeed, Local Rule 33.3 expressly contemplates using interrogatories for this purpose. And Plaintiffs' request for an early Rule 30(b)(6) deposition is premature before Sudan's interrogatory responses have even been submitted, let alone deemed insufficient. Further, Plaintiffs are likely to issue additional Rule 30(b)(6) topics later in discovery. Given the dire circumstances on the ground in Sudan, Sudan should not be required to produce a Rule 30(b)(6) witness multiple times.

Honorable Sarah Netburn
January 24, 2025
Page 5

*Preliminary depositions.* Plaintiffs' proposal to conduct preliminary depositions to preserve witness testimony is vague and speculative. Sudan cannot agree to produce witnesses early in the fact discovery process and before document discovery is complete without an understanding of who Plaintiffs seek to depose early and why Plaintiffs believe these witnesses may not be available for a deposition at a later date.

That said, while reserving all objections, rights, defenses, privileges and immunities that may apply, Sudan is open to conferring with Plaintiffs on a case-by-case basis if Plaintiffs identify particular witnesses and provide a basis for the need to preserve their testimony. In the parties' meet and confer on January 23, 2025, Plaintiffs' counsel suggested Plaintiffs may wish to seek an early deposition of Sudan's former President, Omar al-Bashir, who was ousted in a coup in April 2019. Should Plaintiffs decide to pursue this deposition, counsel for Sudan will consider Plaintiffs' request with their client representatives, but observe at the outset that Mr. Bashir is a former government official and Sudan may not be in a position to direct him to appear for a deposition in his individual capacity. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-mdl-1570, 2020 WL 8611024, at *3 (S.D.N.Y. Aug. 27, 2020).

Sudan also maintains that any fact witness should only be deposed once because the depositions will likely need to be conducted abroad, and there likely will be logistical challenges in scheduling depositions of Sudan's witnesses.

*Sudan's right to fact discovery from Plaintiffs.* Sudan rejects Plaintiffs' proposal that Sudan not be permitted to take fact discovery of Plaintiffs. Plaintiffs provide no legitimate basis for limiting Sudan's ability to obtain fact discovery from Plaintiffs other than the baseless suggestion that Sudan ostensibly already has possession of documents produced by Plaintiffs to Al Rajhi Bank, which is represented by the same counsel as Sudan.

As an initial matter, Sudan is entitled to its own discovery from Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1) ("*Parties* may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* and proportional to the needs of the case[.]") (emphases added). Sudan is entitled to discovery regarding Plaintiffs' bases for their claims against it and should not be required to rely on discovery produced in response to discovery requests issued by different defendants. Further, Plaintiffs' suggestion that they should not have to participate in the discovery process vis-à-vis Sudan because they already produced documents to Al Rajhi Bank in jurisdictional discovery and Al Rajhi Bank is represented by the same counsel as Sudan, is baseless. Plaintiffs erroneously assume that Sudan already has possession, custody, or control of that discovery by virtue of its engagement of the same counsel as Al Rajhi Bank. *See In re Terrorist Attacks on Sept,. 11, 2001*, 293 F.R.D. 539, 547 (S.D.N.Y. 2013) (holding that "a document in an attorney's possession is within a party's possession or control only if the attorney 'comes into possession of [the] document *as an attorney for that party*'").

That said, Sudan will do its best to avoid discovery of information already produced in the MDL, but it categorically rejects that it is not entitled to *any* discovery from Plaintiffs here.

Honorable Sarah Netburn
January 24, 2025
Page 6

Respectfully submitted,

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ Robert T. Haefele<br>ROBERT T. HAEFELE<br>28 Bridgeside Boulevard<br>Mount Pleasant, South Carolina 29465<br>Tel.: (843) 216-9184<br>Email: rhaefele@motleyrice.com | By: /s/ Sean P. Carter<br>SEAN P. CARTER<br>1650 Market Street, Suite 2800<br>Philadelphia, Pennsylvania 19103<br>Tel.: (215) 665-2105<br>Email: scarter1@cozen.com |
| *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs* | *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs* |

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
JAMES GAVIN SIMPSON
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*Attorneys for Ashton Plaintiffs*


cc:     All Counsel of Record (via ECF)

LEGAL\75307432\1