UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

> *Burnett, et al., v. Islamic Republic of Iran,* No. 15-cv-9903 (GBD) (SN)
> *Jimenez, et al. v. Islamic Republic of Iran*, No. 18-cv-11875 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Four plaintiffs, Ian L. Pescaia, and Jaimenys, Jaimelin, and Jaimercedes Taveras move for partial final default judgment as to solatium damages on the ground that their close relationships, respectively, with decedents Christine A. Snyder and Manuel De Jesus Molina, who were killed in the September 11, 2001 terrorist attacks (the "9/11 Attacks"), merit a finding that Pescaia was the functional equivalent of Ms. Snyder's spouse, and Jaimenys, Jaimelin, and Jaimercedes Taveras the functional equivalents of Mr. Molina's children. (Mot., ECF Nos. 9825, 9912.)[1] Before this Court is Magistrate Judge Sarah Netburn's November 4, 2024 Report and Recommendation ("the Report"), recommending that this Court: 1) grant Plaintiff Pescaia's motion and award $12,500,000.00 in solatium damages; 2) grant the motions by Plaintiffs Jaimelin and Jaimercedes Taveras and award them each $8,500,000.00 in solatium damages; and 3) grant the motion by Plaintiff Jaimenys Taveras and award her $4,250,000 in solatium damages. (Report, ECF No. 10488, at 4-5.) Magistrate Judge Netburn advised the parties that failure to file

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN).

1

timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 7.) No party has filed objections.

## I.  LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

Having reviewed Magistrate Judge Netburn's Report for clear error and finding none, this Court ADOPTS the Report in full.

## II.  MAGISTRATE JUDGE NETBURN DID NOT ERR IN HER RECOMMENDATIONS ON DAMAGES

Magistrate Judge Netburn properly noted that *Burnett* and *Jimenez* Plaintiffs hold a default judgment against Iran as to liability. (Report at 1–2 (citing Order of Judgment, ECF No. 3443; Order of Partial Final Judgment, ECF No. 5056).) "The only outstanding question is whether Jaimenys, Jaimercedes, and Jaimelin Taveras, and Ian L. Pescaia . . . are entitled to damages under the Court's 'functional equivalent' framework." (*Id.* at 2.)

A long-established framework exists for solatium damages awarded to immediate family members of those who perished in the 9/11 Attacks. (*See* Mem. Decision & Order, ECF No. 2623.) "[I]n limited circumstances," solatium damages "are extended to people who are functionally

equivalent to immediate family." (Report at 2.) On October 31, 2016, with refinements on November 17, 2017, this Court adopted a framework for determining if a plaintiff is a functional equivalent of an immediate family member. (*See* R. & R., ECF No. 3363, *adopted by* Mem. Decision & Order, ECF No. 3384; R. & R., ECF No. 3676, *adopted by* Mem. Decision & Order, ECF No. 3795.)[2]

Magistrate Judge Netburn's Report correctly applied this framework to Plaintiff Pescaia's motion seeking solatium damages. (*See* Report at 5.) Mr. Pescaia submitted a declaration wherein he extensively detailed his relationship with Ms. Snyder. (*See* Decl. of Ian L. Pescaia, ECF No. 9914-2.) The Report accurately describes the relationship between Mr. Pescaia and Ms. Snyder and considers the relevant factors in evaluating whether their relationship is functionally equivalent to that of spouses. (*See* Report at 5.) Based upon "the duration of [their] relationship, the degree of their mutual financial dependence and investments in a common life together, the lengthy duration of their cohabitation, and the occurrence of their formal wedding ceremony"[3] (Mem. of Law in Support of Mot., ECF No. 9913, at 11), this Court finds that Magistrate Judge Netburn did not commit error, clear or otherwise, in recommending that he be awarded $12,500,000.00 as the functional equivalent of Ms. Snyder's spouse.

Furthermore, Magistrate Judge Netburn's Report correctly applied this framework to the motions by Plaintiffs Jaimenys, Jaimelin, and Jaimercedes Taveras seeking solatium damages. (*See* Report at 3–5.) Plaintiffs Jaimenys, Jaimelin, and Jaimercedes Taveras all submitted

---

[2] This Court has applied this framework on numerous occasions. (*See, e.g.*, ECF Nos. 4175, 5154, 5950, 5951, 8286, 8288, 8289, 8293, 8947, and 9557.)

[3] Mr. Pescaia and Ms. Snyder became engaged in 1997. (Mem. of Law in Support of Mot., ECF No. 9913, at 9). They also exchanged wedding vows in 2001 in a wedding ceremony in Hawaii, presided by a reverend, who issued a Certificate of Marriage to them. *Id.* However, they did not obtain a Marriage License from the State of Hawaii. *Id.*

3

declarations wherein they extensively detailed their relationship with Mr. Molina, their stepfather. (*See* Decl. of Jaimenys Taveras, ECF No. 9827-4; Decl. of Jaimelin Taveras, ECF No. 9827-3; Decl. of Jaimercedes Taveras, ECF No. 9827-3.) The Report accurately describes the relationship between Plaintiffs Jaimenys, Jaimelin, and Jaimercedes Taveras and Mr. Molina and considers the relevant factors in evaluating whether their relationship is functionally equivalent to that of parents and their children. (*See* Report at 3–5.) As Mr. Molina "did everything a father would be expected to do for his children" (Mem. of Law in Support of Mot., ECF No. 9826, at 13), and Jaimenys, Jaimelin, and Jaimercedes "had no real relationship with their biological father" (*id.* at 13), this Court finds that Magistrate Judge Netburn did not commit error, clear or otherwise, in recommending that Jaimelin and Jaimercedes Taveras be awarded $8,500,000.00 each and Jaimenys Taveras be awarded $4,250,000.00 as the functional equivalents of Mr. Molina's children. Moreover, because Mr. Molina "came into . . . Jaimenys' li[fe] in 1992" when she was nine years old (*id.* at 12), this Court finds that Magistrate Judge Netburn did not commit error, clear or otherwise, in reducing Jaimenys' award to half of the total solatium amount.

## III.     CONCLUSION

The Plaintiffs' motions for partial final default judgment as to solatium damages against the Islamic Republic of Iran is GRANTED. It is

**ORDERED** that Plaintiff Ian L. Pescaia be awarded $12,500,000.00 in solatium damages; and it is

**ORDERED** that Plaintiff Jaimelin Taveras be awarded $8,500,000.00 in solatium damages; and it is

**ORDERED** that Plaintiff Jaimercedes Taveras be awarded $8,500,000.00 in solatium damages; and it is

4

**ORDERED** that Plaintiff Jaimenys Taveras be awarded $4,250,000.00 in solatium damages; and it is

**ORDERED** that prejudgment interest is awarded at a rate of 4.96 percent per annum, all interest compounded annually for the period from September 11, 2001 until the date of judgment; and it is

**ORDERED** that, to the extent they have not already done so, all *Burnett* and *Jimenez* Plaintiffs are permitted to seek punitive or other damages at a later date, consistent with future Court orders.

The Clerk of Court is directed to close the open motions at ECF No. 9825 and ECF No. 9912 in 03-md-1570, ECF No. 740 in 15-cv-9903, and ECF No. 207 in 18-cv-11875.

Dated: January ___, 2025 [JAN 29 2025]
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge