LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 X101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL

January 30, 2025

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re:**    *In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)*

Dear Judge Netburn,

Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-International (USA) ("WAMY"), object to the Plaintiffs' Executive Committees ("PECs") letter request filed on January 29, 2025. (ECF No. 10689) in response to the Court's January 13th Order (ECF No. 10664). We also request that the matter be removed from the Court's agenda for the February 4, 2025 conference as WAMY's lead counsel will not be available on that date.

PECs' proposal continues to be overbroad and unjustified. WAMY, Baker Tilly and this Court have spent extensive resources responding to explosive and disturbing allegations made in an unsworn letter from an anonymous source. PEC's proposal will result in further needless expenditure of significant resources. The Court has carefully considered the detailed and lengthy submissions by all parties on this issue, including the submission by Baker Tilly. The submissions include information produced by WAMY's counsel as officers of the court. While styling their "genuine concerns" on behalf of the 9/11 community as protecting the integrity of the Court's processes, PECs' proposal is yet another attempt to reopen expert discovery and relitigate the motion to exclude the testimony of Jonathan Marks and further harass WAMY's counsel. No authority supports PECs' broad proposal and it should be rejected.

It is particularly troubling that PECs, having previously sought the Court's intervention in this matter (ECF No. 10416), now seek to take matters into their own hands, undermining the Court's role. Now PECs attempt to circumvent this process by seeking direct access to sealed materials this Court reviewed *in camera* as per its order.   By requesting to review these sealed materials, PECs suggest a lack of trust in the Court's investigation and its finding that, "the investigations did not, however, substantiate the more explosive allegations: that Baker Tilly buried evidence, or that Marks was coached in real time at his deposition and is otherwise unqualified to testify. The investigation conducted by WAMY confirmed that

Marks and his Baker Tilly team relied only on discovery documents that were produced to the PECs."[1]

PECs' proposal is a fishing expedition. This Court has already found "PECs discovery request at Addendum A to be overbroad and not justified."[2] Yet, PECs persist in seeking to conduct some of the same discovery the Court has found not justified. PECs have offered no new evidence to substantiate the allegations of wrongdoing in the anonymous letter. It is in fact ironic, if not inherently contradictory, that PECs seek numerous sworn statements based on the unsworn claims of an unknown person.

PECs reliance on the prior ruling of this Court requiring declarations is misplaced. (ECF No. 7082). First, the Court ordered declarations and/or statements after finding that the allegation of serious misconduct, the leak by a member of the PECs of confidential information to Yahoo, were substantiated. [3] The Court came to the opposite conclusion on Marks issue. Second, Mr. Guzman and Mr. Goldberg are not third-parties but employees of WAMY's forensic accounting expert's firm. This Court did not grant counsel for the Kingdom of Saudi Arabia to "facilitate" collection of a sworn statement from Kreindler & Kreindler's consultant. Rather this Court authorized the Kingdom of Saudi Arabia to facilitate the collection of declarations from Golkow, the court reporter, a non-party to this litigation. Third, this case is more akin to that of the anonymous allegations in Muslim World League case. The Court previously ruled when PECs sought to obtain a litigation advantage based on documents of dubious provenance[4], fairness dictates that PECs should not be permitted to the extraordinary measures they seek to take based on unverified documents and claims.

Finally, though the Court issued its Order on January 13, 2025, PECs chose to wait until January 29, 2025, three business days before the hearing, to add this matter to the agenda. WAMY's lead counsel, Omar Mohammedi, is not available on February 4, 2025. Mr. Mohammedi must travel overseas on January 31 to attend to a personal family emergency in Algeria then attend meetings in Istanbul, Turkey which were scheduled two months ago.

If the Court deems it necessary to hold a conference, WAMY respectfully requests that the conference be rescheduled to a later date when this Court and parties are available. WAMY Counsel will be available for a potential hearing on February 28th, March 17th, 18th, and 21st—subject to this Court's and other

---

[1] ECF No. 10664 at 2.

[2] *Id.*

[3] ECF No. 8544 at 57. ("the Court has lost faith in Kreindler & Kreindler. It has demonstrated, not once, but twice, that it will leak confidential information to reporters as part of its litigation strategy. This time, when the Court was forced to investigate the breach, Kreindler & Kreindler made numerous misleading statements and dragged its heels in identifying the source—which, of course, proved to be its consultant.")

[4] ECF No. 3338 at 1. ("if MWL/IIRO cannot explore the provenance of the documents at this time, fairness dictates that the Plaintiffs not be permitted to rely further on the documents for any purpose related to this multi-district litigation case.")

LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

parties' schedules. We respectfully request that the conference be conducted in person before Your Honor.

Respectfully Submitted,

*s/s Omar Mohammedi*

_____
Omar T. Mohammedi

*s/s Frederick Goetz*

_____
Frederick Goetz

cc: Judge Daniels
All Counsel of Record