IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to: *All Actions*

# SAUDI ARABIA'S RULE 72(a) OBJECTIONS TO THE COURT'S DECEMBER 11, 2024 ORDER

Michael K. Kellogg
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

Saudi Arabia respectfully submits these Rule 72(a) Objections to the portions of Judge Netburn's December 11, 2024 Order ("Order"), ECF No. 10615, precluding Marc Sageman from rebutting the opinions of Plaintiffs' expert Bassem Youssef on the issues of: (1) tradecraft and the use of clandestine communication devices; and (2) telephone communications analysis.

**ARGUMENT**

Under Federal Rule of Civil Procedure 72(a), a district judge "must . . . modify or set aside any part of [a magistrate judge's non-dispositive] order that is clearly erroneous or is contrary to law."  A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004).  An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (cleaned up).

Saudi Arabia's Motion for Partial Reconsideration of the Court's December 11, 2024 Order identifies two clear errors in Judge Netburn's rulings. *See* ECF Nos. 10646, 10662.  This Court will need to reach these Objections only if that Motion is denied.  To avoid burdening the Court with duplicative briefing, Saudi Arabia incorporates those submissions by reference and summarizes them briefly here.

*First*, although Judge Netburn correctly found that Sageman has "demonstrated his expertise in . . . operational matters . . . and thus may comment on clandestine communication techniques," Order 47-48, she did not address whether Sageman's specific rebuttal opinions on clandestine communication techniques were reliable or admissible.  Those include his opinions that: (1) it would have been inconsistent with tradecraft for Fahad Al Thumairy to register a purportedly clandestine number in his own name; (2) it would have been inconsistent with tradecraft for Al Thumairy and Omar Al Bayoumi to use phones registered in their own names to

1

contact each other (if they were attempting to keep their relationship secret); (3) Al Thumairy's and Al Bayoumi's alleged contacts would (if they were clandestine operatives) have been inconsistent with tradecraft practices set out in Al Qaeda's Manchester Manual; and (4) Al Bayoumi's communication patterns with the Embassy were "not compatible with an agent or asset reporting to his case officer." ECF No. 10646, at 4-5, 7; ECF No. 10662, at 1-2.

Failure to consider and apply the *Daubert* standard to these opinions before excluding all of Sageman's opinions was clear error. *See*, *e.g.*, *EEOC v. Morgan Stanley & Co.*, 2004 WL 1542264, at *2 & n.1 (S.D.N.Y. July 8, 2004) (holding that magistrate judge's recommended exclusion of expert's critique of opposing expert's statistical analysis "was clearly erroneous in that it was over broad and would lead to the exclusion of relevant and reliable evidence," and emphasizing that this expert's testimony "may also become relevant in rebuttal") (citing, *e.g.*, *Schneider v. Fried*, 320 F.3d 396, 409 (3d Cir. 2003) (magistrate judge abused discretion by excluding relevant expert testimony)); *see also Kovacs v. Hershey Co.*, 2006 WL 2781591, at *7 (D. Colo. Sept. 26, 2006) (granting Rule 72(a) objections where magistrate judge erred by failing to rule on whether defendant had waived privilege and remanding to magistrate judge for ruling).

*Second*, Judge Netburn erred in finding that Sageman lacked expertise in telephone communications analysis. *See* ECF No. 10646, at 6, 9-10; ECF No. 10662, at 2-4. She overlooked (1) deposition testimony about his "telephonic communications analysis" while working in Army intelligence; (2) a peer-reviewed and award-winning book, *Directorate S*, written by Pulitzer Prize-winning author Steve Coll, the dean of Columbia Journalism School, which devotes an entire chapter to Sageman's investigation of insider murders of U.S. and European troops in Afghanistan by Afghani soldiers in the early 2010s, through the use of "[t]elephone intercepts tracing," "phone intercepts," and "communication intercept evidence," as well as "Taliban intercept records," to, among other things, determine whether the murders were

2

linked to the Taliban; and (3) Sageman's own peer-reviewed book *Misunderstanding Terrorism*, which is cited in at least 257 other scholarly publications and which discusses the same investigation described in *Directorate S*, including Sageman's analysis of "electronic evidence." *See* ECF No. 10646, at 6, 9-10; ECF No. 10662, at 2-4.  Failure to consider evidence of qualifications supports a "definite and firm conviction that a mistake has been committed." *Gualandi*, 385 F.3d at 240; *see Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 81-82 (2d Cir. 1997) (holding that district court abused its discretion in excluding an expert because the court took an overly narrow view of the expert's qualifications:  "where . . . well-trained people with somewhat more general qualifications are available, it is error to exclude them").

     Because Judge Netburn incorrectly found Sageman unqualified to rebut Youssef's communications analysis, she did not address the reliability or helpfulness of his opinions on that topic.  Sageman identified alternative, reasonable explanations for communications that Youssef asserts are nefarious.  For example, Sageman points out that increased numbers of calls are not suspicious when they occur between observant Muslims during the holy month of Ramadan and that certain supposedly suspicious calls from Al Bayoumi to the Saudi Embassy took place at the same time that Al Bayoumi was working to get his academic records authenticated.  *See* ECF No. 10646, at 5-6.  Those opinions provide important context for Youssef's phone records analysis that will be helpful to the factfinder.  If the Court considers Youssef's attempts at "purport[ed] . . . divin[ation]" of the contents of phone calls based solely on phone records, it should also have access to Sageman's well-reasoned rebuttal.  *See* ECF No. 10646, at 9-10; ECF No. 10662, at 5; *Morgan Stanley*, 2004 WL 1542264, at *2 & n.1.

3

## CONCLUSION

For the reasons set forth above and in Saudi Arabia's briefing in support of its Motion for Partial Reconsideration of the Court's December 11, 2024 Order, the Court should modify and set aside the portions of the Order excluding Sageman's opinions on (1) tradecraft and the use of clandestine communication devices; and (2) telephone communications analysis.


Dated: January 31, 2025               Respectfully submitted,

                                      */s/ Michael K. Kellogg*
                                      Michael K. Kellogg
                                      Gregory G. Rapawy
                                      Andrew C. Shen
                                      KELLOGG, HANSEN, TODD, FIGEL
                                        & FREDERICK, P.L.L.C.
                                      Sumner Square
                                      1615 M Street, N.W., Suite 400
                                      Washington, D.C. 20036-3209
                                      (202) 326-7900
                                      (202) 326-7999 (fax)

                                      *Attorneys for the Kingdom of Saudi Arabia*

## CERTIFICATE OF SERVICE

I hereby certify that, on January 31, 2025, I caused a copy of the foregoing Rule 72(a) Objections to the Court's December 11, 2024 Order filed by the Kingdom of Saudi Arabia to be served electronically pursuant to the Court's ECF system.

/s/ Michael K. Kellogg
Michael K. Kellogg
*Attorney for the Kingdom of Saudi Arabia*