# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        )
                                                        )  No. 03 MDL 1570 (GBD/SN)
                                                        )
In re Terrorist Attacks on September 11, 2001           )  ECF Case
                                                        )
                                                        )
                                                        )
                                                        )
                                                        )
                                                        )
                                                        )
------------------------------------------------------- x

This document relates to:

*Federal Insurance Co., et al. v. Al Qaida, et al.*, 03-cv-06978
*Thomas E. Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 03-cv-09849
*Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-01923
*Continental Casualty Co., et al. v. Al Qaeda, et al.*, 04-cv-05970
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065
*Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-07279

## ORDER

WHEREAS, cases comprising this multi-district litigation have been pending since 2002.

WHEREAS, this Court dismissed all remaining claims against defendant Dubai Islamic Bank ("DIB") in its order dated March 9, 2023 (ECF No. 8911).

WHEREAS, absent entry of a Rule 54(b) final judgment, it could be some time before all claims against non-dismissed defendants are resolved.

WHEREAS, in the absence of a Rule 54(b) final judgment, DIB will be unable to obtain repose, and the plaintiffs will be unable to seek timely appellate review of the Court's dismissal order.

WHEREAS, the Court's March 9, 2024 Order has dismissed all claims asserted by plaintiffs against DIB and has decided finally the rights and liabilities of DIB, constituting a final decision within the meaning of 28 U.S.C. § 1291 as to this defendant.

WHEREAS, it is appropriate at this juncture to enter partial final judgment under Rule 54(b) with respect to DIB, which has been entirely dismissed from all six remaining cases. *See Cullen v. Margiolla*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years," and there was "no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed").

WHEREAS, after careful consideration of the parties' joint request for entry of partial final judgment, this Court finds that there is no just reason to delay the entry of a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing defendant DIB.

**ACCORDINGLY, IT IS HEREBY ORDERED** this 6th day of January, 2025 that the Court's dismissal of Dubai Islamic Bank in the Court's Order of March 9, 2023, is certified as final pursuant to Federal Rule of Civil Procedure 54(b). The Clerk of the Court is directed to prepare and enter a partial final judgment in favor of Defendant Dubai Islamic Bank in the above-captioned actions.

SO ORDERED.

JAN 0 6 2025

George B. Daniels
United States District Judge