UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, No. 15-cv-9903

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
RULE 60(a) MOTION TO CORRECT CLERICAL ERRORS
IN PARTIAL FINAL DEFAULT JUDGMENT**

*Burnett/Iran* Plaintiffs Jordan A. Lyles and Justin A. Lyles, by and through undersigned counsel, submit this Memorandum of Law in support of their Rule 60(a) Motion to Correct Clerical Errors in Partial Final Default Judgment, and state as follows:

**BACKGROUND**

*Burnett/Iran* Plaintiffs Jordan A. Lyles and Justin A. Lyles are siblings and the stepsons of 9/11 decedent CeeCee L. Lyles, who was a flight attendant on the hijacked Flight 93 that crashed in Pennsylvania after the passengers stormed the cockpit. These Plaintiffs sought solatium damages judgments with the Court as the functionally equivalent children of CeeCee Lyles by way of a Motion for Partial Default Judgment Damages filed on May 12, 2022. (ECF No. 8010).

On July 26, 2022, United States Magistrate Judge Sarah Netburn issued a Report and Recommendation (ECF No. 8268) ("Report"), in which she recommended to the District Court that "**Jordan Lyles be granted the full solatium award granted to biological children who [sic] parents were killed in the September 11 Attacks, $8,500,000, and that Justin Lyles be awarded half this sum, $4,250,000.**" *See* Report, at 9-10 (emphasis added). However, after analyzing the facts and recommending these specific solatium judgment amounts for Plaintiffs

Jordan Lyles and Justin Lyles in the body of the Report (and clearly intending to award to Jordan Lyles twice the solatium judgment amount of Justin Lyles), the Report issued by Magistrate Judge Netburn inadvertently reversed these two solatium award amounts for Plaintiffs Jordan Lyles and Justin Lyles in the Report's "Table 2: Solatium Awards" summary. In so doing, the Report included two clerical errors. *See* Report, at 14 (listing **Jordan A. Lyles** as receiving a solatium damages award of **$4,250,000**, and **Justin A. Lyles** as receiving a solatium damages award of **$8,500,000**) (emphasis added). Due to the complexity and volume of this matter, these clerical errors are understandable given the similarities between the names of Plaintiffs Jordan A. Lyles and Justin A. Lyles, but the negative impact of these errors for these Plaintiffs was only recently revealed.

Relying upon the aforementioned Report, this Court issued an Order of Partial Final Default Judgments on Behalf of certain *Burnett/Iran* Plaintiffs (*Burnett/Iran* XXV) (ECF No. 8293) ("July 29th Order"), which included Plaintiffs Jordan Lyle and Justin Lyles. In the July 29th Order, the Court adopted the Report in full, (*id*. at 2), and found that "**Magistrate Judge Netburn properly recommended awards of solatium damages for Plaintiffs listed in Exhibit A of this opinion … The Report accurately describes the relevant relationships and considers the relevant factors in evaluating whether the relationships are functionally equivalent to familial relationships. Especially in Magistrate Judge Netburn's recommendation to limit damages as to Plaintiffs … Justin Lyles …**" July 29th Order, at 3 (emphasis added). Thus, this Court clearly intended to adopt Magistrate Judge Netburn's recommended awards of solatium damages to Plaintiff Jordan Lyles in the amount of $8,500,000 and to Plaintiff Justin Lyles in the amount of $4,250,000. Indeed, this Court clearly determined that the solatium damages award for Plaintiff Justin Lyles (and not Plaintiff Jordan Lyles) should be "limited." *Id*.

However, in the Exhibit A "Table 2: Solatium Awards" attachment to the July 29th Order, this Court repeated the Report's two clerical errors and reversed the solatium damages judgment amounts for Plaintiffs Jordan and Justin Lyles, awarding solatium damages of **$4,250,000** to **Jordan Lyles** and solatium damages of **$8,500,000** to **Justin Lyles**. *See* July 29th Order, at 6 (emphasis added). These clerical errors in the judgment amounts were clearly contrary to both the analysis of the relevant issues and the intent of both Magistrate Judge Netburn and this Court.

Plaintiffs' counsel recently discovered the above clerical errors with these solatium award amounts upon receipt of correspondence from the United States Victims of State Sponsored Terrorism Fund ("USV Fund") and communications with Plaintiffs Jordan Lyles and Justin Lyles. In the course of this review, Plaintiffs' counsel discovered these clerical errors related to the solatium damages awarded to these Plaintiffs in both the Report and the July 29th Order. Before filing the instant motion, Counsel brought these clerical errors to the attention of the Special Master for the USV Fund. The Special Master informed counsel that an amended court order must be issued before the USV Fund would adjust the aforementioned solatium judgment amounts. Due to these clerical errors, Plaintiffs respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 8293 and address the inadvertent mistakes with these solatium judgment amounts.

## ARGUMENT

### Rule 60(a) Permits This Court to Modify a Judgment Based Upon Clerical Errors and Omissions

Rule 60(a) provides: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). *See Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958) ("It is axiomatic that courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or

mistake."). The purpose of Rule 60(a) is to afford courts a means of modifying their judgments in order to ensure that the record reflects the actual intentions of the court. *Employers Mut. Cas. Co. v. Key Pharm., Inc.*, 886 F. Supp. 360, 363 (S.D.N.Y. 1995); *409 Highland Capital Mgt., L.P. v. Schneider*, 2008 WL 3884363, at *14 (S.D.N.Y. Aug. 20, 2008). A motion for relief from judgment based upon clerical mistakes permits correction of not only clerical mistakes, but also inadvertent errors when correction is necessary to conform an order to the court's intent. *Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498, 504–05 (2d Cir. 2007). And notably, Rule 60(a) also "imposes no time limitations." *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)

In the instant matter, Magistrate Judge Netburn clearly intended for Plaintiff Jordan Lyles to receive **"the full solatium award granted to biological children"** in the amount of $8,500,000, and for Plaintiff Justin Lyles to **"be awarded half this sum, $4,250,000."** Report, at 9-10 (emphasis added). However, due to the clerical errors listed above, Magistrate Judge Netburn's Report did not reflect her clear intent in the "Table 2: Solatium Awards" summary attached to her Report. *See* Report, at 14.

Having adopted the Report in full, this Court noted that Magistrate Judge Netburn had both **"properly recommended awards of solatium damages"** for these Plaintiffs and that she had properly **"recommend[ed] to limit damages as to … Justin Lyles …"** *See* July 29th Order, at 2-3 (emphasis added). Thus, this Court clearly intended to adopt Magistrate Judge Netburn's recommended awards of solatium damages to Plaintiff Jordan Lyles in the amount of $8,500,000 and to Plaintiff Justin Lyles in the amount of $4,250,000. However, due to the aforementioned clerical errors in the Court's Exhibit A "Table 2: Solatium Awards" attachment, the solatium damages amounts for Plaintiffs Jordan Lyles and Justin Lyles did not reflect this Court's stated intent. *See* July 29th Order, at 6. Plaintiffs assert that as these errors are merely clerical in nature

and do not require any substantive changes to the Court's July 29th Order, the Court should correct these judgments herein as requested to reflect the actual intent of the Court as to the solatium damages awards for Plaintiffs Jordan and Justin Lyles against Iran.

## CONCLUSION

Plaintiffs Jordan Lyles and Justin Lyles respectfully move for an order pursuant to Fed. R. Civ. P. 60(a) to correct ECF No. 8293 and address these inadvertent clerical errors with the aforementioned solatium judgment amounts. These requested corrections will more accurately reflect the Court's intent when it issued the July 29th Order, and these corrections are further necessary to the administration of justice for these Plaintiffs. For the foregoing reasons, Plaintiffs respectfully request that this Court enter the Corrected Order of Partial Final Default Judgments on Behalf of *Burnett/Iran* Plaintiffs Jordan Lyles and Justin Lyles as identified and attached to Plaintiffs' motion as Exhibit A to conform with the necessary corrections requested herein.

Dated: February 18, 2024

                                                          Respectfully submitted,

                                                          /s/ *John C. Duane*
                                                          John C. Duane, Esq.
                                                          MOTLEY RICE LLC
                                                          Mount Pleasant, SC 29464
                                                          Tel. (843) 216-9000
                                                          Fax (843) 216-9450
                                                          jduane@motleyrice.com