UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :
:
:
:
:     1:03 MDL 1570 (GBD)(SN)
:
:
------------------------------------------------------------------------X

This document relates to:
*Grazioso, et al., v. The Islamic Emirate of Afghanistan aka the Taliban, et al.,* 1:22-cv-01188 (GBD)(SN)

# DECLARATION OF TIMOTHY B. FLEMING, ESQ. IN SUPPORT OF MOTION FOR PARTIAL FINAL DEFAULT JUDGMENT <u>AGAINST THE DEFENDANT TALIBAN</u>

  I, TIMOTHY B. FLEMING, Esq., counsel for the *Grazioso* Plaintiffs, am over eighteen years of age, and I am a member of the District of Columbia bar.  I hereby submit this Declaration in support of the Plaintiffs' Motion for Partial Final Judgment Against the Islamic Emirate of Afghanistan aka the Taliban, and I state, in support thereof, the following:

  1.  I am *of counsel* to the firm Wiggins Childs Pantazis Fisher Goldfarb, PLLC in Washington, D.C., and I serve as counsel to the *Grazioso* Plaintiffs.  I also serve as Plaintiffs' counsel in four other actions in this MDL against the Islamic Republic of Iran ("Iran"), its political subdivisions, and its agencies and instrumentalities, arising out of the September 11, 2001 terrorist attacks, which are pertinent to the instant Motion in that the amount of damages for each *Grazioso* Plaintiff, except one, has been determined in these cases, styled as follows:

    a.  *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-09848 (GBD)(SN).

    b.  *Hoglan, et. al v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN).

    c. *Ray, et al.*, *v. Islamic Republic of Iran, et al.*, 1:19-cv-00012 (GBD)(SN).

    d. *Maher, et al. v. Islamic Republic of Iran*, 1:20-cv-00266 (GBD)(SN).

  2. The *Havlish* Plaintiffs received a final enforceable judgment for money damages against, *inter alia*, the Islamic Republic of Iran, fifteen of Iran's agencies and instrumentalities, the Taliban, and al-Qaeda, on October 12, 2012.

  3. All except one of the *Grazioso* Plaintiffs have received judgments with awards of money damages against the Islamic Republic of Iran in either *Hoglan*, *Ray*, or *Mayer*, or, for two Plaintiffs, in *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN). The exception is James Casazza, who has only recently joined the 9/11 litigation. Most of the *Grazioso* Plaintiffs have also received judgments against all or some of Iran's agencies and instrumentalities that were judgment defendants in *Hoglan* and *Ray*. None of the Plaintiffs in *Grazioso* who are subject to the instant motion have previously received judgment against the Taliban.

  4. As stated in ¶¶ 8-12 below, the *Grazioso* Plaintiffs now seeking partial final default judgments against the Taliban exclude those *Grazioso* Plaintiffs who, for various reasons involving cross-representation of clients in this MDL, have already obtained a judgment against the Taliban, or have an application pending before this Court for such a judgment, that was filed by another law firm. As stated in ¶12 below, these Plaintiffs will be dismissed from *Grazioso*.

  5. Attached as **EXHIBIT A** is a copy in .pdf format of the Standard Exhibit for the ten 9/11 Decedent Estates named in *Grazioso*. **EXHIBIT A** lists the precedents for the requested relief for such estate Plaintiffs, as follows:

    a. Non-economic awards for pain and suffering of $2,000,000 each were previously entered by this Court in favor of each Estate against Iran in *Hoglan* (MDL Doc. No. 3382) or *Ray* (MDL Doc. No. 5985).

    b. Economic compensatory damage awards were previously entered by this Court in favor of each such Estate and against Iran in *Hoglan* (MDL Doc. No. 3382) or *Ray* (MDL Doc. No. 10387). The applications for such awards were supported by expert reports by Stan V. Smith (*see* Order of October 7, 2024, at MDL Doc. No. 10411).

6. Attached as **EXHIBIT B** is a copy in .pdf format of the Standard Exhibit for the two-hundred thirteen (213) solatium Plaintiffs named in *Grazioso*. (Some are listed twice because they lost two loved ones on September 11, 2001 and their claims with respect to each 9/11 Decedent are regarded separately). **EXHIBIT B** lists the precedents for the requested relief for such solatium Plaintiffs as follows:

    a. Each immediate family member Plaintiff was previously awarded solatium damages against Iran in *Hoglan* or *Ray*, with five exceptions, stated below.

    b. Two immediate family member Plaintiffs, Daniel R. Maher and Joseph F. Maher, were previously awarded solatium damages against Iran in *Bauer, et al. v. al-Qaeda Islamic Army, et al.*, 1:02-cv-07236 (GBD)(SN).

    c. Two immediate family member Plaintiffs, Constance Finnicum and George "Gabe" Gabrielle, were previously awarded solatium damages against Iran in *Ashton, et al. v. Al Qaeda Army, et al.*, 02-cv-6977 (GBD)(FM). MDL Doc. No. 3300.

        d. One immediate family member Plaintiff, James Casazza, holds no previous judgment or damages award against Iran or any other MDL Defendant.

7. I submit this Declaration also to state compliance with the due diligence procedures originally proposed at MDL Doc. No. 3433, which were approved by the Court at MDL Doc. No. 3435, to ensure that duplicate default judgments are not issued in this MDL. These procedures were recently reaffirmed by the Court at MDL Doc. Nos. 9355, 9435.

8. I first caused an attorney colleague on our litigation team to consult the list submitted to the Court on January 23, 2017, at MDL Doc. No. 3433-2, that was compiled in connection with default proceedings against Iran.

9. I also caused the same attorney colleague to consult our own internal list of clients with judgments against the Islamic Republic of Iran in *Havlish*, *Hoglan*, *Ray*, and *Maher, et. al. v. World Assembly of Muslim Youth, et al.,* 1:23-cv-02845 (GBD)(SN), who are also represented by other firms in this MDL in other actions against other defendants, such as Saudi Arabia and the Taliban.

10. I further caused my attorney colleague to review the exhibits submitted by other law firms in connection with recent default judgments entered against the Taliban. Specifically, I caused him to review documents submitted by Kreindler, LLP, at MDL Doc. No. 8275-1, by by Motley Rice, LLP, at MDL Doc. No. 9645-1, and by Anderson Kill P.C. at MDL Doc. No. 8109-1.

11. These efforts revealed that fourteen (14) solatium plaintiffs and three 9/11 Decedent Estate Plaintiffs named in the *Grazioso* Second Amended Complaint, at *Grazioso* Doc. No. 29, have received final partial default judgments against the Taliban in *Burnett, et al. v. Al*

*Baraka Investment & Development Corp., et al.*, 1:03-cv-09849 (GBD)(SN), at MDL Doc. No. 10265.

12. A motion to withdraw these dual representation clients from *Grazioso* will be filed shortly, and these clients do not appear on the **EXHIBITS A** or **B** submitted with this Declaration that identify the *Grazioso* Plaintiffs who are moving for partial final default judgment.

13. To my knowledge, no other application for a final enforceable judgment for money damages against the Taliban has been filed on behalf of the ten 9/11 Decedent Estates and the two-hundred five (205) solatium Plaintiffs in *Grazioso* by any other attorney or law firm.

14. The relationships between 9/11 Decedents and the personal representatives of their respective Estates were verified through the voluminous documentation provided by each client to our lead firm office in Birmingham, Alabama, to undertake representation, to obtain judgments against the Islamic Republic of Iran, and to submit applications to the United States Victims of State Sponsored Terrorism Fund ("USVSSTF") for partial compensation based on their judgments against Iran.

15. Counsel also obtained historical tax information from the personal representatives for the economic loss analysis submitted to this Court in connection with previous motions for judgment in *Hoglan* and *Ray*. Current state-issued identification is always required by our lead firm in connection with client distributions from the USVSSTF or otherwise.

16. The submitted Proposed Order of Judgment conforms with the previously approved orders with respect to partial final judgments against the Taliban.

17. The *Grazioso* Plaintiffs therefore respectfully request entry of the attached proposed partial final judgment in the following amounts:

a. in favor of the ten 9/11 Decedent Estates and against the Islamic Emirate of Afghanistan aka the Taliban as stated in **EXHIBIT A**:

   (1) Non-economic damages for pain and suffering in the aggregate amount of **$20,000,000**; and

   (2) Economic damages in the aggregate amount of **$372,921,373**; for

   (3) A total amount of compensatory damages for the ten 9/11 Decedent Estates in the amount of **$392,921,373**; all to be

   (4) Trebled under the Anti-Terrorism Act, increasing the total amount awarded to the ten 9/11 Decedent Estates to **$1,178,764,119**; and

b. in favor of the two-hundred five (205) Solatium Plaintiffs and against the Islamic Emirate of Afghanistan aka the Taliban as stated in **EXHIBIT B**:

   (1) Solatium damages in the aggregate amount of **$1,339,125,000**; to be

   (2) Trebled under the Anti-Terrorism Act, increasing the total amount awarded to the Solatium Plaintiffs to **$4,017,375,000**; and

c. Prejudgment interest at the rate of 4.96% from September 11, 2001 to the date of entry of final partial default judgment; all for

d. A total award in favor of the *Grazioso* Plaintiffs and against the Islamic Emirate of Afghanistan aka the Taliban in the amount of **$5,196,139,119** plus pre-judgment interest.

**FURTHER THE DECLARANT SAYETH NOT.**

This Declaration is made and executed within the United States and is comprised of seventeen (17) separately numbered paragraphs, four of which contain sub-paragraphs.

I, TIMOTHY B. FLEMING, declare under penalty of perjury that the foregoing is true and correct.  Executed on February 18, 2025.

       /s/ *Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS FISHER
 GOLDFARB, PLLC
2208 18th Street, NW, #110
Washington, D.C.  20009
(202) 467-4489