UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                :
                                                :
IN RE: TERRORIST ATTACKS ON                     :   Civil Action No.
SEPTEMBER 11, 2001                              :   03 MDL 1570 (GBD) (SN)
                                                :
_____:

**This Document Relates to**
*Grazioso, et al. v. The Taliban, et al.*, 1:22-cv-01188 (GBD)(SN)

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENT AGAINST DEFENDANT THE TALIBAN

This lawsuit was filed against Defendant the Islamic Emirate of Afghanistan, aka the Taliban (hereinafter, "Taliban"), based on the Taliban's direct and material support for, and sponsorship of, the most deadly act of terrorism in world history, the September 11, 2001 terrorist attacks on the United States.

The *Grazioso* Plaintiffs seek entry of partial final default judgment against Defendant Taliban pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333 (the "ATA"). This Memorandum sets forth the basic factual and legal bases for such an award; the Declaration of Timothy B. Fleming, filed contemporaneously herewith, addresses, *inter alia*, the previous determinations of Plaintiffs' damages arising from the September 11, 2001 terrorist attacks, which should be identically entered here for the requested awards, except trebled under the ATA.

### A.  PROCEDURAL HISTORY AND BASIS FOR THE MOTION

#### I.  The Parties

The Plaintiffs who move for default judgment in this case are the personal representatives of ten of the estates of 9/11 murder victims, as listed in **EXHIBIT A** attached to the Fleming

1

Declaration, and two hundred and five (205) immediate family members (spouses, parents, children, and siblings, or the estates of same) of 9/11 decedents, as identified in **EXHIBIT B** attached to the Fleming Declaration.  As set forth in the Declaration of Timothy Fleming and the Declaration of Andrew Levitt, filed separately, *Grazioso* counsel have complied with this Court's orders to perform due diligence checks to ensure that this Motion on behalf of the Plaintiffs named in the Motion and **Exhibits A** and **B** contain no duplication of judgments or pending applications for judgments.  Certain *Grazioso* Plaintiffs discovered to be duplicates are not named in the Motion or the Exhibits, and a separate motion to withdraw their claims from this case will be filed shortly.

The *Grazioso* Plaintiffs, with one exception, have all previously received partial final judgments against the Islamic Republic of Iran and various of Iran's agencies and instrumentalities, in *Hoglan, et al. v. Iran, et al.*, 1:11-cv-7550, *Ray, et al. v. Iran, et al.,* 1:19-cv-00012, or *Maher, et al. v. Iran, et al.* 1:20-cv-00266, as to liability and damages under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A ("FSIA").  The exception is James Casazza who, until joining *Grazioso*, had not joined any of the 9/11 cases in this MDL.

In *Hoglan* and *Ray*, the parties who are now *Grazioso* Plaintiffs[1] did not include claims against the Taliban because it was then impractical and seemingly futile to do so.  When those cases were filed, the Taliban was no longer in *de facto* control of the territory of Afghanistan as a result of the post-9/11 U.S. invasion.  The Taliban's leaders and members were reportedly scattered in the mountains of Afghanistan and Pakistan or assimilated back into the general Afghan society.  However, in 2021, when the U.S. military withdrew and the West-supported

---

[1] Two *Grazioso* Plaintiffs, Daniel R. Maher and Joseph F. Maher, were not parties in either *Hoglan* or *Ray*.  They obtained judgments against Iran in *Maher v. Iran* and opted to join *Grazioso* to present their claims against the Taliban.

2

Afghanistan government fell, the Taliban reassembled as an entity, took control of Kabul, and returned to *de facto* power. The Taliban is again in control of the territory and institutions in Afghanistan. Accordingly, the *Grazioso* Plaintiffs here seek to take judgments against the Defendant Taliban, one of the main actors in the 9/11 conspiracy, in order to hold the Taliban publicly accountable and legally responsible for its part in the 9/11 conspiracy.

As detailed below, the *Grazioso* Plaintiffs perfected service of process, and the Taliban has not appeared in this action. In due course, the *Grazioso* Plaintiffs obtained a Certificate of Default from the Clerk of this Court. The *Grazioso* Plaintiffs now seek partial final default judgment against the Taliban.

## II.     Evidentiary Hearing

In a letter motion to be filed shortly hereafter, the *Grazioso* Plaintiffs will request an evidentiary hearing in order to present, in open Court, evidence of the Taliban's liability as a co-conspirator in the 9/11 plot. This presentation would include evidence that the Taliban provided direct and material support, including logistical support to, and safe harboring of, al Qaeda members and leaders, including Osama bin Laden, both before and after the 9/11 terrorist attacks, and evidence that Defendant Taliban was a co-conspirator in the plot that resulted in the 9/11 terrorist attacks.

## III.    Remedy Requested

Plaintiffs in this case seek compensatory damages awards, for the 9/11 decedent Plaintiffs, for economic losses and pain and suffering, and, for the 9/11 surviving immediate family members, for solatium, consistent with the awards entered in other cases in this MDL, starting with *Havlish*. Specifically, Plaintiffs seek Partial Final Default Judgment against the Defendant Taliban under the ATA in favor of the personal representatives of the estates of ten

9/11 decedents who were United States citizens on September 11, 2001, in the amounts set forth in **Exhibit A** attached to the Fleming Declaration, and in favor of 205 immediate family members, or the functional equivalent of immediate family members, of 9/11 decedents, in the amounts set forth in **Exhibit B** attached to the Fleming Declaration.

Furthermore, the *Grazioso* Plaintiffs seek trebled damages pursuant to the ATA. Plaintiffs also seek prejudgment interest in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of entry of the judgment for these Plaintiffs. Finally, the *Grazioso* Plaintiffs seek leave to file requests for such other and further relief, including but not limited to, punitive damages, as may be appropriate at a later date to be determined by the Court, as has been held in many other cases in this MDL starting with *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 11-cv-07550 (GBD)(SN).

**IV.   Defendant Taliban's Default**

The *Grazioso* Plaintiffs filed suit initially on February 11, 2022. *Grazioso* Doc. No. 1. An Amended Complaint was filed on August 18, 2022. *Grazioso* Doc. No. 19; MDL Doc. No. 8400. The operative Second Amended Complaint was filed on August 23, 2022, to add two plaintiffs who had been inadvertently omitted from the Amended Complaint. *Grazioso* Doc. No. 29; MDL Doc. No. 8428.

All of the relevant pleadings documents, including the *Grazioso* Second Amended Complaint and the Summons issued by the Clerk of Court, SDNY, dated August 25, 2022 (*Grazioso* Doc. No. 31; MDL Doc. No. 8424), and certified translations of each (the *"Grazioso* Service Materials"), were properly served on Defendant the Taliban, as detailed below.

This Court, on April 17, 2023, issued an Order authorizing the *Grazioso* Plaintiffs to use alternative service methods to serve their pleadings and related materials on Defendant the

4

Taliban pursuant to Fed. R. Civ. P. 4(f)(3) (the "*Grazioso* Service Order").  *See Grazioso* Doc. No. 52; MDL Doc. No. 9024.

The *Grazioso* Service Order authorized the Plaintiffs to serve the Taliban by, *inter alia*, publication of a notices in newspapers, as follows:

> The *Grazioso* Plaintiffs shall serve the Taliban by publishing notice of this action at least once per week for four consecutive weeks in *Al-Quds Al-Arabi* and the United States and international editions of *The New York Times*.  The content and timing of these notices must follow the requirements of CPLR § 316 and include "a brief statement of the nature of the action and the relief sought."  They must also include either all the materials required to be served or a link to publicly accessible online versions of those materials.

*Grazioso* Service Order at 5.

Pursuant to the *Grazioso* Service Order, the *Grazioso* Plaintiffs drafted the following notice in compliance with CPLR § 316 and had it translated into the Arabic language and into Pashto, the recognized official language of Afghanistan:

> PUBLIC NOTICE
> In the United States District Court for the Southern District of New York, Case Nos. 03-MD-1570-GBD-SN and 1:22-CV-01188-GBD-SN, on August 23, 2022, Plaintiff Deborah Grazioso, as Personal Representative of the Estate of Timothy Grazioso, Deceased, and 246 other Plaintiffs, filed a Second Amended Complaint against the Islamic Emirate of Afghanistan, *a/k/a* the Taliban, and others in connection with the terrorist attacks in the United States on September 11, 2001.
>
> Pursuant to, *inter alia*, 18 U.S.C § 2333, 28 U.S.C § 1331 and § 1332(a)(2) and the Torture Victim Protection Act of 1991, PL 102-256, 106 Stat. 73, the *Grazioso* Plaintiffs seek judgment in their favor against Defendants, jointly, severally, and/or individually, for compensatory and punitive damages in excess of One Billion US Dollars (US $1,000,000,000), plus pre- and post-judgment interest, attorney's fees, costs of this action and further appropriate relief.  This is a notice that the pleadings have been filed.  The pleadings are available in English and Pashto at the following website: *www.wigginschilds.com/grazioso*.

*See Grazioso* Plaintiffs' Certificate of Service, dated August 2, 2023, at *Grazioso* Doc. No. 57; MDL Doc. No. 9258 (hereinafter "*Grazioso* COS"), Ex. A thereto.

Pursuant to the Order and as stated in their published notices, the *Grazioso* Plaintiffs facilitated the creation of a publicly-accessible online website at www.wigginschilds.com/grazioso. The website contains the text of their notice in English, Arabic and Pashto, as well as the *Grazioso* Second Amended Complaint and Summons in English and Pashto. *See* www.wigginschilds.com/grazioso; *see also Grazioso* COS, Ex. B (screen capture of first page of www.wigginschilds.com/grazioso).

Attached to the *Grazioso* COS as Ex. C thereto are true and correct copies of Declarations of Publication from the business manager of *Al-Quds Al-Arabi* newspaper, certifying that the *Grazioso* Plaintiffs' notice was published in that newspaper on April 28, 2023; May 5, 2023; May 12, 2023; and May 19, 2023. These Declarations also include true and correct copies of pages from *Al-Quds Al-Arabi* on those dates, each of which contains the published *Grazioso* notice. The *Grazioso* notice was published in *Al-Quds Al-Arabi* newspaper in Arabic (a copy of the Arabic translation of the notice is attached to *Grazioso* COS at Ex. A).

Attached to the *Grazioso* COS as EXHIBIT D are true and correct copies of four Proofs of Publication from *The New York Times* certifying the publication of the *Grazioso* Plaintiffs' notice in the U.S. editions of *The New York Times*. Attached also to the *Grazioso* COS at EXHIBIT D are true and correct copies of "tearsheets" showing the placements of the *Grazioso* notices in the U.S. editions of *The New York Times* newspaper on May 3, 2023, May 10, 2023, May 17, 2023, and May 24, 2023, and in the International edition of *The New York Times* on May 3, 2023, May 10, 2023, May 17, 2023, and May 24, 2023. In conformity with the *Grazioso* Service Order and CPLR § 316, the *Grazioso* notices were published in *The New York Times*

newspaper (both the U.S. and International editions) and *Al-Quds Al-Arabi* newspaper once per week for four consecutive weeks. *Grazioso* COS, ¶10.

The *Grazioso* Service Order further required the *Grazioso* Plaintiffs to serve Defendant the Taliban by sending notice in English, Arabic, and Pashto to known Taliban-related Twitter accounts:

> The *Grazioso* Plaintiffs shall additionally serve the Taliban via messages to the Twitter accounts @Abdullah_azzam7, @IeaOffice, @QaharBalkhi, @Zabehulah_M33 @QyAhmadi21, and @suhailshaheen1, or any other Twitter accounts reported to belong to Taliban spokespersons. The Twitter messages should be sent in English, with translations into Arabic and Pashto, and contain the same notices published in *Al-Quds Al-Arabi* and *The New York Times*.

*Grazioso* Service Order at 5.

Counsel for the *Grazioso* Plaintiffs created a Twitter account at "@Grazioso_Plaintiffs." *Grazioso* COS, ¶12.

On May 23, 2023, the *Grazioso* Plaintiffs sent messages in English and Pashto to the Twitter accounts of @Abdullah_azzam7, @IeaOffice, @QaharBalkhi, @Zabehulah_M33, @QyAhmadi21, and @suhailshaheen1. *See* EXHIBIT F to *Grazioso* COS. Further, on June 6, 2023, the *Grazioso* Plaintiffs sent Twitter messages in Arabic to the Twitter accounts of @Abdullah_azzam7, @IeaOffice, @QaharBalkhi, @Zabehulah_M33,@QyAhmadi21, and @suhailshaheen1. *See* EXHIBIT F to *Grazioso* Service COS. The *Grazioso* Plaintiffs' Twitter messages contained the same notice as was published in *Al-Quds Al-Arabi* newspaper and *The New York Times* newspaper, including the link to the pleadings on-line at www.wigginschilds.com/grazioso. *See* EX. A and B to *Grazioso* COS.

7

Pursuant to the Court's April 21, 2021 *Grazioso* Service Order, service of the *Grazioso* Service Materials on *Grazioso* Defendant the Taliban was then complete.[2]

Defendant Taliban has failed to respond to the Summons, failed to enter an appearance in this Court, failed to file any responsive pleading to the Plaintiffs' Second Amended Complaint, and has not responded in any way to any pleading filed by the Plaintiffs. Defendant Taliban has

---

[2] Although not required by the *Grazioso* Service Order, Plaintiffs' counsel made the following additional efforts to serve the Defendant Taliban. On May 15, 2023, counsel attempted to send three additional packages of the *Grazioso* Service Materials, with cover letters individually translated into Pashto, to three different representatives of the Taliban in Kabul, Afghanistan, via Federal Express International ("FedEx") courier, as follows:
    a. Hibatullah Akhundzada, Supreme Leader of the Taliban, at the Presidential Palace – The Arg, G5GG+5MW, Akber, Kabul, Afghanistan;
    b. Mullah Abdul Ghani Baradar, Deputy Leader of the Taliban, at the Presidential Palace – The Arg, G5GG+5MW, Akber, Kabul, Afghanistan; and,
    c. Mawlawi Amir Khan Muttaqi, Minister of Foreign Affairs, at Ghazian Street - Malek Asghar Square, Kabul, Afghanistan.

*Grazioso* Plaintiffs' counsel did not receive any delivery confirmations for any of these three packages and the FedEx on-line tracking system indicated that the company was "unable to track" these packages.

Further, on May 26, 2023, Plaintiffs' counsel attempted to send an additional package of the *Grazioso* Service Materials, with a cover letter translated into Pashto, via FedEx to the Embassy of Afghanistan in Doha, Qatar. *See* FedEx Transaction Receipt, dated May 26, 2023 at Ex. A to *Grazioso* Plaintiffs' Affidavit in Support of an Application for a Clerk's Certificate of Default, dated November 8, 2023 (*Grazioso* Doc. No. 61) ("*Grazioso* Default Affidavit"). The FedEx on-line tracking system indicated that the package was "Refused by Recipient" in Doha, Qatar on Monday, May 29, 2023 at 9:58. *See* FedEx Tracking Report, dated June 5, 2023, *Grazioso* Default Affidavit, Exhibit A, pp. 3-6. This FedEx package was returned to Plaintiffs' counsel, after obviously having been opened, inside a larger plastic FedEx envelope. *See* redacted photograph of the returned package and larger return envelope. *Id.* at p. 7.

Finally, on June 21, 2023, Plaintiffs' counsel attempted to send an additional package of the *Grazioso* Service Materials, again with a cover letter translated into Pashto, via United States Postal Service ("USPS") registered mail to the Embassy of Afghanistan in Doha, Qatar. *See* photograph of package with USPS postage at Exhibit B to the *Grazioso* Default Affidavit, p. 3; *see also*, USPS Customs Declaration and Dispatch Note and USPS Registered Mail Receipt - Postal Form 3806. *Id.*, p. 2. Counsel for the *Grazioso* Plaintiffs never received any delivery confirmations for this package.

been afforded more than sixty (60) days to file a response, yet it has neither filed nor appeared in that time.

A Certificate of Default was issued by the Clerk of Court, SDNY, as to *Grazioso* Defendant the Taliban on November 8, 2023. *Grazioso* Doc. No. 62; MDL Doc. No. 9425.

### A. ARGUMENT

For reasons explained in the above-referenced letter motion for an evidentiary hearing, the Plaintiffs will seek the admission of evidence demonstrating, to the satisfaction of the court, that the Taliban provided direct and material support, including logistical support to, and safe harboring of, al Qaeda members and leaders, including Osama bin Laden, before and after the 9/11 terrorist attacks, and evidence that Defendant Taliban was a co-conspirator in the 9/11 terrorist attacks. While the evidentiary standard in the FSIA is not necessarily applicable in this case, the Plaintiffs intend to satisfy that standard in order to create a full and robust record to support findings of fact and conclusions of law regarding the Defendant Taliban's legal liability and the Plaintiffs' damages.

Some of the evidence to be introduced would be the same as that presented in *Havlish, et al. v. Bin Laden, et al.* 03-CV-9848 (GBD)(FM), and would also include the sealed testimonies of Witnesses X, Y, and Z in the *Havlish* case, which would remain under seal at this time. For reasons to be detailed in the above-referenced letter motion, the *Grazioso* Plaintiffs will also request leave to file an extensive trial brief that discusses the Taliban evidence, including some sealed evidence pertaining to the Taliban's role in the 9/11 conspiracy.

**I. Plaintiffs with claims against the Taliban under the Anti-Terrorism Act should be awarded damages in this case equivalent to those awarded to themselves and others similarly situated in cases against the Islamic Republic of Iran under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A(c).**

9

All of the *Grazioso* Plaintiffs, except one, have already obtained damages judgments against the Islamic Republic of Iran and certain of its agencies and instrumentalities in other cases in this MDL for Iran's provision of direct and material support to Al Qaeda in connection with the September 11, 2001 terrorist attacks. The exception is James Casazza, who did not join any case in this MDL until *Grazioso*.

The *Grazioso* Plaintiffs' claims here are asserted under the ATA, which provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a). All of the *Grazioso* Plaintiffs are U.S. nationals so injured by reason of the September 11, 2001 terrorist attacks upon the United States.

"[T]he ATA incorporates 'general principles of tort law.' … The basic presumption is that Congress creates federal torts against the background of general tort law…." *See Linde v. Arab Bank, PLC*, 97 F. Supp.3d 287, 336 (E.D.N.Y. 2015). Further, the ATA provides "private parties the right to pursue common tort claims against terrorist organizations and those that provide material support or financing to terrorist organizations." *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 50 (E.D.N.Y. 2007). In fact, when the ATA was initially enacted in 1991, Senator Grassley stated that the ATA "removes the jurisdictional hurdles in the courts confronting victims and it empowers victims with all the weapons available in civil litigation …. The [ATA] accords victims of terrorism the remedies of American tort law." *Litle v. Arab Bank, PLC*, 611 F. Supp.2d 233, 245 (E.D.N.Y. 2009), *quoting* 137 Cong. Rec. S4511 (Apr. 16, 1991) (*emphases omitted*). Thus, "Congress intended that the full range of damages should be

available to persons entitled to bring actions pursuant to § 2333(a)." *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 265 (D.R.I. 2004).

The *Grazioso* Plaintiffs are identified in two exhibits appended to the Fleming Declaration. The *Grazioso* Plaintiffs, except for James Casazza, have previously obtained judgment against Iran and various of its agencies and instrumentalities in *Hoglan*, *Ray*, or *Maher v. Iran,* and now seek entry of judgment awards in identical amounts to be entered against Defendant the Taliban.

**Exhibit A** to the Fleming Declaration is the set of *Grazioso* Plaintiffs that are personal representatives of the estates of individuals killed in the terrorist attacks on September 11, 2001. All members of this set of Plaintiffs have secured prior judgments against the Iran Defendants in this MDL.

**Exhibit B** to the Fleming Declaration is the set of *Grazioso* Plaintiffs that are immediate family members, or, as found by this Court, the functional equivalents of immediate family members, of individuals who were killed in the 9/11 terrorist attacks. As indicated above, all of them, except the above-referenced Plaintiff James Casazza, have secured prior judgments against some or all of the Iran Defendants in this MDL.

**Exhibits A** and **B** each set forth the level of damages previously awarded by this Court in favor of these same Plaintiffs against Iran Defendants, or, in the case of Plaintiff James Casazza, in favor of persons in an identical immediate family relationship to a 9/11 Decedent. As a full sibling of a 9/11 decedent, Plaintiff James Casazza's damages would be the same as all other full siblings of 9/11 decedents in this MDL.

This Court has ruled that 9/11 plaintiffs' default judgments setting their damages against one defendant are properly applied to other defendants, including the Taliban, as to which the

11

plaintiffs also, or later, obtained liability judgments for the September 11, 2001 attacks. *See, e.g.*, MDL Doc. No. 2623 (applying *Havlish* damages assessments against Iran to defaulting non-sovereign defendants, including the Taliban); MDL Doc. Nos. 2502, 2582 (applying Federal Insurance's damage assessment against al Qaeda to Hezbollah) and 7833 (applying Federal Insurance's damage assessment against al Qaeda to the Taliban).

### II.  The *Grazioso* Plaintiffs' ATA claims against Defendant the Taliban mandate treble damages.

The *Grazioso* Plaintiffs assert claims under the ATA, which provides that that successful plaintiffs under the express terms of the ATA "shall recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a). Trebling of the damages award is mandated by the use of the world "shall." *See United States v. Kahn*, 5 F.4th 167, 174 (2d Cir. 2021) ("[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, the *Grazioso* Plaintiffs respectfully request that each of the values awarded for compensatory damages be trebled. A separate column on **Exhibits A** and **B** attached to the Fleming Declaration indicates the final judgment after trebling of the damages values.

### III.  The Court should also award prejudgment interest for claims under the ATA.

This Court has previously ruled that the rate of prejudgment interest of 4.96 percent interest per annum, compounded annually, is appropriate in all cases in this MDL. MDL Doc. No. 3383 at 2, adopting MDL Doc. No. 3358 at 16-20 (discussing the availability of prejudgment interest under federal and New York common law and determining, in the Court's discretion, a prejudgment interest rate of 4.96%). Accordingly, the *Grazioso* Plaintiffs request this Court to order prejudgment interest at 4.96 percent, compounded annually, to be awarded on their non-economic damages running from September 11, 2001 to the date of judgment against the Defendant Taliban.

### B. CONCLUSION

For the foregoing reasons, after the Court's consideration of the evidence to be submitted by the Plaintiffs in or before an evidentiary hearing, the Plaintiffs respectfully request that this Court grant their Motion for Partial Final Default Judgment, enter and Order of Judgment finding the Defendant Taliban liable to all *Grazioso* Plaintiffs for the Taliban's participation in the conspiracy with al Qaeda, the Islamic Republic of Iran, and Iran's agencies and instrumentalities, to commit the September 11, 2001 terrorist attacks upon the United States, including the Taliban's provision of direct and material support to al Qaeda for the 9/11 terrorist attacks, and, further enter Partial Final Default Judgment awarding compensatory damages for all Plaintiffs named, and in the amounts identified, on **Exhibits A** and **B,** and ordering that such awards be trebled under the ATA, 18 U.S.C. § 2333(a).

Plaintiffs further request that the Court order prejudgment interest to be applied to each award of non-economic damages in the amount of 4.96% per annum, compounded annually, from September 11, 2001 through the date of the entry of Partial Final Default Judgment.

The *Grazioso* Plaintiffs further request that the Court permit the Plaintiffs to apply for an award of punitive damages at such future date as the Court may determine, consistent with other cases in this MDL.

Finally, the Grazioso Plaintiffs submit that the Court should expressly determinate that there is no just reason for delay in entering Partial Final Judgment in this case, and that the Court's order should specify that it is entering a final appealable order pursuant to Rule 54(b), Fed. R. Civ. P.

Dated: February 18, 2025

Respectfully submitted,

/s/ *Timothy B. Fleming*_____

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, D.C. 20009-1813
Washington, D.C. 20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
3905 Vincennes Road #303
Indianapolis, IN 46268
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

*Attorneys for all of the* Grazioso *Plaintiffs*

14

and

Robert A. O'Hare Jr. (New York Bar No. 2601359)
Andrew C. Levitt (New York Bar No. 2734465)
O'HARE PARNAGIAN LLP
82 Wall Street, Suite 300
New York, NY  10005
(212) 425-1401

*Co-Counsel for Plaintiffs Harley DiNardo; Harley DiNardo as Personal Representative of the Estate of Esterina DiNardo; Pio DiNardo; Andrew Economos; Andrew Economos and Olga Valinotti as Co-Personal Representatives of the Estate of Leon Economos; Olga Valinotti; Constance Finnicum; George "Gabe" Gabrielle; Mary Ellen Murach; Mary Ellen Murach, as Personal Representative of the Estate of Edward John Murach; Richard J. Murach; and Katharine Tynion*