**WIGGINS CHILDS PANTAZIS FISHER GOLDFARB PLLC**
Advocates & Litigators

A PROFESSIONAL LIMITED LIABILITY COMPANY
2208 18th STREET, N.W., #110· WASHINGTON, D.C.  20009
Direct Dial: 202−467−4489 · Fax: 205−314−0805
Email: TFleming@wigginschilds.com · Web: www.wigginschilds.com

TIMOTHY B. FLEMING
OF COUNSEL

February 18, 2025

The Honorable George B. Daniels
United States District Judge
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 Pearl Street
New York, New York 10007

*VIA ECF*

> Re:  *In Re Terrorist Attacks on September 11, 2001*, 1:03-md-01570 (GBD) (SN)
> *Grazioso, et al. v. the Taliban,* 1:22-cv-01188 (GBD)(SN)
> *Maher, et al. v. World Assembly of Muslim Youth, et al.,* 1:23-cv-02845 (GBD)(SN)
>
> **Request for an Evidentiary Hearing for the Purpose of Submitting Evidence Supporting Motions for Judgment Against Defendant the Taliban**

Dear Judge Daniels:

The Plaintiffs in *Grazioso, et al. v. the Taliban*, have filed a Motion for Partial Final Default Judgment pursuant to Rule 55(b)(2), and two Plaintiffs in *Maher, et. al. v. WAMY* will soon file a similar motion as well.[1]  MDL Doc. No. 10720, *Grazioso* Doc. No. 90.  Related thereto, the *Grazioso* and *Maher* Plaintiffs hereby respectfully request an evidentiary hearing, which may be held for both cases jointly, for the purpose of submitting, in open court, evidence establishing the Taliban's participation in,

---

[1] The *Grazioso* Plaintiffs are comprised of the set of *Hoglan* and *Ray* Plaintiffs plus two of the four members of the Maher family (Estate of the father, spouse, and the two sons), all of whom are Plaintiffs with judgments against Iran in *Maher, et al. v. Islamic Republic of Iran*, 1:20-cv-00266.  Daniel R. Maher and Joseph F. Maher, who are the sons, joined *Grazioso* to bring their claims against the Taliban, while the Estate of the 9/11 decedent and the spouse brought their claims against the Taliban in *Maher, et. al. v. World Assembly of Muslim Youth, et al.,* 1:23-cv-02845.  The two Maher sons are also plaintiffs in *Maher, et al. v. WAMY* with claims against to other defendants, but their claims against the Taliban reside in *Grazioso*.

The Honorable George B. Daniels
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 18, 2025                                                                                                        Page 2

and liability for, the September 11, 2001 terrorist attacks. We propose almost any date from March 10, 2025 onward.

The Motions for Partial Final Default Judgment will be supported by documents, expert reports, declarations and/or affidavits, and testimonial evidence on videotape to be introduced, and further supported by attorney declaration(s) and memoranda of law discussing the evidence and applicable law. The hearings would be for the purpose of formally introducing the supporting evidence in open court and presenting the factual and legal bases for judicial findings and this Court's judgment in these cases.

The *Grazioso* and *Maher* Plaintiffs need this formal step to complete a comprehensive judicial record resulting in partial final default judgments for purposes of judgment recognition and domestication in international fora, and, following that, judgment enforcement and collection proceedings overseas.

The *Grazioso* and *Maher* Plaintiffs recognize that an evidentiary hearing is not required to obtain a partial final default judgment under Rule 55(b)(2) against the Taliban, a non-state terrorist party, in this MDL.[2] Such a judgment, without an evidentiary hearing, would generally be enforceable in the United States. However, the *Grazioso* and *Maher* Plaintiffs anticipate domestication and enforcement of their judgments overseas and pursuit of judgment collection against Taliban assets located outside the United States. Experience of counsel, who also represent the judgment holders in *Havlish, et al. v. bid*

---

[2] *See*, *e.g.*, MDL Doc. 9858 (Order granting Partial Final Judgment against the Taliban for the *Ashton-Dickey* Plaintiffs); MDL Doc. 10265 (Order granting Partial Final Judgment against the Taliban for the *Burnett* Plaintiffs); MDL Doc. No. 10468 (Order granting Partial Final Judgment against the Taliban for the *Bauer II* Plaintiffs).

The Honorable George B. Daniels
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 18, 2025                                                                                                          Page 3

*Laden, et al.* 03-CV-9848 (GBD)(FM), and *Hoglan, et al. v. Iran, et al.*, 11-cv-07550 (GBD)(SN), both in this MDL and in litigation abroad, has shown that pursuit of judgment domestication, enforcement, and collection either requires or is greatly assisted by a full judicial record in the U.S. District Court, including an evidentiary hearing in open court with formal introduction and admission of evidence, formal findings of fact and conclusions of law, and a final judgment that is based on such a complete record. An evidentiary hearing is clearly authorized under Rule 55(b)(2), which provides, "the court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The *Grazioso* and *Maher* Plaintiffs submit that subpart (D) may be applied here.

Accordingly, the *Grazioso* and *Maher* Plaintiffs seek a public hearing to develop an evidentiary record in both cases, rather than the Court adopting or citing the *Havlish* and *Hoglan* evidence summarily, as has been previously done in all other cases in this MDL. *See*, *e.g.*, *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903, Order of Partial Final Default Judgments, MDL Doc. No. 3443 (January 31, 2017); *Ashton et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977, Order of Judgment, MDL Doc. No. 3008 (August 31, 2015). However, the *Grazioso* and *Maher* hearings may be held simultaneously and jointly, for the sake of judicial efficiency.

In such a joint hearing, the *Grazioso* and *Maher* Plaintiffs would demonstrate by admissible evidence the Taliban's involvement in the Iran-al Qaeda-Hezbollah conspiracy to commit the 9/11 attacks, that the Taliban, acting in concert with Iran and Hezbollah, gave direct and material support to al Qaeda before and after the 9/11 attacks, and that the Taliban is, therefore, factually responsible and

legally liable to the *Grazioso* and *Maher* Plaintiffs for the damages they suffered as a result of the September 11, 2001 terrorist attacks.

The *Grazioso* Plaintiffs' Motion For Partial Final Default Judgment, already filed, and the *Maher, et al. v. WAMY* Plaintiffs' similar motion, soon to be filed, would be the subject of the evidentiary hearing. In both cases, after service upon the Defendant Taliban was made, the Taliban neither answered the complaints nor otherwise responded or appeared. The *Grazioso* Plaintiffs secured a default against Defendant Taliban in 2023. MDL Doc. No. 9425; *Grazioso* Doc. No. 62 (November 8, 2023). The two *Maher* Plaintiffs, who were formerly in the *Ashton* case, obtained their default through *Ashton*. *See Ashton*, MDL Doc. Nos. 1782 *et seq.* (April 28, 2006), 1797 (May 12, 2006), *Ashton* Doc. Nos. 524 *et seq.,* 528. Thus, both *Grazioso* and *Maher* are ripe for adjudication on the merits.

The evidence to be presented at such a joint evidentiary hearing would include all of the Plaintiffs' liability and damages evidence previously admitted in *Havlish, supra,* and *Hoglan, et al. v. Iran, supra,* in connection with the default judgments entered in those cases against, *inter alia*, the Islamic Republic of Iran, and the damages evidence previously admitted in *Ray, et al. v. Iran*, 19-cv-00012-GBD-SN (see 03-mdl-1570 at ECF No. 10348), and in *Maher, et al. v. Iran*, 20-cv-00266-GBD-SN, see 03-mdl-1570 at ECF 5913). The *Havlish* evidence, which largely addresses the 9/11 conspiracy as it involved Iran and Hezbollah in concert with al Qaeda, would be again presented in court, in an efficient manner, along with evidence of Iran-Taliban linkages not previously emphasized. The evidence will also include substantial additional liability evidence directly related to the Taliban's role. Plaintiffs estimate the time needed for the hearing to be approximately four hours.

The Honorable George B. Daniels
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 18, 2025                                                                                                                       Page 5

Unless the Court orders otherwise, the Plaintiffs would, in advance of a joint evidentiary hearing, lodge with the Court most or all of the liability evidence, including the Taliban evidence as well as the same liability and damages evidence filed under seal in *Havlish* and *Hoglan*, in a manner similar to the procedure utilized in *Havlish* and *Hoglan*, or as the Court directs. (Because the Court already received its own copy of the *Havlish* evidence, we request direction regarding whether a full re-lodging of that evidence with chambers is desired, or whether only new evidence should be lodged.) Such lodging would permit the Court an opportunity to view the Taliban evidence, as well as to review the *Havlish* and *Hoglan* evidence, in advance of the hearing. The damages evidence for all *Grazioso* Plaintiffs that are 9/11 Decedent Estates could also be included, but if the Court directs that this is not necessary, it would only be filed under seal for the record. (Because all *Grazioso* Plaintiffs that are 9/11 Decedent Estates were also plaintiffs in *Hoglan*, *Ray*, or *Maher v. Iran*, their damages evidence would be identical to their evidence previously submitted in those cases; no new damages evidence is anticipated.)

The *Grazioso* and *Maher v. WAMY* Plaintiffs also would submit, again, in advance of the evidentiary hearing, proposed findings of fact and conclusions of law regarding both liability and damages, as well draft forms of partial final default judgment orders, as the Court directs.

Further, the *Grazioso* and *Maher* Plaintiffs request leave to file a trial brief that exceeds the Court's general page limitation. This brief would incorporate by reference discussion of the publicly filed and sealed memoranda, with appendices, that were filed in *Havlish* (and that will be filed as exhibits to the *Grazioso* and *Maher* Memoranda of Law). A principal focus of the trial brief will be on the role of the Taliban and its direct and material assistance to al Qaeda as well as its cooperation with Iran. Again, re-filing of the full briefs addressing Iran and the other Iranian defendants, including

The Honorable George B. Daniels
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
February 18, 2025                                                                                                          Page 6

arguments already submitted in *Havlish* and *Hoglan,* is needed in order to create in *Grazioso* and *Maher* a full judicial record for purposes of international judgment domestication and enforcement. Accordingly, although the new material may not exceed the Court's limitations on the length of briefs, the need to include material from prior memoranda may cause the trial brief to exceed those limitations. These briefs are somewhat out of the ordinary and, for the same reasons as in *Havlish*, require more pages to set forth the September 11, 2001 terrorist conspiracy. Thus, Plaintiffs request leave, in both *Grazioso* and *Maher*, to file a trial brief that, with its incorporated exhibits, exceeds the usual page limits, and are projected to be similar in size and scope to the *Havlish* briefs. However, we will draw the Court's attention to new material.

Filed herewith is a proposed form of order that the Court may wish to use to set a hearing and to address the following matters, should the Court grant this letter motion:

1. Setting a date for the requested joint evidentiary hearing on the *Grazioso* and *Maher* Plaintiffs' Motions for Partial Final Default Judgment against the Taliban;

2. Authorizing the *Grazioso* and *Maher* Plaintiffs to lodge with the Court, the evidence to be introduced at a joint evidentiary hearing, some publicly and some under seal, by a date as the Court may direct, and to do so:

    a. For the evidence to be sealed, by hand-delivery to the SDNY Sealed Records Department on multiple CD-ROMs, and

    b. For both the sealed and public evidence, or any subsets thereof (given that the Court already has the *Havlish* evidence), to Your Honor's chambers on paper, CD-ROMs, USB device, or by any other medium and by any method as the Court may direct.

3. Authorizing the *Grazioso* and *Maher* Plaintiffs to file in their respective cases in this MDL, in advance of an evidentiary hearing by a date, as the Court may direct, Proposed Findings Of Fact and Conclusions Of Law.

4. Authorizing the *Grazioso* and *Maher* Plaintiffs to file in each case a Memorandum of Law / Trial Brief, to be filed on or before a date as the Court may direct, that exceeds the Court's usual maximum page-limit restriction and includes exhibits that comprise the public and sealed briefs filed in *Havlish*.

We thank the Court for its consideration of the requests made in this letter motion.

                                          Respectfully,

                                          Timothy B. Fleming
                                          WIGGINS CHILDS PANTAZIS FISHER
                                           GOLDFARB, PLLC
                                          2208 18th Street, NW, #110
                                          Washington, D.C.  20009
                                          (202) 467-4489

                                          *Counsel to the Grazioso and Maher Plaintiffs*