# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (212) 745-1157  Fax: (917) 591-5980
john@johnschutty.com

February 27, 2025                                                                                    **Via ECF**

Honorable George B. Daniels
United States District Court Judge
Southern District of New York

      Re:    *In re Terrorist Attacks on September 11, 2001*
              MDL No. 03-MDL-1570 (GBD) (SN)
              <u>*Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)</u>

Your Honor:

I represent the Personal Representatives (all widows) and children of sixteen decedents killed in the World Trade Center on September 11, 2001.

On behalf of my clients, I have objected to this Court's refusal to enter final Judgments against two defendants-in-default (the Islamic Republic of Iran and the Taliban).  On November 7, 2024, my office filed Fed. R. Civ. P. 72 "Objections" (ECF##10516 and 10517) to an Order (ECF#10470) issued by Magistrate Judge Netburn refusing to undertake the issue of final Judgments.  Your Honor has yet to rule on the "Objections."

Recently, certain other plaintiffs, *Grazioso, et al. v. the Taliban*, 1:22-cv-01188 (GBD)(SN) and *Maher, et al. v. World Assembly of Muslim Youth, et al.*, 1:23-cv-02845 (GBD)(SN), filed a motion (ECF##10720, 10721 and 10723) and letter (ECF#10725) requesting an evidentiary hearing and final Judgments against the Taliban.  These plaintiffs claim that they "need this formal step to complete a comprehensive judicial record resulting in partial final default judgments for purposes of judgment recognition and domestication in international fora, and, following that, judgment enforcement and collection proceedings overseas."  ECF#10725 at 2.  I submit, in response, that *all* plaintiffs with partial default judgments against the Taliban need this relief, concurrently, to satisfy *coordinated* multidistrict litigation procedures.  No one subset of plaintiffs should be granted relief ahead of all other plaintiffs.  The Plaintiffs' Executive Committees should be working together with all plaintiffs to ensure such a just result.

In this respect, I write to Your Honor to implore you to place all 9/11 plaintiffs with claims against Iran and the Taliban on the same footing, which is not the case as this letter is filed.

This Court has awarded punitive damages (and a final Judgment) against Iran *for a limited, subset of plaintiffs.  See Havlish, et al. v. Bin Laden, et al.* (ECF #2618 – Report & Recommendation of M.J. Maas Awarding Punitive Damages Against Iran, and ECF

Letter to the Honorable George P. Daniels
February 27, 2025, Page 2

#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Punitive Damages to *Havlish* Plaintiffs Against Iran].").[1] Magistrate Judge Maas explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF #2618 at 13 (quoting *Estate of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damage on each compensatory damage category at a ratio of 3.44 (punitive) to 1 (compensatory) against Iran. ECF #2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See, e.g.*, ECF #3175 at 3 and footnote 1 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier to *Ashton* plaintiffs' decedents' conscious pain and suffering with leave granted "to move in the future to recover any additional damages to which they may be entitled"); ECF #3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 punitive damages multiplier); ECF #3300 at 1 (Judge Daniels applying 3.44 punitive multiplier to compensatory damages).

---

[1] Your Honor may recall that the Law Office of John F. Schutty, P.C. sought leave to file a Fed. R. Civ. P. 60(b) motion to vacate the wrongful death default judgment obtained by the *Havlish* plaintiffs – on the ground that this default judgment was rendered without regard to the actual scheme of liability pled by those plaintiffs (common law, and not the FSIA). For the convenience of the Court, reference is made to my prior letter to the Court on this subject (Case 1:03-cv-09848-GBD-SN, Document 615 Filed 04/20/22). In claiming damages against ALL the defendants-in-default, the *Havlish* Plaintiffs relied exclusively on the FSIA – "Damages available under the FSIA-created cause of action include 'economic damages, solatium, pain and suffering, and punitive damages'" – even though the FSIA clearly does not provide a cause of action in favor of the *Havlish* Plaintiffs against the Taliban. *Havlish* Plaintiffs' Damages Inquest Memorandum (ECF#301 Filed February 14, 2012) at 5. At an April 26, 2022 hearing, Judge Netburn stated on this subject: "I'll just note that I've received your letter application. I haven't acted on it. We will shortly." April 26, 2022 Transcript at 34. No action has yet to be taken on this subject. At this same hearing, Your Honor expressly recognized: "I can guarantee you that we will give you a full opportunity to be heard, as we have given you a full opportunity to be heard, on these issues – the issues of the availability of funds, and who is entitled to some of the funds and what would be the best way to distribute available funds . . . So be assured that any concerns that you have about certain issues, the appropriate way to address them is to bring them to the attention of this Court and to the other side – anyone who disagrees with your position – be able to weigh in in this proceeding, in this MDL proceeding . . . you will all be heard." April 26, 2022 Transcript at 37-38. Vacating the defective *Havlish* default judgment would have the beneficial effect of placing all viable wrongful death claims against Iran "on equal footing." In drafting the Anti-Terrorism Act ("ATA"), it is noteworthy that the Treasury and State Departments expressed concern about a few ATA claimants racing to the courthouse ahead of other worthy claimants: "We are also deeply concerned that the proposed legislation would frustrate equity among U.S. nationals with claims against terrorism-list states. It would create a winner-take-all race to the courthouse, arbitrarily permitting recovery for the first, or first few, claimants from limited available assets, leaving other similarly-situated claimants with no recovery at all. In fact, it would take away assets potentially available to them." H. Rept. 106-733 - JUSTICE FOR VICTIMS OF TERRORISM ACT 106th Congress (1999-2000), Agency Views, Item 3.

Letter to the Honorable George P. Daniels
February 27, 2025, Page 3

This Court also has awarded treble damages (and a final Judgment) *for a subset of insurance companies* in *Federal Insurance v. al Qaeda*. This Court determined that treble damages (and attorneys' fees) should be awarded against the Taliban under the Anti-Terrorism Act: "the Court recommends . . . awarding treble damages [against the Taliban] as provided under § 2333 [of the Anti-Terrorism Act]." *See* Amended Report and Recommendation of M.J. Netburn Awarding Treble Damages and a Final Judgment Against the Taliban and in favor of the *Federal Insurance* Plaintiffs, ECF #8929 at 13-14.

On June 19, 2024, my office served a motion seeking awards of punitive damages and prejudgment interest, along with a request for final Judgments, against Iran on behalf of ten of the families my office represents. *See* ECF #9949. On September 12, 2024, my office served a motion seeking awards of treble damages (in lieu of punitive damages) and prejudgment interest, along with final Judgments, against the Taliban on behalf of ten of the families my office represents. *See* ECF #10057. Nevertheless, Magistrate Judge Netburn denied my clients' application for punitive damages and final Judgments against Iran and, while she awarded my clients treble damages against the Taliban, she inexplicably denied my clients' application for final Judgments against the Taliban. *See* ECF #10350.

In short, small subsets of plaintiffs have been awarded punitive damages, treble damages and final Judgments against Iran and the Taliban, while all other plaintiffs in this MDL proceeding have been denied such relief. Now the *Grazioso* and *Maher* plaintiffs seek an evidentiary hearing and final Judgment against the Taliban *solely on their own behalf*.

It is time to end the litigation against the defendants-in-default, Iran and the Taliban. There are no remaining issues of law and fact to be resolved as to these parties and all plaintiffs are entitled to the relief previously granted to a select few plaintiffs. I note that new plaintiffs continue to be added to this litigation every day (*e.g.*, ECF#10744 et seq.), requiring further action by this Court every day. Would it not be better to award punitive damages or treble damages, plus prejudgment (issues previously resolved against Iran and the Taliban), and issue final Judgments to existing plaintiffs, while simultaneously severing the claims against these defendants-in-default to bring finality to these claims? *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may, at any time, on just terms, add or drop a party. The court may also sever any claim against any party."). This litigation will otherwise remain open *forever* as against the defendants-in-default. The district courts have broad discretion under Rule 21 to decide whether to sever any party from the action. *See Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court."). In the interest of justice and to fairly award final Judgments against Iran and the Taliban to all plaintiffs in this multidistrict litigation, I ask the Court to consider the above in resolving the "Objections" (ECF##10516 and 10517) now before the Court.

Sincerely yours,

*John F. Schutty*