UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)

JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1746, hereby states under penalty of perjury that:

1. I am an attorney representing the *Ashton* plaintiffs ("*Ashton*") in the above-captioned litigation. I submit this declaration in support of the revised motion for final judgment on behalf of the estate of an individual severely injured on September 11, 2001 (the "*Ashton 27 (revised)* Plaintiff"), as well as for permission to allow that plaintiff to move for economic or punitive damages at a later time and for any remaining *Ashton* plaintiffs to move for the same or similar relief in separate stages. This motion seeks the following relief:

   a. awarding the Estate of the 9/11 victim identified on Exhibit B, through his duly-appointed personal representative, an award for pain and suffering damages, which will constitute a final judgment in the amounts set forth on Exhibit B;

   b. awarding the Plaintiff identified on Exhibit B pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

   c. granting the Plaintiff identified in Exhibit B permission to seek punitive damages, economic damages and any other appropriate damages at a later date;

   d. determining that service of process was properly effected upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants; and,

   e. granting permission for all other *Ashton* plaintiffs not appearing on Exhibit B to submit applications for damages awards in later stages, to the extent such

awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

   b. The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

   c. The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

   d. The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order

   e. The Court's Order dated February 6, 2025 (ECF 10708, 10727; *see also* ECF 10714) denying this plaintiff's motion for damages without prejudice to file.

<u>Due Diligence</u>:

3. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 20 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly from the 9/11 victim listed in Exhibit B and his family members; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Based on our review of the above, it is my belief that the 9/11 victim listed in

Exhibit B suffered physical, emotional and psychological injuries on September 11, 2001 in the terrorist attacks and that he is now deceased. My law firm has been retained by the representative of the estate of the 9/11 victim listed in Exhibit B to represent that estate. Before filing this motion, I have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) and (2) personally verified that, based on review by myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, the plaintiff in the proposed order has no prior judgment against Iran.

5. For the 9/11 victim listed in Exhibit B, I or other representatives of Kreindler & Kreindler have confirmed that at the time of his death he was a United States national, based, in this case, on his naturalization certificate, which granted him citizenship status in April 2006. *See* Exhibit C hereto, Declaration of Zofia Cieslik, at ¶ 4 and p. 8 (Andrzej Cieslik Naturalization Certificate.) I likewise have confirmed that the personal representative of his estate, Zofia Cieslik, is a United States citizen and was such on the date of the September 11, 2001 terrorist attacks. *See* Exh. C, Declaration of Zofia Cieslik at ¶ 1 and p. 7 (Zofia Cieslik Naturalization Certificate.)

6. Additionally, we have obtained records from Mr. Cieslik's various medical providers, true and accurate copies of which are attached as Exhibit D. We also have confirmed that the surviving widow of Andrzej Cieslik, Zofia Cieslik, has now been formally appointed the representative of his estate. True and accurate copies of the estate appointment is attached hereto as Exhibit E.

7. We moved to have Zofia Cieslik as the Personal Representative of the Estate of Andrzej Cieslik substituted as the named plaintiff for her late husband's claims and this Court

granted that application. ECF 9868-69; ECF 9897.

## Compensatory Damages Claims

8.  Exhibit B sets forth the compensatory damages amount this Court established for injuries sustained in the September 11, 2001 Terrorist Attacks that are deemed "severe."

9.  Andrzej Cieslik's widow Zofia Cieslik and the medical records documented the grueling and disabling physical, emotional and psychological injuries her husband suffered on September 11, 2001, when he was working at the World Trade Center and suffered traumatic impact within the site shortly following the hijacked aircraft colliding with the building. *See* Exh. C, Zofia Cieslik Declaration; and Exh. D, medical records.

10. We have provided a copy of Exhibit B to be checked against the default judgment master list and have verified that that neither Andrzej Cieslik nor his estate has recovered damages previously nor do they have any other pending motion before this Court for economic damages against Iran arising out of the September 11, 2001 terrorist attacks.

## Conclusion

11. For all of the reasons set forth in this declaration and the *Ashton 27* Plaintiff's (revised) Motion for Final Judgment, I respectfully request that this Court grant the proposed order filed herewith.

Dated: February 28, 2025
       New York, NY

                                          /s/ James P. Kreindler
                                          James P. Kreindler