

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com

**Paul D. Sarkozi**
Direct Dial: (212) 508-7524
E-mail: Sarkozi@thsh.com

March 10, 2025

**VIA ECF**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 219
New York, NY 10007

    Re:    Response to March 5, 2025, Opinion & Order in 03-MD-01570 (GBD)(SN), Dkt. # 10762

Dear Judge Netburn:

    We are New York counsel to non-party Baker Tilly in the action, *In re: Terrorist Attacks on September 11, 2001* (03-MD-01570 (GBD)(SN)). We write in response to the Court's March 5, 2025, Opinion & Order directing Baker Tilly to either (a) file the letter and attachment that Baker Tilly filed *ex parte* on December 23, 2024 (the "Letters") on the public docket, or (b) explain why "higher values" justify the Letters' continued sealing. In accordance with Your Honor's Opinion & Order, we respectfully e-file the Letters to the public docket and attach them to this correspondence.

    We thank the Court for its attention to this matter.

Respectfully submitted,

*Paul D. Sarkozi*

Paul D. Sarkozi

cc: All counsel via ECF

Attachment



900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com

**Carl F. Regelmann**
Direct Dial: (212) 508-6776
E-mail: Regelmann@thsh.com

December 23, 2024

**FILED UNDER SEAL, EX PARTE**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 219
New York, NY 10007

Re:   Response to December 18, 2024, Order in 03-MD-01570 (GBD)(SN), Dkt. #10635.

Dear Judge Netburn:

We are New York counsel to non-party Baker Tilly in the action, *In re: Terrorist Attacks on September 11, 2001* (03-MD-01570 (GBD)(SN)). We write in response to the Court's December 18, 2024 order directing Baker Tilly to file its internal investigation report under seal and *ex parte* no later than Monday, December 23, 2024.

Attached to this correspondence is a letter from the law firm Godfrey & Kahn which conducted the Baker Tilly investigation at issue. In the attached correspondence, Godfrey & Kahn indicates that it did not prepare a formal memorandum or report of its investigation and describes its investigative process.

We thank the Court for its attention to this matter.

Sincerely,

Carl F. Regelmann

Attachment



**833 EAST MICHIGAN STREET, SUITE 1800**
**MILWAUKEE, WISCONSIN 53202-5615**

TEL·414.273.3500   FAX·414.273.5198

WWW·GKLAW.COM

December 23, 2024

**FILED UNDER SEAL, EX PARTE**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 219
New York, NY 10007

      RE: Response to December 18, 2024, Order in 03-MD-01570 (GBD)(SN), Dkt. #10635.

Dear Judge Netburn:

      We write on behalf of non-party Baker Tilly, in response to the Court's December 18, 2024, order directing Baker Tilly to file its internal investigation report under seal and *ex parte* no later than Monday, December 23, 2024. Baker Tilly received notice of the Court's order on December 19, 2024, via email from Arnold & Porter, which appeared in the case on behalf of World Assembly of Muslim Youth ("WAMY"). As a non-party, Baker Tilly does not receive ECF notices.

      As this Court knows from Arnold & Porter's November 12, 2024, submission on behalf of WAMY, Baker Tilly retained Godfrey & Kahn to assist with an investigation of allegations made in an undated anonymous letter filed with the Court on October 9, 2024 (Dkt. 10416-1) (the "Letter"). Baker Tilly cooperated with Arnold & Porter, investigated the allegations contained in the Letter, and reported its findings primarily through multiple phone and video conferences with Arnold & Porter. Arnold & Porter incorporated Baker Tilly's investigative results in its November 12, 2024, letter to the Court. Godfrey & Kahn did not prepare a formal memorandum or report of its investigation.

      Notwithstanding the foregoing, and in the interest of cooperation with the Court, what follows is a description of Godfrey & Kahn's investigative process. This letter is not intended to waive Baker Tilly's attorney-client privilege or work product protections that apply to the communications, interviews and other attorney work product referenced here or otherwise related to the information referenced here.

**FILED UNDER SEAL, EX PARTE**

Between October 18 and November 7, 2024, Godfrey & Kahn conducted interviews, reviewed records, and engaged in discussions with counsel for WAMY, including Arnold & Porter, Omar Mohammedi and Frederick Goetz related to the allegations set forth in the Letter.

**Witness Interviews:**

- Godfrey & Kahn attorneys Daniel Flaherty and Daniel Blinka interviewed former Baker Tilly partner Jonathan Marks on October 24, 26, and 29 and had a number of follow up discussions with him about the WAMY engagement and the allegations made in the Letter.

- Daniel Flaherty interviewed John Scaccia, a Baker Tilly employee based in Dubai. Mr. Scaccia had the most hours billed to the WAMY engagement of any Baker Tilly employee and, accordingly, had an understanding of the records relied upon by Baker Tilly and Mr. Marks as well as the work done to prepare Mr. Marks' expert report.

- Daniel Flaherty interviewed Fred Massanova who, at the time of the WAMY engagement, was the Managing Partner of Baker Tilly's Philadelphia office.

- Daniel Flaherty interviewed a Baker Tilly human resources representative and reviewed documents related to Baker Tilly's billing and timekeeping records.

- Daniel Flaherty interviewed Omar Mohammedi and Frederick Goetz, WAMY's counsel, regarding the allegations of the Letter, including conduct during Mr. Marks' deposition.

- Daniel Flaherty and Daniel Blinka attempted to interview Andy Guzman along with Arnold & Porter. Ultimately, Arnold & Porter interviewed Mr. Guzman without Baker Tilly's involvement.

- Godfrey & Kahn made efforts to arrange for Steven Goldberg's interview. Mr. Goldberg, however, never returned any messages or invitations to discuss the Letter.

**Deposition Transcript and Motions filed in the underlying lawsuit:**

- Godfrey & Kahn reviewed Mr. Marks' deposition transcript and the video of his deposition.

- Godfrey & Kahn further reviewed Daubert motions and supporting documents filed in the underlying case in order to understand the nature of Plaintiffs' purported concerns about the testimony and opinion.

**Record Evidence:**

- Godfrey & Kahn reviewed Baker Tilly records associated with the WAMY engagement.

**FILED UNDER SEAL, EX PARTE**

- Godfrey & Kahn confirmed that Baker Tilly did not obtain anything other than discovery documents in the underlying lawsuit to inform the expert report.

**Billing Records:**

- Godfrey & Kahn reviewed Baker Tilly billing records and discussed those records with counsel for WAMY.

**Employee files:**

- Godfrey & Kahn reviewed selected Baker Tilly personnel files.

The following summarizes Godfrey & Kahn's conclusions, which were discussed at length and on multiple occasions with Arnold & Porter before Arnold & Porter filed its November 12, 2024, letter with the Court.

**Mr. Marks' Deposition and Qualifications:**

First, through interviews of Mr. Marks, Godfrey & Kahn determined that five people attended Mr. Marks' deposition: Mr. Marks, Mr. Guzman, Mr. Goldberg (each of whom was a Baker Tilly employee), and two counsel for WAMY, Frederick Goetz and Omar Mohammedi. Our review of the deposition transcript confirmed that no one, neither counsel nor the court reporter, asked for a list of individuals in the room. There is no evidence that Baker Tilly intended to conceal the fact that Mr. Goldberg and Mr. Guzman were present. Both Mr. Goldberg and Mr. Guzman worked on the WAMY engagement.

Second, the video of Mr. Marks' deposition offers the best evidence that he was not coached during his deposition. Mr. Marks described that Messrs. Goldman and Guzman sat across from him at a long conference room table during the entirely of the deposition. Marks was flanked by WAMY's lawyers. Marks had two large computer monitors (one for the video of counsel taking his deposition from a remote location and one for documents) directly in front of him. Thus, his view of Messrs. Guzman and Goldberg was obstructed. Messrs. Guzman and Goldberg were invited to attend the deposition because, again, they had worked on the matter, including time spent preparing Mr. Marks for his testimony. Mr. Marks also believed attending the deposition presented a good learning opportunity for Messrs. Goldberg and Guzman.

Third, Mr. Marks' qualifications were the subject of his deposition testimony and were further challenged in Plaintiffs' *Daubert* motion. The Court ultimately rejected Plaintiffs' *Daubert* challenge.

Fourth, at the time of Mr. Marks' deposition, July 22, 2021, Fred Massanova was Baker Tilly's Philadelphia Office Managing Partner. During his interview, Mr. Massanova stated he was not physically in the Philadelphia office on July 22, 2021. Regardless of the date, Mr. Massanova

3

**FILED UNDER SEAL, EX PARTE**

had no recollection of ever coming to a conference room where Mr. Marks was being deposed "to see what the yelling was about."

Finally, the allegation that Baker Tilly used employees with little or no forensic experience is patently false, and has already been addressed in a *Daubert* motion to this court.

**Allegations of buried evidence:**

For obvious reasons, Godfrey & Kahn viewed this as the most serious and important allegation in the Letter. Godfrey & Kahn found no evidentiary support for the allegation. No witness had any knowledge of efforts to bury evidence. There are no written complaints within Baker Tilly's files related to alleged burying of evidence. Frankly, Baker Tilly possessed no evidence to bury, as the only evidence received and considered as part of the WAMY engagement was the discovery materials produced in the case.

We reviewed the contents of all files within Baker Tilly's possession related to the WAMY engagement and confirmed that Baker Tilly only possesses documents from discovery in the lawsuit – that is, documents possessed by all parties to the case. Baker Tilly did not conduct any independent investigation of the underlying allegations in the litigation.

**Allegations about billing issues**:

Allegations of certain billing issues were raised by Plaintiffs' counsel during Mr. Marks' deposition and were asserted as an argument in Plaintiffs' *Daubert* challenge. Mr. Marks was involved with the WAMY engagement from nearly the beginning of the engagement. While he did not originate the matter, he was assigned to it shortly thereafter. His hours are consistent with those of a leader of a team of multiple accountants who reviewed and analyzed the discovery documents in the lawsuit. His work included reviewing other expert reports, multiple conferences with counsel for WAMY, strategizing and forming an opinion, writing an opinion, preparing for a deposition, and providing deposition testimony.

Our investigation did reveal that there were internal concerns raised at Baker Tilly regarding Mr. Marks' billing practices, generally, and that Baker Tilly resolved those concerns internally. Godfrey & Kahn did not otherwise uncover evidence that any concern regarding billing practices impacted the substance of Mr. Marks' expert report or his deposition testimony.

Baker Tilly did refund certain fees to WAMY, and Mr. Marks had a number of discussions with WAMY's counsel about Baker Tilly's bills. The larger refunds had nothing to do with "poor" or deficient work product. Rather, Baker Tilly agreed that WAMY should not pay for the work of two employees who departed because their work would need to be duplicated by Baker Tilly employees who replaced them on the matter. WAMY otherwise paid Baker Tilly's invoices. There are no disputes between WAMY and Baker Tilly about the amounts billed for Baker Tilly's services.

**FILED UNDER SEAL, EX PARTE**

      Though Baker Tilly is not a party to this lawsuit, it appreciates this Court's attention to concerns raised in the Letter. Godfrey & Kahn's investigation revealed no credible evidence supporting allegations that Baker Tilly buried evidence or that Mr. Marks was coached during his deposition. Godfrey & Kahn did not unearth evidence supporting allegations that Mr. Marks or his team lacked the qualifications necessary to render Mr. Mark's opinion or that Mr. Mark did not spend sufficient time on the engagement. The Court addressed those same issues through Plaintiffs' *Daubert* challenge.

      Very truly yours,

      GODFREY & KAHN, S.C.

      *s/Daniel T. Flaherty*

      Daniel T. Flaherty

32300753.3