IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____  )
                                     )
IN RE: TERRORIST ATTACKS ON          )   Civil Action No. 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                   )   ECF Case
_____  )

This document relates to: *All Actions*


**REPLY BRIEF OF THE KINGDOM OF SAUDI ARABIA IN SUPPORT OF ITS
RULE 72(a) OBJECTIONS TO THE COURT'S DECEMBER 11, 2024 ORDER**

Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

Saudi Arabia has shown that Judge Netburn clearly erred in precluding Marc Sageman from rebutting the opinions of Plaintiffs' expert Bassam Youssef on (1) communications tradecraft and (2) the analysis of phone records. Plaintiffs' opposition fails to rebut Saudi Arabia's arguments, *see* ECF No. 10750, and Judge Netburn's order denying Saudi Arabia's partial reconsideration motion confirms her error, *see* ECF No. 10694 ("Reconsideration Order").

## ARGUMENT

1.      After having correctly found Sageman "qualified to testify about communications tradecraft based on his training as a CIA officer," Reconsideration Order at 2-3, Judge Netburn clearly erred by precluding Sageman from testifying about the specific, reliable opinions he reached on the basis of that experience – without analyzing the reliability of any one of them. *See* ECF No. 10691, at 1-2 ("Objs.") (summarizing Sageman's tradecraft opinions). Plaintiffs try to paper over this clear error (at 2) by quoting the rationale Judge Netburn gave for not considering the reliability of each opinion on its own: that Sageman's "entire testimony" was "too infected" to survive. That concession is fatal. Judge Netburn concededly "did not specifically emphasize Sageman's tradecraft opinions," yet defends their exclusion after the fact on the basis that certain of Sageman's statements "assum[e] the role of an advocate." Reconsideration Order at 3-4 (cleaned up); *see EEOC v. Morgan Stanley & Co.*, 2004 WL 1542264, at *2 (S.D.N.Y. July 8, 2004) (Magistrate Judge's recommended exclusion of expert testimony was "over broad and would lead to the exclusion of relevant and reliable evidence") (cited at pp. 2-3 of Objs.)

None of Sageman's three statements quoted by Judge Netburn shows that his tradecraft opinions are unreliable. *See* Reconsideration Order at 4. True, Sageman criticized Youssef for not having "background or training in clandestine tradecraft [reflected in his CV], despite all his

1

boasts of being an expert on it"; charged Youssef for making inappropriate "appeals to his authority based on his alleged expertise"; and "invite[d] Youssef to read the Manchester Manual attributed to [al Qaeda]." *See id.* at 4 (last alteration in original). Even if those criticisms of Youssef were unnecessary, they do nothing to undermine the reliability of Sageman's tradecraft *opinions* – for example, that it would have been inconsistent with clandestine tradecraft for Fahad Al Thumairy and Omar Al Bayoumi to contact each other using phones registered in their own names. Plaintiffs have not shown, and Judge Netburn has not found, otherwise. The Court should correct this clear error. *See In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 665-66 (2d Cir. 2016) (holding that the district court "went astray when it excluded all of [expert's] testimony" where only "one small part" was unreliable, and emphasizing that, "when the unreliable portion of an opinion can easily be distinguished from testimony that could help the jury, it may be an abuse of discretion to throw the good out with the bad").

**2.** Judge Netburn clearly erred in precluding Sageman's rebuttal of Youssef's phone-records analysis. *See* Objs. 2-3. In her Reconsideration Order, Judge Netburn recognized (at 5-6) that both experts testified that they based their analyses on classified information. She qualified Youssef but not Sageman because she erroneously found that Saudi Arabia did not provide a "similar supplemental basis" apart from the deposition testimony to demonstrate its expert's experience. *See* Reconsideration Order at 5-6.

As set forth in Saudi Arabia's Objections (at 2-3), this ignores (among other things) the extensive description in Columbia Journalism School dean's peer-reviewed book *Directorate S* of Sageman's experience investigating Afghani soldiers' murders of U.S. and European troops in Afghanistan in the early 2010s using "[t]elephone intercepts tracing," "phone intercepts," and "communication intercept evidence," as well as "Taliban intercept records." Plaintiffs complain (at 6) that this experience was not set forth in Sageman's report, but Judge Netburn correctly

2

recognized that she could look to "supplemental" bases of an expert's qualifications. *See* Reconsideration Order at 5-6; *see also* ECF No. 10662, at 4-5 & n.5 (collecting authorities recognizing that courts must look at the "totality" of an expert's qualifications).[*]  Judge Netburn's error was failing to consider the supplemental evidence Saudi Arabia set forth; the Reconsideration Order makes no mention of *Directorate S* or the other public material Saudi Arabia cited.  *See* Reconsideration Order at 3-4, 6.

## CONCLUSION

The Court should modify and set aside the portions of the Order excluding Sageman's opinions on (1) tradecraft and the use of clandestine communication devices; and (2) telephone communications analysis.

---

[*] In footnotes, Plaintiffs attempt to downplay (at nn.7-8) the public evidence of Sageman's expertise – for example, making the unremarkable observation that the description of Sageman's experience set forth in *Directorate S* was based on "interviews with Sageman himself."  Plaintiffs' criticisms fall flat for the reasons Saudi Arabia set forth (at ECF No. 10662, at 3-4).

3

Dated: March 14, 2025                    Respectfully submitted,

*/s/ Michael K. Kellogg*
Michael K. Kellogg
Mark C. Hansen
Gregory G. Rapawy
Andrew C. Shen
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
(202) 326-7900
(202) 326-7999 (fax)

*Attorneys for the Kingdom of Saudi Arabia*

## CERTIFICATE OF SERVICE

      I hereby certify that, on March 14, 2025, I caused a copy of the foregoing Reply Brief in Support of Rule 72(a) Objections to the Court's December 11, 2024 Order filed by the Kingdom of Saudi Arabia to be served electronically pursuant to the Court's ECF system.

                                                */s/ Michael K. Kellogg*
                                                Michael K. Kellogg

                                                *Attorney for the Kingdom of Saudi Arabia*