**AIN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

In re TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

---

This document relates to:

*Knight, et al. v. The Islamic Republic of Iran, Case
No. 18-cv-12398(GBD)(SN)*

Case No. 1:03-md-01570 (GBD)(SN)

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND

The Plaintiff identified in Exhibit A to Plaintiffs' Notice of Motion to Amend Pursuant to

Federal Rule of Civil Procedure 15 respectfully moves the Court for leave to amend Plaintiffs'

Complaint to restate the claim of the Plaintiff in Appendix 1 attached thereto, amending the

"General Nature of the Claim Asserted" to reflect a personal injury claim against the Defendant,

The Islamic Republic of Iran.  Plaintiff is named in the appendix to the original *Knight* Iran Short

Form Complaint and this motion does not add any additional parties, but seeks only to amend the

general claim asserted on behalf of the Plaintiff to reflect a personal injury claim rather than a

solatium claim.

**PROCEDURAL BACKGROUND**

The Plaintiffs' filed their Iran Short Form Complaint in this litigation on December 31,

2018, *Knight, et al. v. The Islamic Republic of Iran,* 18-cv-12398-GBD-SN (ECF No. 1).[1]

Therein Plaintiffs' incorporated by reference the specific allegations asserted in *Federal*

*Insurance* and *Ashton Plaintiffs'* Amended Consolidated Complaint (ECF No. 3237).  The

---

[1] Unless indicated differently, citations to ECF Nos. are to the docket in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN).

allegations of the *Knight* Iran Short Form Complaint, assert that "[t]he surviving personal injury

victims were seriously and severely injured, shocked, bruised and wounded and suffered great

physical, mental and emotional pain and injury and were rendered sick, sore, lame and disabled,

and were otherwise injured, and were confined to a hospital, and/or to bed and home for a period

of time.  Those surviving personal injury victims are entitled to recover damages from Iran [for]

their personal injuries sustained in the September 11, 2001 terrorist attacks." (ECF 3237 at 5,

¶15).  Despite the allegations, ostensibly adopted on behalf of each of the *Knight Plaintiffs*, the

*Knight* Plaintiffs Iran Short Form Complaint includes an appendix identifying each Plaintiff and

the 'general claim asserted" against the Defendant for each of those Plaintiffs.  *Knigh*t (ECF No.

1-1).  The appendix incorrectly reflects that the general claim asserted by Plaintiff Kary

Seminerio is for solatium damages rather than personal injury damages. *Id.* at Allegation 43.

Plaintiffs' move the Court to amend the Complaint to correct this error. The Defendant has not

answered or otherwise appeared in this case.

**AMENDMENT TO PLEADINGS**

The Federal Rules of Civil procedure provide that, for amendments made before trial but

outside the provisions of 15(a)(1), "a party may amend its pleading only with the opposing

party's written consent or the court's leave.  The court should freely give leave when justice so

requires." Fed. R. Civ. P. 15.  Leave to amend should be freely given in the absence of any

apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the movant's

part, repeated failure to cure deficiencies by amendment, or futility of amendment. *Foman v.*

*Davis,* 371 U.S. 178, 182 (1962); see also *Morris v. Fordham Univ.*, 2004 WL 906248 at \*20

(S.D.N.Y. Apr. 28, 2004).  Ultimately, whether to allow amendment to a Complaint is a matter

within the court's discretion and should be determined so as "to secure the just, speedy, and

inexpensive determination of each action." *Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161,1169 (S.D.N.Y.) (citing *Foman* at 182).

The Plaintiff herein seeks leave to amend Appendix 1 to the Iran Short Form Complaint to correct a recently discovered error in the categorization of the nature of her injury and, therefore, the related damages. The delay in Plaintiff's discovery of this error, without some showing of bad faith or prejudice, should not affect the Court's decision in this matter. See, e.g., *Primetime 24 Joint Venture v. Direct TV, Inc.*, 2000 WL 42396, at *5 (S.D.N.Y. Apr. 20, 2000) ("Delay alone - without some showing of bad faith or prejudice - is not . . . a sufficient basis for denying leave to amend.").

The Defendant, which has not answered the Complaint or otherwise appeared in this case, will not be unduly prejudiced if the proposed amendment is granted.  The underlying facts and circumstances, as well as the legal theories set forth in the Complaint will remain unchanged.  The type of prejudice that warrants the denial of leave to amend a complaint is "usually such that it puts a defendant at an unfair disadvantage." *In re Osage Exploration Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984).  The increased liability that the Defendant may be exposed to, if any, by the proposed amendment "is not the type of prejudice that warrant[s] denial of leave to amend the complaint."  *Id*. See also, *In re Nasdaq Market-Makers Antitrust Litig.*, 1997 WL 805062, at 7* (S.D.N.Y. Dec. 3, 1997) ("The issue, rather, is legal prejudice, not the magnitude of the Defendant's potential liability.").

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to amend the Complaint; pursuant to Rule 15(a)(2), to correct the general nature of the claim asserted to reflect personal injury rather than solatium in Allegation 43 of Appendix 1 to the

*Knight* Iran Short Form Complaint as set forth in Exhibit A to Plaintiffs' Notice of Motion to

Amend.

Respectfully submitted,

_/s/  Robert Keith Morgan_ ____
Robert Keith Morgan
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: 540-672-4224
Fax: 540-672-3055
kmorgan@millerfirmllc.com