UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br><br>ECF Case |

**This document relates to:**
   *Burnett, et al. v. Islamic Rep. of Iran, et al.*, No. 15-cv-9903 (GBD)(SN)

### [PROPOSED] MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL DEFAULT JUDGMENTS ON BEHALF OF NON-NATIONAL IMMEDIATE FAMILY MEMBERS OF NON-NATIONAL 9/11 DECEDENTS

(*BURNETT* NON-NATIONALS 10)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs in the case listed above move for default judgments against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (the "Iran Defendants"). (ECF No. 10740.[1])  As non-United States nationals, these Plaintiffs cannot bring claims against Iran under 28 U.S.C. § 1605A(c) (*see* ECF No. 9666, at 1) and therefore ask this Court to hold Iran liable under state tort law.

### I. PROCEDURAL HISTORY

This Court assumes familiarity with this multidistrict litigation and summarizes only the procedural history relevant to the instant motion. Plaintiffs filed their complaint alleging Iran's liability for wrongful death, survival, and intentional infliction of emotional distress. (*See* No. 15-cv-9903, ECF No. 53, at 1084 (alleging intentional infliction of emotional distress), 1086-88 (wrongful death and survival causes of action). After being properly served with Plaintiffs' complaints, the Iran Defendants failed to respond or enter an appearance, and the Clerk of Court

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket.  *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD)(SN).

filed a certificate of default. (*See* No, 15-cv-9903, ECF No. 67). Plaintiffs then filed the instant motion for default judgment.

## II. PLAINTIFFS' MOTION IS GRANTED

A court may enter a default judgment against a foreign sovereign if it has jurisdiction and if the "claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This Court previously ruled in this MDL that it has subject matter and personal jurisdiction when Plaintiffs assert state law claims against Iran and properly effectuate service. (*See* ECF No. 9666, at 2-5; *see also* 28 U.S.C. §§ 1330, 1605B(b), 1608(a).) All that remains is for the Court to address Iran's liability and the appropriate damages.

### A.    Choice of law

"Iran is subject to suit for state tort claims." (ECF No. 9666, at 5.) Analyzing its liability for state torts requires the Court to first conduct a choice-of-law analysis. Multidistrict litigation courts apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993).

Since this action was filed in New York, New York's choice-of-law rules govern. Distilled down, those rules essentially prescribe "an evaluation of the 'place of the tort'—*i.e.*, 'the jurisdiction where the 'last event necessary' to make the defendant liable occurred.'"(ECF No. 9666, at 7 (internal citation omitted) (quoting *In re Sept. 11th Litig.*, 494 F. Supp.2d 232, 239 (S.D.N.Y. 2007)).) For these Plaintiffs, the immediate family members of people killed at the World Trade Center, the relevant events occurred in New York City. This Court therefore analyzes the intentional infliction of emotional distress claims under New York law.

### B.    Intentional Infliction of Emotional Distress Under New York Law

The tort of intentional infliction of emotional distress ("IIED") "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993). Liability for intentional infliction of emotional distress extends to those who aid and abet the primary tortfeasor. *See Rich v. Fox News Network, LLC*, No. 18 Civ. 2223 (GBD), 2020 WL 5768430, at *5-*6 (S.D.N.Y. Sept. 25, 2020) (analyzing claim for aiding and abetting IIED).

Plaintiffs, whose family members were killed in the 9/11 Attacks, have established Iran's liability for aiding and abetting IIED. Iran aided and abetted al Qaeda by knowingly providing substantial assistance in plotting the 9/11 Attacks. (*See* ECF No. 9666, at 8 (applying the analysis to the facts alleged in the Amended Complaint in this action)).) And by carrying out the 9/11 Attacks, al Qaeda committed IIED. In satisfaction of the first two elements, the 9/11 Attacks, as "[a]cts of terrorism[,] [were] by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Flanagan v. Islamic Republic of Iran*, 87 F. Supp.3d 93, 115 (D.D.C. 2015). In satisfaction of the final two elements, the 9/11 Attacks killed the Plaintiffs' family members, thereby inflicting extreme emotional distress.

This Court GRANTS Plaintiffs' request for compensatory damages for IIED under New York law where the 9/11 victim was killed in New York. *See Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 146-47 (2d Cir. 2014) (approving compensatory damages for IIED claim). This Court awards damages to immediate family members of 9/11 victims according to the established framework developed for solatium claims. (*See* ECF No. 2623.) As IIED claims are "nearly indistinguishable from" solatium claims, this Court awards damages here pursuant to the same

framework, as set forth in Exhibit A. *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 257 (D.C. Cir. 2018) (quoting *Flanagan*, 87 F. Supp.3d at 115).

### III.  CONCLUSION

Upon consideration of the evidence and arguments submitted by Plaintiffs through their Motion for Entry of Partial Final Default Judgments on Behalf of Non-National Immediate Family Members of Non-National 9/11 Decedents, together with the entire record in this case, it is hereby:

**ORDERED** that service of process was effected upon the Islamic Republic of Iran in each of these cases in accordance with 28 U.S.C. § 1608(a)(4); and it is

**ORDERED** that service of process was effected upon the Islamic Revolutionary Guard Corps in the *Burnett* case in accordance with 28 U.S.C. § 1608(a)(4); and it is

**ORDERED** that service of process was effected upon the Central Bank of the Islamic Republic of Iran in the *Burnett* case in accordance with 28 U.S.C. § 1608(b)(3)(B); and it is

**ORDERED** that this Court possesses subject-matter jurisdiction over these foreign-sovereign defendants under 28 U.S.C. § 1605B(b) as it pertains to those family members whose loved one who was killed in the terrorist attacks on September 11, 2001 was not a United States national on September 11, 2001 and neither was the family member; and it is

**ORDERED** that this Court has personal jurisdiction over the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (the "Iran Defendants") based on the existence of subject-matter jurisdiction under 28 U.S.C. § 1605B(b) and proper service of process on these defendants under 28 U.S.C. § 1608; and it is

**ORDERED** that default judgment as to liability pursuant to the exception to foreign sovereign immunity codified at 28 U.S.C. § 1605B(b) and the common law of New York is entered

against the Iran Defendants for claims by Plaintiffs who are non-national immediate family members (or their functional equivalents) of non-national 9/11 decedents; and it is

**ORDERED** that default judgment as to liability pursuant to the exception to foreign sovereign immunity codified at 28 U.S.C. § 1605B(b) and the common law of New York is entered against the Iran Defendants for claims by Plaintiffs on Exhibit A who are immediate family members (spouses, children, parents, and siblings and including personal representatives of the estates of immediate family members who passed away between September 11, 2001 and now) of individuals who were killed in the terrorist attacks on September 11, 2001 where neither the 9/11 decedent nor their immediate family member was a United States national on September 11, 2001; and it is

**ORDERED** that because the exception to foreign sovereign immunity codified at 28 U.S.C. § 1605B(b) applies in this case to the Iran Defendants, that plaintiffs who rely on this exception may have their claims against the Iran Defendants adjudicated pursuant to 28 U.S.C. § 1606 as a "pass through" such that the Iran Defendants shall be liable in the same manner and to the same extent as a private individual under like circumstances; and it is

**ORDERED** that New York choice-of-law principles apply to any common-law claims available to the plaintiffs; and it is

**ORDERED** that under the circumstances of the terrorist attacks on September 11, 2001, the applicable state law to be applied in each instance is the law of the state where the harm took place—New York for the attacks in and around the World Trade Center; and it is

**ORDERED** that New York law permits damages for intentional infliction of emotional distress; and it is

**ORDERED** that partial final judgment is entered against the Iran Defendants on behalf of the Plaintiffs in *Burnett, et al. v. Islamic Republic of Iran, et al.*, No. 15-cv-9903 (GBD)(SN), who are included on Exhibit A; and it is

**ORDERED** that the Plaintiffs identified on Exhibit A are awarded damages for intentional infliction of emotional distress of $12,500,000 per spouse (or functional equivalent); $8,500,000 per parent; $8,500,000 per child (or functional equivalent); and $4,250,000 per sibling, as set forth on Exhibit A; and it is

**ORDERED** that Plaintiffs identified in Exhibit A may submit applications for punitive damages or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue; and it is

**ORDERED** that the remaining *Burnett* Plaintiffs similarly situated to the Plaintiffs on Exhibit A may submit in later stages applications for damages awards to the extent such awards have not previously been ordered.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 10808 in 03-MDL-1570 (GBD)(SN) and ECF No. 951 in 15-cv-9903 (GBD)(SN).

Dated: New York, New York                    **SO ORDERED:**

_____, 2025

_____
GEORGE B. DANIELS
United States District Judge