UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |
| This document relates to:<br>*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) and (member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN)) | 02-cv-6977 (GBD)(SN) and<br>02-cv-7230 (GBD)(SN)<br>ECF Case |

**The *Burlingame XVI* Wrongful Death Plaintiffs' Motion for Partial Final Judgments**

For the reasons set forth below, and the statements contained in the declaration of Frank H. Granito III, Esq. ("Granito Declaration"), the *Burlingame* subset of *Ashton* plaintiffs[1] reflected on Exhibit B ("*Burlingame XVI*" Plaintiff)[2] filed with the proposed order, by and through their counsel, Speiser Krause, PC, respectfully move this Court to award in the case set forth in Exhibit B solatium damages for the loss suffered by the relative of the decedent in the same amounts previously awarded by this Court to other *Ashton* plaintiffs, including other *Burlingame* plaintiffs,

---

[1] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al*. (hereinafter "Ashton") master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv- 6977, Doc. No. 5, Entered 11/25/2002. The *Burlingame* plaintiffs, including the 9/11 decedents named on Exhibit B, remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6977, Doc. No. 465, filed 09/30/2005.

[2] There have been fourteen prior motions by members of the *Burlingame* subset of plaintiffs seeking solatium and economic damages for the losses of their loved ones in the September 11th attacks. *See* 02-cv-7230, Doc. No. 15, Filed 04/27/2018 ("*Burlingame I*"), Doc. No. 18. Filed 05/25/2018 ("*Burlingame II*"), Doc. No. 28. Filed 08/06/2018 ("*Burlingame III*"), Doc. No. 31. Filed 08/09/2018 ("*Burlingame IV*"), Doc. No. 63 Filed 07/02/2019 ("*Burlingame V*"), Doc. No. 71 Filed 08/16/2019 ("*Burlingame VI*"), Doc No. 85 Filed 12/20/2019. ("*Burlingame VIII*"), Doc. No. 88 Filed 12/26/2019 ("*Burlingame IX*"), Doc. No. 95 Filed 01/10/2020 ("*Burlingame X*"), Doc. No. 102 Filed 01/31/2020 ("*Burlingame XI*"), Doc. No. 217 Filed 06/08/2022 ("*Burlingame XII*"), Doc. No. 319 Filed 05/14/2024 ("*Burlingame XIII*"), Doc. No. 325 Filed 06/04/2024 ("*Burlingame XIV*"), and Doc. No. 329 Filed 06/17/2024 ("*Burlingame XV*").

in this consolidated multidistrict litigation against the Islamic Republic of Iran ("Iran"); and award prejudgment interest on those damages as set forth below. This motion is made only on behalf of the *Burlingame* claimant listed in Exhibit B to the proposed order ("*Burlingame XVI* Plaintiff"), in light of this Court's previous orders granting permission to allow remaining *Burlingame* plaintiffs to move for this relief. See 03-md-1570 (02-cv-7230) (S.D.N.Y.) (GBD) (SN), Doc. No. 17 Entered 04/30/18; Doc. No. 22 Entered 05/30/18; Doc No. 30 Entered 08/07/2018; Doc No. 42 Entered 09/12/18; Doc. No. 68 Entered 07/30/19; Doc No. 78 Entered 09/03/2019; Doc No. 84 Entered 12/17/2019; Doc No. 94 Entered 01/07/2020; Doc No. 106 Entered 02/05/2020; Doc No. 114 Entered 02/18/2020; Doc No. 223 Entered 07/19/2022; Doc No. 333 Entered 06/18/2024; Doc No. 334 Entered 06/18/2024; and Doc No. 351 Entered 08/28/2024.[3] Plaintiff also seeks permission for the *Burlingame* plaintiffs to submit applications for punitive damages, economic damages and/or solatium damages, in later stages, consistent with future orders of this Court and to the extent such awards have not previously been addressed.

**Procedural Background**

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001 terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* plaintiffs for claims arising out of the deaths of the plaintiffs' decedents (the "*Ashton* wrongful death plaintiffs"). See 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3021, Entered 09/01/2015. Thereafter, all *Ashton* wrongful death plaintiffs (including all *Burlingame* plaintiffs) moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which

---

[3] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

2

this Court granted, and certain *Ashton* and *Burlingame* wrongful death plaintiffs moved for default judgments on economic damages as well. This Court granted those motions. *See, e.g.,* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. Nos. 3226, Entered 03/08/2016 (awarding damages for conscious pain and suffering), Doc. No. 3229, Entered 03/09/2016 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering), Doc. No. 3386, Entered 11/01/2016 (awarding damages for economic loss), ECF No. 4011, Entered 5/30/2018 (awarding damages for economic and non-economic losses); ECF No. 5466, Entered 01/08/2020 (awarding damages for economic and non-economic losses); ECF No. 5467, Entered 01/08/2020 (awarding damages for economic and non-economic losses); ECF No. 5857, Entered 02/05/2020 (awarding damages for economic loss); ECF No. 9934, Entered 06/18/2024 (awarding damages for economic loss); and ECF No. 10266, Entered 08/28/2024 (awarding damages for economic loss).

In addition, certain *Ashton* plaintiffs previously moved for solatium damages suffered by those family members eligible to recover such damages under 28 U.S.C. § 1605A. *See* 03-md-1570 (02-cv-6977), Doc. Nos. 3295, Entered 06/08/2016 (Motion for Final Judgment for *Ashton I* claimants including claims for solatium damages), 3356, Entered 10/11/2016 (Motion for Final Judgment for *Ashton II* claimants including claims for solatium damages) and 3686, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for solatium damages); and *see also* 02-cv-7230, Doc. No. 15, Filed 04/27/2018 (Motion for Final Judgment for *Burlingame I* claimants including claims for solatium damages); Doc. No. 18, Filed 05/25/2018 (Motion for Final Judgment for *Burlingame II* claimants including claims for solatium damages); Doc. No. 28, Filed 08/06/2018 (Motion for Final Judgment for *Burlingame III* claimants including claims for solatium damages), Doc. No. 31, Filed 08/09/2018 (Motion for Final Judgment

*Burlingame IV* claimants including claims for solatium damages), Doc. No. 63, Filed 07/02/2019 (Motion for Final Judgment for *Burlingame V* claimants including claims for solatium damages), Doc. No. 71, Filed 08/16/2019 (Motion for Partial Final Judgment for *Burlingame VI* claimants including claims for solatium damages), Doc. No. 85, Filed 12/20/2019 (Motion for Partial Final Judgment for *Burlingame VIII* claimants including claims for solatium damages), Doc. No. 88, Filed 12/26/2019 (Motion for Partial Final Judgment for *Burlingame IX* claimants including claims for solatium damages), Doc. No. 217, Filed 06/08/2022 (Motion for Partial Final Judgment for *Burlingame XII* claimants including claims for solatium damages), and Doc. No. 319, Filed 05/14/2024 (Motion for Partial Final Judgment for *Burlingame XIII* claimants including claims for solatium damages). This Court granted these motions, finding that an award to the immediate family members of each decedent was proper and that prejudgment interest on the solatium loss amounts was warranted. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (SN), Doc. Nos. 3300, Entered 06/17/16; 3387, Entered 11/01/2016; and 3706, Entered 8/22/2017; 02-cv-7230-GBD Doc. Nos. 17, Entered 04/30/18, 22, Entered 05/30/18, 30, Entered 08/07/18, 42, Entered 09/12/18, 68, Entered 07/30/19, 78, Entered 09/03/2019, 94, Entered 01/07/2020, 114, Entered 02/18/2020, 223, Entered 07/19/2022, and 333, Entered 06/18/2024.

On the issue of prejudgment interest, a December 28, 2015, Report and Recommendation adopted by this Court concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of the injuries in New York State the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered and to the extent the injuries arose elsewhere, 4.96 percent per interest per annum, compounded annually, was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015, pp. 1–2. A subsequent Report and Recommendation issued October 2016, also adopted by this Court,

however, concluded that the rate of prejudgment interest of 4.96 percent for all pain and suffering and solatium claims was more appropriate. *See* 03-md-1570 (11-cv-7550). Accordingly, the *Ashton I-XII* plaintiffs, as well as the *Burlingame I-VI* plaintiffs, *Burlingame VIII-IX,* and *Burlingame XII-XIII* plaintiffs, were all awarded prejudgment interest at the rate of 4.96 percent per annum.

For the reasons below as well as those set forth in the prior motions for summary judgment on liability and prior motions for judgment for solatium damages made on behalf of other *Ashton* wrongful death plaintiffs, including the *Burlingame I-VI* plaintiffs, *Burlingame VIII-IX,* and *Burlingame XII-XIII* plaintiffs, the *Burlingame* plaintiff listed in Exhibit B to the proposed order ("*Burlingame XVI* Plaintiff") now moves this Court to grant the attached proposed Order awarding them the same amount of compensatory damages for their solatium losses as awarded to other plaintiffs, including the *Ashton I-XII* plaintiffs as well as the *Burlingame I-VI* plaintiffs, *Burlingame VIII-IX,* and *Burlingame XII-XIII* plaintiffs' prior motions for partial judgment on solatium damages. All *Burlingame* plaintiffs also ask for permission to continue to submit applications in subsequent stages for economic damages, punitive damages and/or for solatium damages on behalf of those claimants not included in the attached Exhibit (as have all prior *Ashton* plaintiffs moving for similar relief), should any other applications be warranted.

**I.      Damages**

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages available include money damages "for personal injury or death." *See* 28 U.S.C. § 1605 A(a)(1) and (c)(4). The damages available to plaintiffs in Section 1605A action include "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605 A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of

the decedent, family members can recover solatium for their emotional injury, and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010). All *Burlingame* plaintiffs are therefore entitled to compensation under Section 1605A for the solatium and economic losses suffered as a result of the wrongful death of each of their decedents.

**A.   Solatium Damages**

Section 1605A specifically provides for solatium damages. Under that provision, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F.Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F.Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran,* 667 F.Supp. 2d 8, 22 (D.D.C. 2009). Given that, in FSIA cases, solatium claims have been treated as comparable to claims for intentional infliction of emotional distress, in which the immediate family members of the decedents are treated as direct victims. *See, e.g. Salazar v. Islamic Republic of Iran*, 370 F.Supp. 2d 105, 115 n.12 (D.D.C. 2005)("[c]ourts have uniformly held that a terrorist attack – by its nature – is directed not only at the victims but also at the victims' families."); *Surette v. Islamic Republic of Iran*, 231 F.Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress.") (quoting *Wagner v. Islamic Republic of Iran*, 172 F.Supp. 2d 128, 135 n.11 (D.D.C. 2001)). Thus, this Court has previously awarded solatium damages to "immediate family members" who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *See In re Terrorist Attacks on Sept.*

*11, 2001,* No. 03-MDL-1570 (GBD)(FM) (S.D.N.Y. Oct. 12, 2016) (ECF No. 3358); *In re Terrorist Attacks on Sept. 11, 2001,* No. 03-MDL-1570 (GBD)(FM), 2015 WL 9468813 (S.D.N.Y. Dec 28, 2015) ("*Ashton* Report"); and *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MDL-1570 (GBD)(FM), 2012 WL 4711407 (S.D.N.Y. Oct 3, 2012).

In defining those family members eligible to make a claim for solatium damages, this Court previously determined that spouses, parents, children and siblings who survived the 9/11 decedent were entitled to recover for their losses and set forth a framework for other family relationships that fell outside of those four categories, "functional equivalents" of immediate family members such as step-relationships upon the satisfaction of certain criteria regarding the nature of their relationships. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3363, Entered 10/14/2016. Those claimants appearing on Exhibit B fall into the four established categories of family relationships – spouses, parents, children and siblings – that are presumptively qualified to make a claim for solatium damages.

To fashion a solatium award adequately compensating the surviving family members in the litigation against Iran, this Court previously looked to the analysis undertaken by District Court Judge Royce Lamberth in the case of *Estate of Heiser v. Islamic Republic of Iran*, 466 F.Supp. 2d 229 (D.D.C. 2006). There, Judge Lamberth concluded that solatium damages should be awarded to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million. *Id*.[4]

Magistrate Judge Frank Maas previously recognized that the immediate family members of those killed in the September 11th terrorist attacks suffered and continue to suffer "profound agony

---

[4] This formula may be adjusted upward or downward when circumstances warrant. *See, e.g., Estate of Bland v. Islamic Republic of Iran*, 831 F.Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

and grief and, "[w]orse yet, … are faced with frequent reminders of the events that day. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD)(FM), Doc. No. 2618, Entered 07/30/12, pp. 10 – 12. Given the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families," Magistrate Judge Maas in his Report and Recommendation concluded that an upward departure was appropriate and recommended solatium damages in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

Subsequently, Magistrate Judge Maas and Magistrate Judge Sarah Netburn issued Orders awarding solatium damages in the amounts set forth above to various groups of plaintiffs.

The losses claimed in this motion are legally and factually comparable to those suffered by the *Ashton I-XII* claimants, as well as the *Burlingame I-VI* claimants, *Burlingame VIII-IX,* and *Burlingame XII-XIII* claimants, in this litigation. The death in this case was sudden and unexpected and was the result of the terrorism defendants' extreme acts of malice. The decedent was a civilian whose death was intended to create an environment of fear and terror. The claimant here was not an attenuated victim but the immediate family member, or the functional equivalent, of the decedent and was directly and irrevocably harmed by the terrorist acts and consequences. Many family members can visit no private cemetery plot or gravestone to visit their loved ones but are instead resigned to never have the closure that might otherwise be expected after the death of an immediate family member. The amount of solatium damages previously adopted by the District

8

Court in the other *Ashton* cases as well as the *Burlingame I-VI* claimants, *Burlingame VIII-IX,* and *Burlingame XII-XIII* claimants involved in this litigation should apply equally to the current *Burlingame XVI* claimant.

The relationship between the decedent and the *Burlingame* Plaintiff is set forth in the accompanying Granito Declaration and Exhibit B. As described in the Granito Declaration, the *Burlingame XVI* Plaintiff in Exhibit B has a direct relationship previously recognized as being presumptively qualified for solatium damages; the relationship between the *Burlingame XVI* Plaintiff and the September 11th decedent has been verified; the *Burlingame XVI* Plaintiff survived the death of their loved one on September 11th; and counsel for the *Burlingame XVI* Plaintiff has complied with the safeguards required by the prior Orders of this court by verifying that the *Burlingame XVI* Plaintiff on Exhibit B does not have a prior judgment or another motion pending before this Court for compensation against Iran. The *Burlingame XVI* plaintiff therefore respectfully requests that this Court issue a final judgment ordering payment of solatium damages to the *Burlingame XVI* Plaintiff listed in Exhibit B, in the same amount set forth above, based on their relationship with their decedent and as described in the Granito Declaration.

**B. Prejudgment Interest**

Additionally, the *Burlingame XVI* Plaintiff asks that this Court direct that prejudgment interest of 4.96% on the solatium award running from September 11, 2001 until the date of judgment to the extent that their injuries arose in New York be assessed, as was done previously in the *Ashton I-XII* claimants, as well as the *Burlingame I-VI* claimants, *Burlingame VIII-IX,* and *Burlingame XII-XIII* claimants in this consolidated litigation.

**C. Punitive Damages**

Previously, in connection with a motion for final judgment on behalf of other *Ashton*

claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The *Burlingame* Plaintiffs ask that this Court allow them to submit future applications for punitive damages consistent with any future rulings of this Court.

**II.     Conclusion**

For all the reasons herein, as well as those set forth in the previous submissions of the *Ashton* plaintiffs and specifically *Burlingame I-VI* plaintiffs, *Burlingame VIII-IX,* and *Burlingame XII-XIII* plaintiffs, the *Burlingame XVI* plaintiff set forth on Exhibit B respectfully requests that this Court grant the proposed Order and (1) award solatium damages to the immediate family member as set forth in the attached Exhibit B; (2) direct that prejudgment interest of 4.96% on the solatium awards running from September 11, 2001 until the date of judgment be assessed; and (3) permit *Burlingame* claimants to submit future applications for economic damages, punitive damages and/or solatium damages consistent with any future rulings of this Court and to the extent those awards have not been previously addressed.

Dated: Rye Brook, New York
May 8, 2025

Respectfully submitted,

SPEISER KRAUSE, PC
By: /s/ Frank H. Granito
Frank H. Granito, III, Esq. (FG9760)
Douglas A. Latto, Esq. (DL3649)
Jeanne M. O'Grady, Esq. (JO3362)
Speiser Krause, PC
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
f3g@speiserkrause.com
dal@speiserkrause.com
jog@speiserkrause.com