UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

*This document relates to*:
All Actions

## DECLARATION OF JAMES GAVIN SIMPSON REGARDING EXECUTION OF THIS COURT'S JUNE 9, 2021 HAGUE CONVENTION REQUEST TO THE UNITED KINGOM AND EVIDENTIAL MATERIALS THUS OBTAINED

I, James Gavin Simpson, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, as follows:

1. I am an attorney duly admitted before this Court, am Of Counsel to the firm of Kreindler & Kreindler LLP, attorneys for Plaintiffs in *Ashton v. Kingdom of Saudi Arabia*, 19-cv-2003, 03-mdl-1570 (S.D.N.Y.) (GBD) (SN), and am familiar with this litigation and the relevant prior proceedings.

2. I respectfully submit this Declaration on behalf of the Plaintiffs to update the Court regarding the execution of the June 9, 2021 Request to the United Kingdom Pursuant to the Hague Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention Request") (ECF 6384-1, 6858). The Request sought to obtain copies of evidential holdings (historical) from the Metropolitan Police Service at New Scotland Yard in London, UK ("MPS") related to Saudi government employee Omar al-Bayoumi.

3. In a Declaration dated April 5, 2022, I described the foreign process proceedings that took place before the United Kingdom High Court, culminating in a Consent Order ("Order") issued under the seal of its Senior Master, dated March 10, 2022, under which the MPS was

ordered to provide responsive materials as soon as practicable. ECF 7832. A copy of the UK High Court's Consent Order was filed with this Court on April 5, 2022. ECF 7832-1. Per the MPS's own submissions, the MPS has approached its compliance with the Order and its duty to produce materials responsive to the Hague Convention Request as ongoing commitments, such that the MPS has periodically undertaken "further review and due diligence processes to identify additional exhibits and documents." *See infra* ¶ 6 below, citing Exhibit A hereto.

**Tranches of MPS Production in response to the Hague Convention Request**

4.  ***First Tranche***. On April 5, 2002, I notified this Court that the MPS had produced materials responsive to the Hague Convention Request, described the processes and chain-of-custody matters related to that production, and provided copies of the signed and initialed "Evidential Material Schedule" and "Evidential Material – Annex 1 – Videos" that signified the MPS handover of the first tranche (the "MPS 2022 Production"). ECF 7832, ECF 7832-2, -3, -4.

5.  ***Second Tranche***. On December 8, 2023, I notified this Court that the MPS had served notice of its continued compliance with the Hague Convention Request and had produced additional responsive materials. I described the processes related to that production, ensured its filing with the Court and service on the parties, and provided a copy of the signed and initialed "Schedule of Relevant Material 2023" that signified the MPS handover of the second tranche (the "MPS 2023 Production"). ECF 9461, ECF 9461-1, -2, -3, -4.

6.  ***Third Tranche***. On May 9, 2025, the MPS sent to Plaintiffs a further "Witness Statement of David McGillicuddy" (marked as Statement Three), dated May 9, 2025, which the MPS served as notice of its continued compliance with the Hague Convention Request. Detective Superintendent McGillicuddy stated that "the MPS has again identified additional material responsive to the [Hague Convention] Request," and described the status and nature of

the materials being produced, including a "Schedule of Relevant Material 2025." A true and accurate copy of that Witness Statement is attached hereto as Exhibit A.

7. The MPS has provided the material so identified in the third tranche (the "MPS 2025 Production") in digital form by means of one 1TB hard drive, data saved on CD-ROMs and DVDs, and via secure file transfer. I have reviewed each item in this evidential production as it has been received, and I have initialed each corresponding line of the "Schedule of Relevant Material 2025" together with an MPS officer. A true and accurate copy of the signed and initialed MPS "Schedule of Relevant Material 2025" is attached hereto as Exhibit B.

8. Under my supervision, my office has created exact copies of the MPS 2025 Production mirroring the original production on one 1-TB hard drive (for materials provided in that format) and on DVD (for the materials provided on DVD, CD, and via secure file transfer). *See* Exhibit C hereto, images of DVD and hard drive containing the "MPS 2025 Production." To maintain the integrity of the original production, we have today filed under seal with the Court, pursuant to the terms of the MDL Protective Order, ECF 1900, one 1-TB hard drive (matching the MPS evidentiary markings) and copies of all the remaining materials, including secure file transfer materials, on DVD. The file names on the hard drive and DVD correspond with the labelling protocol employed by the MPS as set forth in Exhibit B.

9. The responsive materials have been submitted to the Sealed Records department of the U.S. District Court for the Southern District of New York, pursuant to the terms of the MDL Protective Order and the Letters Rogatory, which directed that all certified copies of materials responding to the Hague Convention Request be "lodge[d] … with the United States District Court without delay … ." ECF 6834-1 at ¶ 10.

10. Along with the Plaintiffs' Executive Committees, we will provide defense counsel with copies of the MPS 2025 Production as quickly as possible. We will also provide courtesy copies of the MPS 2025 Production to the Department of Justice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on May 9, 2025

/s/ *James Gavin Simpson*
James Gavin Simpson, Esq.