# EXHIBIT A

1. Filed on behalf of the Respondent
2. Name: David McGillicuddy
3. Statement - Three
4. Dated: 09/05/2025

**FOREIGN PROCESS REFERENCE QF 2021 007252**

**IN THE HIGH COURT OF JUSTICE**
**QUEENS BENCH DIVISION**

**IN THE MATTER OF THE EVIDENCE (PROCEEDINGS IN OTHER JURISDICTIONS) ACT 1975**

B E T W E E N:

**ASHTON ET AL**

*Survivors and estate representatives of the victims of the September 11th Attacks*

**Plaintiffs**

-and-

**(1) KINGDOM Of SAUDI ARABIA**
**(2) DALLAH AVCO ET AL**

**Defendants**

and

**THE COMMISSIONER OF POLICE**

**OF THE METROPOLIS**

**Respondent**

## Witness Statement of
## David McGillicuddy

1. I am a Detective Superintendent in the Metropolitan Police Service (MPS).

2. This statement is provided further to my "Statement One" dated 01/03/2022, explaining to the Court, and the Applicant claimants, the approach, allocated resources and methodology used by the MPS in relation to the 'Request' dated 12/07/2021 for the MPS to disclose copies of "evidential holdings (historical)" in connection with Omar Al-Bayoumi.

3. In my "Statement Two" dated 06/12/2023, I set forth additional material that had been identified responsive to the Request.

4. Further to my earlier statements, the MPS has again identified additional material responsive to the Request and therefore this statement explains the approach, allocated resources and methodology used by the MPS to disclose these additional items.

<u>Additional Material Identified</u>

5. Following the submissions of material in March 2022 and December 2023, the MPS undertook further review and due diligence processes to identify additional exhibits and documents.

6. Administrative and investigative documents from Operation Exchange were analysed by the review team. Certain exhibits were provided by the Digital Media Exploitation Unit and SO15 Forensic Management Team. And based on review of evidence and court documents, items from MPS Operation Rhyme were linked to Operation Exchange as relevant to the investigations into the 9/11 terrorist attacks and were found to be responsive to the Request.

7. The responsive documents and exhibits have been scheduled. This schedule has been provided to the Applicants and is appended to the agreed Consent Order.

Reclassification

8. As I stated at para 4 of Statement One dated 01/03/2022, when the Operation Exchange material was originally archived, it was, collectively, marked "secret".

9. With the appropriate authority to do so, I have, as part of the review, authorised the material to be disclosed to the Applicants and it is no longer classified.

Public Interest Immunity (PII)

10. I can confirm there is no claim made by the MPS for PII in relation either to any redacted part of the documents that are listed on the schedule (the Applicants have agreed for this material to be redacted), nor to any other document that might be in our possession that is not on the schedule.

Conclusion

11. As the senior officer in charge of this process, I am content that the MPS has worked diligently and expeditiously to identify all material in possession of the MPS that falls to be disclosed pursuant to the Request.

**Statement of Truth**

I believe that the facts stated in this witness statement are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

Signed… D P McGILLICUDDY………………………………………. Date: 09/05/2025

Position: Detective Superintendent – SO15 Investigations