# EXHIBIT 1

```
K85AAINRC                          Conference
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: TERRORIST ATTACK ON
SEPTEMBER 11, 2001,

                                    03 MD 1570 (SJN)

------------------------------x
                                         New York, N.Y.
                                         August 5, 2020
                                         3:00 p.m.

Before:

            HON. SARAH J. NETBURN,

                                    Magistrate Judge

                    APPEARANCES

APPEARANCES GIVEN ON THE RECORD

40

1              MR. CARTER:  Sean Carter.  Sorry Mr. Maloney and I are
2     stepping over one another.
3              In general, your Honor, at least from our perspective,
4     the process your Honor described, it seems generally workable.
5     I think the one concern would be that in consenting that some
6     processes in which Sudan were permitted to file a motion
7     without there having been an application seeking formal relief
8     for default, we may be inadvertently waiving the protections of
9     the default.  And as you probably heard, Sudan has a bit of a
10    history of raising highly technical arguments after ignoring
11    proceedings for quite some time and many of the arguments you
12    just heard from counsel about civil unrest and the like have
13    been presented to other courts which have not found them
14    credible.  There's informative discussion about this in the
15    Flanagan decision which is 190 F.Supp F.3d at 138.  And so
16    we're mindful of that and we're mindful of proceeding in a way
17    that's quite technical.
18             So, what I would proceed, your Honor, is that Sudan be
19    required to in its motion and a motion it's filing address not
20    only the basis for its motion to dismiss but its arguments for
21    claiming that the defaults do not remain in place and to
22    address why defaults should be lifted if they are still in
23    place in that initial filing so we can respond so that.
24             We would also as a result of that get the benefit of
25    Sudan addressing issues that we think are quite critical about

K85AAINRC                            Conference

 1   the willfulness of its failure to appeal and about potential
 2   prejudice.  And the one thing that we don't want to have happen
 3   here is for Sudan to appear for purposes solely of making a
 4   technical argument even though it knows that it does not have
 5   an intention to participate in discovery should the Court deem
 6   that to be the appropriate course and as part of the proffer
 7   with regard to why the default shouldn't remain in place that
 8   would necessarily require Sudan to confirm that evidence is
 9   still available and the witnesses would be made available.
10            So, your Honor, I think it's the same process, just
11   with Sudan also addressing the default issue in whatever motion
12   it filed.
13            THE COURT:  Understood.
14            OK.  Thank you.
15            MR. MALONEY:  Your Honor, just to add to that, I'm
16   glad Mr. Carter covered the points I was going to make.  The
17   only one that I wanted to add was Sudan has, its current
18   posture right now is we can move to dismiss all the complaints
19   out there, five after six complaints, and yet, if there is an
20   amended complaint -- that is two too many, I am not sure I
21   follow the logic of that.  They can respond to a single motion
22   to five complaints, they can certainly do the two.  The Ashton
23   plaintiffs would like to file their own complaint.  We would
24   continue to work collectively as the (inaudible) for over 16
25   years and we would have a joint response as we've always done.