**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
**T** +1 202 626 3600

whitecase.com

May 23, 2025

VIA ECF

The Honorable Sarah J. Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

***In re Terrorist Attacks on Sept. 11, 2001*, Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.):
Sudan's Motion for Leave to Take Discovery of Plaintiffs**

Dear Judge Netburn:

As discussed at the February 4, 2025 status conference (Tr. 34:23-35:6), Sudan submits this letter-motion requesting leave to take fact discovery of Plaintiffs.

The Court has acknowledged that "Sudan is a party in this litigation, and under the law is entitled to all of its rights." Feb. 4, 2025 Tr. 32:20-21. Those rights include the right that any litigant would have — under due process and the federal rules —to take discovery and defend itself. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471 (2000) (reaffirming that "due process affords every party against whom a claim is stated" an "actual opportunity to defend" itself); Fed. R. Civ. P. 26(b)(1) ("*Parties* may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense* and proportional to the needs of the case[.]" (emphases added)); *see also Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 540 n.25 (1987) (recognizing the "fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation'" (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947))).

As described in Sudan's status letter submitted today (ECF No. 10968), Sudan is complying with its discovery obligations, despite the ongoing armed conflict and devastation in Sudan. Sudan is committed to participating in this litigation and defending itself, and the Court should recognize Sudan's fundamental right to take discovery in support of its defenses.

**WHITE & CASE**

The Honorable Sarah J. Netburn
May 23, 2025

To be clear, Sudan does *not* seek production of documents that Plaintiffs produced to White & Case in 2023, in a separate action.  *See* Feb. 4, 2025 Tr. 33:2-8 (instructing Plaintiffs to "reserve what they've already served or give access to the cloud").  Rather, Sudan requests leave to:

- Request documents in Plaintiffs' possession, custody, or control that are relevant to Plaintiffs' claims or Sudan's defenses but that were *not* previously produced to White & Case in a separate action in this MDL; and,

- Serve Interrogatories and Requests for Admission at the appropriate time.

These requests are consistent with the discovery afforded to other defendants, including sovereign defendants, in this MDL.  *See, e.g.*, ECF Nos. 4004-3 (Saudi Arabia's First Set of RFPs to Plaintiffs); 4004-4 (Saudi Arabia's First Set of Interrogatories to Plaintiffs); 8129 at Exs. 19-23 (excerpts from Plaintiffs' Responses and Objections to RFAs from Dubai Islamic Bank); 2077 (Order regarding IIRO and MWL's RFPs and Interrogatories to Plaintiffs); 2060 (Order directing Plaintiffs to supplement responses to NCB's contention interrogatories).

Respectfully submitted,

/s/ *Nicole Erb*

Christopher M. Curran
Nicole Erb
Claire A. DeLelle
Nicolle Kownacki
Celia A. McLaughlin

*Counsel for the Republic of the Sudan*

cc:   Counsel of Record (via ECF)

2