UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
: 
IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
------------------------------------x

This document relates to:

*Burnett v. Islamic Republic of Iran*, No. 15-cv-9903 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

Certain *Burnett* Plaintiffs moved for partial final default judgment against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (collectively, the "Iran Defendants"). (ECF Nos. 10424, 10740, 10808.)[1] As non-U.S. nationals, these Plaintiffs cannot bring claims against the Iran Defendants under 28 U.S.C. § 1605A(c). (*See* ECF No. 9666 at 1). They therefore ask this Court to hold the Iran Defendants liable under New York tort law.

Before this Court is Magistrate Judge Sarah Netburn's April 17, 2025 Report and Recommendation ("the Report"), recommending that this Court grant Plaintiffs' motions and award them, economic, pain and suffering, and solatium damages as set forth in Exhibits A and B. (Report, ECF No. 10876 at 16.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 17.) No party has filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN).

1

## I.     LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II.     MAGISTRATE JUDGE NETBURN CORRECTLY CONCLUDED THAT JURISDICTION EXISTS

Magistrate Judge Netburn concluded that the Court has both subject matter and personal jurisdiction over the Iran Defendants. (*See* Report at 3–6). Magistrate Judge Netburn properly noted that certain *Burnett* Plaintiffs hold a default judgment against the Iran Defendants as to liability. (*See* Report at 2 (citing Order of Judgment, ECF No. 3443; *In re Terrorist Attacks on Sept. 11, 2001*, 2011 WL 13244047, at *2–36 (S.D.N.Y. Dec. 22, 2011) ("2011 Decision").) In its 2011 Decision, this Court found Iran liable for facilitating the 9/11 attacks under the FSIA exception provide under 28 U.S.C. § 1605B(b). *See 2011 Decision*, 2011 WL 13244047, at *41.

As Magistrate Judge Netburn correctly noted, while "courts cannot take judicial notice of factual findings made in another case and rely on them 'for the truth of the matter asserted,'" (Report at 3 (citing *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998))), courts can, in the FSIA context, take judicial notice of decisions and review the underlying evidence, "thereby obviating the need for its 're-presentment.'" (*Id.* at 3–4 (citing

2

*Lee v. Islamic Republic of Iran*, 518 F. Supp. 3d 475, 480 (D.D.C. 2021))). The underlying evidence from the 2011 Decision supports the conclusion that Iran's tortious acts—specifically, its provision of material support to al Qaeda—proximately caused the 9/11 attacks, and Plaintiffs' injuries by extension. (*See* Report at 4–6.) Therefore, Plaintiffs have established the applicability of the FSIA exception under 28 U.S.C. § 1605B(b), and this Court has subject-matter jurisdiction under 28 U.S.C. § 1330(a).

Once a court determines that subject matter jurisdiction exists over a foreign state under 28 U.S.C. § 1330(a), personal jurisdiction is straightforward, simply requiring valid service of process under 28 U.S.C. § 1608. *See* 28 U.S.C. § 1330(b). Magistrate Judge Netburn correctly found that Plaintiffs achieved service under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3). (*See* Report at 7.) Therefore, this Court has personal jurisdiction over Iran Defendants.

### III. MAGISTRATE JUDGE NETBURN PROPERLY NOTED THAT THE IRAN DEFENDANTS DEFAULTED

Plaintiffs' effectuation of service triggered a sixty-day period for Iran Defendants to serve "an answer or other responsive pleading to the complaint." 28 U.S.C. § 1608(d). The Iran Defendants failed to do so, and the Clerk of Court entered a Certificate of Default against the Iran Defendants on December 5, 2016. Thus, Magistrate Judge Netburn did not err in finding that Iran defaulted in this action. (*See* Report at 7 (citing Certificate of Default, No. 15-cv-09903, ECF No. 67).)

### IV. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HOLDING THE IRAN DEFENDANTS LIABLE

First, Magistrate Judge Netburn correctly noted that non-U.S. nationals may bring claims through § 1605B(b) and under New York tort law. (*See* Report at 2 (citing *In re 9/11*, 2024 WL

3

4268663 (S.D.N.Y. Jan. 5, 2024) ("King R&R"), report and recommendation adopted by 2024 WL 1312504 (Mar. 26, 2024) ("King Opinion").)

When MDL courts preside over state law claims, they apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). Because Plaintiffs filed their action in this District, this Court looks to New York's choice-of-law rules. (*See* Report at 8.) As Magistrate Judge Netburn noted, this analysis boils down to an evaluation of the "place of the tort—i.e., the jurisdiction where the last event necessary to make the defendant liable occurred. (*See id.* at 8; *In re Sept. 11th Litig.*, 494 F. Supp. 2d 232, 239 (S.D.N.Y. 2007) (citing *Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189, 192 (1985))). Here, Magistrate Judge Netburn did not err in applying New York law to *Burnett* Plaintiffs who suffered injuries in New York. (*See* Report at 9.)

### A. WRONGFUL DEATH

Magistrate Judge Netburn did not err in holding the Iran Defendants liable to Plaintiffs for their wrongful death claims. (*See* Report at 9–10.) New York law imposes liability for (1) the "death of a human being" where (2) "a wrongful act, neglect or default ... caused the decedent's death," (3) the decedent's survivors "suffered pecuniary loss by reason of the decedent's death," and (4) a "personal representative" has been appointed to represent the decedent. *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013). Magistrate Judge Netburn properly concluded that the *Burnett* Plaintiffs' claims satisfy these elements, and the Iran Defendants are liable to them under New York's wrongful death statute. (*See* Report at 10.)

### B. SURVIVAL

Section 11-3.2(b) of New York's Estates, Powers, and Trusts Law preserves causes of action "for injury to [a] person" after the injured person's death. N.Y. Est. Powers & Trust Law § 11-3.2(b) (McKinney 2016). Claims brought under this statute are used in tandem with Section 5-

4.1 wrongful death claims and permit estates to recover for "pain and suffering prior to death" due to a "decedent's injuries." *Johnson v. N.Y. State Police*, 659 F. Supp. 3d 237, 261 (S.D.N.Y. 2023). Magistrate Judge Netburn correctly concluded that the 9/11 victims' estates have satisfied this theory of liability. The decedents sustained fatal injuries in the attacks on the World Trade Center. As this Court explained in granting a personal injury judgment, Iran is liable for aiding and abetting the assault and battery that produced those injuries. (See ECF No. 9666 at 8.) The same facts warrant holding Iran liable for injuries that proved fatal under Section 11-3.2(b).

Therefore, the Court will grant *Burnett* Plaintiffs' request for pain and suffering damages. This Court has consistently awarded $2,000,000.00 for pain and suffering to the estates of 9/11 victims and does so again here, as set forth in Exhibit A.

## C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Magistrate Judge Netburn did not err in holding the Iran Defendants liable for the *Burnett* Plaintiffs' intentional infliction of emotional distress ("IIED") claims. (*See* Report at 11–15.) Under New York law, the tort of IIED "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121 (1993). Based on the evidence that the Plaintiffs have proffered—which the Iran Defendants have admitted is true by virtue of their default—the *Burnett* Plaintiffs have successfully established all four elements of their IIED claims under New York law. (*See* Report at 13–15.) Furthermore, Magistrate Judge Netburn did not err in determining that despite the "presence" and "contemporaneous perception" requirements under the Second and Third Statement of Torts for a third person to recover under an IIED claim, the terrorism exception should apply here. (*See* Report at 14–15.) The 9/11 attacks were designed to

cause severe emotional distress on the general public, and in particular, families of the victims. Despite not being present or not having contemporaneous perception of the Attacks, the *Burnett* Plaintiffs were very much the targets of the IIED tort. Additionally, the objectives to be achieved by imposing the "presence" requirement are already accomplished here: the 9/11 attacks were certainly intended to harm the third persons, and the *Burnett* Plaintiffs' claims of severe distress are genuine and limited. (*See* Report at 15 (citing *Republic of Sudan v. Owens*, 194 A.3d 38, 43 (D.C. 2018).) Magistrate Judge Netburn properly applied New York tort law to the *Burnett* Plaintiffs' IIED claims, establishing liability for the Iran Defendants here. This Court awards damages to family members of 9/11 victims according to an established framework developed for solatium claims. (*See* ECF No. 2623.)

## V. CONCLUSION

The *Burnett* Plaintiffs' motions are GRANTED. It is

**ORDERED** that service of process was properly effectuated upon the Iran Defendants under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3); and it is

**ORDERED** that this Court has subject matter and personal jurisdiction over the Plaintiffs' state law claims against the Iran Defendants under 28 U.S.C. §§ 1330(a) and 1605B(b); and it is

**ORDERED** that judgments as to liability are entered for the Plaintiffs on their wrongful death claims based on New York law against the Iran Defendants as described in this Order; and it is

**ORDERED** that judgments as to liability are entered for the Plaintiffs on their survival claims based on New York law against the Iran Defendants as described in this Order; and it is

**ORDERED** that judgments as to liability are entered for the Plaintiffs on their IIED state law claims against the Iran Defendants as described in this Order; and it is

**ORDERED** that partial final default judgment is entered on behalf of the Plaintiffs identified in Exhibits A and B against the Iran Defendants; and it is

**ORDERED** that the Plaintiffs identified in Exhibit A are awarded pain and suffering and economic damages as set forth therein; and it is

**ORDERED** that the Plaintiffs identified in Exhibit B are awarded solatium damages as set forth therein; and it is

**ORDERED** that Plaintiffs receiving economic damages identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from the date in the "Date of Report" column in Exhibit A until the date of judgment;

**ORDERED** that Plaintiffs receiving pain and suffering damages identified in Exhibit A are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment;

**ORDERED** that Plaintiffs receiving solatium damages identified in Exhibit B are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment;

**ORDERED** that the Plaintiffs identified in Exhibits A and B may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that Plaintiffs not appearing in Exhibits A and B may submit in later stages applications for damages awards to the extent they have not done so already.

The Clerk of Court is directed close the motions at:

- ECF Nos. 10424, 10740, 10808 in 03-md-1570
- ECF No. 862, 927, and 951 in 15-cv-9903

Dated: May 29, 2025
       New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

# Exhibit A

Exhibit A
Non-U.S. National 9/11 Decedents (NY)

| # | Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | Pain & Suffering Damages | | Economic Damages | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Prior Award | Amount | Report | Date of Report | Prior Award | Amount |
| 1 | Joy, Adrian | | Bennett, Bennett | | Oliver | Duncan | Bennett | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 3570 | 9962, at 4-5, 10036 | | $ 2,000,000.00 | | 1/31/2024 | | $ 10,186,843.00 |
| 2 | Derek | Edward | Bristow | | Paul | Gary | Bristow | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 3328 | 9962, at 14, 10036 | | $ 2,000,000.00 | | 1/29/2024 | | $ 12,798,670.00 |
| 3 | Abigail | Jane | Carter | | Caleb | Arron | Dack | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 103 | 9962, at 6, 10036 | | $ 2,000,000.00 | | 1/9/2020 | | $ 18,343,242.00 |
| 4 | David | | de Vere | | Melanie | Louise | De Vere | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 3552 | 9962, at 7, 10036 | | $ 2,000,000.00 | | | | |
| 5 | Raymond | D. | Duger | | Antoinette | | Duger | | Italy | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 1619 | 9962, at 8, 10036 | | $ 2,000,000.00 | | 1/10/2020 | | $ 7,411,252.00 |
| 6 | Ellen | Ruth | Judd | | Christine | | Egan | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 3573 | 9962, at 9, 10036 | | $ 2,000,000.00 | | | | |
| 7 | Timothy, Glyn | | John, John | | Nicholas | | John | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 3250 | 9962, at 10-11, 10036 | | $ 2,000,000.00 | | | | |
| 8 | Angela, Keith | Elizabeth, John | Rogers, Rogers | | Karlie | Barbara | Rogers | | United Kingdom | 9/11/01 | NY (WTC) | 15cv9903 | 1:15-cv-09903, 53, at 3596 | 9962, at 12-13, 10036 | | $ 2,000,000.00 | | | | |

# Exhibit B

Exhibit B - Solatium

| Claimant | | | | | 9/11 Decedent | | | | | | | Claim Information | | | Solatium Damages | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Relationship | Documentation | Prior Award | Amount |
| Justin | Michael | Bennett | | U.K. | Oliver | Duncan | Bennett | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3572 | 10207, at 161, 10219 | Sibling | | | $ 4,250,000.00 |
| Joy | | Bennett | | U.K. | Oliver | Duncan | Bennett | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3571 | 9962, at 4, 10036 | Parent | | | $ 8,500,000.00 |
| Angela | Elizabeth | Rogers | | U.K. | Karlie | Barbara | Rogers | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3595 | 9962, at 12, 10036 | Parent | | | $ 8,500,000.00 |
| Keith | | Rogers | | U.K. | Karlie | Barbara | Rogers | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3596 | 9962, at 13, 10036 | Parent | | | $ 8,500,000.00 |
| Joanna | K. | Wells | | U.K. | Vincent | Michael | Wells | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3615 | 10207, at 182, 10219 | Sibling | | | $ 4,250,000.00 |
| Timothy | | John | | U.K. | Nicholas | | John | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3215 | 9962, at 11, 10036 | Sibling | | | $ 4,250,000.00 |
| Keith | Trevor | Cudmore | | U.K. | Neil | James | Cudmore | | U.K. | 9/11/01 | NY | 9903 | 15-cv-09903, 53, at 3325 | 10207, at 178, 10219 | Sibling | | | $ 4,250,000.00 |
| Matthew | Ian | Campbell | | U.K. | Geoffrey | Thomas | Campbell | | U.K. | 9/11/01 | NY | 9903 | | 1:15-cv-09903, 826, at 1 | Sibling | | | $ 4,250,000.00 |
| Maureen | Lucille | Campbell | | U.K. | Geoffrey | Thomas | Campbell | | U.K. | 9/11/01 | NY | 9903 | | 1:15-cv-09903, 826, at 2 | Parent | | | $ 8,500,000.00 |
| Robert | Benjamin | Campbell | | U.K. | Geoffrey | Thomas | Campbell | | U.K. | 9/11/01 | NY | 9903 | | 1:15-cv-09903, 826, at 3 | Sibling | | | $ 4,250,000.00 |