UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
:
IN RE:                                   :    MEMORANDUM DECISION
                                         :    AND ORDER
TERRORIST ATTACKS ON                     :
SEPTEMBER 11, 2001                       :    03 MDL 1570 (GBD) (SN)
                                         :
                                         :
----------------------------------------x

This document relates to:

    *Burnett v. Islamic Republic of Iran*, No. 15-cv-09903 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

    Two *Burnett* Plaintiffs, Manuel Gonzalez and Renato Olaes, as the Personal Representative of the Estate of Dalisay Olaes, moved for partial final default judgment against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (collectively, the "Iran Defendants"). (ECF Nos. 10362, 10772.)[1] Before this Court is Magistrate Judge Sarah Netburn's April 11, 2025 Report and Recommendation ("the Report"), recommending that this Court grant their motions. (Report, ECF No. 10858.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 9.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. LEGAL STANDARDS

    A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN).

1

*Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F.Supp.2d 34, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted.)

## II. MAGISTRATE JUDGE NETBURN CORRECTLY CONCLUDED THAT JURISDICTION EXISTS

The Court has both subject matter and personal jurisdiction over the Iran Defendants. (*See* Report at 2–5). As Magistrate Judge Netburn correctly noted, 28 U.S.C. § 1605A confers subject matter jurisdiction over personal injuries claims by U. S. nationals. (Report at 3.) Once a court determines that subject matter jurisdiction exists over a foreign state under 28 U.S.C. § 1330(a), personal jurisdiction is straightforward, simply requiring valid service of process under 28 U.S.C. § 1608. *See* 28 U.S.C. § 1330(b). Magistrate Judge Netburn correctly found that Plaintiffs achieved service under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3). (*See* Report at 3–5.) Therefore, this Court has personal jurisdiction over the Iran Defendants.

## III. MAGISTRATE JUDGE NETBURN PROPERLY NOTED THAT THE IRAN DEFENDANTS DEFAULTED

Plaintiffs' effectuation of service triggered a sixty-day period for the Iran Defendants to serve "an answer or other responsive pleading to the complaint." 28 U.S.C. § 1608(d). The Iran Defendants failed to do so, and the Clerk of Court entered Certificates of Default against the Iran Defendants on December 5, 2016. Thus, Magistrate Judge Netburn did not err in concluding that the Iran Defendants defaulted in this action. (*See* Report at 5 (citing Certificates of Default, No. 15-cv-09903, ECF No. 67.)

## IV. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HOLDING THE IRAN DEFENDANTS LIABLE

This Court already "granted the *Burnett* Plaintiffs default judgment as to liability." (Report at 5 (citing 15-cv-09903, Order of Judgment, ECF No. 85).) This decision arose under 28 U.S.C. § 1605A(c), and therefore, applies to U.S. nationals, like the moving *Burnett* Plaintiffs here.

## V. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the 9/11 attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(Mem. Decision and Order, ECF No. 5946, at 3.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what types of injuries this Court will typically consider to be "significant," "severe," or "devastating." (Personal Injury Report at 6–9.) Magistrate Judge Netburn reserved the Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6.)

Here, Magistrate Judge Netburn properly determined that awards of pain and suffering damages are appropriate. (Report at 5–8.) Plaintiffs submitted declarations wherein they extensively detailed the injuries they sustained during the September 11, 2001 terrorist attacks.

3

(*See* Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 10364; Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 10774.) The Report accurately describes the relevant injuries, and Magistrate Judge Netburn did not err in her categorization of each injury as "significant," or "severe." Additionally, Magistrate Judge Netburn appropriately found that Plaintiffs should also be awarded prejudgment interest at a rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment. (Report. at 8).

## VI.  CONCLUSION

The motions by *Burnett* Plaintiffs, Manuel Gonzalez and Renato Olaes, as the Personal Representative of the Estate of Dalisay Olaes, are GRANTED. It is

**ORDERED** that service of process was properly effectuated upon the Iran Defendants under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3); and it is

**ORDERED** that this Court has subject matter and personal jurisdiction over the Plaintiffs' claims against the Iran Defendants under 28 U.S.C. §§ 1330(a) and 1605A; and it is

**ORDERED** that judgments as to liability are entered for the U.S. national *Burnett* Plaintiffs on their 28 U.S.C. § 1605A claims against the Iran Defendants as described in this Order; and it is

**ORDERED** that a partial final default judgment is entered on behalf of the two *Burnett* Plaintiffs, Manuel Gonzalez and Renato Olaes, as the Personal Representative of the Estate of Dalisay Olaes, against the Iran Defendants; and it is

**ORDERED** that Manuel Gonzalez be awarded pain and suffering damages in the amount of $5 million; and it is

**ORDERED** that Renato Olaes, as the Personal Representative of the Estate of Dalisay Olaes, be awarded pain and suffering damages in the amount of $7 million; and it is

**ORDERED** that the two *Burnett* Plaintiffs receiving pain and suffering be awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of judgment; and it is

**ORDERED** that the two *Burnett* Plaintiffs may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court.

The Clerk of the Court is directed to close the motions at:

- ECF Nos. 10362 and 10772 in 03-md-1570
- ECF Nos. 854 and 940 in 15-cv-9903.

Dated: May 29, 2025
New York, New York

SO ORDERED

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge