UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Burnett v. Islamic Republic of Iran,* 15-cv-09903 (GBD)(SN)
*BNY Mellon, et al. v. Islamic Republic of Iran,* 19-cv-11767 (GBD)(SN)
*Deborah Bodner, et al v. Islamic Republic of Iran*, 19-cv-11776 (GBN)(SN)

**The *Halloran* and *Jordan* Wrongful Death Plaintiffs' Motion for Entry of
Awards of Compensatory Economic Damages, Conscious Pain and Suffering
Damages & an Amended Partial Default Judgment Against the Islamic Republic of Iran**

For the reasons set forth below, and the exhibits attached to and statements contained in the Declaration of John F. Schutty, Esq. ("Schutty Declaration"), Marie Halloran, individually as spouse, and as Personal Representative of the Estate of Vincent Halloran, deceased; Declan Halloran, individually as surviving child of Vincent Halloran, deceased; Phelan Halloran, individually as surviving child of Vincent Halloran, deceased; Jake Halloran, individually as surviving child of Vincent Halloran, deceased; Kieran Halloran, individually as surviving child of Vincent Halloran, deceased; Aidan Halloran, individually as surviving child of Vincent Halloran, deceased; Conor Halloran, individually as surviving child of Vincent Halloran, deceased; and Lisa Jordan, individually as spouse, and as Personal Representative of the Estate of Andrew Jordan, deceased; Matthew Jordan, individually as surviving child of Andrew Jordan, deceased; Kelsey Jordan, individually as surviving child of Andrew Jordan, deceased; and Sean Jordan, individually as surviving child of Andrew Jordan, deceased (collectively the "*Halloran* and *Jordan* Plaintiffs").

Plaintiffs herein, a *BNY Mellon and Bodner* subset of *Burnett* Plaintiffs,[1] respectfully apply for awards of compensatory conscious pain and suffering and economic loss damages to be added to their existing partial final judgment against the Defendant Islamic Republic of Iran ("Iran"). The *Halloran* and *Jordan* plaintiffs were previously awarded only solatium damages – *see* 03-md-1570 MDL ECF#7522 – and now request a supplemental award of economic loss damages and conscious pain and suffering damages. The *Halloran* and *Jordan* Plaintiffs request an Order:

(1) Acknowledging that this Court has not previously granted the *Halloran* and *Jordan* Plaintiffs damages for their decedent's conscious pain and suffering and economic loss damages against Defendant Iran, but that it may do so now;[2]

(2) Acknowledging that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.* 03-md-1570 ECF#7522] against the Defendant Iran; and now,

(3) Now awarding economic loss damages in the amounts set forth herein, as

---

[1]  *See Halloran* Short Form Complaint, *BNY Mellon, et al. Islamic Republic of Iran*, No. 19-CV-11767 (GBD) (SN) (S.D.N.Y. Dec. 27, 2019), ECF #5 at 3-4, which expressly incorporates "all causes of action" set forth in the Amended Complaint in *Burnett v. Islamic Republic of Iran*, SDNY No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53, and *Jordan* Short Form Complaint, *Bodner, et al. Islamic Republic of Iran*, No. 19-CV-11776 (GBD) (SN) (S.D.N.Y. Dec. 27, 2019), ECF #5 at 3-4, which expressly incorporates "all causes of action" set forth in the Amended Complaint in *Burnett v. Islamic Republic of Iran*, SDNY No. 15-CV-9903 (GBD)(SN) (S.D.N.Y. Feb. 8, 2016), ECF No. 53.

[2]  On January 4, 2022, Judge George B. Daniels issued an order awarding damages for solatium (individually: spouse and children) for the *Halloran* and *Jordan* plaintiffs. *See* MDL ECF#7522: "Ordered that . . . are awarded solatium damages of $12,500,000 per spouse … $8,500,000 per child …,", and "Ordered that . . . may submit an application for punitive damages, economic damages, or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue . . ."

supported by the attached economic expert report and analysis.

This motion is made only on behalf of the appointed Personal Representative and state-recognized heirs of the Estates of Vincent Halloran and Andrew Jordan, and specifically, the individuals and amounts listed in the simultaneously filed "Proposed Order Awarding Compensatory Economic Damages, Conscious Pain and Suffering & an Amended Partial Default Judgment Against Iran on Behalf of the *Halloran* and *Jordan* Plaintiffs," in light of this Court's previous order granting permission to allow certain remaining *Burnett* Plaintiffs to move for this relief. *See* 03-md-1570 (15-cv-09903) (S.D.N.Y.) (GBD) (FM), Doc. No. 90, filed 07/31/2017.

**Award of Economic Damages**

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] . . . entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466 F. Supp. 2d 229. Thus, for example, Royce C. Lamberth of the United States District Court for the District of Columbia, in a series of decisions issuing final judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F. Supp. 2d at 78.

Previously, this Court awarded economic damages in each *Havlish* case for the "economic

losses stemming from the wrongful death of the decedent[.]" *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 2-3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports. The Estates of Vincent Halloran and Andrew Jordan respectfully ask this Court to award conscious pain and suffering and economic loss damages set forth in the simultaneously filed "Proposed Order Awarding Compensatory Economic Damages, Conscious Pain and Suffering & an Amended Partial Default Judgment Against Iran on Behalf of the *Halloran and Jordan* Plaintiffs" and supported by the economic expert reports attached as Exhibits A and B to the Schutty Declaration. The Personal Representatives and claimants listed in the "Proposed Order Awarding Compensatory Economic Damages, Conscious Pain and Suffering & an Amended Partial Default Judgment Against Iran on Behalf of the *Halloran* and *Jordan* Plaintiffs" opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and in connection with those claims, gathered information relevant to the economic losses suffered as result of their decedent's wrongful death, which included both documentary evidence of the decedent's earnings as well as interviews with decedent's surviving spouse, colleagues and other witnesses. The Estates of Vincent Halloran and Andrew Jordan retained experts who have rendered opinions as to the economic losses that resulted from the wrongful deaths of Mr. Halloran and Mr. Jordan. Attached as Exhibits A and B to the Schutty Declaration are the economic expert reports that details the economic losses. The expert reports include a description of the methodology used for his calculations.

**Conclusion**

For all the reasons herein, as well as those set forth in the previous submissions of the *Burnett* Plaintiffs and other plaintiffs, the *Halloran* and *Jordan* Plaintiffs herein respectfully request

that this Court grant the accompanying proposed Order:

(1)    Acknowledging that this Court has previously granted the *Halloran* and *Jordan* plaintiffs damages for their decedent's solatium damages against Defendant Iran;[3]

(2)    Acknowledging that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.* 03-cv-1570 ECF#7522] against the Defendant Iran; and now,

(3)    Awarding economic loss damages to the Estate of Vincent Halloran in the amounts set forth herein ($3,612,754 million), as supported by the attached economic expert report and analysis;

(4)    Awarding economic loss damages to the Estate of Andrew Jordan in the amounts set forth herein ($2,607,424 million), as supported by the attached economic expert report and analysis;

(5)    Awarding a conscious pain and suffering award to the Estates of Vincent Halloran and Andrew Jordan in the amount set forth herein ($2,000,000 million).

Dated:  New York, New York
        June 19, 2025

Respectfully submitted,

LAW OFFICE OF JOHN F. SCHUTTY, P.C.

By: /s/ *John F. Schutty*
John F. Schutty (JS2173)
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (646) 345-1441
*Counsel for the Halloran Plaintiffs*

---

[3]    See footnote 2.