![Cozen O'Connor]

June 24, 2025

Sean P. Carter
Direct Phone   215-665-2105
Direct Fax     215-701-2105
scarter1@cozen.com

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Daniels:

    On behalf of Plaintiffs with claims against Al Rajhi Bank ("ARB"), we write to call to the Court's attention the Supreme Court of the United States' decision issued last week in *Fuld v Palestine Liberation Org.*, No. 24-20 ---- U.S. ---- (June 20, 2025). The formal question before the Court in *Fuld* concerned the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA"), a statute enacted to ensure that federal courts possess jurisdiction to hear cases arising from terrorist attacks overseas. *Id.*, slip. op. at 1. In ruling that the PSJVTA's personal jurisdiction provision does not violate the Fifth Amendment's Due Process Clause, the Court announced several new principles that control the due process analysis for Plaintiffs' claims under the Anti-Terrorism Act ("ATA"), and directly rejected the very legal arguments upon which ARB's pending motion to dismiss rests. *Fuld* leaves no doubt that this Court possesses personal jurisdiction over ARB for Plaintiffs' claims arising from the September 11th attacks.

    First, the Supreme Court held that the "minimum contacts" and "purposeful availment" standards governing personal jurisdiction under the Fourteenth Amendment, which guarantees due process by the states, <u>do</u> <u>not</u> apply to due process assessments under the Fifth Amendment. The Court explained that the personal jurisdiction limits under the Fourteenth Amendment emerged "'as a consequence of territorial limitations on the power of the respective States,'" *id. at 10* (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)), but that "[t]hese interstate federalism concerns, however, do not apply to limitations under the Fifth Amendment upon the power of the Federal Government and corollary authority of the federal courts." *Id.* at 10-11. Accordingly, "the Due Process Clause of the Fifth Amendment necessarily permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Id.* at 12. Under this analysis, the tests set forth in *Calder v. Jones*, 456 U.S. 783 (1984), and *In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71 (2d Cir. 2008), are not applicable.

    Second, the Court recognized the United States' "exceedingly compelling interest, as part of its comprehensive efforts to deter international terrorism," in providing ATA plaintiffs with a

The Honorable George B. Daniels
June 24, 2025
Page 2

---

forum to hold sponsors of such terrorism accountable. *Fuld*, slip. op. at 20. The Court emphasized the deference afforded Congress and the Executive in matters implicating foreign policy and national security issues, and that Congress enacted the ATA to "'ope[n] the courthouse door to victims of international terrorism' by 'extend[ing] the same jurisdictional structure that undergirds the reach of American criminal law to the civil remedies that it defines.'" *Id.* at 12. Further, the "ATA provides for nationwide service of process and venue and exclusive jurisdiction in federal courts," measures that "should be afforded substantial weight as a legislative articulation of federal social policy." *Id.* at 3, 17 (quoting 4 Wright, Federal Practice and Procedure 1068.1, at 733). Congress made this policy all the more clear in the Justice Against Sponsors of Terrorism Act ("JASTA"), which expressly reaffirmed the United States' vital interest in "provid[ing] civil litigants with the broadest possible basis, consistent with the Constitution of the United States, to seek relief against persons, entities, and foreign countries, wherever acting and wherever they may be found, that have provided material support, directly or indirectly, to foreign organizations or persons that engage in terrorist activities against the United States." JASTA §2(b), Pub. L. 114-222, 130 Stat. 852, 853 (2016).

Third, to the extent the Fifth Amendment might entail an inquiry into the reasonableness of the assertion of jurisdiction in the particular case, also a question the Court left open, it is readily satisfied in cases seeking redress under the ATA against a sophisticated international defendant like ARB. The Court noted that the factors applied to determine the reasonableness of jurisdiction under the Fourteenth Amendment include the "burden on the defendant, the interests of the forum State, and the plaintiffs' interest in obtaining relief." *Fuld*, slip. op. at 20. The Court found that the claims in *Fuld* "tick[ed] all three boxes," given the United States' national security and related interests in providing a forum for ATA claims, the plaintiffs' strong interest in seeking justice through ATA actions in U.S. courts, and the fact that the defendants were "sophisticated international organizations" that had been litigating ATA claims in U.S. courts for many years. *Id.*

*Fuld* decisively resolves ARB's pending jurisdictional challenge in Plaintiffs' favor. As this Court elsewhere has recognized, Plaintiffs' jurisdictional theories in this case predicated on the ATA and Fed. R. Civ. P. 4(k)(2) are governed by the Fifth Amendment. *See* ECF No. 8911 at 16-17. ARB's motion to dismiss hinges on the theory that the minimum contacts and purposeful availment requirements under the Fourteenth Amendment also apply in the Fifth Amendment context. *Fuld* has thus eliminated the very basis for ARB's motion.

Further, under the Fifth Amendment's "more flexible" jurisdictional inquiry, *Fuld* confirms the United States' "exceedingly compelling" interest in providing a forum for the precise category of civil claims against ARB here. That interest is especially vital in the present case, given that the claims at issue arise from a terrorist attack on U.S. soil.

Finally, like the defendants in *Fuld*, ARB is a sophisticated international organization (with a longstanding commercial presence in the United States) which has been litigating ATA claims in this Court for years, and ARB's motion to dismiss does not "contend that litigating these cases in the United States would force them to bear an unfair or unmanageable burden." *Fuld*, slip. op. at 20; *see also* ECF No. 8911 at 19 (recognizing the exercise of jurisdiction over DIB would be reasonable, and would not impose an unreasonable burden where the defendant has participated in litigation for years and is ably-represented by U.S.-based counsel, and in view of the United States'

The Honorable George B. Daniels
June 24, 2025
Page 3

_____

strong interest in providing redress for victims of terrorism). Thus, to the extent the Fifth Amendment inquiry entails a reasonableness inquiry, it is beyond plausible dispute that it would be satisfied here.

Given the Supreme Court's decision in *Fuld*, and especially insofar as Plaintiffs' prior submissions demonstrated that the exercise of jurisdiction over ARB for Plaintiffs' ATA claims would comport even with the more stringent standards of the Fourteenth Amendment, Plaintiffs respectfully submit that this Court's jurisdiction over ARB is manifest. Plaintiffs recognize that the Court has not received full briefing on *Fuld*, and stand ready to provide appropriate submissions, should the Court deem additional briefing warranted and helpful.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Sean P. Carter*

By:   Sean P. Carter

SPC

cc:   All MDL Counsel of Record (via ECF)

LEGAL\78592090\1