

July 1, 2025

Sean P. Carter
Direct Phone   215-665-2105
Direct Fax   215-701-2105
scarter1@cozen.com

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Daniels:

    Plaintiffs with claims against Al Rajhi Bank ("ARB") write in reply to the June 27, 2025 letter submitted by ARB, ECF No. 11043, in response to Plaintiffs' supplemental authority letter concerning the Supreme Court's decision in *Fuld v Palestine Liberation Org.*, No. 24-20, 606 U.S. ---, 2025 WL 1716140 (June 20, 2025), ECF No. 11035. ARB mischaracterizes the record and the Supreme Court's decision in *Fuld*, which plainly governs the due process analysis and confirms this Court's jurisdiction over ARB for Plaintiffs' federal ATA and JASTA claims.

    Initially, ARB's claim that Plaintiffs have asserted jurisdiction over ARB solely under the New York long-arm statute and Fourteenth Amendment, ECF No. 11043 at 1, is demonstrably false. To the contrary, Plaintiffs' opposition to ARB's motion to dismiss, ECF No. 10152 at 36-37, expressly argued:

> Plaintiffs note that an emerging body of scholarship and jurisprudence supports the conclusion that the Due Process Clause of the Fifth Amendment allows for a more robust and expansive assertion of jurisdiction in this context than the Fourteenth Amendment. *See, e.g.*, *Fuld v. Palestine Liberation Org. & the Palestinian Auth.*, 22-cv-76, 2024 WL 2103762, *217 (2d Cir. May 10, 2024) (Menashi, J., dissenting) (citing case law and "[r]ecent scholarship" showing that Fifth Amendment does not limit exercise of personal jurisdiction by federal courts); *see also Lewis v. Mutond*, 62 F.4th 587, 598 (D.C. Cir. 2023) (Rao, J. concurring) ("There is little (or no) evidence that courts and commentators in the Founding Era understood the Fifth Amendment's Due Process Clause to impose a minimum contacts requirement. On the contrary, the widespread assumption was that Congress could extend federal personal jurisdiction by statute."). Consistent with this emerging authority, Plaintiffs submit that JASTA plainly authorizes the exercise of jurisdiction over ARB, in view of the express and vital national security interests underlying that statute's enactment.

The Honorable George B. Daniels
July 1, 2025
Page 2

_____

As the above passage undeniably confirms, Plaintiffs were explicit that they were invoking federal jurisdiction under JASTA and the ATA governed by the Fifth Amendment.[1] ARB's reply to Plaintiffs' opposition, meanwhile, offered no argument contesting the applicability of the Fifth Amendment to Plaintiffs' jurisdictional theories, as expressly invoked by Plaintiffs.[2]

Plaintiffs' invocation of federal statutory jurisdiction and the Fifth Amendment were, in turn, informed by the prior rulings of the Court that establish the law of the case in this MDL, including the very decisions ARB invoked in its motion. As early as 2005, Judge Casey ruled that Rule 4(k)(2) "acts as a personal jurisdiction gap-filler 'in the enforcement of federal law.'" *See In re Terrorist Attacks on September 11, 2001*, 349 F. Supp. 2d 765, 807 (2d Cir. 2005) (reversed on other grounds). More recently, this Court's decision addressing personal jurisdiction as to Dubai Islamic Bank explained that Plaintiffs' jurisdictional theories in this litigation implicated both federal statutory jurisdiction under the ATA and Rule 4(k)(2) governed by the Fifth Amendment, and theories under state long-arm statutes as to which the Fourteenth Amendment applied. *See* ECF No. 8911 at 15-16 (holding that the ATA and Rule 4(k)(2) provide an alternative statutory basis for jurisdiction governed by the Fifth Amendment's Due Process Clause).[3] Significantly, ARB urged that the Court should look to that decision as "controlling" law and precedent.[4]

ARB's remaining arguments distort the Supreme Court's holdings in *Fuld* and their obvious implications to the present jurisdictional dispute. Contrary to ARB's claims, *Fuld* is not in "[m]ere tension" with prior Second Circuit precedent, ECF No. 11043 at 3, and does not narrowly concern "*Congress's authority* to enact jurisdiction-conferring statutes, *id.* at 4 (emphasis original). Instead, *Fuld* addressed a core Constitutional issue the Court long had "expressly reserved" – "whether the *Fifth* Amendment imposes the same restrictions [as the Fourteenth Amendment] on the exercise of personal jurisdiction by a *federal* court." *Fuld,* 2025 WL 1716140 at *6 (emphasis in original). In deciding that question, the Court directly overturned the Second Circuit's precedent holding that the "due process analyses under the Fifth and Fourteenth Amendments parallel one another in civil cases," *id.* at *5, and instead held that the "Fifth Amendment necessarily permits a more flexible jurisdictional inquiry commensurate with the Federal Government's broader sovereign authority." *Id.* at *9.

_____

[1] Plaintiffs' opposition to ARB's original motion to dismiss included a similar express invocation of federal jurisdiction and reservation of arguments that Fourteenth Amendment due process limits did not apply to the "analysis of due process under the Fifth Amendment for claims arising under the ATA." ECF No. 3835 at 12, n. 4. Plaintiffs again presented these express arguments in their successful appeal to the Second Circuit. *See Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank,* No. 18-1201 (2d Cir.), ECF No. 127 at 23, n.2 (reserving right to argue that Fifth Amendment provides the basis for a "considerably more robust assertion of personal jurisdiction").

[2] Insofar as *Fuld* overturned Second Circuit precedent that controlled at the time of briefing, Plaintiffs would be entitled to assert jurisdiction in accordance with *Fuld's* new framework even if they had not expressly reserved these arguments (but they did).

[3] Although this Court's prior determination that Rule 4(k)(2) provides a statutory basis for jurisdiction renders it unnecessary for the Court to reach the question, ARB is also wrong to suggest that the ATA and JASTA do not include a Congressional authorization of jurisdiction. Congress allowed for nationwide service of process and granted the federal courts exclusive jurisdiction over claims brought pursuant to the ATA's authority. Congress amplified these jurisdictional provisions through JASTA's directive that courts provide ATA litigants with the "broadest possible basis, consistent with the Constitution" to seek relief against material supporters of terrorism. These provisions serve as a very clear authorization of jurisdiction for purposes of Rule 4(k)(1).

[4] ARB did not mention statutory jurisdiction in its opening or reply briefs at all, and never contested the applicability of federal statutory jurisdiction or the Fifth Amendment.

The Honorable George B. Daniels
July 1, 2025
Page 3

     ARB fares no better with its illogical claims that *Fuld* is implicated only where Congress expressly confers personal jurisdiction. Most clearly, the Supreme Court's directive that courts apply a "more flexible jurisdictional inquiry" under the Fifth Amendment applies in any case where the due process analysis is governed by the Fifth Amendment. Here, this Court already has recognized that the Fifth Amendment governs Plaintiffs' jurisdictional theories under the ATA (as amended by JASTA) and Rule 4(k)(2).[5]

     ARB's related claims that JASTA should be construed as reflecting Congress's intent to impose the more stringent Fourteenth Amendment minimum contacts test in ATA cases are contrary to the plain language and purpose of JASTA itself, as well as *Fuld's* extensive discussion of the Federal Government's compelling interest in holding ATA defendants to account in U.S. courts. Again, JASTA directed courts to provide ATA litigants with the "broadest possible basis, consistent with the Constitution" to seek redress in U.S. courts, language that clearly contemplates the broadest basis of jurisdiction permissible under the Constitution. *Fuld* readily confirms this understanding, recognizing that the ATA is a vital counterterrorism measure and that Congress intended to "open the courthouse door" by "extend[ing] the same jurisdictional structure that undergirds the reach of American criminal law." *Id.* at *8.

     Finally, ARB's concern is misplaced insofar as it claims the jurisdictional inquiry embraces an unbounded analysis or an "anything-goes approach" rejected by *Fuld*. The ATA applies only to a narrow category of claims where a defendant is alleged to have harmed a U.S. national by committing, or aiding and abetting, an act of international terrorism. 18 U.S.C. §§ 2333(a), (d). The ATA has no relevance to the "run-of-the-mill private defendant" and thus cannot result in a "broad risk" of ordinary foreign entities "being haled into U.S. courts for myriad civil liability actions." *Fuld*, 2025 WL 1716140 at *11. Recognizing the federal courts' jurisdiction over Plaintiffs' claims against ARB will not unleash a torrent of litigation without meaningful connection to the United States. And it is especially appropriate and fair in this case, given that the attacks giving rise to the claims were carried out on U.S. soil, and because ARB is a sophisticated international bank that conducts extensive commercial activities in and through the United States. *See* ECF No. 10582 at ¶¶ 429-488; ECF No. 10152 at 43-47.

---

[5] Chief Justice Roberts' observation that the differences between the Fifth and Fourteenth Amendments is implicated in "only a subset of federal cases" merely acknowledges that personal jurisdiction in many federal court cases is governed exclusively by state long-arm statutes and the Fourteenth Amendment. That is true, for example, in diversity cases arising solely under state law, or cases where the defendant is subject to general jurisdiction in a state and the federal statute in issue is silent on jurisdiction. *See e.g.* Fed. R. Civ. P. 4(k)(1)(C) (applicable where jurisdiction authorized by a federal statute); Fed. R. Civ. P. 4(k)(2) (applicable only where the defendant "is not subject to jurisdiction in any state's courts of general jurisdiction"). The present case, however, is squarely within the subset of cases where the Fifth Amendment is implicated, because both Fed. R. Civ. P. 4(k)(1)(C) and 4(k)(2) apply.

The Honorable George B. Daniels
July 1, 2025
Page 4

Respectfully submitted,

COZEN O'CONNOR

By:   Sean P. Carter

SPC

cc:   All MDL Counsel of Record (via ECF)

LEGAL\78743615\1