UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MD-01570 (GBD)(SN)

**ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton v. al Qaeda Islamic Army, 02-cv-6977 (GBD)(SN)

    Plaintiffs in Ashton v. al Qaeda Islamic Army, 02-cv-6977 (the "Ashton Plaintiffs"), move to amend their complaint under Federal Rules of Civil Procedure 15 and 17. ECF No. 11064.[1] They seek to clarify the capacities of plaintiffs named in the Ashton Sixth Amended Complaint, which was filed on September 30, 2005. No. 02-cv-6977, ECF No. 465. The complaint did not indicate that these plaintiffs were asserting claims as individuals or as legal guardians of minor children; they are listed only as the representatives of decedents' estates and survivors. ECF No. 11065 at 2–4. In the case of children, this includes plaintiffs who were minors when they were added to the case and whose claims were subsumed into that of their guardian. Id. These parties have since reached the age of majority and are prosecuting their claims in their own name as the real party in interest.[2] The proposed amendments do not materially change any fact, claim, or party in this matter. The Court has previously permitted similar amendments. See, e.g., ECF Nos. 4778, 8487.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

[2] In one case, the Plaintiffs also wish to correct the caption to reflect that a former minor child is now deceased.

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave. Courts are directed to "freely give leave when justice so requires." Id. This decision is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v. Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)). See Foman v. Davis, 371 U.S. 178, 182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . .") The Court does not find any reason to deny leave to amend.

The Ashton Plaintiffs' motion is therefore GRANTED:

- The claims of plaintiffs named in the Ashton Sixth Amended Complaint are clarified to include the multiple capacities in which various plaintiffs are pursuing claims, as provided for in ECF No. 11066-1;
- Under Rule 15(c), this Order amends the operative pleadings in this action and relates back to when each of the individuals originally named in the pleading were added to this action.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 11064 and the related motion at ECF No. 2299 in Ashton, No. 02-cv-6977.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    July 24, 2025
          New York, New York