UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al*., 02-cv-6977 (GBD)(SN)
*Burlingame, et al. v. Bin Laden, et a*l. No. 02-cv-07230 (GBD)(SN)
*Bauer, et al. v. Al Qaeda Islamic Army, et al*. No. 02-cv-07236 (GBD)(SN)

### *Ashton* Plaintiffs' Joint Certificate of Service by Publication, Twitter and E-mail of Partial Final Judgments Against The Taliban and DAB on Behalf of U.S. Nationals

The undersigned, Andrew J. Maloney, III, hereby certifies as follows:

1. As an attorney of record for the *Ashton* Plaintiffs'[1] in the above-captioned MDL, I am certifying the steps taken pursuant to this Court's Order of February 19, 2025, ECF No. 10728, that provided authority for alternative service methods in order to serve the Taliban and Da Afghanistan Bank ("DAB") with notice of the partial final judgments entered against the Taliban on behalf of U.S. Nationals representing some of the estates of those individuals murdered on September 11, 2001. The notices served did not discuss or mention any potential turnover motion pursuant to the Court's directive.

    A. Beginning on March 12, 2025, Notice was published, in the form attached as **Exhibit A**, in *Al Quds Al-Arabi* and the *New York Times* once a week for four weeks with an electronic address such as a URL or QR code that directs the reader to easily accessible online versions of the relevant filings;

    B. The New York Times published the notice on March 12; March 19, March 26 and April 2, 2025. (See **Exhibit B**);

---

[1] For the purposes of this motion, the *Ashton* Plaintiffs include those in the 6th Amended Complaint including *Burlingame, et al. v. Bin Laden, et al*. No. 02-cv-07230; and *Bauer, et al. v. Al Qaeda Islamic Army*, et al. No. 02-cv-07236.

C. in *Al Quds Al-Arabi* published the notice in Arabic on March 12, March 19, March 26, and April 2, 2025 (see **Exhibit C**);

D. By communications to the Twitter (now "X") accounts of Taliban First Deputy Prime Minister Abdullah Azzam (@Abdullah_azzam7) and Taliban political spokesman Mohammed Naeem (@IeaOffice), on May 22, 2025 (see **Exhibit D)**.

E. By communications to the Twitter account to which the DAB's website is linked (@AFGcentralbank) on May 22, 2025 (see **Exhibit D**); and

F. By email to the account posted on DAB's official website (info@dab.gov.af) (see **Exhibit E**).

Procedural Background

2. On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, Iran and the Taliban, among others. *See* 02-cv-6977 (S.D.N.Y.) ECF 1. That complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

3. Pursuant to this Court's order, the *Ashton* Plaintiffs served the *Taliban* Defendants by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the *Taliban*, was provided on March 16, 2005, and March 31, 2005, for publication in both English and Pashto, consistent with the service Order. ECF 709, 735.[2] The *Taliban* failed to appear and never answered. The *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the

---

[2] The publication notices directed the named defendants to the MDL docket and advised them in both English and Pashto that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

defendants listed in Exhibit B to the *Ashton* Plaintiffs' motion, including the *Taliban*).³ That is, as of May 12, 2006, the *Ashton* Plaintiffs had a liability default judgment against the *Taliban*, among others.

4.      The Court granted the *Ashton* Plaintiffs partial final damages judgments against the Taliban on behalf of the U.S. Nationals' estates and their immediate family members on March 30, 2023 at ECF No. 8973 in 1:03-md-1570-GBD-SN; and on June 27, 2023 at ECF 9167 The Court granted the same relief to the *Parker* and *Suarez* plaintiffs (who are part of the *Ashton* action) by Order dated October 28, 2024 at ECF No. 10468.

5.      The United States does not have diplomatic relations with the Taliban and none of the traditional means of service by mail or courier are available. Personal service is dangerous and impractical, and both this Court at ECF No. 7830 (noting that "[g]iven the precarious security situation in Afghanistan, personal service on DAB appears neither viable or advisable." Id. at 14; and that the Taliban and DAB already had actual notice of these proceedings, based on their representatives' public comments *Id.* at 7, 13); and the Second Circuit Court of Appeals, in *William Wodenshek, et al. v. Da Afghanistan Bank*, 22-965(L) and *Sarah Wodenshek v. Taliban*, 22-975(Con), further authorized alternative service in the manner sought herein.

6.      For all of the reasons set forth in the *Ashton* Plaintiffs motion to authorize alternative service methods (ECF No. 10626, filed 12/12/24) this Court granted the request for service of the partial final judgments by alternative means but directed Plaintiffs not to mention

---

³ This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF 1797.  When referring to *Ashton* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are U.S. Nationals and the personal representatives of or immediate family members of the estates added to the lawsuit as of the Sixth Amended Complaint.

any potential turnover motion for the time being. The Notice advised the Taliban that it had 60 days to respond to Court's Order of partial final judgment. More than 60 days have passed since the Ashton Plaintiffs served the Taliban and no response of any kind has been received from the Taliban or DAB.  The *Ashton* Plaintiffs respectfully request permission to file a motion for turnover of the Taliban assets at DAB held at the NY Federal Reserve should the Court of Appeals decide the pending legal issues and return the matter to the District Court.

Dated: August 19, 2025
New York, NY

/s/ Andrew J. Maloney, III
Andrew J. Maloney, III