UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN)

**MOTION TO SUBSTITUTE PARTIES**

   The plaintiffs identified in Exhibit A hereto respectfully move this Court pursuant to Fed. R. Civ. P. 15(a)(2) for leave to amend the *Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN) ("*Ashton*") complaint to correct their names and identities, as set forth in Exhibit A. This motion does not add any additional parties, but seeks only to correct the claim names and capacity of the plaintiffs set forth in Exhibit A.

**Procedural Background**

   On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against a number of terrorist organizations, individuals, nation-states, charities and other organizations that wee alleged to have conspired to plan and execute the September 11, 2001 terrorist attacks. *See* 02-cv-6977 (S.D.N.Y.) (GBD)(SN), ECF 1. The *Ashton* matter was consolidated for liability purposes and mandated to proceed under *Ashton, et al. v. al Qaeda Islamic Army, et al. See* 02-cv-6977 (S.D.N.Y.) (GBD)(SN), ECF 5. The consolidated *Ashton* complaint has been amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) (GBD)(SN), ECF 2, 11, 32, 38, 111, 465.

**Amendment to the Pleadings**

   The Federal Rules of Civil procedure provide that, for amendments made before trial but

outside the provisions of 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment, or futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Morris v. Fordham Univ.*, 2004 WL 906248 at *20 (S.D.N.Y. Apr. 28, 2004). Ultimately, whether to allow amendment to a complaint is a matter within the court's discretion and should be determined so as "to secure the just, speedy, and inexpensive determination of each action." *Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161,1169 (S.D.N.Y. 1979) (*citing Foman*, 371 U.S. at 182).

The moving plaintiffs here seek leave to amend the complaint to correct errors in the listing of the plaintiffs set forth in Exhibit A. The basis for the corrections are information provided by the clients and/or identified upon receipt of documentation regarding the individuals killed in the September 11, 2001 terrorist attacks and their immediate family members, and the information as set forth in Exhibit A has been confirmed with the plaintiffs and/or their immediate family members. No defendant in the above-captioned matter will be unduly prejudiced if the proposed amendment is granted. The underlying facts and circumstances, as well as the legal theories set forth in the Sixth Amended Complaint will remain unchanged, and none of the proposed corrections impacts the substance of the litigation in any way. *See In re Osage Exploration Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984) (the type of prejudice that warrants the denial of leave to amend a complaint is "usually such that it puts a defendant at an unfair disadvantage.") Nor is there any bad faith in moving to make the corrections set forth in Exhibit A. *Primetime 24 Joint Venture v. Direct TV, Inc.*, 2000 WL

42396, at *5 (S.D.N.Y. Apr. 20, 2000) ("Delay alone - without some showing of bad faith or prejudice - is not . . . a sufficient basis for denying leave to amend.").

## Conclusion

Accordingly, Plaintiffs respectfully request that the Court grant them leave to amend the *Ashton* Sixth Amended Complaint pursuant to Federal Rule of Civil Procedure 15 as set forth in Exhibit A hereto.

September 4, 2025
New York, New York

Respectfully submitted,

*/s/ Andrew Maloney*
Andrew J. Maloney, III, Esq.
Kreindler & Kreindler LLP
485 Lexington Ave., 28th Floor
New York, New York 10017
Tel: (212) 687-8181
*Attorneys for Ashton Plaintiffs*