**UNITED STATES DISTRICT COURT**
**IN THE SOUTHERN DISTRICT OF NEW YORK**

IN RE: TERRORIST ATTACKS OF September 11, 2001          C.A. 1:03-md-01815

---

Mahtaub Moore, Non-Party Movant
1 Wood Road
Wilmington, DE 19806

September 3, 2025

VIA EMAIL
The Honorable George Daniels
U.S. District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: Case:  1:03-md-01815- Letter Motion for Non-Party to File Supplement to the Record and
Notice of Evidence

Dear Judge Daniels,

     I, Mahtaub Moore, respectfully submit this letter motion, a non-party to the above-
captioned matter, seeking leave of Court to file a Notice of Evidence and to Supplement the
Record pursuant to the Court's inherent authority to ensure a complete and accurate record.

## 1.  Court's Authority to Supplement the Record

     The Court has inherent authority to manage its docket and ensure that the record is
accurate and complete. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.
2001). Courts in this District have permitted supplementation where doing so aids the Court's
fact-finding and prevents prejudice from an incomplete record. *See SEC v. Pentagon Capital*

*Mgmt. PLC*, 844 F. Supp. 2d 377, 422 (S.D.N.Y. 2012).*

2. **Non-Party Standing to Provide Evidence**

Non-parties may, in limited circumstances, provide materials that ensure accurate judicial records. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).* Here, Mahtaub Moore does not seek to litigate the merits but merely to ensure that material evidence directly relevant to Plaintiffs' evidence is available for the Court's consideration as Moore has direct information and knowledge of ESI material directly relevant to Plaintiffs' causes of actions.

3. **Alternative Basis – Rule 24(b) Permissive Intervention**

To the extent a procedural basis is required, this request may be considered under Fed. R. Civ. P. 24(b), which allows permissive intervention where the movant's submission shares a question of law or fact with the main action. The Second Circuit has held that permissive intervention may be granted where it contributes to the development of factual issues without delay or prejudice. *See H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).*  Here, Mahtaub Moore does not seek to expand the litigation or assert independent claims but only to file limited evidence that is probative of issues currently before the Court. This narrow supplementation satisfies Rule 24(b)'s standard.

4. **No Prejudice to the Parties**

Permitting supplementation imposes no undue prejudice. The parties retain the opportunity to object to admissibility or evidentiary weight. Ensuring the record is complete serves the interests of justice and judicial efficiency. *See In re Bank of N.Y. Mellon, 821 F.3d 297, 310 (2d Cir. 2016)*.

3. **Nature of Evidence:** The evidence consists of a Dell server, whereby the non-party movant was served a federal subpoena in this Court in *Iraq Telecom Limited* case 1:25-mc-

00077 and *Revend et al, v. Masrour Barzani, et al*. case no. 1:24-cv-00278 and the server

was found to contain evidence, specific information, and correspondence, upon information and

belief, from periods September 11, 2001 through 2007 including projects, business plans,

structuring of organizations and entities, plans and correspondence, which bear directly on

violations of the U.S. Patriot Act laws, Anti-Terrorism Act laws, money-laundering, for the

purpose of concealing "Family" assets during past and ongoing investigations and cases of the

9/11 terrorist attacks and to avoid seizure of assets by the U.S. Treasury Department.

## Relief Requested

Accordingly, Mahtaub Moore respectfully requests that the Court:

    1. Grant leave to file the attached Notice of Evidence Exhibits A-F; and

    2. Permit supplementation of the record with the documents appended thereto.

## Conclusion

    For these reasons, Mahtaub Moore**,** respectfully requests that the Court grant this letter

motion and permit the filing of the Notice of Evidence and supplementation of the record.

Respectfully submitted,

*Mahtaub Moore*

Mahtaub Moore, Non-Party Movant
1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com
703-946-3704

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

In Re: Terrorist Acts of September 11, 2001          C.A.1:03-md-01570-GBD-SN

**Mahtaub Moore, Non-Party**
1 Wood Road
Wilmington, DE 19806
703-946-3704/m22strategies@gmail.com

September 3, 2025

**VIA EMAIL-Prose@nysd.uscourts.gov**
The Honorable George Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

In Re: Terrorist Attacks of September 11, 2001, 1:03-md-01570-GBD-SN-Non-Party Letter
Motion to File Notice of Evidence and to Supplement the Record and Proposed Notice of
Evidence

# EXHIBIT A

## NOTICE OF EVIDENCE AND SUPPLEMENT TO THE RECORD

**PLEASE TAKE NOTICE** that Mahtaub Moore, *Pro se* by, hereby submits this Notice of

Evidence and respectfully supplements the record with the attached exhibits pursuant to the

Court's authority to ensure a full and accurate record.

## 1. Identification of Evidence

The materials submitted herewith consist of:

- **Exhibit A-**Letter to Supplement Record to Judge Dale Ho, March 2025.
- **Exhibit B-**Subpoena to Non-Party Moore from Southern District of New York in *Iraq Telecom Limited v. Barzani (Korek)* case 1:25-mc-0007 for ESI in Dell the server.

- **Exhibit C** – Subpoena to Non-Party Moore from U.S. District Court District of Columbia *Revend et al., v. Masrour Barzani, et al.* case: 1:24-cv-00278.
- **Exhibit D**-Letters to Judge Dale Ho and Judge Barclay Surrick on threats to Non-Party Moore for complying with subpoenas in Exhibits A and C.

## 2. Relevance and Background

These exhibits are material to the Court's consideration of jurisdiction over defendants and the avoidance of U.S. Patriot Act and anti-terrorism laws pertaining to the concealment of current and future defendants' assets and jurisdictional ties to the United States which include information pertinent to Plaintiffs' jurisdictional discovery and claims. The Dell server was abandoned in Wilmington, Delaware in 2023 at the home of Non-Party Moore by defendants in the *Revend et al., v. Masrour Barzani et al.*, case in Washington, DC, consultants for Masrour Barzani and Middle East family members. The server was unknown to exist until June 2024 which was found by Non-Party Moore, in a third-floor closet at her residence. Non-Party Moore had been placed as a "ghost employee" of Ingomar Fiduciary Services Inc., in 2016, a successor company to Ingomar Services, Inc., founded in Washington, DC in 2000 by defendants in the *Revend et al. v. Masrour Barzani et al.*, case. In 2025, Plaintiffs' counsel in both the *Iraq Telecom* and *Revend* cases (Exhibits B and C), subpoenaed the server after Non-Party Moore filed a Letter of Notice with Judge Dale Ho in the Southern District of New York in the *Iraq Telecom Limited* case in March 2025 (Exhibit A). Plaintiffs' counsel in the DC federal cases which allege violations of the Anti-Terrorism Act, Torture Victims Act, U.S. Patriot Act, international criminal conspiracy, and fraud against the U.S. Government and violations of Dept of Treasury OFAC sanctions against Iran, filed Preservation of Evidence motions and Spoliation of Evidence relating to Defendant Moore's admitted destruction of evidence in a June 18, 2025 in a Delaware proceeding under oath per Exhibit D whereby

evidence was discarded at the East Hampton Recycling Center in East Hampton, NY without

shredding on March 2, 2024; all to the full knowledge of defendants' lawyers.

Upon information and belief, correspondence from defendants and their associates,

in the time-frame of 2001-2007, strategized to create an intricate web of corporations and

foundations to protect defendants in the 9/11 cases from seizure of assets and to circumvent U.S.

Patriot Act laws. ESI in the Dell server, recovered in the subpoenas served on Non-Party Moore,

upon information and belief, include:

> 1. Email correspondence arranging meetings in Zurich Switzerland with high-level individuals with family ties to then President Rouhani of Iran and family ties to the Minister of Intelligence in Iran for the purposes of avoiding sanctions utilizing corporations created in Delaware and Washington, DC to obfuscate the activity.

> 2. Emails and correspondence in April 2003 researching avoidance of U.S. Patriot Act Laws and 9/11 litigation including U.S. Dept of Treasury rules and lists of sanctioned organizations, foundations, individuals, and other entities whereby the U.S. Government seized bank assets in the Middle East and the United States. Specific details include emails expressing concern for "Family" asset protection from 9/11 litigation and jurisdictional research titled "Project Streamline," specifically with monitoring of the *Burnett* case. Defendants, their firms, companies, and other associates detailed "we are watching the 9/11 litigation closely" relating to "Family" assets and the search for multi-jurisdictional banks and trust laws to protect "Family" assets from seizure in the 9/11 litigation and by the U.S. Department of Treasury.

> 3. Evidence, upon information and belief, establishes from April 2002 to 2007, Family members were arranging through foundations and other structures the avoidance of jurisdictions likely to freeze assets with the goal to make difficult "outside interests attack the Family financially." The activities revealed in the server, establishes jurisdictional ties from London to Washington, DC, and New York through consultants, representatives, lawyers, and banks advising on asset protection comparisons based on jurisdictions including Bermuda and Iceland.

The server, was removed from Non-Party Moore in July 2025, against rulings by the

federal courts in Washington, DC and federal law, and is currently located at Halloran, Farkas,

Kittila, LLP at 5772 Kennett Pike, Wilmington, DE 19807. Defendants Moore and

Masrour Barzani in *Revend,* with Halloran, et al., since 2023 on behalf of Barzani have been involved in representing and consulting for a Masrour Barzani foreign intelligence front company. That company ASO, LLC from regions in Iraq in Westchester Commercial Division Court case 64236/2023.  Halloran, et al, and Masrour Barzani, threatened Non-Party Moore for complying with the federal subpoenas as demonstrated for fear incriminating information would be made public.  Non-Party Moore complied with all federal subpoenas as defendants in the DC cases did not file motions to quash. All ESI on the server was downloaded by forensic experts in April and May 2025 and includes information relevant to the 9/11 litigation.

### 3. Preservation of the Record

Filing this Notice ensures that the record is complete and prevents the omission of evidence that bears directly on matters under review.

**WHEREFORE, Mahtaub Moore, respectfully provides notice of the foregoing evidence and requests that the Court accept the attached exhibits as part of the supplemental record in this matter and the location of the server containing evidence relevant to this litigation.**

Dated: September 3, 2025, Wilmington, Delaware

Respectfully submitted,

*Mahtaub Moore*
1 Wood Road
Wilmington, DE 19806
703-946-3704
M22strategies@gmail.com

# EXHIBIT A

Mahtaub Moore
1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com
703-946-3704

March 21, 2025

VIA EMAIL

Honorable Dale E. Ho
U.S. District Court for the Southern District of New York Daniel Patrick Moynihan United
States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Iraq Telecom Limited v. Sirwan Saber Mustafa, et al.* (1:25-mc-00077-DEH), *Moore v. Moore, Barzani, Spoltore, et al.*, *Kurdistan Victims' Fund et al., v. Masrour Barzani, et al.*

**Letter Motion for Non-Party Leave to File Supplement to the Court Record *Iraq Telecom Limited v. Sirwan Saber Mustafa, et al.***

Dear Judge Ho,

  I am the Plaintiff in the *Moore v. Moore, Barzani, Spoltore* U.S. District for the Distrit of Columbia case no: 24-cv-1814-RCL.  Pursuant to Federal Rule of Civil Procedre ("FRCP") 37 CFR 42.123(b) (c) as the information would not have been available to Plaintiff's and their counsel which is relevant to their discovery current discovery and was not able to have been "reasonably obtained earlier and is in the "interests of justice." (37 CFR 42.123).

  I am submitting this letter motion to supplement the record during the discovery period. Evidence and ESI in my possession contains information which would be sought by Plaintiff's counsel against the judgment debtor Korek (Barzani) as defendant in the District of Columbia had direct knowledge of assets, bank accounts, and other assets in the United States co-mingled with other family members of judgment debtor and defendants Korek and Barzani.  Plaintiff in the *Moore v. Moore* and motion to consolidate with Kurdistan Victims' Fund case has filed a Motion for Spoliation of Evidence asking the court to take custody, control, and possession of a Dell server which contains financial information, Plaintiff's personal information, and information, upon information and belief, of Defendants Korek, Sirwar Barzani, Masrour Barzani and other members of the Barzani family and specific details of their intricate structuring

1

The Honorable Dale Ho
March 21, 2025
Page Two

and layering of assets and other corporations and business contracts in the United States. (Exhibit 1). The majority of the information on the server is not privileged attorney-client information.

Plaintiff Moore seeks leave from your Honorable court to file a Motion to Supplement the Court Record with the District of Columbia case and place all parties on notice evidence which may be sought by counsel is before the court in the District of Columbia.

**Background**

Plaintiff Mahtaub Moore filed a RICO action in the U.S. District Court District of Delaware was granted leave to amend the original complaint by September 30, 2024, alleging RICO violations including money-laundering, violations of the U.S. Patriot Act, and tax fraud and tax avoidance related to shell corporations formed on behalf of the Barzani family. Plaintiff Moore alleged she was placed as a "ghost employee" to further the continual criminal enterprise for the benefit of the Barzani's which included some of the Barzani family members as Defendants. More than a year later, the Kurdistan Victims Fund filed a $9 billion against members of the Barzani family and other conspirators with allegations almost parallel to Plaintiff Moore including violations of the Anti-Terrorism Act, U.S. Patriot Act, money-laundering, violations of human rights, and other violations of U.S. law. Plaintiff Moore had no knowledge of the case and had no knowledge of the *Iraq Telecom Limited v. Korek (Barzani)* until recently via a Pacer search. Plaintiff learned of the Kurdistan Victims Fund suit after a death threat t her home on March 8, 2024 which was responded to by law enforcement authorities and reported to the Federal Bureau of Investigation.

**Argument**

On March 10, 2025, your Honorable Court granted Plaintiff's motion under FRCP 5 argued by Plaintiff's counsel "Service of [] post-judgment motions" and papers is governed by FRCP 5. *Harrison v. Republic of Sudan*, 802 F.3d 399, 406 (2d Cir. 2015), *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016), *and rev'd and remanded on other grounds*, 587 U.S. 1 (2019); *see, e.g.*, *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 256 (S.D.N.Y. 2000) (When post- judgment "discovery is sought from a party represented by an attorney, service may proceed either under Rule 5(b) of the Federal Rules of Civil Procedure or under the rules of service established in the relevant state."), *aff'd*, 281 F.3d 48 (2d Cir. 2002). Under FRCP 5, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." FRCP 5(b)(1). And service on a party may be made by, among other things, "mailing it to the person's last known address—in which event service is complete upon mailing." FRCP 5(b)(2)(C). "No service is required on a party who is in default for failing to appear." FRCP 5(a)(2). (Letter Motion Order Granting Iraq Telecom's request signed Judge Dale Ho, March 10, 2025).

The Honorable Dale Ho
March 21, 2025
Page Three


        Plaintiff Moore seeks leave to file a Motion to Supplement the Record as there is an inherent risk discovery which is intertwined between the two District of Columbia cases and the discovery requests and judgment before this Court may be altered, destroyed, and relevant information withheld as to its existence to avoid complying with discovery requests in all three cases. While Defendants Korek and Barzani and direct family members reside in Iraq their wealth resides in the United States through intricate structuring and layering of corporations and subsidiaries which Plaintiff Moore has direct knowledge and Plaintiff Iraq Telecom Limited would not have had the opportunity to have known or could have obtained this information earlier.

Respectfully submitted,

/s/ Mahtaub Moore, Plaintiff
1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com
703-946-3704

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| IRAQ TELECOM LIMITED | ) |
|---|---|
| *Plaintiff* | ) |
| SIRWAN SABER MUSTAFA, KOREK TELECOM COMPANY LLC, AND KOREK INTERNATIONAL (MANAGEMENT) LIMITED | ) ) ) |
| *Defendant* | ) |

Civil Action No.  1:25-mc-00077

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Mahtaub Moore

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP 500 Delaware Avenue, Suite 220 Wilmington, Delaware 19801 | Date and Time: 04/28/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/28/2025

CLERK OF COURT

OR

_____          /s/ Gregg Badichek
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Iraq Telecom Limited _____ , who issues or requests this subpoena, are:
Gregg Badichek, 1300 I Street NW, Ste 900, Washington, DC 20005, greggbadichek@quinnemanuel.com, 202-5388000

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-mc-00077

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                          _____
                                                            *Printed name and title*

                                          _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1.      As used herein, the following terms have the meanings indicated below: "**Action**" means *Iraq Telecom Limited v. Sirwan Saber Mustafa, Korek Telecom Company LLC, and Korek International (Management) Limited*, Miscellaneous Action No. 25-mc-00077 in the Southern District of New York.

2.      The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests below all responses that might otherwise be construed to be outside of its scope.

3.      The term "**commodity**" shall include any basic good used in commerce that is interchangeable with other commodities of the same type, including agricultural commodities (for example, wheat, cotton, rice, corn, oats, etc.), resources commodities (for example, precious metals, oil, natural gas, etc.), financial resources (for example, foreign currencies, Treasury bill or bond rates, "benchmark" interest rates or indexes), and technological commodities (for example, cellular phone minutes and bandwidth).

4.      "**Concerning**" means constituting, relating to, referring to, reflecting, describing, commenting on, discussing, or evidencing.

5.      "**Control**" (including the correlative meaning of the term "**controlled by**") shall mean possession, directly or indirectly, of the power to manage, direct, dispose of, or direct the disposition of a person, security, real estate, or other asset or thing whether by contract, direct or indirect ownership of voting securities, status as a general partner, or otherwise.

6.      "**Document**" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A) and includes each and every written, recorded, or graphic matter of any kind, type, nature, or

description that is or has been in your possession, custody, or control, including but not limited to, computer files, computer databases, computer printouts, correspondence, electronic mail, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, drafts of documents, exhibits, work papers, schedules, forms, audits, charts, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, data compilations of any kind, teletypes, telexes, facsimiles, invoices, checks, statements, receipts, summaries, books, ledgers, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found in the original documents or that are otherwise not identical to the original documents

7.    "**Electronically Stored Information**" ("**ESI**") means, without limitation, the following:

     a.  information that is generated, received, processed, and recorded, and/or maintained by or in computers, databases, systems, network drives, shared spaces, external and removable media, and other electronic devices and sources, including, without limitation, voicemail, email, Instant Messaging systems, and transaction processing, and ledger systems;

     b.  internal or external websites and other shared spaces;

     c.  output resulting from the use of any software program, database, or other system, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, SWIFT portal, AOL Instant MessengerTM (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

     d.  activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, flash memory, thumb drives, memory sticks, and related media used to move and store data, such as, but not limited to, a personal digital assistant, e.g., Palm Pilot, Blackberry, or similar device, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein; and

e.   archived data, legacy data, and back-up tapes.

8.      "**Identify**," when referring to a person, means to give, to the extent known, the person's full name, telephone number, present or last known address, and present or last known place of employment; when referring to an entity, means to give, to the extent known, the entity's full name, telephone number, and present or last known address; and in any other context, means to provide sufficient facts to understand the name, title, contents, date, and/or address, and/or otherwise provide requested facts, as applicable, of or about the thing being identified.  "**Identity**" or "**identities**" shall be defined to include the above information as appropriate.

9.      The words "**include**" and "**including**" mean "including but not limited to."  The use of the term "include" in any request shall not be used to limit the generality or scope of any request.  Nor shall the generality of any request be limited by the fact that another request touches on the same topic with a greater or lesser degree of specificity.

10.     The term "**ownership**" (including the correlative meanings of the term "**own**") includes ownership of an interest in something and shall include beneficial ownership, indirect ownership and joint ownership.

11.     "**Plaintiff**," "**Judgment Creditor**," or "**Iraq Telecom Limited**," means the entity named as Plaintiff in the Action, including any agents, predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other branches or affiliates (including any organization or entity that the respondent manages or controls, or special-purpose entities established by the petitioner or an affiliate thereof), together with all officers, directors, employees, subsidiaries, affiliates, agents, or other person acting (or purporting to act) on behalf of the foregoing.

12.     "**Defendants**," "**Judgment Debtors**," "**Korek Telecom Company LLC**," "**Korek**," "**Sirwan Saber Mustafa**," "**Korek International (Management) Ltd.**," or "**CS Ltd.**"

3

means the entities named as Defendants in the Action, including any officers, directors, employees, subsidiaries, affiliates, agents, owners, stakeholders, or other person acting (or purporting to act) on behalf of the foregoing.

13.    "**Mr. Sirwan Barzani**" means Korek affiliate **Sirwan Saber Mustafa**, or **Sirwan Mustafa**, who is also one of the Defendants defined in the preceding paragraph.  Mr. Sirwan Barzani is one of Korek's original shareholders and its managing director and chief principal. Mr. Sirwan Barzani has consistently engaged in transactions with Korek that are fraudulent, self-interested, or lacking in bona fides or consideration.  Mr. Sirwan Barzani's name has various spellings in English: "Sirwan" may also be spelled as "Serwan"; "Saber" may also be spelled as "Sabir"; "Mustafa" may also be spelled as "Mostafa," "Moustafa," "Mostapha," "Moustapha," or "Mustapha"; "Barzani" may also be spelled as "Barzaniy," "Barazany," or "Barzany"; or any combination thereof, as set forth in Appendix A.

14.    "**Barzani Family Members**" means anyone related to Defendant **Mr. Sirwan Barzani**, including any spouse (or life partner), children, parents, siblings, and any other relative by blood or marriage, including, but not limited to, Katya Vrecar Barzani, Lina Sirwan Saber Barzani, Mahand Sirwan Saber Barzani, Mansour Massoud Mustafa Barzani, Masoud Barzani, Masrour Massoud Mustafa Barzani, Mazen Sirwan Saber Barzani, Muksi Massoud Mustafa Barzani, Mustafa Massoud Mustafa Barzani, Nabila Barzani, Nechirvan Barzani, Saber Sirwan Saber Barzani, Sabria Ahmad Barzani, Safin Saber Mustafa Barzani, Saman Saber Mustafa Barzani, Sarwin Luqman Barzani, Shirwan Saber Mustafa Barzani, Waleed Mustafa Khalid Barzani, and Waysi Massoud Mustafa Barzani.

15.    "**Associates and Proxies**" means any third party employed by or doing business with Barzani Family Members, including, but not limited to, Chawshin Hasan Chawshin, Diyari Khalil Hakem, Jiqsy Hamo Mustafa, Mala Sheni Bashir Sheni, Nawzad Husain Junde, and Zekri

Basheer Sheni.

16.    "**Person**" shall mean any natural or juridical persons, including a corporation, partnership or association.

17.    "**Relevant Time Period**" means January 1, 2008 through and including the date on which You produce Documents responsive to this subpoena.

18.    "**You**," and "**Your**" means Mahtaub Moore, and includes all other persons presently or formerly acting, or purporting to act, on Your behalf or under Your direction or control.

19.    The terms defined above and the individual requests for production and inspection are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with any applicable laws.

20.    All words not defined in these Definitions shall be construed using their plain and ordinary meaning.  If more than one meaning can be ascribed to a word, the meaning (or combination of meanings) that would make a Document be covered by the requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the request.

21.    These Definitions are provided only for purposes of discovery, in conformance with FRCP 34(a), and are not intended to be used for any purpose other than discovery.  Plaintiff reserves the right to modify these Definitions or utilize different Definitions for any other purpose.

## <u>INSTRUCTIONS</u>

1.    You are requested to produce all non-privileged Documents and other things described below that are within Your possession, custody, or control, or in the possession, custody, or control of Your attorneys, directors, officers, agents, employees, representatives, associates, division affiliates, partnerships, parents, or subsidiaries, and persons under their

control.

2.    A Document or other thing is deemed to be in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine, or copy such Documents on any terms; (b) have an understanding, express or implied, that You may use, inspect, examine, or copy such Documents upon any terms; or (c) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so.  Such other Persons include record retention vendors, and technology, data, or other third party IT, cloud, or other service providers.

3.    Unless otherwise indicated, these requests seek Documents Concerning the Relevant Time Period.  If any Document is dated outside of the Relevant Time Period but is necessary for a complete understanding of a Document covered by the requests, such Document outside of the Relevant Time Period shall be produced.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the requests.

4.    Each Document or other thing requested shall be produced in its entirety along with all non-identical versions thereof and without abbreviation or redaction.  Further, all attachments, enclosures, cover letters, memoranda, and appendices shall also be produced.  If a Document or other thing responsive to any request cannot be produced in full, it shall be produced to the extent possible, with an explanation stating why production of the remainder is not possible.  Any alteration of a responsive Document or other thing, including notes, underlining, stamps, drafts, revisions, modifications, and other versions, is a separate Document or other thing and is to be produced as a separate Document or other thing.  For all Documents and other things, any family relationship should be captured and reflected in the production.  Further, if any portion of

any Document is responsive to any request in this subpoena, the entire Document is to be produced. A Document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

5.     Documents and other things not otherwise responsive to a request shall be produced if such materials mention, discuss, refer to, or explain the materials called for by a request, or if such materials are attached to materials called for by a request (*e.g.*, routing slips, transmittal emails, transmittal memoranda, letters, cover letters, comments, evaluations, or similar materials).

6.     Each request shall be answered on the basis of Your entire knowledge, from all sources, after a reasonable and good faith inquiry has been made and a search has been conducted.

7.     All Documents produced pursuant to this subpoena are to be produced as they are kept in the usual course. All responsive ESI that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified, or distributed, and the author(s) and recipient(s) of the Document. If production in native format is impossible or impracticable, ESI may be produced in non-proprietary format, such as such as .xls, .csv, .jpg, .tif, or .pdf, or other agreed upon format, at the highest resolution available along with the metadata normally contained within such Documents.

8.     Documents in large or complex formats, such as large Excel-format spreadsheets or accounting databases, for which non-proprietary format imaging would alter the presentation

of the data, should be produced in their native format.

9.    For each data file provided, You should separately provide a control file reflecting the search protocol utilized to obtain such data file.

10.    ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

11.    File folders with tabs or labels or directories of files identifying documents shall be produced intact with such documents.

12.    Documents attached to each other shall not be separated.  All documents that respond, in whole or in part, to any portion of any request shall be produced in their entirety, including all addenda, appendices, attachments, and enclosures.

13.    If there are no Documents or other things responsive to any particular request, Your response shall state so in writing.

14.    If a Document is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information must be supplied for each Document:

      i.  the nature of the privilege claimed;

      ii.  the type of Document;

      iii.  the general subject matter of the Document;

      iv.  the date of the Document; and

      v.  other such information that is sufficient to identify the Document including where appropriate, the author(s) of the Document, the addressee(s) of the Document, the identity of any Person who had an opportunity to review such Document and, where not apparent, the relationship of the author and the addressee to each other.

15.    If You have any good faith objections to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the

request shall be stated in accordance with FRCP 34. If there is an objection to any part of a request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a request, You must state the basis of Your objections in accordance with FRCP 34.

16.     In the event that any Document or other thing responsive to these requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material, (b) all persons who received copies of the material, including any indicated and blind copy recipients, (c) the present custodian of the material, (d) the date of the material, (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

17.     Each production shall be submitted with a transmittal letter or email that includes the case caption, production volume name, encryption method/software used if applicable, and passwords for any password protected files if applicable.

18.     The scope of this subpoena is global, and all requests for production are to be answered with respect to documents anywhere in the world and not limited only to those in New York State, Delaware, or the United States.

## REQUESTS FOR PRODUCTION

1.     All Documents and ESI related to Defendants, Mr. Sirwan Barzani (and any of the name variations in Appendix A, including Sirwan Saber Mustafa and Sirwan Mustafa), Korek Telecom Company LLC, or Korek International (Management) Ltd., during the Relevant Time Period, and including, but not limited to, Documents and ESI on the "Dell server" referred to in public filings by the subpoena recipient.

2.      All Documents and ESI related to Barzani Family Members during the Relevant Time Period, including, but not limited to, Documents and ESI on the "Dell server" referred to in public filings by the subpoena recipient.

3.      In connection to Requests 1 and 2, Documents and ESI sufficient to Identify all financial agreements or other contracts involving Defendants, Mr. Sirwan Barzani (and any of the name variations in Appendix A, including Sirwan Saber Mustafa and Sirwan Mustafa), Korek Telecom Company LLC, or Korek International (Management) Ltd., any Barzani Family Members, or any Associates and Proxies employed by or doing business with Barzani Family Members, and including, but not limited to, Documents and ESI on the "Dell server" referred to in public filings by the subpoena recipient.

4.      In connection to Requests 1 and 2, Documents and ESI sufficient to Identify all communications involving Defendants, Mr. Sirwan Barzani (and any of the name variations in Appendix A, including Sirwan Saber Mustafa and Sirwan Mustafa), Korek Telecom Company LLC, or Korek International (Management) Ltd., any Barzani Family Members, or any Associates and Proxies employed by or doing business with Barzani Family Members, and including, but not limited to, Documents and ESI on the "Dell server" referred to in public filings by the subpoena recipient.

# APPENDIX A

| Full Name | Variations | Variations | Variations | Variations | All Names to Search |
|---|---|---|---|---|---|
| **Sirwan Saber Mustafa Barzani** | Sirwan<br>Serwan | Saber<br>Sabir<br>Sabre | Mustafa<br>Moustafa<br>Mostapha<br>Moustapha<br>Mustapha | Barzani<br>Barzaniy<br>Barazany<br>Barzany | Sirwan Mustafa |
| | | | | | Sirwan Moustafa |
| | | | | | Sirwan Mostapha |
| | | | | | Sirwan Moustapha |
| | | | | | Sirwan Mustapha |
| | | | | | Serwan Mustafa |
| | | | | | Serwan Moustafa |
| | | | | | Serwan Mostapha |
| | | | | | Serwan Moustapha |
| | | | | | Serwan Mustapha |
| | | | | | Sirwan Saber Mustafa |
| | | | | | Sirwan Saber Moustafa |
| | | | | | Sirwan Saber Mostapha |
| | | | | | Sirwan Saber Moustapha |
| | | | | | Sirwan Saber Mustapha |
| | | | | | Sirwan Sabir Mustafa |
| | | | | | Sirwan Sabir Moustafa |
| | | | | | Sirwan Sabir Mostapha |
| | | | | | Sirwan Sabir Moustapha |
| | | | | | Sirwan Sabir Mustapha |
| | | | | | Sirwan Sabre Mustafa |
| | | | | | Sirwan Sabre Moustafa |
| | | | | | Sirwan Sabre Mostapha |
| | | | | | Sirwan Sabre Moustapha |
| | | | | | Sirwan Sabre Mustapha |
| | | | | | Serwan Saber Mustafa |
| | | | | | Serwan Saber Moustafa |
| | | | | | Serwan Saber Mostapha |
| | | | | | Serwan Saber Moustapha |
| | | | | | Serwan Saber Mustapha |
| | | | | | Serwan Sabir Mustafa |
| | | | | | Serwan Sabir Moustafa |
| | | | | | Serwan Sabir Mostapha |
| | | | | | Serwan Sabir Moustapha |
| | | | | | Serwan Sabir Mustapha |
| | | | | | Serwan Sabre Mustafa |
| | | | | | Serwan Sabre Moustafa |
| | | | | | Serwan Sabre Mostapha |
| | | | | | Serwan Sabre Moustapha |
| | | | | | Serwan Sabre Mustapha |
| | | | | | Sirwan Saber Mustafa Barzani |
| | | | | | Sirwan Saber Moustafa Barzani |
| | | | | | Sirwan Saber Mostapha Barzani |
| | | | | | Sirwan Saber Moustapha Barzani |
| | | | | | Sirwan Saber Mustapha Barzani |
| | | | | | Sirwan Sabir Mustafa Barzani |
| | | | | | Sirwan Sabir Moustafa Barzani |
| | | | | | Sirwan Sabir Mostapha Barzani |
| | | | | | Sirwan Sabir Moustapha Barzani |
| | | | | | Sirwan Sabir Mustapha Barzani |
| | | | | | Sirwan Sabre Mustafa Barzani |
| | | | | | Sirwan Sabre Moustafa Barzani |
| | | | | | Sirwan Sabre Mostapha Barzani |
| | | | | | Sirwan Sabre Moustapha Barzani |
| | | | | | Sirwan Sabre Mustapha Barzani |
| | | | | | Serwan Saber Mustafa Barzani |
| | | | | | Serwan Saber Moustafa Barzani |

| Full Name | Variations | Variations | Variations | Variations | All Names to Search |
|-----------|-----------|-----------|-----------|-----------|---------------------|
| | | | | | Serwan Saber Mostapha Barzani |
| | | | | | Serwan Saber Moustapha Barzani |
| | | | | | Serwan Saber Mustapha Barzani |
| | | | | | Serwan Sabir Mustafa Barzani |
| | | | | | Serwan Sabir Mostapha Barzani |
| | | | | | Serwan Sabir Moustapha Barzani |
| | | | | | Serwan Sabir Mustapha Barzani |
| | | | | | Serwan Sabre Mustafa Barzani |
| | | | | | Serwan Sabre Moustafa Barzani |
| | | | | | Serwan Sabre Mostapha Barzani |
| | | | | | Serwan Sabre Moustapha Barzani |
| | | | | | Serwan Sabre Mustapha Barzani |
| | | | | | Sirwan Saber Mustafa Barzaniy |
| | | | | | Sirwan Saber Moustafa Barzaniy |
| | | | | | Sirwan Saber Mostapha Barzaniy |
| | | | | | Sirwan Saber Moustapha Barzaniy |
| | | | | | Sirwan Saber Mustapha Barzaniy |
| | | | | | Sirwan Sabir Mustafa Barzaniy |
| | | | | | Sirwan Sabir Moustafa Barzaniy |
| | | | | | Sirwan Sabir Mostapha Barzaniy |
| | | | | | Sirwan Sabir Moustapha Barzaniy |
| | | | | | Sirwan Sabir Mustapha Barzaniy |
| | | | | | Sirwan Sabre Mustafa Barzaniy |
| | | | | | Sirwan Sabre Moustafa Barzaniy |
| | | | | | Sirwan Sabre Mostapha Barzaniy |
| | | | | | Sirwan Sabre Moustapha Barzaniy |
| | | | | | Sirwan Sabre Mustapha Barzaniy |
| | | | | | Serwan Saber Mustafa Barzaniy |
| | | | | | Serwan Saber Moustafa Barzaniy |
| | | | | | Serwan Saber Mostapha Barzaniy |
| | | | | | Serwan Saber Moustapha Barzaniy |
| | | | | | |
| | | | | | Serwan Saber Mustapha Barzaniy |
| | | | | | Serwan Sabir Mustafa Barzaniy |
| | | | | | Serwan Sabir Moustafa Barzaniy |
| | | | | | Serwan Sabir Mostapha Barzaniy |
| | | | | | Serwan Sabir Moustapha Barzaniy |
| | | | | | Serwan Sabir Mustapha Barzaniy |
| | | | | | Serwan Sabre Mustafa Barzaniy |
| | | | | | Serwan Sabre Moustafa Barzaniy |
| | | | | | Serwan Sabre Mostapha Barzaniy |
| | | | | | Serwan Sabre Moustapha Barzaniy |
| | | | | | |
| | | | | | Serwan Sabre Mustapha Barzaniy |
| | | | | | Sirwan Saber Mustafa Barazany |
| | | | | | Sirwan Saber Moustafa Barazany |
| | | | | | Sirwan Saber Mostapha Barazany |
| | | | | | Sirwan Saber Moustapha Barazany |
| | | | | | |
| | | | | | Sirwan Saber Mustapha Barazany |
| | | | | | Sirwan Sabir Mustafa Barazany |
| | | | | | Sirwan Sabir Moustafa Barazany |
| | | | | | Sirwan Sabir Mostapha Barazany |
| | | | | | Sirwan Sabir Moustapha Barazany |
| | | | | | Sirwan Sabir Mustapha Barazany |
| | | | | | Sirwan Sabre Mustafa Barazany |
| | | | | | Sirwan Sabre Moustafa Barazany |

| Full Name | Variations | Variations | Variations | Variations | All Names to Search |
|---|---|---|---|---|---|
| | | | | | Sirwan Sabre Mostapha Barazany |
| | | | | | Sirwan Sabre Moustapha Barazany |
| | | | | | |
| | | | | | Sirwan Sabre Mustapha Barazany |
| | | | | | Serwan Saber Mustafa Barazany |
| | | | | | Serwan Saber Moustafa Barazany |
| | | | | | Serwan Saber Mostapha Barazany |
| | | | | | Serwan Saber Moustapha Barazany |
| | | | | | |
| | | | | | Serwan Saber Mustapha Barazany |
| | | | | | Serwan Sabir Mustafa Barazany |
| | | | | | Serwan Sabir Moustafa Barazany |
| | | | | | Serwan Sabir Mostapha Barazany |
| | | | | | Serwan Sabir Moustapha Barazany |
| | | | | | |
| | | | | | Serwan Sabir Mustapha Barazany |
| | | | | | Serwan Sabre Mustafa Barazany |
| | | | | | Serwan Sabre Moustafa Barazany |
| | | | | | Serwan Sabre Mostapha Barazany |
| | | | | | Serwan Sabre Moustapha Barazany |
| | | | | | |
| | | | | | Serwan Sabre Mustapha Barazany |
| | | | | | Sirwan Saber Mustafa Barzany |
| | | | | | Sirwan Saber Moustafa Barzany |
| | | | | | Sirwan Saber Mostapha Barzany |
| | | | | | Sirwan Saber Moustapha Barzany |
| | | | | | Sirwan Saber Mustapha Barzany |
| | | | | | Sirwan Sabir Mustafa Barzany |
| | | | | | Sirwan Sabir Moustafa Barzany |
| | | | | | Sirwan Sabir Mostapha Barzany |
| | | | | | Sirwan Sabir Moustapha Barzany |
| | | | | | Sirwan Sabir Mustapha Barzany |
| | | | | | Sirwan Sabre Mustafa Barzany |
| | | | | | Sirwan Sabre Moustafa Barzany |
| | | | | | Sirwan Sabre Mostapha Barzany |
| | | | | | Sirwan Sabre Moustapha Barzany |
| | | | | | Sirwan Sabre Mustapha Barzany |
| | | | | | Serwan Saber Mustafa Barzany |
| | | | | | Serwan Saber Moustafa Barzany |
| | | | | | Serwan Saber Mostapha Barzany |
| | | | | | Serwan Saber Moustapha Barzany |
| | | | | | Serwan Saber Mustapha Barzany |

EXHIBIT C

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| Maki Revend, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 24-cv-278-RDM |
| Masrour Barzani, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Mattie Moore

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All email communications between Jonathan Moore and Charles Bruce in your possession custody or control from August 2001 to the present. Specifically, emails between Jonathan Moore and Charles Bruce between September 2001 and September 2003.

| Place: Tate Bywater | Date and Time: |
|---|---|
| 2740 Chain Bridge Rd. Vienna, VA 22181 | 07/01/2025 12:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/14/25

|  CLERK OF COURT  | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Maki Revent, et al
, who issues or requests this subpoena, are:

James R. Tate

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-278-RDM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT D



## HILLCROFT

Mahtaub Moore
1 Wood Road
Wilmington, DE 19806
M22strategies@mail.com
703-946-3704

May 27, 2025

**VIA EMAIL**
**Chambers_of_Judge_R_Barclay_Surrick@paed.uscourts.gov**

The Honorable Barclay Surrick
U.S. District Court for the Eastern District
Of Pennsylvania
8614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

RE: *Iraq Telecom Limited v. Korek (Barzani)*
*Case no: 24-cv-03278*

Dear Judge Surrick,

I am a witness and recently received a federal subpoena duces tecum to produce
documents, information, or objects or to permit inspection of premises in the action *Iraq Telecom
Limited v. Korek (Barzani)* on March 28, 2025. The subpoena attached from the U.S. District
Court of the Southern District of New York, was authorized by The Honorable Dale Ho
authorizing discovery enforcing your judgment (Attached).

I have fully complied under the law with this subpoena and fully cooperated. During this
period, and as recent as May 24, 2025, I have received threats from defendants' family and
representatives threatening legal action for defying orders of "dissemination" which all
information necessary to enforce this judgment and other related cases in the U.S. District of
Columbia federal court were included in the subpoena. Those cases include Moore v. Moore,
Spoltore, Green, et al., and Kurdistan Victims Fund v. Barzani, et al., are pending consolidation
in the District of Columbia. The email attached from William Green and Leslie Spoltore

representatives of Barzani associates and family, have also represented and currently do a foreign agent and intelligence officer associated with Korek defendant Barzani.

The Honorable Barclay Surrick
Page Two
May 27, 2025

As it is clear this international case also has great national security implications, I expect I will continue to receive subpoenas to enforce your judgment and will fully cooperate; however, the threats and attacks from defendants' associates continues to increase. It was important I inform your court of these tactics in particular by other defendants who are representatives of Barzani. I anticipate other witnesses or recipients of subpoenas to enforce the judgment from your Court will experience the same harassment.

Kind regards,

Mahtaub Moore

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| IRAQ TELECOM LIMITED | ) |
| *Plaintiff* | ) |
| | )    Civil Action No.   1:25-mc-00077 |
| SIRWAN SABER MUSTAFA, KOREK TELECOM COMPANY LLC, AND KOREK INTERNATIONAL (MANAGEMENT) LIMITED | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  Mahtaub Moore

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP 500 Delaware Avenue, Suite 220 Wilmington, Delaware 19801 | Date and Time: 04/28/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/28/2025

                     *CLERK OF COURT*

                                         OR

                                              /s/ Gregg Badichek

          *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*

Iraq Telecom Limited                                        , who issues or requests this subpoena, are:

Gregg Badichek, 1300 I Street NW, Ste 900, Washington, DC 20005, greggbadichek@quinnemanuel.com, 202-5388000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



# HILLCROFT

Mahtaub Moore
1 Wood Road
Wilmington, DE 19806
M22strategies@mail.com
703-946-3704

May 27, 2025

**VIA EMAIL**
The Honorable Dale E. Ho
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Iraq Telecom Limited v. Sirwan Saber Mustafa, et al.* (1:25-mc-00077-DEH), Subpoena Duces Tecum. Related cases: *Moore v. Moore, Barzani, Spoltore, et al., Kurdistan Victims' Fund et al., v. Masrour Barzani, et al.***

Dear Judge Ho,

I writing to inform the Court I received a subpoena duces tecum to produce documents, information, or objects or to permit inspection of premises in the action *Iraq Telecom Limited v. Korek (Barzani)* on March 28, 2025. The subpoena attached, was from Quinn Emmanuel from the U.S. District Court for the Southern District of New York and relates to the judgment from the ICC in Dubai against Korek (Barzani), adjuged by the Eastern District of Pennsylvania in September 2024.

I have fully complied and cooperated with this subpoena, however I write to alert the Court I have been threatened and attempts have been made to intimidate me to not fully cooperate with this subpoena. Defendant Korek and Barzani's business associates, counsel, consultants and defendants in the other above-named cases attempted to obstruct justice by threatening legal action for my cooperation. As recent as Friday, May 24, 2025, I received an email from William Green and Leslie Spoltore, both of whom are defendants in one of the cases, and whose firm represents a foreign agent and intelligence officer for defendant Barzani, and who has worked closely with Korek's associates, threatened me regarding what they deems as "disseminating" information against orders and the subpoena I received for the information on

The Honorable Dale Ho
May 27, 2025
Page Two


the defendants (Email attached). My compliance of the subpoena which upholds federal rules
and laws and anything less, but full cooperation would be hold me in contempt of court.  As I
suspect, I will be a witness during this discovery period and the recipient of future subpoenas, the
desperate attacks by defendants' counsel and their associates forced me to inform the court this
may be a pattern of behavior for future subpoenas and the attempt to obstruct justice.


Kind regards,


Mahtaub Moore

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IRAQ TELECOM LIMITED

v.

SIRWAN SABER MUSTAFA,
KOREK TELECOM COMPANY LLC, and
KOREK INTERNATIONAL (MANAGEMENT)
LIMITED

Case No. 24-cv-03728

**FINAL JUDGMENT**

It is **ORDERED**, **ADJUDGED**, and **DECREED** that for the reasons stated in the Court's

Memorandum entered August 23, 2024 (Dkt. 4), and as ordered on August 23, 2024 (Dkt. 5), the

Motion to Confirm Foreign Arbitration Award of Applicant-Petitioner Iraq Telecom Limited

against Intervenors Sirwan Saber Mustafa ("**Mr. Barzani**"), Korek Telecom Company LLC

("**Korek**"), and Korek International (Management) Limited ("**CS Ltd.**") is **GRANTED**.

The Arbitration Award (Dkt. 2 at 30-325) is in all things **CONFIRMED** and **ADOPTED**

as a Judgment of this Court as authorized by 9 U.S.C. §§ 13 and 207.  A money judgment is

entered as set forth in the Award (Dkt. 2 at 294-297) as follows:

     I.     CS Ltd. and Mr. Barzani shall pay International Holdings Limited, on a joint and

several basis, **$1,459,237,099.28**, which is the sum of: (i) $1,329,004,217.00 in damages and pre-

Award interest; (ii) $85,771,407.06 in post-Award interest on the amount in (i) at a rate of

6.45381% (equaling the three-month term Secured Overnight Financing Rate ("**SOFR**") on March

20, 2023 of 4.45381%, per the New York Federal Reserve website, plus 2% *per annum*) through

March 20, 2024, on which date interest was compounded; and (iii) $44,461,475.22 in interest on

the amounts in (i) and (ii) that accrued from March 20, 2024 through August 23, 2024 at a rate of

7.35300% (equaling the SOFR three-month term on March 20, 2024 of 5.35300%, per the New York Federal Reserve website, plus 2% *per annum*), in the per diem amount of \$285,009.46.

II.    CS Ltd., Mr. Barzani, and Korek shall pay Iraq Telecom Limited, on a joint and several basis, **\$351,704,177.24**, which is the sum of:

(A)    \$329,914,473.93, which is the sum of (i) \$300,470,518.00 in damages and pre-Award interest; (ii) \$19,391,796.34 in post-Award interest on the amount in (i) at a rate of 6.45381% through March 20, 2024, on which date interest was compounded; and (iii) \$10,052,159.59 in interest that has accrued at a rate of 7.35300% on the amounts in (i) and (ii) from March 20, 2024 through August 23, 2024, in the per diem amount of \$64,436.92; and

(B)    \$21,789,703.31, which is the sum of: (i) \$19,934,489.30 for legal and arbitral fees; (ii) \$1,320,356.91 in post-Award interest on the amount in (i) at a rate of 6.62348% (equaling the three-month term SOFR on the day after 30 days of the Award, *i.e.*, April 20, 2023, of 4.62348%, per the New York Federal Reserve website, plus 2% *per annum*) through April 20, 2024, on which date interest was compounded; and (iii) \$534,857.10 in interest that has accrued on the amounts in (i) and (ii) from April 20, 2024 through August 23, 2024 at a rate of 7.34789% (equaling the SOFR three-month term on April 19, 2024 of 5.34789%, per the New York Federal Reserve website, plus 2% *per annum*) in the per diem amount of \$4,278.86.

International Holdings Limited and Iraq Telecom Limited are hereby awarded and shall recover interest on the sums above, in accord with 28 U.S.C. § 1961(a)-(b), at 4.46%, computed daily and compounded annually from August 23, 2024 until the Judgment is satisfied in full, including all interest owed thereon.

This is **FINAL JUDGMENT**.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** and mark this matter **CLOSED**.

**IT IS SO ORDERED.**

SIGNED on this 20th day of September, 2024.

s/ R. Barclay Surrick

_____

The Honorable R. Barclay Surrick
United States District Judge

Certificate of Service

I, Mahtaub Moore, *Pro se*, certifies an electronic copy of the Letter Motion to Notice Evidence

and Exhibits was electronically served on September 3, 2025 to counsel of record attached herein


*Mahtaub Moore*

1 Wood Road
Wilmington, DE 19806
M22strategies@gmail.com

**Kanishka Agarwala**
Anderson Kill P.C. (N.Y.)
1251 Avenue of the Americas
New York, NY 10020
(212)-278-1000
(212)-278-1733 (fax)
kagarwala@andersonkill.com


**David A. Barrett**
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
212-446-2300
dbarrett@bsfllp.com


**Michel Francis Baumeister**
Baumeister & Samuels, P.C.
One Exchange Plaza, 15th Floor
New York, NY 10006
(212) 363-1200
(212) 363-1346 (fax)
mbaumeister@baumeisterlaw.com


**Christopher J. Beal**

DLA Piper LLP (US) (San Diego)
401 B Street, Suite 1700
San Diego, CA 92101
(858) 638-6813
(858) 677-1477 (fax)
cris.beal@dlapiper.com


**James Beasley**
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215-592-1000
jim.beasley@beasleyfirm.com


**David Beekman**
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017
(212) 973-3460
(212) 972-9432 (fax)
dbeekman@kreindler.com


**Aisha E R Bembry**
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street. N.W.
Suite 400
Washington, DC 20001
202-833-8900
202-466-5738 (fax)
aisha.bembry@lbkmlaw.com


**Megan Wolfe Benett**

Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
212-973-3406
212-972-9432 (fax)
mbenett@kreindler.com


**Lynne A. Bernabei**
Bernabei & Kabat PLLC
1400 16th St. NW #500
Washington, DC 20036-2223
(202) 745-1942
(202) 745-2627 (fax)
lbernabei@aol.com


**James Lawrence Bernard**
Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
212-918-3000
212-918-3100 (fax)
james.bernard@hoganlovells.com


**Noam Korati Biale**
Sher Tremonte LLP
90 Broad Street
New York, NY 10004
(212)-202-2600
(212)-202-4156 (fax)
nbiale@shertremonte.com

**Daniel G Bird**
Kellogg, Hansen, Todd, Figel & Frederick
PLLC (DC)
1615 M Street, N.W., Suite 400
Washington, DC 20036
202-326-7971
202-326-7999 (fax)
dbird@kellogghansen.com

**Ebony Bobbitt**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9327
ebobbitt@motleyrice.com

**Louis M. Bograd**
Motley Rice LLC
401 9th Street, N.W., Suite 630
Ste 630
Washington, DC 20004
202-232-5504
lbograd@motleyrice.com

**James Bonner**
Fleischman Bonner & Rocco LLP
317 George Street
Suite 320
New Brunswick, NJ 08901
Jbonner@fbrllp.com

**Aoife-Roisin Nora Bourke**
Marc J. Bern & Partners LLP

60 East 42nd Street, Suite 950
New York, NY 10165
212-702-5000
abourke@bernllp.com

Sean Carter


**William N. Clark, Jr**
Cozen O'Connor
1650 Market Street
28th Floor
Philadelphia, PA 19103
215-665-4101
215-665-2013 (fax)
wclark@cozen.com


**Jayne Conroy**
Hanly Conroy Bierstein Sheridan
Fisher & Hayes, LLP
112 Madison Avenue
New York, NY 10016
(212) 784-6402
(212) 784-6400 (fax)
jconroy@simmonsfirm.com


**David Charles Cook**
Kreindler & Kreindler LLP
485 Lexington Avenue
New York, NY 10017-2629
212-687-8181
212-972-9432 (fax)
dcook@kreindler.com

**Daniel V. Dorris**
Kellogg, Huber, Hansen, Todd, Evans
& Figel, P.L.L.C.
1615 M Street, Nw, Suite 400
Washington, DC 20036
(202)-326-7900
(202)-326-7999 (fax)
ddorris@kellogghansen.com

**Audrey Dos Santos**
1326 Massachusetts Ave Se
Washington, DC 20003
843-472-7501
audreyabeck@gmail.com

**Joshua Lewis Dratel**
Dratel & Lewis
29 Broadway
Suite 1412
New York, NY 10006
212-732-0707
jdratel@dratellewis.com

**Adam Matthew Drexler**
The Rothenberg Law Firm LLP
450 Seventh Avenue
New York, NY 10123
212 563-0100
212 629-6813 (fax)
ADrexler@Injurylawyer.com

**John Dro**

**John Duane**
Motley Rice LLC
28 Bridgeside Blvd
Mount Pleasant, SC 29464
843-296-0542
jduane@motleyrice.com


**John Arthur Eaves, Jr.**
Eaves Law Firm, LLC
101 North State Street
Jackson, MS 39201
(601) 355-7961
(601) 355-0530 (fax)
johnjr@eaveslawmail.com


**Paul S Edelman**
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017
212-973-3471
2129729432 (fax)
Pedelman@kreindler.com


**Michael Edward Elsner**
Motley Rice LLC (SC)
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29464
843-216-9250
843-216-9680 (fax)
melsner@motleyrice.com


**Austin Estelle**

**Austin Estelle**
The Miller Firm
108 Railroad Ave
Orange, VA 22960
540-672-4224
aestelle@millerfirmllc.com


**John Michael Eubanks**
Motley Rice LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
843-216-9000
843-216-9450 (fax)
jeubanks@motleyrice.com


**Francis Gerard Fleming**
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017
(212)-687-8181
(212)-972-9432 (fax)
ffleming@kreindler.com


**Lisa A Frey**
Self
50 Old Main Road
Quogue, NY 11959
917-565-1066
freylisa@yahoo.com


**Joseph Nicholas Froehlich**
Troutman Pepper Locke LLP
875 Third Avenue

875 Third Avenue
New York, NY 10022
919-578-6337
joseph.froehlich@troutman.com

**Brian Thomas Frutig**
Motley Rice LLC (SC)
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29464
(843)-216-9109
(843)-216-9450 (fax)
bfrutig@motleyrice.com

**Felice Beth Galant**
Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, NY 10019
212-318-3000
212-318-3400 (fax)
felice.galant@nortonrosefulbright.co
m

**Maya Gandhi**
The New York Times
620 Eighth Avenue
New York, NY 11201
212-556-1244
mayagandhi519@gmail.com

**Paul George Gaston**
Law Offices of Paul G. Gaston
1101 Connecticut Ave, NW

Suite 450
Washington, DC 20036
202-296-5856
202-478-0769 (fax)
paul@gastonlawoffice.com


**Allan Gerson**
Simmons Hanly Conroy LLC
415 Madison Avenue
New York, NY 10017
202 966 8557
202 966 8557 (fax)
ag@ag-il.com


**Kathryn Elise Ghotbi**
Sher Tremonte LLP
90 Broad St 23rd Fl
New York, NY 10004
415-407-8374
kghotbi@shertremonte.com


**Joseph Ronald Giaramita**
Joseph Giaramita, Jr., Esq.
8215 Fifth Avenue
Brooklyn, NY 11209
718 748-4440
718 748-4272 (fax)
nytriallawyer@aol.com


**Jeffrey E Glen**
Anderson Kill P.C.
7 Times Square

Ste 15 Fl.
New York, NY 10036
212-278-1000
212-278-1733 (fax)
jglen@andersonkill.com

Jerry Goldman
Anderson Kill


**Frank H. Granito, III**
Speiser, Krause, Nolan and Granito
(NY)
140 East 45th Street
New York, NY 10017
(212)-661-0011
(212)-953-6483 (fax)
f3g@speiserkrause.com


**Helen Gredd**
Lankler Siffert & Wohl LLP
1185 Avenue of the Americas
Ste 31st Floor
New York, NY 10036
212-930-1221
212-764-3701 (fax)
hgredd@lswlaw.com


**Justin Timothy Green**
Kreindler & Kreindler
750 Third Avenue
New York, NY 10017
212-687-8181
212-972-9432 (fax)

212-972-9432 (fax)
JGreen@kreindler.com


**Robert Allen Grochow**
Robert Allen Grochow PC
60 East 42nd Street, Suite 932
New York, NY 10165
212-233-5400
212-227-4141 (fax)
GrochowECF@gmail.com


**Jennifer Guy**
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-670-7185
jguy@motleyrice.com


**Daniel John Hansen**
Daniel J Hansen, ESQ
150 Motor Parkway
Suite 407
Hauppauge, NY 11788
212-697-3701
646-891-4566 (fax)
danieljhansen@hotmail.com


Simmons Hanly Conroy LLC
415 Madison Avenue
New York, NY 10017
212-784-6401
212-784-6420 (fax)
phanly@simmonsfirm.com

phally@simmonsfirm.com

**Charles Heyl**
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9066
rheyl@motleyrice.com


**Shunyi Joonho Hong**
Keches Law Group
125 Michael Drive
Ste 26
Syosset, NY 11791
508-545-9122
s.joonho.hong@gmail.com


**Jean-Paul Jassy**
Jassy Vick Carolan LLP
355 S. Grand Ave.
Suite 2450
Los Angeles, CA 90071
310-870-7048
310-870-7010 (fax)
jpjassy@jassyvick.com


**Jennifer Ann Jude**
United States Attorney's Office SDNY
86 Chambers St.
New York, NY 10007
(212)-637-2663
(212)-637-2686 (fax)
jennifer.jude@usdoj.gov

**Peter Jonathan Kahn** (Abduhl
Rahman  bin Mahfouz, atty) active
defendant
Williams & Connolly LLP (DC)
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5045
(202) 434-5245 (fax)
pkahn@wc.com


**Justin Braun Kaplan**
Motley Rice LLC (SC)
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29464
(843) 216-9109
(843) 216-9680 (fax)
jkaplan@motleyrice.com


**Scott S. Katz**
Butler Pappas Weihmuller Katz Craig,
LLP
One Harbour Place
777 South Harbour Island Boulevard
Suite 500
Tampa, FL 33602
(813) 281-1900
(813) 281-0900 (fax)
skatz@butlerpappas.com


**Lawrence Kill**

Anderson Kill P.C. (N.Y.)
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000
(212) 278-1733 (fax)
lkill@andersonkill.com


**Matthew H. Kirtland**
Fulbright & Jaworski, L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 662-4659
(202) 662-4643 (fax)
matthew.kirtland@nortonrosefulbright
.com


**James P. Kreindler**
Kreindler & Kreindler LLP
485 Lexington Avenue
Ste 28th Floor
New York, NY 10017
212-687-8181
212-972-9432 (fax)
jkreindler@kreindler.com


**Scott S. Katz**
Butler Pappas Weihmuller Katz Craig,
LLP
One Harbour Place
777 South Harbour Island Boulevard
Suite 500
Tampa, FL 33602
(813) 281-1900

(813) 281-1900

(813) 281-0900 (fax)

skatz@butlerpappas.com


**Omar Husain Kazmi**

The Marcowitz Law Firm, PLLC

11 Park Place

Ste 1503

New York, NY 10007

718-529-4040

212-214-0598 (fax)

Ohkazmi@gmail.com


**Andrew C. Levitt**

O'Hare Parnagian LLP

20 Vesey Street

Suite 300

New York, NY 10007

212-425-1401

212-425-1421 (fax)

alevitt@ohareparnagian.com


**Christopher R. LoPalo**

NSPR Law Services LLC

1302 Avenida Ponce de Leon

Santurce, PR 00907

833-271-4502

646-843-7603 (fax)

clopalo@nsprlaw.com


**Katielynn Boyd Townsend**

Gibson Dunn & Crutcher LLP

333 South Grand Avenue

Los Angeles, CA 90071-3197
213-229-7839
ktownsend@gibsondunn.com


**Theresa Marie Trzaskoma**
Harris Trzaskoma LLP
156 West 56th St
Suite 2004
New York, NY 10019
934-667-3816
ttrzaskoma@harristrz.com


**Jarod Glenn Taylor**
Axinn, Veltrop & Harkrider LLP
(Hartford, Conn.)
90 State House Square
Hartford, CT 06103
860-275-8100
860-275-8101 (fax)
jtaylor@axinn.com


**Ann Caroline Taylor**
Locke Lord Bissell & Liddell LLP
(IL)
111 South Wacker Drive
Chicago, IL 60606
(312) 443-0689
(312) 443-0336 (fax)
ataylor@lockelord.com


**Joseph Scott Tarbutton**
Cozen O'Connor

One Liberty Place
1650 Market Street
28th Floor
Philadelphia, PA 19103
215-665-7255
215-701-2467 (fax)
starbutton@cozen.com


**John Francis Schutty, III**
Law Office of John F. Schutty. P.C.
445 Park Avenue
Ste 9th Floor
New York, NY 10022
646-345-1441
917-591-5980 (fax)
john@johnschutty.com


**Caroline Schechinger**
Kellogg, Hansen, Todd, Figel &
Frederick, P.L.L.C. (KSA)**Matthew
Lynn Schafer**

Paramount Global
1515 Broadway
New York, NY 10003
212-846-3252
matthew.schafer@paramount.co
m


1615 M Street, NW
Suite 400
Washington, DC 20036
202-326-7900

202-326-7900
cschechinger@kellogghansen.com

**Allan C. Samuels**
Shendell & Pollock, P.L.
2700 N. Military Trail #150
Boca Raton, FL 33431
(561) 241-2323
(561) 241-2330 (fax)
allansamuels.lawassociates@gma
il.com

**Regan Erica Samson**
Anderson Kill PC
1251 6th Avenue
Ste Floor 42
New York, NY 10020
212-278-1000
rsamson@andersonkill.com

**Barry Alan Salzman**
Barasch & McGarry, P.C.
450 Seventh Ave., 34th Floor
New York, NY 10123
(212)-385-8000
(212)-385-7845 (fax)
barry@firelaw.com

**Stacey Ann Saiontz**
Dickstein Shapiro LLP (NYC)
1633 Broadway
New York, NY 10019-6708
212 896 5446

212-890-5440
2129979880 (fax)
Saiontzs@dsmo.com


**Thorn Rosenthal**
Cahill Gordon & Reindel LLP
32 Old Slip
New York, NY 10005
212-701-3823
trosenthal@cahill.com


**Jeanne Marie O'Grady**
Speiser, Krause, Nolan and
Granito (NY)
140 East 45th Street
New York, NY 10017
212-661-0011
212-953-6483 (fax)
jog@speiserkrause.com


**Noel J. Nudelman**
Heideman Nudelman & Kalik,
PC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
202-463-1818
202-463-2999 (fax)
njnudelman@hnklaw.com


**Donald J. Nolan**
Nolan Law Group
20 N. Clark St., 30th Floor

20 N. Clark St., 30th Floor
Chicago, IL 60602
312-630-4000
312-630-4011 (fax)
tje@nolan-law.com


**Thomas E. Mellon**
Mellon & Webster, P.C.
87 N. Broad Street
Doylestown, PA 18901
(215)-348-7700
(215)-348-0171 (fax)
tmellon@mellonwebster.com


**John Davis Lee**
Law Offices of J D Lee
422 S.Gay Street
Knoxville, TN 37902
865-544-4101
865-544-0536 (fax)
JDLEE@JDLEE.com


**David Craig Lee**
Law Office of David C. Lee
800 S. Gay Street; Suite 700
Knoxville, TN 37929
(865)-247-9736
davidleeattorney@gmail.com


**Andrew C. Laufer**
Law Office of Andrew C. Laufer,
PLLC
264 West 40th Street

Suite 604
New York, NY 10018
212-422-1020
alaufer@lauferlawgroup.com


**Douglas A. Latto**
Baumeister & Samuels, P.C.
One Exchange Plaza, 15th Floor
New York, NY 10006
(212) 363-1200
(212) 363-1346 (fax)
dal@speiserkrause.com


**Katherine Rosemary Steele Landy**
Federal Reserve Bank of New York
33 Liberty Street
New York, NY 10045
(212)-720-5331
(212)-720-8709 (fax)
katherine.landy@ny.frb.org