**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Estate of John Patrick O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No. 1:04-cv-01076 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR LEAVE TO AMEND THE COMPLAINT TO CORRECT ERRORS**

Plaintiffs, by undersigned counsel, submit this Memorandum of Law in Support of Motion for Leave to Amend the Complaint to Correct Errors, and say:

**BACKGROUND**

Plaintiffs are comprised of personal representatives and family members of individuals killed in the terrorist attacks against the United States on September 11, 2001. On August 20, 2003, the O'Neill family commenced suit against the Taliban by filing a complaint. The Taliban was served on September 16, 2004. ECF No. 2908. The Taliban failed to serve an answer or otherwise file a responsive pleading, and the Clerk issued a Certificate of Default on September 1, 2015. ECF No. 3043-4. The Court entered a liability judgment in favor of the O'Neill family against the Taliban. ECF Nos. 3067, 3163, 3043-1. Between February 11, 2022 and July 17, 2025, undersigned counsel filed motions to add thousands of plaintiffs to this case, solely against the Taliban, and to confirm that prior service on the Taliban, defaults, and liability judgments applied to the newly added plaintiffs. The Court granted these motions. ECF Nos. 7949, 8017, 8111, 8150, 8473, 8695, 10979, 11089. Plaintiffs have moved for damages judgments against the Taliban for many of these Plaintiffs that remain pending. ECF Nos. 8455, 8459, 8528, 8568, 8577, 8595, 8745, and 9130. On May 13, 2022 and September 1, 2022, Derrick McKenly and Marissa John were added to the case against the Taliban. ECF Nos. 8017

and 8486.  The operative complaint is the Fifth Amended First Consolidated Complaint ("Complaint"). ECF No. 8702. Subsequently, Plaintiffs also filed Notices to Conform, adding the Republic of the Sudan and the Kingdom of Saudi Arabia as defendants in the above-captioned lawsuit. ECF Nos. 9029 and 9277.  Plaintiffs are filing this Motion to Correct Errors prior to seeking a judgment for damages against the Taliban for these two plaintiffs.

Plaintiffs' counsel conducted extensive quality control before adding parties to the Complaint and has continued their quality control process thereafter, during which time they have continued to obtain additional information from clients and family members of clients to complete the firm's files.  In so doing, counsel has determined that certain name misspellings are contained in the Complaint.  None of the corrections constitute substantial changes that would potentially warrant additional service of an amended pleading.

Through the instant Motion, Plaintiffs seek to correct such errors before proceeding to default judgment to ensure the record is accurate.  None of the modifications requested herein affect the substantive claims or relief sought.  No new claims are asserted, and no additional plaintiffs have been added.  Moreover, because the changes are insubstantial, no additional service is required.

## ARGUMENT

### I.    LEGAL STANDARD

The Federal Rules of Civil Procedure make clear that leave to amend the complaint should be "freely give[n] [] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This 'permissive standard … is consistent with [the] strong preference for resolving disputes on the merits.'" Media Glow Digital, LLC v. Panasonic Corp. of N. Am., No. 16 CIV. 7907 (JFK)(HBP), 2018 WL 6444934, at *4 (S.D.N.Y. Dec. 10, 2018), objections overruled, No. 16 CIV. 7907 (PGG), 2020 WL 3483632 (S.D.N.Y. June 26, 2020), quoting Loreley Fin. (Jersey)

No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d. Cir. 2015). Leave to amend should only be denied in "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). It is well settled that "[d]istrict courts are vested with broad discretion to grant a party leave to amend the pleadings." Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 33 (N.D.N.Y. 2009).

A.    **Plaintiffs' Request for Leave to Amend Should Be Granted Under the Permissive Standard Set Forth in Rule 15(a)(2).**

Here, Plaintiffs only seek to correct what can best be characterized as typographical errors. There are no new claims asserted or any change in the substantive relief sought. Instead, the record will be made to accurately reflect the names of each of the Plaintiffs. Such proposed amendments, as specifically itemized below, clearly do not constitute "instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party" and, therefore, should be permitted. Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008).

1.    **Plaintiffs' Name Corrections:**

The following Plaintiffs' names should be corrected[1] as follows:

|   | Case Number | Plaintiffs' Full Name as Pled | Plaintiffs' Full Name as Amended |
|---|---|---|---|
| 1. | 1:04-cv-01076 | Derrick McKenley | Derrick McKenly |
| 2. | 1:04-cv-01076 | Marisa John | Marissa John |

---

[1] Plaintiffs request that this correction apply to all places and claims where the Plaintiffs' names are mentioned in the complaint and requested relief.

**B.    No Additional Service Is Required Because the Changes Contained in the Amended Pleadings Are Insubstantial.**

It is well settled that no additional service is required under these circumstances: "Where a plaintiff serves a complaint on a foreign state defendant under the FSIA, the foreign state defaults, and then the plaintiff files an amended complaint, service of the new complaint is only necessary if the changes are 'substantial.'" Shoham v. Islamic Republic of Iran, 922 F. Supp. 2d 44, 47 (D.D.C. 2013), citing Belkin v. Islamic Republic of Iran, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("Service of the original complaint was effected on all three Defendants under 28 U.S.C. § 1608(a)(4). …Plaintiff did not serve the amended complaint on defendants.  Where changes made in an amended complaint are 'not substantial,' the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable."); Blais v. Islamic Republic of Iran, 459 F. Supp. 2d 40, 46 (D.D.C. 2006), enforcement granted, No. 02-CV-285 (RCL), 2011 WL 13376985, at *46 (D.D.C. Dec. 2, 2011) ("Even were these changes characterized as substantive Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial. …Accordingly, this Court will not require plaintiff to serve the amended complaint."); Dammarell v. Islamic Republic of Iran, 370 F. Supp. 2d 218, 225 (D.D.C. 2005) ("[S]ection 1608 is inapplicable in the setting where the defendant foreign state has failed to appear, and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims.").

In this case, the Plaintiffs only seek to correct typographical errors and certain inaccuracies or to otherwise clarify the record.  Because these changes are insubstantial, no additional service of the amended pleadings should be required.

docs-100818735.2

**CONCLUSION**

The corrections requested by Plaintiffs are clerical in nature and serve to clarify the record. They do not affect the substance of any claims made in the above-referenced action. Moreover, the corrections are necessary to the administration of justice insomuch as not making them will potentially affect the rights of the incorrectly identified plaintiffs to enforce and collect on any judgment this Court enters in their favor. For the foregoing reasons, Plaintiffs respectfully request that this Court permit the proposed amendments without requiring re-service.

Dated: September 5, 2025

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
ANDERSON KILL P.C.
7 Times Square, 15th Floor
New York, NY 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com

*Attorneys for Plaintiffs*