UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-9849 (GBD)(SN)

    Plaintiffs in Burnett v. Al Baraka Inv. & Dev. Corp., No. 03-cv-9849 (the "Burnett Plaintiffs"), move to amend their complaint under Federal Rules of Civil Procedure 15 and 17. ECF No. 11199.[1] They seek to clarify the dual capacities in which the plaintiffs listed in Exhibit A seek to proceed in this case. The individual plaintiffs are also pursuing claims in their own names as the representatives of estates of the decedents killed on September 11, 2001, or on behalf of a deceased relation of a 9/11 decedent. See ECF No. 11200 at 1, 2 (explaining that the listed plaintiffs were "incorrectly identified as suing in their individual capacities when they should have been identified as also bringing claims on behalf of the decedents' estates").

    Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave and directs courts to "freely give leave when justice so requires." The decision to permit amendment is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v. Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022)

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

(quoting Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)). Amendment should be permitted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court does not find any reason to deny leave to amend. The Burnett Plaintiffs' proposed amendments do not add the claims of any new real parties in interest; instead, they more appropriately identify the multiple capacities in which named plaintiffs are proceeding. The proposed amendments will not unduly delay these proceedings or prejudice any defendant, and they were not filed in bad faith or with a dilatory motive. The Burnett Plaintiffs' motion is therefore GRANTED, and it further ORDERED that:

- The Burnett Plaintiffs' Amended Complaint is amended as set forth in Exhibit A, ECF No. 11199-1; and

- Burnett Plaintiffs shall comply with the Clerk of Court's instructions as set forth in ECF No. 4295 for the addition of plaintiffs to the case listed above in the Court's ECF and docketing system.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 11199 and the related motion at ECF No. 1263 in Burnett, No. 03-cv-9849.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    September 8, 2025
          New York, New York

2