**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, 04-cv-1076 (GBD)(SN)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR PARTIAL FINAL DAMAGES JUDGMENTS AGAINST THE TALIBAN FOR THE
PLAINTIFFS IDENTIFIED ON EXHIBIT A, EXHIBIT B, AND EXHIBIT D**

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel: (212) 278-1000
Fax: (212) 278-1733
Email:   jgoldman@andersonkill.com
              bstrong@andersonkill.com
              agreene@andersonkill.com
*Attorneys for Plaintiffs*

Dated:   New York, New York
              September 8, 2025

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ............................................................................................. 1

II.   PROCEDURAL BACKGROUND ................................................................... 4

    **A.**   Applicable Orders ................................................................................ 4

    **B.**   Related Cases ....................................................................................... 5

    **C.**   The Moving Plaintiffs .......................................................................... 7

III.  THE MOVING PLAINTIFFS HAVE LIABILITY JUDGMENTS AGAINST THE TALIBAN ............................................................................................. 8

IV.   DAMAGES SHOULD BE AWARDED AGAINST THE TALIBAN JOINTLY AND SEVERALLY ..................................................................................... 8

    **A.**   Background .......................................................................................... 8

    **B.**   Solatium Damages .............................................................................. 10

    **C.**   Pain and Suffering Damages for Estates ............................................ 12

    **D.**   Economic Damages for Estates .......................................................... 12

    **E.**   Treble Damages .................................................................................. 14

    **F.**   Punitive Damages ............................................................................... 15

    **G.**   Prejudgment Interest .......................................................................... 16

V.    CONCLUSION ............................................................................................. 17

DOCS-100732655.1

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashton v. al Qaeda Islamic Army,*
  02-CV-6977 (GBD)(SN) .................................................................. *passim*

*Baker v. Socialist People's Libyan Arab Jamahirya,*
  775 F. Supp. 2d 48 (D.D.C. 2011) .................................................16

*Bauer v. Al Qaeda Islamic Army,*
  02-CV-7236 (GBD)(SN) .................................................................. *passim*

*Est. of Heiser v. Islamic Republic of Iran,*
  466 F. Supp. 2d 229 (D.D.C. 2006) ...............................................5

*Flatow v. Islamic Republic of Iran,*
  999 F. Supp. 1 (D.D.C. 1998) .......................................................12

*Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.,*
  495 F. Supp. 3d 144 (E.D.N.Y. 2020) ...........................................10

*Lelchook v. Commerzbank AG,*
  2011 WL 4087448 (S.D.N.Y. Aug. 2, 2011) ...................................8, 10

*Miller v. Arab Bank, PLC,*
  372 F. Supp. 3d 33 (E.D.N.Y. 2019) .............................................8, 10

*Rosenberg v. Lashkar-e-Taiba,*
  2016 U.S. Dist. LEXIS 87724 (E.D.N.Y. July 5, 2016) ...................10

*Roth v. Islamic Republic of Iran,*
  78 F. Supp. 3d 379 (D.D.C. 2015) .................................................12

*In re Sept. 11 Litig.,*
  802 F.3d 314 (2d Cir. 2015) ..........................................................16

*Smith ex rel. Smith v. Islamic Emirate of Afghanistan,*
  262 F. Supp. 2d 217 (S.D.N.Y. 2003) ...........................................8

*Stansell v. Revolutionary Armed Forces of Columbia,*
  16-MC-00405 (LGS) (SN), ECF No. 443 (March 29, 2022) .............14

*Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,*
  304 F. Supp. 2d 232 (D.R.I. 2004) ...............................................8, 12

DOCS-100732655.1

**TABLE OF AUTHORITIES**
*(continued)*

**Page(s)**

*United States v. Kahn,*
    5 F.4th 167 (2d Cir. 2021) ........................................................................14

*Valore v. Islamic Republic of Iran,*
    700 F. Supp. 2d 52 (D.D.C. 2010) ..........................................................8, 12

**Statutes**

28 U.S.C. § 1605A(c) ...............................................................................5, 10

Anti-Terrorism Act, 18 U.S.C. § 2333(a) ........................................... *passim*

Air Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L.
    No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101) ....................16

## I.    INTRODUCTION

This action arises out of the events of September 11, 2001, during which members of the

al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons

in coordinated terrorist attacks on the United States (the "September 11th Attacks").  The

Plaintiffs in Exhibit A, Exhibit B, and Exhibit D to the Declaration of Jerry S. Goldman, Esq.

(the "Goldman Declaration") (the Plaintiffs in Exhibit A, Exhibit B, and Exhibit D are

hereinafter the "Moving Plaintiffs") in the above-captioned case are comprised of personal

representatives and eligible family members of individuals killed in the September 11th Attacks.

On October 13, 2015, this Court previously granted liability judgments against the

Taliban for its role in the September 11th Attacks to the Estate and immediate family members of

John Patrick O'Neill, Sr. *See* ECF No. 3067;[1] *see also* ECF Nos. 3163, 3043-1. As set forth in

the Court's November 23, 2022 Order at ECF No. 8770, this Court extended the liability

judgments against the Taliban for the family members and the estate of John P. O'Neill, Sr. to all

other plaintiffs in the above-captioned matter—including the Moving Plaintiffs—pursuant to the

Court's Orders at ECF Nos. 7949, 8111, 8150, 8473, 8695. *See also* ECF Nos. 10979 at ¶ 5 and

11089.

For the reasons set forth below, the statements contained in the Goldman Declaration, as

well as those set forth in prior motions for damages, the Moving Plaintiffs identified in Exhibit

A, Exhibit B, and Exhibit D respectfully move this Court for an Order:

> (1)    finding the Taliban jointly and severally liable with the Islamic Republic
>
> of Iran ("Iran") and awarding damages judgments to the Moving Plaintiffs, identified in
>
> Exhibit A, Exhibit B, and Exhibit D, against the Taliban in the same amounts previously

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); AND,

(2)     awarding solatium damages to the Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; AND,

(3)     awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th Attacks, as set forth in Exhibit B; AND,

(4)     awarding compensatory damages to the Moving Plaintiffs identified in Exhibit B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibit B; AND,

(5)     awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified in Exhibit D, an award of economic damages in the amounts as set forth in Exhibit D; AND,

(6)     awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2333(a), for solatium, economic and non-economic damages, in the amounts set forth in Exhibit A, Exhibit B, and Exhibit D; AND,

DOCS-100732655.1

(7)     finding that the treble damages awarded are compensatory in nature and not punitive; AND

(8)     awarding the Moving Plaintiffs identified in Exhibit A, Exhibit B, and Exhibit D prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 (except for the economic damages portion of awards for those Moving Plaintiffs in Exhibit D, where pre-judgment interest will run from the date as indicated in the "Date of Report" column in Exhibit D) until the date of the damages judgment, in an amount to be determined by the court; AND,

(9)     granting the Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date; AND,

(10)     granting permission for all Plaintiffs not appearing in Exhibit A, Exhibit B, and Exhibit D to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(11)     granting to the Plaintiffs such other and further relief as this honorable court deems just and proper.

The awards set forth in the attached Proposed Order represent the only direct recovery against the Taliban on behalf of the Moving Plaintiffs for the claims herein[2] and will constitute final awards and judgments against the Taliban for the Moving Plaintiffs.

---

[2] Some estate plaintiffs in Exhibit D annexed to the Goldman Declaration have a pending judgment motion against the Taliban for pain and suffering damages. Goldman Declaration at ¶ 10.

## II.    PROCEDURAL BACKGROUND

### A.    Applicable Orders

This motion is being submitted in accordance with various procedural orders entered by this Court, and the form of this motion and the relief requested herein are intended to comply with various orders of this Court, including the following:

a.    The Court's January 24, 2017 Order, ECF No. 3435, requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee, ECF No. 3433] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.    Magistrate Judge Maas' July 30, 2012 Report & Recommendation, ECF No. 2618, and this Court's October 3, 2012 Order, ECF No. 2623, adopting the Report & Recommendation in its entirety concerning the award of damages;

c.    The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

d.    The Court's October 14, 2016 Order, ECF No. 3362, related to *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

e.    The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

f.    The Court's December 6, 2019 Order, ECF No. 5338, setting forth the scheduling order.

g.    The Court's April 11, 2022 Order, ECF No. 7870, setting forth specific procedures regarding seeking judgments for damages as to the Taliban.

h.    The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

i.    The Court's July 11, 2022 Order, ECF No. 8198 setting forth requirements for motions for defaults against non-sovereign defendants.

j.    The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

k.    The Court's October 7, 2024 Order, ECF No. 10411, regarding expert reports submitted in support of economic damages judgment motions.

l.    The Court's July 31, 2025 Order, ECF No. 11105, approving revised default judgment motion worksheets.

**B.    Related Cases**

Relying on evidence and arguments submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the September 11th Attacks, this Court, on April 7, 2006, May 12, 2006, December 22, 2011, and on October 13, 2015, granted Orders of Judgment on Liability in favor of certain of the *Federal Insurance*, *Burnett, Ashton*, *Havlish*, and *O'Neill* groups of plaintiffs against the Taliban (*see* ECF Nos. 1754-56, 1782-97, 2516, 3067). This Court also considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the *Havlish* plaintiffs' submissions, on October 3, 2012 this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium…in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, …family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the following solatium awards for family members are appropriate, as an upward departure from the framework in *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006):

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

DOCS-100732655.1

ECF No. 2623 at 4.

The Court has applied the same solatium values to claims of other solatium plaintiffs as to Iran in *Burnett, Ashton, O'Neill* and other solatium plaintiffs in other cases coordinated in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation against Iran and sought or awarded against the Taliban. *See*, *e.g.*, ECF Nos. 2618, 2623-24, 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, 3977 at 7, 4023, 4126, 4146, 4175, 5061-62, 5087, 5138, 5356, 10265 (*Burnett*), and 11080 (*Ashton*).

In that same decision in *Havlish*, this Court also found that plaintiffs are entitled to punitive damages under the Foreign Sovereign Immunities Act ("FSIA") in an amount of 3.44 multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that 3.44 multiplier also to judgments in *Ashton*. *See* ECF No. 3175 at 3 (Report and Recommendation to apply 3.44 punitive multiplier); ECF No. 3229 at 1 (Order adopting in its entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the 3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No. 3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF Nos. 3358 at 11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the plaintiffs' solatium damages. ECF No. 2623 at 5. The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment

interest. ECF No. 3175 at 7-8. Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and *Bauer*. *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims. ECF Nos. 3358 at 17-20, 3363 at 28-29. Judge Daniels adopted Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6. The Court applied that interest rate, 4.96 percent per annum, to other plaintiffs' awards in *Burnett*.

C.    **The Moving Plaintiffs**

Pursuant to the Court's Orders at ECF Nos. 7949, 8111, 8150, 8473, 8695, 10979, and 11089, Plaintiffs were granted leave to add additional plaintiffs to the complaint in *O'Neill, et al., v The Republic of Iraq, et al*, 1:04-cv-1076 (GBD)( SN). The Orders specifically provide that (i) the amendments supplement but do not displace the underlying complaint; (ii) prior rulings, orders and judgments entered in this case remain in effect as to all parties; and (iii) that further service on the Taliban is not required as a result of the amendments; and (iv) that prior service orders applied. The Moving Plaintiffs' claims are on the Fifth Amended Consolidated Complaint. ECF No. 8702 (November 3, 2022); *see also* ECF Nos. 10979 ("The motion to add Plaintiffs is GRANTED. The underlying complaint is deemed amended to add the Plaintiffs listed at ECF No. 10972-1."); ECF No. 11089 ("The motion to amend is GRANTED. The underlying complaint is deemed amended to add the eight plaintiffs listed in Exhibit A at ECF No. 11083-1.").

### III.    THE MOVING PLAINTIFFS HAVE LIABILITY JUDGMENTS AGAINST THE TALIBAN

On October 13, 2015, this Court previously granted liability judgments against the Taliban for its role in the September 11th Attacks to the Estate and immediate family members of John Patrick O'Neill, Sr. *See* ECF No. 3067; *see also* ECF Nos. 3163, 3043-1; Cover Sheet annexed to the Proposed Order as Exhibit A. As set forth in the Court's November 23, 2022 Order at ECF No. 8770, this Court extended the liability judgments against the Taliban for the family members and the estate of John P. O'Neill, Sr. to all other plaintiffs in the above-captioned matter—including the Moving Plaintiffs—pursuant to the Court's Orders at ECF Nos. 7949, 8111, 8150, 8473, and 8695. *See also* ECF Nos. 10979 at ¶ 5 and 11089.

### IV.    DAMAGES SHOULD BE AWARDED AGAINST THE TALIBAN JOINTLY AND SEVERALLY

The Moving Plaintiffs respectfully request that partial final judgments for damages be entered in their favor and against the Taliban jointly and severally.

#### A.    Background

In terrorism cases, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.*, 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2,

2011) (allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive damages are not available under the ATA, its civil action provision "provides for treble damages").

The Moving Plaintiffs identified in Exhibit A are immediate family members[3] of those killed on 9/11, as demonstrated by documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents, or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery, and, in the case of a subsequently deceased family member, a death certificate or sworn affidavit which reflects that the claimant did not predecease the 9/11 victim. *See* Goldman Declaration at ¶ 5.

The Moving Plaintiffs identified in Exhibit B and Exhibit D are the estates of victims who perished on 9/11, in claims asserted by their personal representatives, as demonstrated by documentary evidence in the form of official documents from probate and administration proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies. *See* Goldman Declaration at ¶ 6.

With respect to each estate plaintiff in Exhibit A, Exhibit B, and Exhibit D, the personal representative has provided the undersigned counsel with proof that they have been appointed by the court as the personal representative of the deceased relative and/or 9/11 decedent estate. *See* Goldman Declaration at ¶ 7.

---

[3] If the immediate family member passed away after the 9/11 decedent, this action is brought by that family member's estate.

As liability has already been determined, each Moving Plaintiff should be entitled to damages in the amounts set forth in Exhibit A, Exhibit B, and Exhibit D, which reflect the damage amounts previously established and applied by this Court in this and other related cases arising from the September 11th Attacks, or based upon expert economic reports submitted herewith.  In accordance with the ATA, Moving Plaintiffs are entitled to solatium, pain and suffering, compensatory and economic damages, as applicable, and are also entitled to treble damages and prejudgment interest.

Finally, under principles of joint and several liability and traditional tort principles, the Taliban is jointly and severally liable for those damages. *See* ECF Nos. 2618, 2623-24 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants who were determined to be jointly and severally liable with Iran under traditional tort principles).

### B.    Solatium Damages

Whereas claims against Iran arose pursuant to 28 U.S.C. § 1605A(c), which provides an explicit right to solatium damages under the private right of action, Plaintiffs' claims against the Taliban arise under a number of different statutory schemes including 18 U.S.C. § 2333(a) (the civil-damages provision of the ATA) and the common law. Courts addressing claims under the ATA have almost uniformly allowed "solatium damages in suits brought under the ATA regardless of the availability of such damages under the general tort law of the state in which the district court sits" as such damages evince the deterrent intent of the ATA as a mechanism in the fight against terrorism. *See Rosenberg v. Lashkar-e-Taiba*, 2016 U.S. Dist. LEXIS 87724, at *75-*76 (E.D.N.Y. July 5, 2016); *see also Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) ("permitting Plaintiffs to pursue claims for solatium damages is consistent with both the purpose of the ATA, and Congress' intention to incorporate traditional tort-law principles into the statute"); *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495

10

F. Supp. 3d 144, 152-53 (E.D.N.Y. 2020). "Family members do not need to be present for the terrorist attacks to recover under the ATA, because 'a terrorist attack is precisely the sort of situation in which presence at the time is not required in light of the severity of the act and the obvious range of potential grief and distress that directly results from such a heinous act.'" *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019). In short, courts addressing the viability of solatium claims under the ATA have adopted an almost-uniform view that solatium damages are available under the ATA in the same manner that they are available under the private right of action under 28 U.S.C. § 1605A(c) of the Foreign Sovereign Immunities Act.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the 9/11 Attacks, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11th Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2618 at 11.

These exact amounts were adopted by this Court in its Orders granting judgments for solatium claims against the Taliban. *See* ECF Nos. 2618, 2623-24, 8973, 9167, 9858, 10265, and 10468.

The solatium losses suffered by the Exhibit A Moving Plaintiffs before the Court in this application are legally and factually comparable to those suffered by the plaintiffs who were

awarded solatium damages as to the Taliban, as well as those granted as to Iran, and sought and currently pending against the Taliban by other 9/11 plaintiffs. As such, the Moving Plaintiffs identified in Exhibit A respectfully request that the Court grant awards of solatium in the same amounts indicated herein, consistent with this Court's application of those values established and applied for other 9/11 plaintiffs against the Taliban.

### C.    Pain and Suffering Damages for Estates

As noted above, the Moving Plaintiffs identified in Exhibit B include the personal representatives of the estates of individuals who were killed in the September 11th Attacks, which seek compensatory damages for the decedent's pain and suffering. This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation as to the Taliban for other 9/11 plaintiffs. ECF Nos. 2618, 8973, 9167, 9858, 10265, and 10468.

For the reasons articulated by this Court previously, the estates set forth in Exhibit B respectfully request that the Court grant awards for the decedent's pain and suffering in the amount of Two Million Dollars ($2,000,000) per estate. *See id.* at 9; ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate). *See* Goldman Declaration at ¶ 18.

### D.    Economic Damages for Estates

Economic damages are specifically contemplated in terrorism litigation, whether under the FSIA, the ATA or otherwise. The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 27 (D.D.C. 1998); *see also Ungar*, 304 F. Supp. 2d at 264-65 (its legislative history "indicates that the ATA was to be construed broadly" and giving weight to its co-sponsor's statement that the ATA "'empowers victims with all the weapons available in civil litigation,'" suggesting "that Congress intended that the full

12

range of damages should be available to persons entitled to bring actions pursuant to §

2333(a).”). Accordingly, “the beneficiaries of each decedent’s estate [are] … entitled to recover

the present value of economic damages, including lost wages that the decedents might

reasonably have been expected to earn but for their wrongful deaths.” *Valore*, 700 F. Supp. 2d at

81-82 (citing *Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229 (D.D.C. 2006)). Thus,

sponsors of terrorist attacks that kill victims are routinely “liable for the economic damages

caused to decedents’ estates.” *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400

(D.D.C. 2015) (quoting *Valore*, 700 F.Supp. 2d at 78).

Previously, this Court awarded economic damages in Iran and Taliban cases for the

“economic losses stemming from the wrongful death of the decedent[.]” *See, e.g.*, ECF No. 2623

at 2-3, 8973, 9167, 9858, 10265, and 10468. In doing so, it adopted the economic loss

calculations set forth in the plaintiffs’ economic expert reports.

The Estates in Exhibit D and as specifically identified and set forth therein,[4] and which

provided economic expert reports, transmitted to the Court in the Goldman Declaration, seek

economic damages, similar to the plaintiffs in the prior Taliban and Iran cases in this Court under

the standards set in the District of Columbia cases cited herein.  Goldman Declaration at ¶¶ 19-

26.

As described at length in the Goldman Declaration, Moving Plaintiffs retained the

services of John F. Beauzile, an expert who possesses a Master’s Degree in Actuarial Science

from Columbia University (“Expert”), to evaluate the economic losses resulting from decedents’

death as a result of the September 11th Attacks.  Goldman Declaration at ¶¶ 22-24.

---

[4] To the extent estates are referenced in Exhibit A, these are estates of family members of 9/11 decedents who passed away after the September 11th Attacks, as opposed to the estates of the 9/11 decedents who are listed in Exhibit B and Exhibit D.

13

As described in more detail in the Goldman Declaration, and the Expert's Declaration attached as Exhibit C thereto, we obtained, generally through a Freedom of Information Act ("FOIA") request, entire September 11th Victim Compensation Fund ("VCF") files for a substantial number of 9/11 decedents represented by undersigned counsel.[5] Those files, along with other materials provided by the clients, contained various economic expert reports, VCF applications, VCF work papers and distribution plans, VCF determinations, underlying economic documents, and the like. Using methodology and assumptions described in his declaration, relying on earlier expert reports, determinations by the VCF, and other documents, the Expert prepared up-to-date economic loss expert reports, copies of which are deemed appended to the Expert's Declaration (Exhibit C) and being filed on ECF with access restricted to the Court pursuant to the Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports in support of default judgments.

Based on the foregoing, the Moving Plaintiffs respectfully ask that this Court award economic damages to the estates set forth in Exhibit D in the amounts stated therein, as supported by the expert reports.

### E.    Treble Damages

Moving Plaintiffs submit that, under the express terms of the ATA, they "shall recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the word "shall." *See United States v. Kahn*, 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, Moving

---

[5] We are still awaiting the receipt of additional VCF files from the Department of Justice via multiple outstanding FOIA requests, the processing of which has been adversely impacted by delays in responding to FOIA requests.

Plaintiffs submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. Plaintiffs submit that under existing precedent, these trebled judgment amounts should also be considered compensatory damages. *See Stansell v. Revolutionary Armed Forces of Columbia*, 16-MC-00405 (LGS) (SN), ECF No. 443 (March 29, 2022) ("**The ATA's Treble Damages Provision is Compensatory**") (emphasis in original). A separate column is included on Exhibit A, Exhibit B, and Exhibit D indicating the final judgment after trebling of the damages values.

### F.    Punitive Damages

Moving Plaintiffs are also entitled to punitive damages.  In the *Havlish* Report and Recommendation on damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks."  ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)).  This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory).  ECF No. 2623 at 2.  The Court has applied that ratio to awards for plaintiffs in other related cases.  *See, e.g.,* ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice.  ECF No. 3363 at 28.  Judge Daniels adopted Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages.  ECF No. 3384 at 6.

15

In light of the Court's decision in related litigation to defer determination of punitive damage issues until a later stage of the litigation, Plaintiffs herein request permission to address the issue of punitive damages at a later date. *See*, *e.g.*, ECF Nos. 3666 (Judge Daniels' Order in *Burnett* authorizing plaintiffs to make an application for punitive damages at a later date consistent with any future rulings of the Court), 10470 (Order declining to set a briefing schedule on how to proceed to assess punitive damages against defaulting defendants).

### G.  Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism. *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011). This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment. ECF No. 2618 at 13-14. This Court, recognizing that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states. *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air

Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L. No. 107-42, 115 Stat.

230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343

(2d Cir. 2015).  In that case, the Second Circuit concluded that a federal cause of action under

the ATSSSA must look to state rules concerning prejudgment interest.  *Id.*  Accordingly, the

Second Circuit held that New York's statutory prejudgment interest rate of nine percent as

opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims

related to the 9/11 Attacks.  *Id.*

      However, subsequently, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96

percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF

No. 3363 at 28-29.  Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its

entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of

the claims.  ECF No. 3384 at 6.  Thereafter, in *Burnett/Iran II*, the Court again awarded

prejudgment interest of 4.96 per annum, compounded annually.

      In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to

prejudgment interest, the Moving Plaintiffs respectfully request that the clerk be directed to

award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running

from September 11, 2001, until the date of the judgment (except for economic damages, where

interest would run only from the date of the expert report the damages amount is based on).

## V.     CONCLUSION

      For the reasons set forth herein, the statements contained in the Goldman Declaration, as

well as those set forth in prior motions for damages made on behalf of the Moving Plaintiffs as to

Iran, along with the previous decisions of this Court as to damages, the Moving Plaintiffs

identified in Exhibit A, Exhibit B, and Exhibit D respectfully request that the Court grant an

Order:

(1)    finding the Taliban jointly and severally liable with the Islamic Republic of Iran ("Iran") and awarding damages judgments to the Moving Plaintiffs, identified in Exhibit A, Exhibit B, and Exhibit D, against the Taliban in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases against Iran (subject to trebling damages as indicated below); AND,

(2)    awarding solatium damages to the Moving Plaintiffs identified in Exhibit A in the amounts of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling, as set forth in Exhibit A; AND,

(3)    awarding the estates of the 9/11 decedents, through the personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified by the Moving Plaintiffs set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th Attacks, as set forth in Exhibit B; AND,

(4)    awarding compensatory damages to the Moving Plaintiffs identified in Exhibit B for decedents' pain and suffering in an amount of $2,000,000 per estate, as set forth in Exhibit B; AND,

(5)    awarding the estates of the 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as identified in Exhibit D, an award of economic damages in the amounts as set forth in Exhibit D; AND,

(6)     awarding treble damages pursuant to the Anti-Terrorism Act, 18 U.S.C.

§ 2333(a), for solatium, economic and non-economic damages, in the amounts set forth in

Exhibit A, Exhibit B, and Exhibit D; AND,

(7)     finding that the treble damages awarded are compensatory in nature and

not punitive; AND

(8)     awarding the Moving Plaintiffs identified in Exhibit A, Exhibit B, and

Exhibit D prejudgment interest at the rate of 4.96 percent per annum, compounded

annually for the period from September 11, 2001 (except for the economic damages

portion of awards for those Moving Plaintiffs in Exhibit D, where pre-judgment interest

will run from the date as indicated in the "Date of Report" column in Exhibit D) until the

date of the damages judgment, in an amount to be determined by the court; AND,

(9)     granting the Moving Plaintiffs permission to seek punitive damages,

economic damages, and other appropriate damages, at a later date; AND,

(10)    granting permission for all Plaintiffs not appearing in Exhibit A, Exhibit

B, and Exhibit D to submit applications for damages awards in later stages, to the extent

such awards have not previously been addressed; AND,

(11)    granting to the Plaintiffs such other and further relief as this honorable

court deems just and proper.

Dated:    New York, New York
          September 8, 2025

Respectfully submitted,

/s/ Jerry S. Goldman
_____
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel:  (212) 279-1000
Fax: (212) 278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com
*Attorneys for Plaintiffs*

20