**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD)(SN)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF RULE 54(b) FINAL JUDGMENT AS TO THE CLAIMS OF THE ESTATES OF MICHAEL THEODORIDIS AND RAHMA SALIE AGAINST IRAN**

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel: (212) 278-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*Attorneys for Plaintiffs*

Dated: New York, New York
September 8, 2025

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........ 1

II. PROCEDURAL BACKGROUND ........ 1

III. ARGUMENT ........ 2

IV. CONCLUSION ........ 4

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Barboza v. Village of Liberty*,
2016 WL 8653502 (S.D.N.Y. Jan. 21, 2016) ....................3

*Cullen v. Margiotta*,
811 F.2d 698 (2d Cir. 1987)....................4

*Ginett v. Computer Task Group Inc*.,
962 F.2d 1085 (2d Cir. 1992)....................3

*National Ass'n of Home Builders v. Norton*,
325 F.3d 1165 (9th Cir. 2003) ....................2

## Statutes

28 U.S.C. § 636(b)(1) ....................2

28 U.S.C. § 1291....................3

## Other Authorities

Civil Cases—Premature Notice, 16A Fed. Prac. & Proc. Juris. § 3950.5 (5th ed.)....................2

Fed. R. Civ. P. 72(b) ....................2

Fed. R. Civ. P. 54(b) ....................1, 2, 3, 4

## I. INTRODUCTION

The Plaintiffs in the above-captioned matters, by and through their counsel, Anderson Kill P.C., respectfully submit this Memorandum of Law in support of their Motion for Entry of Rule 54(b) Final Judgment as to the claims of the Estates of Michael Theodoridis and Rahma Salie, who were both killed in the September 11th Attacks.

For the reasons set forth below, Plaintiffs respectfully move this Court for an ORDER entering a final judgment, pursuant to Fed. R. Civ. P. 54(b), based on the Court's denial of the renewed judgment motion (ECF No. 10326)[1] brought by the Estates of Michael Theodoridis and Rahma Salie against defendant Islamic Republic of Iran ("Iran") in its Memorandum Decision and Order dated August 4, 2025 (ECF No. 11118), and such other and further relief as the court may deem just and proper.

## II. PROCEDURAL BACKGROUND

This action arises out of the events of September 11, 2001, during which members of the al Qaeda terrorist network hijacked four commercial airliners and used those planes as weapons in coordinated terrorist attacks on the United States (the "September 11th Attacks"). Plaintiffs in the above-captioned actions include the personal representatives of the Estates of Michael Theodoridis and Rahma Salie, who were both killed in the September 11th Attacks.

On September 9, 2024, the Estates of Michael Theodoridis and Rahma Salie, who were killed simultaneously in the September 11th Attacks, submitted a renewed damages judgment motion against Iran[2] for intentional infliction of emotional distress under New York law. ECF No. 10326.

[1] All ECF numbers refer to the MDL docket, 03-md-01570.

[2] The initial motion for damages was denied without prejudice at ECF Nos. 9931, at 6 n.5, and 10319.

On May 23, 2025, Magistrate Judge Netburn issued a Report & Recommendation, in which she recommended that the District Court deny the Plaintiffs' motion solely on the ground that the Plaintiffs had not demonstrated that Michael Theodoridis and Rahma Salie suffered the kind of severe emotional distress that is compensable under New York law. ECF No. 10965.

On June 27, 2025, the Estates of Michael Theodoridis and Rahma Salie submitted limited Fed. R. Civ. P. 72(b) objections, pursuant to 28 U.S.C. § 636(b)(1), to that portion of Magistrate Judge Netburn's May 23, 2025 Report and Recommendation at ECF No. 10965. ECF No. 11042.

On August 4, 2025, this Court issued a Memorandum Decision and Order, in which it denied the Iran judgment motion brought by the Estates of Michael Theodoridis and Rahma Salie. ECF No. 11118.

Prior to filing this motion, in an abundance of caution, undersigned counsel also filed a protective Notice of Appeal of the decision (ECF No. 11189); but we believe that Rule 54(b) certification is appropriate because, among other reasons, several plaintiffs other than the Estates of Michael Theodoridis and Rahma Salie continue to maintain unadjudicated claims in the above-captioned lawsuits against Iran. *E.g.*, *National Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 n.1 (9th Cir. 2003) ("Although a notice of appeal had already been filed, the district court had jurisdiction to enter an initial Rule 54(b) certification."); *see also* § 3950.5 Civil Cases—Premature Notice, 16A Fed. Prac. & Proc. Juris. § 3950.5 (5th ed.).

## III. ARGUMENT

The Plaintiffs respectfully request that this Court enter a final judgment, pursuant to Fed. R. Civ. P. 54(b), denying the renewed judgment motion brought by the Estates of Michael Theodoridis and Rahma Salie against Iran, so the Estates of Michael Theodoridis and Rahma Salie can maintain their appeal to the U.S. Court of Appeals for the Second Circuit, without

being required to wait until none of the plaintiffs in the above-captioned actions have outstanding claims.

Federal Rule of Civil Procedure 54(b) provides, in relevant part,:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Rule 54(b) seeks to reduce the "serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Ginett v. Computer Task Group Inc*., 962 F.2d 1085, 1093 (2d Cir. 1992). Final judgment pursuant to Rule 54(b) is appropriate when three conditions are met: (1) "multiple *parties* must be present"; (2) "the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291"; and (3) "no just reason for delay" exists. *Id.* at 1091.

All three conditions are met. First, there are parties in the above-captioned matters aside from the Estates of Michael Theodoridis and Rahma Salie who have not had their claims fully adjudicated against Iran. Second, this Court's August 4, 2025 Memorandum Decision and Order finally denied the renewed Iran judgment motion brought by the Estates of Michael Theodoridis and Rahma Salie. Third, no just reason for delay exists. In considering this third factor, district courts "take into account judicial administrative interests as well as the equities involved." *Barboza v. Village of Liberty*, 2016 WL 8653502, at *2 (S.D.N.Y. Jan. 21, 2016) (internal quotation marks omitted). Plaintiffs in these actions have appealed this Court's August 4, 2025 Memorandum Decision and Order, which denied the renewed Iran judgment motion brought

only by the Estates of Michael Theodoridis and Rahma Salie. An immediate appeal will better serve the "judicial administrative interests." *Id*. The claims brought by the Estates of Michael Theodoridis and Rahma Salie are "separable from the others remaining to be adjudicated" involving other plaintiffs, as the Estates of Michael Theodoridis and Rahma Salie seek to appeal their own claims against Iran, which have no impact on the claims of others against Iran and the overwhelming majority of plaintiffs in these actions already have judgments against Iran. *Id.* Moreover, no other claims brought only by the Estates of Michael Theodoridis and Rahma Salie remain pending against Iran.

Further, absent entry of a Rule 54(b) judgment, the plaintiffs may be unable to seek appellate review of the Court's August 4, 2025 Memorandum Decision and Order until the full scope of the remaining proceedings against Iran have concluded. *See Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years, there was no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed"). Nor will Iran be prejudiced by the entry of a Rule 54(b) judgment or a piecemeal appeal as they have already defaulted.

## IV. CONCLUSION

For the reasons set forth herein, the Estates of Michael Theodoridis and Rahma Salie respectfully request that the Court issue an Order entering a final judgment, pursuant to Fed. R. Civ. P. 54(b), based on the Court's denial of the renewed judgment motion (ECF No. 10326) brought by the Estates of Michael Theodoridis and Rahma Salie against Iran in its Memorandum Decision and Order dated August 4, 2025 (ECF No. 11118), and such other and further relief as the court may deem just and proper..

Dated: New York, New York
September 8, 2025

Respectfully submitted,

*/s/ Jerry S. Goldman*

**ANDERSON KILL P.C.**
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel: (212) 279-1000
Fax: (212) 278-1733
Email: jgoldman@andersonkill.com
bstrong@andersonkill.com
agreene@andersonkill.com
*Attorneys for Plaintiffs*