UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/2025

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Rivelli v. Islamic Republic of Iran, No. 18-cv-11878 (GBD)(SN)
    Rowenhorst v. Islamic Republic of Iran, No. 18-cv-12387 (GBD)(SN)

    The Court has received the Plaintiffs' motion for entry of a final judgment under Federal Rule of Civil Procedure 54(b) against defendant Islamic Republic of Iran ("Iran") for the Estates of Michael Theodoridis and Rahma Salie (the "Estates"). See ECF No. 11216.[1]

    Federal Rule of Civil Procedure 54(b) authorizes the Court, under certain conditions, to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties." The Estates move for entry of a final judgment against Iran "based on the Court's denial of the renewed judgment motion (ECF No. 10326) . . . in its Memorandum Decision and Order dated August 4, 2025 (ECF No. 11118)." ECF. No. 11216 at 1. The Estates request this final judgment to facilitate an appeal while unadjudicated claims in the above-captioned actions proceed. Id.

    In light of the complexity of managing this multidistrict litigation, the Court will only consider entry of a final judgment that disposes of all of the Estates' claims for damages against Iran. While the Court has previously entered partial default judgments for the Estates' pain and

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

suffering and economic loss,[2] see ECF No. 9931 at 7, it has deferred an award of punitive damages, see ECF No. 10965 at 3.

Accordingly, the Court seeks confirmation that the Estates wish to forgo any opportunity for punitive damages in order to obtain a final judgment. Absent further considerations, and assuming the Estates acknowledge that any final judgment will dispose of any opportunity to seek punitive damages at a later date, the Court will enter judgment pursuant to Rule 54(b). The Estates shall confirm their intention in writing by September 26, 2025.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   September 15, 2025
         New York, New York

---

[2] The Court awarded Salie's estate $2 million for pain and suffering damages; Theodoridis's estate received $2 million for pain and suffering damages and $8,514,726 for economic damages. ECF No. 9931, Ex. A at 11, 13.