UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:

      TERRORIST ATTACKS ON
      SEPTEMBER 11, 2001


----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:   9/18/2025          │
└─────────────────────────────────┘
```

03-MD-01570 (GBD)(SN)

<u>ORDER</u>

**SARAH NETBURN, United States Magistrate Judge:**

The Court has reviewed the submissions of the Plaintiffs' Executive Committees ("Plaintiffs") and the Republic of Sudan ("Sudan") on the disputed aspects of their proposed deposition protocol, ECF No. 11168.[1] The Court directs the parties as follows:

<u>Paragraph 38 – Additional Cameras</u>. The Court endorses the Plaintiffs' proposal as modified below. The Court recognizes there are several competing goals at stake: maintaining the integrity of deposition procedures; respecting the professional and ethical obligations of counsel as officers of the court; deterring misconduct during remote depositions; avoiding protracted disputes over the deposition conduct of witnesses and attorneys; and minimizing the logistical challenges of conducting depositions, especially for witnesses testifying remotely from Sudan. On balance, additional procedures for monitoring the presence and conduct of individuals in the same room as the witnesses are justified when an attorney subject to the Court's jurisdiction is not present. When a witness and the witness's U.S. counsel are present in the same room, counsel must certify who is present in that room for the record. When a witness and the witness's U.S. counsel are participating separately, an additional camera must display to all other participants every attendee present in the room with the witness.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

Paragraph 38 will therefore state:

Each witness, attorney, and other person attending the deposition (in person, electronically, or telephonically) shall be identified on the record at the commencement of the deposition. If the witness's U.S. attorney is physically in the room with the witness, the attorney must confirm on the record who is present in the witness's room. If the witness's U.S. attorney is not physically in the room with the witness, an additional camera(s) must show to the other participants in the conference a view of the witness's room, including the witness and any other individuals present in the room; this additional view need not be recorded. The video recording of the deposition shall include the court reporter administering the oath or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be video recorded.

The Court reminds the parties that it may sanction counsel that do not fulfill their professional and ethical obligations—including abiding by the deposition protocol instituted here. See Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."). Finally, the Court encourages the parties to act in good faith to resolve any issues that may arise while implementing this protocol.

Paragraph 64 – Time Limit for Depositions. The Court endorses Sudan's proposal. Federal Rule of Civil Procedure 30(d)(1) limits a deposition to one day of seven hours unless the parties stipulate otherwise. The court must also allow additional time, consistent with the scope of discovery, "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) (citing Fed. R. Civ. P. 26(b)(1)-(2)). But the court otherwise "has broad discretion to set the length of depositions appropriate to circumstances of the case." Arista Records LLC v. Lime Grp. LLC, No. 06-cv-05936 (GEL), 2008 WL 1752254, at *1 (S.D.N.Y. Apr. 16, 2008) (citing In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008)). Moreover, the party seeking an extension must show good cause to justify one. See Fed. R. Civ. P. 30, Advisory Committee

Notes, 2000 Amendments, 192 F.R.D. 340, 395 (2000) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."). In deciding whether an extension is necessary, the court may consider a variety of factors, including whether the witness needs an interpreter or whether the examination will cover events over a long period of time. Id. at 395.

All prior deposition protocols for this MDL have followed the default one-day, seven-hour rule. See ECF No. 3894 at ¶ 75 ("All questioning by the noticing side shall be limited to seven (7) hours."); ECF No. 6002-1 at ¶ 40 (same); ECF No. 9027-1 at ¶ 52 (same). Plaintiffs have not shown good cause to deviate from the presumptive time limit. The memory issues inherent in deposing witnesses about long-ago events may favor extended time. But the limited number of witnesses available for depositions does not, by itself, warrant extended time for any one witness. The Plaintiffs also argue that Sudan's failure to produce any internal documents justifies additional deposition time. But Sudan has still produced "thousands of pages of documents" to add to the "millions of pages of document discovery in this MDL" that Plaintiffs have obtained, and the U.S. government may produce additional documents in response to outstanding subpoenas. ECF No. 1168 at 2. Even if the Plaintiffs conduct their depositions based on "only limited information," id. at 6, a dearth of documents does not necessarily mean the depositions would require extra time; seven hours may be more than sufficient. Furthermore, the Court's decision to double the time limit for depositions requiring interpreters, explained below, will mitigate one time-consuming aspect of these depositions. See Republic of Turkey v. Christie's, Inc., 326 F.R.D. 402, 407 (S.D.N.Y. 2018) (extending the time limit for depositions per Rule 30 because "of the additional time it takes for translation during depositions"). Otherwise, the relevant factors do not favor a blanket extension to the default limit. But on a

case-by-case basis, the Court directs the parties to allow for reasonable extensions of time where necessary and appropriate.

Paragraph 69 – Time Limit for Depositions Requiring Interpreters. The Court endorses the Plaintiffs' proposal. In the Court's experience, quality translators can conduct translation services in close to real time. But the Court recognizes that in practice for this MDL, depositions involving interpreters have required every question and answer to be asked and answered twice. See ECF No. 11168, at 7 ("[F]or reporters and translators to hear the distinct speakers speaking different languages and keep a clear record, both the reporters and interpreters have insisted on only one speaker speaking at a time, including the person being interpreted and the interpreter. As a consequence, every question and answer is asked and answered first in the speaker's native language and then again by the interpreter, necessitating that the question-and-answer period for each deposition is at least twice as long."). To better align the protocol with practice, all time limits for depositions shall be doubled if the witness requires a translator.

By Friday, September 26, 2025, the parties shall submit (1) a revised deposition protocol; and (2) a joint proposed schedule for discovery, including depositions.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      September 18, 2025
            New York, New York