UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD)(SN)<br><br>ECF Case |

*This document relates to:*

*Hartford Fire Insurance Company, et al. v. Kingdom of Saudi Arabia,* Case No. 18-cv-12085

## NOTICE OF CONDITIONAL CROSS-APPEAL

NOTICE is hereby given that, in the event the United States Court of Appeals for the Second Circuit finds that it possesses jurisdiction as to the Kingdom of Saudi Arabia's interlocutory appeal (MDL ECF No. 11215), Plaintiffs Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of Illinois, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Lloyds Insurance Company, Hartford Underwriters Insurance Company, Pacific Insurance Company, Limited, Property and Casualty Insurance Company of Hartford, Trumbull Insurance Company, and Twin City Fire Insurance Company (collectively, the "Hartford Plaintiffs")  hereby cross-appeal to the United States Court of Appeals for the Second Circuit from (1) the Memorandum Decision and Order of the United States District Court for the Southern District of New York dated March 28, 2018 (MDL ECF No. 3946) ("MTD Denial Order"), a copy of which is attached as Exhibit A, to the extent the MTD Denial Order declined or failed to consider certain of the Hartford Plaintiffs' alternative theories of jurisdiction under the Foreign Sovereign Immunities Act and/or related theories of liability, including without limitation Hartford Plaintiffs' theories concerning additional tortious conduct of the Kingdom of Saudi Arabia and/or the tortious conduct of additional agents and

officials of the government of Saudi Arabia, Hartford Plaintiffs' theories of secondary liability, and/or Hartford Plaintiffs' theories of jurisdiction under the non-commercial tort-exception; (2) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11180) ("Rule 72 Order"), a copy of which is attached as Exhibit B, overruling Rule 72 objections to Magistrate Judge Netburn's December 11, 2024 Opinion & Order (MDL ECF No. 10615), a copy of which is attached as Exhibit C, to the extent the Rule 72 Order excludes certain of Hartford Plaintiffs' expert witnesses from testifying or limits the scope of their testimony in relation to the jurisdictional inquiry under the Foreign Sovereign Immunities Act or otherwise; (3) the Order of the United States District Court for the Southern District of New York, dated January 26, 2024 (MDL ECF No. 9562), a copy of which is attached as Exhibit D, striking declarations from Harford Plaintiffs' fact and expert witnesses; (4) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated February 7, 2023 (MDL ECF No. 8862), a copy of which is attached as Exhibit E, declining to revise the Court's MTD Denial Order and find jurisdiction pursuant to certain theories under the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (2016) and related law, including theories of jurisdiction and liability under principles of secondary liability; and (5) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11182) ("Renewed MTD Denial Order"), a copy of which is attached as Exhibit F, to the extent the Renewed MTD Denial Order incorporated or rested upon aspects of the prior orders referenced in (1)-(4) above.

  This is a conditional cross-appeal, filed solely to preserve the Hartford Plaintiffs' appellate rights in light of the Kingdom of Saudi Arabia's Notice of Appeal on September 8,

2

2025 (MDL ECF No. 11215). The Hartford Plaintiffs submit that the Second Circuit lacks jurisdiction over the Kingdom of Saudi Arabia's interlocutory appeal as not falling within the collateral order doctrine. If the Second Circuit nevertheless concludes that it does have appellate jurisdiction, then the Hartford Plaintiffs intend to proceed with their cross-appeal from the rulings as indicated above.

Dated: September 22, 2025               Respectfully submitted,

**AXINN, VELTROP & HARKRIDER LLP**

*/s/ Thomas G. Rohback*
Thomas G. Rohback, Esq.
Jarod G. Taylor, Esq.
90 State House Square
Hartford, CT 06103
trohback@axinn.com
jtaylor@axinn.com
Tel.: (860) 275-8110
Fax: (860) 275-8101

*Attorney for Plaintiffs/Appellees Hartford Accident and Indemnity Company, Hartford Casualty Insurance Company, Hartford Fire Insurance Company, Hartford Insurance Company of Illinois, Hartford Insurance Company of the Midwest, Hartford Insurance Company of the Southeast, Hartford Lloyds Insurance Company, Hartford Underwriters Insurance Company, Pacific Insurance Company, Limited, Property and Casualty Insurance Company of Hartford, Trumbull Insurance Company, Twin City Fire Insurance Company.*