UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |
|---|---|
| | ECF Case |

*This document relates to:*

- **Castilla et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11645**

- **Escowitz et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11713**

- **Allen et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11795**

- **Mawra et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11839**

- **Bobbitt et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11886**

- **Chiu et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11893**

- **Abbanato et al. vs. Kingdom of Saudi Arabia, Docket Number 18-cv-11996**

## NOTICE OF CONDITIONAL CROSS-APPEAL

NOTICE is hereby given that, in the event the United States Court of Appeals for the Second Circuit finds that it possesses jurisdiction as to the Kingdom of Saudi Arabia's interlocutory appeal (MDL ECF No. 11215), all Plaintiffs in the above-captioned actions hereby cross-appeal to the United States Court of Appeals for the Second Circuit from (1) the Memorandum Decision and Order of the United States District Court for the Southern District of New York dated March 28, 2018 (MDL ECF No. 3946) ("MTD Denial Order"), a copy of which is attached as Exhibit A, to the extent the MTD Denial Order declined or failed to consider certain of Plaintiffs' alternative theories of jurisdiction under the Foreign Sovereign Immunities Act and/or related theories of liability, including without limitation Plaintiffs' theories concerning

additional tortious conduct of the Kingdom of Saudi Arabia and/or the tortious conduct of additional agents and officials of the government of Saudi Arabia, Plaintiffs' theories of secondary liability, and/or Plaintiffs' theories of jurisdiction under the non-commercial tort-exception; (2) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11180) ("Rule 72 Order"), a copy of which is attached as Exhibit B, overruling Rule 72 objections to Magistrate Judge Netburn's December 11, 2024 Opinion & Order (MDL ECF No. 10615), a copy of which is attached as Exhibit C, to the extent the Rule 72 Order excludes certain of Plaintiffs' expert witnesses from testifying or limits the scope of their testimony in relation to the jurisdictional inquiry under the Foreign Sovereign Immunities Act or otherwise; (3) the Order of the United States District Court for the Southern District of New York, dated January 26, 2024 (MDL ECF No. 9562), a copy of which is attached as Exhibit D, striking declarations from Plaintiffs' fact and expert witnesses; (4) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated February 7, 2023 (MDL ECF No. 8862), a copy of which is attached as Exhibit E, declining to revise the Court's MTD Denial Order and find jurisdiction pursuant to certain theories under the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (2016) and related law, including theories of jurisdiction and liability under principles of secondary liability; and (5) the Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11182) ("Renewed MTD Denial Order"), a copy of which is attached as Exhibit F, to the extent the Renewed MTD Denial Order incorporated or rested upon aspects of the prior orders referenced in (1)-(4) above.

  This is a conditional cross-appeal, filed solely to preserve Plaintiffs' appellate rights in light of the Kingdom of Saudi Arabia's Notice of Appeal on September 8, 2025 (MDL ECF No.

11215). Plaintiffs submit that the Second Circuit lacks jurisdiction over the Kingdom of Saudi Arabia's interlocutory appeal as not falling within the collateral order doctrine. If the Second Circuit nevertheless concludes that it does have appellate jurisdiction, then Plaintiffs intend to proceed with their cross-appeal from the rulings as indicated above.

Dated: September 22, 2025                    Respectfully submitted,

_____
Daniel J. Hansen

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Notice of Conditional Cross-Appeal was electronically filed this 22nd day of September, 2025, Notice of this filing will be served upon all parties in 03 MDL 1570 by operation of the Southern District of New York's Electronic Case Filing ("ECF") system.

_____
Daniel J. Hansen