UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

### [PROPOSED] DEFAULT JUDGMENT AGAINST THE TALIBAN FOR DEATH CLAIMS ARISING UNDER 18 U.S.C. § 2333

Upon consideration of the evidence and arguments submitted by Plaintiffs in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD)(SN), whose claims arise from the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against *inter alia* The Taliban entered on April 7, 2006 in this Multi-District Litigation (ECF No. 1756), together with the entire record in this case, it is hereby:

**ORDERED** that this Court possesses personal jurisdiction over Defendant The Taliban by virtue of its conduct supporting the terrorist activities of Al-Qaeda including but not limited to the Terrorist Attacks on September 11, 2001 which involved terrorist attacks conducted on American soil in New York, Pennsylvania, and Virginia;

**ORDERED** that this Court possesses subject-matter jurisdiction under the ATA as thousands of United States nationals were injured by reason of the terrorist attacks on September 11, 2001 which constituted acts of international terrorism resulting in significant harm including injury and death;

**ORDERED** that the prior judgments entered against the Islamic Republic of Iran and certain of its agencies and instrumentalities be extended against The Taliban as jointly and severally liable for the compensatory damages amounts previously awarded to the *Burnett* Moving

Plaintiffs set forth on Exhibits A and B who are the personal representatives of estates of individuals who were killed in the terrorist attacks on September 11, 2001 under the civil-damages provision of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a); and it is

**ORDERED** that Stan V. Smith is qualified as an expert to opine on the economic losses of those decedents included on Exhibit B who are seeking economic-loss damages in this motion for the first time; and it is

**ORDERED** that the opinions of Plaintiffs' expert Stan V. Smith are accepted, and that Plaintiffs identified in the expert reports attached as Exhibit C to the Duane Declaration (and identified in Exhibit B), are awarded economic damages as set forth in Exhibit B and as supported by the expert reports and analyses submitted by Dr. Stan V. Smith as Exhibit C to the Duane Declaration, and it is

**ORDERED** that the Plaintiffs set forth on Exhibit A to this Order be awarded judgment for damages for conscious pain and suffering in the amount of $2,000,000 for each estate as set forth on Exhibit A against The Taliban; and it is

**ORDERED** that the compensatory-damages judgments for the ATA Plaintiffs set forth on Exhibits A and B be trebled in accordance with the mandatory provision of the ATA that provides that successful plaintiffs in an ATA action "shall recover threefold the damages he or she sustains and the cost of suit, including attorney's fees"; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibit A be awarded prejudgment interest at the rate of 4.96%, compounded annually, from September 11, 2001 through the date of the judgment entered in the amount of $_____; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibit B be awarded prejudgment interest at the rate of 4.96%, compounded annually, from the Date of Report identified on Exhibit B through the date of the judgment entered in the amount of $_____; and it is

**ORDERED** that the ATA Plaintiffs set forth on Exhibit A whose judgments do not already include economic-loss damages may supplement their judgments upon providing evidence related to their economic losses at a later date; and it is

**ORDERED** that Plaintiffs identified in Exhibits A and B may submit an application for punitive damages or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that any default judgments issued by this Court against The Taliban as a Defendant in this MDL are not binding on the determination of damages for any other Defendant within this MDL.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 11291 in 03-MDL-1570 (GBD)(SN) and ECF No. 1281 in 03-cv-9849 (GBD)(SN).

Dated: New York, New York  
_____, 2025

**SO ORDERED:**

_____  
GEORGE B. DANIELS  
United States District Judge

3