**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp*., et al., No. 03-cv-9849 (GBD)(SN)

### *BURNETT* PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF DEFAULT JUDGMENTS FOR PERSONAL INJURY CLAIMS UNDER 18 U.S.C. § 2333 AGAINST THE TALIBAN

For the reasons stated herein and as set forth in the accompanying Declaration of John C. Duane (hereinafter "Duane Decl."), the *Burnett* Moving Plaintiffs included on Exhibit A who are individuals who sustained physical injury as a direct result of the terrorist attacks on September 11, 2001, respectfully request Final Default Judgments Against The Taliban for pecuniary and non-pecuniary loss (including, but not limited to pain-and-suffering damages, pre-judgment interest, and trebled damages under 18 U.S.C. § 2333(a)) in favor of the *Burnett* Moving Plaintiffs. The judgment amounts sought here by the Plaintiffs included in Exhibit A are based upon prior judgments entered by this Court for these *Burnett* Moving Plaintiffs for personal-injury damages for individuals who sustained injuries as a direct result of the terrorist attacks on September 11, 2001 within this MDL against *inter alia* the Islamic Republic of Iran.

The *Burnett* Moving Plaintiffs on Exhibit A further move that such damages be trebled under the ATA and include prejudgment interest at the rate of 4.96 percent, compounded annually, from the period from September 11, 2001, until the date of the judgment for damages entered against the Taliban and for leave to file for such other and further relief may be appropriate at a later date including, but not limited to, punitive damages.

On April 7, 2006, this Court entered default judgment as to liability against The Taliban (and 132 other defaulting defendants) in the case captioned *Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN). ECF No. 1756. That April 7, 2006 default judgment was entered in favor of 5,612 real parties in interest in the *Burnett* action at the time. On September 1, 2022, the Court granted Plaintiffs' motion to make explicit those plaintiffs whose claims were encompassed within the ambit of these real parties in interest and determined that these claims "relate[] back to when each of the individuals originally named in the pleading were added to this action." *See* ECF No. 8487. On November 1, 2022, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added 529 claims within the *Burnett* action and stated "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2. On January 12, 2024, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added four claims within the *Burnett* action again providing that these plaintiffs were subject to all prior rulings, orders, and judgments in the case. *See* ECF No. 9532.

Since that time, the Court has granted several additional motions filed by Plaintiffs to add parties against the Taliban to add claims within the *Burnett* action in which Plaintiffs sought the same application of prior rulings. *See, e.g.,* ECF Nos. 9559, 9629, and more recently, ECF No. 10959. All plaintiffs in this case added since the entry of the default judgment have been subject to all prior orders of the Court including this default judgment as to liability against The Taliban. It is on behalf of the plaintiffs listed in Exhibit A along with the distinct claims clarified or added as set forth above that this motion pertains.

This motion seeks to (1) extend judgments entered against the Islamic Republic of Iran and certain of its agencies and instrumentalities within this MDL on behalf of certain American citizens/U.S. nationals (identified in Exhibit A) who sustained personal injuries in the terrorist

2

attacks on September 11, 2001. The *Burnett* Moving Plaintiffs in Exhibit A seek this relief pursuant to the civil damages provision of the Anti-Terrorism Act, 18 U.S.C. § 2333(a).

## ARGUMENT

I.    **Claims against The Taliban under the Anti-Terrorism Act should be awarded damages in this case commensurate with those awarded under 28 U.S.C. § 1605A(c) against the Islamic Republic of Iran.**

The *Burnett* Moving Plaintiffs included on Exhibit A who sustained personal injuries as a direct result of the terrorist attacks on September 11, 2001 have previously obtained damages judgments within this MDL against the Islamic Republic of Iran and certain of its agencies and instrumentalities for Iran's role in providing support to Al Qaeda in the years leading up to the terrorist attacks on September 11, 2001. Whereas the damages judgments obtained against Iran arose pursuant to 28 U.S.C. § 1605A(c), which provides a private right of action against a designated state sponsor of terrorism, Plaintiffs' claims against The Taliban arise under a number of different statutory schemes including under the ATA and the common law. The ATA provides that "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a).

The breadth of damages available under the ATA is similar to those available—and applied by this Court in judgments against Iran—under 28 U.S.C. § 1605A(c). "[T]he ATA incorporates 'general principles of tort law.' … The basic presumption is that Congress creates federal torts against the background of general tort law…." *See Linde v. Arab Bank, PLC*, 97 F. Supp.3d 287, 336 (E.D.N.Y. 2015). The ATA provides "private parties the right to pursue common tort claims against terrorist organizations and those that provide material support or financing to terrorist organizations." *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 50 (E.D.N.Y. 2007). In

3

fact, when the ATA was initially enacted in 1991, Senator Grassley stated that the ATA "removes the jurisdictional hurdles in the courts confronting *victims* and it empowers *victims* with all the weapons available in civil litigation …. The [ATA] accords *victims* of terrorism the remedies of American tort law." *Litle v. Arab Bank, PLC*, 611 F. Supp.2d 233, 245 (E.D.N.Y. 2009), *quoting* 137 Cong. Rec. S4511 (Apr. 16, 1991). This language "suggests that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to §2333(a)." *Estates of Ungar v. Palestinian Authority*, 304 F. Supp.2d 232, 265 (D.R.I. 2004).

### A. The Court should extend to The Taliban previous default judgments entered for specific plaintiffs against the Iran Defendants (Exhibit A).

The plaintiffs pursuing damages under the ATA for personal injuries sustained as a direct result of the terrorist attacks on September 11, 2001 are listed in Exhibit A which is appended to the Duane Declaration. The *Burnett* Moving Plaintiffs included in Exhibit A sustained personal injuries on September 11, 2001 and have obtained judgments for pain and suffering damages that have been entered by this Court against the Islamic Republic of Iran under 28 U.S.C. § 1605A. The *Burnett* Moving Plaintiffs identified in Exhibit A have obtained a damages default judgment against the Iran Defendants in the values set forth in Exhibit A. Through a series of orders issued in *Burnett, et al. v. Islamic Republic of Iran, et al.*, 15-cv-9903 (GBD)(SN), beginning on July 31, 2017, the Court has entered final default judgments against the Iran Defendants in favor of the plaintiffs identified in Exhibit A. Exhibit A sets forth damages for individuals who sustained personal injuries that were proximately caused by the terrorist attacks on September 11, 2001 but who did not succumb to those injuries.

The April 7, 2006 liability default judgment in *Burnett* was not reduced previously to a final judgment because individual damages assessments of the Plaintiffs' claims had not been conducted, and other appearing (non-defaulting) defendants in the active MDL thereafter opposed

4

the process. In 2007, certain other plaintiffs in this MDL with similar Taliban judgments sought monetary awards in relation to their judgments against The Taliban, but procedural objections by appearing (non-defaulting) defendants at that time frustrated the process of reducing the default judgments as to liability to final damage judgments. *See, e.g.*, ECF No. 688 (Federal Insurance Docket) and undocketed March 2, 2007 letter from the Defendants' Executive Committee to Judge Casey. As a result, the 2007 motion was not addressed with regard to The Taliban until April 6, 2022. *See* ECF No. 7833.

This Court ruled in 2011 and 2012 that default judgments against one defendant in favor of 9/11 plaintiffs are properly extended to other defendants as to whom the plaintiffs have liability judgments also for the September 11, 2001 attacks. *See, e.g.*, ECF No. 2582 (extending Federal Insurance's damage assessment against Al Qaeda at ECF No. 2502 to Hezbollah); ECF No. 2623 (extending *Havlish* damage assessment against Iran to defaulting Non-Sovereign Defendants). The Court has now also entered a default judgment on similar grounds on behalf of the *Federal Insurance* plaintiffs against The Taliban. *See* ECF No. 7833.

The *Burnett* Moving Plaintiffs identified on Exhibit A sustained physical injuries proximately caused by the terrorist attacks on September 11, 2001 and have obtained judgments for pain-and-suffering damages as to the Islamic Republic of Iran, and they now seek the application of those judgment values as set forth on Exhibit A to be entered against The Taliban.

Here, consistent with the Court's practice, each of the *Burnett* Moving Plaintiffs on Exhibit A with existing liability default judgments against The Taliban, and who have secured monetary damage awards in the way of judgments against another defendant—namely, the Iran Defendants—asks that the Court extend their existing default damages assessments to The Taliban and enter final judgment against The Taliban in the values set forth in Exhibit A. This Court has

already considered the legal arguments and evidence presented in the case against the Iran Defendants and issued monetary judgments against the Iran Defendants based on that evidence. The extension of that ruling to The Taliban, and entry of a final judgment pursuant to Rule 54(b) as to The Taliban, is both appropriate and the most efficient means of safeguarding each of the *Burnett* Moving Plaintiffs' rights. There can be no question The Taliban sponsored Osama bin Laden and was behind the September 11, 2001 attacks.[1]

## II.    The *Burnett* Moving Plaintiffs' ATA claims against The Taliban mandate treble damages.

The *Burnett* Moving Plaintiffs assert their claims against The Taliban under the ATA that provides they "*shall* recover threefold the damages" awarded. *See* 18 U.S.C. § 2333(a) (emphasis added). The trebling of the damages award in these circumstances is mandated by the use of the world "shall". *See United States v. Kahn,* 5 F.4th 167, 174 (2d Cir. 2021) (holding "[t]he word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory'"). Therefore, the *Burnett* Moving Plaintiffs submit that each of the values awarded for compensatory damages should be trebled to accord with the mandatory trebling language in the ATA. A separate column is included on Exhibit A indicating the final judgment after trebling of the damages values.

## IV.    The Court should also award prejudgment interest for claims under the ATA.

On the issue of prejudgment interest, this Court previously ruled that the rate of prejudgment interest of 4.96 percent interest per annum compounded annually was appropriate. ECF No. 3383 at 2, *adopting* ECF No. 3358 at 16-20 (discussing the availability of prejudgment interest under federal and New York common law and determining, in the Court's discretion, a

---

[1] U.S. National Commission on Terrorist Attacks upon the United States. *9/11 Commission Report: The Official Report of the 9/11 Commission and Related Publications.* by Thomas H. Kean and Lee Hamilton,  pp. 66-67, 125-126, 157, 170-171, and 176.

prejudgment interest rate of 4.96%). Accordingly, the *Burnett* Moving Plaintiffs appearing on Exhibit A ask that this Court direct that prejudgment interest of 4.96 percent, compounded annually, be awarded on their awards running from September 11, 2001 to the date of judgment against The Taliban.

**V.    Plaintiffs seek to reserve their rights to seek punitive damages or other damages at a later time to the extent appropriate**

As has been the practice in the Court in addressing many of the motions for default judgments, the *Burnett* Moving Plaintiffs herein seek the Court's permission to apply for punitive damages or other damages later, consistent with any applicable future rulings and to supplement the record as part of applications for those damages. While the *Burnett* Moving Plaintiffs assert their entitlement to punitive damages, in light of prior differing decisions on the proper punitive multiplier (compare, e.g., ECF 3175 at 3 with ECF 3384 at 6), Plaintiffs request permission to reserve the issue of punitive damages until a later date, as this Court has previously authorized. *See* ECF No. 3666.

**VI.    Proposed Order**

For the Court's convenience and consideration, a proposed form of Order is being filed contemporaneously with this motion. The proposed Order tracks the language of the Court's 2006 Order, including judgment against The Taliban, and the Court's July 31, 2017 Order directing entry of final judgment against the Iran Defendants.

**CONCLUSION**

For the foregoing reasons, the *Burnett* Moving Plaintiffs submit that a judgment awarding default damages judgments under the ATA for the Plaintiffs identified on Exhibit A be awarded against Defendant The Taliban in the values set forth in that exhibit. Plaintiffs further submit that these judgments under the ATA be trebled under 18 U.S.C. § 2333(a) and that prejudgment interest

be applied to each judgment in the amount of 4.96%, compounded annually, from September 11, 2001 through the date of the entry of this judgment.

Plaintiffs further ask that the Court permit future motions that may address punitive damages and such other and further relief as is permissible under the ATA.

Finally, as set forth in the Court's July 11, 2022 Order, any default judgment granted in this case against The Taliban is binding solely on the determination of damages against The Taliban and not against any of the other Defendants in this action.

Dated:  September 24, 2025

Respectfully submitted,

MOTLEY RICE LLC

*/s/ John C. Duane*
John C. Duane, Esq.
Donald A. Migliori, Esq.
Jodi Westbrook Flowers, Esq.
John M. Eubanks, Esq.
Robert T. Haefele, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843) 216-9000
Fax: (843) 216-9450
Email: jduane@motleyrice.com

Attorneys for the *Burnett* Plaintiffs