

Robert K. Kry
MoloLamken LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
T: 202.556.2011
F: 202.556.2001
rkry@mololamken.com
www.mololamken.com

September 25, 2025

The Honorable George B. Daniels
United States District Judge
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 1310
New York, NY 10007

BY ECF

Re:   *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-1570 (S.D.N.Y.)

This document relates to:

*Federal Insurance Co. v. Al Qaida*, No. 1:03-cv-6978
*Ashton v. Al Qaeda*, No. 1:02-cv-6977
*Salvo v. Al Qaeda*, No. 1:03-cv-5071
*Barrera v. Al Qaeda*, No. 1:03-cv-7036
*Continental Casualty Co. v. Al Qaeda*, No. 1:04-cv-5970
*Estate of Maher v. Al Rajhi Bank*, No. 1:23-cv-2845

Dear Judge Daniels:

We represent defendant Dallah Avco Trans Arabia Company ("Dallah Avco") and write to request that the Court enter a partial final judgment in favor of Dallah Avco in the above-captioned cases under Federal Rule of Civil Procedure 54(b).  Dallah Avco wrote plaintiffs to ascertain their position on this request on September 5, 2025.  Plaintiffs confirmed receipt of the inquiry on September 8 but have never responded with their position.  Dallah Avco followed up on September 22 but never received a response.  As a result, Dallah Avco is unable to state plaintiffs' position on this request.

On August 28, 2025, the Court entered a Memorandum Decision and Order dismissing all claims against Dallah Avco for lack of personal jurisdiction. Dkt. 11181.  Because Dallah Avco is named in the complaints along with hundreds of other defendants, many of which still have claims outstanding against them, the Court's ruling does not constitute an appealable final judgment.  Dallah Avco therefore respectfully requests that the Court enter a partial final judgment under Rule 54(b) to bring the proceedings against Dallah Avco to a close and to permit plaintiffs to take an appeal should they have grounds to do so.

Federal Rule of Civil Procedure 54(b) provides in relevant part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). That rule seeks to reduce the "serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Ginett v. Computer Task Group Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992). Entry of a final judgment under Rule 54(b) is appropriate when three conditions are met: (1) "multiple parties must be present"; (2) "the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291"; and (3) "no just reason for delay" must exist. *Id.* at 1091.

All three conditions are met here. First, Dallah Avco was named along with hundreds of other defendants in the six cases listed at the outset of this letter. Second, this Court's August 28, 2025, Memorandum Decision and Order dismissed all claims against Dallah Avco for lack of personal jurisdiction. Dkt. 11181. That decision constitutes a final determination of Dallah Avco's rights and liabilities because it "ends the litigation" of those claims. *Ginett*, 962 F.2d at 1983; *see also In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 00-md-1898, 2015 WL 9598832, at *1 (S.D.N.Y. Dec. 31, 2015) ("[D]ismissal for lack of personal jurisdiction finally determined all of [defendant's] rights and liabilities.").

Third, there is no just reason for delay. Absent entry of a Rule 54(b) judgment, Dallah Avco would be unable to seek repose after more than two decades of litigation. Plaintiffs, moreover, would be unable to seek appellate review of the Court's dismissal order, should they have grounds to do so, until the claims against the hundreds of other defendants named in the actions are resolved. It is impossible to predict when, if ever, that day may come, given that many of the named defendants have not even appeared in the case yet. In those circumstances, this factor weighs strongly in favor of entering a Rule 54(b) judgment. *See Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate where additional proceedings "could last years" and "there was no just reason to require the parties to await the conclusion of [those additional proceedings]"); *Gaind v. Pierot*, No. 04-cv-9407, 2006 WL 2255227, at *2 (S.D.N.Y. Aug. 7, 2006) (certifying Rule 54(b) judgment where "[a]ny further delay would prejudice the [dismissed] Defendants by leaving the matter unresolved for the additional, possibly lengthy period that will be required to adjudicate the claims against [the other defendants]").

This Court has repeatedly entered partial final judgments under Rule 54(b) in these MDL proceedings when other defendants were dismissed for lack of personal jurisdiction or granted summary judgment in their favor. *See, e.g.*, Dkt. 10658 (January 6, 2025, Rule 54(b) judgment for Dubai Islamic Bank); Dkt. 4034 (June 27, 2018, Rule 54(b) judgment for Al Rajhi Bank, National Commercial Bank, and Saudi Binladin Group); Dkt. 4037 (June 27, 2018, Rule 54(b) judgment for National Commercial Bank).

3

The Court should accordingly enter a Rule 54(b) judgment in favor of Dallah Avco. As required by the Rule, the Court should "expressly determine[ ] that there is no just reason for delay." Fed. R. Civ. P. 54(b). A proposed form of partial final judgment is attached.

                                  Respectfully submitted,

                                  Robert Kry

cc:    All counsel by ECF