UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

<u>**DECLARATION OF JOHN C. DUANE IN SUPPORT OF *BURNETT* PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENTS ON BEHALF OF NON-NATIONAL IMMEDIATE FAMILY MEMBERS OF NON-NATIONAL 9/11 DECEDENTS AGAINST THE TALIBAN**</u>

I, JOHN C. DUANE, declare, under penalty of perjury, as follows:

1.  I am an attorney admitted to practice in the above-captioned matter and Senior Counsel with the law firm Motley Rice LLC, counsel for the *Burnett* Moving Plaintiffs—who are the immediate family members who were non-U.S. nationals on September 11, 2001 (in this instance spouses, parents, children, and siblings, or the estate of a spouse, parent, child, or sibling) of non-U.S. national 9/11 decedents. This matter was initially filed in the United States District Court for the District of Columbia on August 15, 2002 before being transferred to this Court by order of the Judicial Panel on Multidistrict Litigation. I submit this Declaration in support of the *Burnett* Moving Plaintiffs' motion for entry of default judgment against The Taliban on behalf of these non-U.S. national family members. This motion seeks the following relief:

    a.  extending to Defendant The Taliban the Court's previous rulings of Partial Final Default Judgment on Behalf of the *Burnett* Moving Plaintiffs identified on Exhibit A —who are the immediate family members who were non-U.S. nationals on September 11, 2001, of non-U.S. national 9/11 decedents—who each also have default judgments against *inter alia* the Islamic Republic of Iran (collectively the "Iran Defendants") pursuant to the default liability judgment entered on January 31, 2017 (Case No. 15-cv-9903, ECF No. 85), or pursuant to default liability judgments entered on their behalf against the Iran Defendants in other cases within this MDL, and entering a default judgment under the common law pursuant to New York choice-of-law principles, against The Taliban in favor of the *Burnett* Moving Plaintiffs in the amounts identified in Exhibit A;

    b. awarding the *Burnett* Moving Plaintiffs included on Exhibit A — who are the immediate family members who were non-U.S. nationals on September 11, 2001, of non-U.S. national 9/11 decedents—judgments under the common law pursuant to New York choice-of-law principles for solatium damages in the amounts identified in Exhibit A which are consistent with this Court's previously established framework developed for solatium claims;

    c. awarding pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 1, 2001 until the date of the judgment for damages for those *Burnett* Moving Plaintiffs included on Exhibit A;

    d. permitting the *Burnett* Moving Plaintiffs to seek punitive damages and other damages at a later date consistent with any applicable future rulings and to supplement the record as part of applications for those damages.

2. The form of this motion and the relief requested herein are consistent with the form and relief requested and granted in the *Burnett/Al Baraka* action, in the prior order granting damages judgments against the Taliban (located at ECF No. 10265), and in compliance with the format detailed in Magistrate Judge Netburn's recent Orders regarding revised default judgment worksheets. *See* ECF Nos. 11036 and 11105 (noting the required content and format to be used with all future default judgment motions). The form of this motion and the relief requested herein are further consistent with the form and relief requested and granted in the *Burnett/Iran* action, in orders located at ECF. Nos. 10389 (*Burnett Non-Nationals I)*, 10373 (*Burnett XXXII, XXXIII, XXXIV,* and *Non-Nationals V*), 10756 (*Burnett Non-Nationals I, IV, VI,* and *VII*), and 10780 (*Burnett Personal Injury VIII* and *IX, Non-Nationals II* and *III*).

3. On August 15, 2002, the *Burnett* Plaintiffs filed their initial Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks in the United States District Court for the District of Columbia. That Complaint was twice amended before the case was transferred by

the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York on January 2, 2004.[1]

4. The Taliban was added to the *Burnett* case pursuant to Case Management Order No. 2 on December 30, 2004, and service by publication (as permitted by a September 16, 2004 Order issued by Judge Richard C. Casey) was perfected on January 13, 2005. Proof of service was filed on March 4, 2005 and March 16, 2005, and Defendant The Taliban never answered. The *Burnett* Plaintiffs subsequently moved for a Certificate of Default and default judgment, which this Court granted on April 7, 2006. *See* ECF No. 1756.

5. The *Burnett* Moving Plaintiffs identified in Exhibit A, who are the immediate family members who were non-U.S. nationals on September 11, 2001 of non-U.S. national 9/11 decedents, now seek final damages judgments against The Taliban.

6. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* Moving Plaintiffs in the MDL, my firm's representation of the *Burnett/Iran* Plaintiffs in connection with the terrorist attacks on September 11, 2001, other court records relating to this multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in this multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7. On April 4, 2006, my colleague Robert T. Haefele provided an Affidavit for Entry of Default and Judgment by Default that was submitted to the Court with multiple exhibits. Exhibit

---

[1] In addition, while still pending before Judge James Robertson in the U.S. District Court for the District of Columbia, Plaintiffs were permitted to add parties to the pleadings (both Plaintiffs and Defendants) pursuant to Fed. R. Civ. P. 15(d), and this practice was utilized on numerous occasions by the *Burnett* Plaintiffs to increase the number of parties—both Plaintiffs and Defendants—prior to the transfer of the case to this Court.

3

A to Mr. Haefele's April 4, 2006 Affidavit included the real parties in interest in the *Burnett* litigation, as that term is understood pursuant to Fed. R. Civ. P. 17(a).

8. On September 1, 2022, this Court granted the *Burnett* Plaintiffs' motion to list all of the relevant claimants whose claims were encompassed within the filing of the real parties in interest including the explicit naming of estate plaintiffs and claims of minor children that were also encompassed within these original filings with filing dates relating back to the time when the original real party in interest joined this litigation. *See* ECF No. 8487.

9. On November 1, 2022, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added 529 claims within the *Burnett* action and stated, "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2.

10. Since that time, the Court has granted several of Plaintiffs' motions to add parties against the Taliban within the *Burnett* action and stated "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2; *also see* ECF Nos. 9532, 9559, 9637, and 10959. All plaintiffs in this case added since the entry of the default judgment have been subject to all prior orders of the Court including this default judgment as to liability against The Taliban.

11. Plaintiffs have complied with the quality-control measures discussed in ECF Nos. 3433 and 3435.

12. The *Burnett* Moving Plaintiffs have not previously received and do not have pending motions requesting judgments against The Taliban within this MDL.

13. To the extent that the name of one of the Personal Representatives has changed since the prior judgment was entered in this MDL, I hereby attest that the parties are the same.

4

14. As noted in Exhibit A, certain Plaintiffs herein set forth claims as immediate family members for whom prior judgments have been entered for solatium damages against the Iran Defendants in this MDL. The values of the prior solatium judgments are specifically set forth in Exhibit A. As also noted in Exhibit A, certain Plaintiffs herein bring claims as immediate family members for whom prior solatium judgments have not been entered against the Iran Defendants or any other Defendant in this MDL. The putative value for the judgments for these claims in the amounts identified in Exhibit A are consistent with this Court's previously established framework developed for solatium claims. Given the non-U.S. nationality of each immediate family member included in Exhibit A, these claims are all being pursued under the common law against The Taliban.

15. Included with this motion is a Proposed Order of Partial Final Judgment against The Taliban for the *Burnett* Moving Plaintiffs identified in Exhibit A.

16. In accordance with the Court's July 11, 2022 Order, the relief sought in this motion, and any default judgments entered as a result of this and supplemental motions against Defendant The Taliban is not binding on the determination of damages against any Defendant within this MDL other than Defendant The Taliban.

Dated: September 25, 2025

Respectfully submitted,

MOTLEY RICE LLC

*/s/ John C. Duane*
John C. Duane, Esq.
Donald A. Migliori, Esq.
Jodi Westbrook Flowers, Esq.
John M. Eubanks, Esq.
Robert T. Haefele, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Tel: (843) 216-9000

        Fax: (843) 216-9450  
        Email: jduane@motleyrice.com