UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

### [PROPOSED] ORDER OF PARTIAL FINAL DEFAULT JUDGMENTS AGAINST THE TALIBAN ON BEHALF OF PERSONAL REPRESENTATIVES OF ESTATES OF NON-NATIONAL 9/11 DECEDENTS UNDER COMMON LAW

Upon consideration of the evidence and arguments submitted by Plaintiffs in *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 03-cv-9849 (GBD)(SN), whose claims arise from the terrorist attacks on September 11, 2001, and the Judgment by Default for liability only against *inter alia* The Taliban entered on April 7, 2006 in this Multi-District Litigation (ECF No. 1756), together with the entire record in this case, it is hereby:

**ORDERED** that this Court possesses personal jurisdiction over Defendant The Taliban by virtue of its conduct supporting the terrorist activities of Al-Qaeda including but not limited to the Terrorist Attacks on September 11, 2001 which involved terrorist attacks conducted on American soil in New York, Pennsylvania, and Virginia;

**ORDERED** that this Court possesses subject-matter jurisdiction as thousands of United States nationals and non-United States nationals were injured by reason of the terrorist attacks on September 11, 2001 which constituted acts of international terrorism resulting in significant harm including injury and death;

**ORDERED** that the prior judgments entered against the Islamic Republic of Iran and certain of its agencies and instrumentalities be extended against The Taliban as jointly and

severally liable for the compensatory damages amounts previously awarded to the *Burnett* Moving Plaintiffs set forth on Exhibits A and B who are the personal representatives of estates of non-national 9/11 decedents who were killed in the terrorist attacks on September 11, 2001 under the common law; and it is

**ORDERED** that the Plaintiffs identified in Exhibit A have previously sought compensatory damages for decedents' pain and suffering in an amount of $2,000,000 per estate as well as economic loss damages (where applicable) against the Islamic Republic of Iran under the common law, as set forth in Exhibit A; and it is

**ORDERED** that Stan V. Smith is qualified as an expert to opine on the economic losses of those decedents included on Exhibit B who are seeking economic-loss damages in this motion; and it is

**ORDERED** that the opinions of Plaintiffs' expert Stan V. Smith are accepted, and that Plaintiffs identified in the expert reports attached as Exhibit C to the Duane Declaration (and identified in Exhibit B), are awarded economic damages as set forth in Exhibit B and as supported by the expert reports and analyses submitted by Dr. Stan V. Smith as Exhibit C to the Duane Declaration, and it is

**ORDERED** that the Plaintiffs set forth on Exhibit A to this Order be awarded judgment for damages for conscious pain and suffering in the amount of $2,000,000 for each estate as set forth on Exhibit A under the common law; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit A be awarded prejudgment interest at the rate of 4.96%, compounded annually, from September 11, 2001 through the date of the judgment entered in the amount of $_____; and it is

**ORDERED** that the Plaintiffs set forth on Exhibit B be awarded prejudgment interest at the rate of 4.96%, compounded annually, from the Date of Report identified on Exhibit B through the date of the judgment entered in the amount of $_____; and it is

**ORDERED** that the Plaintiffs set forth on Exhibits A and B whose judgments do not already include economic-loss damages may supplement their judgments upon providing evidence related to their economic losses at a later date; and it is

**ORDERED** that Plaintiffs identified in Exhibits A and B may submit an application for punitive damages or other damages (to the extent such awards have not previously been ordered) at a later date consistent with any future rulings made by this Court on this issue, and it is

**ORDERED** that any default judgments issued by this Court against The Taliban as a Defendant in this MDL are not binding on the determination of damages for any other Defendant within this MDL.

Furthermore, the Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 11313 in 03-MDL-1570 (GBD)(SN) and ECF No. 1297 in 03-cv-9849 (GBD)(SN).

Dated: New York, New York        **SO ORDERED:**
_____, 2025
                                 _____
                                 GEORGE B. DANIELS
                                 United States District Judge

3