UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**
*Burnett, et al. v. Al Baraka Inv. & Dev. Corp.*, et al., No. 03-cv-9849 (GBD)(SN)

**DECLARATION OF JOHN C. DUANE IN SUPPORT OF *BURNETT* PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL DEFAULT JUDGMENTS ON BEHALF OF NON-NATIONAL 9/11 PERSONAL INJURY PLAINTIFFS AGAINST THE TALIBAN**

I, JOHN C. DUANE, declare, under penalty of perjury, as follows:

1.     I am an attorney admitted to practice in the above-captioned matter and Senior Counsel with the law firm Motley Rice LLC, counsel for the *Burnett* Plaintiffs in this MDL in the above-referenced matter (the "*Burnett* Plaintiffs") that was initially filed in the United States District Court for the District of Columbia on August 15, 2002 before being transferred to this Court by order of the Judicial Panel on Multidistrict Litigation. I submit this Declaration in support of the *Burnett* Plaintiffs' motion for entry of default judgement against The Taliban on behalf of individuals who were non-U.S. nationals at the time they sustained physical injury as a direct result of the terrorist attacks on September 11, 2001 ("*Burnett* Moving Plaintiffs") asserting their claims pursuant to New York state law. This motion seeks the following relief:

   a. extending to Defendant The Taliban the Court's previous rulings of Partial Final Default Judgment on Behalf of the *Burnett* Moving Plaintiffs identified in Exhibit A who were non-United States nationals at the time they sustained personal injuries as a result of the terrorist attacks on September 11, 2001, who each also have default judgments against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and/or the Central Bank of the Islamic Republic of Iran (collectively the "Iran Defendants") pursuant to the default liability judgment entered on January 31, 2017 (Case No. 15-cv-9903, ECF No. 85), or pursuant to default liability judgments entered on their behalf against the Iran Defendants in other cases within this MDL, and entering a default judgment under New York state law against The Taliban in favor of the *Burnett* Moving Plaintiffs in the amounts identified in Exhibit A;

      b. awarding pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages for those *Burnett* Moving Plaintiffs included on Exhibit A;

      c. permitting the *Burnett* Moving Plaintiffs to seek punitive damages and other damages at a later date, consistent with any applicable future rulings and to supplement the record as part of applications for those damages.

    2. The form of this motion and the relief requested herein are consistent with the form and relief requested and granted in the *Burnett/Al Baraka* action, in the prior order granting damages judgments against the Taliban (located at ECF No. 10265), and in compliance with the format detailed in Magistrate Judge Netburn's recent Orders regarding revised default judgment worksheets. *See* ECF Nos. 11036 and 11105 (noting the required content and format to be used with all future default judgment motions). The form of this motion and the relief requested herein are further consistent with the form and relief requested and granted in the *Burnett/Iran* action in multiple orders, including those located at ECF. Nos. 5946 (*Burnett Personal Injury I*), 5948 (*Burnett Personal Injury II*), 5955 (*Burnett Personal Injury III*), 5957 (*Burnett Personal Injury IV*), 7494 (*Burnett Personal Injury V*), 8283 (*Burnett Personal Injury VI*), 9400 (*Burnett Personal Injury VII*), 9660 (*Burnett Personal Injury VIII*), 9873 (*Burnett Personal Injury IX*), 10362 (*Burnett Personal Injury X*), 10772 (*Burnett Personal Injury XI*), 9749 (*Burnett Non-Nationals II*), and 9889 (*Burnett Non-Nationals III*).

    3. On August 15, 2002, the *Burnett* Plaintiffs filed their initial Complaint against the alleged sponsors of the September 11, 2001 terrorist attacks in the United States District Court for the District of Columbia. That Complaint was twice amended before the case was transferred by the Judicial Panel on Multidistrict Litigation to the United States District Court for the Southern District of New York on January 2, 2004.[1]

---

[1] In addition, while still pending before Judge James Robertson in the U.S. District Court for the District of Columbia, Plaintiffs were permitted to add parties to the pleadings (both Plaintiffs and Defendants) pursuant to Fed. R. Civ. P.

4. The Taliban was added to the *Burnett* case pursuant to Case Management Order No. 2 on December 30, 2004, and service by publication (as permitted by a September 16, 2004 Order issued by Judge Richard C. Casey) was perfected on January 13, 2005. Proof of service was filed on March 4, 2005 and March 16, 2005, and Defendant The Taliban never answered. The *Burnett* Plaintiffs subsequently moved for a Certificate of Default and default judgment, which this Court granted on April 7, 2006. *See* ECF No. 1756.

5. The *Burnett* Moving Plaintiffs identified in Exhibit A who are non-United States nationals who were injured on September 11, 2001, now seek final damages judgments against The Taliban.

6. The sources of my information and the basis for my belief in my statements contained herein are my personal involvement in this matter, my firm's representation of the *Burnett* Moving Plaintiffs in the MDL, my firm's representation of the *Burnett/Al Baraka* plaintiffs and the *Burnett/Iran* Plaintiffs in connection with the terrorist attacks on September 11, 2001, other court records relating to this multidistrict litigation to which these individuals are parties, my communications with other counsel for other plaintiffs in this multidistrict litigation, and conversations with these plaintiffs and other family members of these plaintiffs. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7. On April 4, 2006, my colleague Robert T. Haefele provided an Affidavit for Entry of Default and Judgment by Default that was submitted to the Court with multiple exhibits. Exhibit A to Mr. Haefele's April 4, 2006 Affidavit included the real parties in interest in the *Burnett* litigation, as that term is understood pursuant to Fed. R. Civ. P. 17(a).

---

15(d), and this practice was utilized on numerous occasions by the *Burnett* Plaintiffs to increase the number of parties—both Plaintiffs and Defendants—prior to the transfer of the case to this Court.

8. On September 1, 2022, this Court granted the *Burnett* Plaintiffs' motion to list all of the relevant claimants whose claims were encompassed within the filing of the real parties in interest including the explicit naming of estate plaintiffs and claims of minor children that were also encompassed within these original filings with filing dates relating back to the time when the original real party in interest joined this litigation. *See* ECF No. 8487.

9. On November 1, 2022, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added 529 claims within the *Burnett* action and stated, "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties." *See* ECF No. 8696 at 2.

10. On January 12, 2024, the Court granted Plaintiffs' Motion to Add Parties Against the Taliban that added four (4) claims within the *Burnett* action with the same provision as the Court's November 1, 2022 Order. *See* ECF No. 9532.

11. Since that time, the Court has granted several additional motions filed by Plaintiffs to add parties against the Taliban to add claims within the *Burnett* action in which Plaintiffs sought the same application of prior rulings. *See, e.g.,* ECF Nos. 9559, 9629, and 10959. All plaintiffs in this case added since the entry of the default judgment have been subject to all prior orders of the Court including this default judgment as to liability against The Taliban.

12. Plaintiffs have complied with the quality-control measures discussed in ECF Nos. 3433 and 3435.

13. The *Burnett* Moving Plaintiffs have not previously received and do not have pending motions requesting judgments against The Taliban within this MDL.

14. To the extent that the name of a Plaintiff has changed since the prior judgment was entered in this MDL, I hereby attest that the parties are the same.

4

15. Exhibit A sets forth those *Burnett* Moving Plaintiffs who were non-United States nationals on September 11, 2001 and who sustained personal injuries proximately caused by the terrorist attacks on September 11, 2001 and who have prior judgments for pain-and-suffering damages entered in this MDL against the Iran Defendants. The value of those prior judgments has been reflected on Exhibit A. Given the non-U.S. nationality at the time of injury of each of the *Burnett* Plaintiffs listed on Exhibit A, these claims are being pursued under New York state law.

16. Included with this motion is a proposed Order of Partial Final Judgment against The Taliban for the *Burnett* Moving Plaintiffs identified on Exhibit A.

17. In accordance with the Court's July 11, 2022 Order, the relief sought in this motion and any default judgments entered as a result of this and supplemental motions against Defendant The Taliban is not binding on the determination of damages against any Defendant within this MDL other than Defendant The Taliban.

September 25, 2025

/s/ John C. Duane
John C. Duane, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel:  (843)216-9237
Fax:  (843)216-9450
Email: jduane@motleyrice.com