IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND ANTHONY SMITH, as Administrator of the Estate of George Eric Smith, deceased; and KATHERINE SOULAS, Executrix of the Estate of Timothy Soulas, deceased<br><br>Plaintiffs,<br><br>v.<br><br>THE ISLAMIC EMIRATE OF AFGHANISTAN, et al.<br><br>Defendants. | CASE NO.  01-cv-10132-GBD-SN<br>CASE NO. 1:03-md-01570-GBD-SN |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE ORDER CLOSING MOTION

**Relevant Factual and Procedural Background:**

On 7 May 2003, Plaintiffs, Raymond Anthony Smith, Administrator of George Smith Estate, and Katherine Soulas, Executrix of the Timothy Soulas Estate, obtained a verdict [ECF 25] against, *inter alia*, the Taliban in a civil action for damages arising out of the 11 September 2001 terrorist attacks on the United States of America.

Judgment in favor of Plaintiffs was docketed on 14 July 2003 (#03,1446) [ECF 28]. On 22 February 2022, the clerk issued a Writ of Execution as to the Judgment[1].

The United States Marshal served the Writ of Execution on the Federal Reserve Bank of New York on 14 March 2022.  See Return of Service [ECF 41].  Plaintiffs promptly effectuated service of their Writ of Execution after the President of the United States issued an Executive

---

[1] On 30 April 2022, the Honorable Lewis A. Kaplan entered an Order (ECF 48) which extended the Writ of Execution.  The Order states: "The Writ of Execution is hereby extended indefinitely and shall not expire until further order of the Court."

Order on 11 February 2022 (Exec. Order No. 14,064, 87 Fed. Reg 8391) which blocked "all property and interests in property" of Da Afghanistan Bank (DAB) "held in the United States by United States financial institutions," including the Federal Reserve Bank of New York (FRBNY), and directed the blocked property to be transferred to a consolidated account to be held at the FRBNY.

Plaintiffs thereafter filed their turnover motion [ECF 62] on 18 May 2022 to obtain the funds held in the Federal Reserve Bank[2]. That motion was denied by the Honorable George B. Daniels on 21 February 2023 [ECF 101]. Plaintiffs, along with other judgment-creditors, timely appealed that decision to the Second Circuit [consolidated appeal No. 23-258], and, on 26 August 2025, in a split decision, the Second Circuit affirmed [23-258, ECF 277-1].

On 25 September 2025, the judgment creditors in their consolidated appeal filed a joint Petition for Rehearing/Hearing *En Banc* [Second Circuit No. 23-258, ECF 304], which is currently pending. Accordingly, the Second Circuit to date has issued no Mandate in the consolidated appeal as to this Court's 21 February 2023 Order. The appeal is still pending.

**Argument:**

Pursuant to Federal Rule of Civil Procedure 60(b)(6), this Court has the power to relieve a party from an order where appropriate and necessary. See In re Take-Two Interactive Secs. Litig., No. 06 Cv. 803 (SWK), 2008 U.S. Dist. LEXIS 64291 at *3 (S.D.N.Y. August 21, 2008)("[u]nder [Rule 60 (b)(6), district courts may relieve a party from an order *for "any . . . reason that justifies relief*."[3] (emphasis added). Rule 60 states in relevant part:

---

[2] On 26 August 2022 the Honorable Sarah Netburn issued a Report and Recommendation [ECF 80] that the turnover motions be denied. The judgement-creditors filed Objections [ECF 87] to the Report and Recommendation on 10 November 2022.

[3] While "[a]s *a general proposition* [some courts have ruled that] relief is available under Rule 60(b)(6) 'only upon a showing of exceptional circumstances,'" here this Court may rightfully find that "exceptional circumstances" require vacatur of the 30 September 2025 order, because ***Plaintiffs would be left without a valid judgment***. In fact,

2

> On motion and just terms, the court may relieve a party or its legal representative from a[n] . . .order . . . for the following reasons:
> ***
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6). Accordingly, the District Court may rightfully relieve the Plaintiffs-judgment creditors from its Order directing the Clerk to close Plaintiffs' motion for renewal of judgment.

Federal Rule of Appellate Procedure 41 provides in relevant part:

> a) Contents. **Unless the court directs that a formal mandate issue**, the mandate consists of a certified copy of the judgment, a copy of the court's opinion, if any, and any direction about costs.
>
> (b) When Issued. The court's mandate **must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc**, or motion for stay of mandate, whichever is later. The court may shorten or extend the time by order.
>
> (c) Effective Date. The mandate is effective when issued.

F.R.A.P. 41 (emphasis supplied). The Circuit Court has not yet entered the Mandate because there is a pending petition for rehearing filed by the judgment-creditors [Second Circuit No. 23-304, consolidated under No. 23-258]. Therefore, the appeal is still pending, and this Court's 30 September 2025 Order should be vacated.

---

this Court's directive in the Order, based on the misapprehension that the appeal had concluded, to close the motion to renew and extend judgment, rather than ruling on it, further misapprehends that motion itself as being somehow limited in import to the turnover motion and its resolution—that is, as somehow dependent on the resolution of the specific efforts of Plaintiffs (along with the other judgment-holders) to satisfy their judgment in this case *via* that particular turnover motion to reach those particular blocked DAB funds—again, it is not. Even if, ultimately, the consolidate appeal concludes with a mandate affirming denial of the turnover motions and, thus, foreclosing those particular efforts to satisfy the judgments of the judgment-holders (including Plaintiffs), that obviously will not deprive the judgment-holders of their underlying judgments, which just as obviously may continue to be important in other ways—for instance, if there are other future developments that open other avenues for satisfaction of the judgments. The judgment held by Plaintiffs, which they timely moved this Court to renew/extend, has the same broader importance. Such an extension also prevents illogical and inequitable differences between similarly situated judgment-creditors, with the ability to collect valid judgments dependent on the happenstance of the dates on which the several judgments were entered. That was, and is, the 'status quo' at issue here.

3

This Court retains jurisdiction to consider Plaintiffs' motion, even though the underlying action is currently on appeal to the Second Circuit. As set forth in Plaintiffs' motion to extend judgment, the filing of a notice of appeal d<u>oes not divest the District Court of jurisdiction</u> where, *as here*, the motion "involve[s] issues which are not "the same issues involved in the appeal." <u>Lashley v. Artuz</u>, No. 01-cv-11542, 2004 U.S. Dist. LEXIS 9707 at *2 (S.D.N.Y. May 25, 2004).

Rather, the district court retains control over "those aspects of the case which are [not] involved in the appeal." <u>Id.</u> Accordingly, this Court had jurisdiction to consider Plaintiffs' motion to renew judgment, *notwithstanding* their 03 March 2023 filing of the Notice of Appeal. <u>This Court **continues to have** jurisdiction to dispose of the motion</u>. Plaintiffs' motion to extend judgment is uniquely separable and collateral from the decision on the merits. See, e.g., <u>Mary Ann Pensiero v. Lingle</u>, 847 F.2d 90, 98 (3d Cir. 1988).

Plaintiffs, in their motion to renew judgment, requested this Court to maintain the status quo while the case is on appeal, in accordance with well-established law. The role of the district court ***pending appeal*** is to perform ministerial functions and ***preserve the status quo***. <u>Newton v. Consolidated</u> Gas Co., 258 U.S. 165, 167 (1992)("Undoubtedly . . . the trial court may . . . preserve the status quo until decision by the appellate court.").

Plaintiffs, therefore, respectfully request this Court vacate its 30 September 2025 Order, now consider their Motion for Summary Judgment, and grant their request to renew the 14 July 2003 judgment Plaintiffs obtained against the Taliban, the Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army.

**WHEREFORE,** Plaintiffs respectfully request that this Court VACATE its Order entered 30 September 2025 and ORDER that Plaintiffs' judgment against the Taliban, the

Islamic Emirate of Afghanistan, and Al Qaeda/Islamic Army is renewed and extended for an additional twenty (20) years.

                              Respectfully submitted,

                              **THE BEASLEY FIRM, LLC**

By:   */s/ James E. Beasley, Jr.*
        JAMES E. BEASLEY, JR. (*pro hac vice*)
        DION G. RASSIAS
        1125 Walnut Street
        Philadelphia, PA 19107
        (215) 592-1000
        (215) 592-8360 (facsimile)
        jbj@beasleyfirm.com
        dgr@beasleyfirm.com
        *Attorneys for Plaintiffs*