**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2025

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

September 30, 2025

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs and counsel for the Kingdom of Saudi Arabia (collectively the "Parties") jointly write in response to the Court's Order at ECF No. 11191 ("Order"), which directed the parties to submit by Tuesday, September 30, 2025, a joint letter identifying areas of agreement and disagreement on the following issues: "(1) a schedule for additional discovery, if any, and (2) whether their outstanding motions to exclude expert testimony or strike KSA's motion are moot or can be denied without prejudice to refiling at a later time. *See* ECF Nos. 10667, 10670." The parties proceed based on their joint understanding that the Court's Order pertains only to liability proceedings.

### **Plaintiffs' Position on a Proposed Discovery Schedule**

Following the Court's Order at ECF No. 11191, Plaintiffs requested to meet and confer with Saudi Arabia concerning a discovery schedule. In relation to that meet and confer, counsel for Saudi Arabia advised that their client intended to file a notice of appeal and seek a stay, and that Saudi Arabia did not intend to engage in discussions concerning a discovery schedule. Plaintiffs indicated that no stay has been or should be entered, and that the parties should comply with the Court's Order at ECF No. 11191.

As no stay or order of divestiture has been entered, and given Plaintiffs' arguments that a stay is not warranted, *see* ECF No. 11323, Plaintiffs respectfully propose that the Court set the following control dates for fact discovery in the merits proceedings as to Saudi Arabia:

- <u>Document Discovery and Non-Contention Interrogatories of Saudi Arabia:</u>  6 months from the date of the Court's order adopting this discovery plan.

The Honorable Sarah Netburn
September 30, 2025
Page 2

- Depositions of Saudi Arabia: To be completed within 90 days of the close of document discovery.

- Third-party discovery: Third-Party discovery shall proceed on the same schedule as discovery of Saudi Arabia.

- Further deadlines: The parties will submit proposals for expert discovery and further pre-trial discovery and processes within 30 days of the deadline for depositions.

- Conferences: Plaintiffs propose that the Court hold monthly conferences (by telephone or in-person, depending on the agenda) during the fact discovery period to expedite the discovery proceedings and facilitate the prompt and efficient resolution of disputes. The parties would submit a joint letter 7 days in advance of the scheduled conference date identifying any agenda items to be addressed at the conference, or advising that the conference can be adjourned.

Plaintiffs' proposed deadlines presume timely compliance with discovery demands and production of documents.

Finally, although Saudi Arabia declined to present a proposal for discovery during the Parties' meet-and-confer, Saudi Arabia advised late last night—in response to Plaintiffs' proposal—that it intended to reserve its right to conduct liability discovery of Plaintiffs. In light of that new proposal, Plaintiffs propose that, to the extent that Saudi Arabia expresses an intent to take liability merits discovery from Plaintiffs, the Court should apply the same process on Saudi Arabia as has been applied to Sudan. *See* ECF No. 10999; H'rg Tr. (May 30, 2025) 36:3-17.

**Saudi Arabia's Position on a Proposed Discovery Schedule**

As directed by the Court, counsel for Saudi Arabia met and conferred with counsel for Plaintiffs and discussed with Plaintiffs its position concerning "a schedule for merits discovery, if any." The Order does not prejudge the question whether merits discovery should proceed at this time. Nor does it preclude Saudi Arabia from taking the position that any merits discovery should await the Second Circuit's pending appeal and cross-appeal.

The Court should not set a schedule for merits discovery at this time. Saudi Arabia's interlocutory appeal from this Court's August 28, 2025 order divests this Court of jurisdiction to order merits discovery. Alternatively, this Court should issue a discretionary stay of its proceedings. Saudi Arabia has set forth its arguments on these points in its memorandum at ECF No. 11127. At a minimum, this Court should resolve Saudi Arabia's motion for a stay before setting a schedule and, if the motion is denied, permit Saudi Arabia a reasonable time to seek review of that denial.

If discovery proceeds, Saudi Arabia requests additional time to consider (and if necessary present argument) as to whether and how its circumstances warrant changes from what Plaintiffs describe above as "the process [that] has been applied to Sudan." Plaintiffs proposed the adoption of such a "process" for the first time today. Based on the transcript Plaintiffs have cited from a hearing at which counsel for Saudi Arabia was not present, it remains unclear exactly what "process"

Plaintiffs are proposing. It would be premature for the Court to grant Plaintiffs' request before Saudi Arabia has had a reasonable opportunity to obtain clarification about it and to present its considered position to the Court.

Saudi Arabia reserves its rights to take liability merits discovery from Plaintiffs and from third parties, including the FBI and other agencies that will require *Touhy* requests and may not be feasible to complete in six months.

### Parties' Joint Statement on Motions at ECF Nos. 10667 and 10670

The Parties agree that, in light of the Court's decision at ECF No. 11182, the Court does not need to address the pending motions at ECF Nos. 10667 and 10670. Plaintiffs' position is that the two motions are moot. While Saudi Arabia agrees that the motions do not need to be decided, it asks that any determination be without prejudice to its right to re-file its motion. Because Plaintiffs' position is that Saudi Arabia's original motion was late and unauthorized, ECF No. 10670, any re-filed motion should be without prejudice to Plaintiffs' position asserted in the motion to strike.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Sean P. Carter
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com

*For the Plaintiffs' Exec. Committees*

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committees*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Ave.

---

The pending motions at ECF Nos. 10667 and 10670 are DISMISSED as moot, without prejudice to the parties' refiling them. If necessary, the Court will address the schedule for additional discovery after Saudia Arabia's motion for a stay is resolved.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: October 2, 2025
       New York, New York