# The Miller Firm LLC
## TRIAL LAWYERS

**Michael J. Miller** – (1952 – 2021)
**Nancy Guy Miller** – MS, VA
**Bruce D. Burtoff, M.D., J.D.** – VA, DC, FL, MS
**David J. Dickens** – VA, DC
**Jeffrey Travers** – VA
**Tayjes Shah** – PA, NJ
**Curtis G. Hoke** – CA
**Jeff T. Seldomridge** – VA, WV
**Shayne K. Hodge** – NJ, VA
**Brian K. Brake** – VA
**R. Keith Morgan** – MS, WV, DC

**The Sherman Building**
**108 Railroad Avenue**
**Orange, VA 22960**

Elisa A Dickson, RN, BSN, MS
Nancy Leftwich, RN
Jeanie Oelrich, RN, BSN
Website: Millerfirmllc.com
Telephone: (540) 672-4224
(866) 529-3323
Facsimile: (540) 672-3055

October 3, 2025

Via ECF

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN)

This document relates to:

*Knight v. Islamic Republic of Iran*, No. 18-cv-12398 (GBD)(SN)
*Rodriguez v. Islamic Republic of Iran*, No. 18-cv-12347 (GBD)(SN)

Dear Judge Netburn:

We represent the *Knight and Rodriguez* Plaintiffs in the member cases referenced above. This letter is in response to the Court's inquiry set forth in its Order dated September 18, 2025, (ECF No. 11245). The Court has requested the views of the Plaintiffs' Executive Committees (PECs) on "whether a plaintiff's eligibility for relief from latent injuries requires that the plaintiff died as a result of the injuries, or that the plaintiff developed the latent injury due to exposure (1) on September 11, 2001 or (2) at the immediate location of the attacks."[1] The *Knight and Rodriguez* Plaintiffs do not believe that eligibility for relief requires these conditions and that the evidence they have provided to the Court is sufficient to demonstrate proximate cause.

Plaintiffs allege that they were exposed to environmental toxins because of the 9/11 Attacks, which led to serious, chronic medical conditions. Each of the Plaintiffs has submitted an eligibility determination letter from the Victim Compensation Fund (VCF) as evidence that their injury is the direct result of the 9/11 Attacks. This Court has previously "accept[ed] the VCF determination letters as evidence establishing that 9/11 was a substantial factor leading to the [plaintiff's] medical condition." (Mar. 3, 2023 R. & R., ECF No. 8901 at 11, *adopted at* Aug. 9, 2023 Mem. Decision and Order, ECF No. 9274). The VCF eligibility determination process is the same for both living and deceased claimants. (*See Id.* at 10) (citing Sept. 11th Victim Compensation Fund, Dep't of Justice, VCF Claim Review Process (Mar. 2019), https://www.vcf.gov/sites/vcf/files/resources/VCFProcess.pdf). The *Knight and Rodriguez*

---

[1] Unless otherwise noted, all ECF numbers refer to the main docket, No. 03-md-1570.

October 3, 2025
Page 2

Plaintiffs, consistent with this Court's prior decisions, contend that 9/11 was a substantial factor in the sequence of events that led to their injuries.

In its March 3, 2023 Report and Recommendation, the Court stated "that the explosions caused by commercial aircrafts slamming into buildings inevitably created an unsafe environment for the survivors of the immediate impact. Carcinogens from building materials, gases, and jet fuel created hazardous conditions, so the latent injuries and deaths caused by those conditions were reasonably foreseeable." *Id.* at 12. A further inevitable result was the collapse of those buildings, which required months of search and rescue/recovery efforts and debris removal. This created hazardous conditions for those searching and sifting through the dust and ash of pulverized concrete, building materials, chemicals, aircraft wreckage, and human remains, as well as for those removing, loading, transporting, and dumping the debris from the World Trade Center. The latent injuries caused by these conditions were also reasonably foreseeable. "An actor who intentionally causes harm is subject to liability for that harm even if it was unlikely to occur" and the Court, in analyzing the scope of a defendant's liability, should consider the "seriousness of the harm intended." *Id.* (quoting Restatement (Third) of Torts: Liab. for Physical & Emotional Harm § 33). The intent of the 9/11 Attacks was clearly to cause as much death and destruction as possible. The injuries suffered by the Plaintiffs in the aftermath of the 9/11 Attacks were, therefore, reasonably foreseeable.

We appreciate the opportunity to provide our response to the Court's inquiry and, in view of the foregoing, the *Knight and Rodriguez* Plaintiffs submit that they have provided sufficient evidence that the 9/11 Attacks were a substantial factor in the sequence of events that led to their injuries and that those injuries were reasonably foreseeable. Therefore, we believe the scope of eligible plaintiffs should include the *Knight and Rodriguez* Plaintiffs and those similarly situated.

Respectfully submitted,

/s/ Robert K. Morgan
Robert K. Morgan
*Attorney for the Knight and Rodriguez Plaintiffs*

cc:    All Counsel of Record, via ECF