WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
T +1 202 626 3600

whitecase.com

October 3, 2025

VIA ECF

The Honorable George B. Daniels
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

*In re Terrorist Attacks on Sept. 11, 2001*, **Case No. 1:03-md-1570-GBD-SN (S.D.N.Y.) — Supplemental Authority of** *Fraenkel v. Standard Chartered Bank*, **No. 24-cv-4484 (S.D.N.Y. Sept. 26, 2025)**

Dear Judge Daniels:

Al Rajhi Bank, which has a pending motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure (*see* Renewed Mot. to Dismiss (ECF Nos. 9785, 9786)), as well as a pending motion to dismiss for failure to state a claim under Rule 12(b)(6) (*see* Mot. to Dismiss (ECF Nos. 3702, 3703); Def.'s Renewed Mot. (ECF Nos. 5384, 5385); Def.'s Objs. (ECF No. 6724)), respectfully calls to the Court's attention the recent decision in *Fraenkel v. Standard Chartered Bank*, No. 24-cv-4484 (MMG) (RWL) (S.D.N.Y. Sept. 26, 2025) (attached). Applying the Supreme Court's decision in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), and the Second Circuit's decision in *Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420 (2d Cir. 2025), *Fraenkel* dismissed JASTA claims brought against Standard Chartered Bank (SCB) under Rule 12(b)(6) and confirmed this Circuit's high bar for aiding-and-abetting liability of banks under the ATA. *Fraenkel* underscores that Plaintiffs cannot state a claim against Al Rajhi Bank because, after years of discovery, they are unable to allege either a "concrete nexus" between Al Rajhi Bank's purported conduct and the 9/11 Attacks or that Al Rajhi Bank provided "pervasive, systemic, and culpable assistance" to Al Qaeda. *See Fraenkel*, Slip Op. 18 (quoting *Ashley*, 144 F.4th at 444 (quotation marks omitted)).

*Fraenkel* also confirms that this Court need not resolve Al Rajhi Bank's pending Rule 12(b)(2) motion before ruling on the Bank's pending Rule 12(b)(6) motion, because, as in *Fraenkel*, *Twitter* and *Ashley* "'foreordain' the outcome of this case." *See id.* at 22-23 (quoting *Ctr. for Reprod. Law & Pol'y v. Bush,* 304 F.3d 183, 194 (2d Cir. 2002) (explaining that a court may rule on merits before jurisdiction "where the outcome on the merits has been 'foreordained' by another case such that 'the jurisdictional question could have no effect on the outcome'") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998))); *see also* ARB Ltr. 5 (Aug. 19, 2025), ECF No. 11163. The court in *Fraenkel* dismissed the complaint for failure to state a claim without first reaching the question of personal jurisdiction. *See Fraenkel*, Slip Op. 22-23. This Court likewise may dismiss Plaintiffs' claims against Al Rajhi Bank under Rule 12(b)(6) without first deciding the Bank's pending Rule 12(b)(2) motion. *See* ARB Ltr. 4 (Aug. 19, 2025), ECF No. 11163 (explaining that neither this Court nor the Second Circuit has ruled on the Bank's pending Rule 12(b)(6) motion).

**WHITE & CASE**

The Honorable George Daniels
October 3, 2025

Al Rajhi Bank expressly reserves all rights and defenses, including as to this Court's lack of personal jurisdiction.

Respectfully submitted,

s/ *Christopher M. Curran*

Christopher M. Curran
Nicole Erb
Nicolle Kownacki
Reuben J. Sequeira
Michael Mahaffey

*Counsel for Al Rajhi Bank*

cc:   Counsel of Record (via ECF)

2