

October 8, 2025

**Sean P. Carter**
Direct Phone   215-665-2105
Direct Fax      215-701-2105
scarter1@cozen.com

The Honorable George B. Daniels
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD) (SN)

Dear Judge Daniels:

    Plaintiffs with claims against Al Rajhi Bank ("ARB") write in response to ARB's October 3, 2025 supplemental authority letter at ECF No. 11349.

    ARB's letter does nothing more than intone a fragment of the legal standard from *Ashley v. Deutsche Bank Aktiengesellschaft*, 144 F.4th 420 (2d Cir. 2025), ARB. Ltr. at 1, and repeat the plea ARB has made in several prior submissions that the Court refrain from deciding ***ARB's own*** motion to dismiss challenging personal jurisdiction in the wake of *Fuld v. Palestine Liberation Organization*, 606 U.S. 1 (2025).

    Plaintiffs already have explained why it would be inappropriate to bypass resolution of ARB's personal jurisdiction motion and leave the jurisdictional issue unresolved, the fact that the briefing on ARB's 2017 Rule 12(b)(6) motion does not address the current factual record or more recent authorities, and how Plaintiffs' claims easily satisfy *Ashley* and *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842 (2d Cir. 2021), in any case. *See* ECF No. 11171. ARB's letter presents no substantive argument of consequence on any of those issues, and Plaintiffs will not burden the Court by repeating the points they already have made.

    The one issue raised by ARB's recent submissions that Plaintiffs have not had an opportunity to address is ARB's effort to distort the standard of review and content of the record relevant to any 12(b)(6) challenge. Specifically, in urging the Court to bypass jurisdiction and consider its 12(b)(6) challenge, ARB has advanced several arguments about the purported content of the "record" and citing ARB's own "evidence" challenging Plaintiffs' facts. *See* ECF No. 11190. Under the governing standard of review, those arguments are entirely improper and irrelevant to any Rule 12(b)(6) arguments ARB may advance. *See Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 540 (S.D.N.Y. 2023) (the Court evaluates the sufficiency of a plaintiff's allegations under Rule 12(b)(6)); *Jordan (Bermuda) Inv. Co., Ltd. v. Hunter Green Inv. Ltd.*, 154

The Honorable George B. Daniels
October 8, 2025
Page 2

---

F. Supp. 2d 682, 690 (S.D.N.Y. 2001) (a 12(b)(6) motion is addressed only to the sufficiency of the pleadings and documents attached or incorporated thereto).

Even outside of the Rule 12(b)(6) context, ARB's arguments about the alleged "undisputed" record ignore contrary and relevant evidence, and demand interpretations that are not warranted or appropriate.[1]

Respectfully submitted,

COZEN O'CONNOR

By:   Sean P. Carter

SPC

cc:   All MDL Counsel of Record (via ECF)

LEGAL\80660569\1

---

[1] For instance, ARB contends that there is "nothing in the record" demonstrating that the Bank knew that Al Haramain's head office was supporting al Qaeda, ARB Ltr. (ECF No. 11190) at 1, *but see, e.g.*, contrary evidence detailed in Plaintiffs' Corrected Averment ("CA") (ECF No. 10582) at ¶¶ 113, 178, 179, 180, 204-272, 290, 323, 546. *See also* ECF No. 10592-1 at 38-40, 44-46; ECF No. 10594-10. ARB also claims that "the undisputed record" shows that Aqil al Aqil's personal Account No. 3412 was listed as Al Haramain's "General Account," ARB Ltr. (ECF No. 11190) at 2, *but see* ARB 41454-41463 at ECF No. 10597-14 (banking statement for Account No. 3412 for the January 1, 1998 through December 31, 2002 timeframe, identifying "Mr. Aqil Abdel Aziz al Aqil" as the individual account holder). ARB further asserts that "the undisputed record" demonstrates that at the time of the 9/11 attacks, the Al Haramain headquarters was not known to be linked to al Qaeda, but was recognized as the "United Way of Saudi Arabia," ARB Ltr. (ECF No. 11190) at 2, *but see, e.g.*, contrary evidence at CA ¶¶ 113, 233, 290, 323, 546; ECF No. 10592-1 at 38-39, 46 (evidence of pre-9/11 knowledge).