# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| In re Terrorist Attacks on September 11, 2001 | S.D.N.Y. | Hon. George B. Daniels |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| | 8/28/25 | 03-md-1570 (GBD) (SN) |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 9/19/25 | ✓ Yes   ☐ No |

**Attorney(s) for Appellant(s):** ✓ Plaintiff ☐ Defendant

| Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|
| Joseph Giaramita | 8215 Fifth Avenue, Brooklyn, NY 11209 | 718/748-4440 | 718/748-4272 | nytriallawyer@aol.com |

**Attorney(s) for Appellee(s):** ☐ Plaintiff ✓ Defendant

| Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|
| See attachment | | | | |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ✓ Yes ☐ No |
|---|---|---|---|
| N/A | N/A | N/A | If Yes, provide the following: Case Name: In re Terrorist Attacks on September 11, 2001 |
| | | | 2d Cir. Docket No.: see attachment   Reporter Citation: (i.e., F.3d or Fed. App.) see attachment |

**ADDENDUM "A":** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B":** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

**1. Federal Jurisdiction**
- ☐ U.S. a party
- ☐ Diversity
- ✓ Federal question (U.S. not a party)
- ☐ Other (specify): _____

**2. Appellate Jurisdiction**
- ☐ Final Decision
- ☐ Interlocutory Decision Appealable As of Right
- ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))
- ✓ Other (specify): see attachment

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2025)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**
- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [✓] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [✓] Damages:
  - Sought: $ _____
  - Granted: $ _____
  - Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [✓] Other (specify): see attachment
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright [ ] Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [✓] Other (Specify):

**3. Contracts**
- [ ] Admiralty/Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes  [✓] No

Will appeal raise a matter of first impression?
- [ ] Yes  [✓] No

---

1. Is any matter relative to this appeal still pending below? [✓] Yes, specify: see attachment  [ ] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? [✓] Yes  [ ] No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes  [✓] No

If yes, state whether [ ] "A," or [ ] "B," or [ ] both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No | Citation: | Court or Agency: |
|---|---|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) | | |

Name of Appellant: Michael Cioffi

Date: October 20, 2025        Signature of Counsel of Record: /s/ Joseph Giaramita

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C (Rev. October 2025)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### ATTACHMENT TO FORM C

**Counsel List for Cross-Appeal Plaintiffs-Appellants**

**JOSEPH GIARAMITA**
8215 Fifth Avenue
Brooklyn, New York 11209
Tel.: (718)748-4440
Fax:(718)748-4272

*Counsel for Cross-Appeal Plaintiff-Appellant in:*
Michael Cioffi (03-cv-9849)

**Counsel List for Cross-Appeal Defendant-Appellee**

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, PLLC**
Sumner Square
1615 M Street, N.W.
Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Michael K. Kellogg ~
mkellogg@kellogghansen.com

*Counsel for Cross-Appeal Defendant-Appellee Kingdom of Saudi Arabia*

1

## PART A: APPELLATE JURISDICTION

On September 8, 2025, Defendant-Appellant Kingdom of Saudi Arabia ("Saudi Arabia") filed a Notice of Appeal (MDL ECF No. 11215) from the August 28, 2025 Memorandum Decision and Order (MDL ECF No. 11182) denying Saudi Arabia's Renewed Motion to Dismiss, asserting appellate jurisdiction under the collateral order doctrine. See 2d Cir. Docket No. 25-2202. Plaintiffs-Appellees submit that the Second Circuit Court of Appeals lacks jurisdiction over the interlocutory appeal filed by Saudi Arabia. In the event, however, that the Second Circuit Court of Appeals concludes that it possesses jurisdiction over Saudi Arabia's appeal under the collateral order doctrine, then it also would have pendent appellate jurisdiction over Plaintiffs-Appellees' cross-appeal as to the matters identified in their Notice of Conditional Cross-Appeal (MDL ECF No. 11282).

## PART C: NATURE OF SUIT

1. **Federal Statutes**

    a. Foreign Sovereign Immunities Act, 28 U.S.C. § 1605 et seq.
    b. Justice Against Sponsors of Terrorism Act ("JASTA"), 28 U.S.C. § 1605B
    c. Anti-Terrorism Act, 18 U.S.C. § 2331, et seq.
    d. Civil RICO, 18 U.S.C. § 1962(a), (c), (d)

2. **Torts**

    a. Wrongful Death
    b. Survival
    c. Assault and Battery
    d. Negligent and/or Intentional Infliction of Emotional Distress
    e. Conspiracy
       Aiding and Abetting
    g. Negligence
    h. Trespass

**RELATED CASES**

**Matters Relative to this Appeal Still Pending Below:**
1. *In re: Terrorist Attacks on September 11, 2001*, 03-MD-01570 (S.D.N.Y.)
2. *Federal Insurance Co., et al. v. Al Qaeda, et al.*, 03-cv-06978 (S.D.N.Y.)
3. *Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, 03-cv-08591 (S.D.N.Y.)
4. *Pacific Employers Insurance, et al. v. Kingdom of Saudi Arabia, et al.*, 04-cv-07216 (S.D.N.Y.)
5. *The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*, 17-cv-02129 (S.D.N.Y.)
6. *Muenchener Rueckversicherungs-Gessellschaft Aktiengesellscheft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, 17-cv-07914 (S.D.N.Y.)
7. *Württembergische Versicherung AG v. Kingdom of Saudi Arabia*, 18-cv-12257 (S.D.N.Y.)
8. *Burnett, et al. v. Al Baraka Invest. & Devel. Corp., et al.*, 03-cv-09849 (S.D.N.Y.)
9. *Euro Brokers, Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-07279 (S.D.N.Y.)
10. *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-cv-06977 (S.D.N.Y.)
11. *Estate of John P. O'Neill, et al. v. Kingdom of Saudi Arabia, et al.*, 04-cv-01922 (S.D.N.Y.)
12. *Estate of John P. O'Neill, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 04-cv-01923 (S.D.N.Y.)
13. *Estate of John P. O'Neill, et al. v. Republic of Iraq, et al.*, 04-cv-01076 (S.D.N.Y.)
14. *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065 (S.D.N.Y.)
15. *Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, 04-cv-05970 (S.D.N.Y.)
16. *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, 17-cv-2651 (S.D.N.Y.)
17. *Global Aerospace, Inc., et al. v. Kingdom of Saudi Arabia, et al.*, 18-cv-5373 (S.D.N.Y.)
18. *Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, 17-cv-6519 (S.D.N.Y.)
19. *Aronow, et al. v. Kingdom of Saudi Arabia*, 18-cv-12005 (S.D.N.Y.)
20. *Gen. Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, 17-cv-3810 (S.D.N.Y.)

3

**Cases Pending Before This Court Arising from Substantially the Same Case or Controversy and/or Involving Substantially Similar or Related Issues:**

The following matters are pending below, and a Notice of Conditional Cross-Appeal ("NOCCA") has been filed in each of the matters, as indicated in the parentheticals following the case identification.

1. *Federal Insurance Co., et al. v. Al Qaeda, et al.*, 2d Cir. Docket No. 25-02390 (NOCCA filed at MDL ECF No. 11282).
2. *Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al.*, 2d Cir. Docket No. 25-02390 (NOCCA filed at MDL ECF No. 11282).
3. *Pacific Employers Insurance, et al. v. Kingdom of Saudi Arabia, et al.*, 2d Cir. Docket No. 25-02390 (NOCCA filed at MDL ECF No. 11282).
4. *The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al.*, 2d Cir. Docket No. 25-02390 (NOCCA filed at MDL ECF No. 11282).
5. *Muenchener Rueckversicherungs-Gessellschaft Aktiengesellscheft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, 2d Cir. Docket No. 25-02390 (NOCCA filed at MDL ECF No. 11282).
6. *Württembergische Versicherung AG v. Kingdom of Saudi Arabia*, 2d Cir. Docket No. 25-02390 (NOCCA filed at MDL ECF No. 11282).
7. *Burnett, et al, v. Al Baraka Inv. & Dev. Corp., et al.*, 2d Cir. Docket No. 25-2355 (NOCCA filed at MDL ECF No. 11285).
8. *Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 2d Cir. Docket No. 25-2355 (NOCCA filed at MDL ECF No. 11285).
9. *Estate of John P. O'Neill, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al.*, 2d Cir. Docket No. 25-2320 (NOCCA filed at MDL ECF No. 11327).
10. *Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al.*, 2d Cir. Docket No. 25-2323 (NOCCA filed at MDL ECF No. 11270).
11. *Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 2d Cir. Docket No. 25-2341 (NOCCA filed at MDL ECF No. 11281).
12. *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, 2d Cir. Docket No. 25-2324 (NOCCA filed at MDL ECF No. 11271).
13. *Global Aerospace, Inc., et al. v. Kingdom of Saudi Arabia, et al.*, 2d Cir. Docket No. 25-2334 (NOCCA filed at MDL ECF No. 11272).
14. *Allianz Versicherungs-Aktiengesellschaft, et al. v. Kingdom of Saudi Arabia*, 2d Cir. Docket No. 25-2391 (NOCCA filed at MDL ECF No. 11265).
15. *Aronow, et al. v. Kingdom of Saudi Arabia*, 2d Cir. Docket No. 25-2392 (NOCCA filed at MDL ECF No. 11328).
16. *Gen. Reinsurance Corp., et al. v. Kingdom of Saudi Arabia*, 2d Cir. Docket No. 25-2340 (NOCCA filed at MDL ECF No. 11275).

## Related Matters Previously Before This Court:

Appeals from the district court litigation – *In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-01570 – have previously been before this Circuit, including the following:

| Short Titles and Citations | Docket Nos. | Citations |
|---|---|---|
| *In re Terrorist Attacks on September 11, 2001* | 06-0319-cv(L), 06-0321-cv, 06-0348-cv, 06-0392-cv, 06-0397-cv, 06-0398-cv, 06-0436-cv, 06-0442-cv, 06-0453-cv, 06-0458-cv, 06-0461-cv, 06-0473-cv, 06-0477-cv, 06-0487-cv, 06-0657-cv, 06-0674-cv, 06-0693-cv, 06-0700-cv, 06-0702-cv | 538 F.3d 71 (2d Cir. 2008) |
| *In re Terrorist Attacks on September 11, 2001*<br><br>*In re Terrorist Attacks on September 11, 2001, (John Patrick O'Neill, Jr. v. Al Rajhi Bank)*<br><br>*In re Terrorist Attacks on September 11, 2001 (John Patrick O'Neill, Jr. v. Asat Trust Reg.)* | 11-3294-cv(L), 11-3407-cv, 11-3490-cv, 11-3494-cv, 11-3495-cv, 11-3496-cv, 11-3500-cv, 11-3501-cv, 11-3502-cv, 11-3503-cv, 11-3505-cv, 11-3506-cv, 11-3507-cv, 11-3508-cv, 11-3509-cv, 11-3510-cv, 11-3511-cv, 12-0949-cv, 12-1457-cv, 12-1458-cv, 12-1459-cv | 714 F.3d 109 (2d Cir. 2013)<br>714 F.3d 118 (2d Cir. 2013)<br>714 F.3d 659 (2d Cir. 2013) |
| *In re Terrorist Attacks on September 11, 2001 (Fed. Ins. Co. v. Kingdom of Saudi Arabia)* | 12-1318-cv(L), 12-1350-cv(CON), 12-1441-cv(CON), 12-1476-cv(CON), 12-1477-cv(CON), 12-1519-cv(CON) | 741 F.3d 353 (2d Cir. 2013) |
| *In re Terrorist Attacks on September 11, 2001* | 15-3426-cv(L), 15-3442-cv(CON), 15-3505-cv(CON), 15-3509-cv(CON), 15-3524-cv(CON), 15-3542- | 2017 WL 8776686 (2d Cir. Feb. 7, 2017) |

5

| | | |
|---|---|---|
| | cv(CON), 15-3583-cv(CON), 15-3605-cv(CON) | |
| *In re Terrorist Attacks on September 11, 2001 (Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank)* | 18-1201-cv(L), 18-1264-cv(CON), 18-1266-cv(CON), 18-2162-cv(CON), 18-2171-cv(CON) | 779 Fed. App'x 66 (2d Cir. 2019) |
| *Fiona Havlish, et al. v. The Taliban, et al.* | 23-258-cv(L), 23-263(CON), 23-304(CON), 23-346(CON), 23-444(CON) | 2025 WL 2447193 (2d Cir. August 26, 2025) |
| *In re Terrorist Attacks on September 11, 2001* | 23-1319-cv(L), 23-1251 (Con), 23-1294 (Con), 23-1298 (Con), 23-1299 (Con), 23-1300 (Con), 23-1301 (Con), 23-1308 (Con), 23-1318 (Con), 23-1342 (XAP), 23-7261 (XAP) | 117 F.4th 13 (2d Cir. 2024) |
| *In re Terrorist Attacks on September 11, 2001* | 24-502-cv(L), 24-593-cv(CON) | pending |
| *In re Terrorist Attacks on September 11, 2001* | 25-108-cv(L), 25-280-cv(CON), 25-281-cv(CON), 25-320-cv(CON), 25-325-cv(CON), 25-327-cv(CON) | pending |
| *In re Terrorist Attacks on September 11, 2001* | 25-2202 | pending |

## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### ADDENDUM A

**Description of the Nature of the Action and the Result Below**

1. These appeals arise out of multidistrict litigation ("the 9/11 MDL") brought by the September 11th community against material sponsors and supporters of al Qaeda and the terrorist attacks of September 11, 2001, including Defendant Kingdom of Saudi Arabia ("Saudi Arabia" or "the Kingdom"). The Plaintiffs in the 9/11 MDL are family members of the nearly 3,000 people killed in the September 11, 2001 terrorist attacks (the "September 11th attacks"), thousands of individuals severely injured as a result of the attacks, and commercial entities that incurred billions of dollars of property damage and other losses as a consequence of the attacks.

2. On December 19, 2013, this Court vacated final judgments previously entered in favor of the government of Saudi Arabia in the *Federal Insurance, Vigilant Insurance, Pacific Employers Insurance,* and *O'Neill* actions pursuant to Fed. R. Civ. P. 60(b), finding that its decision in *Doe v. Bin Laden*, 663 F.3d 64 (2d Cir. 2011), which overturned the Court's earlier ruling in In re *Terrorist Attacks*, 538 F.3d 71 (2d Cir. 2008) ("*Terrorist Attacks III*"), created an extraordinary circumstance within the meaning of Rule 60(b) because it "produced inconsistent results between two sets of plaintiffs suing for damages based on the same incident." *In re Terrorist Attacks*, 741 F.3d 353, 357 (2d Cir. 2013).

3. The Court remanded the case for further consideration whether the *Federal Insurance, Vigilant Insurance, Pacific Employers Insurance,* and *O'Neill* plaintiffs' claims against Saudi Arabia could proceed under the Foreign Sovereign Immunities Act's ("FSIA") non-commercial tort exception, 28 U.S.C. §1605(a)(5).

4. On September 29, 2015, Judge George Daniels again dismissed the claims against Saudi Arabia, on grounds different from those offered in prior dismissal orders. *See* MDL ECF No. 3046.

5.  Plaintiffs in the *Federal Insurance, Vigilant Insurance, Pacific Employers Insurance,* and *O'Neill* cases appealed the dismissals, and that appeal was fully briefed and pending before this Court as of July 25, 2016.

6.  On September 28, 2016, Congress enacted the Justice Against Sponsors of Terrorism Act, Pub. L. No. 114-222, 130 Stat. 852 (2016) ("JASTA"). JASTA modified the FSIA specifically to provide plaintiffs in this case and those like them "with the broadest possible basis … to seek relief against … foreign countries … that have provided material support, directly or indirectly" to terrorist organizations, *id.* § 2(b), 130 Stat. at 853, and, in particular, to "allow the victims of 9/11 to pursue some small measure of justice by giving them a legal avenue" against "foreign sponsors of terrorism." *See* 162 Cong. Rec. S2845, S2846 (daily ed. May 17, 2016) (Sen. Schumer).

7.  JASTA does so by eliminating the textual bases for certain defenses, by adding clarifying language designed to ensure the attribution of the acts of agents and others to the Kingdom, by making the Kingdom and other sovereigns subject to claims under the Anti-Terrorism Act ("ATA"), and by confirming that the scope of secondary liability and treatment of causation are to be flexible and appropriately tailored to the situation posed to victims of terrorist attacks. JASTA §§ 2(b), 3(a), 4(a), 130 Stat. at 853-54.

8.  Following JASTA's enactment, the parties jointly moved to vacate the district court's judgment and for summary remand of the appeal then pending before this Court, agreeing that "JASTA was intended to apply to this case."[1] This Court entered its summary remand order on February 7, 2017. *See* Case Nos. 15-3426-cv *et al.*, Dkt. No. 288.

9.  On remand, plaintiffs in these cases and others comprising the 9/11 MDL advanced several independent but related theories of jurisdiction under JASTA and the non-commercial tort exception, and liability under JASTA and other federal and state law.

---

[1] *See* Joint Motion To Vacate and Remand In Light of Changes In Law at 2, Case Nos. 15-3426-cv(L), *et al.*, Docket No. 255 (filed Oct. 21, 2016).

10. Broadly, plaintiffs' uncontested factual allegations and evidence asserted that Saudi Arabia's Ministry of Islamic Affairs ("MOIA"), a core organ of the Saudi government responsible for directing Saudi Arabia's state mission to spread the extreme Wahhabi variant of Islam globally, *see* Final Report of the 9/11 Commission at p. 373, was extensively intertwined with and engaged in funding and supporting terrorism, including al Qaeda and the 9/11 attacks, in furtherance of its core mission and function.

11. The extensive funding and material support was carried out by the MOIA's own officials, employees, and agents, and by several state-run "charities" that were headed and operated by Saudi officials and employees, and that were themselves agents of the Saudi government established, funded, and operated to discharge core functions and missions of the Saudi state.

12. Plaintiffs asserted that their uncontested factual allegations and evidence concerning this extensive and systematic funding and support of al Qaeda and the 9/11 attacks satisfied JASTA's requirements of a "tortious act or acts" by a "foreign state, or of any official, employee, or agent of that foreign state while acting within the scope of his or her office, employment, or agency," and JASTA's modest threshold jurisdictional causation standard, in several ways:

13. *First*, Kingdom officials, agents, and employees provided essential support directly to the September 11th attacks and the attackers themselves. These included, for example, Fahad al Thumairy, an official of the MOIA based in Los Angeles, and Omar al Bayoumi, a covert Saudi government agent in San Diego also working for the MOIA, who worked together and in coordination with more senior Saudi officials to establish an essential support network for the first arriving 9/11 hijackers. Others were in direct contact with members of the Hamburg al Qaeda cell that coordinated the September 11th attacks and diverted extensive funds to al Qaeda from Saudi embassy accounts, undertook a "dry run" of the hijackings on a domestic U.S. flight, or undertook other actions designed to advance the attacks. All were deployed by the Saudi

9

government to advance the anti-Western and pro-jihadi agenda of the MOIA, and acted in the course of their employment and agency for the Saudi government in supporting the hijackers and plot.

14. *Second*, other Kingdom officials and agents directly provided financial and other support to al Qaeda. For example, the Saudi government and Kingdom officials directly funded various "charities" that were intertwined with and operated to support al Qaeda, and they did so with knowledge that the funds and other assistance would support al Qaeda's activities and in the face of repeated warnings and requests from U.S. officials to halt the flow of funds and resources to al Qaeda. Saudi officials also headed and operated the charities, and directed and participated in their material support for al Qaeda's terrorist activities.

15. *Third*, the charities were themselves agents of the Saudi government, established, funded, and directed by the Saudi government to carry out core functions of the Saudi state, making their material support for al Qaeda's terrorist activities attributable to Saudi Arabia.

16. In its Memorandum Opinion and Order issued on March 28, 2018, the District Court denied without prejudice Saudi Arabia's motion to dismiss for lack of subject matter jurisdiction, finding that jurisdictional discovery was warranted as to "whether and to what extent [Fahad Al] Thumairy, [Omar Al] Bayoumi and their agents took actions in 2000, at the direction of more senior Saudi officials, to provide assistance to Nawaf Al Hazmi, Khalid Al Mihdhar and other 9/11 hijackers." See MDL ECF No. 3946. The District Court, however, declined jurisdiction with respect to Plaintiffs' theories and claims predicated upon the other tortious conduct of Saudi Arabia and/or the tortious conduct of several additional agents and officials of the government of Saudi Arabia, and did not address Plaintiffs' theories of jurisdiction under the non-commercial tort-exception.

17. Saudi Arabia chose not to pursue an appeal of that threshold denial of its sovereign immunity, instead electing to proceed with discovery and jurisdictional factfinding before the district court.

18. Plaintiffs subsequently filed a motion for reconsideration of the District Court's 2018 decision pursuant to Rule 54(b), based on this Court's intervening decisions in *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842 (2d Cir. 2021), and *Honickman v. BLOM Bank SAL*, 6 F. 4th 487 (2d Cir. 2021), which confirmed that a defendant may aid and abet terrorism through an intermediary, such as a charity, where the defendant is generally aware of the intermediary's connection to terrorism. The Rule 54(b) motion principally argued that this Court's decisions required the District Court to revisit its March 28, 2018 decision, and to find that Saudi Arabia itself committed a tort by channeling significant resources to purported charities, with express knowledge that those charities were closely intertwined with and were delivering those very resources to al Qaeda. Plaintiffs asserted that the District Court improperly held that Saudi Arabia could not be held accountable for support that flowed through purported charities absent a showing that the charities themselves were alter-egos of Saudi Arabia.

19. The District Court denied the Rule 54(b) motion, by order dated February 7, 2023, finding *Kaplan and Honickman* "inapposite" and holding that JASTA's ATA aiding and abetting and conspiracy cause of action is inapplicable to foreign states. *See* MDL ECF No. 8862. Judge Daniels took this position notwithstanding an earlier decision by the magistrate judge overseeing the 9/11 MDL holding that JASTA's aiding and abetting cause of action applies to foreign states. *See* MDL ECF No. 7942.

20. Between 2018 and 2023, limited and targeted jurisdictional discovery proceeded with respect to the issues authorized by the district court in 2018. This encompassed document discovery of Saudi Arabia, depositions of certain of Saudi Arabia's witnesses and third parties, production by the FBI of investigative reports from its 9/11 investigations in response to both a subpoena and Executive Order No. 14040, and production by the United Kingdom's Metropolitan Police Service (MPS) of materials seized from Bayoumi upon his arrest in 2001. This discovery also encompassed expert reports and depositions.

21. In October 6, 2023, following the completion of jurisdictional discovery, Saudi Arabia renewed its motion to dismiss on grounds of foreign sovereign immunity. *See* MDL ECF Nos. 9368-9370. Saudi Arabia's motion rested on its theory that "no evidence supports Plaintiffs' jurisdictional allegations" relating to the support network established and coordination by Bayoumi, Thumairy, and other and more senior Saudi officials, and that the "time has come for the Court to assess the evidence and find the jurisdictional facts." *See* MDL ECF No. 9369 at 3.

22. By order dated August 28, 2025, the District Court issued its factual and evidentiary findings and determined that Saudi Arabia is subject to jurisdiction under the exception to foreign sovereign immunity established by JASTA. The District Court ruled that "the entire body of undisputed facts, and the Court's preliminary assessment of certain disputed facts, are adequate for the Court to conclude that the exercise of subject matter jurisdiction is appropriate here." *See* MDL ECF No. 11182 at 45. Referring to its review of the "total evidence," *id.* at 33, the Court found that "Plaintiffs have managed to provide this Court with reasonable evidence as to the roles played by Bayoumi, Thumairy, and KSA, in assisting the hijackers," and that "KSA had employed Bayoumi and Thumairy to assist the hijackers," *id.* At 44. The Court determined that the extensive proof it reviewed, as well as its application of "common sense," *id.* 37, demonstrated that Bayoumi and Thumairy were "working together" and "coordinating with the Saudi government when providing assistance to the hijackers." *id.* 41, 43. The Court further found that Saudi Arabia failed to meet its burden of persuasion on the motion, rejecting its arguments as "self-contradictory or not strong enough to overcome the inference[s]" the Court drew from the evidence. *Id.* at 44.

23. On September 8, 2025, Saudi Arabia filed a notice of interlocutory appeal, claiming appellate jurisdiction under the collateral order doctrine. *See* MDL ECF No. 11215.

24. On September 19, 2025, plaintiffs in these actions timely filed a conditional notice of cross-appeal. *See* MDL ECF Nos. 11247, 11282.

## ATTACHMENTS TO ADDENDUM A

The relevant Notice of Conditional Cross-Appeal, Opinions, Orders, and docket sheets forming the basis for this appeal, copies of which are attached hereto, are:

a. Exhibit 1 – The Notice of Conditional Cross-Appeal, dated October 2, 2025 (MDL ECF No. 11344), filed on behalf of the Plaintiffs-Appellants in *Burnett* (03-cv-9849), *Euro Brokers Inc.* (04-cv-7279), *Adams* (18-cv-11493), *Actisdano* (18-cv-11504), *Anderson* (18-cv-11509), *Abraham* (18-cv-11515, *Abrahams* (18-cv-11519), *Arias* (18-cv-11582), *Agri* (18-cv-11619), *Barrera* (18-cv-11624), *Ando* (18-cv-11664), *Aepelbacher* (18-cv-12030), *Adam* (18-cv-12118), *Abreu* (18-cv-12318), *Parks* (18-cv-12322), *Odland* (19-cv-00026).

b. Exhibit 2 – Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11182).

c. Exhibit 3 – Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated August 28, 2025 (MDL ECF No. 11180).

d. Exhibit 4 – Opinion & Order of the United States District Court for the Southern District of New York, dated December 11, 2024 (MDL ECF No. 10615).

e. Exhibit 5 – Order of the United States District Court for the Southern District of New York, dated January 26, 2024 (MDL ECF No. 9562).

f. Exhibit 6 – Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated February 7, 2023 (MDL ECF No. 8862).

g. Exhibit 7 – Memorandum Decision and Order of the United States District Court for the Southern District of New York, dated March 28, 2018 (MDL ECF No. 3946).

h. Exhibit 8 – Docket Sheet for *In re Terrorist Attacks on September 11, 2001*, Case No. 1:03-md-01570.

## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

### ADDENDUM B

Pursuant to the requirements of Form C, Plaintiffs-Appellees submit the following list of issues to be raised on cross-appeal. In the event the Court concludes that it has jurisdiction over Saudi Arabia's interlocutory appeal under the collateral order doctrine, Plaintiffs-Appellees cross-appeal as to the issues listed below.

Plaintiffs-Appellees reserve the right to supplement and to state with greater particularity the issues presented by Saudi Arabia's appeal and this cross-appeal.

### ISSUES PROPOSED TO BE RAISED ON CROSS-APPEAL

1. Whether the District Court erred in holding in its March 28, 2018 decision that plaintiffs' uncontested factual allegations and evidence relating to the additional tortious acts of Saudi Arabia and additional agents of the Saudi government in support of al Qaeda, including those related to Saudi Arabia's funding and material support of al Qaeda through its state-controlled charities and attribution of the terrorist activities of those charities to Saudi Arabia, failed to establish and/or present a *prima facie* showing of jurisdiction under JASTA and/or the non-commercial tort exception.

2. Whether the District Court erred in denying plaintiffs' motion under Rule 54(b) based on the Second Circuit's intervening decisions in *Kaplan v. Lebanese Canadian Bank*, 999 F.3d 842 (2d Cir. 2021), and *Honickman v. BLOM Bank SAL*, 6 F. 4th 487 (2d Cir. 2021), and in holding that JASTA's ATA aiding and abetting and conspiracy cause of action, 18 U.S.C. 2333(d), is categorically unavailable in cases against foreign states.

3. Whether the District Court erred in its March 28, 2018 decision in denying plaintiffs' jurisdictional discovery relating to the additional tortious acts of Saudi Arabia and additional agents of the Saudi government in support of al Qaeda, including those related to

14