

Aisha E. R. Bembry
202 659 6752
aisha.bembry@lbkmlaw.com

November 21, 2025

**VIA ECF**

Hon. Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)

Dear Judge Netburn:

We represent certain Jurisdictional and Merits Defendants (collectively "Defendants") [1] in the above-captioned matter. We write to set forth a proposal for dispositive motions in this litigation. We have discussed these issues with counsel for Plaintiffs, but the parties were able to reach only partial agreement. This letter lays out the process, the areas on which the parties have reached agreement, and the one remaining issue in dispute.

I. **The Meet-and-Confer Process**

On September 16, 2025, Defendants wrote to PEC counsel requesting a meet-and-confer to discuss next steps including schedules for the Merits Defendants' dispositive motions. On September 25, we wrote again to PEC counsel, requesting that counsel schedule the meet-and-confer. This meeting finally took place on October 9, at which time PEC counsel agreed that Plaintiffs would provide averments of jurisdictional facts with supporting evidence as to the Jurisdictional Defendants, and said that Plaintiffs needed more time to work among themselves on scheduling and page limit issues as to the Merits Defendants. On October 17, PEC counsel emailed defense counsel with proposals regarding deadlines and page limits as to the Merits Defendants and stated that Plaintiffs needed still more time to address issues relating to the Jurisdictional Defendants. We responded on October 22, setting forth counter-proposals on the page limits and deadlines for the briefing as to the Merits Defendants, and asking for a date by which PEC counsel would respond as to the Jurisdictional Defendants. Defendants received no response to this October 22 email. On November 7, 2025, Defendants sent an earlier draft of this letter to Plaintiffs' counsel and asked for any comments by November 11, 2025. On the 11th, Plaintiffs' counsel responded,

---

[1] Defendants are World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY"), International Islamic Relief Organization ("IIRO"), Muslim World League ("MWL"), Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, Adnan Basha, and Yassin Kadi. "Merits Defendants" means WAMY, IIRO, and MWL. "Jurisdictional Defendants" means Obaid, Turki, Basha, and Kadi.

Lewis Baach Kaufmann Middlemiss PLLC

and the parties were able to reach agreement on all issues save page limits for the Merits Defendants' forthcoming dispositive motions.

## II. Averment of Jurisdictional Facts

The parties have reached an agreement whereby Plaintiffs will provide a separate averment of jurisdictional facts with supporting evidence as to each Jurisdictional Defendant on or before February 20, 2026. Soon thereafter, the parties will meet and confer about the schedule and pages limits for motions to be filed by the Jurisdictional Defendants.[2]

Although the Jurisdictional Defendants appreciate Plaintiffs' agreement to provide a separate averment of jurisdictional facts with supporting evidence as to each Jurisdictional Defendant, we think it important to emphasize the need for these averments and to establish the parameters that should govern them. As the Court will recall, the Jurisdictional Defendants were dismissed from this case in 2010 for lack of personal jurisdiction. In April 2013, the Second Circuit reversed the District Court's decision and remanded the claims against the Jurisdictional Defendants, pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for limited jurisdictional discovery to be followed by a District Court decision on personal jurisdiction. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 678-79 and n.15 (2d Cir. 2013). Given the 20 years that have elapsed since the complaints were filed and the enormous amount of discovery material produced since 2013, the Jurisdictional Defendants have no way of knowing how the allegations may have developed since that time, including whether Plaintiffs have abandoned certain allegations following discovery, what facts Plaintiffs now assert establish personal jurisdiction, and what admissible evidence Plaintiffs have to establish those facts.

Accordingly, the Jurisdictional Defendants respectfully request that the Court direct Plaintiffs to "submit a statement of the facts and evidence on which they will rely in meeting their burden to establish personal jurisdiction over" each defendant, as it did with respect to Al Rajhi Bank. (ECF 9077 at 2). This averment should "be consistent with the form contemplated by Local Civil Rule 56.1 and [should] be accompanied by all supporting documents and deposition excerpts on which the Plaintiffs will rely to meet their burden." *Id.* In order to ensure that this averment of jurisdictional facts will serve the purposes outlined above, the Jurisdictional Defendants further request that the Court require that Plaintiffs' opposition to the Jurisdictional Defendants' renewed motions be limited to the facts and evidence contained in their averments of jurisdictional facts and, of course, any facts and evidence the Jurisdictional Defendants submit with their renewed motions. *See* ECF No. 9562 at 5 (noting Plaintiffs "violated the spirit" of the Court's order with regard to their jurisdictional averments). The Jurisdictional Defendants also request that the Court reiterate its directions in ECF 9026 – briefs "must set forth all pertinent facts" without

---

[2] The current uncertainty as to the scope of Plaintiffs' case against the Jurisdictional Defendants prevents the Jurisdictional Defendants from proposing either time or page limits for renewed motion briefing at this time.

"incorporating by reference other documents" – and allow the parties to submit a chart of evidentiary objections. (ECF 9026 at 4).

Simultaneously with Mr. Kadi's dispositive motion on personal jurisdiction grounds, he intends to renew his motion to dismiss for failure to state a claim, or in the alternative for summary judgment on the merits. The other Personal Jurisdictional Defendants do not intend to move for dismissal for failure to state a claim, or in the alternative for summary judgment on the merits, at this time, but instead intend to do so at a later date only if the Court concludes that they are subject to personal jurisdiction.[3]

### III. Merits Defendants

#### A. Agreement on Briefing Schedule for Dispositive Motions

The parties discussed page and time limits at the meet-and-confer session and exchanged correspondence thereafter. They have agreed on the following schedule for the forthcoming dispositive motions:

- Merits Defendants' Opening Briefs due April 15, 2026
- Plaintiffs' Opposition Briefs due September 15, 2026
- Merits Defendants' Reply Briefs due December 18, 2026

#### B. Page Limit Proposals and Negotiations

On September 16, 2025, the Merits Defendants proposed page limits of 75 pages for opening briefs, 75 for Plaintiffs' opposition briefs, and 45 pages for reply briefs.

On October 17, 2025, Plaintiffs responded that opening and opposition briefs should be no longer than 40 pages with 25-page replies. Plaintiffs explained that the Merits Defendants' "proposal contemplates separate opening and reply briefs for MWL, IIRO, and WAMY . . . [and so] would yield 585 pages of briefing for the merits defendants, along with separate Rule 56 statements for each," which they view as "excessive, particularly given the overlap of the relevant legal issues."

On October 22, 2025, in an effort to reach agreement without the need for court intervention, and to address Plaintiffs' request that Defendants consider "the overlap of the relevant legal issues," the Merits Defendants proposed a 20-page total reduction to their opening briefs, with a corresponding 20-page total reduction for the oppositions to those opening briefs, and a 10-page

---

[3] In addition to moving for dismissal on personal jurisdiction grounds, Dr. Al Turki also intends to move for dismissal on grounds that he is entitled to common law sovereign immunity for actions taken in his official capacity as a high-ranking official of Saudi Arabia.

**Lewis Baach Kaufmann Middlemiss PLLC**

Hon. Sarah Netburn
November 21, 2025
Page 4

total reduction on their reply briefs, resulting in a total reduction of 50 pages of briefing from their initial proposal. The Merits Defendants' revised proposal as to page limits is as follows:

Merits Defendants' Opening Briefs
- As to MWL and IIRO: a total of 130 pages in no more than two briefs[4]
- As to WAMY SA and WAMY International: 75 pages in one brief

Plaintiffs' Opposition Briefs
- As to MWL and IIRO: a total of 130 pages in no more than two briefs
- As to WAMY SA and WAMY International: 75 pages in one brief

- Merits Defendants' Reply Briefs
    - As to MWL and IIRO: a total of 80 pages in no more than two briefs
    - As to WAMY SA and WAMY International: 45 pages in one brief

On November 11, 2025, Plaintiffs responded to this counter proposal by stating that the revised proposal "remains excessive," and their original counter proposal [40/40/25 for each defendant] "was reasonable." And on November 17, 2025, we provided substantially the same letter that we file today to Plaintiffs' counsel and requested that they provide their position on the dispute over page limits. They did so on November 20, 2025. We then incorporated their additions in Section III.D. and the Conclusion, as requested. In response to Plaintiffs' position, the Merits Defendants made minor revisions to their position (revising one point and adding two sentences) and sent a further draft of the letter to Plaintiffs, and the parties incorporated final edits in advance of its filing.

    C.  <u>The Merits Defendants' Position on Page Limits</u>

Merits Defendants believe the page limits initially proposed (75/75/45 for each defendant) are necessary for their summary judgment motions in this complex case that spans over two decades and includes a combined production by the parties of close to three million pages of documents.

Plaintiffs' proposal (40/40/25 for each) would result in only 315 total pages of briefing for the Merits Defendants' summary judgment motions. That proposal would mean that the briefing on the summary judgment motions would be less than the total pages of briefing that the parties were afforded to address their *Daubert* motions, which totaled 365 pages and concerned only a subset of the experts who submitted opinions in this complex case. Indeed, as just one example,

---

[4] At the request of Plaintiffs' counsel, MWL and IIRO have agreed to consolidate arguments where possible to address "the overlap of the relevant legal issues." As part of this compromise, MWL and IIRO have agreed to a lower combined total number of pages that will be split across no more than two briefs. Thus, instead of *each* requesting 75/75/45 (opening/opposition/reply), MWL and IIRO have agreed to *a lower combined* total of 130/130/80.

Plaintiffs' Opposition to the motion to exclude three of their experts spanned 70 pages. Affording the Merits Defendants – each facing multiple counts, testimony from dozens of fact and expert witnesses, and millions of pages of documents produced by the parties in discovery – *fewer* pages in the opening brief to address potentially dispositive issues than Plaintiffs were afforded to respond to a motion challenging just three witnesses strikes the Merits Defendants as patently unreasonable and inequitable.

Nonetheless, as noted above, in an effort to reach a compromise agreement and address Plaintiffs' request that Defendants consider "the overlap of the relevant legal issues," defendant MWL and defendant IIRO, both represented by the same law firm, have each agreed to reduce the page limits for their opening briefs by 20 pages combined and the total page limits for their reply briefs by 10 pages combined, resulting in the proposal outlined above. Plaintiffs' claims against MWL and IIRO are numerous and their factual allegations span decades and purport to stitch people and places together across Europe, the Middle East, and Asia. The briefing thus requires an extensive and comprehensive presentation of legal and factual issues as concerns the operations of two distinct entities, necessitating the number of pages requested.

Defendants WAMY Saudi Arabia and WAMY Int'l have agreed to file one consolidated opening brief and one consolidated reply brief. The factual and legal analysis for both these WAMY defendants is complex and broad in factual scope both temporally and geographically, yet very different between the WAMY Defendants. Briefing for WAMY Int'l will focus on events in the United States while briefing for WAMY Saudi Arabia will focus on events in other parts of the world. Plaintiffs' proposal to limit the two WAMY defendants to 40 pages is far less than what each of these defendants would be entitled under the normal rules and woefully insufficient given the factual and legal complextities of this case. WAMY Saudi Arabia and WAMY Int'l are only asking for an additional 12.5 pages each beyond what the rules allow.

The Merits Defendants believe the reduced page limits requested in their revised proposal are the absolute minimum necessary to adequately argue their motions for summary judgment. That is particularly the case given the significant number of claims asserted against each defendant, including some federal and state law claims that Plaintiffs assert remain in this case despite this Court's dismissing certain counts in 2005 and 2010. Ex. A, PEC letter to A. Bembry (Oct. 23, 2023); *see e.g., In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 575 (S.D.N.Y. 2005), *aff'd,* 538 F.3d 71 (2d Cir. 2008) (dismissing assault and battery claims against IIRO in the *Federal* action); *In re Terrorist Attacks on Sept. 11, 2001*, 740 F.Supp.2d 494, 515 (S.D.N.Y. 2010) ("The pleadings in each of the complaints are insufficient to state an AT[S], TVPA or RICO cause of action against any of the moving defendants.").

    D.  <u>Plaintiffs' Position on Page Limits</u>

Plaintiffs remain of the view that the Plaintiffs' initial page limit proposal (40/40/25), which is nearly double the limit set under Local Rule 7.1, is reasonable. Where both sides' proposals

Case 1:03-md-01570-GBD-SN   Document 11405   Filed 11/21/25   Page 6 of 8

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

Hon. Sarah Netburn
November 21, 2025
Page 6

contemplate separate opening and reply briefs from each of the three defendants—MWL, IIRO, and WAMY—Plaintiffs' proposal afford the Merits Defendants, collectively, 195 pages in their opening and reply briefs to set out arguments that will almost certainly have substantial overlap. In contrast, the Merits Defendants' proposal contemplates the Court being burdened with 535 pages of total briefing (3 times the normal limit), along with separate Rule 56 statements for each Merits Defendant.. With only modest coordination among the Merits Defendants, they can use their 195 pages (again, nearly twice the normal limit) to set out each of their arguments for the Court's consideration. Accordingly, Plaintiffs view our initial proposal (40/40/25) as reasonable and the Merits Defendants' proposal as "excessive, particularly given the overlap of the relevant legal issues."

Defendants' comparison of the page limits for the summary judgment motions to the limits applied to the *Daubert* motions is inapposite. The *Daubert* motions addressed motions for nine distinct experts, addressing myriad issues for each of the nine. If separate *Daubert* motions had been considered for each expert, the *Daubert* briefing, applying standard limits, could have been as much as 315 pages.

## IV. Conclusion

Defendants therefore request that the Court enter an order (i) adopting the deadline for Plaintiffs to submit averments to the Jurisdictional Defendants by February 20, 2026, with the additional requirements described herein; (ii) adopting a briefing schedule with the agreed deadlines set forth above for the Merits Defendants' dispositive briefs; and (iii) establishing the following page limits for the Merits Defendants' dispositive briefs:

Merits Defendants' Opening Briefs
- As to MWL and IIRO: a total of 130 pages in no more than two briefs
- As to WAMY SA and WAMY International: 75 pages in one brief

Plaintiffs' Opposition Briefs
- As to MWL and IIRO: a total of 130 pages in no more than two briefs
- As to WAMY SA and WAMY International: 75 pages in one brief

Merits Defendants' Reply Briefs
- As to MWL and IIRO: a total of 80 pages in no more than two briefs
- As to WAMY SA and WAMY International: 45 pages in one brief

In contrast, Plaintiffs propose that the Court enter an order (i) adopting the deadline for Plaintiffs to submit averments to the Jurisdictional Defendants by February 20, 2026, with the additional requirements described herein; (ii) adopting a briefing schedule with the agreed deadlines set forth above for the Merits Defendants' dispositive briefs; and (iii) establishing the following page limits for the Merits Defendants' dispositive briefs:

**Lewis Baach Kaufmann Middlemiss PLLC**

Hon. Sarah Netburn
November 21, 2025
Page 7

Merits Defendants' Opening Briefs: 40 pages for each Merits Defendant (MWL, IIRO, WAMY)

Plaintiffs' Opposition Briefs: 40 pages for the Plaintiffs for each brief in response to each Merits Defendant's brief

Merits Defendants' Reply Briefs: 25 pages for each Merits Defendant (MWL, IIRO, WAMY)

We thank the Court for its attention to these issues.

Respectfully submitted,

*/s/ Aisha Bembry*
Eric L. Lewis
Aisha E. R. Bembry (admitted *pro hac vice*)
Sumayya Khatib (admitted *pro hac vice*)
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Fax: (202) 466-5738
Email: eric.lewis@lbkmlaw.com
Email: aisha.bembry@lbkmlaw.com
*Counsel for Defendants Muslim World League, International Islamic Relief Organization, Dr. Abdullah bin Saleh Al Obaid, Dr. Adnan Khalil Basha, and Dr. Abdullah bin Abdelmohsen Al Turki*

*/s/ Alan Kabat*
Alan Kabat
Bernabei & Kabat PLLC
1400 16th St. NW #500
Washington, DC 20036-2223
Telephone: 202-745-1942
Email: Kabat@BernabeiPLLC.com

*Counsel for Dr. Abdullah bin Saleh Al Obaid, Dr. Adnan Khalil Basha, and Dr. Abdullah bin Abdelmohsen Al Turki*

*/s/ Amy Rothstein*
Amy Rothstein
Peter C. Salerno
Salerno & Rothstein
221 Schultz Hill Road
Pine Plains, NY 12567
Telephone: (518) 771-3050
Email: amyrothsteinlaw@gmail.com
Email: peter.salerno.law@gmail.com
*Counsel for Defendant Yassin Kadi*

*/s/ Omar Mohammedi*
Omar T. Mohammedi
Frederick Goetz, *of counsel* (admitted *pro hac vice*)
The Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
New York, NY 10279
Telephone: (212) 725-3846
Fax: (212) 202-7621
Email: omohammedi@otmlaw.com
Email: fgoetz@goetzeckland.com
*Counsel for Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth International*

cc: Counsel of Record (via ECF)