```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

**In re:**

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

**03-MD-01570 (GBD)(SN)**

**ORDER**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On November 21, 2025, the Charity Defendants[1] filed a letter explaining the parties' proposals for dispositive motions. ECF No. 11405.[2] The Court held a conference to discuss the proposals on December 8, 2025. Having considered the parties' submissions, the Court orders as follows:

<u>Jurisdictional Defendants.</u> By February 20, 2026, the Plaintiffs in this multidistrict litigation will file "a statement of the facts and evidence on which they will rely in meeting their burden to establish personal jurisdiction over" each of the Jurisdictional Defendants. ECF No. 9077 at 2. Consistent with the Court's directions for analogous submissions, the Plaintiffs' averments must (1) comply with the form requirements of Local Civil Rule 56.1 and (2) be accompanied by all supporting documents and deposition experts on which the Plaintiffs will rely to meet their burden. <u>See id.</u> These requirements do not alter the burdens and standard of review applicable to the Jurisdictional Defendants' motions.

---

[1] The Charity Defendants consist of two groups: (1) the World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively, "WAMY"), International Islamic Relief Organization ("IIRO"), and Muslim World League ("MWL") (together, the "Merits Defendants"); and (2) Abdullah bin Saleh al Obaid, Abdullah Mohsen al Turki, Adnan Basha, and Yassin Kadi (together, the "Jurisdictional Defendants").

[2] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

The Court declines to impose page or paragraph limits on the Plaintiffs' averments. See ECF No. 9026 at 4. But the Plaintiffs' opposition to the Jurisdictional Defendants' motion will "be limited to the facts and evidence contained in their averments of jurisdictional facts" and "any facts and evidence the Jurisdictional Defendants submit with their renewed motions." ECF No. 11405 at 2. The Court will require that each side's briefs "state all facts relevant to the motion" with specific citations to the supporting averments of facts or declarations. See ECF Nos. 9026, 9562. The Court will provide additional briefing instructions, see ECF No. 9026 at 4, when it sets a schedule for the Jurisdictional Defendants' dispositive motions.

After the Plaintiffs submit their averments, the parties intend to meet and confer about the schedule and page limits for the Jurisdictional Defendants' dispositive motions. See ECF No. 11405 at 2. The parties must file a joint letter with their proposals by March 20, 2026.

Merits Defendants. The parties jointly proposed an eight-month schedule for briefing the Merits Defendants' dispositive motions. ECF No. 11405 at 3. This schedule appears excessive in comparison to similar briefing schedules in this litigation. See, e.g., ECF No. 9026 at 5 (Kingdom of Saudi Arabia's and Dallah Avco's motions to dismiss); ECF No. 9596 at 2 (Al Rajhi Bank's motion to dismiss). The Court adopts a more condensed schedule below.

The Court also adopts page limits similar to the Merits Defendants' revised proposal. Given the volume of discovery produced by the parties, and the number and complexity of the claims that the Plaintiffs assert, see ECF No. 11405, Ex. A, the Plaintiffs' proposed page limits (40/40/25) would give each Defendant insufficient space to address the dispositive issues. Based on the parties' arguments at the conference, the Court concludes that increased page limits for each Defendant (65/65/40) are appropriate. The Merits Defendants and the Plaintiffs should consider the overlap of relevant legal issues and may consolidate their briefing as they wish. For

example, MWL and IIRO could submit one combined opening brief of 130 pages, see ECF No. 11405 at 6; or the Plaintiffs could submit one opposition brief of 195 pages that addresses all the Merits Defendants. The WAMY Defendants must file one consolidated opening brief (65 pages) and one consolidated reply brief (40 pages), see id. at 5, or they may join the other Defendants and file one omnibus opening brief (195 pages) and one omnibus reply brief (120 pages). Additionally, all parties must file their briefs in only the main MDL docket, No. 03-md-01570.

To summarize, the following deadlines and page limits apply to the Merits Defendants' dispositive motions:

- The Merits Defendants' opening briefs are due by April 15, 2026. Each Defendant (MWL, IIRO, and WAMY) is limited to 65 pages in one brief, but the Defendants can consolidate.

- The Plaintiffs' opposition briefs are due by August 17, 2026. Each opposition brief is limited to 65 pages but can be consolidated.

- The Merits Defendants' reply briefs are due by October 16, 2026. Each Defendant (MWL, IIRO, and WAMY) is limited to 40 pages in one brief, but the Defendants can consolidate.

## CONCLUSION

The Court adopts the parties' proposed deadline of February 20, 2026, for the Plaintiffs' averments for the Jurisdictional Defendants, with the additional requirements described above. By March 20, 2026, the parties must file a joint letter with their proposals for the Jurisdictional Defendants' dispositive motions. The Court also establishes the above deadlines and page limits for the Merits Defendants' dispositive motions.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   December 9, 2025
         New York, New York

3