**Kristen Breitweiser**
**Plaintiff, MDL 1570**

December 10, 2025

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Request for Administrative Relief Under FRCP 83(b) and 28 U.S.C. § 455(a) — In re Terrorist Attacks on September 11, 2001, 03-MDL-1570 (GBD)(SN)**

**The undersigned Plaintiffs respectfully submit the accompanying letter as a *Request for Administrative Relief* pursuant to the Court's authority under Federal Rule of Civil Procedure 83(b), its inherent supervisory responsibility over proceedings within MDL 1570, and the statutory obligation under 28 U.S.C. § 455(a) to consider matters that may implicate the appearance of impartiality. Because this submission concerns the administration and integrity of the judicial process—including issues relating to the participation of a United States Magistrate Judge—and does not seek to advance litigation strategy or circumvent counsel, we respectfully request that the Court direct the Clerk to place this letter on the public docket so that all Plaintiffs in this MDL may be informed of these concerns.**

Dear Judge Daniels:

We write in our capacity as plaintiffs in the September 11 litigation and as the direct heirs of someone who was killed on September 11, 2001. We submit this correspondence not as a motion, but simply to share concerns that we believe the Court may wish to be aware of.

We respectfully submit this letter to raise concerns that directly affect the fairness, transparency, and structural integrity of this MDL, as well as the rights of thousands of 9/11 widows and children whose ability to obtain compensation depends upon the sound administration of these proceedings.

Plaintiffs have never been provided an opportunity to be fully heard regarding the choice of governing law, the structure of solatium damages, the inclusion of additional plaintiff categories, or the frameworks that govern compensation. These decisions, which profoundly shape the rights and recoveries of the September 11 heirs, were made in some instances without full disclosure, fair notice and/or participation from the families they affect. We respectfully submit these concerns in the spirit of assisting the Court in its ongoing supervisory role to ensure the fairness and integrity of MDL 1570 for all plaintiff groups.

These concerns fall into three areas:
(1) the need for an independent review of the solatium-damages framework;
(2) the need for independent conflicts counsel;
(3) the need for structural representation through a Plaintiffs' Steering Committee.

All three issues are interrelated.

## 1. Request for the Court to Consider a New, Independent Review of Solatium and other Damages

We recently discovered a letter reflecting Magistrate Judge Sarah Netburn's prior professional advocacy for amendments to the Foreign Sovereign Immunities Act (FSIA) in 2008, specifically to expand the availability of solatium damages to non-heirs in terrorism cases. Her work was entirely lawful and well-intentioned; however, because these same principles now govern the damages framework in this MDL, we believe her prior advocacy creates a reasonable question under 28 U.S.C. § 455(a) regarding the appearance of impartiality. Our concern is not with any individual judicial officer, but with protecting public confidence in the neutrality of MDL procedures.

This concern is heightened by Congress's original legislative intent in the ATSSSA, which expressly grounded September 11 litigation concerning the two crashes in NYC under New York law so as to limit liability.

Congress chose New York's wrongful-death framework for the two crashes at the Twin Towers because it is predictable, equitable, and deeply rooted in the traditional hierarchy of loss, with spouses and dependent children recognized as the primary beneficiaries. The current use of FSIA (or "federal common law") which diverges from these principles and yields outcomes unrelated to New York wrongful-death law while creating outcomes that grossly expand liability, appears inconsistent with the original congressional intent for 9/11 litigation.

The Court's application of FSIA-based solatium multipliers (for those injured and/or killed at the WTC) rather than New York law, despite the ATSSSA's directive, has had profound consequences.

One such consequence is the large and growing disparity between solatium awards and the pain-and-suffering valuations assigned to the individuals who were killed at the WTC. In many cases, solatium awards have been set higher than the decedents' own pain-and-suffering damages (set at $2 million), a result inconsistent with wrongful-death principles and established case law.

In addition, pain-and-suffering awards for inhalation-injury plaintiffs—who were not killed on September 11—have reached $5 million, $8 million, and $12 million, in some cases five to six times higher than the pain-and-suffering values assigned to the decedents (that the Court set at $2 million). These disparities raise concern that the interests of the direct heirs may not be fully or independently protected.

For these reasons, we respectfully ask the Court to consider directing a new, independent review or hearing before a different judicial officer to reassess the solatium-damages structure as it applies to all Plaintiff classes in the 9/11 MDL, especially while the MDL is paused pending the Saudi appeal.

## 2. Request for the Court to Consider Appointing Independent Conflicts Counsel for 9/11 Heirs

This MDL includes a wide array of plaintiff categories with divergent and often competing interests, including:
• Direct 9/11 heirs (spouses and dependent children)
• Estates with derivative claims
• Non-dependent relatives asserting solatium claims
• Inhalation-injury plaintiffs
• More than 12,900 plaintiffs reportedly represented by leadership firms seeking payment through the USVSSTF
• Plaintiffs in other terrorism-related litigation involving enforcement/turnover proceedings

These overlapping representations create structural conflicts of interest, because the success or expansion of one group directly reduces the recovery available to another—particularly in the context of the USVSSTF, a limited-assets fund.

### A. Conflicts amplified by the FSIA vs. New York law issue

The use of FSIA — the statutory framework Magistrate Judge Netburn advocated expanding while in private practice representing Pan Am Lockerbie "survivors" in 2008 — instead of New York law has:
• expanded solatium eligibility,
• inflated non-heir multipliers,
• enlarged the total claimant pool.

Various law firms representing all categories simultaneously may be incentivized to advance positions that favor some clients while disadvantaging others — particularly the heirs.

### B. Conflicts involving inhalation-injury plaintiffs

Many of the same firms represent inhalation-injury plaintiffs, whose claims raise:
• statute-of-limitations concerns,
• unresolved questions of proximate causation,
• evidentiary challenges due to recently reported missing FDNY toxin-exposure records.

Despite these concerns, these plaintiffs have received pain-and-suffering awards up to $12 million, far exceeding those for the decedents (set at $2 million). This suggests the heirs' interests may not be independently protected.

### C. Legal authority supporting appointment of conflicts counsel

Federal courts have long exercised inherent authority to appoint independent conflicts counsel where divergent plaintiff interests prevent fair representation. This authority is recognized in:
- *In re Zyprexa Prods. Liab. Litig.*
- *In re Payment Card Interchange Fee Antitrust Litig.*
- *In re NFL Concussion Litig.*
- *Amchem Prods., Inc. v. Windsor*

These cases establish that when plaintiff groups have fundamentally conflicting interests — as is now true here — separate representation is appropriate and necessary to ensure fairness.

### D. Financial harm to widows and children in the USVSSTF

The Court's damages decisions directly affect the ability of the 9/11 widows and children to obtain compensation from the United States Victims of State Sponsored Terrorism Fund (USVSSTF) — the only compensation mechanism available to many of us.

Because the USVSSTF is a limited-assets fund, each expansion of eligibility and each inflation of damages awards reduces what remains for the spouses and dependent children of those who were killed. Many widows and children have already experienced significant reductions in expected compensation as increasingly diverse plaintiff groups and inflated awards are added to the Fund.

We also wish to note that many widows/widowers and children feel unheard or unable to raise these issues, often because they believe their own counsel cannot or will not present concerns that may conflict with firm-wide strategies. This structural silence underscores the need for independent conflicts counsel.

For these reasons, we respectfully ask the Court to consider appointing independent conflicts counsel, paid for by the various firms whose overlapping representations have created these conflicts.

## 3. Request for the Court to Consider a New Review of Inhalation-Injury Eligibility for Iran Judgments

Given unresolved issues of proximate causation, statute of limitations, missing toxin-exposure records, and unusually elevated pain-and-suffering awards, we respectfully ask the Court to consider an independent review of:
- whether inhalation-injury claims satisfy statutory and evidentiary requirements;
- whether these should be separated from wrongful-death heirs;
- whether their inclusion disproportionately harms heirs within the USVSSTF.

## 4. Request for the Court to Consider Establishing a 9/11 Plaintiffs' Steering Committee

Many mass-tort and terrorism cases — including the Pan Am 103 Lockerbie litigation — use Plaintiffs' Steering Committees with victim representation. After nearly twenty-four years, the 9/11 families have never had such structured representation, though every major decision in this MDL profoundly affects them.

A Plaintiffs' Steering Committee would provide:
• transparency,
• oversight,
• a formal avenue for family input,
• a structural remedy to persistent intra-plaintiff conflicts.

## Conclusion

We respectfully acknowledge that the Court maintains broad supervisory authority to ensure fairness, adequate representation, and the integrity of these proceedings. We raise these concerns with the hope that the voices of the families — especially widows/widowers and dependent children — may be meaningfully heard as this litigation enters its twenty-fourth year, and as we approach the 25th anniversary of this nation's worst terrorist attack.

The September 11 families have pursued justice for nearly one quarter of a century with dignity and enduring trust in the Court. We are grateful for the Court's time, attention, and consideration of these matters.

Respectfully submitted,

Kristen Breitweiser
Caroline Breitweiser

Patricia Ryan
Laura Ryan
Colin Ryan
Kristen Ryan

Marie Halloran
Jake Halloran
Kieran Halloran
Declan Halloran
Phelan Halloran
Conor Halloran

Jacqui Fackovec Eaton-Garland

Nancy Fox
Greg Fox

Amanda Ogilby
Jessica Cashman

Claudette Scheffold
Joan Scheffold

Kim Stiefel
Karen Onorio
Theresa Giammona

Madeline Bergin-Koenig
Katie Bergin
John Bergin
Shannon Bergin

Irene Dickey
Joseph Dickey
Elizabeth Dickey

Lauren Rodriguez

Una Hinchcliffe McHugh
Sophia McHugh
Chloe McHugh
Joseph McHugh

Patrick Sullivan
Sean Sullivan

Andrea Garbarini
Dylan Garbarini
Philip Garbarini

Jean Fischer
Timothy Fischer
Laura Nemeth

Mike Zinkofsky

Julie McMahon

Dolores Neufeld Sullivan

Kathy Maher

Cathy McShane
Aidan McShane
Colin McShane
Sean McShane

Liz Sweeney Gardner

Susan King Munhall
Lauren Munhall

Patricia Kellett
Cameron Kellett
Julie Anne Kellett-Beers

Teresa Cunningham
Liam Cunningham

Chiemi York

Colleen Casey Spor
Joseph Spor
Shannon Spor
Caitlin Maire Spor

Rachel O'Brien Bernardy

Kathy Wiznewski
Matt Wiznewski

Lauren Fletcher

Kaitlynn DeSantis

Joanne Meisenheimer Sasso

Dara Seaman

Allison Wallice
John Wallice III
Christian Wallice
Patrick Wallice

Debra Rosenberg Zeplin
Ryan Zeplin
Ethan Zeplin

Patricia Casazza
John Casazza

Eileen Keys Hoey

Maura Coughlin-Roberti
Ryann Coughlin
Sean Coughlin
Riley Coughlin

Cynthia Campbell
Christopher Campbell
Timothy Campbell

Andrea Ricciardella O'Hagan
Patrick O'Hagan
Pierce O'Hagan

Cathy Pepe
Sal Pepe

Katherine A. Soulas
Timothy P. Soulas Jr.
Andrew Soulas
Christopher Soulas
Matthew Soulas
Nicole Soulas
Daniel Soulas

Deborah Temple

Thomas Roberts
Paulette Roberts
Lisa Roberts
Ken Roberts

Beth Wotruba Mahon
Shay Mahon

Kathleen Vigiano
Joseph Vigiano
James Vigiano
John Vigiano

Eileen Hanniford
Kevin Hanniford
Patrick Hanniford

Eslyn Hernandez

Kevin Smith
Rhonda Christopher Smith

Linda Dickinson Pancila
Erin Dickinson
Patrick Dickinson

Jodie Shorr Sherer