Kristen Breitweiser
Plaintiff, MDL 1570

December 23, 2025

The Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Administrative Request Concerning MDL Oversight and Judicial Process Integrity

**The undersigned respectfully submits this letter as a request for administrative relief pursuant to the Court's inherent supervisory authority, Federal Rule of Civil Procedure 83(b), and 28 U.S.C. § 455(a). This submission concerns the administration and integrity of the judicial process and does not seek merits relief or advance litigation strategy. The undersigned respectfully requests that the letter be placed on the public docket so that all Plaintiffs in this MDL may be informed of the matters raised.**

Dear Judge Daniels:

I write to clarify the scope and purpose of the December 10, 2025 non-motion letter (ECF No. 11426), in light of the Plaintiffs' Executive Committee's correspondence filed on December 22, 2025 (ECF No. 11439), which reflects a misunderstanding of the nature of the request. Although the letter was submitted under my name, it reflected concerns shared by multiple 9/11 widows and children who asked that these administrative issues be brought to the Court's attention.

The December 10 letter did not seek legal relief, reconsideration of prior merits rulings, or re-litigation of issues previously adjudicated by this Court or reviewed on appeal. Nor did it raise arguments previously presented by my counsel. Rather, the letter sought the Court's administrative and supervisory consideration of matters that are new, distinct, and independent of prior legal determinations.

Specifically, the letter requested the Court's consideration of the following administrative safeguards:

1. Whether a new hearing on solatium damages is warranted, in light of subsequently surfaced information bearing on the appearance of impartiality in prior proceedings;

2. Whether appointment of conflicts counsel is appropriate to ensure adequate and un-conflicted representation of 9/11 widows and children, given the structural and financial divergences among plaintiff subgroups; and

3. Whether creation of a victim steering committee would assist the Court in addressing subclass-specific concerns in the ongoing administration of this MDL.

These requests arise from information and circumstances not previously before the Court, were not raised by my counsel, and fall squarely within the Court's inherent authority to supervise MDL proceedings and safeguard the integrity and public confidence of the judicial process. They do not depend upon, nor seek to disturb, prior rulings on choice of law, solatium frameworks, or appellate outcomes. It may be helpful to note, however, that the solatium damages structure adopted by the Court has not been reviewed by any appellate court. Because of the MDL's procedural posture, prior petitions for review—including interlocutory appeal, mandamus, and certiorari—were dismissed as premature, without a hearing on the merits.

With respect to the appearance-of-impropriety issue referenced in the December 10 letter, I emphasize that the concern is institutional and prospective, not accusatory. It does not allege misconduct, bias, or wrongdoing. Rather, it reflects the settled principle that judicial proceedings must not only be fair, but must appear fair[1]—particularly where newly revealed information could reasonably call prior processes into question in the eyes of litigants and the public. This issue was not previously litigated, waived, or adjudicated, and therefore cannot be dismissed as duplicative of earlier merits arguments.

The appearance concern is further informed by prior terrorism-related legislative advocacy concerning the enactment of 28 U.S.C. § 1605A, and by the subsequent litigation use of that statutory change to pursue expanded remedies, including solatium damages. The attached materials are submitted solely for contextual completeness and to ensure an accurate understanding of the basis for the appearance issue.

Given the length, complexity, and gravity of this MDL, and the ordinary consultative role magistrate judges may play in case administration, I believed it necessary to raise these matters directly and transparently with the Article III Court, rather than permit them to be framed or resolved indirectly or implicitly.

I submit this clarification to ensure the Court has an accurate understanding of the administrative nature of the request. I recognize the limits of my role as a plaintiff and do not seek to engage in litigation strategy or re-argue settled issues. However, I do respectfully ask the Court to consider whether the interests of fairness, independence, and integrity might now warrant:

1. A new hearing on solatium damages before a judicial officer unconnected to any appearance-related concerns raised here;

2. The appointment of conflicts counsel to ensure that structurally divergent plaintiff groups receive un-conflicted representation; and

3. The creation of a victim steering committee to provide the Court with direct input from those most affected.

---

[1] *See* 28 U.S.C. § 455(a).

These requests are grounded in good faith concern about the long-term fairness and transparency of the MDL process. I respectfully defer to the Court as to whether any inquiry, clarification, or further administrative steps may be appropriate.

**Respectfully submitted,**
Kristen Breitweiser
Plaintiff, 03-MD-1570
kdianbreit@aol.com

**Attachments:**
**Exhibit A** — Emery Celli Brinckerhoff & Abady LLP Letter (2024)
(Public correspondence confirming Judge Sarah Netburn's prior professional affiliation with Emery Celli and the firm's involvement in terrorism-related legislative advocacy concerning amendments to the Foreign Sovereign Immunities Act.)
**Exhibit B** — Declaration of Sarah Netburn
*Hurst v. Socialist People's Libyan Arab Jamahiriya*