AIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001<br><br>This document relates to:<br><br>*Desimone, et al. v. The Islamic Republic of Iran, Case No. 21-cv-07679(GBD)(SN)* | Case No. 1:03-md-01570 (GBD)(SN) |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND

The Plaintiff identified in Exhibit A to Plaintiffs' Notice of Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a)(2) respectfully moves the Court for leave to amend Plaintiffs' Complaint to reinstate the claim of Plaintiff, Alexandria Desimone, which was voluntarily dismissed without prejudice on May 28, 2024 (ECF 9836).[1]  Plaintiff was named in the appendix to the original *Desimone* Iran Short Form Complaint and this motion does not add any additional parties, but seeks only to amend to reinstate the claim asserted on behalf of the Plaintiff based on a 2025 decision handed down by the District of Columbia Circuit Court of Appeals in *K.E.F.V. v. Islamic Republic of Iran,* 135 F. 4th 988 (D.C. Cir. 2025).

**PROCEDURAL BACKGROUND**

The Plaintiffs filed their Iran Short Form Complaint in this litigation on September 27, 2021, *Desimone, et al. v. The Islamic Republic of Iran,* 21-cv-07679 (GBD)(SN) (ECF No. 4). Therein Plaintiffs incorporated by reference the specific allegations asserted in *Federal*

---

[1] Unless indicated differently, citations to ECF Nos. are to the docket in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570 (GBD)(SN).

*Insurance* and *Ashton Plaintiffs'* Amended Consolidated Complaint (ECF No. 3237). The allegations of the *Desimone* Iran Short Form Complaint, assert that "[p]laintiff is entitled to recover damages on the causes of action set forth in the complaint" including those available to "the surviving immediate family member of someone who was killed as a result of the September 11, 2001 Terrorist Attacks. . . ." *Desimone, et al. v. The Islamic Republic of Iran,* 21-cv-07679 (GBD)(SN) (ECF No. 4 at 4).

Plaintiff, Alexandria Desimone, is the daughter of Commander Patrick Dunn, a naval officer killed in the 9/11 Attack on the Pentagon. Plaintiff was born March 15, 2002, six months after the attack. This Court, following a line of cases from the District Court for the District of Columbia, has yet to award solatium damages to children of victims born after the 9/11 Attacks. *See* Mar. 3, 2023 R&R at 11 (ECF No. 8901), *adopted at* Aug. 9, 2023 Mem. Decision and Order, (ECF No. 9274). (citing *Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7 (D.D.C. 2012). In its Report and Recommendation, the Court explained, "[c]ourts that have considered similar plaintiffs have concluded that terrorist acts are not directed at family members who lacked a relationship with the victim at the time of the attack. In Davis, for example, the district court dismissed solatium claims of children who were born after their fathers were injured in a terrorist attack because it would create "a potentially unlimited class," which could "remain open for decades after a terrorist attack." *Id* at 14. Taking this into account, plaintiff's claim was voluntarily dismissed without prejudice in May, 2024 (ECF 9836).

In April 2025, the District of Columbia Circuit Court of Appeals reversed a D. C. District Court decision that had dismissed the claim of the victim's daughter who was born two months after the attack that killed her father. *K.E.F.V.* at 996. The Circuit Court found the concern in Davis of creating a "potentially unlimited class" of plaintiffs was "mitigated by limiting recovery

to plaintiffs who are in utero at the time of a terrorist attack and born later." *Id.* The Court found no rational reason "why recovery should depend on the mere happenstance of being in utero or ex utero at the time of the … attack." *Id.* In view of the decision in *K.E.F.V.,* Plaintiff, Alexandria Desimone, requests leave to amend so she may have the opportunity to present her claim for solatium damages as originally pleaded in her Iran Short Form Complaint for the Court's consideration.

**AMENDMENT TO PLEADINGS**

The Federal Rules of Civil procedure provide that, for amendments made before trial but outside the provisions of 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment, or futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962); see also *Morris v. Fordham Univ.*, 2004 WL 906248 at *20 (S.D.N.Y. Apr. 28, 2004). Ultimately, whether to allow amendment to a Complaint is a matter within the court's discretion and should be determined so as "to secure the just, speedy, and inexpensive determination of each action." *Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161,1169 (S.D.N.Y.) (citing *Foman* at 182).

The Plaintiff herein seeks leave to amend Appendix 1 to the Iran Short Form Complaint to reinstate her claim voluntarily dismissed without prejudice. The Defendant, which has not answered the Complaint or otherwise appeared in this case, will not be unduly prejudiced if the proposed amendment is granted. The underlying facts and circumstances, as well as the legal theories set forth in the Complaint will remain unchanged. The type of prejudice that warrants

the denial of leave to amend a complaint is "usually such that it puts a defendant at an unfair disadvantage." *In re Osage Exploration Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984). The increased liability that the Defendant may be exposed to, if any, by the proposed amendment "is not the type of prejudice that warrant[s] denial of leave to amend the complaint." *Id*.; See also, *In re Nasdaq Market-Makers Antitrust Litig.*, 1997 WL 805062, at 7* (S.D.N.Y. Dec. 3, 1997) ("The issue, rather, is legal prejudice, not the magnitude of the Defendant's potential liability.").

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' leave to amend the Complaint; pursuant to Rule 15(a)(2), to reinstate the solatium claim asserted in Allegation 2 of Appendix 1 to the *Desimone* Iran Short Form Complaint as set forth in Exhibit A to Plaintiffs' Notice of Motion to Amend.

Respectfully submitted,

/s/ Robert Keith Morgan
Robert Keith Morgan
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: 540-672-4224
Fax: 540-672-3055
kmorgan@millerfirmllc.com