UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | : | MOTION TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. § 1610(c) |
| | : | |
| | : | |
| | : | 03 MDL 1570 (GBD) (FM) |
| | : | |

------------------------------------------------------------------x

This Document Relates to:
*Hoglan, et al. v. Iran, et al.*
1:11-cv-07550 (GBD)(SN)

      The *Hoglan* Plaintiffs, through counsel, hereby respectfully submit this Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on approximately 127,271 Bitcoin and all proceeds traceable thereto (the "Bitcoin Assets"), and in support thereof, aver the following:

      1.     The *Hoglan* Plaintiffs have a valid, unsatisfied judgment against Defendants including Iran.

      2.     The *Hoglan* Defendants, including Iran, received sufficient notice of the *Hoglan* judgment and a reasonable period of time has passed.

      3.     The Bitcoin Assets are assets of an agency or instrumentality of Iran, formerly belonging to Judgment Debtors of the *Hoglan* Creditors and currently held by the U.S. Government.

      4.     The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

5. On March 19, 2020, the *Hoglan* Plaintiffs were previously granted a general Order to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) after this Court determined that a reasonable period of time had elapsed following the entry of judgment and the giving of any notice required under 28 U.S.C. § 1608(e). (*Hoglan* Doc. No. 325; MDL Doc. No. 6092). The *Hoglan* Plaintiffs' original Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) was filed on February 28, 2020 (*Hoglan* Doc. No. 321; MDL Doc. No. 6021), as was the Memorandum of Law in Support thereof, also dated February 28, 2020 (*Hoglan* Doc. No. 322; MDL Doc. No. 6022) ("2020 1610(c) Memo")).

6. In April of 2020, the *Hoglan* Plaintiffs moved for, and were granted, an Order to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) regarding specific assets held by Clearstream through its office in this district. See Motion, dated April 3, 2020, *Hoglan* Doc. No. 329, MDL Doc. No. 6119; Memorandum of Law in Support, dated April 3, 2020, *Hoglan* Doc. No. 330, MDL Doc. No. 6121; Declaration in Support, dated April 3, 2020, *Hoglan* Doc. No. 330, MDL Doc. No. 6120; Memorandum of Law in Support, dated April 3, 2020, *Hoglan* Doc. No. 331, MDL Doc. No. 6121; Supplemental Memorandum of Law in Support, dated April 6, 2020, *Hoglan* Doc. No. 332; MDL Doc. Nos. 6126; Order, dated April 7, 2020: *Hoglan* Doc. Nos. 333 and 334; MDL Doc. Nos. 6129, 6133.

7. Plaintiffs now seek an order to permit attachment and execution pursuant to 28 U.S.C. § 1610(c) on the Bitcoin Assets formerly belonging to Judgment Debtors of the *Hoglan* Creditors and currently held by the U.S. Government, and all proceeds traceable thereto.

7. As of the date of this Motion, almost eight years have elapsed since the entry of Final Judgment, approximately seven years have elapsed from the service of the Final Judgment, more than five years have elapsed since the Court's previous determination that "a reasonable

2

period of time had elapsed." Therefore, a "reasonable period of time has elapsed following the entry of judgment" and notice to the Judgment Debtor Defendants of the Final Judgment.

8. Notwithstanding actual notice of the Final Judgment, and the passing of a more than reasonable amount of time to make payment, the Judgment Debtor Defendants have neither appeared in this proceeding nor made any effort to satisfy their obligations under the Final Judgment. To the contrary, the Judgment Debtor Defendants are actively seeking to evade their obligation to satisfy the Final Judgment.

9. The Judgment Debtor Defendants have been allowed more than sufficient time, notice, and opportunity to take steps to pay the Final Judgment. Consequently, the *Hoglan* Plaintiffs have fulfilled § 1610(c)'s purpose to provide the Judgment Debtor Defendants with a final opportunity to satisfy the Final Judgment before further involuntary execution proceedings begin.

10. Because the *Hoglan* Plaintiffs have served the Iranian Defendants in conformity with FSIA Section 1608 and because more than a reasonable time has now passed since the Iranian Defendants were served, the Court should enter an Order pursuant to FSIA Section 1610(c) permitting the *Hoglan* Plaintiffs to commence execution proceedings against the Bitcoin Assets.

**WHEREFORE,** the *Hoglan Plaintiffs* respectfully request that this Honorable Court enter the attached proposed order finding, pursuant to 28 U.S.C. § 1610(c), that a reasonable period of time has elapsed following the entry of Judgment and service of the Judgment and enter an Order GRANTING the *Hoglan* Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: January 19, 2026 | /s/ Timothy B. Fleming |

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, PLLC
2202 18th Street, NW, #110
Washington, DC  20009-1813
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC   (*Lead Counsel*)
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
951 N. Delaware St.
Indianapolis, IN 46202
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the* Hoglan *Plaintiffs***