**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

                                          :       MEMORANDUM OF LAW

                                          :       IN SUPPORT OF PLAINTIFFS'
                                                  MOTION TO PERMIT
                                          :       ATTACHMENT AND
                                                  EXECUTION PURSUANT
                                          :       TO 28 U.S.C. § 1610(c)

                                          :       03 MDL 1570 (GBD)(FM)
------------------------------------------------------------------x

This Document Relates to:
*Hoglan, et al. v. Iran, et al.*
1:11-cv-07550 (GBD)(SN)

      The *Hoglan* Plaintiffs, through counsel, hereby respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on approximately 127,271 Bitcoin currently held by the U.S. Government, and all proceeds traceable thereto ("Bitcoin Assets"). The *Hoglan* Plaintiffs have a valid, unsatisfied judgment against Iran. Defendants, including Iran, received sufficient notice of the judgment and a reasonable period of time has passed.

      The Bitcoin Assets are assets of an agency or instrumentality of Iran. The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

      On March 19, 2020, the *Hoglan* Plaintiffs were previously granted a general Order to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) after this Court determined that a reasonable period of time had elapsed following the entry of judgment and the giving of any notice required under 28 U.S.C. § 1608(e). (*Hoglan* Doc. No. 325; MDL Doc. No. 6092).

The *Hoglan* Plaintiffs' original Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) was filed on February 28, 2020 (*Hoglan* Doc. No. 321; MDL Doc. No. 6021), as was the Memorandum of Law in Support thereof, also dated February 28, 2020 (*Hoglan* Doc. No. 322; MDL Doc. No. 6022) ("2020 1610(c) Memo").

In April of 2020, the *Hoglan* Plaintiffs moved for, and were granted, an Order to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) regarding specific assets held by Clearstream through its office in this district.  See Motion, dated April 3, 2020, *Hoglan* Doc. No. 329, MDL Doc. No. 6119; Memorandum of Law in Support, dated April 3, 2020, *Hoglan* Doc. No. 330, MDL Doc. No. 6121; Declaration in Support, dated April 3, 2020, *Hoglan* Doc. No. 330, MDL Doc. No. 6120; Memorandum of Law in Support, dated April 3, 2020, *Hoglan* Doc. No. 331, MDL Doc. No. 6121; Supplemental Memorandum of Law in Support, dated April 6, 2020, *Hoglan* Doc. No. 332; MDL Doc. Nos. 6126; Order, dated April 7, 2020: *Hoglan* Doc. Nos. 333 and 334; MDL Doc. Nos. 6129, 6133.

Plaintiffs now seek an order to permit attachment and execution pursuant to 28 U.S.C. § 1610(c) on the Bitcoin Assets formerly belonging to Judgment Debtors of the *Hoglan* Creditors and currently held by the U.S. Government, and all proceeds traceable thereto.

## PROCEDURAL HISTORY

The *Hoglan* Plaintiffs are legal representatives of the estates of victims who died in the terrorist attacks on the World Trade Center Towers in New York City on September 11, 2001, or family members of such victims, or the legal representatives of the estates of such family members.  Each holds a judgment against the Islamic Republic of Iran, two individual Iranian state leaders, and thirteen of Iran's political subdivisions, agencies or instrumentalities.

In    this motion, as they did in their prior § 1610(c) motions, the *Hoglan* Plaintiffs seek to enforce their Final Judgment against assets belonging to Judgment Defendants the Islamic Republic of Iran, Ayatollah Ali Hoseini Khamenei, Ali Akbar Rafsanjani, Iran's Ministry of Information and Security, Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, Iran's Ministry of Defense and Armed Forces Logistics, Central Bank of Iran, *a.k.a.* Bank Markazi, National Iranian Petrochemical Company, National Iranian Oil Company, National Iranian Tanker Company, National Iranian Gas Company, Iran Air, and Hezbollah (collectively, the "Judgment Debtor Defendants").

On October 31, 2016, the Court entered a partial Final Order and Judgment (the "Final Judgment") *(Hoglan* Doc. No. 178, 179). On February 26, 2018, the Court restated the judgment as a Final Order and Judgment On Compensatory Damages. (*Hoglan* Doc. No. 241. As required by 28 U.S.C. § 1608(e), the *Hoglan* Plaintiffs served the Final Judgment on the Judgment Debtor Defendants by diplomatic service on October 18, 2018 and July 17, 2019. *See* Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) (*Hoglan* Doc. Nos. 321, 322, MDL Doc. No. 6021, 6022) (establishing proof of service in compliance with § 1608(e)). After reviewing the prior Motion to Permit Attachment and Execution, this Court determined both that the Final Judgment had been validly served on the Judgment Debtor Defendants and that a "reasonable period of time" had elapsed since service of the Final Judgment. Order dated March 19, 2020, MDL Doc. No. 6092). There is no doubt that the Judgment Debtor Defendants have actual notice of the *Hoglan* Final Judgment.

This Court has adjudged <u>all</u> of the *Hoglan* Defendants to be the legal equivalent of Iran for purposes liability under the state sponsor of terrorism exception to sovereign immunity

codified at 28 U.S.C. § 1605A. The Conclusions of Law entered in this matter by this Court on

August 31, 2015 included the following paragraphs:

> 32. Under the FSIA, "a 'foreign state'... includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state" as defined in the FSIA. 28 U.S.C. § 1603(a). The FSIA defines the term "agency or instrumentality of a foreign state" as any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of . . . the United States . . . nor created under the laws of any third country. 28 U.S.C. § 1603(b)(1)-(3); *see Estate of Heiser, et al. v. Islamic Republic of Iran*, No. 00-cv-2329 (RCL), Consolidated With No. 01-cv-2104 (RCL) (D.D.C. August 10, 2011). Accordingly, Iran's Ministry of Information and Security, the Islamic Revolutionary Guard Corps, Iran's Ministry of Petroleum, Iran's Ministry of Economic Affairs and Finance, Iran's Ministry of Commerce, and Iran's Ministry of Defense and Armed Forces Logistics, which are all political subdivisions of Defendant Iran, are all legally identical to Defendant Iran for purposes liability under the FSIA.

> 33. Further, **Defendants Hizballah, the National Iranian Tanker Corporation, the National Iranian Oil Corporation, the National Iranian Gas Company, Iran Airlines, the National Iranian Petrochemical Company**, and the Central Bank of the Islamic Republic of Iran, **at all relevant times acted as agents or instrumentalities of Defendant Iran. Each of these defendants is subject to liability under as agents of Iran under § 1606A(c) of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.

> 34. The two Iranian individuals, **Defendant Ayatollah Ali-Hoseini Khamenei and Ali Akbar Hashemi Rafsanjani, each are an "official, employee, or agent of [Iran] . . . acting with the scope of his or her office, employment, or agency" and therefore, Khamenei and Rafsanjani are legal equivalent to Defendant Iran for purposes of the FSIA which authorizes against a cause of action against them to the same extent as it does a cause of action against the "foreign state that is or was a state sponsor of terrorism" itself. 28 U.S.C. § 1605A(c). Each of these defendants is subject to liability under as agents and officials of Iran under § 1606A(c) of the FSIA** and as co-conspirators, aiders and abetters under the ATCA.

> 35. **Iran is liable for damages caused by the acts of all agency and instrumentality Defendants because "[i]n any such action, a foreign state shall be vicariously liable for the acts of its officials, employees, or agents." *Id.* 28 U.S.C. § 1605A(c).**

*See* Findings of Fact and Conclusions of Law, entered by Judge George B. Daniels on August

31, 2015 (*Hoglan* Docket No. 111), ¶¶ 32-5. (*emphases added*). *See also, Havlish, et al. v. bin*

*Laden, et al.*, 1:03-cv-9848 (GBD)(FM), *Hoglan* Doc. No. 376; MDL Doc. No. 2689.[1]

---

[1] For the purposes of diplomatic service of legal documents through pursuant to 28 U.S.C. § 1608(a)(4) and § 1608(b)(3)(A), the United States Department of State considers eight *Hoglan* Defendants to be "agencies and

## THE MATERIALS SENT TO ALL DEFENDANTS BY THE *HOGLAN* PLAINTIFFS

All sixteen (16) *Hoglan* Defendants were required to be served with the final judgment papers, in both English and Farsi. The following documents were served by the *Hoglan* Plaintiffs on all the *Hoglan* Defendants, together with Farsi translations of each document and certificates of translation (collectively, the "*Hoglan* Judgment Documents"):

1. Cover Letter to Mohammad Javad Zarif, then-Foreign Minister of the Islamic Republic of Iran;

2. U.S. Dist. Court for the Southern District of N.Y. Clerk's Certificate of Default, dated March 17, 2015 (*Hoglan* Doc. No. 89, MDL Doc. No. 2936);

3. Notice of Default Judgment prepared in accordance with 22 CFR § 93.2;

4. Order of Judgment Regarding Liability entered by Judge George B. Daniels on August 31, 2015 (*Hoglan* Doc. No. 112; MDL Doc. No. 3027);

5. Findings of Fact and Conclusions of Law entered by Judge George B. Daniels on August 31, 2015 (*Hoglan* Doc. No. 111, MDL Doc. No. 3019);

6. Report and Recommendation #1 by Magistrate Judge Sarah Netburn, dated October 12, 2016 (*Hoglan* Doc. No. 171, MDL Doc. No. 3358);

7. Report and Recommendation #2 by Magistrate Judge Sarah Netburn, dated October 14, 2016 (*Hoglan* Doc. No. 172, MDL Doc. No. 3363);

---

instrumentalities" of the government of Iran. Therefore, the Court was to issue letters rogatory under 28 U.S.C. § 1608(b)(3)(A) for the Department of State to assist with service upon the following *Hoglan* Defendants: (1) Ayatollah Ali Hoseini-Khamenei; (2) Ali Akbar Hashemi Rafsanjani; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Company; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and (8) Hezbollah.

8.  Report and Recommendation #3 by Magistrate Judge Sarah Netburn, dated October 24, 2016 (MDL Doc. No. 3374);

9.  Partial Order and Judgment entered by Judge George B. Daniels on October 31, 2016 (*Hoglan* Doc. No. 178, MDL Doc. No. 3382);

10. Memorandum Decision and Order entered by Judge George B. Daniels on October 31, 2016 (MDL Doc. No. 3383);

11. Memorandum Decision and Order entered by Judge George B. Daniels on October 31, 2016 (*Hoglan* Doc. No. 178, MDL Doc. No. 3384);

12. Memorandum Decision and Order entered by Judge George B. Daniels on June 21, 2017 (*Hoglan* Doc. No. 217, MDL Doc. No. 3633);

13. Report and Recommendation #4 by Magistrate Judge Sarah Netburn, dated August 8, 2017 (*Hoglan* Doc. No. 219, MDL Doc. No. 3676);

14. Memorandum Decision and Order entered by Judge George B. Daniels on November 17, 2017 (*Hoglan* Doc. No. 228, MDL Doc. No. 3795);

15. Final Order and Judgment on Compensatory Damages entered by Judge George B. Daniels on February 26, 2018 (*Hoglan* Doc. No. 241, MDL Doc. No. 3905);

16. The Foreign Sovereign Immunities Act, 28 U.S.C. §1602, *et seq*.;

17. Right to Appeal Notice; and,

18. Right to Appeal Form.

The SDNY Clerk of the Court, at the *Hoglan* Plaintiffs' request, dispatched packages containing the *Hoglan* Judgment Documents to the Iranian Minister of Foreign Affairs in Tehran, Iran by DHL, return receipt requested. The packages were delivered but rejected. Specifically, on May 22, 2018, counsel for the *Hoglan* Plaintiffs hand-delivered sixteen (16) packages (one for each *Hoglan* Defendant) to the Foreign Mailings Clerk of Court for the Southern District of

New York.  Each package included all of the *Hogla*n Judgment Documents and also included completed DHL Express shipping waybills directing each package to be delivered to the Minister of Foreign Affairs of the Islamic Republic of Iran at the Iranian Ministry of Foreign Affairs in Tehran, Iran.

On May 25, 2018, the SDNY Foreign Mailings Clerk dispatched all sixteen (16) packages of *Hoglan* Judgment Documents to the Defendants in Tehran, Iran, via DHL Express pursuant to 28 U.S.C. § 1608(e) and (a)(3).  (*Hoglan* Doc. Nos. 244-259).  All of the corresponding SDNY Foreign Mailings Clerk Certificates of Mailing collectively were attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibit A.

On or about June 2, 2018, the Iranian Minister of Foreign Affairs refused delivery in Tehran of all sixteen (16) of the above-described DHL Express packages containing the *Hoglan* Judgment Documents.  The *Hoglan* Plaintiffs filed the sixteen (16) certificates of service demonstrating the Iranian Minister of Foreign Affairs refused delivery on the *Hoglan* SDNY docket on July 12, 2018, attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo collectively as Exhibit B.  (*Hoglan* Doc. No. 264; MDL Doc. No. 4048).

### THE *HOGLAN* PLAINTIFFS EFFECTED VALID SERVICE ON EACH DEFENDANT USING THE FOURTH METHOD OF SERVICE AUTHORIZED BY § 1608(e) AND (a)

If plaintiffs are not able to complete service by mail within thirty (30) days, § 1608(a) then authorizes a plaintiff to request that the Clerk of Court dispatch the judgment documents to the U.S. State Department for the purpose of transmitting the papers "through diplomatic channels to the foreign state." 28 U.S.C. §1608(a)(4).  Service is deemed complete "as of the date of transmittal indicated in the certified copy of the diplomatic note" returned by the State Department. 28 U.S.C. § 1608(c).

<u>SERVICE ON THE GOVERNMENT DEFENDANTS</u>

Following Iran's Minister of Foreign Affair's refusal of mail service, counsel for the *Hoglan* Judgment Plaintiffs hand-delivered to the Clerk of the Court eight packages, each containing a complete set of the *Hoglan* Judgment Documents for service through diplomatic channels upon (1) Islamic Republic of Iran; (2) Iran's Ministry of Information and Security; (3) Islamic Revolutionary Guard Corps; (4) Iran's Ministry of Petroleum; (5) Iran's Ministry of Economic Affairs and Finance; (6) Iran's Ministry of Commerce; (7) Iran's Ministry of Defense and Armed Forces Logistics; and, (8) Central Bank of the Islamic Republic of Iran (collectively, the "Government Defendants"), along with eight cashier's checks in the amount of $2,275.00 for each Defendant to be served.

On August 2, 2018, the Clerk of Court dispatched the eight packages containing the *Hoglan* Judgment Documents to the United States Department of State in Washington, D.C. via Federal Express courier pursuant to 28 U.S.C. § 1608(e) and (a)(4). *Hoglan* Doc. Nos. 267-74. All of the corresponding Foreign Mailings Clerk's Certificates of Mailing collectively were attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibit C.

At the request of the U.S. State Department, authorities of the Swiss Confederation (i.e., Switzerland) served the *Hoglan* Judgment Documents on the Government Defendants through diplomatic channels by delivering the documents to Iran's Minister of Foreign Affairs in Tehran, Iran on October 18, 2018. <u>See</u> Exhibit D to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo. Pursuant to 28 U.S.C. § 1608(c), service is deemed complete, valid, and effective as of the date of transmittal. Diplomatic notes confirming such service through diplomatic channels were transmitted by the Swiss to the U.S. State Department in Washington, D.C. and then submitted by the State Department to the Clerk of the Court to establish proof of service in compliance

with 28 U.S.C. § 1608(a)(4) and (c).  See Letter from Mr. Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, SDNY Clerk of Court, dated November 28, 2018, attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo, with paid receipts, as Exhibit D.

The Clerk of the Court acknowledged receipt of the diplomatic notes on December 7, 2018.  Consequently, the eight Government Defendants were properly and validly served on October 18, 2018.

SERVICE ON THE AGENCY AND INSTRUMENTALITY DEFENDANTS

The U.S. State Department requires letters rogatory in order to effect service on agencies, instrumentalities, and individual defendants through diplomatic channels in conformity with 28 U.S.C. §1608(e).  See Letter from State Department, dated January 25, 2013 concerning service of the judgment documents in *Havlish v. bin Laden*, 1:03-md-01570-GBD (S.D.N.Y.), attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibit E.  Given the State Department policy, the *Hoglan* Plaintiffs filed in this Court, on September 18, 2018, a Motion to Request the Issuance of Letters Rogatory so that the remaining eight Defendants could be served through diplomatic channels by the U.S. Department of State.  (*Hoglan* Doc. No. 282; MDL Doc. No. 4184; Memorandum of Law, *Hoglan* Doc. No. 283, MDL Doc. No. 4185.)  The Court granted Plaintiffs' motion by Order dated January 7, 2019 (*Hoglan* Doc. No. 293, MDL Doc. No. 4338; attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibit F), and the letters rogatory, attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibit G, were issued on January 17, 2019.

On January 24, 2019, the *Hoglan* Plaintiffs hand-delivered the *Hoglan* Judgment Documents to the SDNY Clerk of Court to initiate diplomatic service on (1) National Iranian

Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Corporation; (4) National Iranian Petrochemical Company; (5) Iran Airlines; (6) Hezbollah; (7) Ayatollah Ali Khamenei; and, (8) Ali Akbar Hashemi Rafsanjani (collectively, the "Agency and Instrumentality Defendants") in conformity with 28 U.S.C. § 1608(e) and (a)(4), together with eight cashier's checks in the amount of $2,275.00, one for each Agency and Instrumentality Defendant to be served.

The Clerk of Court dispatched the packages containing the *Hoglan* Judgment Documents to the State Department in Washington, D.C., including the required fee of $2,275.00 per Agency and Instrumentality Defendant, via Federal Express pursuant to 28 U.S.C. § 1608(e) and (a)(4). *Hoglan* Doc. Nos. 294-302, MDL Doc. Nos. 4377-4384, dated January 24 and 25, 2019. The corresponding Foreign Mailings Clerk's Certificates of Mailing, collectively, were attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibits H1, H2, and H3.

The *Hoglan* Plaintiffs were subsequently informed by the State Department that it now requires the actual letters rogatory also to be translated into Farsi. Therefore, the *Hoglan* Plaintiffs hand-delivered translated letters rogatory for each Agency and Instrumentality Defendant, along with new certificates of translation, to the Clerk of the Court on May 2, 2019. The Clerk dispatched the translated letters rogatory to the State Department that same day in conformity with 28 U.S.C. § 1608(e) and (a)(4). (*Hoglan* Doc. Nos. 305-12, MDL Doc. Nos. 4513-4520, dated May 8, 2019). The corresponding SDNY Foreign Mailings Clerk Certificates of Mailing, collectively, were attached to the *Hoglan* Plaintiffs' 2020 § 1610(c) Memo as Exhibit I.

On or about July 17, 2019, at the request of the U.S. State Department, the Swiss authorities served the *Hoglan* Judgment Documents on the Agency and Instrumentality

Defendants through diplomatic channels by transmitting them to the Minister of Foreign Affairs of the Islamic Republic of Iran.  The Minister of Foreign Affairs rejected delivery of *Hoglan* Judgment Documents on that same date.  Subsequently, diplomatic notes confirming service through diplomatic channels were transmitted by the Swiss to the U.S. State Department in Washington, D.C.

On August 27, 2019, the State Department submitted to the Clerk of the Court, diplomatic notes establishing service of the *Hoglan* Judgment Documents on the Agency and Instrumentality Defendants. 28 U.S.C. § 1608(c).  Letter from Mr. Jared Hess, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs, United States Department of State, to Ruby J. Krajick, SDNY Clerk of Court, dated August 27, 2019, attached to the *Hoglan* Plaintiffs' 2020 1610(c) Memo as Exhibit J.  The Clerk recorded receipt of the diplomatic notes on the MDL Docket. at Doc. Nos. 5100, 5113-19.  Consequently, the eight Agency and Instrumentality Defendants were properly and validly served on July 17, 2019.

As of the date of this Motion, more than nine years have elapsed since the entry of Final Judgment, approximately seven years have elapsed from the service of the Final Judgment, almost six years have elapsed since the Court's previous determination that "a reasonable period of time had elapsed

Therefore, a "reasonable period of time has elapsed following the entry of judgment" and notice to the Judgment Debtor Defendants of the Final Judgment.  Notwithstanding actual notice of the Final Judgment, and the passing of a more than reasonable amount of time to make payment, the Judgment Debtor Defendants have neither appeared in this proceeding nor made any effort to satisfy their obligations under the Final Judgment.  To the contrary, the Judgment Debtor Defendants are actively seeking to evade their obligation to satisfy the Final Judgment.

## ARGUMENT

The Judgment Debtor Defendants have been allowed more than sufficient time, notice, and opportunity to take steps to pay the Final Judgment. Consequently, the *Hoglan* Plaintiffs have fulfilled § 1610(c)'s purpose to provide the Judgment Debtor Defendants a final opportunity to satisfy the Final Judgment before involuntary execution proceedings begin.

### THE KEY POLICY UNDERLYING SECTION 1610(c) IS WHETHER THE JUDGMENT DEBTOR DEFENDANTS HAVE HAD SUFFICIENT TIME TO PAY THE FINAL JUDGMENT

All of the Judgment Debtor Defendants were served with a copy of the *Hoglan* Final Judgment more than six years ago. Section 1610(c) requires the passage of a "reasonable period of time" between the giving of notice to a foreign sovereign, or its political subdivisions or agencies and instrumentalities, before allowing post-judgment attachment or execution. According to the legislative history underlying the FSIA, the procedures mandated by § 1610(c) are in place to ensure that sufficient protection is afforded to foreign states that are subject to default judgments in United States courts.

Addressing § 1610(c)'s requirement that foreign states be afforded a "reasonable period of time," the U.S. House of Representatives Report on the United States Foreign Sovereign Immunities Act stated:

> "In some jurisdictions in the United States, attachment and execution to satisfy a judgment may be had simply by applying to a clerk or local sheriff. This would not afford sufficient protection to a foreign state. This subsection contemplates that the courts will exercise discretion in permitting execution. Prior to ordering attachment and execution, the court must determine that a reasonable period of time has elapsed following the entry of judgment… In determining whether the period of time has been reasonable, the court should take into account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representation by the foreign state of steps being taken to satisfy

12

> the judgment; or any steps being taken to satisfy the judgment; or
> evidence that the foreign state is about to remove assets from the
> jurisdiction to frustrate satisfaction of the judgment."

*Levin v. Bank of New York*, No. 1:09-cv-59000 (RPP) (MHD) (S.D.N.Y. Opinion and Order,

Mar. 4, 2011), *quoting* H.R. Rep. No. 1487, 94th Cong., 2d Sess. 1, 30, reprinted in 1976 U.S.

Code Cong. & Admin. News 6604, 6629.

The standard for determining whether post-judgment levy and execution may be directed

against a foreign sovereign judgment-debtor under 28 U.S.C. § 1610(c) is one of reasonableness,

which is partially determined by whether the foreign sovereign has been allowed sufficient time

to engage in an executive or legislative process to consider, pay, or decline payment of the

judgment.  *Id*. at 67 *citing* to H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976).

On this question, one of the factors considered by the U.S. District Court for the District

of Columbia was whether the foreign sovereign judgment debtor had had sufficient time to pay

the judgment, if that was its intention.  *Ned Chartering and Trading, Inc. v. Republic of Pakistan*,

130 F. Supp. 2d 64, 67 (D.D.C. 2001).  Foreign sovereigns act through their bureaucracies, and if

the foreign government intends to pay the judgment, it should be given time to do so.  *Id*.  No

judgment for damages in a case brought against the Islamic Republic of Iran as a result of the

terrorist activity of that country has ever been voluntarily paid.

The U.S. District Court for the District of Columbia has held that a "reasonable period of

time" for purposes of § 1610(c) is sixty (60) days.  *Valore v. Islamic Republic of Iran*, 1:08-cv-

01273-RCL (D.D.C. Jun. 8, 2003).  Judge Royce Lamberth found "no basis in the FSIA to

suggest that any longer period is needed, particularly in comparison to the period of time, 60

days, 28 U.S.C. § 1608(e), that a foreign sovereign is given to respond to initial service of a

complaint and summons under the Act."  *Id*.  Judge Lamberth has also held separately that six

weeks is a reasonable period of time to satisfy the requirements of § 1610(c), especially when "there is no evidence that the defendant has taken any steps toward the payment of its debt." *Ned Chartering*, 130 F. Supp. 2d at 67; *see also*, *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months is a reasonable time to satisfy the requirements of § 1610(c)).

In excess of six (6) years is, therefore, more than a "reasonable period of time" within the meaning and purpose of § 1610(c), especially because this Court has already determined that "a reasonable period of time had elapsed" as of the entry of the March 19, 2020 Order.

**WHEREFORE,** the *Hoglan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Hoglan* Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

For the reasons set forth above, the *Hoglan* Plaintiffs request that the Court enter a finding pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed following the entry of the *Hoglan* Final Judgment and service of the Final Judgment, and that the *Hoglan* Plaintiffs may attach and execute on the Bitcoin Assets, and all proceeds traceable thereto.

Respectfully submitted,

Date:  January 19, 2026                  */s/ Timothy B. Fleming_____*

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, PLLC
2202 18th Street, NW, #110
Washington, DC  20009-1813
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS

FISHER GOLDFARB, LLC   (*Lead Counsel*)
The Kress Building
301 19th Street North
Birmingham, AL  35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
951 N. Delaware St.
Indianapolis, IN 46202
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

***Attorneys for the* Hoglan *Plaintiffs***