**KRISTEN BREITWEISER**
**PLAINTIFF, MDL 1570**

January 22, 2026

**Hon. George B. Daniels**
U.S. District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *In re Terrorist Attacks on September 11, 2001*, 03-MD-1570 (GBD)

**NON-MOTION / LIMITED-PURPOSE LETTER**

**NON-MOTION / LIMITED-PURPOSE DISCLAIMER**
**This submission is a non-motion letter filed solely for administrative and rights-preserving purposes. It does not seek merits relief, does not request adjudication of competing claims, and does not oppose any pending motion. The undersigned submit this letter only to preserve the rights of similarly situated judgment creditors and Fund-dependent claimants, and to respectfully raise issues of parity, equity, and consistent statutory administration implicated by recent execution-related filings. This letter is not intended to substitute for, duplicate, or conflict with any submission by counsel of record, and is submitted with respect for the Court's prior practice of allowing administrative filings to be considered where equity so warrants.**

Dear Judge Daniels:

We submit this letter collectively and respectfully, some of us represented by counsel and others appearing pro se, solely for the limited, non-motion purpose of preserving rights and raising issues of parity and equitable administration implicated by recent execution-related filings. **We do not seek merits relief**.

The undersigned include wrongful-death plaintiffs and family members of those murdered on September 11, 2001, including Ashton plaintiffs holding final judgments against the Islamic Republic of Iran pursuant to the Amended Order of Judgment entered March 8, 2016 (ECF No. 3226), as well as other 9/11 widows and children who, as a practical and legal matter, must rely on the United States Victims of State Sponsored Terrorism Fund ("USVSSTF") as their sole remaining source of compensation.

We write in light of recent and overlapping motions filed by both the Havlish plaintiffs and the Hoglan plaintiffs (and now the O'Neill Plaintiffs) seeking attachment and execution against the same Bitcoin assets allegedly linked to Iran. As reflected in the Havlish plaintiffs' motion to

permit attachment and execution pursuant to 28 U.S.C. § 1610(c), and the Hoglan plaintiffs' subsequent filing, these applications seek private execution of the same terrorism-related assets, outside the USVSSTF framework, rather than deposit into the Fund Congress established to ensure equitable compensation for victims of state-sponsored terrorism. (Doc. 11459)

We recognize that the forfeiture action itself is pending in the Eastern District of New York. However, because both the Havlish and Hoglan plaintiffs (and now the O'Neill plaintiffs) have filed related execution papers on this MDL docket as well, we submit this letter solely to ensure the broader 9/11 community's interests and statutory framework are considered here, where these cases have long been coordinated.

**Such execution raises serious parity and fairness concerns, particularly for 9/11 families who lack the ability to pursue private attachment and are structurally confined to the Fund as their only avenue of recovery. Allowing selective execution risks advantaging a subset of plaintiffs while others—no less harmed—are left behind.**

This Court has previously addressed these concerns directly. During the April 26, 2022 conference concerning the Da Afghanistan Bank assets, the Court made clear that terrorism-related funds are not subject to a first-come, first-served race, that strategic filings to advantage one group are inappropriate, and that "everyone before this Court is on an equal footing." The Court further explained that these principles were intended to establish a framework not only for the DAB assets, but for "any other funds that might be available in the future." (Apr. 26, 2022 Conf. Tr.)

We respectfully submit that these equity principles apply with equal force here.

Our concerns are heightened by contemporaneous legislative efforts seeking preferential or "special" treatment for discrete claimant groups within the USVSSTF, including legislation introduced by Congressman Brian Fitzpatrick that has been publicly described as designed to benefit the Havlish plaintiffs. We take no position on the merits of that legislation. We note its existence only because it underscores the broader risk that piecemeal execution strategies or carve-outs—whether pursued through litigation or legislation—may undermine the uniform, equitable framework Congress intended for all terrorism victims, particularly those without access to high-powered or well-resourced counsel.

We do not seek to interfere with or oppose any proceedings in the EDNY forfeiture docket. Rather, we respectfully request that this Court, consistent with its role in overseeing coordinated matters in the 9/11 MDL, remain mindful of the broader equity and statutory implications raised by parallel execution efforts.

Accordingly, and solely in the interest of parity and orderly administration, we respectfully request that, should the Court determine that the Bitcoin assets (or any portion thereof) are properly subject to execution, the Court consider whether deposit of such assets into the USVSSTF—rather than private execution—would best ensure equitable treatment among all similarly situated 9/11 wrongful-death families.

We further respectfully request that, consistent with prior practice in matters involving terrorism-related assets, sanctions, and foreign sovereign interests, the Court solicit the views of the United States Government regarding the proper disposition of such assets, including any implications for the USVSSTF, sanctions policy, and the equitable treatment of all victims.

**As the Nation approaches the 25th anniversary of September 11, 2001, we respectfully submit that parity, equity, and fairness are especially appropriate touchstones in the administration of terrorism-related assets. These principles should apply to all victims, not only to those able to move first or marshal extraordinary legal resources.**

We submit this letter solely to preserve our rights and to respectfully request that, in connection with any execution proceedings involving terrorism-related assets, the Court remain mindful of its previously articulated framework emphasizing equal footing, parity, and equitable treatment among all 9/11 wrongful-death families, *particularly those whose only remaining avenue for compensation lies within the USVSSTF*.

We thank the Court for its consideration of these limited concerns.

Respectfully submitted,

Patricia Ryan
Laura Ryan
Colin Ryan
Kristen Ryan

Kristen Breitweiser
Caroline Breitweiser

Jacqui Eaton-Garland

Nancy Fox
Greg Fox

Amanda Ogilby

Jessica Cashman

Marie Halloran
Jake Halloran
Kieran Halloran
Declan Halloran
Phelan Halloran
Conor Halloran
Aidan Halloran

Susan Munhall
Lauren Munhall

Lynn Alan Faulkner
Loren Faulkner Smith
Ashley Faulkner

Brian Hoey

Maureen Raub

Julie McMahon
Matthew McMahon
Patrick McMahon

Beth Mahon
Shay Mahon

Catherine McShane
Aidan McShane
Colin McShane
Sean McShane

Donna Massa Mercurio
Nicholas Massa

Charlene Fiore
Jessica Lacasse
Cristen Staiano
Michael J. Fiore

Michael Zinkofsky

Carmen Suarez
Sophia Suarez
Jillian Suarez
Ramon Jr. Suarez

Jean C. Fischer
Timothy Fischer
Laura Nemeth
John C. Fischer

Rachel O'Brien Bernaby

Maura Coughlin-Roberti
Ryann Coughlin
Sean Coughlin
Riley Coughlin

Patricia Kellett
Cameron Marie Kellett
Julie Anne Kellett

Erin Coughlin Harris

Barbara Talty

Madeline Bergin
Katie Bergin
John Bergin
Shannon Bergin

Patricia Coughlin

Eileen Hoey

Una Hinchcliffe McHugh
Sophia McHugh
Chloe McHugh
Joseph McHugh

Joanne Modafferi
Christine Baione
Michael Modafferi
Joseph Modafferi

Cheryl McDonnell
Kevin McDonnell
Brian McDonnell

Colleen Casey Spor
Joseph Spor
Shannon Spor
Caitlin Maire Spor

Susan Rossinow
Sharon Reagan

Joanne Meisenheimer
Lauren Fletcher
Kaitlynn DeSantis

Michele Jones
Taylor Jones
Donald T. Jones III

Carolann Larsen
Marisa Larsen
Brenda Larsen
Scott Larsen
August Larsen

Lorraine Catalano

Brandi Harris
Michael Harris
Jonathon Harris

Sabrianna Zaretsky
Torey Zaretsky

Goldie Kuhr
Steven Kuhr
Terri Kuhr

Thomas J. Neary
Donna Krinsky
Terri Sondak
Laura Morrison

Maria A. Waring
Stephanie Waring Nanis
Maria C. Waring
Jamie Bruinsma

Janine Snyder Oldenhage
Lauren Snyder
Matthew Snyder
Jason Snyder

Rhonda Christopher Smith
Christopher Smith

Es Hernandez

Olag Merino
Tania Merino

Lisa Palazzo
Samantha Palazzo
Nicole Palazzo

Lori Mascali
Jennifer Mascali
Christopher Mascali
Katelyn Mascali

Christine Bini
Desiree DiDonna
Stefanie Parish

Kathleen Vigiano
Joseph Vigiano
James Vigiano
John Vigiano

Andrea Ricciardella O'Hagan
Patrick O'Hagan
Pierce O'Hagan

Andrea Garbarini
Dylan Garbarini
Philip Garbarini

Marcela Leahy
James Leahy Jr.
Danny Leahy
John Leahy

Deborah Temple
Justin Temple
Paige Morello

Lisa Jordan
Matthew Jordan
Andrew Jordan
Kelsey Jordan
Sean Jordan

Maureen Fanning
Sean Fanning
Patrick Fanning

Rosanne Hughes
Ashley Hughes Reid
Patrick Hughes

Meghan Corcoran

Denise McDonald
Kathleen McDonald
Brigid McDonald

Teresa K. Cunningham
William M. Cunningham

Irene Dickey
Joseph D. Dickey III
Elizabeth Dickey

Susann Picarro

Karen Robertson-Jurcazk
Michael Robertson
Matthew Robertson
Kevin Robertson

Madison McDonough

Marie Anaya
Brendan Anaya
Kristina Marie Anaya
Rebecca Anaya

Daniela Gogliormella
Gilian Gogliormella

Holly O'Neill
Sean O'Neill

Irene Boehm

Brittany Weber

Stacey Cattel

Allison Wallice
John Wallice
Christian Wallice
Patrick Wallice