UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/2026

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton v. al Qaeda Islamic Army, No. 02-cv-06977 (GBD)(SN)

    Two groups of Ashton Plaintiffs (the "Plaintiffs") move for partial final default judgments against the Taliban. ECF No. 11173, 11179.[1] The Plaintiffs include (1) estates of 9/11 decedents who were not U.S. nationals on September 11, 2001, and (2) immediate family members of 9/11 decedents, where the immediate family member and/or the 9/11 decedent was not a U.S. national on September 11, 2001. See ECF No. 11173 at 13. They assert various state law claims against the Taliban, who they allege aided al Qaeda and facilitated the 9/11 Attacks. See id. at 5 (specifying "common law claims of intentional murder and intentional infliction of emotional distress (solatium), assault and survival claims"); id. at 9–12.

    The Court previously denied without prejudice the Plaintiffs' claims against the Taliban. See ECF Nos. 8973, 8929. Only state law could permit the non-national Plaintiffs to recover against the Taliban. See ECF No. 8929 at 5. But in their original motion, the Plaintiffs did not "indicate which state's law applies to which claims or what damages are available for each cause of action." Id. Without the Plaintiffs' identifying causes of action with specificity, the Court

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

could not "determine with certainty the appropriate damages for each noncitizen Plaintiff." ECF No. 8973 at 5; see ECF No. 8198 at 4 (listing requirements for default judgments).

The Plaintiffs have refiled to address these deficiencies. See ECF No. 11173 at 6–7. They argue that the Court should apply New York's choice-of-law rules to the Plaintiffs' state law claims against the Taliban. Id. at 14–15 (explaining that the "law of the situs of the tort" controls). They assert that under this rule, New York's law governs all claims. Then they argue that the Taliban is liable to the Plaintiffs under New York's law for wrongful death, survival, and intentional infliction of emotional distress. Id. at 15–21.

The Plaintiffs' briefing sheds more light on their basis for recovery. But not all the 9/11 decedents listed in their motion perished at the World Trade Center site in New York City; some perished in Virginia and Pennsylvania (the "VA/PA Decedents"). See ECF No. 11179 ¶ 8 (explaining that two decedents perished at the Pentagon site in Virginia and in Shanksville, Pennsylvania, respectively); see also ECF Nos. 11179-2, 11179-3, 11179-4 (listing the "9/11 Site" for each estate or immediate family member requesting damages). The Court therefore asks the Plaintiffs to file a supplemental letter brief on the following issues:

- assuming New York's choice-of-law rules apply to the Plaintiffs' claims, whether the claims for the VA/PA Decedents would be analyzed under the law of the state where the VA/PA Decedents each perished or under New York law; and

- assuming Virginia's or Pennsylvania's law applies to the claims for the VA/PA Decedents, what statutes and case law from those states would govern the Taliban's purported liability to the VA/PA Decedents' estates or immediate family members.

The Plaintiffs must file their supplemental brief by Monday, February 9, 2026. This Order makes no decision on the merits of the Plaintiffs' motion for partial final judgments against the Taliban.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   January 29, 2026
         New York, New York

3