# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

February 3, 2026                                                                                         Via ECF

Honorable George B. Daniels, U.S. District Court Judge
Honorable Sarah Netburn, U.S. District Court Magistrate Judge

>    Re:   *In re Terrorist Attacks on September 11, 2001,*
>          MDL No. 03-MDL-1570 (GBD) (SN)
>          *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977
>          <u>Requests for Certifications against Alleged Iranian Assets</u>

Your Honors:

I write to supplement my letter of January 30, 2026 (MDL ECF #11602), which was filed in response to an avalanche of requests filed with the Clerk of the Court for "Certifications of Judgment for Registration in Another District." Again, these filings suggest that "partial summary judgment awards" against Iran (labelled as "Partial Final Judgments") afford the basis for this relief. *See, e.g.,* MDL ECF ##11490 - 11598. My letter of January 30 has not yet been addressed.

Virtually all the plaintiffs in this MDL litigation have obtained awards of compensatory damages *only* against Iran. Plaintiffs' punitive damages claims against Iran remain unresolved, significantly, at the request of the Plaintiffs' Executive Committee for Personal Injury and Death Claims (PEC) who over a year ago recommended that the punitive damages issue as to Iran be "deferred" (MDL ECF #10422 at 2: "the PECs are mindful of the scope of the demands presented by the MDL, and the importance of preserving the Court's limited time and resources for issues most important to advancing the Plaintiffs' interests. We have not prioritized adjudication of punitive damage awards against Iran to this point. . . ."). Because punitive damages are a distinct and substantial component of plaintiffs' claims for relief, the Court has not entered a final judgment against Iran for the great majority of the plaintiffs herein. A final judgment is one that resolves all claims for relief against a party. *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). Claims for punitive damages are not collateral or incidental; they are a substantive form of relief requiring additional factual determinations and, frequently, a separate damages phase. Courts in the Second Circuit have consistently recognized that a judgment awarding compensatory damages only is not final where punitive damages remain to be determined. *See, e.g., Linde v. Arab Bank, PLC*, 882 F.3d 314, 324–25 (2d Cir. 2018) (recognizing punitive damages as a separate component of relief); *Zarcone v. Perry*, 572 F.2d 52, 54 (2d Cir. 1978) (judgment not final where punitive damages issues remained unresolved). Absent finality, a Rule 54(b) certification, or a showing of good cause, plaintiffs' ongoing requests for Certifications must be denied.

Honorable George P. Daniels
Honorable Sarah Netburn
February 3, 2026, Page 2

I have reviewed many of the "Partial Final Judgments" submitted to the Clerk's Office in requesting the Certifications and I have not seen any that contain required Rule 54(b) certifications. Many of them have mislabeled captions suggesting that they are "Final." Without an explicit Rule 54(b) certification, the Clerk's Office does not have the authority to issue the Certifications requested.

At minimum, the Court should stay any registrations pending an adjudication or resolution of Plaintiffs' punitive damages claims. Such a stay would preserve judicial economy and prevent prejudice. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

I remind the Court that a previous request by my office for certification of issues for appeal against the Taliban was denied (MDL ECF # 9175) on the ground that "piecemeal litigation" should be avoided. On June 19, 2024, I filed an application for final judgments against Iran on behalf of the *Ashton-Burlingame* Plaintiffs requesting an award of punitive damages and prejudgment interest to complement the compensatory damages previously awarded to them and achieve some resolution on the issue of punitive damages. MDL ECF #9949. After the Court received requested input from the PEC – who requested that the punitive damages issue as to Iran be "deferred" once more (MDL ECF #10422) – on October 29, 2024, Magistrate Judge Netburn denied the *Ashton-Burlingame* Plaintiffs' request for briefing and a hearing on the punitive damage claims against Iran, leaving the claims asserted against Iran incomplete and unresolved with no future date set for briefing or hearings. MDL ECF #10470 ("The Court declines to set a briefing schedule on this issue at this time."). More than a year has now passed since the punitive damages issue was "pushed off" and it appears neither the PEC, nor the Court, are willing to bring the claims against Iran to any immediate end.

The PEC cannot have it both ways – the avoidance of a true final judgment against Iran – while claiming entitlement to "Partial Final Judgments" worthy of asset execution.

Again, we suggest a conference be scheduled immediately with the Court so that this issue may be addressed, especially considering the activity upcoming on February 9 in the Eastern District of New York litigation involving Bitcoin assets allegedly owned by Iran.

In the meantime, we ask that the Court to immediately instruct the SDNY Judgment Clerk not to issue any Form AO 451s suggesting that a partial final judgment against Iran is sufficient for the issuance of that form.

Sincerely yours,

*John F. Schutty*

cc:  Judgment Clerk -- Via Email: orders_and_judgments@nysd.uscourts.gov
     U.S. District Court
     Southern District of New York