**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

                                              :

 

                                              :

 

------------------------------------------------------------------x

| | |
|---|---|
| | MOTION TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. § 1610(c) |
| | |
| | 03 MDL 1570 (GBD) (SN) |

This Document Relates to
*Bauer, et al. v. al Qaeda Islamic Army, et al*.
02-cv-7236 (GBD) (SN)

The *Bauer* Plaintiffs, through counsel, hereby respectfully submit this Motion to Permit Attachment and Execution Pursuant to The Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA"), on approximately 127,271 Bitcoin, and all proceeds traceable thereto (the "Bitcoin Assets"), and in support thereof, aver the following:

1.      The *Bauer* Plaintiffs, through counsel, hereby respectfully submit this Motion to Permit Attachment and Execution Pursuant to FSIA § 1610(c) on approximately 127,271 Bitcoin currently held by the U.S. Government.

2.      The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

3.      The *Bauer* Plaintiffs have valid, unsatisfied judgments against Iran.

4.      Defendant Iran received sufficient notice of the *Bauer* judgments and a reasonable period of time has passed.  Bitcoin Assets are assets of an agency or instrumentality of Iran.

5.        In this Circuit, terrorism judgment holders are required to obtain a court order pursuant to § 1610(c) for each group of assets they seek to attach.  *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 291 (2d Cir. 2011) (§ 1610(c) "requires a prior judicial determination that the execution is warranted under one of the § 1610(a) or (b) exceptions and with respect to specifically identified property.").

6.        The *Bauer* Plaintiffs seek specific Court approval to attach and execute on the Bitcoin Assets that were formerly property of the Iran and China Investment Development Group ("Iran-China Group").  The Iran-China Group, doing business on the blockchain as "Lubian.com" or "LuBian," is an agency or instrumentality of Iran that has materially supported that country's efforts to evade Western sanctions by mining cryptocurrency in Iran.  Through this scheme, Iran converts sanctioned Iranian oil and gas into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems.  LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran, to assist that country's longstanding efforts to evade U.S. sanctions.

7.        The primary statute for enforcement of terrorism judgments issued pursuant to the anti-terrorism exception at 28 U.S.C. § 1605A is the Terrorism Risk Insurance Act of 2002 ("TRIA") § 201, Pub. L. No. 107–297, 116 Stat. 2322, 2337–2340 (codified at 28 U.S.C. § 1610 note).

8.        Under § 201(a) of TRIA, the *Bauer* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "notwithstanding any other provision of law."  28 U.S.C. § 1610 note.

9.      The *Bauer* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group.

10.     Accordingly, the *Bauer* Plaintiffs hereby seek to assert their interest in the Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding compensatory damages, plus post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

11.     A liability judgment was entered on behalf of the *Bauer* Plaintiffs against Iran on August 31, 2015 in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD) (FM). MDL Doc. No. 3014.

12.     On March 8, 2016, in an Amended Order of Judgment in *Ashton et al. v. Al Qaeda Islamic Army et al.*, 02-CV-6977 (GBD) (FM), the *Bauer* Estate Plaintiffs were awarded compensatory damages for conscious pain and suffering, punitive damages, and prejudgment interest on the compensatory damages awards for conscious pain and suffering of each decedent by this Court.  MDL Doc. No. 3226.  An Order of Further Partial Final Judgment was entered on September 12, 2016 on behalf of the *Bauer* Plaintiffs against the Islamic Republic of Iran ("*Bauer I*," *Bauer* Doc. No. 13; MDL Doc. No. 3341).  Additional Orders or Partial Final Judgment were entered on behalf of the *Bauer* Plaintiffs on: October 31, 2016 ("*Bauer II*," *Bauer* Doc. No. 20; MDL Doc. No. 3387), November 29, 2016 (*Bauer* Doc. No. 25; MDL Doc. No. 3399), November 30, 2016 (*Bauer* Doc. No. 28; MDL Doc. No. 3402), December 1, 2016 (*Bauer* Doc. No. 32; MDL Doc. No. 3403) and December 5, 2016 (*Bauer* Doc. No. 33; MDL Doc. No. 3408).  These seven partial final judgments are referred to herein as the "*Bauer* 2016 Judgments."

13.     Plaintiffs served their *Bauer* 2016 Judgments on Iran via diplomatic service

through the U.S. Department of State, pursuant to FSIA § 1608(a)(4).

14.     The documents that were served on Iran via diplomatic service were as follows:

a.      Order of Judgment, *Ashton, et al. v. Al Qaeda Islamic
        Army, et al.*, 02-CV-6977 (GBD) (FM) (August 31, 2015)
        (MDL Doc. No. 3021);

b.      Amended Order of Judgment, *Ashton, et al. v. Al Qaeda
        Islamic Army, et al.*, 02-CV-6977 (GBD) (FM) (March 8
        2016) (MDL Doc. No. 3226.);

c.      Order of Further Partial Judgment ("*Bauer I*") (September
        12, 2016) (*Bauer* Doc. No. 13; MDL Doc. No. 3341);

d.      Order of Further Partial Judgment ("*Bauer II*") (October
        31, 2016) (*Bauer* Doc. No. 20; MDL Doc. No. 3387);

e.      Order of Further Judgment (November 29, 2016) (*Bauer*
        Doc. No. 25; MDL Doc. No. 3399);

f.      Order of Further Partial Judgment (November 30, 2016)
        (*Bauer* Doc. No. 28; MDL Doc. No. 3402);

g.      Order of Further Partial Judgment (December 1, 2016)
        (*Bauer* Doc. No. 32; MDL Doc. No. 3403);

h.      Order of Further Partial Judgment (December 5, 2016)
        (*Bauer* Doc. No. 33; MDL Doc. No. 3408);

i.      Notice of Default Judgment prepared in accordance with 22
        CFR § 93.2;

j.      Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et
        seq.*;

k.      Right to Appeal Notice; and

l.      Right to Appeal Form.

15.     The *Bauer* Plaintiffs provided three copies of each of these *Bauer* 2016

Judgments documents, in both English and Farsi (one copy for the S.D.N.Y.; one copy for the

State Department, and one copy to be served).  Also enclosed was a pre-paid Federal Express

waybill and envelope addressed to the State Department and a cashier's check in the amount of

$2,275 made payable to "U.S. Embassy Bern."  Plaintiffs further provided original, notarized

Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District

Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which

comports with the requirements with N.Y. CVP. LAW § 2101(b).

16.    The *Bauer* 2016 Judgments materials were delivered by the Department of State,

with assistance by the Foreign Interests Section of the Embassy of Switzerland in Tehran on

September 19, 2017, under cover of diplomatic note No. 1097-IE.  *See* Letter from Department

of State to SDNY Clerk, dated October 25, 2017, with attached certified copy of the diplomatic

note and supporting documents at *Bauer* Doc. No. 36.

17.    The *Bauer* 2016 Judgment materials were duly served on Defendant Iran over

eight years ago.

18.    On January 30, 2020, the *Bauer* Plaintiffs were issued additional final judgments

by this Court:

      a.      Order of Final Judgment ("*Bauer III*") (*Bauer* Doc. No. 93;
              MDL Doc. No. 5771);

      b.      Order of Final Judgment ("*Bauer IV*") (*Bauer* Doc. No. 94;
              MDL Doc. No. 5772);

      c.      Order of Final Judgment ("*Bauer V*") (*Bauer* Doc. No. 95;
              MDL Doc. No. 5773);

      d.      Order of Final Judgment ("*Bauer VI*") (*Bauer* Doc. No. 96;
              MDL Doc. No. 5775);

      e.      Order of Final Judgment ("*Bauer VII*") (*Bauer* Doc. No.
              97; MDL Doc. No. 5776);

       f.       Order of Final Judgment ("*Bauer VIII*") (*Bauer* Doc. No. 98; MDL Doc. No. 5779);

       g.       Order of Final Judgment ("*Bauer IX*") (*Bauer* Doc. No. 99; MDL Doc. No. 5780); and,

       h.       Order of Final Judgment ("*Bauer X*") (*Bauer* Doc. No. 100; MDL Doc. No. 5781).

       i.

A Memorandum Decision and Order was issued on February 14, 2020 further awarding damages to certain *Bauer* Plaintiffs (*Bauer* Doc. No. 107; MDL Doc. No. 5947). These nine additional orders of final judgment are referred to herein as the "*Bauer* 2020 Judgments."

19.      Plaintiffs served their *Bauer* 2020 Judgments on Iran via diplomatic service through the U.S. Department of State. The documents that were served pursuant to FSIA § 1608(a)(4) were the *Bauer* 2020 Judgments documents, as well as a Notice of Default Judgment prepared in accordance with 22 CFR § 93.2, the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*, a Right to Appeal Notice, and a Right to Appeal Form. The *Bauer* Plaintiffs provided three copies of each of these *Bauer* 2020 Judgments documents, in both English and Farsi (one copy for the S.D.N.Y.; one copy for the State Department, and one copy to be served). Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern." Plaintiffs further provided original, notarized Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which comports with the requirements with N.Y. CVP. LAW § 2101(b).

20.      On February 18, 2020, at Plaintiffs' request, the Clerk of Court transmitted the *Bauer* 2020 Judgments and supporting materials to the United States Department of State, pursuant to the FSIA § 1608(a)(4). *See* Clerk Certificate of Mailings at MDL Doc. Nos. 5961 and 5972.

21.     The *Bauer* 2020 Judgments materials were delivered by the Department of State, with assistance by the Foreign Interests Section of the Embassy of Switzerland in Tehran under diplomatic cover, dated July 12, 2020 and delivered on July 14, 2020, in accordance with § 1608(a)(4).   True and correct copies of the Return of Service and supporting U.S. Department of State documents are attached to *Bauer* Affidavit of Service by Dorothea M. Capone, Esq., dated September 3, 2020, at *Bauer* ECF Doc. No. 115; MDL Doc. No. 6423 as Exhibit A.  Receipt of transmittal by the United States Department of State was also acknowledged by the Clerk of the Court on August 28, 2020 as noted (unnumbered) on the *Bauer* and MDL ECF dockets.

22.     Iran has not voluntarily paid these judgments, nor has Iran ever voluntarily paid any judgment entered as a result of its continued state sponsorship of terrorism around the world.

23.     The *Bauer* Plaintiffs' most recent Order of Final Judgment was issued by this Court over five and a half years ago and served on the Iranian Defendants more than five years ago.

24.     The *Bauer* Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, Plaintiffs should be permitted to initiate an enforcement action against the Bitcoin Assets.

25.     More than a reasonable amount of time has passed since the *Bauer* Plaintiffs judgments were entered and since Iran was served with those judgments.

26.     Because the *Bauer* Plaintiffs have served Iran in conformity with FSIA §1608 and because more than a reasonable time has now passed since Iran was served, this Court should enter an Order pursuant to FSIA §1610(c) permitting the *Bauer* Plaintiffs to commence execution proceedings against the Bitcoin Assets.

**WHEREFORE,** the *Bauer* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Bauer* Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

February 5, 2026

Respectfully submitted,

BAUMEISTER & SAMUELS, P.C.

/s/ *Dorothea M. Capone*
Dorothea M. Capone, Esq.
Michel F. Baumeister, Esq.
200 Vesey Street, 24th Floor
New York, New York 10281 Tel:
(212) 363-1200
Email: tcapone@baumeisterlaw.com
***Attorneys for Bauer Plaintiffs***