**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 : | : : : : | MOTION TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. § 1610(c)<br><br>03 MDL 1570 (GBD) (SN) |

------------------------------------------------------------------x

This Document Relates to
*Parker, et al. v. Islamic Republic of Iran*
18-cv-11416 (GBD) (SN)

  The *Parker* Plaintiffs, through counsel, hereby respectfully submit this Motion to Permit Attachment and Execution Pursuant to The Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA"), section 1610(c), on approximately 127,271 Bitcoin, and all proceeds traceable thereto (the "Bitcoin Assets"), and in support thereof, aver the following:

  1.  The *Parker* Plaintiffs, through counsel, hereby respectfully submit Motion to Permit Attachment and Execution Pursuant to FSIA § 1610(c) on approximately 127,271 Bitcoin currently held by the U.S. Government.

  2.  The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

  3.  The *Parker* Plaintiffs have a valid, unsatisfied final judgment against Iran.

  4.  Defendant Iran received sufficient notice of the *Parker* judgment and a reasonable period of time has passed. Bitcoin Assets are assets of an agency or instrumentality of Iran.

5. In this Circuit, terrorism judgment holders are required to obtain a court order pursuant to § 1610(c) for each group of assets they seek to attach. *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 291 (2d Cir. 2011) (§ 1610(c) "requires a prior judicial determination that the execution is warranted under one of the § 1610(a) or (b) exceptions and with respect to specifically identified property.").

6. The *Parker* Plaintiffs seek specific Court approval to attach and execute on the Bitcoin Assets that were formerly property of the Iran and China Investment Development Group ("Iran-China Group"). The Iran-China Group, doing business on the blockchain as "Lubian.com" or "LuBian," is an agency or instrumentality of Iran that has materially supported that country's efforts to evade Western sanctions by mining cryptocurrency in Iran. Through this scheme, Iran converts sanctioned Iranian oil and gas into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems. LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions.

7. The primary statute for enforcement of terrorism judgments issued pursuant to the anti-terrorism exception at 28 U.S.C. § 1605A is the Terrorism Risk Insurance Act of 2002 ("TRIA") § 201, Pub. L. No. 107–297, 116 Stat. 2322, 2337–2340 (codified at 28 U.S.C. § 1610 note).

8. Under § 201(a) of TRIA, the *Parker* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "notwithstanding any other provision of law." 28 U.S.C. § 1610 note.

9. The *Parker* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group.

10. Accordingly, the *Parker* Plaintiffs hereby seek to assert their interest in the Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding compensatory damages, plus post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

11. Plaintiffs were issued a Final Order of Summary Judgment against the Islamic Republic of Iran on September 4, 2019 (*Parker* ECF Doc. No. 30; MDL Doc. No. 5073).

12. Plaintiffs' Order of Judgment, as well as a Notice of Default Judgment, and supporting documents and certified translations of each, were served upon defendant the Islamic Republic of Iran, pursuant to FSIA § 1608(a)(4).

13. The SDNY Clerk of Court's transmittal to the U.S. Department of State, made at Plaintiffs' request, is dated October 2, 2019 and attached to *Parker* Affidavit of Service by Dorothea M. Capone, Esq., dated January 29, 2020 at *Parker* ECF Doc. No. 40; MDL Doc. No. 5766 ("Capone 1st Aff.") as Exhibit B; *see also* Clerk Certificate of Mailing, *Parker* ECF Doc. No. 31; MDL Doc. No. 5181.

14. Service was effectuated upon the Iranian Ministry of Foreign Affairs as transmitted by the Foreign Interests Section of the Embassy of Switzerland in Tehran under cover of diplomatic note No. 1162-IE, dated and delivered on December 18, 2019, in accordance with the FSIA § 1608(a)(4). A true and correct copy of the Diplomatic Note No. 1162-IE and supporting U.S. Department of State documents are attached to Capone 1st Aff. as Exhibit A. That receipt of transmittal by the U.S. Department of State was acknowledged by the Clerk of Court on January 23, 2020 as noted on the *Parker* ECF docket.

15. An Order of Final Judgment for Conscious Pain and Suffering Damages for *Parker* Plaintiffs was issued on January 7, 2020 (*Parker* ECF Doc. No. 36; MDL No. 5450).

16. On January 30, 2020, the *Parker* Plaintiffs were awarded additional damages by this Court in an Order of Judgment issued in MDL-member case *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD) (FM) (MDL Doc. No. 5775).

17. The Orders of Judgment for the *Parker* Plaintiffs, along with a Notice of Default Judgment and supporting documents, and certified translations of all, was served upon defendant the Islamic Republic of Iran, pursuant to § 1608(a)(4). The *Parker* Plaintiffs provided three copies of each of these documents, in both English and Farsi (one copy for the S.D.N.Y.; one copy for the State Department, and one copy to be served). Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern." Plaintiffs further provided original, notarized Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which comports with the requirements with N.Y. CVP. LAW § 2101(b).

18. On February 18, 2020, at Plaintiffs' request, the Clerk of Court transmitted Plaintiffs' Orders of Final Judgment and supporting materials to the United States Department of State, pursuant to 28 U.S.C. § 1608(a)(4). *See* Clerk Certificate of Mailings, MDL ECF No. 5961.

19. Service was effectuated upon the Iranian Ministry of Foreign Affairs as transmitted by the Foreign Interests Section of the Embassy of Switzerland in Tehran, dated July 12, 2020 and delivered on July 14, 2020, in accordance with § 1608(a)(4). True and correct copies of the Return of Service and supporting U.S. Department of State documents are attached

to *Parker* Affidavit of Service by Dorthea M. Capone, Esq., dated September 3, 2020, at *Parker* ECF Doc. No. 42; MDL Doc. No. 6423 ("Capone 2nd Aff.") as Exhibit A.

20. That receipt of transmittal by the United States Department of State was acknowledged by the Clerk of the Court on August 28, 2020 as noted on the *Parker* ECF and MDL dockets.

21. Iran has not voluntarily paid these judgments, nor has Iran ever voluntarily paid any judgment entered as a result of its continued state sponsorship of terrorism around the world.

22. The *Parker* Plaintiffs' Orders of Judgment against the Islamic Republic of Iran was issued by this Court over six years ago and was served on the Iran more than five and a half years ago.

23. The *Parker* Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, Plaintiffs should be permitted to initiate an enforcement action against the Bitcoin Assets. Over five and a half years have passed since Iran was served with notice of the *Parker* judgment.

24. More than a reasonable amount of time has passed since the *Parker* Plaintiffs judgment was entered and since Iran was served with that judgment.

25. Because the *Parker* Plaintiffs have served Iran in conformity with FSIA § 1608 and because more than a reasonable time has now passed since Iran was served, this Court should enter an Order pursuant to FSIA § 1610(c) permitting the *Parker* Plaintiffs to commence execution proceedings against the Bitcoin Assets.

**WHEREFORE,** the *Parker* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Parker* Plaintiffs' Motion to Permit Attachment and

5

Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

February 5, 2026

                                        Respectfully submitted,

                                        BAUMEISTER & SAMUELS, P.C.

                                        /s/ *Dorothea M. Capone*
Dorothea M. Capone, Esq.
Michel F. Baumeister, Esq.
200 Vesey Street, 24th Floor
New York, New York 10281 Tel: (212) 363-1200
Email: tcapone@baumeisterlaw.com
***Attorneys for Parker Plaintiffs***