# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

February 6, 2026                                                                 Via ECF

Honorable George B. Daniels, U.S. District Court Judge
Honorable Sarah Netburn, U.S. District Court Magistrate Judge

>     Re:    *In re Terrorist Attacks on September 11, 2001,*
>            MDL No. 03-MDL-1570 (GBD) (SN)
>            *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977
>            Requests for Certifications against Alleged Iranian Assets

Your Honors:

I write to in response to the PEC's letter of February 5, 2026 (MDL ECF #11674), which was filed in response my letters of January 30 (MDL ECF #11602) and February 3 (MDL ECF #11660) all of which address an avalanche of requests filed with the Clerk of the Court for "Certifications of Judgment for Registration in Another District."

The penultimate suggestion of the PEC is that the Court should now deem their compensatory damage awards, their "Partial Final Judgments" (a misnomer since no such thing exists in federal practice without a Rule 54(b) certification) as "final" *nunc pro tunc*. Is the PEC suggesting that the final issue remaining as to Iran, punitive damages, should be waived, or that all prior compensatory damage Orders of this Court are now immediately appealable because the Court should certify each of those compensatory damage awards "final" pursuant to Rule 54(b)?  *A formal request for the latter option has not yet been properly made or granted.*

Federal Rule of Civil Procedure 54(b) provides that where multiple claims for relief are presented, any decision adjudicating fewer than all claims does not terminate the action *unless the court expressly directs entry of judgment and expressly finds that there is no just reason for delay*. Fed. R. Civ. P. 54(b). Without such findings, the order remains interlocutory and subject to revision. *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992).

To trigger the ability to execute on a judgment or file an immediate appeal when other claims are still pending, the court must use specific "magic language" derived from Rule 54(b). For an interlocutory order to be treated as a final, appealable, and executable judgment, the order must contain an express determination and an express direction. The standard phrasing used by federal judges is:

> **"The Court expressly determines that there is no just reason for delay and hereby directs the entry of final judgment as to [Party or Claim]."**

Honorable George P. Daniels
Honorable Sarah Netburn
February 6, 2026, Page 2

Without these specific words, the order remains "interlocutory" (temporary). Here is the difference in legal status:

- **Standard Interlocutory Order:** It is not appealable as of right, and you generally **cannot** begin asset execution (seizing bank accounts, placing liens) because the case is still "active."

- **Rule 54(b) Certified Order:** Once the court includes the language above, the clerk enters a formal judgment. This starts the 30-day clock for an appeal and allows the prevailing party to seek a **writ of execution** under Rule 69.

The PEC has yet to request a Rule 54(b) certification, formally, deeming all the prior compensatory damage awards as final and appropriate for appeal and asset execution. To accomplish the suggested *nunc pro tunc* modification to make all the prior compensatory awards "final," this Court would have to add the magical Rule 54(b) certifications to each of those awards. Short of that, plaintiffs are not entitled to Judgments for enforcement.

The PEC wholly fails to address Second Circuit precedent that a "judgment" awarding compensatory damages only is *not final* where punitive damages remain to be determined. *See, e.g., Linde v. Arab Bank, PLC*, 882 F.3d 314, 324–25 (2d Cir. 2018) (recognizing punitive damages as a separate component of relief); *Zarcone v. Perry*, 572 F.2d 52, 54 (2d Cir. 1978) (judgment not final where punitive damages issues remained unresolved).

As this Court is aware, my clients are now properly seeking final Judgments against Iran after twenty-three years of litigation. To obtain a *Judgment* against Iran for purposes of both appeal and asset execution, many of my clients now have agreed to waive their punitive damage claims (conditionally) for an immediate entry of a Judgment. *See* MDL ECF ##11487-11490. My clients have taken this extraordinary step because without a final disposition against this defendant, or without a Rule 54(b) certification (thus far denied), federal practice denies a successful client a right to appeal and a right to asset execution.[1]

---

[1] The PEC suggests (fn. 3 of their letter) that my office lacks standing to object to their improper requests for judgment certifications. Are not all our clients presently engaged in a competitive race for Iranian asset execution? Should my clients not object to parties seeking an improper advantage in the race to Iranian assets? Moreover, as an officer of the Court, I am seeking to preserve the integrity of the process required by the Federal Rules of Civil Procedure. Regarding the PEC's claim that state law has some applicability here (PEC letter at 3), I submit that is a ludicrous suggestion. Until a plaintiff has an executable judgment from this Court, state law on judgment enforcement has no applicability.

Honorable George P. Daniels
Honorable Sarah Netburn
February 6, 2026, Page 3

I will repeat a sentence from my February 3 letter: "The PEC cannot have it both ways – the avoidance of a true final judgment against Iran [to prevent an appeal from prior rulings of this Court] – while claiming entitlement to "Partial Final Judgments" worthy of asset execution."

Absent finality, and/or a Rule 54(b) certification, the PEC's ongoing requests for judgment certifications must be denied.

In the meantime, the Court should continue to instruct the SDNY Judgment Clerk not to issue any further Form AO 451s suggesting that a partial final judgment against Iran is sufficient for the issuance of that form.

Sincerely yours,

*John F. Schutty*

cc:   Judgment Clerk -- Via Email: orders_and_judgments@nysd.uscourts.gov
      U.S. District Court
      Southern District of New York