# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE
# FOR COMMERCIAL CLAIMS

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

February 6, 2026

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      The Plaintiffs' Executive Committee for Commercial Claims submits this letter in response to the Court's Order at ECF No. 11659, directing the Executive Committees to respond to Mr. Schutty's January 30, 2026 letter at ECF No. 11602.

      Because Mr. Schutty's arguments concerning the finality of the judgments issued in favor of certain of the individual wrongful death and personal injury plaintiffs do not concern any of the commercial plaintiffs, we defer to the Plaintiffs' Executive Committee for Personal Injury and Death Claims to respond to those particular points.

      More generally with respect to recent submissions concerning execution and attachment efforts, we think it important to note that the execution remedy established by Congress through Section 201 of the Terrorism Risk Insurance Act ("TRIA") is a key component of Congress' "comprehensive legal response to international terrorism," *Fuld v. Palestine Liberation Organization*, 606 U.S. 1, 6 (2025)*,* along with the Anti-Terrorism Act ("ATA") and sections 1605A and 1605B of the Foreign Sovereign Immunities Act ("FSIA"). This statutory regime plays a vital role in "furthering the safety of Americans abroad, facilitating compensation for injuries or death, and deterring international terrorism." *See Fuld*, 606 U.S. at 20 (quoting Brief for United States at 29, 36 (citing Brief for Sen. Charles Grassley et al. as *Amici Curiae* on Pet. for Cert. 18–19; H. R. Rep. No. 115–858, at 3–4, 7–8)); *see also* Declaration of Antony J. Blinken, August 10, 2015, *Sokolow v. PLO*, Case No. 1:04-cv-00397 (S.D.N.Y.) (GBD), ECF No. 953-1.[1] Fulsome access to and application of these remedies, including TRIA's execution provision, ensures that this regime operates as intended to vindicate the rights of terrorism victims and further our Nation's national security interests.

---

[1] *See* Declaration of Antony J. Blinken at ¶ 5 ("The ability of victims to recover under the ATA also advances U.S. national security interests. The law reflects our nation's compelling interest in combatting and deterring terrorism at every level, including by eliminating sources of terrorist funding and holding sponsors of terrorism accountable for their actions. Imposing civil liability on those who commit or sponsor acts of terrorism is an important means of deterring and defeating terrorist activity. Further, compensation of victims at the expense of those who have committed or supported terrorist acts contributes to U.S. efforts to disrupt the financing of terrorism and to impede the flow of funds or other support to terrorist activity.").

The Honorable Sarah Netburn
February 6, 2026
Page 2

_____

Respectfully submitted,

COZEN O'CONNOR

By:  /s/ Sean P. Carter
Sean P. Carter
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
Tel: (215) 665-2105
Email: scarter1@cozen.com

*On behalf of the MDL 1570 Plaintiffs' Exec.
Committee for Commercial Claims*

cc:    The Honorable George B. Daniels (via ECF)
       All MDL Counsel of Record (via ECF)

LEGAL\113122608\1