# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

February 6, 2026                                                             **Via ECF**

Honorable George B. Daniels, U.S. District Court Judge
Honorable Sarah Netburn, U.S. District Court Magistrate Judge

    Re:    *In re Terrorist Attacks on September 11, 2001,*
             MDL No. 03-MDL-1570 (GBD) (SN)
             *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977
             <u>Requests for Certifications against Alleged Iranian Assets</u>

Your Honors:

I write in response to attorney Jonathan P. Vuotto's letter of February 6, 2026 (MDL ECF #11702), which was filed in response to my letters of January 30 (MDL ECF #11602) and February 3 (MDL ECF #11660).

Mr. Vuotto mistakenly suggests that every time this Court has rendered a compensatory damage award or awards, those awards constitute individual "judgments" meriting a right to appeal or a right to pursue asset execution. That is simply not the law.

One sentence in attorney Vuotto's letter (at p. 1, emphasis added) displays his misunderstanding of the applicable federal law: "Respondents hold *final judgments* entered by this Court against the Islamic Republic of Iran ("Iran") and related defendants, *including judgments entered in 2016* awarding compensatory damages and interest (ECF Nos. 3226, 3229) *and subsequent judgments* entered thereafter." Attorney Vuotto is suggesting that the Federal Rules of Civil Procedure allow for multiple judgments against a defendant by a plaintiff in a single action. This is simply not the case, *absent a Rule 54(b) certification*.

Attorney Vuotto repeats his misapprehension of federal law on page 2 of his letter: "Respondents' *judgments* resolve all claims against Iran and are therefore eligible for certification to the extent the Court deems certification necessary." Again, he apparently believes that *individual interlocutory Orders* are individual *judgments and/or that Rule 54(b) certification may be implied.*

Individual interlocutory "judgments" (often mislabeled as such) do not allow for asset execution; an open, existing claim against a defendant precludes a finding of "finality," and an appealable and executable judgment, unless there is Rule 54(b) "magic" language set forth in the interlocutory Order in question.

Attorney Vuotto's new clients, the Breitweiser, Ryan and Eaton-Garland families (my former clients) received partial awards against Iran starting on March 8, 2016 (ECF MDL

Honorable George P. Daniels
Honorable Sarah Netburn
February 6, 2026, Page 2

#3226: for the conscious pain and suffering of their decedents, and punitive damages to all *Ashton* Estates of $6.88 million each), and then subsequent Orders awarding solatium and economic loss: MDL ECF #4011 dated 5/29/18 awarding economic loss and solatium to the Breitweiser family, MDL ECF # 5999 dated 2/20/20 and MDL ECF #3387 dated 10/31/16 awarding economic loss and solatium to the Ryan family; and MDL ECF #5376 dated 12/17/19 awarding economic loss and solatium to the Eaton-Garland family). Attorney Vuotto wrongfully suggests that interlocutory compensatory damage awards equal individual "judgments" and that is simply not the case.

And, since this Court (Hon. Netburn) formally determined on October 12, 2016 (MDL ECF #3358), that the punitive damage awards issued to the *Ashton* plaintiffs by Magistrate Judge Maas were rendered improperly, the Court implicitly reserved the right to vacate those punitive damage awards before the entry of any final judgments to the *Ashton* plaintiffs. Rule 54(b) provides that any order or decision that adjudicates fewer than all claims or the rights and liabilities of fewer than all parties "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Since the Court reopened the MDL litigation as to the punitive damages that may be awarded against Iran in *Hoglan*, that issue remains to be resolved, precluding finality against Iran to anyone still pursuing a punitive damage claim (except where Rule 54(b) language is set forth in an Order allowing the plaintiffs to appeal or pursue asset execution).

As to attorney Vuotto's arguments regarding what was done in *Hoglan*, I will not attempt to relitigate what this Court might have done right or wrong with respect to the *Hoglan* plaintiffs. Attorney Vuotto suggests that because certain relief was granted to the *Hoglan* plaintiffs that relief must be repeated again – "the Hoglan plaintiffs never sought Rule 54(b) certification, because they did not need it and the Court did not require it." Without a study of precisely what was done by the *Hoglan* plaintiffs in pursuing asset execution in that case, if a mistake was made there, this Court most certainly should now seek to follow the law instead of continuing down a path that might have been taken in error.

Finally, attorney Vuotto claims that I am making a "request for a global freeze on Rule 54(b), § 1610(c), and AO 451 relief." That could not be further from the truth. I am simply asking the Court to follow the Federal Rules of Civil procedure.

Absent finality, and/or a Rule 54(b) certification, the PEC's ongoing requests for judgment certifications must be denied.

Sincerely yours,

*John F. Schutty*