**WIGGINS CHILDS**

**PANTAZIS FISHER**

**GOLDFARB PLLC**

**Advocates & Litigators**

A PROFESSIONAL LIMITED LIABILITY COMPANY
2202 18th Street, N.W. · # 110 · WASHINGTON, D.C. 20009–1813

Office Direct Dial: 202–467–4489 · Fax: 205–453–4907
Email: TFleming@wigginschilds.com · Internet: www.wigginschilds.com

TIMOTHY B. FLEMING
*OF COUNSEL*

February 6, 2026

*VIA ECF*

The Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN)
       *Havlish, et al. v. Bin-Laden, et al.*, No. 03-cv-9848 (GBD)(SN)
       *Hoglan, et al. v. Iran, et al.*, No 11-cv-7550 (GBD)(SN)
       *Ray, et al. v. Iran, et al.,* No. 19-cv-00012 (GBD)(SN)
       *Maher, et al. v. Iran, et al.,* No. 20-cv-00266 (GBD)(SN)

Dear Judges Daniels and Netburn:

The *Havlish*, *Hoglan*, *Ray*, and *Maher* plaintiffs respectfully submit this brief statement, pursuant to the Court's direction in the endorsement on MDL Doc. No. 11659 and in response to the two recently filed letters by the Law Office of John F. Schutty, P.C. at MDL Doc. Nos. 11602 and 11660.

The *Havlish*, *Hoglan*, *Ray*, and *Maher* plaintiffs generally agree with, and adopt in its entirety, the response of the PEC for Personal Injury and Death claims, filed February 5, 2026, at MDL Doc. No. 11674.  The positions and advocacy detailed in the PEC letter, including Mr. Schutty's clients' lack of standing to raise these issues (see PEC letter, n. 3), apply in full force to the *Ray* and *Maher* plaintiffs, as does the PEC's alternative request for entry of Rule 54(b) findings *nunc pro tunc* to the time of entry of the judgments.

We note that the issues raised in Mr. Schutty's letters cannot affect the *Havlish* and *Hoglan* cases in the same way as apparently intended in regard to other MDL member cases.

In contrast to all of the other member cases in this MDL, *Havlish, et al. v. bin Laden, et al.*, 03-cv-9848 (GBD((SN), is a full and final adjudication of all claims and against all parties and, as such, *Havlish* is a full and final judgment, served in accordance with the FSIA, and it has been final for many years, ever since the expiration of the appeal period following the entry of final

The Honorable George B. Daniels, United States District Judge
The Honorable Sarah Netburn, United States Magistrate Judge
February 6, 2026                                                           *Page 2*

judgment on October 12, 2012 (filed October 16, 2012), and judgment service (see *Havlish* Doc. Nos. 317 and 390, almost 13 years ago.  See *Havlish* Doc. No. 393; MDL Doc. No. 2778. Accordingly, no Rule 54(b) finding has ever been necessary, and the issues raised in Mr. Schutty's letters cannot affect the *Havlish* judgment whatsoever.  Indeed, we do not understand Mr. Schutty's letters to present any challenge to them and, instead, expressly acknowledges that *Havlish* is a final judgment.

This Court has previously issued two § 1610(c) orders to the *Havlish* judgment holders, one a § 1610(c) order dated September 12, 2013, authorizing general enforcement (*Havlish* Doc. No. 393; MDL Doc. No. 2778) and the second a specific § 1610(c) order dated April 7, 2020, against a specific asset (*Havlish* Doc. No. 504; MDL Doc. No. 6134) as the Havlish judgment holders have actively sought to enforce and collect upon their judgments for more than a decade.  Now, the *Havlish* judgment holders have requested another, specific to the Bitcoin proceedings in the Eastern District of New York.  *Havlish* Doc. No. 393; MDL Doc. No. 2778.

Similarly, in *Hoglan, et al. v. Iran, et al.*, 11-cv-7550 (GBD)(SN), a Final Order And Judgment On Compensatory Damages was entered against Iran and all other *Hoglan* defendants on February 26, 2018.  *Hoglan* Doc. No. 241, MDL Doc. No. 3905.[1]  The *Hoglan* judgment contained an express Rule 54(b) certification by the Court.  The Court denied the *Hoglan* plaintiffs' request for punitive damages without prejudice to renewal of such request at a later date when the Court determines that issue should be considered, and the Court has followed this course for all MDL cases since.  See *Hoglan* Doc. No. 241, MDL Doc. No. 3905.  The specific Rule 54(b) finding in *Hoglan* compels the conclusion that there is no barrier to issuance of a § 1610(c) order, and, indeed, the Court has previously issued such an order, dated April 7, 2020. *Hoglan* Doc. Nos. 333 and 334; MDL Doc. Nos. 6129, 6133.  Accordingly, regardless of any arguments Mr. Schutty makes, there is no bar to a § 1610(c) order permitting the Hoglan judgment holders to pursue the Bitcoin assets in the EDNY proceedings.

Significantly, the only remaining issue in *Hoglan* is punitive damages; all other claims by all plaintiffs against all defendants were fully and finally adjudicated.  Accordingly, the express *Hoglan* Rule 54(b) finding based on the Court's determination that there was no just reason for delay supports the PEC's argument that the Court and all the litigants in the MDL understood, and have always understood, that the judgments rendered against Iran in this MDL, after service

---

[1] An Order of Judgment was entered by this Court on August 31, 2015 which held all Defendants jointly and severally liable for the September 11, 2001 terrorist attacks.  *Hoglan* Doc. No. 112.  Some *Hoglan* plaintiffs were denied judgments, and they appealed; disposition of those claims occurred long ago.  A Final Order and Judgment on Compensatory Damages restating the judgment for only the successful plaintiffs and expressly naming in the judgment all the defendants was entered by Judge Daniels on February 26, 2018.  *Hoglan* Doc. No. 241, MDL Doc. No. 3905.

The Honorable George B. Daniels, United States District Judge
The Honorable Sarah Netburn, United States Magistrate Judge
February 6, 2026                                                                    *Page 3*

of the judgment and the running of the appeals period, were and are final judgments and are
enforceable against the Islamic Republic of Iran.

Respectfully submitted,

 /s/ Timothy B. Fleming
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, D.C.  20009-1813
Washington, D.C.  20036
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL   35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
951 N. Delaware St.
Indianapolis, IN.  46202
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
FOOTE, MIELKE, CHAVEZ
& O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL  60134
(630) 232-7450

Counsel for the *Havlish*, *Hoglan*, *Ray*, and *Maher* Plaintiffs