UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:
*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-06977 (GBD)(SN)
*Bauer, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-07236 (S.D.N.Y.)
*Ashton, et al. v. Kingdom of Saudi Arabia*, No. 17-cv-02003 (GBD)(SN)
*Ryan, et al. v. Islamic Republic of Iran, et al.*, No. 20-cv-00266 (S.D.N.Y.)
*Ashton, et al. v. Al Qaeda, et al., including the Republic of Sudan*, No. 02-cv-06977 (GBD)(SN)

**MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1610(c)
FINDING THAT A REASONABLE PERIOD OF TIME HAS ELAPSED**

Plaintiffs Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan and Kristen Ryan (collectively, "Plaintiffs"), by their undersigned counsel, respectfully move this Court for an Order pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(c), finding that a reasonable period of time has elapsed following entry and service of Plaintiffs' judgments against the Islamic Republic of Iran ("Iran") as required by § 1610(c), and in support thereof state as follows:

**I.        Factual Background**

1. Plaintiffs are judgment creditors of Iran pursuant to a Final Amended Order of Judgment entered by this Court on March 18, 2016, in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-6977 (GBD) (SN). A true and correct copy of the Final Amended Order of Judgment (ECF No. 3226) is attached hereto as **Exhibit A**.

2. The Final Amended Order of Judgment awards compensatory damages for conscious pain and suffering, punitive damages, and prejudgment interest arising from Iran's material support of terrorism.

3. On February 21, 2020, the Court entered an Order of Partial Final Default Judgments against Iran on behalf of Plaintiffs (ECF No. 5999). A true and correct copy of the Order of Partial Final Default Judgments is attached hereto as **Exhibit B**.

4. The March 18, 2016 Final Amended Order of Judgment and the February 21, 2020 Order of Partial Final Default Judgments shall be collectively referred to as the "Judgments."

5. Plaintiffs served Iran with the Judgments and all required supporting documents in conformity with FSIA § 1608(a)(4).

6. Service was effectuated in July 2020 through diplomatic channels via the United States Department of State and the Swiss Embassy serving as the protecting power for Iranian interests. Attached hereto as **Exhibit C** is a true and correct copy of the Clerk's Certificate of Mailing.

7. Iran has never satisfied any portion of the Judgments.

8. More than five years have elapsed since service of the Judgments.

9. Plaintiffs have identified specific property with respect to which they seek authorization to pursue enforcement proceedings: approximately 127,271 Bitcoin, and all proceeds traceable thereto (the "Bitcoin Assets"), which are currently the subject of a forfeiture proceeding and attachment and execution proceedings pending in the United States District Court for the Eastern District of New York (the "EDNY").

## II.  Applicable Standard

10. Under 28 U.S.C. § 1610(c) of the Foreign Sovereign Immunities Act ("FSIA"), a judgment creditor must obtain court permission before executing against the property of a foreign state or its agencies or instrumentalities.

11. Under 28 U.S.C. § 1610(c), a court must determine whether a reasonable period of time has elapsed following the entry of judgment before execution may proceed against a foreign sovereign's property. *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 48 n.7 (2d Cir. 2010); *Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006).

12. The Second Circuit has explained that a plaintiff seeking an order under § 1610(c) must identify the assets it seeks to pursue, without requiring adjudication of ownership or immunity at that stage. *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 289-91 (2d Cir. 2011).

### III. Plaintiffs Have Satisfied The Requirements To Obtain A 1610(c) Order

13. Plaintiffs' Judgments were entered pursuant to the terrorism exception to sovereign immunity under 28 U.S.C. § 1605A.

14. The Judgments are final, enforceable, and unsatisfied.

15. Iran was served in strict compliance with FSIA § 1608(a)(4).

16. More than five years have passed since service of the Judgments, which exceeds any reasonable period contemplated by § 1610(c).

17. Iran has made no appearance and no effort to satisfy the Judgments, the amount of which remains outstanding and owed to Plaintiffs.

18. Plaintiffs seek authorization to pursue enforcement proceedings with respect to the Bitcoin Assets, or such portion thereof as may ultimately be determined appropriate in subsequent proceedings.

19. This application is limited to the findings required by 28 U.S.C. § 1610(c) and does not request any determination concerning asset ownership, agency or instrumentality status, or

entitlement under TRIA, all of which are expressly preserved for later proceedings in the United States District Court for the Eastern District of New York.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order pursuant to 28 U.S.C. § 1610(c), finding that a reasonable period of time has elapsed following entry and service of the Judgments, as required by 28 U.S.C. § 1610(c), and granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated: Pearl River, New York
February 9, 2026

McANDREW VUOTTO, LLC
Attorneys for Plaintiffs

By: */s/Jonathan P. Vuotto*
Jonathan P. Vuotto
1 Blue Hill Plaza, Suite 1509
Pearl River, New York 10965
(212) 382-2208
jpv@mcandrewvuotto.com