# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

February 13, 2026                                                                                             Via ECF

Honorable George B. Daniels, U.S. District Court Judge
Honorable Sarah Netburn, U.S. District Court Magistrate Judge

> Re: *In re Terrorist Attacks on September 11, 2001,*
> MDL No. 03-MDL-1570 (GBD) (SN)
> *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977
> <u>Requests for Certifications against Alleged Iranian Assets</u>

Your Honors:

I write in response to attorney Jerry Goldman's letter of February 12, 2026 (MDL ECF #11720), which was filed in response to my letters of January 30 (MDL ECF #11602) and February 3 (MDL ECF #11660) and three recent motions filed by my office requesting final judgments against the Islamic Republic of Iran.

The problem addressed by Mr. Goldman is a problem created by the PEC (an admission that prior compensatory damage awards were, indeed, interlocutory, and that these prior awards did not contain Rule 54(b) certifications). My letters and motions suggest simply that the Court apply the unambiguous Federal Rules of Civil Procedure. If chaos now exists, it is a chaos created by the very lawyers complaining of its existence. It is beyond dispute that the PEC has long put off "finality" as to Iran. The PEC might have sought a resolution of the issue of punitive damages long ago – from 2016 to this date, or they might have asked for timely Rule 54(b) certifications for their compensatory damage awards against Iran – but the PEC did neither. Now the PEC wants to argue for a "partial" finality to Orders rendered as far back as 2016 *nunc pro tunc,* without providing a solution that allows the Court to verify for itself exactly what individual damage awards will be finalized by such a broad *nunc pro tunc* Order.

Again, individual interlocutory "judgments" (often mislabeled as such) do not allow for asset execution; an open, existing claim (*e.g.*, punitive damages) against a defendant precludes a finding of "finality" and an appealable and executable judgment, unless there is Rule 54(b) "magic" language set forth in the interlocutory orders in question.

Absent finality, and/or a Rule 54(b) certification, the PEC's ongoing requests for judgment certifications must be denied.

Sincerely yours,

*John F. Schutty*