AO 451 (Rev. 12/12)   Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ | ) | |
| *Defendant* | ) | |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgments entered by this court on *(date)* 03/28/2025 and 4/14/2025

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| IN RE: | : | <u>MEMORANDUM DECISION</u> |
|  | : | <u>AND ORDER</u> |
| TERRORIST ATTACKS ON | : |  |
| SEPTEMBER 11, 2001 | : | 03 MDL 1570 (GBD) (SN) |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

> *Accardi v. Islamic Republic of Iran*, No. 21-cv-06247
> *Alexander v. Islamic Republic of Iran*, No. 21-cv-03505 *Amin*
> *v. Islamic Republic of Iran*, No. 20-cv-00412 *Anderson v.*
> *Islamic Republic of Iran*, No. 20-cv-00354 *Betso v. Islamic*
> *Republic of Iran*, No. 21-cv-01394

GEORGE B. DANIELS, United States District Judge:

Certain *Accardi*, *Alexander*, *Amin*, *Anderson*, and *Betso* Plaintiffs moved for partial final

default judgment against Defendant Islamic Republic of Iran ("Iran") on behalf of Plaintiff victims

of the September 11, 2001 terrorist attacks (the "9/11 Attacks"). (Mot., ECF Nos. 9766, 9770,

9776, 9995.)[1] These Plaintiffs largely belong to two categories: (1) the estates of people who

developed chronic and ultimately fatal medical conditions after 9/11-related exposures ("Latent

Injury Decedents"); and (2) the immediate family members of those who died from these latent

injuries and illnesses linked to the 9/11 Attacks ("Surviving Family Members").

Before this Court is Magistrate Judge Sarah Netburn's February 28, 2025 Report and

Recommendation ("Report"), recommending that this Court: 1) grant the motions for partial

default judgment brought on behalf of the Latent Injury Decedents and awarding them pain and

suffering damages; 2) deny the motions for partial default judgment sought by the Surviving

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11
multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570
(GBD)(SN).

Family Members; 3) grant the motion for partial default judgment brought on behalf of 9/11 decedent Gene Maloy and awarding his estate $2,000,000 in pain and suffering damages and his spouse $12,500,000 in solatium damages; and 4) award Plaintiffs listed in Exhibits A, B, C, D, and E prejudgment interest at a rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment. (Report, ECF No. 10755, at 17; Order, ECF No. 10769.)  Because the *Accardi*, *Alexander*, and *Betso* Plaintiffs filed timely objections to the portions of the Report recommending denial of partial final default judgment by the Surviving Family Members, (Objs. ("Objections"), ECF No. 10803), this Court undertakes a *de novo* review of that portion of the Report.  The Court reviews the unobjected portions of the Report for clear error.  Having done so, this Court ADOPTS the Report in its entirety.

## I.    LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report.  28 U.S.C. § 636(b)(1)(C).  The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.  *Id.*  However, the district court need not conduct a *de novo* hearing on the matter.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).  Instead, it is sufficient that the district court "arrive at its own, independent conclusion."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error.  *See Edwards v. Fischer*, 414 F. Supp. 2d 34, 346–47 (S.D.N.Y. 2006) (citations omitted).  Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."  *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II.    MAGISTRATE JUDGE DID NOT ERR IN DETERMINING JURISDICTION, AND IRAN'S DEFAULT AND LIABILITY

The Court has both subject matter and personal jurisdiction over Iran under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and Iran defaulted. (*See* Report at 4–6.) Magistrate Judge Netburn correctly stated that Iran's liability must be evaluated under the six elements of 28 U.S.C. § 1605A(c): Plaintiffs must be (1) U.S. citizens or their personal representatives bringing claims (2) against a designated state sponsor of terrorism (3) that provided material support for (4) "an act of torture, extrajudicial killing, aircraft sabotage, or hostage taking" (5) causing (6) personal injury or death. (*Id.* at 6 (citing 28 U.S.C. § 1605A(a)(1),(c)).) Magistrate Judge Netburn also correctly determined that Plaintiffs' claims "easily meet five of these six elements," but that they must demonstrate "proximate cause[.]" (*Id.* at 7.)

### A. Latent Injury Decedents

The Latent Injury Decedents establish proximate cause through the "substantial factor" and "reasonable foreseeability" tests. (*Id.* at 8–10.) Representatives for decedents provided Victim Compensation Fund ("VCF") eligibility determination letters noting any illnesses triggered by the 9/11 Attacks, and affidavits attesting to death from the specified illnesses. (*See Accardi* Decl., ECF No. 9768; *Betso* Decl., ECF No. 9773; *Alexander* Decl., ECF No. 9778.) Furthermore, most decedents provided "Award Detail" letters from the VCF which demonstrate that a doctor found that the condition was caused by 9/11-related exposures and further, that the 9/11-related condition was the cause of death. (*Id.*) The evidence shows that Iran's actions were a "'substantial factor' in the sequence of events that led to'" the decedents' latent injuries. (*See* Report at 8–10 (citation omitted).) Further, this Court previously held that it was "'reasonably foreseeable' that, as a consequence of Iran's material support to al Qaeda for the 9/11 Attacks, the unsafe environment created by carcinogens from building materials and jet fuel would result in latent, and potentially

fatal, injuries." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-01570, 2023 WL 5109691 (S.D.N.Y. Aug. 9, 2023) ("Latent Injury I Opinion"), at *2. Thus, the Latent Injury Decedents have demonstrated proximate cause and are entitled to relief.

### B.  Surviving Family Members

### 1.    The Court's Previous Rulings

The causal link between Iran's actions and the Surviving Family Members' injuries, however, is far too attenuated.  Proximate cause requires a "direct relation between the injury asserted" and the alleged conduct. *Holmes v. Sec. Inv. Prot. Co.*, 503 U.S. 258, 268 (1992).  In the case of Surviving Family Members' injuries, this Court explained that "the chain of causation is far too long to constitute proximate cause." *Latent Injury I Opinion*, at *2.  Therefore, the Report correctly concluded that Surviving Family Members failed to establish proximate causation. (Report at 12.)

As Magistrate Judge Netburn noted, when evaluating the Surviving Family Members' requests for solatium damages from their immediate family members' latent injuries and illnesses, courts have looked to the discussion of common law Intentional Infliction of Emotional Distress ("IIED"). *Raanan v. Binance Holdings Ltd.*, No. 24-CV-697 (JGK), 2025 WL 605594, at *11 (S.D.N.Y. Feb. 25, 2025).  Under the elements for IIED claims in the Restatement (Second) of Torts, in order to grant their requests, the Court must find that "al Qaeda 'intentionally or recklessly caused' the injuries [the Surviving Family Members] suffered when their immediate family members died of a 9/11-related injury." (Report at 11.)  Such a finding would potentially create an indefinite scope of liability, allowing an unlimited class of indirect plaintiffs to make claims. *Latent Injury I Opinion*, at *2.  Therefore, the Court concludes, as it did before, that Iran is not liable to the Surviving Family Members for latent injuries.

## 2.    Surviving Family Members' Additional Arguments

The Surviving Family Members present three additional arguments in their instant motions. (*See* Mem. of Law in Support of Mot., ECF Nos. 9767, at 20–22; 9771, at 20–22; 9777, at 21–23.) First, they point directly to the terrorism exception under § 1605A, arguing that "family members of a decedent may recover solatium damages for 'the mental anguish, bereavement, and grief . . . as well as the harm caused by the loss of a decedent's society and comfort.'" (Mem. of Law in Support of Mot., ECF No. 9767 at 20 (quoting *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005)).) However, as the Report correctly noted, this Court has previously held that Plaintiffs failed to establish proximate causation under § 1605A, and their argument here does not alter this conclusion. (Report at 13, citing *Latent Injury I Opinion*, at *8.)

Secondly, the Surviving Family Members argue that "a VCF award of Non-Economic Losses to spouses and dependents of a deceased victim is akin to an award of solatium damages under FSIA §1605A." (Mem. of Law in Support of Mot., ECF Nos. 9767, at 20–21; 9777, at 21–23.) They further argue that the VCF draws no distinction between spouses and dependents of those who died in the 9/11 Attacks and those who died from latent injuries. (Mem. of Law in Support of Mot., ECF Nos. 9767, at 21; 9777, at 22.) Again, the Surviving Family Members run into the challenge of demonstrating causation. The VCF's criteria for providing compensations, different from the framework under § 1605A, do not persuade this Court to change its conclusion on this score.

Lastly, as to the Surviving Family Members' foreseeability argument, the Court previously adopted Magistrate Judge Netburn's opinion that "[e]ven if their injures were foreseeable," the chain of causation connecting Iran's actions to the Surviving Family Members' harms "is far too

long to constitute proximate cause." *Latent Injury I R&R*, at *8 (internal citation omitted); *Latent Injury I Opinion*, at *2. For the same reasons, the Court reject this argument as well.

### 3. Surviving Family Members' Objections

In their objections, Surviving Family Members argue that the Court's concern for creating a potentially unlimited class is not warranted because the class is strictly limited to immediate family members. (Objs. at 10.) Here, Surviving Family Members misunderstand Magistrate Judge Netburn's and the Court's reasoning. As the Court explained before, the concern for "indefinite scope of liability" stems from the ability of "indirect plaintiffs related to current and future latent injury decedents" to assert solatium damages. *Latent Injury I R&R*, at *2. Because latent injuries will continue occurring, the Court would not be able to cabin future liability multiple decades after the 9/11 Attacks. *See Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7, 15 (D.D.C. 2012) (it would be against Congress's intention for FSIA § 1605A(c) if plaintiffs born after the terrorist attacks could seek to recover decades after a terrorist attack).

Regarding foreseeability, Surviving Family Members cite facts of the severe health consequences suffered by victims who were exposed to the "environmental assault" resulting from the 9/11 Attacks. (Objs. at 11–12.) The Court recognizes the significant injuries to Latent Injury Decedents and the emotional harm to the Surviving Family Members, but the prevailing legal framework does not lead to a conclusion that the chain of causation is strong and direct enough for the Surviving Family Members to obtain solatium damages from the latent injuries suffered by the Latent Injury Decedents.

Lastly, Surviving Family Members argue that the VCF awards non-economic damages to dependents of Latent Injury Decedents, and the compensation will be "on account of personal physical conditions, physical injuries or death." (Objs. at 12–14.) This is not a new argument and

as Magistrate Judge Netburn explains, essentially agreeing with Surviving Family Members, that the VCF compensates "non-economic losses sustained by the victim, and the victim's spouse and dependents, *because of* the victim's death as a result of the September 11th aircraft crashes or subsequent debris removal." (Report at 14.) This fact alone does not support the conclusion that the 9/11 Attacks are a direct cause of the Surviving Family Members' emotional distress. Their long-term pain cannot be considered a direct result of the 9/11 Attacks.[2]

Therefore, because the Surviving Family Members' previous and new arguments failed to establish proximate causation, Iran is not liable for solatium damages requested by the Surviving Family Members. (Report at 15.)

## III. MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING PAIN AND SUFFERING DAMAGES FOR PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the 9/11 Attacks, which this Court adopted on February 14, 2020. (Report and Recommendation ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

---

[2] The Surviving Family Members also provide a different interpretation of *Kinsman Transit Co. v. City of Buffalo*, 388 F.2d 821. (2d Cir. 1968) and object to Magistrate Judge Netburn's reliance on this case. (Objs. at 15–16.) The Court adopts a de novo review of the portion of Magistrate Judge Netburn's decision denying the Surviving Family Members' claims and does not base its decision on *Kinsman* here. The Court does not need to consider the Surviving Family Members' argument that *Kinsman* is not applicable to their claims.

(Mem. Decision and Order, ECF No. 5946, at 3.)   In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what types of injuries this Court will typically consider to be "significant," "severe," or "devastating."  (Personal Injury Report at 6–9.)  Magistrate Judge Netburn reserves the Court's discretion to award further upward departures in what appears to be exceptional circumstances.  (*Id.* at 6.)

Here, Magistrate Judge Netburn properly applied this framework to the Latent Injury Decedents for their comparable injuries, awarding their estates awards of pain and suffering damages as set forth in Exhibits A, B, C, and E.  (Report at 16; Order, ECF No. 10769.)  The personal representatives of the Latent Injury Decedents submitted documentation and declarations wherein they extensively detailed the injuries sustained by the Latent Injury Decedents, establishing a causal link between the injuries and the 9/11 Attacks.  (*See Accardi* Decl.; *Betso* Decl.; *Alexander* Decl.) Each decedent identified in Exhibits A, B, C, and E of the Report suffered a latent injury triggered by the 9/11 Attacks.   Magistrate Judge Netburn did not err in recommending the baseline award for Latent Injury Decedents.  (Report at 16.)  Further, she appropriately found that Plaintiffs should also be awarded "prejudgment interest of 4.96 percent per annum, compounded annually from the period from September 11, 2001, until the date of judgment." (Report at 17.)

## IV.    9/11 DECEDENT GENE MALOY

Gene Maloy's estate seeks $2,000,000 in pain and suffering damages on his behalf, while his spouse seeks $12,500,000 million in solatium damages. (Mot., ECF No. 9776.)   This Court previously held in *Havlish I* that the "9/11 Attacks were caused by [Iran's] provision of material support to al Qaeda." *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570, (S.D.N.Y. Dec. 22, 2011) ("*Havlish I*") at *41.  Therefore, Magistrate Judge Netburn correctly concluded

that Iran is liable to Mr. Maloy. (Report at 16.) An award of $2,000,000 in pain and suffering damages to his estate and an award of $12,500,000 in solatium damages to his spouse are proper. (*Id.*)

## V.    *AMIN* AND *ANDERSON* PLAINTIFFS

Three *Amin* and *Anderson* estates have already secured liability judgments against Iran but were granted leave to refile because they lacked living personal representatives. (Report at 16–17 (citing *Latent Injury I R&R*, at \*10 (finding liability); Report and Recommendation, ECF No. 9216 (recommending denying their motions with leave to refile), *both adopted by Latent Injury I Opinion*).) Now that the *Amin* and *Anderson* estates have properly filed requests for damages and substituted new personal representatives, this Court awards them each $7,000,000 in pain and suffering damages.

## VI.    CONCLUSION

The motions for partial default judgment brought on behalf of the Latent Injury Decedents are GRANTED; the motions for partial default judgment brought by Surviving Family Members are DENIED; and the motion for partial default judgment brought on behalf of 9/11 decedent Gene Maloy is GRANTED. It is

**ORDERED** that partial default judgments are entered on behalf of the Latent Injury Decedents identified in Exhibits A, B, C, and E against Iran; and it is

**ORDERED** that a partial default judgment is entered against Iran on behalf of 9/11 Decedent Gene Maloy; and it is

**ORDERED** that Plaintiffs identified in Exhibits A, B, C, and E be awarded pain and suffering damages as set forth therein; and it is

**ORDERED** that the spouse of 9/11 Decedent Gene Maloy be awarded solatium damages as described in this Order; and it is

**ORDERED** that Plaintiffs receiving damages identified in Exhibits A, B, C, D, and E are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of judgment; and it is

**ORDERED** that Plaintiffs may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court.

The Clerk of the Court is directed to close the motions at:

- ECF Nos. 9766, 9770, 9776, and 9995 in 03-md-1570.

- ECF No. 64 in 21-cv-6247

- ECF No. 70 in 21-cv-1394

- ECF No. 74 in 21-cv-3505

- ECF No. 106 in 20-cv-0412

- ECF No. 100 in 20-cv-0354

Dated: March 27, 2025
New York, New York

SO ORDERED

GEORGE B. DANIELS
United States District Judge

# Exhibit A

| | | Personal Representative | | | 9/11 Decedent | | | | Nationality on 9/11 | Date of Death | 9/11 Site | Claim Information | | | Pain & Suffering Damages | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | | | | Case | Complaint | | Amount | |
| 1 | Jill Robin | | Accardi Mundy-Sutton | | William | | Mundy | | U.S. | 10/19/13 | | 21-cv-06247 | 21-cv-06247, 1 at 1 21-cv-06247, 1 at 4 | | $7,000,000 | Jill Accardi and Robin Mundy-Sutton are Co-Executors of William Mundy's Estate. |
| 2 | Matthew Robert Kristin | B. | Blair Blair Folberth | Jr. | Robert | | Blair | | U.S. | 12/6/17 | NY | 21-cv-06247 | 21-cv-06247, 1 at 1 21-cv-06247, 1 at 1 21-cv-06247, 1 at 2 | | $7,000,000 | Matthew B. Blair, Robert Blair, Jr., and Kristin Folberth are Co-Executors of Robert Blair's Estate. |
| 3 | Gloria | | Finegan | | Patrick | | Finegan | | U.S. | 11/7/14 | NY | 21-cv-06247 | 21-cv-06247, 1 at 2 | | $7,000,000 | |
| 4 | Denise | | Grossarth | | Glenn | | Grossarth | | U.S. | 12/3/16 | NY | 21-cv-06247 | 21-cv-06247, 1 at 2 | | $7,000,000 | |
| 5 | Caroline | | Lodewyks | | Matthew | | Lodewyks | | U.S. | 1/6/18 | NY | 21-cv-06247 | 21-cv-06247, 1 at 3 | | $7,000,000 | |
| 6 | Pamela | | Mahoney | | Kevin | P. | Mahoney | Sr. | U.S. | 2/15/18 | NY | 21-cv-06247 | 21-cv-06247, 1 at 3 | | $7,000,000 | |
| 7 | Michele | | McLean | | Hernan | | McLean | | U.S. | 11/12/09 | NY | 21-cv-06247 | 21-cv-06247, 1 at 4 | | $7,000,000 | |
| 8 | Doreen | | Morstatt | | Joseph | A | Morstatt | | U.S. | 3/5/16 | NY | 21-cv-06247 | 21-cv-06247, 1 at 4 | | $7,000,000 | |
| 9 | Kathleen | | Nerney | | Kevin | P | Nerney | | U.S. | 12/18/15 | NY | 21-cv-06247 | 21-cv-06247, 1 at 4 | | $7,000,000 | |
| 10 | Marian | | Pennachio | | James | | Lanza | | U.S. | 4/6/17 | NY | 21-cv-06247 | 21-cv-06247, 1 at 4 | | $7,000,000 | |
| 11 | Genevieve | | Sharp | | William | | Sharp | | U.S. | 3/26/17 | NY | 21-cv-06247 | 21-cv-06247, 1 at 5 | | $7,000,000 | |
| 12 | Josh | | Weismer | | Diane | | Pillersdorf | | U.S. | 5/1/12 | NY | 21-cv-06247 | 21-cv-06247, 1 at 5 | | $7,000,000 | |

# Exhibit B

| Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | Pain & Suffering Damages | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amount | Notes |
| 1 Evelyn | | Betso | | James | | Betso | | U.S. | 6/17/15 | NY | 21-cv-01394 | 21-cv-01394, 1 at 1 | $7,000,000 | |
| 2 Amy | L. | Bosche | | Christopher | | Bosche | | U.S. | 9/12/17 | NY | 21-cv-01394 | 21-cv-01394, 1 at 1 | $7,000,000 | Formerly Amy L. Christian |
| 3 Maria | | Castro-Morales | | Gregorio | | Morales | | U.S. | 7/30/16 | NY | 21-cv-01394 | 21-cv-01394, 1 at 1 | $7,000,000 | |
| 4 Paula | | Cohen | | Ronald | | Cohen | | U.S. | 11/25/14 | NY | 21-cv-01394 | 21-cv-01394, 1 at 1 | $7,000,000 | |
| 5 Maryrose | | DeNunzio | | James | | DeNunzio | | U.S. | 3/2/13 | NY | 21-cv-01394 | 21-cv-01394, 1 at 1 | $7,000,000 | |
| 6 Joanna | | Dixon-Reisman | | Steven | B. | Reisman | | U.S. | 6/1/14 | NY | 21-cv-01394 | 21-cv-01394, 1 at 2 | $7,000,000 | Claimant's name was misspelled as Johanna on the original complaint |
| 7 Karen | | Gaines | | Scott | N. | Gaines | | U.S. | 9/27/17 | NY | 21-cv-01394 | 21-cv-01394, 1 at 2 | $7,000,000 | |
| 8 Liam | | Greaney | | Thomas | | Greaney | | U.S. | 1/5/14 | NY | 21-cv-01394 | 21-cv-01394, 1 at 2 | $7,000,000 | |
| 9 Cheryl | | Hafner-Zawada | | Stephen | L. | Zawada | | U.S. | 11/23/12 | NY | 21-cv-01394 | 21-cv-01394, 1 at 2 | $7,000,000 | |
| 10 Sandra | | Heffernan | | James | | Heffernan | | U.S. | 12/1/13 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 11 Patricia | | Kalbouros | | Kevin | | Czatoryski | | U.S. | 12/5/10 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 12 Steven | | Lakeman | | Georgetta | | Lakeman | | U.S. | 11/17/16 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 13 Melissa | | Lawson | | Roger | C. | Steinert | | U.S. | 6/2/17 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 14 Bonnie | | Malloy | | Brian | C. | Malloy | | U.S. | 3/28/11 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 15 Stephen | | McCarey | | Eugene | | McCarey | | U.S. | 11/13/14 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 16 Jennifer | | McNamara | | John | F. | McNamara | | U.S. | 8/9/09 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |
| 17 Ari | | Meisel | | Elisabeth | | Temin | | U.S. | 2/14/11 | NY | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 18 Bessie | | Mercado | | David | | Mahmoud | | U.S. | 11/11/10 | NY | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 19 Lisa | | Quick | | William | | Quick | | U.S. | 1/18/11 | NY | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 20 Rosalie | | Ragucci | | Raymond | | Ragucci | | U.S. | 9/4/11 | NY | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 21 Tresa | | Roth | | Robert | M. | Roth | | U.S. | 3/16/08 | VA | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 22 Laura | | Runco | | Robert | | Runco | | U.S. | 12/20/14 | NY | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 23 Patricia | | Stines | | James | | Stines | | U.S. | 3/17/14 | NY | 21-cv-01394 | 21-cv-01394, 1 at 4 | $7,000,000 | |
| 24 Virginia | | Sullivan | | Lawrence | J. | Sullivan | | U.S. | 8/20/12 | NY | 21-cv-01394 | 21-cv-01394, 1 at 5 | $7,000,000 | |
| 25 Nakia | | Torres | | Walter | | Torres | | U.S. | 12/18/12 | NY | 21-cv-01394 | 21-cv-01394, 1 at 5 | $7,000,000 | |
| 26 Denise | | Trapani | | Franco | | Trapani | | U.S. | 12/4/10 | NY | 21-cv-01394 | 21-cv-01394, 1 at 5 | $7,000,000 | |
| 27 Katherine | | Ventriglia | | Robert | J. | Ventriglia | | U.S. | 11/2/10 | NY | 21-cv-01394 | 21-cv-01394, 1 at 5 | $7,000,000 | |

# Exhibit C

| Personal Representative | | | | 9/11 Decedent | | | | | Claim Information | | Pain & Suffering Damages | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amount | Notes |
| 1 Raymond | | Alexander | | Robert | | Alexander | U.S. | 8/14/17 | NY | 21-cv-03505 | 21-cv-03505, 5 at 1 | $7,000,000 | |
| 2 Robert | | Anderson | | Carl | P. | Anderson | U.S. | 8/26/14 | NY | 21-cv-03505 | 21-cv-03505, 5 at 1 | $7,000,000 | |
| 3 Lucia | | Aurello-Beauchamp | | Charles | | Aurello | U.S. | 6/22/18 | NY | 21-cv-03505 | 21-cv-03505, 5 at 1 | $7,000,000 | Listed as Lucia Beauchamp-Aurello in Complaint |
| 4 Gloria | | Browne-Marshall | | Ernest | | Marshall | U.S. | 12/5/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 1 | $7,000,000 | |
| 5 Anna | R. | Byrnes | | Kevin | R. | Byrnes | U.S. | 2/4/04 | NY | 21-cv-03505 | 21-cv-03505, 5 at 2 | $7,000,000 | |
| 6 Lawrence | M. | Byrnes | Jr. | Lawrence | M. | Byrnes | U.S. | 6/14/15 | NY | 21-cv-03505 | 21-cv-03505, 5 at 2 | $7,000,000 | |
| 7 Patricia | | Byrnes | | Joseph | L. | Battaglia | U.S. | 8/5/09 | NY | 21-cv-03505 | 21-cv-03505, 5 at 2 | $7,000,000 | |
| 8 Donna | | Canari | | John | | Canari | U.S. | 12/15/15 | NY | 21-cv-03505 | 21-cv-03505, 5 at 2 | $7,000,000 | |
| 9 June | Murphy | Carrozza | | Francis | | Carrozza | U.S. | 1/11/15 | NY | 21-cv-03505 | 21-cv-03505, 5 at 2 | $7,000,000 | |
| 10 Lynn | | Casey | | Peter | | Casey | U.S. | 7/3/13 | NY | 21-cv-03505 | 21-cv-03505, 5 at 3 | $7,000,000 | |
| 11 Jean | Marie | DeBiase | | Mark | | DeBiase | U.S. | 4/9/06 | NY | 21-cv-03505 | 21-cv-03505, 5 at 3 | $7,000,000 | |
| 12 Anne | | Dierking | | Ronald | | Wolken | U.S. | 3/4/17 | NY | 21-cv-03505 | 21-cv-03505, 5 at 4 | $7,000,000 | |
| 13 John | | Dimor | | Donna | | Hersh | U.S. | 8/7/11 | NY | 21-cv-03505 | 21-cv-03505, 5 at 4 | $7,000,000 | |
| 14 Mary | | Eikeseth | | Leif | Evan | Eikeseth | U.S. | 3/15/19 | NY | 21-cv-03505 | 21-cv-03505, 5 at 4 | $7,000,000 | |
| 15 Sara | Lea | Elarat | | Marcos | | Elarat | U.S. | 12/30/18 | NY | 21-cv-03505 | 21-cv-03505, 5 at 4 | $7,000,000 | |
| 16 Denise | | Flanagan | | Peter | | Flanagan | U.S. | 2/3/12 | NY | 21-cv-03505 | 21-cv-03505, 5 at 4 | $7,000,000 | |
| 17 Elizabeth | | Garcia Roman | | Richard | | Lopez | U.S. | 6/24/18 | NY | 21-cv-03505 | 21-cv-03505, 5 at 5 | $7,000,000 | |
| 18 Martha | | Gless | | Robert | | Gless | U.S. | 10/25/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 5 | $7,000,000 | |
| 19 Gwendolyn | | Hanlon | | Kevin | | Hanlon | U.S. | 8/25/17 | NY | 21-cv-03505 | 21-cv-03505, 5 at 5 | $7,000,000 | |
| 20 Lynn | | Hansell-Perkins | | Gary | | Perkins | U.S. | 6/19/19 | NY | 21-cv-03505 | 21-cv-03505, 5 at 5 | $7,000,000 | |
| 21 Barbara | | Hanson | | Harold | | Hanson | U.S. | 3/26/19 | NY | 21-cv-03505 | 21-cv-03505, 5 at 5 | $7,000,000 | |
| 22 Jody | | Hawkes | | Robert | | Hawkes | U.S. | 10/22/13 | NY | 21-cv-03505 | 21-cv-03505, 5 at 6 | $7,000,000 | |
| 23 Keisha | | Henderson | | Auriel | | Henderson | U.S. | 12/28/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 6 | $7,000,000 | |
| 24 Elizabeth | | Horne | | Cornell | | Horne | U.S. | 10/5/14 | NY | 21-cv-03505 | 21-cv-03505, 5 at 6 | $7,000,000 | |
| 25 Gresy | | Johnson | | Stephen | | Johnson | U.S. | 11/28/10 | NY | 21-cv-03505 | 21-cv-03505, 5 at 7 | $7,000,000 | |
| 26 Leigh | Anne | Jones | | Charles | | Jones | U.S. | 1/29/13 | NY | 21-cv-03505 | 21-cv-03505, 5 at 7 | $7,000,000 | |
| 27 Hillary | | Katzman | | Howard | | Katzman | U.S. | 4/27/14 | NY | 21-cv-03505 | 21-cv-03505, 5 at 7 | $7,000,000 | |
| 28 Joan | | Lalicata | | Salvatore | | Lalicata | U.S. | 1/14/17 | NY | 21-cv-03505 | 21-cv-03505, 5 at 7 | $7,000,000 | |
| 29 Winston | | Lewis | | Charles | | Williams | U.S. | 7/10/18 | NY | 21-cv-03505 | 21-cv-03505, 5 at 7 | $7,000,000 | |
| 30 Carolyn | | Mansberger | | James | | Mansberger | U.S. | 8/1/18 | NY | 21-cv-03505 | 21-cv-03505, 5 at 8 | $7,000,000 | |
| 31 Lee | Ann | Mazzillo | | Robert | B. | Mahon | U.S. | 4/8/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 8 | $7,000,000 | |
| 32 Jennifer | Lynn | Mendizza | | Rod | | Mendizza | U.S. | 11/1/18 | NY | 21-cv-03505 | 21-cv-03505, 5 at 9 | $7,000,000 | |

| 33 | Sheif | | Mesiha | | Karen | | Mesiha | U.S. | 12/12/15 | NY | 21-cv-03505 | 21-cv-03505, 5 at 9 | $7,000,000 | |
| 34 | Jean | | Meyerowitz | | Andrew | | Libo | U.S. | 10/25/11 | NY | 21-cv-03505 | 21-cv-03505, 5 at 9 | $7,000,000 | |
| 35 | Anna | | Murray | | Edward | | Murray | U.S. | 2/24/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 9 | $7,000,000 | |
| 36 | Margaret | | O'Hanlon | | Michael | | O'Hanlon | U.S. | 8/28/17 | NY | 21-cv-03505 | 21-cv-03505, 5 at 9 | $7,000,000 | |
| 37 | Chantal | | Paultre | | Jacques | | Paultre | U.S. | 6/24/08 | NY | 21-cv-03505 | 21-cv-03505, 5 at 10 | $7,000,000 | |
| 38 | Margaret | | Randazzo-Maloy | | Gene | Edward | Maloy | U.S. | 9/11/01 | NY | 21-cv-03505 | 21-cv-03505, 5 at 10 | $2,000,000 | The only Decedent killed in the 9/11 Terrorist Attacks. |
| 39 | Neelam | | Silhi | | Louis | G. | Bryan | U.S. | 11/7/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 10 | $7,000,000 | |
| 40 | Brittany | | Smith | | Daniel | G. | Smith | U.S. | 2/7/16 | NY | 21-cv-03505 | 21-cv-03505, 5 at 10 | $7,000,000 | |
| 41 | Jane | | Tuohy | | Joseph | | Tuohy | U.S. | 11/8/17 | NY | 21-cv-03505 | 21-cv-03505, 5 at 11 | $7,000,000 | |

# **<u>Exhibit D</u>**

| | Claimant | | | | | 9/11 Decedent | | | | | | Claim Information | | Solatium Damages | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Relationship | Amount | Notes |
| 1 | Margaret | | Randazzo-Maloy | | US | Gene | Edward | Maloy | US | 9/11/01 | NY | 21-cv-03505 | 21-cv-03505, 5 at 10 | Spouse | $ 12,500,000.00 | Spouse of 9/11 decedent |

# Exhibit E

Latent Injury Decedents - ECF No. 9995

| Personal Representative | | | | Claimant | | | | | | Claim Information | | | Pain & Suffering Damages | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | 9/11 Site | Case | Complaint | Amendments & Substitutions | Documentation | Amount | Notes |
| 1 Lauren | Ann | Fischer | | Michael | F. | Shipsey | | US | NY | 20cv00354 | 20cv00354,11 at 15 | 9992 | 8356, 8356-3, 8356-4, 8356-15 at 2 | $7,000,000 | R. & R. at ECF 8901, adopted at ECF 9274, recommended damages sought here, but death of prior Personal Representative required substitution and re-filing, see R. & R. at ECF 9216, adopted at ECF 9274. |
| 2 Florence | | Hoosein | | Rebecca | A. | Buck | | US | NY | 20cv00412 | 20cv00412, 13 at 11 | 9992 | 8375, 8375-3, 8375-4 at 8, 8375-13 at 6 | $7,000,000 | R. & R. at ECF 8901, adopted at ECF 9274, recommended damages sought here, but death of prior Personal Representative required substitution and re-filing, see R. & R. at ECF 9216, adopted at ECF 9274. |
| 3 a) Jill b) Robin | | a) Lynch b) Rossi | | Roberto | Carlo | Rossi | | US | NY | 20cv00412 | 20cv00412, 13 at 15 | 9992 | 8375, 8375-3, 8375-4 at 68, 8375-14 at 12 | $7,000,000 | R. & R. at ECF 8901, adopted at ECF 9274, recommended damages sought here, but death of prior Personal Representative required substitution and re-filing, see R. & R. at ECF 9216, adopted at ECF 9274. |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Accardi et al v. Islamic Republic of Iran,* Case No. 21-cv-06247
*Alexander et al v. Islamic Republic of Iran,* Case No. 21-cv-03505
*Betso et al v. Islamic Republic of Iran,* Case No. 21-cv-01394

### NOTICE OF PLAINTIFFS' RULE 60(a) MOTION TO CORRECT CLERICAL ERRORS IN EXHIBITS A, B AND C OF THE COURT'S MARCH 28, 2025 MEMORANDUM DECISION AND ORDER

The undersigned, as counsel for the Plaintiffs in the above-referenced actions, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 60(a), for an Order, amending Exhibits A, B and C of the Court's March 28, 2025 Memorandum Decision and Order (ECF No. 10813) ("March 28th Decision & Order") to correct the misspelling of certain names and the date of death of a 9/11 Decedent, listed therein.

Plaintiffs' counsel has discovered the following clerical errors in Exhibits A, B and C of the March 28th Decision & Order, which were carried over from Magistrate Judge Sarah Netburn's February 28, 2025 Report and Recommendation (ECF No. 10755):

1) In **Exhibit A, row "2"**, the first name of Personal Representative **Kristen Folberth** is misspelled "Kristin"; and

2) In **Exhibit B, row "11"**, the last name of 9/11 Decedent **Kevin Czartoryski** is misspelled "Czatoryski"; and

3) In **Exhibit C, row "7"**, the date of death of 9/11 Decedent **Joseph L. Battaglia** is **12/5/08**, and not "8/5/09" as listed; and

4) In **Exhibit C, row "11"**, the first name of Personal Representative **Jeanmarie DeBiase**

1

is listed incorrectly as first and middle name "Jean Marie"; and

5) In **Exhibit C, row "33"**, the first name of Personal Representative **Sherif Mesiha** is misspelled "Sheif."

These errors are the result of clerical mistakes from technical oversight or omission.

These clerical errors do not impact the validity of the March 28th Decision & Order. However, they may impact the ability of the aforesaid Personal Representatives whose names were misspelled, and of the Personal Representatives of the aforesaid 9/11 Decedent whose name was misspelled and of the 9/11 Decedent whose date of death was incorrectly listed, in Exhibits A, B, and C of the March 28th Decision & Order, to seek to enforce and collect on the judgments awarded, and to seek compensation from the U.S. Victims of State Sponsored Terrorism Fund.

The requested corrections are set forth in the exhibits annexed hereto as Exhibits A, B and C.

WHEREFORE, Plaintiffs respectfully request that the Court issue an Order amending Exhibits A, B and C of the March 28th Decision and Order as set forth above.

Dated: April 10, 2025
New York, New York

Respectfully submitted,

*Nicholas Papain*

Nicholas Papain, Esq.
Sullivan Papain Block McManus
Coffinas & Cannavo P.C.
120 Broadway, 27th Floor
New York, NY 10271
Phone: (212) 732-9000
COUNSEL FOR PLAINTIFFS
IN THE *ACCARDI, ALEXANDER,*
AND *BETSO* ACTIONS

---

The motion to amend is GRANTED. The Clerk of the Court is respectfully directed to close the motion at ECF No. 10853 in 03-md-10570.

Dated: New York, New York
April 14, 2025

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

2

Latent Injury Decedents - ECF No. 9766

| | Personal Representative | | | | 9/11 Decedent | | | | Nationality on 9/11 | Date of Death | 9/11 Site | Claim Information | | Pain & Suffering Damages | |
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | | | | Case | Complaint | Amount | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | Matthew Robert Kristen | B. | Blair Blair Folberth | Jr. | Robert | | Blair | | U.S. | 12/6/17 | NY | 21-cv-06247 | 21-cv-06247, 1 at 1 21-cv-06247, 1 at 1 21-cv-06247, 1 at 2 | $7,000,000 | Matthew B. Blair, Robert Blair, Jr., and Kristen Folberth are Co-Executors of Robert Blair's Estate. |

Latent Injury Decedents - ECF No. 9770

| | Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | Pain & Suffering Damages | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amount | Notes |
| 11 | Patricia | | Kalbouros | | Kevin | | Czartoryski | | U.S. | 12/5/10 | NY | 21-cv-01394 | 21-cv-01394, 1 at 3 | $7,000,000 | |

Latent Injury Decedents - ECF No. 9776

| | Personal Representative | | | | 9/11 Decedent | | | | | | Claim Information | | Pain & Suffering Damages | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amount | Notes |
| 7 | Patricia | | Byrnes | | Joseph | L. | Battaglia | U.S. | 12/5/08 | NY | 21-cv-03505 | 21-cv-03505, 5 at 2 | $7,000,000 | |
| 11 | Jeanmarie | | DeBiase | | Mark | | DeBiase | U.S. | 4/9/06 | NY | 21-cv-03505 | 21-cv-03505, 5 at 3 | $7,000,000 | |
| 33 | Sherif | | Mesiha | | Karen | | Mesiha | U.S. | 12/12/15 | NY | 21-cv-03505 | 21-cv-03505, 5 at 9 | $7,000,000 | |