# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

February 17, 2026                                                                                           Via ECF

Honorable Sarah Netburn, U.S. District Court Magistrate Judge

    Re:    *In re Terrorist Attacks on September 11, 2001,*
            MDL No. 03-MDL-1570 (GBD) (SN)
            *Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977
            <u>Motions for Final Judgments Against the Islamic Republic of Iran</u>

Your Honor:

I write in response to Your Honor's Order dated February 13, 2026 (MDL ECF #11730), which appears to promise Fed. R. Civ. P. 54(b) certifications to many compensatory damage awards previously entered against the Islamic Republic of Iran.

I call the Court's attention to an ambiguity in the Court's Order – it asks plaintiffs to identify "(1) date filed for the certification request; (2) ECF number for the certification request." An undeniable fact: the plaintiffs who have already filed Form AO 451s have *not* previously sought Rule 54(b) certifications. The Form AO 451s previously filed sought merely "certifications" by the Clerk that partial final judgments had been entered by the Court, a distinctly different request than a Rule 54(b) certification request to Your Honor. The assumption that can be drawn from Your Honor's Order is that the Court will now treat the AO 451s as a *dual* request for certification – one to the Court for a Rule 54(b) certification and one to the Court Clerk for judgment registration. Are we now to treat the requested "date filed for certification" as the date the AO 451 was filed? Is the Court treating the AO 451s as requests for Rule 54(b) certifications?

Here is the problem I perceive in this process – ***the AO 451s require the Clerk to certify, among other things, that "the time for appeal has expired, and no appeal has been filed, or if one was filed, it is no longer pending."*** This Court has yet to enter a Rule 54(b) certification as to any of the compensatory awards that the PEC seeks to be registered by the Court Clerk. If this Court should enter an Order granting Rule 54(b) certifications as early as next week (following a filing of an excel spreadsheet by the PEC this Friday), any plaintiff opposing prior Orders relating to compensatory damage awards against Iran should have thirty (30) days to appeal these Rule 54(b) certifications, ***so that the Court Clerk cannot provide the AO 451 certifications requested (a certification that "the time for appeal has expired")***. And it would be unfair to any plaintiff seeking appeal from the prior Iran liability Orders for this Court to enter a Rule 54(b) certification *nunc pro tunc* to some past event, as that would also deprive a right to appeal such Orders long ago entered. In any event, the Clerk of Court will not be empowered to issue any AO 451s until at least thirty-one days after any compensatory damage awards are deemed "final" under Rule 54(b) and the Clerk should be so instructed.

Honorable Sarah Netburn
February 17, 2026, Page 2

My office has filed three separate motions requesting final judgments against Iran (with awards of prejudgment interest): MDL ECF #11487-11490 (*Ashton* motion), MDL ECF #11713-11715 (*Burnett* motion) and MDL ECF #11717-11719 (*O'Neill* motion).  We respectfully ask that this Court to grant these motions based on the waiver of punitive damages by these clients, as we are simply asking for Orders directing the Clerk of Court to calculate prejudgment interest on prior awards and enter Judgment.  Among other things, these final judgments will provide a date certain for filing a notice of appeal from all prior Orders relating to Iran's liability.

Thus, I respectfully ask that these three motions be granted without further delay.  My clients seek finality against Iran, and our intended appeal will prevent the Court Clerk from issuing any AO 451s until our appeal is resolved.

We look forward to hearing from Your Honor.

Sincerely yours,

*John F. Schutty*