# EXHIBIT D



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

April 10, 2025

***By Electronic Mail***
Sean P. Carter, Esq.
Cozen O'Connor

Robert T. Haefele, Esq.
Motley Rice LLC

Steven R. Pounian, Esq.
Andrew J. Maloney III, Esq.
James Gavin Simpson, Esq.
Kreindler & Kreindler LLP

      Re: *In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
         Objections to Subpoenas to CIA, FBI, USMS, and State

Dear Counsel:

  In accordance with Fed. R. Civ. P. 45(d)(2)(B), this letter sets forth objections to the subpoenas (the "Subpoenas") served on the Central Intelligence Agency ("CIA"), Federal Bureau of Investigation ("FBI"), U.S. Marshals Service ("USMS") and Department of State ("State") (collectively, the "Agencies") on various dates in March 2025. As discussed below, the Agencies object to the Subpoenas as currently drafted. The Agencies request that you narrow the Subpoenas substantially and provide additional information to allow the Agencies to evaluate your document requests under their respective *Touhy* regulations.

***The Subpoenas and Associated Touhy Requests***

  The Subpoena and associated *Touhy* request to FBI seek 14 categories of records and information:

    (1) Sudanese Mukhabarat's intelligence file(s) concerning Osama bin Laden and al Qaeda allegedly provided to the FBI and/or CIA by the government of Sudan in or around 2001;

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 2

> (2) All documents concerning interviews of al Qaeda members and other individuals conducted by the FBI in Sudan and elsewhere, as allegedly arranged by Sudanese intelligence, including but not limited to three identified individuals[1];
>
> (3)-(4) All documents concerning Jamal Ahmed al Fadl, including all documents concerning 28 hours of videotaped interviews of al Fadl;
>
> (5)-(6) All documents concerning three specific individuals identified as al Qaeda members and financial officers.[2]
>
> (7)-(8) All documents concerning at least 23 "Al-Qaeda-controlled businesses," and any association between Osama bin Laden, al Qaeda, or the Al-Qaeda-controlled businesses and at least 11 banks operating in Sudan during the 1990s;
>
> (9) All documents concerning the issuance of government documents by the Republic of Sudan and/or the National Islamic Front to Osama bin Laden and members of al Qaeda;
>
> (10)-(13) All documents concerning the U.S. government's investigation of the New York City "Landmark Plot," thwarted in June 1993, and the alleged involvement in the Landmark Plot of the Sudanese Mission to the United Nations, two individuals identified as Sudanese intelligence officers,[3] and an individual identified as a co-conspirator/cooperating witness[4]; and
>
> (14) Ten FBI reports cited in the footnotes to *The 9/11 Commission Report*.

FBI Subpoena, Att. A § 2; *see also* FBI *Touhy* Request, App. A.

The Subpoena and associated *Touhy* request to USMS seek the same records regarding al Fadl that are requested in categories (3)-(4) of the FBI Subpoena. USMS Subpoena, Att. A § II; *see also* USMS *Touhy* Request, App. A.

The Subpoena to CIA seeks the same or similar records that are requested in categories (1), (3), and (5)-(13) of the FBI Subpoena. CIA Subpoena, Att. A § II, Nos. 2, 6, 8-13. The CIA Subpoena also seeks several additional categories of records:

---

[1] Mohammed Loay Bayazid, Mubarak al Douri, and the manager of Al Shamal Bank.
[2] Saidi Madani al Tayyib, Abu Hammam al Saudi, and Mustafa Ahmad Uthman Abu al Yazid.
[3] Siraj Yousif and Ahmed Yousef Mohamed.
[4] Siddig Ibrahim Siddig Ali.

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 3

> (1) All documents concerning the U.S. government's designation of the Republic of Sudan as a State Sponsor of Terrorism on August 12, 1993; and the U.S. government's subsequent assessments and determinations that Sudan should remain on the State Sponsor of Terrorism List through December 14, 2020.
>
> (3)-(5) All documents supporting certain CIA "assessment[s]" in certain documents;
>
> (7) All documents concerning terrorist training camps established and operating in Sudan during the 1990s under the control and oversight of Osama bin Laden, al Qaeda, the NIF, Sudanese intelligence and/or the Sudanese military, including but not limited to seven identified camps; and
>
> (14)-(15) 26 CIA reports, cables, memoranda, or other documents cited in *The 9/11 Commission Report* or otherwise identified in the CIA Subpoena.

CIA Subpoena, Att. A § II, Nos. 1, 3-5, 7, 14-15.

The Subpoena and associated *Touhy* Request to State seek the same or similar records that are requested in categories (3), and (5)-(13) of the FBI Subpoena and categories (1) and (7) of the CIA Subpoena. State Subpoena, Att. A § II, Nos. 1, 4-11; *see also* State *Touhy* Request, App. A. The State Subpoena and *Touhy* request also seek:

> (2)-(3) All documents supporting certain State Department "assessments" in certain documents; and
>
> (12)-(13) 21 State Department diplomatic cables, reports, or memoranda cited in *The 9/11 Commission Report* or otherwise identified in the State Subpoena.

State Subpoena, Att. A § II, Nos. 2-3, 12-13; *see also* State *Touhy* Request, App. A.

***Objections and Requests for Additional Information***

The Agencies are evaluating the Subpoenas and accompanying *Touhy* requests in accordance with their respective *Touhy* regulations. *See* 28 C.F.R. §§ 16.21-16.29 (Department of Justice, of which FBI and USMS are components); 32 C.F.R. §§ 1905.1-1905.4 (CIA); 22 C.F.R. §§ 172.1-172.9 (State). Based upon their preliminary review of the Subpoenas and *Touhy* requests, the Agencies set forth the following objections and request the following additional information.

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 4

*Relevance and Proportionality*

Your *Touhy* requests to FBI, USMS, and State assert that the requested documents "are highly relevant to the litigation, and particularly regarding the claims against Sudan." FBI Request at 2; USMS Request at 2; State Request at 2. You state that the requested documents "concern matters directly relevant to the claims set forth in Plaintiffs' complaints (MDL ECF Nos. 6537, 6539)," "including but not limited to" six subject matters:

> Sudan and the [NIF's] provision of financial, material, logistical, and other support to Osama bin Laden and al Qaeda while they were afforded safe haven in Sudan between 1991-1995; (ii) the establishment and operation of terrorist training camps in Sudan under the control and oversight of Osama bin Laden, al Qaeda, the NIF, Sudanese intelligence, and the Sudanese military; (iii) the establishment and operation of al Qaeda controlled businesses in Sudan; (iv) the use of Sudanese banks by Osama bin Laden, members of al Qaeda, and al Qaeda controlled businesses; (v) Sudan and the NIF's role in the [Landmark Plot]; and (vi) Sudan and the NIF's continuing support for Osama bin Laden and al Qaeda following their departure from Sudan in 1996.

FBI Request at 2; USMS Request at 2; State Request at 2.

However, the *Touhy* requests do not correlate the categories of documents sought in the Subpoenas with the subject matters that you contend are relevant, nor explain why you believe that those categories of documents are likely to shed light on the identified subject matters. It is also unclear how some of the subject matters you identify in the *Touhy* requests are relevant to Plaintiffs' claims against Sudan or proportional to the needs of the case. For example, it is not readily apparent how the establishment and operation of the al Qaeda controlled businesses in Sudan, the use of Sudanese banks by Osama bin Laden, members of al Qaeda, or the al Qaeda controlled businesses, or the operation of terrorist training camps by Osama bin Laden or al Qaeda are relevant to Plaintiffs' claims against Sudan itself. Nor is it readily apparent how certain individuals

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 5

about whom you seek records,[5] or certain specific records requested in the Subpoenas,[6] relate to Plaintiffs' claims against Sudan.

Even if some records within the various categories of the Subpoenas may be relevant to Plaintiffs' claims, the Subpoenas are manifestly overbroad and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (proportionality inquiry considers, among other factors, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit"). The Subpoenas seek "[a]ll documents concerning" numerous individuals, entities, investigations and other matters, in most cases without any date restriction or limitation to information involving the Sudanese government or its support for al Qaeda. For example, we note that the Landmark Plot was not an al Qaeda plot, and thus its relevance to Plaintiffs' claims against Sudan is limited at best. The requests to multiple agencies for "[a]ll documents concerning the U.S. government's investigation" of the Landmark Plot thus appear to be massively overbroad and disproportionate to the needs of the case.

In addition, many of the requests are duplicative. For example, many of the documents requested from the FBI are also requested from the CIA, State, and/or USMS. In fact, the Subpoena to the USMS seeks the same records regarding al Fadl that are sought in categories (3)-(4) of the FBI Subpoena. While the USMS may have custodial or security-related records that FBI would not have, such records would have no bearing on Plaintiffs' claims against Sudan.

For all these reasons, the Agencies object to the Subpoenas as currently framed, as they seek records and information that are not relevant or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also* 28 C.F.R. § 16.26(a)(1); 22 C.F.R. § 172.8(a); 32 C.F.R. § 1905.4(c)(2). The Agencies request that you substantially narrow the Subpoenas to focus on information that is truly relevant to Plaintiffs' claims against Sudan and proportional to the needs of the case.

---

[5] Based on a preliminary review of the Subpoenas and associated *Touhy* requests, it is unclear how the following individuals relate to the Sudanese government or Plaintiffs' claims against Sudan: Jamal al Fadl (FBI items 3-4; CIA item 6; State item 5); Yassin Qadi (CIA item 3(a)); Adil Batarji (CIA item 3(a)); Saeed Ahmed Lootah (FBI item 5; CIA items 3(b), 4(a)-(c), 5); Saidi Madani Al-Tayyib (FBI item 5; CIA items 4(a), 6; State item 5); Abu Hammam al Saudi (FBI item 6; CIA item 6; State item 5); Mustafa Ahmad Uthman Abu al Yazid (FBI item 6; CIA item 6; State item 5); Mohammed Loay Bayazid (FBI item 2); Mubarak al Douri (FBI item 2); L'Houssaine Kherchtou (FBI item 14(h)); Tawfiq Muhammad Bin Salah Bin Rushayd Bin Attash (CIA item 14(h)); and Mamdouh Mahmud Salim (State item 12(n)).

[6] Based on a preliminary review of their titles and any associated citations to *The 9/11 Commission Report*, it is unclear how the following documents relate to the Sudanese government or Plaintiffs' claims against Sudan: FBI items 14(a)-(f), (h)-(j); CIA items 14(b)-(l), 15(b)-(c), (i)-(l), (n), (p)-(z); and State items 12(g), 12(i)-(l), 12(n)-(p), 13(c)-(e).

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 6

To enable further evaluation of the relevance and proportionality of your document requests, the Agencies also request that you provide a more detailed explanation of why the specific records and categories of records you are requesting are relevant to Plaintiffs' claims against Sudan. This should include an explanation of why you believe the particular individuals, entities (*e.g.*, the identified businesses and banks), and training camps about which you seek records are likely to be relevant to Plaintiffs' claims against Sudan, beyond the fact that they may have operated in Sudan during the relevant time period. To the extent the requested documents or categories of documents pertain to specific factual allegations in the operative complaints or relevant court decisions, we request that you identify those paragraphs or passages and explain how. In addition, to the extent your document requests refer to specific government records (*e.g.*, FBI items 3 n.4, 14; CIA items 3-5 & n.2, 14-15; State items 2-3, 12-13), please provide us with any copies of these records that you may have obtained (*e.g.*, under FOIA, in response to prior *Touhy* requests, or from a public source) to the extent you have not already attached them as exhibits. If you have not previously obtained copies of these records, please identify the source of your citation to the records to the extent not already provided (*e.g.*, for records cited in *The 9/11 Commission Report*).

*Undue Burden*

The Agencies also object to the Subpoenas because, as currently framed, they would impose an undue burden on the Agencies, which are not parties to the litigation, *see* Fed. R. Civ. P. 45(d)(3)(A)(iv); Fed. R. Civ. P. 26(b)(1), and fail to allow an adequate time to comply, *see* Fed. R. Civ. P. 45(d)(3)(A)(i). *See also* 28 C.F.R. § 16.26(a)(1); 22 C.F.R. § 172.8(a); 32 C.F.R. §§ 1905.4(c)(2), 1905.4(c)(3)(vi). For these additional reasons, the Agencies request that you substantially narrow the Subpoenas.

As noted above, the Subpoenas are overbroad and extremely burdensome. Among other records, you request multiple Agencies to produce "[a]ll documents concerning"

- multiple individuals (FBI items 3, 5-6; CIA item 6; State item 5; USMS item 1),
- at least 23 "Al-Qaeda-controlled businesses" (FBI item 7; CIA item 8; State item 6),
- any association between Osama bin Laden, al Qaeda, and the Al-Qaeda-controlled businesses and at least 11 banks operating in Sudan during the 1990s (FBI item 8; CIA item 9; State item 7),
- any terrorist training camps established and operating in Sudan during the 1990s under the control and oversight of Osama bin Laden, al Qaeda, the NIF, Sudanese intelligence, and/or the Sudanese military (CIA item 7; State item 4);

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 7

- the issuance of any government documents by the Republic of Sudan to Osama bin Laden and members of al Qaeda (FBI item 9; CIA item 10; State item 8);
- the U.S. government's investigation of the Landmark Plot (FBI items 10-13; CIA items 11-13; State items 9-11); and
- the U.S. government's designation of Sudan as a State Sponsor of Terrorism (CIA item 1; State item 1).

It would take an enormous amount of time and resources for the Agencies to attempt to locate all documents in such broad categories. Indeed, the broad nature of these requests would make it impossible to conduct narrowly targeted searches, meaning that a likely voluminous amount of material would need to be reviewed just to identify any responsive material that may exist.

The burdens of complying with the Subpoenas are compounded by the fact that the vast majority of the requested records were created decades ago. As a result, many responsive records are very likely not available in electronic form, are very likely archived in off-site locations, or may otherwise be difficult if not impossible to locate with reasonable effort. And for nearly all of the document requests, no date limitation is provided, even though the relevant time period of Plaintiffs' claims would have ended shortly after September 11, 2001.

The burdens of complying with the Subpoenas are exacerbated by the vague, ambiguous and expansive wording of the requests. For example, to the extent the Subpoenas seek documents that "concern" or "relate" to individuals, entities, investigations, or other matters, but do not explicitly refer to them, it would be unduly burdensome—and likely impossible—to identify responsive records. Similarly, to the extent you seek "all documents supporting" particular assessments by CIA or State, it would be unduly burdensome—and likely impossible—to identify such supporting documents unless they are attached to or cited in the documents containing the assessments.

The burdens of complying with the Subpoenas extend beyond the difficulties in searching for and identifying records responsive to the broad categories. Once responsive records are identified, they will need to be reviewed to identify information that is classified, privileged, or otherwise protected from disclosure. As we know from Plaintiffs' prior *Touhy* requests in this case, this is a painstaking and time-consuming process that often requires inter-agency consultation and coordination.

For all these reasons, the Subpoenas are unduly burdensome, and there is no reasonable possibility that the requested records could be produced by April 17, 21, or 25, 2025, the return dates set forth in the respective Subpoenas, or any certain time frame.

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 8

*Classified, Privileged, and Otherwise Protected Information*

On their face, the Subpoenas seek a wide range of information that is likely to be classified, privileged, or otherwise protected from disclosure under the Agencies' respective *Touhy* regulations and substantive law.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii); *see also* 28 C.F.R. §§ 16.26(a)(2), (b); 22 C.F.R. §§ 172.8(a)(2), (b); 32 C.F.R. §§ 1905.4(c)(1)-(3).  This includes information that is:

- currently and properly classified pursuant to Executive Order 13,526;
- protected by an applicable privilege, including but not limited to the law enforcement, informant, deliberative process, attorney-client, and work product privileges;
- protected from disclosure by statute, rule of procedure, regulation, or Executive Order, including but not limited to the National Security Act, 50 U.S.C. § 3001 *et seq.*, the Central Intelligence Agency Act, 50 U.S.C. 3501 *et seq.*, the Bank Secrecy Act, 12 U.S.C. § 3401 *et seq.*; the Privacy Act, 5 U.S.C. § 552a; the income tax laws, 26 U.S.C. §§ 6103, 7213; 8 U.S.C. § 1202(f); 18 U.S.C. § 3521; and Federal Rule of Criminal Procedure 6(e).

The Agencies object to the Subpoenas to the extent they seek such classified, privileged, or otherwise protected information.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).  Due to the breadth of the Subpoenas, it would be unduly burdensome for the Agencies to identify all the potential privileges, statutes, rules, regulations, or Executive Orders that may apply to specific information in the requested documents.  The Agencies reserve the right to assert any and all privileges or other protections from disclosure that may be applicable to particular documents or categories of documents.

While the Agencies acknowledge the policy set forth in Section 1 of Executive Order 14040, the documents sought in the Subpoenas do not appear to fall within the scope of the records subject to declassification review in that Order.  Moreover, as you are aware, the declassification review process is extremely painstaking and time-intensive.  To the extent you are asking for declassification review of records in the spirit of Executive Order 14040, it is all the more essential that you substantially narrow the scope of the requested records.

*Other Objections and Reservations of Rights*

In addition to the objections outlined above, the Agencies object to the instructions included with the Subpoenas to the extent they exceed the authority provided

*In re Terrorist Attacks*, 03 MDL 1570 (GBD) (SN)
Subpoenas to CIA, FBI, State, and USMS
Page 9

in Rule 45, the Local Civil Rules of this District, or the Individual Rules or Orders of Judges Daniels or Netburn.

    Moreover, due to the breadth of the Subpoenas, it would be unduly burdensome for the Agencies to identify all the objections that may apply to specific information in the requested documents. The Agencies reserve the right to assert any and all objections that may be applicable, and they reserve all rights and defenses under their respective *Touhy* regulations, the Federal Rules of Civil Procedure, and federal law. This letter does not constitute a decision under the Agencies' respective *Touhy* regulations.

* * *

    Please feel free to contact me if you have any questions concerning this letter. The Agencies look forward to your response to the requests for additional information and narrowing of the Subpoenas.

    Very truly yours,

    MATTHEW PODOLSKY
    Acting United States Attorney for the
    Southern District of New York

By:   */s/ Sarah S. Normand*
    SARAH S. NORMAND
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel. (212) 637-2709
    sarah.normand@usdoj.gov