# EXHIBIT G

# MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y)

**VIA EMAIL**

July 23, 2025

Jean-David Barnea, Assistant U.S. Attorney
Office of the United States Attorney for the
Southern District of New York
86 Chambers Street
New York, NY 10007

    RE:    *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear J.D.:

    Please let us know when you are available to continue our meet and confer discussions in advance of the status letter due to the Court next week. We are available Friday, July 25 at 10am, or Monday July 28 at 10am. Following is an overview of the major points we would like to discuss with you.

    Plaintiffs' requests for Sudan documents from U.S. government agencies are of extraordinary and unique importance. Not only is this litigation of enormous public interest, but Sudan advised the Court and Plaintiffs that its responsive documents had been destroyed and that it would not produce any of its contemporaneous materials in response to Plaintiffs' requests. Judge Netburn suggested that the U.S. government was a likely alternative repository for at least some of Sudan's documents. The Court instructed Plaintiffs to leave no stone unturned in their efforts to recover what was available.

    For one example, as to the responsive documents that Sudan previously sent to U.S. agencies, the government should search for and produce those documents. We are concerned that the government may be invoking its routine privileges for documents received from a foreign country. Such privileges, however, should have no application here, where Sudan itself is obligated to produce the documents in question, yet claims that the documents have been destroyed. If the government has any question on this point, Sudan itself can consent to production and/or we can obtain an Order from the Court.

    Plaintiffs cannot agree to the CIA's claims of blanket immunity from discovery other than for records which have already been publicly identified (for example, in the decades old 9/11 Commission Report). These claims have no legal basis. The CIA's apparent refusal to search for any documents responsive to Requests Nos. 1–13 is not acceptable.

    Plaintiffs also cannot agree to your proposal as to other Agencies, including the FBI, to limit the government's searches to indexes rather than a proper search of the documents themselves. We have no confidence that a process of index searches will identify any responsive documents. Indeed, you acknowledged the limitations of searching an index because the entries

Jean-David Barnea
July 23, 2025
Page | 2

are not uniform; their content and usefulness depend on how items were labeled; and many files have vague or incomplete indexing. For example, if the index lists "302s" as a file's contents, any index-based search for responsive documents will come up empty. You also turned down our suggestion that the government produce the indexes for the Plaintiffs to review.

We understand that you have advised us that many of the documents are difficult to search because they are in paper form. But the government should be able to identify the specific file locations at each Agency that are most likely to contain the responsive documents. Those Sudan-related files could be searched by hand or digitized and searched. You did not share with us the volume of the files at issue here but we know from past cases that the government is regularly capable of conducting searches and production from huge files containing many thousands of pages of documents. The unique circumstances here demand such a commitment on your part.

We also need to discuss the files at each Agency that may be searched by electronic means, including the FBI's Sentinel system. We remain uncertain as to the universe of documents that are in electronic form. You acknowledged that some older documents that predated the electronic systems were likely scanned (for one example, older documents pulled for the 9/11 Commission).

As to the searches that will be conducted, we need to discuss a plan for search terms. Plaintiffs do not agree to the FBI's refusal to search for Landmark Plot co-conspirators and witnesses unless they are identified as Sudanese government officials. This constraint excludes key Sudanese nationals known to have played critical roles in terrorist planning and execution, such as Siddig Ibrahim Siddig Ali (whose leadership role in the Landmark Plot is well-documented and includes cooperation with the U.S. government), and Omar Abdel Rahman (whose participation in the Landmark Plot is a central issue). Plaintiffs are prepared to work with the DOJ to define search terms to tailor the inquiry and minimize overbreadth.

As to Plaintiffs' discovery regarding Jamal Al-Fadl, we reiterate our request for production of the videos of his interviews and testimony.

We look forward to hearing from you and working together to define our areas of agreement (and disagreement) in advance of our report to the Court.

Respectfully,

| COZEN O'CONNOR | MOTLEY RICE LLC |
|---|---|
| By: /s/ Sean P. Carter | By: /s/ Robert T. Haefele |
| SEAN P. CARTER | ROBERT T. HAEFELE |
| 1650 Market Street, Suite 2800 | 28 Bridgeside Boulevard |
| Philadelphia, Pennsylvania 19103 | Mount Pleasant, SC 29465 |
| Tel.: (215) 665-2105 | Tel.: (843) 216-9184 |
| Email: scarter1@cozen.com | Email: rhaefele@motleyrice.com |
| *For the Plaintiffs' Executive Committees* | *For the Plaintiffs' Executive Committees* |

Jean-David Barnea
July 23, 2025
Page | 3

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
ANDREW J. MALONEY, III
JAMES GAVIN SIMPSON
485 Lexington Avenue
New York, New York 10017
Tel.: 212-687-8181
Email: spounian@kreindler.com

*For the Ashton Plaintiffs*

LEGAL\79167215\1