**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: <u>MOTION TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. § 1610(c)</u>

:

: 03 MDL 1570 (GBD) (FM)

:
------------------------------------------------------------------x

This Document Relates to
<u>Maher, et al. v. Iran, et al.</u>
1:20-cv-00266 (GBD)(SN)

      Certain of the *Maher* Plaintiffs, specifically, Katherine Maher as Personal Representative of the Estate of 9/11 decedent Daniel L. Maher, Katherine Maher in her own right as spouse of 9/11 decedent Daniel L. Maher, Joseph F. Maher, a child of 9/11 decedent Daniel L. Maher, and Daniel R. Maher, a child of 9/11 decedent Daniel L. Maher, hereinafter collectively the "Maher Family Plaintiffs," through counsel, hereby respectfully submit this Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on approximately 127,271 Bitcoin, and all proceeds traceable thereto (the "Bitcoin Assets"), and in support thereof, aver the following:

      1.    The Maher Family Plaintiffs have valid unsatisfied judgments in the above-referenced case in the above-captioned multi-district litigation, *Maher, et al. v. Iran, et al.* 1:20-cv-00266 (GBD)(SN) against the Defendant Islamic Republic of Iran ("Iran").

      2.    Defendant Iran received sufficient notice of each of the *Maher* judgments and a reasonable period of time has passed after such notices.

      3.    The Bitcoin Assets are assets of an agency or instrumentality of Iran and are currently held by the U.S. Government.

4. The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

5. The Maher Family Plaintiffs seek specific Court approval to attach and execute on the Bitcoin Assets that are or were formerly property of the Iran and China Investment Development Group ("Iran-China Group").

6. The Iran-China Group, doing business on the blockchain as "Lubian.com" or "LuBian," is an agency or instrumentality of Iran that has materially supported that country's efforts to evade Western sanctions by mining cryptocurrency in Iran. Through this scheme, Iran converts sanctioned Iranian oil and gas into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems. LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran, to assist that country's longstanding efforts to evade U.S. sanctions.

7. The Maher Family Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group.

8. Accordingly, the Maher Family Plaintiffs hereby seek to assert their superior interest in the Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding compensatory damages, plus post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

Partial Final Judgments of the Maher Family Plaintiffs

9. On August 31, 2015, a liability judgment against Iran was entered on behalf of all of the Maher Family Plaintiffs, who were then plaintiffs in *Bauer, et al. v. al Qaeda Islamic Army,*

*et al.*, 02-cv-7236 (GBD) (FM), consolidated with *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD) (FM).  MDL Doc. No. 3014.

10.  On March 8, 2016, this Court awarded the Estate of Daniel L. Maher compensatory damages for conscious pain and suffering in an order entered in *Ashton*.  MDL Doc. No. 3326.

11.  On October 31, 2016, in *Bauer/Ashton*, this Court awarded solatium and prejudgment interest compensatory damages to Katherine Maher in her own right as spouse of 9/11 decedent Daniel L. Maher, Joseph F. Maher, a child of 9/11 decedent Daniel L. Maher, and Daniel R. Maher, a child of 9/11 decedent Daniel L. Maher (hereinafter referred to collectively as the "Surviving Maher Family Plaintiffs").  "*Bauer II*," *Bauer* Doc. No. 20; MDL Doc. No. 3387.

12.  This Court ordered all judgments, orders, and remaining claims by, *inter alia*, the Maher Family Plaintiffs against all defendants severed from *Ashton/Bauer* and transferred to *Ryan, et al. v. Islamic Republic of Iran, et al.* 1:20-cv-00266 (GBD)(SN), *nunc pro tunc* to January 9, 2020.  MDL Doc. No. 8984.  The case was subsequently renamed *Maher, et al. v. Iran, et al.*, retaining the same case number.  MDL Doc. No. 9173.

13.  An order of Partial Final Judgment was entered on February 21, 2020, in *Maher*, on behalf of one of the Maher Family Plaintiffs, specifically, Katherine Maher in her capacity as Personal Representative of the Estate of Daniel L. Maher (hereinafter the "Estate of Daniel L. Maher") against the Islamic Republic of Iran and awarding the Estate of Daniel L. Maher compensatory damages for economic loss.  *Maher* Doc. Nos. 10, 11; MDL Doc. No. 5999.

> Service of Partial Final Judgments on Behalf of the Surviving Maher Family Members and the Estate of Daniel L. Maher Regarding Pain and Suffering Compensatory Damages

14.  When plaintiffs establish that it would be impossible or futile under then-existing circumstances, a court may excuse service by mail pursuant to 28 U.S.C. 1608(a)(3) and permit

plaintiffs to proceed directly to service by diplomatic means under 28 U.S.C. 1608(a)(4). Standing Instruction, Clerk of the Court for the U.S. District Court for the District of Columbia.

15. As detailed in a Motion To Permit Attachment And Execution Pursuant to 28 U.S.C. 1610(c) filed with this Court in *Bauer* on February 5, 2026 (MDL Doc. No. 11676, *Bauer* Doc. No. 333, the *Bauer* plaintiffs, including the Maher Family Members (except to the extent of the Estate of Daniel L. Maher's economic damages), served their 2016 judgments on Iran via diplomatic service through the U.S. Department of State, pursuant to FSIA § 1608(a)(4). The documents that were served on Iran via diplomatic service included, *inter alia*, the Order of Further Partial Judgment ("*Bauer II*") (October 31, 2016) (*Bauer* Doc. No. 20; MDL Doc. No. 3387); Notice of Default Judgment prepared in accordance with 22 CFR § 93.2; Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*; Right to Appeal Notice; and, Right to Appeal Form.

16. As further detailed in said Motion, the *Bauer* Plaintiffs provided in the service documents three copies of the *Bauer* 2016 judgment in both English and Farsi (one copy for the S.D.N.Y.; one copy for the State Department, and one copy to be served). Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern." The *Bauer* Plaintiffs further provided original, notarized Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which comports with the requirements with N.Y. CVP. LAW § 2101(b).

17. As further detailed in said Motion, the *Bauer* 2016 judgment materials were delivered by the Department of State, with assistance by the Foreign Interests Section of the Embassy of Switzerland in Tehran on September 19, 2017, under cover of diplomatic note No.

1097-IE. *See* Letter from Department of State to SDNY Clerk, dated October 25, 2017, with attached certified copy of the diplomatic note and supporting documents at *Bauer* Doc. No. 36.

18. Thus, as detailed in said Motion, the *Bauer* 2016 Judgment materials pertaining to the Maher Family Plaintiffs (except the Estate's economic damages), were duly served on Defendant Iran more than eight years ago.

<u>Service of Partial Final Judgment for Economic Damages on Behalf of Katherine Maher, In Her Capacity as Personal Representative of Estate of Daniel L. Maher, 9/11 Decedent</u>

19. On June 11, 2020, *Maher* Plaintiff Katharine Maher, in her capacity as Personal Representative of the Estate of Daniel L. Maher, a 9/11 Decedent (hereinafter "Estate of Daniel L. Maher"), moved this Court for permission to proceed directly to service on Iran through diplomatic means with regard to the Partial Final Judgment pertaining to the economic damages of the Estate of Daniel L. Maher. *Maher* Doc. No. 13. The motion was granted that same day. *Maher* Doc. No. 14.

20. The Estate of Daniel L. Maher was granted permission to proceed directly to diplomatic service of the judgment through the State Department pursuant to 28 U.S.C. § 1608(a)(4) in light of Iran's certain refusal to accept service of the partial final judgment in this matter via direct mail under 28 U.S.C. § 1608(a)(3).

21. Service exclusively through diplomatic channels was sufficient and appropriate for giving Iran notice of the Estate of Daniel L. Maher's Partial Final Judgment regarding economic damages.

22. The Estate of Daniel L. Maher delivered the required judgment documents to be transmitted to the United States Department of State by the SDNY Clerk's Office.

23. On July 2, 2020, the SDNY Clerk docketed a certificate of mailings of the Estate of Daniel L. Maher's partial default judgment documents to the Secretary of State, Attn: Director

5

of Consular Services, Office of Policy Review and Inter-Agency Liaison at the U.S. Department of State pursuant to the provisions of Foreign Services Immunities Act, 28 U.S.C. § 1608(a)(4).

24. On October 27, 2020, the partial final judgment regarding economic damages for the Estate of Daniel L. Maher was delivered to the Iranian Foreign Minister with the assistance of the Foreign Interests Section of the Embassy of Switzerland in Tehran. See letter from the State Department, with attached "diplomatic notes" confirming service, dated December 2, 2020, attached hereto as Exhibit A.

25. Defendant Iran was served with the Estate of Daniel L. Maher's Partial Final Judgment for economic damages at the address of the Ministry of Foreign Affairs of the Islamic Republic of Iran on Imam Khomeini Avenue, in Tehran, Iran, addressed to H.E. Mohammad Javad Zarif, then-Foreign Minister of the Islamic Republic of Iran.

26. The FSIA service methods described at 28 U.S.C. § 1608(a)(1) and (a)(2) were not applicable in this matter. This Court's Order, dated June 11, 2020 (*Maher* Docket No. 14), permitted the *Maher* Plaintiffs to bypass the futile direct mail step of 28 U.S.C. § 1608(a)(3) and proceed directly to diplomatic service through the State Department.

27. The documents that were served on Iran were as follows:

    a. Cover Letter to Mohammad Javad Zarif, then-Foreign Minister of the Islamic Republic of Iran;
    b. Order of Partial Final Default Judgment entered by the Honorable George B. Daniels on February 21, 2020 and March 6, 2020 (*Maher* Docket Nos. 10 and 11);
    c. Notice of Default Judgment prepared in accordance with 22 CFR § 93.2;
    d. Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*;
    e. Right to Appeal Notice; and,
    f. Right to Appeal Form.

28. The Estate of Daniel L. Maher provided three copies of each of these documents, in both English and Farsi (one copy for the S.D.N.Y.; one copy for the State Department, and one copy to be served). Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern." Plaintiffs further provided original, notarized Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which comports with the requirements with N.Y. CVP. LAW § 2101(b).

29. Following the service of a judgment, the FSIA establishes a condition precedent before a party such as the *Maher* Family Plaintiffs can formally attach and execute upon the property of a foreign sovereign. 28 U.S.C. § 1610(c) requires that a plaintiff seek leave of court before executing upon the property of a foreign state to enforce a judgment obtained under § 1605A:

> No attachment or execution… shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following entry of judgment and giving notice required under § 1608(e) of this chapter.

30. The Order of Partial Final Judgment on economic damages on behalf of the Estate of Daniel L. Maher was issued by this Court over five and a half years ago and served on the Iranian Defendants more than five years ago.

<u>All of the Maher Family Plaintiffs Should Be Issued a Section 1610(c) Order</u>

31. Iran has never voluntarily paid a judgment entered as a result of its continued state sponsorship of terrorism around the world.

7

32. The *Maher* Family Plaintiffs' Partial Final Default Judgments were issued by this Court more than five and a half (5½) years ago and they were served on the Iranian Defendants more than five (5) years ago.

33. The U.S. District Court for the District of Columbia has held that a "reasonable period of time" for purposes of § 1610(c) is sixty (60) days. *Valore v. Islamic Republic of Iran*, 1:08-cv-01273-RCL (D.D.C. Jun. 8, 2003).

34. The Maher Family Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, the Maher Family Plaintiffs should be permitted to initiate an enforcement action against the Bitcoin Assets.

35. More than a reasonable amount of time has passed since the Maher Family Plaintiffs' judgments were entered in *Bauer* and in *Maher* and since Iran was served with those judgments.

36. Because the Maher Family Member Plaintiffs, while in *Bauer*, served Iran with their Partial Final Judgments in conformity with 28 U.S.C. § 1608, and because more than a reasonable time has now passed since Iran was served, this Court should enter an Order pursuant to 28 U.S.C. § 1610(c) permitting the Maher Family Plaintiffs to commence execution proceedings against the Bitcoin Assets.

37. Because Plaintiff Katherine Maher, in her capacity as the Personal Representative of the Estate of Daniel L. Maher, in *Maher*, served Iran with the Estate's Partial Final Judgment on economic damages in conformity with 28 U.S.C. § 1608, and because more than a reasonable time has now passed since Iran was served, this Court should enter an Order pursuant to 28 U.S.C. § 1610(c) permitting the Estate of Daniel L. Maher to commence execution proceedings against the Bitcoin Assets.

38. The *Maher* Family Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, the *Maher* Family Plaintiffs should be permitted to initiate an enforcement action against the Bitcoin Assets.

**WHEREFORE,** the *Maher* Family Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Maher* Family Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) on some or all of the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

February 28, 2026

Respectfully submitted,

/s/ *Timothy B. Fleming*
Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, PLLC
2202 18th Street, NW, #110
Washington, DC 20009-1813
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB, LLC  (*Lead Counsel*)
The Kress Building, 301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Richard D. Hailey (IN Bar No. 7375-49)
Mary Beth Ramey (IN Bar No. 5876-49)
RAMEY & HAILEY
951 N. Delaware St.
Indianapolis, IN. 46202
(317) 582-0000

Robert M. Foote (IL Bar No. 03124325)
Craig S. Meilke (IL Bar No. 03127485)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

*Attorneys for the* Maher *Plaintiffs*