**UNITED STATES DISTRICT COURT -- SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

[To Be Determined]

**PROPOSED ORDER FOR RULE 54(b)**
**CERTIFICATION OF COMPENSATORY DAMAGE AWARDS**
**AGAINST THE DEFENDANT ISLAMIC REPUBLIC OF IRAN**

## I. FINDING OF FINALITY

The Court finds that the compensatory damage awards for all the plaintiffs identified in Attachment A, who have identified compensatory damage awards against the Islamic Republic of Iran ("Iran"), are final for purposes of Rule 54(b).

- **Separability**: While punitive damages remain pending as against Iran, the legal and factual bases for the compensatory awards against Iran—reimbursing plaintiffs for actual losses— are legally distinct from the "malice" or "egregious conduct" standards required for an award of punitive damages.

- **Resolved Liabilities**: The Court has fully adjudicated the liability and specific quantum of compensatory relief for each plaintiff identified in Attachment A, leaving nothing further for the Court to do regarding these specific awards but execute the judgment.

## II. DETERMINATION OF NO JUST REASON FOR DELAY

The Court expressly determines there is no just reason for delay in entering final judgment on these awards based on the following equitable and administrative factors:

1. **Hardship to Terrorism Victims**: The "infrequent harsh case" standard of the Second Circuit is met here. Many plaintiffs are aging or in financial distress and they seek to execute on assets that may belong to Iran. Further delay in certifying these resolved awards would prevent them from accessing blocked Iranian assets under the Terrorism Risk Insurance Act (TRIA), which requires a "final judgment" for attachment. Still other plaintiffs seek to appeal the rulings leading to certain compensatory damage awards.

2. **Avoidance of Redundant Evidence**: Because the remaining punitive damage phase focuses on the defendant's state of mind and deterrence goals, rather than the victims' specific losses, an immediate appeal of the compensatory awards would not require the appellate court to review the same factual record twice.

3. **Judicial Economy**: Certifying these awards now allows for the immediate commencement of the complex collection and distribution process, preventing a "bottleneck" that would occur if all plaintiffs were forced to wait for the resolution of the punitive damage phase.

## III. DIRECTION FOR ENTRY OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of the Court is hereby directed to enter final judgment as to the compensatory damage awards for the plaintiffs listed in Attachment A.

**SO ORDERED.**

DATED: March _____, 2026
         New York, New York

_____
SARAH NETBURN
United States Magistrate Judge