UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | 03 MDL 1570 (GBD) (SN)<br><br>STIPULATION AND AGREEMENT OF CONDITIONAL DISMISSAL AS TO DEFENDANT YASSIN ABDULLAH KADI |

*This document relates to*:

*Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-cv-06977
*Barrera, et al., v. Al Qaeda Islamic Army, et al.*, 1:03-cv-07036
*Bauer, et al. v. Al Queda Islamic Army, et al.*, 02-cv-7236
*Burlingame, et al. v. Bin Laden, et al.*, 02-cv-7230
*Burnett, et al., v. Al Baraka Investment & Dev. Corp., et al.*, 03-cv-9849
*Cantor Fitzgerald & Co., et al. v. Akida Bank Private Ltd., et al.*, 04-cv-07065
*Continental Cas. Co., et al. v. Al Qaeda Islamic Army, et al.*, 04-cv-05970
*Euro Brokers Inc., et al. v. Al Baraka Investment & Dev. Corp., et al.*, Case No. 04-cv-7279
*Federal Insurance Co., et al. v. AI Qaeda, et al.*, 03-cv-06978
*Estate of John P. O'Neill, et al. v. AI Baraka Inv. & Dev. Corp., et al.*, 04-cv-01923
*Maher, et al. v. Al Qaeda Islamic Army, et al.,* 03-cv-05071
*Salvo, et al. v. Al Qaeda Islamic Army, et al.*, 03-cv-05071

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the Defendant Yassin Abdullah Kadi ("Kadi") and the undersigned attorneys of record for the plaintiffs ("Plaintiffs") in the referenced actions with claims pending against Kadi, on behalf of the Plaintiffs and Kadi (collectively "the Parties") that, whereas no party hereto is an infant or incompetent person:

Whereas at all times in connection with the above-captioned matter, Plaintiffs have asserted that Kadi is responsible for acts and omissions as alleged in the various underlying pleadings and that the Court has jurisdiction over Kadi to adjudicate the claims against him, and

Whereas Kadi has disputed these factual and legal assertions; The Parties to this Stipulation hereby agree:

1

Subject to the conditions identified below, Plaintiffs agree to dismiss, and the Parties hereby agree to a conditional dismissal of any and all claims made against Kadi. However, Plaintiffs intend to continue this case with all claims made against other defendants not dismissed pursuant to this Stipulation and Agreement; and

Subject to the conditions identified below, the agreed upon dismissal shall be *with prejudice* concerning the claims against Kadi; and

Subject to the conditions identified below, the dismissal of Kadi as a defendant shall in no way impact any claim, theory, or argument that Kadi's alleged conduct is attributable to another defendant in this multidistrict litigation nor shall it impact any claim, defense, theory, or argument that the alleged conduct is not so attributable as a matter of law; and

This Stipulation and Agreement is contingent on the following conditions:

(1) Plaintiffs assert that they are entering into this Stipulation and Agreement for solely pragmatic reasons, to avoid further delays in bringing claims against other defendants to trial in this long-running multi-district litigation, and recognizing that Kadi has participated in discovery already and has agreed, as a condition of this Stipulation and Agreement, to sit for an additional trial deposition under the terms outlined below; and

(2) Kadi continues to assert that the claims against him and/or based on his conduct lack merit and that the Court lacks jurisdiction over him in this action; and

(3) This Stipulation and Agreement shall in no way be publicly characterized by the Parties as either an exoneration of, or an admission or concession of wrongdoing, fault, or liability by Kadi or any other defendant. The Parties and their agents may state that this agreement does not require any party to make any payment and that all their obligations to each other are set forth in this Stipulation and Agreement.

(4) Kadi shall provide testimony under oath, under the terms outlined in this Stipulation and Agreement, pursuant the Federal Rules of Civil Procedure and subject to this Court's jurisdiction for the purpose of the testimony, in future proceedings in this MDL; and in the event that Kadi violates the agreement by not being available for such testimony, other than by the defendant's death or health incapacity, this Stipulation and Agreement shall be deemed null and void; and

(5) Kadi shall be obligated to provide testimony in accordance with the terms of this Stipulation and Agreement in relation to proceedings against only the Republic of Sudan, Al Rajhi Bank, and/or, in the event the Court denies the motions for summary judgment of the Muslim World League, International Islamic Relief Organization, or World Assembly of Muslim Youth, as to the MWL, IIRO, or WAMY; and

(6) Plaintiffs may notice the depositions of Kadi at any time as to Sudan or Al Rajhi Bank, and, as to MWL, IIRO, or WAMY, at any time after the district court denies the motions for summary judgment to be filed by MWL or IIRO; and unless Plaintiffs and Kadi agree to different timing, Kadi shall be required to appear for such trial deposition on a mutually convenient date within sixty days of receipt of the Notice of Deposition; and

(7) Kadi shall be permitted to appear for trial deposition pursuant to the terms herein at his place of residence or as otherwise agreed between his counsel and counsel for Plaintiffs, provided that Kadi and/or his counsel are responsible to provide and ensure the appropriate technology (computers, camera video/audio and other material) for remote depositions and adhere to the deposition protocols previously ordered by this Court except where those protocols conflict with any terms of this Stipulation and Agreement, in which case the terms of this Stipulation and Agreement shall control; and

(8) The testimony offered pursuant to the preceding paragraph shall be limited to a single remote appearance as a fact witness for a video discovery or trial deposition with a maximum duration of seven hours; provided, however, that the witness will testify in the same language as any previous deposition of that witness in this MDL (unless the Parties agree otherwise); and

(9) Kadi will have the right to put on direct testimony or rebuttal testimony from Kadi, which shall not count against the seven hours.  This Stipulation and Agreement does not restrict or grant any other defendant's right to participate in these depositions; and

(10) Neither Party shall seek costs or fees against the other arising out of or in connection with the MDL, any underlying action, or this Stipulation and Agreement; and

(11) This Stipulation and Agreement shall not be presented before a jury during the trial of this matter as an admission against interest by any Party as to any facts or law of the case.

(12) Counsel for the Parties certify that they have full authority to enter into this Stipulation and Agreement and bind their clients to its terms.

Dated: March 4, 2026

| MOTLEY RICE LLC | COZEN O'CONNOR |
|---|---|
| By: /s/ *Robert T. Haefele* <br> Robert T. Haefele <br> 28 Bridgeside Boulevard <br> Mount Pleasant, SC 29465 <br> Tel.: (843) 216-9184 <br> Email: rhaefele@motleyrice.com <br> *Liaison Counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims and Attorneys for Burnett, Salvo, and Euro Brokers Plaintiffs* | By: /s/ *Sean P. Carter* <br> Sean P. Carter <br> One Liberty Place <br> 1650 Market Street, Suite 2800 <br> Philadelphia, Pennsylvania 19103 <br> Tel.: (215) 665-2105 <br> Email: scarter@cozen.com <br> *Co-Chair of the Plaintiffs' Executive Committee for Commercial Claims and Attorneys for Federal Insurance Plaintiffs* |
| KREINDLER & KREINDLER LLP | ANDERSON KILL P.C. |
| By: /s/ *Andrew J. Maloney III* | By: /s/ *Jerry S. Goldman* |

4

| | |
|---|---|
| Steven R. Pounian<br>485 Lexington Avenue<br>New York, New York 10017<br>Tel.: 212-687-8181<br>Email: amaloney@kreindler.com<br>*Attorneys for Ashton and Barrera Plaintiffs* | Jerry S. Goldman<br>Bruce Strong<br>7 Times Square, 15th Floor<br>New York, NY 10036<br>Tel: (212) 278-1000<br>Email: jgoldman@andersonkill.com<br>Email: bstrong@andersonkill.com<br>*Attorneys for O'Neill Plaintiffs* |
| SPEISER KRAUSE, P.C.<br><br>By: */s/ Jeanne M. O'Grady*<br>Jeanne M. O'Grady<br>800 Westchester Avenue, Suite S-608<br>Rye Brook, New York 10573<br>Tel.: (914) 220-5333<br>Fax: (914) 220-5334<br>Email: jog@speiserkrause.com<br>*Attorney for Burlingame Plaintiffs* | BAUMEISTER & SAMUELS, P.C.<br><br>By: *Thea M. Capone*<br>Thea M. Capone<br>200 Vesey Street, 24th Floor<br>New York, New York 10281<br>Tel: (212) 363-1200<br>Fax: (212) 363-1346<br>Email: tcapone@baumeisterlaw.com<br>*Attorney for Bauer Plaintiffs* |
| WIGGINS CHILDS PANTZIS FISHER GOLDFARB LLC<br><br>By: *Dennis G. Pantazis*<br>Dennis G. Pantazis<br>The Kress Building<br>301 19th Street North<br>Birmingham, AL 35203<br>Tel: (205) 314-0500<br>Email: dgp@wigginschilds.com<br>*Attorneys for Maher Plaintiffs* | FORD MARRIN ESPOSITO WITMEYER & FLESER, LLP<br><br>By: *Edward M. Pinter*<br>Edward M. Pinter<br>Wall Street Plaza<br>88 Pine Street<br>Suite 2300<br>New York, NY 10005<br>Tel: 212-269-4900<br>*Attorneys for Continental Cas. Plaintiffs* |

CANTOR FITZGERALD PLAINTIFFS

By: *David A. Paul*
David A. Paul
110 East 59th Street, 7th Floor
New York, NY 10022
dpaul@cantor.com
Tel: 212-610-2298

*Attorneys for Cantor Fitzgerald Plaintiffs*

5

SALERNO & ROTHSTEIN

By: */s/ Peter C. Salerno*
Peter C. Salerno
Amy Rothstein
221 Schultz Hill Road
Pine Plains, NY 12567
Tel. No. 518 771 3050
Email: peter.salerno.law@gmail.com
*Attorneys for Defendant Kadi*