

# McANDREW VUOTTO LLC
## ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

March 5, 2026

***Via ECF***

Hon. George B. Daniels, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 100

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:  In re Terrorist Attacks on September 11, 2001
Case No. 03 MDL 1570 (GBD)(SN)**

Dear Judges Daniels and Netburn:

We represent Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Respondents"). We write in response to the March 5, 2026, objection submitted by John F. Schutty, Esq. (ECF No. 11850) on behalf of certain clients, and the letter-response submitted by Timothy Fleming and John Eubanks (ECF No. 11851) on behalf of their clients (collectively, the "Objecting Plaintiffs"), to Judge Netburn's Report & Recommendation dated March 3, 2026 (ECF No. 11824).

Respondents respectfully submit that any appeal concerning the propriety of solatium damages awarded to non-heir relatives should not operate to delay or impede enforcement of judgments that do not contain such damages. Certain judgments entered in this MDL—including Respondents' judgments at ECF Nos. 3226, 4011, 5376 5452 and 5999—are structurally distinct from the judgments identified by the Objecting Plaintiffs because they do not award solatium damages to non-heirs and do not depend upon the legal theories the Objecting Plaintiffs seek to challenge on appeal. The Rule 54(b) certification recommended by the Court is designed to recognize the finality of discrete judgments, not to collapse legally distinct judgments into a single unit for purposes of appellate review. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980) (explaining that Rule 54(b) permits certification of individual claims where they are sufficiently separable from remaining issues). Respondents' judgments were entered years ago and

have long been final and enforceable, and their enforcement should not be unnecessarily delayed by appellate proceedings directed at separate categories of damages raised by other plaintiffs.

Under well-established appellate principles, a challenge to a particular category of damages does not automatically stay or invalidate separate judgments that do not contain that category of damages. Accordingly, any appellate proceedings addressing the availability of solatium damages to non-heirs should be limited to the judgments that actually contain those awards and should not delay the execution, enforcement or registration of judgments that are independent of those issues. Preserving this distinction will avoid unnecessary prejudice to judgment creditors whose claims are unaffected by the legal questions the Objecting Plaintiffs seek to raise on appeal. Rule 54(b) certification should therefore preserve the independence of judgments that are legally and structurally distinct rather than treating all MDL judgments as a single unit for purposes of appeal or enforcement. *See also Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015) (holding that cases consolidated in an MDL "retain their separate identities"). Because the damages structures of the MDL judgments vary depending on the categories of plaintiffs and claims involved, treating all judgments as a single unit for purposes of appellate delay would risk creating unintended disparities among judgment creditors whose awards arise from materially different legal bases.

We further note that Respondents' judgments include awards of punitive damages and interest that are integral components of the final judgments entered by this Court. Those components form part of the total judgment debt entered by the Court and therefore remain part of the certified judgment for purposes of enforcement and registration. *See* 28 U.S.C. § 1963 (permitting registration of final judgments for enforcement in other districts). Nothing in the pending objections concerning the availability of solatium damages to non-heir relatives bears upon those portions of Respondents' judgments. To the extent appellate review is sought concerning particular categories of damages awarded to other plaintiffs, such review should not delay or impair the enforceability of judgments that are structurally distinct and that do not contain the damages categories being challenged. Certification under Rule 54(b) should therefore preserve the independence and full enforceability of such judgments, including their punitive damages and interest components.

Maintaining the independence of judgments that do not involve the disputed solatium issues will avoid unnecessary prejudice to judgment creditors whose damages awards are unrelated to the issues raised in the objections and will ensure that Rule 54(b) certification serves its intended purpose of facilitating enforcement of final judgments rather than unnecessarily delaying it.

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto