IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | |
| *This document relates to:*<br><br>*Ashton et al. v. Al Qaeda, and the Republic of Sudan et al., Case No. 02 Civ. 6977; Nolan et al. v. Republic of the Sudan, Case No. 20 Civ. 10720; Parker et al. v. Republic of the Sudan, Case No. 20 Civ. 10657; Betru et al. v. The Republic of Sudan, Case No. 20 Civ. 10615; Clarke et al. v. The Republic of the Sudan, Case No. 23 Civ. 07736; Burnett et al. v. Al Baraka Inv. & Dev. Corp., et al., Case No. 03 Civ. 9849; Federal Insurance Co., et al. v. Al Qaida, et al., Case No. 03 Civ. 6978; Continental Casualty Co., et al. v. Al Qaeda, et al., Case No. 04 Civ. 5970; Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al., Case No. 04 Civ. 1922; Estate of John P. O'Neill, Sr., et al. v. Republic of the Sudan, et al., Case No. 18 Civ. 12114; DeRubbio, et al. v. Islamic Republic of Iran, Case No. 18 Civ. 05306; Morris, et al. v. Islamic Republic of Iran, Case No. 18 Civ. 05321; Bernaerts, et al. v. Islamic Republic of Iran, Case No. 19 Civ. 11865; Aronow v. Republic of Sudan, Case No. 20-cv-7733; King, et al. v. Islamic Republic of Iran, Case No. 22 Civ. 05193; Strauss v. Islamic Republic of Iran, Case No. 22 Civ 10823; Perry et al. v. Republic of the Sudan, Case No. 23 Civ. 07391; DiNardo et al. v. Republic of the Sudan, Case No. 23 Civ. 07328; Adler et al. v. Republic of Sudan, Case No. 23 Civ. 07164; Fennelly, et al. v. Islamic Republic of Iran, Case No. 23 Civ. 10824; Kone, et al. v. Islamic Republic of Iran, Case No. 23 Civ. 05790; Kelly, et al. v. Islamic Republic of Iran, et al., Case No. 23 Civ. 7283; Lopez, et al. v. Islamic Republic of Iran, et al., Case No. 23 Civ. 08305; Jelnek, et al. v. Islamic Republic of Iran, Case No. 24 Civ. 05520; Lum, et al. v. Islamic Republic of Iran, Case No. 24 Civ. 07824.* | Case No. 1:03-md-01570-GBD-SN |

**<u>DECLARATION OF NICOLE ERB</u>**

I, Nicole Erb, declare as follows:

      1.      I am an active member in good standing of the bar of New York and a Partner in

the law firm of White & Case LLP. I am counsel for Defendant the Republic of the Sudan in the above-captioned matter. I have personal knowledge of the facts set forth herein.

### I. Sudan's Good-Faith Efforts to Work Constructively with the CIA on Its Response to Sudan's Subpoena

2. On April 25, 2025, Sudan served the CIA and three other federal agencies with subpoenas and accompanying letters describing the documents that Sudan is seeking, their relevance, and the basis for Sudan's belief that each agency would have responsive documents. *See* Apr. 25, 2025 Subp. on CIA ("Sudan's Subpoena") (attached as Exhibit A); Apr. 25, 2025 Ltr. from Sudan to CIA (attached as Exhibit B).

3. The U.S. Attorney's Office for the Southern District of New York responded on May 9, 2025 in a letter raising blanket objections on behalf of all four agencies under Rule 26(b)(1) of the Federal Rules of Civil Procedure. *See* May 9, 2025 Ltr. from AUSA to Sudan at 3-6 (attached as Exhibit C). The letter did not specifically object to any individual request made by Sudan to the CIA.

4. Sudan responded with a letter detailing the relevance and reasonableness of its requests, explaining how they were specifically tailored to each agency served, and expressing that it was "happy to work with each Agency to make the process of responding to the subpoenas 'as minimally burdensome as possible.'" May 29, 2025 Ltr. from Sudan to AUSA at 1-6, 9 (attached as Exhibit D).

5. As relevant here, Sudan and the AUSA met and conferred on June 13, 2025, at which point the AUSA, on behalf of the CIA, proposed an approach whereby the CIA would not conduct any new searches for responsive documents, but would instead review documents previously produced in response to FOIA requests and assess whether previously redacted

material could now be declassified. *See* July 9, 2025 Ltr. from Sudan to AUSA at 1 (attached as Exhibit E).

6. Sudan sought clarification on the specifics of the CIA's proposal and, reserving all rights, tried to facilitate the CIA's compliance with Sudan's Subpoena, including by offering to review redacted documents before the CIA in an effort to reduce the CIA's further declassification review to only material likely to be relevant to Plaintiffs' claims and Sudan's defenses. *Id*. at 3-4.

7. The AUSA proposed that the U.S. Department of State (instead of the CIA) attempt to respond in the first instance to Sudan's request for documents concerning intelligence reports about Sudan that Sudan understands the CIA withdrew in 1996. *See id*. at 2; *see also* CIA Subp. (Ex. A), Request No. 12.

8. Sudan agreed to proceed under this approach to Request No. 12, while reserving all rights. *See* July 9, 2025 Ltr. (Ex. E) at 2.

9. After a pause on discovery during the U.S. government shutdown in the fall of 2025, the CIA proposed to "conduct limited searches" on "combinations and variations" of twelve search terms (selected by the CIA) and to produce fifteen reports, "the existence [or] nonexistence of which can be acknowledged," containing "the greatest number of hits." *See* Nov. 24, 2025 E-mail from AUSA to Sudan (attached as Exhibit F).

10. Sudan inquired as to how the CIA would conduct searches, whether it would simply identify fifteen reports with the most hits or refine results based on relevance (to avoid false hits), whether it would consider four specific additional search terms provided by Sudan (along with spelling variations), and whether and how the approach would cover Sudan's request for documents concerning withdrawn intelligence reports. *See* First Dec. 12, 2025 E-mail from

Sudan to AUSA (attached as <u>Exhibit G</u>). To assist the CIA in evaluating Sudan's requests and to reduce the burden on the agency, Sudan also identified extensive passages of CIA reports (of which Sudan was aware) that are irrelevant to Plaintiffs' claims against Sudan and Sudan's defenses and that therefore do *not* require declassification review. *See* Second Dec. 12, 2025 E-mail from Sudan to AUSA (attached as <u>Exhibit H</u>). Sudan reiterated that the CIA need not conduct a declassification review of passages containing information not relevant to Plaintiffs' claims against Sudan or Sudan's defenses. *Id.*

11.  On a January 16, 2026 call, the AUSA provided limited responses to Sudan's questions and conveyed the CIA's rejection of Sudan's proposal for four additional search terms. In an effort to avoid further delay with the CIA's document production, Sudan stated that it was amenable to the CIA's limited approach (*i.e.*, limited searches on select search terms and to produce of fifteen reports containing the greatest number of hits) in principle, but reserved all rights to seek relief from the Court at later point in the proceedings, particularly with respect to Sudan's requests for information that may not be covered by the CIA's proposed approach. *See* Jt. Status Ltr. (Jan. 20, 2026), ECF 11468. Sudan also reiterated that if Plaintiffs were to litigate their dispute with the CIA before the CIA's production, then Sudan would do the same in accordance with this Court's prior orders (ECFs 11139, 11248, 11408) and for judicial efficiency.

12.  Accordingly, Sudan now joins in part Plaintiffs' Motion to Compel ("Mot.") (ECF 11796) and moves to compel the CIA to comply with Sudan's Subpoena for specific categories of documents relevant to Sudan's defenses.

II. **Additional Exhibits Accompanying Sudan's Brief**

13.  Attached as <u>Exhibit I</u> is a true and correct copy of the Washington Post article, authored by Timothy Carney, the former U.S. Ambassador to Sudan, and Mansoor Ijaz, entitled

*Intelligence Failure?* and published on June 29, 2002.

14. Attached as <u>Exhibit J</u> is a true and correct copy of excerpts of the transcript from the August 5, 2020 Hearing before this Court.

15. Attached as <u>Exhibit K</u> is a true and correct copy of excerpts of the transcript from the May 30, 2025 Hearing before this Court.

\*   \*   \*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 6, 2026.

<u>/s/ *Nicole Erb*</u>

Nicole Erb