# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In re Terrorist Attacks on September 11, 2001 )
*Plaintiff* )
v. ) Civil Action No. 1:03-MD-01570-GBD-SN
)
)
*Defendant* )

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: CENTRAL INTELLIGENCE AGENCY, c/o Litigation Division, Office of General Counsel, Washington, D.C. 20505

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: WHITE & CASE, 701 THIRTEENTH STREET NW WASHINGTON, D.C. 20005-3807 | Date and Time: 05/27/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/25/2025

CLERK OF COURT                                        OR

_____                       _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Republic of the Sudan, who issues or requests this subpoena, are:
Nicole Erb, 701 Thirteenth Street, NW, Washington, D.C. 20005; +1 202 626 3694; nerb@whitecase.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:03-MD-01570-GBD-SN

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# APPENDIX A

# APPENDIX A
# (Central Intelligence Agency)

## DEFINITIONS AND INSTRUCTIONS

In addition to the definitions and requirements set forth in the Federal Rules of Civil Procedure, including without limitation Rule 45, the following definitions and instructions apply to each of the document requests set forth in this Subpoena, and are deemed to be incorporated in each of the requests.

## DEFINITIONS

Throughout the requests the following terms (whether or not capitalized) shall have the meanings set forth below.

1. The terms "Communication," "Document," "Identify" (with respect to persons), "Identify" (with respect to documents), "Plaintiff," "Defendant," "Person," and "Concerning" shall have the meaning as defined in Local Civil Rule 26.3(c), unless specified otherwise in these Document Requests.

2. "Al Qaeda" means the foreign terrorist organization known as Al Qaeda, Al Qaida, Al Qa'ida, or by any other spelling of the organization's name, and any of its affiliates, agents, associates, contractors, officers, officials, or representatives.

3. "*Ashton* Amended Complaint" or "*Ashton* Compl." means the "*Ashton* Amended Complaint as to Sudan Defendants" filed on November 19, 2020 by Plaintiffs in this action with claims against Sudan at ECF No. 6537.

4. "Associate" means any agent, employee, contractor, partner, colleague, or other individual or entity acting on behalf of, or in connection with, another individual or entity.

5. "Central Intelligence Agency," "CIA," "You," and "Your" mean the United States Central Intelligence Agency, its agencies and divisions, its Director, and each of its employees,

2

agents, officials, representatives, and consultants, including any person who served in any such capacity at any time during the relevant time period specified herein.

6. "Consolidated Amended Complaint" or "CAC" means the "Consolidated Amended Complaint as to the Republic of Sudan" filed on November 20, 2020 by Plaintiffs in this action with claims against Sudan at ECF No. 6539.

7. "Electronically Stored Information," abbreviated as "ESI," has the same meaning and scope as it has in the Federal Rules of Civil Procedure.

8. "Jamal al Fadl" means Jamal al Fadl, Jamal al-Fadl, or any alias, code name, or legal name by which Jamal al Fadl is known.

9. "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

10. When used in connection with a person, "Official" means any employee, agent, officer, or other individual authorized to act on behalf of an entity or individual.

11. "Osama Bin Laden" means Osama bin Laden, Osama bin Ladin, Usama bin Laden, Usama bin Ladin, Osama bin Muhammad bin Awad bin Ladin, and any other spelling of his name, any acronym, including without limitation OBL or UBL, any assigned code name, and his Associates.

12. "Saudi Arabia" means the physical territory of the Kingdom of Saudi Arabia, the government of the Kingdom of Saudi Arabia, any department, agency, or division therein, and each of its employees, agents, officials, representatives, consultants, or envoys, including any person who served any such capacity at any time during the relevant time period specified herein.

13. "September 11 Attacks" or "September 11, 2001 Attacks" or "9/11 Attacks" mean the acts of terrorists on September 11, 2001 that resulted in jet airliners crashing into the World Trade Center towers in New York, the Pentagon in Virginia, and a field in Stonycreek Township, Pennsylvania.

14. "Sudan" means the Republic of the Sudan, the physical territory of the Republic of the Sudan, the government of the Republic of the Sudan, any department, agency, or division therein, and each of its employees, agents, officials, representatives, consultants, or envoys, including any person who served any such capacity at any time during the relevant time period specified herein.

15. "United States" means the physical territory of the United States, the government of the United States, any department, agency, or division therein, and each of its employees, agents, officials, representatives, consultants, or envoys, including any person who served any such capacity at any time during the relevant time period specified herein.

16. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

17. The terms "all," "any," or "each" encompass any and all of the matter discussed.

## INSTRUCTIONS

1. The Definitions above and the individual Document Requests are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

2. The rules of construction set forth in Local Civil Rule 26.3(d) apply to the Document Requests.

3. The use of present tense includes past tense, and vice versa.

4. These requests shall be deemed continuing, requiring You to produce supplemental responses if You obtain additional information called for by the requests. Each supplemental response is to be produced as soon as is reasonably possible after the discovery of the supplemental information and no later than thirty (30) days after the discovery of the supplemental information.

5. Any alteration of a responsive Document, including notes, underlining, stamps, drafts, revisions, modifications and other versions of a final Document, is a separate Document and is to be produced as a separate Document.

6. All Documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no Documents in response to a particular request, or if You withhold any responsive Documents or categories of Documents based on any objections, You shall state so in writing.

7. With respect to any Document maintained or stored electronically, please collect it in a manner that maintains the integrity and readability of all data, including Metadata, such as file name, date created, date modified, and Document author.

8. Please produce all Documents maintained or stored electronically in native, electronic format with all relevant metadata intact. Encrypted or password-protected documents should be produced in a form permitting them to be reviewed.

9. Documents attached to each other should not be separated.

10. Please produce all Documents maintained or stored in paper, hard-copy form as searchable .PDF and in an appropriate and usable manner (e.g., by copying such data onto an external hard drive).

11. These requests call for the production of all responsive Documents in Your possession, custody or control.

12. These requests do not call for the production of publicly available material.

13. In responding to these requests, include Documents obtained on Your behalf by Your counsel, employees, agents, or any other Persons acting on Your behalf. If Your response is that the Documents are not within Your possession or custody, describe in detail the unsuccessful efforts You made to locate each such Document. If Your response is that Documents are not under Your control, identify who has control and the location of the Documents.

14. If any Document was, but no longer is, in Your possession, subject to Your control, or in existence, include a statement:

    a. identifying the Document;

    b. describing where the Document is now;

    c. identifying who has control of the Document;

    d. describing how the Document became lost or destroyed or was transferred; and

    e. identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the Document from Your possession, custody, or control.

15. Each request contemplates production of all Documents in their entirety. If only a portion of a Document is responsive to one or more requests, the Document shall be produced in its entirety.

16. If any Document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure, set out separately with respect to each withheld Document:

    a. the ground of privilege or protection claimed;

    b. every basis for the privilege or protection claimed;

    c. the type of Document;

    d. its general subject matter;

    e. the Document's date;

    f. the authors of the document, the addressees of the document and any other recipients, and, where not apparent, the relationship of the authors, addressees, and recipients to one another; and

    g. other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5), the court's local rules, and the judge's individual practice rules.

17. If You object to any Document request on any ground other than privilege, You must specify:

    a. the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    b. whether any responsive materials are being withheld on the basis of an objection.

18. To the extent You assert that a Document contains information that should be protected from disclosure under privilege or otherwise, the non-privileged and non-protected information and portions of the Document must be produced. For each such Document, indicate the portion of the Document withheld by stamping the words "MATERIAL

REDACTED AS [BASIS FOR PRIVILEGE/PROTECTION]" on the Document in an appropriate location that does not obscure the remaining text.

19. If there are no Documents in response to any particular request, You shall state so in writing.

20. Unless otherwise stated herein, all Documents requested cover the period between January 1, 1991 to the present.

21. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

Requests for production should be read so as to encompass any and all items responsive to the request.

## DOCUMENTS REQUESTED

1. All Documents Concerning the activities of Osama Bin Laden in Sudan from 1991-1996, including without limitation all Communications Concerning Osama Bin Laden in Sudan from 1991-1996.

2. All Documents Concerning the departure of Osama Bin Laden from Sudan in or around May 1996.

3. All Documents Concerning the activities of Osama Bin Laden and his associates after he departed Sudan in or around May 1996 through 2001.

4. All Documents concerning Osama Bin Laden's purported businesses in Sudan and al Qaeda's purported activities in Sudan, including without limitation a purported CIA report titled "Usama Bin Ladin's Finances: Some Estimates of Wealth, Income, and Expenditures, November 17, 1998," and a purported CIA report titled "Funding Islamic Extremist Movements: The Role of Islamic Financial Institutions, December 1997," as well as all Documents that may tend to contradict the allegations or conclusions in these reports.

5. All Documents Concerning the offers made by Sudan to extradite or otherwise deliver Osama Bin Laden to the United States in 1996 or earlier, and the CIA's consideration and acceptance or rejection of those offers.

6. All Documents Concerning the offers made by Sudan to extradite or otherwise deliver the individual known as Osama Bin Laden to Saudi Arabia in 1996 or earlier, and Saudi Arabia's and/or the CIA's consideration and acceptance or rejection of those offers.

7. All Documents Concerning the offers made by Sudan to extradite or otherwise deliver the individual known as Osama Bin Laden to any country other than the United States or Saudi Arabia in 1996 or earlier, and that country's and/or the CIA's consideration and acceptance or rejection of those offers.

8. All Documents Concerning Communications from Sudan to the United States concerning requests to share intelligence or other information about Osama Bin Laden from 1991-2002, including the Communications themselves and any responses by the United States. Responsive Documents include but are not limited to:

    a. All Documents Concerning Meetings or Communications between the United States and Elfatih Erwa in or around March 1996.

    b. All Documents Concerning Communications from Sudan in July 1996, including the Communications themselves, offering the United States permission to photograph two locations in Sudan — the Sudan Military Academy in North Omdurman and a facility/area in Merkyhiat — and the CIA's acceptance or rejection of those offers.

    c. All Documents Concerning an April 1997 Communication from President Bashir to President Bill Clinton offering the United States access to Sudan's counter-

      terrorism intelligence, including the Communication itself and any response by the United States.

    d. All Documents Concerning Meetings or Communications with Ambassador Mahdi Ibrahim Mohamed regarding Sudan's offer to share counter-terrorism intelligence with the United States from 1996-1999, including the Communications themselves and any responses by the United States.

    e. All Documents Concerning Meetings or Communications with Mansoor Ijaz from 1996-2002 regarding Sudan's offer to share counter-terrorism intelligence with the United States, including any Communications from Mansoor Ijaz and any responses by the United States.

    f. All Documents Concerning Meetings or Communications with Salah Gosh from 1996-2002 regarding Sudan's offer to share counter-terrorism intelligence with the United States, including any responses by the United States.

9. All Documents Concerning any actual exchange of intelligence or other information between Sudan and the United States concerning Osama Bin Laden and/or Al Qaeda from 1991-2002.

10. All Documents Concerning the bombing of the pharmaceutical factory in Khartoum, Sudan known as "Al-Shifa" or "El-Shifa" on August 20, 1998.

11. All Documents Concerning Jamal al Fadl's activities in Sudan and Jamal al Fadl's cooperation as a government witness in the United States.

12. Information sufficient to establish and explain the withdrawal of approximately 100 United States intelligence reports regarding Sudan in 1996.

13. All Documents concerning a purported CIA report titled "Al-Qaida in Sudan, 1992-1996: Old School Ties Lead Down Dangerous Paths, March 10, 2003" (*see* CAC ¶ 44 n.14), including the report itself, and including all Documents that may tend to contradict the statements in this report.

14. All Documents concerning a purported CIA report titled "Historical Background of the Islamic Army and Bin Ladin's Move from Afghanistan to Sudan, November 26, 1996" (*see* CAC ¶ 52 n.18), including the report itself, and including all Documents that may tend to contradict the allegations or conclusions in this report.

15. All Documents concerning a purported CIA report titled "Terrorism: Establishment of a Tripartite Agreement Among Usama Bin Laden, Iran and the NIF, January 31, 1997" (*see* CAC ¶ 75 n.31), including the report itself, and including all Documents that may tend to contradict the allegations or conclusions in this report.

16. All Documents concerning a purported CIA report titled "Terrorism: Cooperation Among Usama Bin Ladin's Islamic Army, Iran, and the NIF, January 31, 1997" (*see* CAC ¶ 84 n.36), including the report itself, and including all Documents that may tend to contradict the allegations or conclusions in this report.

17. All Documents concerning a purported CIA report titled "Terrorism: Usama Bin Laden's Activities in Somalia and Sudanese NIF Support, April 30, 1997" (*see* CAC ¶ 101 n.48), including the report itself, and including all Documents that may tend to contradict the allegations or conclusions in this report.

18. All Documents concerning a purported CIA report titled "The Rise of UBL and Al-Qa'ida and the Intelligence Community Response, March 19, 2004" (*see* CAC ¶ 177 n.93),

including the report itself, and including all Documents that may tend to contradict the allegations or conclusions in this report.