# EXHIBIT J

```
K85AAINRC                       Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: TERRORIST ATTACK ON
SEPTEMBER 11, 2001,

                                    03 MD 1570 (SJN)

------------------------------x
                                       New York, N.Y.
                                       August 5, 2020
                                       3:00 p.m.
Before:

                    HON. SARAH J. NETBURN,

                                       Magistrate Judge

                        APPEARANCES

APPEARANCES GIVEN ON THE RECORD
```

1    not we can harmonize the proceedings among the various cases.
2    That seems the most straight forward approach.
3             THE COURT:  Mr. Carter, so I'm understanding your
4    mission is here, setting aside O'Neil, your recommendation to
5    the Court would be to allow, essentially, grant the unopposed
6    motion to amend the complaint.  I guess, then the question is,
7    are you seeking the Court's blessing on not reserving under
8    1608, reserving the complaint?  And then if the Sudan wants to
9    come and either make claims about service or make claims about
10   damages or whatever it wants to do, it can do at that time.  Is
11   that essentially your position?
12            MR. CARTER:  Yes, your Honor.  And I think we would
13   ask for a ruling at this time that we're not required to serve.
14   Again, I think we would then want in addition to that, your
15   Honor, for the Court to set a deadline that failing an
16   appearance by Sudan in these cases, the Court would proceed to
17   set a date for an evidentiary hearing as to Sudan's liability
18   for purposes of a default judgment.  And so under the FSIA
19   Sudan does receive some protections that are a bit unusual and
20   not granted to other defendants, even in a default context and
21   that would involve a requirement that plaintiffs come forward
22   and present evidence satisfactory to the Court in order to
23   sustained a default judgment.
24            So, once the amendment is in place, if a deadline is
25   simply set that Sudan can either choose to appear or we're

1  going to proceed onto the default judgment I'm hearing, that I
2  think, will crystalize what's going to happen here.
3           If Sudan elects not to appear you know we have been
4  going through a lengthy process over the years gathering
5  evidence through FOIA requests to the State Department that
6  were outstanding for thirteen years, FOIA requests to the CIA
7  that were outstanding for six years, a subpoena to the state
8  department and CIA was issued 2018 as a result of all those
9  efforts, as well as the discovery that we've done as to other
10 defendants relating to al-Qaeda Sudanese operations.  We are in
11 a position now to present a robust body of evident in that
12 default hearing and we are essentially ready to go subject to
13 the availability of our experts.
14          THE COURT:  OK.  Can I ask on the question of service
15 which I've done, we've researched in preparation for today's
16 conference, I think there is, it is an open question about
17 whether or not in the posture that your cases are in, whether
18 or not service needs to be affected pursuant to 1608.  I guess
19 I am wondering whether there is any case law to support the
20 proposition that I should issue an order in advance allowing
21 you or blessing you from not doing that.  Wouldn't the more
22 ordinary course is lawyers give the best advice they can give
23 to their clients to see whether or not it's necessary to serve
24 or not?  And then if and when the issue is litigated, the Court
25 will resolve the question?  It feels a little like an advisory