**ANDERSON KILL P.C.**

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212.278.1569

*Via ECF*                                                                                                                     March 9, 2026

| | |
|---|---|
| The Honorable George B. Daniels, U.S.D.J. | The Honorable Sarah Netburn, U.S.M.J. |
| United States District Court for the S.D.N.Y. | United States District Court for the S.D.N.Y. |
| Daniel P. Moynihan U.S. Courthouse | Thurgood Marshall U.S. Courthouse |
| 500 Pearl Street | 40 Foley Square, Room 430 |
| New York, NY 10007 | New York, NY 10007 |

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN) – Response to Rule 72(b) Objections Filed by the Law Office of John F. Schutty, P.C. at ECF No. 11850

Dear Judge Daniels and Judge Netburn:

Plaintiffs represented by undersigned counsel submit this Response to the Rule 72(b) Objections filed by the Law Office of John F. Schutty, P.C. at ECF No. 11850 (the "Schutty Objections"). As discussed below, the Schutty Objections misstate the record and assert five baseless challenges to Magistrate Judge Netburn's well-reasoned Report & Recommendation at ECF No. 11824 ("Report").

The Schutty Objections first distort the record by suggesting that the Plaintiffs' Executive Committees ("PECs") have sought 54(b) certification orders only for "*certain* subsets of plaintiffs, but not *all* plaintiffs," ECF No. 11850 at 1 (emphasis in original), implying wrongly, that the PECs were seeking to advance the interests of certain plaintiffs at the expense of others. In reality, the Court asked the PECs to prepare a judgment list based on submissions from all plaintiffs' counsel in the MDL that would be used to prepare a subsequent Court order. To the extent not all plaintiffs are included in the judgment list, that would have been a strategic choice by each individual plaintiffs' counsel, not the PECs, and the PECs remain interested in *all* plaintiffs (irrespective of whether their counsel provided the PECs with a judgment list) being on equal footing with the 54(b) certification process.

Regarding the five baseless challenges to the Report, the Schutty Objections first claim that Magistrate Judge Netburn could not set a shorter time than 14 days for parties to file objections. That is wrong. Magistrate judges have broad authority to set a shorter time for filing objections if exigencies exist. *See, e.g.*, *Hisp. Counseling Ctr., Inc. v. Inc. Vill. of Hempstead*, 237 F. Supp. 2d 284, 290 (E.D.N.Y. 2002) ("time period may be shortened where exigencies exist") (citing *United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978)). Magistrate Judge Netburn identified the exigency here—forfeiture and turnover proceedings in the Eastern District of New York and potential dissipation of Iranian assets that plainly justifies the shorter deadline for filing objections (and Mr. Schutty in fact met the deadline without seeking an extension).

Second, the Schutty Objections contend that the entry of 54(b) certifications *nunc pro tunc* would improperly extinguish all appellate rights. Not so. First, Mr. Schutty lacks standing to raise this

The Honorable George B. Daniels
The Honorable Sarah Netburn
March 9, 2026
Page 2

argument. He apparently seeks to appeal from judgments and orders this Court has entered where his clients are not parties. Courts have consistently held that such non-parties lack standing to appeal. *Baker v. Gates*, 638 F. App'x 25, 28 (2d Cir. 2015) (judgment creditors against Syria lack standing to vacate a default judgment entered in favor of a different group of judgment creditors); *Lee v. Bd. of Governors of the Fed. Res. Sys.*, 118 F.3d 905, 910 (2d Cir. 1997) (limiting the authority of federal courts to address "only actual cases and controversies"); *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (holding that controversies must "touch[] the legal relations of parties having *adverse* legal interests") (emphasis added); see also *S. Jackson & Son v. Coffee, Sugar & Cocoa Exch.*, 24 F.3d 427, 431 (2d Cir. 1994) (same). This is so, even in a purported "limited fund" case. *See New York Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 153 F.R.D. 69, 73 (S.D.N.Y.), aff'd sub nom. *New York Chinese TV v. U.E. Enters. Inc.*, 43 F.3d 1458 (2d Cir. 1994) ("Untimely disruptions of a final judgment . . . are inappropriate, especially if [litigants] have another remedy available to redress their alleged wrongs" such as filing their own lawsuit); *Union Switch & Signal, Inc. v. St. Paul Fire & Marine Ins. Co.*, 226 F.R.D. 485, 492 (S.D.N.Y. 2005) (same); *U.S. Sec. & Exch. Comm'n v. Santillo*, 327 F.R.D. 49, 51 (S.D.N.Y. 2018) (denying judgment creditor intervention in SEC enforcement proceeding notwithstanding limited fund to discourage race to courthouse because proceeds should be divided *pro rata*). The only party arguably with standing to raise the issue Mr. Schutty asserts is the Islamic Republic of Iran ("Iran"), but it failed to appear (let alone appeal) when it was served with the Court's original partial final judgments. Further, it has failed to lodge any objections to the Report. Additionally, Mr. Schutty concedes that he intends to appeal the *nunc pro tunc* 54(b) certification order within thirty days of the order. In other words, he rebuts his own objection because he apparently does not see any barrier to appealing the contemplated order.

Third, the Schutty Objections claim that the Court cannot order the Clerk of Court of the Southern District of New York to certify the judgments for registration in another district because the deadline to appeal has not expired. Even if the deadline to appeal from the judgments has not expired, Magistrate Judge Netburn made an express "good cause" finding under 28 U.S.C. § 1963 that the judgments should be certified for registration in another district. *See, e.g.*, *Lyman Com. Sols., Inc. v. Lung*, No. 12-cv-4398 TPG, 2015 WL 5097646, at *1 (S.D.N.Y. Aug. 28, 2015) (allowing certification for registration in another district when good cause shown even if deadline to appeal not expired); *HSH Nordbank AG New York Branch v. Swerdlow*, No. 08-cv-6131 (DLC), 2010 WL 1957265, at *1-2 (S.D.N.Y. May 14, 2010) (same). Magistrate Judge Netburn's good cause findings are amply supported in the record before the Court. *See* Report at 16-17.[1]

Fourth, the Schutty Objections assert that certain of his clients[2] intend to appeal the contemplated *nunc pro tunc* 54(b) certification order (and/or the underlying judgments themselves) and

---

[1] The Schutty Objections imply that Magistrate Judge Netburn acted "*sua sponte*" with no record to recommend the relief set forth in the Report. *See* ECF No. 11850 at 1 n.1. Plaintiffs represented by multiple law firms submitted numerous filings providing critical input that Magistrate Judge Netburn then used in crafting her Report, *see* ECF Nos. 11659, 11660, 11674, 11667, 11693, 11702, 11706, 11707, 11708, 11720, 11728, 11729, and the original partial final judgments against Iran were obviously supported by an extensive factual record as well.

[2] It is unclear which clients of his would pursue an appeal and how this contemplated appeal (or for that matter the objections he has already raised) do not present a non-waivable ethical conflict. For example, as grounds for his contemplated appeal, Mr. Schutty states that he would raise a statute of

that should therefore act as a stay on the order's effect. If Mr. Schutty wishes to seek a stay on enforcement of the order and corresponding judgments while he pursues his meritless "non-heirs" and statute of limitations theories that every single court has repeatedly rejected, including this one and the Second Circuit, he is welcome to do so (within the bounds of Rule 11), which would require him and/or his clients to put up a bond to cover the over $93 billion in judgments at issue here and meet all of the other requirements for obtaining a stay. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 648 (S.D.N.Y. 2018) (rejecting application to waive supersedeas bond requirement); *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (factors not met).[3]

Last, the Schutty Objections claim that his clients' judgments were wrongfully excluded from the list of judgments that will be 54(b) certified *nunc pro tunc*. Magistrate Judge Netburn already addressed this concern and ordered those judgments added to the list. ECF No. 11842. But one can understand some confusion since it appears that certain of Mr. Schutty's clients have instructed him to seek 54(b) certification *nunc pro tunc*, while others appear to oppose it, and the Court has received seemingly conflicting filings on this issue from Mr. Schutty.

We thank the Court for its attention to this matter.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ *John M. Eubanks*
John M. Eubanks
John C. Duane
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Telephone: (843) 216-9000
jeubanks@motleyrice.com
*jduane@motleyrice.com*

*For the Burnett Plaintiffs*

ANDERSON KILL P.C.

By: /s/ *Jerry S. Goldman*

SPEISER KRAUSE, P.C.

/s/ *Jeanne M. O'Grady*
Jeanne M. O'Grady, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
jog@speiserkrause.com
Tel.: (914) 220-5333
Fax: (914) 220-5334

*For the Burlingame Plaintiffs*

KREINDLER & KREINDLER LLP

By: /s/ *Megan Wolfe Benett*

---

limitations argument, to knock out judgments entered in cases filed "after the FSIA's 10-year statute of limitation". Schutty Objections at 12 n.3. But many of his current clients include individuals who filed suit against Iran over ten years after September 11, 2001, and Mr. Schutty even recently moved on behalf of some of these same clients for supplemental economic damages judgments. *E.g.*, ECF Nos. 11032, 11051, 11404. Does Mr. Schutty intend to knock out the judgments of his own clients?

[3] Mr. Schutty's letter filing today at ECF No. 11857 does nothing to change the analysis, as he still cannot satisfy the standards for seeking a stay of judgment enforcement pending appeal, nor does he offer to post a supersedeas bond.

The Honorable George B. Daniels
The Honorable Sarah Netburn
March 9, 2026
Page 4

| | |
|---|---|
| Jerry S. Goldman, Esq.<br>Bruce Strong, Esq.<br>7 Times Square, 15th Floor<br>New York, NY 10036<br>Telephone: (212) 278-1000<br>jgoldman@andersonkill.com<br>bstrong@andersonkill.com<br><br>*For the O'Neill Plaintiffs* | Megan Wolfe Benett, Esq.<br>485 Lexington Ave<br>New York, NY 10017<br>Tel.: (212) 973-3438<br>Fax: (212) 972-9432<br>mbenett@kreindler.com<br><br>*For the Ashton Plaintiffs* |

cc:   All Counsel of Record via ECF