# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

March 12, 2026                                                                                             Via ECF

Honorable George B. Daniels, U.S. District Court Judge

     Re:    *In re Terrorist Attacks on September 11, 2001,*
            MDL No. 03-MDL-1570 (GBD) (SN)
            *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977
            **<u>Request for Immediate Stay of Iran Judgment Registration Requests</u>**

Your Honor:

I write to request an emergency stay pursuant to Fed. R. Civ. P. 62 to halt the issuance of any AO 451s by the SDNY Clerk of Court until Your Honor rules on the "Objections" (MDL ECF #11850) filed by my office in response to the March 3 Report & Recommendation (R&R) issued by Magistrate Judge Netburn (MDL ECF #11824). The R&R suggests that the SDNY Clerk may begin to process the hundreds of AO 451 forms filed with the Clerk's Office (over 250) (R&R at 2 and 17); my clients contend that action should be immediately stayed for the thousands of Plaintiffs seeking judgment registration (the Judgment-Registration-Seeking-Plaintiffs or hereinafter "JRS Plaintiffs") for the reasons set forth below.

As set forth in the "Objections" filed on March 5, Rule 62 reflects the principle that judgment enforcement should ordinarily pause during appellate review. Under Rule 62(a), an automatic, mandatory, self-executing stay of execution is imposed on the enforcement of a judgment that begins immediately upon its entry. This pause or gap period allows for an appeal and/or a further stay. The Second Circuit applies the traditional four-factor test for stays under Rule 62(b) pending appeal: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) substantial injury to the opposing party; and (4) the public interest. *See, e.g.*, *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007) (articulating the four-factor test and emphasizing the court's equitable discretion). My clients assert that they meet the criteria in the four-part test governing Rule 62(b) motions to stay injunctive or equitable relief pending an appeal. *Nken v. Holder*, 556 U.S. 418, 533 (2009); *see also Xerox Corp. v. JCTB Inc.*, No. 6:18-CV-06154-MAT, 2019 WL 6000997, at *3 (W.D.N.Y. Nov. 14, 2019) (in determining "good cause," a district court may consider the likelihood of success on appeal and if the movant shows the appeal raises a "substantial question" regarding the legal sufficiency of a judgment, the court may deny the registration request to prevent the "chaos" of enforcing a legally flawed judgment). While § 1963 does not explicitly require a "likelihood of success on the merits," judges use their equitable discretion to ensure registration doesn't cause irreparable harm for a judgment that is likely to be reversed.

Letter to the Honorable George P. Daniels
March 12, 2026, Page 2

### 1. The Anticipated Appeal of My Clients Has a Substantial Likelihood of Success on the Merits

Many of the underlying partial judgments are likely voidable because they were entered in violation of 28 U.S.C. § 1605A(b). The FSIA's 10-year statute of limitations is a federal statutory requirement that the District Court here failed to strictly apply. Given that the Second Circuit emphasizes that default judgments against foreign sovereigns require "satisfactory" evidence of a claim, *see* 28 U.S.C. § 1608(e), a judgment entered on a patently time-barred claim presents a "serious legal question" that constitutes a substantial basis for appeal. A Movant does not need to prove he/she is *more likely than not* to win on appeal. Instead, the Movant only needs to show "serious questions going to the merits" to make them a fair ground for litigation. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

### 2. My Clients Will Suffer Irreparable Injury Absent a Stay

If the AO 451 forms are issued and registered in the EDNY, asset execution will commence immediately in the EDNY and elsewhere for the JRS Plaintiffs. The Second Circuit has held that "irreparable harm" exists where a "judgment creditor's insolvency or some other indicator" makes it unlikely that funds could be recovered if the judgment is reversed. *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). Once sovereign assets are distributed to thousands of private plaintiffs, any subsequent vacatur of the "partial final judgments" would be a pyrrhic victory, as my clients would lack a realistic mechanism for restitution. The balance of hardships here tips decidedly in favor of the Movants:

- **A. Imminent Asset Loss**: the ministerial act of registering the judgment under 28 U.S.C. § 1963 creates an "actual and imminent" threat of asset seizure by the JRS Plaintiffs that would render a later appellate victory moot.

- **B. Unrecoverable Funds**: once funds are distributed to a judgment creditor (especially if limited fund of money is in question), the harm is irreparable because those specific assets often cannot be clawed back.

The Second Circuit uses a "sliding scale" where a very strong showing of irreparable harm may lower the required showing for likelihood of success on the merits. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010). A stay is necessary to prevent imminent, irreparable harm, as the immediate registration of the judgments would trigger an irreversible "race to the assets." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110 (2d Cir. 2009); *Thapa v. Gonzales*, 460 F.3d 323 (2d Cir. 2006).

### 3. A Stay Will Not Substantially Injure Other Interested Parties

The JRS Plaintiffs will suffer no prejudice other than a temporary delay in the collection of funds presently held by the U.S. Government in a civil forfeiture proceeding.[1] This delay is negligible compared to the permanent loss of assets my clients face while appealing.[2]

### 4. The Public Interest Favors a Stay

The public interest is served by the correct application of the Foreign Sovereign Immunities Act, a statute with significant foreign policy implications. Allowing the registration of potentially invalid judgments against a foreign state—thereby circumventing the jurisdictional and temporal limits set by Congress—undermines the rule of law and the uniform application of international comity. The public interest is served by maintaining the status quo while "serious" legal questions are resolved by the Second Circuit, preventing the "unscrambling of eggs" that occurs when assets are liquidated mid-appeal.[3] Absent immediate stay relief, the registration of partial final judgments will create a "race to the assets" that threatens to moot an appeal and cause the permanent dissipation of assets that might otherwise be distributed to worthy 9/11 widows and children.

Sincerely yours,

*John F. Schutty*

---

[1] While the JRS Plaintiffs claim that the Bitcoin assets they seek are "owned" by Iran, the U.S. Government has possession of the assets (not Iran); the U.S. Government has thus far contested the claim that the Bitcoin are owned by Iran indicating that a drawn-out legal battle lies ahead. Significantly, the JRS Plaintiffs submitted no proof in the District Court that Iran owns the Bitcoin in question in seeking the judgment registration (this is a fatal defect). Finally, since the Bitcoin assets in question are in the possession of the U.S. Government, there is little chance that they will be dissipated by Iran. The instant appeal here has such merit and the threat of wrongful asset dissipation to plaintiffs not entitled to such relief *in any district* is so great, that these factors substantially outweigh the risk of asset dissipation claimed by the JRS Plaintiffs.

[2] Allowing JRS Plaintiffs filing so late for default judgments (as late as 2025) to have immediate access to asset execution without appellate review is simply plain wrong and unjust. The Movants all filed their Complaints in 2002 and have been unable to obtain final judgments against Iran until now. A failure to issue a stay will unfairly allow the untimely plaintiffs to "escape" appeal.

[3] Allowing nationwide registration while serious merits issues are pending would undermine Rule 62's purpose and impose significant hardship if the judgment is later vacated. Because the anticipated appeal presents substantial legal questions that, if resolved in the Movants' favor, will require vacatur of certain partial judgments, the JRS Plaintiffs cannot demonstrate good cause for registration under 28 U.S.C. § 1963. Rule 62 principles further counsel against expanding enforcement authority during the pendency of appellate review.

Letter to the Honorable George P. Daniels
March 12, 2026, Page 4

cc:	SDNY Orders & Judgment Clerk via Email
	orders_and_judgments@nysd.uscourts.gov