

# McANDREW VUOTTO LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

March 13, 2026

*Via ECF*

Hon. George B. Daniels, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: In re Terrorist Attacks on September 11, 2001
> Case No. 03 MDL 1570 (GBD)(SN)
> Response to Request for Stay [Doc. 11869]

Dear Judges Daniels and Netburn:

    We represent Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Respondents").  We write briefly to clarify the structural posture of Respondents' judgments considering the March 12, 2026, request submitted by John F. Schutty, Esq. (ECF No. 11869) for a stay pending Mr. Schutty's Objections (ECF No. 11850) to the Court's March 3, 2026 Report & Recommendation (ECF No. 11824).

    Respondents' judgments arise from claims that were asserted against the Islamic Republic of Iran in the "Ashton" Sixth Amended Consolidated Master Complaint (ECF 1463) filed September 30, 2005. Iran was expressly named as a defendant in that complaint, and the claims asserted against Iran were timely under the Foreign Sovereign Immunities Act. The judgments subsequently entered by the Court in favor of Respondents between 2016 and 2020 therefore derive from claims that were asserted within the FSIA's statutory period and that have been pending in this litigation for more than two decades.

    It is also important to note that Respondents' judgments were not bundled with claims seeking solatium damages for non-heir relatives. As the Court is aware, some damages determinations in this MDL were entered based on grouped submissions involving numerous

plaintiffs represented by the same counsel. Respondents' judgments were <u>not</u> part of such submissions and do <u>not</u> include non-heir solatium awards. Clarifying this distinction also avoids the unintended consequence of delaying enforcement of long-pending, timely filed, heir-based judgments that were independently adjudicated, while disputes concerning separately structured judgments involving different categories of damages proceed on appeal. Accordingly, the legal issues identified in the Objections concerning the availability of solatium damages to non-heir relatives do <u>not</u> apply to Respondents' judgments.

For the same reason, in the event that the Court grants the stay request, the stay should not apply to judgments that are structurally distinct and unaffected by the questions raised in the Objections. Registration and enforcement of such judgments should not be delayed.

We also respectfully note that Respondents' judgments include awards of punitive damages and interest, as reflected in ECF No. 3226. Those components are integral parts of the final judgment debt entered by the Court and therefore remain part of the judgment for purposes of Rule 54(b) certification, enforcement, and registration. To the extent certain parties have suggested that Rule 54(b) certification should apply only to compensatory damages, Respondents respectfully submit that such a limitation would not accurately reflect the full scope of the judgments entered in these cases.

The distinction is significant in light of ongoing enforcement proceedings under the Terrorism Risk Insurance Act, including the attachment proceedings in *Fritz v. Iran and China Investment Development Group*, EDNY No. 25-cv-7093, where the full amount of the judgment debt—including punitive damages and interest—is relevant to the enforcement and distribution analysis.

Respondents submit this clarification solely to ensure that the record accurately reflects the distinct procedural and substantive posture of their judgments.

We thank the Court for its consideration of this submission.

                                                              Respectfully submitted,

                                                              */s/Jonathan P. Vuotto*
                                                              Jonathan P. Vuotto