**ANDERSON KILL P.C.**

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212.278.1569

*Via ECF*                                                                                                              March 16, 2026

The Honorable George B. Daniels, U.S.D.J.         The Honorable Sarah Netburn, U.S.M.J.
United States District Court for the S.D.N.Y.        United States District Court for the S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse                   Thurgood Marshall U.S. Courthouse
500 Pearl Street                                                      40 Foley Square, Room 430
New York, NY 10007                                              New York, NY 10007

Re:   *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN) – Opposition to Stay Request Filed by the Law Office of John F. Schutty, P.C. at ECF No. 11869

Dear Judge Daniels and Judge Netburn:

Plaintiffs represented by undersigned counsel submit this Opposition to the Stay Request filed by the Law Office of John F. Schutty, P.C. at ECF No. 11869 (the "Stay Request"). As discussed below, the Stay Request is premature, Mr. Schutty fails to satisfy any of the four elements to stay enforcement of a court order, and Mr. Schutty has failed to offer to post a supersedeas bond. Therefore, the Stay Request should be denied.

As an initial matter, Mr. Schutty's Stay Request is premature as it seeks to stay enforcement of an order that has not yet been entered. Presumably, Mr. Schutty anticipates that the Court will adopt Magistrate Judge Netburn's Report and Recommendation, at ECF No. 11824 ("Report"), but that has not yet occurred. Until that time, the motion is premature.

Second, Mr. Schutty claims the Court should stay enforcement of an anticipated order, or at least, to stay the part of the anticipated order that would allow the clerk to certify judgments for registration in another district. Mr. Schutty claims he satisfies the four elements—(1) likelihood of success on the merits, (2) irreparable injury if a stay is denied, (3) substantial injury to the party opposing a stay if one is issued, and (4) the public interest—necessary to obtain a stay. *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). As detailed below, he is mistaken.

Mr. Schutty cannot establish likelihood of success on the merits, or even a case theory that is not subject to Rule 11 sanctions. Both this Court and the Second Circuit have consistently rejected Mr. Schutty's theory that certain immediate family members are not entitled to judgments in these litigations and that a court must raise statute of limitations affirmative defenses *sua sponte* on behalf of an absent defendant. *See* ECF Nos. 8929, 8973, 9175, 9348. Mr. Schutty has pointed to no relevant contrary authority in his Stay Request. For that reason alone, his request should be denied.

Mr. Schutty also cannot point to *any* irreparable injury to his clients. In fact, many of his clients would benefit from the Court entering the contemplated order, as Mr. Schutty readily admits. Further, even if some would not, these clients can assert their arguments in the judgment enforcement proceedings presently pending in the Eastern District of New York without the stay. *See New York Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 153 F.R.D. 69, 73 (S.D.N.Y.), *aff'd sub nom. New York*

*Chinese TV v. U.E. Enters. Inc.*, 43 F.3d 1458 (2d Cir. 1994) ("Untimely disruptions of a final judgment . . . are inappropriate, especially if [litigants] have another remedy available to redress their alleged wrongs" such as filing their own lawsuit); *Union Switch & Signal, Inc. v. St. Paul Fire & Marine Ins. Co.*, 226 F.R.D. 485, 492 (S.D.N.Y. 2005) (same).

In contrast, there could be substantial injury to undersigned counsel's (and some of Mr. Schutty's) clients if the Court grants the Stay Request. As Magistrate Judge Netburn already found, purported Iranian assets are subject to turnover and forfeiture proceedings in the Eastern District of New York. If the Court stays judgment registration in that district, plaintiffs may be unable to assert their rights to those assets prior to their dissipation.[1]

Last, the public interest is not served by staying registration of judgments in the Eastern District of New York. Mr. Schutty claims he is looking out for principles of "international comity" and "foreign policy implications" to prevent 9/11 victims from registering judgments they received following the most horrific terror attacks on U.S. soil in our nation's history. But of course, the purported Iranian assets will not be returned to Iran whether a stay here is granted or not—they would just be turned over to other judgment creditors or to the U.S. government instead. Mr. Schutty is correct though that dissipation of the purported Iranian assets to other judgment creditors would be almost impossible to "unscramble[e]", but that supports the Court adopting the Report as quickly as possible and denying the Stay Request. The public interest here is plainly best served here by all victims of Iranian terror being able to enforce their judgments on equal footing with respect to the assets subject to turnover and forfeiture proceedings in the Eastern District of New York. Plaintiffs represented by undersigned counsel have already filed claims in the Eastern District requesting equitable distribution of assets consistent with these principles.

Last, neither Mr. Schutty nor his clients have offered to put up a bond to cover the over $93 billion in judgments at issue here. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 648 (S.D.N.Y. 2018) (rejecting application to waive supersedeas bond requirement). For that reason as well, Mr. Schutty's Stay Request should be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| MOTLEY RICE LLC | SPEISER KRAUSE, P.C. |
| By: */s/ John M. Eubanks* | */s/ Jeanne M. O'Grady* |
| John M. Eubanks | Jeanne M. O'Grady, Esq. |
| John C. Duane | 800 Westchester Avenue, Suite S-608 |
| 28 Bridgeside Boulevard | Rye Brook, New York 10573 |

---

[1] Mr. Schutty also paints too broad a brush with his Stay Request. Even his own papers concede his meritless appeal would only apply to 9/11 parents and siblings, and only to certain 9/11 plaintiffs who Mr. Schutty contends have untimely claims that must be dismissed *sua sponte*. But, obviously, his Stay Request would impact a much broader universe of claims against Iran, including his own clients.

The Honorable George B. Daniels
The Honorable Sarah Netburn
March 16, 2026
Page 3

<table>
<tr><td>

Mount Pleasant, SC 29465
Telephone: (843) 216-9000
jeubanks@motleyrice.com
*jduane@motleyrice.com*

*For the Burnett Plaintiffs*

ANDERSON KILL P.C.

By: */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Telephone: (212) 278-1000
jgoldman@andersonkill.com
bstrong@andersonkill.com

*For the O'Neill Plaintiffs*

</td><td>

jog@speiserkrause.com
Tel.: (914) 220-5333
Fax: (914) 220-5334

*For the Burlingame Plaintiffs*

KREINDLER & KREINDLER LLP

By: */s/ Megan Wolfe Benett*
Megan Wolfe Benett, Esq.
485 Lexington Ave
New York, NY 10017
Tel.: (212) 973-3438
Fax: (212) 972-9432
mbenett@kreindler.com

*For the Ashton Plaintiffs*

</td></tr>
</table>

cc:   All Counsel of Record via ECF

DOCS-100896799.6