# FLEISCHMAN BONNER & ROCCO LLP

### ATTORNEYS AT LAW

445 HAMILTON AVENUE • SUITE 402 • WHITE PLAINS • NEW YORK • 10601
TEL: 914.278.5100 • FAX: 917.591.5245 • WEB: WWW.FBRLLP.COM

EMAIL: jbonner@fbrllp.com

March 17, 2026

Via ECF

Hon. George B. Daniels
U.S. District Court Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *In re Terrorist Attacks on September 11, 2001*, 1:03-md-1570 (GBD/SN)
*Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD/SN)
*Hugh A. Chairnoff, et al. v. Islamic Republic of Iran*, 1:18-cv-12370 (GBD/SN)

Dear Judge Daniels:

My firm represents the Plaintiffs in the above-captioned *Anaya* and *Chairnoff* member cases of the 9/11 MDL. Pursuant to Rule 72(b)(2), we respectfully submit the following response to the objections to Magistrate Netburn's March 3, 2026 Report & Recommendation (MDL ECF 11824) (the "Report") submitted by the *Ashton-Burlingame-Schneider* Plaintiffs (the "*ABS* Plaintiffs*") on March 5, 2026. *See* MDL ECF 11850.[1]

**Procedural History**

Beginning on or about January 22, 2026, plaintiffs in the 9/11 MDL—including the *Anaya/Chairnoff* Plaintiffs—began filing requests for the Clerk of this Court to certify their 9/11 judgments against the Islamic Republic of Iran ("Iran") for registration in another district. These requests were prompted by the pendency in the U.S. District Court for the Eastern District of New York of a civil forfeiture action involving Bitcoin assets belonging to Iran. *See* Report at 1. Over 250 such requests have been filed to date. *See id*. at 4.

On January 30, 2026, attorney John F. Schutty, who represents the *ABS* Plaintiffs, wrote to the Court seeking a conference to address his concern that 9/11 judgments that reserve for future determination outstanding claims for punitive damages, and as to which there has been no judicial

---

[1] Federal Rule of Civil Procedure 72(b)(2) permits responses to another party's objections to a magistrate judge's findings and recommendations with respect to a dispositive matter to be filed "within 14 days after being served with a copy" of the objections. The Report purports to establish a much shorter deadline—of March 9, 2026—for submitting responses to objections. *See* Report at 18. On March 9, 2026, the *Anaya/Chairnoff* Plaintiffs moved to extend the Report's deadlines for objections to those in Rule 72(b)(2), and in so doing noted that—absent this Court's ratification—the Report's shorter deadlines are *ultra vires* and ineffective to modify Rule 72(b)(2). *See* MDL ECF 11863. As of the time of filing these objections, the Court has yet to rule on our March 9, 2026 application or to ratify the Report's deadlines for filing and responding to objections.

FLEISCHMAN BONNER & ROCCO LLP
ATTORNEYS AT LAW

Hon. George B. Daniels, U.S. District Judge
U.S. District Court Southern District of New York
March 17, 2026
Page 2

finding of "no just reason for delay[ing]" entry of judgment pursuant to Rule 54(b), cannot be certified for registration in another district. *See* MDL ECF 11602. On February 2, 2026, Magistrate Netburn ordered the Plaintiffs' Executive Committee ("PEC") to respond to the issues raised by Mr. Schutty, and instructed the Clerk of Court not to take any action on pending requests for certification of 9/11 judgments for registration in other districts while the Court addresses those issues. *See* Report at 4 n.2 (citing MDL ECF 11659).

On February 13, 2026, Magistrate Netburn ordered the PEC to submit to the Court a consolidated list of all of the 9/11 judgments against Iran that plaintiffs have asked the Clerk to certify for registration in another district "[t]o enable the efficient and accurate processing" of those requests "[i]f the Court directs the Clerk of Court to grant the judgment certifications." *See* MDL ECF 11730 at 1. The consolidated list of judgments filed by the PEC on February 20, 2026 as MDL ECF 11800-1 became the appendix to the Report, which was amended on March 12, 2026 by MDL ECF 11871 (the "Appendix").

**The Report's Findings and Recommendations**

The Report finds that the Court's routine practice of deferring the determination of claims for punitive damages against Iran has resulted in partial judgments that cannot be certified as final under Rule 54(b), and that judgments that are not final cannot be registered in another district pursuant to 28 U.S.C. § 1963. *See* Report at 6-10.

The Report recommends that Your Honor should enter an order that: (1) denies without prejudice any outstanding requests for additional damages (including punitive damages) reserved for future determination by the Iran Judgments; (2) stays until further order of the Court the deadlines for Plaintiffs to move pursuant to Rule 60 for relief from the Iran Judgments; (3) certifies, pursuant to Rule 54(b), that each of the Iran Judgments is a final judgment on the judgment holder's claims against Iran, there being "no just reason for delay;" (4) finds good cause pursuant to 28 U.S.C. § 1963 for the immediate registration in the E.D.N.Y. of certified copies of the Iran Judgments; and (5) directs the Clerk of Court to process requests for certification of the Iran Judgments for registration in another district in the order in which those requests were filed. *See id*. at 17. The Report recommends for the "certification under Rule 54(b) [to be] applie[d] *nunc pro tunc* to the filing date of each underlying Iran Judgment." *Id*.

***ABS* Plaintiffs' Objections to the Report**

On March 5, 2026, the *ABS* Plaintiffs objected to the Report on the grounds that: (1) the proposed *nunc pro tunc* Rule 54(b) certification of the Iran Judgments would effectively eliminate the right to appeal the Iran Judgments by "backdat[ing]" their finality to the date they were entered (*see* MDL ECF 11850 at 2, 7-8); and (2) the proposed directive to the Clerk of Court to immediately commence processing requests for certification of Iran Judgments for registration in another district would contradict Form AO 451 in which the Clerk certifies that "the time for appeal [from the certified judgment] is expired." *See* id. at 2-4, 8-9. To address these concerns, the *ABS* Plaintiffs request the Court to issue an order that: "(1) makes clear that any Rule 54(b) Order certifying Iran Judgments as final is appealable as of the date of service of that particular

**FLEISCHMAN BONNER & ROCCO** LLP
ATTORNEYS AT LAW

Hon. George B. Daniels, U.S. District Judge
U.S. District Court Southern District of New York
March 17, 2026
Page 3

Order; (2) [directs] that the Clerk of Court is not authorized to issue AO 451 forms until thirty (30) days after the service of such Order to ensure that no appeal has been filed under Rule 62(a), and (3) denies and stays the requested registration of any partial final judgments under 28 U.S.C. § 1963 under Rule 62(b) if an appeal is filed challenging the viability of certain claims against Iran which may lead to their dismissal." *Id*. at 17-18.

### *Anaya/Chairnoff* **Plaintiffs' Response**

The *Anaya/Chairnoff* Plaintiffs do not object to entry of the order proposed in the Report. Rather, those Plaintiffs propose that the order implementing the Report's recommendations include a minor contingency provision that blunts the potential chaos that would be created if the *ABS* Plaintiffs (or another litigant) were to successfully argue in the future that the Court lacked the power to certify the Iran Judgments as final *nunc pro tunc* to the dates of entry of those judgments. Specifically, the *Anaya/Chairnoff* Plaintiffs respectfully request that the Court's order specify that, in the event that the *ABS* Plaintiffs (or any other litigant) successfully challenges the Court's ability to enter *nunc pro tunc* Rule 54(b) certifications in this context, the Court intends for its Rule 54(b) certification of the Iran Judgments to operate prospectively from the date of entry of the Court's order. That ruling seems implicit from the Report, but is better made explicit to avoid potential future litigation regarding the enforceability of numerous the Rule 54(b) judgments entered in this massive MDL.

Respectfully submitted,

James P. Bonner

CC:  The Hon. Sarah Netburn, United States Magistrate Judge