**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------- x
                   :

In re Terrorist Attacks on September 11, 2001  :

                   :

---------------------------------------- x

|  |
|---|
| MEMORANDUM DECISION AND ORDER |
| 03 MDL 1570 (GBD) (SN) |

This document relates to:

> *Knight v. Islamic Republic of Iran*, 18-cv-12398 (GBD) (SN)
> *Rodriguez v. Islamic Republic of Iran*, 18-cv-12347 (GBD) (SN)
> *Johnson v. Islamic Republic of Iran*, 18-cv-12344 (GBD) (SN)
> *Gaston v. Islamic Republic Of Iran*, 18-cv-12337 (GBD) (SN)

**GEORGE B. DANIELS, District Judge:**

Certain *Knight*, *Rodriguez*, *Johnson*, and *Gaston* Plaintiffs (collectively, the "Latent Injury Plaintiffs") move for partial default judgment against the Islamic Republic of Iran ("Iran") for non-fatal latent injuries developed as a result of the September 11, 2001 terrorist attacks (the "9/11 Attacks").[1] (*See* Appendix of Latent Injury Plaintiffs, the "Appendix".) Two *Johnson* Plaintiffs also seek recovery for personal injuries sustained during the 9/11 Attacks, in addition to the non-fatal latent conditions they developed after the 9/11 Attacks. (ECF Nos. 11039-4 at 5 (Blackmon); 11039-5 at 6 (Brown).)[2] One *Johnson* Plaintiff, the Estate of Albert Filosa (the "Filosa Estate"), seeks recovery for Filosa's latent injuries and subsequent death. (ECF No. 11039-12 ¶ 15.)

---

[1] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the pending motion.

[2] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

This Court has previously granted partial default judgment motions for plaintiffs who developed fatal medical conditions after 9/11-related environmental exposures. (*See* Report and Recommendation, ("*Latent Injury R&R I*"), ECF No. 8901; Mem. Dec. and Order, ("*Latent Injury Opinion I*"), ECF No. 9274; Report and Recommendation, ("*Latent Injury R&R II*"), ECF No. 10755; Mem. Dec. and Order, ("*Latent Injury Opinion II*"), ECF No. 10813.) This Court has not yet, however, addressed recovery for claims by living plaintiffs who developed non-fatal latent conditions after 9/11-related environmental exposures.

Before this Court are two Reports and Recommendations issued by Magistrate Judge Netburn recommending that this Court grant the *Knight, Rodriguez, Johnson,* and *Gaston* Plaintiffs' motions for non-fatal latent injuries, and recommending the amounts in which each Plaintiff should be awarded pain and suffering damages. (*See* Magistrate Judge Netburn's April 10, 2025 Report & Recommendation, the "*Knight/Rodriguez* Report", ECF No. 11400; Magistrate Judge Netburn's January 20, 2026 Report and Recommendation, the "*Johnson/Gaston* Report", ECF No. 11464, (together, the "Non-fatal Latent Injury Reports").) No party objected to the Non-fatal Latent Injury Reports. This Court ADOPTS the Non-fatal Latent Injury Reports in full.

## I.    PROCEDURAL HISTORY[3]

The *Knight* Plaintiffs moved for Default Judgment on April 10, 2025 (*Knight* Pls.' Mot.; ECF Nos. 10849, 10850), and the *Rodriguez* Plaintiffs moved for Default Judgment on May 02, 2025 (*Rodriguez* Pls.' Mot.; ECF Nos. 10921, 10922). The *Johnson* Plaintiffs moved for Default Judgment on June 26, 2025 (*Johnson* Pls.' Mot.; ECF Nos. 11037, 11038), and the *Gaston*

---

[3] Because the background of the pending motions has been discussed at length in Magistrate Judge Netburn's 2023 and 2025 Orders, this Court summarizes and appropriately incorporates such background by reference. (*Knight/Rodriguez* Report at 2–6, 11–13; *Johnson/Gaston* Report at 1–4.)

2

Plaintiffs moved for Default Judgment on July 31, 2025. (*Gaston* Pls.' Mot., ECF Nos. 11106, 11107.)

On November 12, 2025, Magistrate Judge Netburn issued the *Knight/Rodriguez* Report. (ECF No. 11400.)  On January 20, 2026, Magistrate Judge Netburn issued the *Johnson/Gaston* Report. (ECF No. 11464.)

## II.   LEGAL STARDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(l)(C).  The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).

Because no party objected to the Non-fatal Latent Injury Reports, this Court reviews the Reports for clear error.  Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and "not merely if it 'would have decided the case differently." *Sands v. What's Trending, Inc.*, No. 20-CV-2735 (GBD) (KHP), 2021 WL 694382, at *1 (S.D.N.Y. Feb. 23, 2021) (citation omitted).

## III.   MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING JURISDICTION, AND IRAN'S DEFAULT AND LIABILITY

Magistrate Judge Netburn properly evaluated Iran's liability pursuant to the six elements of the FSIA § 1605A.  The FSIA provides a cause of action for claims (1) brought by a United States national or her representative (2) against a designated state sponsor of terrorism that (3) directly, or through a state official, employee, or agent, committed or provided material support or resources for (4) "an act of torture, extrajudicial killing, aircraft sabotage, or hostage taking" that

(5) caused (6) personal injury or death. (*Johnson/Gaston* Report at 7 (citing 28 U.S.C. § 1605A(a)(1),(c).)) Magistrate Judge Netburn correctly concluded that the Plaintiffs' claims "easily meet five of these six elements," but that the Plaintiff's must properly demonstrate "causation." (*Knight/Rodriguez* Report at 9–10; *Johnson/Gaston* Report at 8–9.) Proximate cause can be established through the "substantial factor" and "reasonable foreseeability" tests. (*Latent Injury Opinion II* at 2.)

## A. The Latent Injury Plaintiffs Sufficiently Establish Causation

Iran's "provision of material support to al Qaeda" was a "substantial factor" leading to the 9/11 Attacks. (Mem. Dec. and Order, ("*Havlish I*"), ECF No. 2502 at 51–52.) The Latent Injury Plaintiffs submitted various Victim Compensation Fund ("VCF") eligibility letters that detail their current conditions and demonstrate that their remaining latent injuries were a result of the 9/11 Attacks.[4] Magistrate Judge Netburn properly concluded that these VCF eligibility letters are sufficient evidence to establish that Iran's support to Al Qaeda during the 9/11 Attacks were a substantial factor leading to the Plaintiffs' medical conditions. (*Latent Injury R&R I* at 10–11; *Latent Injury Opinion I* at 3; *Latent Injury R&R II* at 8; *Latent Injury Opinion II* at 3.)

Moreover, it was "reasonably foreseeable" that "the unsafe environment created by carcinogens from building materials and jet fuel would result in latent, and potentially fatal, injuries." (*Latent Injury Opinion II* at 3–4.) The Latent Injury Plaintiffs were "escapees or first responders" that were exposed to debris that included "carcinogens from building materials, gases,

---

[4] (*See* ECF Nos. 10851-2, 10851-3, 10851-4, 10851-5, 10851-6, 10851-7, 10851-8, 10851-9, 10924-2, 10924-3, 10924-4, 10924-5, 10924-6, 10924-7 (declarations attaching VCF letters for *Knight* Plaintiffs)); *see also* ECF Nos. 10924-2; 10924-3; 10924-4; 10924-6; 10924-7 (declarations attaching VCF letters for *Rodriguez* Plaintiffs); ECF Nos. 11039-4, 11039-5, 11039-6, 11039-7, 11039-8, 11039-9, 11039-10, 11039-11, 11109-2, 11109-3, 11109-4, 11109-5, 11109- 6, 11109-7, 11109-8, 11109-9, 11109-10, 11109-11 (declarations attaching VCF letters for *Johnson* Plaintiffs)); ECF Nos. 11109-2; 11109-3; 11109-4; 11109-5; 11109-6; 11109-7; 11109-8; 11109-9; 11109-10; 11109-11 (declarations attaching VCF letters for *Gaston* Plaintiffs)).

4

and jet fuel." (*Knight/Rodriguez* Report at 17.)  The pain and suffering that these Latent Injury Plaintiffs went through, even if it did not result in death, is a necessarily reasonably foreseeable consequence of the exposure to the unsafe environment in the aftermath of the 9/11 Attacks.

It is immaterial that some Plaintiffs were only present at the World Trade Center ("WTC") after September 11, 2001, or that some Plaintiffs participated in processing debris from the WTC site in a different borough. (*See, e.g,* ECF Nos. 10851-7, 11341 (K. Seminerio); ECF No. 11039-8 ¶ 4 (R. Gough); ECF No. 11109-6 ¶ 4 (M. Kelly); ECF No. 10924-5 (Discala); ECF No. 10924-7 (Snickles).) Because the Plaintiffs were exposed to the toxins, carcinogens, and debris as a result of the 9/11 Attacks, Magistrate Judge Netburn properly concluded that the Plaintiffs are entitled to recovery. (*Knight/Rogriguez* Report at 17; *Johnson/Gaston* Report at 14–15.)[5]

## B. The Two *Johnson* Plaintiffs Sufficiently Establish Causation of their Personal Injuries

Two *Johnson* Plaintiffs, Blackmon and Brown, (ECF Nos. 11039-4; 11039-5), seek recovery for personal injuries and non-fatal latent conditions developed as a result of the 9/11 Attacks. Because this Court has consistently found Iran to be liable to U.S. nationals that suffered personal injuries during the 9/11 Attacks, Magistrate Judge Netburn properly concluded that the two *Johnson* Plaintiffs satisfy the causation element based on the personal injuries that they sustained. (*Johnson/Gaston* Report at 9 (citing *Havlish I*).)

## C. The Filosa Estate Sufficiently Establishes Causation of Filosa's Fatal Latent Injuries

The Filosa Estate seeks recovery for the latent injuries and subsequent death suffered by firefighter and first-responder Albert Filosa, and provides to the Court a VCF eligibility letter that

---

[5] Magistrate Judge Netburn also properly concluded that Iran was not liable for the emotional distress suffered by surviving family members of the Latent Injury Plaintiffs. As Magistrate Judge Netburn notes, this Court has consistently declined to find Iran liable for these kinds of claims, finding that the chain of causation was far too attenuated to constitute proximate cause. *See Latent Injury R&R I* at 16; *Latent Injury R&R II* at 11–12; *Latent Injury Opinion I* at 4–5; *Latent Injury Opinion II* at 5–6.

reflects the agency's conclusion that Filosa's injuries were a "direct result of the 9/11 Attacks." (*See* ECF No. 11039-12 at 7 (listing conditions).) Based on the evidence provided by the Filosa Estate, Magistrate Judge Netburn properly concluded that the Filosa Estate sufficiently establishes causation. (*Johnson/Gaston* Report at 11–12.)

Accordingly, because all of the Plaintiffs' claims establish causation, and this Court has subject matter jurisdiction under § 1605A(a) and personal jurisdiction over Iran, this Court holds that Iran is liable for all of the Plaintiffs' 9/11-related injuries. The Plaintiffs' motions for default judgment are GRANTED.

## IV. MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING PAIN AND SUFFERING DAMAGES FOR PLAINTIFFS

The Latent Injury Plaintiffs seek compensatory damages for the pain and suffering traceable to the latent personal injuries sustained in the 9/11 Attacks. On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the 9/11 Attacks, which this Court adopted on February 14, 2020. (Report and Recommendation ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlines the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Suffering Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(Mem. Decision and Order, ECF No. 5946, at 3.)

Magistrate Judge Netburn properly applied this framework to the Latent Injury Plaintiffs for their comparable injuries. (*Knight/Rodriguez* Report at 20–38; *Johnson/Gaston* Report at 15–40.) Because each Plaintiff identified in the Appendix suffered a latent injury caused by the 9/11 Attacks, Magistrate Judge Netburn did not err in awarding pain and suffering damages as set forth in the Appendix.[6] Magistrate Judge Netburn also correctly determined that Latent Injury Plaintiff Joanne Brown and the Filosa Estate are entitled to a baseline award of $7,000,000 in damages based on their "severe" injuries stemming from their roles as first responders to the 9/11 Attacks. (*Johnson/Gaston* Report at 18–20; 27–28.)

Finally, Magistrate Judge Netburn appropriately found that Plaintiffs should be awarded "prejudgment interest of 4.96 percent per annum, compounded annually from the period from September 11, 2001, until the date of judgment." (*Knight/Rodriguez* Report at 39; *Johnson/Gaston* Report at 41.)

## V.   CONCLUSION

Magistrate Judge Netburn's recommendations in the Non-fatal Latent Injury Reports are **ADOPTED** in their entireties. The motions for partial default judgment brought on behalf of the Latent Injury Plaintiffs are **GRANTED**; and the motion for partial default judgment brought on behalf of the Filosa Estate is **GRANTED.** It is

**ORDERED** that a partial default judgment is entered against Iran on behalf of the Filosa Estate; and it is

---

[6] Most Latent Injury Plaintiffs failed to supplement their applications with citizenship or medical records. (*Knight/Rodriguez* Report at 21– 38; *Johnson/Gaston* Report at 16–40.). Accordingly, Magistrate Judge Netburn did not err in determining that these Latent Injury Plaintiffs shall receive a downward departure of $5,000,000 in pain and suffering damages due to the "significant" nature of their injuries and their failure to provide citizenship or medical records. (*Johnson/Gaston* Report. at 16 (citing *Burnett I*, ECF No. 5879 at 9)) ("The absence of medical records supporting and providing further information regarding an affiant's claims may support a downward departure in an award determination.".)

**ORDERED** that the Filosa Estate be awarded pain and suffering damages as described in this Order; and it is

**ORDERED** that partial default judgments are entered on behalf of the Latent Injury Decedents identified in the Appendix below; and it is

**ORDERED** that Plaintiffs identified in the Appendix be awarded pain and suffering damages as set forth therein; and it is

**ORDERED** that Plaintiffs receiving damages identified in the Appendix are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of judgment; and it is

**ORDERED** that Plaintiffs may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court.

The Clerk of Court is respectfully directed to close the following open motions:

- ECF No. 133, in 18-cv-12337

- ECF No. 111, in 18-cv-12344

- ECF No. 128, in 18-cv-12347

- ECF No. 102, in 18-cv-12398

Dated: March 17, 2026
New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

8

**Appendix of Latent Injury Plaintiffs**

| Plaintiff | Case | Pain and Suffering Damages |
|---|---|---|
| Kimberly Bastible | *Knight* | $5 million |
| Richard Daoust | *Knight* | $5 million |
| John Highfield | *Knight* | $5 million |
| Oscar Perez | *Knight* | $5 million |
| Giovanni Seminerio | *Knight* | $5 million |
| Kary Seminerio | *Knight* | $5 million |
| Patricia Jirak | *Knight* | $5 million |
| Ava Becklund | *Knight* | $5 million |
| James Barnes | *Rodriguez* | $5 million |
| Robert Brager | *Rodriguez* | $5 million |
| Kevin Burke | *Rodriguez* | $5 million |
| Frank Discala | *Rodriguez* | $5 million |
| Nick Dousmanis | *Rodriguez* | $5 million |
| Timothy Snickles | *Rodriguez* | $5 million |
| Gary Arthur | *Johnson* | $5 million |
| Anthony Blackmon | *Johnson* | $5 million |
| Joanne Brown | *Johnson* | $7 million |
| Carl Fargione | *Johnson* | $5 million |
| Dawn Gough | *Johnson* | $5 million |
| Raymond Gough | *Johnson* | $5 million |

| | | |
|---|---|---|
| Robert Intartaglio | *Johnson* | $5 million |
| Adam Noble | *Johnson* | $5 million |
| Terrence Webb | *Johnson* | $5 million |
| Mark Bernheimer | *Gaston* | $5 million |
| David Blacksberg | *Gaston* | $5 million |
| Carlos Fraga | *Gaston* | $5 million |
| Christopher Kelly | *Gaston* | $5 million |
| Marianne Kelly | *Gaston* | $5 million |
| Basilio Stewart | *Gaston* | $5 million |
| James Toledo | *Gaston* | $5 million |
| Thomas Vairo | *Gaston* | $5 million |
| Joseph Viscuso | *Gaston* | $5 million |
| Tracy Young | *Gaston* | $5 million |