**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

       **TERRORIST ATTACKS ON**
       **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

       Ashton v. Al Qaeda Islamic Army, No. 02-cv-06977 (GBD)(SN)
       Burlingame v. Bin Laden, No. 02-cv-07230 (GBD)(SN)
       Bauer v. Al Qaeda Islamic Army, No. 02-cv-07236 (GBD)(SN)
       Ashton v. Kingdom of Saudi Arabia, No. 17-cv-02003 (GBD)(SN)
       Dickey v. Islamic Republic of Iran, No. 18-cv-11417 (GBD)(SN)
       Ryan v. Islamic Republic of Iran, No. 20-cv-00266 (GBD)(SN)

Several groups of plaintiffs with judgments against the Islamic Republic of Iran ("Iran") have filed motions to permit attachment and execution pursuant to 28 U.S.C. § 1610(c) on approximately 127,271 Bitcoin and related proceeds (the "Bitcoin"). See ECF Nos. 11458, 11461, 11465, 11470, 11676, 11679, 11710, 11711, 11712, 11819.[1] These plaintiffs ask the Court to find that a reasonable period of time has elapsed following entry of their judgments and service of their judgments on Iran. See, e.g., ECF No. 11710 at 4. The Court must therefore evaluate whether Iran was given notice of each judgment consistent with the manner prescribed for service of process on foreign states. See 28 U.S.C. § 1610(c) (requiring "giving of any notice required under section 1608(e)"); id. § 1608(e) (copy of default judgment must be sent to foreign state "in the manner prescribed for service in this section"); id. § 1608(a) (four service methods).

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

The Breitweiser, Eaton, and Ryan Plaintiffs (together, the "BER Plaintiffs") each filed § 1610(c) motions for the Bitcoin. They state that they served Iran with copies of their judgments and all required supporting documents through diplomatic channels, pursuant to 28 U.S.C. § 1608(a)(4). See ECF Nos. 11710 ¶ 5, 11711 ¶ 6, 11712 ¶ 5. Service through diplomatic channels is deemed to have been made "as of the date of transmittal indicated in the certified copy of the diplomatic note." 28 U.S.C. § 1608(c)(1). But the BER Plaintiffs do not attach to their motions the relevant diplomatic notes confirming that the U.S. Department of State transmitted copies of the judgments to Iran through diplomatic channels. See, e.g., ECF No. 6423-1 (letter from U.S. Department of State to the Clerk of Court attaching certified copy of diplomatic note). Instead, the BER Plaintiffs attach only copies of the Clerk of Court's Certificates of Mailing their respective judgments to the U.S. Department of State. See ECF Nos. 11710-3 at 2, 11711-4 at 5, 11712-3 at 2. The Court is therefore unable to confirm whether Iran received proper notice of their judgments.

By Friday, March 20, 2026, the BER Plaintiffs must file certified copies of the diplomatic notes and supporting documents that confirm service on Iran for each of the judgments listed in their 1610(c) motions. See ECF Nos. 11710 ¶ 4, 11711 ¶ 5, 11712 ¶ 4. If the BER Plaintiffs are unable to file these documents, they must file a letter explaining why the Court should grant their pending § 1610(c) motions.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      March 18, 2026
            New York, New York

2