**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:

*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD)(SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD)(SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)
*Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND *NUNC PRO TUNC* 54(B) ORDER AT ECF NO. 11878 TO ORDER GRANTING PARTIAL FINAL JUDGMENT AT ECF NO. 11661**

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel:    (212) 278-1000
Fax:    (212) 278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com

*Attorneys for Plaintiffs*

Dated:  New York, New York
        March 20, 2026

DOCS-100898445.1

**TABLE OF CONTENTS**

**Page(s)**

I.   PRELIMINARY STATEMENT ......................................................................................... 1

II.  BACKGROUND ............................................................................................................... 2

III. ARGUMENT ..................................................................................................................... 5

     A.   The Court Should Extend the Rule 54(b) Order to the February 3,
          2026 Underlying Iran Judgment. ............................................................................ 5

IV.  CONCLUSION .................................................................................................................. 7

DOCS-100898445.1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*HSH Nordbank AG New York Branch v. Swerdlow*,
   No. 08-cv-6131 (DLC), 2010 WL 1957265 (S.D.N.Y. May 14, 2010) ....................................2

*Lyman Com. Sols., Inc. v. Lung*,
   No. 12-cv-4398 TPG, 2015 WL 5097646 (S.D.N.Y. Aug. 28, 2015) .....................................2

**Statutes**

28 U.S.C. § 1963..............................................................................................................................2, 7

**Other Authorities**

Fed. R. Civ. P. 54(b) ............................................................................................................ *passim*

Fed. R. Civ. P. 60(b) ......................................................................................................................7

ii

## I.    PRELIMINARY STATEMENT

Seventeen plaintiffs included in the Order Granting Partial Final Default Judgment on Behalf of the *Lum* Plaintiffs Identiffied (sic) in Exhibit A, Exhibit B, and Exhibit D (collectively, "seventeen *Lum* Plaintiffs"), dated February 3, 2026, at ECF No. 11661 ("Underlying Iran Judgment"), by and through their counsel, Anderson Kill P.C., submit this Memorandum of Law in support of their Motion to Extend *Nunc Pro Tunc* 54(b) Order at ECF No. 11878 to Order Granting Partial Final Judgment at ECF No. 11661.

This motion seeks to correct an administrative chicken-and-egg problem affecting seventeen *Lum* Plaintiffs who obtained their February 3, 2026 Underlying Iran Judgment right before Magistrate Judge Netburn issued a March 3, 2026 Report and Recommendation, ECF No. 11824 (as amended on March 12, 2026, ECF No. 11871) ("Report") that the Court adopted in its Memorandum Decision and Order at ECF No. 11878 ("Rule 54(b) Order").

Simply put, on February 13, 2026, the Court asked the Plaintiffs Executive Committees ("PECs")[1] to assemble a list of judgments, by February 20, 2026, where counsel had sought certified copies of judgments to register for judgment enforcement purposes in the Eastern District of New York and to file that list with the Court for inclusion in a future unknown court order. ECF No. 11730. But a request to the Clerk of Court to certify a judgment, absent a court order to the contrary, must also include a corresponding form AO 451. That form states that "the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending". Because this statement was not true for the February 3, 2026 Underlying Iran Judgment, undersigned counsel did not seek certification of the Underlying Iran Judgment prior

---

[1] I am an active member of the Plaintiffs Executive Committee for Personal Injury and Death Claims.

DOCS-100898445.1

to February 20, 2026 and did not include the judgment in the list the PECs submitted to the Court.

On March 3, 2026, Magistrate Judge Netburn issued a Report finding "good cause" to certify judgments notwithstanding the time to appeal may not have expired. Report at 16-17. Once the Report was issued (with the assumption that a court order would follow shortly adopting the Report), undersigned counsel could now file for judgment certification of the February 3, 2026 Underlying Iran Judgment notwithstanding the offending language in form AO 451, because a "good cause" order entered pursuant to 28 U.S.C. § 1963 overrides the normal procedures for certifying judgments. *See, e.g.*, *Lyman Com. Sols., Inc. v. Lung*, No. 12-cv-4398 TPG, 2015 WL 5097646, at *1 (S.D.N.Y. Aug. 28, 2015); *HSH Nordbank AG New York Branch v. Swerdlow*, No. 08-cv-6131 (DLC), 2010 WL 1957265, at *1-2 (S.D.N.Y. May 14, 2010). Accordingly, on March 4, 2026, the next day after the Report was filed, undersigned counsel sought to register the February 3, 2026 Underlying Iran Judgment, immediately informed the Court that same day, and requested the Underlying Iran Judgment be included in the future anticipated court order adopting the Report. Nevertheless, the Court did not act on that request prior to entering the Rule 54(b) Order. In filing this motion, seventeen *Lum* Plaintiffs seek to remedy this omission and respectfully request the Court to extend the Rule 54(b) Order to the February 3, 2026 Underlying Iran Judgment.

## II.   BACKGROUND

Between January 22, 2026 and February 2, 2026, various plaintiffs including thousands of plaintiffs represented by undersigned counsel sought certified copies of prior judgments they had obtained against the Islamic Republic of Iran ("Iran") to register them in the Eastern District of New York to participate in judgment enforcement proceedings in that district against certain Bitcoin assets purportedly owned by Iran. *See* Declaration of Jerry S. Goldman, dated March 20,

2

2026, at ¶3. When requesting a certified copy of a judgment from the Clerk of Court, plaintiffs' counsel must submit form AO 451 that states "the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending". *Id.* at ¶4.

In response to the numerous filings requesting certified judgments, on February 2, 2026, the Court entered an Order directing the Clerk of Court "not to take any action on the plaintiffs' proposed certifications" while the Court evaluates the requests. *Id.* at ¶5 (citing ECF No. 11659). The next day, on February 3, 2026 the Court entered the Underlying Iran Judgment in favor of seventeen *Lum* Plaintiffs. *Id.* at ¶6. On February 13, 2026, the Court entered another Order "direct[ing] the Plaintiffs Executive Committees (the 'PECs'), in coordination with other plaintiffs' counsel, to file one consolidated list of all the judgments against Iran that the plaintiffs ask the Clerk to certify" which had to include, among other things, the "date filed for the certification request" and to submit the list by February 20, 2026. *Id.* at ¶7 (citing ECF No. 11730).

Between January 29, 2026 and February 20, 2026, undersigned counsel, in close coordination with co-counsel, filed dozens of requests for certified judgments to register in the Eastern District of New York, and sent the list to John Eubanks, Esq. at Motley Rice to coordinate creation of the judgment list. *Id.* at ¶8. Because the February 3, 2026 Underlying Iran Judgment had just been entered, the seventeen *Lum* Plaintiffs had just commenced serving the judgment on Iran. And indeed, service on Iran has been delayed given the recent conflict in the Middle East. Accordingly, undersigned counsel could not file a request for a certified copy of this judgment because that would have required submission of form AO 451, which includes the language that "the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending". Because that was not the case for the February 3, 2026 Underlying Iran

3

Judgment, undersigned counsel did not file the request with the Clerk of Court or include it in the judgment list it sent to coordinating counsel at Motley Rice. *Id.* at ¶9.

On March 3, 2026, Magistrate Judge Netburn issued a Report and Recommendation, ECF No. 11824 (as amended on March 12, 2026, ECF No. 11871) ("Report"). *Id.* at ¶10. In the Report, Magistrate Judge Netburn for the first time in this MDL concluded that hundreds of Iran judgments the Court had previously entered were not final judgments, but immediately proposed remedying the issue through the entry of Rule 54(b) certifications *nunc pro tunc* to the original dates of the Iran judgments. Magistrate Judge Netburn also then made an express finding that even though the time to appeal may not have expired, because of the potential for asset dissipation, "good cause" existed to allow the Clerk of Court to certify judgments for registration in another district anyway. *Id.* at ¶11. Because Magistrate Judge Netburn had made the express "good cause" finding that plaintiffs need not wait until the time to appeal expired to register their judgments, the very next day, on March 4, 2026, undersigned counsel sought a certified copy of the February 3, 2026 Underlying Iran Judgment and immediately informed the Court and asked that this judgment be added to the judgment list attached to the Report that presumably would be attached to a subsequent court order. *Id.* at ¶12 (citing ECF Nos. 11829-30). Nevertheless, the Court did not act on this request to add the February 3, 2026 Underlying Iran Judgment to the judgment list prior to the Court adopting Magistrate Judge Netburn's Report and entering 54(b) certifications *nunc pro tunc* to the date of the original Iran judgments. *Id.* at ¶13 (citing Rule 54(b) Order).

Accordingly, for the reasons stated in the Report and the Rule 54(b) Order, the seventeen *Lum* Plaintiffs respectfully request an Order extending the Court's Rule 54(b) Order to the Underlying Iran Judgment.

4

## III.   ARGUMENT

### A.   The Court Should Extend the Rule 54(b) Order to the February 3, 2026 Underlying Iran Judgment.

As discussed in the Rule 54(b) Order and the Report, "Rule 54(b) authorizes entry of a partial final judgment only when three requirements are met: (1) there are multiple claims or parties, (2) at least one claim or the right or liabilities of at least one party has been finally determined, and (3) the Court makes an express determination that there is "no just reason for delay." Report at 13; Rule 54(b) Order at 9. "The Court of Appeals has emphasized that the district court's power to grant Rule 54(b) certifications should 'be exercised sparingly' and must reflect careful judicial consideration and specific conclusions." Report at 13 (citing cases). "But 'if the question of whether judgment should have been entered is a close one,' the Court of Appeals 'will honor the district court's exercise of its discretion if it 'will make possible a more expeditious and just result for all parties." Report at 13-14 (citing cases). The third element, "involving no just reason for delay of partial final judgment, 'is left to the sound judicial discretion of the district court' and 'is to be exercised in the interest of sound judicial discretion." Rule 54(b) Order at 9.

As the Court found in the Rule 54(b) Order, the first element was clearly satisfied because "this multi-district litigation is made up of hundreds, in not thousands of claims, against various sovereign and non-sovereign defendants. Moreover, each Partial Iran Judgment only adjudicated a portion of each Plaintiff's claim against Iran, awarding compensatory damages while often reserving the issue of punitive or additional damages." *Id*. The Court also found that the second element was satisfied "because this Court is dismissing all of the Plaintiffs' outstanding requests for additional damages without prejudice, [so] the Plaintiffs' FSIA judgments are finalized against Iran." *Id.* And finally, the Court found the third element satisfied

5

DOCS-100898445.1

because "certifying the Iran Judgments as final gives the Plaintiffs the opportunity to enforce their significant compensatory damages awards in the E.D.N.Y. without unnecessary delay, and minimally prejudices Iran, who had been absent from this litigation over the past fifteen years. This outcome adequately weighs the competing considerations and 'will make possible a more expeditious and just result for all parties.'" *Id.* (citation omitted).

All of these findings apply equally to the seventeen *Lum* Plaintiffs and their February 3, 2026 Underlying Iran Judgment. There are multiple parties or claims and their cases are also member cases within this sprawling MDL; their 1605A claims are final as to Iran or at least would be final once the Court extends the Rule 54(b) Order to the Underlying Iran Judgment, and there is no reason for delay given the potential for asset dissipation in the Eastern District of New York and the minimal prejudice to Iran.

Further, the Court previously found that entering the Rule 54(b) Order was proper *nunc pro tunc* to the dates of the underlying Iran judgments. *Id.* at 9-11. That aspect of the Rule 54(b) Order should also be extended to the Underlying Iran Judgment (here to February 3, 2026). As discussed in the Report and Rule 54(b) Order, "the fairest thing to do would . . . be to order the judgments *nunc pro tunc* to the filing date" to "set a final date that they can use to argue their priority in line." Rule 54(b) Order at 10. The Court also noted the administrative efficiency in this process, rather than re-reviewing every judgment it previously entered in order to re-enter judgment. So too here. Extending the Rule 54(b) Order *nunc pro tunc* to February 3, 2026 for the Underlying Iran Judgment would be the "fairest thing" and could preserve arguments about "priority in line". In short, extending the Rule 54(b) Order to the Underlying Iran Judgment would be vastly more efficient than re-reviewing the Underlying Iran Judgment and re-entering it consistent with Rule 54(b).

6

## IV.    CONCLUSION

For all of the reasons herein, the Goldman Declaration, in the papers previously submitted to this Court, and as previously decided by this Court, the Plaintiffs respectfully request that this Honorable Court enter an Order:

(1)    Extending the Court's Rule 54(b) Order to the February 3, 2026 Underlying Iran Judgment, which would include the following relief:

      (a)    Denying without prejudice the seventeen *Lum* Plaintiffs' outstanding requests for additional damages related to the Underlying Iran Judgment; AND,

      (b)    Staying the deadlines for the seventeen *Lum* Plaintiffs to move for relief from final judgment until further order of the Court. *See* Fed. R. Civ. P. 60(b).

      (c)    Determining that there is no just reason for delay and certifying the Underlying Iran Judgment as a final judgment on the seventeen *Lum* Plaintiffs' claims against Iran under Rule 54(b). And given the unique and exceptional circumstances, certifying under Rule 54(b) *nunc pro tunc* to the filing date of the Underlying Iran Judgment (February 3, 2026); AND,

      (d)    Pursuant to 28 U.S.C. § 1963, finding good cause for the immediate registration in the Eastern District of New York of a certified copy of the Underlying Iran Judgment; AND,

      (e)    Directing the Clerk of Court to process the seventeen *Lum* Plaintiffs' request to certify the Underlying Iran Judgment for registration in another judicial district, *see* ECF No. 11829; AND,

7

DOCS-100898445.1

(2)      Granting to the seventeen *Lum* Plaintiffs such other and further relief as this

Honorable Court deems just and proper.

Dated:    New York, New York          Respectfully submitted,
          March 20, 2026

                                      /s/ Jerry S. Goldman
                                      ANDERSON KILL P.C.
                                      Jerry S. Goldman, Esq.
                                      Bruce E. Strong, Esq.
                                      Alexander Greene, Esq.
                                      7 Times Square, 15th Floor
                                      New York, NY 10036
                                      Tel:  (212) 279-1000
                                      Fax: (212) 278-1733
                                      Email:  jgoldman@andersonkill.com
                                              bstrong@andersonkill.com
                                              agreene@andersonkill.com

                                      *Attorneys for Plaintiffs*

8

DOCS-100898445.1