**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD)(SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD)(SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)
*Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF MOTION TO EXTEND *NUNC PRO TUNC* 54(B) ORDER AT ECF NO. 11878 TO ORDER GRANTING PARTIAL FINAL JUDGMENT AT ECF NO. 11661**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1. I am an attorney and shareholder with Anderson Kill P.C., attorneys representing Plaintiffs in the above-captioned actions. I am a member of the court-established Plaintiffs' Executive Committee for Personal Injury and Death Claims in the 9/11 multidistrict litigation, entitled *In re Terrorist Attacks on September 11, 2001*, 03-mdl-1570 (GBD)(SN). I am fully familiar with the facts stated herein.

2. I submit this declaration in support of the Motion to Extend *Nunc Pro Tunc* 54(b) Order at ECF No. 11878 to Order Granting Partial Final Judgment at ECF No. 11661.

3. Between January 22, 2026 and February 2, 2026, various plaintiffs including thousands of plaintiffs represented by undersigned counsel sought certified copies of prior

DOCS-100898390.1

judgments they had obtained against the Islamic Republic of Iran ("Iran") to register them in the Eastern District of New York to participate in judgment enforcement proceedings in that district.

4.    When requesting a certified copy of a judgment from the Clerk of Court, plaintiffs' counsel must submit form AO 451 that states "the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending".

5.    In response to the numerous filings requesting certified judgments, on February 2, 2026, the Court entered an Order directing the Clerk of Court "not to take any action on the plaintiffs' proposed certifications" while the Court evaluates the requests. ECF No. 11659.

6.    The next day, on February 3, 2026, the Court entered an Order Granting Partial Final Default Judgment on Behalf of the *Lum* Plaintiffs Identified (sic) in Exhibit A, Exhibit B, and Exhibit D (collectively, "seventeen *Lum* Plaintiffs"), at ECF No. 11661 ("Underlying Iran Judgment").

7.    On February 13, 2026, the Court entered another Order "direct[ing] the Plaintiffs Executive Committees (the 'PECs'), in coordination with other plaintiffs' counsel, to file one consolidated list of all the judgments against Iran that the plaintiffs ask the Clerk to certify" which had to include, among other things, the "date filed for the certification request" and to submit the list by February 20, 2026. ECF No. 11730.

8.    Between January 29, 2026 and February 20, 2026, undersigned counsel, in close coordination with co-counsel, filed dozens of requests for certified judgments to register in the Eastern District of New York, and sent the list to John Eubanks, Esq. at Motley Rice to coordinate creation of the judgment list.

9.    Because the February 3, 2026 Underlying Iran Judgment had just been entered, the seventeen *Lum* Plaintiffs had just commenced serving the judgment on Iran. And indeed,

service on Iran has been delayed given the recent conflict in the Middle East. Accordingly, undersigned counsel could not file a request for a certified copy of this judgment because that would have required submission of form AO 451, which includes the language that "the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending". Because that was not the case for the February 3, 2026 Underlying Iran Judgment, undersigned counsel did not file the request with the Clerk of Court or include it in the judgment list it sent to coordinating counsel at Motley Rice.

10. On March 3, 2026, Magistrate Judge Netburn issued a Report and Recommendation, ECF No. 11824 (as amended on March 12, 2026, ECF No. 11871) ("Report").

11. In the Report, Magistrate Judge Netburn for the first time in this MDL concluded that hundreds of Iran judgments the Court had previously entered were not final judgments, but immediately proposed remedying the issue through the entry of Rule 54(b) certifications *nunc pro tunc* to the original dates of the Iran judgments. Magistrate Judge Netburn also then made an express finding that even though the time to appeal may not have expired, because of the potential for asset dissipation, "good cause" existed to allow the Clerk of Court to certify judgments for registration in another district anyway.

12. Because Magistrate Judge Netburn had made the express "good cause" finding that plaintiffs need not wait until the time to appeal expired to register their judgments, the very next day, on March 4, 2026, undersigned counsel sought a certified copy of the February 3, 2026 Underlying Iran Judgment, *see* ECF No. 11829, and immediately informed the Court and asked

that this judgment be added to the judgment list attached to the Report that presumably would be attached to a subsequent Court order. *See* ECF No. 11830.

13.     Nevertheless, the Court did not act on this request to add the February 3, 2026 Underlying Iran Judgment to the judgment list prior to the Court adopting Magistrate Judge Netburn's Report and entering 54(b) certifications *nunc pro tunc* to the date of the original Iran judgments. *See* ECF No. 11878 ("Rule 54(b) Order").

14.     Accordingly, for the reasons stated in the Report and the Rule 54(b) Order, the seventeen *Lum* Plaintiffs respectfully request an Order:

a)     Extending the Court's Rule 54(b) Order to the Underlying Iran Judgment, which would include the following relief:

i.     Denying without prejudice the seventeen *Lum* Plaintiffs' outstanding requests for additional damages related to the Underlying Iran Judgment;

ii.     Staying the deadlines for the seventeen *Lum* Plaintiffs to move for relief from final judgment until further order of the Court. *See* Fed. R. Civ. P. 60(b);

iii.     Determining that there is no just reason for delay and certifying the Underlying Iran Judgment as a final judgment on the seventeen *Lum* Plaintiffs' claims against Iran under Rule 54(b). And given the unique and exceptional circumstances, certifying under Rule 54(b) *nunc pro tunc* to the filing date of the Underlying Iran Judgment (February 3, 2026);

4

DOCS-100898390.1

iv.      Pursuant to 28 U.S.C. § 1963, finding good cause for the

immediate registration in the Eastern District of New York of a

certified copy of the Underlying Iran Judgment; and,

v.      Directing the Clerk of Court to process the seventeen *Lum*

Plaintiffs' request to certify the Underlying Iran Judgment for

registration in another judicial district, *see* ECF No. 11829.

15.      The identical considerations that led the Court to enter the Rule 54(b) Order for

256 other (older) Iran judgments applies to the Underlying Iran Judgment as well.

16.      Based on the foregoing, I respectfully request that this Court grant the relief

requested in the Notice of Motion on behalf of the seventeen *Lum* Plaintiffs.

Dated:   New York, New York
         March 20, 2026

/s/ *Jerry S. Goldman*
Jerry S. Goldman, Esq.

5

DOCS-100898390.1