

# McANDREW
# VUOTTO LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

March 20, 2026

*__Via ECF__*

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    **Re:  In re Terrorist Attacks on September 11, 2001**
        **Case No. 03 MDL 1570 (GBD)(SN)**
        **Supplemental Submission for 1610(c) motion – Eaton**

Dear Judge Netburn:

We represent Jacqueline Eaton-Garland, individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Eaton") in the above-referenced matter.  We respectfully submit this letter in response to the Court's March 18, 2026 Order [ECF No. 11882] directing the filing of certified copies of diplomatic notes or, alternatively, an explanation as to why the Court should grant Eaton's pending motion pursuant to 28 U.S.C. § 1610(c) [ECF No. 11711].  Eaton currently does not have the diplomatic notes and supporting materials in her possession, and respectfully requests that the Court nevertheless grant her motion.

Initially, Eaton has made diligent efforts to obtain the materials in the past 48 hours.  On March 18, 2026, I reached out to Eaton's prior counsel, Mr. John F. Schutty, Esq., requesting that he provide the materials so that we may comply with the Court's Order. On March 19, 2026, not having heard back from Mr. Schutty, I emailed him again to follow up.  On March 20, 2026, I requested the materials from Mr. Schutty a third time.  In response, Mr. Schutty stated that he does "not recall ever receiving such a note to the Clerk . . . if it was sent to the Clerk, the Clerk's Office never sent it to my office."  A copy of Mr. Schutty's email is enclosed as **Exhibit A** for the Court's reference.

Additionally, because we had not received the materials from Mr. Schutty, I requested the materials from the United States Department of State.  A copy of my email to the State Department is attached hereto as **Exhibit B** for the Court's reference.  As of the time of sending this letter, I have not yet received a response from the State Department.

On a substantive basis, Eaton has complied with the service requirements set forth in 28 U.S.C. § 1608(a)(4). As reflected in the attached Certificate of Service, Mr. Schutty on Eaton's behalf certified that he caused the relevant judgments, notices of default judgment, certified translations, and supporting materials to be transmitted to the Clerk of the Court to be dispatched

13 Mt. Kemble Avenue, Morristown, New Jersey 07960 (973) 538-6308
1 Blue Hill Plaza, Suite 1509, Pearl River, New York 10965 (212) 382-2208
www.mcandrewvuotto.com

to the United States Department of State for service upon the Islamic Republic of Iran through diplomatic channels. *See, e.g.*, Certificate of Service of Default Judgments and Certificate of Mailing attached hereto as **Exhibit C** (ECF Nos. 5981 and 6008; 11711-4). Mr. Schutty certified that these materials were submitted in accordance with the procedures prescribed by the Foreign Sovereign Immunities Act. The Clerk of the Court certified that the materials were dispatched via Federal Express to the United States Department of State for service upon the Islamic Republic of Iran through diplomatic channels, and provided the Federal Express tracking information and airbill. We respectfully submit that this is valid evidence that the judgments were served in accordance with the FSIA.

While §1610(c) does not expressly require submission of diplomatic notes, Eaton has demonstrated that she holds valid final judgments and has provided the currently available evidence of service, including Certificates of Service and Mailing confirming transmission of the materials to the United States Department of State pursuant to 28 U.S.C. § 1608(a)(4). We respectfully submit that these materials constitute competent evidence that service was effected in accordance with the statute. The issuance and retention of diplomatic notes is within the control of the United States Department of State, not the Plaintiff, and Eaton is actively seeking to obtain such materials. Eaton has demonstrated that she has valid final judgments (ECF No. 11711 at ¶¶1-5) and she has provided the currently-available proof of service of the judgments, establishing service in February 2020 (Ex. C; ECF No. 11711-4). We respectfully submit that the requirements of § 1610(c) are substantially satisfied.

Nevertheless, Eaton is continuing efforts to obtain the certified diplomatic notes from the United States Department of State and will promptly supplement the record if such materials are obtained.

While certified diplomatic notes provide formal confirmation of service through diplomatic channels, Eaton respectfully submits that the record demonstrates compliance with the procedures set forth in 28 U.S.C. § 1608(a)(4), and that any temporary absence of such materials is not attributable to any lack of diligence on the part of Eaton.

Accordingly, Eaton respectfully requests that the Court deem the service requirements satisfied for purposes of 28 U.S.C. § 1610(c), or, in the alternative, grant Eaton a brief extension of time to supplement the record with the diplomatic notes and supporting materials.

We thank the Court for its consideration of this submission.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto

Enclosures

cc:     Counsel of Recond (via ECF)