## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to member case *Hugh A. Chairnoff, et al. v. Islamic Republic of Iran,* 1:18-cv-12370 (GBD) (SN)

## DECLARATION OF JOSEPH PETER DRENNAN IN SUPPORT OF MOTION FOR PARTIAL FINAL DEFAULT JUDGMENT FOR MICHELE M. NIMBLEY

I, JOSEPH PETER DRENNAN, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

1.      I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Hugh A. Chairnoff, et al. v. Islamic Republic of Iran,* 1:18-cv-12370 (GBD) (SN) (the "*Chairnoff* Action"). I was admitted *pro hac vice* in the *Chairnoff* Action on February 5, 2019.

2.      I submit this Declaration in support of the motion by *Chairnoff* Plaintiff Michele M. Nimbley for an award of compensatory damages for her loss of solatium resulting from the premature death of her father Paul Richard Nimbley in the terrorist attacks on September 11, 2001 (the "September 11th Attacks"), and prejudgment interest on those damages.

3.      The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (MDL ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 9 below.

b. The Court's October 14, 2016 order MDL ECF No. 3362 related to *Bauer v. Al Qaeda Islamic Army*, 02-cv-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN) directing that proposed default judgments for compensatory damages must not include awards of punitive damages and must state a rate of 4.96 percent per annum for prejudgment interest.

c. The Court's orders dated September 22, 2023 and June 25, 2025 (MDL ECF No. 11036) concerning cover sheets and tables required to be submitted with default motions.

4. The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted to plaintiffs in *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN) and other cases in this multidistrict litigation.

5. Service of process on the Islamic Republic of Iran in the *Chairnoff* Action was executed pursuant to 28 U.S.C. § 1608(a)(4) on June 29, 2020 through diplomatic channels. *See* 18-cv-12370 ECF No. 46 at ¶¶ 6-10 and Exhibit 3.

6. The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in representing Ms. Nimbley and other plaintiffs in connection with the September 11th litigation; communications with, and documents provided to me by, Ms. Nimbley; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; and my review of documents and public records, copies of which are contained in my firm's files, and of court records relating to the multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7. My firm has been retained by Ms. Nimbley to pursue claims against the Islamic Republic of Iran for its role in the September 11th Attacks. Ms. Nimbley has provided my firm with evidence that: (a) she was a United States citizen on September 11, 2001; (b) she is the daughter of the late Paul Richard Nimbley, and (c) Paul Richard Nimbley was killed in the September 11th Attacks on the World Trade Center in New York City.

2

8.      On October 5, 2021, this Court entered a judgment on default as to liability against the Islamic Republic of Iran in favor of *Chairnoff* Plaintiffs including Ms. Nimbley (the "October 2021 Judgment"). *See* MDL ECF 7173 and 18-cv-12370 ECF 64. The October 2021 Judgment awarded damages for solatium and pain and suffering to certain *Chairnoff* Plaintiffs but did not include a damages award in favor of Ms. Nimbley. The October 2021 Judgment provided that Ms. Nimbley could submit an application for a judgment for solatium damages at a later date.

9.      Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433), and have personally verified that, based on my review of the records available to me regarding other lawsuits against the Islamic Republic of Iran and Iranian government agencies related to the September 11, 2001 terrorist attacks and judgments entered by this Court in those actions, Michele M. Nimbley has not previously been awarded compensatory damages against the Islamic Republic of Iran or any Iranian government defendant for loss of solatium resulting from the death of her father in the September 11th Attacks. I have also verified that Ms. Nimbley does not have any other motion pending before this Court for compensation arising out of the September 11th Attacks.

10.     Ms. Nimbley seeks compensatory damages in the amount of $8,500,000, which is consistent with amounts previously awarded to surviving children of decedents killed in the September 11th Attacks.

11.     The form of the proposed partial final judgment submitted herewith conforms to the Court's prior orders.

12.     The U.S. Victims of States Sponsored Terrorism Fund has set June 1, 2026 as the application deadline for new claimants to be considered for the next round of payments by the Fund.  Ms. Nimbley intends to file a claim with the U.S. Victims of States Sponsored Terrorism Fund as soon as possible after entry of the judgment sought by this motion.

13.     Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment in favor of Michel M. Nimbley in the amount of $8,500,000 plus prejudgment interest at the rate of 4.96 percent, per annum, compounded annually from September 11, 2001 to the date of entry of the judgment.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in Fredericksburg, Virginia, on March 25th, 2026.

JOSEPH PETER DRENNAN