**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re Terrorist Attacks on September 11, 2001

**MEMORANDUM DECISION AND ORDER**

03 MDL 1570 (GBD) (SN)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

    *Ashton v. al Qaeda Islamic Army*, No. 02-cv-06977 (GBD) (SN)

**GEORGE B. DANIELS, District Judge:**

Two subsets of *Ashton* Plaintiffs (the "Plaintiffs") move for partial default judgments against the Taliban. (ECF Nos. 11173, 11179, 11709.)[1] The Plaintiffs are made up of the estates and immediate family members of mostly non-U.S. nationals who died during the September 11, 2001 terrorist attacks (the "9/11 Attacks"). (*See* Appendix of Exhibits B1, B2, and C.) Most of the decedents perished at the World Trade Center ("WTC") site in New York (the "NY Decedents"). Alan Beaven, however, was a passenger on a flight that was hijacked and crashed into a field in Shanksville, Pennsylvania, and Yvonne Kennedy was a passenger on a flight that was hijacked and crashed into the Pentagon in Arlington, Virginia.

Before this Court is Magistrate Judge Netburn's Report and Recommendation ("Report"), recommending that this Court GRANT default judgment on (1) the NY Decedents' claims for wrongful death and survival; (2) the intentional infliction of emotional distress ("IIED") claims of the NY Decedents' immediate family members; (3) Beaven's claims for wrongful death and survival; (3) Kennedy's claims for wrongful death; and (4) Kennedy's children's claims for IIED.

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

(*See* Magistrate Judge Netburn's March 12, 2026 Report and Recommendation, ("Report"), ECF No. 11870). The Report also recommends that this Court DENY the motion as to Kennedy's survival claim under Virginia law. (*Id.*) This Court ADOPTS Magistrate Judge Netburn's Report in full.

## I.    **PROCEDURAL HISTORY**[2]

The Plaintiffs are non-U.S. nationals that make up a subsection of the greater *Ashton* Plaintiffs in this case.[3] On July 27, 2022, the *Ashton* Plaintiffs filed a motion for partial default judgments against the Taliban on behalf of estates and immediate family members of decedents who were killed in the 9/11 Attacks. (*See* ECF No. 8274.) On March 15, 2023, Magistrate Judge Netburn issued a Report and Recommendation on this motion. (Report and Recommendation, ("2023 Taliban R&R"), ECF No. 8929). On March 30, 2023, this Court adopted Magistrate Judge Netburn's 2023 Taliban R&R. (*See* Mem. Decision and Order, ("2023 Taliban Opinion.") ECF No. 8973.) In that opinion, this Court (1) granted the motion for default judgments as to the *Ashton* Plaintiffs who were U.S. nationals pursuant to the Anti-Terrorism Act ("ATA"); (2) denied without prejudice the request for judgments made by non-U.S. nationals, concluding that non-U.S. nationals are not eligible to rely on the ATA; and (3) directed the non-U.S. nationals that they may refile. (*Id.*)

---

[2] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the issues raised in the objections. Moreover, because the relevant factual and procedural background has been discussed at length in the Report, this Court summarizes and appropriately incorporates such background by reference. (*See* Report at 2–4.)

[3] Six Plaintiffs who were non-nationals on 9/11 bring solatium claims for their decedent family members, who were U.S. citizens. (*See* ECF No. 11179-4 at 2–4.) Five Plaintiffs were originally listed as non-U.S. nationals, but the notices of amendment adding or amending their claims listed these Plaintiffs as U.S. nationals. (*See* ECF No. 8715-1 at 3, 10, 11, 38.) Because this Court determines it has supplemental jurisdiction over all of the Plaintiffs' claims, Magistrate Judge Netburn did not err in declining to address whether § 2333 permits the claims of these eleven Plaintiffs or independently authorizes subject matter jurisdiction.

On August 27, 2025, the non-U.S. national Plaintiffs refiled their motions seeking partial default judgments against the Taliban based on the default judgment granted to the *Ashton* Plaintiffs as a group. (ECF No. 11173.) Counsel Andrew J. Maloney filed a declaration in support of the motion on August 28, 2025. (ECF No. 11179.) On January 29, 2026, Magistrate Judge Netburn issued an order asking the Plaintiffs to file a supplemental letter brief on certain issues, (ECF No. 11550), which the Plaintiffs filed on February 9, 2026 (Plaintiffs' Supplemental Memorandum, ("Supplemental Mem."), ECF No. 11709). Magistrate Judge Netburn filed her Report on March 12, 2026. (Report at 29.) No party has filed objections.

## II.    LEGAL STARDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).

Because no party objected to the Report, this Court reviews for clear error. Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and "not merely if it 'would have decided the case differently.'" *Sands v. What's Trending, Inc.*, No. 20-CV-2735 (GBD) (KHP), 2021 WL 694382, at *1 (S.D.N.Y. Feb. 23, 2021) (citation omitted).

### III.   MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED JURISDICTION

The Plaintiffs allege various state tort claims against the Taliban.[4]  In order to grant the Plaintiffs' motion for partial default judgment against the Taliban, this Court must resolve whether it has jurisdiction to enter default judgment on the Plaintiffs' state law claims; whether the Taliban are liable to the Plaintiffs; and what damages are due to the Plaintiffs.  (Report at 5.)  Magistrate Judge Netburn properly concluded that this Court has subject matter and personal jurisdiction sufficient to enter default judgment on the Plaintiffs' state law claims against the Taliban.

This Court establishes subject matter jurisdiction over the Plaintiffs' state law claims via supplemental jurisdiction.  Supplemental jurisdiction exists "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" under Article III of the U.S. Constitution.  28 U.S.C. § 1367(a).  This Court has previously confirmed its subject matter jurisdiction over the *Ashton* Plaintiffs' claims against the Taliban under § 2333(a) of the ATA and 28 U.S.C. § 1331.  (2023 Taliban Opinion at 5, 9.)  In both the ATA and state law claims, the Plaintiffs alleged that the Taliban provided material support to al Qaeda, which caused the deaths and injuries of thousands of victims of the 9/11 Attacks.  Accordingly, the Plaintiffs' state law claims derive from the same common nucleus of operative facts as the *Ashton* Plaintiffs' ATA claims because the claims "substantially overlap[] or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (cleaned up).

Moreover, it is unclear whether this Court needs to analyze personal jurisdiction over a defendant that chooses not to appear.  (*See, e.g.,* 2023 Taliban R&R at 9–10); *see also Sinoying*

---

[4] Because the United States does not recognize the Taliban as the government of Afghanistan, this Court declines to do so here. *See In re Terrorist Attacks on Sept. 11, 2001*, 657 F. Supp. 3d 311, 332–37 (S.D.N.Y. 2023). The Taliban are treated as non-sovereign defendants for the purposes of this opinion.

*Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213,213 n.7 (2d Cir. 2010) (holding that courts "may" analyze personal jurisdiction but leaving open the question whether they "must" do so before entering default judgment) (emphasis removed). Even assuming that this Court is required to determine whether it has personal jurisdiction over the Taliban, however, Magistrate Judge Netburn properly concluded that personal jurisdiction is available through pendant personal jurisdiction.

"The doctrine of pendent personal jurisdiction provides that 'where a federal statute authorizes nationwide service of process, and the federal and state-law claims derive from a common nucleus of operative fact[s], the district court may assert personal jurisdiction over the parties to the related state-law claims even if personal jurisdiction is not otherwise available.'" *City of Long Beach v. Total Gas & Power N. Am., Inc.,* 465 F. Supp. 3d 416, 436 (S.D.N.Y. 2020), *aff'd*, No. 20-2020-CV, 2021 WL 5754295 (2d Cir. Dec. 3, 2021). Because the ATA authorized nationwide service of process, and the Plaintiffs' state law claims derive from the same nucleus of operative facts, this Court is able to exercise its pendent personal jurisdiction.[5]

## IV.    MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED LIABILITY

This Court must assess whether the Plaintiffs have provided a sufficient basis in their pleadings, which are deemed admitted by the Taliban, to establish the Taliban's liability. In order to do so, this Court must determine (1) which state law applies, and (2) whether the Taliban are liable under the governing state law for each type of tort.

---

[5] Magistrate Judge Netburn also included alternative grounds for this Court's exercise of personal jurisdiction – that the Plaintiffs' allegations offer a "prima facie" case that the Taliban are subject to the Court's jurisdiction. (Report at 10.) Because this Court finds that it can properly exercise its pendent personal jurisdiction, it declines to consider Magistrate Judge Netburn's alternative grounds.

## A. New York's Choice of Law Rules Apply to Plaintiffs' Claims

New York's choice-of-law rules apply because the Plaintiffs filed their case in New York State. *See Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, No. 20-CV-5120 (LJL), 2022 WL 1997207, at *14 (S.D.N.Y. June 6, 2022) ("In a federal question action where a federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state.") (*citing Manning Int'l Inc. v. Home Shopping Network, Inc.*, 152 F. Supp. 2d 432, 436 n.3 (S.D.N.Y. 2001)).

Under New York choice-of-law rules, "[t]he first step . . . is to determine whether there is an actual conflict between the laws of the jurisdictions involved." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 822 F.3d 620, 641 (2d Cir. 2016) (citations omitted). "If no actual conflict exists, and if New York is among the relevant jurisdictions, the court may simply apply New York law." *In re AXA Equitable Life Ins. Co. COI Litig.*, 595 F. Supp. 3d 196, 238 (S.D.N.Y. 2022), *on reconsideration in part*, No. 16-CV-740 (JMF), 2022 WL 3018104 (S.D.N.Y. July 29, 2022). "By contrast, if an actual conflict exists, a court applies 'New York choice-of-law rules to decide which jurisdiction's substantive law controls.'" *Id.* (citations omitted). If a conflict between states exists in a tort case, this Court "applies the law of the state with the most significant interest in the litigation." *Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021).

Under New York's choice of law rules, for "conduct-regulating laws," like IIED, the "place of the tort governs," meaning the place where the last event necessary to make the defendant liable occurred. *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 522, 644 N.E.2d 1001 (1994); *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 195 (1985)). For "loss-allocating" torts, like wrongful death and survival claims, courts apply rules based on the plaintiffs' and defendants' domiciles. *Id.* (citing *Neumeier v. Kuehner*, 31 N.Y.2d 121 (1972)).

6

## B. New York State Tort Law Governs Almost All of the Plaintiffs' Claims

The NY Decedents bring forth wrongful death and survival claims, and the NY Decedents' immediate family members bring forth IIED claims. (Report at 5–6.) This Court has previously held that New York tort law applies for analogous state law claims by similarly situated decedents to the NY Decedents. (*See* ECF No. 9287 at 3–5 (IIED, wrongful death, and survival claims against Iran related to deaths at the WTC site); ECF No. 9666 at 7 (assault and battery claim against Iran for injuries at WTC site).) Accordingly, in light of this Court's previous holdings, and because the deaths took place in New York, Magistrate Judge Netburn properly determined that New York law is applicable to the Plaintiffs' claims related to the NY Decedents. *Padula,* 84 N.Y.2d at 522.

Beaven's estate brings forth wrongful death and survival claims. (Supplemental Memo. at 2.) Beaven was a U.K. citizen domiciled in California that perished when an aircraft crashed in Shanksville, PA. Because no conflict exists between New York, Pennsylvania, and California law for Beaven's wrongful death and survival causes of action, Magistrate Judge Netburn properly applied New York's wrongful death and survival statutes for Beaven's estate claims. (Report at 16) (citing *Park Place Ent. v. Transcontinental Ins. Co.,* 225 F. Supp. 2d 406, 408 (S.D.N.Y. 2002) ("If the party advocating a choice of law analysis fails to demonstrate an actual conflict between New York and another state's laws, no choice of law analysis need be undertaken.").[6]

Finally, Kennedy's estate brings forth wrongful death and survival claims, and Kennedy's two children bring forth an IIED claim. (Supplemental Mem. at 2; Report at 15.) Kennedy was an Australian citizen, domiciled in Australia, who perished in Arlington, VA, when the aircraft

---

[6] The only relevant distinction, as Magistrate Judge Netburn notes, is that punitive damages for wrongful death claims are not available in Pennsylvania but are available in New York. (Report at 15) (citing ECF No. 11709 at 4 n.2; N.Y. EPTL § 5-4.3(b); *Walsh v. Strenz,* 63 F. Supp. 2d 548, 558 (M.D. Pa. 1999).) This Court does not consider this distinction sufficiently material to constitute a conflict between the state laws because the states do not provide different rules of decision.

7

Kennedy was a passenger on crashed into the Pentagon. Because no conflict exists between New York and Virginia law for Kennedy's wrongful death and IIED claims, New York law properly applies. (Report at 16–17.)[7] On the other hand, a conflict does exist as to Kennedy's survival claim. New York law permits plaintiffs to bring survival claims in tandem with wrongful death claims, N.Y. EPTL §§ 11-3.2(b), 11-3.3(b), but "Virginia law does not recognize an independent survivorship action in addition to a wrongful death claim where the person dies from the injury or wrongful act." *Winkler v. Medtronic, Inc.*, No. PX 18-00865, 2018 WL 6271055, at *3 (D. Md. Nov. 29, 2018) (cleaned up).

In light of this conflict for Kennedy's survival claim, and because neither party is domiciled in either state, Magistrate Judge Netburn properly determined, under New York's rules for loss-allocating torts, that Virginia law governs Kennedy's survival claim. Virginia was the place of the decedents death and the state with the greater connection to the claim. *Armstead v. National R.R. Passenger Corp.*, 954 F. Supp. 111, 112–113 (S.D.N.Y. 1997) ("[I]f…the tort did not occur in the domicile of either party, the *lex loci delicti*— law of the situs of the tort—will normally apply, unless displacing it [with another state's law] 'will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.'").

### C. The Taliban are Liable to the NY Decedents and Beaven's Estate

Magistrate Judge Netburn properly determined that the Taliban are liable under New York law for all the claims brought by the NY Decedents and Beaven's Estate.

---

[7] A difference between New York and Virginia laws – the scope of available punitive damages for wrongful death claims – is similarly immaterial for the purposes of determining conflict. (*See* Report at 16) (citing ECF No. 11709 at 4 n.2; N.Y. EPTL §§ 5-4.3(b), 11-3.2(b); Va. Code Ann. §§ 8.01-38.1, 8.01-52(5).)

*First,* the NY Decedents and Beaven's Estate meet the requirements for a wrongful death claim. To recover damages for wrongful death under N.Y. EPTL § 5-4, "a plaintiff must prove: (1) the death of a human being; (2) a 'wrongful act, neglect or default of the defendant' that caused the decedent's death; (3) the survival of distributees who suffered pecuniary loss by reason of the decedent's death; and (4) the appointment of a personal representative of the decedent." *Est. of Jaquez v. City of New York*, 104 F. Supp. 3d 414, 440 (S.D.N.Y. 2015), *aff'd sub nom. Est. of Jaquez by Pub. Adm'r of Bronx Cnty. v. City of New York*, 706 F. App'x 709 (2d Cir. 2017).

Here, the NY Decedents and Beaven's Estate assert claims on behalf of people killed in the 9/11 Attacks, either in the WTC site or Shanksville, PA. (ECF Nos. 11173 at 15; 11709 at 2.) This Court has previously determined that the Taliban's provision of material support to Al Qaeda proximately caused the 9/11 Attacks and Decedents' deaths in New York and Pennsylvania. (*See* 2023 Taliban R&R at 12; 2023 Taliban Order at 9.) The NY Decedents and Beaven's Estate suffered pecuniary losses, as detailed in their expert reports, (ECF No. 11179-3), and each of the estates is represented by a personal representative (*Id.* at 2–3). Accordingly, this Court GRANTS the Plaintiffs' default judgment motion for the wrongful death claims of the NY Decedents and Beaven, as listed in Exhibit B2.

*Second,* the NY Decedents and Beaven's Estate meet the requirements for a survival claim. N.Y. EPTL § 11-3.2(b) preserves causes of action "for injury to [a] person" after the injured person's death. N.Y. EPTL § 11-3.2(b) (McKinney 2016). Here, because the NY Decedents and Beaven sustained fatal injuries as a result of the 9/11 Attacks, and because al Qaeda is liable for the hijackings that produced those injuries, the same facts warrant holding the Taliban liable for injuries that proved fatal under Section 11-3.2(b). This Court GRANTS the Plaintiffs' default judgment motion for the survival claims of the NY Decedents and Beaven, as listed in Exhibit B1.

9

*Third,* the NY Decedents' immediate family members meet the requirements for an IIED claim.[8]  The tort of IIED "has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co.,* 81 N.Y.2d 115, 121 (1993).  Liability for intentional infliction of emotional distress extends to those who aid and abet the primary tortfeasor. *Rich v. Fox News Network, LLC,* No. 18 Civ. 2223 (GBD), 2020 WL 5768430, at *5–6 (S.D.N.Y. Sept. 25, 2020) (analyzing claim for aiding and abetting IIED).  It also typically extends to conduct that "causes injury to a third person, thereby intentionally or recklessly causing severe emotional distress to a member of such person's [immediate] family who is present at the time." *Maney v. Maloney,* 101 A.D.2d 403, 405–66 (3d Dep't 1984)).  Notably, courts have relaxed the presence requirement for IIED claims related to terrorist attacks, even for immediately family members who were "not physically present at the World Trade Center, or at the Pentagon, or at Shanksville," because "the whole world was virtually present, and that is enough." *Burnett v. Al Baraka Inv. & Dev. Corp.,* 274 F. Supp. 2d 86, 108 (D.D.C. 2003).

This Court has established that the Taliban aided and abetted al Qaeda by knowingly providing substantial assistance in plotting the 9/11 Attacks. (*See* 2023 Taliban Order at 9.)  In satisfaction of the first two elements, the 9/11 Attacks, as "[a]cts of terrorism[,] [were] by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Flanagan v. Islamic Republic of Iran,* 87 F. Supp. 3d 93, 115 (D.D.C. 2015).  In

---

[8] The Plaintiffs did not plead a separate cause of action for IIED in the Sixth Complaint. (*See* ECF No. 11173 at 17.)  This Court, however, has recognized that it may grant relief for separate causes of action raised in briefing but not initially pleading in the operative complaint.  (*See* ECF No. 9506 at 8–9.)  Accordingly, Magistrate Judge Netburn did not err in considering whether Plaintiffs' allegations meet the requirements of IIED.

satisfaction of the final two elements, the 9/11 Attacks killed the Plaintiffs' family members, thereby inflicting extreme emotional distress. Accordingly, this Court GRANTS the Plaintiffs' default judgment motion for the IIED claims of the immediate family members of the NY Decedents, as listed in Exhibit C.

### D. The Taliban are Liable as to Kennedy's Wrongful Death and IIED Claims, but not Liable as to Kennedy's Survival Claim

Magistrate Judge Netburn properly determined that the Taliban are liable under New York law for Kennedy's wrongful death claim, and for Kennedy's children's IIED claim.

Like the NY Decedents and the Beaven Estate, Kennedy's allegations meet all requirements for a New York wrongful death claim. *See Chamberlain*, 986 F. Supp. 2d at 398; N.Y. EPTL § 5-4.1. Kennedy perished during the 9/11 Attacks, the Taliban's support to al Qaeda proximately caused her death, Kennedy's survivors suffered pecuniary damages as detained in the expert reports, (ECF No. 11179-3), and Kennedy's estate is represented by a personal representative (*Id.*).

Similarly, Kennedy's children meet all of the requirements for a New York IIED claim. *Howell*, 81 N.Y.2d at 121; N.Y. EPTL § 11-3.2(b). The Taliban aided and abetted the 9/11 attacks, and the attacks were extreme and outrageous acts of terrorism that intended to cause severe emotional distress. Kennedy perished as a result of the 9/11 Attacks, and her death caused severe and ongoing emotional distress to her children. (Supplemental Mem. at 2; Report at 3.) Accordingly, this Court GRANTS the Plaintiffs' default judgment motion against the Taliban for the wrongful death claim of Kennedy's estate, as listed in Exhibit B2, and for the IIED claims of Kennedy's two children, as listed in Exhibit C.

Magistrate Judge Netburn also properly determined that Kennedy's estate cannot maintain a separate survival action under Virginia law, and therefore the Taliban are not liable for conscious

11

pain and suffering damages. Both Kennedy's survival and wrongful death claims come from the same set of facts – as the hijackers crashed the aircraft into the Pentagon, Kennedy experienced conscious pain and suffering and died moments later. In other words, Kennedy only suffered one injury – the pain and suffering resulting from the hijacking of the aircraft. As Magistrate Judge Netburn properly notes, however, "Virginia's survival statute and the cases interpreting it express a strong preference for limiting survival claims to distinct injuries not casually connected to those that caused a plaintiff's death." (Report at 24–25); *see also Winkler*, No. PX 18-00865, 2018 WL 6271055, at *3; *Smith v. Town of South Hill*, 611 F. Supp. 3d 148, 191 (E.D. Va. 2020) ("[A] person may not recover for the same injury under the survival statute and the wrongful death statute.") (quoting *Hendrix v. Daugherty*, 249 Va. 540, 547 (1995)). Accordingly, because Kennedy fails to provide a distinct injury not casually connected to those that caused Kennedy's death, this Court DENIES the Plaintiffs' default judgment motion only as to Kennedy's survival cause of action under Virginia Law.

## V.     <u>MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED DAMAGES</u>

Magistrate Judge Netburn properly determined the appropriate damages available for each New York cause of action, under the Court's existing damages frameworks.

### A. Economic Damages

The Plaintiffs are entitled to economic damages for their New York state law wrongful death claims. N.Y. EPTL § 5-4.3(a) permits the recovery of "pecuniary loss" suffered by a decedent's survivors due to their death. N.Y. EPTL § 5-4.3(a). Here, as established above, the Plaintiffs meet the necessary requirements for the New York wrongful death claims under N.Y. EPTL § 5-4.3(a). *See supra*, Part IV. Moreover, the Plaintiffs have provided expert reports calculating those damages (ECF No. 8929), and this Court has previously awarded economic

damages against Iran based on such reports *(see, e.g.,* ECF No. 9931 at 4 n.3). Accordingly, this Court awards economic judgments in favor of the Plaintiffs as set forth in Exhibit B2.

## B. Pain and Suffering Damages

Almost all of the Plaintiffs, with the exception of Kennedy, are entitled to pain and suffering damages for their New York state survival claims. *See Johnson v. N.Y. State Police,* 659 F. Supp. 3d 237, 261 (S.D.N.Y. 2023) (holding that N.Y. EPTL § 11-3.2(b) allows estates to recover for "pain and suffering prior to death" due to a "decedent's injuries."). This Court has consistently awarded $2,000,000 for pain and suffering damages to the estates of 9/11 victims, *(see, e.g.,* ECF No. 3226, 2023 Taliban R&R at 13–14; 2023 Taliban Order at 9–10), and does so again here, as set forth in Exhibit B1.[9]

## C. Solatium Damages

All of the Plaintiffs are eligible for solatium damages for their New York state IIED claims. *See Maney,* 101 A.D.2d at 405–6 (stating that damages may be available for family member's IIED claim). This Court previously established a damages framework for solatium claims under both state law and the Foreign Sovereign Immunities Act ("FSIA"), which awards $12,500,000 for spouses, $8,500,000 for children, $8,500,000 for parents, and $4,250,000 for siblings. (Report at 27–28.) This Court used this framework for awarding solatium damages to the *Ashton* Plaintiffs that were U.S. nationals during the 9/11 Attacks and the immediate family members of 9/11 decedents. (2023 Taliban R&R at 13; 2023 Taliban Opinion at 9–10.) Here, all of the Plaintiffs listed in Exhibit C are the immediate family members of the 9/11 decedents. Accordingly, as IIED claims are "nearly indistinguishable from" solatium claims, this Court awards damages pursuant

---

[9] Because Virginia state law does not permit Kennedy's separate recovery for her survival claim, this Court removes Kennedy from the list of the Plaintiffs who qualify for pain and suffering damages in Exhibit B1.

to the same framework, as set forth in Exhibit C. *Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 357 (D.C. Cir. 2018) (quoting *Flanagan*, 87 F. Supp. 3d at 115).

### D. Punitive Damages and Prejudgment Interest

In line with this Court's approach in other orders, Magistrate Judge Netburn properly deferred consideration of punitive damages under New York state law for all of the Plaintiffs. Finally, Magistrate Judge Netburn appropriately found that the Plaintiffs should be awarded "prejudgment interest of 4.96 percent per annum, compounded annually" from the period from September 11, 2001, until the date of judgment. (Report at 28.)

## VI.   CONCLUSION

Magistrate Judge Netburn's Order is **ADOPTED** in its entirety. The motion for partial default judgment brought on behalf of the NY Decedents for wrongful death and survival is **GRANTED**; and the motion for partial default judgment on behalf of the NY Decedents' immediate family members for IIED is **GRANTED**. The motion for partial default judgment brought on behalf of the Beaven's Estate for wrongful death and survival is **GRANTED.** The motion for partial default judgment brought on behalf of the Kennedy Estate is **GRANTED** as to Kennedy's wrongful death claim; and **DENIED** as to Kennedy's survival claim. The motion for partial default judgment on behalf of Kennedy's children for IIED is **GRANTED.**

Upon consideration of the evidence and arguments submitted by the Plaintiffs identified in Exhibits B1, B2 and C to this Order, and the Judgment by Default for liability only against the Taliban entered on May 12, 2006, together with the entire record in this case, it is hereby

**ORDERED** that service of process in the above-captioned matter was properly effected upon the Taliban; and it is further

**ORDERED** that this Court has personal and subject matter jurisdiction over the Taliban for the instant claims under state common law; and it is further

14

**ORDERED** that this Court has entered a default on liability against the Taliban for the instant claims; and it is further

**ORDERED** that partial default judgments are entered against the Taliban and on behalf of the non-U.S. national Plaintiffs listed in Exhibit B1 (other than Kennedy), Exhibit B2, and Exhibit C to the Plaintiffs' Proposed Order,[10] and it is

**ORDERED** that partial default judgments are entered against the Taliban on behalf of the Plaintiffs who are the Personal Representatives of the estates of victims killed in the terrorist attacks on September 11, 2001, for pain and suffering against the Taliban as described in Exhibit B1; and it is further

**ORDERED** that final judgments are entered against the Taliban and on behalf of the non-U.S. national Plaintiffs, who are the Personal Representatives of the estates of victims killed in the terrorist attacks on September 11, 2001, for economic loss against the Taliban as described in Exhibit B2; and it is further

**ORDERED** that each individual listed in Exhibit C, who are non-U.S. national Plaintiffs and the immediate family members or are the Personal Representatives of the estates of an immediate family of a victim killed in the terrorist attacks on September 11, 2001, are awarded solatium damages in the amounts set forth therein; and it is further

**ORDERED** that the Plaintiffs identified in the attached Exhibits B1, B2, and C are awarded prejudgment interest of 4.96 percent per annum, compounded annually, for (1) the period from September 11, 2001, until the date of judgment, for the pain and suffering and the solatium damages; and (2) the period from the "Date of Report," as listed in ECF No. 11179-3, until the date of judgment, for the economic damages; and it is further

---

[10] This Court ADOPTS Magistrate Judge Netburn's recommendation to correct various typos and omissions in Exhibits B1 and B2. (*See* Report at 29 n.6.) The attached exhibits reflect these corrections.

15

**ORDERED** that the Plaintiffs identified in the attached Exhibits B1, B2, and C may submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered and such damages were not sought in this motion), at a later date consistent with any future rulings made by this Court on this issue; and it is further

**ORDERED** that the remaining *Ashton* Plaintiffs not appearing in the attached Exhibits B1, B2, or C may submit in later stages applications for damages awards, and to the extent they are for solatium or by estates for compensatory damages for decedents' pain and suffering from the September 11, 2001 attacks, they will be approved consistent with those approved herein for other plaintiffs in this action.

The Court respectfully directs the Clerk of the Court to terminate the motions at ECF No. 11173 in 03-md-1570 and ECF No. 2322 in 02-cv-06977.

Dated: March 27, 2026
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

16

# Exhibit

# B1

Estates - Pain & Suffering – Exhibit B1 – Personal Representatives of the Estates of Non-U.S. Nationals or unconfirmed with Prior Judgments

| Personal Representative | | | | 9/11 Decedent | | | | | | | Claim information | | | Pain & Suffering Damages | | | Judgment | | | |
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Prior Award | Amount | Treble | Principal | Start Date | End Date | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lori | Ann | Arczynski | | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 27 | | 3226 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Kimberly | Kaipaka | Beaven | | Alan | | Beaven | | United Kingdom | 9/11/01 | PA | 02cv06977 | 1463 at 2 | | 3226 at 2 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Charles | Leslie | Berkeley | | Graham | | Berkeley | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 9929-1, 9953 | 3226 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Ngoran | | Dje | | Irina | | Buslo | | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 28 | | 3226 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Patricia | | Carrington | | Jeremy | Mark | Carrington | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 33 | | 3226 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Laurie | S. | Lauterbach | | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | | 3226 at 3 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Bernard | | Phair | | Joanne | | Cregan | | Ireland | 9/11/01 | NY | 02cv06977 | 1463 at 43 | | 3226 at 6 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Ernesto | | Barrera | | Ana | | Debarrera | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Carmen and Leocadio | | Diaz | | Nancy | | Diaz | | Dominican Republic | 9/11/01 | NY | 02cv06977 | 8715-1 at 10, 8721 | | 8245 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Lidia | | Melendez | | Mirna | A. | Duarte | | Honduras | 9/11/01 | NY | 02cv06977 | 1463 at 59 | | 3226 at 8 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Steven | | Feldelberg | | Peter | Adam | Feidelberg | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 8 | | 3226 at 2 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Julio | C. | Fernandez | | Julio | | Fernandez | | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 61 | | 3226 at 8 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Irina | | Dubenskaya | | Eugueni | | Kniazev | | Russia | 9/11/01 | NY | 02cv06977 | 1463 at 49 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Harlene | | Larry | | Hamidou | S. | Larry | | Togo | 9/11/01 | NY | 02cv06977 | 1463 at 39 | | 3226 at 6 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Maureen | | Kelly | | Mark | | Ludvigsen | | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 53 | | 3226 at 8 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Raynette | | Mascarenhas | | Bernard | | Mascarenhas | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 51 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Frederyk Milewski; Anna Milewska | | FrederykMilewski; Anna Milewska | | Lukasz | | Milewski | | Poland | 9/11/01 | NY | 02cv06977 | 1463 at 17 | | 3226 at 4 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Kantilal | | Patel | | Manish | | Patel | | India | 9/11/01 | NY | 02cv06977 | 1463 at 30 | | 3226 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| BNY | | Mellon | | Victor | Hugo | Paz Gutierrez | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 42 | 9704-1, 9726 | 3226 at 6 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Sophie | | Pelletier | | Michel | | Pelletier | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 43 | | 3226 at 6 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Katherine | | Robson | | Donald | A. | Robson | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 43 | | 3226 at 6 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Vasiliy | | Rijov | | Tatiana | | Ryjova | | Russia | 9/11/01 | NY | 02cv06977 | 1463 at 52 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Delphine | | Saada | | Thierry | | Saada | | France | 9/11/01 | NY | 02cv06977 | 1463 at 22 | | 3226 at 4 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Narasimha | | Sattaluri | | Deepika | | Sattaluri | | India | 9/11/01 | NY | 02cv06977 | 1463 at 54 | | 3226 at 8 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Daniel | Tiberiu | Stan | | Alexandru | | Stan | | Romania | 9/11/01 | NY | 02cv06977 | 1463 at 45 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Midori | | Takahashi | | Keiji | | Takahashi | | Japan | 9/11/01 | NY | 02cv06977 | 1463 at 45 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Joseph | | O'Keefe | | Lesley | A. | Thomas | | Australia | 9/11/01 | NY | 02cv06977 | 1463 at 42 | | 3226 at 4 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Rosana | | Thompson | | Nigel | Bruce | Thompson | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 24 | | 3226 at 4 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Alissa | | Rosenberg-Torres | | Luis | Eduardo | Torres | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 44 | | 3226 at 7 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Debbie | | Williams | | Pauline | | Tull-Francis | | Barbados | 9/11/01 | NY | 02cv06977 | 1463 at 31 | | 3226 at 5 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Anthony | | Vincelli | | Chantal | | Vincelli | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 25 | | 3226 at 4 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |
| Darren | | Williams | | Debbie | | Williams | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 61 | | 3226 at 8 | $ 2,000,000.00 | | $ 2,000,000.00 | 9/11/2001 | | |

Estates - Pain & Suffering - Exhibit B1 - Personal Representatives of the Estates of Non-U.S. Nationals or unconfirmed with Prior Judgments



| 33 | Charles | | Wolf | | Katherine | | Wolf | | United Kingdom | 9/11/01 | NY | | 02cv06977 | 1463 at 46 | | | 3226 at 7 | $ 2,000,000.00 | | | $ | 2,000,000.00 | 9/11/2001 | | | |

# Exhibit

# B2

Estates - Economic - Personal Representatives of the Estates of Non-U.S. Nationals or unconfirmed with Prior Judgments

| # | Personal Representative First | Middle | Last | Suffix | 9/11 Decedent First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Claim Information Case | Complaint | Amendments & Substitutions | Economic Damages Report | Date of Report | Prior Award | Amount | Treble | Judgment Principal | Start Date | End Date | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Lori | Ann | Arczynski | | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 02cv0697 7 | 1463 at 27 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 8,110,436.00 | | $ 8,110,436.00 | 1/1/2018 | | |
| 2 | Kimberly | Kaipaka | Beaven | | Alan | | Beaven | | United Kingdom | 9/11/01 | PA | 02cv0697 7 | 1463 at 2 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 6,443,641.00 | | $ 6,443,641.00 | 1/1/2018 | | |
| 3 | Charles | Leslie | Berkeley | | Graham | | Berkeley | | United Kingdom | 9/11/01 | NY | 02cv0697 7 | 1463 at 49 | 9929-1, 9953 | 9941-2 | 7/1/24 | 10292 at 6 | $ 4,174,439.00 | | $ 4,174,439.00 | 7/1/2024 | | |
| 4 | Patricia | | Carrington | | Jeremy | Mark | Carrington | | United Kingdom | 9/11/01 | NY | 02cv0697 7 | 1463 at 33 | | 9941-1 | 7/1/24 | 10292 at 6 | $ 6,641,259.00 | | $ 6,641,259.00 | 7/1/2024 | | |
| 5 | Laurie | S. | Lauterbach | | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv0697 7 | 1463 at 15 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 1,469,257.00 | | $ 1,469,257.00 | 1/1/2018 | | |
| 6 | Carmen and Leocadio | | Diaz | | Nancy | | Diaz | | Dominican Republic | 9/11/01 | NY | 02cv0697 7 | 8715-1 at 10, 8721 | | 7979 | 1/1/18 | 8245 at 6 | $ 2,123,993.00 | | $ 2,123,993.00 | 1/1/2018 | | |
| 7 | Lidia | | Melendez | | Mirna | A. | Duarte | | Honduras | 9/11/01 | NY | 02cv0697 7 | 1463 at 59 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 1,210,396.00 | | $ 1,210,396.00 | 1/1/2018 | | |
| 8 | Melissa | | Van Ness Fatha | | Syed | Abdul | Fatha | | India | 9/11/01 | NY | 02cv0697 7 | 1463 at 8 | | 9680-1 | 4/1/23 | 10292 at 6 | $ 546,892.00 | | $ 546,892.00 | 4/1/2023 | | |
| 9 | Steven | | Feidelberg | | Peter | Adam | Feidelberg | | Canada | 9/11/01 | NY | 02cv0697 7 | 1463 at 8 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 5,509,226.00 | | $ 5,509,226.00 | 1/1/2018 | | |
| 10 | Donald | Francis | Kennedy | | Yvonne | Estelle | Kennedy | | Australian | 9/11/01 | VA | 02cv0697 7 | 1463 at 14 | | 3357-3 | 9/1/16 | 3370-1 at 1, 3386 | $ 308,729.00 | | $ 308,729.00 | 9/1/2016 | | |
| 11 | Irina | | Dubenskaya | | Eugueni | | Kniazev | | Russia | 9/11/01 | NY | 02cv0697 7 | 1463 at 49 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 1,484,938.00 | | $ 1,484,938.00 | 1/1/2018 | | |
| 12 | Harlene | | Larry | | Hamidou | S. | Larry | | Togo | 9/11/01 | NY | 02cv0697 7 | 1463 at 39 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 2,062,376.00 | | $ 2,062,376.00 | 1/1/2018 | | |
| 13 | Raynette | | Mascarenhas | | Bernard | | Mascarenhas | | Canada | 9/11/01 | NY | 02cv0697 7 | 1463 at 51 | | 5537-6 | 1/1/20 | 5881-2 at 2, 5926 | $ 4,219,565.00 | | $ 4,219,565.00 | 1/1/2020 | | |
| 14 | Frederyk Milewski; Anna Milewska | | FraderykMilewski; Anna Milewska | | Lukasz | | Milewski | | Poland | 9/11/01 | NY | 02cv0697 7 | 1463 at 17 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 1,394,655.00 | | $ 1,394,655.00 | 1/1/2018 | | |
| 15 | Kantilal | | Patel | | Manish | | Patel | | India | 9/11/01 | NY | 02cv0697 7 | 1463 at 30 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | ############## | | ############## | 1/1/2018 | | |
| 16 | Sophie | | Pelletier | | Michel | | Pelletier | | Canada | 9/11/01 | NY | 02cv0697 7 | 1463 at 43 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 7,169,891.00 | | $ 7,169,891.00 | 1/1/2018 | | |
| 17 | Katherine | | Robson | | Donald | A. | Robson | | Canada | 9/11/01 | NY | 02cv0697 7 | 1463 at 43 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 3,673,634.00 | | $ 3,673,634.00 | 1/1/2018 | | |
| 18 | Delphine | | Saada | | Thierry | | Saada | | France | 9/11/01 | NY | 02cv0697 7 | 1463 at 22 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | ############## | | ############## | 1/1/2018 | | |
| 19 | Narasimha | | Sattaluri | | Deepika | | Sattaluri | | India | 9/11/01 | NY | 02cv0697 7 | 1463 at 54 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 5,619,646.00 | | $ 5,619,646.00 | 1/1/2018 | | |
| 20 | Daniel | Tiberiu | Stan | | Alexandru | | Stan | | Romania | 9/11/01 | NY | 02cv0697 7 | 1463 at 45 | | 5537-6 | 1/1/20 | 5881-2 at 2, 5926 | $ 4,733,354.00 | | $ 4,733,354.00 | 1/1/2020 | | |
| 21 | Midori | | Takahashi | | Keiji | | Takahashi | | Japan | 9/11/01 | NY | 02cv0697 7 | 1463 at 45 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 5,468,271.00 | | $ 5,468,271.00 | 1/1/2018 | | |
| 22 | Joseph | | O'Keefe | | Lesley | A. | Thomas | | Australia | 9/11/01 | NY | 02cv0697 7 | 1463 at 42 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 2,821,624.00 | | $ 2,821,624.00 | 1/1/2018 | | |
| 23 | Rosana | | Thompson | | Nigel | Bruce | Thompson | | United Kingdom | 9/11/01 | NY | 02cv0697 7 | 1463 at 24 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | ############## | | ############## | 1/1/2018 | | |
| 24 | Alissa | | Rosenberg-Torres | | Luis | Eduardo | Torres | | Colombia | 9/11/01 | NY | 02cv0697 7 | 1463 at 44 | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 5,587,212.00 | | $ 5,587,212.00 | 1/1/2018 | | |

Case 1:03-md-01570-GBD-SN   Document 11927   Filed 03/26/26   Page 22 of 25

Estates - Economic - Personal Representatives of the Estates of Non-U.S. Nationals or unconfirmed with Prior Judgments

| # | First | Last | | First | Last | Country | Date | State | Case | | | | Doc | Date | | Amount | | Total | Date | | |
|---|-------|------|---|-------|------|---------|------|-------|------|---|---|---|-----|------|---|--------|---|-------|------|---|---|
| 25 | Anthony | Vincelli | | Chantal | Vincelli | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 25 | | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 665,482.00 | | $ 665,482.00 | 1/1/2018 | | |
| 26 | Darren | Williams | | Debbie | Williams | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 61 | | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 4,842,842.00 | | $ 4,842,842.00 | 1/1/2018 | | |
| 27 | Charles | Wolf | | Katherine | Wolf | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 46 | | | 5537-6 | 1/1/18 | 5881-2 at 2, 5926 | $ 2,724,078.00 | | $ 2,724,078.00 | 1/1/2018 | | |

Page 2 of 2

# Exhibit C

Case 1:03-md-01570-GBD-SN   Document 11927   Filed 03/26/26   Page 24 of 25

Solatium - Immediate Family Members (Non-U.S. Nationals) with Prior Judgments (Solatium)

| Personal Representative | | | | Claimant | | | | | 9/11 Decedent | | | | | | | Claim Information | | | Relationship | Documentation | Prior Award | Amount | Treble | Judgment | | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | | | | | | Principal | Start Date | End Date | |
| | | | | Lori | Ann | Arczynski | | Canada | Michael | G. | Arczynski | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 27 | 8711-1 at 3, 8723 | Spouse | | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| | | | | Sharon | | Baker-Gual | | Jamaica | Kerene | | Gordon | | US | 9/11/01 | NY | 02cv06977 | 1463 at 41 | 8711-1 at 22, 8723 | Sibling | | 3979 at 6 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Ernesto | | Barrera | | El Salvador | Ana | | Debarrera | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8711-1 at 14, 8723 | Spouse | | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| | | | | Lombardo | | Barrera | | El Salvador | Ana | | Debarrora | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8715-1 at 3, 8721 | Child | | 7190 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Geisel | | Barrera Pocasangre | | El Salvador | Ana | | Debarrera | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8715-1 at 3, 8721 | Child | | 7190 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Karen | | Barrera Pocasangre | | El Salvador | Ana | | Debarrera | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8715-1 at 3, 8721 | Child | | 7190 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Linda | | Barrera Pocasangre | | El Salvador | Ana | | Debarrera | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8715-1 at 3, 8721 | Child | | 7190 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Mauricio | | Barrera Pocasangre | | El Salvador | Ana | | Debarrera | | El Salvador | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8715-1 at 3, 8721 | Child | | 7190 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Charles | | Berkeley | | United Kingdom | Graham | | Berkeley | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 8711-1 at 5, 8723 | Parent | | 4880 at 32 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Christopher | | Berkeley | | United Kingdom | Graham | | Berkeley | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 8715-1 at 4, 8721 | Sibling | | 7190 at 13 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Pauline | | Berkeley | | United Kingdom | Graham | | Berkeley | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 8711-1 at 5, 8723 | Parent | | 4880 at 32 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Roger | | Berkeley | | United Kingdom | Graham | | Berkeley | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 8715-1 at 4, 8721 | Sibling | | 7190 at 13 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Alicia | | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Julio | | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Maria | Elvira | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Maria | Claudia | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Martha | Helena | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Mercedes | | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Ricardo | | Cortés-Rodríguez | | Colombia | Carlos | | Cortes | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 15 | 8715-1 at 8, 8721 | Sibling | | 4880 at 7 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Beverly | | Cryne | | UK | William | | Dean | | US | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 8715-1 at 9, 8721 | Sibling | | 3706 at 15 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Kristina | | deJong | | Canada | Michel | | Pelletier | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 43 | 8715-1 at 9, 8721 | Sibling | | 3979 at 10 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | Decedent's first name is listed as Mike on 1463 at 43 |
| | | | | Ngoram | | Dje | | Unconfirmed | Irina | | Buslo | | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 28 | 8711-1 at 9, 8723 | Spouse | | 7190 at 4 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| | | | | Marvin | | Duarte | | Honduras | Mima | A. | Duarte | | Honduras | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 8711-1 at 11, 8721 | Sibling | | 3979 at 6 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Julio | C. | Fernandez | | Unconfirmed | Julio | | Fernandez | | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 61 | 8711-1 at 18, 8721 | Child | | 4106 at 2 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Blanca | | Gutierrez De Paz | | Colombia | Victor | Hugo | Paz Gutierrez | | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 42 | 8711-1 at 42, 8723 | Parent | | 4106 at 5 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Alan | | James | | United Kingdom | Katherine | | Wolf | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 46 | 8715-1 at 17, 8721 | Sibling | | 3706 at 21 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | Decedent's last name is listed as Wolfe on 1463 at 46 |
| Alan | | James | | Howard | Rhys | James | | United Kingdom | Katherine | | Wolf | | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 46 | 8715-1 at 17, 8721 | Parent | | 3706 at 21 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | Decedent's last name is listed as Wolfe on 1463 at 46 |
| | | | | Maureen | | Kelly | | Unconfirmed | Mark | | Ludviksen | | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8711-1 at 32, 8723 | Spouse | | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | | |
| | | | | Leigh | | Kennedy | | Australia | Yvonne | Estelle | Kennedy | | Australia | 9/11/01 | VA | 02cv06977 | 1463 at 14 | 8715-1 at 18, 8721 | Child | | 3370-1 at 1, 3386 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Simon | | Kennedy | | Australia | Yvonne | Estelle | Kennedy | | Australia | 9/11/01 | VA | 02cv06977 | 1463 at 14 | 8715-1 at 18, 8721 | Child | | 3370-1 at 1, 3386 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Marion | | Knox | | Australia | Andrew | | Knox | | Australia | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8711-1 at 29, 8723 | Parent | | 6191 at 3 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Thomas | | Knox | | Australia | Andrew | | Knox | | Australia | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 11071-1 at 2, 11074 | Parent | | 10585 at 5 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |
| | | | | Stuart | | Knox | | Australia | Andrew | | Knox | | Australia | 9/11/01 | NY | 02cv06977 | 1463 at 53 | 8715-1 at 18, 8721 | Sibling | | 7190 at 13 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | | |
| | | | | Jaclyn | | Mascarenhas | | Canada | Bernard | | Mascarenhas | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 51 | 8711-1 at 33, 8723 | Child | | 4880 at 32 | $ 8,500,000.00 | | $ 8,500,000.00 | | | |
| | | | | Raynette | | Mascarenhas | | Canada | Bernard | | Mascarenhas | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 51 | 8711-1 at 33, 8723 | Spouse | | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | | | |
| | | | | Sven | | Mascarenhas | | Canada | Bernard | | Mascarenhas | | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 51 | 8711-1 at 33, 8723 | Child | | 7190 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | | |

Solatium - Immediate Family Members (Non-U.S. Nationals) with Prior Judgments (Solatium)

| # | First | | Last | Country | First | | Last | Country | Date | State | Case | 1463 | 8711/8715 | Relationship | Ref | Amount | Amount | Date | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | | | | | Lidia | | Melendez | Honduras | | | Mirna | A. | Duarte | Honduras | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 8711-1 at 16, 8723 | Parent | 3979 at 6 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | Claimant's last name is listed as Melendez on 1463 at 59 |

| # | First | Mid | Last | Country | First | Mid | Last | Country | Date | State | Case | 1463 | 8711/8715 | Rel | Ref | Amount | | Amount2 | Date2 | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 37 | Lidia | | Melendez | Honduras | Mirna | A. | Duarte | Honduras | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 8711-1 at 16, 8723 | Parent | 3979 at 6 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | Claimant's last name is listed as Melendez on 1463 at 59 |
| 38 | Anna | | Milewska | Poland | Lukasz | | Milewski | Poland | 9/11/01 | NY | 02cv06977 | 1463 at 17 | 8711-1 at 36, 8723 | Parent | 3979 at 8 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | Claimant's Last Name is listed as Milewska, 1463 at 17 |
| 39 | Frederyk | | Milewski | Poland | Lukasz | | Milewski | Poland | 9/11/01 | NY | 02cv06977 | 1463 at 17 | 8711-1 at 36, 8723 | Parent | 3979 at 8 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 40 | David | | Nelson | Jamaica | Kerone | | Gordon | US | 9/11/01 | NY | 02cv06977 | 1463 at 41 | 8711-1 at 22, 8723 | Child | 4880 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 41 | Delroy | | Nelson | Canada | Kerone | | Gordon | US | 9/11/01 | NY | 02cv06977 | 1463 at 41 | 8715-1 at 24, 8721 | Child | 4880 at 13 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 42 | Alfredo | F. | Ortiz | Unconfirmed | Alexander | | Ortiz | US | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 8711-1 at 41, 8723 | Parent | 4880 at 22 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 43 | Sampath | | Pakkala | Unconfirmed | Deepa | | Pakkala | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 8711-1 at 41, 8723 | Spouse | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | |
| 44 | Ana | | Paz Gutierrez | Colombia | Victor | Hugo | Paz Gutierrez | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 42 | 8715-1 at 27, 8721 | Sibling | 4106 at 5 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | |
| 45 | Jose | | Paz Gutierrez | Colombia | Victor | Hugo | Paz Gutierrez | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 42 | 8715-1 at 27, 8721 | Sibling | 4106 at 5 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | |
| 46 | Julia | | Paz Gutierrez | Colombia | Victor | Hugo | Paz Gutierrez | Colombia | 9/11/01 | NY | 02cv06977 | 1463 at 42 | 8715-1 at 27, 8721 | Sibling | 4106 at 5 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | |
| 47 | Daniel | | Pelletier | Canada | Michel | | Pelletier | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 43 | 8715-1 at 27, 8721 | Sibling | 3979 at 10 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | Decedent's first name is listed as Mike on 1463 at 43 |
| 48 | Lillian | | Pelletier | Canada | Michel | | Pelletier | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 43 | 8715-1 at 27, 8721 | Parent | 3979 at 10 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | Decedent's first name is listed as Mike on 1463 at 43 |
| 49 | Ronald | | Pelletier | Canada | Michel | | Pelletier | Canada | 6/11/01 | NY | 02cv06977 | 1463 at 43 | 8715-1 at 27, 8721 | Sibling | 3979 at 10 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | Decedent's first name is listed as Mike on 1463 at 43 |
| 50 | Syed | | Rahman | India | Syed | Abdul | Fatha | US | 9/11/01 | NY | 02cv06977 | 1463 at 8 | 8715-1 at 26, 8721 | Sibling | 3979 at 6 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | |
| 51 | Janna | | Rasuvaev | Canada | Alexey | | Razuvaev | Israel | 9/11/01 | NY | 02cv06977 | 1463 at 51 | 11071-1 at 2, 11074 | Spouse | 10985 at 5 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | |
| 52 | Anna | | Razovaev | Canada | Alexey | | Razuvaev | Israel | 9/11/01 | NY | 02cv06977 | 1463 at 51 | 11067-1 at 2, 11096 | Child | 10985 at 5 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 53 | Vasiliy | | Rijov | Russia | Tatiana | | Ryjova | Russia | 9/11/01 | NY | 02cv06977 | 1463 at 52 | 8711-1 at 47, 8723 | Spouse | 7190 at 9 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | |
| 54 | Delphine | | Saada | France | Thierry | | Saada | France | 9/11/01 | NY | 02cv06977 | 1463 at 22 | 8711-1 at 47, 8723 | Spouse | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | Claimant's last name is listed as Saada Samuel, 4880 at 32 |
| 55 | Narasimha | | Sattaluri | India | Deepika | | Sattaluri | India | 9/11/01 | NY | 02cv06977 | 1463 at 54 | 8711-1 at 48, 8723 | Spouse | 4880 at 32 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | |
| 56 | Midori | | Takahashi | Japan | Keiji | | Takahashi | Japan | 9/11/01 | NY | 02cv06977 | 1463 at 45 | 8711-1 at 52, 8723 | Spouse | 4880 at 33 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | |
| 57 | Radmila | | Tomasevic | Serbia | Vladimir | | Tomasevic | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 87 | 8715-1 at 35, 8721 | Parent | 4880 at 33 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 58 | Andrija | | Tomasevic | Serbia | Vladimir | | Tomasevic | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 87 | 8715-1 at 34, 8721 | Parent | 4880 at 33 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 59 | Anthony | | Vincelli | Canada | Chantal | | Vincelli | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 25 | 8711-1 at 55, 8723 | Sibling | 3979 at 11 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | |
| 60 | Antonio | | Vincelli | Canada | Chantal | | Vincelli | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 25 | 8715-1 at 36, 8721 | Parent | 4106 at 5 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 61 | Jelena | | Watkins | UK | Vladimir | | Tomasevic | Unconfirmed | 9/11/01 | NY | 02cv06977 | 1463 at 87 | 8715-1 at 37, 8721 | Sibling | 4880 at 33 | $ 4,250,000.00 | | $ 4,250,000.00 | 9/11/2001 | |
| 62 | Debbie | | Williams | Barbados | Pauline | | Tull-Francis | Barbados | 9/11/01 | NY | 02cv06977 | 1463 at 31 | 8711-1 at 54, 8723 | Child | 4880 at 33 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |
| 63 | Darren | | Williams | Canada | Debbie | | Williams | Canada | 9/11/01 | NY | 02cv06977 | 1463 at 61 | 8711-1 at 56, 8723 | Spouse | 4880 at 33 | $ 12,500,000.00 | | $ 12,500,000.00 | 9/11/2001 | |
| 64 | Mary | | Wright | United Kingdom | Nell | | Wright | United Kingdom | 9/11/01 | NY | 02cv06977 | 1463 at 49 | 8715-1 at 38, 8721 | Parent | 4880 at 33 | $ 8,500,000.00 | | $ 8,500,000.00 | 9/11/2001 | |