

# McANDREW
## VUOTTO LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

April 10, 2026

*Via ECF*

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> **Re:  In re Terrorist Attacks on September 11, 2001**
> **Case No. 03 MDL 1570 (GBD)(SN)**
> **Motion Under 28 U.S.C. § 1610(c) on Behalf of Jacqueline Eaton-Garland [ECF No. 11711]**

Dear Judge Netburn:

We represent Jacqueline Eaton-Garland, individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Eaton") in the above-referenced matter. We write to respectfully follow up Eaton's motion pursuant to 28 U.S.C. § 1610(c) [ECF No. 11711] and the Court's Orders [ECF Nos. 11897 and 11898] and our supplemental submissions [ECF Nos. 11893 and 11929] regarding the motion. As a result of our additional investigation and search for the diplomatic notes and supporting documents relating to Eaton's Judgment at ECF No. 5452, we have been advised by the U.S. Department of State that Eaton's prior counsel, John F. Schutty, Esq., withdrew his request to have the subject Judgment served by diplomatic means. Therefore, Eaton respectfully withdraws her 1610(c) motion [ECF Doc. 11711] without prejudice with respect to her Judgment at ECF No. 5452, and is taking immediate action to serve Iran with the subject Judgment.

As the Court may recall from our prior submissions, we have been diligent in attempting to obtain a copy of the diplomatic notes and supporting documents. On April 8, 2026, I received an email from the State Department attaching correspondence from Mr. Schutty requesting that service of the subject Judgments be withdrawn because his clients had allegedly "obtained service upon the Islamic Republic of Iran through alternative means." A true and correct copy of the April 8, 2026, email from the State Department, including Mr. Schutty's emails from May 2020, is attached hereto as **Exhibit A**.

Upon receiving the State Department's email, I emailed Mr. Schutty to ask how he "obtained service upon the Islamic Republic of Iran through alternative means," as stated in his May 7, 2020, email to the State Department. I further requested that Mr. Schutty provide all evidence of this service, due to the urgency of the matter. Mr. Schutty responded to me that there was a "misunderstanding," and that he had "wanted the State Department to cease service of a new

13 Mt. Kemble Avenue, Morristown, New Jersey 07960 (973) 538-6308
1 Blue Hill Plaza, Suite 1509, Pearl River, New York 10965 (212) 382-2208
www.mcandrewvuotto.com

Summons & Complaint upon Iran, not the Partial Final Judgments," but instead, "what was withdrawn was the service of the Partial Final Default Judgments." A true and correct copy of my emails with Mr. Schutty is attached hereto as **Exhibit B**.

As a result of this error, Mr. Schutty has volunteered to re-serve Iran with the subject Judgments. My understanding is that the service package has already been delivered to the Clerk of the Court to effect service pursuant to 28 U.S.C. § 1610(a)(4) and (e), through the State Department.

Additionally, we respectfully note that Eaton's first Judgment against Iran [ECF No. 3226] has been served on Iran through diplomatic means multiple times by various parties. *See, e.g.*, ECF Nos. 11819-1, 11892-1, 11894-1. We respectfully submit that denying Eaton a 1610(c) order for her Judgment against Iran at ECF No. 3226 would raise form over substance. The Second Circuit has held that courts should consider whether service achieves "actual notice, rather than strict formalism." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005) (quoting *Fox v. Regie Nationale des Usines Renault*, 103 F.R.D. 453, 455 (W.D. Tenn. 1984)). Iran would incur no prejudice or injustice from not being served with a copy of the identical Judgment with which it had already been served multiple other times. We therefore respectfully request that the Court consider and grant Eaton's motion solely as to her Judgment at ECF No. 3226, and we withdraw the motion without prejudice as to her Judgment at ECF No. 5452.

Finally, we respectfully note that this development has revealed that, in at least one instance, a judgment included within the Court's *nunc pro tunc* Rule 54(b) certification had not been properly effectuated under 28 U.S.C. §1608 due to withdrawal of service by prior counsel, without client knowledge. While we do not seek to disturb the Court's prior rulings, this development highlights a risk that judgments lacking the statutory prerequisites for enforceability may be treated as equivalent to properly-served judgments in the context of competing claims to limited assets. To preserve the integrity of the distribution process, we respectfully request that the Court consider implementing a limited verification procedure requiring parties to certify or demonstrate compliance with §1608 as a condition of enforcement or participation in distributions.

We thank the Court for its consideration of this submission.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto

Enclosures

cc:   Counsel of Record (via ECF)