USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-5-05

# HANLY CONROY BIERSTEIN & SHERIDAN
### 415 MADISON AVENUE
### NEW YORK, NEW YORK 10017-1111
### www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
  (212) 401-7556
JAYNE CONROY (NY, DC & MA)
  (212) 401-7555
CLINTON B. FISHER (NY & DC)
  (212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
  (212) 401-7550
THOMAS I. SHERIDAN, III (NY)
  (212) 401-7602

(212) 401-7600

TELECOPIER
(212) 401-7635

EMAIL
abierstein@hanlyconroy.com

**BY HAND**

December 30, 2004

*[handwritten: The Court disregards Mr. Mohammedi's letter of December 23, 2004. The parties are to work out a briefing schedule for a motion to dismiss. 1/3/05 Richard Conway Casey]*

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

Re:    MDL 1570 – *Burnett v. Al Baraka Invest. & Devel. Corp.*

Dear Judge Casey:

I write in response to the letter to Your Honor from Khurrum Wahid dated December 29, 2004, to correct several mis-impressions that I believe that letter creates. To begin with, our objection to the December 20 letter from Omar Mohammedi, which Mr. Wahid has now withdrawn, was not based on, nor have we ever expressed dissatisfaction with, the fact that the letter was sent to us by email. Rather, as I informed Mr. Mohammedi in a detailed letter dated December 27, 2004, the December 20 letter represented an improper attempt to make a dispositive motion in the form of a letter application. (A copy of my December 27 letter to Mr. Mohammedi is enclosed.) Not only did Mr. Mohammedi's letter fail to comply with several rules in the Federal Rules of Civil Procedure and the local rules of this Court governing motions, it failed even to comply with Your Honor's order in this case governing letter applications. (Mr. Mohammedi also failed to comply with Your Honor's rule and with local practice concerning the *timing* (rather than the manner) of delivery to us: we were served by email *three days after the letter was hand-delivered to the Court.* I included this last objection in my letter as the last of eight or nine rules that Mr. Mohammedi had violated.) Mr. Wahid's representation in his letter than the parties' dispute concerned our "dissatisfaction" with receiving the letter by email, rather than by hand, is simply not true.

Mr. Wahid also claims that he (or Mr. Mohammedi) attempted to contact plaintiffs' counsel prior to the filing of the letter. Although Mr. Mohammedi and I exchanged correspondence in early December concerning his assertion that his client has not been properly served, I have not received any phone calls, emails, letters, faxes, or voice mail messages from Mr. Mohammedi since December 6, at which time Mr. Mohammedi stated his intention to move to dismiss our complaint for lack of service. (A copy of Mr. Mohammedi's December 6 letter is enclosed.) At no time did

EXHIBIT

WAMY EX. 268

HANLY CONROY BIERSTEIN & SHERIDAN LLP

Hon. Richard Conway Casey
December 30, 2004                                                                Page 2

Mr. Mohammedi (or anyone else associated with him) ever raise the subject of a briefing schedule with me. Accordingly, I was quite surprised to read in Mr. Wahid's letter not only of our supposed failure to respond to attempts to communicate (since I had already informed Mr. Wahid by phone that this was not so), but also to learn for the first time that either Mr. Mohammedi or Mr. Wahid had apparently, without plaintiffs' knowledge, contacted the Court, represented that plaintiffs had failed to respond to a communication requesting a briefing schedule, and obtained permission from the Court to send the December 20 letter!

It had been my hope that this dispute could be resolved without Court intervention and it was for that reason that I wrote to Mr. Mohammedi in the first place. I apologize for burdening the Court, but re-iterate the position set forth in my letter to Mr. Mohammedi: if Mr. Mohammedi believes that his client was not properly served in this case, he may, if he so chooses, file a motion pursuant to Fed.R.Civ.P. 12(b)(5), seeking dismissal for improper service of process. Plaintiffs believe that service was proper and intend to oppose any such motion. But I respectfully submit that dismissal under Rule 12(b)(5) cannot be sought, nor obtained, by letter and Mr. Mohammedi cannot simply disregard the Federal Rules, the local rules, the Case Management Orders, and Your Honor's rules of practice.

Respectfully,

Andrea Bierstein

Encs.
cc:      All counsel (via email; w/encs.)