LAW FIRM OF
# OMAR T. MOHAMMEDI
200 MADISON AVENUE, SUITE 1901
NEW YORK, NY 10016-3903
PHONE (212) 725-3846
FACSIMILE (212) 725-9160

OF COUNSEL:

MARC RUBIN
DEVEREAUX CANNICK
KHURRUM WAHID
SETH MARCUS

WEBSITE: WWW.OTMLAW.COM

OMAR T. MOHAMMEDI
DIRECT LINE: EXT. 18
OMOHAMMEDI@OTMLAW.COM

November 29, 2004

## VIA TELECOPY & AIRBORNE EXPRESS

J. Scott Tarbutton, Esq.
Cozen O'Connor, P.C.
1900 Market Street
Philadelphia, Pennsylvania 19103
Facsimile: (215) 701-2492

Andrea Bierstein, Esq.
Hanly Conroy Bierstein & Sherridan LLP
415 Madison Avenue
New York, New York 10017-5590
Facsimile: (212) 401-7635

Gina MacNeill, Esq.
Jerry Goldman & Associates
1500 JFK Boulevard, Suite 1411
Philadelphia, Pennsylvania 19102
Facsimile: (215) 569-8899

Re: MDL-1570:
Federal Insurance Co. v. Al Qaeda, et al., 03-CV-6978 (RCC);
O'Neil v. Al Baraka Investment & Development Corp., et al.,
04-CV-1923 (RCC); Burnett, et al. v. Al Baraka Investment &
Development Corp., et al., 03-CV-9849 (RCC)

Dear Counsel:

We write on behalf of our clients, the World Assembly of Muslim Youth International ("WAMY USA") and the World Assembly of Muslim Youth ("WAMY Saudi Arabia SA"). This letter addresses the service issues in the above captioned matters.

As per our telephone conversation with J. Scott Tarbutton on November 16th


EXHIBIT

WAMY EX. 273

and 18th and 23rd, the Law Firm of Omar T. Mohammedi will accept service on behalf of WAMY USA and WAMY SA in the Federal Insurance Co. et al., v. Al Qaeda, et al. In return Plaintiffs in Federal Insurance will strike WAMY's name from service by publication as per the Judge's Order on September 15, 2004. WAMY and WAMY USA, however, preserve all their defenses that may be asserted, including but not limited to Rule 12(b) of the Federal Rules of Civil Procedure

With regard to O'Neil v. Al Baraka Investment & Development Corp., et al., as per our telephone conversations on November 17, 2004 with Gina MacNeill, despite the fact that Plaintiffs' counsel has not yet attempted to serve WAMY USA or WAMY SA, we have agreed to accept service through our firm. In exchange, Plaintiffs' counsel agreed to strike WAMY from service by publication.

With regard to other cases, WAMY would like to know the other Plaintiffs seeking to serve WAMY via publication. WAMY has been dismissed in Ashton, et al. v. Al Qaeda, et al., Salvo et al. v. Qaeda Islamic et al. and Bauer v. Al Qaeda Islamic Army et al.

This firm's acceptance of service is conditioned on the establishment of a reasonable briefing schedule for the motions to dismiss. We trust that the stipulation will be drafted on behalf of all parties and cases.

With regard to Burnett, et al. v. Al Baraka Investment & Development Corp., et al., WAMY USA and WAMY SA will not agree to accept service for the following reasons:

On December 23, 2002, Plaintiffs' counsel failed to serve WAMY USA in Alexandria, Virginia by serving a Summons and Complaint on a person not authorized to accept service. WAMY's former attorney informed Plaintiff of the defect and requested that Plaintiffs' counsel reserve WAMY USA. Plaintiffs' counsel never did.

On April 8, 2004, upon our appearance to represent WAMY, co-counsel Khurrum Wahid spoke to Mr. Harry Huge about the defective service. Thereafter, Mr. Wahid offered Mr. Huge a 30-day extension to effectuate service upon WAMY USA and WAMY SA. Notwithstanding the fact that the 120-day limitation period had long expired, counsel for Plaintiff did not attempt to serve WAMY or at least contact Defendant's counsel when offered another 30 days to serve Defendant. Back in June, we wrote another letter requesting that Plaintiff either serve or dismiss WAMY. Once again Plaintiffs' counsel ignored Defendant's counsel communication.

In our last attempt to give Plaintiff another opportunity, on July 22nd, I personally met with Ms. Bierstein and requested that Plaintiffs' counsel either serve or dismiss WAMY. Ms. Bierstein promised that someone will get in touch with us to resolve this issue. We have not heard from anyone since.

The October 15th, 2004 deadline for service set by Judge Casey has come and gone without Plaintiffs' counsel attempting to properly serve our client, despite our good faith effort to facilitate their task. It has been almost two years since the most recent (third) amended complaint was filed and WAMY USA still has not been properly served. No attempt has even been made to serve WAMY in Saudi Arabia. We trust that the September 15th Judge Casey Order on service by publication was intended only for those Plaintiffs who made a good faith effort at service. Plaintiffs in Burnett do not fit this category.

Please feel free to contact the undersigned to discuss the items needed to be included in a proposed stipulation. We look forward to hearing from you.

Sincerely,

Omar T. Mohammedi

WAMY/Service