**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD)(SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD)(SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)
*Danielle Kelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-07283 (GBD)(SN)
*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN)
*Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENTS BY**
**DEFAULT FOR PARTIAL FINAL JUDGMENTS FOR DAMAGES ON BEHALF OF**
**THE PLAINTIFFS IDENTIFIED IN EXHIBIT A AND EXHIBIT B**

ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel:    (212) 278-1000
Fax:    (212) 278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com

*Attorneys for Plaintiffs*

Dated:  New York, New York
        April 16, 2026

DOCS-100900936.2

## TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ........................................................................................................ 1

II.   PRELIMINARY STATEMENT ................................................................................. 2

       A.    Orders ................................................................................................................ 2

       B.    Related Cases..................................................................................................... 3

       C.    Moving Plaintiffs – Service and Liability ......................................................... 6

III.  DAMAGES – GOVERNING LAW........................................................................... 6

       A.    Background......................................................................................................... 6

       B.    Solatium Damages.............................................................................................. 8

       C.    Estates' Pain and Suffering Damages............................................................... 10

       D.    Punitive Damages ............................................................................................. 11

       E.    Prejudgment Interest......................................................................................... 12

IV.   CERTIFICATION OF JUDGMENTS AS FINAL PURSUANT TO
       FED. R. CIV. P. 54(B)............................................................................................. 13

V.    CONCLUSION......................................................................................................... 14

DOCS-100900936.2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barboza v. Village of Liberty*,
    2016 WL 8653502 (S.D.N.Y. Jan. 21, 2016) ...........................................................................14

*Ashton v. al Qaeda Islamic Army*,
    02-CV-6977 (GBD)(SN) ...................................................................................... *passim*

*Baker v. Socialist People's Libyan Arab Jamahirya*,
    775 F. Supp. 2d 48 (D.D.C. 2011) ...................................................................................12

*Bauer v. Al Qaeda Islamic Army*,
    02-CV-7236 (GBD)(SN) ...................................................................................... *passim*

*Belkin v. Islamic Republic of Iran*,
    667 F. Supp. 2d 8 (D.D.C. 2009) ......................................................................................8

*Dammarell v. Islamic Republic of Iran*,
    281 F. Supp. 2d 105 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp.
    2d 261 (D.D.C. 2005) ........................................................................................................8

*Est. of Bland v. Islamic Republic of Iran*,
    831 F. Supp. 2d 150 (D.D.C. 2011) ...................................................................................9

*Est. of Heiser v. Islamic Republic of Iran*,
    466 F. Supp. 2d 229 (D.D.C. 2006) ...........................................................................4, 8, 9

*Ginett v. Computer Task Group Inc.*,
    962 F.2d 1085 (2d Cir. 1992)...................................................................................13, 14

*In re Sept. 11 Litig.*,
    802 F.3d 314 (2d Cir. 2015)...........................................................................................12

*Surette v. Islamic Republic of Iran*,
    231 F. Supp. 2d 260 (D.D.C. 2002) ...................................................................................8

*Valore v. Islamic Republic of Iran*,
    700 F. Supp. 2d 52 (D.D.C. 2010) ....................................................................................9

**Statutes**

28 U.S.C. § 1291.........................................................................................................2, 14, 16

28 U.S.C. § 1605A...................................................................................................... *passim*

ii

# TABLE OF AUTHORITIES
## (*continued*)

**Page(s)**

Air Transportation Safety and System Stabilization Act ("ATSSSA"), Pub. L. No.
107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101) ............................12

**Other Authorities**

Fed. R. Civ. P. 54(b) ................................................................................................2, 13, 14, 16

Fed. R. Civ. P. 60(b) ......................................................................................................2, 11, 16

Order, ECF No. 11105 ...............................................................................................................3

Order in *Hoglan*, ECF No. 3384.............................................................................................9

DOCS-100900936.2

## I.    INTRODUCTION

For the reasons set forth below and the statements contained in the Declaration of Jerry S. Goldman, Esq., which is being filed contemporaneously with this memorandum of law, as well as those set forth in prior motions for liability and damages made on behalf of the *O'Neill* plaintiffs, certain plaintiffs in the above-referenced matters who are identified in Exhibit A and Exhibit B, annexed to the Goldman Declaration (which are Exhibit B and Exhibit C to the Proposed Order), by and through their counsel, Anderson Kill P.C., respectfully move this Court for an Order:

(1)    awarding the Plaintiffs identified in Exhibit A and Exhibit B damages judgments against Iran in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(2)    awarding solatium damages to those Plaintiffs identified in Exhibit A in the amounts of $8,500,000 per child, $8,500,000 per parent, and $4,250,000 per sibling, as set forth in annexed Exhibit A; AND,

(3)    awarding the estates of 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibit B; AND,

(4)    awarding compensatory damages to the Plaintiffs identified in Exhibit B for decedent's pain and suffering in the amount of $2,000,000, as set forth in annexed Exhibit B; AND,

(5)     awarding the Plaintiffs identified in Exhibit A and Exhibit B prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the damages judgment; AND,

(6)     denying without prejudice additional damages Plaintiffs identified in Exhibit A and Exhibit B could seek, such as punitive damages, additional economic damages, or other appropriate damages, and staying the deadline for filing any Fed. R. Civ. P. 60(b) motion to reconsider such dismissal; AND,

(7)     granting permission for all other Plaintiffs in these actions not appearing in Exhibit A and Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(8)     entering partial final judgment under Fed. R. Civ. P. 54(b) with respect to moving Plaintiffs' 1605A claims against Iran and that the conditions for entry of judgment under Fed. R. Civ. P. 54(b) are met, in that *(1) multiple* parties *are present; (2) the rights and liabilities of at least one party have been finally decided within the meaning of 28 U.S.C. § 1291; and (3) no just reason for delay exists;* AND,

(9)     granting to the Plaintiffs such other and further relief as this Honorable Court deems just and proper.

## II.     PRELIMINARY STATEMENT

### A.     Orders

This motion is being submitted in accordance with various procedural orders entered by this Court, and the form of this motion and the relief requested herein are intended to comply with various orders of this Court, including the following:

2

DOCS-100900936.2

a.   The Court's January 24, 2017 Order, ECF No. 3435,[1] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.   The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

c.   The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.   The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

e.   The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

f.   The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

g.   The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

h.   The Court's October 7, 2024 Order, ECF No. 10411, regarding expert reports submitted in support of economic damages judgment motions.

i.   The Court's July 31, 2025 Order, ECF No. 11105, approving revised default judgment motion worksheets.

## B.   Related Cases

Relying on evidence and arguments[2] submitted by plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 03-md-1570, the consolidated multidistrict litigation arising out of the

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

[2] In each of the Orders of Judgment regarding plaintiffs' claims against Iran in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, the Court premised its determination "[u]pon consideration of the evidence submitted by the Plaintiffs in filings with this Court on May 19, 2011, July 13, 2011, and August 19, 2011, and the evidence presented at the December

3

September 11th Attacks, this Court on December 22, 2011, and again on August 31, 2015, granted Orders of Judgment on Liability in favor of certain of the *Havlish*, *Ashton*, *O'Neill*, *Federal Insurance*, and *Hoglan* groups of plaintiffs against Iran. *See, e.g.*, ECF Nos. 2516, 3014, 3016, 3020-23. Subsequently, other liability findings were made for additional *O'Neill* Plaintiffs. After granting the *Havlish* Order of Default Judgment on Liability, this Court considered the issue of damages suffered by the *Havlish* plaintiffs and their decedents. Upon the submissions of the *Havlish* plaintiffs, on October 3, 2012, this Court found, among other things, that "Plaintiffs may recover for [, inter alia,] solatium . . . in an action under Section 1605A. 28 U.S.C. § 1605A(c)(4). In such an action, . . . family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." ECF No. 2623 at 2-3, quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 83 (D.D.C. 2010). This Court also found that the following solatium awards for family members are appropriate, as an upward departure from the framework in *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

| Relationship of Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

ECF No. 2623 at 4.

---

15, 2011, hearing on liability, together with the entire record in this case." ECF Nos. 2516, 3014, 3016, 3020-22; *see also* ECF No. 3023 (substantially similar language).

4

The Court has applied the same solatium values to claims of other solatium plaintiffs in *Burnett* (ECF Nos. 3666, 4023, 4126, 4146, 4175, 5061, 5062, 5087, 5138, and 5356) and other solatium plaintiffs in other cases coordinated in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation. *See, e.g.*, ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, and 3977 at 7.

In that same decision in *Havlish*, this Court also found that Plaintiffs are entitled to punitive damages under the FSIA in an amount of 3.44 multiplied by their compensatory damages award. ECF No. 2623 at 5. The Court has applied that 3.44 multiplier also to judgments in *Ashton*. *See* ECF No. 3175 at 3 (Report and Recommendation to apply 3.44 punitive multiplier); *see also* ECF No. 3229 at 1 (Order adopting in its entirety Report and Recommendation to apply 3.44 punitive multiplier). The Court applied the 3.44 punitive multiplier to the compensatory awards previously awarded in *Burnett*. ECF No. 3666. However, in *Hoglan*, another case in this multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF Nos. 3358 at 11-16, 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report and Recommendation in its entirety. ECF Nos. 3383 at 2, 3384 at 6.

In the *Havlish* decision, this Court also found that prejudgment interest was warranted for the Plaintiffs' solatium damages. ECF No. 2623 at 5. The *Havlish* plaintiffs sought application of a 4.96% interest rate, which the magistrate judge recommended (ECF No. 2619 at 13-14) and Judge Daniels adopted (ECF No. 2623 at 5). In *Ashton*, plaintiffs sought, and the magistrate judge recommended, application of a statutory nine percent simple interest rate for prejudgment interest. ECF No. 3175 at 7-8. Judge Daniels adopted the magistrate judge's report and recommendation and applied the nine percent interest rate in multiple instances in *Ashton* and

5

*Bauer*. *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1. However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent rate for prejudgment interest should be applied to all solatium claims, ECF Nos. 3358 at 17-20, 3363 at 28-29. Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report and Recommendation in its entirety and applied an interest rate of 4.96 percent per annum, compounded annually. ECF Nos. 3383 at 2, 3384 at 6.  The Court applied that interest rate, 4.96 percent per annum, to the awards to other plaintiffs in *Burnett*.

> ### C.    Moving Plaintiffs – Service and Liability

As set forth in Exhibit A to the Proposed Order, Moving Plaintiffs herein filed suit and duly served Iran. The Clerk's Office, upon Plaintiffs' applications, issued Clerk's Certificates of Default, and liability judgments have been entered in these cases.

## III.    Damages – Governing Law

> ### A.    Background

Section 1605A of the FSIA permits a foreign state to be held accountable for acts of terrorism or the provision of material support or resources for acts of terrorism where the acts or provision of support or resources were engaged in by an official, employee, or agent of the foreign state while acting within the scope of his or her office, employment, or agency.  28 U.S.C. § 1605A(a)(1).  The statute specifies that damages are available "for personal injury or death," § 1605A(a)(1) and (c)(4), and include "economic damages, solatium, pain and suffering, and punitive damages." § 1605A(c)(4). Courts addressing the damages available under the statute have held that, among other damages recoverable, "family members [or the functional equivalents of such family members] can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages."  ECF No. 2623 at 2-3 (quoting *Valore*, 700 F. Supp. 2d at 83).

Plaintiffs identified in annexed Exhibit A are immediate family members of those killed on 9/11, as demonstrated by documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn affidavits, official documents, or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery.[3]  *See* Goldman Declaration at ¶ 5.

The Plaintiffs identified in annexed Exhibit B are the estates of victims who perished on 9/11, in claims asserted by their personal representatives, as demonstrated by documentary evidence in the form of official documents from probate and administration proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies.  *See* Goldman Declaration at ¶ 6.

With respect to the estate plaintiffs in annexed Exhibit B, each personal representative has provided the undersigned counsel with proof that they have been appointed by the court as the personal representative of the 9/11 decedent's estate. *See* Goldman Declaration at ¶ 7.

As liability has been established in this matter, each Plaintiff is now entitled to damages in the amounts set forth in annexed Exhibit A and Exhibit B, which reflect the damage amounts previously established and applied by this Court in this and other related cases arising from the terrorists attacks on September 11, 2001 or based upon expert economic reports submitted herewith. In accordance with the terms of the FSIA, the Plaintiffs with liability entered are entitled to compensation under Section 1605A for their solatium, pain and suffering, and economic damages, as applicable, and are also entitled to prejudgment interest.  Further, the 9/11 decedent estates are now entitled to compensatory damages for pain and suffering and economic

---

[3] Such evidence is consistent with that contemplated in the Court's July 10, 2018 Order at ECF No. 4045.

DOCS-100900936.2

damages, as applicable, as set forth in annexed Exhibit B, which are the same amounts as previously established by the Court in related cases arising from the September 11th Attacks.

### B.      Solatium Damages

As set forth above, the FSIA specifically provides for an award of solatium damages. Under § 1605A, family members of a decedent may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105, 196 (D.D.C. 2003), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005). Other courts have previously noted that "[a]cts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22 (D.D.C. 2009).  In cases brought under this exception to the FSIA, solatium claims have been treated as analogous to claims for the intentional infliction of emotional distress.  *See, e.g.*, *Surette v. Islamic Republic of Iran*, 231 F. Supp. 2d 260, 267 n.5 (D.D.C. 2002) (treating solatium claim as "'indistinguishable' from the claim of intentional infliction of emotional distress" (quoting *Wagner v. Islamic Republic of Iran*, 172 F. Supp. 2d 128, 135 n.11 (D.D.C. 2001))).

When previously awarding solatium damages in other cases related to the September 11th Attacks, such as those noted above, this Court looked at the framework established by District Court Judge Royce C. Lamberth in *Heiser*, 466 F. Supp. 2d at 229, where the court awarded solatium damages to each spouse of a deceased victim in the amount of $8 million, to each parent in the amount of $5 million, and to each sibling in the amount of $2.5 million.  *Id.*  This formula, however, may be adjusted upward or downward when circumstances warrant.  *See*, e.g.,

*Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 156 (D.D.C. 2011); *Valore*, 700 F. Supp. 2d at 85.

Analyzing the solatium claims of the families of the *Havlish* victims who perished in the September 11th Attacks, Magistrate Judge Maas concluded that an upward departure from Judge Lamberth's framework in *Heiser* was appropriate because the decedents' immediate family members suffered, and continue to suffer "profound agony and grief" and "[w]orse yet, …are faced with frequent reminders of the events of that day." ECF No. 2618 at 10-12. Judge Maas noted in his July 30, 2012 Report and Recommendation the "extraordinarily tragic circumstances surrounding the September 11th attacks, and their indelible impact on the lives of the victims' families . . ." *Id.* at 11. In that Report and Recommendation, with which this Court later agreed, Magistrate Judge Maas recommended that solatium damages be awarded to the immediate family members of the victims of the September 11th Attacks in the following amounts:

| Relationship of Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

*Id.* at 11.

These exact amounts were adopted by this Court in its October 3, 2012 Order, ECF No. 2623, and were replicated in this Court's June 16, 2016 Order relating to the claims of certain of the *Ashton* Plaintiffs, ECF No. 3300, in the September 12, 2016 Order pertaining to plaintiffs in *Bauer*, ECF No. 3341, in the October 14, 2016 Report and Recommendation, ECF No. 3363, and in the October 31, 2016 Order in *Hoglan*, ECF No. 3384. These amounts were, again, adopted

9

by this Court in its April 24, 2018 Order relating to the claims of additional *Ashton* plaintiffs, ECF No. 3977 at 6–7. The same amounts were adopted in the Court's June 8, 2018 (Corrected) Order of Partial Final Default Judgment in the matter known as "*Burnett/Iran II*," No. 15-cv-09903, ECF No. 101.[4]

The solatium losses suffered by the Exhibit A Plaintiffs are legally and factually comparable to those suffered by the plaintiffs in *Havlish*, *Ashton*, *Bauer*, *Hoglan*, *O'Neill*, and *Burnett*. As such, Plaintiffs identified in annexed Exhibit A respectfully request that the Court grant awards of solatium to the immediate family members identified in annexed Exhibit A in the same amounts indicated herein, consistent with this Court's application of those values established and applied in *Havlish*, and subsequently adopted and applied to plaintiffs in the *Ashton*, *Bauer*, *Hoglan, O'Neill*, and *Burnett* cases.

### C. Estates' Pain and Suffering Damages

As noted above, the Plaintiffs identified in annexed Exhibit B are the personal representatives of estates of individuals who were killed in the September 11th Attacks, some of whom seek compensatory damages for the decedents' pain and suffering. This Court previously assessed the entitlement and value of pain and suffering awards to estates for their decedents' deaths in this litigation. ECF No. 2618 at 7-9.

For the reasons articulated by this Court previously, the relevant estates, as set forth in annexed Exhibit B, respectfully request that the Court grant an award for the decedents' pain and suffering in the amount of Two Million Dollars ($2,000,000). *See id.* at 9; ECF No. 2624 at 1, 3-4 (Judge Daniels awarding $2,000,000 per estate). *See* Goldman Declaration at ¶ 18.

---

[4] The same values were applied to the claims of other plaintiffs in the earlier *Burnett* case in this Court's July 31, 2017 Order, ECF No. 3666, are in other filings of the *Burnett*, *Ashton*, and *O'Neill* plaintiffs.

### D.   Punitive Damages

Plaintiffs are also entitled to punitive damages under the FSIA. 28 U.S.C. § 1605A(c)(4). In the *Havlish* Report and Recommendation on damages, the magistrate judge explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF No. 2618 at 13 (quoting *Est. of Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damages on each compensatory damages category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF No. 2623 at 2. The Court has applied that ratio to awards for plaintiffs in other related cases. *See*, e.g., ECF No. 3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF No. 3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF No. 3300 at 1 and Exhibit A (Judge Daniels applying 3.44 punitive multiplier to claims in *Ashton*).

However, in *Hoglan*, another case in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, Magistrate Judge Netburn recommended that the plaintiffs' request for punitive damages be denied without prejudice. ECF No. 3363 at 28. Judge Daniels adopted Magistrate Judge Netburn's Report in its entirety, denying without prejudice the plaintiffs' request for punitive damages. ECF No. 3384 at 6.

In light of recent events, however, Plaintiffs expect that this Court will, consistent with its practice in all other similarly situated cases, deny the motion for punitive damages without prejudice, staying the deadline for filing of any Rule 60(b) motion of such dismissal. ECF No. 11878 at 12-13.

### E.      Prejudgment Interest

An award of prejudgment interest is within the sound discretion of a trial court and is warranted when plaintiffs are delayed in recovering compensation for non-economic injuries caused by acts of terrorism.  *See Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 86 (D.D.C. 2011).  This Court awarded the *Havlish* plaintiffs prejudgment interest at a rate of 4.96% on their pain and suffering damages awards, to be calculated from September 11, 2001, until the date of judgment. ECF No. 2618 at 13-14.  This Court, recognizing that prejudgment interest was appropriate in cases such as these cases, adopted the magistrate judge's reasoning, finding that an award of prejudgment interest was appropriate and accepting the rate of 4.96%, as proposed by the *Havlish* plaintiffs' expert.

After the *Havlish* award, plaintiffs in *Ashton* and *Bauer* proposed, and the Court agreed, that prejudgment simple interest at the New York State statutory rate of nine percent per annum was appropriate in cases where the injuries arose in New York and the prejudgment interest used in *Havlish*, 4.96 percent per annum, compounded annually, should be reserved for only those cases where the injuries arose in other states.  *See* ECF Nos. 3229 at 2, 3300 at 1, 3341 at 1.

The Second Circuit has held that New York State's statutory prejudgment interest rate should apply to the damages awarded to World Trade Center complex leaseholders in their litigation against American Airlines and United Airlines brought under the federal Air Transportation Safety and System Stabilization Act ("ATSSSA").  Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101); *In re Sept. 11 Litig.*, 802 F.3d 314, 343 (2d Cir. 2015).  In that case, the Second Circuit concluded that a federal cause of action under the ATSSSA must look to state rules concerning prejudgment interest.  *Id.*  Accordingly, the Second Circuit held that New York's statutory prejudgment interest rate of nine percent as

opposed to a lower rate crafted under federal law, had to be applied to the plaintiffs' claims related to the September 11th Attacks.  *Id.*

However, in *Hoglan*, Magistrate Judge Netburn recommended that the 4.96 percent interest rate for prejudgment interest should be applied to all of the solatium claims. ECF No. 3363 at 28-29.  Judge Daniels adopted Magistrate Judge Netburn's *Hoglan* Report in its entirety and applied the interest rate of 4.96 percent per annum, compounded annually to all of the claims.  ECF No. 3384 at 6.  Thereafter, in *Burnett/Iran II*, the Court again awarded prejudgment interest of 4.96 per annum, compounded annually.

In light of the Court's decisions in *Hoglan* and *Burnett*, applying the 4.96 percent rate to prejudgment interest, the Plaintiffs respectfully request that the clerk be directed to award prejudgment interest at the rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of the judgment.

## IV.    Certification of Judgments as Final Pursuant to Fed. R. Civ. P. 54(b)

Federal Rule of Civil Procedure 54(b) provides, in relevant part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Rule 54(b) seeks to reduce the "serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered. *Ginett v. Computer Task Group Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992). Final judgment pursuant to Rule 54(b) is appropriate when three conditions are met: (1) "multiple parties must be present;" (2) "the rights and liabilities of at least one party, must be

13

finally decided within the meaning of 28 U.S.C. § 1291;" and (3) "no just reason for delay" exists. *Id.* at 1091.

As the Court recently recognized in connection with hundreds of other Iran judgments, *see* ECF No. 11878, all three conditions are readily met. First, there are parties in the above-captioned matters aside from the moving Plaintiffs. Second, should this Court grant Plaintiffs' motion for judgment under 28 U.S.C. § 1605A against Iran, the rights of the parties therein will be finally decided within the meaning of 28 U.S.C. § 1291. Third, no just reason for delay exists. In considering this third factor, district courts "take into account judicial administrative interests as well as the equities involved." *Barboza v. Village of Liberty*, 2016 WL 8653502, at *2 (S.D.N.Y. Jan. 21, 2016) (internal quotation marks omitted). As this Court recently recognized, for potential judgment enforcement actions, the Plaintiffs can take steps to execute and attach potential assets that may become available pursuant to a 54(b) judgment. *See, generally,* ECF No. 11878. Further, the claims brought by these Plaintiffs are "separable from the others remaining to be adjudicated" involving other plaintiffs. *Barboza*, 2016 WL 8653502, at *2. Absent entry of a Rule 54(b) judgment, the Plaintiffs may be unable to attach or execute upon potential assets to satisfy judgments against Iran if they had to wait until the full scope of the remaining proceedings against Iran have concluded. *See* ECF No. 11878. Finally, Iran will not be prejudiced by the entry of a Rule 54(b) judgment since they have already defaulted. *Id.*

For these reasons, the Court should award the Plaintiffs identified in annexed Exhibits A and B a judgment against Iran certified as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

## V.      Conclusion

For all of the reasons herein, in the Goldman Declaration, in the papers previously submitted to this Court in support of damages against Iran in this MDL, and as previously

14

decided by this Court, the Plaintiffs respectfully request that this Honorable Court enter an Order:

(1)     awarding the Plaintiffs identified in Exhibit A and Exhibit B damages judgments against Iran in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(2)     awarding solatium damages to those Plaintiffs identified in Exhibit A in the amounts of $8,500,000 per child, $8,500,000 per parent, and $4,250,000 per sibling, as set forth in annexed Exhibit A; AND,

(3)     awarding the estates of 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibit B; AND,

(4)     awarding compensatory damages to the Plaintiffs identified in Exhibit B for decedent's pain and suffering in the amount of $2,000,000, as set forth in annexed Exhibit B; AND,

(5)     awarding the Plaintiffs identified in Exhibit A and Exhibit B prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the damages judgment; AND,

(6)     denying without prejudice additional damages Plaintiffs identified in Exhibit A and Exhibit B could seek, such as punitive damages, additional economic

DOCS-100900936.2

damages, or other appropriate damages, and staying the deadline for filing any Fed. R. Civ. P. 60(b) motion to reconsider such dismissal; AND,

(7)    granting permission for all other Plaintiffs in these actions not appearing in Exhibit A and Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(8)    entering partial final judgment under Fed. R. Civ. P. 54(b) with respect to moving Plaintiffs' 1605A claims against Iran and that the conditions for entry of judgment under Fed. R. Civ. P. 54(b) are met, in that *(1) multiple parties are present; (2) the rights and liabilities of at least one party have been finally decided within the meaning of 28 U.S.C. § 1291; and (3) no just reason for delay exists;* AND,

(9)    granting to the Plaintiffs such other and further relief as this Honorable Court deems just and proper.

Dated:   New York, New York
         April 16, 2026

Respectfully submitted,

/s/ Jerry S. Goldman
ANDERSON KILL P.C.
Jerry S. Goldman, Esq.
Bruce E. Strong, Esq.
Alexander Greene, Esq.
7 Times Square, 15th Floor
New York, NY 10036
Tel:  (212) 279-1000
Fax: (212) 278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com
        agreene@andersonkill.com

*Attorneys for Plaintiffs*

16

DOCS-100900936.2