**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |
|---|---|

This document relates to:
*Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD)(SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD)(SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)
*Danielle Kelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-07283 (GBD)(SN)
*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN)
*Kenneth Lum, et al. v. Islamic Republic of Iran*, No. 1:24-cv-07824 (GBD)(SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENTS FOR DAMAGES ON BEHALF OF THE PLAINTIFFS IDENTIFIED IN EXHIBIT A AND EXHIBIT B**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1.      I am an attorney representing the Plaintiffs in the above-captioned actions, and I submit this declaration in support of the Motion for Partial Final Judgments for Damages against Defendant Islamic Republic of Iran ("Iran") on behalf of certain plaintiffs in the above-referenced matters who are identified in the annexed Exhibit A and Exhibit B, which are Exhibit B and C to the Proposed Order.  The Plaintiffs identified in Exhibit A and Exhibit B, by and through their counsel, Anderson Kill P.C., respectfully move this Court for an Order:

(1)      awarding the Plaintiffs identified in Exhibit A and Exhibit B damages judgments against Iran in the same amounts previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

DOCS-100900933.2

(2)    awarding solatium damages to those Plaintiffs identified in Exhibit A in the amounts of $8,500,000 per child, $8,500,000 per parent, and $4,250,000 per sibling, as set forth in annexed Exhibit A; AND,

(3)    awarding the estates of 9/11 decedents, through their personal representatives and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 decedents, as set forth in Exhibit B, compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, as set forth in Exhibit B; AND,

(4)    awarding compensatory damages to the Plaintiffs identified in Exhibit B for decedent's pain and suffering in the amount of $2,000,000, as set forth in annexed Exhibit B; AND,

(5)    awarding the Plaintiffs identified in Exhibit A and Exhibit B prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the damages judgment; AND,

(6)    denying without prejudice additional damages Plaintiffs identified in Exhibit A and Exhibit B could seek, such as punitive damages, additional economic damages, or other appropriate damages, and staying the deadline for filing any Fed. R. Civ. P. 60(b) motion to reconsider such dismissal; AND,

(7)    granting permission for all other Plaintiffs in these actions not appearing in Exhibit A and Exhibit B to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

2

(8)     entering partial final judgment under Fed. R. Civ. P. 54(b) with respect to moving Plaintiffs' 1605A claims against Iran and that the conditions for entry of judgment under Fed. R. Civ. P. 54(b) are met, in that *(1) multiple* parties *are present; (2) the rights and liabilities of at least one party have been finally decided within the meaning of 28 U.S.C. § 1291; and (3) no just reason for delay exists;* AND,

(9)     granting to the Plaintiffs such other and further relief as this Honorable Court deems just and proper.

<u>Applicable Orders</u>

2.     The form of this motion and the relief requested herein are intended to comply with the following Orders of this Court:

a.     The Court's January 24, 2017 Order, ECF No. 3435,[1] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." For compliance with the required sworn declaration, please see paragraph 11 below.

b.     The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

c.     The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.     The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

e.     The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

3

DOCS-100900933.2

f.     The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

g.     The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

h.     The Court's October 7, 2024 Order, ECF No. 10411, regarding expert reports submitted in support of economic damages judgment motions.

i.     The Court's July 31, 2025 Order, ECF No. 11105, approving revised default judgment motion worksheets.

3.     The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C.

<u>Due Diligence</u>

4.     The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past twenty-two years, my firm's representation of the plaintiffs in the above-captioned matters including the Plaintiffs in Exhibit A and Exhibit B in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Plaintiffs in Exhibit A and Exhibit B, communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's file and other court records relating to the multidistrict litigation to which Plaintiffs are parties.  Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5.     The Plaintiffs identified in Exhibit A are each immediate family members of decedents killed in the terrorist attacks on September 11, 2001, as specifically set forth in Exhibit A. These plaintiffs have provided documentary evidence of their familial relationship to a 9/11 decedent, such as birth or marriage certificates, sworn declarations, official documents or other

4

documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery.

6.    The Plaintiffs identified in annexed Exhibit B are the estates of victims who perished on 9/11, in claims asserted by their personal representatives, as demonstrated by documentary evidence in the form of official documents from probate and administration proceedings from Surrogate's Court, Probate Court, Orphan's Court, and similar judicial bodies.

7.    With respect to the estate plaintiffs in annexed Exhibit B, each personal representative has provided the undersigned counsel with proof that they have been appointed by a court as the personal representative of the decedent.

8.    All of the decedents listed in Exhibit A died in the September 11th terrorist attacks and are survived by the family members whose relationships to the decedents are described in Exhibit A.  These relationships have been personally verified by staff members in my office who have obtained written documentation and/or conducted interviews confirming the relationships.

9.    To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimants all survived the deaths of their loved ones on September 11, 2001.

10.    After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to any particular moving Plaintiff against Iran.

11.    Before filing this motion, I have (1) complied with the default judgment motion procedures set forth in the Court's September 22, 2023 Order at ECF No. 9355, (2) complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from

5

the Plaintiffs' Executive Committees, ECF No. 3433 (adopted in ECF No. 3435), and (3) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iran, no relief has previously been awarded to any plaintiff included in the judgment against Iran.

12.    We have verified via written documentation and/or interviews that the estate of the Plaintiff listed in annexed Exhibit B perished in the September 11th terrorist attacks and has not recovered by way of an award of this Court as to Iran.

13.    We have verified via written documentation and/or interviews that the moving Plaintiffs have not recovered for such losses by way of an award of this Court as to Iran.

14.    We have further confirmed that none of the moving Plaintiffs have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks against Iran.

Service of Process

15.    Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in Exhibit A to the Proposed Order, and by way of Affidavits of Service and Affidavits in Support of Requests for Clerk's Default by Jerry S. Goldman, previously filed as of record under the ECF Nos. set forth in Exhibit A to the Proposed Order.

Solatium

16.    We have been retained individually by the Plaintiffs listed in Exhibit A to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001.  Each claimant listed in Exhibit A is the relative of a decedent, all of whom have applied for a final default judgment as to liability against Iran in relation to the September 11th terrorist attacks.  We have verified that none of the Plaintiffs listed in Exhibit A have recovered for their

6

DOCS-100900933.2

solatium damages previously against Iran, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks against Iran.

17.    The solatium amounts set forth in Exhibit A are the figures this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent. *See, e.g.*, ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Estates' Pain and Suffering Damages:

18.    Exhibit B sets forth claims by personal representatives of estates of the 9/11 decedents identified therein, and on behalf of all survivors and all legally entitled beneficiaries and family members of such estates, for compensatory damages for pain and suffering in the same per estate amount previously awarded by this Court regarding other estates of decedents killed in the September 11th attacks, specifically Two Million Dollars ($2,000,000.00) per 9/11 decedent.

Conclusion

19.    Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgments as set forth in the Notice of Motion, for those Plaintiffs identified in annexed Exhibits A and B.


Dated:    New York, New York
          April 16, 2026

                                                    /s/ Jerry S. Goldman
                                                    Jerry S. Goldman, Esq.

DOCS-100900933.2