**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

### Declaration of James P. Kreindler in Support of *Ashton 37* Motion for Final Damages for Solatium Plaintiffs and Functional Equivalents of Solatium Plaintiffs Without Prior Judgments

JAMES P. KREINDLER, Esq., pursuant to 28 U.S.C. § 1746, hereby states under penalty of perjury that:

1.      I am an attorney representing the *Ashton* plaintiffs ("*Ashton*") in the above-captioned litigation.  I submit this declaration in support of the motion for final judgment on behalf of the estates of those individuals murdered on September 11, 2001 ("9/11 Decedents") and for immediate family members of the 9/11 Decedents, as well as for permission to allow any remaining *Ashton* plaintiffs to move for the same or similar relief in separate stages.  This motion the Court to:

   a. Award of solatium damages to the immediate family members of 9/11 Decedents in the amounts as set forth on Exhibit B (to the proposed order) based on the relationship listed on Exhibit B;

   b. Award of solatium damages to the functional equivalents of immediate family members of 9/11 Decedents in the amounts as set forth on Exhibit C (to the proposed order) based on the relationship listed on Exhibit C;

   c. Award the plaintiffs identified on Exhibits B and C pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

   d. Grant the plaintiffs identified in Exhibits B and C permission to seek any other appropriate damages at a later date;

e.  Determine that service of process was properly effected upon the Islamic Republic of Iran in accordance with 28 U.S.C. § 1608(a) for sovereign defendants;

f.  Certify the judgments as final under Federal Rule of Civil Procedure 54(b); and

g.  Grant permission for all other *Ashton* plaintiffs not appearing on Exhibits B and C to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2.  The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

a.  The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

b.  The Court's Order dated October 14, 2016 (ECF No. 3362) related to the cases captioned as *Bauer v. Al Qaeda Islamic Army,* 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army,* 02-CV-6977 (GBD)(SN).

c.  The Court's Order dated October 28, 2019 (ECF No. 5234) setting forth updated procedural rules.

d.  The Court's Order dated October 28, 2019 (ECF No. 5338) setting forth the scheduling order.

e.  The Court's Order dated September 22, 2023 (ECF No. 9355) setting forth the new quality control, motion, declaration and exhibit procedures and paradigms.

Due Diligence:

3.  The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for 24 years; my firm's representation of the *Ashton* Plaintiffs in connection with the September 11th litigation; communications directly from family members of the 9/11 Decedents listed in Exhibits B and C; communications

2

with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties, including review of, among other things, relevant retainer agreements, death certificates, judicial filings (complaints, default certificate, liability default judgment and documentation of service), communications with clients and family members and public databases and other sources of information. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

4. Based on our review of the above, I believe that all of the 9/11 Decedents listed in Exhibits B and C died on September 11, 2001 in the September 11th terrorist attacks. My law firm has been retained by the immediate family members of those 9/11 Decedents listed in Exhibits B and C (or the estate representatives of any deceased immediate family member). Before filing this motion, we have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (*see* ECF No. 3435, adopting procedures set forth in ECF No. 3433); (2) personally verified that, based on review by myself or other representatives of Kreindler & Kreindler of the records available regarding other judgments entered by this Court against Iranian defendants, no economic relief has previously been awarded to any plaintiff included in the judgment; (3) comported with the Court's September 22, 2023 paradigm for quality control, motions, declarations and exhibits supporting the request for damages herein, including the standardized exhibit document that this Court has provided along with the requisite review process involved in preparing the exhibits (ECF 9355); and (4), as set forth in this Court's September 22, 2023 checklist, provided the Exhibits B and C to be checked against the default judgment motion master list.

5. For the 9/11 Decedents listed in Exhibits B and C, I or other representatives of

Kreindler & Kreindler have confirmed that the 9/11 Decedents and their immediate family members were United States nationals as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents.

### **Solatium Claims – Immediate Family Members**

6.      The decedents listed in Exhibit B were killed in the September 11, 2001 terrorist attacks and were survived by the immediate family members listed in Exhibit B.  The relationships set forth in Exhibit B have been personally verified by staff members at Kreindler & Kreindler who have obtained written documentation, retrieved biographical paperwork (such as marriage certificates, birth certificates, baptismal certificates, obituary notices and wedding announcements) and/or conducted interviews with the family members listed in Exhibit B (or with their other family members) confirming the relationships set forth there.

7.      To minimize the chance of any human error, my firm has instituted a further level of quality control, during which each client's file is reviewed a second time and the relationships and other information contained in Exhibit B are corroborated, as is the fact that the claimants all survived the deaths of their loved ones in the September 11, 2001 terrorist attacks.

8.      We have been retained by the plaintiffs listed in Exhibit B to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001.  We have provided a copy of Exhibit B to be checked against the default judgment master list and have verified that that none of the plaintiffs listed in Exhibit B has recovered for his or her solatium damages previously nor do they have any other pending motion before this Court for compensation against Iran arising out of the September 11, 2001 terrorist attacks.

9.      For the immediate family members of 9/11 Decedents listed in Exhibit B, Kreindler & Kreindler has confirmed the nationalities set forth therein based on a review of documentary evidence or personal interviews and/or written communications with those individuals or their immediate family members, and have confirmed based on interviews and / or documentary evidence that each immediate family member survived the 9/11 Decedent listed in Exhibit B.

<u>**Solatium Claims – Functional Equivalents of Immediate Family Members**</u>

10.      Kreindler & Kreindler has been retained by the plaintiffs listed in Exhibit C to pursue recovery for their solatium losses arising out of the deaths of their loved ones on September 11, 2001.  We have provided a copy of Exhibit C to be checked against the default judgment master list and have verified that that none of the plaintiffs listed in Exhibit C has recovered for his or her solatium damages previously nor do they have any other pending motion before this Court for compensation against Iran arising out of the September 11, 2001 terrorist attacks.

11.      For the functional equivalents of immediate family members of 9/11 Decedents listed in Exhibit C, Kreindler & Kreindler has confirmed the nationalities set forth therein based on a review of documentary evidence or personal interviews and/or written communications with those individuals or their immediate family members, and have confirmed based on interviews and / or documentary evidence that each immediate family member survived the 9/11 Decedent listed in Exhibit C.

12.      The decedents listed in C were killed in the September 11, 2001 terrorist attacks and were survived by the functional equivalents of immediate family members listed in Exhibit C.  Information about the decedents set forth in Exhibit C has been personally verified by staff members at Kreindler & Kreindler who have obtained written documentation, retrieved

biographical paperwork (such as marriage certificates, birth certificates, baptismal certificates, obituary notices and wedding announcements) and/or conducted interviews with the family members listed in Exhibit C (or with their other family members).

13.     In addition, in support of their entitlement to solatium damages, the non-immediate family member claimants have written declarations detailing the nature of their relationships with their respective decedents in the following declarations, attached hereto as Exhibits 1 (Declaration of Joshua McMiller) and 2 (Declaration of Melinda Monk).

### Conclusion

14.     For all of the reasons set forth in this declaration and the Ashton 37 Motion for Final Damages for Solatium Plaintiffs and Functional Equivalents of Solatium Plaintiffs Without Prior Judgments, I respectfully request that this Court grant the proposed order filed herewith.


Dated:  April 23, 2026
        New York, NY

                                                        /s/ James P. Kreindler
                                                        James P. Kreindler