Case 1:03-md-01570-GBD-SN    Document 12032    Filed 04/23/26    Page 1 of 6  1:03-md-01570-GBD-SN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2026

25-2135
*Theodoridis v. Islamic Republic of Iran*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-six.

Present:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> *Circuit Judges,*
> ELIZABETH C. COOMBE,
> *District Judge.*[*]

---

JORDAN THEODORIDIS, HALEEMA SALIE,

> *Plaintiffs-Appellants,*

> v.                                                          25-2135

ISLAMIC REPUBLIC OF IRAN,

> *Defendant-Appellee.*[†]

---

FOR PLAINTIFFS-APPELLANTS:          JERRY S. GOLDMAN (Bruce E. Strong, Ethan Greenberg, Samuel M. Braverman, Alexander Greene, *on the brief*), Anderson Kill P.C., New York, NY 10036

---

[*] Judge Elizabeth C. Coombe, of the United States District Court for the Northern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

CERTIFIED COPY ISSUED ON 04/23/2026

FOR DEFENDANT-APPELLEE:                    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED IN PART, VACATED IN PART, AND REMANDED** for further proceedings.

Plaintiffs-Appellants Rahma Salie and Michael Theodoridis were a married couple who died aboard American Airlines Flight 11 on September 11, 2001.  Both were non-U.S. nationals.  In 2016, Congress amended the Foreign Sovereign Immunities Act, permitting non-U.S. nationals to sue foreign states under the terrorism exception for injury and death resulting from terrorist acts.  *See* 28 U.S.C. § 1605B(b).  In 2018, Appellants' estates sued Iran for aiding and abetting the 9/11 attacks, joining a decades-long multi-district litigation consolidating related claims.  The district court granted Appellants' motions for default judgment on their New York wrongful-death and survival claims,[1] awarding their estates economic damages and compensatory pain and suffering damages.  But it denied Appellants' motions for default judgment on their claims for intentional infliction of emotional distress ("IIED"), concluding that they had not established the tort's "severe emotional distress" element.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to vacate and remand.

We review the disposition of a motion for default judgment for abuse of discretion.  *See*

---

[1] "[A] survival claim merely refers to the concept that an otherwise existing cause of action for personal injury is not 'lost because of the death of the person in whose favor the cause of action existed.'" *Golden v. EcoHealth All., Inc.*, 241 A.D.3d 1198, 1200 (2025).

*Shah v. N.Y. State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). "A district court abuses its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding or (2) its decision . . . cannot be located within the range of permissible decisions." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (cleaned up). "We review *de novo* a district court's application of law to undisputed facts." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). As there is no factual dispute here by virtue of Iran's default, *see City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011), whether Appellants have established the severe emotional distress element of their IIED claims is a question of law reviewed de novo.[2]

Under New York law, a plaintiff must show four elements to establish a claim for IIED: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. N.Y. Post Co., Inc.*, 81 N.Y.2d 115, 121 (1993). Here, the district court concluded that Appellants established the first three elements of their IIED claims.

---

[2] We have jurisdiction under 28 U.S.C. § 1291. The district court certified its order denying Appellants' renewed motion for default judgment as a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Three requirements must be met for a Rule 54(b) certification to permit review: "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (cleaned up). The first and third requirements are met here because this litigation involves multiple parties and the district court's determination of no just reason for delay was adequately explained. *See* App'x at 228 (explaining that "absent entry of a Rule 54(b) final judgment, it could be some time before the remaining claims of all Plaintiffs in the above-referenced matters as to Iran are resolved," such that Appellants "will be unable to seek timely appellate review"). And although denial of default judgment is usually not an appealable final order, the district court's order here bears sufficient "indicia of finality" to constitute a final order in this case. *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053, 1060 (D.C. Cir. 2024) (concluding that a denial of default judgment was a final order when the district court "called its order 'final' and 'appealable,'" "requested that the Clerk of the Court close the case," and "entered judgment consistent with Federal Rule of Civil Procedure 58(a)").

The only issue on appeal is whether Appellants established the fourth element of their IIED claims—severe emotional distress.

Appellants claim to have suffered severe emotional distress from witnessing each other's pain and suffering as a result of the 9/11 attacks. In *Bovsun v. Sanperi*, 61 N.Y.2d 219 (1984), the New York Court of Appeals held, in the context of a negligent infliction of emotional distress claim, that a plaintiff can recover for "serious emotional trauma as a result of observing the injury or death" of an immediate family member, which may include "shock or fright" due to "fear for the safety" of that family member. *Id.* at 230 & n.8, 233; *see also Greene v. Esplanade Venture P'ship*, 36 N.Y.3d 513, 525 (2021) (holding that a grandmother could recover under negligent infliction of emotional distress "based upon the emotional harm stemming from witnessing at close proximity the incident in which" her granddaughter was killed); Restatement (Second) of Torts § 46, cmt. *j*. (defining severe emotional distress as emotional distress "so severe that no reasonable man could be expected to endure it"). And the district court acknowledged Appellants suffered exactly that kind of severe emotional distress up until the moments of their deaths. *See* App'x at 219-20 ("Plaintiffs pointed out that Ms. Salie and Mr. Theodoridis sustained severe emotional distress from witnessing each other's pain and suffering and experienced extreme fear knowing that they and their unborn child would perish. Such pain and suffering is unimaginable and grave, and this Court recognizes the severe emotional distress Ms. Salie and Mr. Theodoridis had suffered." (cleaned up)). Appellants thus established the fourth element of their IIED claims.

The district court nonetheless concluded that Appellants failed to establish severe emotional distress because the emotional distress they suffered did not involve a sense of post-death grief or loss of their spouse's company and therefore did not support an award of solatium damages. But the relevant question concerning liability for IIED is whether Appellants suffered

severe, as opposed to ordinary, emotional distress—not what *kind* of severe emotional distress they suffered and whether it supports an award of a particular type of compensatory damages. *See* Restatement (Second) of Torts § 46 cmt. *j.* ("Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions . . . . *It is only where it is extreme that the liability arises.*" (emphasis added)); *Henaghan v. Dicuia*, 469 N.Y.S.2d 446, 447 (1983) ("A cause of action for intentional infliction of severe emotional distress is actionable per se and need not allege special damages."). In short, "[t]he question of liability is always anterior to the question of the measure of the consequences that go with liability." *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 346 (1928). In light of the district court's own characterization of Appellants' emotional distress at witnessing each other's suffering as "unimaginable" and "grave," it erred as a matter of law in concluding that they failed to establish severe emotional distress. Appellants are therefore entitled to a final judgment that Iran is liable for intentional infliction of emotional distress under New York law.

Appellants are also entitled to further proceedings on the question of the proper calculation of damages for their IIED claims. To be sure, this does not mean Appellants may recover additional, duplicative damages for the injuries compensated by the district court's prior award for pain and suffering. *See 164 Mulberry St. Corp. v. Columbia Univ.*, 4 A.D.3d 49, 58 (2004) (describing the rule against duplicative claims based on the same injury). But contrary to the district court's holding, it is not clear that the district court's prior pain and suffering award, which referred to compensation for pre-death injuries resulting from the *assault and battery* personally suffered by each Appellant, covered Appellants' IIED claims and compensated them for emotional distress resulting from witnessing the assault and battery of one's spouse, which, as we explain

above, is a distinct legal injury under New York law. *See* App'x at 147 ("As this Court explained in granting a personal injury judgment, Iran is liable for aiding and abetting the assault and battery that produced" pain and suffering prior to a decedent's death.). We therefore vacate in part the district court's judgment insofar as it denied Appellants' request for compensatory damages for IIED and remand for further proceedings on the proper calculation of damages, including further assessment of whether the district court's prior pain and suffering award contemplated and adequately compensated the injuries underlying the IIED claims at issue here.

We thus **REVERSE IN PART**, as to the denial of final judgment as to liability for Appellants' IIED claims, and **VACATE IN PART**, as to the denial of partial final judgment as to damages, the judgment of the district court denying Appellants' motion for default judgment, and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit