S.D.N.Y. – N.Y.C.
02-cv-06977
03-md-1570
Daniels, J.
Netburn, M.J.

# United States Court of Appeals
FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

Present:

Dennis Jacobs,
Richard C. Wesley,
Michael H. Park,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/28/2026_____

---

Certain Burlingame and Schneider Plaintiffs,

*Plaintiffs-Appellants*,

v.                                                                          26-666

Non-Objecting Plaintiffs,

*Plaintiffs-Appellees*.

---

Appellants move for a stay pending appeal and to expedite this appeal.   Upon due consideration, it is hereby ORDERED that the stay motion is DENIED.   *See Nken v. Holder*, 556 U.S. 418, 433–35 (2009); *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015). However, it is further ORDERED that the motion to expedite the appeal is GRANTED, and the parties are directed to provide a proposed schedule within seven days of the entry of this order.

We note a concern with the Appellants' motion papers: both the motion and the Appellants' reply in further support of the motion appear to contain inaccurate quotations from several decisions of this Court.   Specifically:

(1) The motion contains the following sentence and citation: "Here, the threat of irreparable harm is both 'actual and imminent,' *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006), as the immediate distribution of funds or seizure of property would render a successful

appeal a pyrrhic victory."   2d Cir. 26-666, doc. 11 (Mot.) at 1.   However, *Thapa* does not contain the quoted language, "actual and imminent."

(2) The motion later uses the following sentence and citation: "The Second Circuit has held that 'irreparable harm' exists where a 'judgment creditor's insolvency or some other indicator' makes it unlikely that funds could be recovered if the judgment is reversed. *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)."   2d Cir. 26-666, doc. 11 (Mot.) at 6.   However, *Thapa* does not contain the quoted language, "judgment creditor's insolvency or some other indicator," which also could not be found in any other Second Circuit opinion.   In fact, *Thapa* is an immigration case that does not address when money damages may constitute irreparable harm.

(3) Shortly thereafter, the motion uses the following sentence and citations: "A stay is necessary to prevent imminent, irreparable harm, as the immediate registration of the judgments would trigger an irreversible 'race to the assets.'   *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110 (2d Cir 2009); *Thapa v. Gonzales,* 460 F.3d 323 (2d Cir. 2006)."   2d Cir. 26-666, doc. 11 (Mot.) at 6-7.   Neither *Faiveley* nor *Thapa* uses the phrase "race to the assets," nor does either case involve a fact pattern implicating this concern.

(4) The Appellants' reply contains the following sentence and citation: "Nevertheless, the Second Circuit has held that § 1608(e) 'mirrors the standard for entry of default judgments against the United States.'   *See First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda– Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989)."   2d Cir. 26-666, doc. 47 (Reply) at 5-6.   However, the quoted language, "mirrors the standard for entry of default judgments against the United States," does not appear in *First Fidelity* or in any other decision.

Upon due consideration, it is hereby ORDERED that Appellants' counsel, John F. Schutty, show cause, in a detailed declaration, why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2.   The declaration must be made under penalty of perjury and filed within twenty-eight days of the filing date of this order.   Furthermore, the declaration must include:

(a) a detailed explanation for the inaccurate quotations and citations described above;

(b) a complete list of all bars of which he is a member, including all bar numbers and other bar identification information, and a statement of whether he is in good standing with each identified bar;

(c) a statement of whether he has been disbarred, suspended, or otherwise disciplined or sanctioned by any bar, court, or disciplinary authority (even if the disposition was not made public) and, if so, a copy of each document imposing such a disciplinary measure or sanction must be attached to the declaration; and

2

(d) a statement of whether, aside from any document listed in response to clause (c), he has ever been ordered by any bar, court, or disciplinary authority to show cause why he should not be disciplined or sanctioned (even if the order was not made public) and, if so, a copy of each such order, and any response to each such order, must be attached to the declaration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 4/28/2026