**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/2026
```

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

The Court recently certified many default judgments against the Islamic Republic of Iran ("Iran") as final judgments pursuant to Rule 54(b). See ECF Nos. 11878, 11879, 11940.[1] The Court made these certifications because time-sensitive collection proceedings in the U.S. District Court for the Eastern District of New York (E.D.N.Y.) presented unique and exceptional circumstances for the MDL plaintiffs. See ECF Nos. 11878 at 12; 11824 at 15–16. The Court likewise found good cause for immediate registration of these judgments in the E.D.N.Y., see ECF No. 11878 at 11, and concluded that certain plaintiffs had met all procedural requirements for pursuing attachment or execution on specific assets in the E.D.N.Y., see ECF No. 11973.

Other groups of plaintiffs have filed requests for Rule 54(b) certifications in new default judgment motions or separate letter motions. See ECF Nos. 12034 at 1–2 (Federal Insurance, Continental Casualty), 12029 at 18 (Ashton 37), 12007 at 2, 12008 at 13–14 (Don Kim), 11883 at 14 (Ashton 36). Before the Court will grant this relief, these plaintiffs must explain (1) why they seek final judgments against Iran, including any specific assets on which they seek to execute; and (2) why Rule 54(b) authorizes certification of their judgments as final, including the reasons that the Court should expressly determine that "no just reason for delay" exists. Fed. R.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

Civ. P. 54(b); <u>see</u> ECF No. 11824 at 13–15. For default judgments that the Court has already issued, <u>see, e.g.</u>, ECF Nos. 3890 (<u>Federal Insurance</u>), 4062 (<u>Continental Casualty</u>), the plaintiffs must also explain whether any Rule 54(b) certification should apply *nunc pro tunc* to the filing date of the judgment. <u>See</u> ECF No. 11824 at 15–16.

By May 7, 2026, plaintiffs with outstanding requests for Rule 54(b) certifications must file brief supplemental letters addressing the above issues. For all the MDL plaintiffs, any future requests to the Court for Rule 54(b) certifications must include briefing that specifically addresses the above issues.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        April 30, 2026
              New York, New York

2