UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | **03 MDL 1570 (GBD)(SN)** <br> **ECF Case** |

**This document relates to member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)**

### DECLARATION OF JOSEPH PETER DRENNAN
### IN SUPPORT OF MOTION FOR PARTIAL FINAL DEFAULT JUDGMENT
### FOR ESTATE OF WESLEY ROBERT KING

I, JOSEPH PETER DRENNAN, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

1.      I am the principal of The Law Office of Joseph Peter Drennan, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran,* 1:18-cv-12341 (GBD) (SN) (the "*Anaya* Action"). I was admitted *pro hac vice* in the *Anaya* Action on February 5, 2019.

2.      I submit this Declaration in support of the motion by Carlyle S. King as Personal Representative of the Estate of Wesley Robert King for an award of compensatory damages for the late Wesley Robert King's loss of solatium resulting from the premature death of his son Andrew Marshall King in the terrorist attacks on September 11, 2001 (the "September 11th Attacks"), and for prejudgment interest on those damages.

3.      The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

   a. The Court's order dated January 24, 2017 (MDL ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

For compliance with the required sworn declaration, please see paragraph 9 below.

b. The Court's October 14, 2016 order MDL ECF No. 3362 related to *Bauer v. Al Qaeda Islamic Army*, 02-cv-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN) directing that proposed default judgments for compensatory damages must not include awards of punitive damages and must state a rate of 4.96 percent per annum for prejudgment interest.

c. The Court's orders dated September 22, 2023 and June 25, 2025 (MDL ECF No. 11036) concerning cover sheets and tables required to be submitted with default motions.

4.    The form of this motion and the relief requested herein are also consistent with the form and relief requested and granted to plaintiffs in *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD)(SN) and other cases in this multidistrict litigation.

5.    My firm has been retained by Carlyle S. King in her capacity as Personal Representative of the Estate of Wesley Robert King to pursue claims against the Islamic Republic of Iran for its role in the September 11th Attacks.  Carlyle S. King has provided my firm with evidence that:  (a) the late Wesley Robert King was a United States citizen on September 11, 2001; (b) the late Wesley Robert King died on June 21, 2014; (c) the late Wesley Robert King was the father of the late Andrew Marshall King, (d) Andrew Marshall King was killed in the September 11th Attacks on the World Trade Center in New York City, and (e) on April 30, 2026, Carlyle S. King was appointed as Special Administrator of the Estate of Wesley Robert King by the Superior Court of Arizona, Pima County.

6.    The sources of my information and the bases for my belief in the statements contained herein are my personal involvement in representing Ms. King and other plaintiffs in connection with the September 11th litigation; communications with, and documents provided to me by, Ms. King; communications with my co-counsel herein; communications with counsel representing other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict

litigation; and my review of documents and public records, copies of which are contained in my firm's files, and of court records relating to the multidistrict litigation. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

7.      Judith King as Personal Representative of the Estate of Andrew Marshall King has been a plaintiff in the *Anaya* Action since its inception. *See* 18-cv-12341 ECF 1-1 at line 58.

8.      The Court's Amended Order Approving Notices to Conform, Short Form Complaints & Notices of Amendment entered on October 28, 2019 as MDL ECF No. 5234 ("Order 5234") provides that: "[a] new plaintiff asserting claims for solatium damages with respect to a deceased family member whose estate previously filed claims against . . . Iran may be added to the existing case of the decedent's estate without seeking further leave from the Court by (1) filing a Notice of Amendment in the form attached hereto as . . . Exhibit E (Iran Notice of Amendment) in the existing civil case of the decedent's estate (not in the MDL), and then (2) adding the new plaintiff's name to the docket of the existing civil case on ECF." On May 4, 2026, a Notice of Amendment in the form specified in Exhibit E to Order 5234 was filed in the *Anaya* Action to add Carlyle S. King as Personal Representative of the Estate of Wesley Robert King as a new plaintiff in the *Anaya* Action.

9.      Service of process in the *Anaya* Action was effectuated upon the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(a)(4) on June 29, 2020 through diplomatic channels. *See* 18-cv-12341 ECF No. 47 at ¶¶ 6-10 and Exhibit 3. Order 5234 provides that "Plaintiffs added [to a complaint] by this procedure [*i.e.*, a Notice of Amendment in the form specified in Exhibit E to Order 5234] need not re-serve defendants who have already been served."

10.     On January 10, 2022, this Court entered a judgment on default as to liability against the Islamic Republic of Iran in favor of *Anaya* Plaintiffs including the Estate of Andrew

Marshall King (the "January 2022 Judgment"). *See* MDL ECF 7580 and 18-cv-12341 ECF 97. The January 2022 Judgment awarded damages for pain and suffering to the Estate of Andrew Marshall King. The January 2022 Judgment did not include an award of solatium damages in favor of the Estate of Wesley Robert King, which was not a plaintiff in the *Anaya* Action at that time.

11.    Order 5234 provides that "[a]ny motion previously ruled on by the Court will be considered to have been filed and decided in the same manner and shall apply with equal force with regard to the claims of each new plaintiff" added pursuant to Order 5234.

12.    Before filing this motion, I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committee (MDL ECF No. 3433), and have personally verified that the Estate of Wesley Robert King has not previously been awarded compensatory damages against the Islamic Republic of Iran or any Iranian government defendant for loss of solatium resulting from the death of Andrew Marshall King in the September 11th Attacks. I have also verified that Carlyle S. King as Personal Representative of the Estate of Wesley Robert King does not have any other motion pending before this Court for compensation arising out of the September 11th Attacks.

13.    Carlyle S. King as Personal Representative of the Estate of Wesley Robert King seeks compensatory damages in the amount of $8,500,000, which is consistent with amounts previously awarded to surviving parents of decedents killed in the September 11th Attacks.

14.    The form of the proposed partial final judgment submitted herewith conforms to the Court's prior orders.

15.    The U.S. Victims of States Sponsored Terrorism Fund has set June 1, 2026 as the application deadline for new claimants to be considered for the next round of payments by the

4

Fund. Carlyle S. King as Personal Representative of the Estate of Wesley Robert King intends to file a claim with the U.S. Victims of States Sponsored Terrorism Fund as soon as possible after entry of the judgment sought by this motion.

16.    On April 21, 2026, Magistrate Netburn indicated that "motions for default judgment against Iran filed by April 30, 2026, will be considered but may not be resolved by June 1, 2026." *See* MDL ECF No. 12023 (endorsed order). Carlyle S. King was first appointed as Special Administrator for the Estate of Wesley Robert King on April 30, 2026. Her motion for default judgment is being filed as soon as practicable after her appointment.

17.    Accordingly, I respectfully request that this Honorable Court grant the instant motion and enter partial final judgment in favor of Carlyle S. King as Personal Representative of the Estate of Wesley Robert King in the amount of $8,500,000 plus prejudgment interest at the rate of 4.96 percent, per annum, compounded annually from September 11, 2001 to the date of entry of the judgment.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Alexandria, Virginia, on May 4, 2026.

_____
JOSEPH PETER DRENNAN

5