# ANDERSON KILL P.C.

**7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212-278-1000 / www.andersonkill.com**

Jerry Goldman
jgoldman@andersonkill.com
212-278-1569

*Via ECF*                                                                          May 5, 2026

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
U.S. District Court for the Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

> **Re:**    *In Re Terrorist Attacks On September 11, 2001*, 03-mdl-1570 (GBD)(SN);
> *Chang Don Kim, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11870 (GBD)(SN);
> *Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11878 (GBD)(SN);
> *Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD)(SN);
> *Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN);
> *Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN);
> *Danielle Kelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-07283 (GBD)(SN); *Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN); *Kenneth Lum, et al. v. Islamic Republic of* Iran, No. 1:24-cv-07824 (GBD)(SN) - Outstanding
> <u>**Request for Rule 54(b) Certification**</u>

Dear Judge Netburn:

We write in response to the Court's April 30, 2026 Order that required plaintiffs with outstanding requests for Rule 54(b) certifications to file a brief supplemental letter addressing "(1) why they seek final judgments against Iran, including any specific assets on which they seek to execute; and (2) why Rule 54(b) authorizes certification of their judgments as final, including the reasons that the Court should expressly determine that 'no just reason for delay' exists." ECF No. 12041.

On April 16, 2026, we submitted a motion for judgment by default for partial final judgments for damages against the Islamic Republic of Iran ("Iran") on behalf of nineteen (19) plaintiffs (the "Moving Plaintiffs") with claims in the above-referenced actions (the "Motion"). ECF Nos. 12007-12010. In the Motion, we requested that the Court grant Rule 54(b) final judgments against Iran for the Moving Plaintiffs. ECF Nos. 12007 at 2.

The Moving Plaintiffs seek Rule 54(b) final judgments against Iran to register their judgments in the U.S. District Court for the Eastern District of New York to assert a claim in the alleged Iranian-related 127,271 Bitcoin (the "Bitcoin"), currently worth approximately $10 billion, that is subject to a pending civil forfeiture proceeding that was commenced by the United States government in the Eastern District Court (the "Forfeiture Proceeding"). *See United States* v. *Approximately 127,271 Bitcoin,* No. 25 Civ. 05745 (E.D.N.Y). Currently, over ten thousand (10,000) 9/11-related Iranian judgment holders have asserted a claim in the Forfeiture Proceeding. As the Court previously held, a judgment must be final in order to be properly registered in the Eastern District Court. *See* ECF No. 11878; 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become **final** by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.") (emphasis added). Therefore, as the Court previously held, the Moving Plaintiffs would not be able to properly assert a claim in the Bitcoin in the Forfeiture Proceeding

**Anderson Kill P.C.**

May 5, 2026
Page 2

if this Court does not award them Rule 54(b) final judgments against Iran. *See* ECF No. 11878. This would affect the Moving Plaintiffs' ability to potentially execute on the Bitcoin.

Rule 54(b) authorizes this Court to enter partial final judgments when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at least one party has been finally determined;" and (3) "the court makes an 'express determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde* v. *Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original); ECF No. 11878 at 4.

This Court should grant the Moving Plaintiffs' Motion and award them final judgments against Iran under Rule 54(b) for the same reasons this Court awarded thousands of other 9/11 plaintiffs Rule 54(b) final judgments in its March 18, 2026 Memorandum Decision and Order. ECF No. 11878 at 9. First, there are parties in the above-captioned actions aside from the Moving Plaintiffs and Iran, and the Moving Plaintiffs' Motion only requests the adjudication of some— but not all—of their claims, specifically excluding punitive and other damages. ECF Nos. 11878 at 9, 12008 at 14. Second, should this Court grant the Motion, the Moving Plaintiffs' rights against Iran will be finally decided within the meaning of 28 U.S.C. § 1291 since the Motion requests the dismissal, without prejudice, of additional damages the Moving Plaintiffs could seek, including punitive damages, additional economic damages, and other appropriate damages. ECF Nos. 11878 at 9, 12008 at 14. Finally, "no just reason for delay" of entry of final Iran judgments for the Moving Plaintiffs exists. Awarding the Moving Plaintiffs Rule 54(b) final judgments against Iran would enable the Moving Plaintiffs to assert a claim in the Forfeiture Proceeding to attempt to execute against the Bitcoin without unnecessary delay, and minimally prejudices Iran, who has been absent from this litigation over the past fifteen years. ECF No. 11878 at 9. This Court's decision to award the Moving Plaintiffs finalized judgments against Iran "[would] make possible a more expeditious and just result for all parties." *Ginett,* 962 F.2d at 1092.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Jerry S. Goldman