**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN) |

This document relates to:
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD)(SN)

**DECLARATION OF JERRY S. GOLDMAN, ESQ. IN SUPPORT OF MOTION FOR PARTIAL FINAL JUDGMENT FOR DAMAGES ON BEHALF OF THE PLAINTIFF IDENTIFIED IN EXHIBIT A**

JERRY S. GOLDMAN, Esq., hereby declares under penalty of perjury, as provided for by 28 U.S.C. § 1746, as follows:

1.      I am an attorney representing the Plaintiffs in the above-captioned action, and I submit this declaration in support of the Motion for Partial Final Judgments for Damages against Defendant Islamic Republic of Iran ("Iran") on behalf of a plaintiff in the above-referenced matter who is identified in the annexed Exhibit A, which is Exhibit B to the Proposed Order. The Plaintiff identified in Exhibit A, by and through their counsel, Anderson Kill P.C., respectfully moves this Court for an Order:

(1)      awarding the Plaintiff identified in Exhibit A a damages judgment against Iran in the same amount previously awarded by this Court to various similarly situated plaintiffs in *Burnett*, *Havlish*, *Ashton*, *Bauer*, *O'Neill*, and other cases; AND,

(2)      awarding solatium damages of $4,250,000 to the Plaintiff identified in Exhibit A, as set forth in annexed Exhibit A; AND,

(3)      awarding the Plaintiff identified in Exhibit A prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the damages judgment; AND,

(4)    denying without prejudice additional damages the Plaintiff identified in Exhibit A could seek, such as punitive damages, additional economic damages, or other appropriate damages, and staying the deadline for filing any Fed. R. Civ. P. 60(b) motion to reconsider such dismissal; AND,

(5)    granting permission for all other Plaintiffs in the above-captioned action not appearing in Exhibit A to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; AND,

(6)    entering partial final judgment under Fed. R. Civ. P. 54(b) to the Plaintiff identified in Exhibit A with respect their 1605A claims against Iran and finding that the conditions for entry of judgment under Fed. R. Civ. P. 54(b) are met, in that (1) multiple parties are present; (2) the rights and liabilities of at least one party have been finally decided within the meaning of 28 U.S.C. § 1291; and (3) no just reason for delay exists; AND,

(7)    granting to the Plaintiff identified in Exhibit A such other and further relief as this Honorable Court deems just and proper.

Applicable Orders

2.    The form of this motion and the relief requested herein are intended to comply with the following Orders of this Court:

a.    The Court's January 24, 2017 Order, ECF No. 3435,[1] requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."

---

[1] All ECF numbers are to the MDL docket unless stated otherwise.

DOCS-100906479.1

For compliance with the required sworn declaration, please see paragraph 11 below.

b.      The Court's October 14, 2016 Order, ECF No. 3363, concerning the amounts of solatium damage awards.

c.      The Court's October 14, 2016 Order, ECF No. 3362, related to the cases captioned as *Bauer v. Al Qaeda Islamic Army*, 02-CV-7236 (GBD)(SN) and *Ashton v. al Qaeda Islamic Army*, 02-CV-6977 (GBD)(SN).

d.      The Court's October 28, 2019 Order, ECF No. 5234, setting forth updated procedural rules.

e.      The Court's October 28, 2019 Order, ECF No. 5338, setting forth the scheduling order.

f.      The Court's May 5, 2022 Order, ECF No. 7963, setting forth procedures for filing expert reports submitted in support of default judgments.

g.      The Court's September 22, 2023 Order, ECF No. 9355, setting forth procedures for default judgment motions.

h.      The Court's October 7, 2024 Order, ECF No. 10411, regarding expert reports submitted in support of economic damages judgment motions.

i.      The Court's July 31, 2025 Order, ECF No. 11105, approving revised default judgment motion worksheets.

j.      The Court's April 30, 2026 Order, ECF No. 12041, regarding a Rule 54(b) certification for default judgment motions.

3.      The form of this motion and the relief requested herein are also consistent with the form and relief requested as to other plaintiffs in the *O'Neill* group of actions filed by Anderson Kill P.C.

Due Diligence

4.      The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for the past twenty-two years, my firm's representation of the plaintiffs in the above-captioned matter including the Plaintiff in Exhibit A in connection with the September 11th litigation, communications directly from family members of the individuals killed in the attacks on September 11th and the Plaintiff in Exhibit A,

3

communications with other counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation, and documents and records contained in my firm's file and other court records relating to the multidistrict litigation to which Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5.    The Plaintiff identified in Exhibit A is the immediate family member of a decedent killed in the terrorist attacks on September 11, 2001, as specifically set forth in Exhibit A. This plaintiff has provided documentary evidence of their familial relationship to a 9/11 decedent, such as a birth certificate, sworn declaration, official documents or other documents signed under penalty of perjury, which attest to a familial relationship eligible for recovery.

6.    The decedent listed in Exhibit A died in the September 11th terrorist attacks and is survived by the family member whose relationships to the decedent is described in Exhibit A. This relationship has been personally verified by staff members in my office who have obtained written documentation confirming the relationship.

7.    To minimize the chance of any human error, my firm has instituted a further level of quality control, during which an additional attorney has reviewed all case files and corroborated that the relationship is as stated in Exhibit A and that the claimant survived the death of their loved one on September 11, 2001.

8.    After reviewing the records available to me regarding other judgments entered by this Court against Iran, I have not identified any relief that has previously been awarded to the moving Plaintiff against Iran.

9.    Before filing this motion, I have (1) complied with the default judgment motion procedures set forth in the Court's September 22, 2023 Order at ECF No. 9355, (2) complied

4

DOCS-100906479.1

with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees, ECF No. 3433 (adopted in ECF No. 3435), and (3) personally verified that, based on my review of the records available to me regarding other judgments entered by this Court against Iran, no relief has previously been awarded to the plaintiff included in this judgment motion against Iran.

10.    We have verified via written documentation and/or interviews that the moving Plaintiff has not recovered for such losses by way of an award of this Court as to Iran.

11.    We have further confirmed that the moving Plaintiff does not have any prior judgment or pending motion before this Court for compensation arising out of the September 11th attacks against Iran.

Service of Process

12.    Service of process on Iran was executed pursuant to 28 U.S.C. § 1608(a) as described in Exhibit A to the Proposed Order, and by way of an Affidavit of Service and Affidavit in Support of Request for Clerk's Default by Jerry S. Goldman, previously filed as of record under the ECF Nos. set forth in Exhibit A to the Proposed Order.

Solatium

13.    We have been retained individually by the Plaintiff listed in Exhibit A to pursue recovery for their solatium losses arising out of the death of their loved one on September 11, 2001.  The claimant listed in Exhibit A is the relative of a decedent, who has applied for a final default judgment as to liability against Iran in relation to the September 11th terrorist attacks.  We have verified that the Plaintiff listed in Exhibit A has not recovered for their solatium damages

5

DOCS-100906479.1

previously against Iran, nor do they have any other pending motion before this Court for compensation arising out of the September 11th terrorist attacks against Iran.

14.    The solatium amount set forth in Exhibit A is the figure this Court has previously determined appropriate for solatium damages based on familial relationship to the decedent.  *See, e.g.*, ECF Nos. 3175 at 2, 3300 at 1, 3358 at 9, 3363 at 16, 3399, 3666, and 4023.

Conclusion

15.    Based on the foregoing, I respectfully request that this Court grant the proposed partial final judgments as set forth in the Notice of Motion, for the Plaintiff identified in annexed Exhibit A.


Dated:   New York, New York
         May 6, 2026

                                                    /s/ Jerry S. Goldman
                                                    Jerry S. Goldman, Esq.

6

DOCS-100906479.1