**‹› KREINDLER** LLP

**KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629**

**office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com**

May 7, 2026

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

   Re:  *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)
      *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)

Dear Judge Netburn,

   In response to this Court's request for an explanation as to why we are seeking Rule 54(b) final judgment certifications in connection with our pending motion for default judgment (ECF 12041), we provide the following information.

   We currently have two pending motions for final default damages judgments against the Islamic Republic of Iran (Iran), one filed March 19, 2026 on behalf of the estates of four individuals killed in the September 11, 2001 terrorist attacks and five immediate family members of victims killed in the attacks (ECF 11883) (*Ashton 36*) and one filed April 23, 2026 on behalf of five immediate family members of victims killed in the attacks and two "functional equivalents" of immediate family members (ECF 12029) (*Ashton 37*).

   We are seeking certified final judgments in order to register them in the United States District Court for the Eastern District of New York and proceed with a claim for those moving plaintiffs in the in rem forfeiture action regarding 127,271 Bitcoin currently pending there. *See United States v. Approximately 127,271 Bitcoin*, 25-cv-05745 (E.D.N.Y) (RPK). This Court previously noted that to proceed with registering a judgment in the E.D.N.Y., that judgment must be certified as final pursuant. ECF No. 11878 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown."). As a result, no plaintiff would be able to proceed with asserting a claim in the Bitcoin matter unless this Court issues a final judgment against Iran and certifies it as final under Fed.R.Civ.P. 54(b). *See* ECF No. 11878. The absence of any such certification would prejudice the moving plaintiffs by potentially preventing them from seeking to execute on the Bitcoin subject to the E.D.N.Y. suit. Accordingly, in our pending motions, we asked this Court to grant judgments as final pursuant to Fed.R.Civ.P. 54(b). *See* ECF 11883 at 14 and ECF 12029 at 18.

   This Court has authority to enter final partial judgments pursuant to Fed.R.Civ.P. 54(b) when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at least one party has been finally determined;" and (3) "the court makes an 'express

**New York**        **Boston**        **Los Angeles**

determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original); ECF No. 11878 at 4.

Here, the *Ashton 36* and *Ashton 37* plaintiffs have moved for certified final judgments for compensatory damages as to their claims against Iran, which is one of many defendants in this litigation. Should this Court deny without prejudice their request for punitive damages, then those plaintiffs' claims for compensatory damages against Iran (the only remaining claims) will be finally determined, while other claims against other parties remain pending, satisfying two of the three *Linde* criteria. As to the third, for the same reasons that this Court previously found no just reason for delay in similarly situated cases (ECF 11878 at 9-11), granting certified final judgments here is a necessary predicate to the plaintiffs' efforts to participate in any execution of judgments in the Bitcoin suit and certification would, at most, minimally prejudice Iran, a defaulting defendant that has never appeared in this litigation and against whom the *Ashton* plaintiffs first obtained a liability judgment in 2015.

As a final matter, because Iran has insufficient property in this district to satisfy the judgments the *Ashton 36* and *Ashton 37* plaintiffs seek in their pending motions, they respectfully ask that this Court find there is good cause to certify the judgments in the E.D.N.Y. pursuant to 28 U.S.C. § 1963. *See* ECF 11878 at 7, 11 ("Finally, because Iran has insufficient property in this district to satisfy the Plaintiffs' Iran Judgments, this Court finds that there is 'good cause' to certify the Iran Judgments in the E.D.N.Y. pursuant to § 1963.")

Accordingly, this Court should grant the *Ashton 36* and *Ashton 37* plaintiffs' motions, awarding them final judgments against Iran under Fed.R.Civ.P. 54(b) for the same reasons it did for other plaintiffs in this litigation in its March 18, 2026 Memorandum Decision and Order. ECF No. 11878.

Respectfully,

Kreindler & Kreindler LLP

/s/ Megan W. Benett
Megan W. Benett