**MDL 1570**
**CONTINENTAL INSURANCE IRAN JUDGMENT HOLDERS**
In Re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

May 7, 2026

The Honorable Sarah Netburn
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re:    *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

      I write on behalf of the *Continental Insurance* Iran judgment holders, in response to the Court's April 30, 2026 Order, ECF No. 12041, directing the *Continental Insurance* Iran judgment holders to provide further information in support of their request that the Court certify their 2018 monetary judgment against the Islamic Republic of Iran as final pursuant to Rule 54(b). Specifically, the Court's Order directed the moving *Continental Insurance* Plaintiffs to explain "why they seek final judgments against Iran, including any specific assets on which they seek to execute," and "why Rule 54(b) authorizes certification of their judgments as final, including the reasons that the Court should expressly determine that 'no just reason for delay' exists."

      As discussed below, the *Continental Insurance* Iran judgment holders seek Rule 54(b) certification of their judgments so that they can immediately pursue recovery of their monetary awards against Iran, including through ongoing efforts to attach the bitcoin assets at issue in the forfeiture proceeding in the Eastern District of New York. Further delay in issuing Rule 54(b) certifications would prejudice the *Continental Insurance* judgment holders by delaying recovery on their monetary awards and compromising their ability to pursue attachment of Iranian assets that have been identified already (such as the bitcoin assets) or that may be identified in the future.

1.      **<u>Standard for Entry of Final Judgment Under Rule 54(b)</u>**

      Where the court has resolved at least one but fewer than all claims in an action, Rule 54(b) authorizes the court to direct the entry of a final, immediately appealable judgment "upon an express determination that there is no cause for delay." Where the claims at issue are separable and interests of sound judicial administration would be advanced, entry of a final judgment under Rule 54(b) is appropriate, particularly where a delay in entering final judgment would present some risk of hardship or injustice.

The Honorable Sarah Netburn
May 7, 2026
Page 2

_____

2.    **The *Continental Insurance* Iran Judgment Holders Seek to Recover on Their Monetary Awards and There is No Just Cause for Delaying the Entry of Final Judgments**

As was true of the wrongful death and injury plaintiffs who received Rule 54(b) certifications through the Court's Orders at ECF Nos. 11878, 11879, and 11940, the *Continental Insurance* Iran judgment holders seek entry of a formal Rule 54(b) certification as to their Iran judgments to protect and perfect their interests in relation to their current and future execution efforts. As this Court already has found, "certifying the Iran Judgments as final gives the Plaintiffs [who are pursuing the bitcoin assets] the opportunity to enforce their significant compensatory damages awards in the E.D.N.Y. without unnecessary delay, and minimally prejudices Iran, who has been absent from this litigation.…" *See* ECF No. 11878 at 9.

*Continental Insurance* Iran judgment holders respectfully submit that Rule 54(b) certification of their monetary judgments against Iran would be appropriate and necessary even in the absence of ongoing turnover efforts directed at specific and presently identified assets. The Second Circuit long has recognized that a "delay in recovering on a monetary award" presents the very "danger of hardship or injustice" that Rule 54(b) is designed to avoid. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 13 (2d Cir. 1997). This principle recognizes not only the inherent harm resulting from a delay in receiving compensation that is due, but also the fact that the judgment debtors' reachable assets may be dissipated or removed from the plaintiff's reach during the period of delay, compromising the plaintiff's ability to recover on his judgment.

Here, further delay in entering final judgments as to Iran would impair the *Continental Insurance* judgment holders from pursuing recovery on their monetary award from Iranian assets as they are identified. As the Court is aware, Iran engages in elaborate efforts to hide its assets from judgment holders, but governmental and private investigative efforts have and will continue to reveal Iran's interests in assets that may be reachable through U.S. or foreign execution efforts. The bitcoin assets that are subject to the government's forfeiture action in the EDNY are one example. Even more recently, the United States disclosed on April 24, 2026 the blocking of approximately $344 million associated with newly identified cryptocurrency addresses associated with the Central Bank or Iran. The *Continental Insurance* Iran judgment holders, via the *Federal Insurance* Iran judgment holders, are involved in investigatory efforts concerning these and additional Iranian assets at this time and expect to pursue additional attachment efforts as opportunities present themselves.

Entry of final judgments now is necessary to ensure that Iran judgment holders are not effectively denied an opportunity to recover from additional Iranian assets when and as they are identified. As a general matter, a final judgment will in most cases be necessary to pursue attachment of Iranian assets. The ability to perfect a claim to Iranian assets may also require service of the final Rule 54(b) judgment, and passage of a reasonable time following service of the final judgment. *See* 28 U.S.C. 1610(c). Based on past experience and ongoing efforts to serve Iran in other matters, counsel for the *Continental Insurance* judgment holders understand that serving legal papers on Iran in the present moment can take several months. All of these steps must be

The Honorable Sarah Netburn
May 7, 2026
Page 3

completed presently in order for Iran judgment holders, such as the *Continental Insurance* Plaintiffs, to have a meaningful opportunity to secure recovery on their monetary awards as additional Iranian assets are identified. Certification under Rule 54(b) is thus also necessary to avoid the "danger of hardship or injustice" the *Continental Insurance* judgment holders would suffer from being unable to pursue opportunities to recover on their judgments from additional Iranian assets as they are identified.

**3.    <u>The *Continental Insurance* Judgment Claims Against Iran are Severable From the Remaining Claims and Entry of Final Judgments Will Serve Additional Interests of Judicial Administration</u>**

The *Continental Insurance* judgment holders have received full monetary awards as to all categories of damages they intend to pursue as to Iran. For the majority of those plaintiffs, the Court's awards on their property damage and economic loss claims encompassed all categories of damages raised in their complaints, and no categories of loss remain outstanding. Further, the Iran claims present different factual and legal predicates from those at issue in those judgment holders' claims against separate defendants that remain pending. Those judgments are thus final and severable within the meaning of Rule 54(b).

The claims for property damages are severable from any claims for potential assigned wrongful death or injuries under 28 U.S.C. 1605A(1), as those respective claims involve entirely distinct injuries and damages which arise under separate statutory provisions and involve a number different questions of law and fact, and could have been enforced through separate actions. *See Cullen v Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) (claims are separable "if 'different sorts of relief' are sought and, consequently, the claim for greater relief would be pressed by the plaintiff even if the other claim were granted"); *Ginett v. Computer Task Grp., Inc.,* 962 F.2d 1085, 1095-97 (2d Cir. 1992) (affirming district court's entry of Rule 54(b) judgment on claim for severance pay while claims for wrongful termination and incentive compensation arising from same series of events remained pending and holding that if the plaintiff "is legally entitled to a judgment on his severance pay claim, he should be able to execute upon it now, and should not be penalized for combining his separate claims … in one complaint"); *see also Advanced Magnetics*, 106 F.3d at 14-15 (claims brought by company in own capacity separate from claims brought as assignee).[1]

Finally, in addition to protecting the *Continental Insurance* Iran judgment holders' ability to pursue timely recovery on their monetary awards, entry of final judgments under Rule 54(b) will advance the progress of this complex MDL by concluding all proceedings before this Court on a significant segment of claims. At the same time, the entry of final judgments under Rule 54(b) will not present any meaningful risk of piecemeal appeals. As the Court has noted already, Iran

---

[1] Because the property damage claims underlying the judgments are separate and severable from any potential claims for assigned wrongful death and personal injuries, certification of the judgments on the property damage claims does not require dismissal of the wrongful death and injury claims. With that said, the *Continental Insurance* Iran judgment holders do not intend to pursue awards against Iran on the basis of those potential claims and would have no objection to their dismissal as to Iran on the same terms that the Court dismissed the punitive and other outstanding damage claims of the wrongful death and injury plaintiffs. *See* ECF No. 11878 at 12 (dismissing additional damage claims without prejudice and staying deadline for seeking relief under Rule 60(b)). This approach will avoid unnecessary complication in the event any assignors request to pursue relief through the assigned claims.

The Honorable Sarah Netburn
May 7, 2026
Page 4

_____

has ignored this litigation since its inception and has declined to pursue appeals as to numerous final judgments issued against it in this case. Entry of final judgments is thus consistent with the overarching interests of judicial administration.

For the foregoing reasons, the *Continental Insurance* Iran judgment holders respectfully submit that the claims underlying their judgments against Iran are separate and severable from their claims that remain pending, and that entry of Rule 54(b) judgments will advance interests of judicial administration.

**4.      The *Continental Insurance* Iran Judgment Holders Do Not Seek *Nunc Pro Tunc* Relief**

The Court's Order at ECF No. 12041 also directs the *Continental Insurance* Iran judgment holders to explain whether their requested Rule 54(b) judgments should apply *nunc pro tunc* to the filing date of the judgment. The *Continental Insurance* Iran judgment holders do not seek *nunc pro tunc* relief. They have concluded that their rights and interests in the ongoing and contemplated Iranian attachment efforts are best served by effecting service of final Rule 54(b) judgments on Iran once they are entered.


Respectfully submitted,

FORD MARRIN ESPOSITO WITMEYER
& GLESER, LLP

By:   */s/ Edward Pinter*
      Edward Pinter
      Janine Balzofiore
Wall Street Plaza
88 Pine Street, 16th Fl.
New York, New York 10005
Tel: (212) 269-4900
Email: empinter@fmew.com

*On behalf of the MDL 1570*
*Continental Insurance Iran Judgment Holders*

cc:      All MDL Counsel of Record (via ECF)