# ANDERSON KILL P.C.

7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1911 / www.andersonkill.com

Jerry S. Goldman, Esq.
9-11victims@andersonkill.com
212-278-1911

*Via ECF*                                                                                          May 14, 2026

The Honorable George B. Daniels, U.S.D.J.     The Honorable Sarah Netburn, U.S.M.J.
United States District Court for the S.D.N.Y.   United States District Court for the S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse            Thurgood Marshall U.S. Courthouse
500 Pearl Street                              40 Foley Square, Room 430
New York, NY 10007                            New York, NY 10007

> Re:    *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570
> (GBD)(SN); *Cheryl Rivelli, et al. v. Islamic Republic of Iran*, No.
> 1:18-cv-11878 (GBD)(SN); *Matthew Rowenhorst, et al. v. Islamic
> Republic of Iran*, No. 1:18-cv-12387 (GBD)(SN) – Intentional
> Infliction of Emotional Distress Damages for the Estates of Michael
> Theodoridis and Rahma Salie

Dear Judge Daniels and Judge Netburn:

Undersigned counsel writes regarding the calculation of damages against the Islamic Republic of Iran ("Iran") for the Estates of Michael Theodoridis and Rahma Salie, a married couple who were killed in front of each other when American Airlines Flight 11 slammed into the North Tower of the World Trade Center.

Following the August 4, 2025 Memorandum Decision and Order (ECF No. 11118) that denied the motion for final judgments as to liability and for partial final judgments for damages under New York intentional infliction of emotional distress ("IIED") against Iran brought on behalf of the Estates of Michael Theodoridis and Rahma Salie (the "Memorandum Decision and Order"), we appealed to the U.S. Court of Appeals for the Second Circuit. ECF Nos. 11189 (Notice of Appeal) and 11325 (Amended Notice of Appeal).[1]

After briefing and oral argument, on April 23, 2026, the U.S. Court of Appeals for the Second Circuit issued a Summary Order that reversed in part the Memorandum Decision and Order, found that the Estates of Michael Theodoridis and Rahma Salie were "entitled to a final judgment that Iran is liable for intentional infliction of emotional distress under New York law," and remanded for further proceedings "on the proper calculation of damages." ECF No. 12032 at 5-6.

---

[1] Undersigned counsel filed an Amended Notice of Appeal at ECF No. 11325 following the Court's entry of a Rule 54(b) final judgment at ECF No. 11306.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
May 14, 2026
Page 2

We respectfully request that this Court award both the Estates of Michael Theodoridis and Rahma Salie damages in the amount of $12,500,000 for their IIED claims. This amount is consistent with this Court's prior awards to other non-U.S. national spouses who did not die simultaneously in front of their spouse. ECF No. 9931 at 6. Additionally, for the reasons set forth below, we request that any damages judgment be certified as final under Rule 54(b) for the same reasons recently set forth in a letter filed by undersigned counsel in connection with other 9/11 plaintiffs' motion for damages judgments. *See* ECF Nos. 12041, 12060. For the Court's convenience, we have enclosed a Proposed Order.

The Estates of Michael Theodoridis and Rahma Salie seek Rule 54(b) final judgments against Iran to register their judgments in the U.S. District Court for the Eastern District of New York ("EDNY") to assert a claim in the alleged Iranian-related 127,271 Bitcoin (the "Bitcoin"), currently worth approximately $10 billion, that is subject to a pending civil forfeiture proceeding commenced by the United States government in the EDNY (the "Forfeiture Proceeding"). *See United States v. Approximately 127,271 Bitcoin,* No. 25 Civ. 05745 (E.D.N.Y). Currently, over ten thousand (10,000) 9/11-related Iranian judgment holders have asserted claims in the Forfeiture Proceeding.

As this Court previously held, a judgment must be final in order to be properly registered in the EDNY. *See* ECF No. 11878; 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown."). Therefore, as this Court previously held, the Estates of Michael Theodoridis and Rahma Salie would not be able to properly assert a claim against the Bitcoin in the Forfeiture Proceeding if this Court does not award them Rule 54(b) final judgments against Iran. *See* ECF No. 11878.

This would affect the Estates of Michael Theodoridis' and Rahma Salie's ability to potentially execute on the Bitcoin. Rule 54(b) authorizes this Court to enter partial final judgments when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at least one party has been finally determined;" and (3) "the court makes an 'express determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde* v. *Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original); ECF No. 11878 at 4.

This Court should award the Estates of Michael Theodoridis and Rahma Salie final judgments against Iran under Rule 54(b) for the same reasons this Court awarded thousands of other 9/11 plaintiffs Rule 54(b) final judgments in its March 18, 2026 Memorandum Decision and Order. ECF No. 11878 at 9. First, there are parties in the above-captioned actions aside from the Estates of Michael Theodoridis and Rahma Salie and Iran, and awarding the Estates of Michael Theodoridis and Rahma Salie damages against Iran would only adjudicate some— but not all—of

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
May 14, 2026
Page 3

their claims, specifically excluding punitive and other damages. ECF Nos. 11878 at 9, 12008 at 14. Second, should this Court enter a damages judgment for their IIED claims, the rights of the Estates of Michael Theodoridis and Rahma Salie against Iran will be finally decided within the meaning of 28 U.S.C. § 1291 since we request the dismissal, without prejudice, of additional damages the Estates of Michael Theodoridis and Rahma Salie could seek, including punitive damages, additional economic damages, and other appropriate damages. ECF Nos. 11878 at 9, 12008 at 14. Finally, "no just reason for delay" of entry of final Iran judgments for the Estates of Michael Theodoridis and Rahma Salie exists. Awarding the Estates of Michael Theodoridis and Rahma Salie Rule 54(b) final judgments against Iran would enable the Estates of Michael Theodoridis and Rahma Salie to assert a claim in the Forfeiture Proceeding to attempt to execute against the Bitcoin without unnecessary delay, and minimally prejudices Iran, who has been absent from this litigation over the past twenty-three years. ECF No. 11878 at 9. This Court's decision to award the Estates of Michael Theodoridis and Rahma Salie finalized judgments against Iran "[would] make possible a more expeditious and just result for all parties." *Ginett,* 962 F.2d at 1092.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
*Attorney for Plaintiffs*

Enclosures
cc:    All Counsel of Record (via ECF)