**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Terrorist Attacks on September 11, 2001** | **03 MDL 1570 (GBD)(SN)**<br>**ECF Case** |

**This document relates to member case *Marie Laure Anaya, et al. v. Islamic Republic of Iran*, 1:18-cv-12341 (GBD) (SN)**

**DECLARATION OF SUSAN M. DAVIES**
**IN SUPPORT OF MOTION FOR PARTIAL FINAL DEFAULT JUDGMENT**
**FOR ESTATE OF WESLEY ROBERT KING**

I, SUSAN M. DAVIES, hereby declare, pursuant to 28 U.S.C. Section 1746, as follows:

1.     I am an attorney associated with the law firm Fleischman Bonner & Rocco LLP, one of four law firms representing the Plaintiffs in the above-captioned *Marie Laure Anaya, et al. v. Islamic Republic of Iran,* 1:18-cv-12341 (GBD) (SN) (the "*Anaya* Action").  I am a member of the bar of this Court.

2.     I submit this Declaration in further support of the motion by Carlyle S. King as Personal Representative of the Estate of Wesley Robert King for an award of compensatory damages for the late Wesley Robert King's loss of solatium resulting from the premature death of his son Andrew Marshall King in the terrorist attacks on September 11, 2001, and for prejudgment interest on those damages, which motion was filed with the Court on May 4, 2026 as ECF 12056 in the MDL and ECF 249 in the *Anaya* Action.  Expedited treatment of the motion was requested by letter motion filed on May 4, 2026 (as ECF 12059 in the MDL and ECF 252 in the *Anaya* Action) in light of the June 1, 2026 deadline for submission of new applications to the United States Victims of State Sponsored Terrorism Fund.

3.     I submit this Declaration to address the requirements of Magistrate Judge Netburn's April 30, 2026 order (MDL ECF 12041) which requires plaintiffs who seek entry of a

final judgment pursuant to Federal Rule of Civil Procedure 54(b) to explain:  "(1) why they seek final judgments against Iran, including any specific assets on which they seek to execute; and (2) why Rule 54(b) authorizes certification of their judgments as final, including the reasons that the Court should expressly determine that 'no just reason for delay' exists."  *See* MDL ECF 12041 (quoting Fed. R. Civ. P. 54(b)).

**Reasons For Seeking Partial Final Judgment**

4.    Ms. King seeks a partial final judgment on behalf of the Estate of Wesley Robert King because:  (a) she intends to use the judgment to submit an application for compensation to the United States Victims of State Sponsored Terrorism Fund, and (b) she intends to seek to enforce the judgment against Iranian assets in the United States, including by registering it in the U.S. District Court for the Eastern District of New York in order to assert a claim in the civil forfeiture proceeding related to 127,271 alleged Iranian-related Bitcoin that is pending in that court as *United States v. Approximately 127,271 Bitcoin*, No. 25 Civ. 05745 (E.D.N.Y.).

5.    In order to be eligible for an award of compensation from the United States Victims of State Sponsored Terrorism Fund, a claimant must hold "a ***final*** judgment [for compensatory damages] . . . issued by a United States district court under State or Federal Law against a foreign state that was designated as a state sponsor of terrorism . . . arising from acts of international terrorism, for which the foreign state was determined not to be immune from the jurisdiction of the courts of the United States under [28 U.S.C. ] section 1605A, or section 1605(a)(7)."  34 U.S.C. § 20144(c)(2)(A) (emphasis added).  The statute defines a "final judgment" to mean "an enforceable final judgment, decree or order on liability and damages entered by a United States district court that is not subject to further appellate review."  34 U.S.C. § 20144 (j)(4).

6.     Pursuant to 28 U.S.C. § 1963, a judgment may be registered in another district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. This Court has held that the "good cause shown" language in Section 1963 "still supposes the existence of a final judgment in the district court." *In re Terrorist Attacks on September 11, 2001*, 2026 WL 765458, at *3 (S.D.N.Y. Mar. 18, 2026) (MDL ECF 11878) (emphasis added). Accordingly, in order for the judgment awarding compensatory damages to the Estate of Wesley Robert King to be registerable in the Eastern District of New York it must be entered as a partial final judgment pursuant to Rule 54(b).

**<u>No Just Reason For Delay In Entering Final Judgment</u>**

7.     The Court may dismiss without prejudice the outstanding punitive damages claim of the Estate of Wesley Robert King, and award the Estate partial final judgment against Iran pursuant to Rule 54(b) for the same reasons the Court has already taken this action for hundreds of other 9/11 Plaintiffs in *In re Terrorist Attacks on September 11, 2001*, 2026 WL 765458, at *3 (S.D.N.Y. Mar. 18, 2026) (MDL ECF 11878). As the Court found in that decision, this multidistrict litigation involves "unique and compelling circumstances" that justify making 9/11 Plaintiffs' judgments immediately enforceable, including the facts that the litigation "has been ongoing for over twenty years" and "Iran has failed to appear and defend itself in this Court since 2011." *Id.* at *4.

8.     In addition, the 9/11 Plaintiffs' outstanding claims for punitive damages are "immaterial" to their efforts to enforce their judgments against Iran "because § 201(a) of TRIA only allows the Plaintiffs to [enforce judgments] for compensatory awards." *Id.* at *5 (citing 28 U.S.C. § 1610 note) (emphasis in original). Likewise, only judgments for compensatory

damages are eligible for awards of compensation by the United States Victims of State Sponsored Terrorism Fund.  *See* 34 U.S.C. §§ 20144(c)(2)(A), 20144(j)(3).

9.      Accordingly, as this Court has previously found, there is "no just reason to delay the Plaintiffs' potential avenue for relief, especially considering Iran's decision to not appear and defend in these proceedings."  2026 WL 765458, at *4.

10.     Wherefore, I respectfully request that the Court grant the motion and enter partial final judgment pursuant to Rule 54(b) in favor of Carlyle S. King as Personal Representative of the Estate of Wesley Robert King in the amount of $8,500,000 plus prejudgment interest.  In light of the impending June 1, 2026 deadline for the submission of new applications for compensation to the United States Victims of State Sponsored Terrorism Fund, I respectfully request entry of said judgment by May 29, 2026.

I declare under penalty of perjury that the foregoing is true and correct.  Executed in West Hurley, New York on May 27, 2026.

                                            /s/ Susan M. Davies

4