UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                               :

In re Terrorist Attacks on September 11, 2001    :

                               :

------------------------------------ x

                               **MEMORANDUM DECISION AND
ORDER**

                               03 MDL 1570 (GBD) (SN)

This document relates to:

      *Ashton v. Al Qaeda Islamic Army*, No. 02-cv-06977 (GBD) (SN)
      *Burnett v. Islamic Republic of Iran*, No. 15-cv-09903 (GBD) (SN)
      *Don Kim v. Islamic Republic of Iran*, No. 18-cv-11870 (GBD) (SN)
      *Rivelli v. Islamic Republic of Iran*, No. 18-cv-11878 (GBD) (SN)
      *Johnson v. Islamic Republic of Iran*, No. 18-cv-12344 (GBD) (SN)
      *Chairnoff v. Islamic Republic of Iran*, No. 18-cv-12370 (GBD) (SN)
      *Bodner v. Islamic Republic of Iran*, No. 19-cv-11776 (GBD) (SN)
      *Accardi v. Islamic Republic of Iran*, No. 21-cv-06247 (GBD) (SN)
      *King v. Islamic Republic of Iran*, No. 22-cv-05193 (GBD) (SN)
      *Kone v. Islamic Republic of Iran*, No. 23-cv-05790 (GBD) (SN)
      *Kelly v. Islamic Republic of Iran*, No. 23-cv-07283 (GBD) (SN)
      *Jelnek v. Islamic Republic of Iran*, No. 24-cv-05520 (GBD) (SN)
      *Lum v. Islamic Republic of Iran*, No. 24-cv-07824 (GBD) (SN)

**GEORGE B. DANIELS, United States District Judge:**

Thirty-nine plaintiffs in the above-captioned cases (the "Plaintiffs") move for partial

default judgments against the Islamic Republic of Iran ("Iran"), the Islamic Revolutionary Guard

Corps ("IRGC"), and the Central Bank of Iran ("CBI") (collectively, the "Iran Defendants"). (ECF

Nos. 11762, 11837, 11846, 11883, 11906, 12007, 12029, 12042.)[1]  The Plaintiffs bring claims

under § 1605A of the Foreign Sovereign Immunities Act ("FSIA") for death and injuries sustained

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

as a result of the September 11, 2001 terrorist attacks (the "9/11 Attacks"). (*See attached* Exhibits A, B, C, and D.)[2]

The Plaintiffs seek the following relief: (1) pain and suffering damages for estates; (2) economic damages for estates; (3) pain and suffering damages for fatal or non-fatal latent conditions; and (4) solatium damages for immediate family members or functionally equivalent family members of 9/11 decedents. All but four of the Plaintiffs also request that this Court certify their default judgments as "final judgment[s]" pursuant to Federal Rule of Civil Procedure 54(b). Finally, in light of June 1, 2026 application deadline for new claimants to participate in a possible future distribution of funds from the U.S. Victims of State Sponsored Terrorism Fund ("VSSTF"), Plaintiffs also ask this Court for expedited consideration of their motions. (*See* Report at 4; ECF No. 12015 at 1.)

Before this Court is Magistrate Judge Netburn's Report and Recommendation ("Report"), recommending that this Court **GRANT** the Plaintiffs' motions and award damages consistent with this Court's previously established frameworks. (*See* Magistrate Judge Netburn's May 22, 2026 Report & Recommendation, the "Report," ECF No. 12084.) For the subset of Plaintiffs seeking final judgments, the Report recommends that this Court (1) deny without prejudice these Plaintiffs' outstanding requests for additional damages; (2) certify all of these Plaintiffs' default judgments as "final" judgments against Iran pursuant to Rule 54(b); and (3) find good cause for the immediate registration of these Plaintiffs' final judgments. (*Id.*) The Plaintiffs all confirmed that they will

---

[2] The attached Exhibits consolidate the information from the Plaintiffs' exhibits attached to their proposed orders. (*See* ECF Nos. 11765-2, 11840-2, 11849-2, 11885-2, 11885-3, 11909-2, 12010-2, 12010-3, 12031-2, 12031-3, 12045-2.) These Exhibits note to which default judgment motion each Plaintiff belongs and include the final damages amounts that this Court recommends awards to each Plaintiff. Additionally, the Exhibits include the corrections delineated in the Report, which the Court adopts. (*See* Magistrate Judge Netburn's May 22, 2026 Report & Recommendation, the "Report," at 3 n.2.)

not object to the Report. (*See* ECF Nos. 12085, 12086, 12087, 12088, 12089, 12090.) This Court **ADOPTS** Magistrate Judge Netburn's Report in full.

## I.    <u>PROCEDURAL HISTORY</u>[3]

The Plaintiffs are U.S. nationals that bring forth FSIA claims against the Iran Defendants based on the Iran Defendants' alleged material support to Al Qaeda during the 9/11 Attacks. The Report addresses eight separate default judgment motions brought on behalf of the Plaintiffs, summarized below:

| <u>Member Case(s)</u> | <u>Motion ECF</u> | <u>Defendants</u> | <u>Types of FSIA Claims</u> |
|---|---|---|---|
| *Ashton*, No. 02-cv-06977 | 11883 | Iran | • Estate economic damages (3 plaintiffs) <br> • Solatium damages (5 plaintiffs) |
| *Ashton*, No. 02-cv-06977 | 12029 | Iran | • Solatium damages (7 plaintiffs) |
| *Burnett*, No. 15-cv-09903 | 11837 | Iran, IRGC, CBI | • Solatium damages (1 plaintiff) |
| *Burnett*, No. 15-cv-09903 | 11846 | Iran, IRGC, CBI | • Pain & suffering damages for latent condition (1 plaintiff) |
| *Don Kim*, No. 18-cv-11870 <br> *Rivelli*, No. 18-cv-11878 <br> *Bodner*, No. 19-cv-11776 <br> *King*, No. 22-cv-05193 <br> *Kone*, No. 23-cv-05790 <br> *Kelly*, No. 23-cv-07283 <br> *Jelnek*, No. 24-cv-05520 <br> *Lum*, No. 24-cv-07824 | 12007 | Iran | • Estate pain & suffering damages (3 plaintiffs) <br> • Solatium damages (16 plaintiffs) |

---

[3] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the issues raised in the motions. Moreover, because the relevant factual and procedural background has been discussed at length in the Report, this Court summarizes and appropriately incorporates such background by reference. (*See* Report at 2–4.)

| Member Case(s) | Motion ECF | Defendants | Types of FSIA Claims |
|---|---|---|---|
| *Johnson*, No. 18-cv-12344 | 11762 | Iran | • Estate pain & suffering damages (1 plaintiff) |
| *Chairnoff*, No. 18-cv-12370 | 11906 | Iran | • Solatium damages (1 plaintiff) |
| *Accardi*, No. 21-cv-06247 | 12042 | Iran | • Estate pain & suffering damages (1 plaintiff) |

## II.    LEGAL STARDARDS

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(l)(C). This Court must review *de novo* the portions of a report to which a party properly objects. *Id.*

Because no party will object to the Report, this Court reviews for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [this Court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and "not merely if it 'would have decided the case differently.'" *Sands v. What's Trending, Inc.*, No. 20 Civ. 2735 (GBD) (KHP), 2021 WL 694382, at *1 (S.D.N.Y. Feb. 23, 2021) (citation omitted).

## III.    MAGISTRATE JUDGE NETBURN DID NOT ERR IN DETERMINING JURISDICTION, DEFAULT, LIABILITY, AND DAMAGES

In order to grant the Plaintiffs' motion for partial default judgment against the Iran Defendants, this Court must resolve whether it has jurisdiction to enter default judgment on the Plaintiffs' claims, whether the Iran Defendants are liable to the Plaintiffs, and what damages are due to the Plaintiffs. Magistrate Judge Netburn properly concluded that this Court has subject

4

matter and personal jurisdiction sufficient to enter default judgment on the Plaintiffs' claims against the Iran Defendants, and that the Iran Defendants defaulted. (Report at 5–9.)

Magistrate Judge Netburn also properly evaluated the Iran Defendants' liability pursuant to the six elements of FSIA § 1605A. The FSIA provides a cause of action for claims (1) brought by a United States national or her representative (2) against a designated state sponsor of terrorism that (3) directly, or through a state official, employee, or agent, committed or provided material support or resources for (4) "an act of torture, extrajudicial killing, aircraft sabotage, or hostage taking" that (5) caused (6) personal injury or death. (Report at 9–10 (citing 28 U.S.C. § 1605A(a)(1),(c).) Magistrate Judge Netburn correctly concluded that all of the Plaintiffs' claims as a group "plainly meet five of these six elements," but that the Plaintiffs must properly demonstrate "causation." (Report at 10–11.) Proximate cause under § 1605A can be established through the "substantial factor" and "reasonable foreseeability" tests. (Mem. Dec. and Order, "*Latent Injury Opinion II*", ECF No. 10813, *adopting* Report and Recommendation, "*Latent Injury R&R II*", ECF No. 10755.) This Court evaluates causation and damages for each of the Plaintiffs' types of claims in turn.

## A. Pain and Suffering Damages for Estates

Three estate Plaintiffs seek compensation for the pain and suffering experienced before their deaths in the 9/11 Attacks. (ECF No. 12007 at 2.) This Court has consistently found these types of claims to satisfy the causation element of § 1605A and awarded $2,000,000 in pain and suffering damages to the estates of the 9/11 victims. (*See, e.g.*, ECF No. 2623 at 3 (establishing the applicable damages framework).) Similarly here, because the claims of the three Plaintiffs satisfy the causation element of § 1605A, this Court awards damages of $2 million to each estate as set forth in Exhibit A.

5

## B. Economic Damages for Estates

Three estate Plaintiffs who previously received awards of $2 million in pain and suffering damages now seek additional economic damages under § 1605A. (ECF No. 11883 at 1.) Because the Court already found the elements of § 1605A satisfied for these Plaintiffs, the causation element is necessarily established, and the Court can proceed to assessing damages. The Plaintiffs have provided expert reports calculating those damages (ECF Nos. 11887-1 (T. Griffin), 11887-2 (K. Moorthy), 11887-3 (J. Velazquez)), and this Court has previously awarded economic damages against Iran based on such reports (*see, e.g.,* ECF No. 9931 at 4.) This Court accepts the Plaintiffs' expert reports as sufficient to establish the amounts of economic damages and awards economic judgments in favor of these Plaintiffs as recommended by the expert reports and as set forth in Exhibit B.

## C. Pain and Suffering Damages for Latent Conditions

Three Plaintiffs seek pain and suffering damages based on latent conditions developed after the 9/11 Attacks (the "Latent Injury Plaintiffs"). The Latent Injury Plaintiffs were first responders and civilians who inhaled harmful toxins and developed various illnesses. Two of these Plaintiffs suffered from ultimately fatal conditions (ECF Nos. 11764 (M. Lederer); 12044 (G. Borello)), and one Plaintiff continues to suffer from non-fatal latent conditions (ECF No. 11848 (A. Retundie)). Magistrate Judge Netburn properly found that the three Latent Injury Plaintiffs establish causation.

First, this Court has already found that Iran is liable to U.S. Nationals who developed fatal and nonfatal latent injuries. (*See* Mem. Dec. and Order, "*Latent Injury Opinion III/IV*," ECF No. 11877, *adopting* Report and Recommendations, "*Latent Injury R&R III*," ECF No. 11400, "*Latent Injury R&R IV*," ECF No. 11464.) Indeed, Iran's "provision of material support to al Qaeda" was a "substantial factor" leading to the 9/11 Attacks. (Mem. Dec. and Order, "*Havlish I*", ECF No.

6

2502 at 51–52.)  Moreover, the Latent Injury Plaintiffs submitted various Victim Compensation Fund ("VCF") eligibility letters that detail their current conditions and demonstrate that their latent conditions were a direct result of the 9/11 Attacks.  (*See* ECF Nos. 11764-2 to -5 (M. Lederer), 12044-3 (G. Borello), 11848-2 (A. Retundie).)  This Court has consistently found these VCF eligibility letters to be sufficient evidence to establish that the Iran Defendants' support to Al Qaeda was a substantial factor leading to the Plaintiffs' latent conditions.  (*See, e.g, Latent Injury R&R II* at 8; *Latent Injury Opinion II* at 3.)

The Plaintiffs' latent injuries are also a reasonably foreseeable result of the Iran Defendants' role in the 9/11 Attacks.  All three Plaintiffs were present after the 9/11 Attacks and inhaled harmful carcinogens and toxins at the WTC site.  The pain and suffering that these Latent Injury Plaintiffs suffered is a necessarily reasonably foreseeable consequence of their exposure to the unsafe environment that resulted from the 9/11 Attacks.  (*Latent Injury Opinion III/IV* at 4–5.).  Because Plaintiffs establish that the Iran Defendants' role was a "substantial factor" in the sequence of events that led to Plaintiffs' injuries, and that the injuries were "reasonably foreseeable," proximate causation is plainly satisfied and all elements of liability under § 1605A met.  *Owens v. Republic of Sudan*, 864 F.3d 751, 794 (D.C. Cir. 2017).  Accordingly, this Court grants the Latent Injury Plaintiffs' motions for default judgment against the Iran Defendants.

Magistrate Judge Netburn also properly determined damages for the three Latent Injury Plaintiffs.  On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the 9/11 Attacks, which this Court adopted on February 14, 2020. (Report and Recommendation, "Personal Injury Report", ECF No. 5879, *adopted by* Mem. Dec. and Order, ECF No. 5946.) The Court later applied this framework for plaintiffs seeking damages for fatal and non-fatal latent conditions. (*Latent*

*Injury Opinion II; Latent Injury Opinion III/IV.*)  This framework outlines the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Suffering Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(Mem. Dec. and Order, ECF No. 5946, at 3.)

Magistrate Judge Netburn properly applied this framework when determining that Latent Injury Plaintiffs Moshe Lederer, Gaetano Borello, and Alfred Retundie, Jr. were each entitled to $5 million in damages based on their "significant" injuries stemming from their roles as first responders to the 9/11 Attacks.  (Report 17–23.)  This Court therefore awards each Latent Injury Plaintiff $5 million as set forth in Exhibit C.

**D.  Solatium Damages for Immediate Family Members**

Various immediate family members who lost loved ones in the 9/11 Attacks seek solatium damages under § 1605A(c)(4).  This Court previously established a damages framework for solatium claims under the Foreign Sovereign Immunities Act ("FSIA") for immediate family members, which awards $12,500,000 for spouses, $8,500,000 for children, $8,500,000 for parents, and $4,250,000 for siblings.  (Report at 23.)  This Court used this framework for awarding solatium damages to previous Plaintiffs that were U.S. nationals during the 9/11 Attacks and the immediate family members of 9/11 decedents.  (ECF Nos. 2623; 2618.)  Here, because various Plaintiffs seeking solatium damages are the immediate family members of the 9/11 decedents, this Court awards damages pursuant to the same framework, as set forth in Exhibit D.

8

### E. Solatium Damages for Functional Equivalents

Three Plaintiffs bring forth claims for solatium damages on behalf of a 9/11 decedent, arguing that they are a "functionally equivalent" child of the decedent. (ECF Nos. 11840-2 (F. Jerez-DeVito), 12031-3 (J. McMiller, M. Monk). This Court has previously awarded solatium damages to those who are "functionally equivalent" immediate family members, although in limited circumstances. (*See, e.g.,* ECF Nos. 3363, *adopted at* 3384 ("*Hoglan II,*" setting out functional equivalence standards); ECF No. 3676, *adopted at* 3795 ("*Hoglan IV,*" refining functional equivalence framework).) Usually, functionally equivalent spouses receive $12,500,000; functionally equivalent parents and children receive $8,500,000; and functionally equivalent siblings receive $4,250,000. (*See, e.g.,* ECF No. 3363 at 16.) Based on its fact-intensive analyses, this Court retains the discretion, however, to reduce damages for those who are functionally equivalent but not fully comparable to an immediate family member. (*See, e.g.,* ECF Nos. 3363 at 22; 5387 at 7.)

Here, Magistrate Judge Netburn properly determined that the three Plaintiffs, Francesca Jerez-DeVito, Joshua McMiller, and Melinda Monk, were the functionally equivalent children of three 9/11 decedents. The Plaintiffs were relatively young at the time each 9/11 decedent became part of their family, lacked strong relationships with their biological fathers, and formed close child-parent bonds with the 9/11 decedent. Accordingly, this Court finds that the Iran Defendants are liable to these Plaintiffs, and awards each of these Plaintiffs the full $8.5 million in solatium damages, as set forth in Exhibit D.

* * *

Overall, and in line with this Court's approach in other orders, this Court finds that the Iran Defendants are liable to the Plaintiffs. This Court **GRANTS** all of the Plaintiffs' motions for

9

default judgment and awards damages consistent with the Court's existing frameworks, as set forth in the attached Exhibits.

## IV. MAGISTRATE JUDGE NETBURN DID NOT ERR IN RECOMMENDING THIS COURT TO CERTIFY VARIOUS PLAINTIFFS' JUDGMENTS AS FINAL

Various Plaintiffs ask this Court to expedite finality and certify their default judgments as "final" pursuant to Rule 54(b) (the "FJ Plaintiffs"). (ECF Nos. 11883, 11906, 12007, 12029.)

This Court has previously expedited finality in this way in the interest of justice for thousands of plaintiffs in this multi-district litigation. (*See* Mem. Dec. and Order, "Finality Opinion," ECF No. 11878, *adopting* Report and Recommendation, "Finality R&R," ECF No. 11824.)[4] Earlier this year, various 9/11 plaintiffs sought to execute on approximately $11 billion of allegedly Iranian Bitcoin that were being held in a civil forfeiture action in the Eastern District of New York (E.D.N.Y.). (Report at 31, citing *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.) (the "*Forfeiture Case*").) Given the unusual set of circumstances, along with the potential avenue for monetary relief for thousands of plaintiffs affected by the 9/11 Attacks, this Court (1) denied without prejudice the plaintiffs' outstanding requests for additional damages; (2) certified all of plaintiffs' default judgments as "final" judgments against Iran pursuant to Rule 54(b); and (3) found good cause for the immediate registration of the plaintiffs' final judgments in the U.S. District Court for the E.D.N.Y. (Finality Opinion at 12.).

Rule 54(b) authorizes a district court to enter partial final judgment when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at least one party has been finally determined;" and (3) "the court makes an 'express determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved

---

[4] Because of the substantial factual overlap between this case and the previous Finality Opinion, this Court incorporates by reference the factual and procedural background delineated in both finality decisions. (*See* Finality R&R at 2–5, Finality Opinion at 2–3.)

in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original).

Because the requirements of Rule 54(b) are plainly met, this Court adopts the same approach here. First, this litigation involves many claims, filed by the FJ Plaintiffs and others, against Iran and many other sovereign and non-sovereign defendants. *Linde,* 882 F.3d at 322–23. Second, this Court **DENIES** without prejudice any of the FJ Plaintiffs' outstanding requests for damages and **STAYS** the deadline for the FJ Plaintiffs to seek relief from final judgments under Rule 60(b). This ruling, consistent with this Court's prior rulings and with Plaintiffs' requests (*See* ECF Nos. 12060, 12069), effectively disposes of the FJ Plaintiffs' pending FSIA claims against the Iran Defendants and allows the judgments to be considered final as required by the second prong of Rule 54(b). (Finality Opinion at 4–5.)

Third, there is "'no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde*, 882 F.3d at 322–23 (quoting Fed. R. Civ. P. 54(b).) Granting the FJ Plaintiffs this relief enables them to move expeditiously in their attempts to secure compensatory damages awards against the thousands of other plaintiffs also seeking to do the same. If the Court were to decline to adopt this approach, the FJ Plaintiffs would have to wait for the Court to resolve all outstanding requests for additional damages before certifying their judgments as final. This would, in the interim, potentially cost the Plaintiffs access to the allegedly Iran-Linked funds in the E.D.N.Y. Proceedings. (Finality Opinion at 7-8.) This Court sees no reason to potentially jeopardize the FJ Plaintiffs in this way.

Accordingly, this Court (1) expressly determines that there is no just reason for delay; and (2) certifies the default judgments issued to the FJ Plaintiffs against the Iran Defendants (as noted in the attached Exhibits A, B, C, and D) as final.

11

Finally, the FJ Plaintiffs seek to register their judgments in the E.D.N.Y pursuant to 28 U.S.C. § 1963. (*See* ECF Nos. 12060 at 1, 12069 at 2.) "A judgment . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or . . . when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Here, because Iran has insufficient property in this district to satisfy the Plaintiffs' Judgments against the Iran Defendants, this Court finds that there is "good cause" to certify the Judgments in the E.D.N.Y. pursuant to § 1963. *G&A Strategic Invs. I LLC v. Petroleos de Venezuela, S.A.*, No. 23 Civ. 10766 (JSR), 2025 WL 3237166, at *4 (S.D.N.Y. Nov. 20, 2025) (finding good cause for registration when the plaintiffs "have satisfied their modest burden to demonstrate the presence of 'substantial property' in the districts in which they seek to register the judgment.").

## V.    CONCLUSION

Magistrate Judge Netburn's Report is **ADOPTED** in its entirety. Plaintiffs' motions for partial default judgment against the Iran Defendants are **GRANTED**. Upon consideration of the evidence and arguments submitted by the Plaintiffs identified in Exhibits A, B, C, and D to this Order, together with the entire record in this case, it is hereby

**ORDERED** that service of process in the above-captioned matters was properly effected on the Iran Defendants in accordance with 28 U.S.C. § 1608(a); and it is further

**ORDERED** that this Court has personal and subject matter jurisdiction over the Iran Defendants for the instant claims; and it is further

12

**ORDERED** that this Court has entered a default judgment on liability against the Iran Defendants[5] for all of the instant claims; and it is further

**ORDERED** that partial default judgments are entered against the Iran Defendants on behalf of the Plaintiffs listed in Exhibit A, and the Plaintiffs are awarded pain and suffering damages as requested in ECF No. 12010-3; and it is further

**ORDERED** that partial default judgments are entered against the Iran Defendants on behalf of the Plaintiffs listed in Exhibit B, and the Plaintiffs are awarded economic damages as requested in ECF No. 11885-2; and it is further

**ORDERED** that partial default judgments are entered against the Iran Defendants on behalf of the Estate of Moshe Lederer, the Estate of Gaetano Borello, and Alfred Retundie, Jr., who are awarded pain and suffering damages as listed Exhibit C, and it is further

**ORDERED** that partial default judgments are entered against the Iran Defendants on behalf of the immediate family members listed in Exhibit D, and the Plaintiffs are awarded solatium damages as requested in ECF Nos. 11885-3, 11909-2, 12010-2, 12031-2; and it is further

**ORDERED** that partial default judgments are entered against the Iran Defendants on behalf of the "functionally equivalent" immediate family members Francesca Jerez-DeVito, Joshua McMiller, and Melinda Monk as listed in Exhibit D, and the Plaintiffs are awarded solatium damages for their functionally equivalent family relationships as listed in Exhibit D; and it is further

---

[5] As noted in the Table on pages 3-4 of this Order, most Plaintiffs bring default judgment motions against Iran only. The Court's order in this paragraph therefore applies to Iran only for the Plaintiffs in the *Ashton, Don Kim, Rivelli, Bodner, King, Kone, Kelly, Jelnek, Lum, Johnson, Chairnoff,* and *Accardi* member cases. (*See* ECF Nos. 11883, 12029, 12007, 11762, 11906, 12042.) The Plaintiffs in the *Burnett* member case bring default judgment motions against all of the Iran Defendants, and thus the Court's order in this paragraph applies to the three Iran Defendants (Iran, the IRGC, and the CBI) for the *Burnett* Plaintiffs. (*See* ECF Nos. 11837, 11846.)

**ORDERED** that the Plaintiffs identified in the attached Exhibits A, C, and D are awarded prejudgment interest of 4.96 percent per annum, compounded annually, for the period from September 11, 2001, until the date of judgment; and it is further

**ORDERED** that the Plaintiffs identified in the attached Exhibit B are awarded prejudgment interest of 4.96 percent per annum, compounded annually, for the period from the "Date of Report" listed in Exhibit B until the date of the judgment; and it is further

**ORDERED** that all Plaintiffs *other than* the Plaintiffs who request final judgments from the Court pursuant to Rule 54(b) (the "FJ Plaintiffs"), may submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered and such damages were not sought in this motion), at a later date consistent with any future rulings made by this Court on this issue.[6]

As to the FJ Plaintiffs seeking final judgment from the Court, who are noted in the attached Exhibits A, B, and D, it is further **ORDERED** that:

- This Court **DENIES** without prejudice the FJ Plaintiffs' outstanding requests for additional damages related to their FSIA § 1605A claims.

- This Court **STAYS** the deadline for the FJ Plaintiffs to move for relief from final judgment until further order of the Court. *See* Fed. R. Civ. P. 60(b).

- Pursuant to Rule 54(b), the Court expressly determines that there is no just reason for delay and certifies each of the FJ Plaintiffs' default judgments as final judgments on all of the Plaintiffs' claims against the Iran Defendants.

---

[6] This ruling only applies to the four Plaintiffs not seeking Rule 54(b) final judgments: in Exhibit C, Moshe Lederer, Alfred Retundie, Jr., and Gaetano Borello; and in Exhibit D, Francesca Jerez-DeVito. (*See* ECF Nos. 11762 (Johnson); 11837 (Burnett); 11846 (Burnett); 12042 (Accardi).)

14

- Pursuant to 28 U.S.C. § 1963, and upon the entry of the FJ Plaintiffs' final judgments, the Court finds good cause for the immediate registration in the E.D.N.Y. of certified copies of these judgments.

Finally, this Court respectfully directs the Clerk of the Court to terminate the following motions:

- *In re 9/11*, No. 03-md-1570, ECF Nos. 11762, 11837, 11846, 11883, 11906, 12007, 12025, 12029, 12042 and 12046;
- *Ashton*, No. 02-cv-06977, ECF Nos. 2494, 2516;
- *Burnett*, No. 15-cv-09903, ECF Nos. 1148, 1152;
- *Don Kim*, No. 18-cv-11870, ECF No. 290;
- *Rivelli*, No. 18-cv-11878, ECF No. 309;
- *Johnson*, No. 18-cv-12344, ECF No. 121;
- *Chairnoff*, No. 18-cv-12370, ECF No. 181, 188;
- *Bodner*, No. 19-cv-11776, ECF No. 267;
- *Accardi*, No. 21-cv-06247, ECF Nos. 120, 124;
- *King*, No. 22-cv-05193, ECF No. 270;
- *Kone*, No. 23-cv-05790, ECF No. 145;
- *Kelly*, No. 23-cv-07283, ECF No. 97;
- *Jelnek*, No. 24-cv-05520, ECF No. 84; and
- *Lum*, No. 24-cv-07824, ECF No. 66.

Dated: May 28, 2026
New York, New York

**SO ORDERED.**

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

| Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | | Pain & Suffering Damages | | | Judgment | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Prior Award | Amount | Treble | Principal | Start Date | End Date |
| 1 Stacy | | Paolozzi | | Franklin | Allan | Pershep | | US | 9/11/2001 | NY | 23cv05790 | 23cv05790, 10 at 6 | Motion to substitute pending at ECF No. 11979 - granted 12012 | 12007 | * N/A | $ 2,000,000.00 | N/A | $ 2,000,000.00 | 9/11/2001 | |
| 2 Ken aka Calvin | | Reibman aka Louie | | Chet | Dek | Louie | | US | 9/11/2001 | NY | 24cv05520 | 24cv05520, 1 at 2 | Motion to substitute pending at ECF No. 11979 - granted 12012 | 12007 | * N/A | $ 2,000,000.00 | N/A | $ 2,000,000.00 | 9/11/2001 | |
| 3 Pamela | | Bittner-Conley | | Jeffrey | Donald | Bittner | | US | 9/11/2001 | NY | 24cv05520 | 24cv05520, 1 at 3 | Motion to substitute pending at ECF No. 11979 - granted 12012 | 12007 | * N/A | $ 2,000,000.00 | N/A | $ 2,000,000.00 | 9/11/2001 | |

# EXHIBIT B

Case 1:03-md-01570-GBD-SN    Document 12094    Filed 05/28/26    Page 19 of 23

| Personal Representative | | | | 9/11 Decedent | | | | | | | Claim Information | | | | Economic Damages | | | | | Judgment | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Report | Date of Report | Prior Award | Amount | Treble | Principal | Start Date | End Date |
| 1 Bobby | | Griffin | | Tawanna | | Griffin | | US | 9/11/01 | NY | 02cv06977 | 1463 at 50 | | 11883 | | 3/4/26 | | $ 1,954,125.00 | N/A | $ 1,954,125.00 | 3/4/2026 | |
| 2 Saradha | | Moorthy | | Krishna | | Moorthy | | US | 9/11/01 | NY | 02cv06977 | 1463 at 18 | | 11883 | | 3/4/26 | | $ 2,028,832.00 | N/A | $ 2,028,832.00 | 3/4/2026 | |
| 3 Consuelo | | Velazquez | | Jorge | | Velazquez | | US | 9/11/01 | NY | 02cv06977 | 1463 at 60 | | 11883 | | 3/4/26 | | $ 1,600,207.00 | N/A | $ 1,600,207.00 | 3/4/2026 | |

# EXHIBIT C

Exhibit C: Latent Injuries - Pain and Suffering Damages

| Personal Representative | | | | Claimant | | | | | | Claim Information | | | | Pain & Suffering Damages | | | | Judgment | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | 9/11 Site | Case | Complaint | Amendments & Substitutions | Default Judgment Motion | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date |
| 1 Lisa | | Lederer | | Moshe | | Lederer | | US | NY | 18cv12344 | 18cv12344,1 at Allegation 48 of Appendix 1 | | 11762 | | | $ 5,000,000.00 | N/A | $ 5,000,000.00 | 9/11/2001 | |
| 2 | | | | Alfred | William | Retundie | Jr. | U.S. | NY | 15cv9903 | 1:15-cv-09903, 53, at 4639 | | 11846 | | | $ 5,000,000.00 | N/A | $ 5,000,000.00 | 9/11/2001 | |
| 3 Thomas | | Borello | | Gaetano | | Borello | | U.S. | NY | 21-cv-06247 | 21-cv-06247, 1 at 2 | 12040 at 3 | 12042 | | | $ 5,000,000.00 | N/A | $ 5,000,000.00 | 9/11/2001 | |

# EXHIBIT D

Exhibit D: Solatium Damages

| Personal Representative | | | | Claimant | | | | | 9/11 Decedent | | | | | | | Claim Information | | | | Solatium Damages | | | | | Judgment | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | First | Middle | Last | Suffix | Nationality on 9/11 | Date of Death | 9/11 Site | Case | Complaint | Amendments & Substitution | Default Judgment Motion | Relationship | Documentation | Prior Award | Amount | Treble | Principal | Start Date | End Date |
| | | | | Francesca | Marie | Jerez-DeVito | | U.S. | Robert | D. | Cirri | Sr. | U.S. | 9/11/01 | NY | 15cv9903 | 15cv9903, 53 at 2220 | 1:15-cv-09903, 1143, at 1 | 11837 | Child (functional equivalent) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| Megan | | Schaefler | | John | F. | Clark | | U.S. | Gregory | A. | Clark | | US | 9/11/01 | NY | 02cv06977 | 1463 at 5 | 02cv06977, 2475 | 11883 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | John | F. | McDowell | Sr. | U.S. | John | F. | McDowell | Jr. | US | 9/11/01 | NY | 02cv06977 | 1463 at 17 | 02cv06977, 2475 | 11883 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Ivette | | Ortiz | | U.S. | Alexander | | Ortiz | | US | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 02cv06977, 2475 | 11883 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Evelyn | | Ortiz | | U.S. | Alexander | | Ortiz | | US | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 02cv06977, 2475 | 11883 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Edwin | | Ortiz | | U.S. | Alexander | | Ortiz | | US | 9/11/01 | NY | 02cv06977 | 1463 at 59 | 02cv06977, 2475 | 11883 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Michele | M. | Nimbley | | US | Paul | Richard | Nimbley | | US | 9/11/01 | | 18-cv-12370 | 18-cv-12370, 1-1 at line 14 | | 11906 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| Zeshan | | Hamdani | | Mohammad | Saleem | Hamdani | | US | Mohammad | S. | Hamdani | | US | 9/11/01 | NY | 18cv11870 | 18cv11870, 1 at 6 | Motion to substitute pending at ECF No. 11979 - granted 12012 | 12007 | Parent (Deceased) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| Judith | | Knight | | Vincent | | Wisniewski | | US | Frank | | Wisniewski | | US | 9/11/01 | VA | 23cv05193 | 23cv05193, 1 at 2 | | 12007 | Parent (Deceased) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Lea | | McKenzie | | US | Molly | Lou | McKenzie | | US | 9/11/01 | VA | 23cv05790 | 23cv05790, 10 at 4 | | 12007 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| Brian | | Fine | | Sharyn | Dawn | Fine | | US | Franklin | Allan | Pershep | | US | 9/11/01 | NY | 23cv05790 | 23cv05790, 10 at 6 | Motion to substitute pending at ECF No. 11979 - granted 12012 | 12007 | Child (Deceased) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Quawana | | Bowden | | US | Lacey | Bernard | Ivory | | US | 9/11/01 | VA | 23cv05790 | 23cv05790, 10 at 7 | ECF 12014 (granting ECF 12004 corrections) | 12007 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| Andrew | C. | Kelly | | Sean | | Kelly | | US | Maurice | Patrick | Kelly | | US | 9/11/01 | NY | 23cv07283 | 23cv07283, 19 at 1 | Motion to substitute pending at ECF No. 11979 - granted 12012 | 12007 | Child (Deceased) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| Kenneth | | Lum | | Grace | | Lum | | US | William | | Lum | | US | 9/11/01 | NY | 24cv07824 | 24cv07824, ECF 1, App x 1 | ECF No. 11978 | 12007 | Parent (Deceased) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Michelle | | Fallon | | US | David | | Ruddle | | US | 9/11/01 | NY | 22cv05193 | 22cv05193 - ECF 1, App x 31 | ECF No. 11976 | 12007 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | David | Anthony | Kuo | | US | Frederick | | Kuo | | US | 9/11/01 | NY | 22cv05193 | 22cv05193 - ECF 1, App x 82 | ECF No. 11976 | 12007 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Melissa | Kuo | Wallace | | US | Frederick | | Kuo | Jr. | US | 9/11/01 | NY | 22cv05193 | 22cv05193 - ECF 1, App x 82 | ECF No. 11976 | 12007 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Frederick | James | Kuo | | US | Frederick | | Kuo | Jr. | US | 9/11/01 | NY | 22cv05193 | 22cv05193 - ECF 1, App x 82 | ECF No. 11976 | 12007 | Child | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | John | C. | McShane | | US | Terence | Augustine | McShane | | US | 9/11/01 | NY | 19cv11776 | 19cv11776 - ECF 1, App x 82 | ECF No. 11975 | 12007 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Kieran | Michael | McShane | | US | Terence | Augustine | McShane | | US | 9/11/01 | NY | 19cv11776 | 19cv11776 - ECF 1, App x 82 | ECF No. 11975 | 12007 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| George | O. | Taylor | | Donald | | Stafford | | US | Hilda | E. | Taylor | | US | 9/11/01 | VA | 18cv11878 | 18cv11878 - ECF 1, App x 96 | ECF No. 11974 | 12007 | Child (Deceased) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Geraldine | | Mechutan | | US | David | | Ruddle | | US | 9/11/01 | NY | 22cv05193 | 22cv05193 - ECF 1, App x 82 | ECF No. 11976 | 12007 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Patricia | Ruddle | Gallagher | | US | David | | Ruddle | | US | 9/11/01 | NY | 22cv05193 | 22cv05193 - ECF 1, App x 31 | ECF No. 11976 | 12007 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Antione | P. | Johnson | | US | Tawanna | | Griffin | | US | 9/11/01 | NY | 02cv06977 | 1463 at 50 | 02cv06977, 2513 | 12029 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Damien | | Johnson | | US | Tawanna | | Griffin | | US | 9/11/01 | NY | 02cv06977 | 1463 at 50 | 02cv06977, 2513 | 12029 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Donell | A. | Johnson | | US | Tawanna | | Griffin | | US | 9/11/01 | NY | 02cv06977 | 1463 at 50 | 02cv06977, 2513 | 12029 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| | | | | Tawaneese | S. | Johnson | | US | Tawanna | | Griffin | | US | 9/11/01 | NY | 02cv06977 | 1463 at 50 | 02cv06977, 2513 | 12029 | Sibling | | | $ 4,250,000.00 | N/A | $ 4,250,000.00 | 9/11/2001 | |
| Shawn | | Kelly | | Kathleen | | Kelly | | US | Timothy | C. | Kelly | Jr. | US | 9/11/01 | NY | 02cv06977 | 1463 at 38 | 02cv06977, 2503 | 12029 | Parent | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Joshua | | McMiller | | US | Larry | | Bowman | | US | 9/11/01 | NY | 02cv06977 | 1463 at 56 | 02cv06977, 2475 | 12029 | Child (functional equivalent) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |
| | | | | Melinda | | Monk | | US | Alfred | | Marchand | | US | 9/11/01 | NY | 02cv06977 | 1463 at 16 | 02cv06977, 2503 | 12029 | Child (functional equivalent) | | | $ 8,500,000.00 | N/A | $ 8,500,000.00 | 9/11/2001 | |