**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
                                                                    :        MEMORANDUM DECISION AND
                                                                    :                ORDER
In re Terrorist Attacks on September 11, 2001        :
                                                                    :        03 MDL 1570 (GBD) (SN)
                                                                    :
                                                                    :
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

*Federal Insurance Co., et al. v. al Qaida, et al.*, Case No. 03-cv-06978
*Continental Casualty Co. et al. v. Al Qaeda Islamic Army*, Case No. 04-cv-5970

**GEORGE B. DANIELS, United States District Judge:**

The *Federal Insurance* and *Continental Casualty* Plaintiffs (the "Plaintiffs") ask this Court

to direct the issuance of Amended Judgments. (*See* ECF Nos. 12034.)[1] Their proposed Amended

Judgments would (1) correct a clerical error in the Clerk's judgment issued to the *Federal*

*Insurance* Plaintiffs, (*see* ECF No. 3890); and (2) certify the Plaintiffs' default judgments as final

pursuant to Federal Rule of Civil Procedure 54(b), (*see* ECF 12034 at 1). Specifically, the Plaintiffs

seek final judgments so that they can immediately pursue attachment and execution on Bitcoin

subject to ongoing forfeiture proceedings in the U.S. District Court for the Eastern District of New

York (the "E.D.N.Y."). (*See* ECF Nos. 12068 at 2-3, 12070 at 2-3.)[2]

In multiple prior orders, this Court has acted in the interest of justice to expedite finality

for thousands of plaintiffs seeking to execute on the Bitcoin in the E.D.N.Y. without undue delay.

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001,* No. 03-md-1570 (GBD)(SN).

[2] This Court assumes familiarity with the general background of this case and the E.D.N.Y. proceedings and will only restate relevant background as necessary. Moreover, because the relevant factual and procedural background has been discussed at length in Magistrate Judge Netburn's March 3, 2026 Report, this Court appropriately incorporates such background by reference. (*See* ECF No. 11824 at 2-5.)

(*See, e.g.*, ECF Nos. 11878, 11940.) These plaintiffs had brought claims against Iran under §§ 1605A and 1605B of the Foreign Sovereign Immunities Act ("FSIA") for personal injury or death caused by the 9/11 Attacks. The Court then (1) denied without prejudice the plaintiffs' outstanding requests for additional damages; (2) certified the plaintiffs' judgments as final under Rule 54(b), *nunc pro tunc* to the judgments' filing dates; and (3) directed the Clerk of Court to immediately process the plaintiffs' requests to register their judgments in the E.D.N.Y. (*See, e.g.*, ECF No. 11940 at 1.)

Similarly here, the Plaintiffs brought claims against Iran under the FSIA. These Plaintiffs, however, include claims for property damage and economic loss under § 1605A(d) and, for a subset of the Plaintiffs, assigned wrongful death and injury claims under § 1605A(a), (c). (*See* ECF Nos. 12068 at 3-4, n.4, 12070 at 3-4.) The Plaintiffs' prior default judgments apply only to their property damage and economic loss claims. (*See, e.g.*, ECF No. 12068 at 3.) And they now request final judgments only for these property damage and economic loss claims.[3]

For the reasons established in the Court's prior finality orders related to the E.D.N.Y. Bitcoin, the Court acts to expedite finality for these Plaintiffs. First, the Plaintiffs are a subset of all plaintiffs seeking judgment on their claims against only one defendant, Iran. The Plaintiffs' property damage and economic loss claims are also distinct from their assigned wrongful death and injury claims and thus separate claims for the purposes of Rule 54(b). *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16-17 (2d Cir. 1997); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1095-97 (2d Cir. 1992). Second, given that the Court determined

---

[3] The Plaintiffs note that those with assigned wrongful death and injury claims "do not anticipate seeking awards against Iran on those claims" and have no objection to the Court dismissing these claims without prejudice. (*See* ECF Nos. 12068 at 3, 4 n.4, 12070 at 3 n.1.) Out of an abundance of caution, and because the Plaintiffs' property damage and economic loss claims are separable for purposes of Rule 54(b), the Court finds that dismissal of the Plaintiffs' assigned claims is unnecessary at this time.

2

liability and awarded all damages for the Plaintiffs' property damage and economic loss claims against Iran, (*see, e.g.*, ECF Nos. 3020, 3229 (*Federal Insurance*), 3415, 4032 (*Continental Casualty*)), these claims are finally determined under Rule 54(b). Third, certifying the Plaintiffs' judgments as final would "enable[] the Plaintiffs to move expeditiously for enforcement of their compensatory damages awards in the judicial district where purportedly Iranian assets are held." (ECF No. 11824 at 15.) Given the unique and compelling circumstances present, no just reason for delay exists. (*See* ECF Nos. 11878 at 9, 11940 at 2.) Accordingly, because all three elements of Rule 54(b) are satisfied, the Court finds certification under Rule 54(b) appropriate. *See Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018).

Furthermore, the Plaintiffs do not ask for their Rule 54(b) certification to apply *nunc pro tunc* to the original filing date of their Amended Judgments. (*See* ECF Nos. 12068 at 4; 12070 at 4.) The Court's certification under Rule 54(b) therefore applies to the Amended Judgments on the date they are issued by the Clerk's Office.

## CONCLUSION

Accordingly, upon consideration of the evidence and arguments set forth in the Plaintiffs' filings, together with the entire record in this case, it is hereby **ORDERED** that:

- The Court accepts the Plaintiffs' proposed correction to the clerical error in the Clerk's judgment issued to the *Federal Insurance* Plaintiffs, (ECF No. 3890).

- The Court (1) expressly determines that there is no just reason for delay, and (2) certifies the Amended Judgment to be issued to the Plaintiffs as final judgments on the Plaintiffs' property damage and economic loss claims against Iran.

- The Court respectfully directs the Clerk of Court to enter Amended Judgments for the Plaintiffs in the form provided by the proposed judgments attached to the Plaintiffs' motion. (*See* ECF Nos. 12034-3 (*Federal Insurance*), 12034-4 (*Continental Casualty*).)

Dated: May 28, 2026
      New York, New York

**SO ORDERED.**

_____
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

4