**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:
*Ashton, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-06977*
*Burlingame, et al. v. Bin Laden, et al., No. 02-cv-07230*
*Ashton, et al. v. Kingdom of Saudi Arabia, No. 17-cv-02003*
*Ryan, et al. v. Islamic Republic of Iran, et al., No. 20-cv-00266*
*Ashton, et al. v. Al Qaeda, et al., including the Republic of Sudan, No. 02-cv-06977 (GBD) (SN)*

**[PROPOSED] ORDER UNDER 28 U.S.C. § 1610(c)**
**AUTHORIZING ENFORCEMENT OF JUDGMENT**

AND NOW, upon consideration of the Motion of Plaintiffs Caroline Breitweiser, Individually, and Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, for an Order pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(c), finding that a reasonable period of time has elapsed following entry and service of Plaintiffs' judgments against the Islamic Republic of Iran ("Iran"), Plaintiffs' Memorandum of Law in Support thereof, and all the files and records in this case, it is hereby ORDERED and DECREED that:

1. Plaintiffs hold two valid, final judgments against Iran, entered by this Court as follows: (i) Final Amended Order of Judgment entered March 18, 2016 (ECF No. 3226); and (ii) Final Order of Summary Judgment against Iran entered May 29, 2018 (ECF No. 4011) (collectively, the "Judgments").

2. The Judgments award compensatory damages for conscious pain and suffering, punitive damages, and prejudgment interest arising from Iran's material support of terrorism;

3.     Plaintiffs have properly and validly served the Judgments and all supporting materials upon Defendant Islamic Republic of Iran in conformity with the requirements of 28 U.S.C. § 1608(a)(4);

4.     A reasonable period of time has elapsed since entry of the Judgments and since service of the Judgments on Defendant Islamic Republic of Iran, without any payment having been made;

5.     As of the filing of Plaintiffs' Motion for an Order pursuant to § 1610(c), finding that a reasonable period of time has elapsed following entry and service of Plaintiffs' Judgments against Iran, more than seven years have elapsed since service of the Judgments without satisfaction;

6.     Plaintiffs have identified specific property with respect to which they seek authorization to pursue enforcement proceedings: certain frozen, sanctioned Tron wallets containing approximately $344 million in Tether UDST tokens, or their cash equivalent from Tether's Reserves (the "Tether Assets");

7.     Plaintiffs seek authorization to pursue enforcement proceedings with respect to the Tether Assets, or such portion thereof as may ultimately be determined appropriate in subsequent proceedings;

8.     Plaintiffs do not request any determination concerning asset ownership, agency or instrumentality status, or priority, all of which are expressly preserved for later proceedings, and this Order makes no such determinations and is limited to the findings required by 28 U.S.C. § 1610(c);

9.      In accordance with the provisions of 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of the Judgments against Iran and the giving of notice by service of the Judgments in accordance with 28 U.S.C. § 1608; and

10.      Plaintiffs are authorized, pursuant to 28 U.S.C. § 1610(c), to seek enforcement of their Judgments.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for an Order Under 28 U.S.C. § 1610(c) Authorizing Enforcement of Judgments is **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiffs are authorized pursuant to 28 U.S.C. § 1610(c) to seek to enforce their Judgments consistent with applicable law.

SO ORDERED:

Date:  
New York, New York

HON. SARAH NETBURN  
UNITED STATES MAGISTRATE JUDGE

3