**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:

     **TERRORIST ATTACKS ON**
     **SEPTEMBER 11, 2001**

-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/12/2026
```

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

     Bartoli v. Islamic Republic of Iran, No. 24-cv-04715 (GBD)(SN)

     Twenty-seven plaintiffs in the Bartoli case (the "Plaintiffs") move for partial default judgment against the Islamic Republic of Iran ("Iran"). ECF Nos. 11394, 11395, 11396, 11397.[1] The Plaintiffs request pain and suffering damages for the latent conditions they developed as a result of the 9/11 Attacks. See, e.g., ECF No. 11397 at 1–2. None of the Plaintiffs have received prior awards of pain and suffering damages in this litigation. If the Court were to grant the Plaintiffs' motion, it would engage in a fact-specific assessment of the damages appropriate for each Plaintiff. See, e.g., ECF Nos. 11400 at 21–38, 11464 at 16–40.

     The Plaintiffs' motion is incomplete because it omits information necessary for determining liability and assessing appropriate damages. The Plaintiffs' filings include a declaration from counsel, ECF No. 11396; a table of the key information for the Plaintiffs claims, ECF No. 11397-2; and a basic list of the Plaintiffs' personal injuries and latent conditions, ECF No. 11396-2 at 2. The Plaintiffs fail to include, however, the following required materials: (1) sworn declarations from the Plaintiffs' representatives or family members,

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

(2) letters from the Victim Compensation Fund ("VCF") confirming each Plaintiff's eligibility for compensation, (3) the Plaintiffs' citizenship records, and (4) relevant medical records on their injuries. See, e.g., ECF Nos. 9355, 11456. The Court has consistently held that VCF letters are "necessary evidence" for establishing personal injury claims based on latent conditions. See ECF No. 12084 at 15, adopted by ECF No. 12094 at 7. For certain plaintiffs with fatal latent conditions, the Court has also required sworn declarations from family members that connect the conditions to the plaintiffs' deaths. See ECF No. 12084 at 15 n.7. Moreover, the "absence of medical records supporting and providing further information regarding an affiant's claims may support a downward departure in an award determination." ECF No. 5879 at 9.

Accordingly, the Court DENIES without prejudice the Plaintiffs' motion for default judgment and directs them to refile with all required documentation. The Plaintiffs should follow all parts of the default judgment checklist, ECF No. 9355, and "ensure that all pages of their supporting documents are attached to their filings." ECF No. 11456 at 2. Any medical records "must include pin cites directing the Court to the particular part of the medical record that supports the plaintiff's claimed injuries." ECF No. 7083 at 2. Additionally, the Plaintiffs must email the Excel versions of any worksheets (such the table attached to their proposed order, ECF No. 11397-2) to Netburn_NYSDChambers@nysd.uscourts.gov. Counsel may request a copy of the standard Excel file by emailing chambers at the above address. The Clerk of Court is respectfully directed to terminate the motions at ECF No. 11394 and Bartoli, ECF No. 39.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      June 12, 2026
            New York, New York

2