**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

**In re:**

      **TERRORIST ATTACKS ON**
      **SEPTEMBER 11, 2001**


-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/15/2026_

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

      Rivelli v. Islamic Republic of Iran, No. 18-cv-11878 (GBD)(SN)
      Rowenhorst v. Islamic Republic of Iran, No. 18-cv-12387 (GBD)(SN)

      Michael Theodoridis and Rahma Salie, a married couple, both died on American Airlines Flight 11 on September 11, 2001. On April 23, 2026, the Court of Appeals issued a summary order holding that the Islamic Republic of Iran ("Iran") is liable to the Estates of Michael Theodoridis and Rahma Salie (together, the "Estates") under New York law for intentional infliction of emotional distress ("IIED"). See ECF No. 12032 at 5–6.[1] The Estates' IIED claims arise from the severe emotional distress that Theodoridis and Salie each suffered as a result of knowing of the other's imminent death. See id. at 4–5. The Court of Appeals remanded "on the proper calculation of damages." ECF No. 12032 at 6; see ECF No. 12079 (mandate). The Estates ask the Court to award them each $12,500,000 in damages (the amount typically awarded to the surviving spouses of 9/11 decedents) and to certify their judgments as final under Rule 54(b). See ECF Nos. 12075, 12080.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

**DISCUSSION**

Because the decedents were non-U.S. nationals, the Estates brought their IIED claims against Iran under New York state law. See 28 U.S.C. § 1605B(b). The Court has consistently treated state IIED claims and solatium claims under the Foreign Sovereign Immunities Act ("FSIA") as "indistinguishable," and it has used the same framework in assessing damages for both claim types. ECF No. 11118 at 5 (quoting Estate of Hirshfeld v. Islamic Republic of Iran, 330 F. Supp. 3d 107, 140 (D.D.C. 2018)); see ECF No. 2618 at 10–11, adopted by ECF No. 2623 at 4 (establishing framework); ECF No. 9931 at 6 (applying framework to non-nationals).

In assessing the appropriate measure of damages, the "preponderant element of a claim for solatium" is the "mental anguish, bereavement and grief resulting from the fact of [a] decedent's death." Flatow v. Islamic Republic of Iran, 999 F. Supp. 1, 30 (D.D.C. 1998). The remainder of a solatium claim then stems from a claimant's inability "to resolve the sense of anguish" that "haunt[s]" them long after their loved one has died, as well as the "loss of [a] decedent's society and comfort." Id. at 30, 31. The "anticipated duration" of these injuries, particularly the "anticipated persistence of mental anguish in excess of that which would have been experienced following [a] decedent's natural death," is critical to the calculation of damages. Id. at 31; see Fraenkel v. Islamic Republic of Iran, 892 F.3d 348, 356 (D.C. Cir. 2018) (noting that Flatow is a "seminal opinion" on solatium damages that "remains the best explanation in this circuit" and "continues to guide dispositions of claims under the FSIA").

The Court has thus established a framework for solatium damages based on certain factors. The Court initially considered the framework for solatium damages in non-9/11 cases, as articulated in Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006). It then granted an upward departure from the Heiser framework—to $12.5 million for surviving

spouses—because immediate family members of the 9/11 decedents "suffered profound agony and grief as a result of the tragic events of September 11th" and "are faced with frequent reminders of the events of that day." ECF No. 2618 at 11; cf. Heiser, 466 F. Supp. 2d at 269, 275 (awarding $8 million for surviving spouses). Consistent with this understanding, each surviving family member has also filed a declaration "attesting to the traumatic effects of the loss of his or her loved one," and the "indelible impact" of the 9/11 Attacks on his or her life. ECF No. 2618 at 11. The Court has repeatedly emphasized these factors in subsequent decisions on FSIA solatium claims and state IIED claims. See, e.g., ECF No. 10965 at 16.

The Estates' applications seek $12.5 million in damages without addressing these considerations. The Court therefore requires the Estates to submit supplemental briefing to support their damages request. By Tuesday, June 30, 2026, the Estates must file a supplemental letter that addresses the following issues:

- Based on the decisions establishing the solatium damages framework for this litigation, what factors should the Court consider in assessing damages for the Estates?

- In assessing damages, the Court has weighed heavily the burden carried by surviving 9/11 family members. What evidence exists to substantiate the time that Theodoridis and Salie each experienced severe emotional distress about the imminent death of their spouse before their own death? How should the Court consider this factor in assessing damages for the Estates?

- The Court of Appeals remanded for the Court to assess "whether the district court's prior pain and suffering awarding contemplated and adequately compensated the injuries underlying the IIED claims at issue here." ECF No. 12032 at 6. Like all 9/11 decedents, the Estates each received $2,000,000 in pain and suffering damages related to their own death, including for the anguish caused by knowing that their own death was near. See ECF Nos. 11118 at 1 n.2, 10965 at 14. How should the Court answer the Court of Appeals' mandate? In particular, how should this prior award be weighed against or compared to the damages for each Estate's separate emotional distress due their spouse's imminent death?

Additionally, because the Court often relies on the Plaintiffs' Executive Committees (the "PECs") to inform the management of this litigation, the Court invites the PECs to provide their views on what factors the Court should consider in assessing damages for the Estates. The Court would also appreciate any information on whether other plaintiffs are similarly situated to the Estates. The PECs may file their supplemental letter by June 30, 2026.

## CONCLUSION

The Court requests supplemental briefing on the calculation of damages for the Estates' IIED claims. See ECF Nos. 12075, 12080. The Estates must file a supplemental letter addressing the above issues by Tuesday, June 30, 2026. The Court also invites the PECs to provide their views on these issues by the same deadline.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      June 15, 2026
            New York, New York

4