**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton, et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-7236 (GBD)(SN)

**DECLARATION OF DOROTHEA M. CAPONE IN SUPPORT OF**
**THE *BAUER III* PLAINTIFFS' MOTION FOR PARTIAL FINAL**
**JUDGMENT AGAINST THE TALIBAN FOR NON-U.S. NATIONALS**

I, DOROTHEA M. CAPONE, ESQ., pursuant to 28 U.S.C. § 1746, hereby state under

penalty of perjury that:

1.      I am an attorney representing the plaintiffs in the above-referenced matter (the

"*Bauer III* Plaintiffs") and a member of Baumeister & Samuels, P.C.  I submit this Declaration in

support of the *Bauer III* Plaintiffs' motion for partial final judgments against the Taliban on

behalf of eight (8) Non-U.S. Nationals identified in Exhibit A, who are the immediate family

members of individuals murdered on September 11, 2001 at the World Trade Center. This motion

seeks the following relief:

(1)     confirming that service of process in the above-captioned matter was properly
        made upon the Taliban;

(2)     determining that this Court has subject-matter jurisdiction over the Taliban under
        New York law for actions arising out of intentional murder and intentional
        infliction of emotional distress based on the intentional acts of international
        terrorism perpetrated on September 11, 2001 that targeted innocent civilians
        resulting in death and significant grief sustained by family members of those
        killed in the attacks at the World Trade Center;

(3)     determining that this Court possesses personal jurisdiction over the Taliban for the
        claims of the *Bauer III* Plaintiffs;

1

(4)    determining that the Taliban is liable to the *Bauer III* Plaintiffs under New York law;

(5)    determining that the *Bauer III* Plaintiffs are entitled to receive damage awards for their IIED claims;

(6)    awarding damage judgments to the *Bauer III* Plaintiffs identified in Exhibit A against the Taliban in the same amounts previously awarded by this Court to the *Bauer III* Plaintiffs as against co-tortfeasor and co-defendant Iran;

(7)    granting the *Bauer III* Plaintiffs permission to seek punitive damages at a later date;

(8)    awarding the *Bauer III* Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

(9)    granting the *Bauer III* Plaintiffs such other and further relief as this honorable Court deems just and proper.

2.    The form of this motion and the relief requested herein are intended to comply with prior orders of this Court.  (ECF No. 8198)(setting forth information required to renew motions for final damages); (ECF Nos. 3433 and 3435)(requiring sworn Declaration of due diligence safeguards and verification regarding any prior relief); (ECF No. 5234)(Amended Order approving procedures for Notices to Conform, Short Form Complaints, and Notices of Amendment), (ECF No. 7870)(Order related to Taliban motions instructing parties to include ECF numbers of any prior damages awards to the party seeking damages in the motion, ECF numbers of the complaint, Notice of Amendment, Substitution Order, or other document adding the plaintiff to an action in which default judgment is sought); (ECF No. 11036)(recent Order modifying the tables and columns for damages calculations with interest).[1]

---

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

3.      I hereby affirm that I have complied with all due diligence safeguards referenced in Section II.D. of this Court's January 24, 2017 Order (ECF No. 3435) and all other applicable Orders of this Court pertaining to judgment motions.  I have personally verified that no relief against the Taliban has been previously awarded to any of the *Bauer III* Plaintiffs identified in this motion.

**Procedural Background**

4.      On September 10, 2002, the *Bauer* Plaintiffs filed their initial Complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terror attacks, which included claims against defendants al Qaeda Islamic Army (Al Qaeda), the Islamic Republic of Iran (Iran), and the Taliban, among others.  *See* 02-cv-7236 (S.D.N.Y.)(ECF No. 1). The *Bauer* Complaint was consolidated with *Ashton, et al. v. al Qaeda Islamic Army, et al.* on November 19, 2002 (*Ashton,* 02-cv-6977, ECF No. 5) and the *Ashton* Consolidated Master Complaint was amended several times. *See*, e.g., 02-cv-6977 (S.D.N.Y.) (ECF Nos. 2, 11, 32, 38, 111, 465,; ECF No. 1463).

5.      Pursuant to an Order from this Court, the *Ashton/Bauer* Plaintiffs[2] served the Taliban Defendants by publication.  (ECF No. 445 at 1, 8, 11). Verification of service by publication on the Taliban was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the Court's Order.  (ECF Nos. 709, 735).[3] The Taliban failed to appear and never answered. The *Ashton/Bauer* Plaintiffs thereafter moved for

---

[2] For purposes of this motion, any reference to *Ashton* Plaintiffs shall refer to the *Ashton* consolidated master action, into which the *Bauer* matter was consolidated.

[3] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble, and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

default judgment against the Taliban and other defendants which this Court granted on May 12, 2006.  (ECF Nos. 1782 *et seq.*, 1797).

6.      The *Bauer III* Plaintiffs seek partial final damages judgments against the Taliban on behalf of the immediate family members of the *Bauer III* decedents listed in Exhibit A to this Declaration under New York law.  The grounds for applying New York law to the *Bauer III* Plaintiffs' claims are spelled out in detail in the Memorandum of Law that accompanies this motion.

**Damages Due Diligence**

7.      The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for almost 25 years; my firm's representation of the *Bauer* Plaintiffs in connection with this litigation; direct communications with the *Bauer III* Plaintiffs listed on Exhibit A; direct communications with other family members of the *Bauer III* Plaintiffs; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Bauer III* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8.      Both of the *Bauer III* decedents listed in Exhibit A died in the September 11, 2001 terrorist attacks at the World Trade Center in New York.  Both were naturalized U.S. citizens when they were killed on September 11, 2001.  The immediate family members of each of these decedents identified as *Bauer III* Plaintiffs in the accompanying motion are all Non-U.S. Nationals.

4

9.     This Court previously awarded solatium damages against the Taliban to U.S. National immediate family members of the 9/11 victims based upon the Anti-Terrorism Act (ATA)[4] (ECF Nos. 8973, 10468) and it recently awarded intentional infliction of emotional distress (IIED) damages which are akin to solatium damages to Non-U.S. National immediate family members of the 9/11 victims (ECF No. 11927) relying on state law (including New York law) in the following amounts:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

10.     The *Bauer III* Plaintiffs listed in Exhibit A are immediate family members of the *Bauer III* decedents (also listed in Exhibit A).  All are Non-U.S. Nationals.  They are included in the *Ashton* complaints underlying the default judgment against the Taliban, which asserted claims "on behalf of all survivors" of the  9/11 decedents and expressly identified a state law cause of action for intentional murder.  The complaints also sought non-economic damages for the intentional infliction of emotional distress (IIED) and related injuries akin to solatium damages noted by the Court under the ATA for U.S. citizens (*see* ECF No. 8973).  The names of the *Bauer III* Plaintiffs, like scores of others, are not set forth by name individually in the complaints, s*ee* 02-cv-6977 (S.D.N.Y.) (ECF No. 465 at ¶ 482) and were added by name via the

---

[4] 28 U.S.C § 2333 *et seq.*

Notice of Amendment process established by this Court on April 11, 2022.  (ECF Nos. 7858, 7859, 7860 and 7862 contain the names of the eight (8) Non-U.S. Nationals who are the subject of the motion).  The *Bauer III* Plaintiffs were also identified in a motion to add parties filed in *Ashton/Bauer* (ECF Nos. 8713, 8714, 8715, and 8716) that was granted by this Court on November 7, 2022. (ECF No. 8721).  I have personally confirmed the relationship between the *Bauer III* decedents and the immediate family members listed in Exhibit A through documentary evidence and/or interviews with and written confirmation from our clients.

11.     Exhibit A to this Declaration lists the MDL ECF docket filing that corresponds to the damages this Court previously awarded to these *Bauer III* Plaintiffs against co-tortfeasor Iran, which is provided in support of the damage judgments sought here.

12.     The *Bauer III* Plaintiffs listed on Exhibit A to this Declaration have received final judgments against Iran but have not received final judgment against the Taliban.

13.     The Non-U.S. National *Bauer III* Plaintiffs identified in this motion at Exhibit A respectfully request that the Court issue the same damages awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor Iran, which are also reflected in Exhibit A with the exception of awarding treble damages which was a remedy under the ATA that is not applicable to Non-U.S. National Plaintiffs.

14.     For all of the reasons set forth in this Declaration and the *Bauer III* Plaintiffs' Motion for Partial Final Judgments against the Taliban on behalf of the Non-U.S. Nationals, I respectfully request that this Court grant the proposed Order filed herewith as Exhibit B.

Dated: June 15, 2025
      New York, NY                                 /s/     *Dorothea M. Capone*
                                                 Dorothea M. Capone