**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>In re Terrorist Attacks on September 11, 2001</td>
<td>03-md-1570 (GBD)(SN)<br>ECF Case</td>
</tr>
</table>

**This Document relates to:**

*Estate of John P. O'Neill, Sr., et al. v. The Republic of Iraq, et al.*, No. 1:04-cv-1076 (GBD)(SN)
*Thomas Burnett, Sr., et al. v. Islamic Republic of Iran*, No. 1:15-cv-09903 (GBD)(SN)
*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)
*Roberta Agyeman, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05320 (GBD)(SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN)
*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)
*Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05339 (GBD)(SN)
*Audrey Ades, et al. v. Islamic Republic of Iran*, No. 1:18-cv-07306 (GBD)(SN)
*Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-11837 (GBD)(SN)
*Chang Don Kim, et al. v. Islamic Republic of Iran*, 1:18-cv-11870 (GBD)(SN)
*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD)(SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, 1:18-cv-11878 (GBD)(SN)
*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD)(SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD)(SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD)(SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD)(SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD)(SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD)(SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD)(SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD)(SN)
*Michael Bianco et al. v. Islamic Republic of Iran*, 1:20-cv-10902 (GBD)(SN)
*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD)(SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
SEEKING ENTRY OF JUDGMENTS PURSUANT TO RULE 58(d)
AND TO EXTEND *NUNC PRO TUNC* 54(b) ORDER**

## I.    PRELIMINARY STATEMENT

Plaintiffs in the above-captioned cases respectfully move this Court for entry of judgments, pursuant to Fed. R. Civ. P. 58(d), against the Islamic Republic of Iran ("Iran") for seven documents issued by the Court as either a Memorandum Decision and Order or an Order without an accompanying Clerk's Judgment, and for an order extending *nunc pro tunc* this Court's Memorandum Decision and Order at ECF No. 11878 to certify as final all judgments discussed herein.

As the Court is aware, Plaintiffs within this multi-district litigation have sought certification of judgments against Iran to permit them to pursue execution and attachment efforts against assets in the Eastern District of New York ("EDNY") that are purportedly owned or controlled by Iran or its agencies or instrumentalities. On March 18, 2026, the Court entered a Memorandum Decision and Order that held, *inter alia*,:

> Pursuant to Rule 54(b), the Court expressly determines there is no just reason for delay and certifies each of the underlying Iran Judgments listed in the attached Appendix (Column F) as a final judgment on all of the Plaintiffs' claims against Iran. Given the unique and exceptional circumstances, this certification under Rule 54(b) applies *nunc pro tunc* to the filing date of each underlying Iran Judgment, as listed in the attached Appendix (Column E).
>
> …
>
> The Court respectfully directs the Clerk of Court to process the Plaintiffs' requests to certify their Iran Judgments for registration in another judicial district, in the order such requests were filed through the ECF system, as listed in the attached Appendix (Columns A and B).

ECF No. 11878 at 12-13.

On April 8, 2026 and April 9, 2026, the Clerk of the Court issued deficiencies for ten of undersigned counsel's requests for certified orders because "the document that is attached is an Order, not a judgment. Re-file the document using the event type Proposed Clerk's Certification of a Judgment to be Registered in Another District found under the event list Proposed Orders -

select the correct filer/filers - attach the correct PDF that lists the correct entry date of the judgment." *See, e.g.*, Docket Entry filed April 8, 2026 related to ECF No. 11566 seeking certification of the Memorandum Decision and Order at ECF No. 5153. For three of the ten deficiencies, undersigned counsel has located the corresponding Clerk's Judgment;[1] however, for seven of the ten deficiencies, no Clerk's Judgment was issued related to each Memorandum Decision and Order or Order at ECF Nos. 5153, 5927, 8286, 8288, 9213, 9468, and 9931. *See* Declaration of Jerry Goldman ("Goldman Declaration"), Exhibits 1-7.

Pursuant to Fed. R. Civ. P 58(d), "[a] party may request that judgment be set out in a separate document." Thus, Plaintiffs in the above-captioned cases, through counsel, hereby submit this memorandum of law in support of their motion (1) for entry of judgments, pursuant to Rule 58(d), against Iran for the seven documents issued by the Court as a Memorandum Decision and Order or Order without an accompanying Clerk's Judgment, *see* ECF Nos. 5153, 5927, 8286, 8288, 9213, 9468, and 9931; and (2) requesting an order extending *nunc pro tunc* this Court's Memorandum Decision and Order at ECF No. 11878 to certify as final all judgments discussed herein.

II.    **The Court Should Enter Judgments for each Memorandum Decision and Order or Order at ECF Nos. 5153, 5927, 8286, 8288, 9213, 9468, and 9931.**

Plaintiffs respectfully request that the Court enter judgments pursuant to Rule 58(d) with respect to each following Memorandum Decision and Order or Order.

1.    **ECF No. 5153.**    On September 13, 2019, the Court entered a Memorandum Decision and Order that awarded solatium damages and prejudgment interest for ten Plaintiffs in

---

[1] ECF No. 9557 (Memorandum Decision & Order) corresponding to ECF No. 9730 (Partial Final Judgment); ECF No. 10300 (Memorandum Decision & Order) corresponding to ECF No. 11125 (Partial Final Judgment); ECF No. 10681 (Memorandum Decision & Order) corresponding to ECF No. 11138 (Partial Final Judgment). While Plaintiffs requested to certify these Memoranda Decisions and Orders, their requests also noted the corresponding judgments. *See* ECF No. 11878, App'x at 23 of 26 (lines 240, 242-243). Plaintiffs now specifically request the certification of the corresponding judgments under Rule 54(b).

3

the *Jimenez* case who asserted claims as the immediate family members of individuals killed in the terrorist attacks on September 11, 2001. *See* ECF No. 5153. The Memorandum Decision and Order awarded "judgments" for these ten individuals in the amounts set forth in Exhibit A. *Id.* at 2, 4. This Order appeared at line 85 of the Appendix to the Court's March 18, 2026 Memorandum Decision and Order. ECF No. 11878, App'x at 5 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 5153.

2.      **ECF No. 5927.**   On February 12, 2020, the Court entered an Order that awarded damages for one Plaintiff in the *O'Neill* case who asserted a claim as the personal representative of an individual killed in the terrorist attacks on September 11, 2001. *See* ECF No. 5927. The Order awarded a "judgment" for damages for this estate's pain and suffering and economic loss (in the amounts set forth in Exhibit A), prejudgment interest, and reserved judgment on potential future claims for punitive, economic, or other damages. *Id.* at 2, 7. This Order appeared at line 237 of the Appendix to the Court's March 18, 2026 Memorandum Decision and Order. ECF No. 11878, App'x at 22 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 5927.

3.      **ECF No. 8286.**   On July 28, 2022, the Court entered a Memorandum Decision and Order that awarded solatium damages and prejudgment interest for fifteen Plaintiffs in the *Hemenway*, *BNY Mellon*, *Bodner*, *Bernaerts*, *Aron*, *Hargrave*, and *Bianco* cases who asserted claims as the functional equivalents of immediate family members of individuals killed in the terrorist attacks on September 11, 2001. *See* ECF No. 8286. The Memorandum Decision and Order awarded "judgments" for these fifteen individuals in the amounts set forth in Exhibit A. *Id.* at 4, 6. This Order appeared at line 249 of the Appendix to the Court's March 18, 2026 Memorandum

Decision and Order. ECF No. 11878, App'x at 25 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 8286.

4.      **ECF No. 8288.**  On July 28, 2022, the Court entered a Memorandum Decision and Order that awarded solatium damages and prejudgment interest for three Plaintiffs in the *Hemenway* and *BNY Mellon* cases who asserted claims as the functional equivalents of family members of individuals killed in the terrorist attacks on September 11, 2001. *See* ECF No. 8288. The Memorandum Decision and Order awarded "judgments" for these three individuals in the amounts set forth on page 4 therein. *See id.* at 3-4. This Order appeared at line 239 of the Appendix to the Court's March 18, 2026 Memorandum Decision and Order. ECF No. 11878, App'x at 23 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Memorandum Decision and Order, the Clerk of Court should enter a judgment related to ECF No. 8288.

5.      **ECF No. 9213.**  On July 17, 2023, the Court entered a Memorandum Decision and Order that awarded damages for one Plaintiff in the *Amato* case who asserted personal-injury claims against Iran for injuries sustained on September 11, 2001. *See* ECF No. 9213. The Order awarded a "judgment" for this individual's damages for pain and suffering and economic loss (in the amount on pages 3-4 of the Order), prejudgment interest, and reserved judgment on potential future claims for punitive or other damages. *Id.* at 2-4. This Order appeared at line 241 of the Appendix to the Court's March 18, 2026 Memorandum Decision and Order. ECF No. 11878, App'x at 23 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Memorandum Decision and Order, the Clerk of Court should enter a judgment related to ECF No. 9213.

6.      **ECF No. 9468.**   On December 14, 2023, the Court entered a Memorandum Decision and Order that awarded damages for 176 Plaintiffs in the *DeRubbio*, *Morris*, *Ades*, *Kim*, *Jimenez*, *Rivelli*, *Aamoth*, *Hemenway*, *Bernaerts*, *Aron*, *Hargrave*, *Asaro*, *Bianco*, *Amato*, and *King* case who asserted as the family members of individuals killed, individuals who sustained serious physical injuries, and the estates of those killed in the terrorist attacks on September 11, 2001. *See* ECF No. 9468. The Order awarded a "judgment" for these individuals for "pain and suffering damages," solatium damages and economic damages (in the amounts set forth in Exhibit A), prejudgment interest, and reserved judgment on potential future claims for punitive, economic, and/or other damages. *Id.* at 7, 10-17. This Order appeared at line 247 of the Appendix to the Court's March 18, 2026 Memorandum Decision and Order. ECF No. 11878, App'x at 25 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 9468.

7.      **ECF No. 9931.**   On June 17, 2024, the Court entered a Memorandum Decision and Order that awarded damages for 152 non-national Plaintiffs in the *DeRubbio*, *Agyeman*, *Morris*, *Schlissel*, *Kamardinova*, *Abel*, *Kim*, *Jimenez*, *Rivelli*, *Aamoth*, *Hemenway*, *Rowenhorst*, *Bodner*, *Bernaerts*, *Aron*, *Asaro*, *Amato*, and *King* cases who asserted wrongful death, survival, and intentional infliction of emotional distress claims against Iran for injuries sustained on September 11, 2001. *See* ECF No. 9931. The Memorandum Decision and Order awarded *judgments* for these individuals for economic damages and "pain and suffering" damages (as set forth in Exhibit A), solatium damages (as set forth in Exhibit B), prejudgment interest, and reserved judgment on potential future claims for punitive other damages. *Id.* at 7-8, 11-14, 16-19. This Order appeared at line 245 of the Appendix to the Court's March 18, 2026 Memorandum Decision and Order. ECF

No. 11878, App'x at 24 of 26. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 9931.

**III.    The Court Should Extend *Nunc Pro Tunc* This Court's 54(b) Order to the Judgments Identified Herein.**

Plaintiffs respectfully request that the Court permit the Clerk of Court to extend *nunc pro tunc* this Court's Memorandum Decision and Order at ECF No. 11878, and certify as final pursuant to Rule 54(b): (1) the resulting judgments for each Memorandum Decision and Order or Order at ECF Nos. 5153, 5927, 8286, 8288, 9213, 9468, and 9931; and (2) each Partial Final Judgment at ECF Nos. 9730, 11125, and 11138 (*see* Goldman Declaration, Exhibits 8-10).

Plaintiffs seek Rule 54(b) final judgments against Iran to register these judgments in the U.S. District Court for the Eastern District of New York to assert a claim in the purported Iranian-related 127,271 Bitcoin (the "Bitcoin"), currently worth approximately $8 billion, that is subject to a pending civil forfeiture proceeding that was commenced by the United States government in the EDNY (the "Forfeiture Proceeding"). *See United States v. Approximately 127,271 Bitcoin*, No. 1:25-cv-05745-RPK-CHK (E.D.N.Y.). Currently, over ten thousand (10,000) 9/11-related Iranian judgment holders have asserted a claim in the Forfeiture Proceeding. Further, Plaintiffs seek 54(b) final judgments against Iran to permit them to pursue execution and attachment efforts on any other assets of Iran or its agencies or instrumentalities that may be subject to execution and attachment in the future.

As the Court previously held, a judgment must be final in order to be properly registered in the EDNY. *See* ECF No. 11878; 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good

cause shown.") (emphasis added). Therefore, as the Court previously held, Plaintiffs would not be able to properly assert a claim in the Bitcoin in the Forfeiture Proceeding if this Court does not award them Rule 54(b) final judgments against Iran. *See* ECF No. 11878.

This would affect the Plaintiffs' ability to potentially execute on the Bitcoin and other potential assets. Rule 54(b) authorizes this Court to enter partial final judgments when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at least one party has been finally determined;" and (3) "the court makes an 'express determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde* v. *Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original); ECF No. 11878 at 4.

This Court should grant this Motion and award Plaintiffs final judgments against Iran under Rule 54(b) for the same reasons this Court awarded thousands of other 9/11 plaintiffs Rule 54(b) final judgments in its March 18, 2026 Memorandum Decision and Order.[2] ECF No. 11878 at 9. First, there are parties in the above-captioned actions aside from the moving Plaintiffs and Iran, and Plaintiffs only request the adjudication of some—but not all—of their claims, specifically excluding punitive and other damages. ECF No. 11878 at 9. Second, should this Court grant this Motion, Plaintiffs' rights against Iran will be finally decided within the meaning of 28 U.S.C. § 1291 since the Motion requests the dismissal, without prejudice, of additional damages the Plaintiffs could seek, including punitive damages, additional economic damages, and other appropriate damages. ECF No. 11878 at 9. Finally, this Court should find that "no just reason for delay" of entry of final Iran judgments exists. *See Ginett v. Computer Task Grp., Inc.*, 962 F.2d

---

[2] The Court's April 30, 2026 Order requires that any requests for Rule 54(b) certifications include briefing that specifically addresses "(1) why they seek final judgments against Iran, including any specific assets on which they seek to execute; and (2) why Rule 54(b) authorizes certification of their judgments as final, including the reasons that the Court should expressly determine that 'no just reason for delay' exists." ECF No. 12041.

1085, 1092 (2d Cir. 1992) (Rule 54(b)'s third element "is left to the sound judicial discretion of the district court" and "is to be exercised 'in the interest of sound judicial administration'"). Awarding Plaintiffs Rule 54(b) final judgments against Iran would enable the Plaintiffs to assert a claim in the Forfeiture Proceeding to attempt to execute against the Bitcoin without unnecessary delay, and minimally prejudices Iran, who has been absent from this litigation over the past fifteen years. ECF No. 11878 at 9. This Court's decision to award the Plaintiffs finalized judgments against Iran "[would] make possible a more expeditious and just result for all parties." *Ginett,* 962 F.2d at 1092.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgments under Fed. R. Civ. P. 58(d) for each Memorandum Decision and Order or Order at ECF Nos. 5153, 5927, 8286, 8288, 9213, 9468, and 9931. Plaintiffs further request that the Court direct the Clerk of Court to issue certified final judgments pursuant to Fed. R. Civ. P. 54(b) and ECF No. 11878 to be registered in the U.S. District Court for the Eastern District of New York.

Dated:  June 17, 2026

Respectfully submitted,
**ANDERSON KILL P.C.**
 */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Ethan Greenberg, Esq.
Alexander Greene, Esq.
Amy Weiss, Esq.
7 Times Square, 15th Floor
New York, New York 10036
jgoldman@andersonkill.com
Tel:  (212) 278-1000
Fax:  (212) 278-1733

*Attorneys for the O'Neill Plaintiffs*

9