**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**

*Ashton, et al. v. al Qaeda Islamic Army, et al.*, No. 1:02-cv-06977 (GBD)(SN)
*Burlingame, et al. v. Bin Laden, et al.*, No. 1:02-cv-07230 (GBD)(SN)
*O'Neill, et al.* v. *The Republic of Iraq*, No. 1:04-cv-01076 (GBD)(SN)
*Thomas Burnett, Sr., et al. v. Islamic Republic of Iran*, No. 1:15-cv-09903 (GBD)(SN)
*Jessica DeRubbio, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05306 (GBD)(SN)
*Roberta Agyeman, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05320 (GBD)(SN)
*Horace Morris, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05321 (GBD)(SN)
*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)
*Bakahityar Kamardinova, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05339 (GBD)(SN)
*Audrey Ades, et al. v. Islamic Republic of Iran*, No. 1:18-cv-07306 (GBD)(SN)
*Sirak Betru, et al. v. Islamic Republic of Iran*, 1:18-cv-08297 (GBD)(SN)
*Susan Nolan, et al. v. Islamic Republic of Iran*, 1:18-cv-11340 (GBD)(SN)
*Lloyd A. Abel Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-11837 (GBD)(SN)
*Chang Don Kim, et al. v. Islamic Republic of Iran*, 1:18-cv-11870 (GBD)(SN)
*Alexander Jimenez, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11875 (GBD)(SN)
*Maureen Moody-Theinert, et al. v. Islamic Republic of Iran*, No. 1:18-cv-11876 (GBD)(SN)
*Cheryl Rivelli, et al. v. Islamic Republic of Iran*, 1:18-cv-11878 (GBD)(SN)
*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD)(SN)
*Marinella Hemenway, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12277 (GBD)(SN)
*Matthew Rowenhorst, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12387 (GBD)(SN)
*Marie Laure Anaya, et al. v. Islamic Republic of Iran*, No. 1:18-cv-12341 (GBD)(SN)
*Thomas Arias, et al. v. Islamic Republic of Iran*, No. 1:19-cv-00041 (GBD)(SN)
*Gerard John Prior, et al. v. Islamic Republic of Iran*, No. 1:19-cv-00044 (GBD)(SN)
*BNY Mellon, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11767 (GBD)(SN)
*Deborah Bodner, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11776 (GBD)(SN)
*August Bernaerts, et al. v. Islamic Republic of Iran*, No. 1:19-cv-11865 (GBD)(SN)
*Ber Barry Aron, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09376 (GBD)(SN)
*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD)(SN)
*Paul Asaro, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10460 (GBD)(SN)
*Michael Bianco, et al. v. Islamic Republic of Iran*, 1:20-cv-10902 (GBD)(SN)
*Lisa Ortiz v. Islamic Republic of Iran*, No. 1:22-cv-03100 (GBD)(SN)
*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD)(SN)
*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)
*Justin Strauss, et al. v. Islamic Republic of Iran*, No. 1:22-cv-10823 (GBD)(SN)
*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)

*Danielle Kelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-07283 (GBD)(SN)
*Gladys Lopez, et al. v. Islamic Republic of Iran*, No. 1:23-cv-08305 (GBD)(SN)
*Patricia Fennelly, et al. v. Islamic Republic of Iran*, No. 1:23-cv-10824 (GBD)(SN)
*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN)

### 9/11 PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ORDER TO PERMIT ATTACHMENT AND EXECUTION PURSUANT TO 28 U.S.C. § 1610(c)

Pursuant to 28 U.S.C. § 1610(c), the *O'Neill*, *Burnett*, *Ashton*, *and Ashton-Burlingame* Plaintiffs (together, the "9/11 Plaintiffs),[1] through the undersigned counsel, hereby submit this memorandum of law in support of their motion for an Order permitting attachment and execution of their underlying partial final judgments against the Islamic Republic of Iran ("Iran").[2]

These actions were brought by representatives of the estates of victims of the terrorist attacks on September 11, 2001, family members, or estates of family members, of such victims, and individuals who sustained personal injury on September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act of terror to occur on American soil.

Section 1610(c) states:

No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

28 U.S.C. § 1610(c).

---

[1] The terms "*O'Neill* Plaintiffs," "*Burnett* Plaintiffs," "*Ashton* Plaintiffs," and "*Ashton-Burlingame* Plaintiffs," are defined respectively in the Declaration of Jerry S. Goldman ("Goldman Dec."), Declaration of John M. Eubanks ("Eubanks Dec."), Declaration of Andrew J. Maloney, III ("Maloney Dec."), and Declaration of Jeanne M. O'Grady ("O'Grady Dec."), all filed contemporaneously herewith.

[2] Undersigned counsel intends to submit another request under 28 U.S.C. § 1610(c) for an Order permitting attachment and execution of additional partial final judgments awarded by this Court once diplomatic notes are received confirming service on Iran under 28 U.S.C. § 1608(a)(4) and "a reasonable period of time has elapsed" since such service.

The notice required under 28 U.S.C. § 1608(e) addresses default judgments against foreign sovereigns and states, "[a] copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section."

The 9/11 Plaintiffs have complied with the requirements of both 28 U.S.C. §§ 1608(e) and 1610(c).  Further, "a reasonable period of time has elapsed" since notice of the default judgments was provided to Iran to permit the Court to enter an Order under 28 U.S.C. § 1610(c).

## ARGUMENT

**THE 9/11 PLAINTIFFS HAVE SATISFIED 28 U.S.C. § 1610(c) AND ARE ENTITLED TO AN ORDER AUTHORIZING ENFORCEMENT OF THEIR PARTIAL FINAL JUDGMENTS.**

The 9/11 Plaintiffs have served their various judgments, including statutorily required notices of default judgment, on Iran as required under 28 U.S.C. § 1608(e) and pursuant to the service procedures set forth in 28 U.S.C. § 1608(a)(4).  Furthermore, a reasonable period of time has passed since entry of the partial final judgments and the notice provided to Iran to permit entry of the Order requested herein.

**A.    The 9/11 Plaintiffs have complied with the notice requirements in 28 U.S.C. § 1608(e)**

The Honorable George B. Daniels awarded the 9/11 Plaintiffs liability judgments against Iran as set forth in Goldman Dec., Ex. 1, Eubanks Dec., Ex. 1, Maloney Dec., Ex. 1, and O'Grady Dec., Ex. 1.

In addition to liability judgments, Judge Daniels also entered various judgments awarding the 9/11 Plaintiffs damages against Iran.  Pursuant to 28 U.S.C. § 1608(e), the 9/11 Plaintiffs submitted these damages judgments, including any underlying liability judgment, to the U.S. Department of State for service on Defendant Iran via diplomatic channels pursuant to 28 U.S.C.

§ 1608(a)(4).[3] For each judgment, the U.S. Department of State provided proof of service of the judgment that was delivered to the Iranian Ministry of Foreign Affairs under cover of diplomatic note. For the dates of partial final judgments entered in this case for which the 9/11 Plaintiffs hereby seek an Order under 28 U.S.C. § 1610(c) including the dates on which the U.S. Department of State verified delivery to the Iranian Ministry of Foreign Affairs, the number of the diplomatic note assigned to this service via diplomatic channels, and the Exhibit number containing the correspondence sent to the Clerk of the Court from the U.S. Department of State pertaining to the specific judgment, *see* Goldman Dec., Ex. 2, Eubanks Dec., Ex. 2, Maloney Dec., Ex. 2, and O'Grady Dec., Ex. 2.

Therefore, the 9/11 Plaintiffs submit that they have appropriately complied with 28 U.S.C. § 1608(e) by serving Iran with their judgments via diplomatic channels under 28 U.S.C. § 1608(a)(4).

**B.    The 9/11 Plaintiffs have identified property purportedly belonging to Iran over which they intend to seek enforcement of their judgments.**

The 9/11 Plaintiffs seek authorization to pursue enforcement proceedings of the following property purportedly belonging to Iran: (1) 127,271 Bitcoin (the "Bitcoin"), currently worth approximately $8.5 billion, that is subject to a pending civil forfeiture proceeding that was

---

[3] The 9/11 Plaintiffs did not seek to serve the default judgments under 28 U.S.C. § 1608(a)(1) because at no time has there been a "special arrangement for service" with Iran. Additionally, the 9/11 Plaintiffs did not attempt service of the default judgments under 28 U.S.C. § 1608(a)(2) because Iran is not a signatory to any applicable conventions on the service of judicial documents. *See Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 70 (D.D.C. 2010). Finally, the 9/11 Plaintiffs did not attempt service of the default judgments under 28 U.S.C. § 1608(a)(3) because service by mail had proven futile when serving each underlying pleading, and other courts have specifically ordered the notice required under Section 1608(e) to proceed directly to diplomatic channels under 28 U.S.C. § 1608(a)(4). *See, e.g., Maalouf v. Islamic Republic of Iran*, Civil Action No. 16-0280 (JDB), 2020 WL 805726, at *3 (D.D.C. Feb. 18, 2020) (finding (a)(4) service proper where "Plaintiffs ... reasonably concluded that service by mail on Iran and its agencies under 28 U.S.C. § 1608(a)(3) would be futile as it is known to be ineffective."); *Rubin v. Islamic Republic of Iran*, 2008 WL 192321, at *12 (N.D. Ill. 2008), *rev'd and remanded on other grounds*, 637 F.3d 783 (7th Cir. 2011), *as corrected*, (Apr. 1, 2011) *and cert. denied*, 133 S. Ct. 23, 183 L. Ed. 2d 692 (2012) ("Because service by mail failed and service of the summons through diplomatic channels was proper, notice of the default judgment through diplomatic channels was sufficient to satisfy § 1608(e) and § 1610(c)").

commenced by the United States government in the EDNY (the "Forfeiture Proceeding"), *see United States v. Approximately 127,271 Bitcoin*, No. 1:25-cv-05745-RPK-CHK (E.D.N.Y), in which over ten thousand (10,000) 9/11-related Iranian judgment holders have asserted a claim; and (2) approximately $344 million of Tether cryptocurrency (the "Tether Assets") (added to the U.S. sanctions list as wallets associated with the Central Bank of Iran on April 24, 2026)[4] that is backed by U.S. Dollar reserves held by Cantor Fitzgerald LP, as custodian, in New York , and all proceeds traceable thereto, that are on the Tron blockchain in wallets frozen and sanctioned by the U.S. Department of Treasury, Office of Foreign Assets Control; and (3) any other property of Iran later discovered.

C.    **A Reasonable Period of Time Has Elapsed to Permit the 9/11 Plaintiffs to Enforce Their Judgments.**

Section 1610(c) requires that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter" before a court may order attachment or execution of the judgment under Section 1610(a) or (b).  The determination of whether a reasonable amount of time has elapsed is left to the discretion of the Court.  In *Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), Judge Lamberth determined that six weeks was a reasonable amount of time where "there is no evidence that the defendant has taken any steps toward the payment of its debt."  In a separate case, Judge Lamberth held that 60 days was a reasonable amount of time to elapse where the time permitted for a foreign sovereign to respond to a complaint is 60 days.  *Valore v. Islamic Republic of Iran*, No. 08-cv-1273-RCL (D.D.C. June 8, 2023).  The last date of service took place on December 8, 2025, approximately six months ago.

---

[4] *See* U.S. Department of the Treasury, Office of Foreign Assets Control, *Iran-related Designations; Counter Terrorism and Iran-related Designation Update; Issuance of Iran-related General License* on Apr. 24, 2026, at https://ofac.treasury.gov/recent-actions/20260424.

Of import is the fact that Iran has never voluntarily paid any of the many judgments entered against it in the federal courts for its role as a designated state sponsor of terrorism.  There is not now, nor has there ever been, any indication, or any reason to believe, that Iran is inclined to satisfy the judgments that have been entered against it.

Therefore, the 9/11 Plaintiffs respectfully submit that the Court should enter an Order under 28 U.S.C. § 1610(c) to allow them to commence attachment and execution proceedings in furtherance of the judgments entered by this Court against Iran.

## **CONCLUSION**

For the reasons set forth above and documented in the exhibits appended to the Goldman Dec., Eubanks Dec., Maloney Dec., and O'Grady Dec., the 9/11 Plaintiffs respectfully request that this Court enter an Order granting their motion pursuant to 28 U.S.C. § 1610(c).

Dated:  June 18, 2026

**ANDERSON KILL P.C.**

By: */s/ Jerry S. Goldman*
　　Jerry S. Goldman, Esq.
　　Bruce Strong, Esq.
　　Ethan Greenberg, Esq.
　　Alexander Greene, Esq.
　　Amy Weiss, Esq.
　　7 Times Square, 15th Floor
　　New York, New York 10036
　　jgoldman@andersonkill.com
　　Tel.: (212) 278-1000
　　Fax: (212) 278-1733


　　*Attorneys for the O'Neill Plaintiffs*

**KREINDLER & KREINDLER LLP**

By: */s/ Megan Wolfe Benett*
　　Megan Wolfe Benett, Esq.
　　485 Lexington Ave
　　New York, NY 10017
　　mbenett@kreindler.com
　　Tel.: (212) 973-3438
　　Fax: (212) 972-9432

　　*Attorneys for the Ashton Plaintiffs*

**MOTLEY RICE LLC**

By: /s/ *John M. Eubanks*
　　John M. Eubanks, Esq.
　　John C. Duane, Esq.
　　28 Bridgeside Boulevard
　　Mount Pleasant, SC 29465
　　jeubanks@motleyrice.com
　　jduane@motleyrice.com
　　Tel.: (843) 216-9184
　　Fax: (843) 216-9450


　　*Attorneys for the Burnett Plaintiffs*

**SPEISER KRAUSE, P.C.**

By: */s/ Jeanne M. O'Grady*
　　Jeanne M. O'Grady, Esq.
　　800 Westchester Avenue, Suite S-608
　　Rye Brook, New York 10573
　　jog@speiserkrause.com
　　Tel.: (914) 220-5333
　　Fax: (914) 220-5334

　　*Attorneys for the Ashton-Burlingame Plaintiffs*