

**McANDREW VUOTTO** LLC

ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

June 19, 2026

*__Via ECF__*

Hon. George B. Daniels, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 100

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>    **Re:   In re Terrorist Attacks on September 11, 2001**
>          **Case No. 03 MDL 1570 (GBD)(SN)**

Dear Judges Daniels and Netburn:

We represent Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Respondents"). We write in limited objection to the Motion for Order to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) filed by the *O'Neill*, *Burnett*, *Ashton* and *Ashton-Burlingame* Plaintiffs [ECF Nos. 12138-12145], which includes an inappropriate request in the proposed order [ECF No. 12145].

Specifically, in addition to requesting a § 1610(c) order in connection with the Bitcoin and Tether assets, the movants improperly seek a 'blanket' order that would extend their attachment rights to "any other property of Iran later discovered, in aid of execution of the partial final judgments listed above against Iran, including its agencies and instrumentalities, using any lawful means." ECF No. 12145 at 8.

Such general § 1610(c) orders are expressly prohibited in the Second Circuit, as has been specifically recognized by this Court. *See Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 291 (2d Cir. 2011) (§ 1610(c) "requires a prior judicial determination that the execution is warranted under one of the § 1610(a) or (b) exceptions and with respect to specifically identified property."); *Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 536 (S.D.N.Y. 2001) (holding that "since the plaintiff in the instant case has not

2

identified any specific assets in its motion, the Court cannot adequately review the propriety of attaching the assets of the judgment-debtor" for purposes of satisfying § 1610(c)); ECF No. 11973 at 8 (citing *Walters*, 651 F.3d at 291; *Olympic Chartering*, 134 F. Supp. 2d at 536).

Accordingly, Respondents respectfully request that the Court strike the portion of the *O'Neill*, *Burnett*, *Ashton* and *Ashton-Burlingame* Plaintiffs' proposed order that seeks attachment rights to "any other property of Iran later discovered, in aid of execution of the partial final judgments listed above against Iran, including its agencies and instrumentalities, using any lawful means." ECF No. 12145 at 8.

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/Jonathan P. Vuotto*
Jonathan P. Vuotto

cc:    Counsel of Record (via ECF)