# ANDERSON KILL P.C.

**7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com**

Jerry S. Goldman, Esq.
Jgoldman@andersonkill.com
212.278.1569

*By ECF*                                                                                    June 25, 2026

The Honorable George B. Daniels, U.S.D.J.        The Honorable Sarah Netburn, U.S.M.J.
United States District Court for the S.D.N.Y.     United States District Court for the S.D.N.Y.
Daniel P. Moynihan U.S. Courthouse                Thurgood Marshall U.S. Courthouse
500 Pearl Street                                  40 Foley Square, Room 430
New York, NY 10007                                New York, NY 10007

> Re:    *In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-1570 –
>        Reply to Respondents' Limited Objection Letter at ECF No. 12146

Dear Judge Daniels and Judge Netburn:

I write today, jointly with undersigned counsel, on behalf of the *O'Neill*, *Burnett*, *Ashton*, and *Ashton-Burlingame* Plaintiffs (together, the "9/11 Plaintiffs"),[1] in response to the limited objection filed by Respondents,[2] ECF No. 12146 (the "Objection"), regarding the Proposed Order submitted with the 9/11 Plaintiffs' motion for an order permitting attachment and execution pursuant to 28 U.S.C. § 1610(c).  Respondents' Objection must be denied because Respondents lack standing and their argument rests on their improper characterization of Judge Netburn's Opinion and Order dated April 14, 2026, ECF No. 11973.

First, Respondents lack standing to object to Plaintiffs' motion and supporting papers, as Respondents are not parties to Plaintiffs' judgments, have not intervened in Plaintiffs' cases, and have no legal claim to any relief arising from those judgments.  *See Montesa v. Schwartz*, 836 F.3d 176, 195 (2d Cir. 2016) ("Prudential standing encompasses the rule against the adjudication of generalized grievances, the rule prohibiting plaintiffs from asserting the rights of third parties, and the rule barring claims that fall outside 'the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'"); *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (cleaned up); *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch. Inc.*, 24 F.3d 427, 432 (2d Cir. 1994) (raising general theory that could help in a separate proceeding does not confer standing).

---

[1] The terms "*O'Neill* Plaintiffs," "*Burnett* Plaintiffs," "*Ashton* Plaintiffs," and "*Ashton-Burlingame* Plaintiffs," are defined, respectively, in the Declaration of Jerry S. Goldman, Declaration of John M. Eubanks, Declaration of Andrew J. Maloney, III, and Declaration of Jeanne M. O'Grady.  ECF Nos. 12141-12144.

[2] Kristen Breitweiser, Individually and as Personal Representative of the Estate of Ronald M. Breitweiser, Caroline Breitweiser, Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan, Kristen Ryan and Jacqueline Eaton, Individually and as Personal Representative of the Estate of Robert D. Eaton (collectively, "Respondents").

**ANDERSON KILL P.C.**

June 25, 2026
Page 2

Indeed, §1610(c) requires only a judicial finding that a reasonable period of time has elapsed since entry of judgment and that notice requirements have been satisfied; it is a "procedural checkpoint for judgment holders wishing to pursue attachment and execution," not a substantive adjudication of any right belonging to Respondents. *See* ECF No. 11973 at 2, 7-8. Thus, because Respondents have no standing to object, their letter must be disregarded in full.

Second, Respondents' improper objection rests not on any deficiency in Plaintiffs' compliance, but on their narrow and misleading reading of Judge Netburn's April 14, 2026 Opinion and Order. *See* Objection at 2 (citing ECF No. 11973 at 8).

The 9/11 Plaintiffs did precisely what § 1610(c) requires: they obtained judgments, gave the requisite notice, and waited the requisite period before seeking confirmation that they may proceed to attachment and execution. *See generally* ECF No. 12139. The Proposed Order therefore includes language for the Court's consideration finding that the 9/11 Plaintiffs are holders of valid judgments against Iran so they may pursue attachment of (1) the Bitcoin in the E.D.N.Y. Forfeiture Proceeding, (2) the Tether cryptocurrency added to the U.S sanctions list, and (3) "any other property of Iran later discovered, in aid of execution of the partial final judgments listed above against Iran, including its agencies and instrumentalities, using any lawful means." ECF No. 12145 at 7-8. Respondents take issue only with the third category, arguing that assets must be specifically identified and "general § 1610(c) orders are expressly prohibited in the Second Circuit, as has been specifically recognized by this Court," citing Judge Netburn's Order. *See* Objection 1-2 (ECF No. 11973 at 8).[3]

But such a brightline rule does not exist. Indeed, Judge Netburn acknowledged the opposite, that "the caselaw is unclear on whether asset identification is required at this stage." ECF No. 11973 at 8-9 (citing, in part, *Mexico Infrastructure Fin., LLC v. Corporation of Hamilton*, No. 17-cv-6424 (DLC), 2024 WL 1468415, at *1 (S.D.N.Y. Mar. 15, 2025) ("Neither the plain language of § 1610(c) nor *Walters* require that specific assets be identified prior to a finding that a reasonable period of time has elapsed following the entry of a judgment.")). Judge Netburn stressed the importance that § 1610(c) orders are not writs of execution or attachment and "merely—and only—find[] that the requirements of § 1610(c) have been satisfied." ECF No. 11973 at 8-9. Judge Netburn then explained that *Walters* dealt with the district court's decision about the final turnover of, and execution on, specific assets, and thus determined where there have been no turnover actions filed, the Court does not need to analyze specific property at the § 1610 threshold stage. ECF No. 11973 at 9. Accordingly, Judge Netburn found that the plaintiffs had established the § 1610(c) notice and timing requirements and granted certifications.

Here, the 9/11 Plaintiffs' § 1610 motion specifically does not ask for attachment or execution, and the 9/11 Plaintiffs have consistently acknowledged such relief will be the ultimate decision of the judge overseeing the relevant forfeiture and enforcement actions. In those

---

[3] In support of its Objection, Respondents cite only to *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 291 (2d Cir. 2011) and *Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 536 (S.D.N.Y. 2001), and ignore Judge Netburn's cite to *Mexico Infrastructure Fin.* and the following discussion.

**ANDERSON KILL P.C.**

June 25, 2026
Page 3

proceedings, the 9/11 Plaintiffs have asserted their preference that any available Iranian funds be equitably distributed to Iran terror victims or channeled through the United States Victims of State Sponsored Terrorism Fund.

Based on the foregoing, Respondents have no standing or valid argument to override the 9/11 Plaintiffs' satisfaction of § 1610(c) requirements.  The 9/11 Plaintiffs therefore respectfully request the Court reject Respondents' objection and grant all requested relief in the 9/11 Plaintiffs' Proposed Order.

We thank the Court for its attention to this matter.

Respectfully submitted,

**ANDERSON KILL P.C.**

By: */s/ Jerry S. Goldman*
Jerry S. Goldman, Esq.
Bruce Strong, Esq.
Ethan Greenberg, Esq.
Alexander Greene, Esq.
Amy Weiss, Esq.
7 Times Square, 15th Floor
New York, NY 10036
jgoldman@andersonkill.com
bstrong@andersonkill.com
egreenberg@andersonkill.com
agreene@andersonkill.com
aweiss@andersonkill.com
Tel.: (212) 278-1000
Fax: (212) 278-1733
*Attorneys for the O'Neill Plaintiffs*

**MOTLEY RICE LLC**

By: /s/ *John M. Eubanks*
John M. Eubanks, Esq.
John C. Duane, Esq.
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
jeubanks@motleyrice.com
jduane@motleyrice.com
Tel.: (843) 216-9184
Fax: (843) 216-9450
*Attorneys for the Burnett Plaintiffs*

**KREINDLER & KREINDLER LLP**

By: */s/ Megan Wolfe Benett*
Megan Wolfe Benett, Esq.
485 Lexington Ave
New York, NY 10017
mbenett@kreindler.com
Tel.: (212) 973-3438
Fax: (212) 972-9432
*Attorneys for the Ashton Plaintiffs*

**SPEISER KRAUSE, P.C.**

By: */s/ Jeanne M. O'Grady*
Jeanne M. O'Grady, Esq.
800 Westchester Avenue, Suite S-608
Rye Brook, NY 10573
jog@speiserkrause.com
Tel.: (914) 220-5333
Fax: (914) 220-5334
*Attorneys for the Ashton-Burlingame Plaintiffs*

cc:     All Counsel of Record (via ECF)

DOCS-100914588.4