**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN) <br> ECF Case |

**This Document relates to:**

*Burnett, et al. v. Islamic Republic of Iran, et al.*, No. 15-cv-9903 (GBD)(SN)
*Arias, et al. v. Islamic Republic of Iran*, No. 19-cv-00041 (GBD)(SN)

## <u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION SEEKING ENTRY OF PARTIAL FINAL JUDGMENTS PURSUANT TO RULE 54(b)</u>

Pursuant to Federal Rule of Civil Procedure 54(b), Plaintiffs in the above-captioned cases, through counsel, hereby submit this Memorandum of Law in support of their motion for entry of partial final judgments against Defendant Islamic Republic of Iran ("Defendant Iran"). By way of background, the Court previously granted partial default judgments against the Islamic Republic of Iran ("Defendant Iran"), the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran for various *Burnett* and *Arias* Plaintiffs (the "Moving Plaintiffs") in two recent Orders issued on May 28, 2026 (ECF No. 12094 - Memorandum Opinion and Order), and June 1, 2026 (ECF No. 12101 – Amended Order).

The Moving Plaintiffs (as further identified in Exhibits A, B, C, and D attached to the Duane Declaration) now seek partial final judgments pursuant to Rule 54(b) against Defendant Iran-only to register these judgments in the U.S. District Court for the Eastern District of New York to assert a claim in the alleged Iranian-related 127,271 Bitcoin (the "Bitcoin"), currently worth approximately $8 billion, that is subject to a pending civil forfeiture proceeding that was commenced by the United States government in the Eastern District Court (the "Forfeiture Proceeding"). *See United States v. Approximately 127,271 Bitcoin*, No. 25 Civ. 05745 (E.D.N.Y).

Currently, over ten thousand (10,000) 9/11-related Iranian judgment holders have asserted a claim in the Forfeiture Proceeding. The Moving Plaintiffs further intend to assert a claim in the approximately $344 million of Tether cryptocurrency (the "Tether Assets") (added to the U.S. sanctions list as wallets associated with the Central Bank of Iran on April 24, 2026)[1] that is backed by U.S. Dollar reserves held by Cantor Fitzgerald LP, as custodian, in New York , and all proceeds traceable thereto, that are on the Tron blockchain in wallets frozen and sanctioned by the U.S. Department of Treasury, Office of Foreign Assets Control.

### A. This Court Should Award the Moving Plaintiffs Partial Final Judgments Against Defendant Iran Pursuant to Rule 54(b)

As this Court previously held, a judgment must be final in order to be properly registered in the Eastern District Court. *See* ECF No. 11878 at 5-6; 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.") (emphasis added). Therefore, the Moving Plaintiffs would not be able to properly assert a claim in the Bitcoin in the Forfeiture Proceeding or the Tether Assets if this Court does not award them Rule 54(b) final judgments against Defendant Iran. *See* ECF No. 11878 at 5-6. This would affect the Moving Plaintiffs' ability to potentially execute on the Bitcoin and Tether Assets.

Rule 54(b) authorizes this Court to enter partial final judgments when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at least one party has been finally determined;" and (3) "the court makes an 'express determination that there is no

---

[1] *See* U.S. Department of the Treasury, Office of Foreign Assets Control, *Iran-related Designations; Counter Terrorism and Iran-related Designation Update; Issuance of Iran-related General License* on Apr. 24, 2026, at https://ofac.treasury.gov/recent-actions/20260424.

just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original); ECF No. 11878 at 4.

This Court should grant the Moving Plaintiffs' Motion and award them partial final judgments against Defendant Iran under Rule 54(b) for the same reasons this Court awarded thousands of other 9/11 plaintiffs Rule 54(b) final judgments in its March 18, 2026 Memorandum Decision and Order. ECF No. 11878 at 9, 12-13. First, there are parties in the above-captioned actions aside from the Moving Plaintiffs and Defendant Iran, and the Moving Plaintiffs' Motion only requests the adjudication of some— but not all—of their claims, specifically excluding punitive and other damages. ECF No. 11878 at 9. Second, should this Court grant the Motion, the Moving Plaintiffs' rights against Defendant Iran will be finally decided within the meaning of 28 U.S.C. § 1291 since by way of the instant Motion, the Moving Plaintiffs specifically request the dismissal, without prejudice, of additional damages the Moving Plaintiffs could seek, including punitive damages, additional economic damages, and other appropriate damages, as well as the stay of the deadlines for the Moving Plaintiffs to move for relief from final judgment until further order of the Court pursuant to Fed. R. Civ. P. 60(b). ECF No. 11878 at 9, 12.

Finally, "no just reason for delay" of entry of final Iran judgments for the Moving Plaintiffs exists. Awarding the Moving Plaintiffs Rule 54(b) final judgments against Defendant Iran would enable the Moving Plaintiffs to assert a claim in the Forfeiture Proceeding to attempt to execute against the Bitcoin without unnecessary delay, and minimally prejudices Iran, who has been absent from this litigation over the past fifteen years. ECF No. 11878 at 9. This Court's decision to award the Moving Plaintiffs finalized judgments against Defendant Iran "[would] make possible a more

3

expeditious and just result for all parties." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992).

For the above reasons, the Court should award the Moving Plaintiffs (identified in Exhibits A, B, C, and D attached to the Duane Declaration) partial final judgments against Defendant Iran pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

### B. The Moving Plaintiffs Do Not Seek *Nunc Pro Tunc* Relief

The Moving Plaintiffs do not seek *nunc pro tunc* relief by way of the instant motion. The Moving Plaintiffs have concluded that their rights and interests in the ongoing and contemplated Iranian attachment efforts are best served by effecting service of partial final Rule 54(b) judgments on Defendant Iran once they are entered.

### C. Conclusion

For all of the reasons stated herein, in the Duane Declaration, in the papers previously submitted to this Court in support of damages against Defendant Iran in this MDL, and as previously decided by this Court, the Moving Plaintiffs respectfully request that this Honorable Court enter an Order:

(1)    denying without prejudice additional damages that the Moving Plaintiffs identified in Exhibits A, B, C, and D could seek, such as punitive damages, additional economic damages, or other appropriate damages, and staying the deadline for filing any Fed. R. Civ. P. 60(b) motion to reconsider such dismissal; AND,

(2)    awarding the Moving Plaintiffs identified in Exhibits A, B, C, and D partial final default judgments under Rule 54(b) against Defendant Iran in the same amounts previously awarded by this Court to these Moving Plaintiffs in two recent Orders issued on May 28, 2026 (ECF No. 12094) and June 1, 2026 (ECF No. 12101), as well as finding that the conditions for entry of partial

final judgments under Fed. R. Civ. P. 54(b) are met, in that (1) multiple parties are present; (2) the rights and liabilities of at least one party have been finally decided within the meaning of 28 U.S.C. § 1291; and (3) no just reason for delay exists; AND,

(3)    granting the Moving Plaintiffs such other and further relief as this Honorable Court deems just and proper.

For the Court's consideration, the Moving Plaintiffs have also included a Proposed Order of Partial Final Judgments on compensatory damages with exhibits under Rule 54(b) which is attached hereto.

Dated:  June 26, 2026                              Respectfully submitted,

MOTLEY RICE LLC

/s/  *John C. Duane*
John C. Duane, Esq.
John M. Eubanks, Esq.
Robert T. Haefele, Esq.
28 Bridgeside Blvd.
Mount Pleasant, South Carolina 29464
Tel: 843-216-9000
Fax: 843-216-9450
jduane@motleyrice.com
jeubanks@motleyrice.com
rhaefele@motleyrice.com

Attorneys for the *Burnett* and *Arias*
Plaintiffs