

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 28 2026

24-502-cv (L)
In Re: Terrorist Attack on Sep. 11, 2001

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-six.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

----------------------------------------------------------------

COZEN O'CONNOR,

*Objector-Appellant,*

v.

Nos. 24-502-cv (L);
24-593-cv (CON)

MOTLEY RICE LLC, KREINDLER & KREINDLER LLP, SPEISER KRAUSE, P.C., ANDERSON KILL P.C., BAUMEISTER & SAMUELS, P.C.,

*Respondents-Appellees,*

WIGGINS CHILDS PANTAZIS

MANDATE

MANDATE ISSUED ON 07/28/2026

FISHER & GOLDFARB LLC,
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB PLLC,
FOOTE, MIELKE, CHAVEZ &
O'NEIL, LLC, WEBSTER LAW, P.C.,
THOMAS E. MELLON, III, RAMEY
& HAILEY, THE LAMM GROUP,
EDWARD RUBENSTONE, TERRELL
HOGAN YEGELWEL, P.A., LAW
OFFICE OF DAVID LEE, JAMES P.
MCCOY, LAW OFFICE OF JOHN A.
CORR, WINDER & COUNSEL, P.C.,

> *Intervenors-Appellees.**

-------------------------------------------------------------------

| | |
|---|---|
| FOR OBJECTOR-APPELLANT: | SEAN P. CARTER (Abby J. Sher, *on the brief*), Cozen O'Connor, Philadelphia, PA |
| FOR RESPONDENT-APPELLEE MOTLEY RICE LLC: | Robert T. Haefele, John M. Eubanks, Jodi Westbrook Flowers, Motley Rice LLC, Mount Pleasant, SC, Michael Quirk, Motley Rice LLC, Philadelphia, PA |
| FOR RESPONDENT-APPELLEE KREINDLER & KREINDLER LLP: | Megan Wolfe Bennett, Kreindler & Kreindler LLP, New York, NY |

---

* The Clerk of Court is directed to amend the caption as set forth above.

| FOR RESPONDENT-APPELLEE SPEISER KRAUSE, P.C.: | Jeanne M. O'Grady, Frank H. Granito, Speiser Krause, P.C., Rye Brook, NY |
|---|---|
| FOR RESPONDENT-APPELLEE ANDERSON KILL P.C.: | Jerry S. Goldman, Ethan Greenberg, Bruce Strong, Anderson Kill P.C., New York, NY |
| FOR RESPONDENT-APPELLEE BAUMEISTER & SAMUELS, P.C.: | Dorothea M. Capone, Baumeister & Samuels P.C., New York, NY |
| FOR ALL RESPONDENTS-APPELLEES: | SAMUEL ISSACHAROFF, New York, NY |
| FOR INTERVENORS-APPELLEES: | DANIELLE DESAULNIERS STEMPEL, Hogan Lovells US LLP, Washington, DC (James L. Bernard, Hogan Lovells US LLP, New York, NY, *on the brief*) |

Consolidated appeal from orders of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Respondents-Appellees' motion to dismiss is

GRANTED, the petition for a writ of mandamus is DENIED, and the appeal is DISMISSED.

In this multidistrict litigation ("MDL") stemming from the September 11, 2001 terrorist attacks, Appellant Cozen O'Connor ("Cozen"), a law firm, appeals from two orders of the United States District Court for the Southern District of New York (Daniels, *J.*), entered on December 12, 2023, and December 22, 2023. Those orders dismissed with prejudice, as against the Respondents-Appellees, a motion filed by the Intervenors-Appellees (the "*Havlish* Appellees") for an order creating a common benefit fund "to compensate attorneys for the costs borne and work performed for the common benefit of all plaintiffs and their counsel." *See* BOLCH JUD. INST., DUKE L. SCH., GUIDELINES AND BEST PRACTICES FOR LARGE AND MASS-TORT MDLS 64 (2d ed. 2018). In the underlying September 11 MDL, the *Havlish* Appellees are law firms that represent a group of plaintiffs (the "*Havlish* plaintiffs") whose claims focused principally on recovery against Iran. After Iran failed to appear to defend the actions against it, in 2011, the *Havlish* plaintiffs secured a liability-only default judgment against Iran. Cozen and Respondents-Appellees followed suit, obtaining liability-only default judgments against Iran

4

on behalf of their own clients several years later by relying on the evidence adduced by the *Havlish* Appellees.

Around the same time, Congress created the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund") to compensate natural persons who have judgments against state sponsors of terrorism, such as Iran. *See* 34 U.S.C. § 20144. Because Cozen's clients are insurance companies, not natural persons, they are statutorily ineligible for recovery from the USVSST Fund. *See id.* § 20144(b)(1)(A)(iii), (c)(1)(A), (j)(8).

Following the creation of the USVSST Fund and the disbursement of a round of payments, the *Havlish* plaintiffs[1] renewed a prior motion to create a common benefit fund, arguing that to the extent Cozen and Respondents-Appellees recovered on judgments against Iran (primarily through the USVSST Fund), they should be required to compensate the *Havlish* Appellees for their work that led to the default judgments. Cozen opposed the motion, but never made a cross-motion for the creation of an MDL-wide common benefit fund. The *Havlish* Appellees eventually entered into private settlements with the

---

[1] Although the motion was made by the *Havlish* plaintiffs on behalf of their attorneys (whom we now refer to as the *Havlish* Appellees), for ease of reference, we refer to the motion as having been made by the *Havlish* Appellees for the remainder of this order.

Respondents-Appellees.  Following those settlements, in December 2023, the

District Court dismissed with prejudice the *Havlish* Appellees' motion as against

the Respondents-Appellees in the orders that Cozen now appeals.

On appeal, Cozen, which separately seeks a common benefit fund that

would compensate it for its contributions to the MDL and to Iran-related

recoveries, challenges the December 2023 decisions because those decisions

could prevent it from receiving compensation in the future.  We assume the

parties' familiarity with the remaining underlying facts and record of prior

proceedings, to which we refer only as necessary to explain our decision.

Before reaching the merits of Cozen's appeal, we must "assure ourselves

that appellate jurisdiction exists."  *Uniformed Fire Officers Ass'n v. de Blasio*, 973

F.3d 41, 46 (2d Cir. 2020).  In general, our appellate jurisdiction is "limited to

reviewing final decisions of United States District Courts."  *Jok v. City of

Burlington*, 96 F.4th 291, 293 (2d Cir. 2024) (citation modified); *see also* 28 U.S.C.

§ 1291.  A final decision "ends the litigation on the merits and leaves nothing for

the court to do but execute the judgment."  *Bey v. City of New York*, 999 F.3d 157,

163 (2d Cir. 2021) (citation modified).  Taking a "pragmatic approach" to the

question of whether a decision is final, we ask whether "further proceedings are

6

contemplated or required." *Id.* The party asserting jurisdiction bears the burden

of establishing it. *See Platinum-Montaur Life Scis., LLC v. Navidea*

*Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

We lack appellate jurisdiction over this appeal. The December 2023 orders

do not "finally dispose[]" of the common-benefit-fund issue in this MDL. *See*

*Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022) (citation modified). Nor do

they purport to grant or deny an award of fees to Cozen. *See O & G Indus., Inc.*

*v. Nat'l R.R. Passenger Corp.*, 537 F.3d 153, 167 (2d Cir. 2008). Instead, the orders

partially dismiss the *Havlish* Appellees' motion for compensation from an Iran-

related common benefit fund only as against those firms that settled with the

*Havlish* Appellees. Because a motion regarding compensation is still pending as

to those plaintiffs, including Cozen's clients, who have not entered into any

similar settlement, the December 2023 orders do not "terminate . . . proceedings"

with respect to the creation of a common benefit fund that would compensate

Cozen for its contributions to the MDL. *Amara*, 53 F.4th at 251 (citation

modified). Exercising appellate jurisdiction on this record would contravene

§ 1291, which "disallow[s] appeals from any decision which is tentative, informal

or incomplete." *Jok*, 96 F.4th at 293 (citation modified).

Cozen argues that the December 2023 orders operate as appealable final decisions because they "*effectively*" determine that Cozen is not entitled to compensation from the USVSST Fund for common benefit work.  *See* Opp'n to Appellees' Joint Mot. to Dismiss Appeal for Lack of Appellate Jurisdiction at 23, *In re Terrorist Attacks on Sept. 11, 2001*, No.  24-502-cv (L), Dkt. No. 60 (2d Cir. Aug. 22, 2024) (emphasis added).   We are not persuaded.  The orders do not resolve whether a common benefit fund will be created only for Iran-related litigation and do not preclude the possibility that an MDL-wide common benefit fund may be created.  The orders thus leave open the question of whether Cozen is entitled to recover fees for its contributions to the MDL generally and to the recoveries against Iran specifically.  *See O & G Indus*, 537 F.3d at 167.

Indeed, Cozen can still move to establish a common benefit fund.  In an earlier order entered September 30, 2020, the Magistrate Judge, whose reasoning the District Court adopted, denied as "not timely" Cozen's request "to set aside money now from USVSST Fund recoveries" for work unrelated to the Iran judgments.  Spec. App'x 21.  In the same order, however, the Magistrate Judge noted that "[t]o the extent [Cozen's clients] have either contributed work to the original Iran default judgment or received any payments from the USVSST Fund,

8

they should submit [supporting evidence setting forth the work they did] to the Court." Spec. App'x 24 n.3. Cozen has not submitted that evidence. The December 2023 orders do not bar Cozen from renewing its request for fees for work unrelated to the Iran judgments, or otherwise submitting documentation to recover for its Iran-related work. We therefore do not interpret the challenged orders as ending the litigation as to Cozen's recovery of fees, "leav[ing] nothing for the court to do but execute the judgment." *Bey*, 999 F.3d at 163 (citation modified).

Cozen alternatively requests a writ of mandamus in the event that we conclude that we lack jurisdiction to consider its appeal. *See In re A.H.*, 999 F.3d 98, 105–06 (2d Cir. 2021). Even if we were to assume that such a writ is available in this procedural posture, Cozen has not shown that it lacks alternate adequate means to recover for its contributions to the MDL. *See id.* Nor has Cozen "given us [any] basis in fact or in law" to suggest that the District Court has "usurped its power or clearly abused its discretion." *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 118–19 (2d Cir. 2010). Accordingly, we reject Cozen's invitation to grant the "extraordinary remedy" of mandamus. *In re City of New York*, 607 F.3d 923, 928 (2d Cir. 2010) (citation modified).

9

We have considered Cozen's remaining arguments and conclude that they

are without merit.  For the foregoing reasons, the Respondents-Appellees'

motion to dismiss is GRANTED, the petition for a writ of mandamus is DENIED,

and the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit