USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/28/2026___

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMI**

In Re: Terrorist Attacks on September 11, 2001 (S.D

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013) <br> Jodi Westbrook Flowers, *Co-Chair* <br> Donald A. Migliori, *Co-Chair* <br> Robert T. Haefele, *Liaison Counsel* <br> MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair* <br> Sean P. Carter, *Co-Chair* <br> J. Scott Tarbutton, *Liaison Counsel* <br> COZEN O'CONNOR |

**VIA ECF**

July 23, 2026

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

The Plaintiffs' Executive Committees ("Plaintiffs") respectfully request a sixty-day extension of the current deadline for Plaintiffs' oppositions to Defendants' pending motions for summary judgment. Defendants Muslim World League, International Islamic Relief Organization, World Assembly of Muslim Youth, and World Assembly of Muslim Youth International (collectively "the Charity Defendants") do not object to this request conditioned on the Court allowing the Charity Defendants a commensurate sixty-day extension to file their replies. Specifically, Plaintiffs therefore request that the deadline for oppositions be extended from August 17, 2026, to October 16, 2026, and that the deadline for Defendants' replies be extended correspondingly.

Plaintiffs do not make this request lightly. The current schedule has been in place for some time, and Plaintiffs understood when it was entered that the month leading into the August 17 deadline would likely be compressed by summer schedules and the need to coordinate among numerous counsel. Since then, however, appellate proceedings arising from this litigation have required substantially greater attorney time and coordination than anticipated and have materially disrupted the period during which Plaintiffs expected to finalize the coordination, review, and approval of their opposition briefs. In combination with longstanding personal and family commitments affecting many of the attorneys whose participation is necessary to complete that process, these developments have made compliance with the current deadline impracticable.

Of particular note, after this Court certified as final certain judgments against Iran, plaintiffs represented by Attorney Schutty initiated extensive appellate proceedings challenging the certifications and related enforcement efforts of other plaintiffs in the litigation. Those

The Honorable Sarah Netburn, U.S. Magistrate Judge
July 23, 2026
Page 2

---

appellate filings were later joined by related appellate filings by plaintiffs represented by Attorney Vuotto. What initially appeared likely to be a discrete appeal instead developed into a substantial and continuing series of appellate and related proceedings requiring sustained attention from coordinating plaintiffs' counsel over the course of several months.

Those proceedings have required coordinating plaintiffs' counsel to prepare and coordinate responses to multiple merits briefs as well as a succession of procedural and substantive motions. Among other matters, counsel were required to address applications relating to emergency and stay relief, expedition, briefing procedures, the participation of various appellee groups, caption issues, oral-argument procedures, and other issues arising from the appeal. Several of those matters proceeded on compressed schedules requiring prompt responses and extensive consultation among counsel representing numerous plaintiff constituencies. The resulting demands on counsel's time have been substantial and have materially disrupted the work and coordination efforts previously allocated to preparation of the charity-defendant summary judgment oppositions.

The burden created by those proceedings has not been limited to the filing of individual briefs or motions. Counsel have been required to divert significant attention and effort over an extended period toward coordinating strategy, consulting with affected plaintiff groups, reviewing filings and proposed filings, responding to rapidly evolving developments, and addressing issues arising from the appeals—attention that would have otherwise been directed toward the substantive litigation, including responding to the defendants' motions. The cumulative effect of these demands has been far greater than anticipated when the current briefing schedule was established.

Other appellate matters have also extended well beyond the timeframe anticipated when the current summary judgment schedule was established. At that time, the Second Circuit's Scheduling Order in the appeal from this Court's August 2025 decision denying Saudi Arabia's motion to dismiss, *In re Terrorist Attacks on September 11, 2001*, No. 25-2202-CV(L), contemplated that briefing would conclude in April 2026. But that schedule was later amended multiple times, such that final briefing was not completed until this week. As a result, additional appellate work that Plaintiffs reasonably expected would be concluded before the summer instead remained active throughout the very period during which counsel anticipated devoting increased attention to the preparation of the pending summary judgment oppositions.

That timing has had a practical effect on the present briefing schedule. Plaintiffs understood that the final weeks before the August 17 deadline would require especially intensive coordination among numerous counsel, including review and approval by attorneys representing multiple plaintiff constituencies. The appellate proceedings described above substantially consumed and disrupted the period during which that coordination was expected to occur. As a result, work that Plaintiffs had anticipated completing during the weeks leading into the deadline has been significantly delayed and compressed.

The Honorable Sarah Netburn, U.S. Magistrate Judge
July 23, 2026
Page 3
_____

That compression is further compounded by longstanding family and personal commitments affecting many of the attorneys whose input, review, and approval are necessary to finalize Plaintiffs' oppositions. Those commitments include family vacations, college move-in and drop-off obligations, and other previously scheduled matters during the weeks leading up to and including the current August 17 deadline. These commitments were not, standing alone, the basis for this request. But because the appellate proceedings described above displaced substantial work into the same period, those preexisting commitments now significantly limit counsel's ability to complete the drafting, review, and coordination process contemplated by the current schedule.

The briefing at issue here is substantial and raises important issues requiring careful attention and coordination among numerous counsel. The pending motions concern claims involving numerous groups of plaintiffs represented by multiple firms, and Plaintiffs' opposition briefs require coordinated legal and factual presentation across those groups. Under the circumstances described above, Plaintiffs respectfully submit that a sixty-day extension is necessary to permit adequate preparation of their oppositions.

In conferring with Counsel for the Charity Defendants regarding this request, they advised that the Charity Defendants consent to Plaintiffs' requested extension only on the condition that the Charity Defendants receive a corresponding sixty-day extension, until February 15, 2027, to file their reply briefs. They asked that Plaintiffs advise the Court of the following explanation for their condition:

> Adjusting the long-established, court-ordered briefing schedule at this late stage presents challenges for the Charity Defendants. Like plaintiffs' counsel, defense counsel have numerous personal and professional commitments and they have gone to great lengths to ensure that the period allocated by the Court for the preparation of reply briefs (between August 17 and October 16) is free from conflicts. Most notably, counsel coordinated scheduling of important deadlines in other matters so that other significant commitments would begin in mid-October, immediately after the current reply-brief deadline. Without a commensurate sixty-day extension to file replies, the Plaintiffs' requested extension would significantly disrupt those pre-negotiated arrangements and require counsel to rearrange other litigation commitments and professional obligations. The requested extension would also push the Charity Defendants' reply submissions into the holiday season.

> To accommodate Plaintiffs' request, the Charity Defendants would therefore also need a 60-day extension for filing of their reply briefs to Monday, February 15 (the next business day after a 60-day extension). A February 15, 2027, deadline for the Charity Defendants' reply briefs is the only way for the Charity Defendants to make the Plaintiffs' requested extension feasible. Accordingly, the Charity Defendants' agreement to consent to a 60-day extension of the opposition deadline is

The Honorable Sarah Netburn, U.S. Magistrate Judge
July 23, 2026
Page 4

_____

conditioned on the Court also approving an extension for the Charity Defendants to file their reply briefs by or on February 15, 2027. If the Court is inclined to grant Plaintiffs' 60-day extension in whole or in part but disinclined to grant the Charity Defendants' request to file their reply briefs on February 15, 2027, then the Charity Defendants oppose Plaintiffs requested extension and instead urge the Court to maintain the current briefing schedule.[1]

Plaintiffs do not oppose the Charity Defendants' requested corresponding extension.

Accordingly, the Parties respectfully request that the Court extend Plaintiffs' deadline to file their oppositions to October 16, 2026, and extend Defendants' deadline to file their reply briefs to February 15, 2027.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By: /s/ Sean P. Carter
SEAN P. CARTER
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter1@cozen.com

*For the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

cc:    The Honorable George B. Daniels (*Via ECF*)
       Aisha E.R. Bembry, Esq. (*Via ECF*)
       Omar T. Mohammedi, Esq. (*Via ECF*)

These extensions are GRANTED. The Plaintiffs' opposition briefs are due by October 16, 2026, and the Defendants' reply briefs are due by February 15, 2027. The parties should anticipate that these deadlines are firm. All other briefing requirements remain the same. See ECF Nos. 11419, 11433.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: July 28, 2026
       New York, New York