**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03-md-1570 (GBD)(SN)<br>ECF Case |

**This Document relates to:**

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN) (and member cases *Burlingame, et al. v. Bin Laden, et al.,* 02-cv-7230 and *Betru, et al. v. Islamic Republic of Iran,* 18-cv-8297)

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION SEEKING ENTRY OF JUDGMENTS PURSUANT TO RULE 58(d) AND TO EXTEND *NUNC PRO TUNC* 54(b) ORDER

### I.    PRELIMINARY STATEMENT

Plaintiffs in the above-captioned cases respectfully move this Court for entry of judgments, pursuant to Fed. R. Civ. P. 58(d), against the Islamic Republic of Iran ("Iran") for two documents issued by the Court as either a Memorandum Decision and Order or an Order without an accompanying Clerk's Judgment, and for an order extending *nunc pro tunc* this Court's Memorandum Decision and Order at ECF No. 11878 to certify as final all judgments discussed herein.

As the Court is aware, Plaintiffs within this multi-district litigation have sought certification of judgments against Iran to permit them to pursue execution and attachment efforts against assets in the Eastern District of New York ("EDNY") that are purportedly owned or controlled by Iran or its agencies or instrumentalities. On March 18, 2026, the Court entered a Memorandum Decision and Order that held, *inter alia*,:

> Pursuant to Rule 54(b), the Court expressly determines there is no just reason for delay and certifies each of the underlying Iran Judgments listed in the attached Appendix (Column F) as a final judgment on all of the Plaintiffs' claims against Iran. Given the unique and exceptional circumstances, this

> certification under Rule 54(b) applies *nunc pro tunc* to the filing date of each underlying Iran Judgment, as listed in the attached Appendix (Column E).
>
> …
>
> The Court respectfully directs the Clerk of Court to process the Plaintiffs' requests to certify their Iran Judgments for registration in another judicial district, in the order such requests were filed through the ECF system, as listed in the attached Appendix (Columns A and B).

ECF No. 11878 at 12-13.

On April 8, 2026, the Clerk of the Court issued deficiencies for two of undersigned counsel's requests for certified orders because "the document that is attached is an Order, not a judgment. Re-file the document using the event type Proposed Clerk's Certification of a Judgment to be Registered in Another District found under the event list Proposed Orders - select the correct filer/filers - attach the correct PDF that lists the correct entry date of the judgment." *See, e.g.*, Docket Entries filed April 8, 2026 related to ECF Nos. 11609 and 11616 seeking certification of the Memorandum Decision and Orders at ECF Nos. 5154 and 5857. For both deficiencies, no Clerk's Judgment was issued related to each Memorandum Decision and Order or Order at E ECF Nos. 5154 and 5857. *See* Declaration of Frank H. Granit, III ("Granito Declaration"), Exhibits 1-2.

Pursuant to Fed. R. Civ. P 58(d), "[a] party may request that judgment be set out in a separate document." Thus, Plaintiffs in the above-captioned cases, through counsel, hereby submit this memorandum of law in support of their motion (1) for entry of judgments, pursuant to Rule 58(d), against Iran for the two documents issued by the Court as a Memorandum Decision and Order or Order without an accompanying Clerk's Judgment, *see* ECF Nos. 5154 and 5857; and (2) requesting an order extending *nunc pro tunc* this Court's Memorandum Decision and Order at ECF No. 11878 to certify as final all judgments discussed herein.

## II.    The Court Should Enter Judgments for each Memorandum Decision and

**Order or Order at ECF Nos. 5154 and 5857.**

Plaintiffs respectfully request that the Court enter judgments pursuant to Rule 58(d) with respect to each following Memorandum Decision and Order or Order.

1.      **ECF No. 5154.**  On September 13, 2019, the Court entered a Memorandum Decision and Order that awarded solatium damages and prejudgment interest for one Plaintiff in the *Betru* case who asserted claims as the functional equivalent of an immediate family member of an individual killed in the terrorist attacks on September 11, 2001. *See* ECF No. 5154. The Memorandum Decision and Order awarded "final judgment" for this individual in the amounts set forth in Exhibit A. *Id.* at 1, 4. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 5154.

2.      **ECF No. 5857.**  On February 5, 2020, the Court entered an Order that awarded damages for multiple Plaintiffs in the *Burlingame* case who asserted claims as the personal representatives of individuals killed in the terrorist attacks on September 11, 2001. *See* ECF No. 5857. The Order awarded "partial final judgments" for damages for these estates' pain and suffering and economic loss (in the amounts set forth in Exhibit A), prejudgment interest, and reserved judgment on potential future claims for punitive, economic, or other damages. *Id.* at 1-2, 4-6. Plaintiffs respectfully submit that given the explicit language in the Court's Order, the Clerk of Court should enter a judgment related to ECF No. 5857.

### III.    The Court Should Extend *Nunc Pro Tunc* This Court's 54(b) Order to the Judgments Identified Herein.

Plaintiffs respectfully request that the Court permit the Clerk of Court to extend *nunc pro tunc* this Court's Memorandum Decision and Order at ECF No. 11878, and certify as final pursuant to Rule 54(b): (1) the resulting judgments for each Memorandum Decision and Order

or Order at ECF Nos. 5154 and 5857 (*see* Granito Declaration, Exhibits 1-2).

Plaintiffs seek Rule 54(b) final judgments against Iran to register these judgments in the U.S. District Court for the Eastern District of New York to assert a claim in the purported Iranian-related 127,271 Bitcoin (the "Bitcoin"), currently worth approximately $8 billion, that is subject to a pending civil forfeiture proceeding that was commenced by the United States government in the EDNY (the "Forfeiture Proceeding"). *See United States v. Approximately 127,271 Bitcoin*, No. 1:25-cv-05745-RPK-CHK (E.D.N.Y.). Currently, over ten thousand (10,000) 9/11-related Iranian judgment holders have asserted a claim in the Forfeiture Proceeding. Further, Plaintiffs seek 54(b) final judgments against Iran to permit them to pursue execution and attachment efforts on any other assets of Iran or its agencies or instrumentalities that may be subject to execution and attachment in the future.

As the Court previously held, a judgment must be final in order to be properly registered in the EDNY. *See* ECF No. 11878; 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.") (emphasis added). Therefore, as the Court previously held, Plaintiffs would not be able to properly assert a claim in the Bitcoin in the Forfeiture Proceeding if this Court does not award them Rule 54(b) final judgments against Iran. *See* ECF No. 11878.

This would affect the Plaintiffs' ability to potentially execute on the Bitcoin and other potential assets. Rule 54(b) authorizes this Court to enter partial final judgments when (1) "there are multiple claims or parties;" (2) "at least one claim or the rights and liabilities of at

least one party has been finally determined;" and (3) "the court makes an 'express determination that there is no just reason for delay' of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde* v. *Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (quoting Fed. R. Civ. P. 54(b)) (alterations in original); ECF No. 11878 at 4.

This Court should grant this Motion and award Plaintiffs final judgments against Iran under Rule 54(b) for the same reasons this Court awarded thousands of other 9/11 plaintiffs Rule 54(b) final judgments in its March 18, 2026 Memorandum Decision and Order.[1] ECF No. 11878 at 9. First, there are parties in the above-captioned actions aside from the moving Plaintiffs and Iran, and Plaintiffs only request the adjudication of some—but not all—of their claims, specifically excluding punitive and other damages. ECF No. 11878 at 9. Second, should this Court grant this Motion, Plaintiffs' rights against Iran will be finally decided within the meaning of 28 U.S.C. § 1291 since the Motion requests the dismissal, without prejudice, of additional damages the Plaintiffs could seek, including punitive damages, additional economic damages, and other appropriate damages. ECF No. 11878 at 9. Finally, this Court should find that "no just reason for delay" of entry of final Iran judgments exists. *See Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992) (Rule 54(b)'s third element "is left to the sound judicial discretion of the district court" and "is to be exercised 'in the interest of sound judicial administration'"). Awarding Plaintiffs Rule 54(b) final judgments against Iran would enable the Plaintiffs to assert a claim in the Forfeiture Proceeding to attempt

---

[1] The Court's April 30, 2026 Order requires that any requests for Rule 54(b) certifications include briefing that specifically addresses "(1) why they seek final judgments against Iran, including any specific assets on which they seek to execute; and (2) why Rule 54(b) authorizes certification of their judgments as final, including the reasons that the Court should expressly determine that 'no just reason for delay' exists." ECF No. 12041.

to execute against the Bitcoin without unnecessary delay, and minimally prejudices Iran, who has been absent from this litigation over the past twenty years. ECF No. 11878 at 9. This Court's decision to award the Plaintiffs finalized judgments against Iran "[would] make possible a more expeditious and just result for all parties." *Ginett,* 962 F.2d at 1092.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter judgments under Fed. R. Civ. P. 58(d) for each Memorandum Decision and Order or Order at ECF Nos. 5154 and 5857.  Plaintiffs further request that the Court direct the Clerk of Court to issue certified final judgments pursuant to Fed. R. Civ. P. 54(b) and ECF No. 11878 to be registered in the U.S. District Court for the Eastern District of New York.

Dated:  July 31, 2026

Respectfully submitted,

**SPEISER KRAUSE, PC**

/s/ Frank H. Granito
Frank H. Granito, III, Esq. (FG9760)
Speiser Krause, PC
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
f3g@speiserkrause.com

*Attorneys for the Ashton-Burlingame and Ashton-Betru Plaintiffs*

6