# ANDERSON KILL P.C.

**7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212-278-1000 / www.andersonkill.com**

Jerry Goldman
jgoldman@andersonkill.com
212-278-1569

*Via ECF*

August 3, 2026

The Honorable George B. Daniels
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, NY 10007

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
400 Foley Square
New York, NY 10007

    *Re:*    *In re Terrorist Attacks on September 11, 2001,* No. 03-MDL-1570 (GBD)(SN) –
        Correction of Judgments

Dear Judge Daniels and Magistrate Judge Netburn:

      Pursuant to the Court's July 9, 2026 Order granting Plaintiffs' Rule 58(d) motion, ECF No. 12175, the Clerk entered judgments on July 22, 2026 corresponding to several previously issued Memorandum Decision and Orders ("MDOs") in the above-referenced litigation. *See* ECF Nos. 12196, 12199, 12201. The purpose of those judgments was to memorialize as final judgments the awards and rulings previously granted by the Court and certified under Rule 54(b). The July 9, 2026 Order expressly directs the entry of judgments based upon those prior decisions.

      A comparison of the resulting judgments with the MDOs revealed several omissions that appear to have occurred during the conversion of those prior rulings into judgment form. Because the judgments were entered to reflect and implement the Court's previously issued rulings, we respectfully request correction of the following items so that the judgments accurately conform to the MDOs.[1]

## ECF No. 5927 (Order); ECF No. 12196 (Judgment)

      The Judgment at ECF No. 12196 does not appear to include two decretal paragraphs from the MDO at ECF No. 5927 concerning the Exhibit B estate plaintiff and its economic-damage award. Although the Judgment awards $2 million in pain-and-suffering damages to the Exhibit B estate and identifies future applications that may be submitted, it does not contain the below

---

[1] The Clerk's office stated it would not implement these changes without a judge's order.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**Anderson Kill P.C.**

quoted paragraph entering judgment for this estate plaintiff or the separate paragraph awarding the economic damages reflected in Exhibit B.

We respectfully request that the Judgment be amended to include the following language which is copied from the MDO:

- **ORDERED** that partial final judgment is entered against the Iran Defendants and on behalf of the Plaintiffs in *O'Neill II*, as identified in the attached Exhibit B, who are each the estate of a victim of the terrorist attacks on September 11, 2001, as indicated in Exhibit B; and it is

- **ORDERED** that Plaintiffs identified in the expert report attached as Exhibit B-1 to the Declaration of Jerry S. Goldman, Esquire ("Goldman Declaration") (and identified in Exhibit B) and annexed hereto, are awarded economic damages as set forth in Exhibit B and as supported by the expert reports and analyses attached as Exhibit B-1 to the Goldman Declaration; and it is

### ECF No. 9213 (Memorandum Decision & Order); ECF No. 12199 (Judgment)

The MDO at ECF No. 9213 identifies the Plaintiff as Kathleen Shagi, as Personal Representative of the Estate of Michael Shagi. The Judgment at ECF No. 12199, however, states only that "Plaintiff" is awarded $7,000,000 in pain-and-suffering damages and $309,790 in economic damages, without identifying the Plaintiff by name.

We respectfully request that the Judgment be amended to expressly identify the Plaintiff as Kathleen Shagi, as Personal Representative of the Estate of Michael Shagi.

### ECF No. 9931 (Memorandum Decision & Order); ECF No. 12201 (Judgment)

The final paragraph of the Judgment at ECF No. 12201 refers to "these Plaintiffs' 1605A claims against Iran." We respectfully request that "1605A" be changed to "state-law." The requested correction is consistent with the Judgment's earlier jurisdictional paragraph, which expressly states that the Court has subject-matter and personal jurisdiction over the Plaintiffs' **state-law claims** against the Islamic Republic of Iran under 28 U.S.C. §§ 1330 and **1605B**. *See also* ECF No. 9931 (same).

Accordingly, the relevant language in the final paragraph should read: "Under Fed. R. Civ. P. 54(b), as to these Plaintiffs' **state-law claims** against Iran, the conditions for entry of judgment under Fed. R. Civ. P. 54(b) are met . . . ."

**Anderson Kill P.C.**

The Honorable George B. Daniels
The Honorable Sarah Netburn
August 3, 2026
Page 3

   We would appreciate the Clerk's review and the entry of corrected judgments, or guidance regarding any submission the Court would prefer in order to address these issues.

   Respectfully submitted,

   */s/ Jerry Goldman*

   Jerry S. Goldman, Esq.
   *Attorney for the Plaintiffs*

cc (via ECF): All MDL Counsel of Record

SO ORDERED:

George B. Daniels, U.S.D.J.

Dated: AUG 0 4 2026

DOCS-101078736.2