**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE
FOR PERSONAL INJURY AND DEATH CLAIMS**

In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA ECF**

August 10, 2026

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re:     *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices governing discovery disputes, Plaintiffs respectfully request a conference and leave to serve a single, narrowly tailored deposition subpoena on non-party Steven Goldberg. This request is based on recently disclosed information from a percipient witness that was previously unavailable to Plaintiffs and the Court. That information bears directly upon three subjects: (i) the preparation and authorship of an expert report submitted on behalf of Defendant World Assembly of Muslim Youth ("WAMY"), (ii) the accuracy of testimony provided by WAMY's accounting expert, Jonathan Marks, and (iii) the truthfulness of representations made to the Court regarding events during Mr. Marks's July 22, 2021 deposition.

Mr. Goldberg recently provided this information voluntarily to Plaintiffs' counsel and indicated that he was willing to sign a declaration. Subsequent events, however, have made clear that Plaintiffs must seek Mr. Goldberg's sworn testimony through formal process.

Plaintiffs do not seek to reopen fact discovery generally, obtain supplemental expert reports, or otherwise disturb the Court's prior discovery rulings. Rather, Plaintiffs seek leave to conduct a single deposition of a witness who has represented that he possesses unique, firsthand knowledge bearing on the reliability of prior testimony and the integrity of proceedings before this Court.

A supporting declaration of Plaintiffs' counsel Robert T. Haefele and Steven Pounian accompanies this application.

**Background**

On May 4, 2026, Plaintiffs' counsel Robert T. Haefele spoke by telephone with Steven Goldberg, a former Director at Baker Tilly who attended Jonathan Marks's July 22, 2021 deposition in this litigation.

The Honorable Sarah Netburn
August 10, 2026
Page 2

Before any substantive discussion, Mr. Haefele confirmed that Mr. Goldberg was not represented by counsel in connection with the matters to be discussed. Mr. Haefele advised Mr. Goldberg that he represented Plaintiffs only; did not represent Mr. Goldberg; could not provide Mr. Goldberg with legal advice; and that Mr. Goldberg was free to end the conversation at any time. Mr. Haefele further instructed Mr. Goldberg not to disclose privileged communications, attorney work product, litigation strategy, or confidential attorney communications. These points were memorialized by email and confirmed by Mr. Goldberg before the discussion.

During the conversation, Mr. Goldberg stated that he attended Mr. Marks's July 22, 2021 deposition and personally observed conduct that, in his view, was inconsistent with later representations concerning what occurred during the deposition. Mr. Goldberg further stated that he had firsthand knowledge about the preparation of Mr. Marks's expert report and the extent of Mr. Marks's actual involvement in the work reflected in that report.

Following that initial discussion, Mr. Goldberg agreed to meet with Plaintiffs' counsel.

On May 27, 2026, Mr. Goldberg met with Plaintiffs' counsel Robert T. Haefele and Steven Pounian at the Motley Rice office in New York City.

Before any substantive discussion at that meeting, Mr. Goldberg executed a written acknowledgment confirming that: (1) Plaintiffs' counsel represented Plaintiffs, not Mr. Goldberg; (2) counsel could not provide him legal advice; (3) he was participating voluntarily; (4) he was not represented by counsel regarding the matters to be discussed; and (5) he would not disclose privileged communications, attorney work product, confidential attorney communications, or litigation strategy.

Mr. Goldberg then voluntarily described matters that he represented were based on his firsthand knowledge and involvement. Among other things, Mr. Goldberg stated that:

- he worked extensively on the WAMY engagement beginning in 2020;

- most of the substantive work relating to the engagement was performed by Mr. Goldberg and another Baker Tilly employee, Andy Guzman;

- Mr. Marks devoted minimal time to the engagement;

- the report ultimately signed and submitted by Mr. Marks was not authored by Mr. Marks or anyone else at Baker Tilly;

- during Mr. Marks's July 22, 2021 deposition, WAMY's counsel, Omar Mohammedi, repeatedly provided real-time coaching and direction to Mr. Marks while questions were pending;

- that coaching included written notes displayed on a Post-It Super Sticky Easel Pad and written prompts placed within Mr. Marks's view and reviewed by him before he answered;

- certain answers given by Mr. Marks reflected information and guidance conveyed through those written communications; and

The Honorable Sarah Netburn
August 10, 2026
Page 3

- based upon Mr. Goldberg's firsthand observations, subsequent representations to Plaintiffs' counsel and the Court concerning the absence of deposition coaching were inaccurate or misleading.

Mr. Goldberg additionally stated, based upon his role in the engagement and his firsthand knowledge of the work performed, that Mr. Marks's deposition testimony concerning the authorship of the report and his participation in its preparation was inaccurate.

At the close of the May 27 meeting, Mr. Goldberg confirmed that he was willing to review and sign a voluntary declaration memorializing his statements. After that meeting, Plaintiffs sought to obtain the voluntary declaration of Mr. Goldberg. Beginning on June 4, 2026, Plaintiffs contacted Mr. Goldberg by email and telephone and made multiple follow-up attempts through additional emails and voicemail messages. These communications have made clear that Plaintiffs must seek his sworn testimony through formal process.

The Court previously considered what it described as "serious allegations" concerning Mr. Marks's deposition and the preparation of his expert report based on the record then before it, including investigations conducted by outside counsel retained by WAMY's lawyers and Baker Tilly. ECF No. 10762 at 1. Neither investigation included sworn testimony of any witness, and specifically, Mr. Goldberg declined to participate at the time. On the basis of the record that resulted following those reports, the Court concluded that, except for the undisclosed attendance of two Baker Tilly associates at the deposition, the remaining allegations had "not been convincingly established" to warrant further inquiry. *Id.* at 2-6. Plaintiffs' present application, however, is based on information recently disclosed directly by Mr. Goldberg, whose account was unavailable when the Court ruled.

Plaintiffs therefore seek leave to obtain his testimony through formal process.

**Good Cause Exists For Limited Additional Discovery**

Good cause exists under Fed. R. Civ P. 16(b)(4) for the limited discovery Plaintiffs seek.

*First*, Plaintiffs acted diligently upon learning of Mr. Goldberg's information. Plaintiffs first spoke with Mr. Goldberg on May 4, 2026, met with him in person within weeks, reviewed the relevant factual points with him during that meeting, and promptly attempted to obtain a voluntary declaration. Plaintiffs determined that a subpoena was necessary only after repeated efforts to secure his voluntary cooperation proved unsuccessful. This application follows promptly from that determination.

*Second*, the testimony sought could not reasonably have been obtained earlier. Before May 2026, Mr. Goldberg had declined to discuss these matters. Plaintiffs therefore lacked both knowledge of his firsthand account and a sufficient basis to seek his testimony. *See* ECF No. 10762 (declining to require a sworn statement when Mr. Goldberg had previously declined to be interviewed).

The Honorable Sarah Netburn
August 10, 2026
Page 4

_____

*Third*, Mr. Goldberg possesses unique firsthand knowledge unavailable from other sources. According to his account, he participated in the Baker Tilly work underlying the WAMY expert engagement and personally observed the events that occurred during Mr. Marks's deposition.

*Fourth*, the proposed discovery is narrowly circumscribed. Plaintiffs seek only Mr. Goldberg's deposition, confined to three subjects: (1) Mr. Goldberg's work on the WAMY engagement at Baker Tilly; (2) the preparation and authorship of the expert report signed by Mr. Marks; and (3) events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition.

*Fifth*, notwithstanding the issues that have surrounded Mr. Marks's report and testimony, WAMY has indicated in its pending summary judgment motion that WAMY nonetheless anticipates relying on the opinions ascribed to Mr. Marks, both in the motion and at trial. Accordingly, evidence concerning the preparation and authorship of the report, and whether Mr. Marks accurately described his own role in preparing it, bears directly on the reliability and weight of evidence before the Court, either for the motion or at trial.

Plaintiffs do not presently seek document discovery, supplemental expert reports, further expert discovery, additional fact discovery, or any broader reopening of proceedings.

Finally, Mr. Goldberg's account bears directly upon the reliability of Mr. Marks's sworn deposition testimony, the preparation and authorship of the expert report submitted on WAMY's behalf, and representations made concerning the conduct of Mr. Marks's deposition. If Mr. Goldberg's testimony is consistent with the account he provided to Plaintiffs' counsel, his testimony may establish that portions of Mr. Marks's deposition testimony about the preparation of the expert report and his participation in the underlying work were not true, and that the representations concerning the conduct of the deposition itself were incomplete, false, or misleading. These issues extend well beyond ordinary impeachment and warrant examination under oath. The limited deposition requested here will permit the parties and the Court to evaluate these matters based on sworn testimony rather than counsels' recounting of unsworn accounts obtained through witness interviews.

**Requested Relief**

Plaintiffs seek leave solely to serve a deposition subpoena on Steven Goldberg and obtain his sworn testimony concerning the matters described above. Plaintiffs do not presently request any additional relief. Whether any further proceedings are warranted can be evaluated, if necessary, after this limited record has been developed.

The parties have previously conferred on multiple occasions regarding whether depositions should be permitted and could not reach agreement. WAMY's position on the issue of whether discovery of this nature should be permitted has been set forth in previous meet-and-confers, correspondence, and filings with the Court. WAMY has unequivocally stated that it will not alter its position. Plaintiffs have provided WAMY advance notice of this motion on August 7, 2026, and WAMY's counsel responded on August 8, 2026, confirming that WAMY intends to oppose the request. Plaintiffs understand that any further meet-and-confer efforts would be futile and respectfully request the Court's intervention.

The Honorable Sarah Netburn
August 10, 2026
Page 5

For the foregoing reasons, Plaintiffs respectfully request a conference and leave to serve a limited deposition subpoena on Steven Goldberg addressing:

1. his work on the WAMY engagement at Baker Tilly;
2. the preparation and authorship of Mr. Marks's expert report; and
3. events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
    ROBERT T. HAEFELE
    28 Bridgeside Boulevard
    Mount Pleasant, SC 29465
    Tel.: (843) 216-9163
    Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
    STEVEN R. POUNIAN
    485 Lexington Avenue
    New York, NY 10017
    Tel.: (212) 973-3477
    Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*

cc:    The Honorable George B. Daniels, via ECF
       All Counsel of Record via ECF