## Omar Mohammedi, Esq.

| | |
|---|---|
| **From:** | Omar Mohammedi, Esq. |
| **Sent:** | Saturday, August 8, 2026 7:16 PM |
| **To:** | 'Haefele, Robert T.'; Frederick Goetz |
| **Cc:** | Steven R. Pounian; Jerry S. Goldman; Flowers, Jodi; Carter, Sean ; Tarbutton, J. Scott |
| **Subject:** | RE: MDL 1570 Subpoena |

Robert:

We received your email concerning an issue that was litigated and decided by the Court nearly two years ago. Your email does not identify the substance of the purported "new, previously unavailable information," nor does it explain how the unavailable information has suddenly become available, particularly in light of the Court's prior ruling expressly considering and addressing these allegations and denying further inquiry. In order to further respond to your request, we ask that you provide us with this claimed newly discovered information in the form in which you received it immediately.

Absent that, and under these circumstances, there is no substantive basis for us to respond to.  If the PECs elect to file a motion seeking a subpoena or to reopen this previously resolved issue, we will oppose the motion and seek such relief and appropriate remedies as may be warranted. We trust that you will focus on addressing the merit of the pending summary judgment motion to which you sought 60 days extension rather than attempting to inject a previously court resolved collateral issue into the proceedings. We will act accordingly, depending on the course the PECs choose to pursue.

Best Regards,

Omar T. Mohammedi, Esq.

---

**From:** Haefele, Robert T. <rhaefele@motleyrice.com>
**Sent:** Saturday, August 8, 2026 3:10 PM
**To:** Omar Mohammedi, Esq. <OMohammedi@otmlaw.com>; Frederick Goetz <fgoetz@goetzeckland.com>
**Cc:** Steven R. Pounian <spounian@kreindler.com>; Jerry S. Goldman <Jgoldman@andersonkill.com>; Flowers, Jodi <jflowers@motleyrice.com>; Carter, Sean <SCarter@cozen.com>; Tarbutton, J. Scott <starbutton@cozen.com>
**Subject:** RE: MDL 1570 Subpoena

Good afternoon, Omar and Fred—

I am just following up on the message from yesterday to make sure that the message is not overlooked and that you are able to respond promptly.

Regards,



**Robert T. Haefele**
**Attorney at Law**

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9184
rhaefele@motleyrice.com

**From:** Haefele, Robert T.
**Sent:** Friday, August 7, 2026 11:00 AM
**To:** Omar T. Mohammedi (omohammedi@otmlaw.com) <omohammedi@otmlaw.com>; Goetz, Frederick <fgoetz@goetzeckland.com>
**Cc:** Steven R. Pounian <spounian@kreindler.com>; Jerry S. Goldman <Jgoldman@andersonkill.com>; Flowers, Jodi <jflowers@motleyrice.com>; Carter, Sean <SCarter@cozen.com>; Tarbutton, J. Scott <starbutton@cozen.com>
**Subject:** MDL 1570 Subpoena

Dear Omar and Fred:

We recently received new, previously unavailable information from a witness who was present at the July 22, 2021 deposition of Jonathan Marks that bears directly on the existing record concerning that deposition and Mr. Marks's expert report. Accordingly, Plaintiffs intend to move for leave to serve a deposition subpoena on Steven Goldberg.

Given the parties' prior meet-and-confers, correspondence, and motion practice concerning Plaintiffs' efforts to obtain discovery relating to Mr. Marks's deposition and expert report, we understand that WAMY would oppose such a motion and that a further meet-and-confer would not be productive. If that is not the case, please let us know immediately, as we intend to file the motion promptly.

Regards,



**Robert T. Haefele**
**Attorney at Law**

28 Bridgeside Blvd., Mt. Pleasant, SC 29464
**o.** 843.216.9184
rhaefele@motleyrice.com

Confidential & Privileged

Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and confidential information/work product. This communication is intended for the use of the individual or entity named above. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.