

Aisha E. R. Bembry
202 659 6752
aisha.bembry@lbkmlaw.com

February 27, 2025

**VIA ECF**

Hon. Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN)**

Dear Judge Netburn:

The undersigned attorneys, counsel for Certain Defendants[1] in the above-referenced litigation, write in advance of Friday's conference concerning the anonymously sourced allegations regarding the deposition of Mr. Marks, an expert employed by Baker Tilly and retained by the World Assembly of Muslim Youth ("WAMY"). *See* ECF No. 10695 (setting conference). Counsel for Certain Defendants write to express their concerns about the repeated, unwarranted and public attacks on the integrity of fellow counsel in this litigation. Certain Defendants have no access to the underlying facts and so cannot comment on them.

The Plaintiffs' Executive Committees ("PECs") took the deposition of Mr. Marks in July 2021. ECF No. 10416 at 1. The Court adjudicated the PECs' challenges to Mr. Marks in April 2023. ECF No. 9060 at 35. In July 2024, the PECs received an anonymous letter alleging misconduct during the 2021 deposition of Mr. Marks. ECF No. 10416 at 1. In October 2024, a member of the PECs, Mr. Robert Haefele, belatedly notified the Court of these allegations and sought discovery that spanned thirteen topics, including an annotated floorplan of the deposition room, time records, visitor logs, and any "economic or other motive(s) that potentially contributed to any of the alleged wrongdoing." ECF No. 10416 at A-1. In response, Baker Tilly and WAMY's counsel each retained former Assistant United States Attorneys to conduct investigations into the allegations. ECF No. 10664 at 1 n.1. And counsel for WAMY—officers of the Court—submitted a letter to the Court denying the allegations. ECF No. 10533.

After months of investigation, on January 13, 2025, this Court concluded, *inter alia*, that the anonymous letter's "more explosive allegations"—including the allegation "that Marks was coached in real time at his deposition"—were not substantiated and that the "visual or audio indicia" excerpts from the Marks deposition did not indicate cheating. ECF No. 10664 at 2. The

---

[1] As used herein, "Certain Defendants" refers to Defendants Muslim World League, International Islamic Relief Organization, Dr. Abdullah bin Saleh Al Obaid, Dr. Adnan Khalil Basha, Dr. Abdullah Omar Naseef, Dr. Abdullah bin Abdelmohsen Al Turki, and Yassin Kadi.

1050 K Street, NW  |  Suite 400  |  Washington, DC 20001  |  t 202 833 8900  |  f 202 466 5738

WASHINGTON     NEW YORK     LONDON

lbkmlaw.com

Court's Order permitted the PECs to request a discussion on the topic "[t]o the extent the PECs believe that expending further resources on this matter is warranted." *Id.* On January 29, 2025, Mr. Haefele wrote to the Court on behalf of the PECs to advise that they would request "that each of the persons who was physically present in the room at the Marks deposition, in whatever capacity, prepare a sworn individual witness statement which recounts what happened at the deposition and responds to the specific allegations contained in the [anonymous] letter." ECF No. 10689.

The PECs' latest intrusive request, when evaluated in the context of the months-long investigation of *anonymously* sourced allegations that this Court has concluded were not substantiated and did not indicate cheating or coaching, appears to be a continued and systematic public questioning of the integrity of officers of the Court. Having raised these issues with the Court and received submissions from counsel for WAMY denying the coaching allegations, followed by an Order concluding that the specific allegation of coaching was not substantiated, the PECs now seek from WAMY's counsel "a sworn individual witness statement which recounts what happened at the deposition." ECF No. 10689. But counsel for WAMY have already submitted a letter denying the coaching allegations, and they are officers of the Court with obligations of candor to it. *See e.g.*, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 3.3.

The PECs' request demanding more of WAMY counsel and insisting upon further public scrutiny based on anonymous allegations deemed unsubstantiated by the Court is troubling, unwarranted and smacks of opportunistic harassment of counsel. Certain Defendants are concerned about the precedent that such sustained and repeated attacks on the integrity of officers of the Court will set if allowed to continue unchecked.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Aisha E. R. Bembry*
Eric L. Lewis
Aisha E. R. Bembry (admitted *pro hac vice*)
Sumayya Khatib (admitted *pro hac vice*)
Lewis Baach Kaufmann Middlemiss PLLC
1050 K Street NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Fax: (202) 466-5738
Email: eric.lewis@lbkmlaw.com
Email: aisha.bembry@lbkmlaw.com
*Counsel for Defendants Muslim World League, International Islamic Relief Organization, Dr.*

*Abdullah bin Saleh Al Obaid, Dr. Adnan Khalil Basha, Dr. Abdullah Omar Naseef, and Dr. Abdullah bin Abdelmohsen Al Turki*

*/s/ Alan Kabat*
Alan Kabat
Bernabei & Kabat PLLC
1400 16th St. NW #500
Washington, DC 20036-2223
Telephone: 202-745-1942
Email: Kabat@BernabeiPLLC.com
*Counsel for Dr. Abdullah bin Saleh Al Obaid, Dr. Adnan Khalil Basha, Dr. Abdullah Omar Naseef, and Dr. Abdullah bin Abdelmohsen Al Turki*

*/s/ Amy Rothstein*
Amy Rothstein
Peter C. Salerno
Salerno & Rothstein
221 Schultz Hill Road
Pine Plains, NY 12567
Telephone: (518) 771-3050
Email: amyrothsteinlaw@gmail.com
Email: peter.salerno.law@gmail.com
*Counsel for Defendant Yassin Kadi*

cc: Counsel of record (via ECF)