**UNITED STATES DISTRICT COURT -- SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Estate of John Patrick O'Neill Sr., et al. v. The Republic of Iraq, et al., 1:04-cv-01076 (GBD)(SN)*
*Deborah Bodner, et al. v. Islamic Republic of Iran, 1:19-cv-11776 (GBD)(SN)*

**DECLARATION OF JOHN F. SCHUTTY, ESQ.**
**IN SUPPORT OF PLAINTIFFS' MOTION TO CORRECT THE**
**RULE 54(b) FINAL JUDGMENT TO INCLUDE PREJUDGMENT INTEREST**

I, John F. Schutty, Esq., declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice before this Court and counsel for Lisa Jordan, Kelsey Jordan, Sean Jordan, Matthew Jordan, Catherine McShane, Colin McShane, Sean McShane, Aidan McShane, Deborah Temple, Justin Morello, and Paige Morello (collectively, the "Plaintiffs").

2. I submit this Declaration in support of Plaintiffs' motion pursuant to Federal Rule of Civil Procedure 60(a) to correct the Rule 54(b) Final Judgment entered at MDL ECF No. 12038 (hereinafter all references are to the MDL docket) to include prejudgment interest expressly contemplated and ordered by the Court.

3. I make this declaration based upon my personal knowledge, my review of the docket and record in this action, and the records maintained by my office in connection with this matter. To the extent any matter stated herein is based upon the Court's docket or filings, I identify the applicable docket entry.

## I. THE PLAINTIFFS REQUESTED FINAL JUDGMENT WITH PREJUDGMENT INTEREST

4. On February 11, 2026, Plaintiffs filed the Declaration of John F. Schutty in Support of the Motion for Judgment Against Iran on Behalf of Certain *Bodner* Plaintiffs Based on Prior Awards or Waivers of Punitive Damages, ECF No. 11718.

5. ECF No. 11718 expressly stated that the Plaintiffs had agreed to waive their punitive-damage claims against Iran conditionally, in exchange for the Court's grant of a Final Judgment "with prejudgment interest." The declaration identified the Plaintiffs who had consented to that condition, including Lisa Jordan, Kelsey Jordan, Sean Jordan, Matthew Jordan, Catherine McShane, Colin McShane, Sean McShane, Aidan McShane, Deborah Temple, Justin Morello, and Paige Morello.

6. ECF No. 11718 further explained that the only remaining issue preventing entry of Final Judgment was punitive damages and that the Plaintiffs were willing to waive those claims to obtain immediate Final Judgment with prejudgment interest.

7. The relief specifically requested in ECF No. 11718 included an order directing the Clerk to enter Judgment with prejudgment interest at the rate of 4.96 percent per annum, compounded annually, from September 11, 2001 through the date of Judgment.

8. ECF No. 11718 did not request that prejudgment interest be determined at some later unspecified date. It requested that the Final Judgment itself include prejudgment interest calculated pursuant to the specified rate and period.

9. The declaration specifically requested that the Clerk be instructed to prepare a Final Judgment "with a calculation of appropriate prejudgment interest."

## II. ECF 11718-1 IDENTIFIED THE COMPENSATORY AWARDS AND PREJUDGMENT INTEREST AS COMPONENTS OF THE REQUESTED RELIEF

10. Filed with ECF No. 11718 was Exhibit A, ECF No. 11718-1, entitled "List of Prior Awards to Plaintiffs (Now Requesting Pre-Judgment Interest & Final Judgment)."

11. The title of Exhibit A itself identified the relief being requested: prejudgment interest and Final Judgment.

12. The chart in ECF No. 11718-1 separately identified the Plaintiffs' previously awarded pain-and-suffering damages, economic-loss damages, solatium damages, total compensatory damages, punitive damages to be waived, and a separate column for "Pre-Judgment Interest (4.96% Compounded Annually Since 9/11/2001)."

13. The chart identified, among others, the following compensatory awards:

a. Estate of Andrew Jordan — $2,000,000 in pain and suffering and $2,607,424 in economic loss, for total compensatory damages of $4,607,424;
b. Lisa Jordan — $12,500,000 in solatium damages;
c. Kelsey Jordan — $8,500,000 in solatium damages;
d. Sean Jordan — $8,500,000 in solatium damages;
e. Matthew Jordan — $8,500,000 in solatium damages;
f. Estate of Terence McShane — $2,000,000 in pain and suffering and $57,944,384 in economic loss, for total compensatory damages of $59,944,384;
g. Catherine McShane — $12,500,000 in solatium damages;
h. Colin McShane — $8,500,000 in solatium damages;
i. Sean McShane — $8,500,000 in solatium damages;
j. Aidan McShane — $8,500,000 in solatium damages;
k. Estate of Vincent Morello — $2,000,000 in pain and suffering;
l. Deborah Temple — $12,500,000 in solatium damages;
m. Justin Morello — $8,500,000 in solatium damages; and
n. Paige Morello — $8,500,000 in solatium damages.

14. Thus, before the Court entered its April 20, 2026 Order, the record already reflected that Plaintiffs were seeking a Final Judgment that included prejudgment interest and that the requested interest was to be calculated at 4.96 percent, compounded annually, beginning September 11, 2001.

## III. THE APRIL 20, 2026 ORDER DIRECTED THE CLERK TO CALCULATE PREJUDGMENT INTEREST

15. On April 20, 2026, the Court entered its Order for Entry of Final Judgment Against Iran on Behalf of Certain *Bodner* Plaintiffs Based on Waivers of Punitive Damages, ECF No. 12020.

16. The Court's April 20 Order identified the Plaintiffs represented on the motion and recognized that they had agreed to waive their punitive-damage claims conditionally in exchange for an immediate Final Judgment, including prejudgment interest.

17. The Court then ordered that punitive damages were waived in exchange for the Court's direction to the Clerk to enter a Final Judgment on the Plaintiffs' compensatory damage awards identified in Exhibits B-1 through B-3.

18. Critically, the Court separately ordered:

> "prejudgment interest on the compensatory damage awards is to be calculated by the Clerk of the Court at the rate of 4.96 percent per annum, compounded annually, for the period from September 11, 2001, until the date of the Final Judgment."

19. The Court therefore determined the entitlement to prejudgment interest and specified all material parameters necessary to calculate it: the principal compensatory awards, the annual rate, the annual compounding method, the commencement date, and the ending date.

20. The Court further directed the Clerk to enter a Final Judgment against the Islamic Republic of Iran, certified pursuant to Federal Rule of Civil Procedure 54(b), for the Plaintiffs identified in Exhibits B-1 through B-3.

21. Accordingly, ECF No. 12020 did not merely contemplate a future request for prejudgment interest. It expressly directed the Clerk to calculate that interest as part of the Final Judgment process.

## IV. THE APRIL 28, 2026 RULE 54(b) JUDGMENT REPEATED THE COURT'S PREJUDGMENT-INTEREST DIRECTIVE

22. On April 28, 2026, the Court entered the Rule 54(b) Final Judgment, ECF No. 12038.

23. ECF No. 12038 expressly provides that, for the reasons stated in the Court's April 20, 2026 Order, the Plaintiffs waived punitive damages in exchange for the Court's direction to the Clerk to enter Final Judgments on their compensatory damage awards.

24. The Rule 54(b) Judgment then expressly repeats the Court's prejudgment-interest directive, providing that prejudgment interest "is to be calculated by the Clerk of the Court at the rate of 4.96 percent per annum, compounded annually, for the period from September 11, 2001, until the date of the Final Judgment."

25. ECF No. 12038 then states that Final Judgment is entered against the Islamic Republic of Iran, certified as a Final Judgment pursuant to Federal Rule of Civil Procedure 54(b), in favor of the *O'Neill-Bodner* Plaintiffs identified in Exhibits B-1 through B-3.

26. The exhibits attached to ECF No. 12038 identify the compensatory principal amounts underlying the judgments. For example, Exhibit B-1 identifies the principal judgments for these individual Plaintiffs.

27. Exhibit B-2 separately identifies economic-loss principal amounts, including $2,607,424 for Lisa Jordan and $5,794,384 for Catherine McShane.

28. The judgment schedules therefore identify the underlying compensatory principal amounts but do not set forth the corresponding dollar amounts of prejudgment interest calculated at 4.96 percent compounded annually from September 11, 2001 through April 28, 2026.

## V. THE RECORD DEMONSTRATES THAT PREJUDGMENT INTEREST WAS NOT A NEW OR UNRESOLVED CLAIM

29. The procedural history is significant because it demonstrates that prejudgment interest was not an issue being raised for the first time after entry of the Rule 54(b) Judgment.

30. Plaintiffs expressly requested Final Judgment with prejudgment interest in ECF No. 11718.

31. Plaintiffs' supporting schedule, ECF No. 11718-1, expressly identified prejudgment interest at 4.96 percent compounded annually since September 11, 2001 as part of the requested relief.

32. The Court's April 20, 2026 Order, ECF No. 12020, expressly directed the Clerk to calculate that prejudgment interest.

33. The Court's April 28, 2026 Rule 54(b) Judgment, ECF No. 12038, expressly repeated the same directive.

34. The record therefore establishes a continuous and unambiguous progression from the Plaintiffs' request, to the Court's Order, to the Final Judgment.

35. Plaintiffs are not asking the Court to exercise new discretion concerning whether prejudgment interest should be awarded.

36. Plaintiffs are not asking the Court to establish a new interest rate.

37. Plaintiffs are not asking the Court to establish a new commencement date.

38. Plaintiffs are not asking the Court to establish a new termination date.

39. Plaintiffs are not asking the Court to reconsider the compensatory damage awards.

40. Plaintiffs seek only to have the Final Judgment accurately reflect and implement the prejudgment-interest relief that the Court expressly directed the Clerk to calculate.

## VI. THE REQUESTED CORRECTION

41. The omission at issue is therefore limited and ministerial.

42. The Court has already established the underlying compensatory principal amounts.

43. The Court has already established the interest rate of 4.96 percent per annum.

44. The Court has already directed that interest be compounded annually.

45. The Court has already established September 11, 2001 as the commencement date.

46. The Court has already established the date of Final Judgment as the ending date.

47. The only remaining task is the mathematical calculation of the interest and its inclusion in the Final Judgment.

48. Because the Final Judgment schedules presently identify the compensatory principal awards without stating the corresponding prejudgment-interest amounts, the Judgment does not fully reflect the monetary relief expressly directed by the Court.

49. Plaintiffs therefore respectfully request that the Court correct the Final Judgment pursuant to Federal Rule of Civil Procedure 60(a) to include the prejudgment interest required by ECF Nos. 12020 and 12038. *Since the existing chart that the court has used for awarding compensatory damages does not contain columns for prejudgment interest calculations and a "Total Final Judgment" (including an award of pre-judgment interest), we respectfully suggest that two columns be added by the Court to the chart to facilitate the work of the clerk in calculating "Prejudgment Interest" and establishing a "Total Final Judgment" amount for each plaintiff.*

50. Plaintiffs further request that the Clerk be directed to calculate prejudgment interest for each applicable Plaintiff at 4.96 percent per annum, compounded annually, from September

11, 2001 through April 28, 2026, and to add the resulting amounts to the applicable Final Judgments.

## VII. THE REQUESTED RELIEF DOES NOT ALTER THE SUBSTANCE OF THE COURT'S JUDGMENT

51. The requested correction would not alter the substantive compensatory awards already entered.

52. It would not add punitive damages, which Plaintiffs expressly waived.

53. It would not modify any factual finding or legal determination made by the Court.

54. It would not require the Court to determine whether prejudgment interest is appropriate.

55. That issue has already been resolved by the Court's express direction that such interest "is to be calculated by the Clerk."

56. The requested correction would simply cause the written Final Judgment to reflect the full monetary relief that the Court ordered.

## VIII. AI GENERATED PREJUDGMENT INTEREST CALCULATIONS

| **McShane Family & Estate Unified Judgment Breakdown** | | | | |
|---|---|---|---|---|
| **Family Member/Entity** | **Role** | **Principal Award** | **Prejudgment Interest (4.96% Compounded Annually Since 9/11/2001)** | **Total Final Judgment** |
| Terence McShane Estate | Decedent Estate | $59,944,384 | $137,687,092.76 | $197,631,476.76 |
| Catherine McShane | Spouse | $12,500,000 | $28,711,424.57 | $41,211,424.57 |
| Aidan McShane | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Colin McShane | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Sean McShane | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |

| | | | | |
|---|---|---|---|---|
| Total Family & Estate Award | - | $97,944,384 | $224,969,823.45 | $322,914,207.45 |

| Jordan Family & Estate Unified Judgment Breakdown | | | | |
|---|---|---|---|---|
| **Family Member /Entity** | **Role** | **Principal Award** | **Prejudgment Interest (4.96% Compounded Annually Since 9/11/2001)** | **Total Final Judgment** |
| Andrew Jordan Estate | Decedent Estate | $4,607,424 | $10,582,856.53 | $15,190,280.53 |
| Lisa Jordan | Spouse | $12,500,000 | $28,711,424.57 | $41,211,424.57 |
| Matthew Jordan | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Kelsey Jordan | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Sean Jordan | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Total Family & Estate Award | - | $42,607,242 | $97,865,587.22 | $140,473,011.22 |

| Morello Family & Estate Unified Judgment Breakdown | | | | |
|---|---|---|---|---|
| **Family Member /Entity** | **Role** | **Principal Award** | **Prejudgment Interest (4.96% Compounded Annually Since 9/11/2001)** | **Total Final Judgment** |
| Vincent Morello Estate | Decedent Estate | $2,000,000 | $4,593,827.93 | $6,593,827.93 |
| Deborah Temple | Spouse | $12,500,000 | $28,711,424.57 | $41,211,424.57 |
| Justin Morello | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Paige Morello | Child | $8,500,000 | $19,523,768.71 | $28,023,768.71 |
| Total Family & Estate Award | - | $31,500,000 | $72,352,789.92 | $103,852,789.92 |

## IX. CONCLUSION

57. For the foregoing reasons, Plaintiffs respectfully request that the Court correct the Rule 54(b) Final Judgment entered at ECF No. 12038 to include the prejudgment interest expressly directed by the Court.

58. Plaintiffs specifically request that the Clerk calculate prejudgment interest on the applicable compensatory damage awards at the rate of 4.96 percent per annum, compounded annually, from September 11, 2001 through April 28, 2026, and that the resulting interest amounts be incorporated into the Final Judgment.

59. Plaintiffs further request such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2026
New York, New York

LAW OFFICE OF JOHN F. SCHUTTY, P.C.

By: /s/ *John F. Schutty*

John F. Schutty (JS2173)
445 Park Avenue, 9th Floor
New York, New York 10022
Tel: (646) 345-1441