LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

August 26, 2026

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-International (USA) ("WAMY") file this letter motion to clarify and limit the scope of the deposition of Steven Goldberg allowed by the Court's Order of August 20, 2026. (ECF No. 12249). WAMY asks that the Court expressly limit the scope of the deposition in accord with Fed. R. Civ. P. 26(b)(4) and (c). Given the circumstances surrounding Plaintiffs' counsel Haefele and Pounian's request, the history of discovery in this matter, and the substantial confidentiality and privilege concerns implicated by the deposition, including the attorney work-product doctrine and the privilege protecting communications between defense counsel and their testifying and non-testifying experts, WAMY respectfully request that the Court enter an order expressly limiting the subjects of inquiry at the deposition and to provide for appropriate judicial supervision of the deposition. See Exhibits A.[1]

**I. The Court should prohibit Plaintiffs from questioning Goldberg about his work on the WAMY engagement at Baker Tilly.**

In their letter application seeking to depose Goldberg, counsel for Plaintiffs, Haefele and Pounian represented that the scope of the deposition would be "narrowly circumscribed" to "three subjects: (1) Mr. Goldberg's work on the WAMY engagement at Baker Tilly; (2) the preparation and authorship of the expert report signed by Mr. Marks; and (3) events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition." (ECF No. 12231). The Court's Order of August 20, 2026, granted Plaintiffs' request to serve a deposition notice on Goldberg but did not address the scope of the inquiry Plaintiffs would be allowed in deposing Goldberg. (ECF No. 12249). In light of the Court's ruling, WAMY does not contest subjects 2

[1] By letter to Haefele and Pounian, on August 25, 2026, WAMY raised its concerns about the scope of the deposition and attempted to resolve the issue without court intervention. Plaintiffs' counsel responded by letter of August 26, 2026 at 7:16 pm, before the filing of this motion. The issue raised in this letter motion remains unresolved.

and 3 as they are clearly defined and pertinent to the claims Plaintiffs raise again concerning the deposition of Jonathan Marks.[2]

The same cannot be said about Plaintiffs' first proposed subject which would allow them to question Goldberg about anything concerning his "work on the WAMY engagement at Baker Tilly." This subject is not at all "narrowly circumscribed" but instead overly broad and undefined. Indeed, allowing Haefele and Pounian to question Goldberg, a member of WAMY's expert forensic accountant's team at Baker Tilly, would violate the scope and limits of discovery as to experts set by Fed. R. Civ. P. 26(b)(4)(B) and (C). These Rules provide that an opposing party is not entitled to the following expert discovery:

> **(B)** *Trial-Preparation Protection for Draft Reports or Disclosures*. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> **(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> **(i)** relate to compensation for the expert's study or testimony;
>
> **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26 (b)(4)(B) and (C).

Allowing Haefele and Pounian to ask Godberg about anything he did with respect to the WAMY engagement would call for disclosure of the very information protected by Rule 26(b)(4). Plaintiffs have already questioned Jonathan Marks extensively about all areas of trial-preparation communications between Baker Tilly and WAMY's counsel permitted by Rule 26(b)(4)(C). Plaintiffs' first proposed line of questioning would go well beyond that and seek to discover communications between WAMY's counsel and their expert and his supporting team, communications which would reveal WAMY's counsel's litigation strategy, mental impressions,

[2] So there is no dispute, while WAMY agrees to these subjects of inquiry, WAMY vehemently maintains its position that any claims by Steven Goldberg that Marks was coached by Omar Mohamedi or anyone else at his deposition while a question was pending or that Jonathan Marks and his team at Baker Tilly did not write his report are false.

and other protected subjects. Not only is such discovery not permissible under the federal rules, but it has nothing to do with what WAMY understands Goldberg's repackaged allegations now are: that Marks was coached during his deposition and that Baker Tilly did not author Marks's report.

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause shown, to limit the scope of a deposition to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1); *Topo v. Dhir*, 210 F.R.D. 76, 77 (S.D.N.Y. 2002). "Even with regard to relevant matters, courts have broad discretion to limit or bar discovery altogether." *Topo*, 210 F.R.D. 76, 79 (S.D.N.Y. 2002)).

Rules 26(b)(4)(B) and (C) were added to provide work product protection to drafts of expert reports or disclosures and attorney-expert communications "regardless of the form of the communications, whether oral, written, electronic, or otherwise." Fed. R. Civ. P. 26 Subdivision (b)(4), Committee Comments, 2010 Amendments. The Committee Comments also explain:

> The addition of Rule 26(b)(4)(C) is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery. The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, including any "preliminary" expert opinions. **Protected "communications" include those between the party's attorney and assistants of the expert witness**.

Id. (emphasis supplied). See also *Fung-Schwartz v. Cerner Corp.*, No. 17CV0233VSBBCM, 2021 WL 863342, at *4-5 (S.D.N.Y. Jan. 27, 2021) (finding that communication between an expert and the attorney is protected under Rule 26(b)(4)(C) when an expert provides a report, irrespective of whether or the expert is retained or not).

As the court noted in *In re Elysium Health-ChromaDex Litig.*, No. 17-CV-7394 (LJL), 2021 WL 1249223, at *2 (S.D.N.Y. Apr. 5, 2021):

> The 2010 amendments thus reflect a recognition that it is not uncommon for an expert retained to testify in a matter to have counsel or another consulting firm assist with the initial preparation and analysis that goes into an expert report and for counsel to discuss alternative theories and approaches with the expert before the expert formulates her final opinion. There is value in protecting such information from disclosure.

Id. *See also Deangelis v. Corzine*, 2016 WL 93862, at *4-5 (S.D.N.Y. Jan 7, 2016) (discussing history of 2010 amendments and noting that the prior disclosure rules had the "undesirable"

effect of chilling communication between counsel and the expert, often requiring attorneys to hire two sets of experts, one of whom was engaged for consultation only).

Goldberg was part of Marks's team at Baker Tilly and assisted in the preparation of the report. Plaintiffs knew of Goldberg's involvement in the case long before Marks was deposed as Goldberg's name is in Baker Tilly's billing records. The fact that Goldberg has now gone off the rails and is making serious but false accusations against Baker Tilly and WAMY does not deprive WAMY of the protections it is entitled to under the Rules.

WAMY therefore respectfully requests that the Court limit the subjects of the Goldberg deposition to (1) the preparation and authorship of the expert report signed by Mr. Marks; and (2) events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021, deposition.

## II. The Circumstances Warrant Judicial Supervision of the Deposition

Given the "exceptional condition" and the substantial dispute concerning the scope and purpose of this deposition, WAMY respectfully requests that the Court appoint a Special Master, or otherwise designate an appropriate judicial officer or mechanism, to supervise the deposition. See, Fed. R. Civ. P. 53(a)

WAMY makes this request to ensure that the deposition remains within the precise boundaries established by the Court. The history of the discovery disputes in this unfortunate collateral matter, together with Haefele and Pounian's intent on the expansive scope of the deposition as a fishing expedition, creates a substantial risk that the deposition could devolve into collateral disputes over privilege, confidentiality, work product, and the proper scope of questioning. Having a neutral judicially appointed person present would allow those issues to be addressed promptly and would prevent the deposition from becoming a vehicle for discovery beyond what the Court has authorized. Permitting an unsupervised, wide-ranging deposition under the guise of a narrow authorization would itself constitute the kind of oppression that Rule 26(c) is designed to prevent.

This protection is particularly important because the deposition is occurring at a critical stage of the litigation, including in the context of the pending summary-judgment proceedings. WAMY is concerned that Haefele and Pounian may seek to use a narrowly authorized deposition to obtain information unrelated to the issue before the Court or to create further collateral disputes concerning WAMY's expert and counsel relationships. Due to Haefele and Pounian's actions, WAMY and its counsel are already being subjected to extreme harassment. Any further creation of collateral issues risks jeopardizing the fair and orderly administration of justice, to the substantial prejudice to WAMY and its counsel.

WAMY respectfully submits that judicial supervision would protect the interests of all parties and conserve judicial resources by preventing disputes during the deposition from requiring subsequent motion practice.

WAMY has every confidence that the factual record will ultimately establish the truth concerning the matters Plaintiffs have raised and that the allegations of serious misconduct are once again unfounded. WAMY should not, however, be required to surrender protected information or permit an unrestricted examination simply because Plaintiffs have characterized broader discovery as potentially relevant.

## III. Plaintiffs Have Not Properly Provided WAMY With the Subpoena and Proof of Service

Separately, although Haefele and Pounian have apparently served Mr. Goldberg with a deposition subpoena, they refuse to produce a copy of the subpoena or the purported proof/certificate of service. WAMY promptly requested that Plaintiffs provide those materials and, despite that request, Plaintiffs' counsel, Haefele and Pounian, simply ignored the request. (see, Exhibits A and B).[3] WAMY has now made two separate requests for the subpoena, yet Plaintiffs' counsel have failed to produce it or provide any legitimate reason for withholding it. There is simply no reasonable basis for requiring Defendants to remain unaware of the precise discovery that Plaintiffs have sought from a witness whose examination is directly related to matters presently before the Court. Accordingly, WAMY respectfully requests that Plaintiffs be directed to immediately provide a complete copy of the subpoena and the corresponding proof/certificate of service.

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court:

1. Enter an order expressly limiting the subjects of Mr. Goldberg's deposition to (1) the preparation and authorship of the expert report signed by Mr. Marks; and (2) events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition.
2. Appoint a Special Master, or alternatively provide another appropriate form of judicial supervision, to oversee the deposition and resolve disputes concerning scope, privilege, confidentiality, and permissible questioning as they arise; and
3. Direct Plaintiffs' counsel, Haefele and Pounian, to immediately provide Defendants with a complete copy of the subpoena served upon Mr. Goldberg and the corresponding proof/certificate of service.

Respectfully submitted,

*/s/Omar Mohammedi*

______________________

[3] WAMY made two good faith requests on this matter. On August 24, 2026 (Exhibit B), WAMY asked that Haefele to provide a the "deposition notice / subpoena and proof of service immediately; Haefele did not respond to this request. On August 25, 2026, WAMY emailed a letter (Exhibit A) again asking for the subpoena and proof of service. Again, Hafele and Pounian ignored WAMY's counsel request, thereby refusing to produce a copy of the subpoena they served on Mr. Golberg along with the proof of service.

Omar T. Mohammedi

*/s/Frederick Goetz, Esq.*
__________________________
Frederick Goetz

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.