# EXHIBIT B

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| **IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001** | **03-MD-1570 (GBD)(SN)** **ECF Case** |

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic Army, et al. No. 02-CV-6977*
*Burnett, et al. v. Al Baraka Investment & Development Corp., et al., No. 03-CV-5738*
*Continental Casualty Co., et al. v. Al Qaeda Islamic Army, et al., No. 04-CV-05970*
*Euro Brokers v. Al Baraka Investment and Development Corp., et al, No. 04-CV-7279*
*Estate of O'Neill, et al. v. Al Baraka Investment and Development Corp., et al, No. 04-CV-1923*
*Federal Insurance Col, et al. v. Al Qaida, et al., No. 03-CV-6978*

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: STEVEN GOLDBERG
4 BLACK SWAN COURT
BROOKFIELD, CT 06804

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information, or objects specified on Schedule A, and to permit inspection, copying, testing, or sampling of the material.

| | |
|---|---|
| Place: Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710 | Date: September 14, 2026<br>Time: 9:00 a.m. Eastern Time |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

_______________________________
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing World Assembly of Muslim Youth and World Assembly of Muslim Youth International (collectively "WAMY"), who issues or requests this subpoena, are: Marcus A. Asner, Esq., Arnold & Porter Kaye Scholer LLP, 250 W. 55th St, New York, NY 10019 212.836.7222, Marcus.Asner@arnoldporter.com.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Schedule A
Documents and Electronically Stored Information to Be Produced

Definitions and Instructions

1. "You" and "your" mean Steven Goldberg and any person acting on your behalf.

2. "Plaintiffs' Counsel Personnel" means Robert T. Haefele, Steven R. Pounian, Motley Rice LLC, Kreindler & Kreindler LLP, their personnel, and any other lawyer or person acting for or in coordination with Plaintiffs' counsel in the above-captioned action.

3. "Communication" means every oral, written, or electronic communication, including emails, text messages, instant messages, direct messages, correspondence, voicemail messages, call records, calendar entries, meeting invitations, notes, recordings, and communications using a personal or business account, device, or platform.

4. Produce responsive electronically stored information in its native format where reasonably available, with all associated metadata and attachments preserved. For emails, produce the message and all attachments together. If native production is not reasonably available, produce a reasonably usable searchable format that preserves family relationships and available metadata.

5. Produce documents as kept in the ordinary course of business or organize and label them to correspond with the numbered requests below.

6. If any material is withheld on a claim of attorney-client privilege, work-product protection, or any other privilege or protection, provide a log identifying the date, author, recipient(s), document or communication type, general subject matter, and the privilege or protection asserted, sufficient to evaluate the claim without revealing protected substance.

Requests

1. All telephone-call logs, records, calendar entries, and other records reflecting communications between you and Robert T. Haefele, Steven R. Pounian, or any Plaintiffs' Counsel Personnel.

2. All email communications between you and Robert T. Haefele, Steven R. Pounian, or any Plaintiffs' Counsel Personnel.

3. All text messages, instant messages, direct messages, and all other communications between you and Robert T. Haefele, Steven R. Pounian, or any Plaintiffs' Counsel Personnel.

4. All notes, memoranda, summaries, recordings, or other records created, maintained, or possessed by you relating to communications between you and Robert T. Haefele, Steven R. Pounian, or any Plaintiffs' Counsel Personnel.

5. All notes, memoranda, summaries, recordings, or other records relating to the telephone call between you and Robert T. Haefele on May 4, 2026.

6. All notes, memoranda, summaries, recordings, calendar entries, invitations, or other records relating to the interview or meeting involving you on May 27, 2026.

7. All draft declarations or affidavits that you received from Robert T. Haefele, Steven R. Pounian, or any Plaintiffs' Counsel Personnel.

8. All responses, comments, revisions, redlines, or other communications that you sent or received relating to any draft declaration or affidavit.

9. All documents identifying each person who participated in, attended, observed, assisted with, or was present for any communication or interview involving you and Plaintiffs' Counsel Personnel, including each person's name, employer or affiliation, role, date(s) of involvement, and whether participation occurred in person, by telephone, videoconference, or other means.

10. All emails, messages, or other communications sent to or received by you before or during the May 4, 2026 telephone call that memorialize the scope of discussion, the reason for the contact, Mr. Haefele's representation of Plaintiffs, your right to end the call, or instructions concerning privileged or confidential information.

11. All documents and communications reflecting efforts by Plaintiffs' Counsel Personnel, on or before May 4, 2026, to obtain your review, revision, execution, or other response to a proposed declaration or affidavit, including emails, voicemail messages, call records, and follow-up communications.

12. All communications between you and any third party concerning your contact with Plaintiffs' Counsel Personnel, the May 4, 2026 telephone call, the May 27, 2026 meeting, any proposed declaration or affidavit, or Plaintiffs' effort to subpoena or depose you.

Rule 45 (c), (d) and (e), Federal Rules of Civil Procedure

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply: (i) At

any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection. (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify a subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena

(1) Producing Documents or Electronically Stored Information.

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or

for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.