**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:
*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.*, 02-cv-7230 (GBD)(SN))

**Declaration of Frank H. Granito, III, in Support of the *Burlingame IV* Plaintiffs' Motion for Partial Final Judgments Against the Taliban for Non-U.S. Nationals**

I, FRANK H. GRANITO, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1. I am an attorney representing the plaintiffs in the above-referenced matter (the "*Burlingame IV* Plaintiffs") and a partner at Speiser Krause, PC ("Speiser Krause"), and I submit this declaration in support of the *Burlingame IV* Plaintiffs' motion for partial final judgments against the Taliban on behalf of non-U.S. Nationals representing the estates of those individuals murdered on September 11, 2001 listed in Exhibit B1 and B2, and their immediate family members or functional equivalents listed in Exhibit C (the "*Burlingame IV* Plaintiffs").[1] This motion seeks the following relief:

   (1) Confirming that service of process in the above-captioned matter was properly effected upon the Taliban;

   (2) Confirming that this Court possesses personal jurisdiction over the Taliban for the instant claims;

   (3) Determining that this Court has subject-matter jurisdiction over the Taliban under state common law for actions arising out of intentional murder and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that targeted innocent civilians resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks and there is no just reason for delay in the entry of partial final judgments against the Taliban;

[1] Exhibit A is the proposed Order.

(4) Awarding damages under applicable common law to the non-U.S. National the *Burlingame IV* Plaintiffs listed in Exhibits B1, B2, and C to the Granito Declaration against the Taliban — pain and suffering of $2,000,000 per decedent (Exhibit B1); economic loss in the amounts previously awarded to those Estates against co-tortfeasor and co-defendant Iran (Exhibit B2); and solatium of $12,500,000 per spouse, $8,500,000 per parent, $8,500,000 per child, and $4,250,000 per sibling (Exhibit C) — consistent with the awards this Court recently entered for the similarly-situated *Ashton* non-U.S. National Plaintiffs (ECF No. 11927);

(5) Awarding the *Burlingame IV* Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

(6) Denying without prejudice an award of punitive damages and granting Burlingame *IV* Plaintiffs permission to seek punitive damages and other appropriate damages at a later date;

(7) Granting permission for all other Plaintiffs not appearing in Exhibits B1, B2 and C to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; and

(8) Granting Plaintiffs such other and further relief as this honorable Court deems just and proper.

2. The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF 8198 (setting forth information required to renew motions for final damages); 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief); ECF Nos. 5234 and 7870; and the recent order modifying the tables and columns for damages' calculations with interest, ECF 11036.

**<u>Procedural Background</u>**

3. On September 10, 2002, the *Burlingame* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban, and the Islamic Republic of Iran ("Iran"), among others. *See* 02-cv-

7230 (S.D.N.Y.) ECF 1.[2] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were Ordered consolidated for liability purposes and mandated to proceed under the *Ashton* master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. *See* 02-cv-6977, Doc. No. 5, Entered 11/19/2002. The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. *See, e.g.*, 02-cv-6977, Doc. No. 465, filed 09/30/2005. The master complaint was amended several times. *See, e.g.*, 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465. The *Ashton* plaintiffs (including the *Burlingame IV* plaintiffs) amended their Sixth Amended Complaint to add additional plaintiffs and to clarify pleadings for multiple-capacity claims. *See, e.g.*, 02-cv-6977 (S.D.N.Y.) ECF 1837, 1839, 1842. In granting these amendments, the Court Ordered that "prior rulings, orders, and judgments entered in this case remain in effect as to all parties," and, further, that "service on the Taliban is not required as a result of these amendments." *Id.*

4. Speiser Krause represents some but not all of the plaintiffs set forth on the *Burlingame* complaints. I anticipate that counsel for the non-Speiser Krause plaintiffs on the *Burlingame* complaints may move separately for relief similar to what is sought in this motion.

5. Pursuant to this Court's order, the *Ashton* Plaintiffs (including the *Burlingame IV* Plaintiffs) served the *Taliban* by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the *Taliban*, was provided on March 16, 2005 and March 31,

[2]References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

2005, for publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[3] The *Taliban* never answered, and the *Ashton* Plaintiffs (including the *Burlingame IV* Plaintiffs) thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797. That is, as of May 12, 2006, all of the *Ashton* Plaintiffs (including the *Burlingame IV* Plaintiffs) named as of the Sixth Amended Complaint had a liability default judgment against the *Taliban*, among others.

6. The *Burlingame IV* Plaintiffs now seek partial final damages judgments against the *Taliban* on behalf of the non-U.S. Nationals' estates and their immediate family members under state law.

**<u>Damages Due Diligence</u>**

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Burlingame* Plaintiffs in connection with this litigation; communications directly from family members of the *Burlingame* 9/11 Decedents listed in Exhibits B1, B2 and C; communications with counsel for other plaintiffs in the *In re Terrorist Attacks on September 11, 2001* multidistrict litigation; and documents and records contained in my firm's files and other court records relating to the multidistrict litigation to which the *Burlingame IV* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

[3] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

8. All of the *Burlingame IV* 9/11 Decedents listed in Exhibit B1 and B2 died in the September 11, 2001 terrorist attacks. My law firm has been retained by the representatives of the estates of the *Burlingame IV* 9/11 Decedents listed in Exhibit B1 and B2 to represent those estates. All of these decedents were killed at the World Trade Center in New York.

9. For the *Burlingame IV* 9/11 Decedents listed in Exhibit B1 and B2, we have confirmed that the decedent was a non-U.S. National as of September 11, 2001, based on documentary evidence (such as copies of birth certificates, passports, and/or other citizenship or immigration records) and/or personal interviews and written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents.

10. Exhibit B1 sets forth the compensatory damages amount this Court previously awarded to the Estates of the *Burlingame* 9/11 Decedents for conscious pain and suffering — $2,000,000 per decedent — in connection with claims asserted against Iran, and, on behalf of the U.S. National Estates, against the Taliban (ECF Nos. 8973, 9167). This Court recently awarded the same $2,000,000 pain and suffering amount to non-U.S. National Estates against the Taliban under state common law. (ECF No. 11927).

11. Exhibit B2 sets forth claims by the Personal Representatives of the estates of the non-U.S. National *Burlingame IV* 9/11 Decedents seeking an award of economic damages in the amounts listed therein, the same amounts this Court previously awarded to those Estates against co-tortfeasor Iran. Those amounts were calculated in the economic expert reports and Victim Compensation Fund determinations previously submitted to, and found proper by, this Court in connection with the claims against Iran, and were brought to present value as reflected in the prior Iran judgments. The moving *Burlingame IV* Plaintiffs do not submit

a new economic expert reports or affidavit with this motion; they rely on the economic-loss amounts previously awarded to these same Estates against Iran, as reflected in Exhibit B2.

12. Exhibit B1 lists the MDL ECF docket filings that correspond to the pain and suffering damages, and Exhibit B2 lists the MDL ECF docket filings that correspond to the economic loss damages, this Court previously awarded to these Plaintiffs against co-tortfeasor Iran, which we provide in support of the damages judgments sought here.

13. This Court previously awarded solatium damages to the immediate family members (and their functional equivalents) listed in Exhibit C in the following amounts:

| **Relationship to Decedent** | **Solatium Award** |
| --- | ---: |
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

In some cases, this Court issued a partial award to the functional equivalents of those individuals listed above.

14. The *Burlingame IV* Plaintiffs listed in Exhibit C are immediate family members (or the functional equivalents) of the *Burlingame* 9/11 Decedents named in the *Ashton* complaints underlying the default judgment against the Taliban, which asserted claims "on behalf of all survivors" of the *Burlingame* 9/11 Decedents and expressly identified solatium damages, but are not set forth by name individually in those complaints. *See* 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶ 482 (seeking, among other things, solatium damages). These individuals have been added by name via Notice of Amendment by the process this Court

established concerning the claims against Iran and Sudan. We have confirmed the relationship between the *Burlingame* 9/11 Decedent and the individuals listed in Exhibit C through documentary evidence and/or interviews with and written confirmation from our clients.

15. Exhibit C lists the MDL ECF docket filing that corresponds to the damages this Court previously awarded to these Plaintiffs against co-tortfeasor Iran, which we provide in support of the damages judgments sought here.

16. The *Burlingame IV* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran but have received no final judgment against the *Taliban* Defendants, nor have they collected anything close to the full amounts of their judgments against Iran.

17. In order to allow them to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban* Defendants, the *Burlingame IV* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor Iran and as is reflected in Exhibits B1, B2 and C, with the exception of treble damages, which was a remedy under the Anti-Terrorism Act, 18 U.S.C. § 2333, that is not applicable to non-U.S. Nationals.

18. This Court has recently determined that it possesses subject-matter and personal jurisdiction over the *Taliban* for the claims of non-U.S. Nationals, that the *Taliban* is liable to non-U.S. Nationals under New York law, and that non-U.S. National immediate family members are entitled to solatium/IIED damages, on behalf of the *Ashton* non-U.S. National Plaintiffs. (ECF No. 11927, adopting ECF No. 11870.) The Moving *Burlingame IV* Plaintiffs are similarly situated to those *Ashton* non-U.S. National Plaintiffs in every

material respect, and respectfully ask that the Court extend those determinations to their claims.

19. Exhibits B1, B2 and C include the following information:

a. the ECF number of the complaint naming a plaintiff to the action against the *Taliban* (identifying the MDL ECF number for the Sixth Amended Complaint in which the named plaintiff sued the *Taliban*);

b. the ECF number of the default liability judgment in favor of the plaintiff and against the *Taliban*;

c. the nationality of the plaintiff and decedent (all plaintiffs and decedents on Exhibits B1, B2 and C are non-U.S. Nationals);

d. a statement of the cause(s) of action for which damages are sought (included in the exhibit headers and applicable to all plaintiffs in each exhibit); and

e. the ECF number where on the MDL docket the prior award of damages can be found (for pain and suffering as to Exhibit B1, economic loss as to Exhibit B2, and solatium as to Exhibit C).

20. For any *Burlingame* Plaintiffs not set forth in the attached exhibits, including those represented by other than the undersigned counsel but consolidated on the *Ashton* complaint, and for any damages not included herein, we expect additional claims to be asserted.

21. For all of the reasons set forth in this declaration and the *Burlingame IV* Plaintiffs' Motion for Partial Final Judgments against the Taliban on behalf of non-U.S. Nationals, I respectfully request that this Court grant the proposed order filed herewith as Exhibit A.

Dated: Rye Brook, New York
August 31, 2026

Respectfully submitted,

**SPEISER KRAUSE, PC**

By: /s/ *Frank H. Granito, III*
Frank H. Granito, III, Esq. (FG9760)
Douglas A. Latto, Esq. (DL3649)
Jeanne M. O'Grady, Esq. (JO3362)
800 Westchester Avenue, Suite S-608
Rye Brook, New York 10573
Tel: (914) 220-5333
Fax: (914) 220-5334
f3g@speiserkrause.com
dal@speiserkrause.com
jog@speiserkrause.com

*Attorneys for Burlingame Plaintiffs*