**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA ECF**

August 31, 2026

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

**Re: In re Terrorist Attacks on September 11, 2001, No. 03-MD-1570 (GBD) (SN)**

Dear Judge Netburn:

On behalf of the Plaintiffs' Executive Committee for Personal Injury and Death Claims and the *Ashton* Plaintiffs, we respectfully oppose WAMY's August 26, 2026 letter motion, ECF No. 12273, which asks the Court to reconsider the Court's August 20, 2026 Order (ECF No. 12249) and eliminate one of the three subject areas authorized for the deposition of Steven Goldberg, namely, "Mr. Goldberg's work on the WAMY engagement at Baker Tilly." *See* ECF No. 12249 (granting ECF No. 12231).

The Court should deny the motion both on procedural grounds and on the merits. The motion should be denied on procedural grounds because it improperly seeks reconsideration of the August 20 Order. It should be denied on the merits because WAMY's proposed categorical restriction on factual testimony has no basis in Rule 26 and rests on two false premises: *first*, that everything Mr. Goldberg did or observed during the engagement constitutes a protected draft report or attorney-expert communication (it does not), and *second*, that this deposition presents an ordinary expert-discovery dispute, rather than discovery concerning alleged wrongdoing inimical to the Court's authority.[1]

---

[1] In recounting for the Court the parties' pre-filing dialogue, WAMY omitted referencing Plaintiffs' August 26, 2026 response (attached Exhibit 1) to WAMY's August 25 written demand to restrict the scope of the deposition. Plaintiffs agreed that the deposition must be conducted subject to Rule 26, but explained that WAMY was not entitled to categorical restrictions barring otherwise permissible factual testimony. Plaintiffs further explained that the ordinary approach, followed throughout this litigation, has been to assert timely objections as questions are asked. To facilitate the single-day deposition, Plaintiffs nonetheless stated that, if "WAMY anticipates asserting objections in a manner that would impede the deposition's progress, it should consider bringing the issue to the Court's attention in advance." Ex. 1.

**1. WAMY Improperly Seeks Reconsideration of the Court's Aug. 20 Order**

WAMY's mischaracterized request for "clarification" is an unsupported motion for reconsideration. It asks the Court to reconsider and eliminate one of three areas of inquiry authorized by the Order that granted Plaintiffs' application for leave to depose Mr. Goldberg. *Compare* ECF No. 12249 (granting ECF No. 12231) *with* ECF No. 12273. But WAMY has not shown how its motion for reconsideration meets Local Civ. R. 6.3. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It identifies no intervening change in law, newly discovered evidence, or other circumstance warranting relief through the Court's reconsideration of the previous order. Nor does WAMY offer any explanation why these same Rule 26(b)(4) arguments, all of which were available when Plaintiffs sought leave, were not raised at that time. *See* Local Civ. R. 6.3. WAMY's motion should be denied on this basis alone. But it also fails on the merits.

**2. Rule 26(b)(4) Does Not Foreclose Factual Inquiry Into Mr. Goldberg's Work**

WAMY principally invokes Rules 26(b)(4)(B) and (C), which protect draft expert reports and specified communications between counsel and testifying experts, subject to three express exceptions. But WAMY seeks something much broader: an order precluding inquiry into what Mr. Goldberg personally did and observed during the engagement.

Rule 26 does not support such a categorical restriction. The 2010 Advisory Committee Note explains that Rules 26(b)(4)(B) and (C) "do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions." Nor do the Rules prevent discovery of facts or data considered by the expert. *See In re Republic of Ecuador*, 735 F.3d 1179, 1186–87 (10th Cir. 2013) (the rule protects counsel's theories and mental impressions but does not "impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions"); *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870–71 (9th Cir. 2014) (Rule 26 does not provide presumptive protection to all materials relating to a testifying expert).

Plaintiffs may therefore ask Mr. Goldberg about a host of subjects within the first category of inquiry that, even in ordinary expert discovery, fall outside the protections WAMY invokes. Under the guise of protecting litigation theories and mental impressions, WAMY may not impede inquiry into, for example, "the development, foundation, or basis" of opinions, or the "facts or data considered by the expert," *In re Rep. of Ecuador*, 735 F.3d at 1186–87; *Mackay*, 742 F.3d at 870–71, which are typical areas of factual inquiry in expert discovery. Areas of ordinary inquiry that fall within the first authorized area include, for example: what work Mr. Goldberg and others performed; who performed particular tasks; what materials he or Mr. Marks reviewed; what meetings they attended; what substantive work each performed; what Mr. Goldberg observed of Mr. Marks's knowledge and participation; and what Mr. Marks said about his own work and the report. These questions seek historical facts—not counsel's litigation theories, legal advice, mental impressions, or the contents of protected draft reports.

The protection afforded certain communications with an expert's assistants does not change the analysis. The Advisory Committee Note cited by WAMY confirms only that protected attorney-expert "communications" may include communications through an expert's assistant. It does not convert the assistant's work, personal knowledge, and observations into protected

communications. Nor does *Fung-Schwartz v. Cerner Corp.*, No. 17-CV-233 (VSB) (BCM), 2021 WL 863342, at *4–5 (S.D.N.Y. Jan. 27, 2021), support such a categorical rule. If a particular question actually seeks a protected communication, WAMY may object when the question is asked.

Indeed, many of these same subjects could have been—and were—explored during Mr. Marks's deposition. *See* Fed. R. Civ. P. 26(a)(2)(B) (requiring a report "prepared and signed by the witness" containing "a complete statement of all opinions" and their bases). Factual questions concerning Mr. Marks's work do not become protected merely because they are now directed to a percipient witness whose account may contradict Mr. Marks's testimony. To the contrary, any conflict between Mr. Goldberg's firsthand account and Mr. Marks's prior testimony underscores the importance of permitting inquiry into the facts.

### 3. Mr. Goldberg's Testimony Bears Directly on Authorship, Reliability, and Credibility

Mr. Goldberg was not WAMY's designated expert and did not sign the report. He was a Baker Tilly employee who worked on the engagement under Mr. Marks and both he and Mr. Marks have since left Baker Tilly. Mr. Goldberg no longer works with Mr. Marks, and has no continuing relationship with WAMY, Mr. Marks, or Baker Tilly. Plaintiffs seek his testimony as a former participant with firsthand knowledge of facts, not disclosure of protected communications or deliberations within an ongoing attorney-expert relationship.

That testimony is independently relevant to the reliability and credibility of WAMY's designated expert. Rule 26(a)(2)(B) mandates that an expert report be "prepared and signed by the witness." Although counsel may assist in preparing a report, the opinions must be the expert's own and the expert must substantially participate in the report's preparation. *See Pac. Life Ins. Co. v. Bank of New York Mellon*, 571 F. Supp. 3d 106, 115-16 (S.D.N.Y. 2021) (excluding expert, finding that the expert's lack of involvement in and familiarity with the report rendered its reliability highly suspect); *Bank of New York Mellon v. WMC Mortg., LLC*, No. 12cv7096 (DLC), 2015 WL 4887446 at *8-9 (S.D.N.Y. Aug. 17, 2015)(excluding portions of expert testimony where the expert lacked familiarity with the underlying work, despite claiming that the report contained his analysis, was prepared at his direction, and was adopted by him).[2]

Mr. Goldberg's account is that Mr. Marks performed little substantive work, possessed limited knowledge of the engagement, and privately characterized the report served on Plaintiffs as not being drafted by anyone at Baker Tilly—at least suggesting that it was drafted by WAMY's counsel. That account conflicts with Mr. Marks's deposition testimony that he was fully engaged and wrote the report. Inquiry into those facts does not seek counsel's reasons for selecting a particular theory or wording. It seeks to determine whether the report presented as Mr. Marks's

[2] *See Numatics, Inc. v. Balluff, Inc.*, 66 F. Supp. 3d 934, 941–43 (E.D. Mich. 2014) (excluding expert testimony where counsel drafted the report and the expert "surrendered his role to defense counsel," distinguishing permissible assistance from "abject ghostwriting"); *Trigon Insurance Co. v. United States*, 204 F.R.D. 277, 293 (E.D. Va. 2001) (counsel may assist, but the report ultimately must reflect the expert's testimony).

work actually reflected his own work, analysis, and opinions, and whether his testimony concerning its preparation was accurate.

WAMY's contention that Plaintiffs already knew Mr. Goldberg worked on the engagement misses the point. Plaintiffs' motion was based not on the appearance of Mr. Goldberg's name in billing records, but on previously unavailable firsthand information that contradicted Mr. Marks's testimony and WAMY's prior representations concerning Mr. Marks's role in preparing the report.

**4. Work Product Cannot Shield Inquiry Into Alleged Attorney Misconduct**

WAMY ignores the circumstances and allegations of misconduct that led the Court to authorize Mr. Goldberg's deposition. It mistakenly addresses the matter as one of ordinary expert discovery, which it is not. Plaintiffs submitted a declaration reporting Mr. Goldberg's firsthand account that WAMY's counsel wrote substantive notes to Mr. Marks while questions were pending and displayed them within his view, and that the report signed and described by Mr. Marks as his own was prepared without the substantial involvement of Mr. Marks or anyone at Baker Tilly. If substantiated, that evidence concerns the integrity of testimony and expert evidence presented in this litigation.

Work-product protection cannot be used to conceal evidence generated by or directly bearing on attorney misconduct. In *Moody v. IRS*, 654 F.2d 795, 800 (D.C. Cir. 1981), the court explained that it would be "perverse" to allow a lawyer to invoke work product to prevent disclosure of material generated by conduct antithetical to the adversary system. *See also Drummond Co. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1337–39 (11th Cir. 2018) (crime-fraud exception may defeat work-product protection based on the attorney's misconduct even if the attorney's clients were innocent); *Parrott v. Wilson*, 707 F.2d 1262, 1271 n.20 (11th Cir. 1983) ("Disclosure is clearly an appropriate remedy when the evidence sought was generated directly by the attorney's misconduct."); *Anderson v. Hale*, 202 F.R.D. 548, 557–59 (N.D. Ill. 2001) (otherwise-applicable work-product protection vitiated where discovery concerned alleged misconduct); *New York v. Solvent Chemical Co.*, 166 F.R.D. 284, 288–90 (W.D.N.Y. 1996) (declining work-product protection where conduct threatened the integrity of the adversary process).

Plaintiffs need not establish at this stage that all otherwise protected material falls within the traditional crime-fraud exception. The narrower point is sufficient: WAMY cannot categorically suppress factual testimony bearing on the authorship of an expert report represented as Mr. Marks's work or on whether WAMY's counsel influenced his testimony while questions were pending. Any claim of protection must be evaluated in relation to the specific question asked, not imposed across an entire Court-authorized subject.

**5. No Special Master Is Warranted**

WAMY identifies no exceptional condition warranting appointment of a special master under Rule 53. Potential privilege objections at a deposition are routine. Plaintiffs have already agreed that properly confined Rule 26 objections remain available and that the examination will remain within the three subjects authorized by the Court. Counsel may state objections under Rule 30(c)(2), and an instruction not to answer is permitted only when necessary to preserve a privilege, enforce a

court-ordered limitation, or present a Rule 30(d)(3) motion. However, Plaintiffs, too, are mindful that the Court's involvement may be necessary to promptly resolve privilege assertions to allow the deposition to proceed as scheduled.[3]

Finally, WAMY's request for production of the subpoena and proof of service is unrelated to the permissible scope of the deposition. On August 24, 2026, Plaintiffs served defendants with a deposition notice compliant with Fed. R. Civ. P. 30(b)(1). *See* ECF No. 12273-2 (including Aug. 24, 2026 Notice of Deposition). Consistent with the Court's order, the subpoena Plaintiffs served on Mr. Goldberg was a testimony-only subpoena (*subpoena ad testificandum*) and did not demand the production of documents. Plaintiffs are unaware of any rule requiring production of the subpoena or proof of service to opposing counsel. In any event, that ministerial issue affords no basis for narrowing the Court-authorized examination.

**6. Conclusion**

The Court should deny WAMY's motion. WAMY offers no basis to reconsider the Court's authorization of the three subjects of examination, and Rule 26 provides no basis to categorically bar factual testimony about Mr. Goldberg's work and observations. Plaintiffs will confine the deposition to the Court-authorized subjects and relevant foundational matters, with any legitimate work-product objection addressed on a question-by-question basis. Finally, we do not view an appointment under Rule 53(a) as essential or cost-justified.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*

[3] WAMY's false and generalized assertions of "harassment," "oppression," and a threatened "fishing expedition" likewise do not establish good cause under Rule 26(c). *See In re Agent Orange Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir. 1987) (party seeking a protective order must show good cause through particular and specific facts rather than conclusory assertions); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (district courts have broad discretion over discovery, but restrictions must be grounded in the circumstances presented).