# EXHIBIT 1

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA Electronic Mail**

August 26, 2026

Omar T. Mohammedi (omohammedi@otmlaw.com)
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
Woolworth Building
New York, NY 10279

Frederick J. Goetz (fgoetz@goetzeckland.com)
Goetz & Eckland P.A.
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413

Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Mr. Mohammedi and Mr. Goetz:

We write for the Plaintiffs' Executive Committee and counsel for the *Ashton* Plaintiffs in response to WAMY's August 25, 2026 letter concerning the scope of Mr. Goldberg's deposition. To the extent WAMY's overarching premise is that the Court has not authorized wholesale intrusion into protected work product, we agree. We disagree, however, with WAMY's attempt to impose categorical restrictions in advance of the deposition, and with your suggestion that Plaintiffs' inquiry into the first area—or any other area—will implicate protected work product.

Plaintiffs noticed Mr. Goldberg's deposition for September 9, 2026, a date available to counsel and within the 30-day period set by the Court. We agree that the deposition must be conducted subject to the protections afforded by Fed. R. Civ. P. 26. We also agree that the areas of inquiry include the three areas identified in Plaintiffs' motion as granted by the Court and correctly identified in your letter as: (1) Mr. Goldberg's work on the WAMY engagement at Baker Tilly; (2) the preparation and authorship of the expert report signed by Mr. Marks; and (3) events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition.

Within those areas, Plaintiffs are entitled to inquire into all relevant, nonprivileged facts. If a particular question calls for privileged or protected information, WAMY may assert an appropriate objection at the time the question is asked. We would not expect the assertion of such objections to interfere with the deposition. If, however, WAMY anticipates asserting objections in a manner that would impede the deposition's progress, it should consider bringing the issue to the Court's attention in advance.

---

Sincerely,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*