**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA ECF**

September 2, 2026

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, New York 10007

**Re: In re Terrorist Attacks on September 11, 2001, No. 03-MD-1570 (GBD) (SN)**

Dear Judge Netburn:

On behalf of the Plaintiffs' Executive Committee for Personal Injury and Death Claims and the *Ashton* Plaintiffs, we respectfully oppose WAMY's August 28, 2026 letter motion, ECF No. 12277, seeking leave to serve a document subpoena on nonparty Steven Goldberg and to postpone Mr. Goldberg's deposition. WAMY's motion should be denied and the limited deposition of Mr. Goldberg authorized by this Court should proceed as scheduled.[1] If new document discovery is to be allowed, however, it should be reciprocal and should not delay the deposition.

As an introductory matter, WAMY's assertion in its motion that Plaintiffs "failed to respond" to WAMY's discovery demands mischaracterizes the facts. WAMY served unauthorized discovery demands on Plaintiffs on August 21 and 24, 2026, demanding that Plaintiffs respond by August 28, 2026, contrary to the 30-day response period under Rule 34(b)(2)(A). Plaintiffs nevertheless responded within WAMY's truncated timeline. (*See* attached Exhibit 1.) But rather than waiting for its own deadline to pass, WAMY proceeded to file its motion ahead of the deadline—and wrongly claimed that Plaintiffs had not complied.

More substantively, WAMY's motion should be denied for the following four reasons:

1. The motion seeks to expand the scope of the Court's August 20, 2026, Order (ECF No. 12249), which authorized a single deposition at which both sides will have equal time to question the witness and did not re-open discovery beyond that deposition. WAMY's proposed document subpoena seeks a one-sided, material expansion of discovery far beyond the single authorized deposition.

[1] The original subpoena scheduled the deposition for September 9, 2026. On September 1, at the witness's request, the date was rescheduled to September 15, 2026, and a new notice was served.

2. WAMY's discovery requests, including its proposed subpoena to Mr. Goldberg, target the manner in which Plaintiffs' counsel investigated newly obtained information and the evolution of that investigation—*i.e.*, they seek access to documents protected by the work product doctrine. The work product doctrine does not permit WAMY to obtain discovery that implicates core attorney work product, including counsel's investigative strategy, selection and organization of information, notes, interview summaries, draft declarations, mental impressions, and communications among counsel concerning the investigation and litigation.[2] Drafts of declarations of potential witnesses are "classic work product," and attorney communications with a third-party witness concerning preparation of a declaration are protected absent a showing of substantial need.[3] Nor would the involvement of a third-party witness, standing alone, eliminate otherwise applicable work-product protection.[4] WAMY—whose own counsel and experts were physically present during Mr. Marks's deposition and directly witnessed events that Plaintiffs' counsel, participating remotely, could not observe firsthand—has shown no substantial need, particularly because the Court has already authorized WAMY to examine Mr. Goldberg about those events.[5]

3. The Court's Order provides both sides equal access to the deponent. WAMY can depose Mr. Goldberg about his own knowledge, recollection, and conduct. Rather than permitting additional, extensive, one-sided document discovery, the authorized deposition is the most direct and proportionate means of obtaining any relevant, nonprivileged information without imposing duplicative and unnecessary document-discovery burdens. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C).

4. The proposed subpoena also departs from the substantive inquiry authorized by the Court, seeking ancillary information beyond Mr. Goldberg's knowledge of the alleged conduct at Mr. Marks's deposition and Mr. Marks's involvement in the WAMY engagement. This collateral inquiry adds disproportionate layers of "discovery about discovery" without advancing the substantive factual issues for which the limited, one-day deposition was authorized and instead shifts the focus away from those issues.

---

[2] *See Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947); Fed. R. Civ. P. 26(b)(3)(B); *Inst. for Dev. of Earth Awareness v. PETA*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011) (lawyer's notes of witness interviews and draft affidavits constitute work product); *Randleman v. Fidelity Nat'l Title Ins. Co.*, 251 F.R.D. 281, 285-87 (N.D. Ohio 2008) (work product protects materials concerning the "evolution" of an affidavit, including drafts and communications with counsel); *see also* 8 Charles Alan Wright, et. al, Federal Practice and Procedure Civ. § 2024, at 510 n. 23 (3d ed. 2010) ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work–product rule.").

[3] *See Mitura v. Finco Services, Inc.*, 347 F.R.D. 299, 301 (S.D.N.Y. 2024).

[4] *See United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (work product protects material prepared by counsel and counsel's agents); *Securities Investor Protection Corp. v. BLMIS*, 2017 WL 4685525, at *5-6 (Bankr. S.D.N.Y. 2017) (work-product protection extended to materials shared with a third-party witness); *Mitura v. Finco Servs., Inc.*, 347 F.R.D. 299, 301-03 (S.D.N.Y. 2024) (communications between counsel and non-party witness regarding preparation of declaration protected by work-product doctrine).

[5] *See PETA*, 272 F.R.D. at 125 (finding no substantial need where witnesses were available for deposition); *Randleman*, 251 F.R.D. at 286 (party seeking drafts and related communications failed to establish substantial need because affiants could be examined directly through depositions).

---

WAMY has identified no reason for delaying the deposition past the Court's current September 21, 2026 deadline. The Court authorized a deposition within that deadline, Plaintiffs promptly served a subpoena that set the deposition for September 9, and when the witness notified counsel that September 9 was unavailable, the deposition was rescheduled for September 15. The examination of Mr. Goldberg can therefore proceed as scheduled within the Court-imposed time frame. WAMY's request would postpone the authorized deposition and could create logistical complications impairing the parties' ability to comply with the Court's September 21 deadline for reasons outside Plaintiffs' control.

If the Court is inclined to authorize additional discovery, fundamental fairness requires that such discovery be reciprocal. Plaintiffs confined the subpoena served on Mr. Goldberg to one day of testimony, consistent with the authority granted. If the Court permits the expanded discovery WAMY seeks, Plaintiffs should likewise be permitted reciprocal discovery concerning WAMY's investigation of the same events. Thus, if the Court authorizes document discovery of the nature WAMY proposes, Plaintiffs request leave to serve document requests on Mr. Goldberg, WAMY, and WAMY's counsel concerning, for example, WAMY's and its counsel's investigation of the testimony and conduct at Mr. Marks's deposition and his involvement in the WAMY engagement, as well as communications and attempted communications with Mr. Marks, Mr. Guzman, Mr. Goldberg, Baker Tilly personnel, or others concerning the WAMY engagement or the preparation, attribution, and contents of the report.

For these reasons, Plaintiffs respectfully request that the Court deny WAMY's requests to serve its proposed document subpoena and to postpone the deposition. Alternatively, if the Court authorizes additional discovery, Plaintiffs request authorization for reciprocal discovery from Mr. Goldberg, WAMY, and WAMY's counsel.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*

cc: Hon. George Daniels, U.S.D.J. – Via ECF
All counsel of record – Via ECF

Attachment: Exhibit 1, Plaintiffs' August 28, 2026 Response to WAMY's Discovery Demands