# EXHIBIT
# 1

**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA Electronic Mail**

August 28, 2026

Omar T. Mohammedi (omohammedi@otmlaw.com)
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
Woolworth Building
New York, NY 10279

Frederick J. Goetz (fgoetz@goetzeckland.com)
Goetz & Eckland P.A.
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413

Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Mr. Mohammedi and Mr. Goetz:

We write for the Plaintiffs' Executive Committee and counsel for the Ashton Plaintiffs in response to WAMY's discovery requests, including WAMY's August 21, 2026 letter demanding production of documents from Plaintiffs' counsel related to Steven Goldberg, and its August 24, 2026 letter demanding production of documents related to communications with the *Florida Bulldog*. Plaintiffs object to WAMY's document demands in their entirety.

First, WAMY has no authority to unilaterally initiate new discovery at this stage of the case. Discovery is closed. WAMY opposed Plaintiffs' motion for leave to depose Mr. Goldberg. It did not cross-move for additional discovery or seek authorization to serve document requests on Plaintiffs or their counsel. Judge Netburn's August 20, 2026 Order granted leave to conduct a single, one-day deposition of Mr. Goldberg within 30 days, with equal time for questioning by both sides. ECF No. 12249. Nothing in that Order reopened discovery generally or authorized any party to serve new document requests or interrogatories. Accordingly, Plaintiffs object to the entirety of WAMY's unauthorized discovery demands.

Second, WAMY likewise has no authority to unilaterally set deadlines for responses inconsistent with the Federal Rules. Plaintiffs therefore object to WAMY's demand that Plaintiffs respond within seven days, when Rule 34(b)(2)(A) provides 30 days to respond.

WAMY's demands are independently objectionable on multiple grounds.

*Work Product and Privilege.* The requests directly target opposing counsel's investigative files and litigation activities, including activities undertaken in coordination with co-counsel and others sharing a common legal interest. They seek materials at the core of the work-product doctrine, including counsel's notes, memoranda, mental impressions, selection and organization of information, interview summaries and techniques, draft declarations, communications among co-counsel, investigative strategies, and witness-preparation materials. Requests 1-8, 10-12.

*Disproportionate and Duplicative.* The requests are grossly disproportionate to the needs of the case and the burden and expense of responding substantially outweigh any likely benefit. Fed. R. Civ. P. 26(b)(1). They would require attorneys at multiple firms to search email accounts, call records, text messages, personal devices, calendars, and other sources for materials that are privileged or protected, of marginal relevance, or obtainable from the Court-authorized deposition of Mr. Goldberg. Requests 1-13; 1-3.

*Overbroad and Vague.* The demands are not reasonably limited as to subject matter, participants, or scope. They employ expansive and/or undefined terms such as "reflecting communications," "all documents and communications reflecting," "notes," "memoranda," "summaries," "other records," "other communications," "relating to," "any third party," "logs," "records," "entries," "all other forms," and "efforts." Requests 1, 3-6, 8, 11-12

*Information Obtainable Through the Authorized Deposition.* WAMY will have an equal opportunity to question Mr. Goldberg at his deposition. The Court's authorization of that limited deposition does not authorize document discovery by either side, whether directed to Plaintiffs or their counsel, or to WAMY or its counsel. Requests 1-13.

As to Request No. 9, which is in substance an interrogatory rather than a document request, Plaintiffs further object that they are not obligated to create a document in response to a purported document request. In any event, any relevant responsive information is obtainable at the deposition of Mr. Goldberg.

As to Request 13, Plaintiffs object to WAMY's request for a log because the underlying document discovery has not been authorized.

Finally, as to WAMY's request for a copy of the subpoena and proof of service, Plaintiffs served Defendants on August 24, 2026, with a deposition notice compliant with Fed. R. Civ. P. 30(b)(1). The subpoena issued to Mr. Goldberg was a testimony-only subpoena (*subpoena ad testificandum*), requiring only his appearance for deposition testimony and not the production of documents. Plaintiffs are unaware of any rule requiring production of the subpoena or proof of service to opposing counsel under these circumstances.

Accordingly, Plaintiffs reject WAMY's discovery demands as unauthorized, untimely, disproportionate, and improperly directed at privileged and protected materials.

Plaintiffs reserve all rights and objections.

Sincerely,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*