LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

September 2, 2026

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

WAMY files this reply letter in response to Plaintiffs' opposition (ECF No. 12282) to WAMY's motion (ECF No. 12273) to clarify and limit the scope of the deposition of Steven Goldberg allowed by the Court's Order of August 20, 2026. (ECF No. 12249). Plaintiffs' objections on both procedural grounds and on the merits should be rejected. Procedurally, Plaintiffs object to the very course they agreed WAMY should take when the parties were unable to reach an agreement concerning the scope of Goldberg's deposition. As to the merits, Plaintiffs' opposition confirms that Plaintiffs' true purpose in deposing Goldberg is not to question him about alleged wrongdoing concerning Jonathan Marks' deposition and report, but to reopen expert discovery, relitigate the Court's prior Daubert ruling concerning Jonathan Marks, and ask Goldberg about matters clearly protected by Fed. R. Civ. P. 26(b)(4). WAMY therefore respectfully requests that this Court enter an order expressly limiting the subjects of inquiry at the deposition and to provide for appropriate judicial supervision of the deposition.

**1. WAMY Seeks Clarification, not Reconsideration, of the Court's Order and Protections Against What is Expects Will Be Abusive Litigation by Plaintiffs.**

WAMY does not seek reconsideration of the Court's August 20 order. The order granted Plaintiffs leave to serve a deposition subpoena on Goldberg but was silent on the scope of that deposition. (ECF No. 12249). When WAMY raised concerns that the breadth of Plaintiffs' scope of questioning to include "Mr. Goldberg's work on the WAMY engagement" would run afoul of Rule 26(b)(4), Plaintiffs' response included that "[i]f…WAMY anticipates asserting objections in a manner that would impede the deposition's progress, it should consider bringing the issue to the Court's attention in advance." (See ECF No.s 12273-1 and 12282-1)

WAMY assumes the Plaintiffs meant what they wrote. By bringing the issue to the Court's attention in advance of the Goldberg deposition, WAMY only seeks clarity as to the scope of this most

unusual deposition so it can proceed as orderly as possible. Prescribing the terms and scope of discovery of this extraordinary matter is expressly within the Court's authority under Rule 26(c).[1]

**2. Plaintiffs' Cannot Conduct an Expert Deposition of Goldberg When He Has Not been Identified as an Expert by WAMY Nor Ignore the Clear Limits on Expert Discovery Under Rule 26(b)(4).**

Under the guise of questioning Goldberg about alleged coaching during Marks' deposition and whether Baker Tilly in fact wrote Marks' report, it is now evident that Plaintiffs' objective is to conduct a broad ranging expert deposition of Steven Goldberg in an effort to reopen their Daubert attack on Jonathan Marks. This is clear from their statement to the Court that they seek to question Goldberg about "typical areas of factual inquiry in expert discovery" including, but not limited to, "what work Mr. Goldberg and others performed; who performed particular tasks; what materials he or Mr. Marks reviewed; what meetings they attended; what substantive work each performed; what Mr. Goldberg observed of Mr. Marks's knowledge and participation; and what Mr. Marks said about his own work and the report." (ECF 12282 at p. 2).

Goldberg is not WAMY's expert and this is not an expert deposition under Rule 26(b)(4)(A). As Plaintiffs concede, this is not an ordinary expert deposition but a deposition about allegations of wrongdoing: claimed coaching during a deposition and whether Baker Tilly authored the Marks report. The question whether Marks "prepared and signed" his report is a different issue that has been thoroughly litigated, investigated, and determined by the Court.[2] In its Daubert order (ECF 9060), the Court rejected Plaintiffs' argument that Marks' report did not meet the standards of Rule 26(a)(2)(B) because he worked as part of Baker Tilly's team and in part relied on the analysis of others as "[r]eviewing [the] evidence single-handedly would be impractical, and experts are permitted (sic) rely on analyses by others."[3] Marks could rely on Goldberg's work as part of Baker-Tilly's team.

Plaintiffs' reliance on *In re Republic of Ecuador*, 735 F.3d 1179, 1186–87 (10th Cir. 2013) is misplaced. Overlooking the cautious protective elements of *In re Republic of Ecuador*, namely securing protected communication[4] and work product;[5] Plaintiffs rely on the more expansive element allowing for discovery of "opinions to be offered by the expert or the development, foundation, or basis of those opinions."[6] Yet, Plaintiffs ignore the fact again that Goldberg is not WAMY's expert and this is not a regular expert deposition. To be clear, WAMY does not object to Plaintiffs' request to depose Goldberg as to "the preparation and authorship of the expert report signed by Mr. Marks and "events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition."[7] Plaintiffs' ulterior motive to turn Goldberg's deposition into an expert deposition and inquire into matters

---

[1] ECF No. 12249.

[2] As the Court will recall, Baker Tilly conducted its own internal investigation regarding allegations concerning Marks' authorship of his report and found that Marks' "work included reviewing other expert reports, multiple conferences with counsel for WAMY, strategizing and forming an opinion, writing an opinion, preparing for a deposition, and providing deposition testimony." (See ECF No. 10776 at p. 6) (See ECF No. 10776).

[3] See, ECF 9060 at 34-35; citing *Gussock Realty Co. v. Xerox*, 224 F.3d 85, 94-95 (2d Cir 2000). See also *Astra v. Aktiebolag v. Andrx Pharmaceuticals, Inc*., 222 F.Supp.2d 423, 491-92 (S.D. N.Y. 2002) (finding that expert may rely on work of colleagues and there is no requirement that expert must run his own tests).

[4] *In re Republic of Ecuador*, 735 F.3d 1179, 1186 (10th Cir. 2013)

[5] *Id* at 1185.

[6] *Id* at 1187.

[7] See ECF No. 12273 at 1.

protected by privilege and work product doctrines is inappropriate, unwarranted, and requires Court restraint.

Plaintiffs' argument that being able to broadly question Goldberg is relevant to the "reliability and credibility" of WAMY's designated expert is expert discovery in substance. That approach impermissibly substitutes Goldberg for Marks. Plaintiffs examined Marks' reliability and credibility extensively concerning his engagement, team, billing, materials, methodology, and report preparation.[8] Plaintiffs cannot obtain a new expert discovery by characterizing it as ordinary "factual"[9] testimony from a supporting team member.

**3. Goldberg's Unsubstantiated Allegations Warrant Careful, Precise Inquiry; not Reopening Discovery or Inquiry into Protected Matters**

Plaintiffs argue that WAMY is trying to use the protections afforded attorney-work product to conceal attorney misconduct. This argument is deeply offensive and ignores the over twenty years that WAMY's counsel have been litigating this case before this Court without any impropriety or misconduct. Plaintiffs' counsel have plainly concluded that the ends of reopening their motion to disqualify Jonathan Marks justify any means including exploiting allegations of misconduct against WAMY's counsel that they surely know, but will not admit, are false.

WAMY has no quarrel with Plaintiffs' questioning Goldberg about his claims of coaching Marks at this deposition or Marks' authorship of his expert report. These are the areas that purportedly involve attorney misconduct and WAMY does not seek to suppress factual testimony on these issues. However, questioning Goldberg about everything he did on the WAMY project goes far beyond this. Such broad areas of inquiry have nothing to do with the claims of attorney-misconduct. They will involve, however, legitimate and proper communications between WAMY's counsel and Baker Tilly concerning Marks' opinions and his report; communications which are expressly protected by Rule 26(b)(4)(B) and (C). Just as WAMY's counsel cannot use claims of work-product as an unfair shield, Plaintiffs' counsel cannot use dubious and unsupported claims of attorney-misconduct as a sword to question Goldberg on issues they are prohibited from examining an expert on.

WAMY asks that Plaintiffs not be allowed to use unsworn accusations and a non-expert former team member as a ruse to relitigate the Marks Report, the prior Daubert proceedings, and issues the Court has already resolved, especially when Plaintiffs' counsel solicited such information though improper means by meeting with a member of a WAMY's expert team to gauge confidential information.[10] Allowing this expanded examination would encourage any litigant dissatisfied with expert discovery to manufacture a new collateral proceeding through unsupported accusations against opposing counsel. That is neither the purpose of the Court's limited order nor a sound use of the discovery rules.

Due to the personal animosity in this sensitive matter, WAMY renews its request that the Court appoint a Special Master to ensure that the deposition proceeds in an orderly manner and does not devolve into an unnecessarily contentious or disruptive proceeding.

[8] See, ECF 7961-4 generally, as well as at 41:9-42:24, 72:18-24, 79:1-80:21, 97:2-20.
[9] ECF No. 12282 at 3 and 5.
[10] The significance of this conduct will be addressed at the appropriate stage of these proceedings.

Respectfully submitted,

*/s/Omar Mohammedi*

________________________
Omar T. Mohammedi

*/s/Frederick Goetz, Esq.*

_________________________
Frederick Goetz

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.