LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

September 4, 2026

**VIA ECF**
The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: *In Re: Terrorist Attacks on September 11*, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

WAMY respectfully submit this reply in further support of their August 28, 2026 application ECF No. 12277 for leave pursuant to Federal Rule of Civil Procedure 45 to serve a narrowly tailored document subpoena on Steven Goldberg and to postpone his deposition until the Court resolves this application. First, Plaintiffs' lack standing to object to the request for the subpoena directed to a non-party former employee of WAMY's forensic accounting experts. Second, the requested information is directly relevant to Goldberg's credibility, reliability, and bias and accuracy of his testimony; matters that are always relevant in the examination of any witness. Plaintiffs' efforts to cover up possible consideration to the witness or improper efforts to shape his testimony should be rejected.

**1. Plaintiffs Lack Standing to Challenge the Request to Issue the Subpoena.**

A party generally lacks standing to move to quash or modify a subpoena directed at a non-party. *See Ireh v. Nassau Univ. Med. Ctr.*, No. CV06-09 LDW/AKT, 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008), *aff'd,* 371 F. App'x 180 (2d Cir. 2010); *ADL, LLC v. Tirakian,* No. CV 06-5076, 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); 9 James Wm. Moore et al., *Moore's Federal Practice* ¶ 45.50 (3d ed.2007). A party will have standing when they can claim a "personal right or privilege regarding the production ... sought by a subpoena directed to a nonparty...." *Moore's* ¶ 45.50; *see also, Allocco Recycling, Ltd. v. Doherty,* 220 F.R.D. 407, 410-11 (S.D.N.Y.2004).

Plaintiffs have no personal right or privilege in communications and documents between them and Goldberg that are in Goldberg's possession. Goldberg was part of WAMY's forensic accounting expert's team; not Plaintiffs'. Plaintiffs have no privacy interest in anything they provided to Goldberg and have no standing to challenge WAMY's request for a subpoena for such documents and materials.

**2. Evidence Showing Goldberg's Bias and Impacting his Credibility is Squarely Within the Scope of his Deposition.**

Plaintiffs attempt to characterize WAMY's application as an effort to expand the Court's August 20, 2026 Order, ECF No. 12249. That is incorrect. The Court's Order allowed for direct and cross-examination. Fed. R. Evid. 611 (b) expressly provides that the scope of cross examination includes "matters affecting the witness's credibility." "Bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." *United States v. Harvey*, 547 F.2d 720, 722 (2d Cir. 1976); see also *Carroll v. Trump*, 124 F.4th 140, 173 (2d Cir. 2024) ("Extrinsic evidence may be introduced to prove a witness's bias.").

In addition, given the deliberate nature of the contact from Plaintiffs' counsel with Mr. Goldberg, this Court has ample authority to impose appropriate relief, including requiring disclosure of the communications and information exchanged, permitting additional discovery concerning the contact, and imposing such other sanctions or protective measures as the Court deems appropriate. Courts have recognized the significance of improper *ex parte* contact with an opposing party's retained expert and the ability of courts to address such conduct where it interferes with the controlled discovery process contemplated by Rule 26. See *Erickson v. Newmar Corp.*, 87 F.3d 298, 301–02 (9th Cir. 1996); *Campbell Industries v. M/V Gemini,* 619 F.2d 24, 28 (9th Cir. 1980) (upholding lower court finding that "ex parte contacts with [opposing expert] to be a flagrant violation of the provisions of Fed. R. Civ. P.26, deserving strong sanction.").

The subpoena duces tecum is limited to evidence of communications between Goldberg and Plaintiffs and matters directly related to the WAMY engagement. Through these communications WAMY seeks to discover evidence that Goldberg has received consideration for his testimony, he holds bias against WAMY or its counsel or in favor of the Plaintiffs, he has been improperly influenced by plaintiffs' counsel or affiliated entities, and the like. All these matters are within the scope of cross-examination. Plaintiffs, having received permission to depose Goldberg, should not be allowed to prevent WAMY from obtaining information to cross examine the witness.

Finally, the sought-after communications bear directly upon the accuracy and credibility of Plaintiffs' representations to the Court. Plaintiffs relied upon their May and June communications with Goldberg to establish the existence of purported "new information" sufficient to justify the Goldberg subpoena and deposition. These are legitimate discovery interests under Rule 26(b)(1). Here, the requested discovery goes directly to the factual basis of allegations that Plaintiffs themselves placed before the Court.

**3. Plaintiffs Waived any Work Product Protection Over Communications with a Third-Party.**

Plaintiffs rely heavily upon *Hickman v. Taylor*, Federal Rule of Civil Procedure 26(b)(3), and authorities protecting counsel's investigative files, mental impressions, and draft declarations. WAMY does not dispute the important protection afforded to genuine opinion work product. However, the subpoena duces tecum would seek documents and communications from a third-party, Goldberg, not the Plaintiffs.

Plaintiffs have waived any work-product protections in communications and materials they sent to Goldberg, a third-party witness who was formerly a member of the opposing party, WAMY's forensic accounting expert litigation team. *See S.E.C. v. Gupta*, 281 F.R.D. 169, 172

(S.D.N.Y. 2012) (discussing issue of waiver of work-product protection in materials disclosed to third-party and citing cases). Moreover, Plaintiffs cannot use the work-product protection to prevent WAMY from obtaining discovery from Goldberg directed at his credibility. As the court explained in *S.E.C. v. Gupta*:

> Here, by contrast, the questions were plainly directed at witness credibility. The ability of a party to meet with a non-party witness, show him documents and ask him questions, and then mask the entire preparation session in the cloak of work product protection would serve to facilitate even the most blatant coaching of a witness if it could not be the subject of inquiry. To allow the invocation of work product protection to succeed in such circumstances would leave the party taking a deposition with no remedy to determine how, if at all, a witness's testimony was influenced, not by advice from the witness's own counsel, but by suggestions from the questioner's adversary, who, especially if possessing governmental power, was in a position to unfairly pressure the witness.

*S.E.C. v. Gupta*, 281 F.R.D. at 173.

Plaintiffs argue that the Goldberg deposition is the "direct and proportionate" means of obtaining the relevant information. That argument does not eliminate the need for contemporaneous documents. A witness may testify from present recollection, while contemporaneous emails, messages, notes, drafts, and other records may establish what was actually communicated at the time. That distinction is particularly important here because Plaintiffs contend that the communications generated "new information." WAMY should be permitted to compare the contemporaneous record with Plaintiffs' later characterization of those communications and to use the documents to conduct a focused cross-examination.

**4. Plaintiffs' Demand For "Reciprocal" Discovery is Unfounded.**

WAMY's application arises from Plaintiffs' own affirmative reliance upon their contacts with Goldberg, a former member of WAMY's expert team and the information allegedly obtained from those contacts. Plaintiffs cannot create symmetry by demanding unrelated discovery concerning WAMY's investigation into privileged information under Federal Rule of Civil Procedure 26(b)(4)(C). The circumstances are also materially different. Goldberg was a member of WAMY's expert team, not Plaintiffs' expert. Plaintiffs' contacts with him concerned WAMY's expert engagement and allegedly resulted in information used against WAMY. It seeks the factual record concerning communications that Plaintiffs themselves used to obtain judicial relief.

Plaintiffs should not be permitted to use this collateral issue as a vehicle for open-ended discovery untethered to the issues properly before the Court. Moreover, both Arnold & Porter and Baker Tilly filed their report detailing the investigation into the alleged wrongdoing to which this Court concluded the allegations were unsubstantiated. The Court should therefore reject Plaintiffs' proposed "reciprocity" and rule on WAMY's requested discovery independently which seeks nothing more than non-privileged materials from a third-party witness bearing directly on that witness's credibility.

Respectfully Submitted,

*/s/ Omar Mohammedi*

______________________

Omar T. Mohammedi

*/s/ Frederick Goetz*

_______________________

Frederick Goetz

Counsel for Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-International (USA)

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.