Lowenstein Sandler

**Robert Johnston, Jr.**
Partner

1251 Avenue of the Americas
New York, New York 10020

T: (212) 419-5898
F: (973) 597-2400
E: rjohnston@lowenstein.com

September 10, 2026

**VIA ECF**

The Honorable Sarah Netburn
U.S. Magistrate Judge
Thurgood Marshall
U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: *In re: Terrorist Attacks on September 11, 2001*, 03-MD-1570 (GBD)(SN) Request for Guidance Regarding Counsel's Obligations at the Deposition of Steven Goldberg**

Dear Judge Netburn:

We write as counsel to non-party Steven Goldberg in connection with his upcoming deposition, currently scheduled for September 15, 2026, pursuant to the Court's Order of August 20, 2026 (ECF No. 12249). We respectfully request guidance from the Court regarding our ethical and professional obligations during the deposition, particularly with respect to privilege and work-product objections that may be asserted by other parties.

**Background**

As the Court is aware, the August 20, 2026 Order granted Plaintiffs leave to serve a deposition subpoena on Mr. Goldberg. The deposition is confined to three subjects: (1) Mr. Goldberg's work on the WAMY engagement at Baker Tilly; (2) the preparation and authorship of the expert report signed by Jonathan Marks; and (3) events personally observed by Mr. Goldberg during Mr. Marks's July 22, 2021 deposition.

**The Anticipated Privilege Dispute**

Based on the correspondence already submitted to the Court (ECF Nos. 12273, 12273-1, 12282, 12282-1, 12285, 12286), it is a near certainty that a dispute will arise during the deposition regarding the scope and application of the attorney work-product doctrine and the protections afforded by Fed. R. Civ. P. 26(b)(4)(B) and (C). To summarize, as best we understand, WAMY has taken the position that inquiry into Mr. Goldberg's work on the WAMY engagement at Baker Tilly would implicate attorney work-product protections and the privilege governing communications between counsel and their experts. On the other hand, Plaintiffs maintain that such inquiry is proper factual discovery and that work-product protections cannot shield evidence of potential misconduct.

As counsel to Mr. Goldberg, we face a practical and ethical dilemma. Under ordinary circumstances, counsel for a deponent has the obligation to assert the attorney-client privilege on the client's behalf and to protect attorney work product. However, the work-product protections at issue in this matter do not belong to Mr. Goldberg. They belong, if at all, to Baker Tilly and/or WAMY. Mr. Goldberg holds no personal privilege over communications between WAMY's counsel and Baker Tilly's expert team.

We are therefore uncertain as to our obligations in the following circumstances: if, during the deposition, WAMY's counsel objects to a question on grounds of work product or attorney-expert privilege and directs Mr. Goldberg not to answer, should we honor that instruction and direct our client not to answer? Or should we permit Mr. Goldberg to answer the question, thereby creating a full record, with potentially privileged information contained in the record, for the Court to evaluate at a later time?

**Requested Relief**

In order for the deposition to proceed smoothly and with minimal disruption, we respectfully request that the Court provide guidance on the following:

1. Whether Mr. Goldberg should be directed to answer all questions, with all privilege and work-product objections preserved on the record for later adjudication by the Court; or

2. In the alternative, whether the Court would consider appointing a Special Master or providing another appropriate form of judicial supervision—as previously requested by WAMY (ECF No. 12273)—to resolve the anticipated privilege disputes as they arise during the deposition.

We take no position on the merits of any party's privilege or work-product claims. We seek only practical direction so that we may fulfill our ethical obligations while respecting the rights of all parties involved.

We are available at the Court's convenience to discuss this matter further.

Respectfully submitted,

Robert Johnston, Jr.

RJ:am
cc: All counsel of record (via ECF)