**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | MEMORANDUM DECISION AND ORDER<br>03 MDL 1570 (GBD) (SN) |

This document relates to:

*Desimone v. Islamic Republic of Iran*, No. 21-cv-07679 (GBD) (SN)

**GEORGE B. DANIELS, United States District Judge:**

Patrick Dunn was a Commander in the United States Navy who perished during the September 11, 2001 terrorist attacks (the "9/11 Attacks"). At the time, his wife Stephanie Desimone was three months pregnant with Dunn's daughter, Alexandria Desimone. Alexandria was born six months after the 9/11 Attacks on March 2002.

Plaintiff Alexandria Desimone ("Alexandria" or "Plaintiff") now moves for partial default judgments against the Islamic Republic of Iran ("Iran") for its role in the 9/11 Attacks. (ECF No. 11481.)[1] She brings claims under § 1605A of the Foreign Sovereign Immunities Act ("FSIA") and seeks $8.5 million in solatium damages, on par with the amount typically awarded to the children of 9/11 decedents.

Before this Court is Magistrate Judge Netburn's Report and Recommendation ("Report"), recommending that this Court **GRANT** Plaintiff's motion and award $4.25 million in solatium damages. (*See* Magistrate Judge Netburn's September 3, 2026 Report & Recommendation, the "Report," ECF No. 12287.) This Court **ADOPTS** Magistrate Judge Netburn's Report in full.

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570 (GBD) (SN).

## I. PROCEDURAL HISTORY[2]

Plaintiff Alexandria Desimone and her mother Stephanie Desimone (the "*Desimone* Plaintiffs") both filed a lawsuit against Iran on September 27, 2021. (*See* No. 21-cv-7679, ECF Nos. 4, 4045.) Because Iran was successfully served and never appeared or answered the Complaint, the Clerk of Court entered Iran's default on August 14, 2023. (*See* No. 21-cv-7679, ECF No. 59.) Alexandria voluntarily dismissed her claim without prejudice on May 28, 2024. (*See* ECF No. 9836 at 1–2; ECF No. 11454 at 2.)

On April 29, 2025, the Court of Appeals for the District of Columbia Circuit issued its decision in *K.E.F.V. ex rel. Vickers v. Islamic Republic of Iran*, holding that "children who are in utero at the time a parent is killed in a terrorist attacks and who are later born may seek solatium under the FSIA." 135 F.4th 988, 996 (D.C. Cir. 2025). Alexandria then asked this Court to reinstate her claim under the FSIA for solatium damages, (ECF No. 11454 at 3), which this Court granted. (ECF No. 11457.) In the instant motion, Alexandria seeks partial default judgment on liability against Iran and requests solatium damages in line with the awards typically awarded to the children of 9/11 decedents. (ECF No. 11484.)

## II. LEGAL STARDARDS

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(l)(C). This Court must review *de novo* the portions of a report to which a party properly objects. *Id.*

Because no party objected to the Report, this Court reviews for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present

[2] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the issues raised in the motions. Moreover, because the relevant factual and procedural background has been discussed at length in the Report, this Court summarizes and appropriately incorporates such background by reference. (*See* Report at 2–4.)

when "upon review of the entire record, [this Court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and "not merely if it 'would have decided the case differently.'" *Sands v. What's Trending, Inc.*, No. 20 Civ. 2735 (GBD) (KHP), 2021 WL 694382, at *1 (S.D.N.Y. Feb. 23, 2021) (citation omitted).

## III. MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED JURISDICTION, DEFAULT, AND LIABILITY

In order to grant Alexandria Desimone's motion for partial default judgment against the Iran Defendants, this Court must resolve whether it has jurisdiction to enter default judgment on the Plaintiff's claims, whether the Iran Defendants are liable to the Plaintiffs, and what damages are due to the Plaintiffs. Magistrate Judge Netburn properly concluded that this Court has subject matter and personal jurisdiction sufficient to enter default judgment on the Plaintiffs' claims against the Iran Defendants, and that the Iran Defendants defaulted. (Report at 4–6.)

Magistrate Judge Netburn also properly evaluated the Iran Defendants' liability pursuant to the six elements of FSIA § 1605A. The FSIA provides a cause of action for claims (1) brought by a United States national or her representative (2) against a designated state sponsor of terrorism that (3) directly, or through a state official, employee, or agent, committed or provided material support or resources for (4) "an act of torture, extrajudicial killing, aircraft sabotage, or hostage taking" that (5) caused (6) personal injury or death. (Report at 6–7 (citing 28 U.S.C. § 1605A(a)(1),(c).) Magistrate Judge Netburn correctly concluded that Alexandria's claim "meets all six elements." (Report at 7).

Overall, and in line with this Court's approach in other orders, this Court finds that the Iran Defendants are liable to Plaintiff Alexandria Desimone. This Court **GRANTS** Alexandria's

motion for default judgment. *See K.E.F.V.*, 135 F.4th at 991 (finding that child born two months after father's death satisfied all elements of § 1605A(c)).

## IV. MAGISTRATE JUDGE NETBURN PROPERLY DETERMINED DAMAGES

Alexandria seeks solatium damages as an *in utero* child of a 9/11 decedent. This Court previously established a damages framework for solatium claims under the Foreign Sovereign Immunities Act ("FSIA") for immediate family members of 9/11 decedents, which awards $12,500,000 for spouses, $8,500,000 for children, $8,500,000 for parents, and $4,250,000 for siblings. This Court used this framework for awarding solatium damages to previous Plaintiffs that were U.S. nationals during the 9/11 Attacks and the immediate family members of 9/11 decedents. (ECF Nos. 2623; 2618.) Among those family members was Stephanie Desimone, who was awarded solatium damages of $12.5 million as the spouse of 9/11 decedent Patrick Dunn. (*See* ECF No. 9926 at 2, 6.)

FSIA does not address whether after-born, or *in utero*, children may recover solatium damages. 28 U.S.C. § 1605A(c). Nor has this Court. Prior to the decision in *K.E.F.V.*, most federal courts denied unborn children solatium damages, finding that "a plaintiff . . . must have been alive at the time of the attack in order to collect solatium damages." *See, e.g.*, *Davis v. Islamic Republic of Iran*, 882 F. Supp. 2d 7, 15 (D.D.C. 2012); *Goldstein v. Islamic Republic of Iran*, 383 F. Supp. 2d 15, 22 (D.D.C. 2019). Most district courts in this circuit followed suit. (*See, e.g.*, ECF No. 8901 at 14–15.) Some, however, held the opposite. *See, e.g.*, *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 237, 239 (S.D.N.Y. 2003) (awarding solatium for child who was born three months after 9/11).

In *K.E.F.V.*, the Court of Appeals for the D.C. Circuit addressed this issue and held that "children who are in utero at the time a parent is killed in a terrorist attack and who are later born

may seek solatium under the FSIA." 135 F.4th at 998. This Court adopts the D.C. Circuit's reasoning and holds, as a matter of first impression, that the children who were *in utero* at the time their parent was killed during the 9/11 Attacks, and who were later born, may recover solatium damages under the FSIA.

Solatium damages cover not only "the 'injury to the feelings' of a family member caused by the circumstances of the decedent's death," but also the loss of the decedent's "comfort and society." *K.E.F.V.*, 135 F.4th at 995 (citing *Fraenkel v. Islamic Republic of Iran, Ministry of Foreign Affs., et al.*, 892 F.3d 348, 356 (D.C. Cir. 2018); *see also* Black's Law Dictionary 1607 (10th ed. 2014) (defining "solatium" as "[c]ompensation; . . . damages allowed for hurt feelings or grief, as distinguished from damages for physical injury").

The *in-utero* child of a 9/11 decedent is denied the opportunity to grow up with their parent, likely exacerbating "hurt feelings or grief." Black's Law Dictionary 1607. And allowing *in-utero* children to recover for solatium damages would account for the loss of the parent's "comfort and society." Adopting the D.C. Circuit's holding in *K.E.F.V.* would also not "open the floodgates" of litigation, as the plaintiffs *in utero* at the time of the 9/11 Attacks are a sufficiently limited enough class, and it would not impermissibly expand the scope of liability.

As applied to this case, Alexandria remains entitled to the loss of her father's comfort and society. *K.E.F.V.*, 135 F.4th at 995. Although Alexandria was not alive at the time of her father's death, she was "forced to grow up without the 'love, affection, care, attention, companionship, comfort and protection' that [her] father[] would have provided." *Id.* at 996 (quoting *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 585 (1974)). Accordingly, Alexandria is entitled to solatium damages as the unborn daughter of Commander Patrick Dunn at the time of the 9/11 Attacks.

At issue is the appropriate amount of solatium damages for Alexandria. In making its determination, this Court must "account for various facts and circumstances" and "use those factors to arrive at an appropriate numerical expression of total pain and grief—encapsulated in the solatium award." *Oveissi v. Islamic Republic of Iran*, 768 F. Supp. 2d 16, 25 (D.D.C. 2011).

Alexandria seeks $8.5 million in solatium damages, in line with the standard amount usually awarded to the born children of 9/11 decedents. The Court in *K.E.F.V.* did not explicitly determine an amount of recovery for *in utero* plaintiffs, but it did acknowledge that recovery for an *in-utero* plaintiff "may well be smaller than if [she] had also suffered mental anguish at the time of her father's death as a result of terrorists 'direct[ing]' an attack at her." 135 F.4th at 995. In line with this holding, various district courts have awarded a lower baseline amount for *in-utero* plaintiffs. *See, e.g.*, *Cabrera v. Islamic Republic of Iran* ("*Cabrera II*"), No. 19-cv-3835 (JDB), 2024 WL 864092, at *3 n.2 (D.D.C. Feb. 29, 2024) (awarding a 50% downward departure entitling the *in utero* plaintiff to $2.5 million); *Cabrera v. Iran* ("*Cabrera III*"), No. 19-cv-3835 (JDB), 2025 WL 1423739, at *16 (D.D.C. May 16, 2025) (awarding $1.25 million in solatium damages to an *in utero* plaintiff); *Karcher v. Islamic Republic of Iran*, No. 16-cv-00232 (CKK), 2026 WL 179315, at *4 (D.D.C. Jan. 23, 2026) (awarding $2.5 million to an *in utero* child after their father perished in a non-9/11 Iranian terrorist attack).

This Court aligns with these holdings and awards Alexandria $4.25 million in solatium damages, half of the usual amount allocated for the children of 9/11 decedents. Although Alexandria suffered an insurmountable loss, she was "too young to comprehend her father's death contemporaneously." *K.E.F.V.*, 135 F.4th at 995. Awarding Alexandria $4.25 million appropriately accounts for the loss of her "decedent's society and comfort" while acknowledging that Alexandria did not experience "mental anguish, bereavement, and grief" at the time of her father's death.

*Flatow v. Islamic Republic of Iran*, 999 F. Supp. 1, 30 (D.D.C. 1998); *Fraenkel*, 892 F.3d 348, 356 (D.C. Cir. 2018). Magistrate Judge Netburn also properly concluded that "Alexandria's motion raises no such circumstances or factors that would warrant departure from the new $4.25 million baseline." (Report at 16 n. 5.)

Accordingly, this Court **ADOPTS** Magistrate Judge Netburn's recommendation and awards Alexandria $4.25 million in solatium damages.

## V. CONCLUSION

Magistrate Judge Netburn's Report is **ADOPTED** in its entirety. Plaintiff's motion for partial default judgment against Iran is **GRANTED**. Upon consideration of the evidence and arguments submitted by the Plaintiff, together with the entire record in this case, it is hereby

**ORDERED** that service of process in the above-captioned matter was properly effected on Iran in accordance with 28 U.S.C. § 1608(a); and it is further

**ORDERED** that this Court has personal and subject matter jurisdiction over Iran for the instant claim; and it is further

**ORDERED** that partial default judgment is entered against Iran on behalf of the Plaintiff, and the Plaintiff is awarded $4.25 million in solatium damages; and it is further

**ORDERED** that the Plaintiff is awarded prejudgment interest of 4.96 percent per annum, compounded annually, for the period from September 11, 2001, until the date of judgment; and it is further

**ORDERED** that Plaintiff may submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered, and such damages were not sought in this motion), at a later date consistent with any future rulings made by this Court on this issue; and it is further

**ORDERED** that the remaining *Desimone* Plaintiffs, not identified in this Order, may submit future applications for compensatory, economic, punitive, and other damages, to the extent such awards have not been previously addressed by the Court.

This Court respectfully directs the Clerk of the Court to terminate the motion at ECF No. 11481 and No. 21-cv-07679, ECF No. 110.

Dated: SEP 10 2026
New York, New York

**SO ORDERED.**

George B. Daniels

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE