LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

September 25, 2026

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-International (USA) ("WAMY") file this letter motion asking the Court to order Plaintiffs' counsel Robert Haefele and Steven Pounian ("Plaintiffs' Counsel") to produce limited documents and materials that relate to the anticipated deposition of Steven Goldberg and the deposition and report of WAMY's forensic accounting expert Jonathan Marks from the firm of Baker Tilly. We have recently become aware that Plaintiffs' Counsel also interviewed another member of WAMY's forensic accounting expert's team in May of 2026, Andy Guzman, but did not disclose either the fact or the substance of the interview to the Court or WAMY's counsel. We also have reason to believe that the subject of the interview included privileged communications between WAMY's counsel and its expert. Given the importance of these issues and the short time frame in which to address them, we ask that the Court order Plaintiffs' Counsel to immediately produce targeted information pertinent to Plaintiffs' Counsel's interview with WAMY's expert's team.

During this week, WAMY's counsel learned that around the same time that they contacted and interviewed Steven Goldberg, Plaintiffs' counsel contacted and interviewed another member of the Baker Tilly expert team, Andy Guzman. Upon information and belief, the subjects of the interview were the expert report and deposition of Jonthan Marks. During that interview, it appears that Guzman provided Plaintiffs' Counsel with information concerning the Marks' deposition and the Baker Tilly report that was materially different from the information Plaintiffs' Counsel provided to the Court in support of their request to depose Steven Goldberg concerning what occurred during the Marks deposition. (ECF Nos.11231 [motion] and 11232 [declaration]).

Upon further information and belief, Plaintiffs' Counsel questioned Guzman about communications between WAMY's counsel and Marks occurring during breaks in the deposition during which counsel's litigation strategy and mental impressions were discussed. While

Guzman is believed to have asked Plaintiffs' Counsel to stop him if he began disclosing confidential information and they said they would, there are serious questions whether Plaintiffs' Counsel appropriately policed themselves. Upon further information and belief, Plaintiffs' Counsel told Guzman that they had received not one but two anonymous letters concerning Marks' report and deposition.

Plaintiffs' Counsel revealed to the Court their May 4, 2026 and May 27, 2026 meetings with Goldberg, but did not inform the Court that they had a separate interview with Guzman or identify a second anonymous letter. Plaintiffs' Counsel appear to have intentionally omitted information concerning these communications from the declaration submitted in support of the application to depose Goldberg. That information was material to the Court's consideration of the application and should have been disclosed. Discovery concerning the circumstances, substance, and purpose of these communications is necessary to determine what information was obtained, how it was obtained, and how it was subsequently used.

Under Fed. R. Civ P. 11(b), when an attorney or unrepresented party presents a document to the court—whether by signing, filing, submitting, or later advocating it—they certify that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the document is true, accurate, and not being filed to harass or delay. See, e.g. *Kyros Law P.C. v. World Wrestling Ent., Inc*. 78 F.4th 532, 545 (2d Cir. 2023) (Upholding a District Court sanction for 11(b) violations). "An attorney is an officer of the court and owes the court fiduciary duties and loyalty." *In re Reyes*, 651 B.R. 99, 137 (Bankr. S.D.N.Y. 2023), *aff'd,* No. 23-CV-04185 (PMH), 2023 WL 8184933 (S.D.N.Y. Nov. 25, 2023) (citing *RCI HV, Inc. v. Transtec (RC) Inc.*, 2004 WL 1197246, at *11 (S.D.N.Y. May 28, 2004) (internal citation omitted); *see also Syntel Sterling Best Shores Mauritius Limited v. TriZetto Group*, 328 F.R.D. 100, 118 (S.D.N.Y. 2018). "Moreover, attorneys owe an ethical duty of candor in all of their dealings with the Court." *Id.* (citations omitted). Beyond zealously representing a client, attorneys have "an equally solemn duty to comply with the law and standards of professional conduct…to prevent and disclose frauds upon the court." *Yanique S. v. Frederick T.*, 151 A.D.3d 1222, 1224, 56 N.Y.S.3d 603, 605 (2017) (citations and internal quotations omitted). The Rules of Professional Conduct in New York thus prohibit an attorney from, among other things, "'mak[ing] a false statement of fact or law to a tribunal' (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3[a] [1] ), 'offer[ing] or us[ing] evidence that [he or she] knows to be false' (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.3[a][3] ), 'suppress[ing] any evidence that [he or she] or the client has a legal obligation to reveal or produce' (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.4[a] [1] )." Id.

After learning about Plaintiffs' Counsel's contact and interview with Guzman and the information he is believed to have provided, WAMY's counsel sought the following information and materials from Plaintiffs' Counsel:[1]

[1] See Letter to Robert Haefele and Steven Pounian dated September 23, 2026 attached as Exhibit 1.

1. All notes, recordings, summaries, or any other records or data in your possession regarding any communications you had with Andy Guzman and the substance of all statements made by Mr. Guzman during these communications.
2. All notes, recordings, summaries, or any other records or data in your possession regarding any communications you had with any other person employed or formerly employed by Baker Tilly or the Law Firm of Omar T. Mohammedi, LLC, regarding the report or deposition of Jonathan Marks and the substance of all statements made by such person during these communications.
3. All notes, recordings, summaries, or any other records or data in your possession regarding any communications you had with any other person regarding the report or deposition of Jonathan Marks and the substance of all statements made by such person during these communications.
4. The second anonymous letter regarding the deposition and report of Jonathan Marks and its envelope.

Notably, in their reply, Plaintiffs' Counsel did not deny initiating contact with Guzman in May of 2026, interviewing him about the Marks' deposition and the Baker Tilly report, and failing to apprise either the Court or WAMY's counsel of this important information.[2] Moreover, Plaintiffs' Counsel did not deny having received two anonymous letters.

The information WAMY seeks is necessary not only to adequately cross-examine Steven Goldberg at his upcoming deposition but also to enable this Court to have a complete record on which to make any rulings should it come to that. Plaintiffs' submission presented the Court with only a portion of the relevant circumstances while omitting information concerning counsel's prior communications and the information obtained through those communications. These omissions were material because they directly bear upon the factual basis for the requested subpoena and the circumstances under which Plaintiffs sought judicial relief.

Plaintiffs' Counsel asked the Court to act on an incomplete factual record while possessing and withholding information that was directly relevant to the Court's determination. Defendants respectfully submit that the Court should not be required to evaluate the propriety of Plaintiffs' application without the benefit of the complete record concerning Plaintiffs Counsel's communications and the information obtained as a result.

Additionally, WAMY is concerned that Plaintiffs' Counsel's pattern of seeking confidential and privileged information from members of an opposing party's expert team compromises WAMY's privileged information and put Plaintiffs at unjust leverage in this case. See *Erickson v. Newmar Corp.*, 87 F.3d 298, 301–02 (9th Cir. 1996) (noting that Fed. R. Civ. P.26 limits a lawyer's permissible contact with an opposing party's expert to interrogatories and depositions and discussing two ABA ethics opinions explaining that an attorney violates an ethical duty when the attorney has *ex parte* contact with the opposing party's expert witness); *Campbell Industries v. M/V Gemini,* 619 F.2d 24, 28 (9th Cir. 1980) (upholding lower court

[2] See letter from Robert Haefele to Omar Mohammedi and Frederick Goetz dated September 24, 2026 attached as Exhibit 2.

finding that "ex parte contacts with [opposing expert] to be a flagrant violation of the provisions of Fed. R. Civ. P.26, deserving strong sanction."). See also *Heard v. Statue Cruises LLC*, No. 16CV1079ALCBCM, 2020 WL 1285456, at *8 (S.D.N.Y. Mar. 18, 2020) (considering *ex parte* contacts by plaintiff's attorneys with former colleague and co-employee of defendant's retained expert and noting that it would be impermissible to divulge confidential or privileged information concerning an expert engagement that he worked on while a member of the defense expert's firm to the attorneys for a party-opponent). Protected information is being violated through the pattern Plaintiffs' Counsel have taken upon themselves to seek confidential information and unfairly prejudice WAMY. Such conduct undermines the fairness and integrity of the proceedings and creates an appearance of an uneven playing field.

WAMY respectfully request that this Court order Plaintiffs' counsel to produce the requested materials as the first step in determining the full scope and circumstances of the communications at issue. This production and review of these materials will address the consequences of any material omissions or misrepresentations made in connection with Plaintiff's application, including whether Plaintiff's failure to disclose material information improperly affected the Court's consideration of the requested relief. If necessary, WAMY's counsel is available to confer with the Court regarding these serious and concerning matters, including the conduct of Plaintiff's Counsel, which has caused and continues to cause substantial prejudice to WAMY's interests in this case.

Respectfully submitted,

*/s/Omar Mohammedi*

______________________
Omar T. Mohammedi

*/s/Frederick Goetz, Esq.*

______________________
Frederick Goetz

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.