**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA Electronic Mail**

September 24, 2026

Omar T. Mohammedi (omohammedi@otmlaw.com)
Law Firm of Omar T. Mohammedi, LLC
233 Broadway, Suite 820
Woolworth Building
New York, NY 10279

Frederick J. Goetz (fgoetz@goetzeckland.com)
Goetz & Eckland P.A.
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413

Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Mr. Mohammedi and Mr. Goetz:

We write for the Plaintiffs' Executive Committee and counsel for the *Ashton* Plaintiffs in response to your recent correspondence sent to us last night with a demand that we respond to you by 5 PM today.

First, Plaintiffs reject your characterization of the circumstances described in your letter and deny any suggestion that Plaintiffs or their counsel engaged in any improper conduct. Plaintiffs likewise disagree with the factual assertions, conclusions, and insinuations contained in your correspondence. Moreover, we object to your attempt to transform Plaintiffs' investigation of alleged wrongdoing by WAMY, its counsel, and one of its experts into an unfounded inquiry into Plaintiffs' counsel's conduct, particularly where your correspondence identifies nothing that Plaintiffs' counsel supposedly did wrong. Nonetheless, Plaintiffs do not intend to engage in a point-by-point response and reserve all rights with respect to any issues raised therein.

Second, Plaintiffs decline your request for the production of documents, communications, notes, memoranda, or other materials identified in your letter. Plaintiffs do not believe your correspondence constitutes a proper discovery request, nor do Plaintiffs believe there is any procedural or substantive basis requiring the voluntary production of the materials you seek.

Throughout all the proceedings concerning the allegations tied to Mr. Marks's deposition and more recently to Mr. Golberg's proposed testimony, Plaintiffs proceeded through established procedures and sought narrowly tailored relief from the Court. Plaintiffs sought leave before pursuing limited third-party discovery, respected the Court's role in supervising the process, and

addressed privilege and work-product concerns through the ordinary mechanisms provided by the Federal Rules. In contrast, your previous and present demands seek disclosure of counsel's investigative efforts, internal analyses, witness-development activities, communications, and other materials generated in connection with issues and allegations previously presented to the Court.

As with WAMY's prior demands concerning Mr. Goldberg and related matters, these current informal requests fall outside the discovery authorized by the Court and necessarily implicate attorney work product, counsel's mental impressions, litigation strategy, investigative analyses, and other protected materials. The fact that Plaintiffs investigated matters ultimately presented to the Court does not transform counsel's investigative files into discoverable material, nor does it provide a basis for requiring Plaintiffs to disclose the substance of their work product or litigation preparations.

Accordingly, absent a Court order directing otherwise, Plaintiffs will not provide the requested information or documents. To the extent WAMY intends its correspondence to function as a discovery request, Plaintiffs incorporate and reassert all objections previously asserted in response to WAMY's prior demands, including without limitation objections based on relevance, proportionality, burden, privilege, work-product protection, attorney mental impressions, and the absence of any procedural basis for the requested disclosures. Plaintiffs further reserve all rights and will oppose any application seeking compelled disclosure of such materials.

Nothing in this letter should be construed as a waiver of any objection, privilege, protection, or argument available to Plaintiffs, all of which are expressly reserved.

Sincerely,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*