USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**

**In re:**

**TERRORIST ATTACKS ON SEPTEMBER 11, 2001**

**03-MD-01570 (GBD)(SN)**

**ORDER**

**---------------------------------------------------------------X**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

O'Neill v. Republic of Iraq, No. 04-cv-01076 (GBD)(SN)
Burnett v. Islamic Republic of Iran, No. 15-cv-09903 (GBD)(SN)
Bodner v. Islamic Republic of Iran, No. 19-cv-11776 (GBD)(SN)

The O'Neill-Bodner and Burnett-Munhall-Nilsen Plaintiffs (together, the "Plaintiffs") move to correct their final judgments against the Islamic Republic of Iran ("Iran") pursuant to Rule 60(a). ECF Nos. 12255, 12258.[1] They request amended final judgments that include prejudgment interest calculations. See ECF No. 12256 ¶¶ 47–50. Specifically, they ask for the Clerk of the Court to "calculate prejudgment interest for each applicable Plaintiff . . . and to add the resulting amounts to the applicable Final Judgments." Id. ¶ 50.

The Court granted final judgments on the Plaintiffs' claims against Iran pursuant to Rule 54(b). See ECF Nos. 12020, 12021. The Court's Orders stated that the Plaintiffs were awarded "prejudgment interest on [their] compensatory damage awards," which "is to be calculated by the Clerk of the Court at the rate of 4.96 percent per annum, compounded annually, for the period from September 11, 2001, until the date of the Final Judgment." ECF No. 12020 at 2; see ECF No. 12021 at 2 (same). The Clerk of the Court issued final judgments to the Plaintiffs that

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

reiterated the above language about prejudgment interest but did not calculate prejudgment interest amounts. See ECF Nos. 12037, 12038. Later, the Court amended its Orders "to conform the Final Judgment awarded to the Plaintiffs with other judgments issued by the Court." ECF No. 12250 at 1. These Amended Orders included corrected instructions about the Plaintiffs' prejudgment interest awards:

> ORDERED that prejudgment interest on the compensatory damage awards is to be calculated by the Clerk of the Court at the rate of 4.96 percent per annum, compounded annually, for the following periods: (1) for Exhibits B1 and B3, from September 11, 2001, until the date of the Final Judgment; and (2) for Exhibit B2, from the "Date of Report" listed in exhibit until the date of the Final Judgment . . . .

ECF No. 12250 at 2; see ECF No. 12251 at 2 (similar). The Clerk of the Court has yet to issue amended final judgments reflecting these and other minor changes.

The Clerk of the Court regularly enters partial and final judgments in this litigation. These judgments—including final judgments under Rule 54(b)—typically do not include calculations of prejudgment interest. Instead, these judgments (1) state whether the plaintiffs may recover prejudgment interest; and (2) set the key parameters defining any interest award, including the rate, start date, and end date. See, e.g., ECF Nos. 12311 at 2, 12233 at 2, 12157 at 2–3, 11147 at 1–2. Thus, as the Plaintiffs recognize, the Court's instructions establish their "entitlement to prejudgment interest" and specify "all material parameters necessary to calculate it" for each Plaintiff. ECF No. 12256 ¶ 19.

The Plaintiffs request, however, that the Court direct the Clerk of the Court to "calculate" the prejudgment interest awarded to the Plaintiffs in their forthcoming amended final judgments. The Plaintiffs do not argue that the absence of such calculations in the judgments affects their ability to recover prejudgment interest. The Court has also issued hundreds of judgments without calculated prejudgment interest amounts, and no other party has requested these calculations.

The Plaintiffs' request is DENIED. To date, the Court has determined that the best practice for ensuring accuracy in the judgment-entry process is for the Clerk's Office to restate the precise instructions included in the Court's orders and not independently calculate interest amounts. This approach maintains consistency and uniformity in the judgment-entry process for all plaintiffs. If the Court were to grant the Plaintiffs' request, dozens or hundreds of similarly situated plaintiffs would likely seek the same corrections. There would be no defensible reason to not provide all plaintiffs with prejudgment interest calculations. These calculations would be merely "limited and ministerial" corrections to the Plaintiffs' two final judgments. ECF No. 12256 ¶ 41. But processing similar calculations and corrections for the thousands of plaintiffs in this litigation would impose a heavy administrative burden on the Clerk's Office. This project could backlog the Clerk's Office for months or longer and would slow the pace at which the Clerk's Office issues any judgments.

Accordingly, the Court denies the Plaintiffs' motions to correct their judgments. The Plaintiffs' amended final judgments will establish their right to prejudgment interest and include all necessary parameters for calculating it. But their final judgments need not include prejudgment interest amounts. That said, having raised this issue, the Court intends to explore whether future judgments can include prejudgment interest calculations.

## CONCLUSION

The Court DENIES the Plaintiffs' motions to correct their final judgments. ECF Nos. 12255, 12258. The Clerk of the Court is respectfully directed to issue these Plaintiffs amended final judgments that reflect the Court's Amended Orders but need not include prejudgment interest calculations—consistent with the usual practice. See ECF Nos. 12250, 12251.

The Clerk of the Court is further directed to terminate the following motions: ECF Nos. 12255, 12258; O'Neill, No. 04-cv-1076, ECF No. 953; Burnett, No. 15-cv-9903, ECF No. 1247; and Bodner, No. 19-cv-11776, ECF No. 299.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: September 29, 2026
New York, New York