**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

Ronald L. Motley (1944-2013)
Jodi Westbrook Flowers / Donald A. Migliori, *Co-Chairs*
MOTLEY RICE LLC

Robert T. Haefele, *Co-Liaison Counsel*
MOTLEY RICE LLC

**VIA Electronic Court Filing**

September 30, 2026

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)
Plaintiffs' Response to WAMY's Letter Motion to Compel (ECF No. 12327)

Dear Judge Netburn:

We write for the Plaintiffs' Executive Committee for Personal Injury and Death Claims and the *Ashton* Plaintiffs in opposition to WAMY's September 25, 2026 letter motion (ECF No. 12327), which seeks to compel discovery into Plaintiffs' counsel's investigative work and related core attorney work product. The motion should be denied because it seeks to reopen and expand discovery based entirely on speculation—what WAMY terms "information and belief" and what "appears" to be so; it is unsupported by sworn evidence; and it seeks protected materials, including counsel's notes, interview summaries, investigative files, and mental impressions, that WAMY has not shown any substantial need to obtain.

Plaintiffs' actions were proper and WAMY has identified no rule Plaintiffs violated, no privileged communication Plaintiffs received, and no factual basis to invade counsel's investigative files. The motion should therefore be denied. The Court should reject WAMY's effort to divert the previously authorized limited inquiry into expert-related misconduct into collateral discovery concerning Plaintiffs' investigation itself.

Plaintiffs previously demonstrated that the categories of materials WAMY seeks—counsel's investigative strategy, selection and organization of information, notes, interview summaries, draft declarations, mental impressions, and communications—are protected work product. ECF No. 12285 at 1-2. WAMY bears the burden of showing a substantial need for the materials and an inability to obtain their substantial equivalent by other means. *Am. Oversight v. United States Dep't of Just*., 45 F.4th 579, 593 (2d Cir. 2022); *Shim-Larkin v. City of New York*, No. 16-CV-6099(AJN)(KNF), 2019 WL 2548133, at *5-6 (S.D.N.Y. June 20, 2019). WAMY has not even attempted to make that showing, and cannot carry that burden here, particularly when Mr. Goldberg's deposition is available.

WAMY's motion rests on speculation that Plaintiffs' counsel may have acted improperly—a premise Plaintiffs dispute and WAMY has not supported with evidence. Mere suspicion,

---

however, cannot compel disclosure of protected materials, invade work product, or support accusations of misconduct. Courts routinely reject attempts to pierce work-product protection based on conjecture rather than evidence. *See Apex Oil Co. v. DiMauro*, 110 F.R.D. 490, 498 (S.D.N.Y. 1985); *Shim-Larkin*, 2019 WL 2548133, at *6; *Danping Li v. Gelormino, No. 3:18-CV-442 (MPS), 2019 WL 1957539, at *10 (D. Conn. May 2, 2019)*. Indeed, the Court previously applied that same principle when it initially denied discovery based on the underlying allegations concerning WAMY's engagement of Mr. Marks.

Plaintiffs' counsel were entitled to investigate relevant facts through safeguarded interviews of nonparty fact witnesses, and at all times acted properly in doing so. Messrs. Guzman and Goldberg are neither WAMY employees nor current members of any expert team; they are former Baker Tilly employees with no current connection to WAMY or its expert. Counsel's contact with them, accompanied by clear disclosures about who counsel represents and admonitions not to disclose privileged matter, was permissible. *Muriel Siebert & Co. v. Intuit Inc.*, 8 N.Y.3d 506, 511, 868 N.E.2d 208, 210 (2007); *Niesig v. Team I*, 76 N.Y.2d 363, 558 N.E.2d 1030, 1032 (1990).

The fact that Messrs. Goldberg and Guzman are nonparties who formerly worked at Baker Tilly and on the WAMY project does not change the analysis. The policy underlying *Niesig* and *Siebert* is to protect represented parties and privileged communications without converting Rule 4.2 into a barrier to informal investigation of nonprivileged facts from former employees, former agents, or other nonparty witnesses. The same policy applies with full force here. Messrs. Goldberg and Guzman are former Baker Tilly personnel, not current or former WAMY employees, not current members of any expert team, and not shown to have disclosed any privileged WAMY communication. Counsel's safeguarded contact with them—after disclosing counsel's role and instructing them not to reveal privileged information—therefore falls outside Rule 4.2's no-contact prohibition. *See Niesig*, 76 N.Y.2d 363; *Siebert*, 8 N.Y.3d 506; *Muniz v. Re Spec Corp*., 230 F. Supp. 3d 147 (S.D.N.Y. 2017). WAMY cannot transform a former affiliation with Baker Tilly or prior work on the WAMY project into an attorney-client shield that bars inquiry into nonprivileged facts.

Federal courts in New York apply the same bright-line rule and require evidence that specific privileged information was put at risk—not speculation—before granting relief. *Muniz*, 230 F. Supp. 3d at 157. A recent decision from this District confirms the point: ex parte contact with a former employee is permissible where counsel discloses his role, confirms the witness is unrepresented, and confines the inquiry to underlying facts. *WCA Holdings III, LLC v. Panasonic Avionics Corp.*, No. 1:20-CV-7472-GHW, 2025 WL 2105852, at *7 (S.D.N.Y. July 25, 2025). Because motions challenging such contact carry a "potential for abuse as a tactical device," they require strict scrutiny, and "[m]ere speculation" is not enough; relief is appropriate only where "the facts present a real risk that the trial will be tainted." *Muniz*, 230 F. Supp. 3d at 152.

Here, Plaintiffs' application for Goldberg's testimony detailed how Plaintiffs' counsel fully complied with the requirements for conducting the witness interview. ECF No. 12332, ¶¶ 3-8, 11. WAMY did not and could not identify anything improper in the approach used by Plaintiffs' counsels.

---

Finally, given WAMY's serial, overlapping applications concerning Mr. Goldberg's deposition and Plaintiffs' related investigation (ECF Nos. 12273, 12277, 12286, and 12327), Plaintiffs respectfully request that the Court apply a narrow case-management requirement to any additional motions by WAMY concerning the Goldberg deposition, Plaintiffs' investigation of Mr. Marks's report or deposition, or contacts with former Baker Tilly personnel. While Plaintiffs do not seek to bar WAMY from making future applications for relief, Plaintiffs ask the Court to require WAMY to first meet and confer and then obtain leave through a short pre-motion letter-application explaining why the proposed motion is not vexatious, harassing, duplicative, baseless, or disproportionate under the circumstances of this limited discovery dispute. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Where "the specific vice" is repetitive motion practice in a particular case, a court may limit a party's ability to file motions in that case or require proposed filings to be screened in advance. *In re Martin-Trigona, 737 F.2d 1254, 1261, 1263 (2d Cir. 1984)*; *see LiveVideo.AI Corp. v. Redstone, No. 24-CV-6290 (DEH) (BCM), 2025 WL 2933706, at *23 (S.D.N.Y. Aug. 12, 2025), report and recommendation adopted, 2025 WL 2778110 (S.D.N.Y. Sept. 30, 2025)*. That approach is appropriate here.

For these reasons, Plaintiffs respectfully request that the Court deny WAMY's letter motion (ECF No. 12327) and require WAMY, after first meeting-and-conferring, to then obtain leave before filing any further related motion. Finally, Plaintiffs respectfully renew their request that the Court permit the single, Court-authorized deposition of Mr. Goldberg to proceed promptly. To the extent the Court authorizes any additional discovery, fundamental fairness requires that such discovery be reciprocal.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*

cc: The Honorable George B. Daniels, via ECF
All Counsel of Record via ECF