UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:
*Ashton, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-06977 (GBD)(SN)*
*Bauer, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-07236 (S.D.N.Y.)*
*Ashton, et al. v. Kingdom of Saudi Arabia, No. 17-cv-02003 (GBD)(SN)*
*Ryan, et al. v. Islamic Republic of Iran, et al., No. 20-cv-00266 (S.D.N.Y.)*
*Ashton, et al. v. Al Qaeda, et al., including the Republic of Sudan, No. 02-cv-06977 (GBD)(SN)*

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1610(c)**

---

McANDREW VUOTTO, LLC
1 Blue Hill Plaza, Suite 1509
Pearl River, New York 10965
(212) 382-2208
Attorneys for Plaintiffs Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan and Kristen Ryan

**PRELIMINARY STATEMENT**

Plaintiffs Patricia Ryan, Individually and as Personal Representative of the Estate of John J. Ryan, Laura Ryan, Colin Ryan and Kristen Ryan (collectively, "Plaintiffs"), respectfully submit this Memorandum of Law in support of their Motion for an Order Pursuant to 28 U.S.C. § 1610(c) (the "Motion").

Plaintiffs hold a valid, final, and unsatisfied terrorism judgment against Defendant Islamic Republic of Iran ("Iran") under the Foreign Sovereign Immunities Act ("FSIA"), entered pursuant to 28 U.S.C. § 1605A, arising from Iran's material support for the September 11, 2001 terrorist attacks. Iran was properly served with notice of the judgment pursuant to 28 U.S.C. § 1608(a)(4), and more than a reasonable period of time has elapsed without any payment, appearance, or effort by Iran to satisfy the judgment.

Plaintiffs seek a narrow, procedural order authorizing them to pursue attachment and execution proceedings against specifically identified property – approximately $61.19 million of Tether cryptocurrency comprising the defendants-in-rem in *United States v. All USD Tether Held in the Following Cryptocurrency Addresses, et al.*, No. 26-cv-8010 (S.D.N.Y.) (the "Tether Assets"), a form of property subject to execution under federal law, as required by § 1610(c). Such an order is a condition precedent to execution and does not itself determine priority, ownership, agency status, or entitlement to turnover. Consistent with controlling Second Circuit authority, Plaintiffs do not ask this Court to adjudicate any contested factual issues concerning the ultimate disposition of the Tether Assets, which Plaintiffs anticipate will be resolved in future execution and turnover proceedings.

**FACTS RELEVANT TO MOTION**

Plaintiffs are judgment creditors of Iran pursuant to two Judgments (collectively, the "Judgments") entered by this Court. Motion, ¶¶1-3; Exs. A and B. The Judgments award compensatory damages for conscious pain and suffering, punitive damages, and prejudgment interest, arising from Iran's material support for terrorism. The Judgments were entered pursuant to the terrorism exception to sovereign immunity codified at 28 U.S.C. § 1605A.

Plaintiffs properly served Iran with the Judgments and all required supporting materials in strict conformity with FSIA § 1608(a)(4). Service was effectuated in July 2020 through diplomatic channels via the United States Department of State and the Swiss Embassy, which serves as the protecting power for Iranian interests as required by § 1608(a)(4). Motion, ¶¶5-6; Exs. C and D. Iran has made no appearance, lodged no objection, and taken no steps to satisfy the Judgments. More than five years have elapsed since service of the Judgments.

Plaintiffs seek authorization to pursue attachment and execution against the Tether Assets, and all proceeds or substitute property traceable thereto. On September 14, 2026, the United States filed a Verified Complaint for Forfeiture In Rem in *United States v. All USD Tether Held in the Following Cryptocurrency Addresses, et al.*, No. 26-cv-8010 (S.D.N.Y.), seeking forfeiture of approximately $61.19 million of USDT held in ten cryptocurrency addresses. The Government alleges that the Tether Assets constitute proceeds of illicit Iranian oil sales and that each of the ten addresses was used to hold or launder such proceeds on behalf of or for the benefit of Iran's Armed Forces General Staff ("AFGS") and the Islamic Revolutionary Guard Corps ("IRGC"). The Tether Assets have been frozen by Tether, and the Government has obtained a federal seizure warrant with respect to the Defendant Cryptocurrency.

With this Motion, Plaintiffs seek only the § 1610(c) authorization necessary to proceed against the Tether Assets. Plaintiffs expressly reserve all rights with respect to all fact issues concerning, without limitation and among other things, asset ownership, agency or instrumentality status, entitlement under the Terrorism Risk Insurance Act of 2002 ("TRIA"), or priority issues, all of which are expressly preserved for later proceedings.

**LEGAL ARGUMENT**

**I. Applicable Standard**

Under the FSIA, the property of a foreign state or its agencies or instrumentalities may not be attached or executed upon unless the court has determined that: (i) any notice required under § 1608 has been given; and (ii) a reasonable period of time has elapsed following entry of judgment. 28 U.S.C. § 1610(c). A § 1610(c) order is procedural in nature and serves as a condition precedent to execution. It is not itself a writ of attachment or execution and does not resolve priority disputes. *Levin v. Bank of N.Y.*, No. 1:09-cv-59000, 2011 WL 812032 (S.D.N.Y. Jan. 28, 2011) (describing § 1610(c) as procedural); *Walters v. Indus. & Com. Bank of China*, 651 F.3d 280, 289–91 (2d Cir. 2011).

The primary statute governing enforcement of terrorism judgments entered under § 1605A is TRIA § 201. TRIA provides, in relevant part, that "notwithstanding any other provision of law," blocked assets of a terrorist party, including blocked assets of its agencies or instrumentalities, shall be subject to execution or attachment to satisfy judgments for compensatory damages. Pub. L. No. 107-297, § 201(a), 116 Stat. 2322 (codified at 28 U.S.C. § 1610 note).

## II. Plaintiffs Are Entitled To A § 1610(c) Order

### A. Plaintiffs Have Satisfied The Notice Requirement Of FSIA § 1608

Under the FSIA, entry of a default judgment against a foreign sovereign must be accompanied by service of that judgment. *Murphy v. Islamic Republic of Iran*, 778 F. Supp. 2d 70, 72-73 (D.D.C. 2011).

Plaintiffs fully complied with § 1608(a)(4). Iran received diplomatic service of the Judgments and supporting materials through the State Department and Swiss Embassy. Iran's continued refusal to appear or respond, despite having notice, does not bar enforcement. Courts have repeatedly recognized that Iran is capable of appearing in U.S. courts when it chooses to do so. *See, e.g., Heiser v. Islamic Republic of Iran*, 807 F. Supp. 2d 9 (D.D.C. 2011).

### B. A Reasonable Period Of Time Has Elapsed

Section 1610(c) requires the Court to determine that a reasonable period of time has elapsed following entry and service of judgment. Courts have held that: (i) 60 days may be sufficient (*see Valore v. Islamic Republic of Iran*, No. 08-cv-1273, 2010 WL 5094259, at *2 (D.D.C. Dec. 14, 2010)); and (ii) six weeks may suffice where no payment efforts are made (*see Ned Chartering & Trading, Inc. v. Pakistan*, 130 F. Supp.2d 64, 67 (D.D.C. 2001)). This Court has found that three months satisfies § 1610(c)'s requirements. *Ferrostaal Metals Corp. v. S.S. Lash*, 652 F. Supp. 420, 423 (S.D.N.Y.1987).

Here, over five years have passed since Iran was served with the Judgments – far exceeding periods previously deemed reasonable by federal courts. Iran has made no payment nor any effort toward satisfaction. Under the applicable standard, the statutory requirement is met.

**C. <u>Plaintiffs Have Identified Specific Property & A Statute Permitting Execution</u>**

In the Second Circuit, when a court is asked to permit execution to proceed against identified property, the plaintiff must identify the assets it seeks to pursue and demonstrate a statutory basis for execution, without requiring the court at the § 1610(c) stage to resolve disputed issues of ownership, agency status, or priority. *Walters*, 651 F.3d at 289-91.

Plaintiffs have identified specific property. The Tether Assets are: (i) specifically identified; (ii) the defendants-in-rem in a pending civil forfeiture action in this District; and (iii) alleged by the United States to be property of Iran or its agencies or instrumentalities. TRIA § 201 provides the substantive authorization for execution notwithstanding any other provision of law.

Importantly, Plaintiffs seek no determination from this Court as to ownership, agency status, or priority. This Motion seeks only the procedural authorization required by § 1610(c) to proceed with execution and attachment.

**<u>CONCLUSION</u>**

Plaintiffs have obtained a valid, final terrorism judgment, properly served Iran under FSIA § 1608, waited far longer than a reasonable period of time, and identified specific property subject to execution under TRIA. Accordingly, Plaintiffs respectfully request that the Court enter the proposed order granting Plaintiffs' Motion pursuant to 28 U.S.C. § 1610(c).

McANDREW VUOTTO, LLC
Attorneys for Plaintiffs

By: *<u>/s/Jonathan P. Vuotto</u>*
Jonathan P. Vuotto

Dated: October 2, 2026