LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

October 2, 2026

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-International (USA) ("WAMY") file this letter reply to Plaintiffs' Executive Committee for Personal Injury and Death Claims and the *Ashton* Plaintiffs' September 30, 2026, letter response (ECF No. 12338) in opposition to WAMY's September 25, 2026 letter motion (ECF No. 12327) to compel Plaintiffs' counsel Robert Haefele and Steven Pounian ("Plaintiffs' Counsel") to produce data and information concerning their *ex parte* communication with another former assistant of WAMY's forensic accounting expert about his work on the WAMY engagement. Any attorney work product protections in this data is outweighed by WAMY's substantial need for the information, information that is not available from any other source. WAMY's motion should therefore be granted.

Plaintiffs cannot, without any oversight, engage in communications with members of Defendants' expert team, obtain information through those communications and then unilaterally decide which portions of that information are useful enough to them to disclose to the Court while withholding other information that might contradict their claims. That problem is particularly apparent with respect to Plaintiffs' Counsel's communications with former Baker Tilly employee Andy Guzman about his work on behalf of WAMY.

Assuming for the sake of this response that the work-product protection applies, it provides only qualified protection from disclosure. *Shim-Larkin v. City of New York*, No. 16-CV-6099(AJN)(KNF), 2019 WL 2548133, at *5 (S.D.N.Y. June 20, 2019). The data and information sought by WAMY's motion may be disclosed upon a showing of substantial need for the materials and an inability, without undue hardship, to obtain the substantial equivalent of these materials by other means. *Id.* WAMY has met this burden.

The data and information sought by WAMY's motion (ECF No. 12327) is necessary to establish what Plaintiffs' Counsel knew with respect to claims of misconduct related to the Marks' deposition and report and when they knew it. Through separate counsel, WAMY has

interviewed Andy Guzman. Far from speculation, WAMY believes the following to be true based on information directly from Guzman:

- Plaintiffs' Counsel contacted Guzman in May 2026. He spoke with them once, by telephone. He relayed information that was in large part similar to that provided to Arnold & Porter when he was interviewed previously in 2024 with one addition.
- Plaintiffs' Counsel discussed with Guzman conversations between WAMY's counsel and their expert and his team that occurred during a break in Marks' deposition.
- Plaintiffs' Counsel told Guzman there were in fact two anonymous letters, rather than just the one letter that Plaintiffs' Counsel previously provided to the Court.
- Guzman told Plaintiffs' counsel that he was unrepresented and asked them to stop him if he began disclosing confidential information; he said that they did so two or three times.

The information provided by Guzman shows that whatever "safeguards" Plaintiffs' Counsel claim to have self-imposed were ineffective or ignored. The information Plaintiffs' Counsel obtained from Guzman likely included protected communications between WAMY's counsel and their expert. The limited records of Plaintiffs' Counsel's communications with Guzman requested will therefore likely demonstrate that Plaintiffs' Counsel may only have paid lip service to not seeking privileged information from Guzman. It is essential that WAMY know whether its privilege in their lawyer's communications with experts has been violated. There is no other source of this information.

Importantly, the information Guzman provided to Plaintiffs' Counsel appears to be different in material respects from the claims that Plaintiffs' Counsel made coming from Steven Goldberg in their initial application to depose him. (See ECF Nos. 11231 and 11232.) The information WAMY seeks goes directly to establishing that Plaintiffs' Counsel had such potentially exculpatory information yet deliberately withheld it from the Court. WAMY has a substantial need for this information as it will potentially go to what restrictions should be placed on the Goldberg deposition, whether the deposition should go forward at all, and what action should be taken in light of all the circumstances. There is no other source for this information. Only the data and information in Plaintiffs' Counsel's possession will show what they knew, when they knew it, and whether they did or did not proceed with candor to the Court.

Additionally, Plaintiffs' Counsel has no work product claim as to the second anonymous letter or the envelope it came in. Both of these must be produced.

The fact that Guzman, and Goldberg for that matter, are former employees of Baker Tilly who worked on the WAMY engagement under Jonathan Marks does not mean WAMY has lost protections in confidential information they possess with respect to that engagement. Communications between attorneys and their expert, including the expert's assistants, are not discoverable. *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012),

*aff'd sub nom. Republic of Ecuador v. Mackay*, 742 F.3d 860 (9th Cir. 2014); *Wyatt B. v. Kotek*, No. 6:19-CV-00556-AA, 2024 WL 1574471, at *2-3 (D. Or. Apr. 11, 2024); *CON EL, INC., ET AL. v. BURLINGTON INSURANCE COMPANY*, No. CV 23-6402, 2026 WL 2333099, at *4 n. 24 (E.D. La. Aug. 12, 2026). The authority cited by Plaintiffs also recognizes that just because a witness is a former employee, this "does not mean, however, that the right to conduct ex parte interviews is a license for adversary counsel to elicit privileged or confidential information…." *Muriel Siebert & Co. v. Intuit Inc.*, 8 N.Y.3d 506, 512, 868 N.E.2d 208, 210 (2007).

In addition, Defendants have brought these matters to the Court because they believe that the conduct described above implicates fundamental protection governing the expert-client relationship, confidentiality, the integrity of the litigation process and counsel's obligations to the Court. Defendants respectfully request that the Court consider that full context in resolving Plaintiffs' application and in determining what further disclosure, safeguards, or other relief is appropriate.

Finally, WAMY would note that the three applications pending before the Court directly result from and respond to actions and conduct of Plaintiffs' Counsel. WAMY met and conferred with Plaintiffs' Counsel before each application. WAMY trusts that further applications will not be necessary but cannot control the actions or conduct of its adversary to prejudice WAMY and counsel in this litigation.

Respectfully submitted,

*/s/Omar Mohammedi*

________________________
Omar T. Mohammedi

*/s/Frederick Goetz, Esq.*

________________________
Frederick Goetz

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.