**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**----------------------------------------------------------------X**

**In re:**

**TERRORIST ATTACKS ON SEPTEMBER 11, 2001** | **03-MDL-1570 (GBD)(SN)**

**----------------------------------------------------------------X**

*This document Relates to: All cases*

**DECLARATION OF ROBERT T. HAEFELE AND STEVEN POUNIAN REGARDING COMMUNICATIONS WITH ANDY GUZMAN, OTHER POTENTIAL WITNESSES, AND ANONYMOUS LETTERS**

We, Robert T. Haefele and Steven Pounian, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. We are attorneys for Plaintiffs in the above-captioned action and make this declaration based upon our respective personal knowledge.

2. We submit this declaration to comply with to the Court's October 2, 2026 Opinion & Order, ECF No. 12346.

3. The Court directed that this declaration be similar in style and content to the declaration submitted at ECF No. 12232. The Order directs that the declaration should omit privileged material. *Id*. at 27

**Telephone Interviews of Mr. Guzman (by Robert T. Haefele)**

4. On May 4, 2026, at approximately 3:00 p.m., Robert T. Haefele spoke by telephone with Andy Guzman. Steven Pounian did not participate in this call.

5. At the start of the call, Mr. Haefele identified himself as an attorney with Motley Rice LLC and explained that he represented Plaintiffs in the September 11 litigation pending before this Court.

6. Before proceeding further, Mr. Haefele advised Mr. Guzman of the same information and cautions against providing privileged information that he had given Mr.

Goldberg, and Mr. Guzman responded that he was not represented, had no continuing relationship with Baker Tilly or WAMY, and understood that Mr. Haefele did not represent him, could not give him legal advice, and that he was not to provide Mr. Haefele with privileged information, including communications Mr. Guzman had with WAMY's counsel, litigation strategy to which he had access while he was at Baker Tilly, or draft reports.

7. Thereafter Plaintiffs' counsel conducted a preliminary interview of Mr. Guzman which did not involve inquiry into privileged communications—including, for example, it did not inquire into communications with counsel for WAMY, WAMY's counsel's litigation strategy, or draft reports.

8. On September 25, 2026, Mr. Guzman initiated a telephone call to Mr. Haefele. Steven Pounian did not participate in this call.

9. Before substantive discussion occurred, Mr. Haefele once again advised Mr. Guzman of the same information and cautions against providing privileged information that he had given both Mr. Guzman and Mr. Goldberg previously, and Mr. Guzman responded again that he was still not represented, still had no continuing relationship with Baker Tilly or WAMY, and still understood that Mr. Haefele did not represent him, could not give him legal advice, and that he was not to provide Mr. Haefele with privileged information.

10. The discussion that followed did not involve inquiry into or disclosure of privileged communications—including, for example, it did not inquire into communications with counsel for WAMY, or WAMY's counsel's litigation strategy, or draft reports.

**Communications with Other Potential Witnesses (by Robert T. Haefele & Steven R. Pounian)**

11. Aside from the communications referenced above concerning Andy Guzman and those previously disclosed concerning Steven Goldberg, neither declarant nor, to the best of our knowledge, any member of our respective teams has had any communication regarding

Jonathan Marks's report or deposition with any other current or former employee of Baker Tilly.

12. Aside from communications involving Omar T. Mohammedi in his capacity as counsel of record in this litigation, neither declarant nor, to the best of our knowledge, any member of our respective teams has had any communication regarding Jonathan Marks's report or deposition with any current or former employee of the Law Firm of Omar T. Mohammedi, LLC.

**Anonymous Letters (by Robert T. Haefele 13-15 and by Robert T. Haefele & Steven R. Pounian as to 16-17)**

13. In October 2024, Plaintiffs' counsel received the anonymous letter previously disclosed to the Court and filed on the docket.

14. In or about May 2025, Mr. Haefele received a second anonymous letter through the United States Postal Service, attached hereto as **Exhibit 1.**

15. Other than the anonymous letter and the enclosed copy of ECF No. 10416, nothing else was included in the mailing.

16. Plaintiffs' counsel do not know the identity of the author of either anonymous letter.

17. To the knowledge of the undersigned declarants, Plaintiffs' counsel have had no direct or indirect oral or written communication with the author of either anonymous letter.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2026.

| | |
|---|---|
| /s/ Robert T. Haefele________________ | /s/ Steven Pounian_________________ |
| Robert T. Haefele | Steven Pounian |