LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

October 8, 2026

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

Defendants World Assembly of Muslim Youth and World Assembly of Muslim Youth-International (USA) ("WAMY") respectfully submit this letter motion asking the Court to order that Plaintiffs' counsel Robert Haefele and Steven Puonian ("Plaintiffs' counsel") comply with this Court's October 2, 2026, Opinion & Order (the "Opinion & Order") (ECF No. 12346). The declaration they filed on October 7, 2026, (ECF No. 12354-1) does not comply with the Court's Opinion & Order as it fails to recount the factual details of the substance of Plaintiffs' counsel's communications with Andy Guzman and is not similar in content to the declaration that Plaintiffs' counsel submitted as support for their motion to depose Goldberg. (See ECF No. 12232). WAMY asks that the Court order Plaintiffs' counsel to submit a further declaration that follows the clear direction in the Opinion & Order forthwith.

The Opinion & Order directed, inter alia, that in lieu of providing documents related to their communications with Guzman, "Plaintiffs' counsel...file a declaration recounting the factual details of ...any communication or meetings that Haefele, Pounian, or any member of their teams had with Guzman[.]" (ECF N0. 12346 at p. 27). The Court further directed that "[t]his declaration should be similar in style **and content** to the declaration that Plaintiffs' counsel submitted as support for their motion to depose Goldberg." (Id.) (emphasis supplied). While the declaration should not include privileged material, work-product protection does not apply to communications from Mr. Guzman to Plaintiffs' counsel. I(d. at 23.) Further, information provided by Plaintiffs' counsel to Mr. Guzman, other than drafts of declarations, is not privileged. (Id.).

In stark contrast to the declaration that Plaintiffs' counsel submitted as support for their motion to depose Goldberg, Plaintiffs' October 7 declaration does not provide any factual details of what Guzman said during the interviews of either May 4, 2026 or September 25, 2026. (ECF

No. 12354-1 at ¶¶ 7, 10.), as the Court required. Although it confirms that Guzman was interviewed around the same time as Goldberg and that substantive discussions occurred, the declaration does not include any factual details about what Mr. Guzman said concerning the subjects that were certainly discussed, namely alleged coaching during the deposition of Jonathan Marks and whether the Marks report was authored by Baker Tilly. Plaintiffs' counsel's declaration in support of deposing Goldberg includes in some depth the factual details of statements Goldberg is said to have made to Plaintiffs' counsel on both subjects. (See ECF No. 12232 at ¶¶9, 12. 13, 15, 20).

The Court's direction in the Opinion & Order as to what must be included in the declaration was clear. It must include factual details and it must be similar in substance to ECF No. 12232. Plaintiffs should not be allowed to describe at length the factual details of Goldberg's claimed statements because they believe they help them but provide nothing about the statements Guzman made because they may not. WAMY asks nothing more than that Plaintiffs' counsel be required to immediately produce a declaration that fully complies with the Opinion & Order; including a description of the factual details of all statements Guzman made during the interviews.

In addition, Plaintiffs also have not adequately identified all individuals within their firms who have had contact with Mr. Guzman. Their knowledge-qualified statements concerning other personnel do not establish what inquiries were undertaken to determine whether additional contacts occurred. (ECF No. 12354-1 ¶¶ 11–12). The supplemental declaration should identify all attorneys and other firm personnel who communicated with Mr. Guzman. and confirm whether the two identified calls constitute all communications by counsel and their teams, including written communications and contacts through intermediaries, and describe the reasonable inquiries undertaken to establish completeness.

**The Envelope for the Second Anonymous Letter Should Be Produced.**

Plaintiffs now provide the second anonymous letter but not the envelope in which it came. (ECF No. 12354-2). The Court directed Plaintiffs to provide information "how any anonymous letters concerning Marks's report and deposition received by Haefele, Pounian, or any member of their teams since the first anonymous letter, see ECF No. 10416-1, were sent or received, including any information identify the source(s) of any letters[.]" (ECF No. 12346 at 27). The envelope in which the second anonymous letter came is directly responsive to this requirement. WAMY requests a legible color copy of the front and back of the envelope, including all postmarks, postage, return-address information, labels, and other markings. This is necessary to complete the factual record concerning receipt of the second anonymous letter and its potential source. Not filing this information would unfairly prejudice WAMY and its counsel and will not allow it to ascertain the relevant facts and ensure a fair administration of justice.

Respectfully submitted,

*/s/Omar Mohammedi*

______________________
Omar T. Mohammedi

*/s/Frederick Goetz, Esq.*

______________________
Frederick Goetz

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.