**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEE**
**FOR PERSONAL INJURY AND DEATH CLAIMS**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

**VIA ECF**

October 13, 2026

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Plaintiffs respectfully oppose WAMY's October 8, 2026 letter motion, ECF No. 12357. Plaintiffs' October 7 declaration, ECF No. 12354-1, complies with the Court's October 2, 2026 Order, ECF No. 12346, which expressly directed that it "should not include privileged material." *Id.* at 27. WAMY instead asks the Court to compel Plaintiffs' counsel to reduce to a sworn narrative the substance of counsel's investigative interviews of a potential witness, which would compel disclosure of quintessential attorney work product. The motion should be denied.

**1. Plaintiffs' October 7 declaration complies with the Court's Order.**

The Court directed Plaintiffs' counsel to file a declaration "recounting the factual details of" their communications with Guzman and others, "similar in style and content to the declaration that Plaintiffs' counsel submitted as support for their motion to depose Goldberg," and expressly directed that it "should not include privileged material." ECF No. 12346 at 26. The October 7 declaration does exactly that: it used a similar style, included similar content, and omitted privileged material. It identifies the communications with Guzman, including their dates, manners, and participants; the precautions taken against privileged disclosures; Guzman's confirmations that he was unrepresented and his commitment to not disclose privileged information; and attests that the interviews "did not involve inquiry into or disclosure of privileged communications." ECF No. 12354-1 at ¶¶ 7, 10. It also addresses the other categories the Order specified—communications with other Baker Tilly or Mohammedi-firm personnel, and any additional anonymous letters. *Id.* at ¶¶ 11-17. It thus provides "factual details" the Order required, sufficient to find that safeguards against disclosure of privileged information were applied, while respecting the Court's express direction to exclude privileged material.

The Order imposed two commands that must be read together: track the form and content similar to ECF No. 12232 ***and*** exclude privileged material. ECF No. 12346 at 27. WAMY's demand for counsel's account of what Guzman said in investigative interviews disregards the Order's express exclusion and fundamental work product protections.

**2. WAMY demands disclosure of attorney work product that was not compelled.**

Stripped of its rhetoric, WAMY's motion seeks an order compelling Plaintiffs' counsel to set out, in their own sworn words, what they asked Guzman and his responses. That is core work product, protected even against a showing of substantial need.

---

The Supreme Court established the governing principle in *Hickman v. Taylor*: an attorney may not be forced "to repeat or write out all that witnesses have told him and to deliver the account to his adversary," because doing so "forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks," and would "make the attorney much less an officer of the court and much more an ordinary witness." *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947). That is precisely what WAMY's motion seeks: to conscript Plaintiffs' counsel as a testimonial source for an account the witness himself is available to provide. The Supreme Court reaffirmed in *Upjohn* that "[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes," and that such material "cannot be disclosed simply on a showing of substantial need." *Upjohn Co. v. United States*, 449 U.S. 383, 399, 401 (1981); *see also In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir. 2002).

WAMY's assumption that a "factual" recounting is not work product is mistaken. The Second Circuit has squarely rejected claims similar to those made by WAMY here, holding that a "factual" recounting constitutes work product, because even an ostensibly factual account of an interview may reveal counsel's choices about what to include, emphasize, or summarize, thereby exposing counsel's mental impressions and theories. *Am. Oversight v. United States Dep't of Just.*, 45 F.4th 579, 596 (2d Cir. 2022). (in deciding how to memorialize an interview, "an attorney (or his agent) necessarily makes choices about structure, content, wording, emphasis, etc., that can reveal his thinking about the interview, his theories of investigation, and areas for possible further inquiry"). Courts in this District and Circuit apply that principle directly to investigative interview records. "[T]hough the[se materials] may contain factual assertions by the interviewee, [they] prominently feature [the attorney's] questions, follow-up points, and notations ... that cannot be adequately extricated from the facts," and are therefore "highly protected work product of which production may not be demanded." *S.E.C. v. NIR Grp., LLC*, 283 F.R.D. 127, 135 (E.D.N.Y. 2012); *see Collins v. City of New York*, No. 11 CV 766 FB RML, 2012 WL 3011028, at *4 (E.D.N.Y. July 23, 2012). Compelling Plaintiffs' counsel to narrate the substance of the Guzman interviews would hand WAMY precisely that protected material — the shape, emphasis, and direction of counsel's investigation.

These authorities confirm the remedy: seek the facts from the witness, not counsel — each denied production because the witness was available to be examined. *See NIR Grp.*, 283 F.R.D. at 135-36; *Collins*, 2012 WL 3011028, at *4; *Randleman v. Fidelity Nat'l Title Ins. Co.*, 251 F.R.D. 281, 286 (N.D. Ohio 2008). So even if the facts Mr. Guzman related were not work product, there is no warrant to extract them from counsel — turning an adversary's lawyer into its witness — when Mr. Guzman is equally available to WAMY.

**3. The Court has already prescribed the proper vehicle — Guzman's deposition, where WAMY may question Guzman directly.**

The Order has already authorized WAMY to depose Guzman and "question [him] about his contacts and meetings with Plaintiffs' counsel." ECF No. 12346 at 26. WAMY can obtain Guzman's account directly from him rather than compel Plaintiffs' counsel to reconstruct their investigative interviews. *S.E.C. v. Gupta*, 281 F.R.D. 169, 173 (S.D.N.Y. 2012). But a *Gupta* waiver runs to the witness's testimony, not to counsel's work product. *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, 2017 WL 4685525, at *6 (Bankr. S.D.N.Y. Oct. 17, 2017) (witness may be asked at deposition about circumstances of the interview but not counsel's preparation of the

declaration). WAMY may ask Guzman at his deposition what he was asked and what he said; it may not conscript Plaintiffs' counsel to supply that account instead.

This also answers the declaration's purpose. The Court ordered it to address its own concern about the circumstances of counsel's contacts with Mr. Guzman — dates, participants, and the precautions against eliciting privileged material — and the October 7 declaration supplies exactly that. WAMY seeks something different and more: the evidentiary substance of what Mr. Guzman said. That WAMY must obtain from the witness, consistent with the Court's determination that Mr. Guzman's deposition is "a convenient and less burdensome method" of obtaining this discovery. ECF No. 12346 at 26; Fed. R. Civ. P. 26(b)(2)(C)(i).

**4. Any compelled disclosure of counsel's investigative communications should be reciprocal.**

If the Court nevertheless requires further disclosure of Plaintiffs' counsel's investigative communications, any such obligation should apply equally to WAMY, Baker Tilly and their counsel. Plaintiffs have consistently sought reciprocity on this collateral record, and the Court has recognized as much. ECF No. 12346 at 26. WAMY's own counsel, Baker Tilly, and the members of Marks's expert team possess the communications most directly bearing on the misconduct under investigation — the preparation and authorship of the Marks report and the conduct at the Marks deposition. Fundamental fairness requires that any such obligation be mutual, not a one-sided command that Plaintiffs' counsel detail their limited contacts while WAMY and its team disclose nothing of their far more extensive communications on the same subjects.

**5. If WAMY's relationship with Guzman gives it access to him, it does not need a declaration from Plaintiffs' counsel — it can ask him.**

WAMY cannot have this both ways. It treats Guzman as a member of "its expert team" whose interview "included privileged communications between WAMY's counsel and its expert." ECF No. 12346 at 6. If so, WAMY has its own access to Guzman and needs no declaration from Plaintiffs' counsel; if instead Guzman is an independent third party, the Court's order supplies the answer — WAMY may depose him. WAMY's motion all but concedes the point, telling the Court it already knows "the subjects that were certainly discussed." ECF No. 12357 at 2. Either way, compelling counsel to narrate the interviews not only compels disclosure of core work product, it is also neither necessary nor the least burdensome route to what WAMY seeks. ECF No. 12346 at 26.

**6. WAMY's remaining requests do not warrant relief.**

As to the identity of firm personnel, the October 7 declaration already attests, on personal knowledge and for their teams, that apart from the identified communications, no team member separately communicated with Guzman or other Baker Tilly or Mohammedi-firm personnel on the relevant matters. ECF No. 12354-1 at 2-3. As to the envelope for the second anonymous letter, the declaration provided the information the Order required — how the letter "w[as] sent or received," ECF No. 12346 at 27 — stating that Mr. Haefele received it through the United States Postal Service and that a copy of a prior court filing, and nothing else, accompanied the letter. ECF No. 12354-1 at 3. Plaintiffs nevertheless attach a copy of the envelope.

For these reasons, Plaintiffs' counsel respectfully request that the Court deny WAMY's letter motion.

---

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9163
Email: rhaefele@motleyrice.com

*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

KREINDLER & KREINDLER LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, NY 10017
Tel.: (212) 973-3477
Email: spounian@kreindler.com

*Counsel For the Ashton Plaintiffs*

cc: The Honorable George B. Daniels, via ECF
All Counsel of Record via ECF