LAW FIRM OF
**OMAR T. MOHAMMEDI, LLC**

233 BROADWAY, SUITE 820
WOOLWORTH BUILDING
NEW YORK, NY 10279
PHONE (212) 725-3846
FACSIMILE (212) 202-7621
WWW.OTMLAW.COM

OMAR T. MOHAMMEDI, ESQ.
DIRECT DIAL: (212) 725-3846 x101
EMAIL: OMOHAMMEDI@OTMLAW.COM

ADMITTED: NEW YORK, EIGHTH CIRCUIT
SECOND CIRCUIT,
US COURT ON INTERNATIONAL TRADE

October 15, 2026

**VIA ECF**

The Honorable Sarah Netburn, U.S. Magistrate Judge
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

**Re: In Re: Terrorist Attacks on September 11, 2001, 03 MDL 1570 (GBD) (SN)**

Dear Judge Netburn:

WAMY respectfully submits this reply to Plaintiffs' counsel's letter opposing WAMY's letter motion (ECF No. 12364) that Plaintiffs be required to comply with the Court's October 2, 2026, Opinion & Order (ECF No. 12346).

The Court is best placed to determine whether Plaintiffs' counsel's October 7, 2026, declaration (ECF No, 12354-1) meets the Court's requirements. In WAMY's view, it does not. The declaration does not comply with the Court's Opinion & Order as it fails to recount the factual details of the substance of Plaintiffs' counsel's communications with Andy Guzman and is strikingly dissimilar in content to the declaration that Plaintiffs' counsel submitted as support for their motion to depose Goldberg. (ECF No. 12346 at p. 27). The Court has carefully considered but rejected Plaintiffs' rehashed claims of privilege in the information Guzman provided about the alleged misconduct during Marks' deposition and his report. The Court contemplated the declarations and depositions together as the means of developing an appropriate record before deciding whether further discovery or hearings are warranted. (ECF No. 12346 at 27–28). WAMY therefore respectfully requests that the Court require Plaintiffs' counsel to provide the factual substance of the information Guzman gave them.

The fundamental issue is candor. The Court must be able to rely on parties and counsel to provide complete and accurate information when seeking judicial relief. No party should be permitted to present a selective account, withhold material information, and then resist an order designed to establish a complete factual record. That is precisely what Plaintiffs' counsel did here. In its October 2 Order, the Court stated that it was left with "only the suspicion that Plaintiffs' counsel was not forthcoming about all information related to their investigation of Marks's alleged misconduct," rather than making a conclusive finding that counsel had withheld material information. (ECF No. 12346 at 25). The Court therefore directed them to submit a further declaration describing the details of their interactions with Guzman, consistent with the detailed account they had provided concerning Goldberg.

Rather than comply with that clear directive, Plaintiffs' counsel attempt to divert the Court's attention from their noncompliance by invoking claims of privilege this Court previously considered and rejected. They also offer the misplaced argument of reciprocal discovery. Plaintiffs cannot use those arguments to circumvent an existing order or relitigate issues this Court has already decided such as the applicable parameters of privilege and confidentiality.

**1. Plaintiffs' October 7 declaration fails to comply with the Court's Order**

Plaintiffs suggest that they need not include the information Guzman gave them about the alleged misconduct though they relied upon the information Goldberg provided at great length in the declaration in support of their request to depose Goldberg. (See ECF 12232 at ¶¶ 9, 12, 13, 15, 20). Plaintiffs' counsel overlook the purpose of the targeted submission includes determining whether Plaintiffs possessed information that refuted Goldberg's claims of misconduct at the time of their application to depose Goldberg but withheld this information from the Court and WAMY. (See ECF No. 12346 at p. 27 ("These targeted submission are warranted given the severity of the allegations raised in WAMY's motion. They align with the Court's response to the first anonymous letter sent to Plaintiffs' counsel...and the information that Plaintiffs' counsel disclosed about their meetings and contacts with Goldberg.")). By failing to disclose the required factual details and substance of Guzman's statements to Plaintiffs' counsel during the two interviews, Plaintiffs obstruct the Court's goal of developing an appropriate record of not only what happened during the Marks deposition and whether Baker Tilly authored the Marks report, but what information Plaintiffs counsel had about those matters when they represented to this Court that misconduct occurred. (See ECF Nos. 12231, 12232).

**2. The information Guzman provided to Plaintiffs' counsel is not privileged.**

The Court has carefully considered but rejected Plaintiffs' claims that what Guzman told them during the two times he was interviewed is protected by the work product privilege. See (ECF No. 12346 at pp. 20-24, 26-27). While any communications relating to the preparation of draft declarations would not be privileged, if they occurred, factual information Guzman provided to Plaintiffs' counsel during the interviews is not privileged. *Id*. Importantly, Plaintiffs lose sight of what is most important here: developing an appropriate record on the alleged misconduct. *Id*. at 27. Only a complete declaration "**combined** with Guzman's deposition and the filings on the docket to date," will accomplish that. *Id*. at p. 27 (emphasis supplied).

It is notable that when Plaintiffs submitted their declaration concerning Goldberg, they did not treat the information they disclosed as privileged. Instead, they relied on that information as a sword to accuse WAMY's counsel of wrongdoing and to advance their request for judicial relief. (ECF No. 12232). Now, when the Court requires them to provide a comparable account of the factual details and substance of their interviews with Guzman, they again invoke a previously rejected claim of privilege as a shield to withhold the information. Plaintiffs' counsel cannot have it both ways. Plaintiffs should not be permitted to selectively disclose information when it serves their litigation objectives and then invoke privilege when the Court requires them to account for material information they previously omitted.

**3. Any reciprocal discovery argument is misplaced**

The issue before the Court is Plaintiffs' failure to provide the factual details and substance of the information Guzman gave them about the Marks deposition and report as required by the Court's October 2 Opinion & Order. This is not a question of discovery or reciprocity. The Court made very clear in its Order that it will assess whether additional discovery or hearings are warranted after the appropriate record is developed. (ECF No. 12346 at 27–28). This is a determination for the Court, not Plaintiffs' counsel.

In addition, this litigation provides a prior example of the importance of complete responses to court-ordered inquiries. In its September 21, 2022 Opinion & Order concerning Kreindler & Kreindler and consultant John Fawcett, the Court found that the firm "dragged its feet, submitted incomplete responses to the Court's inquiries, and obstructed the investigation" into the disclosure of the protected Al Jarrah deposition transcript to Yahoo! News. (ECF No. 8544 pp at 2-3). Complete responses to the Court's inquiries are essential to developing an appropriate record. Incomplete responses cannot substitute for compliance with a specific judicial directive.

**4. Plaintiffs' have provided the envelope for the second anonymous letter.**

Plaintiffs' have now provided the envelope for the second anonymous letter. WAMY therefore withdraws this request for relief.

Respectfully submitted,

*/s/Omar Mohammedi*

_________________________
Omar T. Mohammedi

*/s/Frederick Goetz, Esq.*

_________________________
Frederick Goetz

cc: The Honorable George B. Daniels (via ECF)
All Counsel of Record (via ECF)
Marcus Asner, Esq.
Daniel Flaherty, Esq.