USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**

**In re:**

**TERRORIST ATTACKS ON SEPTEMBER 11, 2001**

**---------------------------------------------------------------X**

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

The Court recently required counsel for the Plaintiffs' Executive Committee for Personal Injury and Death Claims (the "PEC") and the Ashton Plaintiffs (together, the "Plaintiffs") to file a declaration on their contacts with non-party Andy Guzman. See ECF No. 12346 at 29.[1] Plaintiffs' counsel filed this declaration on October 7, 2026. See ECF No. 12354-1 (the "October 7 Declaration"). The World Assembly of Muslim Youth and the World Assembly of Muslim Youth-International (USA) (together, "WAMY") now move to compel Plaintiffs' counsel to refile this declaration with more detail and attachments. See ECF No. 12357. Plaintiffs' counsel oppose this motion. See ECF No. 12364. WAMY filed a reply. See ECF No. 12373.

The investigation into possible misconduct by WAMY expert Jonathan Marks has consumed an extraordinary amount of the Court's attention. The Court has thus authorized the depositions of Steven Goldberg and Andy Guzman as the best way to discover whether the Plaintiffs' allegations of impropriety can be substantiated.

Still, the Plaintiffs' voluntary disclosure of contact with Goldberg—but failure to disclose subsequent contact with Guzman—lead the Court to issue its October 2, 2026 Order, which directed Plaintiffs' counsel to submit a declaration "similar in style and content" to its disclosure

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

regarding Goldberg. ECF No. 12346 at 27. The Court shares WAMY's view that the October 7 Declaration is missing the same "content" as previously provided; that is, Plaintiffs' counsel offer no information about what Guzman said, in stark contrast to their extensive disclosure about their conversations with Goldberg.[2] That said, the Court is unwilling to further prolong this process. These witnesses will testify under oath about their communications with Plaintiffs' counsel, as well as what they observed working with Marks, and the Court will evaluate this controversy based on that record. To the extent that the Court concludes that any counsel has violated its duty of candor or been intentionally misleading, the Court will consider appropriate sanctions.

Accordingly, WAMY's motion to compel is DENIED. WAMY should promptly depose Guzman about his communications with Plaintiffs' counsel. Guzman's deposition remains "a convenient and less burdensome method" for WAMY to obtain this information. Id. at 26; see Fed. R. Civ. P. 26(b)(2)(C)(i). Because Guzman spoke with Plaintiffs' counsel by telephone, the Court considers him "a third-party witness like Goldberg." See ECF No. 12346 at 26. Consistent with its previous analysis for Goldberg, during Guzman's deposition, WAMY "may generally question [Guzman] about his meetings and contacts with Plaintiffs' counsel," but WAMY "may not inquire about protected communications relating to the preparation of [any] draft declaration for [Guzman] or ask for copies of such drafts." Id. at 24; see id. at 26 ("The Plaintiffs may assert work product protections consistent with the Court's guidance for Goldberg's deposition."). The parties are conferring to set a date for Guzman's deposition and must notify the Court when a

[2] The Court acknowledges that, pursuant to the Court's order, the October 7 Declaration included representations that (1) counsel's discussions with Guzman "did not involve inquiry into or disclosure of privileged communications" and (2) aside from previously disclosed communications, "neither declarant nor, to the best of [their] knowledge, any member of [their] respective teams has had any communication regarding [Marks's] report or deposition" with any current or former employee of Baker Tilly or the Law Firm of Omar T. Mohammedi, LLC. ECF No. 12354-1 ¶¶ 10, 11–12.

date is confirmed. See ECF No. 12376 at 1. If privilege disputes related to specific communications arise during Guzman's deposition, the Court will endeavor to be available to consider them.

**CONCLUSION**

The Court DENIES WAMY's motion to compel Plaintiffs' counsel to submit a revised declaration. ECF No. 12357. The parties plan to confer about scheduling Guzman's deposition. See ECF No. 12376. They must notify the Court about the proposed deposition date by Thursday, October 22, 2026. See id. All other instructions related to Guzman's deposition still apply. See ECF No. 12346 at 29. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 12357.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: October 16, 2026
New York, New York