# EXHIBIT "94"

**Muslim World League**
**INTERNATIONAL ISLAMIC RELIEF ORGANIZATION**
**In Saudi Arabia**
**Pakistan Office**
**Islamabad**

[Logo: International Islamic Relief Organization, The Kingdom of Saudi Arabia]

**Ref**: *39/1* **Sub**: ………………………………

**Date**: *13/01/1422 AH – 04/07/2001 AD* ………………………………

**URGENT FAX**

**Dear IIRO Secretary General**

**Dr. Adnan bin Khalil Basha May Allah save him**

[Seal: Copy No (*2*), *587/22*]

**May peace, mercy and blessings of Allah be upon you,**

Please accept our regards, hoping that Allah the Almighty will grant you success.

**Kindly be noted that we have sent you the judgement rendered by the Circuit Court of Appeal in English on Amer Jasim Case.**

**Attached herewith please find the judgement's translation into Arabic for your kind information.**

**May Allah accept your great efforts and services provided to Islam and Muslims.**

**May Allah save and protect you.**

**Office Director**
[signature] *4/6/2001*
**Rahmat Allah Nazir Khan**

*Dear Office team;*

*Kindly confirm receiving the English version and please keep it in my office within the case file.*

1) *To be referred to the legal department for consideration and opinion in light of the investigation with Mr*. [illegible].
2) *To be referred to H.E.* [illegible].
3) *Kindly follow up within 4 days.*

[signature 13/1]

International Islamic Relief Organization General Incoming Mail
Administrative Correspondences
Incoming Mail No.: *587* Date: *01/13/1432 AH* [12/19/2010]
Enclosures: *judgement translation*
Competent body: *Secretary General*

[seal: International Islamic Relief Organization]

*Translation of the judgement into Arabic*

*The 2nd judgement*

**Court of Judge Safdar Hussain, (Circuit) Court of Appeal**

**Islamabad**

**Bail Application No. 168 of 2001 AD interrogated by the Government**

**Amer Jasim Mohammed: Bail Applicant**

**& the Two Parties**

**Dear Bail Applicant's attorney-at-law**

**Dear Complainant's attorney-at-law**

0-1 with the transaction

JUDGEMENT

1. Amer Jassim Mohammed Talib, the bail applicant, filed an application claiming bail and releases as he was arrested in Case No 80 of 02/10/2001 under Articles 408, 420, 468, and 471 of the Pakistani Penal Code, in the Police Center, Islamabad Industrial Area.
2. The case was registered against the bail applicant based on Letter No. …. of Mr. Rahmat Allah Nazir Khan, the Director of the IIRO's Office in Islamabad on 02/10/2001 AD. In his letter, he stated that he was recently appointed as the Director of the Muslim World League's Office in Islamabad. After the appointment, I audited the financial and administrative files and found tremendous financial embezzlement; roughly millions according to the local currency. The bail applicant was the Head of Accounting Department in the IIRO. He was responsible for and beneficiary of such embezzlements. Large amounts of money were embezzled by him. He, sometimes, forged the accounts or provided the higher management with wrong accounts. Thus, he achieved doubled profits illegally. As well, the IIRO suffered heavy financial losses. In addition, the said person put pressure on his subordinates in order to change the financial statements according to his desires and to provide wrong forged accounts instead of the actual accounts. The complainant provided the following names as eyewitnesses on the financial embezzlements; namely: Gholam Habib, a computer officer, Khalid Nassar, the accountant of Islamabad Gulf Medical Center, and Mr. Shawkat Ali Ghori. Accordingly, the bail applicant was arrested. The latter filed the bail application, but it was dismissed by the Judge on 03/03/2001 AD.
3. The bail applicant's attorney-at-law grounded his defense on certain arguments and evidence in order that his client be acquitted; namely the following:

*Important*

The bail applicant gave "delivered" a written statement, in which he declared that he didn't record the incoming financial transfers due to his preoccupation and insufficient time. During the discussions, the (necessary) sufficient material was collected. However, the general nature of the events confirm that the bail applicant / accused manipulated the funds. Whilst such manipulation, he was able to embezzle tremendous amounts of money by preparing forged documents and authorities. Such embezzled funds were allocated for orphans and other charitable purposes. Accordingly, his application is inadmissible and rejected. Concerning the evidence used as the grounds of defense by the bail applicant's attorney-at-law, they are insufficient and may not release the accused given the case's circumstances, dimensions and backgrounds.

**Announced on 04/19/2001 AD**

**Court of Appeal's Judge**

*The 1st judgement*

**(Circuit) Court of Appeal – Division 30 Islamabad**

**Amer Jasim Mohammed bin Jassim currently detained in the Central Jail**

**Adyala Road – Rawalpindi**

**who filed the application against the interrogator (complainant)**

**Case No 80 FIR on 02/10/2001 AD Offense No 402/420 Police Center of the Industrial Area**

**Islamabad**

**Sub: bail application for release after detention**

**Dear:**

- **Bail applicant's attorney-at-law**
- **The Government's Legal Inspector in the Court**
- **Complainant's attorney-at-law**

**The arguments were heard, and the relevant books and records were audited.**

The Court rendered the judgement as follows:

1. The bail applicant filed an application petitioning bail and release from detention based on the following arguments:
- All charges against him are fabricated and fake, which have no grounds from the fact and reality.
- He committed no punishable offenses.
- The case needs more discussion so that everything can be clear, and the right thing can be figured out.
- The offense assigned to him is not listed in the laws and regulations applicable in Pakistan.
2. The case was registered in the Court by Mr. Rahmat Allah Nazir Khan. In his letter, he stated that "he was recently appointed as the Director of the Muslim World League's Office in Islamabad. After the appointment, he audited the financial and administrative files and found tremendous financial embezzlement, roughly millions. Such funds were stolen by Mr. Amer Jassim Mohammed, who was the accountant of the Office, either by fraud and forgery or changing the course of the financial movements. As well, he stole tremendous amounts of money by providing his higher management with forged financial statements. Accordingly, he inflicted losses on the IIRO, which is a charitable organization responsible for providing care to the afflicted, distressed, orphan and poor Muslims.

3. I've listened carefully to the arguments and evidence of the accused's attorney-at-law. As well, I've listened to the complainant's attorney-at-law with attention.
4. The bail applicant's attorney-at-law claimed that the fraud or forgery hasn't been established against his client yet and that the authorities kept by the Police don't show the signature of the accused. They are not even original authorities but copies. Furthermore, no funds were embezzled or disposed by the accused in contrary to the laws and regulations. Also, it wasn't established that the accused have fabricated or forged the books, supposed that the above said charges are established. Accordingly, his client has the right to request release on bail in accordance with the laws currently in force in the country.
5. On the contrary, the complainant's attorney-at-law claimed that the accused, bail applicant, was the director of the financial department in the IIRO. The excessive amounts were sent thereto from the KSA and other Islamic counties for the benefit of the orphans, the poor and the inflicted. Such funds were sent in favor of the eligible citizens in Pakistan, in order to buy the necessary medicines, food and other basic needs. However, the accused has never bought medicines or food, but forged the documents and authorities and pretended to achieve the required actions. He transferred the gained amounts into his own account or pocket. There are 185 authenticated copies of the documents and invoices (attached herewith) that include non-small amounts, and the material mentioned and registered therein were not bought. The concerned shops and storehouses were communicated, and they confirmed that such documents are forged and not issued by them and that the signatures shown thereon are irrelevant. Accordingly, they are not real.
6. Having listened to the two parties, considered the evidence provided by the attorneys-at-law and audited the relevant books, I reviewed financial documents and authorities signed by the bail applicant. Under such authorities, the latter withdrew tremendous funds. The circumstances and the case dimensions and backgrounds affirm that such amounts of money were obtained by him. In this regard, it is worth mentioning documents containing amounts such as USD 4880, 4400, and 1800. All these documents are forged, as indicated by the statements of the shop owners. Such statements in turn indicate that the bail applicant used to manipulate the funds during the term of his office, which was previously assigned thereto by IIRO. The foregoing is the most explicit and clear evidence on such claim. We admit that the case doesn't fall under the non-bailable article and its paragraphs. However, the bail applicant is not fit for having the right of bail as he manipulated the funds allocated for the poor, orphans and the inflicted in this country. As long as the case is as mentioned, the crime against the accused has a national characteristic.

*Important*

- The stolen amounts are not defined or specifically determined in the complainant's letter or the Police documents, which only indicate that the accused has stolen millions without specification.
- The accused was not investigated, and he wasn't warned with respect to the crime assigned thereto.
- The bail applicant provided two documents illustrating the details of actual payment of 6,500,000, equivalent of USD 44,000 and another amount of USD 48,800.
- The person referred to established that he has already paid the amount of 1,700,000, equivalent of USD 18,000.
- There is no direct evidence on the financial embezzlements attributed to the bail applicant.
- All cheques by virtue of which the funds were withdrew from the bank show the signature of the former director. However, such person wasn't brought to police or court.
- The bail applicant is under arrest in jail and hasn't been asked for interrogation in the court yet.
- The offense attributed to the concerned person doesn't fall within the non-bailable Article No 497 of Pakistani Code of Criminal Procedures.
- The accused can be released on bail.
- The bail applicant's attorney referenced laws and regulations 1999 PCR 1529 – SC 34 – PLD 1995 as support of his position and evidence.

4. [Illegible] and the complainant's attorney-at-law objected to the bail application filed by the accused, using the statements of Gholam Habib and Khalid Nassar, which proof the claims of the complainant, as argument. Both confirmed that the bail applicant forced them to prepare forged accounting statements and that the amounts allocated on papers for mosques and clinics, which were prepared by the accused, were not paid to the competent body.

*How much?*

- Concerning the warning, it was served, and the bail applicant confessed his defaults during the investigations carried out by a specialized committee from the organization's headquarters.
- Whereas the accused, bail applicant, embezzled tremendous funds and such funds were allocated for charitable purposes and the benefits of the poor; accordingly, the accused doesn't have the right of bail given the magnitude of the offense he committed.
- The bail applicant's attorney-at-law submitted an instrument establishing that the accused has paid the amount of USD 18,000 to Mr. Talat Mohammed Sadoun. Having asked the latter, he confirmed in writing and under his signature that the signature shown on the instrument doesn't belong to him. Mr. Gholam Habib and Mr. Khalid Nassar declared that the bail applicant asked them to prepare forged accounting statements. As well, the bail applicant…..

….. it is not an individual incident, and in dealing with the national offenses, we can't act as simple as expected by the bail applicant. In summary, the Court dismisses the bail application filed by the accused.

# Notice: I hereby ratify that such application filed by the accused is the first bail application to be received from him.

**Announced on 04/19/2001 AD**

**Court of Appeal's Judge**

*What is the preceding page of this one?*

Muslim World League
INTERNATIONAL ISLAMIC RELIEF ORGANIZATION
In Saudi Arabia
Pakistan Office
Islamabad

رابطة العالم الإسلامي
هيئة الإغاثة الإسلامية العالمية
بالمملكة العربية السعودية
مكتب باكستان
إسلام آباد

INTL. ISLAMIC RELIEF ORG. THE KINGDOM OF SAUDI ARABIA

الموضوع .................................

Ref : 1/ ٣٠٦ الرقم
Date : 7-4-2001 التاريخ ١٤٢٢/١/١٣هـ

**فاكس عاجل**

سعادة الأمين العام لهيئة الإغاثة الإسلامية العالمية

الدكتور / عدنان بن خليل باشا حفظه الله

[Stamp: صورة رقم (٢) ٥٨٧ / ٤٢]

السلام عليكم ورحمة الله وبركاته

يطيب لنا أن نهديكم تحياتنا وسلامنا، داعين المولى عزوجل لكم دوام التوفيق والسداد، وبعد،

نفيد سعادتكم بأنه سبق أن أرسلنا اليكم الحكم القضائي - الصادر من محكمة الدائرية والإستئنافية باللغة الإنجليزية - بخصوص قضية عامر جاسم.

نرفق لسعادتكم بطيه ترجمته إلى اللغة العربية وذلك للاطلاع.

نسأل الله أن يتقبل جهودكم وخدماتكم الجليلة للإسلام والمسلمين وأن يجعلها في ميزان حسناتكم ،،،

والله يحفظكم ويرعاكم.

مدير المكتب

[Signature] 6/4/2001

رحمة الله نذير خان

[illegible]

[Stamp: هيئة الإغاثة الإسلامية العالمية — الشئون الإدارية — الوارد العام — رقم الوارد ٥٨٧ التاريخ ١٤٢٢/١/١٤هـ — المرفقات: مرفق الترجمة — الجهة المحال إليها: الأمين العام]

[Stamp: INTERNATIONAL ISLAMIC RELIEF ORG. — مكتب باكستان]

Address: H-8/1-Pitras Bukhari Road- Opp. Shifa International Hospital
P.O. Box: (1850) -Tel: 449347 - 446856 - 435113 - 435114 / Fax: 449241.

العنوان: اتش - ١/٨ شارع بطرس بخاري - مقابل مستشفى الشفاء انترناشيونال ص.ب: (١٨٥٠)
إسلام آباد - باكستان - هاتف: ٤٤٩٣٤٧ - ٤٤٦٨٥٦ - ٤٣٥١١٣ - ٤٣٥١١٤ / فاكس: ٤٤٩٢٤١ (٩٢-٥١)

ترجمة الحكم القضائي إلى اللغة العربية

الثاني

محكمة القاضي صفدر حسين القاضي بالمحكمة الاستئنافية (الدائرية)

إسلام آباد

طلب الضمان برقم ١٦٨ لعام ٢٠٠١م المستجوب بالحكومة

عامر جاسم محمد: طالب الضمان

والفريقين

أصحاب السعادة: الفاضل محامي طالب الضمان

الفاضل محامي المشتكي

١٠- مع المعاملة

الحكم:

١- المدعو عامر جسام محمد طالب الضمان تقدم إلى المحكمة الموقرة بطلب يطلب فيه الضمان والخلاص عن الحبس حيث تم اعتقاله بقضية رقم ٨٠ وتاريخ ٢٠٠١/٢/١٠ بموجب مادة رقم ٤٠٨، ٤٢٠، ٤٦٨، ٤٧١، PPC من القانون الباكستاني في مركز الشرطة بالمنطقة الصناعية إسلام أباد.

٢- لقد تم التسجيل القضية ضد طالب الضمان بناء على خطاب السيد/ رحمة الله نذير خان مدير مكتب هيئة الإغاثة الإسلامية العالمية مكتب باكستان إسلام أباد برقم وتاريخ ٢٠٠١/٢/١٠م وحيث جاء فيه أنه عين حديثا بمنصب مدير مكتب رابطة العالم الإسلامي بإسلام أباد وبعد استلامي إدارة المكتب قمت بمراجعة وتدقيق الملفات المالية والإدارية فوجدت اختلاسات مالية رهيبة تقارب الملايين حسب العملة المحلية. وكان طالب الضمان يشغل منصب رئيس قسم المحاسبة بمكتب هيئة الإغاثة الإسلامية العالمية وكان هو الأخير المسؤول والمتنفع منها حيث اختلس أموال طائلة بعمل التزوير في الحسابات حينا أو بتقديم حسابات خاطئة للجهات العليا المسئولة عنه فحقق لنفسه أرباحا مضاعفة بالحرام والحق بالهيئة خسائر مالية فادحة وإضافة إلى ذلك فلقد قام المذكور بممارسة الضغوط المتاحة على الموظفين تحت سلطته أن يغيروا البيانات المالية لديهم حسب ما يهويه المذكور أو أن يقدموا حسابات خاطئة مزورة بدلا عن الحسابات الفعلية والواقعية ولقد قدم المشتكي الأسماء التالية كشهود عيان على الاختلاسات المالية وهم: غلام حبيب موظف كمبيوتر وخالد نصار محاسب مركز الخليج الطبي بإسلام آباد والسيد شوكت علي غوري. وبناء على ذلك تم اعتقال طالب الضمان وقام هو الأخير بتقديم طلب الضمان وهو ما رفضه الفاضل قاضي المحكمة يوم ٢٠٠١/٣/٣م.

٣- استند الفاضل/ محامي طالب الضمان إلى بعض الحجج والأدلة لكي يبرئ بها ذمة موكله وهي كالآتي:

الضمان أعطانا "سلمنا" بيانه المكتوب وصرح فيه أنه لم يسجل الحوالات المالية الواردة اشغاله وقلة الوقت المطلوب. وقد تم جمع المواد (اللازمة) الكافية خلال المباحثات ولكن الطابع العام لمجريات الأحداث يؤكد أن طالب الضمان/ المتهم كان يتلاعب في الأموال وخلال هذا التلاعب تمكن من اختلاس مبالغ مالية طائلة وذلك بإعداد وثائق ومستندات مزورة. وهذه الأموال المختلسة هي الأخرى كانت مخصصة للأيتام والمقاصد الخيرية الأخرى وبناء عليه فإن طلبه لا يصلح للقبول ونحن بدورنا نرفضه وأما الأدلة التي استند إليها محامي طالب الضمان فهي غير كافية وغير صالحة لتؤهل المتهم للخروج من الحبس نظرا لملابسات القضية وإبعادها وخلفياتها.

اعلن ذلك في ١٩/٤/٢٠٠١م

قاضي بمحكمة الاستئناف

محكمة الاستئنافية (الدائرية) قسم ٣٠ إسلام أباد

المدعو/ عامر جاسم محمد بن جاسم المعتقل حالياً في السجن المركزي

أديالة رود - راولبندي

المقدم للطلب ضد مقام المستجوب (المشتكي)

قضية رقم FIR 80 بتاريخ ٢٠٠١/٣/١٠م جريمة رقم ٤٢٠/٤٠٣ مركز الشرطة بالمنطقة الصناعية

إسلام أباد.

الموضوع: طلب الضمان للخروج من الحبس بعد الاعتقال

أصحاب السعادة:

- الفاضل محامي طالب الضمان
- المفتش القانوني الحكومي بالمحكمة
- الفاضل محامي المشتكي

لقد تم سماع الحجج كما تم تدقيق السجلات ذات العلاقة بالقضية.

الحكم من قبل المحكمة كالتالي:

١-لقد تقدم طالب الضمان إلى المحكمة بطلب يطلب فيه الضمان والخروج من قيد الاعتقال مستندا إلى الحجج التالية:

- جميع التهم الموجهة إليه مفتعلة ومزورة لاتمت إلى الحقيقة والواقع بصلة.
- وأنه لم يرتكب أية جريمة تستوجب العقوبة.
- وأن القضية تحتاج إلى المزيد من المناقشة لكي تتضح الرؤية أكثر ولكي يتم تمييز الصواب عن ضده.
- وأن الجريمة المنسوبة إليه لا تندرج تحت قائمة الجرائم المدونة بالأنظمة المعمولة بها في باكستان ولوائحها القانونية.

٢-ولقد تم تسجيل القضية المعنية بحديثنا لدى المحكمة من طرف المدعو/رحمة الله نذير خان ومما جاء في خطابه الموجه إلينا قوله "أنه عين حديثاً بمنصب مدير رابطة العالم الإسلامي مكتب إسلام آباد وبعد استلامه للمنصب وقيامه بمراجعة السجلات والكشوفات الإدارية المالية تبين له أن المبالغ المالية الباهظة الطائلة والتي دخلت في رأيه في خانة الملايين سرقها المدعو/ عامر جاسم محمد الذي كان مثبتاً على وظيفة محاسب المكتب بالاحتيال والتزوير أحياناً أو عن طريق تغيير مسير الحركة المالية كما أنه سرق مبالغ مالية طائلة بتقديم بيانات مالية مزورة للجهات العليا المسئولة عليه. وهو بالتالي قد تسبب في الحاق خسائر مالية فادحة لهيئة الإغاثة الإسلامية العالمية وهي هيئة إغاثية خيرية تحمل على عاتقها مسؤولية القيام برعاية المسلمين المنكوبين والملهوفين والأيتام والفقراء".

٣- لقد استمعت بكل اهتمام إلى حجج الفاضل محامي المتهم طالب الضمان وأدلته كما أصغيت إلى أدلة الفاضل محامي المشتكي بكل تفصيل واهتمام.

٤- لقد ادعى الفاضل محامي طلب الضمان أنه لم يتم لحد الآن إثبات الاحتيال أو التزوير ضد موكله وأن الوثائق الموجودة بحوزة الشرطة لا تحمل توقيع المتهم وتلك الوثائق هي الأخرى ليست أصلية وإنما هي صور لنسخها الأصلية. وفوق ذلك لم يتم أي اختلاس في الأموال أو التصرف فيها على نحو مضاد للأنظمة والقوانين من جانب المتهم كما لم يثبت أن المتهم قام بتلفيق أو تزوير السجلات وعلى فرض ثبوت التهم المذكورة أعلاه فإن موكله يستطيع أن يحظى بحق الضمان في ضوء القوانين الجارية والسارية مفعولها في البلاد حاليا.

٥- وعلى النقيض من ذلك تماما ادعى الفاضل محامي المشتكي أن المتهم طالب الضمان كان يعمل بوظيفة مدير الإدارية المالية بهيئة الإغاثة الإسلامية العالمية. وأن المبالغ المالية الضخمة الباهظة أرسلت إليه من المملكة العربية السعودية والدول الإسلامية الأخرى لصالح الأيتام والفقراء والمعوزين وأن هذه المبالغ أرسلت لصالح المواطنين المستحقين في باكستان لكل يتم بها شراء الأدوية الضرورية. والطعام والحاجات الضرورية الأساسية الأخرى لهم. ولكن المتهم/ طالب الضمان لم يشتر أبدا لا الأدوية ولا الطعام وزور مستندات ووثائق وتظاهر كأن المطلوب قد تم العمل به نقل المبالغ الحاصلة بموجبها إلى حسابه الخاص أو جيبه وهناك ١٨٥ صور مصدقة لمستندات وفواتير (المرفق طيه) تتضمن مبالغ مالية ليست باليسيرة ولم يتم شراء المواد المذكورة والمسجلة فيها ولقد تم الاتصال بالمحلات التجارية والدكاكين المختصة فأكدوا أنها مزورة وليست صادرة من طرفهم والتواقيع المذكورة بها ليست تواقيعهم وهي بالتالي لاتمت إلى الحقيقة والواقع بصلة.

٦- بعد الاصغاء إلى موقف الفريقين وأدلة المحامين وتدقيق السجلات المتعلقة بالموضوع لقد اطلعت على وثائق ومستندات مالية موقعة من قبل طالب الضمان وهو الأخير سحب بموجبها مبالغ مالية طائلة ومجريات الأحداث وإبعاد القضية وخلفياتها تؤكد أن تلك المبالغ ذهبت إلى جيبه الخاص.. وتجدر الإشارة بهذا الصدد إلى وثيقة تحمل مبلغ بواقع ٤٨٠ و٤٤٠٠ و١٨٠٠ دولارا أمريكيا فهذه الوثائق كلها مزورة كما يدل على ذلك تصريحات أصحاب المحلات. وهذه البيانات تدل بدورها على أن طالب الضمان كان دأبه التلاعب بالأموال خلال عمله بمنصبه الموكول إليه سابقا من قبل هيئة الإغاثة الإسلامية العالمية وما سلف ذكره قبل قليل هو أصرح وأوضح دليل وبرهان على ذلك ومع اعترافنا بأن هذه القضية لا تندرج تحت المادة الممنوعة وفقراتها غير أن طالب الضمان لا يصلح ليحظى بحق الضمان لقيامه بالتلاعب في أموال الفقراء والأيتام والمساكين المعوزين في هذه البلاد وما دام الأمر كل ذلك فإن الجريمة الموجهة إليه نحوه تأخذ الصبغة القومية

IIRO031164

المبالغ المسروقة غير مضبوطة ومعينة على وجه التحديد لافي خطاب المشتكي
- المبالغ المسروقة غير مضبوطة ومعينة على وجه التحديد لافي خطاب المشتكي ولافي وثائق البوليس/ الشرطة وإنما جاء فيهما أن المتهم سرق الملايين من غير تحديد.

- لم يتم إجراء التحقيق مع المتهم كما لم يتم توجيه الإنذار إليه نحو الجريمة المنسوبة إليه.

- قدم طالب الضمان وثيقتين موضحا فيهما تفاصيل المنصرف الفعلي لمبلغ ٢٥٠٠,٠٠٠ ما يعادل ٤٠,٠٠٠ دولار أمريكي ومبلغ آخر بواقع ٤٨,٨٠٠ دولار أمريكي.

- وأثبت المشار إليه أنه صرف فعلا مبلغ بواقع ١٢٠٠,٠٠٠ ما يعادل ١٨,٠٠٠ دولار أمريكي.

- لا يوجد ثمة دليل مباشر على الاختلاسات المالية التي اتهم بها طالب الضمان.

- جميع الشيكات التي سحب بموجبها الأموال من البنوك تحمل تواقيع المدير السابق ولكنه لم يقدم للبوليس ولا للمحكمة.

- يعيش طالب الضمان في هذه الأيام قيد الاعتقال في السجن ولم يطلب لحد الآن الى المحكمة للاستجواب.

- الجريمة الموجهة للمعني بالحديث لا تندرج تحت القوانين الممنوعة بمادة رقم C.R.P.C 497

- يستطيع المتهم أن يحظى بالخروج من السجن بالضمان.

- وأشار الفاضل محامي طالب الضمان الى القوانين والأنظمة رقم 1999 PCR 1529 - PLD 1995 - SC 34 تأييدا لموقف واستشهادا لأدلته.

٤-من جانبه عارض كل من cda والفاضل محامي المشتكي طلب الضمان المقدم من قبل المتهم محتجين ببيانات المدعو/ غلام حبيب والمدعو/ خالد نصار التي تصب لصالح جهة الشكوى حيث أكد الاثنان أن طالب الضمان أجبرهما على إعداد بيانات حسابية مزورة وأن المبالغ المالية المخصصة في المستندات للمساجد والعيادات والتي قام المتهم بإعدادها لم يتم دفع شيء من هذه المبالغ للجهة المختصة.

- وفيما يخص توجيه الانذار فإنه تم ذلك واعترف طالب الضمان بأخطائه خلال المباحثات التي قام بإجرائها لجنة متخصصة من المقر الرئيسي للمؤسسة.

- وحيث أن المتهم طالب الضمان اختلس مبالغ مالية طائلة وباهظة وأن هذه الأموال كانت مخصصة للمقاصد الخيرية والفقراء فإن المتهم لا يحق أن يمنح له الضمان نظرا لضخامة الجريمة التي ارتكبها.

٥-قدم الفاضل محامي طالب الضمان سندا يثبت أن المتهم دفع مبلغا قدره ١٨٠٠٠٠ دولار للمدعو/ طلعت محمد سعدون ولكن الأخير أكد تحريرا وبتوقيعه حين المسألة أن التوقيع المثبت على السند ليس توقيعه.. وصرح المدعو/ غلا حبيب وخالد نصار أن طالب الضمان طلب منهما القيام بعمل بيانات حسابية مزورة.. كما أن طالب

ولا تبقى فردية والتعامل مع الجرائم القومية لا يمكن لنا بمثل هذه البساطة التي يتوقع منا طالب الضمان. وجملة القول أن المحكمة ترفض طلب الضمان المقدم إليها من قبل المتهم.

# ملحوظة: نصدق أن هذا الطلب المقدم من المتهم هو أول طلب الضمان يرد إلينا من قبله.

اعلن ذلك في ٢٠٠١/٤/١٩م

قاضي بمحكمة الاستئناف.

TRANSPERFECT

## CERTIFICATE OF TRANSLATION

I, Jabber Mohammad, am fluent in the Arabic and English Languages, I have been translating documents for over 6 years and am competent to translate from Arabic to English. My qualifications include (a Bachelor's Degree in Languages and Translation, Azhar University in Cairo, Egypt (2011/12); Legal Translation Career Certificate, the American University in Cairo (2010); UN Manual Translation Career Certificate, the American University in Cairo (2011); and Print Media Translation Career Certificate, the American University in Cairo (2011)).

I hereby certify that the following is, to the best of my knowledge and belief, a true and accurate translation from Arabic into English of the attached documents titled:

IIRO 311316.TIF
IIRO 287233.tif
IIRO 168291.pdf
IIRO 127895.pdf
IIRO 117362.jpg
IIRO 111029.jpg
IIRO 111020.jpg
IIRO 103718.jpg
IIRO 31160-31166.pdf
IIRO 31131.pdf
IIRO 31022-31023.pdf
IIRO 31006-31007.pdf
IIRO 16270-16276.pdf

Jabber Moha

Name: Jabber Mohammad

Date: 17 February 2019