# EXHIBIT 215

HANLY CONROY BIERSTEIN & SHERIDAN LLP
112 MADISON AVENUE
NEW YORK, NEW YORK 10016
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 784-6403
JAYNE CONROY (NY, DC & MA)
(212) 784-6402
CLINTON B. FISHER (NY & DC)
(212) 784-6446
PAUL J. HANLY, JR. (NY & TX)
(212) 784-6401
THOMAS I. SHERIDAN, III (NY)
(212) 784-6404

TELEPHONE (MAIN)
(212) 784-6400

TELECOPIER
(212) 784-6420

EMAIL
abierstein@hanlyconroy.com

**BY HAND**

September 6, 2005

Hon. Richard Conway Casey
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street, Room 1350
New York, New York 10007-1312

Re: *In re Terrorist Attacks of September 11, 2001*, MDL 1570

Dear Judge Casey:

I write in response to the letter from Omar T. Mohammedi dated September 1, 2005 regarding a briefing schedule for the motion to dismiss that Mr. Mohammedi intends to file on behalf of his client, the World Assembly of Muslim Youth (WAMY) in the *Burnett* case.[1]

Mr. Mohammedi has mischaracterized the nature of the parties' dispute. We have had no difficulty whatsoever agreeing to a briefing schedule; indeed, the *Burnett* plaintiffs have agreed to every briefing schedule that Mr. Mohammedi has proposed. Where the parties disagree is WAMY's insistence that there can no be briefing schedule unless plaintiffs waive WAMY's default. The underlying dispute between the parties – to be resolved in WAMY's motion to dismiss, should it ever get around to filing it – is whether WAMY has been properly served. Plaintiffs contend that it has been; WAMY asserts it has not. Unlike other defendants in these proceedings (and unlike WAMY itself with respect to the other cases in this consolidation), WAMY failed to raise this defense until more than a year after the service in question was accomplished. In that time, WAMY took no action whatsoever, either to move to dismiss for improper service or to seek an extension of its time to do so. If, in fact, WAMY was properly served in December, 2002, as plaintiffs believe to be the case, its failure timely to respond to the complaint (to challenge service or otherwise) or to seek an extension of its time to do so, constitutes a default under the Federal Rules of Civil Procedure. Just as WAMY

1 I note that although Mr. Mohammedi's letter seeks relief from the Court and is thus a letter application, he did not comply with this Court's order of June 17, 2004 concerning letter applications. I did not see the letter until Sunday, September 4, when it was emailed to me by Mr. Mohammedi's associate, by which time it had already been sent to the Court.

Procedure. Just as WAMY seeks, in the parties' briefing schedule, to preserve its challenge to plaintiffs' service, so plaintiffs seek to preserve their position that service was proper and that WAMY ought to have taken some action to respond to the complaint (or to seek an extension of its time to do so) within 20 days of the challenged service. WAMY, however, seeks to coerce plaintiffs to waive WAMY's default and has refused to enter into a briefing schedule without such a waiver. Of course, WAMY does not need a briefing schedule to file its motion to dismiss. Under the Federal Rules, it may file such a motion at any time. Nonetheless, in the interest of orderly procedure, plaintiffs were prepared to negotiate a schedule with WAMY to set agreed-upon times for each party's briefs to be filed. We remain amenable to doing so.

Plaintiffs are concerned, however, about WAMY's extraordinary delays in filing its motion to dismiss. The service that WAMY contests as ineffective was made on December 23, 2002. WAMY waited 15 months, until April 2004, to alert plaintiffs to its position that service was ineffective. WAMY then did nothing to file a motion to dismiss or to cure its default until December, 2004, when it sought to present its service challenge in the form of a letter application. That attempt was withdrawn and, on January 3, 2005, the Court ordered the parties to enter into a briefing schedule for a noticed motion to dismiss. WAMY's counsel then waited more than five months before broaching the subject of a briefing schedule on June 26, 2005. At that time, Mr. Mohammedi's associate stated WAMY's intention to file its motion on August 31, 2005. By the time it became clear that WAMY would not enter into any briefing schedule unless plaintiffs agreed to waive WAMY's default, WAMY was proposing to file its motion on November 1, 2005, more than ten months after its abortive attempt to move by letter application. We are rapidly approaching the third anniversary of plaintiffs' service on WAMY and WAMY still has not presented its service challenge to the Court and refuses to do so unless plaintiff waives WAMY's default, should the Court find that service was proper after all. Moreover, at no time did WAMY ever ask plaintiffs explicitly to waive the default nor alert plaintiffs to its position that, by entering into a briefing schedule, plaintiffs would be conceding that WAMY's motion was timely. Indeed, the stipulation drafted by WAMY's counsel appears to be worded precisely to avoid such an implication – it nowhere states that WAMY's time to move is extended, but rather states only that "Defendants shall move to dismiss Plaintiffs' third amended complaint on or before November 1, 2005." This language contrasts sharply with the language of the stipulation WAMY timely entered into with other plaintiffs, which states that "the time for WAMY to answer or otherwise respond to the Complaint . . . shall be on or before November 7, 2005." At the time I wrote to Mr. Mohammedi's associate and asked that he include in the stipulation language explicitly preserving our position that WAMY was in default, I believed that I was simply clarifying what was already implicit in our agreement. It did not occur to me that Mr. Mohammedi was seeking to obtain a waiver of his client's default *sub silentio* and further was delaying the filing of his motion to dismiss from January, 2005 (when plaintiffs would have ample time to re-serve WAMY, should the Court agree with WAMY's position that plaintiffs' original service was ineffective) until November, 2005, when such re-service could be more problematic.

In conclusion, plaintiffs are prepared to enter into any reasonable briefing schedule with

WAMY or to respond to WAMY's motion to dismiss without benefit of a briefing schedule. We strongly object, however, to WAMY's attempt to coerce a waiver of its default or to obtain such a waiver from this Court in advance of any of the briefing on WAMY's service challenge. We respectfully suggest that WAMY's service challenge, and its possible default, be addressed in the context of the motion to dismiss that WAMY has to date refused to file, despite repeated statements of its intention to do so.

Respectfully,

Andrea Bierstein

cc: All counsel (via email)