KREINDLER LLP

KREINDLER & KREINDLER LLP | 485 Lexington Avenue | New York, NY 10017-2629
office: 212.687.8181 | fax: 212.972.9432 | www.kreindler.com

October 21, 2026

VIA ECF
The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

Pursuant to the Court's October 16, 2026 Order, ECF No. 12378, Plaintiffs and WAMY write jointly to notify the Court that Andy Guzman's deposition will take place in New York on November 6, 2026. The parties have been unable to reach agreement on the order of questioning and the deposition venue, and thus respectfully request the Court's resolution. Their respective positions follow.

Plaintiffs arranged Mr. Guzman's deposition and served their subpoena first; without Plaintiffs' efforts, no deposition would have occurred. They request to examine him first on November 6, 2026, at 10:00 a.m. (or 9:00 a.m. if acceptable to Mr. Guzman) at Motley Rice, 800 Third Avenue, Suite 2401, New York, NY, as specified in their subpoena. The stated purpose for which the Court authorized Mr. Guzman's deposition was "to discover whether the Plaintiffs' allegations of impropriety can be substantiated." ECF No. 12378 at 1. The deposition concerns primarily Mr. Guzman's observations while working with WAMY and its expert Jonathan Marks, and — as a corollary matter — his communications with Plaintiffs' counsel. The Court's direction that WAMY ask him about those communications does not establish questioning priority. *Id*. at 1-2. The Court denied WAMY's motion to compel and reserved any candor issues pending the depositions. *Id.* Plaintiffs initiated the deposition arrangements on October 14 by conferring with Mr. Guzman's counsel, David Lisner, Esq, notified all parties by email, and then prepared and filed the joint extension request before the October 16 deadline. WAMY now cites an October 12 conversation with Mr. Lisner but it had not previously disclosed any such outreach to Plaintiffs and took no steps to arrange a deposition before Plaintiffs noticed their plan to do so. Plaintiffs asked Mr. Lisner on October 14 to accept service of their subpoena, and he has since done so. WAMY's October 19 email merely echoed Plaintiffs' prior request and conflicted with arrangements already underway. Common practice and fairness favor permitting Plaintiffs to examine Mr. Guzman first. See *Guidehouse LLP v. Shah*, 2020 WL 13927593, at *3 (S.D.N.Y. Oct. 27, 2020). WAMY's counsel has already interviewed Mr. Guzman and presented its version of his account to the Court; Plaintiffs should question him first to test those representations. See ECF No. 10529 at 2–5; Feb. 28, 2025 Tr. 13:10–13, 43:9–21. WAMY will receive equal questioning time. ECF No. 12346 at 29. Motley Rice's office is convenient for all counsel and in the same building as Mr. Lisner's office.

WAMY requests that it begin the questioning of Mr. Guzman and that the deposition take place at 9:00 a.m. at Arnold & Porter, 250 West 55th Street, New York, NY 10019, as provided in the subpoena Mr. Guzman's counsel agreed to accept. WAMY acted to arrange the deposition before the Court's October 16 deadline, including by conferring with Mr. Guzman's counsel on October 12, and joined the October 15 extension request. ECF No. 12376. On October 19, WAMY's counsel offered to host the deposition through an email on which all counsel of record were copied, and asked Mr. Guzman's counsel to accept service of a subpoena; Mr. Guzman's counsel agreed and confirmed that Arnold & Porter's office was acceptable. Plaintiffs served their subpoena only after that agreement, and despite their awareness of that agreement. See *Davis v. City of New York*, 345 F.R.D. 275, 278–79 (E.D.N.Y. 2024) (giving priority to the party that arranged a non-party deposition via email before its opponent served formal notices, even though no subpoena had issued). The Court's orders support and envision WAMY questioning first, because the Court ordered Mr. Guzman's deposition to address its concern that Plaintiffs' counsel had not fully disclosed their contacts with him. ECF No. 12378 at 1–2. Plaintiffs' counsel spoke with Mr. Guzman on May 4 and September 25, 2026, but the Court found that their October 7 Declaration "offer[s] no information about what Guzman said." *Id.* at 2. WAMY, by contrast, has publicly disclosed the substance of its prior interviews. ECF No. 12347 at 2. Plaintiffs should not be allowed to take the lead in the deposition that was ordered to uncover what Mr. Guzman said to them.

Mr. Guzman, through his counsel Mr. Lisner, takes no position on whether the deposition should be conducted at Motley Rice's or Arnold & Porter's New York office.

Respectfully submitted,

Kreindler & Kreindler LLP

By: /s/ Steven R. Pounian
STEVEN R. POUNIAN
485 Lexington Avenue
New York, New York 10017
Tel.: 212-973-3477
Email: spounian@kreindler.com
*Counsel for the Ashton Plaintiffs*

Motley Rice LLC

By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel: 843-216-9163
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Exec. Committee for Personal Injury and Death Claims*

cc: The Honorable George B. Daniels, via ECF
All Counsel of Record via ECF
David F. Lisner, Esq. via e-mail