**MDL 1570 PLAINTIFFS' EXECUTIVE COMMITTEES**
In re: Terrorist Attacks on September 11, 2001 (S.D.N.Y.)

| Plaintiffs' Executive Committee for Personal Injury and Death Claims | Plaintiffs' Executive Committee for Commercial Claims |
|---|---|
| Ronald L. Motley (1944-2013)<br>Jodi Westbrook Flowers, *Co-Chair*<br>Donald A. Migliori, *Co-Chair*<br>Robert T. Haefele, *Liaison Counsel*<br>MOTLEY RICE LLC | Stephen A. Cozen, *Co-Chair*<br>Sean P. Carter, *Co-Chair*<br>J. Scott Tarbutton, *Liaison Counsel*<br>COZEN O'CONNOR |

**VIA ECF**

October 22, 2026

Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, New York 10007

**Re: *In re Terrorist Attacks of September 11, 2001*, 03 MDL 1570 (GBD) (SN) – Response to Sudan's Supplemental Letter Concerning Motions to Compel CIA**

Dear Judge Netburn:

Plaintiffs with claims against the Republic of Sudan respectfully submit this response to Sudan's supplemental letter, ECF No. 12365, and the CIA's response thereto, ECF No. 12414.

For the reasons stated in Plaintiffs' earlier submissions (not repeated here in the interest of brevity), Plaintiffs are in substantial agreement with Sudan's position that the CIA's objections are materially overstated and do not justify the CIA's unilateral control over the search methodology. Plaintiffs do not, however, agree with Sudan's characterization of the significance of particular documents to its defenses.

Plaintiffs respectfully submit that the proper result here is for the Court to require the CIA to conduct limited, methodologically sound, and *unbiased* searches using appropriate party-proposed search terms.

That approach will appropriately account for any legitimate concerns raised by the CIA and avoid skewing of the process in favor of either party. Discovery from the CIA should be evenhanded. Plaintiffs therefore object to any process limited to particular documents selected by Sudan, by the CIA or, for that matter, by Plaintiffs.

Finally, the CIA's response, ECF No. 12414, mischaracterizes the dispute by again claiming that Plaintiffs seek to require the CIA to respond in full to a "sweeping" subpoena. Plaintiffs' actual request is that the CIA conduct searches using search terms provided by Plaintiffs, rather than terms unilaterally selected by CIA. *See* Pls' Reply, ECF No. 11983, at 7-10. The CIA

has failed to show that conducting searches using Plaintiffs' terms would result in any greater burden or national security concern than is incurred by the CIA's own compromise proposal.

Respectfully submitted,

MOTLEY RICE LLC

By: _/s/ Robert T. Haefele_
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com
*For the Plaintiffs' Executive Committee for Personal Injury and Death Claims on behalf of the Plaintiffs*

COZEN O'CONNOR

By: _/s/ Sean P. Carter_
SEAN P. CARTER
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: (215) 665-2105
Email: scarter@cozen.com
*For the Plaintiffs' Executive Committee for Commercial Claims on behalf of Plaintiffs*

cc: All Counsel of Record (*Via ECF*)