UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
| ALEXANDER ROMERO, *et al.*,<br>Plaintiffs,<br>v.<br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br>Defendants. | Civil Action No.:<br>1:25-cv-07935 (GBD)(SN) |

**PROPOSED INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF (1) THEIR MOTION TO INTERVENE PURSUANT TO FRCP 24, AND (2) THEIR PROPOSED MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Law Office of John F. Schutty, P.C.
*Attorneys for Proposed Intervenors*
445 Park Avenue – 9th Floor
New York, NY 10022
Tel: (646) 345-1441
john@johnschutty.com

# Table of Contents


PRELIMINARY STATEMENT .......... 2

STATEMENT OF FACTS .......... 2

A. The Statutory Architecture of the FSIA Terrorism Exception .......... 2

B. The *Burlingame* Plaintiffs' Status as Timely, Lawful Heirs .......... 3

C. The *Romero* Plaintiffs' Untimely, Extra-Statutory Filing .......... 3

D. The District Court's Extra-Statutory Expansion of Solatium Awards .......... 4

E. The Second Circuit Panel's Mandate Regarding Appellate Standing .......... 5

ARGUMENT .......... 6

I. THE *BURLINGAME* PLAINTIFFS ARE ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) .......... 6

A. The Motion is Entirely Timely Under the Unique Procedural Circumstances of this MDL .......... 6

1. The Clock Commenced Only When the Need to Intervene Ripened .......... 6

2. Intervention Causes No Undue Delay or Prejudice to Existing Parties .......... 6

B. The *Burlingame* Plaintiffs Possess Direct, Substantial, and Legally Protectable Interests in the Subject Matter of this Litigation .......... 7

1. Statutory Priority Under the FSIA Belongs Exclusively to Timely Lawful Heirs .......... 7

2. Extra-Statutory Awards Unlawfully Dilute Finite Pools of Recovery Assets .......... 8

C. Disposing of this Action Without the *Burlingame* Plaintiffs Impairs and Impedes Their Ability to Protect Their Financial and Legal Interests .......... 9

1. Rulings Insulated from Review Will Result in Irrevocable Asset Depletion .......... 9

2. Intervention Is the Mandatory Appellate Vehicle Demanded by the Panel .......... 10

D. The Existing Parties to this Action Utterly Fail to Adequately Represent the Distinct Interests of Timely Heirs .......... 10

1. Untimely Non-Heir Plaintiffs Hold Intrinsic, Antagonistic Interests .......... 10

2. Defaulted State Defendants Fail to Advancing Controlling Limitation Bars ................11

II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b) ....................11

A. The Proposed Intervenor Defense Shares Overlapping and Identical Questions of Law and Fact ....................11

B. Permissive Intervention Will Advance Judicial Economy and Resolve a Controlling Statutory Conflict ....................11

III. THE *BURLINGAME* PLAINTIFFS INDEPENDENTLY SATISFY CONSTITUTIONAL ARTICLE III STANDING MANDATES ....................12

A. The Economic Dilution of Finite Priority Judgments Constitutes an Injury-in-Fact ....................12

B. The Injury Is Traceable to the Extra-Statutory Relief and Redressable by Dismissal ....................12

CONCLUSION ....................13

# Table of Authorities

**CASES**

*Cassirer v. Thyssen-Bornemisza Collection Foundation*, 596 U.S. 107 (2022) .......... 7

*H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 797 F.2d 85 (2d Cir. 1986) .......... 9, 12

*Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377 (2d Cir. 2006) .......... 9

*New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992) .......... 12

*Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73 (2d Cir. 2006) .......... 12

*Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519 (1994) .......... 7

*Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189 (1985) .......... 7

*Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017) .......... 12

*Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191 (2d Cir. 2000) .......... 9

**STATUTES**

18 U.S.C. § 2333 .......... 4

28 U.S.C. § 1605A .......... 2, 4

28 U.S.C. § 1605A(b) .......... 8, 10, 11

28 U.S.C. § 1606 .......... 2, 7, 11

28 U.S.C. § 1608(e) .......... passim

28 U.S.C. §§ 1602 *et seq.* .......... 2

34 U.S.C. §§ 20144 *et seq.* .......... 8

Fed R. Civ. P. 24 .......... 9

Fed. R. Civ. P. 24(a)(2) .......... 9

Fed. R. Civ. P. 55(e) .......... 7

## PRELIMINARY STATEMENT

Proposed Intervenors are the sole, legally defined New York State heirs of individuals who perished at the World Trade Center during the September 11, 2001 terrorist attacks. Proposed Intervenors timely initiated their claims against the Islamic Republic of Iran (Iran) within the boundaries of the law under Civil Action No. 02-cv-7230. They seek entry into this action for the strict, narrow purpose of moving to dismiss the Complaint, which represents an unlawful, extra-statutory expansion of recovery parameters.

The *Romero* Plaintiffs (1:25-cv-07935) filed their original Complaint against Iran on September 24, 2025—over fourteen years after the expiration of the controlling limitations window. Their most recent Amended Complaint was filed on October 2, 2026. Furthermore, the face of the Complaint reveals that many of the moving plaintiffs are non-heir siblings and parents who possess no legal standing to seek solatium or wrongful death damages under applicable state law. Because these threshold legal barriers permanently extinguish this action, the Complaint fails to state a claim and must be dismissed with prejudice.

## STATEMENT OF FACTS

### A. The Statutory Architecture of the FSIA Terrorism Exception

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*, provides the sole and exclusive basis for obtaining jurisdiction over a foreign state (Iran) in the courts of the United States. While Congress enacted 28 U.S.C. § 1605A to strip sovereign immunity from state sponsors of terrorism and provide victims with a federal private right of action, it did not grant federal courts a blank check to dispense with traditional tort limitations or carve out special, sovereign-only rules of liability. Instead, the statutory architecture of the terrorism exception remains tethered to the overarching mandate of 28 U.S.C. § 1606, which strictly dictates that a

foreign sovereign shall be liable only "in the same manner and to the same extent as a private individual under like circumstances."

**B. The *Burlingame* Plaintiffs' Status as Timely, Lawful Heirs**

Proposed Intervenors are the surviving spouses and children of various decedents who tragically perished at the World Trade Center on September 11, 2001, during the coordinated terrorist attacks perpetrated against the United States. Specifically, Proposed Intervenors represent the lawful, state-defined Estates of Joseph D. Dickey, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr.

Proposed Intervenors are firmly segregated within the consolidated multi-district litigation as the "*Burlingame* Plaintiffs," whose original operative Complaint against Iran was filed on September 10, 2002, under Civil Action No. 02-cv-7230. Proposed Intervenors initiated their lawsuit within the initial statutory windows provided by federal law and have been formally verified as the exclusive, legally recognized New York State defined "heirs" and immediate family members of their respective decedents. Proposed Intervenors hold active, valid judgments and claims against Iran, a foreign sovereign sponsor of the September 11 attacks, making the Proposed Intervenors legitimate judgment creditors against finite pools of available assets.

**C. The *Romero* Plaintiffs' Untimely, Extra-Statutory Filing**

The action in which Proposed Intervenors seek entry is a lawsuit initiated over twenty-four years after the underlying September 11 attacks. The essential facts relating to the *Romero* action (1:25-cv-07935) are as follows: Original Complaint filed September 24, 2025; Amended Complaint filed September 28, 2026; Amended Complaint refiled (remedying Clerk-noted deficiencies) October 2, 2026, by counsel Timothy B. Fleming, Esq.; this action seeks over one billion dollars in compensatory and punitive damages against Iran, its political subdivisions, and

its instrumentalities. Many of the moving plaintiffs in this action are designated as non-heir extended family members, featuring sibling plaintiffs (including James Casazza, Michael Casazza, Thomas Casazza, Donna Kalwaic, Paul Rowe, Nadine Rowe, Rachael Logan, Billie Rowell-Connor, Suzanne Murphy, Pamela Brady, Bernadette Little, Gregory Danz, Timothy Danz, Yishai Shefi and Pazit Baum-Shefi) along with surviving parents such as Patricia Anne Maerz, Esther-Rivka Shefi and Dov Shefi.

On the face of their Complaint, the *Romero* plaintiffs assert statutory counts under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, and the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, seeking massive solatium awards. Crucially, upon information and belief, the decedents anchoring these late-filed claims left surviving spouses and children, meaning that under applicable state substantive wrongful death law, these sibling and parent plaintiffs qualify strictly as non-heirs who possess no independent standing or right to recover.

**D. The District Court's Extra-Statutory Expansion of Solatium Awards**

Following a 2011 liability finding against Iran, this Court established a damages framework that bypassed traditional state-specific tort systems, claiming that § 1605A authorized the judiciary to implement a "uniform federal standard" rooted in generalized Restatement principles. Under this judge-made framework, this Court began awarding massive default judgments for solatium damages directly to "immediate family members"—specifically allocating $8.5 million to surviving parents and $4.250 million to surviving siblings. This expanded paradigm completely disregarded the restrictive loss-allocation rules of the decedents' domiciles, which explicitly bar parents and siblings from death-related recovery where a spouse and children survive.

Because this Court has signaled a clear intent to award solatium damages to extended non-heirs in violation of controlling state law, and because this targeted action was initiated fourteen

years past the absolute federal statute of limitations, Proposed Intervenors immediately filed this motion. Intervention in this action is the Second Circuit-suggested mechanism required for Proposed Intervenors to protect their statutory priority and prevent the unlawful, permanent dilution of finite victim compensation assets.

**E. The Second Circuit Panel's Mandate Regarding Appellate Standing**

In parallel appellate proceedings arising out of this multi-district litigation (*Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs*, Case No. 26-666-cv), a panel of the United States Court of Appeals for the Second Circuit, during oral argument on October 7, 2026, explicitly suggested that the *Burlingame* Plaintiffs should intervene in an action involving untimely claimants and non-heirs to establish proper appellate standing for contesting the rulings of the District Court (*i.e.*, strongly suggesting intervention is the mandatory procedural vehicle for timely heirs to protect their rights).

The panel indicated that Proposed Intervenors may lack independent, third-party standing to appeal this Court's extra-statutory class expansions unless they formally intervene in the specific dockets brought by the untimely plaintiffs and non-heir plaintiffs. Proposed Intervenors have filed this motion within weeks of that appellate directive, rendering this application entirely timely and causing zero delay to these newly initiated dockets.

## ARGUMENT

### I. THE *BURLINGAME* PLAINTIFFS ARE ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)

#### A. The Motion is Entirely Timely Under the Unique Procedural Circumstances of this MDL

##### 1. The Clock Commenced Only When the Need to Intervene Ripened

Timeliness under Rule 24 is a flexible concept measured from the exact moment a prospective intervenor knew or should have known that their unique interests were in jeopardy, not from the historical inception of the underlying multi-district litigation. Proposed Intervenors' need to enter the *Romero* action did not exist until: (1) the *Romero* plaintiffs initiated their extra-statutory original Complaint on September 24, 2025 and Amended Complaint filing on October 2, 2026, and (2) the Second Circuit panel subsequently issued its October 7, 2026 oral directive establishing formal intervention as the exclusive vehicle to preserve appellate standing. Because this motion is brought within weeks of those threshold developments, the clock has been met with maximum dispatch.

##### 2. Intervention Causes No Undue Delay or Prejudice to Existing Parties

The *Romero* action is in its absolute infancy, with its Amended Complaint having been filed less than a month ago. No scheduling orders have been entered, no discovery has been conducted, and the defendants are entirely absent or in default. Proposed Intervenors enter this action concurrently with their proposed responsive motion to dismiss, seeking strictly to settle a controlling, threshold question of law. Settling a face-barred statutory deficiency at the pleading stage advances judicial efficiency and causes zero prejudice to the original litigants.

### B. The *Burlingame* Plaintiffs Possess Direct, Substantial, and Legally Protectable Interests in the Subject Matter of this Litigation

#### 1. Statutory Priority Under the FSIA Belongs Exclusively to Timely Lawful Heirs

Under 28 U.S.C. § 1606, a foreign sovereign can only be held liable "in the same manner and to the same extent as a private individual under like circumstances." As the Supreme Court held in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 596 U.S. 107, 117 (2022), § 1606 directs a strict substantive "pass-through" to the law of the state where the injury occurred (or the domicile of a decedent and heirs), completely forbidding federal judges from creating special sovereign-only liabilities.

Under the substantive loss-allocation rules of the governing forum states (New York, New Jersey, and Connecticut), where a decedent is survived by a spouse and children, parents and siblings are categorically barred from recovering wrongful death or grief-related damages as a matter of law. *See Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 522 (1994); *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 198 (1985). A private individual in New York would owe exactly zero dollars in grief damages to a parent or sibling under these circumstances; thus, under Section 1606, the foreign sovereign's liability must similarly be zero. As verified heirs, Proposed Intervenors hold an exclusive statutory right to priority that cannot be legally displaced.

**The Court's Non-Discretionary Gatekeeping Mandate Under § 1608(e):** *Unlike standard civil proceedings, default by a foreign state does not constitute an admission of liability or a waiver of threshold legal deficiencies.* Congress explicitly promulgated 28 U.S.C. § 1608(e) to mimic the rigorous screening protections granted to the United States treasury under Federal Rule of Civil Procedure 55(e). Section 1608(e) imposes a mandatory, non-discretionary

gatekeeping duty on the district court, forbidding the entry of a default judgment unless the claimant establishes their "right to relief by evidence satisfactory to the court."

**A Time-Barred Claim Cannot Establish a Satisfactory "Right to Relief":** Under 28 U.S.C. § 1605A(b), Congress embedded a strict ten-year statute of limitations directly into the statutory framework creating the terrorism exception. Because compliance with this timeline conditions the very existence of the cause of action, a claim filed decades outside the window is legally dead on its face and incapable of satisfying the screening metrics of § 1608(e).

**The Judicial Discretion Error:** In entering the prior default judgments in this MDL litigation, the District Court attempted a judge-made circumvention of the FSIA, asserting that the statute of limitations is a waivable affirmative defense that a court cannot invoke *sua sponte* on behalf of a defaulting sovereign. As argued in Appellants' Second Circuit briefings, this claimed discretion completely nullifies the statutory framework. Bypassing the choice-of-law analysis and granting windfalls to time-barred non-heirs insulates deep judicial errors from review, trapping timely heirs in a pretrial status while their actual recoveries are irrevocably siphoned away. Intervention appears to be the only court-sanctioned vehicle available to pierce this insulated bubble and enforce the gatekeeping mechanics of § 1608(e).

**2. Extra-Statutory Awards Unlawfully Dilute Finite Pools of Recovery Assets**

Because foreign state defendants typically default and ignore federal court judgments, practical recovery relies entirely on the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"). Under 34 U.S.C. §§ 20144 *et seq.*, the USVSST Fund operates as a strictly limited-assets fund that pays claimants on a pro rata basis. Under the Fund's statutory guidelines, individual payouts are dynamically calculated based on the total outstanding volume of eligible default judgments certified by the district courts.

Allowing unentitled non-heirs to finalize extra-statutory default judgments inflicts an immediate financial injury-in-fact on legitimate judgment creditors. Every dollar distributed to an untimely non-heir mathematically and permanently dilutes the pro rata recovery available to the widows and dependent children who filed timely claims. Under Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Second Circuit has recognized as relevant the nature and extent of the proposed intervenor's interests, whether other parties adequately represent those interests, and whether intervention would significantly contribute to development of the factual issues and just and equitable adjudication of the legal questions. *H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 87 (2d Cir. 1986).[1]

### C. Disposing of this Action Without the *Burlingame* Plaintiffs Impairs and Impedes Their Ability to Protect Their Financial and Legal Interests

#### 1. Rulings Insulated from Review Will Result in Irrevocable Asset Depletion

Pursuant to 28 U.S.C. § 1608(e), a default judgment against a foreign state is explicitly forbidden unless the claimant "establishes his claim or right to relief by evidence satisfactory to the court." Section 1608(e) imposes a mandatory, non-discretionary gatekeeping duty on the trial

[1] Under Rule 24(a)(2), the applicant must timely move, assert an interest relating to the property or transaction that is the subject of the action, show that disposition may as a practical matter impair or impede protection of that interest, and show that existing parties do not adequately represent the interest. Fed. R. Civ. P. 24; *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006). The prejudice to the applicant if intervention is denied must be considered. *Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191 (2d Cir. 2000).

court to independently audit the legal sufficiency of the claims, including threshold compliance with the ten-year statute of limitations set by 28 U.S.C. § 1605A(b).

Because a time-barred complaint is legally dead on its face, it cannot satisfy the gatekeeping criteria of § 1608(e). By the anticipated entry of a default judgment on a complaint filed over fourteen years late, the District Court would create an insulated bubble that allows parasitic, extra-statutory claims to siphon funds from the USVSST Fund. If this action proceeds to final judgment without Proposed Intervenors' participation, available recovery assets will be permanently and irrevocably depleted, leaving legitimate heirs with zero structural recourse.

**2. Intervention Is the Mandatory Appellate Vehicle Demanded by the Panel**

This impairment is heavily compounded by recent appellate developments. Because the Second Circuit panel strongly suggested that timely heirs may lack independent, third-party standing to contest this Court’s extra-statutory rulings unless they formally enter a target docket, denying this motion completely insulates this Court's misapplication of the FSIA from appellate review. Intervention is apparently the sole court-sanctioned procedural vehicle available to pierce this insulated bubble, protect the integrity of the law of the case, and enforce the statutory screening boundaries mandated by Congress.

**D. The Existing Parties to this Action Utterly Fail to Adequately Represent the Distinct Interests of Timely Heirs**

**1. Untimely Non-Heir Plaintiffs Hold Intrinsic, Antagonistic Interests**

The burden to show inadequate representation under Rule 24(a)(2) is minimal and requires only a showing that the representation "may be" inadequate. The interests of the current *Romero* plaintiffs are intrinsically and completely antagonistic to the distinct interests of the *Burlingame* Plaintiffs. The *Romero* plaintiffs’ sole objective is to secure multi-billion dollar solatium judgments under an un-entitled, extended-family framework—a goal that directly depletes the pro

rata fund belonging to legitimate heirs. They will not argue for the strict enforcement of §§ 1606 and 1608, or the state-law loss-allocation limits that would strip them of their own recovery.

**2. Defaulted State Defendants Fail to Advancing Controlling Limitation Bars**

Two of the defendants in these proceedings—Iran and the Taliban—are completely absent, uncooperative, and in default. They have failed to appear, failed to file answers, and failed to assert controlling statutory limitation bars or challenge the expansion of solatium awards. Because the foreign state defendants have entirely abandoned their defense, and because the *Romero* plaintiffs are actively litigating to maximize their extra-statutory recovery, no active party before the Court is representing the statutory boundaries of the FSIA. Proposed Intervenors' interests are entirely unrepresented.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b)

### A. The Proposed Intervenor Defense Shares Overlapping and Identical Questions of Law and Fact

Should this Court determine that intervention as of right is unavailable, it should grant permissive intervention under Rule 24(b). Permissive intervention is appropriate where an applicant's claim or defense shares a common question of law or fact with the main action. Here, the proposed intervenor defense turns on the exact same central questions of statutory construction that dictate the validity of the underlying complaints: whether the ten-year statute of limitations in § 1605A(b) is absolute, and whether Section 1606 bars non-heir extended relatives from asserting death-related solatium claims.

### B. Permissive Intervention Will Advance Judicial Economy and Resolve a Controlling Statutory Conflict

Granting permissive intervention will not cause undue delay or prejudice the rights of the original parties. To the contrary, it provides a clean, definitive vehicle to resolve a controlling

statutory conflict at the pleading stage, advancing judicial economy and preventing a chaotic, unauthorized drawdown on finite victim compensation resources. The district court's discretion over permissive intervention is very broad. *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992); *H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 797 F.2d 85, 87 (2d Cir. 1986).

## III. THE *BURLINGAME* PLAINTIFFS INDEPENDENTLY SATISFY CONSTITUTIONAL ARTICLE III STANDING MANDATES

### A. The Economic Dilution of Finite Priority Judgments Constitutes an Injury-in-Fact

To the extent that Proposed Intervenors seek a modification of the relief sought by the untimely non-heirs, they independently satisfy constitutional Article III standing criteria as required by *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017). Proposed Intervenors suffer a concrete, imminent, and non-speculative injury-in-fact via the direct economic dilution of a finite pool of statutory compensation funds to which they have exclusive priority. This economic degradation of a validated judgment priority constitutes a classic pocketbook injury under Second Circuit standing jurisprudence. The Second Circuit has held that a third-party has standing to challenge a court decree if that party's financial or equitable interests are "plausibly affected" by the operation of the court's judgment, or if it is directly "aggrieved" by an order that actively diminishes its pecuniary rights. *See Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 78 (2d Cir. 2006).

### B. The Injury Is Traceable to the Extra-Statutory Relief and Redressable by Dismissal

This injury is directly traceable to the ongoing adjudication and finalization of extra-statutory solatium judgments for untimely non-heirs, which the USVSST Fund is legally bound to honor. Finally, the injury is completely redressable by an order from this Court or the Court of

Appeals enforcing the non-discretionary gatekeeping screening rules of Section 1608(e) and entering a judgment dismissing the non-heirs' improper claims with prejudice.

**CONCLUSION**

For the foregoing reasons, Proposed Intervenors respectfully request that this Court grant their Motion to Intervene and Motion to Dismiss, enter an order formally filing the accompanying Proposed Responsive Pleading, and dismiss the Complaint in Civil Action No. 1:25-cv-07935 with prejudice.

Dated: October 29, 2026
New York, New York

Law Office of John F. Schutty, P.C.

By: /s/ John F. Schutty
John F. Schutty, Esq.

*Attorneys for Proposed Intervenors*
445 Park Avenue – 9th Floor
New York, NY 10022
Tel: (646) 345-1441
john@johnschutty.com