UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (GBD) (SN)<br><br>ECF Case |
| ALEXANDER ROMERO, *et al*.,<br><br>Plaintiffs,<br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al*.,<br><br>Defendants. | Civil Action No.:<br>1:25-cv-07935 (GBD)(SN) |

**DECLARATION OF JOHN F. SCHUTTY, ESQ. IN SUPPORT OF PROPOSED INTERVENORS' MOTION TO INTERVENE AND PROPOSED MOTION TO DISMISS**

JOHN F. SCHUTTY, ESQ., hereby states under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am an attorney admitted to practice before this Court and am the principal of the Law Office of John F. Schutty, P.C., with offices located at 445 Park Avenue, 9th Floor, New York, New York 10022. I represent the "*Burlingame* Plaintiffs,"[1] a subset of timely-filed plaintiffs within the broader consolidated action, *Ashton, et al. v. al Qaeda Islamic Army, et al.* (02-cv-6977).

[1] The Proposed Intervenors were part of the original *Burlingame* Complaint, *Burlingame, et al. v. Bin Laden, et al.,* filed on September 10, 2002, bearing civil action no. 02-cv-7230. These Plaintiffs remain in the consolidated *Ashton* filings under their original civil action number and thus can easily be identified. The Proposed Intervenors represented on this motion are Irene Dickey, Joseph Dickey Jr., Elizabeth Dickey, Joanne Kelly, Erin Kelly, Brianne Kelly, Kaitlyn Kelly, Colleen Kelly, Lisa O'Brien, John O'Brien, Madeline O'Brien, Jaqueline O'Brien, Dara Seaman, Michaella Seaman, Mary Seaman, Edward Seaman, Susan Sliwak, Ryan Sliwak, Kyle Sliwak, Nicole Sliwak, Allison Wallice, John Wallice, Christian Wallice, and Patrick Wallice.

2. I submit this Declaration in support of the *Burlingame* Plaintiffs' Motion to Intervene as of Right pursuant to FRCP 24(a)(2) (or, in the alternative, for Permissive Intervention under FRCP 24(b)), and their accompanying Proposed Motion to Dismiss the Complaint in the above-captioned *Romero* member action pursuant to FRCP 12(b)(6).

3. The source of my information and the basis for my belief in the statements contained herein are my direct representation of the *Burlingame* Plaintiffs since 2017, my extensive work in connection with the September 11th Terrorist Litigation MDL, my firm's case files, and the official public electronic dockets of this Court.

**A. The *Burlingame* Plaintiffs' Status as Legitimate, Timely Heirs**

4. My clients (the "*Burlingame* Plaintiffs") were part of the original, timely complaint filed in this MDL over twenty-four years ago, styled *Burlingame, et al. v. Bin Laden, et al.*, filed on September 10, 2002, and bearing Civil Action No. 02-cv-7230.

5. On December 16, 2019, I submitted a formal Declaration before this Court seeking the entry of partial final default judgments against the Islamic Republic of Iran (Iran) on behalf of various *Burlingame* Estates. I verified through written documentation, interview records, and underlying spouse declarations that my clients were the only immediate family members living with their respective decedents at the time of their deaths, and that they constitute the only legally recognized New York State defined statutory "heirs" of their respective decedent husbands and fathers. These Estates include:

- **The Estate of Joseph D. Dickey** (survived by his widow, Irene Dickey, and children Joseph Jr. and Elizabeth);
- **The Estate of James J. Kelly** (survived by his widow, Joanne Kelly, and daughters Brianne, Kaitlyn, Erin, and Colleen);
- **The Estate of Timothy M. O'Brien** (survived by his widow, Lisa O'Brien, son John, and daughters Madeline and Jacqueline);

- **The Estate of Michael H. Seaman** (survived by his widow, Dara Seaman, son Edward, and daughters Michaella and Mary);
- **The Estate of Robert F. Sliwak** (survived by his widow, Susan Sliwak, sons Ryan and Kyle, and daughter Nicole); and
- **The Estate of John Wallice, Jr.** (survived by his widow, Allison Wallice, and sons John III, Christian, and Patrick).

6. This Court subsequently entered valid partial final judgments in favor of these lawful heirs, incorporating expert economic loss models and standardized solatium damage frameworks ($12.5 million for surviving spouses; $8.5 million for surviving children - based on the damage frameworks established in the *Havlish* and *Hoglan* actions, where solatium damages were also awarded to parents and siblings of decedents, many of whom had filed untimely lawsuits against Iran). The *Hoglan* Report and Recommendation, MDL ECF #3358, awarded untimely non-heirs substantial solatium awards employing a damages framework first established in a Report & Recommendation dated July 30, 2012, MDL ECF #2618, and a Memorandum Decision & Order dated October 3, 2012, MDL ECF #2623, A. 123, both issued in the *Havlish* action.

**B. The Face Deficiencies of the Target Complaint**

7. On September 24, 2025, the Complaint in *Alexander Romero, et al. v. Islamic Republic of Iran, et al.* (1:25-cv-07935) was filed with this Court. A true and correct copy of the original *Romero* Complaint is attached hereto as **Exhibit A,** and a copy of the most recent *Romero* Amended Complaint filed on October 2, 2026, is attached hereto as **Exhibit B**.

8. A review of Exhibit A and Exhibit B demonstrates that the active Amended Complaint suffers from incurable threshold legal barriers that fail the gatekeeping metrics of 28 U.S.C. § 1608(e) and the liability limits of 28 U.S.C. § 1606:

- **Absolute Expiration of Time:** This lawsuit was initiated on September 24, 2025—more than fourteen years past the unyielding ten-year statute of limitations provided under 28 U.S.C. § 1605A(b).

- **Absence of Substantive Standing:** Many of the moving plaintiffs in this action—including Michael Casazza, Thomas Casazza, Donna Kalwaic, and Suzanne Murphy—explicitly plead their capacity as **surviving siblings** of 9/11 decedents. The *Romero* action further names **surviving parents**, including Patricia Anne Maerz and Dov Shefi.[2]
- **Violation of State Law:** Upon information and belief, because the underlying decedents left surviving spouses and children, state substantive wrongful death rules categorically strip these sibling and parent non-heirs of standing to pursue death-related grief or solatium damages.

**C. Concrete Proof of Irreparable Financial Injury via Fund Dilution**

9. Intervention is a matter of procedural necessity because the entry of default judgments in favor of untimely plaintiffs and non-heir plaintiffs inflicts an immediate and measurable economic injury upon the *Burlingame* Plaintiffs.

10. Because foreign sovereigns routinely default, the primary vehicle for monetary recovery in this MDL is the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"), which operates as a strictly limited asset fund distributing payments on an automated pro-rata percentage basis.

11. Under the USVSST Fund's statutory guidelines, the Fund is legally bound to honor any Iran default judgment finalized by this Court. Consequently, every dollar awarded to an untimely plaintiff or non-heir plaintiff directly reduces the pro-rata allocation available to satisfy the lawful judgments of timely heirs.

12. To illustrate the severe, non-speculative nature of this asset depletion to the Court, I have prepared a comparative analysis using the family of decedent Timothy M. O'Brien. *See* Declaration of Lisa O'Brien dated March 28, 2023 (MDL ECF #8961, A. 203):

---

[2] The *Romero* plaintiffs include surviving sibling plaintiffs (James Casazza, Michael Casazza, Thomas Casazza, Donna Kalwaic, Paul Rowe, Nadine Rowe, Rachael Logan, Billie Rowell-Connor, Suzanne Murphy, Pamela Brady, Bernadette Little, Gregory Danz, Timothy Danz, Yishai Shefi and Pazit Baum-Shefi), and surviving parent plaintiffs (Patricia Anne Maerz, Esther-Rivka Shefi and Dov Shefi).

- As set forth in the USVSST Fund's official "Sixth Distribution" records in 2026, my clients—Timothy O'Brien's true, timely, state-authorized heirs (his widow and three children)—received a combined total of **$574,000** on their $38,000,000 baseline solatium judgments.

- Concurrently, under the exact same distribution round, the **untimely non-heirs** of Timothy O'Brien (his parents and siblings, who filed complaints in 2015 long after the FSIA bar had accrued) appear to have drawn down a staggering **$627,300** from the Fund based on extra-statutory default judgments entered below.

13. This mathematical disparity is an alarming reality across this MDL. The parasitic piggybacking of untimely plaintiffs and non-heir plaintiffs is actively draining finite public victim resources away from dependent surviving spouses and children who filed timely, lawful complaints against Iran.

14. It also merits mention that the defective judgments have been certified under Rule 54(b), to allow thousands of invalid claimants to insert themselves directly into an execution queue targeting a fixed, zero-sum fund of approximately $11 billion in Bitcoin seized assets. Because multiple judgment creditors are pursuing finite pools of assets that are wholly insufficient to satisfy their aggregate judgments, a timely and viable plaintiff suffers an immediate, direct economic injury whenever the court unlawfully expands the pool of eligible claimants.

15. In parallel appellate proceedings arising out of this multi-district litigation (*Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs*, Case No. 26-666-cv), a panel of the United States Court of Appeals for the Second Circuit, during oral argument on October 7, 2026, explicitly suggested that the *Burlingame* Plaintiffs should intervene in an action involving untimely claimants and non-heirs to establish proper appellate standing for contesting the rulings of the District Court at issue on the motions herein (*i.e.*, strongly suggesting intervention is the mandatory procedural vehicle for timely heirs to protect their rights). No decision has yet been rendered on the active Second Circuit appeal taken by the *Burlingame* Plaintiffs.

16. Accordingly, because the *Romero* plaintiffs hold interests diametrically opposed to my clients, because the defaulted defendants have failed to litigate these absolute FSIA statutory bars, and because a panel of the Second Circuit has suggested that intervention of the type sought here is necessary, the *Burlingame* Plaintiffs have zero recourse to protect their judgments absent immediate intervention.

17. Annexed hereto as **Exhibit C** is the Proposed Intervenors' Memorandum of Law in Support of Their Motion to Dismiss the *Romero* Complaint Pursuant to Fed. R. Civ. P 12(b)(6).

18. Annexed hereto as **Exhibit D** is a Proposed Order for the Court that details and grants the relief requested within the motion to intervene and the motion to dismiss.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 29, 2026
New York, New York

By: /s/ *John F. Schutty*
John F. Schutty, Esq.