WIGGINS CHILDS
PANTAZIS FISHER
GOLDFARB
Advocates & Litigators

THE KRESS BUILDING · 301–19TH STREET NORTH · BIRMINGHAM, ALABAMA 35203
205–314–0500 MAIN · 205–254–1500 FAX · www.wigginschilds.com

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K.WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
RACHEL LEE McGINLEY
JOSHUA R. GALE[1]
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
CHRISTINA MALMAT
ERIC C. SHEFFER
NICKI L. LAWSEN
FREDRICK M. MOORE
ADDY CASTELLANOS
TRISTAN GARDNER

TIMOTHY B. FLEMING[2]
TERRILL W. SANDERS
LORI B. KISCH[2,3]
JENNIFER M. SWEDISH[2,3,5]
MEREDITH L. BURRELL[3]
OF COUNSEL

ROBERT F. CHILDS, JR.
(1947–2018)

[1]Licensed in FL & KS
[2]Licensed in DC
[3]Licensed in Maryland
[4]Licensed in New York
[5]Licensed in Virginia

November 6, 2026

*VIA ECF*

The Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *In re Terrorist Attacks on September 11, 2001,* No. 03-md-1570 (GBD) (SN)
*Romero, et al. v. Islamic Republic of Iran, et al.,* 1:25-CV-07935 (GBD) (SN)
**EXPEDITED CONSIDERATION REQUESTED**

Dear Judge Daniels and Magistrate Judge Netburn:

The *Romero* Plaintiffs, through counsel, hereby request this Court to formally stay consideration of "Certain *Burlingame* Plaintiffs'…" Motion To Intervene and permit filing of their motion to dismiss the *Romero* Amended Complaint, MDL ECF Nos. 12450-12452, until such time as the United States Circuit Court of Appeals for the Second Circuit decides *Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs*, Case No. 26-666-cv), and permit the *Romero* Plaintiffs' Opposition to the Motion to Intervene until two weeks after such decision or after this Court lifts, or declines to order, a Stay, or such other time as the Court shall determine.

Counsel for the *Romero* Plaintiffs reached out telephonically this morning to the Office of John Schutty to seek his clients' position on this letter motion but did not reach him, and he did not respond to a voicemail left for him.

As the Proposed Intervenors note, on October 7, 2026, the Second Circuit heard oral arguments on the exact issues underpinning the Proposed Intervenors' motion(s) herein. No decision has been issued by the Second Circuit to date. As the Proposed Intervenors admit, their Motion To Intervene in *Romero* is their reaction to their attorney's colloquy with the Second Circuit panel in No. 26-666-cv.

Specifically, the Second Circuit Panel judges repeatedly questioned, *inter alia*, the basis on which the "Certain *Burlingame* Plaintiffs" could raise legal challenges to other MDL plaintiffs' judgments' putative deficiencies in cases in which the "Certain *Burlingame* Plaintiffs'…" were not a party. Having

articulated to the Panel no clear or well-founded basis for doing so, Proposed Intervenors now assert here that "[t]he Second Circuit has recently (October 7, 2026) *explicitly designated intervention* as the *suggested, mandatory procedural vehicle* for Proposed Intervenors to assert and preserve their appellate standing." (MDL Doc. No. 12450, p.2; *emphases added*).

To be sure, Proposed Intervenors interpreted what the Second Circuit Panel judges said from the bench,[1] as if "the Second Circuit panel subsequently *issued* its October 7, 2026 oral *directive establishing* formal intervention as the exclusive vehicle to preserve appellate standing," MDL ECF No. 12451 at p. 6 (*emphases added*), and placed a banner heading in their brief here stating that "Intervention Is the Mandatory Appellate Vehicle Demanded by the Panel." All of that is plainly false; the Second Circuit did no such thing although certainly it might.

Notwithstanding Proposed Intervenors' interpretation, the fact remains that the Second Circuit has not issued any decision, designation, directive, demand, or mandate whatsoever. It held oral argument in a case; that's all. Indeed, Proposed Intervenors' counsel finally concedes: "No decision has yet been rendered on the active Second Circuit appeal taken by the *Burlingame* Plaintiffs." MDL ECF No. 12452, Declaration of John Schutty, ¶15 at p. 5.

This Court has numerous times rejected the Proposed Intervenors' merits theory underpinning the proposed motion to dismiss the *Romero* complaint, filed as an exhibit to the Motion To Intervene, most recently on March 18, 2026, MDL ECF 11878, and we believe, based on the grounding of this Court's earlier decisions, the parties' briefs, and the Second Circuit oral argument, the Second Circuit will also reject it. However, at a bare minimum, the Second Circuit's decision will decide whether intervention is required; it may decide whether intervention is required, permissive, and the conditions for either, or if the intervenors lack standing. The Second Circuit may also decide the merits of the Certain *Burlingame* Plaintiffs' underlying theories as well. Indeed, the Certain *Burlingame* Plaintiffs raised at the Second Circuit virtually every argument that they have now included in either or both of the Motion to Intervene and/or the Motion to Dismiss that is an exhibit to the Motion to Intervene.

This Court ought not to expend precious judicial resources to decide, and the *Romero* plaintiffs ought not have to expend the resources necessary to brief, a set of questions that are on appeal right now in the Second Circuit. In particular, if there is no stay of the Motion to Intervene, and intervention is granted, the parties may also have to brief, and the Court may be faced with consideration of, the merits of a motion to dismiss the *Romero* complaint. Yet, the Second Circuit may well reject – given both the content of the oral argument on the appeal, and

---

[1] The only non-contradictory way to interpret Proposed Intervenors' phrase "suggested, mandatory procedural vehicle" is to say that the Second Circuit panel suggested that intervention may be mandatory <u>but the panel had not so held</u>. That would be correct, though incomplete, because the panel also questioned whether the Certain *Burlingame* Plaintiffs could *ever* intervene to raise Iran's waived defenses against other Plaintiffs. Either way, this is a powerful argument for a stay here in order to give the Second Circuit the opportunity to render a holding that could be applied by this Court. To move ahead with the Motion to Intervene at this time without a Second Circuit decision would be to multiply the proceedings needlessly.

the various decisions of the federal courts, including this Court – all or virtually all of Proposed Intervenors' grounds when deciding the pending appeal. Any action whatsoever on this matter prior to the Second Circuit's decision is a needless waste of this Court's and the *Romero* Plaintiffs' time and resources.

Therefore, the *Romero* Plaintiffs respectfully move this Honorable Court to stay consideration of Proposed Intervenors' Motion to Intervene and its concomitant motion to dismiss in *Romero* until after the Second Circuit issues a formal decision in the pending Certain *Burlingame* Plaintiffs' appeal, and, as necessary, allow the *Romero* Plaintiffs two weeks from such time, or two weeks after this Court lifts, or declines to order, a Stay, or such other time as determined by the Court, to file their Opposition to the Motion To Intervene.

Respectfully submitted,

**/s/ *Timothy B. Fleming***

Timothy B. Fleming (DC Bar No. 351114)
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB PLLC
2202 18th Street, NW, #110
Washington, DC 20009
(202) 467-4489

Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
WIGGINS CHILDS PANTAZIS *(Lead Counsel)*
FISHER GOLDFARB LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500