03 md 1570 (GBD)
02-cv-6977(GBD)

MANDATE

25-2718-cv
*Sivin v. Islamic Republic of Iran*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand twenty-six.

Present:

GUIDO CALABRESI,
WILLIAM J. NARDINI,
EUNICE C. LEE,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/6/2026

---

MAXWELL SIVIN,

*Plaintiff-Appellant,*

v. 25-2718-cv

ISLAMIC REPUBLIC OF IRAN,

*Defendant-Appellee.*

---

For Plaintiff-Appellant: Megan Wolfe Benett, Esq., Kreindler & Kreindler LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.



MANDATE ISSUED ON 11/06/2026

Maxwell Sivin appeals from the district court's May 29, 2025, order denying solatium damages and September 25, 2025, order denying vacatur or reconsideration. Sivin's stepfather Joel Miller was killed in the terrorist attacks on September 11, 2001. Following Miller's death, Sivin joined the *In re Terrorist Attacks on September 11, 2001* multi-district litigation as a plaintiff in the *Ashton v. al Qaeda et al.* complaint and obtained a default judgment against the Islamic Republic of Iran. On January 3, 2020, Sivin and several other *Ashton* plaintiffs moved for a final judgment awarding solatium damages under the Foreign Sovereign Immunities Act ("FSIA") based on their default judgments. Each *Ashton* plaintiff represented in the January 3, 2020, motion was a "non-immediate family member" under the applicable legal framework. In other words, the plaintiffs sought solatium damages for the death of a loved one who was not a spouse, parent, sibling, or child. *See In re Terrorist Attacks on September 11, 2001* (*Hoglan IV*), 2017 WL 9533073, at *3 (S.D.N.Y. Aug. 8, 2017), *R. & R. adopted*, 2017 WL 5591873 (S.D.N.Y. Nov. 17, 2017), *aff'd sub nom. Hoglan v. Rafsanjani*, 759 F. App'x 99 (2d Cir. 2019).

On May 29, 2025, the district court denied the motion as to Sivin because it found that he had not continuously cohabitated with Miller for at least two years before turning eighteen, which is presumptively required for a stepchild to obtain solatium damages for the death of a stepparent under the legal framework adopted by the district court. *See id.* at *7. Sivin moved for vacatur or reconsideration of the order denying solatium damages, and the district court denied the motion on September 25, 2025. Sivin now appeals, arguing that the district court erred in denying his motion for vacatur or reconsideration because he provided "uncontroverted" evidence that he lived with his stepfather for at least two years before he turned eighteen. Appellant's Br. 11. We assume the parties' familiarity with the case.

"We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 52 (2d Cir. 2019).[1] We review a district court's damages award for abuse of discretion. *Serricchio v. Wachovia Secs. LLC*, 658 F.3d 169, 191 (2d Cir. 2011); *see also Fraenkel v. Islamic Republic of Iran*, 892 F.3d 348, 362 (D.C. Cir. 2018) (reviewing district court's FSIA damages awards for abuse of discretion). We also review a decision on a motion for reconsideration for abuse of discretion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A district court may abuse its discretion if it "rests its decision on a clearly erroneous finding of fact or makes an error of law." *Barrows v. Becerra*, 24 F.4th 116, 130 (2d Cir. 2022).

We have previously reserved decision as to whether the district court applied the appropriate analytical framework in assessing whether solatium damages are available to non-immediate family members under the FSIA. *See Hoglan v. Rafsanjani*, 759 F. App'x 99, 104 (2d Cir. 2019). Iran has not appeared in this action or in any action within the *In re Terrorist Attacks on September 11, 2001* MDL and therefore has not challenged any aspect of the district court order currently on appeal. Nor has Sivin challenged the framework applied by the district court. In his motion for solatium damages, Sivin contended that he was eligible for damages under the non-immediate family member framework. Mot. for Final Judgment, No. 03-md-01570 (S.D.N.Y. Jan. 3, 2020), doc. 5428. After the magistrate judge recommended denying Sivin damages under the non-immediate family member framework, he and other plaintiffs objected, explicitly arguing that with the framework applied by the magistrate judge "established and operative here," they "should

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

be entitled to receive solatium damages." App'x 79. Sivin objected solely to the magistrate judge's assessment of the sufficiency of the evidence he submitted. *Id.* at 82–83. After the district court overruled Sivin's objections and adopted the magistrate judge's recommendation, Sivin again argued in his motion for vacatur or reconsideration that the district court "appears to have overlooked facts critical to the motion for damages," and argued that he had satisfied the two-year cohabitation requirement. App'x 96, 100. And on appeal, Sivin continues to challenge the district court's determination that he did not satisfy the two-year cohabitation requirement without challenging the underlying framework. Appellant's Br. 4, 11; *see Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) ("[We] normally will not[] decide issues that a party fails to raise in his or her appellate brief.").

Because neither party challenges the validity of the framework applied by the district court, we again assume for the purposes of this appeal that solatium damages are available to limited non-immediate family members under the FSIA terrorism exception's private cause of action. *See Rafsanjani*, 759 F. App'x at 104. We apply the framework as follows.

Solatium damages are available to non-immediate family members only in "a few limited circumstances." *Hoglan IV*, 2017 WL 9533073, at *2. A non-immediate family member of those killed in the September 11, 2001, terrorist attacks can recover solatium damages only if the decedent was a "functional equivalent" of an immediate family member. *Id.* at *2. To satisfy the "functional equivalent" standard, the moving party must show (1) "long-term residence or co-habitation in the decedent's household," (2) "whether the non-immediate family member ever played a guardian or custodian-like role in the decedent's life," or "vice-versa," and (3) "whether the biological family member in question was absent in the family life." *Id.* at *4. Of the three factors, long-term cohabitation is "key, if not decisive," because it is a "proxy" for parsing

"emotionally strong" relationships versus "those that approximate that of immediate family." *Id.* "Intermittent or sporadic cohabitation . . . would not generally be sufficient to fulfill this requirement." *Id.* Because the relationship between step-relatives is "not established at birth, but at some time thereafter," stepchildren seeking to recover solatium damages for the death of a stepparent "must demonstrate that they continuously cohabited with the decedent for a significant period of time prior to the date the claimant . . . turned 18." *Id.* at *7. "This period of time is presumptively at least two years." *Id.*

The district court denied both Sivin's underlying motion for solatium damages and his motion for vacatur or reconsideration on the same ground: Sivin does not meet the requirement that he continuously cohabitated with his stepfather for two years before Sivin turned eighteen. On appeal, Sivin argues that the district court abused its discretion by disregarding his "uncontroverted" evidence of continuous cohabitation with his stepfather. Appellant's Br. 16–17.

The district court did not abuse its discretion when it denied Sivin's motion for solatium damages for failure to satisfy *Hoglan IV*'s long-term cohabitation factor. Sivin's sole evidence in support of his motion before the magistrate judge for solatium damages was a declaration that stated, "I began living full time with [Miller] when I was 17." App'x 63. This statement plainly fails to satisfy the two-year presumption, and the district court did not abuse its discretion in denying Sivin's motion for solatium damages on this basis. *See Hoglan IV*, 2017 WL 9533073, at *7. Although Sivin filed a supplemental declaration with his objections to the magistrate judge's original report and recommendation to deny Sivin's motion, the district court was not required to consider this evidence. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) ("The district court ha[s] discretion to consider evidence that ha[s] not been submitted to the Magistrate Judge."). And the district court explained in its order denying Sivin's motion for reconsideration that

statements in the supplemental declaration—that Sivin "lived five minutes apart from his stepfather and they largely stayed as a family between the two homes"—reflect "intermittent or sporadic cohabitation," which does not support a damages award under *Hoglan IV*. App'x 5 (citation modified). We agree. Sivin qualified each statement regarding his cohabitation with Miller: his mother's and Miller's houses were "five minutes apart"; Sivin and Miller "largely stayed as a family"; Sivin lived with Miller "for long periods of time." *Id.* at 88–89. In light of these qualifying statements, the district court did not abuse its discretion in choosing not to address the supplemental declaration when reviewing the magistrate judge's report and recommendation.

Sivin's remaining arguments do not move the needle. We reject Sivin's argument that the district court erred in disregarding his objections to the report and recommendation. The district court stated that Sivin did not properly present his objections because he did not raise them with sufficient specificity; however, it also explained that it would have ruled the same way even if Sivin had properly objected. Sivin also argues that the district court could have asked for further evidence or recommitted the matter to the magistrate judge under 28 U.S.C. § 636(b)(1)(C) if it "had questions about the housing arrangement as [Sivin] described it." Appellant's Br. 18. But it is apparent that the district court did not have "questions about the housing arrangement"; it simply did not find Sivin's evidence convincing.

Finally, the district court did not abuse its discretion when it denied Sivin's motion for vacatur or reconsideration.[2] A court may grant relief from a final judgment under Federal Rule of Civil Procedure 60 for "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, where the judgment is void or no longer has force, or for "any other reason that

---

[2] Sivin moved below for vacatur under Federal Rule of Civil Procedure 60 or reconsideration under S.D.N.Y. Local Rule 6.3. His arguments below and on appeal address the standard under Rule 60, but do not describe whether there is any distinction between Rule 60 and Local Rule 6.3, so we do not address reconsideration under Local Rule 6.3.

justifies relief." Fed. R. Civ. P. 60(b)(1)–(6). Because Rule 60 allows for a "potentially sweeping reach," a party must demonstrate "that extraordinary circumstances warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Sivin moved for reconsideration under Rule 60(b)(6) solely on the basis that the district court "may have inadvertently failed to consider the factual statements set forth by Plaintiff Sivin in his supplemental declaration." App'x 98. But as explained above, Sivin's supplemental declaration does not "point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

* * *

In reaching our decision today, we acknowledge "that in the complex web of human relationships, non-immediate family members may have suffered as much, if not more, than immediate blood relatives" in the aftermath of the terrorist attacks of September 11, 2001. *In re Terrorist Attacks on September 11, 2001* (*Hoglan II*), 2016 WL 8711419, at *1 (S.D.N.Y. Oct. 14, 2016). We do not doubt the genuineness of Sivin's connection with his late stepfather, Joel Miller. Even so, solatium damages are available to non-immediate family members only in the "rarest cases." *Hoglan IV*, 2017 WL 9533073, at *5. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

UNITED STATES SECOND CIRCUIT COURT OF APPEALS