USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/10/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**---------------------------------------------------------------X**

**In re:**

**TERRORIST ATTACKS ON**
**SEPTEMBER 11, 2001**

**---------------------------------------------------------------X**

**03-MD-01570 (GBD)(SN)**

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

Romero v. Islamic Republic of Iran, No. 25-cv-07935 (GBD)(SN)

The plaintiffs in Romero v. Islamic Republic of Iran, No. 25-cv-07935 (the "Romero Plaintiffs"), have requested a stay of the motion to intervene filed at ECF No. 12450.[1] ECF No. 12458. The Romero Plaintiffs' motion to stay is GRANTED.

## BACKGROUND

The Court assumes familiarity with this multidistrict litigation and summarizes only the relevant procedural and factual background.

The motion to intervene was filed by the estates of Joseph D. Dickey, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr. (collectively, the "Burlingame Plaintiffs") on October 29, 2026. See ECF Nos. 12450, 12451. The Burlingame Plaintiffs seek to intervene in Romero v. Islamic Republic of Iran, No. 25-cv-07935, in order to move to dismiss the Romero Plaintiffs' complaint. ECF No. 12450 at 1–2.

The Burlingame Plaintiffs are also the plaintiffs-appellants in a pending appeal to the Court of Appeals for the Second Circuit, which may address key issues related to the motion to

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

intervene. See Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs, No. 26-666-cv ("the Burlingame Appeal"). A panel of the Court of Appeals heard oral arguments on the Burlingame Appeal on October 7, 2026, and has not yet issued a decision.

Thus, the Romero Plaintiffs seek a stay of the motion to intervene pending a decision in the Burlingame Appeal because the "exact issues underpinning" the motion to intervene are currently before the Court of Appeals in the Burlingame Appeal. ECF No. 12458 at 1.

**DISCUSSION**

Courts possess the inherent power to stay proceedings if the interests of justice so require. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). This authority is incidental to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. The decision of whether to issue a stay rests upon five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Loftus v. Signpost Inc., 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

Importantly, a court's power to issue stays "is not limited to cases involving identical parties or issues"—courts may stay proceedings in a number of different situations, including "when a higher court is about to decide a pertinent issue of law." Fagan v. Republic of Austria, No. 08-cv-6715 (LTS)(JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009) (citing Landis, 299 U.S. at 254–55); see also Riggs Tech. Holdings, LLC v. Relias Learning LLC, No. 21-cv-6229 (PGG), 2022 WL 7152440, at *2 (S.D.N.Y. Sept. 22, 2022) ("A court may properly exercise this power [to grant a stay] when a higher court is close to settling an important issue of

law bearing on the action.") (quoting In re Literary Works in Elec. Databases Copyright Litig., No. 00-cv-6049 (GBD), 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001)). Here, not only is "a higher court about to decide a pertinent issue of law" bearing on the action, substantially all of the core merits arguments in the motion to intervene are currently before the Court of Appeals in the Burlingame Appeal. Fagan, 2009 WL 1423338, at *4. The interests of the Romero Plaintiffs, the courts, and the public are all served by avoiding unnecessarily duplicative and potentially inconsistent judicial rulings which, in this situation, are best promoted by granting a stay.

There is no undue prejudice to the Burlingame Plaintiffs in granting a stay. Despite the Burlingame Plaintiffs' assertion that the Court of Appeals panel "indicated" that they "may lack independent, third-party standing to appeal . . . unless they formally intervene" in the member cases at issue, the Court of Appeals has not issued a "directive" that the Burlingame Plaintiffs file motions to intervene across the multidistrict litigation. ECF No. 12451 at 5; see ECF No. 12458 at 2. Instead, it is possible that a decision in the Burlingame Appeal addresses and instructs on the very issue of intervention. Additionally, given that oral arguments have already taken place, a stay until the Court of Appeals issues its decision will be likely be brief, minimizing any potential prejudice of delay. See Loftus, 464 F. Supp. 3d at 527 ("Moreover, oral argument has already been held, and a stay until the Supreme Court issues its decision will be brief.").

## CONCLUSION

The Court GRANTS the Romero Plaintiffs' motion to stay consideration of the Burlingame Plaintiffs' motion to intervene. Any opposition to the motion to intervene shall be filed within 14 days of the mandate issuing from the Court of Appeals in the Burlingame Appeal.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 12458.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: November 10, 2026
New York, New York