**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (GBD)(SN) |
| This document relates to:<br>*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)<br>*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD)(SN)<br>*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD)(SN)<br>*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD)(SN)<br>*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD)(SN)<br>*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)<br>*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)<br>*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN) | ECF Case |

# PROPOSED INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENT (MDL ECF NO. 12464) AND TO DISMISS TIME-BARRED AND NON-HEIR CLAIMS PURSUANT TO 28 U.S.C. § 1608(e) AND FED. R. CIV. P. 12(b)(6)

Law Office of John F. Schutty, P.C.
Attorneys for Proposed Intervenors (the *Burlingame* Plaintiffs)
445 Park Avenue – 9th Floor
New York, NY 10022
Tel: (646) 345-1441
john@johnschutty.com

**Table of Contents**

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

A. The Statutory Architecture of the FSIA Terrorism Exception ........ 2

B. The *Burlingame* Plaintiffs' Status as Timely, Lawful Heirs and Judgment Creditors ........ 3

C. The Moving Plaintiffs' Untimely, Extra-Statutory Filings and Pending Motion for Rule 54(b) Final Judgments (MDL ECF No. 12464) ........ 3

D. The District Court's Extra-Statutory Expansion of Solatium Awards ........ 6

E. The Second Circuit Panel's Directive Regarding Appellate Standing ........ 6

ARGUMENT ........ 6

I. THE *BURLINGAME* PLAINTIFFS ARE ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) ........ 6

A. The Cross-Motion Is Timely Under the Unique Procedural Circumstances of This MDL ........ 7

B. The *Burlingame* Plaintiffs Possess Direct, Substantial, and Legally Protectable Interests in the Subject Matter of These Actions ........ 8

C. Disposing of This Motion Without the *Burlingame* Plaintiffs Impairs and Impedes Their Ability to Protect Their Financial and Legal Interests ........ 9

D. The Existing Parties Fail to Adequately Represent the Distinct Interests of Timely Heirs ........ 9

II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b) ........ 10

III. THE *BURLINGAME* PLAINTIFFS INDEPENDENTLY SATISFY CONSTITUTIONAL ARTICLE III STANDING MANDATES ........ 10

IV. THE COURT MUST DENY MDL ECF NO. 12464, DENY RULE 54(b) CERTIFICATION, AND DISMISS ALL TIME-BARRED AND

NON-HEIR CLAIMS PURSUANT TO 28 U.S.C. § 1608(e) AND FED. R. CIV. P. 12(b)(6) ........ 11

A. Every Claim Asserted in MDL ECF No. 12464 Is Conclusively Time-Barred Under 28 U.S.C. § 1605A(b) and Fails the Mandatory Screening of 28 U.S.C. § 1608(e) ........ 11

B. The Non-Heir Parent Solatium Claims in Exhibit B Are Substantively Barred by 28 U.S.C. § 1606 and Controlling State Wrongful Death Law ........ 12

C. Entry of Partial Final Judgment Under Fed. R. Civ. P. 54(b) Is Improper Because No Valid Right to Relief Exists and Immediate Execution Will Irrevocably Dilute Finite Asset Pools ........ 14

CONCLUSION ........ 15

# TABLE OF AUTHORITIES

## CASES

*Cassirer v. Thyssen-Bornemisza Collection Foundation*, 596 U.S. 107 (2022)....................... 8, 13

*Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085 (2d Cir. 1992)............................................ 14

*H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85 (2d Cir. 1986).................................... 7

*Linde v. Arab Bank, PLC*, 882 F.3d 314 (2d Cir. 2018)............................................................ 14

*Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377 (2d Cir. 2006)............................... 7

*New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992)...................................................... 10

*Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73
(2d Cir. 2006)........................................................................................................................ 11

*Oneida Indian Nation v. New York*, 732 F2d 261 (2d Cir 1984).................................................. 7

*Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519 (1994)............................................................... 13

*Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189 (1985)......................................................... 13

*Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017)..................................................... 10

*United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.)............... 1, 3, 6, 9

*Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191
(2d Cir. 2000)........................................................................................................................ 7

## STATUTES

28 U.S.C. §§ 1602 *et seq.*.............................................................................................. 2

28 U.S.C. § 1605A.................................................................................................................. 3

28 U.S.C. § 1605A(b)....................................................................................................... passim

28 U.S.C. § 1606............................................................................................................. passim

28 U.S.C. § 1608(e)......................................................................................................... passim

28 U.S.C. § 1963................................................................................................................ 1, 14

34 U.S.C. § 20144 *et seq*. 3, 9

**RULES**

Fed. R. Civ. P. 12(b)(6) 1, 12, 15

Fed. R. Civ. P. 24(a)(2) 10, 15

Fed. R. Civ. P. 24(b) 1, 15

Fed. R. Civ. P. 24(b)(1)(B) 10

Fed. R. Civ. P. 54(b) passim

Fed. R. Civ. P. 55(e) 11

## PRELIMINARY STATEMENT

Proposed Intervenors—the timely-filed, legally defined New York State heirs of individuals who perished at the World Trade Center on September 11, 2001 (the "*Burlingame* Plaintiffs," Civil Action No. 02-cv-7230)—respectfully submit this Memorandum of Law in support of their Cross-Motion: (1) to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or permissively pursuant to Rule 24(b), in the eight member actions captioned above; (2) in opposition to the Motion for Partial Final Judgment filed on November 12, 2026 by counsel Anderson Kill P.C. (MDL ECF No. 12464); and (3) to vacate any prior non-final default liability orders and dismiss the Moving Plaintiffs' claims with prejudice pursuant to the Court's mandatory gatekeeping obligation under 28 U.S.C. § 1608(e) and Rule 12(b)(6).

In MDL ECF No. 12464, fourteen claimants across eight separate member actions—all initiated between seventeen and twenty-three years after the September 11, 2001 attacks—seek tens of millions of dollars in compensatory, solatium, and economic damages judgments against the Islamic Republic of Iran ("Iran"), together with prejudgment interest compounded annually since September 11, 2001. Crucially, the Moving Plaintiffs explicitly request immediate certification of partial final judgments under Federal Rule of Civil Procedure 54(b) for the stated purpose of registering those judgments in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1963 to assert claims against the approximately 127,271 seized Bitcoin (valued at roughly $9.67 billion) at issue in *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.), in addition to diluting payouts from the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"). *See* Pls.' Mem. of Law, MDL ECF No. 12465, at 15–16.

Every claim advanced in MDL ECF No. 12464 suffers from fatal, threshold statutory bars that prohibit entry of a final judgment under 28 U.S.C. § 1608(e):

1. **Absolute Statute of Limitations Bar (28 U.S.C. § 1605A(b)):** All eight member actions were commenced between 2018 and 2024—seven to thirteen years *after* the absolute expiration of the ten-year limitations period codified in 28 U.S.C. § 1605A(b)—and several moving claimants were added to those dockets only through recent Notices of Amendment filed in 2026 (MDL ECF Nos. 11977, 12293, 12454).
2. **Substantive Non-Heir Bar (28 U.S.C. § 1606):** Multiple solatium claimants listed in Exhibit B to the Proposed Order (MDL ECF No. 12467-2)—specifically parent claimants Anarcimenes Salcedo (*Hargrave*, 20-cv-09387), the Estate of Helmut Paul Echtermann (*Amato*, 21-cv-10239), and the Estate of Carmela Andreacchio (*Kone*, 23-cv-05790)—are non-heir parents who possess zero right to recover wrongful death or grief damages under governing state substantive law where a decedent was survived by a spouse or children.

Because a panel of the United States Court of Appeals for the Second Circuit indicated during oral argument on October 7, 2026 (*Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs*, Case No. 26-666-cv) that formal intervention in target member dockets is the required procedural vehicle for timely heirs to establish appellate standing and contest extra-statutory default judgments, the *Burlingame* Plaintiffs timely cross-move to intervene, oppose Rule 54(b) certification, and obtain dismissal of these time-barred and non-heir claims.

## <u>STATEMENT OF FACTS</u>

### A. The Statutory Architecture of the FSIA Terrorism Exception

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*, provides the sole and exclusive basis for obtaining jurisdiction over a foreign state in the courts of the United

States. While Congress enacted 28 U.S.C. § 1605A to lift sovereign immunity for designated state sponsors of terrorism and provide a federal private right of action, Congress bound that cause of action to strict statutory guardrails. First, 28 U.S.C. § 1605A(b) imposes an explicit ten-year statute of limitations governing when an action may be brought or maintained. Second, 28 U.S.C. § 1606 mandates that a foreign sovereign shall be liable only "in the same manner and to the same extent as a private individual under like circumstances." Third, 28 U.S.C. § 1608(e) forbids any federal court from entering a default judgment against a foreign state unless the claimant "establishes his claim or right to relief by evidence satisfactory to the court."

### B. The *Burlingame* Plaintiffs' Status as Timely, Lawful Heirs and Judgment Creditors

Proposed Intervenors are the surviving spouses and children—and lawful New York State-defined heirs—of decedents Joseph D. Dickey, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., who perished at the World Trade Center on September 11, 2001. Segregated within this multidistrict litigation as the "*Burlingame* Plaintiffs," Proposed Intervenors timely commenced their operative action against Iran on September 10, 2002, under Civil Action No. 02-cv-7230, well within the original statutory window. Proposed Intervenors hold verified, final judgments against Iran and are active judgment creditors competing for recovery against strictly finite pools of assets, including the USVSST Fund (34 U.S.C. § 20144) and the seized Iranian-linked cryptocurrency assets subject to civil forfeiture in *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.).

### C. The Moving Plaintiffs' Untimely, Extra-Statutory Filings and Pending Motion for Rule 54(b) Final Judgments (MDL ECF No. 12464)

On November 12, 2026, counsel Anderson Kill P.C. filed a Notice of Motion (MDL ECF No. 12464), Memorandum of Law (MDL ECF No. 12465), Declaration of Jerry S. Goldman, Esq.

(MDL ECF No. 12466), and Proposed Order with Exhibits A through D (MDL ECF Nos. 12467 to 12467-4) seeking partial final damages judgments certified under Fed. R. Civ. P. 54(b) on behalf of fourteen claimants across eight member actions. Every single one of those eight actions was filed between seven and thirteen years after the expiration of § 1605A(b)'s ten-year limitations window, and several claimants were added only via 2026 Notices of Amendment:

1. ***Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (filed 2018):** Estate of Susan Lee Schuler (by PR Ted Slanker), added via Notice of Amendment at MDL ECF No. 12293 (granted at MDL ECF No. 12299), seeking $1,111,926.00 in economic damages (Proposed Order Ex. D, MDL ECF No. 12467-4).
2. ***Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (filed 2018):** Theresa Costello (child of decedent Charles Costello), added via Notice of Amendment at MDL ECF No. 12454, seeking $8,500,000.00 in solatium damages (Proposed Order Ex. B, MDL ECF No. 12467-2).
3. ***Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (filed 2020):** Anarcimenes Antonio Salcedo (parent of decedent Esmerlin Antonio Salcedo), seeking $8,500,000.00 in solatium damages (Proposed Order Ex. B, MDL ECF No. 12467-2).
4. ***Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (filed 2020):** Michael John Bianco (child of decedent Joseph Agnello), seeking $8,500,000.00 in solatium damages (Proposed Order Ex. B, MDL ECF No. 12467-2).
5. ***Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (filed 2021):** Estate of Helmut Paul Echtermann (deceased parent of decedent Margaret Ruth Echtermann, by PR Johanna Kmetz), added via MDL ECF No. 12293 (granted at MDL ECF No. 12299),

seeking $8,500,000.00 in solatium damages (Proposed Order Ex. B, MDL ECF No. 12467-2).

6. ***Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (filed 2022):** Estate of Myrna Maldonado-Agosto (by PR Jarid Maldonado), added via MDL ECF No. 12293 (granted at MDL ECF No. 12299), seeking $2,000,000.00 in pain and suffering damages (Proposed Order Ex. C, MDL ECF No. 12467-3).

7. ***Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (filed 2023):** Celestine Kone (spouse of decedent Abdoulaye Kone), seeking $12,500,000.00 in solatium damages (Ex. B) and $2,000,000.00 as PR of the Estate of Abdoulaye Kone for pain and suffering (Ex. C); Mama Kone (child of decedent Abdoulaye Kone), seeking $8,500,000.00 in solatium damages (Ex. B); Rashida Ivory (child of decedent Lacey Bernard Ivory), seeking $8,500,000.00 in solatium damages (Ex. B); and Estate of Carmela Andreacchio (deceased parent of decedent John Andreacchio, by PR Debra Andreacchio), added via MDL ECF Nos. 11977 and 12293 (granted at MDL ECF No. 12299), seeking $8,500,000.00 in solatium damages (Ex. B) and $2,000,000.00 as PR of the Estate of John Andreacchio for pain and suffering (Ex. C).

8. ***Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (filed 2024):** Estates of Jeffrey Donald Bittner (by PR Pamela Bittner-Conley) and Chet Dek Louie (by PR Ken aka Calvin Reibman aka Louie Louie), seeking $5,238,654.00 and $797,690.00, respectively, in economic damages (Proposed Order Ex. D, MDL ECF No. 12467-4).

In Section IV of their Memorandum of Law (MDL ECF No. 12465 at 15–16), the Moving Plaintiffs expressly state that they seek immediate Rule 54(b) final judgments so that they may register their judgments under 28 U.S.C. § 1963 in the Eastern District of New York and assert

claims against the approximately 127,271 Bitcoin ($9.67 billion) in *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.), alongside over 12,000 existing judgment claimants.

### D. The District Court's Extra-Statutory Expansion of Solatium Awards

Following early liability defaults against Iran in this MDL, the Court adopted a uniform solatium schedule awarding $12.5 million to spouses, $8.5 million to parents, $8.5 million to children, and $4.25 million to siblings in the *Havlish/Hoglan* actions without conducting the choice-of-law inquiry mandated by 28 U.S.C. § 1606. Applying that same framework here would award $8.5 million each to non-heir parents (or their estates) even where governing state wrongful death law categorically precludes parents from recovering death-related damages when a decedent is survived by a spouse or children.

### E. The Second Circuit Panel's Directive Regarding Appellate Standing

In parallel appellate proceedings arising out of this MDL (*Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs*, Case No. 26-666-cv), a panel of the Second Circuit stated during oral argument on October 7, 2026 that timely heirs should formally move to intervene in specific member dockets involving untimely or non-heir claimants in order to establish and preserve Article III and appellate standing to challenge extra-statutory default judgments. Proposed Intervenors previously moved to intervene on that basis in *Romero v. Islamic Republic of Iran*, No. 1:25-cv-07935, and now promptly cross-move to intervene here within days of Anderson Kill's November 12, 2026 motion for Rule 54(b) final judgments.

## <u>ARGUMENT</u>

## I. THE *BURLINGAME* PLAINTIFFS ARE ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)

Under Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See Oneida Indian Nation v. New York*, 732 F2d 261 (2d Cir 1984); *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 87-88 (2d Cir. 1986); *Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d Cir. 2006). Each of the four requirements is satisfied here.

### A. The Cross-Motion Is Timely Under the Unique Procedural Circumstances of This MDL

Timeliness under Rule 24 is measured from the moment a prospective intervenor knew or should have known that its specific legal and financial interests were placed in immediate jeopardy, rather than from the date an underlying complaint was docketed in a sprawling multidistrict litigation. *See Weisshaus v. Swiss Bankers Ass'n (In re Holocaust Victim Assets Litig.)*, 225 F.3d 191, 198 (2d Cir. 2000).

Here, three recent events ripened Proposed Intervenors' immediate need to intervene in these eight member actions:

1. **The Second Circuit's October 7, 2026 Appellate Standing Directive:** Prior to October 7, 2026, timely heirs reasonably sought to protect their priority rights through consolidated MDL objections to the *Havlish/Hoglan* framework. Only during the October 7, 2026 argument in Case No. 26-666-cv did the Second Circuit panel indicate that formal intervention in individual member dockets is required to preserve appellate standing.

2. **Recent 2026 Amendments Adding Moving Claimants:** Several of the specific claimants moving for judgment in MDL ECF No. 12464—including Theresa Costello (*Aamoth*), the Estate of Susan Schuler (*Schlissel*), the Estate of Helmut Echtermann (*Amato*), the Estate of Myrna Maldonado-Agosto (*King*), and the Estate of Carmela Andreacchio (*Kone*)—

were added to these dockets only through recent Notices of Amendment filed in 2026 (MDL ECF Nos. 11977, 12293, 12454).

3. **The November 12, 2026 Rule 54(b) Motion Targeting Finite Asset Pools:** Previous default liability orders in these dockets were interlocutory and non-executable. Only on November 12, 2026 did the Moving Plaintiffs seek enforceable, final damages judgments under Rule 54(b) specifically designed to be registered in the Eastern District of New York to claim a pro rata share of the $9.67 billion seized Bitcoin pool and the USVSST Fund.

Filing this Cross-Motion within seven days of MDL ECF No. 12464—and prior to any ruling on the motion—is maximally prompt and causes zero undue delay or prejudice to any existing party.

### B. The *Burlingame* Plaintiffs Possess Direct, Substantial, and Legally Protectable Interests in the Subject Matter of These Actions

Proposed Intervenors possess two interlocking, legally protectable interests that are directly threatened by MDL ECF No. 12464:

1. **Statutory Priority Under the FSIA:** Under 28 U.S.C. § 1606 and *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 596 U.S. 107, 117 (2022), a foreign sovereign's tort liability is strictly governed by the substantive law of the state where the injury occurred or the decedent was domiciled, and claims must satisfy the ten-year limitations bar of 28 U.S.C. § 1605A(b). As timely-filed lawful heirs under New York law (*Burlingame*, 02-cv-7230), Proposed Intervenors hold valid statutory judgments whose priority cannot lawfully be displaced by time-barred claims or non-heir relatives who would recover zero dollars against a private defendant under state law.

2. **Direct Pro Rata Dilution of Finite Recovery Pools (USVSST Fund and E.D.N.Y. Bitcoin Forfeiture):** Because Iran defaults and refuses to satisfy judgments voluntarily,

judgment creditors rely on strictly finite pools of seized or appropriated funds. Under the USVSST Fund (34 U.S.C. §§ 20144 *et seq.*), individual distributions are calculated *pro rata* based on the aggregate dollar volume of eligible default judgments certified by district courts. Likewise, as Moving Plaintiffs concede (MDL ECF No. 12465 at 15–16), over 12,000 9/11 judgment holders are competing in *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.), for a fixed pool of 127,271 Bitcoin (~$9.67 billion). Every dollar of extra-statutory judgment entered for a time-barred or non-heir claimant mathematically and permanently reduces the *pro rata* recovery paid to the *Burlingame* Plaintiffs from both pools.

### C. Disposing of This Motion Without the *Burlingame* Plaintiffs Impairs and Impedes Their Ability to Protect Their Financial and Legal Interests

If the Court grants MDL ECF No. 12464 and enters Rule 54(b) final judgments without permitting Proposed Intervenors to intervene and be heard, the Moving Plaintiffs will immediately register those judgments in the Eastern District of New York pursuant to 28 U.S.C. § 1963 and submit them to the USVSST Fund. Once finite asset distributions are diluted and paid out to unentitled claimants, those funds cannot be clawed back. Moreover, given the Second Circuit panel's indication on October 7, 2026 that non-parties to a member docket lack standing to appeal orders entered therein, denying intervention would insulate the entry of time-barred and non-heir default judgments from appellate review altogether.

### D. The Existing Parties Fail to Adequately Represent the Distinct Interests of Timely Heirs

The burden of demonstrating inadequate representation under Rule 24(a)(2) is minimal. Here, representation by existing parties is nonexistent: Defendant Iran has never appeared in any of the eight member actions, has asserted no statute-of-limitations defenses under § 1605A(b), and

has raised no state-law challenges under § 1606. Meanwhile, the Moving Plaintiffs' sole objective in MDL ECF No. 12464 is to bypass § 1605A(b) and § 1606 to obtain final judgments that directly dilute Proposed Intervenors' *pro rata* share of finite recovery assets.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT PERMISSIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(b)

Should the Court decline to grant intervention as of right under Rule 24(a)(2), it should exercise its broad discretion to grant permissive intervention under Rule 24(b)(1)(B). *See New York News, Inc. v. Kheel*, 972 F.2d 482, 485-86 (2d Cir. 1992). Proposed Intervenors' defenses share identical threshold questions of federal statutory law with the Moving Plaintiffs' motion: (1) whether claims filed seventeen to twenty-three years after September 11, 2001 satisfy the ten-year statute of limitations in 28 U.S.C. § 1605A(b) and the gatekeeping mandate of 28 U.S.C. § 1608(e); and (2) whether 28 U.S.C. § 1606 permits non-heir parents to recover solatium damages barred by governing state wrongful death law. Resolving these purely legal threshold questions now—before unenforceable claims are certified as final under Rule 54(b) and exported to the Eastern District of New York—advances judicial economy and causes no delay.

## III. THE *BURLINGAME* PLAINTIFFS INDEPENDENTLY SATISFY CONSTITUTIONAL ARTICLE III STANDING MANDATES

To the extent Proposed Intervenors seek affirmative relief distinct from the defaulting defendant—namely, denial of MDL ECF No. 12464, vacatur of interlocutory default liability orders, and dismissal of time-barred and non-heir claims—they independently satisfy Article III standing under *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017).

First, the direct mathematical dilution of a judgment creditor's *pro rata* payout from a finite statutory fund (the USVSST Fund) and a fixed forfeiture res (the 127,271 Bitcoin in E.D.N.Y. No. 25-cv-05745) is a classic, immediate pocketbook injury. Under settled Second Circuit precedent,

a third party has Article III standing where its pecuniary or equitable interests are directly diminished by the operation of a court's judgment. *See Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 78 (2d Cir. 2006). Second, this pocketbook injury is directly traceable to the certification of final judgments under Rule 54(b) for time-barred and non-heir claimants, and it is fully redressable by an order enforcing 28 U.S.C. §§ 1605A(b), 1606, and 1608(e) to deny MDL ECF No. 12464 and dismiss the improper claims with prejudice.

## IV. THE COURT MUST DENY MDL ECF NO. 12464, DENY RULE 54(b) CERTIFICATION, AND DISMISS ALL TIME-BARRED AND NON-HEIR CLAIMS PURSUANT TO 28 U.S.C. § 1608(e) AND FED. R. CIV. P. 12(b)(6)

### A. Every Claim Asserted in MDL ECF No. 12464 Is Conclusively Time-Barred Under 28 U.S.C. § 1605A(b) and Fails the Mandatory Screening of 28 U.S.C. § 1608(e)

Unlike ordinary civil actions where a defendant's default operates as a waiver of affirmative defenses, Congress enacted 28 U.S.C. § 1608(e)—modeled on Federal Rule of Civil Procedure 55(e)—to impose a mandatory, non-discretionary gatekeeping obligation on federal courts before entering any default judgment against a foreign sovereign. Under § 1608(e), "[n]o judgment by default shall be entered by a court of the United States . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."

Congress paired that gatekeeping mandate with an explicit ten-year statute of limitations in 28 U.S.C. § 1605A(b), which provides that an action may be brought or maintained under § 1605A only if commenced not later than the latter of "(1) 10 years after April 24, 1996; or (2) 10 years after the date on which the cause of action arose." For claims arising out of the September 11, 2001 terrorist attacks, the absolute statutory window closed on **September 11, 2011** (or, at the latest, within the narrow statutory relation-back/re-filing windows enacted in the 2008 NDAA amendments, which expired years before 2018).

Every single one of the eight member actions at issue in MDL ECF No. 12464 was commenced between **seven and thirteen years after** the expiration of § 1605A(b)'s ten-year limitations period: *Schlissel*, No. 1:18-cv-05331 (filed 2018; Estate of Susan Schuler added via 2026 amendment at MDL ECF No. 12293); *Aamoth*, No. 1:18-cv-12276 (filed 2018; Theresa Costello added via 2026 amendment at MDL ECF No. 12454); *Hargrave*, No. 1:20-cv-09387 (filed 2020); *Bianco*, No. 1:20-cv-10902 (filed 2020); *Amato*, No. 1:21-cv-10239 (filed 2021; Estate of Helmut Echtermann added via 2026 amendment at MDL ECF No. 12293); *King*, No. 1:22-cv-05193 (filed 2022; Estate of Myrna Maldonado-Agosto added via 2026 amendment at MDL ECF No. 12293); *Kone*, No. 1:23-cv-05790 (filed 2023; Estate of Carmela Andreacchio added via 2026 amendments at MDL ECF Nos. 11977, 12293); and *Jelnek*, No. 1:24-cv-05520 (filed 2024).

Because a claim barred on its face by § 1605A(b) possesses no valid "right to relief" as a matter of law, it cannot satisfy § 1608(e). Where, as here, timely judgment creditors intervene to assert the statutory bar and protect their priority rights against asset dilution, the Court may not treat Iran's default as a license to convert time-barred claims into enforceable Rule 54(b) final judgments. Prior interlocutory default liability orders in these eight actions must therefore be vacated as to the moving claimants, and their claims must be dismissed with prejudice under § 1608(e) and Rule 12(b)(6).

### B. The Non-Heir Parent Solatium Claims in Exhibit B Are Substantively Barred by 28 U.S.C. § 1606 and Controlling State Wrongful Death Law

Even apart from the overarching statute of limitations bar, the parent solatium claims asserted in Exhibit B to the Proposed Order (MDL ECF No. 12467-2) independently fail under 28 U.S.C. § 1606. Section 1606 of the FSIA provides that, as to any claim for relief with respect to which a foreign state is not entitled to immunity, "the foreign state shall be liable in the same

manner and to the same extent as a private individual under like circumstances." In *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 596 U.S. 107, 117 (2022), the Supreme Court reaffirmed that § 1606 operates as a strict substantive pass-through requiring federal courts to apply the exact same substantive law—and choice-of-law rules—that would govern a private defendant in the forum state, prohibiting courts from inventing special, sovereign-only rules of liability.

Under the substantive wrongful death and loss-allocation laws of New York (where the World Trade Center injuries occurred and where the relevant decedents were domiciled), where a decedent is survived by a spouse or children, surviving parents are categorically barred from recovering wrongful death or grief/solatium damages as a matter of law. *See Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 522 (1994); *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 198 (1985). Because a private defendant in New York would owe zero dollars in grief or solatium damages to a parent where a spouse or child survives, 28 U.S.C. § 1606 mandates that Iran's liability is likewise zero.

Accordingly, the Exhibit B solatium claims brought by or on behalf of parents—specifically **Anarcimenes Antonio Salcedo** (*Hargrave*, 20-cv-09387, seeking $8,500,000), the **Estate of Helmut Paul Echtermann** (*Amato*, 21-cv-10239, seeking $8,500,000), and the **Estate of Carmela Andreacchio** (*Kone*, 23-cv-05790, seeking $8,500,000)—must be scrutinized under § 1606 and dismissed with prejudice wherever the decedent was survived by a spouse or children (and, in any event, as time-barred under § 1605A(b)).

### C. Entry of Partial Final Judgment Under Fed. R. Civ. P. 54(b) Is Improper Because No Valid Right to Relief Exists and Immediate Execution Will Irrevocably Dilute Finite Asset Pools

Certification of a partial final judgment under Federal Rule of Civil Procedure 54(b) is an exceptional remedy reserved for claims that have been validly and finally adjudicated, and only where "there is no just reason for delay." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018); *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992).

Here, Rule 54(b) certification must be denied for two independent reasons. First, because the Moving Plaintiffs' claims violate 28 U.S.C. §§ 1605A(b), 1606, and 1608(e), no legally valid right to relief has been established. Second, contrary to Moving Plaintiffs' assertion that Rule 54(b) certification harms no one (MDL ECF No. 12465 at 17), certifying unentitled judgments as final under Rule 54(b) will cause immediate, irreversible prejudice to timely judgment creditors. Moving Plaintiffs openly declare that they intend to use Rule 54(b) certification to register their judgments under 28 U.S.C. § 1963 in the Eastern District of New York (No. 25-cv-05745) and assert claims against the $9.67 billion Bitcoin forfeiture pool—while appellate proceedings regarding the validity of untimely and non-heir MDL judgments are actively pending before the Second Circuit in Case No. 26-666-cv. Permitting time-barred and non-heir claimants to execute against finite recovery pools before appellate review is completed is the very definition of a "just reason for delay."

## CONCLUSION

For the foregoing reasons, Proposed Intervenors respectfully request that this Court enter an Order: (1) granting Proposed Intervenors leave to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively granting permissive intervention pursuant to Fed. R. Civ. P. 24(b), in the eight above-captioned member actions; (2) denying Moving Plaintiffs' Motion for Partial Final Judgment (MDL ECF No. 12464) in its entirety, including their request for certification under Fed. R. Civ. P. 54(b); (3) vacating any prior interlocutory default liability orders as to the moving claimants in MDL ECF No. 12464 and dismissing all time-barred claims (under 28 U.S.C. §§ 1605A(b) and 1608(e)) and all non-heir parent solatium claims (under 28 U.S.C. § 1606) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6); and (4) granting Proposed Intervenors such other and further relief as the Court deems just and proper.

Dated: November 19, 2026
New York, New York

Respectfully submitted,

**Law Office of John F. Schutty, P.C.**
By: */s/ John F. Schutty*
John F. Schutty, Esq.
Attorneys for Proposed Intervenors (the *Burlingame* Plaintiffs)
445 Park Avenue – 9th Floor
New York, NY 10022
Tel: (646) 345-1441
john@johnschutty.com