**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001** | **03 MDL 1570 (GBD)(SN)**<br><br>**ECF Case** |
| This document relates to:<br>*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)<br>*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD)(SN)<br>*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD)(SN)<br>*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD)(SN)<br>*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD)(SN)<br>*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)<br>*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)<br>*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN) | |

**DECLARATION OF JOHN F. SCHUTTY, ESQ. IN SUPPORT OF PROPOSED INTERVENORS' CROSS-MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24, IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENT (MDL ECF NO. 12464), AND TO DISMISS TIME-BARRED AND NON-HEIR CLAIMS PURSUANT TO 28 U.S.C. § 1608(e) AND FED. R. CIV. P. 12(b)(6)**

I, JOHN F. SCHUTTY, ESQ., pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am the principal of the Law Office of John F. Schutty, P.C., counsel of record in this multidistrict litigation for Proposed Intervenors, the *Burlingame* Plaintiffs—specifically, the surviving spouses, children, and lawful, New York State-defined estates and heirs of decedents Joseph D. Dickey, James J. Kelly, Timothy M. O'Brien, Michael H. Seaman, Robert F. Sliwak, and John Wallice, Jr., who perished at the World Trade Center on September 11, 2001 (Civil

Action No. 02-cv-7230). I am fully familiar with the facts, pleadings, and procedural history set forth herein.

2. I submit this Declaration in support of Proposed Intervenors' Cross-Motion for an Order: (a) granting Proposed Intervenors leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or alternatively granting permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), in the eight above-captioned member actions; (b) permitting the formal filing and docketing of Proposed Intervenors' accompanying Proposed Pleading/Motion to Dismiss Pursuant to 28 U.S.C. § 1608(e) and Federal Rule of Civil Procedure 12(b)(6), annexed hereto as **Exhibit A** in compliance with Federal Rule of Civil Procedure 24(c); (c) denying in its entirety the Motion for Partial Final Judgment filed on November 12, 2026 by counsel Anderson Kill P.C. (MDL ECF No. 12464), including its request for partial final judgment certification pursuant to Federal Rule of Civil Procedure 54(b); and (d) vacating any prior interlocutory default liability orders as to the moving claimants in MDL ECF No. 12464 and dismissing all time-barred claims under 28 U.S.C. §§ 1605A(b) and 1608(e) and all non-heir parent solatium claims under 28 U.S.C. § 1606 with prejudice.

3. The *Burlingame* Plaintiffs timely commenced their original operative action against the Islamic Republic of Iran ("Iran") on September 10, 2002 under Civil Action No. 02-cv-7230, well within the initial statutory limitations window enacted by Congress. Proposed Intervenors have been formally verified as the sole, legally defined New York State heirs of their respective decedents, and they hold valid, enforceable final judgments against Iran arising out of the September 11, 2001 terrorist attacks.

4. Because Iran has defaulted and refuses to satisfy federal court judgments voluntarily, Proposed Intervenors' practical recovery depends entirely on distributions from

strictly finite pools of seized or statutorily appropriated funds, most notably: (a) the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund"), established pursuant to 34 U.S.C. §§ 20144 *et seq.*, which distributes funds strictly *pro rata* based on the aggregate dollar volume of eligible default judgments certified by district courts; and (b) the civil forfeiture proceeding pending in the United States District Court for the Eastern District of New York captioned *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.), which involves a fixed pool of approximately 127,271 seized Bitcoin valued at roughly $9.67 billion.

5. On November 12, 2026, counsel Anderson Kill P.C. filed MDL ECF Nos. 12464 through 12467-4, moving on behalf of fourteen claimants across eight separate member actions for partial final compensatory, solatium, and economic damages judgments against Iran, plus prejudgment interest compounded annually from September 11, 2001, and requesting immediate certification of those judgments as final pursuant to Federal Rule of Civil Procedure 54(b). True and correct copies of Moving Plaintiffs' Notice of Motion (MDL ECF No. 12464) and [Proposed] Order with Exhibits A through D (MDL ECF Nos. 12467 to 12467-4) are part of the official MDL docket and are summarized herein for the Court's convenience.

6. In Section IV of their Memorandum of Law (MDL ECF No. 12465 at 15–16), the Moving Plaintiffs explicitly state that they seek immediate Rule 54(b) final judgments specifically so that they may register those judgments in the Eastern District of New York pursuant to 28 U.S.C. § 1963 and assert claims against the approximately 127,271 seized Bitcoin ($9.67 billion) in *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.), alongside over 12,000 existing 9/11 judgment holders.

7. A review of the docket entries identified in Exhibit A to Moving Plaintiffs' Proposed Order (MDL ECF No. 12467-1 at 3) and Exhibits B, C, and D (MDL ECF Nos. 12467-

2 through 12467-4) establishes that every single one of the eight underlying member actions was commenced between 2018 and 2024—seven to thirteen years *after* the absolute expiration of the ten-year statute of limitations codified in 28 U.S.C. § 1605A(b)—and that multiple moving claimants were added to those dockets only through recent Notices of Amendment filed in 2026:

- *Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (commenced in 2018; Estate of Susan Lee Schuler added via Notice of Amendment at MDL ECF No. 12293, granted at MDL ECF No. 12299, seeking $1,111,926.00 in economic damages in Exhibit D);
- *Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (commenced in 2018; Theresa Costello added via Notice of Amendment at MDL ECF No. 12454, seeking $8,500,000.00 in child solatium damages in Exhibit B);
- *Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (commenced in 2020; Anarcimenes Antonio Salcedo seeking $8,500,000.00 in parent solatium damages in Exhibit B);
- *Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (commenced in 2020; Michael John Bianco seeking $8,500,000.00 in child solatium damages in Exhibit B);
- *Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (commenced in 2021; Estate of Helmut Paul Echtermann added via Notice of Amendment at MDL ECF No. 12293, granted at MDL ECF No. 12299, seeking $8,500,000.00 in deceased parent solatium damages in Exhibit B);
- *Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (commenced in 2022; Estate of Myrna Maldonado-Agosto added via Notice of Amendment at MDL ECF No. 12293, granted at MDL ECF No. 12299, seeking $2,000,000.00 in pain and suffering damages in Exhibit C);
- *Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (commenced in 2023; Celestine Kone, Mama Kone, Rashida Ivory, and the Estate of Carmela Andreacchio—the latter added via Notices of Amendment at MDL ECF Nos. 11977 and 12293, granted at MDL ECF No. 12299—seeking $38,000,000.00 in aggregate solatium awards in Exhibit B, including $8,500,000.00 for deceased parent Carmela Andreacchio, and $4,000,000.00 in estate pain and suffering awards in Exhibit C); and

- *Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (commenced in 2024; Estates of Jeffrey Donald Bittner and Chet Dek Louie seeking $5,238,654.00 and $797,690.00, respectively, in economic damages in Exhibit D).

8. In addition to the facial untimeliness of all eight actions under 28 U.S.C. § 1605A(b), Exhibit B to Moving Plaintiffs' Proposed Order (MDL ECF No. 12467-2) seeks $8,500,000.00 each in solatium damages on behalf of three parents (or estates of deceased parents): Anarcimenes Antonio Salcedo (parent of decedent Esmerlin Antonio Salcedo in *Hargrave*), the Estate of Helmut Paul Echtermann (parent of decedent Margaret Ruth Echtermann in *Amato*), and the Estate of Carmela Andreacchio (parent of decedent John Andreacchio in *Kone*). Under 28 U.S.C. § 1606 and governing state substantive wrongful death law, parents qualify as non-heirs who possess zero legal right to recover grief or solatium damages where a decedent is survived by a spouse or children.

9. Defendant Iran is entirely in default across all eight member actions and has filed no appearance or opposition to assert the ten-year statute of limitations bar of 28 U.S.C. § 1605A(b), the state-law pass-through limitations of 28 U.S.C. § 1606, or the mandatory gatekeeping screening requirements of 28 U.S.C. § 1608(e).

10. On October 7, 2026, during oral argument before a panel of the United States Court of Appeals for the Second Circuit in parallel appellate proceedings arising out of this MDL (*Certain Burlingame and Schneider Plaintiffs v. Non-Objecting Plaintiffs*, Case No. 26-666-cv), the panel explicitly indicated that timely-filed heirs should formally move to intervene in specific member dockets involving untimely or non-heir claimants in order to establish and preserve Article III and appellate standing to contest extra-statutory default judgments.

11. In compliance with that appellate directive, Proposed Intervenors promptly moved to intervene in *Romero v. Islamic Republic of Iran*, No. 1:25-cv-07935, on October 29, 2026, and

now file the instant Cross-Motion within seven days of Anderson Kill's November 12, 2026 motion (MDL ECF No. 12464). Allowing time-barred and non-heir claimants to obtain Rule 54(b) final judgments and execute against the USVSST Fund and the E.D.N.Y. Bitcoin forfeiture pool while Case No. 26-666-cv remains pending before the Second Circuit would inflict immediate, irreversible *pro rata* dilution upon Proposed Intervenors' lawful recoveries.

12. In compliance with Federal Rule of Civil Procedure 24(c), annexed hereto as **Exhibit A** is Proposed Intervenors' Proposed Motion/Pleading to Dismiss Time-Barred and Non-Heir Claims Pursuant to 28 U.S.C. § 1608(e) and Federal Rule of Civil Procedure 12(b)(6), setting forth the specific defenses and grounds for dismissal for which intervention is sought. Annexed hereto as **Exhibit B** is a [Proposed] Omnibus Order granting intervention, denying MDL ECF No. 12464, and dismissing the moving claimants' time-barred and non-heir claims with prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: November 19, 2026
New York, New York

*John F. Schutty*

/s/ John F. Schutty
John F. Schutty, Esq.
Law Office of John F. Schutty, P.C.
Attorneys for Proposed Intervenors
445 Park Avenue – 9th Floor
New York, NY 10022
Tel: (646) 345-1441
john@johnschutty.com