MotleyRice® LLC
ATTORNEYS AT LAW
www.motleyrice.com
"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

28 Bridgeside Blvd.
Mount Pleasant, SC 29464
o. 843.216.9000 f. 843.216.9450

**Robert T. Haefele**
*Licensed in DC, NJ, NY, PA, SC*
direct: 843.216.9184
rhaefele@motleyrice.com

**VIA ECF**

November 20, 2026

The Honorable Sarah Netburn, U.S. Magistrate Judge
United States District Court for the S.D.N.Y.
Thurgood Marshall U.S. Courthouse, Room 430
40 Foley Square
New York, NY 10007

Re: *In Re: Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn:

We write to respectfully request (1) an extension from November 23, 2026 to December 14, 2026, of the deadline set in the Court's Memo Endorsement at ECF No. 12425 to file corrected and appropriately redacted versions of ECF Nos. 12399–12406; (2) an expansion of the authority granted in that Memo Endorsement so that Plaintiffs may implement the additional corrections described below, including the withdrawal of certain exhibits and factual statements; and (3) leave to file, within one week after the corrected filings, an errata sheet identifying the changes made. Plaintiffs also consent to, and propose an extension of, WAMY's current deadline to respond. This is our first request to extend the deadline set at ECF No. 12425. Counsel for WAMY has advised that they do not oppose this request.

In ECF No. 12425, the Court granted Plaintiffs' request to file corrected and appropriately redacted versions of ECF Nos. 12399–12406, and directed that ECF Nos. 12399–12406 remain sealed until further order of the Court. Nothing in this request would alter that sealing directive.

As is necessary in such a complex Multi-District Litigation, and as contemplated by Case Management Order #3 in these MDL proceedings, responsibilities for core litigation tasks are apportioned among the Plaintiffs' firms and attorneys involved. Within that framework, as one of the responsibilities in responding to the charity defendants' motions for summary judgment, the Motley Rice firm took responsibility for and handled the preparation and filing of the Rule 56.1 Statement and Counterstatement as to WAMY (ECF Nos. 12399, 12400), the Haefele Declaration and its exhibits (ECF Nos. 12401-06), and related factual and evidentiary content in the portion of Plaintiffs' opposition brief derived from those submissions (ECF No. 12398 at Br. 91-102, 130-148). My firm filed the WAMY-specific filings at ECF Nos. 12399-12406 on the Court's public docket without having an opportunity to confer first with our co-counsel in the other Plaintiffs' firms.

As I previously indicated to Your Honor's Chambers on October 21, 2026, when I initially raised concerns about the filings, including concerns about erroneously filed sealed items, I was the attorney responsible for the filing and am responsible for correcting it. As the attorney responsible on behalf of my firm, I now write to apprise the Court of additional substantive and procedural errors that have affected the filings at ECF Nos. 12399-12406, and which go beyond those reported to the Court in my earlier letter on this matter, ECF No. 12421.

When we made our initial request, we understood that the corrections would not require any changes to Plaintiffs' brief, filed at ECF No. 12398. Our continuing review of ECF Nos. 12399–12406, however, has identified several categories of changes to Plaintiffs' Rule 56.1 statements that go beyond what Plaintiffs originally identified. At present, the revisions anticipated can be described as falling into these categories:

(a) revisions to explicitly identify each exhibit cited throughout the Rule 56.1 statements (for example, distinguishing among citations to exhibits to plaintiffs' accompanying declaration, exhibits to WAMY's declaration, and other exhibits identified throughout the statements — *e.g.*, deposition exhibits);

(b) the redaction or withdrawal of exhibits that remain under seal; and

(c) the withdrawal of exhibits and related factual statements that rely on expert testimony limited by the Court's *Daubert* decisions or that were not otherwise part of the discovery record concerning WAMY.

Because these changes affect the Rule 56.1 statements on which Plaintiffs' brief relies, Plaintiffs now anticipate that, in several limited respects, they will also necessitate filing an addendum to ECF No. 12398 to conform the brief to the corrected Rule 56.1 statements.

With respect to the exhibits described in item (c), Plaintiffs seek permission to withdraw those exhibits and related factual statements now to correct the record and to eliminate the need for the parties and the Court to engage in motion practice concerning them. Plaintiffs understand, however, that withdrawing exhibits and factual statements and filing an addendum to the brief would exceed the corrections and redactions authorized in ECF No. 12425. Plaintiffs therefore respectfully request that the Court expand that authority to permit Plaintiffs to (i) withdraw the exhibits and factual statements described above, (ii) make the related conforming changes to the Rule 56.1 statements, and (iii) file an addendum to ECF No. 12398 reflecting those changes.

Implementing these withdrawals and related changes will take longer than the current November 23, 2026 deadline allows. Moreover, it is also necessary that we circulate the corrected filing among co-counsel to afford them the opportunity to review. Plaintiffs accordingly request an extension to December 14, 2026, to file the corrected and appropriately

MotleyRice LLC
ATTORNEYS AT LAW



redacted versions of ECF Nos. 12399–12406 and the addendum to ECF No. 12398. To make the changes transparent to WAMY and the Court, Plaintiffs further propose that, within one additional week after those filings, by December 21, 2026, Plaintiffs file an errata sheet identifying the changes made.

Because these changes affect the record to which WAMY must respond, Plaintiffs do not object to, and propose, an additional six-week extension of WAMY's current deadline, from February 15, 2027 to March 29, 2027. We have conferred with counsel for WAMY, who have indicated that they do not oppose this request.

Finally, we apologize again for the error and are eager to correct it.

Respectfully submitted,

MOTLEY RICE LLC
By: /s/ Robert T. Haefele
ROBERT T. HAEFELE
28 Bridgeside Boulevard
Mount Pleasant, SC 29465
Tel.: (843) 216-9184
Email: rhaefele@motleyrice.com

cc: The Honorable George B. Daniels, via ECF
All Counsel of Record via ECF