**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001**<br>This document relates to:<br>*Laurence Schlissel, et al. v. Islamic Republic of Iran*, No. 1:18-cv-05331 (GBD)(SN)<br>*Gordon Aamoth, Sr., et al. v. Islamic Republic of Iran*, No. 1:18-cv-12276 (GBD)(SN)<br>*Jeanmarie Hargrave, et al. v. Islamic Republic of Iran*, No. 1:20-cv-09387 (GBD)(SN)<br>*Michael Bianco, et al. v. Islamic Republic of Iran*, No. 1:20-cv-10902 (GBD)(SN)<br>*Nicole Amato, et al. v. Islamic Republic of Iran*, No. 1:21-cv-10239 (GBD)(SN)<br>*Susan M. King, et al. v. Islamic Republic of Iran*, No. 1:22-cv-05193 (GBD)(SN)<br>*Celestine Kone, et al. v. Islamic Republic of Iran*, No. 1:23-cv-05790 (GBD)(SN)<br>*Mary Jelnek, et al. v. Islamic Republic of Iran*, No. 1:24-cv-05520 (GBD)(SN) | **03 MDL 1570 (GBD)(SN)**<br><br>**ECF Case** |

**[PROPOSED] OMNIBUS ORDER GRANTING INTERVENTION, DENYING PLAINTIFFS' MOTION FOR PARTIAL FINAL JUDGMENT (MDL ECF NO. 12464), VACATING INTERLOCUTORY DEFAULT LIABILITY ORDERS, AND DISMISSING TIME-BARRED AND NON-HEIR CLAIMS WITH PREJUDICE**

**GEORGE B. DANIELS, United States District Judge:**

Upon consideration of the Cross-Motion of Proposed Intervenors (the *Burlingame* Plaintiffs, timely-filed lawful heirs under Civil Action No. 02-cv-7230) to Intervene as of Right pursuant to Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, for Permissive Intervention pursuant to Federal Rule of Civil Procedure 24(b), and to Vacate Interlocutory Default Liability Orders and Dismiss Time-Barred and Non-Heir Claims with Prejudice pursuant to 28 U.S.C. §§ 1605A(b), 1606, and 1608(e) and Federal Rule of Civil Procedure 12(b)(6); and upon consideration of the Motion for Partial Final Judgment filed on November 12, 2026 on behalf of

certain plaintiffs identified in Exhibit A, Exhibit B, and Exhibit D to the Declaration of Jerry S. Goldman, Esq. (MDL ECF No. 12464); and upon consideration of the supporting declarations, memoranda of law, opposition and reply papers, and the entire record in these proceedings, it is hereby:

**ORDERED**, that Proposed Intervenors' Cross-Motion to Intervene is **GRANTED**. The Court finds that the *Burlingame* Plaintiffs hold direct, substantial, and legally protectable statutory interests as timely-filed lawful heirs and judgment creditors against the Islamic Republic of Iran under the Foreign Sovereign Immunities Act ("FSIA"), that their interests face immediate and irreparable financial dilution in both the United States Victims of State Sponsored Terrorism Fund ("USVSST Fund") and the civil forfeiture proceeding captioned *United States v. Approximately 127,271 Bitcoin*, No. 25-cv-05745 (E.D.N.Y.), from the entry and certification of extra-statutory default judgments against Iran, that no existing party adequately represents their interests, and that they independently possess constitutional Article III standing to seek the relief requested herein. The Clerk of the Court is directed to formally enter the *Burlingame* Plaintiffs onto the dockets of Civil Action Nos. 1:18-cv-05331, 1:18-cv-12276, 1:20-cv-09387, 1:20-cv-10902, 1:21-cv-10239, 1:22-cv-05193, 1:23-cv-05790, and 1:24-cv-05520 as Intervenor-Defendants; and it is further

**ORDERED**, that Intervenor-Defendants' Proposed Responsive Pleading and Motion to Dismiss, attached as Exhibit A to the Declaration of John F. Schutty, Esq. in compliance with Federal Rule of Civil Procedure 24(c), is deemed formally filed and active on the docket of this multidistrict litigation and each of the eight above-captioned member actions; and the Court, having executed its mandatory, non-discretionary gatekeeping screening obligation under 28 U.S.C. § 1608(e) to verify whether a valid substantive "right to relief" has been established by

satisfactory evidence, finds that the claims asserted by the moving plaintiffs in MDL ECF No. 12464 fail as a matter of law; and it is further

**ORDERED**, that the Moving Plaintiffs' Motion for Partial Final Judgment for Damages (MDL ECF No. 12464), including their request for certification of partial final judgments pursuant to Federal Rule of Civil Procedure 54(b), is **DENIED** in its entirety; and it is further

**ORDERED**, that because each of the eight above-captioned member actions—*Schlissel* (No. 1:18-cv-05331), *Aamoth* (No. 1:18-cv-12276), *Hargrave* (No. 1:20-cv-09387), *Bianco* (No. 1:20-cv-10902), *Amato* (No. 1:21-cv-10239), *King* (No. 1:22-cv-05193), *Kone* (No. 1:23-cv-05790), and *Jelnek* (No. 1:24-cv-05520)—was commenced between 2018 and 2024, long after the expiration of the ten-year statute of limitations codified in 28 U.S.C. § 1605A(b), the moving claims are conclusively time-barred on their face and cannot establish a valid right to relief under 28 U.S.C. § 1608(e); and it is further

**ORDERED**, that pursuant to 28 U.S.C. § 1606 and controlling Supreme Court precedent in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, 596 U.S. 107 (2022), a foreign state cannot be held liable beyond the substantive parameters governing a similarly situated private defendant under applicable state wrongful death and loss-allocation law, and therefore the solatium claims asserted in Exhibit B to Moving Plaintiffs' Proposed Order by or on behalf of non-heir parents—specifically Anarcimenes Antonio Salcedo (*Hargrave*, No. 1:20-cv-09387), the Estate of Helmut Paul Echtermann (*Amato*, No. 1:21-cv-10239), and the Estate of Carmela Andreacchio (*Kone*, No. 1:23-cv-05790)—are independently barred as a matter of law wherever the decedent was survived by a spouse or children; and it is further

**ORDERED**, that Intervenor-Defendants' Motion to Vacate Interlocutory Default Liability Orders and Dismiss Time-Barred and Non-Heir Claims with Prejudice is **GRANTED**. Any prior

interlocutory default liability orders entered in the above-captioned actions are hereby **VACATED** as to the fourteen claimants moving for judgment in MDL ECF No. 12464—namely, (1) the Estate of Susan Lee Schuler (No. 1:18-cv-05331); (2) Theresa Costello (No. 1:18-cv-12276); (3) Anarcimenes Antonio Salcedo (No. 1:20-cv-09387); (4) Michael John Bianco (No. 1:20-cv-10902); (5) the Estate of Helmut Paul Echtermann (No. 1:21-cv-10239); (6) the Estate of Myrna Maldonado-Agosto (No. 1:22-cv-05193); (7) Celestine Kone, individually and as Personal Representative of the Estate of Abdoulaye Kone (No. 1:23-cv-05790); (8) Mama Kone (No. 1:23-cv-05790); (9) Rashida Ivory (No. 1:23-cv-05790); (10) the Estate of Carmela Andreacchio, individually and as Personal Representative of the Estate of John Andreacchio (No. 1:23-cv-05790); (11) the Estate of Jeffrey Donald Bittner (No. 1:24-cv-05520); and (12) the Estate of Chet Dek Louie (No. 1:24-cv-05520)—and all claims asserted by said claimants are hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1608(e) and Federal Rule of Civil Procedure 12(b)(6).

The Clerk of the Court is respectfully directed to terminate the motion pending at MDL ECF No. 12464 and to enter judgment accordingly.

**SO ORDERED.**

Dated: __________________, 2026
New York, New York

______________________________________
HON. GEORGE B. DANIELS
United States District Judge