IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Case No. 1:03-md-01570-GBD-SN |
| *This document relates to:*<br><br>*The Underwriting Members of Lloyd's Syndicate 2, et al. v. Al Rajhi Bank, et al.*, No. 16-cv-07853; *Aguilar, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09663; *Addesso, et al. v. Kingdom of Saudi Arabia, et al.*, No. 16-cv-09937; *Hodges, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00117; *Aiken, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-00450; *Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al.*, No. 17-cv-02651; *Abarca, et al., v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03887; *Arrowood Indemnity Co., et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-03908; *Abedhajajreh v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-06123; *Muenchener Rueckversicherungs-Gesellschaft Aktiengesellschaft in Muenchen, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-07914; and *Abbate, et al. v. Kingdom of Saudi Arabia, et al.*, No. 17-cv-08617. | |

**MEMORANDUM OF LAW IN SUPPORT OF AL RAJHI BANK'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENTS PURSUANT TO RULE 54(b)**

On August 19, 2026, the Court dismissed all outstanding claims against Defendant Al Rajhi Bank brought by Plaintiffs in the above-captioned actions. *See* Mem. Decision & Order (Aug. 19, 2026), ECF No. 12247. All of the above-captioned actions, except *Lloyd's*, involve pending claims against Defendants other than Al Rajhi Bank. The dismissed claims against Al Rajhi Bank are

separable from the pending claims against all remaining Defendants in those actions. Accordingly, Al Rajhi Bank seeks entry of judgments under Rule 54(b) of the Federal Rules of Civil Procedure to facilitate the efficient, final resolution of these actions. No just reason warrants delay in entering final judgment.

**BACKGROUND**

This Court's most recent dismissal of claims against Al Rajhi Bank arising from the September 11 Attacks is the *third* in this multidistrict litigation. *See also In re Terrorist Attacks on Sept. 11, 2001*, 349 F. Supp. 2d 765, 832-33, 837 (S.D.N.Y. 2005) (dismissing Bank for failure to state a claim), *aff'd sub nom. O'Neill v. Al Rajhi Bank*, 714 F.3d 118, 124-25 (2d Cir. 2013), *cert denied* 134 S. Ct. 2870 (2014); *In re Terrorist Attacks on September 11, 2001*, 295 F. Supp. 3d 416, 428-29 (S.D.N.Y. 2018) (dismissing copycat claims for lack of personal jurisdiction), *rev'd and remanded sub nom. Underwriting Members of Lloyd's Syndicate 2 v. Al Rajhi Bank*, 779 F. App'x 66, 69 (2d Cir. 2019) (remanding for jurisdictional discovery).

In each of the above-captioned actions, commenced starting in 2016, Plaintiffs adopted as controlling the factual allegations against Al Rajhi Bank set forth in the *Lloyd's* Amended Complaint (ECF No. 56). *See* Pls.' Mem. in Opp'n to Defs.' Mots. to Dismiss, ECF No. 3835, at 1. After this Court dismissed all claims against the Bank in 2018 for lack of personal jurisdiction, the *Lloyd's*, *Muenchener*, and *Arrowood* Plaintiffs filed notices of appeal. ECF Nos. 3972, 3981. This Court then granted the parties' joint motion (ECF No. 4028) for, among other things, entry of final judgment as to *Lloyd's* under Rule 58(d), and for partial final judgments under Rule 54(b) as to all of the remaining above-captioned actions. ECF No. 4030. The Second Circuit ultimately consolidated all of the cases on appeal before remanding for jurisdictional discovery. *See* Order Granting Consolidation of Appeals, *Lloyd's*, No. 18-1201 (2d Cir. Sept. 4, 2018), ECF No. 122; *Lloyd's*, 779 F. App'x at 68-69.

Following approximately three years of extensive jurisdictional discovery, Plaintiffs filed a consolidated averment of jurisdictional facts against Al Rajhi Bank. *See* ECF No. 9764. The claims, allegations, and averred jurisdictional facts as to Al Rajhi Bank are thus identical in all of the above-captioned actions.

After this Court dismissed all outstanding claims against Al Rajhi Bank on August 19, 2026, the *Lloyd's* Plaintiffs, on September 16, 2026, filed a notice of appeal. ECF No. 12313. Although claims against the Kingdom of Saudi Arabia are still pending in *Muenchener* and *Charter Oak*, Plaintiffs in those actions likewise filed notices of appeal on September 16, 2026. ECF Nos. 12310; 12312. Plaintiffs in the *Aguilar*, *Addesso*, *Hodges*, *Aiken*, *Abarca*, *Arrowood*, *Abedhajajreh*, and *Abbate* actions have pending claims against other Defendants but have not noticed appeals.

**ARGUMENT**

Under Rule 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (setting out the "three requirements" for entering partial final judgment under Rule 54(b): "(1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action" (cleaned up)). Rule 54(b) is specifically intended to avoid the "serious danger of hardship and denial of justice through delay if each claim had to await the determination of all claims as to all parties before a final judgment could be entered." *Ginett v. Comput. Task Grp.*, 962 F.2d 1085, 1093 (2d Cir. 1992).

This Court's August 19, 2026 dismissal of all claims brought by all Plaintiffs against Al Rajhi Bank for lack of personal jurisdiction constitutes a "final" determination of the parties' rights and liabilities, because it "ends the litigation of [those] claim[s]." *Ginett*, 962 F.2d at 1092; *see In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 1:00-md-1898, 2015 U.S. Dist. LEXIS 173630, at *2-3 (S.D.N.Y. Dec. 31, 2015) ("[D]ismissal for lack of personal jurisdiction finally determined all of [defendant's] rights and liabilities."). Indeed, this Court previously certified entry of partial final judgment in this MDL under Rule 54(b) based on dismissal for lack of personal jurisdiction. *See* ECF Nos. 1554, 1594, 4030.

No "just reason" warrants delaying entry of final judgment for Al Rajhi Bank in these cases, "tak[ing] into account judicial administrative interests as well as the equities involved." *Barboza v. Liberty*, No. 13-cv-4067, 2016 U.S. Dist. LEXIS 189635, at *4 (S.D.N.Y. Jan. 21, 2016) (quoting *Curtiss-Wright*, 446 U.S. at 8). The claims against Al Rajhi Bank are "separable from the others remaining to be adjudicated" against the other Defendants, "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals" on the claims against remaining Defendants. *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8). The claims against Al Rajhi Bank can thus be "decided independently" from the claims against the other Defendants. *Khulumani v. Barclays Nat'l Bank Ltd. (In re S. African Apartheid Litig.)*, No. 02-md-1499, 2009 U.S. Dist. LEXIS 96478, at *5 (S.D.N.Y. Oct. 19, 2009). For instance, the issue of personal jurisdiction over the Bank does not involve "overlapping" questions with the sovereign defenses raised by Saudi Arabia. *See In re MTBE Prods. Liab. Litig.*, 2015 U.S. Dist. LEXIS 173630, at *3.

Accounting for "the equities," as the Court "must," confirms that final judgments should be entered under Rule 54(b) as to the remaining Plaintiffs. *Barboza*, 2016 U.S. Dist. LEXIS

189635, at *4. Resolution of the claims against other Defendants in the pending cases could take years. There is no reason to require Al Rajhi Bank — which has already been involved in litigation in this MDL for *over twenty-three years* — to wait for final resolution of all claims against all parties before obtaining repose in the cases against it. *See Cullen v. Margiotta*, 811 F.2d 698, 712 (2d Cir. 1987) (finding Rule 54(b) certification appropriate, observing that, where additional proceedings "could last years, there was no just reason to require the parties to await the conclusion of that remedy phase in order to seek review of the claims already dismissed"); *Gaind v. Pierot*, No. 04-cv-9407 (TPG), 2006 U.S. Dist. LEXIS 55867, at *4-5 (S.D.N.Y. Aug. 4, 2006) (granting partial final judgment under Rule 54(b), stating: "Any further delay would prejudice the [] Defendants by leaving the matter unresolved for the additional, possibly lengthy period that will be required to adjudicate the claims against [remaining defendants in the consolidated case]"). Entry of partial final judgment would promote the efficient resolution of the dismissed claims against the Bank in these pending cases.

The "judicial administrative interests" also heavily favor a consolidated appeal of the dismissal of Plaintiffs' identical, separable claims to "'preserve[] the historic federal policy against piecemeal appeals.'" *Barboza*, 2016 U.S. Dist. LEXIS 189635, at *4 (quoting *Curtiss-Wright*, 446 U.S. at 8); *see also Khulumani*, 2009 U.S. Dist. LEXIS 96478, at *5 (concluding that, where other MDL parties had sought appellate review, granting motion for partial final judgment "serve[d] the interest of sound judicial administration by helping to avoid piecemeal appeals"). Certification under Rule 54(b) would allow any further appeals to be consolidated and put on the same timeline with the current appeals, which "would be both efficient and equitable for the disposition of the appeals." *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011). In fact, Plaintiffs in the cases currently on appeal have stated their intention to "allow coordination of any

necessary appeals in [the] related cases, should the district court issue Rule 54(b) judgments . . . ." Mot. to Extend Briefing Schedule at 6, *In re Terrorist Attacks on September 11, 2002*, No. 26-2621 (2d Cir. Nov. 13, 2026) Dkt. No. 26.1.

Accordingly, Al Rajhi Bank requests that the Court expressly determine that there is no just reason for delay and enter partial final judgments pursuant to Rule 54(b) as to the dismissed claims against Al Rajhi Bank in those actions.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and enter the attached Proposed Order certifying the Court's August 19, 2026 Order (ECF No. 12247) as final and directing the Clerk to enter judgment, pursuant to Rule 54(b), in favor of Defendant Al Rajhi Bank in *Aguilar*, *Addesso*, *Hodges*, *Aiken*, *Charter Oak*, *Abarca*, *Arrowood*, *Abedhajajreh*, *Muenchener*, and *Abbate*.

Dated: November 20, 2026

Respectfully submitted,

/s/ *Christopher M. Curran*

Christopher M. Curran
Nicole Erb
Nicolle Kownacki
Reuben J. Sequeira
Michael Mahaffey
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Telephone: + 1 202 626 3600
Facsimile: + 1 202 639 9355
ccurran@whitecase.com
nerb@whitecase.com
nkownacki@whitecase.com
rsequeira@whitecase.com
michael.mahaffey@whitecase.com

*Counsel for Al Rajhi Bank*