LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

November 24, 2026 *Via ECF*

The Honorable George B. Daniels, U.S.D.J. The Honorable Sarah Netburn, U.S.M.J.

Re: *In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD)(SN)
Relates to: *Schlissel v. Iran* (18-cv-05331); *Aamoth v. Iran* (18-cv-12276); *Hargrave v. Iran* (20-cv-09387); *Bianco v. Iran* (20-cv-10902); *Amato v. Iran* (21-cv-10239); *King v. Iran* (22-cv-05193); *Kone v. Iran* (23-cv-05790); *Jelnek v. Iran* (24-cv-05520)
**Proposed Intervenors' Opposition to Plaintiffs' Letter-Motion to Stay (MDL ECF No. 12490)**

Dear Judge Daniels and Judge Netburn:

On behalf of Proposed Intervenors (the *Burlingame* Plaintiffs), I respectfully submit this letter in opposition to Moving Plaintiffs' request to stay consideration of Proposed Intervenors' Cross-Motion to Intervene and Dismiss (ECF No. 12475), while leaving Moving Plaintiffs' own pending Motion for Partial Final Judgment (ECF No. 12464) unaffected.

The requested stay is fundamentally one-sided. It would prevent Proposed Intervenors from obtaining a determination of their application and objections while permitting Moving Plaintiffs to continue pursuing partial final judgments under Rule 54(b)—judgments they expressly seek to register and use in connection with the finite pool of approximately 127,271 seized Bitcoin in the EDNY forfeiture proceeding. If the Court concludes that intervention should await the Second Circuit's decision, the Court should, at a minimum, preserve the status quo by staying the Rule 54(b) motion as well.

## I. THE REQUESTED STAY WOULD UNFAIRLY ALLOW ONE SIDE TO PROCEED WHILE THE OTHER IS PREVENTED FROM BEING HEARD.

Moving Plaintiffs seek to stay only ECF No. 12475. They do not seek to stay their own Motion for Partial Final Judgment at ECF No. 12464. The practical consequence is that Moving Plaintiffs could obtain the very judgments Proposed Intervenors seek to challenge, while Proposed Intervenors are prevented from obtaining a ruling on their application and objections.

This is not a neutral request to conserve judicial resources. Moving Plaintiffs' Rule 54(b) motion identifies registration in the EDNY Bitcoin proceeding as the intended purpose of obtaining partial final judgments. Proposed Intervenors' Cross-Motion was filed to challenge the legal basis for those judgments and to protect their existing judgment-creditor interests before additional claims proceed toward enforcement against the finite assets.

Under *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936), the Court must balance the competing interests in deciding whether to stay proceedings. Where there is even a fair possibility that a stay will damage another litigant, the party seeking the stay must demonstrate a clear case of hardship or inequity. *Id.* at 255. Moving Plaintiffs have not explained why their own affirmative motion should remain pending while the application challenging the judgments they seek is put on hold.

## II. *ROMERO* DOES NOT REQUIRE A ONE-SIDED STAY HERE.

Proposed Intervenors recognize the Court's November 10, 2026 Opinion and Order in *Romero v. Islamic Republic of Iran*, No. 25-cv-07935 (ECF No. 12463). There, the Court stayed consideration of an intervention motion pending the Second Circuit's decision in the *Burlingame* Appeal. The Court reasoned that substantially all of the core merits arguments underlying that intervention motion were before the Court of Appeals, and that a stay would avoid duplicative or potentially inconsistent rulings. *Romero*, Op. & Order at 2–3.

The present request, however, raises an additional issue not resolved by the relief granted in *Romero*: whether Moving Plaintiffs should be permitted to advance their separate Rule 54(b) motion while the opposing application is stayed. *Romero* stayed consideration of the intervention motion before it; it did not authorize one side to proceed with a pending application for partial final judgments while the other side's challenge to those judgments is suspended.

Proposed Intervenors do not ask the Court to disregard *Romero* or to decide now every issue raised in the Cross-Motion. They ask the Court to account for the additional procedural posture here. Even if the intervention question should await the Second Circuit's decision, the Court should not permit the requested stay to operate as a procedural advantage allowing Moving Plaintiffs to pursue judgments and potential enforcement steps without first preserving Proposed Intervenors' opportunity to be heard.

## III. THE ABSENCE OF A PRESENT DISTRIBUTION DATE DOES NOT JUSTIFY ALLOWING THE RULE 54(b) MOTION TO PROCEED.

Moving Plaintiffs contend that there is no imminent risk of dilution because the EDNY court is still considering preliminary government motions and has not completed briefing. But the relevant concern is not that entry of a judgment automatically transfers ownership of Bitcoin or establishes priority among creditors. It does not. The concern is that Moving Plaintiffs seek partial final judgments precisely to facilitate registration and subsequent enforcement proceedings against a finite asset pool.

The absence of a presently scheduled distribution does not eliminate the consequences of permitting additional judgments to proceed toward enforcement while Proposed Intervenors' objections remain unheard. Nor does it answer the basic fairness question: why should Moving Plaintiffs be permitted to advance ECF No. 12464 while Proposed Intervenors are barred from pursuing ECF No. 12475?

The same concern applies to the USVSST Fund. The absence of an immediate Fund deadline does not eliminate Proposed Intervenors' existing financial interest in the lawful administration of available recovery assets or justify allowing the challenged judgments to proceed without consideration of the objections raised.

## IV. ALTERNATIVELY, ANY STAY SHOULD PRESERVE THE STATUS QUO.

If the Court concludes that consideration of the intervention application should await the Second Circuit's mandate, Proposed Intervenors respectfully request that the stay also encompass Moving Plaintiffs' Motion for Partial Final Judgment at ECF No. 12464. During that period, no Rule 54(b) certification or order permitting registration under 28 U.S.C. § 1963 should issue, and Moving Plaintiffs should not advance enforcement proceedings based on the judgments sought in that motion.

This limited alternative would accommodate the judicial-economy concerns identified in *Romero* without allowing the stay to prejudice existing judgment creditors or permit the very proceedings Proposed Intervenors seek to challenge to advance in their absence.

For these reasons, Proposed Intervenors respectfully request that the Court deny Moving Plaintiffs' request to stay ECF No. 12475. Alternatively, if the Court grants a stay pending the Second Circuit's mandate, Proposed Intervenors request that the Court also stay ECF No. 12464 and prohibit Rule 54(b) certification, registration, or enforcement steps based on the judgments sought therein during the stay.

Respectfully submitted,

/s/ *John F. Schutty*

John F. Schutty, Esq.
Attorneys for Proposed Intervenors
(the *Burlingame* Plaintiffs)

cc: All Counsel of Record (via ECF)